# EXHIBIT B



Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045

**Jeffrey B. Coopersmith**
206-757-8020 tel
206-757-7020 fax

jeffcoopersmith@dwt.com

August 31, 2018

Jeff Schenk
John Bostic
Assistant United States Attorneys
U.S. Attorney's Office, Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113
Jeffrey.B.Schenk@usdoj.gov
John.Bostic@usdoj.gov

Re:     *United States v. Holmes and Balwani*, Case No. cv-18-00258-LHK (N.D. Cal.)

Dear Jeff and John:

We understand that your office has been in contact with counsel for Theranos regarding the additional production of documents in response to a grand jury subpoena issued to the company in 2017.  We understand that the company has recently made arrangements to produce a large number of documents in addition to those produced prior to the indictment, and that there is also a large number of potentially responsive documents that, based on search terms, are likely privileged. We are writing because we are concerned about the government's post-indictment use of the grand jury process, particularly in this case where we understand that the company does not wish to waive its attorney client privilege.

It is well-established that a grand jury has "but two functions—to indict, or in the alternative, to return a 'no-bill.'"  THE UNITED STATES ATTORNEY'S MANUAL ("USAM"), § 9-11.101 (Power and Limitations of Grand Juries-The Functions of a Grand Jury).  The grand jury's subpoena power is thus "limited by its function," *id.* § 9-11.120, and the government "may not use the grand jury for the sole purpose of pretrial discovery." *In re Grand Jury Proceedings*, 911 F.2d 738 (9th Cir. 1990) (finding that the government abuses the grand jury process by using a grand jury subpoena "to conduct discovery or to prepare the pending indicted cases for trial"); *United States v. Star*, 470 F.2d 1214, 1217 (9th Cir.1972); ("[T]he government should not use the grand jury for the sole purpose of pretrial discovery in cases in which an indictment has already been returned.").

Section 9-11.120 of the USAM further states:

> The grand jury's power, although expansive, is limited by its function toward possible return of an indictment. *Costello v. United States*, 350 U.S. 359, 362 (1956).

Anchorage  New York      Seattle
Bellevue   Portland      Shanghai
Los Angeles  San Francisco  Washington, D.C.

www.dwt.com

Jeff Schenk
John Bostic
August 31, 2018
Page 2

> Accordingly, the grand jury cannot be used solely to obtain additional evidence against a defendant who has already been indicted. *United States v. Woods*, 544 F.2d 242, 250 (6th Cir. 1976), *cert. denied sub nom.*, *Hurt v. United States*, 429 U.S. 1062 (1977). Nor can the grand jury be used solely for pre-trial discovery or trial preparation. *United States v. Star*, 470 F.2d 1214 (9th Cir. 1972). After indictment, the grand jury may be used if its investigation is related to a superseding indictment of additional defendants or additional crimes by an indicted defendant. *In re Grand Jury Subpoena Duces Tecum, Dated January 2, 1985*, 767 F.2d 26, 29-30 (2d Cir. 1985); *In re Grand Jury Proceedings*, 586 F.2d 724 (9th Cir. 1978).

Here, we understand that the grand jury subpoena was issued in 2017, long before the grand jury returned an indictment of Ms. Holmes and Mr. Balwani. Accordingly, by definition any further production pursuant to the subpoena is not tied to the functions of the grand jury—to indict or return a no-bill. The document requests in the subpoena of which we are aware are broad and the subpoena was issued some nine months before indictment, strongly indicating that the subpoena was not issued in connection with any consideration to supersede the indictment. Moreover, the problematic issues associated with the government's efforts at post-indictment enforcement of the subpoena are compounded by the intrusion on the attorney-client privilege in circumstances where Theranos likely lacks the resources for a document-by-document privilege review of potentially responsive documents.

We think the proper course here is for the government to cease its post-indictment subpoena enforcement efforts. Thank you for your attention to this matter, and we look forward to hearing from you.

Sincerely,

/s/ Jeffrey B. Coopersmith

Jeffrey B. Coopersmith
Mark N. Bartlett
Davis Wright Tremaine LLP
Counsel for Ramesh Balwani


cc:     Michael Mugmon
        David Taylor