# EXHIBIT C

From: "Bostic, John (USACAN)" <John.Bostic@usdoj.gov>
Date: September 1, 2018 at 1:37:28 PM HST
To: "'Mugmon, Michael'" <Michael.Mugmon@wilmerhale.com>
Cc: "'Moran, Katie'" <Katie.Moran@wilmerhale.com>, "Schenk, Jeffrey (USACAN)" <Jeffrey.B.Schenk@usdoj.gov>, "'Davies, Christopher'" <Christopher.Davies@wilmerhale.com>, "'Strickland, Thomas'" <Thomas.Strickland@wilmerhale.com>, "Leach, Robert (USACAN)" <Robert.Leach@usdoj.gov>
Subject: RE: Grand Jury Subpoena Investigation #2016R00024 - Theranos, Inc.

Michael,

Thanks for your email updating us on Theranos's intentions regarding the materials still outstanding under the grand jury subpoena. While I understand your desire to minimize the burden on your client, I think the position outlined in your email is the wrong one for two important reasons.

First, Mr. Balwani's counsel is incorrect that the government is making improper use of the grand jury subpoena. A subpoena does not become unenforceable simply because an indictment has come down. Even after indictment, there is "no bar to investigation of other areas of criminal liability for which the defendants or co-defendants may be accountable." *In re Grand Jury Proceedings*, 586 F.2d 724, 725 (9th Cir. 1978). "Indeed, the duties of the grand jury are not performed until every clue and all witnesses are examined in order to charge the proper person with the appropriate crime." *Id.* It is thus a recognized rule that "the return of an indictment does not provide any legal basis for a subpoenaed witness to refuse to comply with the grand jury subpoena so long as a lawful grand jury proceeding continues." *In re Grand Jury Proceedings*, 632 F.2d 1033, 1041 (3d Cir. 1980) (collecting cases). This reasoning applies with even greater force where the government served its subpoena months before the indictment but accommodated the recipient's request to respond by rolling production.

Second, please remember that the obligations imposed by the pending subpoena are solely the responsibility of Theranos. There are obvious reasons why Mr. Balwani's lawyers might wish to limit the grand jury's evidence collection. The company, however, must make its own decision about whether to comply with the subpoena. Because the pending subpoena is a matter between the government and Theranos itself, it is inappropriate for the company to condition its compliance on the government reaching a side agreement with a third party. Therefore, rather than negotiating this issue with Mr. Balwani's lawyers, we intend to seek relief from the court. We are still open to a negotiated resolution, but we're conscious of the fact that the company's dwindling resources leave us with limited time. Please contact me by close of business on September 4 if you wish to avoid motion practice.

Regards,
John