UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH A. HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No. 18-cr-00258-EJD-1 (SVK)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ORDER DIRECTING GOVERNMENT TO CEASE AND DESIST POST-INDICTMENT USE OF THE GRAND JURY PROCESS**<br><br>Re: Dkt. No. 40 |

Before the Court is the motion of Defendants Elizabeth A. Holmes and Ramesh "Sunny" Balwani for an order directing the government to cease and desist its post-indictment use of the grand jury. ECF 40. Specifically, Defendants challenge the government's ongoing efforts to obtain documents pursuant to a grand jury subpoena served on September 6, 2017 on Defendants' former employer, Theranos, Inc. *Id.* The government opposes the motion. ECF 44. The Court held a hearing on October 12, 2018. Based on a careful review of the parties' submissions, the arguments made at the hearing, the relevant law, and the case file, and good cause appearing, Defendants' motion is DENIED for the reasons and on the conditions set forth below.

## I. RELEVANT FACTUAL BACKGROUND

Defendants are former executives of Theranos. On September 6, 2017, the grand jury issued a subpoena to Theranos. ECF 40-2. The subpoena required Theranos to produce documents concerning the company's finances, technology, and business relationships for the period January 2, 2003 through the date of the subpoena. *Id.* The subpoena had a return date of October 5, 2017. *Id.*

According to the government, after Theranos was served with the subpoena, Theranos and the government began a series of discussions aimed at least in part at reducing the burden on

1  Theranos of complying with the subpoena. ECF 44-1 at ¶ 2. The government agreed to extend
2  the compliance date and accept Theranos' production of documents on a rolling basis. *Id.* The
3  government also agreed that as a first step towards compliance, Theranos could produce
4  responsive documents that it had already gathered in connection with litigation brought by
5  investor Partner Fund Management for securities fraud and other violations. *Id.* That set of
6  documents did not include anything created after October 2016. *Id.*

7  Over the following months, Theranos produced documents to the government on a rolling
8  basis and communicated regularly with the government regarding Theranos' response to the
9  subpoena. *Id* at ¶ 3. According to the government, it made clear throughout these discussions that
10  Theranos would need to collect and produce documents from the period October 2016 to
11  September 2017 to comply with the subpoena. *Id.*

12  As this activity concerning the Theranos subpoena was taking place, the grand jury was
13  continuing its investigation. On June 14, 2018, the grand jury returned an indictment charging
14  Defendants Holmes and Balwani with two counts of conspiracy to commit wire fraud and nine
15  counts of wire fraud. ECF 1.

16  According to the government, the grand jury's investigation continued following issuance
17  of the indictment. ECF 44-1 at ¶ 4. The government's discussions with Theranos regarding the
18  grand jury subpoena continued as well. *Id.* at ¶ 5.

19  On August 31, 2018, attorneys for Defendant Balwani sent a letter to the prosecutors in
20  this case expressing concern about the government's post-indictment use of the grand jury
21  process, particularly in connection with the Theranos subpoena. ECF 40-3.

22  On September 4, 2018, Theranos announced that it intended to liquidate its assets and
23  make an assignment for the benefit of creditors. ECF 40-5.

24  On September 6, 2018, the grand jury returned a superseding indictment. ECF 39.

25  On September 7, 2018, Defendants filed the instant Motion. ECF 40.

26  On September 14, 2018, Theranos made its final production of documents in response to
27  the grand jury subpoena. ECF 44-1 at ¶ 6. Before making that production, Theranos screened out
28  documents containing names of lawyers representing Theranos and the Defendants, including

1  documents containing the names of the lawyers and law firms representing Defendants in this
2  case. *Id.*
3      On September 21, 2018, counsel for the assignee of Theranos informed the government
4  that the assignee took no position on Defendants' motion for a cease and desist order regarding the
5  Theranos subpoena. *Id.* at ¶ 7.
6      The government trial team agreed not to review Theranos' final production pending this
7  Court's ruling on Defendants' Motion. ECF 44 at 6. The government states that it is considering
8  the use of a "taint or filter team" to review the production at that time. *Id.* at 9 n.2.

## II. DISCUSSION

### A. Standing

As an initial matter, the government argues that Defendants Holmes and Balwani do not have standing to challenge the grand jury subpoena issued to Theranos. ECF 44 at 6-10. The parties' briefs touch on three potential scenarios under which Defendants might have standing to challenge the grand jury subpoena to Theranos: (1) standing based on Theranos' possible objections to the subpoena; (2) standing based on the presence of Defendants' privileged information in documents sought by the subpoena to Theranos; and (3) standing based on Defendants' interest in ensuring that the government does not improperly use the grand jury to conduct pretrial discovery. The court addresses each of these scenarios in turn.

First, the government argues this case is distinguishable from some of the standing cases cited by Defendants because Defendants have no current relationship with Theranos and are unable to assert any rights on Theranos' behalf, and Theranos' assignee has expressly declined to take a position on Defendants' motion. *Id.* at 7-8. However, Defendants do not assert that they have standing to object to the subpoena on behalf of Theranos. Accordingly, Defendants' standing to bring this motion cannot be based on any objections Theranos may have to the subpoena, such as objections based on the burden of complying.

Second, the government argues that Defendants have failed to provide evidence that Theranos may have possession of Defendants' privileged information, which could give Defendants standing to challenge the Theranos subpoena. *Id.* at 8-9. Defendants' briefs were

somewhat unclear as to the extent to which their standing argument is based on the possible presence of privileged materials in the Theranos production. *Compare* ECF 46 at 2 n.1 ("Defendants have standing to object to disclosure of privileged common interest materials in the Theranos document set") *with id.* at 8 n.4 ("Defendants' claim of standing does not rest on a personal privilege"). However, Defendants clarified at the hearing that for purposes of standing they rely at least in part on the possibility that the subpoenaed Theranos materials contain Defendants' privileged documents, including documents relating to several lawsuits against Theranos that would be protected by the joint defense and/or common interest privilege.

The Ninth Circuit has permitted criminal defendants to challenge grand jury subpoenas to third parties where the information sought was potentially privileged. *In re Grand Jury Subpoena, JK-15-029 (Kitzhaber)*, 828 F.3d 1083, 1092 (9th Cir. 2016). Although Defendants have not made a detailed showing that the materials produced by Theranos contain Defendants' privileged information, given the scope of the subpoena, Defendants' former positions at Theranos, additional information provided at the hearing about several lawsuits against Theranos during the time period covered by the subpoena, and attributes of the filter employed by Theranos that may have resulted in the production of documents that would be covered by the joint defense and/or common interest privilege, the Court is persuaded that the Theranos production may contain information protected by a privilege belonging to Defendants. Accordingly, Defendants have standing to bring this motion on that basis.

Third, Defendants argue that they have the right to challenge the Theranos subpoena based "on their interests as criminal defendants and the harm they will suffer" if the government is permitted to obtain allegedly improper pretrial discovery. ECF 46 at 2. As the government frames the standing question, "the law requires a moving party to show an individual, cognizable injury before a court will entertain a motion to quash a grand jury subpoena." ECF 44 at 6. Defendants are the individuals who would be most directly affected if in fact the government was improperly utilizing the grand jury to conduct discovery for use in the trial against Defendants. The Ninth Circuit has permitted a criminal defendant to challenge the government's use of a grand jury subpoena to a third party on the grounds that the subpoena was an improper effort to conduct

1    pretrial discovery in a case in which an indictment against the defendant had already been
2    returned, albeit without directly addressing the issue of standing. *See United States v. Star*, 470
3    F.2d 1214, 1217 (9th Cir. 1972). The government has cited no Ninth Circuit cases holding that a
4    criminal defendant does not have standing to make the type of challenge Defendants make here to
5    post-indictment use of the grand jury. Although the government argued at the hearing that every
6    criminal defendant should not automatically have standing to make such an argument, the Court
7    does not and need not adopt such a blanket rule. The Court finds that under the circumstances of
8    this case, including the Defendants' close ties to Theranos, Defendants have standing to argue that
9    the government is improperly using the grand jury to conduct pretrial discovery.
10   For the reasons set forth above, under the circumstances of this case, the Court finds that
11   Defendants have standing to challenge the government's use of the grand jury in connection with
12   the Theranos subpoena.

### B.   Merits

#### 1.   Legal standard

The grand jury is "an investigative body charged with the responsibility of determining whether or not a crime has been committed." *United States v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991). This responsibility comes with "broad investigative powers to determine whether a crime has been committed and who has committed it." *United States v. Dionisio*, 410 U.S. 1, 15 (1973) (citation omitted). "The function of the grand jury is to inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred." *R. Enters.*, 498 U.S. at 297.

"The investigative power of a grand jury does not necessarily end with the return of an indictment." *United States v. Jones*, 129 F.3d 718, 723 (2d Cir. 1997). Rather, a grand jury may continue its investigation "until every available clue has been run down and all witnesses examined." *Branzburg v. Hayes*, 408 U.S. 665, 701 (1972) (citation omitted); *see also In re Grand Jury Proceedings (Pressman)*, 586 F.2d 724, 725 (9th Cir. 1978). However, "the government should not use the grand jury for the sole purpose of pretrial discovery in cases in which an indictment has already been returned." *United States v. Star*, 470 F.2d 1214, 1217 (9th

Cir. 1972).

"[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." *See R. Enterprises,* 111 S. Ct. at 728. Thus, "a grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance." *Id.*

**2.     Discussion**

At the hearing, the parties agreed, as the case law indicates, that the determination of whether the government's use of the grand jury is improper depends on the individual facts and circumstances of each case. Here, Defendants have not demonstrated that the government's efforts to enforce the grand jury subpoena to Theranos are improper.

The subpoena was issued in September 2017, months before the grand jury returned the original indictment against Defendants in June 2018, and Theranos has been producing documents on a rolling basis since receiving the subpoena. The parties' present dispute focuses on Theranos' final production of documents, which concerned the period October 2016 to September 2017, whereas the indictments relate to an earlier period. *See* ECF 1, 39. These facts support a finding that the subpoena and the government's continuing efforts to enforce the subpoena after the original and superseding indictments are proper. Defendants make much of the fact that the grand jury issued a superseding indictment in September 2018. However, Defendants have failed to demonstrate that the timing of the relevant events renders the government's ongoing efforts to enforce the Theranos subpoena improper.[1]

In essence, Defendants appear to argue that issuance of the original and/or superseding indictments render improper any ongoing attempt by the government to enforce the subpoena. But

---

[1] Defendants also emphasize that in a September 1, 2018 email to Theranos' counsel concerning the grand jury subpoena, the government stated that it was "conscious of the fact that the company's dwindling resources leave us with limited time." ECF 40 at 5. This statement is not evidence that the government has an improper purpose with respect to the Theranos subpoena. The statement, made just days before the company publicly announced that it would enter into an assignment for the benefit of creditors, simply reflects a practical concern regarding completion of the Theranos production. The same practical concern would have arisen had Theranos reached this point prior to indictment.

"[t]here is no legal basis for barring a grand jury investigation simply because there is an outstanding indictment involving persons not being called as witnesses," nor is there any "bar to investigation of other areas of criminal liability for which the defendants or co-defendants may be accountable." *Pressman*, 586 F.2d at 725 (citations omitted). As explained by the government at the hearing, and as evident from the record in this case, the government's investigation concerning Theranos is far-reaching, extends beyond the subject matter of the current indictments, and may extend beyond these Defendants. Where, as here, the scope of the current grand jury investigation includes charges and activities which are not the subject of the already indicted cases, the government's continued use of the grand jury is not improper.

Although some other circuits require prosecutors to provide an affidavit stating that the evidence sought is relevant to an ongoing investigation by the grand jury and is not sought primarily for another purpose (*see, e.g., In re Grand Jury Proceedings (Schofield)*, 486 F.2d 85, 93 (3d Cir. 1973)), the Ninth Circuit has held that there is "no reason to inject into routine grand jury investigations the delay and imposition upon district courts that will be opened up by a rule institutionalizing these disclaiming affidavits." *In re Grand Jury Proceedings (Hergenroeder)*, 555 F.2d 686, 686 (1977). In any event, the record in this case satisfactorily demonstrates the relevance of the subpoenaed documents to the grand jury's ongoing investigation. *See* ECF 44 at 4 (explaining relevance of documents sought in Theranos subpoena to grand jury investigation); ECF 44-1 at ¶ 4 (explaining government's post-indictment use of Theranos subpoena).

Therefore, Defendants have failed to demonstrate that the government has used the Theranos subpoena for an improper purpose. Defendants' motion for an order directing the government to cease and desist its post-indictment efforts to enforce the Theranos subpoena is DENIED, but the government trial team's review of Theranos' September 14, 2018 production is STAYED until the parties develop and complete procedures for properly reviewing the production for privileged documents.

### C.   Taint/Filter Team

As an alternative to ordering the government to cease attempts to enforce the Theranos subpoena, Defendants ask the Court to require the government to use a "taint or filter team" to

7

review the materials produced by Theranos in response to the subpoena. Defendants' request is premised on the possibility that the material produced by Theranos "could contain documents covered by joint defense or common interest privileges belonging to Defendants—particularly because it seeks email from in-house company counsel." ECF 46 at 8.

The government states that Theranos excluded from its final production "documents containing names from an extensive list of lawyers and law firms retained by the company and the individual Defendants, including the lawyers and firms representing Holmes and Balwani in this case." ECF 44 at 6; ECF 44-1 at ¶ 6.

Although Theranos attempted to filter out privileged materials before producing documents in response to the subpoena, there appears to be a high probability (given the scope of the subpoena, Defendants' prior roles at Theranos, and attributes of the filter employed by Theranos) that the documents produced to the government may contain information subject to a privilege belonging to Defendants. Indeed, the government has indicated that it is considering using a "taint or filter team" to review the documents. The Court therefore finds that additional steps to ensure that the trial team does not obtain access to privileged materials are appropriate.

Accordingly, the parties are ORDERED to meet and confer to agree upon procedures for a privilege review of Theranos' September 14, 2018 production. If the parties are unable to agree, they must submit to this Court within ten (10) days of the date of this order a joint statement in the same format required for joint discovery statements under the undersigned's Civil Scheduling & Discovery Standing Order.

### III.   CONCLUSION

For the reasons discussed above, the Court DENIES Defendants' motion for an order directing the government to cease and desist its efforts to obtain documents pursuant to the grand

////

////

////

////

////

8

jury subpoena issued to Theranos on September 6, 2017 and ORDERS the parties to meet and confer on procedures for properly reviewing the production for privileged documents before its review by the government trial team.

**SO ORDERED.**

Dated: October 12, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge