ADAM A. REEVES (NYBN 2363877)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-18-00258-EJD |
| Plaintiff, | JOINT STATUS MEMORANDUM |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | |

The parties in the above-captioned matter hereby file this joint status memorandum in advance of the status conference set for April 22, 2019.

**I.     Status of Discovery**

Defendants were indicted by the grand jury in this case on June 14, 2018. A superseding indictment was returned on September 6, 2018. In August of 2018, after receiving discovery requests from both Defendants, the government produced more than four million pages of discovery, including reports memorializing dozens of witness interviews that had been conducted in this case as of that time. Following that initial production the government continued to process and produce the millions of pages

of discovery it has collected over the course of its investigation of this matter, while continuing to investigate the facts of this case.

At the time of the last status conference on January 14, 2019, the government had produced approximately 17 million pages of discovery to Defendants. In connection with that status conference, the government informed the Court that the DOJ's Litigation Technology Service Center ("LTSC") in South Carolina was processing an additional production of documents that the government expected would exceed one million pages. At the January 14 status conference, the government informed the Court of its expectation that this production—consisting of approximately one million pages mainly produced by Theranos—would be received from the LTSC very shortly after the conference and provided to the defense. Subsequently, the government learned of and obtained an additional 1.8 million pages of documents from the SEC. The government understands that the bulk of those documents consisted of materials collected by the SEC following the filing of its litigation against Holmes and Balwani. Upon receipt of those documents, the government added them to its pending production, resulting in a production of approximately three million pages provided to Defendants on March 15, 2019. Given the volume, defendants are still processing and loading the production for review.

In addition to the materials discussed above, the government currently has in its possession approximately 250,000 documents (estimated to be over 1,000,000 pages of material) that it received from Theranos shortly before its dissolution. The government obtained these documents through a grand jury subpoena, over defense objection, in September 2018. On October 12, 2018, the Court ordered the government to confer with defense counsel about safeguarding privileged materials in these Theranos documents (Dkt. No. 54), and, as a result, the government agreed on October 19, 2019 to form a filter team to review the documents. The government is currently conducting a filter-team review of those documents for materials that might implicate any attorney-client privilege held by Defendants. The government will soon begin to produce all non-privileged materials from that set of documents, continuing that production on a rolling basis as the review progresses.

Defendants have requested that the government obtain and produce additional documents from federal agencies including the Food and Drug Administration, the Centers for Medicare & Medicaid Services, and the Department of Defense. The defense will file a motion to compel production of these

documents on April 15, 2019, with that motion noticed for April 29, 2019, and with the government's response due on April 22, 2019. The government anticipates that, after reviewing the defense's motion, it will request additional time for its opposition, as responding to the motion may involve seeking information from other government agencies. The parties are currently discussing the schedule for that motion.

While the government's investigation and evidence collection efforts are ongoing, the government believes that its discovery production in this case is largely complete. The defense disagrees with that assessment. In addition to the documents described above that have not been produced, the defense has sent discovery requests to which the government has yet to respond.

## II.     Trial Scheduling

**Government's Position**: In light of the status of discovery and procedural posture of the case, the government respectfully requests that the Court set a trial date at this status conference or the next. The government expects that the trial in this case may require multiple months to complete. It is further anticipated that the trial will involve testimony from a large number of witnesses who will be required to travel from out of state and out of country in order to appear. Setting a trial date soon will enable the Court to reserve sufficient time in its schedule, allow essential witnesses to plan their appearance, and facilitate the parties' preparations for trial presentation. In the event that a trial date is not set at the April 22, 2019 hearing, the government recommends that the Court set a trial setting hearing in approximately six weeks to allow the parties to meet and confer further regarding an appropriate pretrial schedule.

**Defense Position**: The defense believes it is premature to set a trial date given that (a) discovery is far from complete, (b) the defense needs substantial additional time to review and analyze the voluminous discovery that has been produced to date, and (c) the government's investigation is ongoing.

The defense requests that the Court schedule a status conference in July 2019 and set a trial date at that time if sufficient progress with discovery has been made. In advance of that status conference, the defense proposes that it confer with the government to develop a proposed scheduling order for the remainder of proceedings before and through trial, and that the parties submit a proposed order to the Court in advance of the conference. The defense also requests that the Court inquire regarding when the

government will complete its investigation. Setting a trial date and schedule for pre-trial proceedings in this complex case does not make sense if the case will change as a result of the government's ongoing investigation.

DATED: April 15, 2019

Respectfully submitted,

ADAM A. REEVES
Attorney for the United States

 /s/
JEFF SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
Assistant United States Attorneys

DATED: April 15, 2019

 /s/
KEVIN DOWNEY
LANCE WADE
Attorneys for Elizabeth Holmes

DATED: April 15, 2019

 /s/
JEFFREY B. COOPERSMITH
STEPHEN A CAZARES
Attorneys for Ramesh "Sunny" Balwani