# EXHIBIT 5

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

LANCE WADE
(202) 434-5755
lwade@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 5, 2019

<u>Via Email</u>

Mr. John C. Bostic, Esquire
Mr. Jeffrey Schenk, Esquire
Mr. Robert Leach, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

     Re:    <u>United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani, No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

We are writing to raise certain outstanding discovery issues.

We have not located within the materials produced to date any documents or other materials produced by John Carreyrou (or any business entity owned by or affiliated with Carreyrou), the Wall Street Journal, Penguin Random House, or Eric Lupfer of Fletcher & Company ("Carreyrou Entities"), or any Federal Bureau of Investigation 302s or other agency reports of investigation ("ROIs") memorializing government communications with witnesses from any of these entities. Please produce copies of all documents, 302s, ROIs, and notes relating to the government's efforts to obtain evidence from the Carreyrou Entities, as well as all communications with the Carreyrou Entities or their counsel.

Second, apart from a limited amount of FOIA-related correspondence, we have not received in discovery documents from federal agencies reflecting any and all communications between the Carreyrou Entities and the government (including all relevant government agencies and members of the prosecution team, including the Securities and Exchange Commission, the Department of Health and Human Services ("DHHS") (including the DHHS Office of Inspector General, Centers for Medicare and Medicaid Services, and the Food and Drug Administration), and the Department of Defense). Please produce all such communications.

WILLIAMS & CONNOLLY LLP
John Bostic, Jeffrey Schenk, and Robert Leach
February 5, 2019
Page 2

      If you have already produced any of the above-requested materials, please direct us to the volume of production in which they can be located and the corresponding bates numbers; if you have not collected any of these materials as part of your investigation, please advise accordingly.

Very truly yours,

Lance A. Wade

cc: Mr. Jeffrey Coopersmith (counsel for Mr. Balwani)

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

LANCE WADE
(202) 434-5755
lwade@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 8, 2019

<u>Via Email</u>

Mr. John C. Bostic, Esquire
Mr. Jeffrey Schenk, Esquire
Mr. Robert Leach, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

Re:   <u>United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani, No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963), please provide us with copies of the following:

1. any and all correspondence or communications regarding Theranos between any clinical laboratory company or association affiliated with clinical laboratories (including but not limited to LabCorp, Quest Diagnostics, and the American Clinical Lab Association) or their employees, agents, or counsel and the U.S. Attorney's Office ("USAO"), the Federal Bureau of Investigation ("FBI"), the United States Postal Inspection Service ("USPIS"), the Securities and Exchange Commission ("SEC"), the Department of Defense ("DOD") (including but not limited to departments within the DOD, such as the U.S. Army and the U.S. Navy), and the Department of Health and Human Services ("DHHS") (including but not limited to agencies within DHHS, such as the Food and Drug Administration and the Centers for Medicare and Medicaid Services) (collectively "Federal Agencies");

2. any and all correspondence or communications regarding Theranos between Walgreens or its employees, agents, or counsel and the Federal Agencies;

3

WILLIAMS & CONNOLLY LLP
John Bostic, Jeffrey Schenk, and Robert Leach
February 8, 2019
Page 2

3. any and all correspondence or communications regarding Theranos between Partner Fund Management or its employees, agents, or counsel and the Federal Agencies;

4. any and all intra-agency and/or inter-agency correspondence regarding Theranos between or among the Federal Agencies; and

5. any and all correspondence or communications regarding Theranos between the Federal Agencies and physicians, hospitals, health care systems, and/or Theranos business partners.

If you have already produced these materials, please direct us to the volume of production in which they can be located and their corresponding bates numbers.  We appreciate your attention to this matter.

Very truly yours,

Lance A. Wade

cc: Mr. Jeffrey Coopersmith (counsel for Mr. Balwani)



*United States Attorney*
*Northern District of California*

1301 Clay Street, Suite 340S                    (510) 637-3680
Oakland, California 94612                  FAX:(510) 637-3724

February 22, 2019

*By Email*

Kevin Downey, Esq.
Lance Wade, Esq.
Seema Mittal Roper, Esq.
Michelle Chen, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005

        Re:    *United States v. Holmes & Balwani*, CR 18-258 EJD

Dear Counsel:

        We write in response to your letter dated February 5, 2019.  Without agreeing that such information is discoverable under Rule 16 and/or *Brady*, we advise as follows:

        The government has not interviewed John Carreyrou, nor has the government requested documents from him, so there are no 302s, ROIs, or notes to produce.  The government has not interviewed nor has it requested documents from Penguin Random House or Eric Luper.  The government has not interviewed nor has it requested documents from *The Wall Street Journal* ("*WSJ*") or its representatives about Mr. Carreyrou or his reporting.  The government did obtain statements and documents relating to Rupert Murdoch's investment in Theranos.  We believe these have been produced.

        You also have requested "communications between the Carreyrou Entities and . . . all relevant government agencies."  Again, we do not believe such information is discoverable under Rule 16 and/or *Brady*.  In any event, with respect to the United States Attorney's Office ("USAO"), the Federal Bureau of Investigation ("FBI"), the United States Postal Inspection Service ("USPIS"), and the Food and Drug Administration, Office of Criminal Investigation ("FDA-CI") (collectively, the "prosecution team"):

        •        On or about April 15, 2016, Mr. Carreyrou left a voice message for an AUSA on the investigation.  The voice message stated, in substance, that Mr. Carreyrou understood the

1

AUSA was heading up an investigation into Theranos; that Mr. Carreyrou had been a reporter on the story; that the *WSJ* was going to issue a public report in the coming days about the federal investigation; and that he wanted to ask questions.

- On or about April 15, 2016, Christopher Weaver from the *WSJ* sent a message via LinkedIn to an AUSA stating in substance:

> I'm a reporter at the Wall Street Journal. We're looking into a matter concerning Theranos. We're aware that DOJ in SF is looking into the company, and had heard that you were one of a couple AUSAs taking a look at records related to the firm. I'd hoped to catch up with you before we publish to at a minimum give you a head's up about what we're hearing and see if there is any context you want to give-though of course I realize the dept's limitations.

> Will leave a voicemail message at your office too. Hope to talk. You can reach me at 212-*** or any time on cell at 917-***.

- On or about April 15, 2016, Mr. Weaver sent two emails to a Postal Inspector on the investigation stating in substance:

> I'm a reporter here at the Wall Street Journal. A colleague and I have been working on stories about Theranos. We have learned that the Postal Inspection Service is among the agencies investigating Theranos and that USPIS has been referenced on subpoenas. I've also heard that you are one of the investigators looking into the case.

> We may write about this investigation soon. I'd really like to speak with you briefly before we publish any story about it, first to give you a head's up about what we intend to report, and second, to see if there is any context you may be in a position to provide.

- On or about April 16, 2016, Mr. Weaver sent a LinkedIn message to an AUSA stating in substance: "Obviously never heard back after sending my earlier message and call, but I wanted to make sure you saw a story we published in today's paper concerning, among other things, DOJ's investigation of Theranos. Here's the link if not: http://on.wsj.com/1SVY97G Would love to chat any time."

- On or about January 12, 2017, Mr. Weaver wrote an AUSA on the investigation stating in substance: "I'm a reporter here at the Journal. I think a colleague of mine may have tried to reach you some time ago. I'm writing to ask if you might take a call from me. I'd like to ask about Theranos. Please let me know or see my numbers below." Mr. Weaver left a voicemail with a similar message to an AUSA.

- Mr. Carreyrou sent a LinkedIn request to an FBI agent that was not accepted.

2

- The FBI media office made an on the record comment to Mr. Carreyrou after the indictment was unsealed. This is available from public sources.

Beyond these emails and voicemails, we are not aware of any communications involving Mr. Carreyrou or other *WSJ* reporters relating to the investigation or prosecution in the possession, custody, or control of the prosecution team.

The Securities and Exchange Commission ("SEC"), the Department of Health and Human Services and its agencies (other than FDA-CI), and the Department of Defense ("DOD") are not members of the prosecution team. To the extent those agencies have responsive documents, they are not in the possession, custody, or control of the prosecution team. Nevertheless, as a courtesy, the government forwarded your letter to the staff of the SEC and inquired whether it had responsive documents. On February 7, 2019, the SEC staff advised: "The SEC has no responsive documents and has had no contact with Carreyrou." We also understand that Mr. Balwani issued subpoenas in the parallel SEC case to the Food and Drug Administration ("FDA"), DOD, and Centers for Medicare and Medicaid Services ("CMS") for all communications with any member of the media referring or relating to Theranos, Ms. Holmes, or Mr. Balwani, including but not limited to any of communications with Mr. Carreyrou, or any reporters, board members, employees, or editors from the *WSJ*. We anticipate the SEC will provide to the government any documents produced in response to those subpoenas; the government will produce any documents it receives to you.

Very truly yours,

DAVID L. ANDERSON
United States Attorney

ROBERT S. LEACH
JEFFREY SCHENK
JOHN C. BOSTIC
Assistant United States Attorneys

Cc    Jeff Coopersmith, Esq.

3

**7**

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

LANCE WADE
(202) 434-5755
lwade@wc.com

March 27, 2019

<u>Via Email</u>

Mr. John C. Bostic, Esquire
Mr. Jeffrey Schenk, Esquire
Mr. Robert Leach, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

      Re:    <u>United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani, No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

    I write to follow-up on certain outstanding discovery issues, and in response to your letters dated February 22 and February 28, 2019, responding to certain discovery requests. We request a meet and confer on the items below prior to April 1, 2019. If we do not reach agreement, we will file a motion to compel production of these materials prior to the April 22, 2019 status conference in the above-captioned matter.

    As used in this letter, the term "Government" refers to the prosecution and all government agencies for which the prosecution has knowledge of and access to documents and information, including but not limited to the Department of Justice ("DOJ") (including the United States Attorney's Office ("USAO")), the Federal Bureau of Investigation ("FBI"), the United States Postal Inspection Service ("USPIS"), the Securities and Exchange Commission ("SEC"), the Department of Health and Human Services ("DHHS") (including but not limited to the DHHS Office of Inspector General ("OIG") and agencies within DHHS, such as Centers for Medicare and Medicare Services ("CMS"), and the Food and Drug Administration ("FDA")), and the Department of Defense ("DOD") (including but not limited to departments within DOD, such as the U.S. Army and U.S. Navy).

    In your February 22, 2019 letter, you stated that the USAO, the FBI, the USPIS, and the FDA, Office of Criminal Investigation ("FDA-CI") are members of the prosecution team. You

WILLIAMS & CONNOLLY LLP
John Bostic, Jeffrey Schenk, and Robert Leach
March 27, 2019
Page 2

also stated that the SEC, the DHHS and its agencies (other than FDA-CI), and the DOD are not
members of the prosecution team. However, on February 28, 2019, you produced to us certain
access request letters, demonstrating that the prosecution team (as you have defined it) has
knowledge of and access to documents and information from at least the FDA, CMS, DHHS, and
the SEC. It is our understanding that the SEC, in turn, has access to documents and information
from at least the FDA, CMS, and the DOD. In addition, you have produced to us certain reports
of investigation ("ROIs") from the DHHS OIG, FDA, and SEC, as well as documents you
obtained from the SEC, FDA, and CMS. These agencies have undoubtedly participated in your
investigation. The prosecution cannot access documents favorable to its case from agencies while
at the same denying the defense access to other documents material to the defense from those
same agencies.

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373
U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), please produce copies of all
materials falling within the four enumerated categories below.

1. **Any and all correspondence or communications regarding Theranos between
   the Government and John Carreyrou, The Wall Street Journal, or their
   employees, agents, or counsel, and all Government documents,
   communications, correspondence, notes, or recordings (including intra-
   agency and/or inter-agency correspondence) regarding same.** We made this
   request in a February 5, 2019 letter.

2. **Any and all correspondence or communications regarding Theranos between
   the Government and any clinical laboratory company or association affiliated
   with clinical laboratories (including but not limited to LabCorp, Quest
   Diagnostics, and the American Clinical Lab Association), or their employees,
   agents, or counsel, and all Government documents, communications,
   correspondence, notes, or recordings (including intra-agency and/or inter-
   agency correspondence) regarding same.** We made this request in a February 8,
   2019 letter, to which you have not yet responded.

3. **Any and all Government documents, communications, correspondence, notes,
   or recordings (including intra-agency and/or inter-agency correspondence)
   regarding the 2013 CLIA survey of Theranos.** This includes materials from
   CMS's agent, the California Department of Public Health ("CDPH"), which
   conducted the survey.

4. **Any and all FBI 302s or other agency ROIs memorializing Government
   communications with witnesses, and all Government documents,
   communications, correspondence, notes, or recordings (including intra-
   agency and/or inter-agency correspondence) regarding same.**

WILLIAMS & CONNOLLY LLP
John Bostic, Jeffrey Schenk, and Robert Leach
March 27, 2019
Page 3

If you have completed production of any of the above-requested materials, please direct us to the volume(s) of production in which they can be located and the corresponding Bates numbers.  If you have not searched for or collected any of these materials as part of your investigation, or are withholding any of these materials from production, please advise accordingly.

Your production to date, particularly of documents falling within categories 1–3 above, is clearly inadequate.  For example, we did not see documents from any of these categories in CMS's production.  Indeed, CMS's production appears to contain emails only (a) from five custodians, (b) with Theranos, (c) from 2015 onward.  Neither the productions from CDPH nor CMS contain any contemporaneous documents regarding CDPH's 2013 CLIA survey of Theranos, aside from copies of the Form CMS 2567 dated December 3, 2013.  Please explain how custodians were selected, and how emails were collected, searched for, reviewed, and produced by CMS.  Were notes, text messages, recordings, or other documents searched for, collected, or reviewed?  For what time period?  We also saw very few documents from categories 1–3 in the FDA's production.  Please inform us of the parameters of any document collection, search, review, and production by the FDA.

Please provide your availability for a meet and confer as soon as possible.

Very truly yours,

Lance A. Wade

cc: Mr. Jeffrey Coopersmith (counsel for Mr. Balwani)



**From:** Wade, Lance
**Sent:** Wednesday, March 27, 2019 3:27 PM
**To:** Chen, Michelle <MChen@wc.com>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>; Jeffrey.B.Schenk@usdoj.gov; Leach, Robert (USACAN) <Robert.Leach@usdoj.gov>
**Cc:** Coopersmith, Jeff <JeffCoopersmith@dwt.com>; Downey, Kevin <KDowney@wc.com>; Roper, Seema Mittal <smroper@wc.com>
**Subject:** RE: United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani, No. CR-18-00258-EJD (N.D. Cal.)

Counsel:

To be clear, our requested meet and confer (and our motion, should it become necessary) may also cover items raised in my 2/8/19 letter on this topic.

Regards,


**Lance Wade**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com  | www.wc.com/lwade

**From:** Chen, Michelle
**Sent:** Wednesday, March 27, 2019 9:53 AM
**To:** Bostic, John (USACAN) <John.Bostic@usdoj.gov>; Jeffrey.B.Schenk@usdoj.gov; Leach, Robert (USACAN) <Robert.Leach@usdoj.gov>
**Cc:** Coopersmith, Jeff <JeffCoopersmith@dwt.com>; Wade, Lance <LWade@wc.com>; Downey, Kevin <KDowney@wc.com>; Roper, Seema Mittal <smroper@wc.com>
**Subject:** United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani, No. CR-18-00258-EJD (N.D. Cal.)

Counsel,

Please see the attached correspondence.

Thanks,
Michelle

**Michelle Chen**
**Associate | Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5483 | (F) 202-434-5029
mchen@wc.com | www.wc.com/mchen

| From: | Bostic, John (USACAN) |
|---|---|
| To: | Cazares, Steve; Coopersmith, Jeff; Chen, Michelle; Wade, Lance; Downey, Kevin; Roper, Seema Mittal; Gorton, Kelly |
| Cc: | Schenk, Jeffrey (USACAN); Leach, Robert (USACAN) |
| Subject: | U.S. v. Holmes and Balwani - discovery |
| Date: | Friday, April 05, 2019 10:16:40 PM |

Counsel,

Thank you again for taking the time to speak with us today.  Because there was some minor confusion toward the end of our call, I wanted to follow up and provide a very brief summary of our position relating to your request that we obtain additional documents from several government agencies including the FDA, CMS, and DOD.

Under our reading of the relevant case law, the documents described in your March 27 letter are not in the possession, custody, or control of the prosecution.  For the reasons explained in more detail on our call, the prosecution would face difficulty obtaining these documents from the respective custodian agencies, and we could not guarantee success in obtaining everything the defense is requesting.  Simply put, the prosecution lacks access to the agency documents you seek, and production of those documents is under the control of the respective agencies.  Nonetheless, as a courtesy and to avoid unnecessary motion practice, the prosecution is willing to request these documents from the agencies and produce to you whatever materials we are able to obtain from them.  Were you inclined to accept that offer, we would request that you hold off on filing a motion to compel to allow that process to play out.  Following today's call, I understand that you are not satisfied with that proposal and intend to move forward with a motion to compel.

As always, we are available at your convenience should you wish to discuss the matter further.

Best,
John


John C. Bostic
Assistant United States Attorney
Northern District of California
150 Almaden Blvd. | San Jose, CA 95113
Tel.:  (408) 535-5589 | Fax:  (408) 535-5066
Email:  john.bostic@usdoj.gov

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

LANCE WADE
(202) 434-5755
lwade@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 7, 2019

<u>Via Email</u>

Mr. John C. Bostic, Esquire
Mr. Jeffrey Schenk, Esquire
Mr. Robert Leach, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

  Re: <u>United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani. No. CR- 18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

  I write in response to your April 5, 2019 email.

  First, we appreciate that within 72 hours of our April 1 meet and confer, the government managed to have detailed discussions with the relevant agencies about the defense's discovery requests. That quick turnaround only underscores the degree to which the government has knowledge of, and access to, the requested documents and is consistent with other evidence of the government's possession, custody, or control of those agencies' documents pertaining to this case. We also appreciate that you have not contested the materiality under Fed. R. Crim. P. 16 of any of the requested documents, as it is obvious that they are material to preparation of the defense.

  Moreover, while we also appreciate your offer to request—on a voluntary basis—documents from the relevant agencies to "see what [you] can obtain," we do not think that the offer satisfies your obligations under Rule 16, the Constitution, and the governing case law. We are particularly concerned by certain statements from the agencies that you relayed on the call, including that the agencies: (1) are likely to raise confidentiality and other objections that are no basis for resisting Rule 16 discovery; (2) having previously voluntarily undertaken voluminous productions at the government's urging, now would be less inclined to search for documents responsive to the defense's narrow requests; (3) are less motivated to produce documents post-

WILLIAMS & CONNOLLY LLP

April 7, 2019
Page 2

indictment than they were when they received requests in aid of the government's investigation and charging decisions, and, perhaps most troublingly; (4) are less likely to produce documents knowing that those documents will go "directly to" the defense.

In light of these statements from the agencies and your own statements on the April 5 call and in your follow-up email, it is apparent that the government is unwilling to accept the responsibilities set forth in governing Ninth Circuit law.  And it also appears that the agencies with which you recently communicated are unwilling—absent a court order—to do their part to meet those obligations.  Mindful of all this, and of the fact that pursuing futile, informal "requests" will only further delay discovery in this case that now has been ongoing for nearly a year, we do intend to file a motion with the Court.

Finally, we request that you advise the agencies of our forthcoming motion so that they may begin collection and prepare to produce the requested documents expeditiously. This will serve to advance the pre-trial phase of the case and avoid further discovery delays.

Very truly yours,


/s/
Lance Wade



cc: Mr. Jeffrey Coopersmith (counsel for Mr. Balwani)