# EXHIBIT 8



*United States Attorney*
*Northern District of California*

---

150 Almaden Boulevard, Suite 900                    (408) 535-5061
San Jose, California 95113                          FAX: (408) 535-
                                                          5066

June 29, 2017

**VIA U.S. MAIL AND EMAIL**

Elizabeth Dickinson, Esq.
Chief Counsel
Food and Drug Administration
10903 New Hampshire Ave
Silver Spring, MD 20993-0002

Re: *Theranos, Inc.*

Dear Counsel:

Our Office has a pending criminal investigation of Theranos, Inc. We have determined that the United States reasonably anticipates litigation. For this reason, we are informing you of the obligation of the Food and Drug Administration ("FDA") to put in place a litigation hold at this time. The relevant period for this hold is January 1, 2003, to the present. The allegations being investigated in this matter include false statements made by Theranos employees to among others, potential investors, and state and federal regulators, concerning their technology. Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of documents relevant to claims or defenses. *Zubulake v. UBS Warburg LLC et al.,* 220 F.R.D. 212, 218 (S.D.N.Y. ~003). FDA's litigation preservation obligations supersede any existing statutory or regulatory retention period or destruction schedule for electronically stored information ("ESI") or documents, as those terms are used broadly under the Federal Rules of Civil Procedure and case law.

It is imperative that FDA understand its obligations and take necessary and appropriate steps to preserve all information that it determines is potentially relevant to any party's claim or defense. Under the Federal Rules of Civil Procedure, relevant information includes even that which may not be admissible at trial, if the information may lead to the discovery of admissible evidence. As defenses become known, we may need to change the scope of the litigation hold and we will periodically evaluate the scope of the litigation hold with you as described below.

We are happy to discuss this with you, but at this time we believe that information to be preserved at this time in this ligation should include:

- Any and all communication between a Theranos, Inc. employee and an FDA employee;
- Any and all communication between FDA employees concerning Theranos, Inc.

The determination of what information may be potentially relevant to claims or defenses is based upon content and substance and generally does not depend on the type of medium on which the information exists. When possible, ESI should be preserved in its originally-created or native format, along with related metadata, to enable efficient discovery review. For email, creation of electronic folders into which pertinent emails can be easily moved may be one method for preservation in native format, but you will need to determine the capabilities of your information technology system. The litigation hold need not apply to inaccessible disaster recovery tapes unless they are the only source of information for the key employees who are subject to the hold. *Zubulake,* 220 F.R.D. at 218; *see also Zubulake v. UBS Warburg LLC, et al.,* 229 F.R.D. 422, 433-34 (S.D.N.Y. 2004). If the disaster recovery tapes are the only source of information for the key employees who are subject to the hold, please inform the United States Attorney's Office for the Northern District of California promptly so we may address this issue as appropriate.

Given the obligation to preserve ESI, we strongly recommend that you consult with your agencies' Information Technology personnel at the initial stages of the document preservation process. This will aid in identifying both relevant custodians and all sources of ESI relating to those individuals. Our Office's Information Technology personnel would be happy to confer with your agency as necessary to ensure that proper systems are put in place.

Preservation must occur regardless of whether the information may ultimately be withheld as privileged, protected, or confidential, or ultimately determined to be unduly burdensome to produce. Such determinations will be made later, before discovery is provided to the defendant(s) and after we consult with you.

You must take affirmative steps to ensure that all employees subject to the litigation hold understand and comply with the litigation hold, and provide employees further instruction, direction and oversight. *Zubulake v. UBS Warburg LLC, et al.,* 229 F.R.D. at 432-33. There must be sufficient supervision to ensure the accuracy and integrity of the preservation process for the duration of the litigation hold. Please contemporaneously document your litigation hold procedures and supervision so that any later challenges to the scope of the hold or methods used may be reasonably defended. Toward this end, I request that you take the following actions, at a minimum, to preserve potentially relevant information that is subject to the litigation hold:

1. Identify and provide a list of all key FDA employees who may have information subject to the litigation hold. This may include your Records Officer, Freedom of Information Act Officer, and Information Technology Staff.
2. Provide me copies of initial and supplemental instructions for the litigation hold, and the list of employees who received the litigation hold, so that we may work

together to ensure they complied with these instructions.  Preferably, we can review these together in advance of their issuance.

3. Contact the identified employees in written form within a reasonable period of time and explain to them their obligation to preserve information that is subject to the litigation hold in accordance with the discussion in the paragraphs above. Identified employees should acknowledge their receipt and understanding of their preservation obligations.

4. After consultation with the U.S. Attorney's Office, determine whether it is prudent to periodically reissue the litigation hold instructions to affected FDA employees.

5. After consultation with the U.S. Attorney's Office, determine whether the scope of the hold should be broadened or narrowed as the litigation progresses.

6. Work with your agency's Human Resources and Information Technology Offices to put in place steps to ensure that when employees who are subject to the ligation hold leave the agency, their information subject to the litigation hold continues to be preserved.

If there is doubt as to whether any particular information should be subject to the litigation hold, please preserve the information until you and I have had an opportunity to consult.

Our Office appreciates that these requests may impose a substantial burden on FDA.  If necessary, we can explore relief, such as narrowing of the scope of the litigation hold or relevant time-period.

I will contact you to discuss this matter further.  Please do not hesitate to contact me if you have questions.  I can be reached at ███████████ or ████████████████

Very truly yours,
BRIAN J. STRETCH
United States Attorney

JEFF SCHENK
Assistant United States Attorney



*United States Attorney*
*Northern District of California*

---

*150 Almaden Boulevard, Suite 900*
*San Jose, California 95113*

*(408) 535-5061*
*FAX: (408) 535-
5066*

July 25, 2017

**VIA U.S. MAIL AND EMAIL**

Lindsay L. Turner, Esq.
Office of the General Counsel – CMS Division
U.S. Department of Health and Human Services
**VIA ELECTRONIC MAIL**: ███████████

      **Re: *Theranos, Inc.***

Dear Counsel:

      Our Office has a pending criminal investigation of Theranos, Inc.  We have determined that the United States reasonably anticipates litigation.  For this reason, we are informing you of the obligation of the Centers for Medicare & Medicaid Services ("CMS") to put in place a litigation hold at this time. The relevant period for this hold is January 1, 2003, to the present. The allegations being investigated in this matter include false statements made by Theranos employees to among others, potential investors, and state and federal regulators, concerning their technology.  Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of documents relevant to claims or defenses. *Zubulake v. UBS Warburg LLC et al.,* 220 F.R.D. 212, 218 (S.D.N.Y. ~003).  CMS's litigation preservation obligations supersede any existing statutory or regulatory retention period or destruction schedule for electronically stored information ("ESI") or documents, as those terms are used broadly under the Federal Rules of Civil Procedure and case law.

      It is imperative that CMS understand its obligations and take necessary and appropriate steps to preserve all information that it determines is potentially relevant to any party's claim or defense.  Under the Federal Rules of Civil Procedure, relevant information includes even that which may not be admissible at trial, if the information may lead to the discovery of admissible evidence.  As defenses become known, we may need to change the scope of the litigation hold and we will periodically evaluate the scope of the litigation hold with you as described below.

We are happy to discuss this with you, but at this time we believe that information to be preserved at this time in this litigation should include:

- Any and all communication between a Theranos, Inc. employee and an CMS employee;
- Any and all communication between CMS employees concerning Theranos, Inc.

The determination of what information may be potentially relevant to claims or defenses is based upon content and substance and generally does not depend on the type of medium on which the information exists. When possible, ESI should be preserved in its originally-created or native format, along with related metadata, to enable efficient discovery review. For email, creation of electronic folders into which pertinent emails can be easily moved may be one method for preservation in native format, but you will need to determine the capabilities of your information technology system. The litigation hold need not apply to inaccessible disaster recovery tapes unless they are the only source of information for the key employees who are subject to the hold. *Zubulake,* 220 F.R.D. at 218; *see also Zubulake v. UBS Warburg LLC, et al.,* 229 F.R.D. 422, 433-34 (S.D.N.Y. 2004). If the disaster recovery tapes are the only source of information for the key employees who are subject to the hold, please inform the United States Attorney's Office for the Northern District of California promptly so we may address this issue as appropriate.

Given the obligation to preserve ESI, we strongly recommend that you consult with your agencies' Information Technology personnel at the initial stages of the document preservation process. This will aid in identifying both relevant custodians and all sources of ESI relating to those individuals. Our Office's Information Technology personnel would be happy to confer with your agency as necessary to ensure that proper systems are put in place.

Preservation must occur regardless of whether the information may ultimately be withheld as privileged, protected, or confidential, or ultimately determined to be unduly burdensome to produce. Such determinations will be made later, before discovery is provided to the defendant(s) and after we consult with you.

You must take affirmative steps to ensure that all employees subject to the litigation hold understand and comply with the litigation hold, and provide employees further instruction, direction and oversight. *Zubulake v. UBS Warburg LLC, et al.,* 229 F.R.D. at 432-33. There must be sufficient supervision to ensure the accuracy and integrity of the preservation process for the duration of the litigation hold. Please contemporaneously document your litigation hold procedures and supervision so that any later challenges to the scope of the hold or methods used may be reasonably defended. Toward this end, I request that you take the following actions, at a minimum, to preserve potentially relevant information that is subject to the litigation hold:

1. Identify and provide a list of all key CMS employees who may have information subject to the litigation hold. This may include your Records Officer, Freedom of Information Act Officer, and Information Technology Staff.
2. Provide me copies of initial and supplemental instructions for the litigation hold, and the list of employees who received the litigation hold, so that we may work

together to ensure they complied with these instructions.  Preferably, we can
review these together in advance of their issuance.

3. Contact the identified employees in written form within a reasonable period of
time and explain to them their obligation to preserve information that is subject to
the litigation hold in accordance with the discussion in the paragraphs above.
Identified employees should acknowledge their receipt and understanding of their
preservation obligations.

4. After consultation with the U.S. Attorney's Office, determine whether it is
prudent to periodically reissue the litigation hold instructions to affected CMS
employees.

5. After consultation with the U.S. Attorney's Office, determine whether the scope
of the hold should be broadened or narrowed as the litigation progresses.

6. Work with your agency's Human Resources and Information Technology Offices to
put in place steps to ensure that when employees who are subject to the ligation
hold leave the agency, their information subject to the litigation hold continues to
be preserved.

If there is doubt as to whether any particular information should be subject to the
litigation hold, please preserve the information until you and I have had an opportunity to
consult.

Our Office appreciates that these requests may impose a substantial burden on CMS.  If
necessary, we can explore relief, such as narrowing of the scope of the litigation hold or relevant
time-period.

I will contact you to discuss this matter further.  Please do not hesitate to contact me if
you have questions.  I can be reached at ████████████ or ████████████████

Very truly yours,
BRIAN J. STRETCH
United States Attorney


/s/
JEFF SCHENK
Assistant United States Attorney