```
1                    UNITED STATES DISTRICT COURT

2                  NORTHERN DISTRICT OF CALIFORNIA

3                         SAN JOSE DIVISION

4
    UNITED STATES OF AMERICA,        )   CR-18-00258-EJD &
5                                    )   CV-18-01603-EJD
                      PLAINTIFF,     )
6                                    )
              VS.                    )   SAN JOSE, CALIFORNIA
7                                    )
    ELIZABETH A. HOLMES AND RAMESH   )   JUNE 28, 2019
8   SUNNY BALWANI,                   )
                                     )   PAGES 1 - 71
9                     DEFENDANTS.    )
    _____ )
10                                   )
    SECURITIES AND EXCHANGE          )
11  COMMISSION,                      )
                                     )
12                    PLAINTIFF,     )
                                     )
13            VS.                    )
                                     )
14  RAMESH SUNNY BALWANI,            )
                                     )
15                    DEFENDANT.     )
    _____ )
16
                   TRANSCRIPT OF PROCEEDINGS
17         BEFORE THE HONORABLE EDWARD J. DAVILA
                 UNITED STATES DISTRICT JUDGE
18
    A P P E A R A N C E S:
19
    FOR THE PLAINTIFF:    UNITED STATES ATTORNEY'S OFFICE
20                        BY:  JOHN BOSTIC
                               ROBERT LEACH
21                             JEFFREY SCHENK
                          150 ALMADEN BOULEVARD, SUITE 900
22                        SAN JOSE, CALIFORNIA 95113
          (APPEARANCES CONTINUED ON THE NEXT PAGE.)
23  OFFICIAL COURT REPORTER:
                          IRENE L. RODRIGUEZ, CSR, RMR, CRR
24                        CERTIFICATE NUMBER 8074

25      PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1        A P P E A R A N C E S: (CONT'D)

 2

 3    FOR DEFENDANT HOLMES:   WILLIAMS & CONNOLLY LLP
                              BY:  KEVIN M. DOWNEY
 4                                 LANCE WADE
                              725 TWELFTH STREET, N.W.
 5                            WASHINGTON, D.C. 20005

 6                            LAW OFFICE OF JOHN D. CLINE
                              BY:  JOHN D. CLINE
 7                            ONE EMBARCADERO CENTER, SUITE 500
                              SAN FRANCISCO, CALIFORNIA 94111
 8
      FOR DEFENDANT BALWANI:  DAVIS, WRIGHT & TREMAINE LLP
 9                            BY:  STEPHEN CAZARES
                              505 MONTGOMERY STREET, SUITE 800
10                            SAN FRANCISCO, CALIFORNIA 94111

11                            CORR CRONIN LLP
                              BY:  STEVEN FOGG
12                            1001 FOURTH AVENUE, SUITE 3900
                              SEATTLE, WASHINGTON 98154
13
      FOR THE S.E.C.:         UNITED STATES SECURITIES AND EXCHANGE
14                            COMMISSION
                              BY:  SUSAN F. LAMARCA
15                                 MARC D. KATZ
                              44 MONTGOMERY STREET, SUITE 2600
16                            SAN FRANCISCO, CALIFORNIA 94104

17

18

19

20

21

22

23

24

25
```

```
1      SAN JOSE, CALIFORNIA                        JUNE 28, 2019

2                     P R O C E E D I N G S

3          (COURT CONVENED AT 10:05 A.M.)

4          (COURT CONVENED AT 10:05 A.M.)

5              THE COURT:  THIS IS 18-258, UNITED STATES VERSUS

6      ELIZABETH HOLMES AND UNITED STATES VERSUS RAMESH SUNNY BALWANI.

7          THERE'S A COMPANION CASE 18-1603 WHICH IS THE S.E.C. CASE,

8      AND WE'LL TURN TO THAT IN JUST A MOMENT.

9          MAY I HAVE THE APPEARANCES, PLEASE.

10             MR. BOSTIC:  GOOD MORNING, YOUR HONOR.  JOHN BOSTIC,

11     JEFF SCHENK, AND BOB LEACH FOR THE UNITED STATES.

12             THE COURT:  THANK YOU.  GOOD MORNING.

13             MR. DOWNEY:  GOOD MORNING, YOUR HONOR.  KEVIN DOWNEY

14     FROM WILLIAMS & CONNOLLY FOR MS. HOLMES AND WITH ME ARE

15     PARTNER, LANCE WADE, AND OUR CO-COUNSEL, JOHN CLINE.

16             THE COURT:  THANK YOU.  GOOD MORNING.

17             MR. CAZARES:  GOOD MORNING, YOUR HONOR.

18     STEPHEN CAZARES FOR MR. BALWANI.  WITH ME IS MR. STEVEN FOGG

19     WHO ALSO REPRESENTS MR. BALWANI.

20             THE COURT:  THANK YOU.  GOOD MORNING.

21         LET ME JUST THANK COUNSEL FOR -- WE DID RESCHEDULE THIS TO

22     THIS MORNING FROM -- I ADVANCED IT FROM MONDAY, AND LET ME

23     THANK YOU FOR THAT COURTESY.

24         WELL, TODAY WE HAVE A MOTION TO COMPEL REGARDING DISCOVERY

25     MATTERS.  WE HAD SOME DISCUSSIONS ABOUT DISCOVERY WHEN WE WERE
```

10:06AM 1    LAST IN COURT AND THERE WAS SOME REPRESENTATIONS MADE.

10:06AM 2         I SUPPOSE -- LET ME INDICATE WHAT I HAVE REVIEWED HERE.  I

10:06AM 3    HAVE REVIEWED YOUR PLEADINGS IN THIS CASE WHICH INCLUDE

10:07AM 4    DOCUMENT 67, WHICH IS THE MOTION TO COMPEL; DOCUMENT 79, WHICH

10:07AM 5    IS THE GOVERNMENT'S OPPOSITION; DOCUMENT 81, WHICH IS THE

10:07AM 6    REPLY, DEFENSE REPLY, AND ALL OF THE ATTACHMENTS THERETO;

10:07AM 7    DOCUMENT 82 IS MR. BALWANI'S REPLY; DOCUMENT 81-1 IS THE

10:07AM 8    DECLARATION OF MR. WADE IN FURTHER SUPPORT OF THE MOTION TO

10:07AM 9    COMPEL.

10:07AM 10        I'VE LOOKED ALSO AT THE JOINDER FILED BY MR. BALWANI AND

10:07AM 11   THAT WAS DOCUMENT 68; AND DOCUMENT 88, FINALLY, IS THE JOINT

10:07AM 12   SUPPLEMENTAL CASE MANAGEMENT STATEMENT; AND DOCUMENT 80 IS THE

10:07AM 13   JOINT STATEMENT.

10:07AM 14        HAVE I LEFT ANYTHING OUT THAT EITHER PARTY WANTS TO DRAW

10:07AM 15   MY ATTENTION TO?

10:07AM 16             MR. BOSTIC:  NO, YOUR HONOR, NOT FOR THE GOVERNMENT.

10:07AM 17   THANK YOU VERY MUCH.

10:07AM 18             THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.

10:08AM 19        WELL, WHY DON'T I GET AN UPDATE, IF I MAY AS TO -- PARDON

10:08AM 20   ME.  BEFORE WE DO THAT, I DO WANT TO DO ONE THING.  I'D LIKE TO

10:08AM 21   SET THE CASE FOR TRIAL.  SO WHY DON'T WE GET OUR CALENDARS OUT

10:08AM 22   AND LET'S LOOK AND SEE WHAT WOULD BE APPROPRIATE FOR THAT.

10:08AM 23        I DID READ IN YOUR STATEMENTS THAT YOU'RE SUGGESTING

10:08AM 24   SEPTEMBER OF NEXT YEAR AS A DATE FOR TRIAL.  I APPRECIATE THAT

10:08AM 25   OFFER.

10:08AM    1        I'M GOING TO SUGGEST SOMETHING DIFFERENT.  THE THOUGHT

10:08AM    2   OCCURS TO ME THAT THE TIME TO SECURE A JURY BEGINNING IN

10:08AM    3   SEPTEMBER FOR THE DURATION THAT YOU'VE INDICATED, I THINK YOU

10:08AM    4   SAID 90 DAYS, 3 MONTHS, PUTS US PERILOUSLY CLOSE TO THE HOLIDAY

10:08AM    5   SEASON.  MY SENSE IS THAT THERE WILL BE PROBABLY SOME

10:08AM    6   DIFFICULTY TO SECURE JURORS WHO WOULD HAVE TIME AND BE CONFLICT

10:08AM    7   FREE AS WE APPROACH THAT HOLIDAY SEASON.  I THINK THAT'S

10:09AM    8   PERHAPS NOT A GOOD PATH TO TAKE.

10:09AM    9        I'M GOING TO SUGGEST SOMETHING ELSE.  I UNDERSTAND THAT

10:09AM   10   YOU NEED SOME TIME TO ACCOMPLISH THIS, WHAT YOU NEED TO DO.

10:09AM   11        MY THOUGHT WAS THAT WE, AND LET ME START WITH THE

10:09AM   12   AMBITIOUS DATE, PERHAPS WE COULD, PERHAPS WE COULD ENGAGE JURY

10:09AM   13   SELECTION SOME TIME THE END OF JUNE AND TAKE A BREAK AFTER WE

10:09AM   14   DO THAT.  THAT MIGHT TAKE A COUPLE OF DAYS.  WE CAN BEGIN THE

10:09AM   15   TRIAL SOME TIME, THAT IS, EVIDENCE BEGINS SOME TIME IN JULY.

10:09AM   16   FOR EXAMPLE, WE COULD BEGIN THE TRIAL SOME TIME ON JULY 7TH,

10:09AM   17   JULY 14TH, AND GO FORWARD.

10:09AM   18        RESTRAIN YOUR ENTHUSIASM, PLEASE.

10:10AM   19        (LAUGHTER.)

10:10AM   20          THE COURT:  LET ME ALSO SUGGEST THEN, GOING FORWARD,

10:10AM   21   WE COULD LOOK -- I'M ALSO LOOKING AT PERHAPS JULY 14TH FOR JURY

10:10AM   22   SELECTION, THE WEEK OF JULY 14TH FOR JURY SELECTION.

10:10AM   23        WE COULD TAKE THE FOLLOWING WEEK OFF, WHICH IS THE 20TH,

10:10AM   24   AND THEN PERHAPS ENGAGE EVIDENCE ON THE 28TH, 29TH, THAT WEEK.

10:10AM   25        IF THAT DOESN'T WORK, I'M GIVING YOU SO MANY OUTS HERE, WE

10:10AM 1    COULD -- I THINK THE 28TH WE COULD, AS I SAID, BEGIN JURY

10:10AM 2    SELECTION AND THEN START EVIDENCE ON THE 4TH OF AUGUST.  I

10:10AM 3    THINK THAT'S -- THAT'S BASICALLY THAT LATTER IS PUSHING IT --

10:10AM 4    ADVANCING US ABOUT A MONTH, BUT I AM -- I DO HAVE SOME CONCERN

10:10AM 5    ABOUT GOING INTO THE HOLIDAY SEASON.  PERHAPS YOU HAVE HOLIDAY

10:10AM 6    PLANS AS WELL.

10:11AM 7         MR. SCHENK:  YOUR HONOR, FROM THE GOVERNMENT'S

10:11AM 8    PERSPECTIVE THE GOVERNMENT IS PREPARED TO TRY THE CASE AT THE

10:11AM 9    CONVENIENCE OF THE COURT.

10:11AM 10        WHEN WE WERE LAST BEFORE YOUR HONOR IN APRIL, THE

10:11AM 11   GOVERNMENT ASKED THE COURT TO SET THE MATTER FOR TRIAL THEN

10:11AM 12   RECOGNIZING THAT DISCOVERY WAS VOLUMINOUS AND THE DEFENSE WOULD

10:11AM 13   NEED A SIGNIFICANT AMOUNT OF TIME TO PREPARE.

10:11AM 14        WE ASKED THE COURT TO SET A TRIAL DATE EVEN A YEAR FROM

10:11AM 15   THAT.  SO AT THAT TIME WE PROPOSED ROUGHLY APRIL OF 2020.

10:11AM 16        SINCE THEN WE HAD A MEET AND CONFER WITH THE DEFENSE AND

10:11AM 17   IN PARTICULAR COUNSEL FOR MS. HOLMES DESCRIBED TO US THE AMOUNT

10:11AM 18   OF WORK THAT THEY HAD LEFT TO DO TO PREPARE FOR TRIAL, AND IT

10:11AM 19   WAS KIND OF WITH THAT UNDERSTANDING THAT IN ORDER TO PREPARE

10:11AM 20   THEY FELT APRIL WAS REALLY TOO SOON.

10:11AM 21        SO I THINK THE COURT HAS GIVEN US ALL FINE SUGGESTIONS

10:11AM 22   FROM THE GOVERNMENT'S PERSPECTIVE, AND WE WOULD LEAVE IT UP TO

10:11AM 23   THE DEFENSE TO HEAR IF ONE OF THOSE DATES IS A POINT AT WHICH

10:11AM 24   THEY WOULD BE PREPARED TO BEGIN THE TRIAL.

10:11AM 25        BUT FROM THE GOVERNMENT'S PERSPECTIVE WE THINK THAT WE

| | |
|---|---|
| 10:11AM | 1 |
| 10:12AM | 2 |
| 10:12AM | 3 |
| 10:12AM | 4 |

10:11AM 1    WILL BE ABLE TO BEGIN AT ANY OF THOSE DATES.

10:12AM 2         I WOULD ALSO ASK, THOUGH, THAT -- AND I'M SURE THIS IS

10:12AM 3    WHAT THE COURT MEANT -- THAT THIS IS A FIRM TRIAL DATE.  WE'RE

10:12AM 4    NOT GOING TO BE COMING BACK BEFORE YOUR HONOR IN APRIL OF 2020

10:12AM 5    AND SAYING WE NOW NEED SOME ADDITIONAL TIME.  WE'RE GOING TO

10:12AM 6    HAVE SIGNIFICANT SUBPOENAS TO SERVE IN THE CASE, MANY CIVILIAN

10:12AM 7    WITNESSES, AND THERE'S REAL VALUE TO HAVING FIRM TRIAL DATES.

10:12AM 8    SO WHEN WE ASK WITNESSES TO CLEAR THEIR SCHEDULES AND TO BE

10:12AM 9    AVAILABLE FOR COURT, THAT IS A ONE-TIME REQUEST AND WE CAN SAY

10:12AM 10   IT WITH SOME LEVEL OF CERTAINTY, AND I APPRECIATE I'M SURE

10:12AM 11   THAT'S WHAT THE COURT MEANT WHEN IT WAS OFFERING THESE DATES.

10:12AM 12         THE COURT:  WELL, THANK YOU, MS. SCHENK.  THAT IS

10:12AM 13   WHAT I MEAN.  YOU'RE ASKING ME TO SET ASIDE THREE MONTHS OF

10:12AM 14   COURT TIME FOR THIS CASE, AND BOTH SIDES ARE ENTITLED TO THAT.

10:12AM 15         I'LL DO THAT.  I'LL DO THAT.

10:12AM 16         OF COURSE, YOU KNOW THE BUSINESS OF FEDERAL COURTS.  I

10:12AM 17   NEED TO DISAPPOINT OTHER COURT USERS FOR THAT TIME PERIOD.  SO

10:12AM 18   I DO WANT TO SECURE FIRM TRIAL DATES THAT GIVES EVERYONE HERE A

10:13AM 19   FIRM EVENT HORIZON TO FOCUS ON SUCH THAT THERE WON'T BE ANY

10:13AM 20   CHANGES TO THAT.

10:13AM 21         COUNSEL.

10:13AM 22         MR. DOWNEY:  YOUR HONOR, I WOULD SAY WE SHARE -- WE

10:13AM 23   UNDERSTAND THE SITUATION, WE UNDERSTAND THE NEED TO SET A DATE

10:13AM 24   GIVEN THE LENGTH OF THE TRIAL.

10:13AM 25         I WOULD SAY OF THE DATES THAT YOU HAVE SUGGESTED, WE WOULD

10:13AM 1    SUGGEST COMMENCING WITH SELECTION ON THE 28TH OF JULY.

10:13AM 2             THE COURT:  EXPERIENCED DEFENSE COUNSEL ALWAYS LOOKS

10:13AM 3    TO THE LATTER DATE.  NO CRITICISM INVOLVED.

10:13AM 4        WHEN I WAS PRACTICING, THAT WAS SOMETHING THAT I

10:13AM 5    OCCASIONALLY DID AS WELL.

10:13AM 6             MR. DOWNEY:  NO, I UNDERSTAND.  AND I ONLY WANT TO

10:13AM 7    SAY, BECAUSE THESE ISSUES ARE NOT BEFORE THE COURT TODAY, OUR

10:13AM 8    CONCERN IS NOT REALLY ABOUT THE DATE AS AN ABSTRACTION.

10:13AM 9        OUR CONCERN IS THAT THERE ARE ANY NUMBER OF ISSUES IN

10:13AM 10   TERMS OF THE GOVERNMENT'S RULE 26 COMPLIANCE THAT ARE STILL

10:13AM 11   OUTSTANDING.

10:13AM 12       WE ARE CONTINUING TO GET LARGE VOLUMES OF MATERIAL FROM

10:14AM 13   THE GOVERNMENT SO I THINK --

10:14AM 14            THE COURT:  WELL, THAT'S THE PROVERB, YOU ASK AND

10:14AM 15   YOU SHALL RECEIVE.  IT'S NOT A PROVERB BUT SOMEONE SAID THAT

10:14AM 16   ONCE.  SO, YOU KNOW, YOU ASK FOR IT, YOU GET IT, AND THEN OF

10:14AM 17   COURSE YOU HAVE TO DIGEST IT.  SO I APPRECIATE THAT.  THERE'S

10:14AM 18   VOLUMINOUS DISCOVERY HERE.

10:14AM 19       I THINK IF WE SET, AND THAT WAS MY THOUGHT, AND I'M SORRY

10:14AM 20   TO INTERRUPT YOU, BUT MY THOUGHT WAS THE FIRST THING WE DO IS

10:14AM 21   LET'S SET A TRIAL DATE THAT WE CAN ALL FOCUS ON AND THEN YOU

10:14AM 22   CAN ADJUST YOUR WORK SCHEDULES ACCORDINGLY, THE PRODUCTION, AND

10:14AM 23   I'M GOING TO TALK ABOUT THAT IN A MOMENT.

10:14AM 24       JUST TO ADVANCE THAT CONVERSATION, I'LL PROBABLY BE

10:14AM 25   TELLING THE GOVERNMENT, YOU NEED TO TELL THESE FOLKS TO RAMP IT

10:14AM 1    UP BECAUSE WE NOW HAVE A TRIAL DATE.

10:14AM 2              MR. DOWNEY:  YEAH.  AND I EXPECT, YOUR HONOR, THAT

10:14AM 3    WE'LL BE ABLE TO WORK WITH THE GOVERNMENT AND EITHER AGREE ON

10:14AM 4    OR COME CLOSE TO AGREEING ON A PROPOSED SCHEDULE THAT CONFORMS

10:14AM 5    WITH THE TRIAL DATE.

10:14AM 6         AND I WOULD SAY WE'LL LIKELY BE ASKING THE COURT TO BE

10:14AM 7    ATTENTIVE TO THAT RULE 16 CUTOFF.

10:14AM 8              THE COURT:  SURE.  OKAY.

10:14AM 9              MR. DOWNEY:  THANK YOU, YOUR HONOR.

10:15AM 10             THE COURT:  LET ME ASK YOUR COLLEAGUES.

10:15AM 11             MR. CAZARES:  YOUR HONOR, MR. BALWANI AGREES WITH

10:15AM 12   MR. DOWNEY THAT AUGUST IS LIKELY BETTER, LESS FOR OUR SCHEDULE,

10:15AM 13   BUT ALSO I'VE TRIED CASES IN THE SUMMER TIME AND JURORS ALSO

10:15AM 14   HAVE VACATION PLANS.  JULY TENDS TO BE VERY DIFFICULT TO SECURE

10:15AM 15   A LONG-TERM VOIR DIRE IN FEDERAL COURT.

10:15AM 16        SO I WOULD CONCUR THAT AUGUST MAKES SENSE.  IF WE START ON

10:15AM 17   THE 28TH, THAT WOULD AT LEAST AVOID SOME OF THE JUROR VACATION

10:15AM 18   ISSUES THAT OFTEN COME UP.

10:15AM 19             THE COURT:  I'M SORRY.  WHEN YOU SAY, "START," ARE

10:15AM 20   YOU SUGGESTING START EVIDENCE OR START THE JURY SELECTION?

10:15AM 21             MR. CAZARES:  I THINK TO THE EXTENT THAT WE START

10:15AM 22   THE JURY SELECTION AT THE END OF JULY, I DON'T THINK -- I THINK

10:15AM 23   THAT WOULD LIKELY AVOID MOST JUROR VACATION ISSUES.  I THINK

10:15AM 24   THAT'S THE GOAL IN SOME WAYS, TRY TO AVOID THEIR HOLIDAY

10:15AM 25   VACATIONS AND TRY TO AVOID MAYBE SOME OF THEIR SUMMER VACATIONS

10:15AM 1    AND PLANT THE TRIAL SOMEWHERE RIGHT IN BETWEEN.

10:15AM 2                    THE COURT:  MS. SCHENK?

10:15AM 3                    MR. SCHENK:  THAT IS FINE WITH THE GOVERNMENT.  AS I

10:15AM 4    UNDERSTAND IT JULY 28TH IS JURY SELECTION?

10:15AM 5                    THE COURT:  RIGHT, THAT IS THE DATE THAT I WAS

10:16AM 6    PROPOSING JULY 28TH.  MY SENSE IS THAT WE'LL PROBABLY BLEED

10:16AM 7    INTO THE 29TH.

10:16AM 8        BUT WE'LL DO JURY SELECTION THAT WEEK.  THERE WON'T BE ANY

10:16AM 9    RECEIPT OF EVIDENCE OR OPENING STATEMENTS UNTIL THE FOLLOWING

10:16AM 10   WEEK.

10:16AM 11       EVIDENCE AND OPENING STATEMENTS WILL BEGIN AUGUST 4TH,

10:16AM 12   AUGUST 4TH.

10:16AM 13       IS THAT AGREEABLE?

10:16AM 14                   MR. SCHENK:  YES.

10:16AM 15                   MR. DOWNEY:  YES, YOUR HONOR.

10:16AM 16                   MR. CAZARES:  YES, YOUR HONOR.

10:16AM 17                   THE COURT:  ALL RIGHT.  THANK YOU.  THEN WE'VE GOT

10:16AM 18   OUR TRIAL DATE SET.

10:16AM 19       I WON'T SET A PRETRIAL CONFERENCE DATE YET.  WHAT I'D LIKE

10:16AM 20   TO DO IS HAVE OUR CONVERSATION ABOUT DISCOVERY, AND THEN IF I

10:16AM 21   SET AN INTERIM STATUS DATE, AT WHICH POINT I'LL THEN SET AN

10:16AM 22   INTERIM STATUS CONFERENCE DATE DEPENDING ON THE DISCOVERY AS

10:16AM 23   YOU SUGGESTED.

10:16AM 24       OKAY.  MADAM CLERK, LET'S RESERVE THAT TIME FOR TRIAL IN

10:16AM 25   THIS MATTER.  I THINK COUNSEL SAID THREE MONTHS?

| | | |
|---|---|---|
| 10:16AM | 1 | MR. SCHENK:  YES, YOUR HONOR. |
| 10:16AM | 2 | MR. DOWNEY:  YOUR HONOR, WE, WE -- THAT'S OUR BEST |
| 10:16AM | 3 | ESTIMATE.  OBVIOUSLY WE'RE LARGELY DEPENDENT ON THE LENGTH OF |
| 10:17AM | 4 | THE GOVERNMENT'S PRESENTATION WHICH WE DON'T YET KNOW, BUT |
| 10:17AM | 5 | BASED ON WHAT THEY'VE REPRESENTED TO US, IT SOUNDS LIKE A GOOD |
| 10:17AM | 6 | ESTIMATE. |
| 10:17AM | 7 | THE COURT:  OKAY. |
| 10:17AM | 8 | MR. CAZARES:  YES, YOUR HONOR. |
| 10:17AM | 9 | THE COURT:  OKAY.  WE'LL DO THAT. |
| 10:17AM | 10 | MADAM CLERK, AUGUST, SEPTEMBER, AND OCTOBER. |
| 10:17AM | 11 | THE CLERK:  YES, YOUR HONOR. |
| 10:17AM | 12 | THE COURT:  WE'LL SET, AS I SAID, A PRETRIAL |
| 10:17AM | 13 | CONFERENCE DATE.  WE'LL ADJUST THE DATES PROPER.  I THINK YOU |
| 10:17AM | 14 | PROBABLY HAVE OR MAY HAVE SOME FAMILIARITY.  WE TYPICALLY GO |
| 10:17AM | 15 | THREE DAYS A WEEK FOR TRIAL, SOMETIMES MORE, SOMETIMES LESS, |
| 10:17AM | 16 | BUT WE CAN ADJUST THAT SCHEDULE AS WE GO FORWARD. |
| 10:17AM | 17 | ALL RIGHT.  THANK YOU.  ANYTHING FURTHER ON THE TRIAL DATE |
| 10:17AM | 18 | THEN? |
| 10:17AM | 19 | MR. SCHENK:  NO, YOUR HONOR. |
| 10:17AM | 20 | MR. DOWNEY:  NO, YOUR HONOR. |
| 10:17AM | 21 | MR. CAZARES:  NO, YOUR HONOR. |
| 10:17AM | 22 | THE COURT:  ALL RIGHT.  THANK YOU.  LET'S LOOK THEN |
| 10:17AM | 23 | TO THE MOTION THAT IS BEFORE US.  NOW, WHY DON'T I HEAR -- CAN |
| 10:17AM | 24 | I GET AN UPDATE ON THE STATUS OF DISCOVERY? |
| 10:17AM | 25 | MR. BOSTIC, DO YOU WANT TO SPEAK TO THAT? |

10:17AM 1          MR. BOSTIC:  YES, YOUR HONOR.

10:17AM 2          THE COURT:  AND I REALIZE THIS IS THE DEFENSE

10:17AM 3    MOTION, BUT I WANTED TO GET AN UPDATE FROM THE GOVERNMENT IF

10:18AM 4    YOU DON'T MIND.

10:18AM 5          MR. BOSTIC:  I'LL COME UP TO THE PODIUM SO I CAN

10:18AM 6    LOOK AT MY NOTES.  LARGELY THE CURRENT STATUS OF DISCOVERY IN

10:18AM 7    THIS MATTER AS TO THE AGENCY'S FDA AND CMS, THAT STATUS IS

10:18AM 8    REFLECTED IN THE GOVERNMENT'S OPPOSITION.

10:18AM 9          AS TO LARGER DISCOVERY IN THE CASE, I UNDERSTAND THE

10:18AM 10   COURT'S QUESTION IS ABOUT DISCOVERY GENERALLY.

10:18AM 11         AS I'VE PREVIOUSLY TOLD THE COURT, DISCOVERY IN THIS CASE

10:18AM 12   IS SUBSTANTIALLY COMPLETE.  THE VAST MAJORITY OF THE

10:18AM 13   GOVERNMENT'S PRODUCTION HAS BEEN SENT OVER TO THE DEFENSE.

10:18AM 14         THERE ARE STILL SOME OUTSTANDING LARGE BATCHES OF

10:18AM 15   DISCOVERY THAT ARE STILL ON THEIR WAY OVER.  WE'RE MAKING EVERY

10:18AM 16   EFFORT TO GET THOSE TO THE DEFENSE AS SOON AS POSSIBLE.

10:18AM 17         THE TWO SIGNIFICANT BATCHES OF DISCOVERY THAT ARE STILL

10:18AM 18   OUTSTANDING OR WERE RECENTLY OUTSTANDING, ONE WAS A PORTION OF

10:18AM 19   A BATCH OF ABOUT 250,000 DOCUMENTS PRODUCED BY THERANOS SHORTLY

10:18AM 20   BEFORE IT CEASED OPERATIONS.

10:18AM 21         THE GOVERNMENT HAS BEEN UNDERGOING A FILTER TEAM OR TAINT

10:19AM 22   REVIEW OF THOSE DOCUMENTS, AND WE'VE PRODUCED HALF OF THOSE

10:19AM 23   DOCUMENTS A FEW WEEKS AGO TO THE DEFENSE AND MORE RECENTLY

10:19AM 24   WE'VE PRODUCED THE OTHER HALF SO THE DEFENSE NOW HAS ALL OF

10:19AM 25   THOSE MATERIALS.

10:19AM 1      I SHOULD NOTE THAT THE SECOND HALF THAT WE PRODUCED THE

10:19AM 2   GOVERNMENT HAS NOT COMPLETED ITS FILTER REVIEW YET SO THE TRIAL

10:19AM 3   TEAM DOES NOT HAVE ACCESS TO ANY OF THESE DOCUMENTS YET, BUT

10:19AM 4   WE'VE PROVIDED THEM TO THE DEFENSE IN THE INTEREST OF

10:19AM 5   EFFICIENCY AND SO THAT THEY CAN BEGIN REVIEWING IN TRIAL

10:19AM 6   PREPARATION.

10:19AM 7      THE OTHER OUTSTANDING LARGE BATCH OF DISCOVERY IS

10:19AM 8   SOMETHING THAT HAS RECENTLY COME INTO THE GOVERNMENT'S

10:19AM 9   POSSESSION.  IT'S A LARGE HARD DRIVE.  I UNDERSTAND THAT A LOT

10:19AM 10  OF THE CONTENT WILL CONSIST OF VIDEO FILES, MARKETING MATERIALS

10:19AM 11  MADE BY OR AT THE DIRECTION OF THERANOS.  WE ARE PREPARING TO

10:19AM 12  PRODUCE THAT TO THE DEFENSE AS WELL.  THE ONLY HOLDUP THERE IS

10:19AM 13  OBTAINING THE HARDWARE NECESSARY TO LOAD IT AND ACTUALLY

10:19AM 14  PROVIDE IT TO THE DEFENSE.

10:19AM 15     SO THERE AGAIN OUR PLAN IS TO GIVE IT TO THE DEFENSE

10:19AM 16  BEFORE WE'VE HAD A CHANCE TO REVIEW IT TO MAKE SURE THAT THEY

10:20AM 17  HAVE IT AS SOON AS POSSIBLE.

10:20AM 18         THE COURT:  AND IS THIS COPY, IS THAT GOING TO BE

10:20AM 19  JUST A COPY, IF YOU WILL, AS OPPOSED TO GOING THROUGH ANY

10:20AM 20  PROPRIETARY SOFTWARE THAT THE GOVERNMENT USES TO DOWNLOAD OR

10:20AM 21  DISCOVERY?

10:20AM 22     I ASK THAT QUESTION BECAUSE YOU KNOW THERE ARE SOMETIMES

10:20AM 23  ISSUES ABOUT, WELL, YOU KNOW, THE GOVERNMENT PROTOCOL IS

10:20AM 24  DIFFERENT THAN WHAT A DEFENDANT MIGHT HAVE.

10:20AM 25         MR. BOSTIC:  CORRECT, YOUR HONOR.  SO IN THIS CASE

10:20AM 1    THE FILES THEMSELVES CAME FROM A THIRD PARTY SO THEY'RE IN

10:20AM 2    WHATEVER FORMAT THAT THIRD PARTY USED.  I DON'T KNOW STANDING

10:20AM 3    HERE TODAY WHAT FORMAT THAT IS.

10:20AM 4         WE'LL LOOK AT IT WHEN WE GET IT AND MAKE A DETERMINATION

10:20AM 5    AS TO WHETHER IT'S MORE EFFICIENT FOR THE GOVERNMENT TO PROCESS

10:20AM 6    IT AND PRODUCE IT TO THE DEFENSE WITH METADATA AS WE WOULD WITH

10:20AM 7    OTHER PRODUCTIONS OR TO SIMPLY COPY THE DATA AND GIVE IT TO

10:20AM 8    THEM IN THE SAME FORM THAT WE HAVE, AND WE WILL ALSO CONFIRM

10:20AM 9    WITH THEM TO DETERMINE THEIR PREFERENCES.

10:20AM 10        THE COURT:  OKAY.  THANK YOU FOR THE UPDATE.

10:20AM 11        WHAT SHOULD I KNOW FROM THE DEFENSE ABOUT YOUR MOTION?

10:20AM 12        MR. WADE:  WELL, YOUR HONOR, GIVEN THAT THE COURT

10:21AM 13   HAS MADE A DECISION TO EXPEDITE OUR JOINT RECOMMENDATION TO

10:21AM 14   TRIAL, MAYBE THEN AN ORDER IS NEEDED TO TRY TO MOVE THINGS

10:21AM 15   ALONG AND TO HELP THE GOVERNMENT IN OBTAINING THE AGENCY

10:21AM 16   MATERIALS THAT WE NEED.

10:21AM 17        THE DOCUMENTS THAT WE'RE SEEKING ARE AT THE CORE OF THE

10:21AM 18   CASE.  THE -- AND THEY'RE NECESSARY FOR OUR PREPARATION FOR

10:21AM 19   TRIAL.

10:21AM 20        A SIGNIFICANT ALLEGATION IN THE INDICTMENT IS THE

10:21AM 21   GOVERNMENT'S ALLEGATION THAT THERANOS'S TESTS WERE UNRELIABLE

10:21AM 22   AND INACCURATE.

10:21AM 23        THE GOVERNMENT APPEARS TO WANT TO BUILD ITS CASE ON

10:21AM 24   INFORMATION THAT IT RECEIVED FROM CMS AND FROM CMS WITNESSES.

10:21AM 25        THEY'VE SOUGHT TESTIMONY FROM THREE WITNESSES, AND THEY

10:21AM 1     RECEIVED HUNDREDS OF THOUSANDS OF PAGES OF DOCUMENTS AND

10:21AM 2     TERABYTES OF DATA.

10:21AM 3          ANOTHER CENTRAL ALLEGATION IN THE CASE RELATES TO ALLEGED

10:21AM 4     MISREPRESENTATIONS BY MS. HOLMES AND MR. BALWANI REGARDING THE

10:22AM 5     NEED FOR FDA APPROVAL OF THERANOS TECHNOLOGY.

10:22AM 6          HERE AGAIN THE GOVERNMENT APPEARS POISED TO BUILD ITS CASE

10:22AM 7     ON INFORMATION AND TESTIMONY IT OBTAINED FROM THE FDA.

10:22AM 8          THE GOVERNMENT BY ALL ACCOUNTS HAD NEARLY UNFETTERRED

10:22AM 9     ACCESS TO THOSE AGENCIES.  THEY OBTAINED INFORMATION WITHOUT A

10:22AM 10    SUBPOENA, SEEMINGLY AT WILL.

10:22AM 11         THERE'S NO INDICATION IN THE RECORD THAT IS BEFORE THE

10:22AM 12    COURT THAT THERE WAS EVER ANY RESISTANCE TO ANY REQUEST MADE BY

10:22AM 13    THE GOVERNMENT AND THAT RESISTANCE DIDN'T MANIFEST ITSELF UNTIL

10:22AM 14    DEFENSE REQUEST FOR INFORMATION THAT THE GOVERNMENT DID NOT

10:22AM 15    GATHER WERE PASSED THROUGH.

10:22AM 16         THEN SUDDENLY THE REGULATORY HAZE SORT OF APPEARS IN FRONT

10:22AM 17    OF ALL OF THESE REQUESTS AND THE OBSTACLES ARE PRESENTED AND

10:23AM 18    DELAY RESULTS.

10:23AM 19         AS THE COURT KNOWS, BECAUSE YOU NOTED AT THE START OF THE

10:23AM 20    HEARING, THE MOUNTAIN OF PAPER THAT YOU'VE REVIEWED IN ADVANCE

10:23AM 21    OF THIS HEARING.  FRANKLY, WE ARE SURPRISED YOU DIDN'T WANT THE

10:23AM 22    WEEKEND TO REVIEW IT AND WANTED TO ADVANCE THE HEARING.

10:23AM 23         BUT AS YOU KNOW FROM THAT, THERE HAVE BEEN SUBSTANTIAL

10:23AM 24    DELAYS IN OUR ABILITY TO ACCESS THAT MATERIAL.  MR. BALWANI'S

10:23AM 25    PLEADING SETS FORTH TEN MONTHS OF EFFORTS TO TRY AND GET THAT

10:23AM 1    MATERIAL IN THE RELATED PROCEEDING.

10:23AM 2        WE'RE NOT A PARTY TO THE S.E.C. PROCEEDING.  WE'VE BEEN

10:23AM 3    TRYING TO GET IT FOR SIX MONTHS.

10:23AM 4        THE GOVERNMENT, THANKFULLY RECENTLY, ON THE EVE OF OUR

10:23AM 5    INDICATION THAT WE WERE GOING TO FILE A MOTION RELAYED THESE

10:23AM 6    REQUESTS TO CMS AND THE FDA AND AS VOLUNTARILY REQUESTS.

10:23AM 7        THE LAW REQUIRES MORE.  THIS IS AN OBLIGATION.  SANTIAGO

10:23AM 8    AND BRYAN ARE CLEAR.  THE NINTH CIRCUIT LAW IS CLEAR.  WHEN THE

10:23AM 9    GOVERNMENT IS ABLE TO GO IN AND GET ACCESS TO AGENCY DOCUMENTS

10:24AM 10   IN THIS WAY, THEY'RE WITHIN THE CUSTODY, POSSESSION, AND

10:24AM 11   CONTROL OF THE PROSECUTION TEAM, AND THEY HAVE TO GET MATERIALS

10:24AM 12   THAT ARE NECESSARY TO THE PREPARATION OF THE DEFENSE AND BRADY

10:24AM 13   MATERIAL.  THE LAW IS UNAMBIGUOUS IN THAT REGARD.

10:24AM 14       SO WE APPRECIATE THE GOOD FAITH EFFORTS OF THE GOVERNMENT

10:24AM 15   TO RECOGNIZE THE VALIDITY OF OUR SIX REQUESTS.

10:24AM 16       THE COURT:  AND THOSE SIX REQUESTS, I THINK, WERE

10:24AM 17   ADVANCED TO THE AGENCIES?

10:24AM 18       MR. BOSTIC:  CORRECT, YOUR HONOR.

10:24AM 19       THE COURT:  VERBATIM REQUESTS AS I UNDERSTAND IT.

10:24AM 20       MR. BOSTIC:  THAT'S CORRECT, YOUR HONOR.

10:24AM 21       MR. WADE:  THEY WERE, AND WE APPRECIATE THAT.  AND

10:24AM 22   WE ALSO APPRECIATE THAT THE GOVERNMENT MAY NOT BE RECEIVING AS

10:24AM 23   GOOD A CUSTOMER SERVICE WITH RESPECT TO THE DEFENSE REQUEST AS

10:24AM 24   THEY RECEIVED WITH RESPECT TO THEIR OWN.

10:24AM 25       THAT'S WHY A COURT ORDER IS NEEDED HERE TO PROMPT THE

10:24AM   1    AGENCIES TO MEET THE OBLIGATIONS AND LET THE GOVERNMENT SATISFY

10:24AM   2    THEIR RULE 16 REQUIREMENTS.

10:24AM   3              THE COURT:  SO LET ME ASK -- PARDON ME FOR

10:25AM   4    INTERRUPTING YOU.  BUT LET ME ASK, I'M CURIOUS ABOUT A COUPLE

10:25AM   5    OF THINGS.

10:25AM   6         FIRST OF ALL, PARALLEL PROCEEDINGS HERE, WE KNOW THAT,

10:25AM   7    MR. BALWANI'S S.E.C. PROCEEDING, AND I THINK SOME OF THE

10:25AM   8    RESPONSES FROM THE AGENCIES SEEM TO SUGGEST, AND I'M GETTING A

10:25AM   9    LITTLE AHEAD HERE, SEEM TO SUGGEST THAT IN RESPONSE TO

10:25AM   10   MS. HOLMES'S REQUEST, I ALMOST READ IT, MR. BOSTIC, YOU CAN

10:25AM   11   HELP ME ON THIS, I ALMOST READ THE RESPONSE, I THINK IT'S A

10:25AM   12   JUNE 10TH AND A JUNE 7 LETTER FROM FDA AND CMS RESPECTIVELY,

10:25AM   13   THEY ALSO SEEM TO SAY THAT WE'RE GOING TO PROVIDE MR. BALWANI

10:25AM   14   INFORMATION PURSUANT TO HIS CIVIL S.E.C. RESPONSES.

10:25AM   15        AND THE RESPONSE TO MS. HOLMES'S REQUEST ALMOST SEEMS TO

10:25AM   16   SAY SEE BALWANI.  MY SENSE IS YOU HAVE SOME OBJECTION TO THAT

10:26AM   17   BECAUSE YOU TOLD ME IN YOUR PLEADINGS YOU'RE NOT A PARTY TO

10:26AM   18   THAT AND YOU WOULD LIKE SOME ANSWERS SPECIFICALLY TO YOUR

10:26AM   19   REQUEST.

10:26AM   20             MR. WADE:  OUR POSITION IS SIMPLE.  IF YOU BACK UP A

10:26AM   21   STEP, YOUR HONOR, AT THE START OF THE INVESTIGATION THE

10:26AM   22   GOVERNMENT SENT A PRESERVATION NOTICE TO THESE TWO AGENCIES AND

10:26AM   23   SAID PRESERVE EVERYTHING --

10:26AM   24             THE COURT:  NO, I UNDERSTAND.

10:26AM   25             MR. WADE:  -- RELATING TO THERANOS.

10:26AM  1      IF IT'S EASIER TO GIVE US EVERYTHING RELATING TO THERANOS

10:26AM  2  AND AVOID ALL OF THE REVIEW THAT THEY COMPLAIN ABOUT, WE'RE

10:26AM  3  HAPPY TO TAKE THAT AND DO THE WORK.

10:26AM  4      BUT NOW THEIR POSITION -- THE POSITIONS OF THE FDA AND CMS

10:26AM  5  DIFFER SOMEWHAT, BUT THEY DON'T TAKE OUR REQUEST AND SAY WE'LL

10:26AM  6  COMPLY WITH THEM.  THEY TAKE OUR REQUESTS AND SAY WE'LL DO

10:26AM  7  EFFORTS THAT WE CONSIDER TO BE REASONABLE.  WE'LL DECIDE WHAT

10:26AM  8  WE THINK IS RELEVANT, AND WE WILL RESPOND TO THOSE REQUESTS

10:26AM  9  ACCORDINGLY.

10:26AM  10      IN FACT, IF YOU LOOK AT THE FDA REQUEST, IT MAKES -- THE

10:26AM  11  FDA LETTER OF JUNE 7TH, IT MAKES CLEAR THAT IT DOESN'T THINK

10:26AM  12  THAT MUCH OF WHAT WE SEEK IS RELEVANT, IT'S NOT CLEAR WHAT

10:27AM  13  THEY'RE GATHERING, IT'S NOT CLEAR WHICH CUSTODIANS THEY'RE

10:27AM  14  LOOKING AT.

10:27AM  15      FRANKLY, IT'S NOT CLEAR THAT THEY'RE EVEN GOING TO RESPOND

10:27AM  16  TO MANY OF OUR REQUESTS.

10:27AM  17          THE COURT:  WELL, LET'S START WITH THE FDA.  THEY

10:27AM  18  TALK ABOUT THAT THEY NEED EITHER A WAIVER OR A PROTECTIVE ORDER

10:27AM  19  OR BOTH FROM THERANOS, THE ASSIGNEE OF THERANOS.

10:27AM  20      WHAT IS THE LATEST ON THAT?

10:27AM  21          MR. BOSTIC:  SO, YOUR HONOR, NOT TO INTERRUPT.

10:27AM  22          THE COURT:  YES.  NO, PLEASE.

10:27AM  23          MR. BOSTIC:  MY UNDERSTANDING OF THE STATUS THERE IS

10:27AM  24  THAT MR. BALWANI'S COUNSEL HAS BEEN ABLE TO OBTAIN A WAIVER

10:27AM  25  THAT PERMITS THE AGENCY TO PRODUCE IN THE CIVIL CASE.

10:27AM  1        I HAVE NOT HEARD THAT MR. BALWANI'S COUNSEL HAS BEEN ABLE

10:27AM  2   TO OBTAIN THAT WAIVER APPLYING TO THE CRIMINAL CASE.  I WOULD

10:27AM  3   IMAGINE THAT IT MIGHT BE THE SAME ANALYSIS FOR THE ASSIGNEE,

10:27AM  4   BUT I HAVE NOT HAD THOSE CONVERSATIONS WITH THE ASSIGNEE.

10:27AM  5        THE COURT:  IT SOUNDS LIKE PER THEIR LETTER THAT

10:27AM  6   MIGHT BE HELPFUL.

10:27AM  7        MR. WADE:  YOUR HONOR, THE DEFENSE HAS NO OBLIGATION

10:27AM  8   TO DO ANYTHING FOR THE GOVERNMENT TO MEET ITS RULE 16

10:27AM  9   OBLIGATIONS.  THEY HAVE AN OBLIGATION TO MEET THEIR RULE 16

10:28AM  10  OBLIGATIONS.  WE WANT TO DO WHATEVER WE CAN TO MEET AND CONFER.

10:28AM  11       THE COURT:  HOW CAN I HELP YOU?

10:28AM  12       MR. WADE:  AN ORDER FROM THE COURT.

10:28AM  13       THE COURT:  CAN I ORDER THEM TO DO A WAIVER?

10:28AM  14       MR. WADE:  YOU CAN ORDER THEM TO PRODUCE THE

10:28AM  15  DOCUMENTS.

10:28AM  16       THE COURT:  THAT'S NOT MY QUESTION.  MY QUESTION WAS

10:28AM  17  IF THEY NEED A WAIVER, LET'S GET THE WAIVER.  LET'S JUST GET IT

10:28AM  18  DONE.

10:28AM  19       MR. WADE:  THEY WON'T NEED A WAIVER, YOUR HONOR,

10:28AM  20  RESPECTIVELY.

10:28AM  21       MANY OF THE BARRIERS THEY'RE ERECTING ARE BECAUSE THEY

10:28AM  22  DON'T HAVE A COURT ORDER THAT IS REQUIRING THEM.  IT'S NOT

10:28AM  23  CLEAR TO US THAT THEY ACTUALLY -- THAT THE BASES THAT THEY'RE

10:28AM  24  PROVIDING ARE A PROPER BASIS TO NOT MEET RULE 16 OBLIGATIONS,

10:28AM  25  WHICH CLEARLY THESE AGENCIES FALL WITHIN RULE 16 GIVEN HOW

10:28AM 1    CENTRAL THEY ARE AND THE ACCESS AND KNOWLEDGE OF THE GOVERNMENT

10:28AM 2    WITH RESPECT TO THIS.  BUT IF THE COURT ISSUES AN ORDER THAT --

10:28AM 3              THE COURT:  I UNDERSTAND THAT.  LET'S PARSE THROUGH

10:28AM 4    THIS THEN, LET'S PARSE THROUGH THIS.

10:28AM 5              MR. WADE:  YES.

10:28AM 6              THE COURT:  THEY'RE SAYING, THE FDA, -- I'M LOOKING

10:28AM 7    AT THE LETTER, AND THIS IS 79-4, DOCUMENT 79-4, ECF PAGE 4 OF

10:29AM 8    5, THE SECOND PARAGRAPH IN THE MIDDLE, IT TALKS ABOUT -- AND

10:29AM 9    THIS IS A LETTER AUTHORED FROM MARCI, M-A-R-C-I, V. NORTON,

10:29AM 10   N-O-R-T-O-N, SENIOR COUNSEL, AND SHE SAYS IN THE LETTER THAT

10:29AM 11   THE FDA IS PROHIBITED FROM RELEASING TRADE SECRET AND

10:29AM 12   CONFIDENTIAL, COMMERCIAL AND FINANCIAL INFORMATION, CCI,

10:29AM 13   REGARDING DEVICES OBTAINED, ET CETERA, ET CETERA.  TRADE

10:29AM 14   SECRETS.

10:29AM 15       SHE SUGGESTS THAT AN ASSIGNEE PROVIDE A WRITTEN WAIVER

10:29AM 16   PERMITTING THEM TO DO THAT.

10:29AM 17       THAT SEEMS PRETTY SIMPLE TO DO.  MAYBE I'M MISSING

10:29AM 18   SOMETHING.  CAN'T WE GET THAT?

10:29AM 19              MR. WADE:  WE HAVE NO ABILITY TO GET THAT, YOUR

10:29AM 20   HONOR.

10:29AM 21              THE COURT:  HAVE YOU MADE A REQUEST FOR THAT?

10:29AM 22              MR. WADE:  AGAIN, WE HAVE NOT MADE A REQUEST.

10:29AM 23   PREVIOUSLY WHEN THE GOVERNMENT OBTAINED ALL OF THE MATERIALS IT

10:29AM 24   WANTED DURING THE INVESTIGATION, THE GOVERNMENT WENT TO

10:29AM 25   THERANOS AND GOT SUCH A WAIVER, AND IF THE GOVERNMENT FEELS

10:30AM 1    THAT'S THE GATEWAY TO MEETING ITS RULE 16 OBLIGATIONS AND

10:30AM 2    CUTTING THROUGH THIS, IT'S WELCOME TO DO SO.

10:30AM 3        YOUR HONOR, I WOULD RESPECTFULLY SAY AN ORDER FROM THIS

10:30AM 4    COURT THAT REQUIRES THEM TO PRODUCE DOCUMENTS THAT ARE

10:30AM 5    RESPONSIVE TO THESE REQUESTS WOULD OBVIATE THE NEED FOR SUCH A

10:30AM 6    WAIVER FROM THERANOS.  WE COULD ALSO AGREE TO A PROTECTIVE

10:30AM 7    ORDER THAT COULD BE IN PLACE IN THIS CASE.  I'M SURE WE CAN

10:30AM 8    EASILY MEET AND CONFER WITH THE GOVERNMENT TO FIND SOMETHING.

10:30AM 9        THE COURT:  I THOUGHT A PROTECTIVE ORDER WOULD BE IN

10:30AM 10   PLACE SPECIFICALLY IN REGARDS TO CMS.  THEY WANT A PROTECTIVE

10:30AM 11   ORDER FOR SOME OF THAT MATERIAL, AND THAT WAS GOING TO BE MY

10:30AM 12   NEXT QUESTION WHETHER OR NOT THERE HAD BEEN A MEET AND CONFER

10:30AM 13   TO ACCOMPLISH THIS.

10:30AM 14       I RECOGNIZE YOU'RE SAYING IT'S BEEN MONTHS, IT'S BEEN SIX

10:30AM 15   MONTHS SINCE WE RECEIVED THIS, BUT I'D LIKE TO HELP YOU OUT AND

10:30AM 16   GET SOME JOINT EFFORT HERE.  YOU'RE ALL OF COMMON PURPOSE TO

10:30AM 17   GET THIS DONE.

10:30AM 18           MR. WADE:  WE APPRECIATE THAT, YOUR HONOR.

10:30AM 19           THE COURT:  LET'S GET IT DONE.

10:30AM 20           MR. WADE:  AND WE WOULD LIKE TO GET IT DONE, TOO.

10:31AM 21       AGAIN, TO BE CLEAR, WE THINK THAT THE BEST WAY TO DO THAT

10:31AM 22   IS TO GET AN ORDER FROM THE COURT.

10:31AM 23       RESPECTFULLY, WE'VE DEALT WITH MANY FEDERAL AGENCIES IN

10:31AM 24   OUR PRACTICE.  AS YOU KNOW, WE SIT IN OUR NATION'S CAPITOL, AND

10:31AM 25   OBSTACLES REMAIN IF A COURT DOES NOT MAKE CLEAR THAT IT'S A

10:31AM  1     LEGAL OBLIGATION OF THE UNITED STATES GOVERNMENT TO PROVIDE

10:31AM  2     THESE MATERIALS.

10:31AM  3          I WILL REPRESENT TO THE COURT WE WILL MEET AND CONFER

10:31AM  4     DILIGENTLY AND PROVIDE WHATEVER FLEXIBILITY IS WITHIN OUR

10:31AM  5     CONTROL TO GET ACCESS TO THESE DOCUMENTS.  PROTECTIVE DOCUMENTS

10:31AM  6     ARE WITHIN OUR CONTROL.  WE'RE HAPPY TO PROVIDE A PROTECTIVE

10:31AM  7     ORDER THAT COVERS THE CMS MATERIALS, THE FDA MATERIALS OR ANY

10:31AM  8     OF THE OTHER MATERIALS THAT WE NEED WITHIN RULE 16.

10:31AM  9          BUT THAT DOESN'T RELIEVE THE GOVERNMENT OF ITS OBLIGATION

10:31AM 10     TO GET THE MATERIALS.  THE GOVERNMENT RIGHT NOW REFUSES TO

10:31AM 11     ACCEPT THAT OBLIGATION.  THEY'VE GOT ALL OF THE MATERIALS THAT

10:31AM 12     THEY WANTED.

10:31AM 13               THE COURT:  YOU'RE REFUSING YOUR OBLIGATION, YOUR

10:32AM 14     RULE 16 OBLIGATION?

10:32AM 15               MR. BOSTIC:  I WOULD DISAGREE WITH THAT

10:32AM 16     CHARACTERIZATION, YOUR HONOR.

10:32AM 17               MR. WADE:  WELL, I THINK THE FACTS HERE SUGGEST

10:32AM 18     OTHERWISE.  BRYAN AND -- AGAIN, THE GOVERNMENT IS TRYING TO DO

10:32AM 19     WHAT THE COURT SUGGESTS, WHICH IS THAT THEY ARE TRYING TO DO

10:32AM 20     WHATEVER THEY CAN ON A VOLUNTARY BASIS TO GET THE MATERIAL THAT

10:32AM 21     THEY WANT.

10:32AM 22          WHEN THE GOVERNMENT ON A VOLUNTARY BASIS WENT TO GET

10:32AM 23     INFORMATION, THAT WAS -- THAT IT WANTED FOR ITS INVESTIGATION,

10:32AM 24     THE DOORS WERE WIDE OPEN AND THE SHELVES WERE FULL AND THEY

10:32AM 25     COULD TAKE WHATEVER THEY WANTED.

10:32AM  1          THERE'S NO INDICATION THAT THERE WERE ANY OBSTACLES THAT

10:32AM  2    WERE MEANINGFUL THAT PREVENTED THEM FROM GETTING INFORMATION.

10:32AM  3          THERE SHOULD BE NO REASON THAT THE SAME ISN'T THE -- SAME

10:32AM  4    ISN'T TRUE FOR THESE REQUESTS.

10:32AM  5          THE ONLY REASON THAT THAT IS TRUE IS BECAUSE THESE

10:32AM  6    AGENCIES KNOW THAT THESE ARE DEFENSE REQUESTS.  THEY'RE NOT

10:32AM  7    WILLING TO PROVIDE THE SAME LEVEL OF COOPERATION, WHICH IS NOT

10:32AM  8    FAIR, YOUR HONOR.

10:32AM  9          THE COURT:  I APPRECIATE THAT.  SO ONE THOUGHT I HAD

10:32AM 10    AFTER I READ YOUR INFORMATION AND THE GOVERNMENT'S INFORMATION

10:32AM 11    AND RECOGNIZING THAT MR. BOSTIC AND HIS TEAM HAS PUT FORWARD

10:33AM 12    THESE REQUESTS PURSUANT, VERBATIM TO THE SIX CATEGORIES THAT

10:33AM 13    THE DEFENSE HAS REQUESTED, AND I APPRECIATE THAT.  I'M SURE YOU

10:33AM 14    DO, TOO.

10:33AM 15          MR. WADE:  WE DO.

10:33AM 16          THE COURT:  AND I GUESS THE RESULT IS AT LEAST THE

10:33AM 17    JUNE 7TH, THE JUNE 10TH LETTER FROM THESE TWO AGENCIES.

10:33AM 18          A THOUGHT I HAD ABOUT GOING FORWARD WAS TO GIVE THE

10:33AM 19    GOVERNMENT, YOU, PERHAPS 60, 70 DAYS TO SEE WHAT IS FORTHCOMING

10:33AM 20    AND IF -- AND HAVE ANOTHER STATUS.  AND IF THERE'S

10:33AM 21    INSUFFICIENCY, DEFICIENCY OF THE MATERIAL, THEN MAYBE WE SET AN

10:33AM 22    EVIDENTIARY HEARING AND ASK MS. NORTON -- LET'S SEE, WHO IS THE

10:33AM 23    AUTHOR OF THIS CMS LETTER? -- KAREN DYER, D-Y-E-R, TO COME TO

10:33AM 24    COURT AND TELL US WHY THEY HAVEN'T COMPLIED.

10:34AM 25          IT TAKES A LITTLE MORE TIME, AND I REALIZE TIME IS

10:34AM  1    PRECIOUS WHEN YOU'RE PREPARING THE DEFENSE.  BUT MY SENSE WAS

10:34AM  2    THAT THERE WAS AN ENGAGEMENT OF AT LEAST A DELIVERY OF THE SIX

10:34AM  3    CATEGORIES.  THE FDA, CMS HAVE SAID, OKAY, WE'RE GOING TO START

10:34AM  4    ROLLING THIS OUT.  I HAVE SOME QUESTIONS ABOUT -- I THINK FDA

10:34AM  5    SAID IT WILL TAKE US A MONTH TO GET THAT OUT.  THE DATE OF

10:34AM  6    THEIR LETTER WAS JUNE 7TH, AND SO WE SHOULD EXPECT DELIVERY IF

10:34AM  7    WE HOLD THEM TO THAT TO JULY 7, NEXT WEEK.

10:34AM  8         BUT I HAD A NOTE TO MYSELF HERE THAT SEEMS TOO LONG.  EASY

10:34AM  9    FOR ME TO SAY BECAUSE WE'RE HERE AND WE'RE NOT IN THEIR

10:34AM  10   ARCHIVES.  BUT I DO WANT TO ADVANCE THIS, THE DISCOVERY, IN

10:34AM  11   SOME MANNER.

10:34AM  12        THE EASIEST THING I COULD DO TODAY IS TO JUST SIGN A PIECE

10:34AM  13   OF PAPER, SCRATCH SOMETHING OUT AND SAY GIVE IT TO ME.  I

10:34AM  14   APPRECIATE THAT.

10:34AM  15        THEY'VE RAISED SOME CONCERNS THAT I THINK HAVE SOME

10:34AM  16   LEGITIMACY.  THEY HAVE SOME ATTORNEY-CLIENT PRIVILEGE QUESTIONS

10:34AM  17   ABOUT SOME DOCUMENTS.  THEY HAVE SOME OTHER ISSUES ABOUT

10:35AM  18   PRIVILEGED INFORMATION THAT I THINK THEY'RE ENTITLED TO ASSERT

10:35AM  19   AT LEAST A FACIAL OBJECTION TO, AND WE SHOULD HOLD THEM TO THAT

10:35AM  20   AND ALLOW THEM THAT OPPORTUNITY.

10:35AM  21        THEN IF NEEDED, WE CAN COME BACK AND THEY CAN TELL US SO

10:35AM  22   THAT THEY CAN DEVELOP A PRIVILEGE LOG OR WHATEVER THEY NEED TO

10:35AM  23   DO TO SEGREGATE INFORMATION AS TO WHY THEY'RE NOT GIVING IT TO

10:35AM  24   THE DEFENSE.  I APPRECIATE THAT.

10:35AM  25        LET ME JUST TELL YOU THAT'S JUST AN OVERALL THOUGHT I HAD

10:35AM 1      TO GIVE THEM THAT TIME TO GET IT DONE.  AND MR. BOSTIC AND

10:35AM 2      MR. SCHENK AND MR. LEACH WOULD TELL THEM THAT THE COURT IS

10:35AM 3      ADVISING THEM TO PROCEED WITH AS MUCH SPEED AS THEY CAN GIVE

10:35AM 4      BECAUSE I EXPECT THEM AND I'LL GIVE THEM AN OPPORTUNITY TO

10:35AM 5      VOLUNTARILY TO PRODUCE THE INFORMATION.  AND IN THE INTERIM THE

10:35AM 6      COURT IS GOING TO WORK ON AN ORDER THAT WOULD BE FORTHCOMING,

10:35AM 7      AND IT WOULD PROBABLY HAVE A SHORT TIMELINE THEREAFTER IF I'M

10:35AM 8      GOING TO GIVE THEM 60 DAYS.  IT WOULD PROBABLY BE A SHORT LEASH

10:36AM 9      AFTER THAT TO COMPLY WITH THE BALANCE OF THINGS.  THAT'S AN

10:36AM 10     OVERALL THOUGHT THAT I JUST HAD.

10:36AM 11             MR. WADE:  YOUR HONOR, I APPRECIATE THE IMPULSE TO

10:36AM 12     WANT TO GIVE THE AGENCY SOME FLEXIBILITY TO BE COMPLIANT, AND I

10:36AM 13     APPRECIATE -- AND I APPRECIATE THE HESITATION IN WANTING TO

10:36AM 14     JUST IMPOSE AN ORDER ON A CO-EQUAL BRANCH OF GOVERNMENT, I

10:36AM 15     UNDERSTAND THAT.

10:36AM 16             THE COURT:  YOU KNOW -- NO, I HAVE NO HESITATION

10:36AM 17     ABOUT THAT.

10:36AM 18             MR. WADE:  EVEN BETTER, YOUR HONOR.

10:36AM 19             THE COURT:  BUT THERE IS AN ENGAGEMENT GOING ON

10:36AM 20     HERE.  THEY SAID THEY WERE GOING TO ROLL SOME THINGS OUT.  I

10:36AM 21     UNDERSTAND YOUR POSITION WHEN THEY SAID I THINK IT'S A

10:36AM 22     REASONABLE RESPONSE TO THE REQUEST.  I DON'T KNOW WHAT THAT

10:36AM 23     MEANS.

10:36AM 24         I UNDERSTAND YOU SAY, WELL, THIS ISN'T RELEVANT, THIS

10:36AM 25     ISN'T MATERIAL.  WELL, THAT'S NOT THEIR CALL, AND THEY DON'T

10:36AM 1  GET TO SAY THAT.  I APPRECIATE THAT, AND I'M NOT TAKING THEM AT

10:36AM 2  PERHAPS -- PERHAPS I'M JUST TAKING IT FACIALLY THAT THEY'RE

10:37AM 3  OPINING THAT WE DON'T THINK IT'S RELEVANT.  WE DON'T THINK IT'S

10:37AM 4  MATERIAL.

10:37AM 5       THEY DON'T GET TO MAKE THAT CALL.  THEY CAN EXPRESS THEIR

10:37AM 6  OPINION ABOUT IT, BUT THEY CAN'T WITHHOLD SOMETHING JUST

10:37AM 7  BECAUSE THEY THINK IT'S NOT HELPFUL.  THEY HAVE TO PROVIDE IT,

10:37AM 8  AND THEN WE HAVE A CONVERSATION, AND I THINK THE JUDGE IS THE

10:37AM 9  PERSON THAT GETS TO MAKE THAT CALL LAST TIME I CHECKED SO

10:37AM 10  THAT'S HOW THAT SHOULD PROCEED.

10:37AM 11       THAT'S WHY I'M SAYING THIS PROCESS HAS BEEN ENGAGED NOW,

10:37AM 12  AND I CAN ISSUE AN ORDER TODAY, MR. BOSTIC, BUT I'D LIKE TO

10:37AM 13  GIVE YOU AN OPPORTUNITY TO SHARE MY THOUGHTS WITH THE AGENCIES

10:37AM 14  TO TELL THEM I EXPECT PRODUCTION.  THEY'RE ENTITLED TO IT.  TO

10:37AM 15  WHATEVER THEY'RE ENTITLED TO, THEY SHOULD GET IT AS SOON AS

10:37AM 16  POSSIBLE.

10:37AM 17       DO WE NEED -- IS THERE ANY OBJECTION TO -- FROM THE

10:37AM 18  PARTIES SPECIFICALLY ABOUT SPECIFIC INFORMATION?  I'M TRYING TO

10:37AM 19  PARSE THAT OUT WHAT THEY'RE SAYING.

10:38AM 20            MR. WADE:  TO BE HONEST, IT'S A LITTLE OPAQUE HERE,

10:38AM 21  YOUR HONOR.

10:38AM 22            THE COURT:  RIGHT.  I AGREE.  I AGREE.

10:38AM 23            MR. WADE:  AND WE RECEIVED THESE LETTERS JUST A

10:38AM 24  SHORT TIME AGO.  WE HAVE BEEN MEETING AND CONFERRING ON AN

10:38AM 25  ONGOING BASIS FOR MONTHS.  WE RECEIVED THE GOVERNMENT'S

10:38AM 1    POSITION JUST A FEW WEEKS AGO, AND IN RECEIVING THAT IT'S

10:38AM 2    REALLY HARD TO UNDERSTAND EXACTLY WHAT THEY'RE NECESSARILY

10:38AM 3    AGREEING TO DO.

10:38AM 4         A FEW THINGS STAND OUT, YOUR HONOR.  IT APPEARS FROM US,

10:38AM 5    BASED ON THE READING OF THE FDA LETTER, THAT THEY'RE ACTUALLY

10:38AM 6    AGREEING TO PRODUCE DOCUMENTS IN RESPONSE TO ONE OF THE

10:38AM 7    REQUESTS, REQUEST 4.  THAT'S OBVIOUSLY IN OUR VIEW NOT

10:38AM 8    SUFFICIENT.

10:38AM 9         TO THE EXTENT THAT THEIR POSITION IS ALL OF THE OTHER

10:38AM 10   CATEGORIES ARE IRRELEVANT, WE SHOULD JUST RESOLVE THOSE ISSUES,

10:38AM 11   PROVIDE THE CLARITY THAT IS NEEDED, AND KEEP THIS ON TRACK.  WE

10:38AM 12   HAVE THE SAME GOAL, YOUR HONOR.  WE WANT TO BE IN A POSITION TO

10:38AM 13   GET THIS INFORMATION AS QUICKLY AS POSSIBLE.  THAT'S WHY WE --

10:38AM 14   WHEN WE SAW THE SIGNIFICANCE OF IT, WE RAISED IT PROMPTLY WITH

10:39AM 15   THE COURT IN THE SPRING SO THAT WE COULD GET THIS RESOLVED

10:39AM 16   BECAUSE WE KNOW THIS MAY TAKE SOME TIME, AND OUR HOPE WOULD BE

10:39AM 17   THAT THE DIRECTION FROM THE COURT THAT THESE SIX REQUESTS ARE

10:39AM 18   MATERIAL TO THE PREPARATION OF THE DEFENSE, THAT THAT DIRECTION

10:39AM 19   FROM THE COURT AND THAT ENCOURAGEMENT OF AN EXPEDITIOUS

10:39AM 20   RESPONSE WOULD BE SUFFICIENT.

10:39AM 21        THEIR LETTER SUGGESTS OTHERWISE.  AGAIN, NOT -- THROUGH NO

10:39AM 22   FAULT OF THE GOVERNMENT AS REPRESENTED BY THE LAWYERS WHO ARE

10:39AM 23   SITTING IN THIS ROOM WHO RELAYED THOSE SIX REQUESTS FAITHFULLY

10:39AM 24   THROUGH TO THE AGENCIES.

10:39AM 25        THE AGENCIES HAVE COME BACK WITH A FAIR AMOUNT OF

10:39AM 1    AMBIGUITY.  SO I JUST -- MY FEAR ON YOUR APPROACH, WHICH I

10:39AM 2    APPRECIATE, IS WE'RE GOING TO FIND OURSELVES BACK HERE IN

10:39AM 3    60 DAYS IN THE SAME SPOT THAT WE'RE IN NOW.

10:39AM 4         THE COURT:  THAT WOULD BE DISAPPOINTING, WOULDN'T

10:39AM 5    IT?

10:39AM 6         MR. WADE:  IT WOULD BE VERY DISAPPOINTING.  AND IF

10:40AM 7    THAT 60 DAYS CAME WITH THE SUBPOENA POWER OF JUST TO BRING IN

10:40AM 8    THE APPROPRIATE WITNESSES AND TO EXPLORE IN AN EVIDENTIARY

10:40AM 9    HEARING WHY THESE MATERIALS HAVE NOT BEEN GATHERED, FRANKLY,

10:40AM 10   ASSURANCES -- I'M SURE THE COURT SAW IT APPEARS THAT SOME

10:40AM 11   MATERIALS FROM THE CDPH WERE NOT PRESERVED AND MAY HAVE BEEN

10:40AM 12   DESTROYED.  THOSE ARE EXCULPATORY MATERIALS FOR MS. HOLMES AND

10:40AM 13   MR. BALWANI.  SO WE WANT TO MAKE SURE THAT --

10:40AM 14        THE COURT:  WELL, ARE THEY?  WE DON'T KNOW IF

10:40AM 15   THEY'RE EXCULPATORY BECAUSE WE DON'T KNOW WHAT THEY ARE.  THEY

10:40AM 16   COULD VERY WELL BE.  BUT I UNDERSTAND THAT NOTES ARE NOT

10:40AM 17   AVAILABLE NOW, THEY'RE GONE.

10:40AM 18        MR. WADE:  WELL, WHAT WE DO KNOW, YOUR HONOR, IS

10:40AM 19   THAT THE LAB INSPECTORS CAME IN AND AUDITED THE LAB AND

10:40AM 20   BASICALLY GAVE A CLEAN BILL OF HEALTH, WHICH WAS KNOWN TO BOTH

10:40AM 21   OF THE DEFENDANTS IN THIS CASE AND IS CLEARLY VERY RELEVANT TO

10:40AM 22   THEIR INTENT AND BELIEF THAT EVERYTHING WAS GOING WELL IN THE

10:40AM 23   LAB.

10:40AM 24        THE COURT:  SO THAT'S A FACT THAT THERE'S NOT GOING

10:40AM 25   TO BE MUCH DISPUTE ABOUT, BUT WHAT YOU'RE SAYING IS THAT THE

| | | |
|---|---|---|
| 10:40AM | 1 | NOTES OF THAT INSPECTION WOULD HAVE BEEN HELPFUL TO DRILL DOWN. |
| 10:40AM | 2 | MR. WADE:  ABSOLUTELY. |
| 10:41AM | 3 | THE COURT:  SURE.  OKAY. |
| 10:41AM | 4 | MR. WADE:  AND BRADY MATERIAL WE THINK, YOUR HONOR. |
| 10:41AM | 5 | THE COURT:  WELL, IT SOUNDS LIKE THE EVIDENCE IS NOT |
| 10:41AM | 6 | GOING TO BE, AND I DON'T WANT TO GET INTO THE EVIDENCE, BUT IT |
| 10:41AM | 7 | SOUNDS LIKE THERE'S NOT GOING TO BE MUCH DISPUTE THAT THAT |
| 10:41AM | 8 | AGENCY CAME IN AND GAVE A CLEAN BILL OF HEALTH FOR WHATEVER |
| 10:41AM | 9 | REASON.  THE NOTES THEMSELVES MIGHT HAVE BEEN PART OF |
| 10:41AM | 10 | ADDITIONAL INFORMATION, BUT ANYHOW, I UNDERSTAND YOUR POINT. |
| 10:41AM | 11 | LET ME JUST MOVE TO ONE SPECIFIC AREA, AND THIS IS WITH |
| 10:41AM | 12 | THE S.E.C.  APPARENTLY, AS TO THE S.E.C. THE GOVERNMENT HAS |
| 10:41AM | 13 | AGREED TO MAKE AVAILABLE TO THE DEFENSE THE AGENT NOTES OF |
| 10:41AM | 14 | WITNESS INTERVIEWS I THINK.  I THINK THAT'S WHAT I READ FROM |
| 10:41AM | 15 | YOUR PLEADINGS. |
| 10:41AM | 16 | MR. BOSTIC:  SO, YOUR HONOR, AS TO AGENT NOTES, FOR |
| 10:41AM | 17 | EXAMPLE, FBI AGENT NOTES, POSTAL INSPECTOR AGENT NOTES, THE |
| 10:41AM | 18 | GOVERNMENT'S PLAN AND THE OFFER TO THE DEFENSE IS TO MAKE THOSE |
| 10:41AM | 19 | AVAILABLE FOR THE DEFENSE'S REVIEW.  THE DEFENSE CAN THEN BRING |
| 10:41AM | 20 | TO OUR ATTENTION ANY MATERIAL FROM THOSE NOTES THAT THEY |
| 10:41AM | 21 | BELIEVE IS BRADY, AND THEN WE CAN TALK ABOUT PRODUCTION. |
| 10:41AM | 22 | AS TO THE S.E.C., THE GOVERNMENT, THE PROSECUTION DOESN'T |
| 10:41AM | 23 | HAVE THE SAME ACCESS TO THE S.E.C.'S NOTES THAT WE DO TO, SAY, |
| 10:42AM | 24 | THE FBI'S NOTES.  FOR THAT REASON WHAT WE'RE IN A POSITION TO |
| 10:42AM | 25 | OFFER THERE IS THAT WE WILL UNDERTAKE A REVIEW OF THOSE S.E.C. |

10:42AM  1    NOTES AS IS TRADITIONALLY OUR OBLIGATION UNDER BRADY, AND TAKE

10:42AM  2    APPROPRIATE STEPS IF BRADY MATERIAL IS IDENTIFIED.

10:42AM  3            THE COURT:  AND I THINK THE DEFENSE AGREES WITH

10:42AM  4    THAT?

10:42AM  5            MR. WADE:  WE DID.  WE'VE MET AND CONFERRED

10:42AM  6    EXTENSIVELY WITH THE GOVERNMENT ON THIS.  WE HAVE SOME

10:42AM  7    HESITATION BECAUSE THE GOVERNMENT'S ABILITY TO SPOT A LOT OF

10:42AM  8    MATERIAL, THEIR ABILITY TO SPOT WHAT IS APPROPRIATELY

10:42AM  9    CONSIDERED BRADY BY THE DEFENSE SEEMS TO ME TO BE A PRETTY

10:42AM  10   PRECARIOUS ENDEAVOR.

10:42AM  11           THE COURT:  THEY GET EXTENSIVE TRAINING ON THAT.

10:42AM  12   THEY GET EXTENSIVE TRAINING AT THEIR SCHOOLS ON THAT.  AND THEY

10:42AM  13   KNOW -- I AM SMILING HERE AND WE ARE ALL SMILING ABOUT THAT,

10:42AM  14   BUT LET ME JUST BE CLEAR, BRADY IS A SERIOUS MATTER.  IT'S

10:42AM  15   SOMETHING THAT AT LEAST, AND I KNOW THESE COUNSEL, THEY'VE

10:42AM  16   APPEARED IN FRONT OF ME AND THEY'VE TRIED CASES IN FRONT OF ME,

10:42AM  17   AND MY EXPERIENCE IS THAT THEY KNOW THE BRADY RESPONSIBILITY IS

10:43AM  18   ONGOING AND THEY KNOW THAT, THEY KNOW THAT THE COURTS,

10:43AM  19   PARTICULARLY THIS COURT, TAKE THAT VERY SERIOUSLY, AND THEY

10:43AM  20   RECOGNIZE, AS ALL PROSECUTORS DO, THEY PROCEED AT THEIR OWN

10:43AM  21   PERIL WITH BRADY.  IT'S TYPICALLY, AND I'M JUST COMMENTING,

10:43AM  22   IT'S TYPICALLY BETTER TO PROCEED OUT OF AN ABUNDANCE OF CAUTION

10:43AM  23   IN THAT REGARD BECAUSE THEY KNOW, AND NOT JUST THESE LAWYERS,

10:43AM  24   BUT PROSECUTORS ACROSS THE COUNTRY KNOW THAT A BRADY VIOLATION

10:43AM  25   COULD PUT IN JEOPARDY THEIR CASE, AND I THINK THEY'RE TAUGHT

10:43AM   1    THAT AND THEY KNOW THAT FROM EXPERIENCE.

10:43AM   2         I'M SAYING IT ON THE RECORD BECAUSE I JUST WANT EVERYONE

10:43AM   3    TO KNOW IT'S A SERIOUS MATTER.

10:43AM   4              MR. WADE:  WE APPRECIATE THAT, YOUR HONOR, AND I IN

10:43AM   5    NO WAY MEANT TO SUGGEST OTHERWISE.  WE APPRECIATE THAT THE

10:43AM   6    GOVERNMENT AGREED IN NARROWING THE DISPUTES TO TAKE ON THAT

10:43AM   7    OBLIGATION, AND I THINK IN THE FIRST INSTANCE WE'RE WILLING TO

10:43AM   8    ACCEPT THAT FOR THE MOST PART.

10:43AM   9         THERE IS ONE SPECIFIC SET OF WITNESSES, TWO WITNESSES.

10:44AM  10              THE COURT:  YES, YOU'RE GOING TO SPEAK ABOUT

10:44AM  11    CRAIG HALL, BRYAN TOLBERT?

10:44AM  12              MR. WADE:  YES.  THE ISSUE THAT WE THINK WE'VE MADE

10:44AM  13    A NECESSARY SHOWING THAT BRADY WOULD EXIST WITHIN THOSE NOTES

10:44AM  14    AND COMMUNICATIONS WITH COUNSEL SUCH THAT THAT SHOULD BE

10:44AM  15    PROVIDED TO THE DEFENSE AT THIS TIME.

10:44AM  16              THE COURT:  YOU WANT AGENT NOTES, S.E.C. AGENT NOTES

10:44AM  17    AND INTERVIEW OF MEMORANDUM REGARDING THEIR INTERVIEWS AND YOU

10:44AM  18    SUGGEST THAT AFTER REVIEWING THE DEPOSITION TESTIMONY OF THOSE

10:44AM  19    WITNESSES THAT THERE'S SOME INCONSISTENCY THAT YOU THINK MIGHT

10:44AM  20    RAISE AN ISSUE OF BRADY.

10:44AM  21              MR. WADE:  AND WANTING TO BE SOMEWHAT DISCRETE AND

10:44AM  22    FAIR TO THE PARTICULAR PEOPLE, I WILL SAY THAT HIGHLY PROBATIVE

10:44AM  23    MATERIAL THAT GOES -- THAT IS CENTRAL TO ONE OF THE COUNTS IN

10:44AM  24    THE INDICTMENT.

10:44AM  25         I THINK WE'VE MADE THE NECESSARY SHOWING, AND IT'S SET

10:44AM 1    FORTH IN THE PLEADINGS, AND THERE'S CLEARLY A DISCREPANCY.  IN

10:44AM 2    ONE -- ON ONE OCCASION SOMEONE ADMITTED TO A CRIME UNDER

10:44AM 3    CALIFORNIA LAW.  ON ANOTHER OCCASION THEY SAID THE OPPOSITE.

10:45AM 4    THAT'S ABOUT AS DIRECT OF A CONTRADICTION AS CAN EXIST.

10:45AM 5            THE COURT:  AND YOU WANT S.E.C. COMMUNICATIONS WITH

10:45AM 6    THEM, THAT IS, EITHER OF THESE WITNESSES AND/OR THEIR COUNSEL?

10:45AM 7            MR. WADE:  CORRECT.

10:45AM 8            THE COURT:  YOU'RE SUGGESTING E-MAILS OR LETTERS

10:45AM 9    THAT PERHAPS MIGHT SCHEDULE INTERVIEWS OR FOLLOWUP, THAT TYPE

10:45AM 10   OF THING?  YOU'RE NOT SEEKING PRIVILEGED INFORMATION.

10:45AM 11           MR. WADE:  WE'RE NOT SEEKING PRIVILEGED INFORMATION

10:45AM 12   EXCEPT THAT WE ARE SEEKING NOTES.  SO WHETHER -- WE'RE

10:45AM 13   REVIEWING OTHER NOTES IN THE CASE SO I AM ASSUMING THAT THE

10:45AM 14   GOVERNMENT IS NOT TAKING THE POSITION THAT NOTES OF THEIR

10:45AM 15   MEETING WITH THE WITNESSES WOULD BE PRIVILEGED OR AREN'T

10:45AM 16   AVAILABLE FOR PRODUCTION.

10:45AM 17       SO WE'RE NOT SEEKING ANYTHING THAT WE DON'T THINK WE'RE

10:45AM 18   ENTITLED TO UNDER RULE 16 AND BRADY.

10:45AM 19           THE COURT:  OKAY.

10:45AM 20           MR. WADE:  EVEN IF IT WAS PRIVILEGED, FRANKLY, YOUR

10:45AM 21   HONOR, GIVEN THAT IT'S BRADY, I THINK UNDER NINTH CIRCUIT LAW

10:45AM 22   THOSE CLAIMS WOULD -- THE PRIVILEGE ASSERTIONS WOULD YIELD TO

10:45AM 23   THE GOVERNMENT'S BRADY OBLIGATION.

10:46AM 24       BUT I THINK THE GOVERNMENT HASN'T TAKEN THE POSITION

10:46AM 25   NECESSARILY THAT THOSE MATERIALS ARE PRIVILEGED.

10:46AM 1       IF IT WANTS TO MAKE SOME OFFERING AS TO SOME ALTERNATIVE

10:46AM 2  MEANS TO PROVIDE THAT, WE'RE OPEN TO BEING REASONABLE, BUT IT

10:46AM 3  SEEMS LIKE THE CLEAREST WAY IS TO PROVIDE THE NOTES IN --

10:46AM 4       THE COURT:  WELL, YOU'RE ALWAYS GOING TO BE

10:46AM 5  REASONABLE, I KNOW THAT.

10:46AM 6       SO LET ME JUST ADD, MR. BOSTIC, WHAT ABOUT GETTING THAT

10:46AM 7  INFORMATION?  CAN YOU SECURE THAT?

10:46AM 8       MR. BOSTIC:  YOUR HONOR, I'LL ADDRESS THAT.  I DO

10:46AM 9  HAVE SOME POINTS TO MAKE ABOUT THE FDA AND CMS DOCUMENTS AS

10:46AM 10 WELL.

10:46AM 11      THE COURT:  WE'LL GET BACK TO THAT.

10:46AM 12      MR. BOSTIC:  BUT WHILE WE'RE ON THIS TOPIC, I THINK

10:46AM 13 THE DEFENSE'S PROPOSAL STILL SKIPS A STEP FOR NO REASON.  I

10:46AM 14 THINK IT SKIPS A STEP OF THE PROSECUTION REVIEWING THOSE

10:46AM 15 MATERIALS AND REACHING A POSITION AS TO WHETHER THOSE MATERIALS

10:46AM 16 CONTAIN BRADY INFORMATION OR NOT.

10:46AM 17      I THINK IN IDENTIFYING THE ISSUE THAT THE DEFENSE HAS

10:46AM 18 IDENTIFIED IT WILL INFORM THAT PROCESS, IT WILL ALLOW THE

10:46AM 19 GOVERNMENT TO CONDUCT THAT REVIEW WITH A KNOWLEDGE OF WHAT THE

10:47AM 20 DEFENSE IS CONCERNED ABOUT AND THAT WILL ONLY SERVE TO INCREASE

10:47AM 21 THE RELIABILITY OF THE GOVERNMENT'S REVIEW.

10:47AM 22      BUT I DON'T --

10:47AM 23      THE COURT:  HOW WOULD THOSE -- I'M SORRY TO

10:47AM 24 INTERRUPT YOU.

10:47AM 25      HOW IS THAT ANALYSIS DIFFERENT THAN YOUR AGREEMENT TO GIVE

10:47AM  1    AGENT NOTES REGARDING WITNESS INTERVIEWS?  IS THERE A

10:47AM  2    DISTINCTION?

10:47AM  3              MR. BOSTIC:  THE DISTINCTION -- AT LEAST ONE

10:47AM  4    DISTINCTION, YOUR HONOR, IS THE LEVEL OF THE PROSECUTION'S

10:47AM  5    ACCESS TO THE MATERIALS THAT WE'RE TALKING ABOUT.

10:47AM  6         WHEN IT COMES TO FBI AGENT NOTES, POSTAL INSPECTOR AGENT

10:47AM  7    NOTES, THE PROSECUTION HAS NEEDED ONLY TO REQUEST THOSE

10:47AM  8    MATERIALS FROM THE AGENCIES, AND WE'VE OBTAINED THEM.

10:47AM  9         WHEN IT COMES TO THE S.E.C., WE DON'T HAVE THAT SAME

10:47AM  10   RELATIONSHIP WITH THEM.  WE DON'T HAVE THAT LEVEL OF CONTROL,

10:47AM  11   THE ABILITY TO DIRECT THEM TO SHARE THOSE MATERIALS WITH US,

10:47AM  12   AND --

10:47AM  13             THE COURT:  I WONDER IF THERE'S AN S.E.C. ATTORNEY

10:47AM  14   IN THE ROOM THAT MIGHT ACCEDE TO THAT REQUEST?

10:47AM  15             MR. BOSTIC:  YOUR HONOR, MY UNDERSTANDING, I DON'T

10:47AM  16   WANT TO SPEAK FOR THE S.E.C., BUT BASED ON OUR CONVERSATIONS

10:47AM  17   WITH THEM THE OFFER THAT THEY HAVE MADE AND THAT WE APPRECIATE

10:48AM  18   IS TO ALLOW US ACCESS TO CONDUCT THAT REVIEW OURSELVES AND

10:48AM  19   DETERMINE WHETHER THERE IS BRADY INFORMATION PRESENT IN THOSE

10:48AM  20   MATERIALS.

10:48AM  21        I THINK IT'S UNDERSTANDABLE THAT THE S.E.C. MIGHT BE

10:48AM  22   RESISTANT TO THE IDEA OF TURNING OVER THOSE MATERIALS TO THE

10:48AM  23   DEFENSE, PARTLY BECAUSE MR. BALWANI IS CURRENTLY ENGAGED IN

10:48AM  24   ACTIVE LITIGATION AGAINST THE S.E.C. IN A CIVIL MATTER.

10:48AM  25        SO GIVEN THAT THE STANDARD APPROACH WITH BRADY MATERIALS

10:48AM 1    IS FOR THE PROSECUTION TO UNDERTAKE THAT REVIEW, THAT IS AN

10:48AM 2    OBLIGATION THAT RESTS ON THE PROSECUTION, IT'S SELF-EXECUTING,

10:48AM 3    IT DOESN'T REQUIRE A COURT ORDER.  THE CASES ARE VERY CLEAR ON

10:48AM 4    THAT.

10:48AM 5        TO ECHO THE COURT'S EARLIER COMMENTS, IT'S ABSOLUTELY

10:48AM 6    SOMETHING THAT THE PROSECUTORS IN THIS CASE TAKE VERY

10:48AM 7    SERIOUSLY.  GIVEN THAT THAT OBLIGATION IS ALREADY ON US, WE'VE

10:48AM 8    TAKEN THE STEP TO GO BEYOND THAT AS TO THE FBI POSTAL INTERVIEW

10:48AM 9    NOTES AND TO ACTUALLY LET THE DEFENSE PARTICIPATE IN THAT

10:48AM 10   REVIEW.

10:48AM 11       AS TO THE S.E.C., WE'RE NOT IN A POSITION TO MAKE THAT

10:48AM 12   OFFER, AND I DON'T THINK THE DEFENSE IS ENTITLED TO ANYTHING

10:49AM 13   MORE THAN HAVING US CONDUCT THAT REVIEW IN GOOD FAITH, YOUR

10:49AM 14   HONOR.

10:49AM 15            THE COURT:  WELL, THIS IS A <u>BRADY</u> REQUEST FOR THESE

10:49AM 16   NOTES FROM THESE WITNESSES.

10:49AM 17            MR. WADE:  IT IS A VERY SPECIFIC <u>BRADY</u> REQUEST BASED

10:49AM 18   ON VERY SPECIFIC INFORMATION AND A VERY SPECIFIC OFFERING.

10:49AM 19       THE GOVERNMENT HAS BEEN AWARE OF THIS REQUEST FOR

10:49AM 20   TWO MONTHS NOW AND WE HAVE NOT RECEIVED ANYTHING SO -- AND

10:49AM 21   RESPECTFULLY, WE'RE ALL BUSY SO I, I KNOW THAT THEY DON'T JUST

10:49AM 22   GO AND READ OUR PLEADINGS AND THEN IMMEDIATELY RESPOND TO

10:49AM 23   EVERYTHING THAT WE WRITE.

10:49AM 24            THE COURT:  SURE.

10:49AM 25            MR. WADE:  BUT THERE'S A LITTLE BIT OF A PATTERN

10:49AM 1    HERE, YOUR HONOR, WHERE WE'RE KIND OF KICKING THE CAN DOWN THE

10:49AM 2    ROAD EXCEPT THE END OF THE ROAD HAS NOW BEEN SET AND IT'S

10:49AM 3    COMING FAST.

10:49AM 4         SO TO THE EXTENT THAT WE ARE CONTINUING TO DEFER THESE

10:49AM 5    ISSUES THAT BRING HUGE AMOUNTS OF WORK AND CHALLENGES FOR THE

10:49AM 6    DEFENSE TO BE PREPARED, TO KEEP THE ROAD METAPHOR, IT'S A

10:50AM 7    LITTLE BIT OF A COLLISION COURSE.

10:50AM 8         THE COURT:  I SHOULD ASK MR. BOSTIC HOW QUICKLY HE

10:50AM 9    CAN GET THIS MATERIAL AND GET IT REVIEWED.  MAYBE THAT WOULD BE

10:50AM 10   HELPFUL.

10:50AM 11        MR. BOSTIC:  THAT'S A GOOD QUESTION, YOUR HONOR.  IT

10:50AM 12   WILL DEPEND ON THE SPEED OF WHICH THE S.E.C. CAN PROVIDE IT,

10:50AM 13   BUT THE GOVERNMENT IS HAPPY TO MOVE FORWARD WITH THAT AS

10:50AM 14   QUICKLY AS POSSIBLE.

10:50AM 15        THE COURT:  SO SHOULD I GIVE YOU OR TELL YOU I WANT

10:50AM 16   THIS DONE IN X DAYS AND THEN YOU CAN PRESENT THAT TO THE S.E.C.

10:50AM 17   AND THAT WILL GET THEM OFF THEIR SEATS PERHAPS?

10:50AM 18        MR. BOSTIC:  WE'LL COMPLY WITH ANY COURT ORDER OF

10:50AM 19   COURSE, YOUR HONOR.  I DON'T THINK THAT'S NECESSARY.  I DON'T

10:50AM 20   THINK THE S.E.C. HAS BEEN DRAGGING ITS FEET ON THIS.  I DON'T

10:50AM 21   WANT TO IMPLY THAT OR GIVE THE COURT THAT IMPRESSION.

10:50AM 22        THE COURT:  NOR DO I.  BUT I WANT TO GIVE A SIGNAL

10:50AM 23   HERE, AND I HOPE MY COMMENTS ARE NOT OPAQUE.  I HOPE THEY'RE

10:50AM 24   CLEAR THAT I REALLY DO WANT THIS PROCESS FOR BOTH OF YOUR

10:50AM 25   BENEFITS, ALL THREE OF YOUR BENEFITS, TO GET FORWARD.  LET'S

10:50AM  1    GET THROUGH THIS SO YOU CAN GET ABOUT THE BUSINESS OF TRYING

10:50AM  2    YOUR CASE AND PREPARING YOUR CASES.

10:50AM  3            MR. BOSTIC:  LET ME PROVIDE SOME MORE FACTS TO THE

10:51AM  4    COURT IN CONNECTION WITH THESE TWO WITNESSES IN PARTICULAR,

10:51AM  5    MR. TOLBERT AND MR. HALL.

10:51AM  6            THE COURT:  SURE.

10:51AM  7            MR. BOSTIC:  MY UNDERSTANDING FROM RECENT

10:51AM  8    CONVERSATIONS WITH THE S.E.C. IS THAT AS TO ONE OF THOSE

10:51AM  9    WITNESSES THERE ARE NO INTERVIEW NOTES AT ALL.

10:51AM 10        AS TO THE OTHER, I BELIEVE THERE ARE SOMETHING ON THE

10:51AM 11    ORDER OF FOUR PAGES OF NOTES THAT WE'RE TALKING ABOUT.

10:51AM 12        SO WE'RE TALKING ABOUT A RELATIVELY SMALL UNIVERSE OF

10:51AM 13    MATERIAL THAT NEEDS TO BE REVIEWED.  I THINK ONCE WE GET ACCESS

10:51AM 14    TO IT, IT WON'T TAKE LONG FOR US TO GO THROUGH IT.

10:51AM 15        I THINK THE CHANCES OF US MISSING SOMETHING IN THAT VERY

10:51AM 16    SMALL DOCUMENT, I THINK IT'S A SMALL CHANCE OR ACTUALLY NO

10:51AM 17    CHANCE AT ALL.  SO I THINK THE PREFERRED APPROACH WOULD STILL

10:51AM 18    BE TO LET THE GOVERNMENT UNDERTAKE THAT REVIEW.  I DON'T THINK

10:51AM 19    IT WILL TAKE LONG.

10:51AM 20        IN TURN, THE SMALL AMOUNT OF MATERIAL MEANS THAT IF THERE

10:51AM 21    IS SOMETHING THAT NEEDS TO GO OVER TO THE DEFENSE, IT WON'T BE

10:51AM 22    A MOUNTAIN OF MATERIAL THAT WILL TAKE THEM MONTHS TO REVIEW.

10:51AM 23    IT WILL BE SOMETHING VERY CIRCUMSCRIBED, SOMETHING VERY

10:51AM 24    DISCRETE THAT WON'T THREATEN THE TRIAL PREPARATION PROCESS.

10:51AM 25            THE COURT:  THANK YOU.  THANK YOU.  IT SOUNDS

10:51AM 1    LIKE -- THAT'S VERY REVEALING AND HELPFUL.  IT SOUNDS LIKE THIS

10:52AM 2    CAN BE ACCOMPLISHED IN ABOUT TWO WEEKS.

10:52AM 3              MR. BOSTIC:  I WOULD HOPE SO, YOUR HONOR.

10:52AM 4              THE COURT:  IT SOUNDS LIKE.  SO MAY I GIVE YOU

10:52AM 5    TWO WEEKS TO GET THAT DONE AND YOU CAN LET THE S.E.C. KNOW THAT

10:52AM 6    THEY'RE ON THAT DEADLINE?

10:52AM 7              MR. BOSTIC:  THAT'S FINE, YOUR HONOR.

10:52AM 8              THE COURT:  AND WE CAN GET THAT ACCOMPLISHED.  IF

10:52AM 9    IT'S FOUR PAGES, THEN IT'S FOUR PAGES.  THEN THEY'LL PROVIDE AN

10:52AM 10   ANSWER, IF THEY DON'T HAVE NOTES AS TO ONE OF THEM, THEY'LL

10:52AM 11   PROVIDE AN AFFIRMATIVE ANSWER THAT THEY DON'T HAVE THE MATERIAL

10:52AM 12   OR SOMETHING AND THAT WOULD ADVISE ALL OF US AS TO THAT

10:52AM 13   MATERIAL.

10:52AM 14             MR. WADE:  THAT SEEMS REASONABLE, YOUR HONOR.

10:52AM 15             THE COURT:  OKAY.  GREAT.  THANK YOU.

10:52AM 16        YOU WANTED TO GO BACK TO CMS AND FDA.

10:52AM 17             MR. BOSTIC:  YES.  THANK YOU, YOUR HONOR.  I WON'T

10:52AM 18   TALK LONG ABOUT THE IMPORTANCE OF THESE DOCUMENTS.  THE

10:52AM 19   GOVERNMENT IS NOT ARGUING THAT DOCUMENTS HELD BY FDA AND CMS

10:52AM 20   ARE RELEVANT.  WE DID GO THROUGH THE STEP OF COLLECTING

10:52AM 21   SIGNIFICANT AMOUNTS OF DOCUMENTS FROM THOSE AGENCIES.

10:52AM 22        I DO WANT TO MAKE SURE THAT THE CONTEXT IS NOT LOST,

10:52AM 23   THOUGH.

10:52AM 24        THE INDICTMENT ALLEGES, I BELIEVE, NINE DIFFERENT

10:53AM 25   CATEGORIES OF FALSE STATEMENTS THE DEFENDANTS MADE IN

10:53AM 1   FURTHERANCE OF THEIR SCHEMES TO DEFRAUD.

10:53AM 2       THERE ARE MISREPRESENTATIONS ABOUT THE FDA'S APPROVAL OR

10:53AM 3   WHAT WAS REQUIRED BY WAY OF FDA APPROVAL IS ONLY ONE OF THOSE

10:53AM 4   NINE CATEGORIES.

10:53AM 5       THE GOVERNMENT COLLECTED AND PRODUCED TO THE DEFENSE, I

10:53AM 6   BELIEVE, APPROXIMATELY 300,000 PAGES OF DOCUMENTS FROM THOSE

10:53AM 7   AGENCIES.  THAT REPRESENTS ABOUT 2 PERCENT OF THE GOVERNMENT'S

10:53AM 8   PRODUCTION IN THIS CASE.

10:53AM 9       SO I WOULD PUSH BACK ON THE DEFENSE'S CHARACTERIZATION

10:53AM 10  THAT THE GOVERNMENT'S CASE HERE RESTS ON DOCUMENTS FROM THOSE

10:53AM 11  AGENCIES.  I THINK THAT'S OVERSTATING IT BY QUITE A BIT.

10:53AM 12      BUT THAT SAID, THESE AGENCIES DO HAVE RELEVANT

10:53AM 13  INFORMATION.  OUR ORIGINAL REQUESTS TO THE AGENCIES WERE

10:53AM 14  TAILORED TO CAPTURE THE MOST RELEVANT INFORMATION THAT THOSE

10:53AM 15  AGENCIES HAD.

10:53AM 16      THERE'S NO SHOWING HERE, DESPITE THE DEFENSE'S

10:53AM 17  IMPLICATIONS, THAT THE GOVERNMENT CHERRY PICKED DOCUMENTS FROM

10:53AM 18  THESE AGENCIES, THAT WE CRAFTED OUR REQUESTS TO CAPTURE

10:54AM 19  INCULPATORY MATERIAL ONLY AND TOLD THEM TO KEEP THE EXCULPATORY

10:54AM 20  MATERIAL SO THAT WE DIDN'T HAVE TO TURN IT OVER.  THERE'S NO

10:54AM 21  HINT OF THAT, AND, INDEED, I'LL REPRESENT TO THE COURT THAT OF

10:54AM 22  COURSE THAT'S NOT WHAT HAPPENED.

10:54AM 23      THE GOVERNMENT'S CONVERSATIONS WITH THOSE AGENCIES

10:54AM 24  DEFINING WHAT NEEDED TO BE COLLECTED AGAIN FOCUSSED ON THE GOAL

10:54AM 25  OF OBTAINING THE THINGS THAT WERE MOST IMPORTANT, THE THINGS

10:54AM   1    THAT HELPED US SHOW WHAT, IN FACT, HAPPENED, WHETHER THAT WAS

10:54AM   2    EXCULPATORY OR INCULPATORY.

10:54AM   3        THE DEFENSE'S DEMAND FOR ADDITIONAL DOCUMENTS FROM THOSE

10:54AM   4    AGENCIES, THE GOVERNMENT IS NOT OPPOSING THIS MOTION BECAUSE WE

10:54AM   5    DON'T WANT THEM TO HAVE THOSE DOCUMENTS.  I THINK THE RECORD

10:54AM   6    SHOULD ESTABLISH THAT.

10:54AM   7        OUR GENERAL APPROACH TO DISCOVERY IN THIS CASE HAS BEEN WE

10:54AM   8    COLLECT MATERIALS FROM A THIRD PARTY, WE TURN EVERYTHING OVER

10:54AM   9    TO THE DEFENSE.  WE PRODUCED 20 MILLION PAGES.  WE'RE PRODUCING

10:54AM   10   ADDITIONAL PAGES, SOME THAT WE HAVEN'T EVEN HAD A CHANCE TO

10:54AM   11   REVIEW YET.

10:54AM   12       IT IS NOT A GOAL OF OURS TO KEEP THE DEFENSE FROM HAVING

10:54AM   13   THE DOCUMENTS THAT IT THINKS IT NEEDS TO PREPARE ITS DEFENSE AT

10:55AM   14   TRIAL.

10:55AM   15       THE REASON WE'RE OPPOSING AND THE REASON THE GOVERNMENT

10:55AM   16   HAS CONCERNS ABOUT THE COURT'S PROPOSAL TO POTENTIALLY ISSUE AN

10:55AM   17   ORDER DOWN THE ROAD FOCUSES ON THE GOVERNMENT'S ACCESS TO THESE

10:55AM   18   AGENCY MATERIALS AND THAT'S REALLY WHAT THIS ALL COMES DOWN TO.

10:55AM   19       AS MENTIONED IN THE GOVERNMENT'S BRIEFING, THE GOVERNMENT

10:55AM   20   IS NOT CONCEDING MATERIALITY OF THESE MATERIALS.  PARTLY THAT'S

10:55AM   21   BECAUSE WE DON'T KNOW WHAT THEY CONTAIN AND THAT AGAIN JUST

10:55AM   22   UNDERSCORES THE POINT THAT WE DON'T HAVE ACCESS TO THEM.

10:55AM   23       IN OTHER CASES THE DEFENSE CITES COURTS HAVE ATTEMPTED TO

10:55AM   24   DETERMINE WHETHER THE PROSECUTION HAS ACCESS TO AN AGENCY'S

10:55AM   25   DOCUMENTS BY EFFECTIVELY ANSWERING THE HYPOTHETICAL QUESTION

10:55AM  1    WHAT WOULD HAPPEN IF THE PROSECUTION TRIED TO OBTAIN THESE

10:55AM  2    DOCUMENTS FROM THE AGENCY?  WOULD THEY BE SUCCESSFUL IN GETTING

10:55AM  3    THEM OR NOT?

10:55AM  4        AND IN ANSWERING THAT QUESTION COURTS CAN LOOK TO THINGS

10:55AM  5    LIKE WHAT HAPPENED THE LAST TIME THE PROSECUTION ASKED FOR

10:55AM  6    DOCUMENTS?  HOW CLOSELY RELATED ARE THESE AGENCIES IN GENERAL

10:56AM  7    IN CONNECTION WITH THAT SPECIFIC INVESTIGATION?  AND THEY CAN

10:56AM  8    USE THOSE FACTS TO REACH A CONCLUSION ABOUT WHAT WOULD HAPPEN

10:56AM  9    IF THE GOVERNMENT SOUGHT DOCUMENTS FROM THE OTHER AGENCY.

10:56AM  10       HERE IT'S NOT A HYPOTHETICAL QUESTION BECAUSE THE

10:56AM  11   PROSECUTION ACTUALLY TOOK THE STEP OF MAKING THOSE FORMAL

10:56AM  12   REQUESTS FOR THE DOCUMENTS TO THE AGENCIES, AND WE HAVE THE

10:56AM  13   RESPONSES BACK FROM THE AGENCIES THAT INDICATE WHAT THEY'RE

10:56AM  14   WILLING TO PRODUCE, WHAT ISSUES NEED TO BE ADDRESSED BEFORE

10:56AM  15   THEY CAN PRODUCE CERTAIN CATEGORIES OF DOCUMENTS.

10:56AM  16       THE DEFENSE IS QUICK TO POINT OUT EVERY QUALIFICATION IN

10:56AM  17   THOSE LETTERS, EVERY TIME THE AGENCIES GAVE SOMETHING OTHER

10:56AM  18   THAN AN UNQUALIFIED AGREEMENT TO PRODUCE, AND THAT'S WHAT

10:56AM  19   THEY'RE HERE COMPLAINING ABOUT.

10:56AM  20       BUT THE VERY FACT THAT THE AGENCIES DIDN'T SIMPLY

10:56AM  21   AUTOMATICALLY AGREE TO GIVE US EVERYTHING CONCLUSIVELY

10:56AM  22   ESTABLISHES THAT WE DON'T HAVE FULL ACCESS TO THOSE MATERIALS.

10:56AM  23       IF WE HAD ACCESS TO THOSE MATERIALS, WE WOULD HAVE

10:56AM  24   REQUESTED THEM, WE WOULD HAVE RECEIVED THEM AS A MATTER OF

10:57AM  25   COURSE, AND WE WOULD BE PRODUCING THEM TO THE DEFENSE AS A

10:57AM 1    MATTER OF COURSE.

10:57AM 2        I ALSO GET THE SENSE FROM THE DEFENSE'S ARGUMENT THAT

10:57AM 3    THEY'RE CONCERNED THAT THE AGENCIES ARE NOT PERCEIVING THESE

10:57AM 4    REQUESTS AS GENUINELY COMING FROM THE GOVERNMENT.

10:57AM 5        ON THAT POINT ALL I CAN SAY IS I WANT TO ASSURE THE

10:57AM 6    DEFENSE AND THE COURT THAT IN MAKING THESE REQUESTS WE DIDN'T

10:57AM 7    MAKE THEM WITH A WINK.  WE WEREN'T CROSSING OUR FINGERS WHEN WE

10:57AM 8    PASSED THEM ALONG.  IN FACT, WE EXPRESSLY MADE IT CLEAR TO THE

10:57AM 9    AGENCIES THAT ALTHOUGH THEY KNEW THAT THE DEFENSE HAD COME UP

10:57AM 10   WITH THESE CATEGORIES, THAT WE WANTED THEM TO VIEW THESE

10:57AM 11   REQUESTS AS COMING DIRECTLY FROM THE U.S. ATTORNEY'S OFFICE AND

10:57AM 12   THAT WE WANTED THEM TO TREAT THEM AS SUCH REGARDLESS OF THE

10:57AM 13   FACT THAT THEY ORIGINATE WITH THE DEFENSE.

10:57AM 14       AND I HAVE NO REASON TO THINK THAT THE AGENCIES ARE DOING

10:57AM 15   ANYTHING OTHER THAN WHAT HAS BEEN REQUESTED IN THAT REGARD.

10:57AM 16       WHEN IT COMES TO THE SEQUENCE OF EVENTS HERE, AGAIN, I

10:57AM 17   THINK IT UNDERSCORES THE POINT THAT WE AREN'T WORRIED ABOUT THE

10:57AM 18   DEFENSE HAVING THESE DOCUMENTS; THAT WE MADE THIS REQUEST,

10:58AM 19   DESPITE THE FACT THAT WE DON'T BELIEVE THAT WE'RE REQUIRED TO

10:58AM 20   COLLECT THESE DOCUMENTS; THAT WE DID NOT WAIT FOR A COURT

10:58AM 21   ORDER; THAT EVEN AFTER WE OFFERED TO MAKE THAT REQUEST AND THE

10:58AM 22   DEFENSE REJECTED THAT OFFER, WE STILL WENT AHEAD AND MADE THE

10:58AM 23   REQUEST TO THE AGENCIES TO SEE WHAT WE COULD OBTAIN.

10:58AM 24       I THINK GENERALLY THE NEWS FROM THOSE AGENCIES, THE

10:58AM 25   RESPONSES, ARE FAVORABLE TO THE DEFENSE.  I THINK THERE'S

<pre>
10:58AM  1    REASON TO BE OPTIMISTIC IS THAT A LOT OF THE REQUESTED
10:58AM  2    DOCUMENTS WILL BE HEADED THE DEFENSE'S WAY ONCE WE OVERCOME THE
10:58AM  3    REASONABLE ISSUES THAT THE AGENCIES HAVE RAISED.
10:58AM  4        THE PROCEDURAL PROBLEM, I THINK, WITH GRANTING THE MOTION
10:58AM  5    AND ISSUING AN ORDER RELATES TO KIND OF WHO THE ORDER WOULD
10:58AM  6    AFFECT AND WHO THE ORDER TARGETS.  THERE'S BEEN A LOT OF
10:58AM  7    DISCUSSION HERE TODAY ABOUT POSITIONS THAT THEY HAVE TAKEN AND
10:58AM  8    THEIR OBLIGATIONS, BUT I THINK WE NEED TO DEFINE WHO THOSE
10:58AM  9    PRONOUNS REFER TO.  I THINK THE DEFENSE'S REAL QUARREL HERE IS
10:59AM 10    WITH THE AGENCIES AND THE POSITIONS THAT THEY HAVE TAKEN ON
10:59AM 11    RESPONDING TO THE GOVERNMENT'S REQUEST.
10:59AM 12        I DON'T THINK THERE'S ANY LEGITIMATE CRITICISM OF THE
10:59AM 13    PROSECUTION'S ACTIONS HERE BECAUSE WE HAVE PASSED ALONG
10:59AM 14    VERBATIM THE SAME REQUESTS THAT THE DEFENSE MADE.
10:59AM 15        SO REALLY, REALLY THE DISPUTE REMAINING IS ABOUT WHETHER
10:59AM 16    THE AGENCIES ARE CORRECT IN TAKING THE POSITIONS THAT THEY HAVE
10:59AM 17    TAKEN.
10:59AM 18        THE PROBLEM WITH THAT IS THAT THE DEFENSE HAS RAISED THIS
10:59AM 19    ISSUE IN A WAY THAT DOESN'T PUT THOSE AGENCIES IN FRONT OF THE
10:59AM 20    COURT.
10:59AM 21        I AM NOT COUNSEL FOR THOSE AGENCIES.  I REPRESENT THE
10:59AM 22    PROSECUTION HERE.  BUT I'M NOT A LAWYER FOR THE FDA OR CMS.
10:59AM 23    I'M UNABLE TO SPEAK TO THEM.
10:59AM 24        THE DEFENSE HAS NOT FILED OR SERVED RULE 17 SUBPOENAS ON
10:59AM 25    THOSE AGENCIES.  SUBPOENAS LIKE THAT WOULD MAKE THE AGENCIES
</pre>

10:59AM 1   DIRECTLY ACCOUNTABLE TO THE DEFENSE, WOULD BRING THE AGENCIES

10:59AM 2   BEFORE THE COURT SO THAT ANY ORDER ON A MOTION TO COMPEL WOULD

11:00AM 3   BE BINDING ON THEM, BUT THEY HAVE NOT DONE THAT.  THEY HAVE

11:00AM 4   CHOSEN TO RECRUIT THE PROSECUTION TO ACT AS A MIDDLEMAN IN

11:00AM 5   TRYING TO OBTAIN THESE DOCUMENTS.  WE'VE DONE EVERYTHING WE CAN

11:00AM 6   IN THAT REGARD BY SERVING THAT REQUEST, AND WE'RE COMMITTED TO

11:00AM 7   CONTINUING TO DO WHATEVER WE CAN TO FACILITATE THE DISCLOSURE

11:00AM 8   OF THOSE DOCUMENTS.

11:00AM 9       BUT AN ORDER GRANTING THIS MOTION IT SEEMS TO ME WOULD

11:00AM 10  BIND THE PROSECUTION AND REQUIRE ACTION THAT WE HAVE ALREADY

11:00AM 11  TAKEN.

11:00AM 12      IT SEEMS LIKE IT WOULD NOT BE BINDING ON THE AGENTS -- OR

11:00AM 13  I'M SORRY, ON THE AGENCIES BECAUSE THE AGENCIES ARE NOT BEFORE

11:00AM 14  THE COURT IN THIS MATTER.

11:00AM 15      AGAIN, THAT'S A CHOICE THAT THE DEFENDANTS MADE TO IGNORE

11:00AM 16  THE MECHANISM THAT THEY HAVE TO ACTUALLY BRING THOSE AGENCIES

11:00AM 17  WITHIN THE JURISDICTION OF THE COURT.

11:00AM 18          THE COURT:  I THINK THAT'S A FAIR OBSERVATION.  I'LL

11:00AM 19  HEAR FROM THE DEFENSE, OF COURSE.  BUT IT SOUNDS LIKE WHAT THE

11:00AM 20  DEFENSE IS SAYING IS THAT, WELL, YOU CAN USE YOUR OFFICE AS A

11:01AM 21  CONDUIT, IF YOU WILL, AND I DON'T MEAN THAT PEJORATIVELY.  BUT

11:01AM 22  IF YOU JUST FOLLOW SANTIAGO AND THE OTHER CASES THAT SUGGEST

11:01AM 23  THAT THE GOVERNMENT DOES HAVE AUTHORITY THROUGH THAT CASE LINE

11:01AM 24  AND THOSE THEORIES IN THAT CASE, AND, THEREFORE, YOU DO STAND

11:01AM 25  IN THE SHOES, IF YOU WILL, AND THEY'RE IN YOURS OR YOU'RE IN

| | | |
|---|---|---|
| 11:01AM | 1 | THEIRS TO MAKE THAT ORDER.  I THINK THAT'S PART OF THEIR |
| 11:01AM | 2 | ARGUMENT IF NOT THEIR ENTIRE ARGUMENT SAYING, JUDGE, YOU CAN |
| 11:01AM | 3 | ISSUE THE ORDER TODAY. |
| 11:01AM | 4 | I SUGGESTED EARLIER, WELL, I'LL GIVE YOU SOME TIME, AND IF |
| 11:01AM | 5 | WHEN THAT TIME COMES UP IT'S INSUFFICIENT, THAT MAYBE I INVITE |
| 11:01AM | 6 | AND EXTEND AN INVITATION TO MS. DYER AND MS. NORTON TO COME TO |
| 11:01AM | 7 | THIS COURTROOM AND ENJOY SAN JOSE AND TELL US WHAT THE STATUS |
| 11:01AM | 8 | OF THINGS ARE. |
| 11:01AM | 9 | I THINK WE CAN, I THINK WE CAN DO SOMETHING -- SOME |
| 11:01AM | 10 | ALTERNATIVE TO HAVING THEM APPEAR, AND I'M NOT AT ALL ADVERSE |
| 11:01AM | 11 | TO HAVE THEM DO THAT.  I WANT THE DEFENSE TO GET WHAT THEY'RE |
| 11:01AM | 12 | ENTITLED TO.  I BELIEVE YOU DO, TOO, THAT'S MY SENSE, SO WE CAN |
| 11:02AM | 13 | GET THE TRIAL GOING. |
| 11:02AM | 14 | AS WE ALL KNOW, SOMETIMES THE HARDEST THING IS JUST |
| 11:02AM | 15 | GETTING STARTED. |
| 11:02AM | 16 | MR. BOSTIC:  WE DO HAVE THE SAME GOAL, YOUR HONOR. |
| 11:02AM | 17 | BUT WHAT THE DEFENSE IS ENTITLED TO CAN GO NO FURTHER THAN WHAT |
| 11:02AM | 18 | THE PROSECUTION HAS ACCESS TO. |
| 11:02AM | 19 | THE COURT:  SURE. |
| 11:02AM | 20 | MR. BOSTIC:  AND I THINK WE HAVE DEMONSTRATED THE |
| 11:02AM | 21 | EXTENT OF OUR ACCESS BY MAKING THESE REQUESTS FORMALLY IN GOOD |
| 11:02AM | 22 | FAITH AND GETTING THESE RESPONSES BACK FROM THE AGENCIES. |
| 11:02AM | 23 | LIKE I SAID, WE'LL CONTINUE TO PUT IN EFFORTS TO TRY TO |
| 11:02AM | 24 | SECURE THESE DOCUMENTS AND OVERCOME THE ISSUES THAT HAVE BEEN |
| 11:02AM | 25 | RAISED BY THE AGENCIES, BUT RULE 16 AND BRADY CANNOT ENCOMPASS |

| | | |
|---|---|---|
| 11:02AM | 1 | THINGS THAT WE CAN'T GET OUR HANDS ON. |
| 11:02AM | 2 | THE COURT:  SURE.  AND YOU'RE NOT SAYING THIS, AND |
| 11:02AM | 3 | I'M NOT TRYING TO PUT YOU IN A POSITION WHERE YOU ARE, |
| 11:02AM | 4 | MR. BOSTIC, BUT IT ALMOST SEEMS LIKE, WELL, GEE, JUDGE, IF YOU |
| 11:02AM | 5 | JUST ISSUE THE ORDER THAT WOULD BE HELPFUL TO US BECAUSE THEN |
| 11:02AM | 6 | IT IS OUT OF OUR HANDS AND WE CAN GO TO MS. DYER AND MS. NORTON |
| 11:02AM | 7 | AND SAY THIS IS WHAT THAT MEAN JUDGE IN SAN JOSE TOLD US TO DO |
| 11:03AM | 8 | AND YOU BETTER COMPLY. |
| 11:03AM | 9 | MR. BOSTIC:  QUITE -- IT'S ACTUALLY I BELIEVE THE |
| 11:03AM | 10 | OPPOSITE, YOUR HONOR.  I THINK THAT WOULD PUT US IN A MORE |
| 11:03AM | 11 | DIFFICULT POSITION BECAUSE WE WOULD BE SET UP TO HAVE TO COMPLY |
| 11:03AM | 12 | WITH THE COURT ORDER THAT WAS IN A WAY OUT OF OUR HANDS. |
| 11:03AM | 13 | IF THE COURT ORDERS US TO OBTAIN AND PRODUCE THESE |
| 11:03AM | 14 | MATERIALS, WELL, WE'VE ALREADY TAKEN STEPS TOWARDS THAT AND |
| 11:03AM | 15 | HOPEFULLY WE CAN ACCOMPLISH IT, BUT ULTIMATELY IT IS NOT UP TO |
| 11:03AM | 16 | US WHETHER WE CAN GET THESE MATERIALS, AT LEAST NOT ALL OF |
| 11:03AM | 17 | THEM, AND THAT'S WHAT I'VE BEEN SAYING TO THE DEFENSE ALL |
| 11:03AM | 18 | ALONG.  THAT'S THE REASON WHY HAVING THAT ORDER DIRECTED AT THE |
| 11:03AM | 19 | PROSECUTION WOULD MAKE US NERVOUS. |
| 11:03AM | 20 | THE COURT:  NO, I APPRECIATE THAT.  I THINK WHEN I |
| 11:03AM | 21 | CAME OUT AND TOLD YOU MY COMMENTS ABOUT GIVING THIS 60 DAYS, |
| 11:03AM | 22 | WHATEVER IT IS, FORWARD TO LET THIS, WHAT HAS ALREADY BEEN |
| 11:03AM | 23 | ENGAGED BEFORE, THAT WAS THE THOUGHT I HAD IN MIND, COUNSEL, |
| 11:03AM | 24 | WAS DISRUPT THAT WITH AN ORDER NOW BUT PERHAPS THE THREAT OF AN |
| 11:03AM | 25 | ORDER, IF THAT IS WHAT IT IS, THE PROMISE OF AN ORDER COMING |

11:03AM 1   FORWARD AND MR. BOSTIC WOULD GO TO HIS OTHER AGENCIES, OR NOT

11:03AM 2   HIS BUT THE OTHER AGENCIES, IN THE CASE AND INFORM THEM OF

11:04AM 3   THAT, THE COURT'S FIRM THOUGHTS ABOUT THIS.

11:04AM 4          MR. WADE:  YOUR HONOR, WITH ALL DUE RESPECT TO MY

11:04AM 5   COLLEAGUE, I'M NOT ENCOURAGED BY WHAT I'M HEARING.  THE LAW IS

11:04AM 6   CLEAR.  THIS ISN'T VOLUNTARY AND HISTORY DIDN'T START WHEN WE

11:04AM 7   MADE THESE REQUESTS, OKAY?  THE GOVERNMENT WAS ABLE TO ACT WITH

11:04AM 8   THESE AGENCIES FOR YEARS.  THE GOVERNMENT WAS ABLE TO GET

11:04AM 9   ACCESS TO THESE DOCUMENTS FOR YEARS.

11:04AM 10      THE ONLY TIME THERE'S ANY INDICATION OF ANY RESISTANCE TO

11:04AM 11  THAT IS WHEN THE DEFENSE MAKES THE REQUEST.

11:04AM 12      SANTIAGO, BRYAN, THE W.R. GRACE CASE, THE LIBBY CASE IN

11:04AM 13  THE D.D.C., ALL OF THESE CASES ARE DESIGNED TO ADDRESS EXACTLY

11:04AM 14  THIS SITUATION WHERE THE GOVERNMENT HAS THE DOORS OPEN TO IT

11:04AM 15  BUT WHEN THE DEFENSE COMES AND MAKES THE REQUEST FOR ITS

11:04AM 16  DOCUMENTS THAT ARE MATERIAL TO THE PREPARATION OF THE DEFENSE,

11:05AM 17  THOSE DOORS CLOSE.  THAT -- THE LAW MAKES CLEAR AND IN THE

11:05AM 18  NINTH CIRCUIT THEY'RE NOT CLOSED.  THAT ACCESS REMAINS.

11:05AM 19      AND I HEAR THE GOVERNMENT SUGGESTING THAT THAT'S NOT THE

11:05AM 20  CASE AND THAT THEY DON'T HAVE THAT ACCESS WHEN THE HISTORY OF

11:05AM 21  THEIR INTERACTIONS WITH THESE AGENCIES MAKES CLEAR OTHERWISE

11:05AM 22  AND THE LAW MAKES CLEAR THAT THERE SHOULD BE AN OBLIGATION THAT

11:05AM 23  RESTS WITH THIS PROSECUTION TEAM.  THAT'S WHY I SHARE THE

11:05AM 24  COURT'S INCLINATION THAT AN ORDER MAY HELP THEM BECAUSE I

11:05AM 25  ACCEPT THEIR WORD THAT THEY WANT US TO HAVE THESE MATERIALS,

11:05AM 1    AND THAT'S WHY I WONDER WHETHER AN ORDER WILL JUST HELP MOVE

11:05AM 2    THINGS ALONG BECAUSE WHILE YOUR -- WHILE THE COURT WAS CLEAR IN

11:05AM 3    GIVING SOME GUIDANCE AND SOME THOUGHTS ON APPROPRIATE NEXT

11:05AM 4    STEPS AND THE TIMING OF THOSE STEPS, WHAT WE HEARD IN RESPONSE

11:06AM 5    TO A DEGREE WAS, BUT IT'S BEYOND OUR CONTROL.  IT NEEDS TO BE

11:06AM 6    RECOGNIZED THAT THERE IS AN OBLIGATION HERE, NOT A COURTESY.

11:06AM 7    THAT'S WHAT THE LAW REQUIRES.

11:06AM 8              MR. BOSTIC:  AND, YOUR HONOR, THAT'S TRUE ONLY IF

11:06AM 9    THE GOVERNMENT HAS ACCESS TO THOSE MATERIALS.  THE OBLIGATION

11:06AM 10   IS COEXTENSIVE WITH THE ACCESS, AND I THINK THE EXTENT OF OUR

11:06AM 11   ACCESS IS BEST DEMONSTRATED BY THE AGENCY'S RESPONSES, AT LEAST

11:06AM 12   THAT'S THE BEST AND MOST RELIABLE EVIDENCE THAT WE HAVE.

11:06AM 13        I THINK ON THE CASE LAW MAYBE THE DEFENSE MISUNDERSTANDS

11:06AM 14   THE GOVERNMENT'S POINT.  THE POINT IS THAT IN EACH OF THOSE

11:06AM 15   CASES AS I READ THEM, NONE OF THEM INVOLVE A SITUATION LIKE

11:06AM 16   THIS WHERE THE GOVERNMENT HAS ACTUALLY TAKEN THE STEP OF

11:06AM 17   REQUESTING THE DOCUMENTS IN QUESTION AND THE AGENCIES HAVE

11:06AM 18   TAKEN THE POSITIONS THAT THEY HAVE TAKEN.

11:06AM 19        IN THOSE CASES THERE WAS A REQUEST AS TO WHETHER THE

11:06AM 20   GOVERNMENT SHOULDN'T BE REQUIRED TO TAKE THAT STEP, BUT HERE

11:07AM 21   WE'VE ALREADY TAKEN IT.

11:07AM 22        I ALSO JUST WANT TO CORRECT THE RECORD ON THE GOVERNMENT'S

11:07AM 23   PREVIOUS ACCESS TO THOSE MATERIALS.  THE DEFENSE IS SIMPLY

11:07AM 24   WRONG WHEN IT IMPLIES THAT WE HAD CARTE BLANCHE OR FULL ACCESS

11:07AM 25   TO THE AGENCY'S MATERIALS BEFORE THIS.

11:07AM  1          THE DEFENSE SUBMITS WITH ITS BRIEFING THE HOLD NOTICES

11:07AM  2     THAT WERE SERVED ON THOSE AGENCIES.  THEY'RE VERY BROAD.  THE

11:07AM  3     DOCUMENTS THAT WE ENDED UP OBTAINING FROM THOSE AGENCIES IS A

11:07AM  4     NARROWER SET, AND PART OF THE REASON FOR THAT IS THAT THE

11:07AM  5     AGENCY'S FILES WERE NOT COMPLETELY OPEN TO US.  IT HAS NOT BEEN

11:07AM  6     THE CASE THAT WE CAN WALK IN AND TAKE WHATEVER WE WANTED.  THE

11:07AM  7     AGENCY'S JOB IS TO CONSERVE ITS RESOURCES AND MAKE REASONABLE

11:07AM  8     RESPONSES TO REQUESTS FOR DOCUMENTS, AND IT'S CONTINUING TO DO

11:07AM  9     THAT NOW.

11:07AM  10          TO THE EXTENT THAT THE AGENCIES ARE TAKING DIFFERENT

11:07AM  11     POSITIONS NOW FROM THE POSITIONS THAT THEY TOOK EARLIER, MY

11:07AM  12     UNDERSTANDING IS THAT PART OF IT IS THAT THEY DID PREVIOUSLY

11:07AM  13     ALREADY UNDERTAKE THE WORK TO PRODUCE THOSE LARGE BATCHES OF

11:07AM  14     DOCUMENTS AND THEY NEED TO CONSERVE AGENCY RESOURCES GOING

11:08AM  15     FORWARD.

11:08AM  16          THE COURT:  IN THE CIVIL CASE?

11:08AM  17          MR. BOSTIC:  IN -- SO NOT ONLY IN THE CIVIL CASE,

11:08AM  18     YOUR HONOR, BUT ALSO IN RESPONSE TO THE GOVERNMENT'S EARLIER

11:08AM  19     REQUEST.

11:08AM  20          THEY EXPENDED THE RESOURCES NECESSARY TO PRODUCE WHAT WE

11:08AM  21     ALL BELIEVED WERE THE MOST RELEVANT DOCUMENTS BACK WHEN WE MADE

11:08AM  22     THOSE ORIGINAL REQUESTS, AND THEY ARE UNDERSTANDABLY CAUTIOUS

11:08AM  23     ABOUT UNDERTAKING ANOTHER BIG COLLECTION EFFORT THAT WOULD

11:08AM  24     DUPLICATE A LOT OF THAT PREVIOUS WORK.

11:08AM  25          IN ADDITION, THERE ARE LEGAL RESTRICTIONS THAT APPLY I

| | |
|---|---|
| 11:08AM | 1 |
| 11:08AM | 2 |
| 11:08AM | 3 |
| 11:08AM | 4 |
| 11:08AM | 5 |
| 11:08AM | 6 |
| 11:08AM | 7 |
| 11:08AM | 8 |
| 11:08AM | 9 |
| 11:09AM | 10 |
| 11:09AM | 11 |
| 11:09AM | 12 |
| 11:09AM | 13 |
| 11:09AM | 14 |
| 11:09AM | 15 |
| 11:09AM | 16 |
| 11:09AM | 17 |
| 11:09AM | 18 |
| 11:09AM | 19 |
| 11:09AM | 20 |
| 11:09AM | 21 |
| 11:09AM | 22 |
| 11:09AM | 23 |
| 11:09AM | 24 |
| 11:09AM | 25 |

BELIEVE AT LEAST TO THE FDA THAT RESTRICT ITS DISCLOSURE OF

DOCUMENTS IN CRIMINAL CASES THAT AREN'T BROUGHT UNDER THE ACT

THAT THE AGENCY IS DIRECTED TO ENFORCE.

SO THESE ARE THINGS, AGAIN, THAT I'M NOT BEST SITUATED TO

ADDRESS.  THEY'RE BEST ADDRESSED BY COUNSEL FOR THOSE AGENCIES,

BUT THE DEFENSE HAS MADE THE DECISION NOT TO SERVE A RULE 17

SUBPOENA THAT WOULD ALLOW THOSE AGENCIES TO MAKE THOSE

ARGUMENTS TO THE COURT.

SO I THINK THAT'S THE PROCEDURAL PROBLEM.

THE COURT:  NO, I APPRECIATE THAT.  AND THERE IS A

DISTINCTION.

YOU HAVE, AS YOU HAVE SAID, YOU HAVE ADVANCED THE SIX

CATEGORIES TO THE AGENCIES INITIALLY ON THEIR OWN OR AFTER YOUR

ASKING, I SHOULD SAY THE DEFENSE ASKED FOR THE CATEGORIES,

THOSE HAVE BEEN ADVANCED.  THERE HAVEN'T BEEN ANY 17 SUBPOENAS

BY THE DEFENSE.  YOU'VE BEEN RELYING ON THE PROSECUTION TO

PROVIDE THIS INFORMATION ON SANTIAGO AND BRYAN AND THE OTHER

CASES THAT YOU CITE.

MR. WADE:  YES, YOUR HONOR.  WE SEE IT AS A LEGAL

OBLIGATION.  AND JUST SO WE'RE CLEAR, THOSE REQUESTS CAME AFTER

THE GOVERNMENT REPEATEDLY SAID NO.  AND THEN WE SAID, OKAY,

WELL, WE FEEL SUFFICIENTLY STRONGLY ABOUT THE NEED FOR THESE

MATERIALS, AND WE'RE GOING TO FILE THE MOTION, AND THEN THE

PROMISE OF THE REQUEST CAME, AND THEN A HEARING HAPPENED, AND

THEN THE REQUEST CAME IN MAY, THE LETTER WAS SENT.

11:09AM   1          THE LAW CANNOT BE -- THE LAW CAN'T ENCOURAGE A CONTRIVANCE

11:09AM   2     IN A SITUATION LIKE THIS WHERE, OH, NOW THE DEFENSE REQUESTS

11:10AM   3     COME, WE'RE GOING TO PASS THESE THROUGH TO THE AGENCIES, AND

11:10AM   4     YOU JUST SEND US A LETTER BACK THAT SAYS WE DON'T HAVE ACCESS,

11:10AM   5     AND THEN WE DON'T HAVE THE ACCESS.  THAT'S SPECIFICALLY WHAT

11:10AM   6     THESE CASES THAT HAVE BEEN CITED TO THE COURT THAT ARE SET

11:10AM   7     FORTH IN THE BRIEF ARE DESIGNED TO PROTECT AGAINST.

11:10AM   8          THE COURT:  I UNDERSTAND THAT.  THE GOVERNMENT,

11:10AM   9     AGAIN, IT'S NOT WHAT HAPPENED IN THIS CASE, BUT YOU'RE

11:10AM  10     SUGGESTING THAT THE GOVERNMENT CAN'T JUST MAKE A REQUEST AFTER

11:10AM  11     WE SUGGEST WE NEED MORE AND THEN THAT REQUEST BECOMES

11:10AM  12     PROPHYLACTIC AS TO ANYTHING ELSE THAT THEY HAVE TO DO.  THAT'S

11:10AM  13     NOT THE WAY IT WORKS.

11:10AM  14          MR. WADE:  RIGHT.  I APPRECIATE THAT.

11:10AM  15          THE COURT:  AND HERE THE GOVERNMENT HAS MADE THIS

11:10AM  16     REQUEST.  WE DO HAVE SOME, CANDIDLY, OPAQUE RESPONSES FROM THE

11:10AM  17     AGENCIES INVOLVED HERE, AND I WOULD LOVE TO HAVE MS. DYER AND

11:10AM  18     MS. NORTON HERE TO CLEAR UP SOME OF THIS "FOGGINESS" AS YOU PUT

11:10AM  19     IT.

11:10AM  20          I JUST -- I COMMENTED EARLIER ABOUT MY TAKE IN READING ONE

11:10AM  21     OF THE LETTERS.  IT SEEMED TO SAY THAT WE HAVE ALREADY PROVIDED

11:10AM  22     THIS IN THE BALWANI CIVIL CASE, SO LOOK AT THAT, THAT SHOULD

11:11AM  23     SUFFICE THE REQUEST.  THAT'S HOW I -- ONE INTERPRETATION OF

11:11AM  24     THAT.

11:11AM  25          MR. BOSTIC:  I MIGHT BE ABLE TO CLARIFY THAT.

11:11AM 1          THE COURT:  YES, PLEASE.

11:11AM 2          MR. BOSTIC:  SO MY UNDERSTANDING FROM CONVERSATIONS

11:11AM 3   WITH THE AGENCIES IS THAT THE SIX DOCUMENT CATEGORIES

11:11AM 4   IDENTIFIED BY THE DEFENSE HERE ARE SUBSETS.  THEY'RE INCLUDED

11:11AM 5   WITHIN THE CATEGORIES OF DOCUMENTS THAT MR. BALWANI REQUESTED

11:11AM 6   IN HIS SUBPOENA IN THE S.E.C. CASE.  I HAVE NOT HEARD EITHER

11:11AM 7   DEFENDANT DISAGREE WITH THAT, BUT THEY CAN LET US KNOW IF

11:11AM 8   THERE'S SOMETHING THAT IS NOT INCLUDED, BUT THAT'S THE AGENCY'S

11:11AM 9   READING.

11:11AM 10         THEY HAVE ALREADY UNDERTAKEN EFFORTS TO COLLECT RESPONSIVE

11:11AM 11  DOCUMENTS IN RESPONSE TO THE CIVIL SUBPOENA SO THAT WILL IN A

11:11AM 12  WAY FACILITATE THEIR PRODUCTION OF THESE SIX CATEGORIES IN THE

11:11AM 13  CRIMINAL CASE.  THEY'RE NOT SAYING THAT MS. HOLMES NEEDS TO

11:11AM 14  RELY ON MR. BALWANI TO SHARE THOSE DOCUMENTS.

11:11AM 15         THEY'RE NOT SAYING I'M NOT GOING TO DO THIS WORK TWICE.

11:11AM 16  THEY'RE SIMPLY POINTING OUT THAT THOSE COLLECTION EFFORTS ARE

11:12AM 17  ALREADY UNDERWAY.  WE'RE TALKING ABOUT A SUBSET.

11:12AM 18         THE COURT:  WELL, THANK YOU.  THAT WAS MY CONCERN

11:12AM 19  THAT THEY WERE SAYING SEE BALWANI.

11:12AM 20         MR. WADE:  WELL, YOUR HONOR, WE DO HAVE COUNSEL FOR

11:12AM 21  MR. BALWANI PRESENT IN THE COURTROOM, BUT WE ALSO HAVE THE

11:12AM 22  BENEFIT OF THE PLEADING THAT THEY SUBMITTED IN THIS CASE AND

11:12AM 23  THE FACTS ARE THE FACTS.  CMS HAS PRODUCED 43 DOCUMENTS IN

11:12AM 24  RESPONSE TO THE SUBPOENA, AND I DON'T THINK THAT THE FDA HAS

11:12AM 25  AGREED TO PRODUCE MANY OF THE KEY CATEGORIES.

11:12AM 1          MAYBE THEY'RE -- AND I DON'T READ THEIR LETTER AS

11:12AM 2   SUGGESTING OTHERWISE.  MAYBE THEIR POSITION WILL CHANGE GIVEN

11:12AM 3   SOME OF THE DIRECTION THAT HAS BEEN PROVIDED BY THE COURT, BUT,

11:12AM 4   AGAIN, I WILL REMAIN OPEN MINDED, YOUR HONOR, BUT I FEAR THAT

11:12AM 5   THE LACK OF AN ORDER IS JUST GOING TO RESULT IN FURTHER DELAY

11:12AM 6   HERE.

11:12AM 7          THE COURT:  OKAY.

11:12AM 8          MR. WADE:  I DO WANT TO MAKE CLEAR, THE COURT TALKED

11:12AM 9   ABOUT THE IMPORTANCE OF THE BRADY OBLIGATION.  THE BRADY

11:13AM 10  OBLIGATION DOES EXTEND TO MATERIALS THAT ARE WITHIN THE -- THAT

11:13AM 11  THE GOVERNMENT HAS ACCESS TO THAT ARE IN CONTROL OF THE

11:13AM 12  GOVERNMENT.

11:13AM 13         UNDER THE NINTH CIRCUIT LAW WE THINK IT'S CLEAR THAT THESE

11:13AM 14  ARE SUCH MATERIALS.  SO WE'RE CONFIDENT THAT COUNSEL FOR THE

11:13AM 15  GOVERNMENT WILL MEET ITS BRADY OBLIGATIONS WITH RESPECT TO THE

11:13AM 16  FDA AND CMS, BUT I JUST DON'T WANT ANYTHING TO BE PERCEIVED AS

11:13AM 17  SOME EFFORT TO AVOID UNDERTAKING LEGAL OBLIGATIONS THAT EXIST.

11:13AM 18  WE'RE HAPPY TO CONFER, WE'RE HAPPY TO BE REASONABLE, BUT IN THE

11:13AM 19  JOINTS OF REASONABLENESS I DON'T WANT TO BE -- I DON'T WANT

11:13AM 20  JUSTICE AND FAIRNESS TO BE LOST.

11:13AM 21         THE COURT:  OKAY.

11:13AM 22         MR. CAZARES:  YOUR HONOR, MAY I ADDRESS SOME OF THE

11:13AM 23  ISSUES?

11:13AM 24         THE COURT:  PLEASE.

11:13AM 25         MR. CAZARES:  THANK YOU VERY MUCH.  STEPHEN CAZARES

11:13AM 1    FOR MR. BALWANI.

11:13AM 2        YOUR HONOR, UNLIKE COUNSEL FOR MS. HOLMES WE'VE HAD, I

11:14AM 3    GUESS, THE BENEFIT OF TRYING TO GET DOCUMENTS FROM THE FDA AND

11:14AM 4    FROM CMS SINCE SEPTEMBER OF 2018.

11:14AM 5        I THINK THAT HISTORY THAT WE'VE RECOUNTED SOMEWHAT IN OUR

11:14AM 6    BRIEF I THINK PROVIDES CONTEXT TO THE OFFERS THAT THE AGENCIES

11:14AM 7    HAVE PROVIDED TO THE COURT HERE THAT YOU HAVE FOCUSSED ON IN

11:14AM 8    TRYING TO COME UP WITH SOME SORT OF MIDDLE GROUND, SOME SORT OF

11:14AM 9    RESOLUTION TO AVOID ISSUING AN ORDER HERE.

11:14AM 10       THE COURT:  WELL, I'M NOT AVOIDING AN ORDER.  I CAN

11:14AM 11   DO THAT.  I'M TRYING TO SEE IF THERE'S SOME CONSTRUCTIVE WAY TO

11:14AM 12   GET THE INFORMATION THAT YOUR TEAMS NEED.

11:14AM 13       MR. CAZARES:  THAT'S WHAT I WANT TO ADDRESS BECAUSE

11:14AM 14   I THINK IT'S REALLY IMPORTANT TO UNDERSTAND THE DISTINCTION

11:14AM 15   HERE.  RULE 16 ISN'T SOME EQUIVALENT TO CIVIL DISCOVERY.  IT'S

11:14AM 16   NOT EQUIVALENT TO RULE 17 SUBPOENA IN A CRIMINAL CASE.

11:14AM 17       RULE 16 RELATES TO A DEFENDANT'S CONSTITUTIONAL RIGHT TO

11:14AM 18   PREPARE A DEFENSE.  SO THIS IS NOT SOMETHING THAT COULD BE LEFT

11:14AM 19   TO THE DISCRETION OF AGENCY ATTORNEYS, AGENCY REPRESENTATIVES

11:14AM 20   WHETHER OR NOT THEY FEEL IN THEIR DISCRETION THAT THEY WOULD

11:15AM 21   LIKE TO WITHHOLD SOME MATERIALS BECAUSE IT SOMEHOW INVOLVES

11:15AM 22   THEIR INTERNAL DELIBERATIONS ABOUT THEIR REGULATORY OVERSIGHT

11:15AM 23   OF FAIRNESS.  THAT'S NOT RULE 16, YOUR HONOR.

11:15AM 24       THE GOVERNMENT IS TRYING TO PUT A WALL BETWEEN THEMSELVES

11:15AM 25   AND CMS AND FDA.

11:15AM 1          NOW, UNDERSTAND, FOR EXAMPLE, IN THE S.E.C. CASE

11:15AM 2     MR. BALWANI ISSUED SUBPOENAS TO THE FDA AND CMS IN SEPTEMBER OF

11:15AM 3     2018.  THEY'VE PRODUCED COLLECTIVELY 126 DOCUMENTS.  NO

11:15AM 4     INTERNAL COMMUNICATIONS AT ALL.

11:15AM 5          IN THE CRIMINAL INVESTIGATION, FDA PRODUCED INTERNAL

11:15AM 6     E-MAILS TO THE GOVERNMENT IN RELATION TO THEIR CRIMINAL

11:15AM 7     INVESTIGATION, BUT THEY WERE SELECT, YOUR HONOR.

11:15AM 8          MR. BOSTIC REPRESENTS, AND I DON'T FAULT HIM FOR THIS,

11:15AM 9     THAT THEY OBTAINED ALL RELEVANT MATERIAL TO THE CASE AND

11:15AM 10    WEREN'T JUST LOOKING FOR INCULPATORY MATERIALS.

11:15AM 11         MAYBE SO.

11:15AM 12         BUT WHAT THE AGENCY GAVE TO THE GOVERNMENT, THE FDA, WERE

11:15AM 13    INTERNAL E-MAIL COMMUNICATIONS ONLY RELATING TO THE SEPTEMBER

11:16AM 14    2015 INSPECTION THAT RESULTED IN ADVERSE FINDINGS AND ACTIONS

11:16AM 15    BY THE AGENCY, BOTH FDA AND CMS, THAT WOUND UP SHUTTING DOWN

11:16AM 16    THE BUSINESS.

11:16AM 17         THE FDA HAD YEARS OF INTERACTION WITH THERANOS RELATING TO

11:16AM 18    THEIR DEVICES AND OVERSIGHT, EXCHANGES BACK AND FORTH, AND

11:16AM 19    LIKELY SIMILAR INTERNAL DELIBERATIONS BY FDA REGULATORS IN

11:16AM 20    THEIR OVERSIGHT OF THE COMPANY.  NONE OF THAT WAS PRODUCED IN

11:16AM 21    THE DISCOVERY.

11:16AM 22         THEY'VE ONLY PRODUCED SOME OF THE INTERNAL COMMUNICATIONS

11:16AM 23    RELATING TO AN INSPECTION THAT THEY SUBMIT WAS THE RESULT OF A

11:16AM 24    COMPLAINT THAT RESULTED IN ADVERSE -- BASICALLY ACTION BY THE

11:16AM 25    AGENCY.  THE RESULTS OF THAT INSPECTION ARE NOW GOING TO BE

11:16AM 1    USED BY THE GOVERNMENT IN THE CRIMINAL CASE TO SUGGEST

11:16AM 2    WRONGDOING BY THE DEFENDANTS.  THAT'S SELECTIVE DISCOVERY, YOUR

11:16AM 3    HONOR.  THAT'S NOT OPEN FILE.  THAT'S ALSO NOT RULE 16.

11:16AM 4         BECAUSE THE PROBLEM HERE IS THE DEPARTMENT OF JUSTICE

11:16AM 5    REPRESENTS ALL FEDERAL AGENCIES.

11:16AM 6         THESE ARE NOT INDEPENDENT AGENCIES THAT HAVE THESE WALLS

11:17AM 7    BETWEEN THEM.

11:17AM 8         IN THE S.E.C. ACTION IN RESPONSE TO THE SUBPOENAS THAT WE

11:17AM 9    ISSUED TO THE FDA AND CMS, THEY PRODUCED LIMITED DOCUMENTS.  WE

11:17AM 10   REACHED A POINT AFTER WE OBTAINED SIMILAR LETTERS TO WHAT THE

11:17AM 11   FDA, FOR EXAMPLE, SUBMITTED ATTACHED TO THE GOVERNMENT'S MOTION

11:17AM 12   HERE.

11:17AM 13        WE'RE GOING TO PRODUCE DOCUMENTS WITHIN A MONTH BUT WITH

11:17AM 14   THIS LAUNDRY LIST OF EXCEPTIONS INCLUDING TRADE SECRET,

11:17AM 15   CONFIDENTIAL COMMERCIAL INFORMATION, DELIBERATIVE PROCESS,

11:17AM 16   CRIMINAL LAW ENFORCEMENT PRIVILEGE, ON TOP OF ATTORNEY-CLIENT

11:17AM 17   PRIVILEGE.

11:17AM 18        NOW, NO ONE HAS AN ISSUE WITH ATTORNEY-CLIENT PRIVILEGE.

11:17AM 19   THE AGENCIES OBVIOUSLY CAN LEGITIMATELY RAISE THAT AND WITHHOLD

11:17AM 20   THOSE DOCUMENTS.

11:17AM 21        ALL OF THESE OTHER CLAIMS THAT THEY'VE RAISED IN THE

11:17AM 22   S.E.C. CASE THAT THE FDA NOW WANTS TO WITHHOLD HERE.  A RULE 16

11:17AM 23   ORDER CUTS RIGHT THROUGH THAT BECAUSE NOW YOU'RE GOING TO HAVE

11:17AM 24   AN ORDER FROM THE FEDERAL COURT THAT WILL PERMIT THE AGENCY TO

11:17AM 25   RELEASE THE INFORMATION.  THAT IS THE WHOLE POINT.  THESE

11:18AM 1    LIMITATIONS ON THE CMS AND FDA IN RELEASING TRADE SECRET, WHICH

11:18AM 2    THEY'RE BRINGING UP, COMMERCIAL INFORMATION AND OTHER

11:18AM 3    CONFIDENTIAL BUSINESS INFORMATION, THOSE RELATE TO THEIR KIND

11:18AM 4    OF PROVIDING INFORMATION LIKE SUBJECT TO FOIA OR OTHER REQUESTS

11:18AM 5    OR EVEN CIVIL LITIGATION.  THAT'S NOT AT ISSUE HERE.

11:18AM 6        HERE YOU HAVE A CRIMINAL CASE UNDER RULE 16 A DEFENDANT'S

11:18AM 7    CONSTITUTIONAL RIGHT TO PUT ON A DEFENSE.

11:18AM 8            THE COURT:  HOW DO WE PROTECT THEIR INTEREST, IF AT

11:18AM 9    ALL, IF THEY INDICATE THAT THEY, THE AGENCIES, HAVE INTERNAL

11:18AM 10   REGULATIONS OR THEY HAVE RULES WHERE THEY CANNOT, THEY CAN --

11:18AM 11   THEY'RE FORBIDDEN TO RELEASE CERTAIN --

11:18AM 12           MR. CAZARES:  BUT THEY'RE NOT.  THAT'S GREAT --

11:18AM 13           THE COURT:  I BEG YOUR PARDON.  LET ME FINISH MY

11:18AM 14   QUESTION SO YOU'LL BE FULLY INFORMED.

11:18AM 15           MR. CAZARES:  I APOLOGIZE.

11:18AM 16           THE COURT:  SO HOW DO THEY PROTECT THEMSELVES?  HOW

11:18AM 17   DO THEY PROTECT THEMSELVES FROM SOMEONE ELSE, THE CLIENT

11:18AM 18   PERHAPS SUING THEM, OR WHOEVER IT IS?  HOW DO THEY DO THAT?

11:18AM 19   HOW CAN THEY RESPOND?

11:18AM 20           MR. CAZARES:  THEY'D POINT TO THEIR COUNSEL, WHO

11:18AM 21   WOULD BE THE DEPARTMENT OF JUSTICE, AND THE COURT ORDER ISSUED

11:19AM 22   FROM THIS COURT.  FOR EXAMPLE, AND I WAS GOING TO GET TO THIS,

11:19AM 23   IN THE S.E.C. CASE THE BACK AND FORTH DELIBERATIONS RESULTED IN

11:19AM 24   ONLY 166 DOCUMENTS BEING PRODUCED.

11:19AM 25       IN APRIL -- THIS PAST APRIL IT REACHED A POINT WHERE WE

11:19AM  1    PROPOSED MOTIONS TO COMPEL TO BOTH AGENCIES.  WE SUBMITTED

11:19AM  2    DRAFT MOTIONS TO COUNSEL.

11:19AM  3         NOW, THOSE MOTIONS DON'T GO DIRECTLY TO THE AGENCIES.

11:19AM  4    THEY GO TO THE CIVIL DIVISION OF THE SAME U.S. ATTORNEY'S

11:19AM  5    OFFICE BECAUSE THE U.S. ATTORNEY'S OFFICE REPRESENTS THE

11:19AM  6    AGENCIES IN RESPONSE TO THOSE SUBPOENAS.

11:19AM  7         AGAIN, WE ENGAGED IN AGAIN SOME MEET AND CONFERS AND

11:19AM  8    BROUGHT THE AGENCIES BACK TO THE TABLE TO AT LEAST DISCUSS THE

11:19AM  9    ISSUE, BUT AGAIN, IT'S BEEN A COUPLE OF MONTHS.  WE DON'T HAVE

11:19AM  10   ADDITIONAL DOCUMENTS AS A RESULT OF THOSE DISCUSSIONS AND

11:19AM  11   ADDITIONAL MEET AND CONFERS EVEN AFTER A PROPOSAL ABOUT MOTIONS

11:19AM  12   TO COMPEL AND BRING THE AGENCIES TO COURT IN THE CIVIL CASE.

11:19AM  13        THAT'S MY POINT, AND I THINK THAT'S COUNSEL'S POINT FOR

11:19AM  14   MS. HOLMES.  THIS PROCESS OF DISCUSSION, MEET AND CONFER, TRY

11:19AM  15   TO REACH AGREEMENT OVER THIS LITANY OF CONCERNS THE AGENCIES

11:20AM  16   RAISE, WHICH ARE LEGITIMATE CONCERNS BUT NOT LEGITIMATE

11:20AM  17   CONCERNS IN A CRIMINAL CASE AT LEAST BROUGHT IN PART ON BEHALF

11:20AM  18   OF THE FDA.

11:20AM  19        THE GOVERNMENT DOESN'T DISCLAIM THE FACT THAT THE FDA OIG

11:20AM  20   WERE PART OF THE CRIMINAL PROSECUTION TEAM.  THEY DID

11:20AM  21   INTERVIEWS OF 17 EMPLOYEES FROM THE FDA AND CMS IN THE COURSE

11:20AM  22   OF THE CRIMINAL INVESTIGATION, AND, OF COURSE, AS THE COURT

11:20AM  23   KNOWS, 300,000 OR SO DOCUMENTS PRODUCED BY THE TWO AGENCIES.

11:20AM  24        THAT'S ACCESS.  IT'S NOT WHETHER OR NOT YOU HAVE ACCESS TO

11:20AM  25   ANY DOCUMENT THAT THE AGENCIES HAVE, INCLUDING ATTORNEY-CLIENT

11:20AM 1      PRIVILEGE.  OF COURSE THEY HAVE A PRIVILEGE THEY CAN WITHHOLD

11:20AM 2      EVEN IN RESPONSE TO A RULE 16 ORDER.

11:20AM 3          BUT THAT CAN BE ADDRESSED FAIRLY EASILY AND MECHANICALLY,

11:20AM 4      YOUR HONOR.  BOTH AGENCIES HAVE GENERAL COUNSEL'S OFFICES.

11:20AM 5      ATTORNEYS CAN BE IDENTIFIED.

11:21AM 6              THE COURT:  PARDON ME FOR INTERRUPTING YOU.  I

11:21AM 7      WONDER IF IT MAKES SENSE FOR THIS COURT TO ISSUE AN ORDER THAT

11:21AM 8      INDICATES TO THESE AGENCIES AND THESE GOOD LAWYERS WHO

11:21AM 9      REPRESENT THEIR AGENCIES TO PLEASE TELL THE COURT AND INFORM

11:21AM 10     THE COURT IN WRITING WHAT THEIR INTENT IS AS TO THESE SIX

11:21AM 11     CATEGORIES AND RELEASING THIS INFORMATION?  AND THEN WE CAN

11:21AM 12     BE -- CUT THROUGH THE OPACITY OF WHATEVER IT IS THAT IS HERE

11:21AM 13     AND FIND OUT WHAT IT IS THAT THEY'RE GOING TO RELEASE AND WHY

11:21AM 14     NOT.

11:21AM 15         MR. BOSTIC, THAT MIGHT BE HELPFUL TO US AND GET THEM TO

11:21AM 16     RESPOND TO US IN TEN DAYS, OR SOMETHING LIKE THAT, SO AT LEAST

11:21AM 17     WE CAN UNDERSTAND AND THEY UNDERSTAND THAT AT LEAST THE COURT'S

11:21AM 18     FOCUS IS I WANT TO KNOW WHAT YOU'RE GOING TO DO WITH THESE SIX

11:21AM 19     REQUESTS AND THEY'RE RESPONDING NOW.  IF WE GET THE SAME THINGS

11:21AM 20     BACK, THEY PROBABLY WILL BE TEMPTING THE COURT TO ISSUE AN

11:21AM 21     ORDER.

11:21AM 22             MR. WADE:  YOUR HONOR, IF I MIGHT.  WE MIGHT ALSO

11:21AM 23     INQUIRE IN SUCH AN ORDER WHETHER THE OBSTACLES THAT ARE SET

11:21AM 24     FORTH IN THIS CORRESPONDENCE ARE REMOVED BY AN ORDER FROM THE

11:22AM 25     COURT TO COUNSEL'S POINT.

| | |
|---|---|
| 11:22AM | 1 |

THE COURT:  WELL, THEY'LL TELL US THAT.

MR. WADE:  YEAH.

THE COURT:  WHY CAN'T YOU RESPOND TO THIS?  AND WHEN CAN YOU EXPECT?

THAT GETS YOU OFF THE HOOK, MR. BOSTIC.  NOT THAT YOU'RE AFRAID OF BEING ON THE HOOKS.  I KNOW YOU'RE COURAGEOUS, BUT AT LEAST IT PROVIDES AN OPPORTUNITY TO HAVE SOME DIRECT COMMUNICATION FROM MS. DYER, MS. NORTON.

MR. BOSTIC:  I APPRECIATE THE COURT'S PRAGMATIC THINKING.

MY CONCERN WITH THAT APPROACH IS THAT I THINK IT STILL ALLOWS THE DEFENSE IMPROPERLY TO END RUN AROUND RULE 17.  AND THE COURT ASKED A VERY GOOD QUESTION, HOW DO WE PROTECT THE AGENCY'S INTEREST HERE?  HOW DO WE ALLOW THEM TO SPEAK UP FOR THEMSELVES?  TO DEFEND THEIR POSITIONS?

THE RULE THAT ALLOWS FOR THAT IS RULE 17.  THAT'S THE RULE THAT DEFENDANTS USE TO BRING THIRD PARTIES BEFORE THE COURT WHEN NECESSARY TO COMPEL THEM TO PRODUCE DOCUMENTS.

THE DEFENSE HERE HAS DECIDED NOT TO PURSUE THAT ROUTE.  THAT LEAVES US WITHOUT A MECHANISM TO BRING THOSE AGENCIES HERE TO ANSWER FOR THEMSELVES.

MY CONCERN IS THAT, AGAIN USING THE PROSECUTION AS AN INTERMEDIARY THAT WAY, WE'RE HAPPY TO DO WHAT WE CAN, AS I SAID, TO FACILITATE THE PRODUCTION OF THOSE DOCUMENTS VOLUNTARILY, BUT TO USE US TO ORDER THE AGENCIES TO DO

11:23AM 1      SOMETHING THROUGH US, MY CONCERN IS THAT IT'S -- THAT IT'S NOT

11:23AM 2      WHAT THE LAW INTENDED WHEN IT CAME UP WITH THE SCHEME THAT

11:23AM 3      INCLUDES RULE 17.

11:23AM 4              THE COURT:  I APPRECIATE THAT.  AND I THINK COUNSEL,

11:23AM 5      AS YOU KNOW, IS SUGGESTING, JUDGE, YOU KNOW, THE SHORT ROAD TO

11:23AM 6      ALL OF THIS IS FOR THE COURT TO FIND THAT THE GOVERNMENT IS

11:23AM 7      APPROPRIATELY SITUATED IN A POSITION TO PROVIDE THIS

11:23AM 8      INFORMATION GIVEN THE GUIDANCE OF SANTIAGO AND OTHER CASES, AND

11:23AM 9      THE COURT SHOULD MAKE THAT FINDING TODAY, AND THEN ORDER THE

11:23AM 10     GOVERNMENT TO PROCEED, AND THEN WE'LL SEE WHAT OBJECTIONS

11:23AM 11     HAPPEN.

11:23AM 12          YOU KNOW, THAT HAS SOME CURRENCY.  THAT DOES HAVE SOME

11:23AM 13     ARGUMENT GOING ITS WAY.

11:23AM 14          I'M PAUSING HERE NOT BECAUSE THERE'S ANY RELUCTANCE TO

11:24AM 15     ISSUE SUCH AN ORDER, BUT THE ONLY PAUSE I HAVE IS THAT YOU HAVE

11:24AM 16     ENGAGED A PROCESS NOW.  WE HAVE SOME LETTERS THAT SUGGEST THAT

11:24AM 17     THIS IS ONGOING.  I'D LIKE TO KEEP THAT ONGOING IF I CAN BUT

11:24AM 18     NOT TO THE EXTENT THAT IT, THAT IT JEOPARDIZES ANYBODY'S

11:24AM 19     PREJUDICES, ANYBODY'S RIGHTS HERE TO A FAIR AND JUST AND SPEEDY

11:24AM 20     TRIAL.  THAT INCLUDES THE GOVERNMENT AS WELL.  I WANT TO MAKE

11:24AM 21     SURE THAT THIS INFORMATION IS, IF IT'S RELEVANT, IF IT'S

11:24AM 22     LEGALLY AVAILABLE TO THE DEFENSE, THAT THEY HAVE IT.

11:24AM 23          YOUR EFFORTS TO ADVANCE THAT, NOTWITHSTANDING ANY 17

11:24AM 24     MOTION OR ANYTHING ELSE, I APPRECIATE THAT.  I THOUGHT WHEN YOU

11:24AM 25     DID THIS A MONTH AGO WHEN WE WERE TALKING THAT, WELL, THIS

| | | |
|---|---|---|
| 11:24AM | 1 | LOOKS GOOD.  THIS IS THE GOVERNMENT ENGAGING THIS AND HOPEFULLY |
| 11:24AM | 2 | WE'LL GET SOMETHING BACK.  I DID NOT -- I'M NOT IN THE BELTWAY |
| 11:24AM | 3 | SO I'M NOT USED TO THESE TYPE OF LETTERS.  YOU MIGHT BE. |
| 11:25AM | 4 | MR. WADE:  SOMETIMES PROSECUTORS ARE STRENGTHENED BY |
| 11:25AM | 5 | ORDERS FROM THE COURT AND IT CAN HELP CUT THROUGH -- |
| 11:25AM | 6 | THE COURT:  MY SENSE IS EVERYONE IS WHO RECEIVES |
| 11:25AM | 7 | ONE. |
| 11:25AM | 8 | MR. WADE:  I'VE SENSED THAT PATTERN AS WELL, YOUR |
| 11:25AM | 9 | HONOR. |
| 11:25AM | 10 | THE COURT:  THANK YOU.  ANYTHING FURTHER?  I DIDN'T |
| 11:25AM | 11 | MEAN TO CUT YOU OFF, MR. CAZARES. |
| 11:25AM | 12 | MR. CAZARES:  YOUR HONOR, UNLESS YOU HAVE A QUESTION |
| 11:25AM | 13 | AGAIN, I DON'T THINK THAT ENGAGING THE AGENCIES IN A DEBATE |
| 11:25AM | 14 | REGARDING WHETHER OR NOT THEY FEEL THAT THEY CAN PRODUCE |
| 11:25AM | 15 | MATERIALS LAWFULLY OR REFUSE TO PRODUCE MATERIALS LAWFULLY IN |
| 11:25AM | 16 | RESPONSE TO A RULE 16 ORDER IN A CRIMINAL CASE IS APPROPRIATE. |
| 11:25AM | 17 | I UNDERSTAND WE MAY BE THERE ANYWAY, BUT TO ME THAT'S NOT WHAT |
| 11:25AM | 18 | HAPPENED IN BRYAN.  BRYAN WAS DEALING WITH THE I.R.S., NOT THE |
| 11:25AM | 19 | DEPARTMENT OF JUSTICE.  THAT'S NOT WHAT HAPPENED IN GRACE. |
| 11:25AM | 20 | AGAIN, YOU'RE DEALING WITH THIRD PARTY FEDERAL AGENCIES. |
| 11:25AM | 21 | THAT'S MY CONCERN, YOUR HONOR. |
| 11:25AM | 22 | THE COURT:  OKAY.  THANK YOU VERY MUCH. |
| 11:25AM | 23 | MR. WADE:  THANK YOU, YOUR HONOR. |
| 11:25AM | 24 | THE COURT:  WHAT ELSE WOULD YOU LIKE ME TO KNOW? |
| 11:25AM | 25 | MR. WADE:  NOTHING. |

11:25AM 1        IF THERE'S ONE SMALL POINT THAT I COULD ADDRESS ON --

11:26AM 2   SETTING ASIDE THE MOTION AND COMING BACK TO SOME OF THE INITIAL

11:26AM 3   COMMENTS THAT WERE MADE WITH REGARD TO DISCOVERY ISSUES BECAUSE

11:26AM 4   THEY, TOO, RELATE TO THE, YOU KNOW, THE TRIAL DATE THAT IS

11:26AM 5   BEFORE US, I JUST WANT TO MAKE SURE THAT THE RECORD HERE IS

11:26AM 6   CLEAR THAT SOME OF THESE REMAINING OBLIGATIONS -- I DON'T EVEN

11:26AM 7   KNOW WHAT A GIGABYTE OF DATA IS, YOUR HONOR.

11:26AM 8        MY GUESS IS THAT IF YOU PRINTED IT OUT IT WOULD FILL THIS

11:26AM 9   ROOM.  WE HAVE A LOT OF MATERIAL LEFT TO GO.  I KNOW THE

11:26AM 10  GOVERNMENT HAS BEEN WORKING DILIGENTLY.  THIS TAINTING PROCESS

11:26AM 11  IS ONGOING.

11:26AM 12       JUST TO MAKE CLEAR TO THE COURT, IT APPEARS THAT THERE

11:26AM 13  COULD BE MONTHS OF THAT STILL AHEAD.  THE NUMBER OF DOCUMENTS

11:26AM 14  THAT THEY IDENTIFIED WERE IN THE HUNDREDS OF THOUSANDS.  THE

11:26AM 15  PAGES ARE I THINK TWO AND A HALF MILLION PAGES OF DOCUMENTS.

11:26AM 16       SO WE WILL CONFER WITH THE GOVERNMENT.  WE WILL COME BACK.

11:26AM 17  WE'LL FIND A SCHEDULE THAT WE THINK WILL KEEP THIS CASE ON

11:26AM 18  TRACK FOR THE TRIAL DATE THAT THE COURT HAS SET FOR THE MATTER,

11:26AM 19  BUT WE HAVE A LOT OF WORK TO DO.

11:27AM 20       TO THE EXTENT THAT THE COURT CONTINUES TO ENCOURAGE PROMPT

11:27AM 21  AND EXPEDITIOUS FULFILLMENT OF OBLIGATIONS, BY ALL MEANS,

11:27AM 22  THAT'S NEWS TO THE EARS OF THE DEFENSE.

11:27AM 23       WE WANT TO BE READY AND ORGANIZED TO PRESENT A COHERENT

11:27AM 24  DEFENSE TO THIS COURT AND IN AN EXPEDITIOUS WAY WHEN THIS TRIAL

11:27AM 25  OCCURS, AND WE HAVE A LOT OF WORK TO DO TO GET THERE.

11:27AM  1          THE COURT:  THANK YOU VERY MUCH.  MR. BOSTIC.

11:27AM  2          MR. BOSTIC:  ONLY TO SAY THAT THE GOVERNMENT WANTS

11:27AM  3   THE SAME THINGS.  WE WANT THINGS TO PROCEED EXPEDITIOUSLY.

11:27AM  4     ON THE TAINTING REVIEW, LET ME JUST CLARIFY THAT THE

11:27AM  5   DEFENSE -- MY UNDERSTANDING IS THAT THE DEFENSE NOW HAS ALL OF

11:27AM  6   THE DOCUMENTS ENCOMPASSED BY THAT FILTER REVIEW.  SO THE

11:27AM  7   ONGOING REVIEW IS ONLY DELAYING THE TRIAL TEAM, THE

11:27AM  8   GOVERNMENT'S TRIAL TEAM'S ACCESS TO THOSE MATERIALS AND NOT

11:27AM  9   DELAYING THE DEFENSE'S ACCESS.

11:27AM 10     ON THE --

11:27AM 11          MR. WADE:  I'M SORRY.

11:27AM 12          MR. BOSTIC:  ON THE FDA AND CMS DOCUMENTS, I AGREE

11:27AM 13   WITH THE COURT THAT I THINK PROVIDING SOME ADDITIONAL TIME FOR

11:28AM 14   THE PROCESS TO PLAY OUT MAKES SENSE.  I THINK THAT THE ISSUES

11:28AM 15   RAISED IN THE RESPONSE LETTERS FROM THE FDA AND CMS ARE

11:28AM 16   SURMOUNTABLE.  I THINK WE CAN FIND SOLUTIONS TO THOSE ISSUES.

11:28AM 17   AND LIKE I SAID BEFORE, I'M OPTIMISTIC ABOUT BEING ABLE TO

11:28AM 18   OBTAIN THE VAST MAJORITY OF THOSE DOCUMENTS FOR THE DEFENSE.

11:28AM 19          THE COURT:  WELL, THANK YOU.  I HOPE YOUR OPTIMISM

11:28AM 20   WAS WELL PLACED WITH THOSE AGENCIES.

11:28AM 21     SO WHILE YOU WERE SPEAKING -- YOU DON'T HAVE TO LEAVE THE

11:28AM 22   LECTERN YET BECAUSE I MIGHT WANT YOUR THOUGHTS ON THIS -- I DID

11:28AM 23   OPINE THAT THE COURT COULD ISSUE AN ORDER ASKING MS. NORTON AND

11:28AM 24   MS. DYER TO GIVE SOME CLARITY AS TO THEIR LETTERS.

11:28AM 25     I DON'T WANT TO HAVE ANY DIRECT CONTACT OR COMMUNICATION

11:28AM  1    WITH THEM, IF YOU WILL, THOSE TWO LAWYERS.  I DON'T THINK

11:28AM  2    THAT'S APPROPRIATE AT THIS POINT.

11:28AM  3         BUT I DO IN SOME MEASURE WANT TO GET THAT MESSAGE TO THEM.

11:28AM  4    I WANT TO -- WHAT I'D LIKE TO DO IS TO ALLOW THIS ENGAGEMENT

11:28AM  5    THAT MR. BALWANI AND HIS TEAM HAS PUT TOGETHER TO GO FORWARD

11:29AM  6    FOR A BRIEF PERIOD OF TIME JUST TO ALLOW IT TO COME TO FRUITION

11:29AM  7    OR IF IT CAN HAPPEN IN SHORT ORDER.

11:29AM  8         BUT I DO WANT TO CONVEY TO THESE AGENCIES MY CONCERN ABOUT

11:29AM  9    THE OBJECTIONS THAT THEY RAISE, AND I THINK COUNSEL IS

11:29AM 10    ABSOLUTELY RIGHT THAT THE BEST WAY TO ACCOMPLISH THAT IS

11:29AM 11    THROUGH A DIRECT ORDER TO HAVE THEM PRODUCE THE DOCUMENTS AND

11:29AM 12    THEN THEY CAN OBJECT OR THEY CAN SAY WHATEVER IT IS.  MAYBE

11:29AM 13    THAT'S WHEN THEIR LAWYERS COME IN.

11:29AM 14         AND THEN YOU CAN THROW YOUR HANDS UP, MR. BOSTIC, YOU AND

11:29AM 15    MS. SCHENK, AND CAN SAY, YOU KNOW, THAT'S WHAT THE JUDGE SAID

11:29AM 16    SO PUT YOUR OBJECTIONS IN NOW.  I CAN DO THAT.

11:29AM 17         BUT AS I'VE TOLD YOU, I WILL GIVE YOU AN OPPORTUNITY TO

11:29AM 18    HAVE YOUR GOOD EFFORTS GO FORWARD AND YOU COMMUNICATE WITH

11:29AM 19    THESE INDIVIDUALS AND IF THEY WANT TO TELL US WHAT THEIR

11:30AM 20    OBJECTIONS ARE IN SOME SHORT ORDER, AND BY THAT I MEAN IF WE

11:30AM 21    CAN GET SOMETHING FROM THEM IN TWO WEEKS THAT TELL US WHAT

11:30AM 22    THEY'RE GOING TO DO OR WHY THEY'RE NOT GOING TO DO IT, THAT

11:30AM 23    WOULD INFORM ALL OF US, AND IT WOULD INFORM ME AS TO WHAT I

11:30AM 24    SHOULD DO NEXT AND HOW WE SHOULD PROCEED NEXT.  THAT WOULD BE

11:30AM 25    VERY INSTRUCTIVE TO ME.

11:30AM 1         I UNDERSTAND RULE 16.  MR. CAZARES EDUCATED US A LITTLE

11:30AM 2    BIT MORE ON THAT THIS MORNING.  I UNDERSTAND IT.  I UNDERSTAND

11:30AM 3    THE SANTIAGO CASES THAT WERE PRESENTED BY THE DEFENSE.  I THINK

11:30AM 4    THERE IS SOME GOOD MERIT TO THEM, CANDIDLY.

11:30AM 5         LET ME JUST TURN TO YOU, MR. BOSTIC, AND YOUR TEAM AND

11:30AM 6    JUST TELL YOU I THINK THEY'RE ON SOME SOLID FOOTING IN THOSE

11:30AM 7    CASES.

11:30AM 8         HE'S GOING TO SAY, WELL, ISSUE THE ORDER, JUDGE, AND I

11:30AM 9    THINK I'VE TOLD YOU WHY I'M NOT GOING TO DO THAT.  I'M GOING TO

11:30AM 10   ALLOW THIS PROCESS TO GO FORWARD AND SEE WHAT YOU CAN REVEAL IN

11:31AM 11   A COUPLE OF WEEKS AND HOPEFULLY THAT WILL BE FRUITFUL.

11:31AM 12        WHY DON'T WE SET A STATUS HEARING, AND I'VE ASKED YOU TO

11:31AM 13   STAY AT THE LECTERN TO GIVE ME YOUR THOUGHTS ON WHEN THAT

11:31AM 14   SHOULD BE JUST TO FOLLOW UP ON THIS.

11:31AM 15        WHAT I'LL DO IS I'LL CONTINUE THE HEARING ACTUALLY, LET'S

11:31AM 16   JUST CONTINUE THE HEARING, I'LL CALL IT THAT, BECAUSE THE COURT

11:31AM 17   HASN'T MADE A DECISION AS TO WHETHER OR NOT IT IS GOING TO

11:31AM 18   ISSUE AN ORDER, BUT I THINK I'VE TOLD YOU WHAT MY THOUGHT IS.

11:31AM 19        SO WHAT WOULD WORK FOR YOU?  AND I WANT TO GIVE YOU SOME

11:31AM 20   CONTROL, MR. BOSTIC, BECAUSE YOU HAVE TO DEAL WITH THE

11:31AM 21   BUREAUCRACY, IF YOU WILL.

11:31AM 22            MR. BOSTIC:  THANK YOU, YOUR HONOR.  WE'RE HAPPY TO

11:31AM 23   PASS ALONG THE COURT'S THOUGHTS TO THE AGENCIES AND SEE WHAT

11:31AM 24   PROGRESS WE CAN MAKE.

11:31AM 25            THE COURT:  GREAT.

11:31AM  1          MR. BOSTIC:  AT THE SAME TIME WE WILL WORK WITH THE

11:31AM  2     DEFENSE ON A PROTECTIVE ORDER THAT WILL ADDRESS THE AGENCY'S

11:31AM  3     CONCERNS.

11:31AM  4          THE COURT:  GREAT.

11:31AM  5          MR. BOSTIC:  AND THE POSSIBILITY OF GETTING A WAIVER

11:31AM  6     THAT WILL ADDRESS THE AGENCY'S CONCERNS AND THE POSSIBILITY OF

11:31AM  7     GETTING A WAIVER THAT WILL ADDRESS OTHER AGENCY CONCERNS.  TO

11:31AM  8     ALLOW TIME FOR THOSE THINGS TO TAKE PLACE I WOULD ASK FOR

11:32AM  9     THREE WEEKS IF THE COURT IS WILLING TO GIVE IT.

11:32AM 10          MR. WADE:  I FEEL LIKE I'M LOOKING AT FAMILY FEUD

11:32AM 11     HERE, YOUR HONOR, WITH THE RED X'S ON THE BOARD.

11:32AM 12          THE COURT:  OH, IGNORE THOSE.  THEY DON'T MEAN A

11:32AM 13     THING.  HOW ABOUT THE WEEK OF THE 16TH OR THE 29TH?

11:32AM 14          MR. BOSTIC:  EITHER WORKS FOR THE GOVERNMENT, YOUR

11:32AM 15     HONOR.  THE LATER IT IS, THE MORE WE'LL BE ABLE TO ACCOMPLISH

11:32AM 16     IN THE MEANTIME, BUT I UNDERSTAND THE COURT AND THE DEFENSE

11:32AM 17     WANT THINGS TO MOVE QUICKLY.

11:32AM 18          MR. WADE:  IT WOULD SEEM TO ME THE 16TH IS PROBABLY

11:32AM 19     THE BEST DATE, YOUR HONOR.

11:32AM 20          THE COURT:  DO YOU WANT TO CONSULT WITH YOUR

11:32AM 21     COLLEAGUES?

11:32AM 22          MR. WADE:  YEAH, LET ME CONSULT WITH MY COLLEAGUES

11:32AM 23     AND MY CALENDAR.

11:32AM 24          THE COURT:  THAT'S FINE.

11:32AM 25          (PAUSE IN PROCEEDINGS.)

| | | |
|---|---|---|
| 11:33AM | 1 | THE COURT:  LET ME OFFER THE 17TH, THE 18TH, OR THE |
| 11:33AM | 2 | 19TH, OR AGAIN THE 30TH OR 31ST. |
| 11:33AM | 3 | MR. WADE:  HAVING SEEN SOME LAWYERS HAD THEIR PHONES |
| 11:33AM | 4 | RING OUT THERE, I MADE THE DECISION TO TURN MINE OFF.  SO WITH |
| 11:33AM | 5 | THE COURT'S INDULGENCE, I'M JUST LOGGING ON TO MY SCHEDULE.  I |
| 11:33AM | 6 | THINK THE 17TH WOULD WORK FOR THE DEFENSE. |
| 11:34AM | 7 | MR. CAZARES:  YES, YOUR HONOR. |
| 11:34AM | 8 | MR. BOSTIC:  AND THAT'S FINE FOR THE GOVERNMENT. |
| 11:34AM | 9 | THANK YOU. |
| 11:34AM | 10 | THE COURT:  OKAY.  NOW, LET ME ASK TIMING FOR TRAVEL |
| 11:34AM | 11 | TIME.  WHAT IS BEST FOR YOU ALL? |
| 11:34AM | 12 | MR. WADE:  I THINK IN AN AFTERNOON HEARING, AN EARLY |
| 11:34AM | 13 | AFTERNOON HEARING.  WITH THE COURT'S INDULGENCE. |
| 11:34AM | 14 | THE COURT:  SURE. |
| 11:34AM | 15 | (DISCUSSION AMONGST COUNSEL OFF THE RECORD.) |
| 11:34AM | 16 | MR. WADE:  ACTUALLY, YOUR HONOR, 10:00 A.M. LIKE THE |
| 11:34AM | 17 | HEARING TODAY WOULD WORK WELL. |
| 11:34AM | 18 | MR. BOSTIC:  THAT'S FINE. |
| 11:34AM | 19 | MR. CAZARES:  THAT'S FINE. |
| 11:34AM | 20 | THE COURT:  LET'S DO THAT. |
| 11:34AM | 21 | MR. WADE:  YOUR HONOR, IF I MAY MAKE ONE MORE |
| 11:34AM | 22 | SUGGESTION JUST FOR CASE MANAGEMENT PURPOSES. |
| 11:34AM | 23 | MAYBE IF WE WERE TO HAVE A DATE BY WHICH WE SUBMIT A |
| 11:34AM | 24 | PROPOSED SCHEDULED TO THE COURT IN ADVANCE OF THAT AND THAT WAY |
| 11:34AM | 25 | AT THAT HEARING WE CAN HAVE THE CALENDARS OUT AND TRY AND |

11:34AM  1      RESOLVE ANY DISPUTES THAT WE MAY HAVE.

11:34AM  2              THE COURT:  THAT'S HELPFUL.  THANK YOU FOR THAT.

11:34AM  3      THAT WOULD BE HELPFUL.

11:34AM  4              MR. BOSTIC:  ARE WE TALKING ABOUT A PROPOSED

11:34AM  5      PRETRIAL CALENDAR?

11:34AM  6              MR. WADE:  YES.

11:34AM  7              MR. BOSTIC:  I THINK THAT'S A GOOD IDEA.

11:34AM  8              THE COURT:  OKAY.  THANK YOU.  I APPRECIATE YOU

11:34AM  9      ADVANCING THAT.  ALSO, AFTER YOU HAVE YOUR MEET AND CONFER, AND

11:35AM 10      I ANTICIPATE IT'S GOING TO BE JUST EMINENTLY SUCCESSFUL, SHOULD

11:35AM 11      YOU NEED TO ADJUST THE 17TH, THAT IS, TO MOVE IT TO TAKE IT OFF

11:35AM 12      CALENDAR BECAUSE EVERYONE IS SATISFIED, JUST LET MS. KRATZMANN

11:35AM 13      KNOW AND WE CAN MAKE ANY ADJUSTMENTS THAT WE NEED ON THAT.

11:35AM 14      THAT'S ALWAYS OPEN.

11:35AM 15              MR. WADE:  OPTIMISM SPRINGS ETERNAL, YOUR HONOR.

11:35AM 16              THE COURT:  IT DOES.  IT DOES.  EVEN BOSTON WINS A

11:35AM 17      WORLD SERIES NOW AND THEN.  ANYTHING CAN HAPPEN.  ANYTHING

11:35AM 18      FURTHER?

11:35AM 19              MR. BOSTIC:  JUST ONE HOUSEKEEPING MATTER.

11:35AM 20              THE COURT:  YES.

11:35AM 21              MR. BOSTIC:  I BELIEVE, OF COURSE, THE PARTIES ARE

11:35AM 22      EACH CONTINUING THEIR INVESTIGATIONS AND REVIEW OF DISCOVERY.

11:35AM 23      IT MIGHT BE APPROPRIATE TO EXCLUDE TIME THROUGH THE TRIAL DATE.

11:35AM 24              THE COURT:  THANK YOU.  I WAS GOING TO DO THAT.  WE

11:35AM 25      HAVE A TRIAL DATE SET.  IT'S THE COURT'S INTENT THEN, BASED ON

11:35AM 1    OUR DISCUSSION HERE, AND WE'RE ONLY AT DISCOVERY, BUT I WILL

11:36AM 2    EXCLUDE TIME TO ALLOW FOR EFFECTIVE PREPARATION OF COUNSEL.

11:36AM 3    TIME IS EXCLUDED TO OUR TRIAL DATE FOR BOTH DEFENDANTS IN THIS

11:36AM 4    MATTER.

11:36AM 5         ALL RIGHT.  THANK YOU VERY MUCH.

11:36AM 6              MR. BOSTIC:  THANK YOU, YOUR HONOR.

11:36AM 7              MR. WADE:  THANK YOU, YOUR HONOR.

11:36AM 8              MR. CAZARES:  THANK YOU.

11:36AM 9              THE COURT:  AND WE HAVE AN S.E.C. CASE.  SHOULD WE

11:36AM 10   CALL THAT NOW BEFORE EVERYONE LEAVES?

11:36AM 11             MS. LAMARCA:  SURE.

11:36AM 12             THE COURT:  THANK YOU FOR YOUR PATIENCE.

11:36AM 13             MS. LAMARCA:  SUSAN LAMARCA WITH THE S.E.C.

11:36AM 14             THE COURT:  THANK YOU.  GOOD MORNING.

11:36AM 15             MR. KATZ:  GOOD MORNING, YOUR HONOR.  MARC KATZ FOR

11:36AM 16   THE S.E.C.

11:36AM 17             THE COURT:  THANK YOU.  NICE TO SEE YOU AGAIN.

11:36AM 18             MR. CAZARES:  GOOD MORNING AGAIN, YOUR HONOR,

11:36AM 19   STEPHEN CAZARES FOR THE MR. BALWANI.

11:36AM 20             THE COURT:  THANK YOU.  GOOD MORNING.  SO WHAT

11:36AM 21   SHOULD WE DO IN THIS CASE?

11:36AM 22             MS. LAMARCA:  I THINK THE ONLY MATTER THAT WE HAVE

11:36AM 23   IN OUR JOINT STATEMENT WAS THE CONFIRMATION OF DATES THAT WE

11:36AM 24   AGREED COULD BE PUSHED OUT ANOTHER I THINK IT WAS 120 DAYS THE

11:36AM 25   COURT SET FOR THE CUTOFF OF REGULAR DISCOVERY, AND WE CAN HAD

11:36AM 1     HAD A LATTER EXPERT DISCOVERY DATE AND SO WE WANTED TO MAKE

11:36AM 2     SURE THAT THE COURT WENT AHEAD AND ORDERED THAT DATE.

11:36AM 3                 MR. CAZARES:  THAT'S ACCEPTABLE, YOUR HONOR, YES.

11:37AM 4                 MS. LAMARCA:  GREAT.  THANK YOU, YOUR HONOR.

11:37AM 5                 THE COURT:  THANK YOU VERY MUCH.  GOOD SEEING YOU

11:37AM 6     ALL.  THANK YOU.

11:37AM 7                 MR. DOWNEY:  THANK YOU, YOUR HONOR.

11:37AM 8                 THE CLERK:  COURT IS ADJOURNED.

11:37AM 9            (COURT CONCLUDED AT 11:37 A.M.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                      CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16         IRENE RODRIGUEZ, CSR, RMR, CRR
           CERTIFICATE NUMBER 8074

17

18         DATED:  JULY 2, 2019

19

20

21

22

23

24

25