# EXHIBIT F



Suite 2400
865 South Figueroa Street
Los Angeles, CA 90017-2566

Stephen A. Cazares
213.633.8607 tel
213.633.6899 fax

stevecazares@dwt.com

July 12, 2019

VIA EMAIL

Jeffrey B. Schenk
John C. Bostic
Robert Leach
Assistant United States Attorneys
U.S. Attorney's Office, Northern District of California
150 Almaden Boulevard. Suite 900
San Jose, CA 95113

      Re:    *United States v. Holmes and Balwani*, Case No. CR-18-00258-EJD (N.D. Cal.)

Dear Counsel:

      We write on behalf of Mr. Balwani to request that the government reconsider its prior refusal to provide the defense with copies of agent handwritten notes of witness interviews.

      On May 20, 2019, and again on June 10, 2019 when we discussed the issue before court, the government declined to produce to the defense copies of handwritten agent notes, taken contemporaneously during witness interviews, from which typewritten memoranda that have been disclosed to the defense were prepared, often weeks and months after the witness interviews. Instead, you agreed to make the agent notes available for in-person review at the government's offices beginning July 1, 2019. On June 12, 2019, in the United States' Opposition to Defendants' Motion to Compel, you advised the Court that "the government has agreed to make available to the defense agent notes of witness interviews, so that the defense can conduct its own review and *confirm the absence of any material inconsistencies*."

      On July 10, 2019, three attorneys for Mr. Balwani, and Mr. Balwani himself, began the review of the 848 pages of handwritten notes at the government's offices in San Francisco. This review identified numerous "material inconsistencies" between the notes and resulting memoranda, thereby demonstrating why mere review of the notes in the government's offices is impractical and burdensome on Mr. Balwani's right to evidence necessary and material to preparing his defense under Rule 16 and *Brady v. Maryland*.

      First, review and comparison of handwritten notes (often with very difficult handwriting) against the resulting typewritten reports and referenced exhibits used in the interviews is extremely laborious, time-consuming, and physically demanding work. Mr. Balwani and his

4816-6375-7212v.1 0104156-000005

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Letter Re: Agent Notes
July 12, 2019
Page 2

three attorneys spend at least 19.5 person hours from 10 a.m. to 4 p.m., not counting a lunch break, reviewing the notes at the government's offices.  In this time frame, we were able to get through only a handful of notes.  At this pace, even doing one full pass through all the notes will take hundreds of hours and result merely in our own notes of agent notes of witness interviews which would be of limited use at trial.

Second, review of agent notes at the government's offices increases the amount of time and expense to Mr. Balwani to obtain access to materials necessary to the preparation of the defense.  As you know, most of Mr. Balwani's attorneys work out of Seattle and Los Angeles, requiring travel time and expense to review the notes at the government's offices.  Such costs will be even more substantial for counsel to Ms. Holmes, who work out of Washington, D.C.

Third, our initial review identified material variances between the contemporaneous, handwritten agent notes, and the resulting typewritten memoranda previously disclosed to the defense.  Some of these variances identified in our initial review constitute impeachment and other material subject to the government's obligations under *Brady*.  For example, we identified variance between the agent notes and resulting memoranda that appear to impact alleged material misrepresentations contained in the indictment.  Thus, any requirement that Mr. Balwani identify *Brady* material within the agent notes to the government in order to obtain copies of the notes for use at trial, as the government has previously suggested, would require the disclosure of defense strategy and work product protected by the Sixth Amendment that is not warranted by any countervailing government interest in refusing to produce copies of notes.  This reason alone requires the government to provide copies of all agent notes to the defense.

Fourth, our identification of *Brady* information in the agent notes reviewed so far requires the government to provide copies of all of the notes to the defense because the only way to use the information contained in the handwritten notes, which are subject to *Brady*, would be to question and/or confront either the agent or witness with the notes at trial.  This is not possible using our own notes of the notes of the witness interviews.  Accordingly, government failure to provide copies of all agent notes in light of this discovery of *Brady* information within the notes would undermine Mr. Balwani's right to due process and a fair trial under *Brady* and the Fifth Amendment.

Fifth, our examination and comparison of handwritten notes with the resulting interview memoranda has demonstrated that, given the complexity of the subject matter of this case, audio recording of witness interview sessions would be the best practice to avoid inaccurate reporting of witness statements going forward.  For this reason, we request that the government audio record any further witness interviews or sessions in which witnesses make statements relevant to this case.

Letter Re: Agent Notes
July 12, 2019
Page 3

      Sixth, due to the volume of handwritten notes and number of witness interviews, in order to permit tracking and verification that all handwritten notes of interviews have been disclosed to the defense, we request an index of the notes identifying witnesses and dates of interviews.

      Finally, some of the copies of notes in the binders we reviewed on July 10 were such poor quality copies that we could not read them at all.  We request that all copies be of the best possible quality so that we can read them.

      We look forward to your prompt response to this renewed request that the government provide copies to the defense of all contemporaneous handwritten agent notes of interviews.

      Very truly yours

      Davis Wright Tremaine LLP

      Stephen A. Cazares

cc:      Jeffrey B. Coopersmith
           Lance Wade (for Ms. Holmes)