

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

Office of the General Counsel
Centers for Medicare &
Medicaid Services Division

330 Independence Ave., S.W.
Room 5340 Wilbur J. Cohen
Building
Washington, D.C. 20201

July 17, 2019

<u>Sent By Email</u>
John C. Bostic
Assistant United States Attorney
Northern District of California
150 Almaden Boulevard, Suite 900
San Jose, California 95113
John.Bostic@usdoj.gov

Jeffrey B. Coopersmith
Davis Wright Tremaine LLP
920 Fifth Avenue Suite 3300
Seattle WA 98104
jeffcoopersmith@dwt.com

Kevin Downey
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005
kdowney@wc.com

      Re:    Document Access Request - *United States v. Elizabeth Holmes and Ramesh Balwani*, 18-CR-00258 EJD

Dear Messrs. Bostic, Coopersmith, and Downey:

The Centers for Medicare & Medicaid Services (CMS) has discovered an issue that may impact the agency's ability to timely produce documents responsive to the document requests made by the Government on behalf of Defendants in the above-referenced case.  CMS's July 12, 2019 letter stated that CMS does not intend to withhold information that may be protected by the deliberative process privilege.  To be more precise, CMS does not intend to assert the deliberative process privilege with regard to Theranos-related internal communications and documents provided disclosure of these documents is covered by a Protective Order.

CMS has collected internal communications from high level CMS officials to enable the agency to respond to the document request at issue.  CMS's review has uncovered that some of these communications include non-responsive information about matters unrelated to Theranos.  CMS is not waiving its deliberative process privilege with respect to information that is not related to Theranos.

The agency understands that the parties would like CMS's Theranos-related internal communications to be produced in the most expeditious manner possible.  To streamline CMS's review process, one possible solution may be for the parties to amend the Supplemental Protective Order that is currently being negotiated to allow CMS to produce internal communications that contain information unrelated to Theranos without waiving the agency's privileges that could protect that information.  If CMS discovers non-Theranos deliberative material during its document review, the agency plans to redact that information.

Sincerely,

/s/ Lindsay Turner
Attorney
Office of the General Counsel - CMS Division
U.S. Department of Health & Human Services
Lindsay.Turner@hhs.gov