1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3              SAN JOSE DIVISION

4

   UNITED STATES OF AMERICA,        )
5                                    )  CR-18-00258-EJD
                   PLAINTIFF,        )
6                                    )  SAN JOSE, CALIFORNIA
              VS.                    )
7                                    )  JULY 17, 2019
   ELIZABETH A. HOLMES AND RAMESH    )
8  SUNNY BALWANI,                    )  PAGES 1 - 64
                                     )
9                  DEFENDANTS.       )
   _____  )
10

11

12          TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE EDWARD J. DAVILA
            UNITED STATES DISTRICT JUDGE
13

14  A P P E A R A N C E S:

15  FOR THE PLAINTIFF:    UNITED STATES ATTORNEY'S OFFICE
                          BY:  JOHN BOSTIC
16                             ROBERT LEACH
                               JEFFREY SCHENK
17                        150 ALMADEN BOULEVARD, SUITE 900
                          SAN JOSE, CALIFORNIA 95113
18

19       (APPEARANCES CONTINUED ON THE NEXT PAGE.)

20

   OFFICIAL COURT REPORTER:
21                        IRENE L. RODRIGUEZ, CSR, RMR, CRR
                          CERTIFICATE NUMBER 8074
22

23

       PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
24        TRANSCRIPT PRODUCED WITH COMPUTER

25

1
    A P P E A R A N C E S: (CONT'D)
2

3
   FOR DEFENDANT HOLMES:  WILLIAMS & CONNOLLY LLP
                       BY:  KEVIN M. DOWNEY
4
                          LANCE WADE
                     725 TWELFTH STREET, N.W.
5
                     WASHINGTON, D.C. 20005

6
                     LAW OFFICE OF JOHN D. CLINE
                     BY:  JOHN D. CLINE
7
                     ONE EMBARCADERO CENTER, SUITE 500
                     SAN FRANCISCO, CALIFORNIA 94111
8

   FOR DEFENDANT BALWANI: DAVIS, WRIGHT & TREMAINE LLP
9
                     BY:  STEPHEN CAZARES
                     505 MONTGOMERY STREET, SUITE 800
10
                     SAN FRANCISCO, CALIFORNIA 94111

11
                     CORR CRONIN LLP
                     BY:  STEVEN FOGG
12
                     1001 FOURTH AVENUE, SUITE 3900
                     SEATTLE, WASHINGTON 98154
13

14

15

16

17

18

19

20

21

22

23

24

25

| | | |
|---|---|---|
| | 1 | SAN JOSE, CALIFORNIA                    JULY 17, 2019 |
| 10:03AM | 2 | P R O C E E D I N G S |
| 10:03AM | 3 | (COURT CONVENED AT 10:03 A.M.) |
| 10:03AM | 4 | THE COURT:  SO LET'S CALL OUR MORNING CALENDAR. |
| 10:03AM | 5 | THIS IS 18-258, UNITED STATES VERSUS ELIZABETH HOLMES AND |
| 10:03AM | 6 | RAMESH BALWANI. |
| 10:03AM | 7 | IF I COULD HAVE THE APPEARANCES, PLEASE. |
| 10:03AM | 8 | MR. BOSTIC:  GOOD MORNING, YOUR HONOR.  JOHN BOSTIC, |
| 10:03AM | 9 | JEFF SCHENK, AND ROBERT LEACH FOR THE UNITED STATES. |
| 10:03AM | 10 | THE COURT:  THANK YOU.  GOOD MORNING. |
| 10:03AM | 11 | MR. LEACH:  GOOD MORNING, YOUR HONOR. |
| 10:03AM | 12 | MR. SCHENK:  GOOD MORNING. |
| 10:03AM | 13 | MR. DOWNEY:  GOOD MORNING, YOUR HONOR.  KEVIN DOWNEY |
| 10:03AM | 14 | ON BEHALF OF ELIZABETH HOLMES, AND MY PARTNER, LANCE WADE, IS |
| 10:03AM | 15 | WITH ME AS WELL AS JOHN CLINE. |
| 10:03AM | 16 | THE COURT:  THANK YOU.  GOOD MORNING.  YOUR CLIENT |
| 10:03AM | 17 | IS PRESENT AS WELL. |
| 10:03AM | 18 | MR. DOWNEY:  AND THE CLIENT IS PRESENT AS WELL, YOUR |
| 10:03AM | 19 | HONOR. |
| 10:03AM | 20 | MR. COOPERSMITH:  GOOD MORNING, YOUR HONOR. |
| 10:03AM | 21 | JEFF COOPERSMITH FOR MR. BALWANI.  MY COLLEAGUES, STEVE CAZARES |
| 10:03AM | 22 | AND STEVE FOGG, ARE WITH MR. BALWANI AS WELL, WHO IS PRESENT AS |
| 10:03AM | 23 | WELL. |
| 10:03AM | 24 | THE COURT:  THANK YOU.  GOOD MORNING EVERYONE. |
| 10:03AM | 25 | I DID RECEIVE A LETTER JUST A MOMENT AGO, AND LET ME |

10:03AM  1      INDICATE I DID RECEIVE DOCKET 189, WHICH IS YOUR STATUS

10:03AM  2   MEMORANDUM, AND THANK YOU FOR THAT.  THAT WAS VERY HELPFUL.

10:03AM  3      I ALSO HAVE REVIEWED SOME OTHER DOCUMENTS INCLUDING 6721,

10:04AM  4   WHICH WAS A PROPOSED ORDER BY THE DEFENSE REGARDING A RULE 16

10:04AM  5   REQUEST.

10:04AM  6      I'VE ALSO LOOKED AT THE STIPULATION AND PROPOSED

10:04AM  7   SUPPLEMENTAL PROTECTIVE ORDER THAT WAS REFERENCED IN SOME

10:04AM  8   LETTERS.  I'VE READ THE LETTERS THAT WERE ATTACHED TO THE

10:04AM  9   SUPPLEMENTAL MEMORANDUM, YOUR STATUS MEMORANDUM.

10:04AM  10      AND THEN JUST A MOMENT AGO I WAS HANDED ANOTHER LETTER

10:04AM  11   FROM I THINK IT WAS CMS.

10:04AM  12      MR. BOSTIC, THAT CAME FROM YOU, I BELIEVE.

10:04AM  13          MR. BOSTIC:  YES, YOUR HONOR.  WE RECEIVED THAT JUST

10:04AM  14   A FEW MINUTES BEFORE I SENT IT TO THE COURT.

10:04AM  15          THE COURT:  THANK YOU VERY MUCH.  SO WHY DON'T I GET

10:04AM  16   AN UPDATE, IF THERE IS ANYTHING TO UPDATE, SUPPLEMENTAL TO YOUR

10:04AM  17   MEMORANDUM, YOUR STATUS.

10:04AM  18          MR. WADE:  YOUR HONOR, IF I COULD MAKE AN INQUIRY.

10:04AM  19   I'M NOT SURE I'M AWARE OF THE CMS CORRESPONDENCE THAT YOU

10:04AM  20   REFERRED TO.

10:04AM  21          THE COURT:  OH.

10:05AM  22          MR. BOSTIC:  SO, YOUR HONOR, WHEN CMS SENT THAT BY

10:05AM  23   E-MAIL THIS MORNING, I BELIEVE COUNSEL FOR MS. HOLMES WERE CC'D

10:05AM  24   ON THAT E-MAIL, BUT IT DID JUST COME IN IN THE LAST 45 MINUTES

10:05AM  25   OR SO.

10:05AM 1     THE CLERK:  I CAN PRINT.

10:05AM 2     THE COURT:  WE CAN GET A PRINTED COPY FOR YOU.

10:05AM 3     MR. WADE:  I'LL CHECK MY E-MAIL, YOUR HONOR.

10:05AM 4     MR. BOSTIC:  I SEE NOW, YOUR HONOR, IT WAS SENT TO

10:05AM 5 MYSELF FOR THE GOVERNMENT, MR. COOPERSMITH FOR MR. BALWANI, AND

10:05AM 6 MR. DOWNEY FOR MS. HOLMES.

10:05AM 7     MR. COOPERSMITH:  IT TEACHES ME TO TURN OFF MY PHONE

10:05AM 8 FOR COURT I GUESS, YOUR HONOR, BUT I'LL CHECK IT.

10:05AM 9     THE COURT:  UPDATE YOUR BROWSERS.  WE'LL HAVE COPIES

10:05AM 10 FOR YOU IN JUST A MOMENT OF THE E-MAIL.

10:06AM 11   (PAUSE IN PROCEEDINGS.)

10:06AM 12     THE CLERK:  (HANDING).

10:06AM 13     THE COURT:  THIS IS JULY 17TH, 2019, A TWO PAGE

10:06AM 14 LETTER.

10:06AM 15     MR. WADE:  WE HAVE IT NOW, YOUR HONOR.  THANKS TO

10:06AM 16 THE COURT.  WE'LL TAKE A FEW MOMENTS TO READ.

10:06AM 17     THE COURT:  OF COURSE.

10:06AM 18   (PAUSE IN PROCEEDINGS.)

10:07AM 19     MR. WADE:  WE'RE PREPARED TO PROCEED, YOUR HONOR.

10:07AM 20     THE COURT:  ALL RIGHT.  EVERYONE HAS READ THIS.  HOW

10:07AM 21 ABOUT AN UPDATE, MR. BOSTIC?

10:07AM 22     MR. BOSTIC:  SO, YOUR HONOR, AS THE COURT KNOWS, AT

10:07AM 23 THE TIME OF THE LAST HEARING THE AGENCIES WERE TELLING THE

10:07AM 24 PARTIES THAT THE MAIN OBSTACLES TO THEIR PRODUCING CERTAIN

10:07AM 25 CATEGORIES OF DOCUMENTS WERE THE REQUIREMENT FOR A PROTECTIVE

10:07AM 1     ORDER IN THIS CASE AND A WAIVER FROM THE ASSIGNEE CONTROLLING

10:07AM 2     THERANOS'S RIGHTS.

10:07AM 3          THOSE TWO OBSTACLES HAVE BEEN OVERCOME AS THE COURT SAW IN

10:07AM 4     THE JOINT STATUS UPDATE.  I'M NOT AWARE OF ANY SIGNIFICANT

10:07AM 5     CHANGES SINCE THE PARTIES MADE THEIR SUBMISSIONS ON MONDAY, BUT

10:07AM 6     IF THE COURT WOULD LIKE, I'M ABLE TO SUMMARIZE THE PROGRESS

10:07AM 7     THAT HAS BEEN MADE OVER THE LAST TWO WEEKS SINCE THE JUNE 28TH

10:07AM 8     HEARING.

10:07AM 9          THE COURT:  WELL, I'VE CAPTURED THAT IN THE MEMO SO

10:07AM 10    THAT'S FINE.  YOU DON'T NEED TO REPEAT ANY OF THAT.

10:07AM 11         I GUESS THE QUESTION THAT COMES TO MIND IMMEDIATELY IS

10:07AM 12    WHETHER OR NOT I SHOULD SIGN THE, I THINK IT'S THE CORRECTIVE

10:07AM 13    PROTECTIVE ORDER.

10:07AM 14         WHAT IS THE POSITION OF THE DEFENSE ON THAT?

10:08AM 15         MR. WADE:  WE'VE CONFERRED WITH THE GOVERNMENT AND

10:08AM 16    WITH COCOUNSEL ON THE PROTECTIVE ORDER AND IT ADDRESSES VARIOUS

10:08AM 17    ISSUES.  THE GOVERNMENT HAS BEEN ACCOMMODATING IN ADDRESSING

10:08AM 18    OURS, AND WE'VE TRIED TO BE EQUALLY AS ACCOMMODATING.

10:08AM 19         WE HAVE NO OBJECTION TO THAT ORDER.

10:08AM 20         THE COURT:  ALL RIGHT.

10:08AM 21         MR. BOSTIC:  AGREED, YOUR HONOR.  I THINK SIGNING OF

10:08AM 22    THE PROTECTIVE ORDER WILL FACILITATE PRODUCTION OF THESE

10:08AM 23    DOCUMENTS.

10:08AM 24         THE COURT:  I HAVE A COPY IN MY HAND THAT I AM GOING

10:08AM 25    TO HAND DOWN TO YOU.  I JUST WANT TO MAKE SURE I AM GOING TO

| 10:08AM | 1 | SIGN THE CORRECT DOCUMENT THAT YOU ALL HAVE AGREEMENT TO. |

10:08AM 1  SIGN THE CORRECT DOCUMENT THAT YOU ALL HAVE AGREEMENT TO.

10:08AM 2      MAYBE I'LL GET A CLEAN COPY THAT IS NOT ON THIS.

10:08AM 3          MR. CAZARES: YOUR HONOR, IF I MAY JUST TO MAKE ONE

10:08AM 4  THING CLEAR. IT'S MY UNDERSTANDING THAT THE PROTECTIVE ORDER

10:08AM 5  THAT THE PARTIES HAVE AGREED UPON IS ACCEPTABLE TO THE PARTIES

10:08AM 6  AND IS NOT, HOWEVER, YOU KNOW, SIGNED OFF YET BY THE ASSIGNEE.

10:08AM 7  THEY HAVE NOT NECESSARILY AGREED AT THIS POINT TO PRODUCE

10:08AM 8  DOCUMENTS OR AGREED TO THE PRODUCTION PURSUANT TO THE TERMS AS

10:09AM 9  CONTAINED IN THIS PROTECTIVE ORDER.

10:09AM 10         THE COURT: OKAY. THANK YOU.

10:09AM 11         MR. BOSTIC: SO, YOUR HONOR, TO CLARIFY ON THAT

10:09AM 12  POINT. THE MOST RECENT VERSION, AS I THINK THE COURT IS AWARE,

10:09AM 13  THE GOVERNMENT DRAFTED THIS PROTECTIVE ORDER, NEGOTIATED WITH

10:09AM 14  SEVERAL PARTIES TO MAKE SURE IT WAS ACCEPTABLE TO EVERYBODY,

10:09AM 15  INCLUDING THE TWO SETS OF DEFENSE COUNSEL, THE TWO GOVERNMENT

10:09AM 16  AGENCIES, AS WELL AS COUNSEL FOR THE ASSIGNEE.

10:09AM 17     THE MOST RECENT VERSION THAT THE ASSIGNEE REVIEWED WAS

10:09AM 18  PROBABLY ONE VERSION AGO. I'LL REPRESENT TO THE COURT AND TO

10:09AM 19  DEFENSE COUNSEL THAT I DON'T BELIEVE THERE HAVE BEEN ANY

10:09AM 20  CHANGES TO THE PROTECTIVE ORDER SINCE THEN THAT WOULD AFFECT

10:09AM 21  THE ASSIGNEE'S AGREEMENT TO ISSUE A WAIVER UNDER THE ORDER.

10:09AM 22         THE COURT: SO THIS DOCUMENT THAT I HAVE IN MY HAND

10:09AM 23  THAT I'M PREPARED TO SIGN NOW YOU BELIEVE WILL ALLOW ALL OF THE

10:09AM 24  PROCESS WE TALKED ABOUT BACK IN JUNE AND THAT YOU IDENTIFIED IN

10:09AM 25  YOUR MEMORANDUM TO GO FORWARD, THAT IS, THE PRODUCTION AND THE

10:09AM   1    RELEASE OF THE INFORMATION SIMULTANEOUSLY?

10:09AM   2              MR. BOSTIC:  I DO, YOUR HONOR.  TO THE EXTENT THAT A

10:10AM   3    PROTECTIVE ORDER IS ABLE TO OVERCOME THE OBSTACLES THAT THE

10:10AM   4    AGENCIES WERE FACING, THIS IS THE PROTECTIVE ORDER TO DO THAT.

10:10AM   5              MR. WADE:  YOUR HONOR, I'M SURE WE'LL GET TO THIS.

10:10AM   6    SIGNIFICANT OBSTACLES REMAIN.  WE ARE -- THIS ORDER WILL HELP

10:10AM   7    EXPEDITE THE PRODUCTION OF SOME MATERIALS.

10:10AM   8         WE HAVE REVIEWED IT.  WE UNDERSTAND IT'S THE SAME AS THE

10:10AM   9    ORDER THAT WAS SUBMITTED WITH THE STATUS REPORT, AND WE WOULD

10:10AM  10    AGREE THAT IT'S APPROPRIATE TO SIGN THAT.

10:10AM  11              THE COURT:  OKAY.

10:10AM  12              MR. CAZARES:  AGREED, YOUR HONOR.

10:10AM  13              THE COURT:  OKAY.  ANYONE WISH TO BE HEARD FURTHER

10:10AM  14    ON THIS?

10:10AM  15              MR. WADE:  NO.

10:10AM  16              THE COURT:  OKAY.  ALL RIGHT.  WELL, I'LL SIGN THIS,

10:10AM  17    AND WE HOPE IT HAS THE EFFECT INTENDED.

10:11AM  18         ALL RIGHT.  THANK YOU.  LET'S GO THROUGH -- AND WE'LL HAVE

10:11AM  19    THAT FILED ACCORDINGLY.

10:11AM  20         LET ME GO THROUGH SOME OTHER ISSUES THAT REMAIN.  LET ME

10:11AM  21    FIRST ASK THE GOVERNMENT, ARE THERE ANY ISSUES THAT YOU WOULD

10:11AM  22    LIKE TO BRING UP, MR. BOSTIC, YOUR TEAM?

10:11AM  23              MR. BOSTIC:  YOUR HONOR, I THINK I WILL HAVE SOME

10:11AM  24    RESPONSES TO THE POINTS THAT I EXPECT THE DEFENSE TO RAISE, BUT

10:11AM  25    I'LL RESERVE COMMENTS UNTIL THEN.

10:11AM 1          THE COURT:  OKAY.  ALL RIGHT.  LET'S TURN TO THE

10:11AM 2   DEFENSE THEN.

10:11AM 3          MR. WADE:  JUST SO I'M CLEAR WITH THE COURT, WE'RE

10:11AM 4   STILL ON THE RULE 16 ISSUE HERE?  WE'RE NOT MOVING ON TO

10:11AM 5   SCHEDULING AND OTHER ITEMS YET?

10:11AM 6          THE COURT:  CORRECT.  CORRECT.

10:11AM 7          MR. WADE:  YOUR HONOR, WE'RE BEFORE THE COURT FOR

10:11AM 8   THE THIRD TIME ON THIS ISSUE, AND ALTHOUGH A LOT HAS BEEN

10:12AM 9   WRITTEN, I'M NOT SURE MUCH HAS ACTUALLY BEEN SAID TO GIVE

10:12AM 10  ASSURANCES THAT THE CATEGORIES OF DOCUMENTS THAT WE SEEK WILL

10:12AM 11  BE PRODUCED.

10:12AM 12     WE THINK IT'S CLEAR FROM WHAT IS BEFORE THE COURT THAT AN

10:12AM 13  ORDER IS NECESSARY TO ENSURE FULL COMPLIANCE WITH THE ORDER AND

10:12AM 14  TO ENSURE THE TIMELY COMPLIANCE WITH THE ORDER.

10:12AM 15         THE COURT:  SO THE ORDER THAT YOU'RE SEEKING, AND WE

10:12AM 16  TALKED ABOUT THIS LAST TIME --

10:12AM 17         MR. WADE:  YES.

10:12AM 18         THE COURT:  -- IS AN ORDER TO THE GOVERNMENT TO

10:12AM 19  PRODUCE THIS INFORMATION?

10:12AM 20         MR. WADE:  YES.

10:12AM 21         THE COURT:  SO I'M JUST CURIOUS, AND IT JUST SEEMS

10:12AM 22  TO ME, AND PARDON ME FOR THIS ACADEMIC EXERCISE, IT JUST SEEMS

10:12AM 23  TO ME THAT IF THE AGENCIES THEMSELVES WERE PRESENT BEFORE THE

10:12AM 24  COURT OR UNDER THE JURISDICTION OF THE COURT SOMEHOW, THE COURT

10:12AM 25  COULD, AS I SAID LAST TIME WE WERE TOGETHER WHEN I SUGGESTED

10:12AM  1    INVITING THE ATTORNEYS OF THOSE AGENCIES TO SAN JOSE TO TALK TO

10:12AM  2    US ABOUT THE PRODUCTION, THAT SEEMS TO BE MORE FRUITFUL THAN

10:13AM  3    HAVING THE GOVERNMENT, ORDERING THE GOVERNMENT TO ACT AS A

10:13AM  4    CONDUIT TO THOSE TWO LAWYERS.

10:13AM  5         I'M NOT GOING TO ASK YOU WHY OR IF OR WHY NOT OR WHY DON'T

10:13AM  6    YOU ISSUE 17 SUBPOENAS.  THAT'S YOUR PROVINCE.

10:13AM  7         BUT IT SEEMS TO ME THAT TO HAVE -- FOR THE COURT TO

10:13AM  8    EXERCISE JURISDICTION OVER THOSE AGENCIES, THAT MIGHT BE THE

10:13AM  9    MOST EFFICIENT WAY TO GO.

10:13AM  10        AND THE QUESTION IS CAN I DO THAT NOW?  THAT IS, INSTEAD

10:13AM  11   OF ORDERING THE GOVERNMENT TO PRODUCE, CAN I ORDER THE AGENCIES

10:13AM  12   DIRECTLY, WITHOUT THEM BEING ACTIVELY INVOLVED IN THIS CASE

10:13AM  13   PURSUANT TO A 17 SUBPOENA, FOR EXAMPLE?

10:13AM  14             MR. WADE:  I THINK YOU COULD ISSUE THAT ORDER OF THE

10:13AM  15   COURT, AND IN A SENSE WHAT THE GOVERNMENT, AS I WERE TO

10:13AM  16   UNDERSTAND THEIR PLEADING, IS ESSENTIALLY SAYING THAT THE

10:13AM  17   ASSISTANCE OF THE COURT AND THE AUTHORITY OF THE COURT IS

10:13AM  18   NECESSARY TO ENSURE FULL AND PROMPT COMPLIANCE.

10:13AM  19             THE COURT:  HE DIDN'T SAY THAT.

10:13AM  20             MR. WADE:  WELL, THEY SUGGESTED THAT A RULE 17

10:14AM  21   SUBPOENA --

10:14AM  22             THE COURT:  -- MAY BE NECESSARY, RIGHT.

10:14AM  23             MR. WADE:  -- MAY BE NECESSARY ISSUED FROM THE

10:14AM  24   GOVERNMENT TO THE AGENCIES, WHICH IS A PRETTY EXTRAORDINARY

10:14AM  25   ASSERTION OF THE KIND THAT I'VE NEVER SEEN BEFORE, YOUR HONOR.

10:14AM 1    BUT IF YOU STEP BACK AND FOCUS ON THE LEGAL ISSUE THAT IS

10:14AM 2    REALLY BEFORE THE COURT AS TO WHO HAS THIS OBLIGATION, THE

10:14AM 3    NINTH CIRCUIT LAW IS CLEAR THAT THAT OBLIGATION RESTS WITH THE

10:14AM 4    GOVERNMENT IN THIS CASE.

10:14AM 5    THE COURT:  YOU KNOW, I'M TRYING TO -- YOU KNOW, I

10:14AM 6    APPRECIATE THAT.  WHAT I'M SAYING IS HOW CAN I MOST EFFICIENTLY

10:14AM 7    GET THIS DONE FOR YOU?

10:14AM 8    I'M CURIOUS WHETHER OR NOT -- WE HAVE THIS CORRESPONDENCE

10:14AM 9    FROM MS. NORTON WHERE SHE INDICATES ON THE SECOND PAGE AS SHE

10:14AM 10   PREVIOUSLY CONVEYED IN HER JULY 9TH LETTER, FDA IS AND HAS BEEN

10:14AM 11   WORKING DILIGENTLY TO COLLECT, PROCESS, REVIEW, AND ULTIMATELY

10:14AM 12   PRODUCE ALL DOCUMENTS, AND I KNOW THERE WAS A QUESTION ABOUT

10:14AM 13   THAT, AND SHE SAYS IN THIS LETTER, AND THIS IS THE JULY 16TH,

10:15AM 14   LETTER, ALL DOCUMENTS RESPONSIVE TO ALL SIX CATEGORIES

10:15AM 15   REQUESTED BY THE PARTIES.

10:15AM 16   WHEN I LOOKED AT THIS LETTER, I WAS CURIOUS, DO YOU THINK

10:15AM 17   THIS OPENS THE DOOR FOR THIS COURT TO HAVE JURISDICTION OVER

10:15AM 18   HER TO HOLD HER TO HER WORD?  IS THAT ENOUGH?

10:15AM 19   MR. WADE:  I WOULD THINK AN ORDER THAT COMPELS THEM

10:15AM 20   TO PRODUCE THESE MATERIALS --

10:15AM 21   THE COURT:  PURSUANT TO HER REPRESENTATION.

10:15AM 22   MR. WADE:  -- PURSUANT TO HER REPRESENTATIONS WOULD

10:15AM 23   BE HONORED BY THE FDA.

10:15AM 24   I THINK AS A PRACTICAL MATTER AS OFFICERS BEFORE THE COURT

10:15AM 25   WE HAVE OBLIGATIONS TO THE COURT AND COUNSEL FOR THE GOVERNMENT

10:15AM 1    HAS DONE AN EXCELLENT JOB DISPATCHING THE OBLIGATIONS OF THE

10:15AM 2    UNITED STATES IN THIS CASE, AND SO WE WOULD SUGGEST THAT THE

10:15AM 3    ORDER REALLY BELONGS WITH THEM.  THE OBLIGATION BELONGS WITH

10:15AM 4    THEM, AND THE ORDER SHOULD BE DIRECTED TO THEM.

10:15AM 5        I'M CONFIDENT THAT THE UNITED STATES WILL ADHERE TO AN

10:15AM 6    ORDER FROM THIS COURT, WHETHER THE BEST WAY TO FACILITATE

10:15AM 7    COMPLIANCE WITH THAT I THINK IS INVOLVING THE GOVERNMENT AND

10:16AM 8    THE AGENCIES AND THAT PROCESS.  THAT WORKED WELL TO GET THEM

10:16AM 9    THE MATERIALS BEFORE, AND I THINK WHEN THE COURT ISSUES THAT

10:16AM 10   ORDER, IT WILL PROMPT THE APPROPRIATE RESOURCES NECESSARY TO

10:16AM 11   KEEP THIS ON TRACK AT ALL LEVELS.

10:16AM 12       BUT WHAT WE'VE HAD HERE, YOUR HONOR, IS THEY'VE HAD THIS

10:16AM 13   OBLIGATION SITTING WITH THEM FOR OVER A YEAR AND WE'VE SEEN

10:16AM 14   VERY LITTLE PROGRESS.

10:16AM 15           THE COURT:  OKAY.  YOU KNOW, LET'S --

10:16AM 16           MR. WADE:  YOU DON'T WANT TO RELITIGATE THIS ISSUE.

10:16AM 17           THE COURT:  YES.  LET'S GO FORWARD.  LET'S GO

10:16AM 18   FORWARD TO MAKE SOME PROGRESS HERE.  NO, I APPRECIATE YOUR

10:16AM 19   CONCERNS ON THAT.

10:16AM 20       SO IF THE COURT WERE TO ISSUE AN ORDER TO THE FDA AND TO

10:16AM 21   MS. NORTON SOMEHOW, AND I'M ASKING YOUR ADVICE ON THIS, HOW

10:16AM 22   WOULD THAT READ?  WHAT TYPE OF ORDER SHOULD BE ISSUED TO

10:16AM 23   MS. NORTON?  PURSUANT TO HER JULY 16TH AND JULY 9TH LETTER, THE

10:16AM 24   COURT COULD ORDER HER TO PRODUCE.  AND LET ME JUST SAY THIS, MY

10:17AM 25   SENSE IS THAT I AGREE SIX MONTHS IS TOO, TOO LONG.

10:17AM 1      MY THOUGHT WAS, COMING OUT HERE, WAS THAT I WOULD ORDER A

10:17AM 2   PRODUCTION WITHIN 60, 75 DAYS, AND THEN WE WOULD HEAR FROM THEM

10:17AM 3   PROBABLY WHY THEY CAN'T DO THAT.  THAT'S MY GUESS OF HOW --

10:17AM 4   IT'S JUST A SUGGESTION OF HOW HUMAN NATURE SEEMS TO OPERATE.

10:17AM 5   WE'LL GIVE THEM A TIMELINE AND HOPEFULLY THEY CAN COMPLETE IT

10:17AM 6   IN 75 DAYS, 60 DAYS.  SOMETHING LIKE THAT.

10:17AM 7      BUT WE'LL HEAR FROM THEM WHY THEY CAN'T IF THEY CAN'T.

10:17AM 8         MR. WADE:  MIGHT I SUGGEST, YOUR HONOR, IF WE SET AN

10:17AM 9   EVIDENTIARY HEARING ON THIS MOTION FOR 60 DAYS HENCE, AND WE

10:17AM 10  HAVE THE AUTHORITY TO ISSUE A RULE 17 SUBPOENA OR THE COURT

10:17AM 11  ISSUES A SUBPOENA TO BRING THESE DOCUMENTS TO THAT HEARING, AND

10:17AM 12  WE HAVE THE WITNESSES PREPARED TO BE EXAMINED WITH RESPECT TO

10:17AM 13  THEIR COMPLIANCE WITH THAT ORDER OR SUBPOENA, EITHER ONE, IT

10:18AM 14  SEEMS THE GOVERNMENT IS WILLING TO ISSUE A SUBPOENA, THEY CAN

10:18AM 15  ISSUE A SUBPOENA FOR THOSE CATEGORIES OF DOCUMENTS.

10:18AM 16         THE COURT:  YOU COULD HAVE DONE THAT.

10:18AM 17         MR. WADE:  YEAH.  WELL, I WOULD ANTICIPATE HAVING

10:18AM 18  SEEN THIS MOVIE, YOUR HONOR, THAT WERE WE TO ISSUE A RULE 17

10:18AM 19  SUBPOENA THEY WOULD QUASH IT UNDER NIXON OR SEEK TO QUASH IT

10:18AM 20  UNDER NIXON, AND THEN WE'D BE IN A DIFFERENT ARGUMENT.

10:18AM 21      THE REALITY IS THE OBLIGATION OF THE DISCLOSURE OF THE

10:18AM 22  UNITED STATES IN THIS CASE IS MUCH BROADER, AND THAT'S WHY RULE

10:18AM 23  17 IS NOT NECESSARILY THE APPROPRIATE MECHANISM FOR THAT.

10:18AM 24         THE COURT:  I THINK WE'RE ALL OF COMMON PURPOSE TO

10:18AM 25  GET -- TO KEEP THE CASE MOVING SO WE CAN SECURE AND MAINTAIN

10:18AM 1    THE TRIAL DATE THAT MR. SCHENK, LAST TIME WE WERE TOGETHER, WAS

10:18AM 2    VERY EAGER TO PUT IN CONCRETE.

10:18AM 3         MR. WADE:  AND THAT IS -- I KNOW WE HAVE AN AGREED

10:18AM 4    TO SCHEDULE.  THAT'S A PRETTY PACKED SCHEDULE THAT IS BEFORE

10:18AM 5    THE COURT AS PART OF OUR STATUS REPORT.

10:18AM 6       MANY OF THOSE DATES ARE SORT OF TIED TO PROMPT COMPLIANCE

10:19AM 7    WITH DISCOVERY OBLIGATIONS, AND HAVING JUST PROPOSED THE ORDER

10:19AM 8    I HESITATE TO SAY IT'S GOING TO BE HARD TO MEET IT, BUT IF THE

10:19AM 9    AGENCIES ARE NOT ABLE TO MOVE WITH GREATER DISPATCH, THE WHOLE

10:19AM 10   CASCADING SERIES OF EVENTS IS IN JEOPARDY.

10:19AM 11        THE COURT:  OH, I HAVE GREAT FAITH IN THE GOVERNMENT

10:19AM 12   AGENCIES.

10:19AM 13        MR. WADE:  I DO, TOO, YOUR HONOR, WHEN GIVEN

10:19AM 14   ASSISTANCE AND DIRECTION FROM THE COURT.

10:19AM 15        THE COURT:  SURE.

10:19AM 16        MR. WADE:  A LOT HAS BEEN DONE HERE ALREADY.

10:19AM 17        THE COURT:  LET ME ASK MR. BOSTIC.  PARDON ME.

10:19AM 18     MR. BOSTIC, MY THOUGHT ABOUT WORRYING THE AGENCIES IN SOME

10:19AM 19   MANNER, ISSUING AN ORDER PURSUANT TO HER LETTER AND GIVING HER

10:19AM 20   75 DAYS TO PRODUCE THE DOCUMENTS, DO YOU HAVE ANY THOUGHTS ON

10:19AM 21   THAT, YOU OR YOUR TEAM?

10:19AM 22        MR. BOSTIC:  SO, YOUR HONOR, I DON'T HAVE ANY

10:19AM 23   SPECIAL INSIGHT INTO HOW EFFECTIVE THAT ORDER WILL BE.  I'M IN

10:19AM 24   THE SAME POSITION AS THE COURT AND THE DEFENSE.  I HAVE EVERY

10:19AM 25   REASON TO BELIEVE THAT THE AGENCIES WILL DO THEIR BEST TO HONOR

10:19AM  1    ANY ORDER THAT THE COURT ISSUES AS THE GOVERNMENT HAS BEEN

10:20AM  2    DOING.

10:20AM  3         I AM INCLINED TO TAKE AT FACE VALUE THE REPRESENTATIONS

10:20AM  4    FROM THE AGENCIES THAT THEIR CURRENT TIME ESTIMATES ARE THE

10:20AM  5    BEST THAT THEY CAN DO GIVEN THE SCOPE OF THE REQUESTS AND WHAT

10:20AM  6    THEY HAVE IDENTIFIED AS THE BATCH OF DOCUMENTS THAT NEED TO BE

10:20AM  7    REVIEWED.  I THINK THEY'RE PUTTING IN CONSIDERABLE EFFORTS TO

10:20AM  8    SPEED THAT UP.  I THINK AN ORDER FROM THE COURT WOULD OBVIOUSLY

10:20AM  9    PROVIDE ADDITIONAL IMPETUS FOR THAT TO HAPPEN.

10:20AM 10         SO I WOULDN'T OBJECT OR THE GOVERNMENT WOULDN'T OBJECT TO

10:20AM 11    AN ORDER DIRECTED AT THE AGENCIES.  I'M IN NO POSITION TO MAKE

10:20AM 12    THAT OBJECTION.

10:20AM 13         WHAT I WOULD OBJECT TO, RESPECTFULLY, YOUR HONOR, IS THE

10:20AM 14    ORDER THAT THE DEFENSE IS REQUESTING, WHICH WOULD BE DIRECTED

10:20AM 15    INSTEAD AT THE PROSECUTION IN THIS CASE RATHER THAN THOSE

10:20AM 16    AGENCIES, AND I THINK THE DEFENSE RIGHTLY POINTS OUT THAT THE

10:20AM 17    PROSECUTION HAS OBLIGATIONS UNDER RULE 16, BUT I THINK THE MORE

10:20AM 18    IMPORTANT QUESTION HERE IS WHAT IS THE EXTENT OF THOSE

10:20AM 19    OBLIGATIONS IN THIS SITUATION.

10:20AM 20         AND I THINK THE CASE LAW IS VERY CLEAR THAT THE

10:21AM 21    GOVERNMENT'S OBLIGATIONS UNDER RULE 16 AND UNDER BRADY ONLY GO

10:21AM 22    AS FAR AS THE GOVERNMENT'S ACCESS TO GETTING MATERIALS.

10:21AM 23         I THINK OVER THE LAST FEW WEEKS WE'VE HAD AMPLE

10:21AM 24    DEMONSTRATION AND PROOF THAT THE GOVERNMENT DOES NOT HAVE

10:21AM 25    COMPLETE ACCESS TO THE INFORMATION AND MATERIALS THAT THE

10:21AM 1    DEFENSE IS SEEKING.

10:21AM 2         WE'VE DONE EVERYTHING WE CAN, AND WE'RE EVEN CONSIDERING,

10:21AM 3    LIKE MR. WADE SAID, THE REMARKABLE STEP OF ISSUING A RULE 17

10:21AM 4    SUBPOENA.

10:21AM 5         BUT I SHOULD POINT OUT THAT ONCE WE'RE IN THAT TERRITORY,

10:21AM 6    ONCE WE'RE TALKING ABOUT THE PROSECUTION NEGOTIATING WITH THESE

10:21AM 7    AGENCIES AND TRYING TO PERSUADE THEM AND COORDINATING

10:21AM 8    REQUIREMENTS WITH OTHER PARTIES AND DISAGREEING WITH POSITIONS

10:21AM 9    TAKEN BY THE AGENCIES AND EVEN CONSIDERING RULE 17 SUBPOENAS,

10:21AM 10   WE'RE WELL BEYOND THE KIND OF ACCESS THAT IS CONTEMPLATED BY

10:21AM 11   EITHER BRADY OR RULE AND WE'RE IN NEW TERRITORY, AND THAT'S

10:21AM 12   WHAT THE SALYER CASE SAYS.

10:21AM 13        THE SALYER CASE SPECIFICALLY SAYS THAT THE NEED FOR FORMAL

10:22AM 14   PROCESS AND THE ACQUISITION OF DOCUMENTS IS THE ANTITHESIS OF

10:22AM 15   ACCESS AS DEFINED BY THE CASE LAW DISCUSSING THIS TOPIC.

10:22AM 16        SO I THINK IT'S IMPORTANT TO KEEP THAT IN MIND.  THAT'S

10:22AM 17   THE REASON WHY ANY COURT ORDER IN THE GOVERNMENT'S OPINION

10:22AM 18   SHOULD NOT BE DIRECTED AT THE PROSECUTION, BUT IF THERE IS

10:22AM 19   GOING TO BE AN ORDER, IT WOULD BE MORE EFFECTIVELY DIRECTED AT

10:22AM 20   THE AGENCIES THEMSELVES.

10:22AM 21            THE COURT:  THANK YOU.

10:22AM 22        SO I'M CONTEMPLATING ISSUING AN ORDER TO THE FDA.  IT

10:22AM 23   SEEMS LIKE THE FDA IS REALLY THE AGENCY THAT HAS INDICATED

10:22AM 24   DIFFICULTY COMPLYING WITH ANY REQUEST.  I'M NOT SAYING CMS HAS

10:22AM 25   NOT INDICATED DIFFICULTY AS WELL, BUT I AM CONTEMPLATING

10:22AM 1     ISSUING AN ORDER TO THE AGENCIES, MR. WADE, PURSUANT TO THEIR

10:22AM 2     REPRESENTATIONS IN THE LETTERS THAT THEY HAVE PROVIDED, THAT

10:22AM 3     THEY WILL PROVIDE THIS INFORMATION.

10:22AM 4         MY SENSE IS THAT I WOULD ORDER A PRODUCTION IN 75 DAYS,

10:22AM 5     AND WE'LL SEE WHAT DEVELOPS, AND THAT MAY GIVE US A FURTHER

10:23AM 6     TALKING POINT ABOUT THEIR TIMELINE.

10:23AM 7         MY SENSE IS, AND I'M JUST THINKING ABOUT THIS AS I SIT

10:23AM 8     HERE, THAT THE ORDER WOULD ALSO ORDER THEM TO KEEP IN

10:23AM 9     COMMUNICATION WITH THE GOVERNMENT AND PROVIDE THE GOVERNMENT

10:23AM 10    REGULAR UPDATES IN THAT TIME PERIOD ABOUT THE PRODUCTION.

10:23AM 11        MY CONCERN IS THIS:  THAT I DON'T WANT ANYTHING TO COME UP

10:23AM 12    AND IMPEDE THE PROGRESS THAT HAS BEEN MADE.  I KNOW THAT'S A

10:23AM 13    WORD THAT YOU PROBABLY WOULDN'T USE TO CHARACTERIZE HOW FAR WE

10:23AM 14    HAVE GONE HERE, MR. WADE.

10:23AM 15        BUT AGAIN, THIS COULD RAISE AN ISSUE WHERE THEIR LEGAL

10:23AM 16    TEAM, FDA, CMS MIGHT DECIDE TO COME IN AND DO A MOTION TO QUASH

10:23AM 17    THE COURT'S ORDER OR SOMETHING LIKE THAT.  I HOPE THAT DOESN'T

10:23AM 18    HAPPEN.  I HOPE THESE LETTERS TRULY EXPRESS THE FEELING OF

10:23AM 19    COOPERATION THAT THESE AGENCIES ARE GOING TO ACCOMPLISH AS THEY

10:24AM 20    SAID.

10:24AM 21        YOU'RE ON YOUR FEET, SIR.

10:24AM 22            MR. CAZARES:  YOUR HONOR, COULD I ADDRESS THE ISSUE

10:24AM 23    BEFORE THIS CONTEMPLATED ORDER GETS ISSUED?

10:24AM 24            THE COURT:  SURE.  YOU WANT TO BE HEARD?

10:24AM 25            MR. CAZARES:  YEAH, I WOULD LIKE TO BE HEARD.  THANK

10:24AM 1      YOU.

10:24AM 2                  THE COURT:  SURE.  OF COURSE.

10:24AM 3                  MR. WADE:  I HAVE A COUPLE OF POINTS TO ADDRESS AS

10:24AM 4      WELL, YOUR HONOR.

10:24AM 5                  MR. CAZARES:  OKAY.

10:24AM 6                  MR. WADE:  MAYBE WE'RE GOING TO GET TO THIS CMS

10:24AM 7      ORDER BECAUSE I THINK THE FDA OR THE CMS ISSUE, THE FDA IS MORE

10:24AM 8      TRANSPARENT IN EXPRESSING THAT THEY NEED SIX MONTHS OF TIME TO

10:24AM 9      ADDRESS THIS, AT LEAST SIX MONTHS OF TIME.

10:24AM 10         CMS IS SLIGHTLY MORE ARTFUL IN HOW THEY DRAFT THEIR

10:24AM 11     LETTER, BUT I THINK IF YOU LOOK AT THE RELEVANT PARAGRAPH IN

10:24AM 12     THE CMS LETTER, IN PARTICULAR IF YOU LOOK AT -- I'M LOOKING AT

10:24AM 13     EXHIBIT C TO THE STATUS CONFERENCE REPORT.

10:25AM 14         AND IF YOU LOOK AT THE LAST BULLET ON PAGE -- WELL, THE

10:25AM 15     LETTER IS NOT PAGINATED.  IT'S PAGE -- I BELIEVE IT'S THE THIRD

10:25AM 16     PAGE, YOUR HONOR, THE LAST BULLET THAT STARTS "IN ADDITION TO

10:25AM 17     THE E-MAIL PREVIOUSLY COLLECTED."

10:25AM 18                 THE COURT:  RIGHT.

10:25AM 19                 MR. WADE:  IT'S DOCUMENT 89-3, PAGE 4 OF 6.  THAT'S

10:25AM 20     THE HEADER THAT I HAVE ON MINE.

10:25AM 21                 THE COURT:  RIGHT.  THAT'S THE ECF PAGE.

10:25AM 22                 MR. WADE:  YES.  IF YOU LOOK AT THAT, THEY PROVIDE

10:25AM 23     NO ASSURANCES TO THE TIMING OF WHEN THEY'RE GOING TO PRODUCE

10:25AM 24     THESE MATERIALS AND IN FACT --

10:25AM 25                 THE COURT:  WELL, THEY SAY THE DATA WILL BE

10:25AM 1    IDENTIFIED AND LOADED IN THEIR REVIEW DATABASE IN AUGUST.

10:25AM 2              MR. WADE:  THAT THEY WILL BE LOADED IN AUGUST.

10:25AM 3    THAT'S -- IN OTHER WORDS, YOUR HONOR, THAT'S WHEN THE REVIEW OF

10:25AM 4    THE DOCUMENTS WILL BE --

10:25AM 5              THE COURT:  NO, I UNDERSTAND.  AND THEN THEY SAY

10:26AM 6    THEY WILL THEN BE ABLE TO DETERMINE HOW LONG IT TAKES.

10:26AM 7              MR. WADE:  RIGHT.

10:26AM 8              THE COURT:  RIGHT.

10:26AM 9              MR. WADE:  SO WHEN YOU LOOK AT THAT AND PARTICULARLY

10:26AM 10   WHEN COMBINED WITH THE LETTER OF TODAY WHICH WE RECEIVED JUST

10:26AM 11   BEFORE COURT BEGAN, OR AS COURT BEGAN, THAT SORT OF CREATES A

10:26AM 12   LITTLE MORE AMBIGUITY AS TO THE TIMING OF THE CMS DOCUMENTS AS

10:26AM 13   WELL.  I'M GLAD WE HAD THAT AND IT WAS BROUGHT TO THE ATTENTION

10:26AM 14   OF THE COURT BEFORE ANY ACTION WAS TAKEN, BUT THERE'S NO MORE

10:26AM 15   ASSURANCE FROM CMS.

10:26AM 16     FDA WAS CANDID IN SAYING IT WILL BE SIX MONTHS OR MORE.

10:26AM 17   CMS WAS NOT SPECIFIC, BUT IT COULD BE SIX MONTHS OR MORE AT THE

10:26AM 18   RATE THAT THEY'VE --

10:26AM 19              THE COURT:  WELL, I'M GOING TO SAY 75 DAYS.

10:26AM 20              MR. WADE:  FOR CMS AS WELL, YOUR HONOR.

10:26AM 21              THE COURT:  YES.

10:26AM 22              MR. WADE:  OH, OKAY.  I AM SORRY, I THOUGHT YOU WERE

10:26AM 23   SPEAKING JUST TO ISSUING AN ORDER WITH --

10:26AM 24              THE COURT:  NO.  WE'RE GOING TO START WITH 75 DAYS

10:26AM 25   WITH BOTH, AND THEN WE'LL SEE WHAT IS YIELDED.

10:27AM  1          MR. WADE:  AND, YOUR HONOR, THAT APPROACH SOUNDS

10:27AM  2     SENSIBLE TO TRY AND LIGHT A FIRE, IF YOU WILL, AND MAKE SURE

10:27AM  3     THAT WE KEEP THINGS ON TRACK HERE.  THAT HELPS DEAL WITH THE

10:27AM  4     WHEN, WHICH WAS PART -- ONE OF THE TWO INQUIRIES THE COURT

10:27AM  5     MADE, BUT IT DOESN'T NECESSARILY DEAL WITH THE WHAT, WHICH IS

10:27AM  6     ARE THEY PRODUCING ALL DOCUMENTS COVERED BY THESE REQUESTS?

10:27AM  7          THE CMS LETTER IN PARTICULAR, WHEN YOU LOOK AT THAT, AND

10:27AM  8     THAT WAS ESSENTIALLY CONFIRMED TO US IN OUR DEALINGS WITH THE

10:27AM  9     GOVERNMENT ON THIS, THEY ARE SAYING THAT THEY WILL PRODUCE

10:27AM  10    DOCUMENTS THAT ARE RESPONSIVE TO ALL REQUESTS BUT NOT ALL

10:27AM  11    DOCUMENTS THAT ARE RESPONSIVE TO THE REQUEST.

10:27AM  12          IN OTHER WORDS, YOUR HONOR, IF YOU WERE TO TELL ME TO

10:27AM  13    PRODUCE ALL OF THE FRUIT IN MY REFRIGERATOR AND I WERE TO

10:27AM  14    DESCRIBE MY REFRIGERATOR AND DESCRIBE THE COMPLEXITY AND THE

10:27AM  15    REGULATIONS OVER A NUMBER OF PAGES, AND THEN I WERE TO TELL

10:28AM  16    YOU, YOUR HONOR, TO COMPLY WITH THE ORDER I OPEN THE

10:28AM  17    REFRIGERATOR DOORS, I OPEN THE FRUIT, AND I OPEN THE BOTTOM

10:28AM  18    PRODUCE DRAWER, AND I PULL OUT THE APPLES AND THE ORANGES AND

10:28AM  19    I'VE GIVEN YOU THOSE, AND THEY'RE RESPONSIVE TO YOUR ORDER,

10:28AM  20    THAT'S SORT OF WHAT CMS HAS DONE.

10:28AM  21          WE DON'T KNOW IF THEY'RE STRAWBERRIES OR MAYBE THE BOWL

10:28AM  22    FULL OF CHERRIES ARE SITTING UP ON THE TOP SHELF BECAUSE THE

10:28AM  23    WAY THAT THEY'VE MADE REPRESENTATIONS TO THE COURT IS NOT

10:28AM  24    COMPREHENSIVE.  IN FACT, IT SEEMS ARTFUL.  IT'S VERY CAREFUL TO

10:28AM  25    SAY THAT THEY'RE NOT AGREEING TO PRODUCE ALL DOCUMENTS.

10:28AM 1    THAT'S HOW WE READ IT.  WE HAD AN EXCHANGE WITH THE

10:28AM 2 GOVERNMENT IN CONNECTION WITH THIS -- THE PREPARATION OF THE

10:28AM 3 STATUS REPORT WHERE THE GOVERNMENT HAD INITIALLY SUGGESTED THAT

10:28AM 4 ALL DOCUMENTS WERE BEING PRODUCED, AND THEN UPON OUR RAISING

10:28AM 5 THE ISSUE THEY NOTED THAT THEY COULDN'T ACTUALLY MAKE THAT

10:28AM 6 REPRESENTATION BECAUSE CMS HAS NOT MADE THAT REPRESENTATION.

10:28AM 7    SO I HOPE THAT THE ORDER AS CONTEMPLATED BY THE COURT

10:29AM 8 WOULD INCLUDE ALL DOCUMENTS RESPONSIVE TO THE REQUESTS, NOT

10:29AM 9 SOME DOCUMENTS RESPONSIVE TO THE REQUEST, BECAUSE THERE ARE

10:29AM 10 SIGNIFICANT MATERIALS THAT ARE NOT COVERED BY THE DESCRIPTION

10:29AM 11 OF ACTIONS THAT THE CMS HAS LAID OUT THAT WE THINK ARE CRITICAL

10:29AM 12 TO THE DEFENSE.

10:29AM 13    I'D PREFER NOT TO GO THROUGH THEM LINE BY LINE.  WE CAN

10:29AM 14 START THAT PROCESS, BUT I THINK A CLEAR ORDER AS TO IT BEING

10:29AM 15 ALL DOCUMENTS AND THAT THEY DON'T GET TO DECIDE THE PARAMETERS

10:29AM 16 WOULD GET US WHERE WE NEED TO GO, YOUR HONOR.

10:29AM 17    THE COURT:  OKAY.  THANK YOU.

10:29AM 18    ONE CONCERN I HAD ABOUT, AND I'M LOOKING AT THE

10:29AM 19 PROSECUTION HERE, I THINK THE FDA INDICATED THEY INTEND TO

10:29AM 20 PRODUCE ALL DOCUMENTS, BUT THEY WON'T PRODUCE DOCUMENTS THAT

10:29AM 21 HAVE BEEN PUBLICLY RELEASED IN SOME MANNER.

10:29AM 22    I UNDERSTAND, I THINK I UNDERSTAND THEIR THOUGHT PROCESS

10:29AM 23 THERE, BUT SHOULDN'T THERE BE SOME CATEGORIZATION OR SOME

10:30AM 24 NOTIFICATION OF WHAT THEY'RE NOT GIVING BECAUSE THEY BELIEVE

10:30AM 25 IT'S IN THE PUBLIC DOMAIN?

10:30AM 1           MR. BOSTIC:  SO THE COURT, OF COURSE, IS FREE TO

10:30AM 2    ORDER THAT STEP.  MY UNDERSTANDING OF THAT EXCLUSION IS THAT IT

10:30AM 3    WOULD COVER THINGS LIKE NEWSLETTER, E-MAILS, THINGS SENT TO

10:30AM 4    WIDE DISTRIBUTION LISTS, BLOOMBERG UPDATES, ASSOCIATED PRESS

10:30AM 5    BULLETINS, THINGS THAT ARE EASILY TARGETED AND ISOLATED FROM

10:30AM 6    THE PRODUCTION TO REDUCE THE LOAD ON THE AGENCY TO REVIEW THOSE

10:30AM 7    DOCUMENTS.

10:30AM 8        THE AGENCY WAS CAREFUL TO SAY THAT THEY WOULD STILL

10:30AM 9    PRODUCE ANY SUCH DOCUMENT THAT INCLUDED COMMENTARY FROM AN FDA

10:30AM 10   EMPLOYEE.  SO, FOR EXAMPLE, IF THERE IS A RELEVANT NEWS ARTICLE

10:30AM 11   AND AN FDA EMPLOYEE FORWARDS IT TO ANOTHER, THAT WOULD STILL BE

10:30AM 12   PRESERVED, REVIEWED, AND TURNED OVER TO THE DEFENSE.  IT'S ONLY

10:30AM 13   THE PUBLIC BULLETIN, IT'S THE MASS E-MAILS THAT SHOULDN'T

10:30AM 14   REALLY BE OF ANY VALUE IN THIS CASE.

10:31AM 15           THE COURT:  SURE.

10:31AM 16           MR. BOSTIC:  AND THAT AS WE ALL KNOW TAKES UP A

10:31AM 17   LARGE VOLUME OF ANYONE'S INBOX THAT THE AGENCY IS SEEKING TO

10:31AM 18   AVOID HAVING TO REVIEW AND PRODUCE.  AGAIN, ALL WITH THE AIM OF

10:31AM 19   SPEEDING UP THIS ROSTER AND GETTING THE DOCUMENTS TO THE

10:31AM 20   DEFENSE.

10:31AM 21           THE COURT:  WELL, I AGREE WITH THAT, AND I'M JUST

10:31AM 22   CURIOUS IF THERE ARE SOME -- IF THEY CAN IDENTIFY, IF THE FDA

10:31AM 23   CAN IDENTIFY WHAT IT IS, THE DOCUMENT IS, AND JUST KEEP A LOG

10:31AM 24   OF THAT SUCH THAT IT'S AVAILABLE FOR THE DEFENSE OR BOTH SIDES

10:31AM 25   IF THEY -- IF YOU WANT TO LOOK AT IT.

10:31AM  1      MR. WADE:  THERE'S A GOOD EXAMPLE, YOUR HONOR.  ONE

10:31AM  2  OF THE PARTICULAR ISSUES THAT WE WERE CONTEMPLATING -- BECAUSE,

10:31AM  3  OF COURSE, IF IT'S JUST SPAM, WE DON'T CARE, IF IT HAPPENS TO

10:31AM  4  MENTION SOMETHING AND NO ONE FOCUSES ON IT.

10:31AM  5      BUT THE WAY THAT THEY'VE TALKED ABOUT LIMITING IT TO THOSE

10:31AM  6  MATERIALS WHERE THERE'S COMMENTARY MAYBE IT'S NOT QUITE

10:31AM  7  SUFFICIENT BECAUSE IF YOU THINK ABOUT IT, IF THERE'S A

10:31AM  8  SIGNIFICANT MEDIA ARTICLE THAT RELATED TO THE COMPANY IN THIS

10:31AM  9  CASE AND THAT WAS FORWARDED AROUND WITHOUT COMMENTS TO KEY

10:32AM 10  DECISION MAKERS OR KEY POLICY MAKERS AT A PARTICULAR TIME, THAT

10:32AM 11  COULD BE A SIGNIFICANT FACTOR IN THE CASE.

10:32AM 12      SO AGAIN --

10:32AM 13      THE COURT:  WELL, CAPTURING THE LOG OF THAT, WHAT

10:32AM 14  THEY HAVEN'T SENT.

10:32AM 15      MR. WADE:  I THINK THAT WOULD ADDRESS THAT

10:32AM 16  PARTICULAR POINT, YOUR HONOR.

10:32AM 17      THE COURT:  IT SEEMS LIKE IT WOULD.

10:32AM 18      MR. WADE:  YEAH.

10:32AM 19      MR. BOSTIC:  AND BECAUSE AS I UNDERSTAND IT THIS

10:32AM 20  PROPOSITION, THIS PROPOSAL FROM THE AGENCY WAS DESIGNED TO

10:32AM 21  STREAMLINE THINGS AND SPEED THINGS UP, THEY MAY REACT TO THAT

10:32AM 22  REQUIREMENT BY SIMPLY PRODUCING THOSE MATERIALS RATHER THAN

10:32AM 23  LOGGING THEM IF THAT'S ACCEPTABLE TO THE COURT.

10:32AM 24      THE COURT:  OF COURSE.

10:32AM 25      MR. WADE:  AS WE HAVE SAID THROUGHOUT, YOUR HONOR,

10:32AM  1    OUR GOAL IN IDENTIFYING SPECIFIC CATEGORIES WAS TO EASE THE

10:32AM  2    BURDEN, NOT INCREASE THE BURDEN.

10:32AM  3         WE UNDERSTAND THE GOVERNMENT HAS TOOK STEPS YEARS AGO TO

10:32AM  4    PRESERVE ALL DOCUMENTS THAT RELATE TO THERANOS WITHIN THESE

10:32AM  5    AGENCIES.

10:32AM  6         IF IT'S EASIER TO PRODUCE ALL DOCUMENTS RELATING TO

10:32AM  7    THERANOS AND AVOID ALL OF THIS REVIEW, WE'RE HAPPY TO TAKE ALL

10:32AM  8    OF THEM, YOUR HONOR, AND DO THE WORK FOR THEM.

10:33AM  9         WE WANT WHAT THE COURT WANTS.  WE WANT A PROMPT

10:33AM  10   PRODUCTION.

10:33AM  11        SO IF ANY OF THESE PARTICULARS ARE HOLDING THINGS UP, THEY

10:33AM  12   SHOULD ERR ON THE SIDE OF GIVING US EVERYTHING AND WE'LL DO THE

10:33AM  13   WORK.

10:33AM  14             MR. BOSTIC:  YOUR HONOR, IF I COULD ADDRESS THIS

10:33AM  15   ISSUE ABOUT ALL DOCUMENTS AND WHAT THAT MEANS HERE.  I THINK

10:33AM  16   IT'S VERY EASY FOR THE DEFENSE TO SEND REQUESTS THAT REQUIRE

10:33AM  17   THE PRODUCTION OF ALL DOCUMENTS.  IT'S EQUALLY EASY FOR THE

10:33AM  18   PROSECUTION TO PASS THOSE REQUESTS ON TO THESE AGENCIES, BUT

10:33AM  19   FOR A LARGE ORGANIZATION RECEIVING REQUESTS LIKE THIS AND

10:33AM  20   HAVING TO COMPLY WITH THEM IS A MORE COMPLICATED PROCESS, AND

10:33AM  21   THAT'S TRUE NOT JUST FOR AGENCIES BUT FOR LARGE CORPORATIONS AS

10:33AM  22   EVERYONE IN THIS COURTROOM KNOWS.

10:33AM  23        WHEN LARGE ORGANIZATIONS RECEIVE REQUESTS LIKE THIS,

10:33AM  24   THEY'RE REQUIRED TO, AS A FIRST STEP, FIGURE OUT WHERE THE

10:33AM  25   RESPONSIVE DOCUMENTS ARE LIKELY TO BE, WHO ARE THE MOST

10:33AM 1    RELEVANT CUSTODIANS, WHAT ARE THE DATE LIMITATIONS, HOW CAN WE

10:33AM 2    FIND THESE DOCUMENTS SO THAT WE CAN THEN REVIEW AND PRODUCE

10:33AM 3    THEM.

10:33AM 4         BEAR WITH ME, I HAVE A COUPLE OF FIGURES THAT I JUST

10:34AM 5    GATHERED FROM INTERNET SEARCHING THAT THE FDA, ACCORDING TO MY

10:34AM 6    INFORMATION, HAS 17,000 EMPLOYEES IN THE CENTER FOR DEVICES,

10:34AM 7    AND RADIOLOGICAL HEALTH THERE ARE 1800, AND IN THE OFFICE OF

10:34AM 8    REGULATORY AFFAIRS THERE ARE 4900.

10:34AM 9         JUST IN THOSE SUBGROUPS IF EVERY ONE OF THOSE EMPLOYEES

10:34AM 10   RECEIVES, SAY, 25 E-MAILS PER DAY, WE'RE TALKING ABOUT 160,000

10:34AM 11   E-MAILS PER DAY, AND THAT MEANS MORE THAN 40 MILLION E-MAILS

10:34AM 12   PER YEAR.  SO JUST IN THAT GROUP WE'RE TALKING 40 MILLION

10:34AM 13   E-MAILS PER YEAR.  THAT'S THE VOLUME, THAT'S THE UNIVERSE OF

10:34AM 14   DOCUMENTS THAT THE AGENCY HAS TO SEARCH AND PRODUCE TO RESPOND

10:34AM 15   TO REQUESTS LIKE THESE.

10:34AM 16        SO I THINK AS ANY ORGANIZATION WOULD, THEY IDENTIFY

10:34AM 17   CUSTODIANS, THEY'RE BEING TRANSPARENT ABOUT WHICH CUSTODIANS

10:34AM 18   THEY'RE SEARCHING.

10:34AM 19        I UNDERSTAND THE DEFENSE HAS COMPLAINTS ABOUT THE SCOPE OF

10:34AM 20   THAT SEARCH.  I THINK RECENTLY MR. CAZARES SENT A LETTER TO FDA

10:35AM 21   COUNSEL DISCUSSING SOME OF THOSE POINTS, SOME OF THOSE STEPS

10:35AM 22   THAT THE AGENCY HAS TAKEN.

10:35AM 23        I THINK THAT HAS BEEN THE ONLY COMMUNICATION BETWEEN THE

10:35AM 24   DEFENSE AND THE AGENCIES RELATING TO THESE REQUESTS IN THE

10:35AM 25   CRIMINAL CASE, BUT I THINK THAT IS THE BEST WAY TO ADDRESS

10:35AM 1    THESE ISSUES.

10:35AM 2        IF THE DEFENSE HAS COMPLAINTS OR CONCERNS ABOUT THE STEPS

10:35AM 3    THAT THE AGENCIES ARE TAKING TO NARROW THE UNIVERSE OF WHAT

10:35AM 4    THEY NEED TO REVIEW SO THAT THEY'RE NOT LOOKING AT 40 MILLION

10:35AM 5    E-MAILS PER YEAR, THEN I THINK THOSE CONVERSATIONS SHOULD TAKE

10:35AM 6    PLACE BETWEEN THE DEFENSE AND THE AGENCIES.

10:35AM 7            MR. WADE:   YOUR HONOR, WE UNDERSTAND THE GOVERNMENT

10:35AM 8    IS LARGE AND THAT A LOT OF PEOPLE HAVE E-MAIL AND SEND E-MAIL.

10:35AM 9        WE ALSO UNDERSTAND THAT THERE ARE SOME ARBITRARY CUTOFFS

10:35AM 10   THAT ARE PUT IN THE REPRESENTATIONS OF THE GOVERNMENT THAT

10:35AM 11   CLEARLY MISS THE MARK IN TERMS OF GATHERING ALL DOCUMENTS.

10:35AM 12   I'LL GIVE THE COURT ONE EXAMPLE.

10:35AM 13       THEY TALK ABOUT HOW THEIR MEDIA INTERACTIONS, THE MEDIA

10:36AM 14   INTERACTIONS AT CMS TOGETHER WITH THE DOCUMENTS RESPONSIVE TO

10:36AM 15   THAT REQUEST, THEY HAVE A FORMAL OFFICE OF COMMUNICATIONS OF

10:36AM 16   CMS, THE COMPONENT OF CMS THAT ISSUES PRESS RELEASES AND DEALS

10:36AM 17   WITH FORMAL MEETING INQUIRIES.

10:36AM 18       IT'S CLEAR TO EVERYONE HERE, YOUR HONOR, THAT THERE WERE

10:36AM 19   LEAKS THAT WERE COMING OUT OF CMS OF INFORMATION RELATING TO

10:36AM 20   THERANOS AND INTERACTIONS WITH PEOPLE OF AUTHORITY WITHIN THE

10:36AM 21   AGENCY DEALING WITH SOME OF THE REPORTERS IN THIS CASE.

10:36AM 22       THAT'S NOT GOING TO BE FOUND IN SOME FORMAL INQUIRY TO THE

10:36AM 23   OFFICE OF COMMUNICATIONS.   IT'S GOING TO BE FOUND WITHIN THE

10:36AM 24   AGENCY WITH THE PEOPLE WHO ARE INTERACTING WITH THERANOS OR WHO

10:36AM 25   ARE KNOWLEDGEABLE ABOUT THERANOS, OR SENIOR PEOPLE WITHIN CMS

10:36AM 1     WHO HAVE THAT KNOWLEDGE AND MAY BE DEALING WITH REPORTERS.

10:36AM 2          SO TO SAY THAT THE WAY THAT WE'RE GOING TO RESPOND TO THIS

10:37AM 3     REQUEST, WHICH THEY CLEARLY UNDERSTAND BECAUSE THEY HAVE ALL OF

10:37AM 4     OUR PLEADINGS, THEY'RE A MATTER OF PUBLIC RECORD AND THEY'VE

10:37AM 5     BEEN DEALING WITH THE GOVERNMENT, WHAT WE'RE LOOKING FOR TO TRY

10:37AM 6     AND DO THAT BY GOING TO THE ONE FORMAL PRESS RELEASE MACHINE IS

10:37AM 7     JUST NOT SOMETHING THAT IS DONE IN GOOD FAITH.

10:37AM 8          BUT I THINK THAT THE WAY TO ADDRESS THIS CONSISTENT WITH

10:37AM 9     THE APPROACH THAT IS ADVOCATED BY THE COURT IS NOT TO IMPOSE

10:37AM 10    AN -- YOU KNOW, A FURTHER BURDEN ON THE GOVERNMENT.

10:37AM 11         MR. CAZARES WHEN HE STANDS CAN SPEAK TO THE IMPENETRABLE

10:37AM 12    COMMUNICATIONS THAT HE'S BEEN HAVING WITH THESE AGENCIES FOR

10:37AM 13    NINE MONTHS, TEN MONTHS NOW AND IT'S GOTTEN US TO EXACTLY THE

10:37AM 14    SAME PLACE THAT WE'RE IN HERE.

10:37AM 15         I THINK THE BEST WAY TO ENSURE THAT THERE'S GOOD FAITH

10:37AM 16    COMPLIANCE WITH IT IS THAT AT THE END OF 75 DAYS WE HAVE A

10:37AM 17    HEARING AND WE ASK THOSE PEOPLE WHO ARE GATHERING DOCUMENTS TO

10:37AM 18    BE HERE TO EXPLAIN WHAT THEY DID TO GATHER THE DOCUMENTS.

10:37AM 19         I WILL SAY THAT AS SOMEONE WHO HAS REPRESENTED A LOT OF

10:38AM 20    CORPORATIONS WHO HAS RECEIVED SUBPOENAS OF THE KIND THAT

10:38AM 21    MR. BOSTIC OR REQUESTS OF THE KIND THAT MR. BOSTIC REFERS TO,

10:38AM 22    IF I WERE EVER TO COMPLY WITH THE REQUEST IN RESPONSE TO A

10:38AM 23    GRAND JURY SUBPOENA IN THE WAY THAT THE GOVERNMENT HAS HERE AND

10:38AM 24    THAT -- AND AN ENFORCEMENT ORDER IS BROUGHT BEFORE THE COURT, I

10:38AM 25    MIGHT GO OUT THE SIDE DOOR RATHER THAN THE BACK DOOR WHEN WE'RE

10:38AM 1    DONE.  IT'S NOT TRANSPARENT.  IT'S NOT -- IT'S VERY OPAQUE, AND

10:38AM 2    IT'S CLEARLY NOT COMPREHENSIVE AS CURRENTLY FRAMED BY THE

10:38AM 3    AGENCY.

10:38AM 4         WE'RE JUST WANTING TO AVOID HAVING TO SPEND ANOTHER SIX

10:38AM 5    MONTHS LITIGATING THIS, ALL OF THE EFFORT WHICH WILL DETRACT

10:38AM 6    FROM OUR ABILITY TO PREPARE THE CASE FOR TRIAL, AND KEEP ON THE

10:38AM 7    SCHEDULE THAT IS A TOUGH SCHEDULE FOR THE DEFENSE.

10:38AM 8              THE COURT:  OKAY.  THANK YOU.

10:38AM 9              MR. CAZARES:  THANK YOU, YOUR HONOR.

10:38AM 10   STEPHEN CAZARES FOR MR. BALWANI.

10:38AM 11        YOUR HONOR, THERE ARE A COUPLE OF ISSUES WITH THE PROPOSED

10:39AM 12   ORDER AND FRAMEWORK THAT I THINK THE COURT WANTS TO PROCEED

10:39AM 13   WITH, AND IT RAISES REALLY TWO ISSUES:  EFFICIENCY AND

10:39AM 14   ACCOUNTABILITY.

10:39AM 15        I THINK THAT FIRST ISSUE THE FRAMEWORK AND THE PROPOSED

10:39AM 16   ORDER TO THE AGENCIES TO HAVE THEM CONTINUE TO MAYBE FACILITATE

10:39AM 17   THE PRODUCTION THAT THEY'RE REFERENCING IN THEIR LETTERS THAT

10:39AM 18   MAY OR MAY NOT BE 100 PERCENT RESPONSIVE TO THE REQUESTS IN THE

10:39AM 19   MOTION TO COMPEL, THAT APPEARS ANYWAY TO MAYBE ADVANCE THE

10:39AM 20   EFFICIENCY ISSUE.

10:39AM 21        IT MAYBE WILL PROD THE AGENCIES FORWARD TO ADDRESS THE

10:39AM 22   DOCUMENTS REVIEW MORE QUICKLY, WHICH THE FDA IS NOW SAYING SIX

10:39AM 23   MONTHS DOING A PAGE BY PAGE AND IN SOME WAYS MANUAL REVIEW

10:39AM 24   BECAUSE THEY SAY THEY DON'T HAVE TECHNICAL CAPABILITIES.

10:39AM 25              THE COURT:  I'VE READ THAT.

10:39AM  1          MR. CAZARES:  I KNOW THAT, YOUR HONOR.

10:39AM  2          SO WHAT A RULE 16 ORDER DOES THAT AN ORDER FROM THIS COURT

10:39AM  3     THAT ISN'T TIED TO THE FEDERAL RULES OF CIVIL PROCEDURE OR THE

10:40AM  4     CIVIL RULES OF CRIMINAL -- FEDERAL RULES OF CIVIL PROCEDURE OR

10:40AM  5     THE FEDERAL RULES OF CRIMINAL PROCEDURE IS WHAT IS THE

10:40AM  6     ACCOUNTABILITY TO THAT ORDER OTHER THAN OBVIOUSLY THE OFFICERS

10:40AM  7     BEFORE THIS COURT, THE AUSA'S, DEFENSE COUNSEL, MAYBE COUNSEL

10:40AM  8     TO THE AGENCIES, WHAT IS THE ACCOUNTABILITY AND WHO IS

10:40AM  9     RESPONSIBLE FOR THE OUTPUT OF THAT DOCUMENT PRODUCTION?

10:40AM  10         THE WAY THIS IS BEING FRAMED RIGHT NOW THE DEFENSE AND THE

10:40AM  11    FDA AND CMS ARE ENGAGED IN THIS BACK AND FORTH THAT WE, FOR

10:40AM  12    MR. BALWANI, HAVE BEEN ENGAGED WITH THE AGENCIES NOW FOR

10:40AM  13    11 MONTHS.  IT WAS TEN MONTHS BEFORE.  WE'RE ALMOST 11 MONTHS

10:40AM  14    IN NOW IN TRYING TO GET DOCUMENTS OUT OF THE TWO AGENCIES.

10:40AM  15         HERE IN THE CRIMINAL CASE THE OTHER PARTY TO THE CASE, THE

10:40AM  16    DEPARTMENT OF JUSTICE, IS ESSENTIALLY STANDING BACK LIKE A

10:40AM  17    THIRD PARTY FACILITATING LETTERS AND RESPONSES BACK BETWEEN THE

10:40AM  18    TWO PARTIES.

10:40AM  19         BUT THE WAY IT'S FRAMED RIGHT NOW, EVEN WITH AN ORDER BY

10:40AM  20    THIS COURT TO THOSE AGENCIES, THE DEPARTMENT OF JUSTICE ISN'T

10:41AM  21    RESPONSIBLE FOR THE OUTPUT OF THOSE PRODUCTIONS.

10:41AM  22         TO THE EXTENT THAT THOSE AGENCIES FAIL TO PRODUCE

10:41AM  23    SOMETHING, RIGHT NOW THIS COURT IS NOT MAKING A FINDING THAT

10:41AM  24    THE GOVERNMENT HAS KNOWLEDGE AND ACCESS TO THOSE DOCUMENTS --

10:41AM  25         THE COURT:  IF THEY DON'T, IF THEY DON'T,

10:41AM 1    MR. CAZARES, IF THEY DON'T THEY WILL STAND AT THE LECTERN WHERE

10:41AM 2    YOU ARE AND THEY'LL TELL ME WHY, WON'T THEY?

10:41AM 3         MR. CAZARES:  I HOPE SO, YOUR HONOR.

10:41AM 4         THE COURT:  RIGHT.  RIGHT.

10:41AM 5         MR. CAZARES:  BUT THAT ASSUMES THAT WE CAN FIND WHAT

10:41AM 6    WAS MISSING.  I MEAN, THAT'S THE PROBLEM.  WHEN UNDER RULE 16

10:41AM 7    ORDER, BECAUSE THE GOVERNMENT IN THE PAST HAS GOTTEN 300,000

10:41AM 8    DOCUMENTS FROM THESE 2 AGENCIES AND INTERVIEWED 17 WITNESSES,

10:41AM 9    AND THE COURT FINDS THAT THEY HAVE ACCESS TO THE DOCUMENTS,

10:41AM 10   THEY HAVE THE RESPONSIBILITY TO MAKE SURE THAT EVERYTHING THAT

10:41AM 11   IS RESPONSIVE TO THE REQUEST THAT THE DEFENSE IS ENTITLED TO

10:41AM 12   UNDER RULE 16 GETS PRODUCED.  NOT THE AGENCIES.  NOT MS. NORTON

10:41AM 13   AND THE ATTORNEYS FOR THE AGENCIES.

10:41AM 14       THE GOVERNMENT HAS THE RESPONSIBILITY TO INTERACT WITH THE

10:41AM 15   AGENCIES, MAYBE PROVIDE THE DEPARTMENT OF JUSTICE RESOURCES

10:42AM 16   POST LITIGATION, THERE ARE BUDGETS TO FACILITATE MAYBE THIS

10:42AM 17   REVIEW THAT THE FDA IS HAVING SO MUCH DIFFICULTY DOING BECAUSE

10:42AM 18   THEY DON'T HAVE THE TECHNICAL CAPABILITIES.

10:42AM 19       THE DEPARTMENT OF JUSTICE DOES.  THEY ALSO HAVE HIRED

10:42AM 20   EXPERTS.  MY GUESS IS WHEN WE DO THIS TRIAL THERE WILL BE AN

10:42AM 21   EXPERT WITNESS OR TWO PAID BY THE DEPARTMENT OF JUSTICE TO HELP

10:42AM 22   FACILITATE THE PRESENTATION OF THEIR CASE.  THEY CAN DO THE

10:42AM 23   SAME TO HELP FACILITATE THIS DOCUMENT PRODUCTION, AND I THINK A

10:42AM 24   RULE 16 ORDER WOULD FACILITATE THAT BECAUSE IT WOULD BE

10:42AM 25   INCUMBENT UPON THEM TO GET THE DOCUMENTS AND PRODUCE THEM.

10:42AM 1    THAT'S THE ISSUE, YOUR HONOR.  IT'S NOT THE EFFICIENCY ISSUE.

10:42AM 2        BUT ON THE ACCOUNTABILITY SIDE, I STILL DON'T SEE HOW THE

10:42AM 3    AGENCIES ARE RESPONSIBLE FOR MAKING SURE THAT WE ON THE DEFENSE

10:42AM 4    SIDE GET ALL DOCUMENTS THAT ARE SUBJECT TO RULE 16 THAT ARE

10:42AM 5    HELPFUL TO THE DEFENSE.

10:42AM 6        HOW ARE THEY EVEN IN A POSITION TO KIND OF WEIGH THAT?

10:42AM 7    SOME OF THE ITEMS THAT THEY ARE CONCERNED ABOUT REDACTING OF

10:42AM 8    THIRD PARTY TRADE SECRET AND CONFIDENTIAL COMMERCIAL

10:42AM 9    INFORMATION, TO THE EXTENT THAT THAT IS EMBEDDED IN, LET'S SAY,

10:43AM 10   INTERNAL COMMUNICATIONS RELATING TO THERANOS AND THE DEFENSE

10:43AM 11   HERE, MAYBE THAT'S A DIFFERENT CONTEXT AND MAYBE THAT'S

10:43AM 12   IMPORTANT TO OUR ANALYSIS OF WHAT IS SAID ABOUT THERANOS AND

10:43AM 13   THE REGULATIONS BY THE AGENCIES OF THE DEVICES AND THE

10:43AM 14   LABORATORIES.

10:43AM 15       IT'S NOT CLEAR TO ME THAT REPRESENTATIVES OF THE AGENCIES,

10:43AM 16   MAYBE PARALEGALS THERE, WHO ARE DOING THESE REVIEWS ARE IN A

10:43AM 17   POSITION TO REALLY MEASURE THAT.

10:43AM 18       THE DEPARTMENT OF JUSTICE IS AT LEAST IN A BETTER POSITION

10:43AM 19   TO DO THAT.  THAT'S AGAIN WHY RULE 16 PLACES THE IMPETUS ON

10:43AM 20   THEM, NOT ON THE CUSTODIANS WHO HAVE THESE DOCUMENTS.  THAT'S

10:43AM 21   BRYAN AND THAT'S SANTIAGO, YOUR HONOR.

10:43AM 22       I MEAN, THOSE AGENCIES -- AND IN THE GRACE CASE, THE THIRD

10:43AM 23   PARTY AGENCY, THE EPA, NOT THE DEPARTMENT OF JUSTICE CRIMINAL

10:43AM 24   AGENCY.  IT'S A THIRD PARTY REGULATORY AGENCY THAT WAS A PART

10:43AM 25   OF THE INVESTIGATION AND THAT COURT ISSUED THE ORDER AND

10:43AM 1    REQUIRED THE GOVERNMENT TO GET THE DOCUMENTS FROM THE EPA.

10:43AM 2         I WOULD HOPE THAT THE COURT WOULD DO SO HERE TODAY AND IF

10:43AM 3    IT DOESN'T, I JUST HOPE THAT WE'RE NOT BACK HERE IN TWO OR

10:44AM 4    THREE MONTHS HAVING TO RELITIGATE ALL OF THIS, YOUR HONOR.

10:44AM 5         THE COURT:  OKAY.  THANK YOU.

10:44AM 6         MR. BOSTIC:  YOUR HONOR, MAY I RESPOND TO A COUPLE

10:44AM 7    OF HIS POINTS?

10:44AM 8         THE COURT:  YES.

10:44AM 9         MR. BOSTIC:  SO I CAN TELL THE DEFENSE, AND

10:44AM 10   CERTAINLY FOR MR. BALWANI, WANTS THE COURT'S ORDER TO BE

10:44AM 11   DIRECTED AT THE PROSECUTION.

10:44AM 12        THAT ORDER, THOUGH, WOULD COMPEL THE GOVERNMENT TO TAKE

10:44AM 13   THE STEPS THAT IT HAS ALREADY BEEN TAKING, THE STEPS THAT HAVE

10:44AM 14   ALREADY ACHIEVED SOME SUCCESS IN RETRIEVING THESE DOCUMENTS

10:44AM 15   FROM THE AGENCIES, BUT NOT COMPLETE SUCCESS, AND THAT'S THE

10:44AM 16   PROBLEM.

10:44AM 17        I THINK THE FACT THAT THE GOVERNMENT, AND BY THE

10:44AM 18   GOVERNMENT I MEAN THE PROSECUTION HERE, HAS DONE EVERYTHING IT

10:44AM 19   CAN DO IS NOT IN DISPUTE.

10:44AM 20        DEFENSE COUNSEL HAS REPEATEDLY SAID THEY BELIEVE THE

10:44AM 21   PROSECUTION IS ACTING IN GOOD FAITH ON THIS ISSUE.  THEIR

10:44AM 22   SECTION OF THE JOINT STATUS MEMO SAID THAT DESPITE THE

10:44AM 23   GOVERNMENT 'S EFFORTS, QUOTE, "THE GOVERNMENT HAS BEEN UNABLE

10:44AM 24   TO OBTAIN ASSURANCE FROM THE AGENCIES THAT THEY WILL PRODUCE

10:44AM 25   ALL DOCUMENTS."  WE'VE TALKED ABOUT WHAT THAT "ALL DOCUMENTS"

10:45AM 1    PHRASE MEANS AND SHOULD MEAN.

10:45AM 2         BUT THE POINT HERE IS THAT THE GOVERNMENT HAS TRIED AND

10:45AM 3    HAS BEEN UNABLE TO ACHIEVE MORE THAN IT HAS ACHIEVED.

10:45AM 4         SO THAT'S WHY I THINK THAT WE ARE BEYOND THE RULE 16 SCOPE

10:45AM 5    IN THIS CASE, BECAUSE, AGAIN, THOSE OBLIGATIONS DO REST WITH

10:45AM 6    THE GOVERNMENT, BUT THEY ONLY COVER DOCUMENTS THAT THE

10:45AM 7    GOVERNMENT HAS ACCESS TO, AND WE'VE SHOWN THE EXTENT OF THAT

10:45AM 8    ACCESS HERE.

10:45AM 9         IT'S ONLY FAIR TO APPLY THAT RULE AND TO IMPOSE THAT

10:45AM 10   ACCOUNTABILITY ON THE GOVERNMENT IF THE GOVERNMENT DOES HAVE

10:45AM 11   ACCESS TO THE DOCUMENTS.

10:45AM 12        OF COURSE THAT SHOULD GO WITHOUT SAYING.

10:45AM 13        THE MOST DIRECT APPROACH IT WOULD SEEM IS TO DIRECT AN

10:45AM 14   ORDER AT THE AGENCIES THEMSELVES, THE CUSTODIANS WHO CONTROL

10:45AM 15   THOSE DOCUMENTS WHO CONTROL THEIR OWN POSITIONS ABOUT WHAT

10:45AM 16   THEY'RE GOING TO DO IN RESPONSE TO THESE REQUESTS.

10:45AM 17        DIRECTING THAT ORDER AT THE GOVERNMENT IS NOT MORE

10:45AM 18   EFFICIENT.  IT'S LESS DIRECT.  IT DOES SET UP A POTENTIAL

10:45AM 19   PITFALL FOR THE GOVERNMENT THAT I THINK THE DEFENSE HAS

10:46AM 20   IDENTIFIED WHICH IS THAT IF AND WHEN THE AGENCIES FAIL TO

10:46AM 21   PRODUCE A CERTAIN DOCUMENT OR TWO THE GOVERNMENT CAN THEN BE

10:46AM 22   BLAMED FOR THAT, THE PROSECUTION CAN BE BLAMED FOR THAT.  AND I

10:46AM 23   THINK THAT SITUATION CONFERS AN ADVANTAGE ON THE DEFENSE, BUT I

10:46AM 24   DON'T THINK IT'S AN ADVANTAGE THAT THE COURT SHOULD CONFER

10:46AM 25   BECAUSE I DON'T THINK THAT'S A FAIR SITUATION TO PUT US IN.

10:46AM 1        THE COURT:  THANKS.  LET ME ASK, MR. BOSTIC, JUSTICE

10:46AM 2   HAS A -- I THINK IN NORTH CAROLINA IS THERE A REPOSITORY FOR

10:46AM 3   MASS RELEASE FOR LARGE VOLUMES OF DISCOVERY?

10:46AM 4        MR. BOSTIC:  THERE'S A PROCESSING CENTER, YES.

10:46AM 5        THE COURT:  AND IS THAT SOMETHING THAT THE JUSTICE

10:46AM 6   WOULD MAKE AVAILABLE TO THESE AGENCIES?  IS THAT SOMETHING THAT

10:46AM 7   WOULD ASSIST THIS PROCESS?

10:46AM 8        MR. BOSTIC:  IN FACT, YOUR HONOR, AS I UNDERSTAND IT

10:46AM 9   CMS, I BELIEVE, IS ALREADY BEING AFFORDED THE USE OF THAT

10:46AM 10  FACILITY.  SO THE CMS DOCUMENTS ARE BEING HOSTED AND PROCESSED

10:46AM 11  FROM THE DEPARTMENT OF JUSTICE'S LITIGATION TECHNOLOGY SUPPORT

10:47AM 12  CENTER.

10:47AM 13      SO, YES, THAT RESOURCE IS AVAILABLE.

10:47AM 14       THE COURT:  AND THAT'S AVAILABLE TO THE FDA AS WELL?

10:47AM 15       MR. BOSTIC:  I BELIEVE THE FDA HAS ITS OWN

10:47AM 16  EQUIVALENT PROCESSING SYSTEM.  SO MY UNDERSTANDING FROM THEM IS

10:47AM 17  THAT THEY HAVE NO NEED OF IT, BUT I WOULD BE HAPPY TO HAVE A

10:47AM 18  CONVERSATION WITH THEM ABOUT WHETHER IT WOULD BE HELPFUL TO

10:47AM 19  PROVIDE THEM ACCESS.

10:47AM 20       THE COURT:  IF JUSTICE'S IS MORE EFFICIENT, I THINK

10:47AM 21  THAT WOULD BE A RESOURCE THAT MIGHT BE SUGGESTED TO THE FDA TO

10:47AM 22  USE.

10:47AM 23      MR. CAZARES.

10:47AM 24       MR. CAZARES:  YOUR HONOR, JUST TO RETURN BACK TO

10:47AM 25  MR. BOSTIC'S POINT REGARDING ACCESS AND THE CONTINUED CLAIM

10:47AM 1    THAT THE GOVERNMENT DOESN'T HAVE ACCESS TO THESE DOCUMENTS, THE

10:47AM 2    LETTERS THEMSELVES REQUESTING THAT THE AGENCIES PRODUCE

10:47AM 3    MATERIALS AND THE AGENCY'S RESPONSE EVEN IF IT'S READ AS

10:47AM 4    THEY'LL PRODUCE SOME MATERIALS AND NOT ALL OF THEM, THAT'S

10:47AM 5    ACCESS.  THEY'RE SAYING, YES, YOU MAY HAVE THESE DOCUMENTS.

10:47AM 6        YOU KNOW, AT THIS POINT WHEN YOU GO BACK TO THE HISTORY OF

10:47AM 7    ALL OF THE DOCUMENTS ALREADY PRODUCED AND THE WILLINGNESS

10:47AM 8    REFLECTED BY THE AGENCIES THAT THEY'RE WILLING TO PRODUCE SOME

10:48AM 9    AT LEAST RESPONSIVE DOCUMENTS, THAT'S NOW UPON THE DEPARTMENT

10:48AM 10   OF JUSTICE.  THE AGENCY HAS NOW REPRESENTED TO THIS COURT WE

10:48AM 11   WILL PRODUCE SOME MATERIALS.

10:48AM 12       WE DON'T THINK THAT THEY'VE NECESSARILY BEEN CLEAR ABOUT

10:48AM 13   EXACTLY THE SCOPE OF EVERYTHING THAT THEY PLAN TO PRODUCE AND

10:48AM 14   WHO THOSE CUSTODIANS ARE, FOR EXAMPLE, AT CMS, AND WE HAVE A

10:48AM 15   LOT OF OTHER QUESTIONS.

10:48AM 16       UNDER A RULE 16 ORDER WE COULD POSE THOSE QUESTIONS TO THE

10:48AM 17   DEPARTMENT OF JUSTICE AND THEY COULD THEN GET THOSE ANSWERS.

10:48AM 18       AS, AGAIN, THIS IS BEING SET UP, WE'RE GOING TO BE

10:48AM 19   BRINGING IN THE AGENCIES AND ASKING THESE QUESTIONS OF THEM,

10:48AM 20   AND I'M NOT SURE THAT IS GOING TO BE AN EFFICIENT METHOD TO GET

10:48AM 21   US TO THE POINT WHERE WE, THE DEFENSE, RECEIVE THE MATERIALS

10:48AM 22   WE'RE ENTITLED TO.

10:48AM 23       MR. COOPERSMITH:  YOUR HONOR, IF I COULD ADD, I

10:48AM 24   UNDERSTAND WHY MR. BOSTIC IS MAYBE TRYING TO DISTANCE HIMSELF

10:48AM 25   FROM THE AGENCIES, BUT THE DEPARTMENT OF JUSTICE IS THE UNITED

10:48AM   1    STATES'S LAW FIRM.  IT'S REALLY THE SAME THING.  I WANT TO

10:48AM   2    BORROW MR. WADE'S GRAND JURY SUBPOENA ANALOGY.  SO IF I GET A

10:49AM   3    GRAND JURY SUBPOENA -- THANK YOU, YOUR HONOR.  IF I GET A GRAND

10:49AM   4    JURY SUBPOENA FOR A CORPORATE CLIENT, SO I'VE GOT INHOUSE

10:49AM   5    COUNSEL OF THE CORPORATE CLIENT, THAT'S THE EQUIVALENT OF THESE

10:49AM   6    AGENCY LAWYERS.

10:49AM   7         IF SOMEONE DIRECTED AN ORDER OR A REQUEST TO MOST OF MY

10:49AM   8    CORPORATE INHOUSE COUNSELS, THAT'S NOT WHAT THEY DO.  THEY

10:49AM   9    WOULD BE LOST.

10:49AM  10         WHAT I WOULD DO IN THE FACE OF A SUBPOENA, AND I'M SURE

10:49AM  11    MR. BOSTIC IN OTHER CASES PROBABLY APPRECIATES THIS, IS I GO IN

10:49AM  12    THERE WITH MY TEAM, WITH MY RESOURCES, WITH MY CONSULTANT, WITH

10:49AM  13    MY FORENSIC PEOPLE, MY IMAGING PEOPLE, AND I MAKE SURE BECAUSE

10:49AM  14    I FEEL LIKE AT THAT POINT THAT I'M RESPONDING TO THE SUBPOENA,

10:49AM  15    AND IT'S MY OBLIGATION.  I MAKE SURE THAT EVERY SINGLE DOCUMENT

10:49AM  16    THAT IS RESPONSIVE TO THE SUBPOENA IS PRODUCED.  THAT'S ON ME,

10:49AM  17    AND THAT'S WHAT I DO EVERY SINGLE DAY IN THESE ROUTINE MATTERS.

10:49AM  18         SO MR. BOSTIC IS NO DIFFERENT.  SO THE DEPARTMENT OF

10:49AM  19    JUSTICE HAS VAST LITIGATION RESOURCES.  WHAT WOULD HAPPEN IF A

10:49AM  20    COURT ISSUED A RULE 16 ORDER TO THE GOVERNMENT, NOT TO THE

10:49AM  21    AGENCIES, IS THAT MR. BOSTIC AND HIS COLLEAGUES AT THE

10:49AM  22    DEPARTMENT OF JUSTICE WOULD TELL THE AGENCIES THE LITIGATION

10:50AM  23    TEAM IS HERE TO MAKE SURE THAT EVERY DOCUMENT IS PRODUCED.  IT

10:50AM  24    WOULD BE A SEAMLESS THING.  THE GOVERNMENT IS VERY USED TO

10:50AM  25    WORKING WITH AGENCIES.  THAT'S WHAT THE DEPARTMENT OF JUSTICE

10:50AM 1    DOES.  THEY WORK WITH AGENCIES EVERY SINGLE DAY IN VARIOUS

10:50AM 2    CONTEXTS.

10:50AM 3        SO A RULE 16 ORDER, YOUR HONOR, WOULD PUT ACCOUNTABILITY

10:50AM 4    ON THE GOVERNMENT.  IT WOULD FREE UP THE DEPARTMENT OF JUSTICE

10:50AM 5    RESOURCES TO MAKE SURE EVERY DOCUMENT IS PRODUCED.  IT WOULD

10:50AM 6    MAKE SURE THESE ARE PRODUCED IN THE TIMEFRAME THAT THE COURT IS

10:50AM 7    CONTEMPLATING, AND I THINK WE WOULD QUICKLY GET PAST THIS ISSUE

10:50AM 8    AND MOVE ON WITH THE REST OF THE CASE, AND I THINK THAT'S WHAT

10:50AM 9    IS REQUIRED HERE.

10:50AM 10       THIS IS A DEPARTMENT OF JUSTICE OBLIGATION UNDER THE CASE

10:50AM 11   LAW.  IT'S NOT AN AGENCY OBLIGATION.

10:50AM 12           THE COURT:  THANK YOU.  I APPRECIATE IT.

10:50AM 13           MR. BOSTIC:  YOUR HONOR, ON THAT POINT MAY I?

10:50AM 14           THE COURT:  YES.

10:50AM 15           MR. BOSTIC:  I DON'T THINK THAT'S CORRECT.  WHAT I

10:50AM 16   JUST HEARD MR. COOPERSMITH SAY IS THAT IF THE COURT DIRECTED AN

10:50AM 17   ORDER AT THE PROSECUTION, THAT I AND MY COLLEAGUES WOULD GO TO

10:50AM 18   THE AGENCIES, HANDLE THE COLLECTION AND REVIEW EFFORTS

10:50AM 19   OURSELVES AND PRODUCE THE DOCUMENTS.

10:50AM 20       THAT DESCRIBES ACCESS TO THOSE DOCUMENTS, ACCESS THAT WE

10:51AM 21   DON'T HAVE, THAT WE'VE SHOWN THAT WE DON'T HAVE.

10:51AM 22       COMPONENTS OF THE DEPARTMENT OF JUSTICE REPRESENT THESE

10:51AM 23   AGENCIES IN DIFFERENT CAPACITIES.  THAT'S NOT THE TRIAL TEAM IN

10:51AM 24   THIS CASE.  THAT'S NOT THE CRIMINAL SIDE OF THE UNITED STATES

10:51AM 25   ATTORNEY'S OFFICE.  AND IF IT WERE AS SIMPLE AS ME OR SOMEONE

10:51AM  1      IN MY POSITION SIMPLY GOING TO THOSE AGENCIES DEMANDING ACCESS

10:51AM  2      TO THE DOCUMENTS, GETTING THEM OURSELVES AND PRODUCING THEM, OF

10:51AM  3      COURSE THAT'S WHAT WE WOULD HAVE DONE.  THAT'S JUST NOT A

10:51AM  4      PRACTICAL SOLUTION.

10:51AM  5              THE COURT:  MR. WADE.

10:51AM  6              MR. WADE:  WE UNDERSTAND.  THE COURT HAS PROBABLY

10:51AM  7      HEARD ENOUGH AND IS READY TO RULE.  I WOULD SAY THAT IN HEARING

10:51AM  8      WHAT THE GOVERNMENT SAID, WE NEED TO BE MINDFUL THAT AN ORDER

10:51AM  9      THAT DIRECTS THE GOVERNMENT TO FULFILL AN OBLIGATION CARRIED

10:51AM  10     INTO ONE OF THESE AGENCIES WILL BE HONORED.

10:51AM  11          WHAT WE DON'T WANT TO DO IS TO CREATE A CIRCUMSTANCE WHERE

10:51AM  12     THE LAW IN ANY WAY SUGGESTS THAT A CONTRIVANCE CAN HELP AVOID

10:52AM  13     AN OBLIGATION.  SO WE'RE GOING TO SEND YOU A LETTER AND YOU

10:52AM  14     TELL US YOU WON'T PRODUCE IT, EVEN THOUGH YOU'VE GIVEN US

10:52AM  15     EVERYTHING THAT WE HAVE WANTED, HUNDREDS OF THOUSANDS OF PAGES

10:52AM  16     OF DOCUMENTS MONTH AFTER MONTH THROUGHOUT THE INVESTIGATION,

10:52AM  17     NOW TELL US THAT YOU WON'T GIVE IT TO US AND THEN WE WON'T HAVE

10:52AM  18     AN OBLIGATION.

10:52AM  19          I KNOW THAT'S NOT WHAT THE SPIRIT OF SANTIAGO AND SOME OF

10:52AM  20     THE NINTH CIRCUIT CASES ON THIS THAT HAVE MENTIONED WHAT MY

10:52AM  21     COLLEAGUE SUGGESTS, AND I KNOW THAT'S NOT WHAT THE GOVERNMENT

10:52AM  22     HAS BEEN DOING HERE AND I ACCEPT THEIR REPRESENTATIONS.

10:52AM  23          BUT I DON'T WANT US TO BE NAIVE HERE IN FAILING TO

10:52AM  24     RECOGNIZE THAT THE REASON THAT THEY HAVE NOT RESPONDED TO THOSE

10:52AM  25     REQUESTS AT THIS POINT --

10:52AM   1             THE COURT:  THE AGENCY'S?

10:52AM   2             MR. WADE:  THE AGENCY'S -- IS BECAUSE THEY KNOW THAT

10:52AM   3     THE GOVERNMENT HAS NO OBLIGATION ON THEM TO PROVIDE THOSE

10:52AM   4     MATERIALS.  THAT IS THE REASON THOSE AGENCIES AREN'T PROVIDING

10:52AM   5     THEM.

10:52AM   6         EVERY OTHER REQUEST THAT THEY MADE AS BEST WE CAN TELL

10:53AM   7     THROUGH THE CORRESPONDENCE WAS HONORED.

10:53AM   8         THESE ARE DEFENSE REQUESTS AND THAT'S ONLY WHEN WE HIT --

10:53AM   9     THAT'S THE POINT AT WHICH WE HIT THE ROADBLOCK.

10:53AM  10         SO AGAIN, WE ALL WANT THE SAME THING, AND WE DO WANT

10:53AM  11     ACCOUNTABILITY AS OUR COLLEAGUES HAVE SUGGESTED.  THERE ARE A

10:53AM  12     VARIETY OF WAYS TO GET ACCOUNTABILITY.  WE JUST NEED TO AVOID

10:53AM  13     FURTHER DELAY.

10:53AM  14             THE COURT:  WELL, I AGREE WITH YOU.  THE ORDER THAT

10:53AM  15     IS CONTEMPLATED BY THE COURT IS NOT A CONTRIVANCE.

10:53AM  16             MR. WADE:  OF COURSE.

10:53AM  17             THE COURT:  YOU WEREN'T SUGGESTING THAT.  I

10:53AM  18     APPRECIATE THAT, MR. WADE.

10:53AM  19         BUT RATHER IT'S A DEVICE THAT AFTER HEARING FROM YOU,

10:53AM  20     READING THE PLEADINGS AND UNDERSTANDING THE DEFENSE FRUSTRATION

10:53AM  21     ABOUT NOT HAVING ACCESS TO THESE AND YOUR DISAGREEMENT WITH THE

10:53AM  22     GOVERNMENT AS TO WHETHER OR NOT THEY HAVE ACCESS UNDER THE

10:53AM  23     JUSTICE UMBRELLA, IF YOU WILL, THE COURT FEELS THAT IT SEEMS

10:53AM  24     THAT THE MOST DIRECT METHOD IS TO GO TO THE AGENCIES.

10:53AM  25         WE'VE HAD THESE LETTERS FROM THESE LAWYERS REPRESENTING

10:54AM  1   AT LEAST TO THE COURT THROUGH THE GOVERNMENT THAT THEY INTEND

10:54AM  2   TO FULFILL THEIR OBLIGATION TO PROVIDE THIS INFORMATION.  I'M

10:54AM  3   GOING TO CALL THEM TO TASK ON THAT, AND I'M GOING TO ORDER THAT

10:54AM  4   THEY PRODUCE PURSUANT TO THEIR REPRESENTATIONS TO THE COURT.

10:54AM  5        IT SEEMS TO ME THAT'S THE MOST DIRECT WAY AND EFFECTIVE

10:54AM  6   WAY NOTWITHSTANDING RULE 16.  I APPRECIATE THAT, AND I

10:54AM  7   APPRECIATE THE DEFENSE CONCERN THAT THERE IS A RESPONSIBILITY,

10:54AM  8   A CONSTITUTIONAL RESPONSIBILITY UNDER RULE 16, AND I RECOGNIZE

10:54AM  9   THAT.

10:54AM  10        BUT I WANT TO GO TO THE AGENCIES BECAUSE I BELIEVE AT THIS

10:54AM  11   POINT IN OUR DISCUSSION THAT IS THE MOST EFFECTIVE WAY TO GET

10:54AM  12   THE INFORMATION THAT YOU AND YOUR COLLEAGUES WANT AND YOU'RE

10:54AM  13   ENTITLED TO AND THAT'S WHY I'M GOING DOWN THIS AVENUE, IF YOU

10:54AM  14   WILL.

10:54AM  15        I'M NOT SAYING THAT THE GOVERNMENT IS OFF FREE FROM

10:54AM  16   ANYTHING, AND THIS DOES NOT SAY IN ANY WAY THAT THERE IS NO

10:54AM  17   RULE 16 OBLIGATION ON THE GOVERNMENT.  NO.  NO.  THAT REMAINS.

10:55AM  18        BUT AT THIS POINT HAVING THIS CORRESPONDENCE AND YOU AND

10:55AM  19   YOUR TEAMS HAVE EQUALLY CORRESPONDED WITH THESE AGENCIES TO

10:55AM  20   DEVELOP SOME TYPE OF TRACTION ON THIS, NOT AS MUCH AS YOU WOULD

10:55AM  21   LIKE, BUT AT LEAST THERE'S A PATH TO THIS, AND I'D LIKE TO TAKE

10:55AM  22   ADVANTAGE OF YOUR GOOD EFFORTS, GO DIRECTLY TO THE AGENCIES AND

10:55AM  23   TELL THEM TO PRODUCE.

10:55AM  24        AS I'VE SAID, 75 DAYS IS WHAT I'M GOING TO GIVE THEM.  I

10:55AM  25   HOPE THEY CAN DO IT IN 75 DAYS.  I HOPE THEY CAN RISE TO THE

10:55AM 1   OCCASION TO PRODUCE THAT.

10:55AM 2       IF NOT, THEY WILL TELL US WHY THEY CAN'T.  MY SENSE IS IN

10:55AM 3   THE ORDER I'LL INSTITUTE SOME TYPE OF A STATUS DATE WHERE

10:55AM 4   THEY'LL UPDATE US, AND PERHAPS IT MIGHT BE THROUGH THE

10:55AM 5   GOVERNMENT ALSO, THE PROSECUTION, AS TO WHAT THE STATUS IS AND

10:55AM 6   WHY NOT.

10:55AM 7       AND THEN IT MAY BE THAT WE'LL EXTEND AN INVITATION TO THE

10:55AM 8   RESPONSIBLE PARTIES FROM THE AGENCIES TO COME TO THE COURT AND

10:55AM 9   EXPLAIN THEIR LACK OF ATTENTION OR THEIR LACK OF ABILITY TO

10:55AM 10  COMPLY.  I DON'T KNOW.  I HOPE WE DON'T.  I HOPE THEY GIVE

10:55AM 11  EVERYTHING THAT YOU'RE ASKING FOR.

10:56AM 12      MR. WADE:  HOPEFULLY THAT'S EFFECTIVE, YOUR HONOR.

10:56AM 13  I AM SURE THE GOVERNMENT DOES REMAIN INVESTED TO THE EXTENT

10:56AM 14  THAT IT HAS TO COME BACK TO THE COURT REPRESENTING THE UNITED

10:56AM 15  STATES AND IT'S TRIAL DATE HANGS IN THE BALANCE AS WELL.

10:56AM 16      THE COURT:  YES.

10:56AM 17      MR. WADE:  SO UNDERSTANDING THAT IT WANTS TO MOVE

10:56AM 18  THIS FORWARD, I'M CONFIDENT THAT THEY'LL CONTINUE TO RECOGNIZE

10:56AM 19  THE DIRECTION PROVIDED BY THE COURT AND WHAT THE COURT WISHES

10:56AM 20  AND INCURS FULL COMPLIANCE WITH THAT ORDER AND PROMPT

10:56AM 21  COMPLIANCE.

10:56AM 22      THE COURT:  YES.  THANK YOU.  AND THIS IS NOT GIVING

10:56AM 23  THE GOVERNMENT A PASS ON THIS.  MY SENSE IS THAT YOU AND YOUR

10:56AM 24  TEAM, YOUR COLLEAGUES SEEM TO FEEL THAT IT IS.  IT IS NOT.

10:56AM 25      IT IS A MORE DIRECT OFF RAMP, IF YOU WILL, IN MY JUDGMENT

10:56AM 1    TO GET THE INFORMATION SOONER THAN LATER.  THAT'S WHAT I WANT

10:56AM 2    TO ACCOMPLISH.

10:56AM 3             MR. WADE:  I HOPE THAT'S RIGHT, YOUR HONOR.  THE

10:56AM 4    ONLY FEAR I HAVE IS THAT GIVING THEM FURTHER OPPORTUNITY TO

10:56AM 5    COME IN AND AVOID OBLIGATIONS JUST HAS THE POTENTIAL TO DELAY

10:56AM 6    THINGS FURTHER, THE AGENCIES.  AND WE MAY -- AS THE COURT SAID,

10:57AM 7    WE MAY HEAR THAT, WHICH WILL JUST HAVE THE EFFECT OF DELAYING

10:57AM 8    THESE MATERIALS TO ANOTHER HEARING 75 DAYS HENCE THAT WOULD BE

10:57AM 9    REGRETFUL.  I KNOW THAT THE GOVERNMENT WOULD SHARE THAT FEELING

10:57AM 10   AND HOPEFULLY THEY WILL BE ABLE TO URGE THE AGENCIES TO BE MORE

10:57AM 11   EXPEDITIOUS AND IN MEETING THE COURT'S WISHES AND ULTIMATELY, I

10:57AM 12   GUESS, EVERYONE SUFFERS THE CONSEQUENCES IF THEY DON'T.

10:57AM 13            THE COURT:  OKAY.  THANK YOU.

10:57AM 14        LET ME MOVE TO THE NEXT ISSUE.

10:57AM 15        ANYTHING FURTHER ON THAT?

10:57AM 16            MR. CAZARES:  TWO SMALL POINTS IN THAT ARGUMENT,

10:57AM 17   YOUR HONOR.  REGARDING THE LANGUAGE OF THE PROPOSED ORDER, I

10:57AM 18   THINK WE WOULD REQUEST THAT IT INCLUDE THE SCOPE OF THE

10:57AM 19   DOCUMENT REQUEST CONTAINED IN THE MOTION RATHER THAN THE

10:57AM 20   DESCRIPTION BY THE AGENCIES OF THE DOCUMENTS THAT THEY ARE

10:57AM 21   PLANNING TO PRODUCE BECAUSE I'M NOT SURE THAT THOSE TWO

10:57AM 22   DESCRIPTIONS OF THE REQUEST AND DOCUMENTS AT ISSUE HERE ARE

10:57AM 23   NECESSARILY 100 PERCENT CONSISTENT.  SO THAT'S ONE REQUEST.

10:57AM 24        AND THEN THE SECOND, AND I'M NOT SURE IF I'M HEARING THE

10:58AM 25   COURT CORRECTLY ON THIS, SO IS THE COURT PLANNING TO ISSUE A

10:58AM 1    RULE 16 ORDER DIRECTED TO THE AGENCIES SO IT WILL BE UNDER RULE

10:58AM 2    16 BUT DIRECTED TO THE AGENCIES?

10:58AM 3          THE COURT:  I DON'T THINK SO.

10:58AM 4          MR. CAZARES:  OKAY.  I'M TRYING TO CLARIFY THAT,

10:58AM 5    YOUR HONOR.  THANK YOU.

10:58AM 6          THE COURT:  YOU'RE WELCOME.

10:58AM 7     LET ME MOVE TO THE NEXT ISSUE WHICH IS, AS I SEE IT, IS

10:58AM 8    THIS ISSUE ABOUT AGENT NOTES.  THE DEFENSE HAS APPARENTLY BEEN

10:58AM 9    GIVEN ACCESS TO REVIEW NOTES IT SOUNDS LIKE.  THE GOVERNMENT

10:58AM 10   HAS ALLOWED THE DEFENSE TO GO TO THEIR OFFICE IN SAN FRANCISCO

10:58AM 11   AND REVIEW NOTES, MAKE NOTES OF THOSE, BUT NOT -- THE

10:58AM 12   GOVERNMENT HASN'T PROVIDE HARD COPIES OF THOSE NOTES.

10:58AM 13    I GUESS JUST TO CUT TO THE CHASE HERE, MY QUESTION IS WHY

10:58AM 14   NOT GIVE THEM, IF THEY'RE LOOKING AT IT, WHY NOT GIVE THEM THE

10:58AM 15   HARD COPIES WITH A PROTECTIVE ORDER "ATTORNEYS EYES ONLY,"

10:58AM 16   WHATEVER NEEDS TO BE PUT ON IT?  WHY NOT DO THAT?

10:58AM 17          MR. BOSTIC:  BECAUSE, YOUR HONOR, THE STEP THAT THE

10:58AM 18   GOVERNMENT HAS ALREADY TAKEN IS -- IT REPRESENTS ALREADY

10:59AM 19   EXCEEDING THE REQUIREMENTS OF BRADY AND THE ASSOCIATED CASE

10:59AM 20   LAW.

10:59AM 21    AS THE COURT KNOWS, THE BRADY OBLIGATIONS, AS WELL AS THE

10:59AM 22   JENCKS OBLIGATIONS ON THE GOVERNMENT, THOSE ARE SELF-EXECUTING.

10:59AM 23   THEY DON'T REQUIRE A COURT ORDER.  THEY IMPOSE AN OBLIGATION ON

10:59AM 24   THE PROSECUTORS THEMSELVES TO IDENTIFY, LOCATE, REVIEW, AND

10:59AM 25   PRODUCE MATERIAL THAT COULD BE USEFUL TO THE DEFENSE.  WE TAKE

10:59AM  1      THAT OBLIGATION VERY SERIOUSLY.

10:59AM  2          THE USUAL APPROACH IN ALMOST EVERY CASE IS FOR THE

10:59AM  3      GOVERNMENT TO HANDLE THAT OBLIGATION DIRECTLY, TO REVIEW THOSE

10:59AM  4      NOTES, TO REVIEW OTHER MATERIALS THAT MAY CONTAIN BRADY

10:59AM  5      INFORMATION, AND TO PRODUCE WHAT IT IDENTIFIES AS BRADY

10:59AM  6      INFORMATION TO THE DEFENSE ERRING ON THE SIDE OF PRODUCTION IF

10:59AM  7      THERE'S A QUESTION.

10:59AM  8          THAT WOULD BE THE GOVERNMENT'S APPROACH IN THIS CASE.

10:59AM  9          BUT AFTER THE DEFENSE RAISED AN ISSUE, WE OFFERED TO GO

10:59AM 10      ONE STEP FURTHER AND TO ACTUALLY ALLOW THE DEFENSE TO BE

10:59AM 11      INVOLVED IN THAT PROCESS.  THAT'S AN EXCEPTION.  THAT'S NOT THE

11:00AM 12      USUAL APPROACH.  USUALLY, AS I SAID, THAT RESPONSIBILITY LIES

11:00AM 13      WITH THE GOVERNMENT.

11:00AM 14          HERE ALLOWING THE DEFENSE TO REVIEW THOSE NOTES TAKES THE

11:00AM 15      JUDGMENT CALLS OUT OF THE GOVERNMENT'S HANDS AND ALLOWS THE

11:00AM 16      DEFENSE TO MAKE UP ITS OWN MIND ABOUT WHAT IT THINKS IT NEEDS

11:00AM 17      IN TERMS OF BRADY INFORMATION.

11:00AM 18          BECAUSE THAT ALREADY REPRESENTS A SIGNIFICANT DEPARTURE

11:00AM 19      FROM WHAT THEY'RE ENTITLED TO UNDER BRADY, THE GOVERNMENT FEELS

11:00AM 20      THAT IT'S -- THAT THAT STEP IS SUFFICIENT TO SATISFY ITS

11:00AM 21      OBLIGATIONS.

11:00AM 22              THE COURT:  SURE.  AND I APPRECIATE THAT.  YOU KNOW,

11:00AM 23      LET ME JUST EXPRESS, ANYTHING THAT ALL OF YOU DO TO ENHANCE,

11:00AM 24      AND I HATE TO USE THE WORD "EFFICIENCY" IN A CRIMINAL CASE

11:00AM 25      BECAUSE IT'S NOT ABOUT THAT, BUT AT THE PRETRIAL STAGE ANYTHING

| | |
|---|---|
| 11:00AM | 1 |
| 11:00AM | 2 |
| 11:00AM | 3 |
| 11:00AM | 4 |
| 11:01AM | 5 |
| 11:01AM | 6 |
| 11:01AM | 7 |
| 11:01AM | 8 |
| 11:01AM | 9 |
| 11:01AM | 10 |
| 11:01AM | 11 |
| 11:01AM | 12 |
| 11:01AM | 13 |
| 11:01AM | 14 |
| 11:01AM | 15 |
| 11:01AM | 16 |
| 11:01AM | 17 |
| 11:01AM | 18 |
| 11:01AM | 19 |
| 11:02AM | 20 |
| 11:02AM | 21 |
| 11:02AM | 22 |
| 11:02AM | 23 |
| 11:02AM | 24 |
| 11:02AM | 25 |

THAT YOU DO TO ENHANCE THE ABILITY TO MORE EFFICIENTLY

REPRESENT YOUR RESPECTIVE PARTIES I'M GRATEFUL FOR THAT.

BUT IT SEEMS TO ME THAT IF THEY'VE LOOKED AT IT AND YOU'RE

GIVING THEM ACCESS TO LOOK AT IT, BUT NOT MAKE PHOTOCOPIES OR

ANYTHING LIKE THAT, COULDN'T YOU -- AND WE'VE READ THE

DECLARATIONS.  IT'S DIFFICULT FOR THEM TO COME FROM SEATTLE,

LOS ANGELES, THIS IS AS TO MR. BALWANI, AND SPEND FOUR OR

FIVE HOURS ON GOLDEN GATE AND REVIEW DOCUMENTS.

WHY NOT GIVE THEM -- PROVIDE HARD COPIES SO THAT THEY CAN

DO THIS IN THEIR OFFICE WITH AN "ATTORNEYS EYES ONLY" WITH AN

ORDER THAT SAYS THAT THEY MAY NOT REPRODUCE.  THEY HAVE TO KEEP

A LOG OF WHO -- WHATEVER AND WHOEVER SEES IT AND WHATEVER AND

EVEN GIVE THEM A CERTAIN TIME PERIOD?  YOU CAN HAVE THESE FOR A

WEEK.  YOU CAN HAVE THESE FOR WHATEVER.  I'M JUST GENERATING

OPTIONS,  JUST TO ALLOW THAT EFFICIENCY, AND THEN YOU CAN

RETURN THE HARD COPIES, OR IF THEY KEEP IT, THEY KEEP IT AGAIN

WITH A PROTECTIVE ORDER OF SOME SORT.

IT SEEMS THAT -- AND I DON'T MEAN TO PUNISH YOU FOR

BEING -- YOU KNOW, PUNISH THE PROSECUTION FOR BEING GENEROUS

HERE, BUT IT SEEMS LIKE IF THEY'VE SEEN IT AND THEY'RE GOING TO

CONTINUE TO REVIEW IT, WHY NOT JUST LET THEM HAVE COPIES OF IT

SO THAT THEY CAN LOOK AT IT AND WE CAN SOMEHOW PROTECT THE

DISSEMINATION OF IT?  I'M SURE THEY WOULD AGREE TO SOMETHING

LIKE THAT.

MR. BOSTIC:  SO, YOUR HONOR, AS I TAKE THE COURT'S

11:02AM  1    POINT, A LOT OF THIS RELATES TO THE INCONVENIENCE SUFFERED BY

11:02AM  2    THE DEFENSE COUNSEL AND HAVING TO TRAVEL OUT TO REVIEW THE

11:02AM  3    NOTES.

11:02AM  4        I THINK AS A COMPROMISE POSITION THE GOVERNMENT WOULD BE

11:02AM  5    WILLING TO MAKE THOSE NOTES AVAILABLE IN LOCAL U.S. ATTORNEY'S

11:02AM  6    OFFICES IN SEATTLE OR LOS ANGELES AND D.C. FOR MS. HOLMES'S

11:02AM  7    COUNSEL.  THAT WOULD AVOID THE TRAVEL OBLIGATIONS.

11:02AM  8            THE COURT:  SURE.

11:02AM  9            MR. BOSTIC:  I THINK THE COURT IS ACKNOWLEDGING THE

11:02AM  10   FACT THAT THESE ARE SENSITIVE MATERIALS, THAT THEY WOULD NEED

11:02AM  11   TO BE PROTECTED BY AN "ATTORNEYS EYES ONLY" PROTECTIVE ORDER OR

11:02AM  12   SOMETHING SIMILAR.

11:02AM  13       THE GOVERNMENT WOULD STILL PREFER NOT TO RELINQUISH

11:03AM  14   CUSTODY OF THOSE MATERIALS FOR THAT REASON, AND I THINK IT IS

11:03AM  15   SUFFICIENT TO ALLOW THE DEFENSE TO VISIT A U.S. ATTORNEY'S

11:03AM  16   OFFICE AND REVIEW THOSE NOTES, AND THEN, AGAIN, THE OFFER IS TO

11:03AM  17   PRODUCE ANY NOTES THAT THEY IDENTIFY AS CONTAINING BRADY

11:03AM  18   INFORMATION.

11:03AM  19       SO I THINK THAT SATISFIES THEIR NEEDS.

11:03AM  20           THE COURT:  SURE.  WHAT IS THE VOLUME OF MATERIAL?

11:03AM  21   IS IT BINDERS?  I READ SOMETHING ABOUT BINDERS.  ARE THERE

11:03AM  22   BINDERS OF THOSE?

11:03AM  23           MR. BOSTIC:  YOUR HONOR, THE DEFENSE MAY BE ABLE TO

11:03AM  24   SPEAK TO THAT BETTER THAN I HAVE BECAUSE THEY'VE BEEN IN THE

11:03AM  25   ROOM WITH IT.

11:03AM 1    BUT I CAN TELL THE COURT THAT, OF COURSE, DOZENS OF

11:03AM 2    WITNESSES HAVE BEEN INTERVIEWED.

11:03AM 3         ONE MOMENT, YOUR HONOR.

11:03AM 4         MR. LEACH:  YOUR HONOR, IT'S THREE BINDERS AND

11:03AM 5    APPROXIMATELY 800 PAGES.

11:03AM 6         THE COURT:  OKAY.  THANK YOU, MR. LEACH.  I

11:03AM 7    APPRECIATE THAT.

11:03AM 8         DO YOU HAVE FACILITIES TO -- IF THE COURT ORDERS THAT THE

11:03AM 9    GOVERNMENT PROVIDE YOU COPIES AND THE COURT ORDERS YOU TO MEET

11:03AM 10   AND CONFER ON AN ATTORNEYS EYES ONLY AGREEMENT, DO YOU HAVE IN

11:03AM 11   YOUR LAW OFFICES SAFES WHERE THESE COPIES CAN BE LOCKED UP?

11:04AM 12        MR. COOPERSMITH:  YES, YOUR HONOR.  I'VE HAD CASES

11:04AM 13   IN OUR OFFICE WHERE WE'VE HANDLED NATIONAL SECURITY

11:04AM 14   INFORMATION, AND WE HAVE ALL KINDS OF WAYS TO KEEP IT.  I'M NOT

11:04AM 15   SURE THAT THIS RISES TO THAT LEVEL, BUT WE HAVE THAT ABILITY.

11:04AM 16        LET ME ADDRESS A FEW POINTS TO CLARIFY SOMETHING.  I HAVE

11:04AM 17   NOT HEARD ANYTHING FROM MR. BOSTIC A REAL REASON NOT TO GIVE US

11:04AM 18   COPIES, BUT HERE'S SOME OF THE PRACTICAL CONSIDERATIONS I WOULD

11:04AM 19   LIKE THE COURT TO CONSIDER.

11:04AM 20        FIRST OF ALL, THERE ARE 848 PAGES OF NOTES THAT WE'VE SEEN

11:04AM 21   SO FAR.  THERE MAY BE MORE AS THE CASE PROCEEDS IN THE NEXT

11:04AM 22   YEAR.

11:04AM 23        THESE ARE VERY DENSE, YOU KNOW, VERY SOMETIMES

11:04AM 24   HARD-TO-READ HANDWRITING AND THE ISSUE, AS THE GOVERNMENT

11:04AM 25   ITSELF IDENTIFIED IN THE MOTION TO COMPEL, IS THAT YOU HAVE TO

| | | |
|---|---|---|
| 11:04AM | 1 | LOOK FOR MATERIAL INCONSISTENCIES BETWEEN THE 302 REPORT, THE |
| 11:04AM | 2 | INTERVIEW MEMO, AND THE NOTES.  AND WE'VE ALREADY FOUND MANY OF |
| 11:04AM | 3 | THOSE INSTANCES WHERE THE NOTES ARE FAVORABLE TO THE DEFENSE IN |
| 11:04AM | 4 | A WAY THAT THE 302 DOES NOT QUITE CAPTURE.  SO WE'VE SEEN IT |
| 11:04AM | 5 | OVER AND OVER AGAIN AND EVEN IN THE TIME WE HAVE. |
| 11:05AM | 6 | WE'VE GOT THROWN A HANDFUL OF THESE IN A SIX HOUR SESSION. |
| 11:05AM | 7 | ONE OF THE PROBLEMS, YOUR HONOR -- AND BY THE WAY, THE |
| 11:05AM | 8 | "ATTORNEYS EYES ONLY" I'M NOT SURE IS THE RIGHT NOMENCLATURE. |
| 11:05AM | 9 | WE'RE PERFECTLY HAPPY TO KEEP THEM CONFIDENTIAL AND PROTECTED |
| 11:05AM | 10 | IN LOCKED CABINETS OR WHATEVER THE REQUIREMENT IS. |
| 11:05AM | 11 | "ATTORNEYS EYES ONLY" IS A DIFFERENT THING.  THAT MEANS |
| 11:05AM | 12 | OUR CLIENT COULD NOT SEE IT, AND MR. BALWANI IS A PART OF THE |
| 11:05AM | 13 | DEFENSE TEAM.  HE WAS THERE WITH THE GOVERNMENT'S FULL |
| 11:05AM | 14 | KNOWLEDGE AT THE SESSION.  WE HAD THE U.S. ATTORNEY'S OFFICE |
| 11:05AM | 15 | LAST WEEK REVIEWING THE NOTES.  SO HE HAS A RIGHT TO |
| 11:05AM | 16 | PARTICIPATE IN HIS OWN DEFENSE. |
| 11:05AM | 17 | SO I DON'T KNOW THAT THE GOVERNMENT HAS AN OBJECTION TO |
| 11:05AM | 18 | MR. BALWANI SEEING IT, IT'S MORE OF A CONFIDENTIALITY CONCERN. |
| 11:05AM | 19 | THE COURT:  THIS IS WHY I SAID I MIGHT ASK YOU TO |
| 11:05AM | 20 | MEET AND CONFER ON AN APPROPRIATE ORDER -- |
| 11:05AM | 21 | MR. COOPERSMITH:  YES, YOUR HONOR. |
| 11:05AM | 22 | THE COURT:  -- THAT EXPRESSES THE CONCERNS THAT I |
| 11:05AM | 23 | HAVE THAT THESE DOCUMENTS AND THE INFORMATION SHOULD NOT BE |
| 11:05AM | 24 | REPRODUCED, IT SHOULD NOT BE DISTRIBUTED OUTSIDE OF COUNSEL'S |
| 11:05AM | 25 | OFFICE, AND IT'S FOR COUNSEL'S USE. |

11:05AM 1        MR. COOPERSMITH:  YES, YOUR HONOR, THAT'S PERFECTLY

11:06AM 2    ACCEPTABLE, AND I'M HAPPY TO TALK TO MR. BOSTIC ABOUT THAT.

11:06AM 3        THE OTHER ISSUE I WANT TO MAKE SURE THE COURT IS AWARE AND

11:06AM 4    IT'S IN STATUS REPORT AND AS WELL AS THE LETTER ATTACHED IS

11:06AM 5    THAT WHAT HAS HAPPENED HERE IS THE GOVERNMENT, AND I'M NOT SURE

11:06AM 6    I WOULD USE THE WORD "GENEROUS" TO DESCRIBE IT, BUT WE DO

11:06AM 7    APPRECIATE THE ACCESS, I THINK WHAT HAS HAPPENED HERE IS

11:06AM 8    WITHOUT KNOWING THE DEFENSE THEORIES AND HAVING MANY, MANY

11:06AM 9    PAGES OF HARD-TO-READ NOTES, THERE'S A REAL RISK THAT THE

11:06AM 10   PROSECUTION TRYING TO DO THEIR OWN REVIEW WOULDN'T CAPTURE ALL

11:06AM 11   OF THE BRADY MATERIAL.

11:06AM 12       SO THEY'VE GIVEN THAT, AND WE'RE HAPPY TO ACCEPT THAT

11:06AM 13   OBLIGATION.

11:06AM 14       THE PROBLEM IS HAVING DONE THAT AND NOW THAT WE ARE

11:06AM 15   LOOKING AT THIS, AND WE'RE HOPING TO GET COPIES OBVIOUSLY SO WE

11:06AM 16   DON'T KEEP GOING TO THE CONFERENCE ROOM AT THE U.S. ATTORNEY'S

11:06AM 17   OFFICE.

11:06AM 18       BUT NOW THAT THEY'VE DONE THAT, IT'S NOT APPROPRIATE FOR

11:06AM 19   US TO HAVE TO IDENTIFY TO THE PROSECUTION WE THINK THESE 10

11:06AM 20   SETS OF NOTES OR THESE 30 SETS OF NOTES ARE BRADY MATERIAL

11:06AM 21   BECAUSE THEY HAVE EXCULPATORY INFORMATION.  THAT'S DEFENSE

11:06AM 22   STRATEGY.  THAT'S DEFENSE WORK PRODUCT.  IT'S OUR SELECTION OF

11:07AM 23   WHAT IS IMPORTANT.  THEY'RE NOT ENTITLED TO KNOW THAT.  THERE

11:07AM 24   HAS TO BE A MECHANISM IF WE GET COPIES WHERE WE'RE ABLE TO COPY

11:07AM 25   THINGS SO WE CAN USE IT AND PREPARE FOR TRIAL AND

11:07AM   1    CROSS-EXAMINATION AND ESPECIALLY AGENTS.

11:07AM   2            THE COURT:  WELL, THAT'S A SECOND STEP.  MAY I

11:07AM   3    SUGGEST, AND IF YOU FEEL THAT YOU NEED TO DO THAT AND I

11:07AM   4    UNDERSTAND THE SIXTH AMENDMENT AND ALL OF THAT AND IT IS

11:07AM   5    IMPORTANT TO THE DEFENSE.  IT MAY BE THAT WE CAN DEVELOP A

11:07AM   6    MECHANISM WHERE YOU CAN SEPARATE THOSE AND IDENTIFY THOSE AND

11:07AM   7    BRING THOSE TO THE COURT IN SOME MANNER THAT PROTECTS YOU FROM

11:07AM   8    OTHERWISE DISCLOSING THE DEFENSE STRATEGIES.

11:07AM   9            MR. COOPERSMITH:  THAT'S POSSIBLE.  IT PUTS THE

11:07AM   10   ACTUAL BURDEN ON THE COURT BUT --

11:07AM   11           THE COURT:  I HEAR THE SURF, COUNSEL.

11:07AM   12           MR. COOPERSMITH:  -- COULDN'T APPRECIATE THAT MORE,

11:07AM   13   YOUR HONOR.  I REALIZE THAT -- I JUST THINK THAT THE GOVERNMENT

11:07AM   14   IS OVERPLAYING HOW TOP SECRET THESE MATERIALS ARE.  I THINK

11:07AM   15   WITH A SIMPLE LIKE THEY'RE NOTES, OKAY, THEY'RE NOTES THAT

11:07AM   16   UNDERLIE INTERVIEWS.  THIS IS NOT NATIONAL SECURITIES

11:08AM   17   INFORMATION.  THIS IS NOT THE CROWN JEWELS.

11:08AM   18           THE COURT:  DON'T SNATCH DEFEAT FROM THE JAWS OF

11:08AM   19   VICTORY.

11:08AM   20           MR. COOPERSMITH:  NO, I AM NOT.  I HOPE THAT IS NOT

11:08AM   21   HAPPENING, YOUR HONOR.  BUT I THINK THEY'RE IMPORTANT TO THE

11:08AM   22   DEFENSE BECAUSE OF THE MATERIAL DISCREPANCIES WHERE IT'S MORE

11:08AM   23   FAVORABLE TO THE DEFENSE.  BUT WE HAVE COPIES, AND WE WERE ABLE

11:08AM   24   ABLE TO MAKE A FEW COPIES.  WE WILL AGREE TO USE IT FOR TRIAL

11:08AM   25   PREPARATION AND TRIAL.  I DON'T SEE HOW THAT AFFECTS THE

11:08AM  1    GOVERNMENT.  I HAVE NOT REALLY HEARD A GOOD REASON WHY IT HAS

11:08AM  2    TO BE --

11:08AM  3            THE COURT:  WELL, THE CONCERN I HAVE IS -- AND I

11:08AM  4    DON'T THINK THE GOVERNMENT HAS THIS, BUT I DO -- IS THAT

11:08AM  5    INFORMATION LIKE THIS WOULD BE DISSEMINATED IN THE PUBLIC OR

11:08AM  6    OTHERWISE BE MADE AVAILABLE WHERE IT'S NOT SUPPOSED TO BE.

11:08AM  7            MR. COOPERSMITH:  WE WOULDN'T DO THAT, YOUR HONOR.

11:08AM  8            THE COURT:  BUT IF YOU'RE GOING TO USE IT FOR

11:08AM  9    IMPEACHMENT PURPOSES OR SOMETHING LIKE THAT, THAT'S A DIFFERENT

11:08AM  10   STORY.

11:08AM  11           MR. COOPERSMITH:  BUT, YOUR HONOR, WE HAVE NO WISH

11:08AM  12   TO MAKE ANY OF THOSE NOTES PUBLIC.  WE'RE ABSOLUTELY AGREEABLE

11:08AM  13   TO A CONFIDENTIALITY ORDER, PROTECTIVE ORDER WHERE WE CAN'T DO

11:08AM  14   ANYTHING OTHER THAN USE IT FOR TRIAL PREP, AND THEN OBVIOUSLY

11:08AM  15   AT TRIAL ITSELF IF THE NEED ARISES.  THAT'S FINE WITH US, YOUR

11:09AM  16   HONOR.  WE'RE NOT GOING TO TRY TO PUBLICLY DISSEMINATE THESE

11:09AM  17   MATERIALS, ABSOLUTELY.

11:09AM  18       IT'S JUST THAT WE NEED TO BE ABLE TO DO OUR TRIAL PREP

11:09AM  19   WITHOUT REVEALING WHAT WE THINK IS IMPORTANT TO THE GOVERNMENT.

11:09AM  20           THE COURT:  NO.  I UNDERSTAND.

11:09AM  21       MR. WADE.

11:09AM  22           MR. WADE:  IF I MIGHT BRIEFLY, YOUR HONOR.  AT THE

11:09AM  23   TIME THE STATUS REPORT WAS FILED WE HADN'T YET HAD THE BENEFIT

11:09AM  24   OF REVIEWING THE NOTES.  UNLIKE DEFENSE COUNSEL, I JUST HAD TO

11:09AM  25   TAKE THEM UP ON THE OFFER TO DO IT HERE IN SAN JOSE, BEAUTIFUL

11:09AM  1    SAN JOSE, SO I WALKED ACROSS AND HAD THE CHANCE TO DO THAT

11:09AM  2    YESTERDAY.

11:09AM  3        THERE IS A PRACTICAL ISSUE AS IT RELATES TO THIS.  I

11:09AM  4    DIDN'T SPEND SIX HOURS.  I SPENT ABOUT TWO OR THREE YEARS WITH

11:09AM  5    A KIND YOUNG FBI AGENT MAKING SURE I DIDN'T DO WHAT

11:09AM  6    SANDY BERGER WAS ACCUSED OF A NUMBER OF YEARS AGO.

11:09AM  7        BUT AS A PRACTICAL MATTER IN WORKING WITH THE MATERIALS,

11:09AM  8    WHAT COUNSEL FOR MR. BALWANI SAID IS VERY MUCH REAL, BUT THE

11:09AM  9    SECOND POINT IS WHERE I WANT TO FOCUS WHICH IS THE USE OF THOSE

11:09AM  10   MATERIALS.

11:09AM  11       I SPENT CONSIDERABLE TIME GOING THROUGH A COUPLE OF

11:10AM  12   WITNESSES, AND I'M COMFORTABLE REPRESENTING TO THE COURT THAT

11:10AM  13   WERE THOSE WITNESSES TO TESTIFY AT TRIAL, I WOULD CROSS-EXAMINE

11:10AM  14   THEM USING THOSE NOTES.

11:10AM  15       THERE IS, BASED UPON MY QUICK REVIEW, BRADY IN ALMOST

11:10AM  16   EVERY SET OF NOTES THAT I SAW OR THAT I READ CAREFULLY.

11:10AM  17       UNLIKE COUNSEL FOR MR. BALWANI, I'M NOT COMFORTABLE

11:10AM  18   LETTING THIS TEMPORARY ACCESS MEET A BRADY OBLIGATION BECAUSE I

11:10AM  19   NEED TO HAVE THE INFORMATION IN BRADY THAT I CAN USE TO DEFEND

11:10AM  20   MY CLIENT.  TO JUST HAVE ACCESS TO IT AND NOT BE ABLE TO USE IT

11:10AM  21   IN THE DEFENSE, TO HAVE SOME LIMITED WINDOW WHICH I CAN MAKE

11:10AM  22   THE ASSESSMENT OF HOW TO USE IT IS JUST NOT REALLY WORKABLE AND

11:10AM  23   IT WOULD NOT ALLOW US TO PREPARE FOR THE DEFENSE.

11:10AM  24       I THINK THIS, LIKE ALL OF THE ISSUES THAT HAVE BEEN BEFORE

11:10AM  25   THE COURT --

11:10AM 1        THE COURT:  I'M SORRY, SIR.  IF YOU WERE GIVEN -- IF

11:10AM 2   I ORDER THE GOVERNMENT TO PROVIDE YOU COPIES OF THE 800 PAGES.

11:10AM 3        MR. WADE:  THAT WOULD MEET THE OBLIGATION, YES.  AND

11:10AM 4   THE ONLY RESTRICTION ON USE BEING WE WOULD USE IT TO PREPARE

11:11AM 5   THE DEFENSE AND POTENTIALLY TO EXAMINE WITNESSES IN AN OPEN

11:11AM 6   COURTROOM, BUT APART FROM THAT, BELIEVE ME, NO ONE ELSE IS

11:11AM 7   REALLY GOING TO WANT TO LOOK AT THESE NOTES, AND THIS IS NOT A

11:11AM 8   FUN EXERCISE.  IT'S LABORIOUS.

11:11AM 9        BUT THAT WOULD -- IF WE'RE ABLE TO GET AND KEEP THE NOTES,

11:11AM 10  NOT JUST HAVE ACCESS BUT KEEP THEM THROUGH TRIAL, AND THEN WE

11:11AM 11  CAN GIVE THEM BACK IMMEDIATELY, THAT WOULD MEET OUR ISSUES.

11:11AM 12       THE COURT:  OKAY.  SO, MR. BOSTIC, I THINK YOU SEE

11:11AM 13  WHERE I'M HEADED.  I HOPE YOU DO.  I'M INCLINED TO ORDER THE

11:11AM 14  GOVERNMENT TO PROVIDE DEFENSE COPIES OF THIS MATERIAL.  I'M

11:11AM 15  GOING TO ASK YOU, ALL OF YOU, TO SEE IF YOU CAN MEET AND CONFER

11:11AM 16  ON AN AGREED UPON PROTECTIVE ORDER, WHATEVER, HOWEVER YOU WANT

11:11AM 17  TO CALL THAT, THAT WOULD ENCOMPASS ALSO USE.  I DON'T WANT THIS

11:11AM 18  INFORMATION DISTRIBUTED IN ANY WAY TO THE PUBLIC.  IT'S NOT

11:12AM 19  PUBLIC INFORMATION.  IT'S FOR TRIAL PREPARATION AND POTENTIAL

11:12AM 20  TRIAL USE ONLY.

11:12AM 21       IF THERE'S CONCERN ABOUT, AS THE DEFENSE INDICATED, ABOUT

11:12AM 22  BRADY ISSUES OR ISSUES THAT YOU DON'T WANT THE GOVERNMENT TO

11:12AM 23  USE, YOU CAN ALWAYS COME TO THE COURT AGAIN TO PROVIDE

11:12AM 24  INFORMATION ABOUT WHATEVER IT IS THAT YOU FEEL YOU NEED TO DO

11:12AM 25  IN EX PARTE, NOT EX PARTE, BUT AN IN CAMERA OR SOME OTHER TYPE

11:12AM   1   OF PROCESS.

11:12AM   2       AGAIN, I WANT SUFFICIENT PROTECTION THAT THE DEFENSE WILL

11:12AM   3   PUT THIS INFORMATION AND KEEP IT UNDER LOCK AND KEY AND REVEAL

11:12AM   4   IT ONLY TO A DEFENSE TEAM.  I'LL INVITE YOU TO MEET AND CONFER

11:12AM   5   ON ANY LIMITATIONS THAT THE GOVERNMENT FEELS WOULD BE

11:12AM   6   APPROPRIATE ON THAT, AND THAT ALSO THAT THE DEFENSE FEELS WOULD

11:12AM   7   BE APPROPRIATE ON THAT, WHETHER OR NOT THAT INFORMATION WOULD

11:12AM   8   BE AT THE LAW OFFICES, WHETHER OR NOT THERE SHOULD BE A LOG

11:13AM   9   KEPT OF ANY -- FIRST OF ALL, I DON'T THINK YOU NEED TO MAKE

11:13AM   10  COPIES OF IT, BUT --

11:13AM   11      MR. WADE:  I THINK ONE COPY WOULD BE SUFFICIENT.  I

11:13AM   12  WILL NOTE FOR THE COURT I HAVE RECEIVED NOTES IN TWO OR THREE

11:13AM   13  RECENT INDICTED CASES WITHOUT A PROTECTIVE ORDER, BUT WE'VE

11:13AM   14  DONE ALL OF THE WORK TO PUT A PROTECTIVE ORDER IN PLACE THAT

11:13AM   15  PROTECTS EVERYBODY'S INTEREST.  WE MIGHT AS WELL JUST APPEND

11:13AM   16  THESE ONTO THAT AND GIVE THEM THE PROTECTION --

11:13AM   17      THE COURT:  WELL, I HAVE CONCERNS.

11:13AM   18      MR. WADE:  YES.

11:13AM   19      MR. BOSTIC:  YOUR HONOR, JUST BRIEFLY.  I UNDERSTAND

11:13AM   20  THE COURT IS VIEWING THIS ISSUE PRAGMATICALLY.  IT WANTS THE

11:13AM   21  DEFENSE TO HAVE THE INFORMATION IT NEEDS TO TRY ITS CASE.

11:13AM   22      THE GOVERNMENT, OF COURSE, WANTS THE DEFENSE TO HAVE THE

11:13AM   23  INFORMATION IT'S ENTITLED TO UNDER BRADY AND THAT CASE LAW.

11:13AM   24      IF I COULD JUST MAKE A COUPLE OF POINTS.

11:13AM   25      THE COURT:  PLEASE.

11:13AM 1            MR. BOSTIC:  AND MAYBE TRY TO DISSUADE THE COURT

11:13AM 2    FROM ORDERING PRODUCTION OF THOSE NOTES OR AT LEAST MAKE A

11:13AM 3    RECORD.

11:13AM 4        I THINK THE PROBLEM HERE IS WE'RE TALKING ABOUT NOTES THAT

11:13AM 5    ARE GENERALLY NOT DISCOVERABLE.  GOVERNMENT NOTES, AGENT NOTES

11:13AM 6    ARE NOT GENERALLY SOMETHING THAT NEEDS TO BE TURNED OVER.  THEY

11:14AM 7    NEED TO BE TURNED OVER ONLY WHEN THEY CONTAIN BRADY INFORMATION

11:14AM 8    OR, SAY, A JENCKS STATEMENT THAT WAS NOT REFLECTED IN A

11:14AM 9    SUBSEQUENT REPORT PRODUCED TO THE DEFENSE.

11:14AM 10        SO HOW DO WE HANDLE MAKING SURE THAT THE BRADY INFORMATION

11:14AM 11   GOES TO THE DEFENSE?

11:14AM 12        WELL, AS I SAID, USUALLY THE GOVERNMENT MAKES THAT

11:14AM 13   DETERMINATION.  IN FACT, IT'S NOT JUST TRADITION THAT SUGGESTS

11:14AM 14   THAT APPROACH, IT'S THE CASE LAW.

11:14AM 15        IN PARTICULAR, UNITED STATES VERSUS LUCAS, I BELIEVE THIS

11:14AM 16   WAS CITED IN THE GOVERNMENT'S BRIEFING, THIS IS A NINTH CIRCUIT

11:14AM 17   CASE FROM 2016.  THE CITE IS 841 F.3D 796.  AND IT SAYS, "IT IS

11:14AM 18   THE GOVERNMENT, NOT THE DEFENDANT OR THE TRIAL COURT, THAT

11:14AM 19   DECIDES PROSPECTIVELY WHAT INFORMATION, IF ANY, IS MATERIAL AND

11:14AM 20   MUST BE DISCLOSED UNDER BRADY."

11:14AM 21        SKIPPING A COUPLE OF SENTENCES IT SAYS, "BRADY DOES NOT

11:14AM 22   PERMIT A DEFENDANT TO SIT THROUGH INFORMATION HELD BY THE

11:14AM 23   GOVERNMENT TO DETERMINE MATERIALITY," AND THAT CITES A SUPREME

11:14AM 24   COURT CASE PENNSYLVANIA V. RITCHIE.

11:15AM 25        THAT'S EXACTLY WHAT WE'RE TALKING ABOUT HERE, AND THAT'S

11:15AM   1    THE OFFER THAT THE GOVERNMENT MADE TO THE DEFENSE TO ACTUALLY

11:15AM   2    ALLOW THE DEFENSE TO COME, QUOTE, "SIFT THROUGH INFORMATION

11:15AM   3    HELD BY THE GOVERNMENT AND MAKE THAT MATERIALITY

11:15AM   4    DETERMINATION."

11:15AM   5        SO THE GOVERNMENT TOOK THAT ADDITIONAL STEP.  THE FURTHER

11:15AM   6    STEP OF JUST TURNING OVER ALL OF THOSE MATERIALS, MATERIALS

11:15AM   7    THAT GO BEYOND WHAT CONTAINS BRADY AND DISCOVERABLE

11:15AM   8    INFORMATION, THAT'S WHAT REPRESENTS AN EVEN GREATER DEPARTURE

11:15AM   9    FROM THE CASE LAW AND THE NINTH CIRCUIT LAW HERE.  THAT'S WHAT

11:15AM  10    THE GOVERNMENT IS RESISTANT TO.

11:15AM  11        AND AGAIN, NOT TO RELY ON TRADITION, BUT THIS IS NOT

11:15AM  12    TYPICALLY DONE IN CASES.  THE THINGS ABOUT THIS CASE THAT MAKE

11:15AM  13    IT UNIQUE, THE MEDIA ATTENTION, THE LOSS AMOUNT, THE NUMBER OF

11:15AM  14    VICTIMS, NONE OF THESE THINGS ENHANCE THE DEFENDANT'S BRADY

11:15AM  15    RIGHTS.  THEY'RE ENTITLED TO WHAT THEY'RE ENTITLED TO, AND

11:15AM  16    THAT'S DEFINED BY THE CASE LAW.

11:15AM  17        SO THE GOVERNMENT IS HAPPY TO MEET AND CONFER WITH THE

11:15AM  18    DEFENSE, BUT I WOULD URGE THE COURT NOT TO --

11:15AM  19            THE COURT:  THANK YOU, MR. BOSTIC.  THANK YOU FOR

11:15AM  20    MAKING THAT RECORD REGARDING THE NINTH CIRCUIT CASES AND ALSO

11:16AM  21    THE UNIQUENESS OF THIS CASE AS YOU POINT OUT.

11:16AM  22        I SUPPOSE WHEN I LOOK AT THIS PARTICULAR ISSUE, AND AGAIN,

11:16AM  23    I DON'T MEAN TO -- THIS IS NOT PUNISHMENT FOR THE GOVERNMENT

11:16AM  24    BECAUSE OF THEIR GENEROSITY -- AND I'LL USE THAT WORD.  YOU'VE

11:16AM  25    ALLOWED THEM TO LOOK AT IT ALREADY, AND THEY'VE SEEN IT, AND

| | |
|---|---|
| 11:16AM | 1 |

THEY'VE HAD ACCESS TO IT.  OKAY.

BECAUSE THEY'VE LOOKED AT IT NOW, THEY -- IT'S THE COURT'S

FINDING THAT THEY HAVE ALREADY LOOKED AT IT, AND THEY HAVE SEEN

IT, THEY SHOULD HAVE COPIES OF IT AVAILABLE TO THEM FOR THEIR

USE.  OSTENSIBLY THE PROCESS THAT THE GOVERNMENT ENGAGED IN WAS

WE WON'T LOOK FOR BRADY.  WE'LL LET YOU HAVE ACCESS TO THIS,

AND YOU CAN TELL US WHAT YOU THINK IS MATERIAL BRADY

INFORMATION.  MATERIAL AS OPPOSED TO, WELL, THIS WITNESS SAID

IT HAPPENED AT 1:00 O'CLOCK OR THE OTHER WITNESS SAID IT

HAPPENED AT 1:15.

YOU KNOW, WE HAVE JURY INSTRUCTIONS ABOUT TWO PEOPLE

SEEING THE SAME EVENT AND REMEMBERING IT DIFFERENTLY.  THAT'S

NOT NECESSARILY BRADY INFORMATION.  THAT'S NORMAL HUMAN BEING

COGNITIVE RESPONSES TO OBSERVATIONS AND JURY INSTRUCTIONS SO

INFORM.

BUT THE GOVERNMENT HERE HAS PROVIDED THE DEFENSE AN

OPPORTUNITY TO LOOK AT THIS INFORMATION.  WHEN I LOOKED AT

THIS, AND, AGAIN, I KNOW ONE OF THE CONCERNS I HAD WAS, WELL,

IS THE DEFENSE USING THIS AS A TOOL TO JUST GAIN ADDITIONAL

INFORMATION THAT IS BEYOND BRADY?

MY SENSE IS THAT SOME OF THIS INFORMATION PROBABLY EXTENDS

BEYOND BRADY.  NOT ALL OF IT IS BRADY INFORMATION AND, YOU

KNOW, YOU'RE GOING TO HAVE COPIES OF THIS WHICH MAY OR MAY NOT

ENHANCE YOUR ABILITY TO EXAMINE WITNESSES BEYOND BRADY REASON.

THE GOVERNMENT HAS ENGAGED THIS, THEY HAVE ALLOWED YOU TO

11:17AM 1   LOOK AT IT, AND YOU'RE HERE ASKING FOR THIS INFORMATION BASED

11:17AM 2   ON BRADY, BUT WE ALL RECOGNIZE THAT NOT ALL OF THIS INFORMATION

11:18AM 3   IS BRADY.  IT GOES BEYOND THAT.

11:18AM 4           MR. WADE:  I THINK THAT'S FAIR, YOUR HONOR.

11:18AM 5   OBVIOUSLY IF THERE'S A PERFECTLY CONSISTENT STATEMENT IN NOTES

11:18AM 6   AND IT SHOWS UP IN THE 302 THAT'S NOT BRADY, AND WE WOULD NOT

11:18AM 7   NEED THE NOTES.

11:18AM 8       WE'RE HERE BECAUSE WE'RE FOCUSSED ON MATERIAL

11:18AM 9   INCONSISTENCIES IN THE INFORMATION AND NOT HAVING -- AND THE

11:18AM 10  PRACTICAL ISSUES OF NOT HAVING TO BE IN SOME REVOLVING DOOR

11:18AM 11  BEFORE THE COURT TO TRY TO DEAL WITH THIS ISSUE IN A WAY THAT

11:18AM 12  DOESN'T REVEAL DEFENSE STRATEGY.  THAT'S REALLY, I THINK, AS A

11:18AM 13  PRACTICAL MATTER WHY WE'RE HERE.

11:18AM 14      I THINK THAT AN ORDER OR MAYBE A DIRECTION FROM THE COURT

11:18AM 15  TO DO THIS WITH THE APPROPRIATE PROTECTIONS THAT IT'S JUST --

11:18AM 16  LIKE YOU SAY, YOUR HONOR SAID, WE ALREADY REVIEWED THE

11:18AM 17  MATERIAL.  I DIDN'T FLIP THROUGH NEARLY EVERY PAGE ALTHOUGH I

11:18AM 18  DIDN'T CAREFULLY REVIEW EVERY PAGE.

11:18AM 19      AND WHAT WE DON'T WANT IS WE DON'T WANT TO GET INTO SOME

11:18AM 20  GAME OF JUDICIAL GOTCHA WITH THE GOVERNMENT.  I NOW KNOW THAT

11:19AM 21  THERE ARE SOME SIGNIFICANT STATEMENTS IN THE NOTES THAT WERE

11:19AM 22  NOT IN THE MEMOS.  A DIFFERENT WAY TO PLAY THIS IS SAY, WELL, I

11:19AM 23  CAN'T MEET THE BRADY OBLIGATIONS SO IT REMAINS WITH THE

11:19AM 24  GOVERNMENT BECAUSE I DON'T HAVE THE INFORMATION AND SEE IF THEY

11:19AM 25  MEET THEIR OBLIGATION.

11:19AM   1        I MEAN, IT DOESN'T MAKE SENSE.  IT'S NOT THE WAY WE SHOULD

11:19AM   2   PROCEED AS LAWYERS BEFORE THE BAR.

11:19AM   3        I THINK THAT WE CAN DO THIS IN A WAY THAT IS PROTECTIVE OF

11:19AM   4   THE GOVERNMENT'S INTEREST AND HELP KEEP THIS CASE ON TRACK.

11:19AM   5             THE COURT:  OKAY.

11:19AM   6             MR. BOSTIC:  YOUR HONOR, IN LIGHT OF THE COURT'S AND

11:19AM   7   THE DEFENSE'S ACKNOWLEDGEMENT THAT SOME OF THIS INFORMATION

11:19AM   8   WILL NOT BE BRADY, IS THE GOVERNMENT CONTEMPLATING OR WOULD

11:19AM   9   THE -- EXCUSE ME, IS THE GOVERNMENT CONTEMPLATING OR WOULD THE

11:19AM  10   -- EXCUSE ME.  IS THE COURT CONTEMPLATING OR WOULD THE COURT BE

11:19AM  11   OPEN TO AN ORDER THAT ALLOWS THE DEFENSE TO CONTINUE REVIEWING

11:19AM  12   THESE MATERIALS AT ITS OFFICES, IF NECESSARY, BUT TO RETAIN

11:19AM  13   COPIES PERMANENTLY ONLY OF BRADY MATERIALS?

11:19AM  14             THE COURT:  WELL, THAT I THINK MAKES GOOD SENSE, I

11:19AM  15   DO.  THIS IS A BRADY SEARCH, IF YOU WILL, AND ONE OF THE THINGS

11:20AM  16   THAT COULD HAPPEN IS THE GOVERNMENT WOULD RELEASE THE BINDERS,

11:20AM  17   THE 800 PAGES, WHATEVER THEY ARE, AND YOU WOULD HAVE THEM IN

11:20AM  18   YOUR OFFICE.  YOU WOULD BE ABLE TO REVIEW THEM FOR YOUR BRADY

11:20AM  19   PURPOSES, AND I'M SURE YOU'LL TAKE NOTES OF OTHER INFORMATION

11:20AM  20   CONTAINED IN THERE.

11:20AM  21        BUT IF IT'S BRADY THAT YOU WANT, THEN YOU SHOULD BE ABLE

11:20AM  22   TO KEEP THE BRADY INFORMATION.

11:20AM  23             MR. WADE:  AS A PRACTICAL MATTER, AND, AGAIN, THAT'S

11:20AM  24   REALLY WHAT THIS COMES DOWN TO, WE'RE NOT GOING TO PREPARE ALL

11:20AM  25   OF OUR CROSS-EXAMINATIONS IN THE NEXT 30 DAYS, 60 DAYS,

1    90 DAYS.

2              THE COURT:  WHY NOT?

3         (LAUGHTER.)

4              MR. WADE:  WE'RE TOO BUSY FIGHTING FOR AGENCY

5    DOCUMENTS IT TURNS OUT AND HAVING TO REVIEW THOSE.

6         SO IT WILL BE QUITE SOME TIME BEFORE WE'RE IN A WINDOW,

7    ALTHOUGH THERE WILL BE SOME WITNESSES WHO WE START TO WORK

8    THROUGH AND THERE WILL BE OTHER WITNESSES WHO, YOU KNOW, MAYBE

9    WE DEAL WITH CLOSER TO TRIAL OR IN TRIAL BECAUSE WE DON'T KNOW

10   WHO THE GOVERNMENT WITNESSES ARE.

11        SO I THINK WE CAN ACCOMMODATE THAT AND ACCOMMODATE ANY

12   PRIVACY CONCERNS BY RETURNING THE MATERIALS IMMEDIATELY AFTER

13   TRIAL OR AFTER THE CASE IS RESOLVED.  I DON'T REALLY SEE THE

14   DIFFERENCE.

15        IF THERE'S NOT <u>BRADY</u> IN THERE, I'M NOT GOING TO USE THE

16   NOTES ANYWAY.  I HAVE THE 302.  I CAN USE THE 302.  IF IT'S NOT

17   IN THE 302 AND IT'S INCONSISTENT, THEN I'LL USE THE NOTES.

18        AGAIN -- AND I WANT TO BE RESPECTFUL OF THE FACT THAT WE

19   WERE GIVEN ACCESS.  I'VE GOTTEN NOTES OF THIS KIND IN MANY

20   CASES, AND THESE ARE NOT STATE SECRETS.  THIS IS THE MOST

21   SENSIBLE WAY TO DO IT TO AVOID THAT <u>BRADY</u> OBLIGATION.  IT'S A

22   HUGE BURDEN FOR THE GOVERNMENT AND ONE THAT THEY CAN'T

23   POSSIBLY, I WOULD SUGGEST, COMPLY WITH FULLY OR IT'S VERY

24   DIFFICULT TO.  SO LET'S RELIEVE THEM OF THAT OBLIGATION.

25              MR. BOSTIC:  AND WHILE I APPRECIATE THAT, YOUR

11:21AM 1    HONOR, THAT'S NOT WHAT MOTIVATED THIS OFFER THAT THE GOVERNMENT

11:21AM 2    MADE.

11:21AM 3        THE GOVERNMENT IS NOT SEEKING RELIEF FROM ITS BRADY

11:21AM 4    OBLIGATIONS AND WOULD HAPPILY BE RESPONSIBLE FOR THAT REVIEW

11:22AM 5    AND PRODUCTION AS IT DOES IN MOST CASES.

11:22AM 6            THE COURT:  OKAY.  WELL, THANK YOU VERY MUCH.  THANK

11:22AM 7    YOU FOR THIS.

11:22AM 8        I AM GOING TO -- I GUESS I'LL ISSUE A SEPARATE ORDER ON

11:22AM 9    THIS, MR. BOSTIC, FOR YOUR TEAM TO PROVIDE TO THE DEFENSE

11:22AM 10   COPIES OF THIS MATERIAL, THIS 800 SOME PAGES.

11:22AM 11       I'LL LEAVE IT TO YOU AND GOOD COUNSEL TO MEET AND CONFER

11:22AM 12   ON ANY PROTECTIVE ORDERS, I'LL JUST CALL IT, THAT YOU THINK ARE

11:22AM 13   APPROPRIATE TO SECURE THE RELEASE THAT WOULD INCLUDE SOME OF

11:22AM 14   THE THINGS THAT WE'VE TALKED ABOUT THIS MORNING WITH COUNSEL,

11:22AM 15   SOME OF THE CONCERNS THAT I HAVE EXPRESSED ABOUT THIS

11:22AM 16   INFORMATION.

11:22AM 17       IT SEEMS TO ME THAT IT'S DIFFICULT TO -- IT WOULD BE

11:22AM 18   DIFFICULT FOR ME TO ORDER THE DEFENSE TO GET SOMETHING DONE

11:22AM 19   WITHIN A CERTAIN PERIOD OF TIME.  GOD FORBID I WOULD ORDER

11:22AM 20   SOMEBODY TO PRODUCE SOMETHING IN 75 DAYS.  THAT'S AN INCREDIBLE

11:23AM 21   FEAT.

11:23AM 22       BUT FOR THE TIME BEING I'LL ALLOW THE DEFENSE TO MAINTAIN,

11:23AM 23   MAINTAIN THESE BINDERS SUCH THAT THEY'RE SECURE ACCORDING TO

11:23AM 24   THE CONCERNS THAT I HAVE.

11:23AM 25       SHOULD THAT CHANGE, I CAN ALWAYS CHANGE THAT ORDER AS

| | | |
|---|---|---|
| 11:23AM | 1 | NEEDED.  BUT YOU'LL REVIEW THIS FOR THE <u>BRADY</u> MATERIAL AS |
| 11:23AM | 2 | YOU'VE INDICATED, MR. WADE. |
| 11:23AM | 3 | MR. WADE:  WE WILL, YOUR HONOR. |
| 11:23AM | 4 | MR. COOPERSMITH:  YES, YOUR HONOR.  THANK YOU. |
| 11:23AM | 5 | THE COURT:  OKAY. |
| 11:23AM | 6 | MR. BOSTIC:  THANK YOU, YOUR HONOR. |
| 11:23AM | 7 | THE COURT:  ANYTHING FURTHER THAT WE HAVEN'T TOUCHED |
| 11:23AM | 8 | ON? |
| 11:23AM | 9 | MR. DOWNEY:  YOUR HONOR, THERE WAS ONLY THE QUESTION |
| 11:23AM | 10 | OF WE HAD PROPOSED A PRETRIAL SCHEDULE THAT INCLUDED SOME |
| 11:23AM | 11 | GUESSES AS TO DATES.  WE OBVIOUSLY DID NOT CONSULT WITH THE |
| 11:23AM | 12 | COURT ABOUT HEARING DATES THAT WE SUGGESTED BUT OTHERWISE |
| 11:23AM | 13 | AGREED ON ALL ASPECTS OF AN ORDER, AND I THINK SUBJECT TO THE |
| 11:23AM | 14 | COURT'S CHECKING FOR ITS AVAILABILITY ON DATES AND THE COURT'S |
| 11:23AM | 15 | REVIEW IT'S PREPARED TO BE ENTERED. |
| 11:24AM | 16 | THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.  I'LL |
| 11:24AM | 17 | LOOK AT THIS, AND I'LL SEE IF THERE'S ANY CONFLICTS WITH |
| 11:24AM | 18 | ANYTHING WE HAVE PRESENTLY SET, AND I'LL ISSUE AN ORDER ON THIS |
| 11:24AM | 19 | ACCORDINGLY. |
| 11:24AM | 20 | MR. DOWNEY:  YOUR HONOR, ONE OTHER MATTER. |
| 11:24AM | 21 | THE COURT:  YES. |
| 11:24AM | 22 | MR. DOWNEY:  THE COURT NEED NOT HAVE ANY CONCERN |
| 11:24AM | 23 | THAT ANY MATERIAL ON ANY SUBJECT SHARED WITH MS. HOLMES OR HER |
| 11:24AM | 24 | COUNSEL WILL BE DISCLOSED TO THE PRESS.  WE WILL NOT BE HAVING |
| 11:24AM | 25 | CONVERSATIONS WITH THE PRESS ON ANY SUBJECT DISCLOSING ANY |

11:24AM 1    MATERIAL OR OTHERWISE BEING IN COMMUNICATION WITH THEM.

11:24AM 2        SO WE WILL WORK OUT THE ANTICIPATED PROTECTIVE ORDER AS WE

11:24AM 3    HAVE IN THE PAST, AND I WANT TO JUST GIVE THE COURT THAT

11:24AM 4    ASSURANCE.

11:24AM 5        THE COURT:  THANK YOU VERY MUCH.

11:24AM 6        MR. BALWANI'S COUNSEL, DO YOU WISH TO --

11:24AM 7        MR. COOPERSMITH:  NO, YOUR HONOR.  WE WON'T, AS I'VE

11:24AM 8    SAID BEFORE, BE SHARING ANY OF THE INFORMATION UNDER THE

11:24AM 9    PROTECTIVE ORDER WITH THE PRESS OF COURSE.

11:24AM 10       THE COURT:  YOU JOIN YOUR COLLEAGUE'S COMMENTS ABOUT

11:24AM 11   HIS INTENT AND THEIR INTENT NOT TO SHARE ANY OF THIS

11:25AM 12   INFORMATION WITH THE PRESS OR IN ANY TYPE OF PRESS CONFERENCE?

11:25AM 13       MR. COOPERSMITH:  YES, YOUR HONOR.

11:25AM 14       THE COURT:  OR ANYTHING LIKE THAT?

11:25AM 15       MR. COOPERSMITH:  YES, YOUR HONOR.

11:25AM 16       THE COURT:  OKAY.  THANK YOU VERY MUCH.

11:25AM 17       ANYTHING FURTHER FROM THE GOVERNMENT?

11:25AM 18       MR. SCHENK:  NO.  THANK YOU.

11:25AM 19       MR. DOWNEY:  NO.  THANK YOU.

11:25AM 20       THE COURT:  WE CAN ADJOURN TODAY.  THERE WAS A

11:25AM 21   REQUEST, I THINK, TODAY TO HAVE AN IN CAMERA HEARING.

11:25AM 22       MR. DOWNEY:  THERE WAS, YOUR HONOR, YES, BY COUNSEL

11:25AM 23   FOR MS. HOLMES.

11:25AM 24       THE COURT:  RIGHT.  OKAY.  I'LL GRANT THAT REQUEST.

11:25AM 25   WE'LL TAKE A RECESS NOW.  THE COURT DID RECEIVE A REQUEST FROM

11:25AM  1    COUNSEL FOR AN IN CAMERA HEARING REGARDING THE MATTER, AND

11:25AM  2    I'LL -- WE'LL TAKE THAT UP AFTER WE CLEAR THE COURTROOM AND

11:25AM  3    TAKE A BRIEF RECESS.

11:25AM  4              MR. DOWNEY:  THANK YOU, YOUR HONOR.

11:25AM  5              THE COURT:  THANK YOU.  TIME REMAINS EXCLUDED AS TO

11:25AM  6    BOTH DEFENDANTS TO THE TRIAL DATE THAT WE HAVE SET FOR NEXT

11:25AM  7    YEAR.  SO TIME REMAINS EXCLUDED TO ALLOW FOR EFFECTIVE

11:25AM  8    PREPARATION OF COUNSEL.

11:25AM  9         ALL RIGHT.  THANK YOU.

11:26AM  10             MR. BOSTIC:  THANK YOU, YOUR HONOR.

11:26AM  11             MR. LEACH:  THANK YOU, YOUR HONOR.

11:26AM  12             MR. COOPERSMITH:  THANK YOU, YOUR HONOR.

11:26AM  13             MR. WADE:  THANK YOU, YOUR HONOR.

11:26AM  14             THE CLERK:  COURT IS ADJOURNED.

11:26AM  15         (COURT CONCLUDED AT 11:26 A.M.)

16

17

18

19

20

21

22

23

24

25

1

2

3                    <u>CERTIFICATE OF REPORTER</u>

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16         _____
           IRENE RODRIGUEZ, CSR, RMR, CRR
           CERTIFICATE NUMBER 8074
17

18

19              DATED:  JULY 19, 2019

20

21

22

23

24

25