# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*150 Almaden Boulevard, Suite 900*   (408) 535-5061
*San Jose, California 95113*   FAX: (408) 535-5066

May 24, 2019

**VIA EMAIL**

Lance Wade
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
lwade@wc.com

Stephen Cazares
Davis Wright Tremaine LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017
stevecazares@dwt.com

       Re:   <u>United States v. Elizabeth Holmes and Ramesh Balwani</u>
              CR18-00258 EJD

Counsel:

      I write in response to your letters dated May 10, 2019, requesting that the government create and provide a bill of particulars. After reviewing the Indictment and the applicable case law, we have concluded that a bill of particulars is not warranted in this case, and we must decline your request. Nonetheless, the government is willing to make reasonable efforts to assist the defense in understanding the charges and in navigating the discovery. The government's proposal, and the basis for its position, are summarized below.

      Your May 10 letters pose numerous questions regarding the specific evidence underlying the government's allegations. The government will, of course, provide pretrial notices at the appropriate time regarding expert witnesses, fact witnesses, exhibits, and other matters. Your requests, however, seek what amounts to a thorough summary of the government's anticipated proof at trial. The law does not require such a summary, nor is it the function of a bill of particulars to provide that information. "A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963).

      The Indictment in this case communicates the theory of the government's case, and contains a "plain, concise, and definite written statement of the essential facts constituting the offense charged" as contemplated by Rule 7 of the Federal Rules of Criminal Procedure. In fact, it exceeds this standard in describing the charged conduct. The Indictment is sufficient to advise

Defendants of the charges against them in a way that allows them to prepare their defense. It is also sufficiently detailed to avoid the risk of double jeopardy. Courts following Ninth Circuit law decline to order bills of particulars in cases where indictments adequately address those concerns. Moreover, the government has already produced millions of pages of discovery constituting and summarizing the evidence in this case, and will continue to produce discoverable evidence as it is obtained and processed. The questions in your letters regarding the substance and context of Defendants' false statements, the identities of investor victims, and other matters can be answered by reviewing the discovery. In particular, the government has produced, and continues to produce, memoranda summarizing witness interviews that have taken place to date. The government also has provided additional information directly to defense counsel—including the names of patients corresponding to relevant counts in the Indictment. If you are aware of case law suggesting that a bill of particulars is required under these circumstances, please bring it to our attention so that we can consider it before meeting and conferring further.

At this time, we believe a bill of particulars is unnecessary. That said, to assist the defense in understanding the charges and in navigating the discovery, we are prepared to provide you in advance of the July 1 status conference with a complete index of the government's production. That index should allow the defense to more easily identify the bates locations of documents obtained from various sources during the government's investigation. Given the effort involved in creating such an index, please let us know as soon as possible if you do not believe this step would be helpful.

We look forward to hearing your thoughts on the above.

Very truly yours,

ADAM A. REEVES
Attorney for the United States

*/s/*
JOHN C. BOSTIC
Assistant United States Attorney