JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>        Defendants. | Case No. CR-18-00258-EJD-SVK<br><br>**MOTION TO DISMISS SUPERSEDING INDICTMENT IN PART FOR FAILURE TO ALLEGE FALSITY AND MOTION TO STRIKE**<br><br>Date:   February 10, 2020<br>Time:   10:00 AM<br>CTRM:  4, 5th Floor<br><br>Hon. Edward J. Davila |

MOTION TO DISMISS SUPERSEDING INDICTMENT IN PART FOR FAILURE TO ALLEGE FALSITY
CR-18-00258 EJD SVK

## MOTION TO DISMISS AND TO STRIKE

PLEASE TAKE NOTICE that on February 10, 2010, at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court pursuant to Rules 7 and 12 of the Federal Rules of Criminal Procedure to dismiss the Superseding Indictment in part for failure to state the element of falsity under 18 U.S.C §§ 1349 and 1343, and for failure to allege the duty to disclose or any material omissions to support a fraud-by-omission theory. Ms. Holmes also respectfully moves to strike the portions of the Indictment subject to dismissal. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: December 16, 2019

                                       /s/ Amy Mason Saharia
                                       KEVIN DOWNEY
                                       LANCE WADE
                                       AMY MASON SAHARIA
                                       KATHERINE TREFZ
                                       Attorneys for Elizabeth Holmes

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

BACKGROUND ..............................................................................................................................1

ARGUMENT....................................................................................................................................2

    I.    The Indictment Fails To State an Offense for Wire Fraud or Conspiracy To Commit Wire Fraud. ................................................................................................3

        A.    Paragraph 12(D):  Allegations Concerning the Walgreens Contract.......................4

        B.    Paragraph 12(E):  Allegations Concerning the Profitability of Military Contracts ...................................................................................................................5

        C.    Paragraph 16:  Allegations Concerning Accuracy and Reliability of Blood Tests ...............................................................................................................5

    II.    The Indictment Fails To Allege a Duty To Disclose Sufficient To Support a Fraud-by-Omission Theory........................................................................................6

CONCLUSION.................................................................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Neder v. United States*, 527 U.S. 1 (1999)..................................................................................3

*Russell v. United States*, 369 U.S. 749 (1962).............................................................................2

*Scott v. United States*, 263 F.2d 398 (5th Cir. 1959)...................................................................5

*United States v. Alsugair*, 256 F. Supp. 2d 306 (D.N.J. 2003)....................................................4

*United States v. Carroll*, 2015 WL 2251206 (N.D. Cal. May 13, 2015)......................................3

*United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979) (per curiam).............................................2

*United States v. Dowling*, 739 F.2d 1445 (9th Cir. 1984) ..........................................................6

*United States v. Gering*, 716 F.2d 615 (9th Cir. 1983)................................................................5

*United States v. Jenkins*, 785 F.2d 1387 (9th Cir. 1986).............................................................4

*United States v. Keith*, 605 F.2d 462 (9th Cir. 1979)..................................................................2

*United States v. Lien*, 982 F. Supp. 2d 1184 (E.D. Wash. 2013)................................................3

*United States v. Lindsey*, 850 F.3d 1009 (9th Cir. 2017)............................................................3

*United States v. Lonich*, 2016 WL 324039 (N.D. Cal. Jan. 27, 2016).........................................7

*United States v. Pirro*, 212 F.3d 86 (2d Cir. 2000).....................................................................7

*United States v. Poore*, 594 F.2d 39 (4th Cir. 1979) ..................................................................4

*United States v. San Diego Gas & Elec. Co.*, 2006 WL 3913457
    (S.D. Cal. Nov. 21, 2006) ......................................................................................................3

*United States v. Shields*, 844 F.3d 819 (9th Cir. 2016)...............................................................6

*United States v. Steffen*, 687 F.3d 1104 (8th Cir. 2012) .............................................................7

## STATUTES AND RULES

18 U.S.C. § 1343............................................................................................................................1

18 U.S.C. § 1349............................................................................................................................1

Fed. R. Crim. P. 7 ......................................................................................................................2, 4

Fed. R. Crim. P. 12 .....................................................................................................................1, 7

# OTHER AUTHORITIES

Vincent Marks, *False-positive immunoassay results: a multicenter survey of erroneous immunoassay results from assays of 74 analytes in 10 donors from 66 laboratories in seven countries*, 48 Clinical Chemistry 2008-16 (2002) .......................................................................6

Mario Plebani, *Diagnostic Errors and Laboratory Med.*, 26 J. Int'l Federation of Clinical Chemistry & Laboratory Medicine (2015) ........................................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

The Indictment broadly sketches two conspiracies to commit wire fraud with scant factual detail about the false representations or omissions that are alleged to be at the heart of each allegedly fraudulent scheme. In lieu of the "who-what-when-and-where" exposition that one would expect in an instrument charging the far-reaching schemes alleged here, the Indictment recites boilerplate statutory language and marks out broad topics about which investors, doctors, and patients supposedly were deceived. With respect to three categories of alleged misrepresentations by Ms. Holmes and her codefendant Sunny Balwani, the Indictment does not allege any falsehood—let alone a material falsehood—by which investors, doctors, or patients could have been deceived. *See* Indictment ¶¶ 12(D), 12(E), 16. For these allegations, even if accepted as true for the purpose of Rule 12, the few facts that the government alleges do not support a conclusion that the alleged statements by Ms. Holmes or her codefendant were materially false.

The government's allegations concerning omissions are equally defective. The Indictment does not even paraphrase any omissions; rather, the only mention of omissions appears in the portions of the Indictment that merely recite the elements of the offense. *See* Indictment ¶¶ 11, 12, 15. And the Indictment says nothing at all about a duty to disclose necessary to support a fraud-by-omission theory. These failures to allege adequately the key elements of the charged offenses require dismissal of the Indictment to the extent it relies on these defective allegations, and the defective allegations must be stricken from the Indictment to avoid prejudicing Ms. Holmes.

## BACKGROUND

The Indictment charges nine counts of wire fraud, 18 U.S.C. § 1343, and two counts of conspiracy to commit wire fraud, 18 U.S.C. § 1349. The Indictment purports to identify several broad categories of alleged misrepresentations. As relevant here, the Indictment alleges the following:

*Allegations Concerning the Walgreens Partnership*. Paragraph 12(D) of the Indictment alleges that Ms. Holmes and Mr. Balwani:

> represented to investors that Theranos presently had an expanding partnership with Walgreens, that is, Theranos would soon dramatically increase the number of Wellness Centers within Walgreens stores; when, in truth, [they] knew, by late 2014, that Theranos's retail Walgreens rollout had stalled because of several issues, including that Walgreens's executives had concerns with Theranos's performance[.]

MOTION TO DISMISS SUPERSEDING INDICTMENT IN PART FOR FAILURE TO ALLEGE FALSITY
CR-18-00258 EJD SVK                           1

*Allegations Concerning Department of Defense Partnership*.  Paragraph 12(E) of the Indictment alleges in relevant part that Ms. Holmes and Mr. Balwani "represented to investors that Theranos presently had a profitable and revenue-generating business relationship with the United States Department of Defense, . . . when, in truth, [they] knew that Theranos had limited revenue from military contracts."  *Id.* ¶ 12(E).

*Allegations Concerning Test Accuracy and Reliability*.  Paragraphs 14 through 18 of the Indictment concern the alleged scheme to defraud doctors and patients through alleged misrepresentations regarding the accuracy and reliability of Theranos' tests.  Paragraph 16, for example, alleges that:  "Despite representing to doctors and patients that Theranos could provide accurate, fast, reliable, and cheap blood tests and test results, HOLMES and BALWANI knew that Theranos's technology was, in fact, not capable of consistently producing accurate and reliable results."  *Id.* ¶ 16.

*Allegations Concerning Omissions*.  The Indictment mentions alleged omissions only in passing when reciting the elements of the offense, including at Paragraphs 11, 12, and 15.  *See, e.g.*, *id.* ¶ 12 ("Holmes and Balwani made materially false and misleading statement to investors and failed to disclose material facts, . . . ."); *id.* ¶ 11 ("Holmes and Balwani[] . . . engaged in a scheme, plan, and artifice to defraud investors as to a material matter, . . . by making materially false and misleading statements, and failing to disclose material facts with a duty to disclose.").  The Indictment, however, does not identify a single omission, nor does it allege any facts that would give rise to a duty to disclose.

## ARGUMENT

Rule 7 mandates that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  That requirement codifies and enforces "basic principles of fundamental fairness" inherent in the Sixth and Fifth Amendments.  *Russell v. United States*, 369 U.S. 749, 763-66 (1962).  To pass constitutional muster, an indictment must include a "description of the charges" sufficiently detailed to "inform the court of the facts alleged so that it can determine the sufficiency of the charge."  *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam).  Accordingly, "[t]he failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect."  *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979).  An indictment will fail adequately to allege an element—and thus state an offense—if it "does

not allege facts which, if proven, would constitute a violation of the statute . . . that the defendant is alleged to have violated." *United States v. Carroll*, 2015 WL 2251206, at *1 (N.D. Cal. May 13, 2015) (internal quotation marks omitted); *see also United States v. San Diego Gas & Elec. Co.*, 2006 WL 3913457, at *10-12 (S.D. Cal. Nov. 21, 2006). In assessing an indictment's adequacy, the court considers only the facts alleged therein and accepts them as true. *See, e.g.*, *United States v. Lien*, 982 F. Supp. 2d 1184, 1186-87 (E.D. Wash. 2013).

Taking the government's vague allegations at face value, the Indictment fails to state an offense for conspiracy to commit wire fraud or wire fraud with respect to two sets of allegations. <u>*First*</u>, the Indictment fails to allege falsity with respect to the statements described in Paragraphs 12(D), 12(E), and 16. The Indictment must be dismissed to the extent it relies on these alleged misrepresentations, and these allegations must be stricken from the Indictment. *See* Part I, *infra*. <u>*Second*</u>, the Indictment fails to allege a duty to disclose to support a fraud-by-omission theory; the Indictment thus should be dismissed insofar as it relies on an omission theory, and all references to omissions should be stricken. *See* Part II, *infra*.

**I.   The Indictment Fails To State an Offense for Wire Fraud or Conspiracy To Commit Wire Fraud.**

The alleged misrepresentations are integral to the charged wire fraud offenses. Wire fraud requires: "(1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud." *United States v. Lindsey*, 850 F.3d 1009, 1013 (9th Cir. 2017) (internal quotation marks omitted). By using the common-law term "defraud," the statute implicitly requires "misrepresentation or concealment of a *material* fact." *Neder v. United States*, 527 U.S. 1, 21-25 (1999); *accord* 9th Cir. Model Crim. Jury Instr. 8.124. Under *Neder*, material falsehoods (or omissions) are part of the crime's definition. *See Lindsey*, 850 F.3d at 1013 ("In order to prove a 'scheme to defraud,' the jury must find that the defendant employed '*material* falsehoods'" (quoting *Neder*, 537 U.S. at 20)); *accord* 9th Cir. Model Crim. Jury Instr. 8.124 (listing as first element that defendant knowingly participated in "a scheme or plan to defraud, or a scheme or plan for obtaining money or property *by means of false or fraudulent pretenses, representations, or promises*" (emphasis added)).

MOTION TO DISMISS SUPERSEDING INDICTMENT IN PART FOR FAILURE TO ALLEGE FALSITY
CR-18-00258 EJD SVK                                  3

The Indictment fails to allege material falsity—or any falsity at all—with respect to three of the Indictment's core allegations. *See* Indictment ¶¶ 12(D), 12(E), 16. Because these allegations cannot support an element of the alleged offense, they add nothing to the government's case and are thus "mere surplusage that need not be proved." *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986). As a result, the Court should dismiss the Indictment insofar as it relies on these allegations, and it should strike those allegations from Indictment to avoid prejudicing Ms. Holmes. *See* Fed. R. Crim. P. 7(d), advisory committee's note to 1994 adoption ("This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."); *see also Jenkins*, 785 F.2d at 1392 ("[S]urplusage must not be allowed to prejudice a defendant in the context of [her] case."); *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979). Permitting inadequately alleged misrepresentations to remain in the Indictment would prejudice Ms. Holmes by suggesting to the jury during its deliberations that she "was part of a broader conspiracy" than what is sufficiently alleged in the Indictment and thus the subject of the government's case. *See United States v. Alsugair*, 256 F. Supp. 2d 306, 318 (D.N.J. 2003).

**A.     Paragraph 12(D): Allegations Concerning the Walgreens Contract**

The indictment alleges that Ms. Holmes and Mr. Balwani

> represented to investors that Theranos presently had an expanding partnership with Walgreens, that is, Theranos would soon dramatically increase the number of Wellness Centers within Walgreens stores; when, in truth, [they] knew, by late 2014, that Theranos's retail Walgreens rollout had stalled because of several issues, including that Walgreens's executives had concerns with Theranos's performance[.]

Indictment ¶ 12(D). This allegation does not identify a false statement, representation, omission, or pretense. Even if the government was able to prove that the Walgreens rollout "had stalled" "by late 2014," that fact would not contradict or undermine a representation that Theranos anticipated expanding the number of Wellness Centers at Walgreens locations under the contract between it and Walgreens. A business plan can "stall" before restarting with increased vigor. For that reason, even if the rollout had "stalled," it would not be false or misleading to say that Theranos and Walgreens "presently had an expanding partnership" where there is no allegation that the "partnership" and the long-term plans it entailed had irrevocably faltered.

Moreover, any forward-looking projection about the opening of additional Wellness Centers

could not support a wire fraud conviction unless the speaker believed it to be false at the time made or acted with reckless disregard as to its factual basis, which the Indictment does not allege. *See, e.g.*, *United States v. Gering*, 716 F.2d 615, 622 (9th Cir. 1983) (approving of instruction that "[i]f you find that a defendant in good faith believed that the representations which were being made by himself were true, the necessary intent did not exist and the defendant must be acquitted on all counts"); *Scott v. United States*, 263 F.2d 398, 401 n.2, 402 (5th Cir. 1959) (approving of instruction that "[a] scheme to defraud is not necessarily to be inferred from business adversity," and that the same is true for "erroneous conjecture as to future events particularly where some relate to prospective profits from business operations" (internal quotation marks omitted)). The Indictment does not allege that these statement(s) were made by someone with knowledge that they were untrue, or even by someone who believed that the planned expansion of Wellness Centers was unlikely to occur. It also does not allege when these statements purportedly were made. The only allegation is that the Walgreens rollout "had stalled." As just set forth, that says nothing about Theranos' expectations going forward. To the extent the alleged scheme to defraud relies upon statements of the type paraphrased in this paragraph, it must be dismissed, and Paragraph 12(D) should be stricken.

### B. Paragraph 12(E): Allegations Concerning the Profitability of Military Contracts

This paragraph alleges in relevant part that Ms. Holmes and Mr. Balwani "represented to investors that Theranos presently had a profitable and revenue-generating business relationship with the United States Department of Defense, . . . when, in truth, [they] knew that Theranos had limited revenue from military contracts." Indictment ¶ 12(E). But having "limited revenue" from DOD contracts is entirely consistent with generating profits and revenue. Those two alleged facts are not even in tension, let alone contradictory. The Indictment thus fails to allege the essential element of material falsity. The Indictment must be dismissed to the extent it relies upon representations about the profitability of military contracts as part of the alleged scheme to defraud investors, and Paragraph 12(E) should be stricken.

### C. Paragraph 16: Allegations Concerning Accuracy and Reliability of Blood Tests

The alleged scheme to defraud doctors and patients hinges on a single factual allegation. In Paragraph 16, the Indictment alleges that, "[d]espite representing to doctors and patients that Theranos

could provide accurate, fast, reliable, and cheap blood tests, and test results, [Ms. Holmes and Mr. Balwani] knew that Theranos' technology was, in fact, not capable of *consistently* producing accurate and reliable results." Indictment ¶ 16 (emphasis added).  The insertion of "consistently" is puzzling. What does it mean?  The Indictment appears to acknowledge that Theranos could provide "accurate and reliable" results, just not to some imagined and unspecified degree of "consistency."  But the alleged statement says nothing about the degree of consistency.  All blood tests have error rates.[1]  Is the government alleging that Theranos' tests were more prone to error than other blood tests?  The Indictment does not say so.  If so, then the failure of the Indictment to detail that theory makes this allegation unconstitutionally vague, as set forth in Ms. Holmes' separate motion to dismiss the Indictment for lack of notice.

In any event, the allegation as written fails to allege a material falsehood at all.  Consequently, the counts in the Indictment that hinge on this non-falsehood (Counts Two and Nine through Eleven) must be dismissed for failure to state an offense, and the corresponding paragraphs should be stricken.

## II. The Indictment Fails To Allege a Duty To Disclose Sufficient To Support a Fraud-by-Omission Theory.

As noted above, the alleged misrepresentations by Ms. Holmes and Mr. Balwani are integral to the charged offenses.  That is equally true where the representations are alleged to have been misleading through the omission of material facts.  Here, the government fails to allege facts sufficient to support a fraud-by-omission theory because it alleges no duty to disclose and identifies no material omissions.

In the Ninth Circuit, an omission may "form the basis of a scheme to defraud only when there exists an independent duty (either fiduciary or derived from an explicit and independent statutory requirement) and such a duty has been breached." *United States v. Dowling*, 739 F.2d 1445, 1450 (9th Cir. 1984), *rev'd on other grounds*, 473 U.S. 207 (1985).  The existence of a duty and its breach are elements that the jury must find beyond a reasonable doubt.  *United States v. Shields*, 844 F.3d 819, 823

---

[1] *See generally* Mario Plebani, *Diagnostic Errors and Laboratory Med.*, 26 J. Int'l Federation of Clinical Chemistry & Laboratory Medicine (2015), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4975219/.  Error rates vary depending on the test measured, and certain types of tests like immunoassays are known to have greater rates. *See generally* Vincent Marks, *False-positive immunoassay results: a multicenter survey of erroneous immunoassay results from assays of 74 analytes in 10 donors from 66 laboratories in seven countries*, 48 Clinical Chemistry 2008-16 (2002), https://www.ncbi.nlm.nih.gov/pubmed/12406987.

(9th Cir. 2016); *accord* 9th Cir. Model Crim. Jury Instr. 8.124. Accordingly, an indictment must allege facts giving rise to a duty to disclose to withstand a motion to dismiss under Rule 12. *See United States v. Steffen*, 687 F.3d 1104, 1113 (8th Cir. 2012) (affirming dismissal of wire fraud indictment premised on omission theory for failure to allege facts giving rise to a duty to disclose); *United States v. Lonich*, 2016 WL 324039, at *8 (N.D. Cal. Jan. 27, 2016) (dismissing portions of an indictment charging wire fraud for same reason); *cf. United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000) (requiring dismissal of indictment alleging tax fraud based on an omission where a "crucial background fact that gives rise to the duty to disclose" was not alleged in indictment).

The Indictment does not identify any material omissions that would violate any duty to disclose and give rise to liability for wire fraud. The Indictment contains several boilerplate allegations of unspecified omissions by Ms. Holmes or Mr. Balwani:

- "Holmes and Balwani[] . . . engaged in a scheme, plan, and artifice to defraud investors as to a material matter, . . . by making materially false and misleading statements, and failing to disclose material facts with a duty to disclose." Indictment ¶ 11.

- "Holmes and Balwani made materially false and misleading statement to investors and failed to disclose material facts, . . . ." Indictment ¶ 12.

- "Holmes and Balwani devised a scheme to defraud doctors and patients, through advertising and marketing materials, through explicit and implicit claims concerning Theranos's ability to provide accurate, fast, reliable, and cheap blood tests and results, and through omissions concerning the limits of and problems with Theranos's technologies." Indictment ¶ 15.

But it does not identify a single allegedly fraudulent omission. Nor does it allege any fact that would support the existence of a fiduciary duty, trust relationship, or independent statutory requirement giving rise to a duty to disclose with respect to any of the alleged victims of the two fraudulent schemes. It does not allege, nor could it allege, that Ms. Holmes' and Mr. Balwani's relationship with Theranos investors and consumers of its tests was anything other than arm's-length. The failure to allege these facts precludes the government from pursuing a fraud-by-omission theory at trial. *See Lonich*, 2016 WL 324039, at *8. The Indictment thus must be dismissed "to the extent [it] allege[s] an omissions theory of fraud," *id.*, and all mention of a duty to disclose or omissions must be stricken to avoid confusing the

1  jury and prejudicing Ms. Holmes, *see* p. 4, *supra*.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Counts One and Three through Eight to the extent that they rely on the alleged representations in Paragraphs 12(D) and (E).  The Court also should dismiss Counts Two and Nine through Eleven because they rest entirely on Paragraph 16, which fails to allege material falsity.  And the Court should dismiss the rest of the Indictment to the extent that it relies on a fraud-by-omission theory.

In addition, the allegations in Paragraphs 12(D) and (E), all allegations relating to doctors and patients, and all mention of a duty to disclose or omissions should be stricken from the Indictment to avoid prejudicing Ms. Holmes.

| | | |
|---|---|---|
| 1 | DATED: December 16, 2019 | Respectfully submitted, |

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MOTION TO DISMISS SUPERSEDING INDICTMENT IN PART FOR FAILURE TO ALLEGE FALSITY
CR-18-00258 EJD SVK

# CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2019, a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MOTION TO DISMISS SUPERSEDING INDICTMENT IN PART FOR FAILURE TO ALLEGE FALSITY
CR-18-00258 EJD SVK

JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>    Defendants. | Case No. CR-18-00258-EJD-SVK<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS SUPERSEDING INDICTMENT IN PART FOR FAILURE TO ALLEGE FALSITY AND MOTION TO STRIKE**<br><br>Hon. Edward J. Davila |

1   This CAUSE having come before the Court upon Defendant Elizabeth Holmes' Motion to
2 Dismiss the Superseding Indictment in part for Failure to Allege Falsity and Motion to Strike. After due
3 consideration of the filings, the governing law, and the argument of the parties:

4   IT IS HEREBY ORDERED that Ms. Holmes' motion is GRANTED.

5   IT IS FURTHER ORDERED that Counts One and Three through Eight of the Superseding
6 Indictment are DISMISSED to the extent they rely on the alleged representations in Paragraphs 12(D)
7 and 12(E) of the Superseding Indictment.

8   IT IS FURTHER ORDERED that Counts Two and Nine through Eleven of the Superseding
9 Indictment are DISMISSED.

10   IT IS FURTHER ORDERED that the Superseding Indictment is DISMISSED to the extent it
11 relies on a fraud-by-omission theory.

12   IT IS FURTHER ORDERED that Paragraphs 12(D) and 12(E), all allegations relating to doctors
13 and patients, and all mention of a duty to disclose or omissions be stricken from the Superseding
14 Indictment.

16   **IT IS SO ORDERED.**

18 Dated _____

19
20                                    Hon. Edward J. Davila
                                      United States District Judge

[PROPOSED] ORDER GRANTING MOTION TO DISMISS SUPERSEDING INDICTMENT IN PART FOR FAILURE
TO ALLEGE FALSITY AND MOTION TO STRIKE
CR-18-00258 EJD SVK                               2