ADAM A. REEVES (NYBN 2363877)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
VANESSA BAEHR-JONES (CABN 281715)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5589
    Fax: (408) 535-5066
    Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, <br><br> Defendants. | Case No. 18-CR-258 EJD <br><br> DECLARATION OF AUSA ROBERT S. LEACH IN SUPPORT OF UNITED STATES' MOTION TO EXTEND DEADLINE BY WHICH TO COMPLY WITH COURT'S NOVEMBER 5, 2019, ORDER <br><br> Date: January 13, 2020 <br> Time: 10 a.m. <br> Courtroom: 4, 5th Floor |

I, Robert S. Leach, declare as follows:

1. I am an Assistant United States Attorney with the United States Attorney's Office for the Northern District of California. I am assigned to the prosecution of *United States v. Elizabeth Holmes & Ramesh "Sunny" Balwani*, Case No. CR 18-258 EJD. I make this declaration in support of the United States' Motion to Extend Deadline by Which to Comply with Court's November 5, 2019, Order.

2. Since November 5, the government has worked diligently to produce documents in response to the Court's November 5, 2019 Order.

3. On or about November 8, 2019, in conformance with the Court's Order, I met and conferred telephonically with counsel for defendants Holmes and Balwani about the search terms FDA was to use to search for and collect potentially responsive documents. Later that day, counsel for the defense emailed me stating "our position is that all custodian files should be electronically searched using the initial search terms in your email yesterday and the below additional search terms (non case sensitive): 'Theranos,' or 'LDT,' or 'Laboratory Developed Test,' or 'Laboratory-Developed Test,' or 'Lab-developed test,' or 'nanotainer,' or 'fingerstick,' or 'finger stick,' or 'finger-stick' or 'Holmes.'" The "initial search terms in your email yesterday" were terms that FDA had previously advised had been used to collect for certain custodians: Balwani OR "Elizabeth w/3 Holmes" OR eholmes OR eholmes2003 OR eholmes@theranos.com OR Theranos OR "TSPU" OR "TSCD" OR Nanotainer OR "Capillary Tubes" OR "Nanotainer Tubes" OR "Lithium-Heparin" OR "CTN" OR "K2EDTA" OR "K152647" OR "K152965" OR "K152971" OR "Q151162" OR "Q151964" OR "Q160388" OR "Q160470" OR "K143236" OR "CW150009" OR "TLAS". I refer to all of the aforementioned terms above collectively as "Collection Terms".

4. On November 19, 2019, I traveled to the East Coast to meet with FDA and CMS representatives about a plan for production of documents in response to the Court's November 5, 2019 Order. On November 20, 2019, I traveled to Baltimore to personally review potentially responsive CMS documents. On November 21, 2019, AUSA Jeff Schenk and I met in Washington, DC with the Deputy General Counsel and another attorney from CMS to discuss a plan for production of CMS documents. I anticipate the government will complete its production of CMS documents in response to the motion to

compel on the deadline of December 31, 2019. On November 22, 2019, AUSA Schenk and I travelled to Silver Spring, Maryland, and met personally with approximately six FDA representatives to discuss a plan for the FDA's production.

5. On November 22, 2019, AUSA Schenk and I met and conferred telephonically further with the defense. The government proposed a plan that would address issues of redaction and duplication that generated objections to prior productions. The government proposed that FDA be ordered to produce documents responsive to the Collection Terms ("Ordered FDA Documents") to DOJ without any review for trade secret, confidential commercial information, or privileged information, notwithstanding certain statutory and regulatory prohibitions on FDA doing so. The government further proposed that it would produce documents responsive to the six categories to defendants without a specific review for trade secret, confidential commercial information, or privileged information, subject to an additional protective order providing for "attorney's eyes only" protection and later redaction for documents produced to defendants with trade secret and confidential commercial information. The government also requested that the defense identify the custodians it viewed as most significant, so the government could prioritize those custodians.

6. On November 27, 2019, counsel for defendant Balwani identified 22 lay custodians, in addition to the FDA-Criminal Investigation case agent, George Scavdis, assigned to the matter, as custodians the government should prioritize. Counsel for defendant Balwani also identified an additional 55 custodians to be searched.

7. On December 6, 2019, FDA produced to DOJ approximately 2.589 GB of Outlook 365 email data from three custodians: J.K., L. Ll., and K.W. The government completed a review of this material for responsiveness to the six categories on December 18 and anticipates producing approximately 2,719 documents on December 31.

8. On December 19, 2019, FDA produced to DOJ approximately 91.37 GB of Outlook 365 email data from twelve additional custodians (11 of whom were identified by defendant Balwani as a priority): J.F., C.L., I.P., J.S., J.D., K.S., K.K., K.H., M.C., S.M., U.S., and Y.C. Based on its review to date, the government anticipates producing approximately 136,092 documents on December 31.

9. The government anticipates that on January 3, 2020, it will receive from FDA up to 350GB of Outlook 365 email data from up to 12 custodians. The government is making arrangements to have that volume reviewed for a further production to the defense by the week of January 13, 2019.

10. Since November 5, I have exchanged at least 100 emails and participated in at least a dozen phone calls with FDA counsel in an effort to achieve compliance with the Court's order. I have continually offered resources and assistance to FDA to accelerate the process, including, for example, additional personnel and/or funds.

11. Based on my extensive dialogue with counsel for FDA, I understand there are substantial technological and other limits on FDA's ability to quickly collect documents from its custodians that additional personnel or funds will not address. I am advised that, in addition to hardware and software processing limitations that allow FDA to process one custodian a day, at best, FDA has contractual limits with its email and digital investigations software providers that cap how much data can be extracted simultaneously. I am advised that FDA is in the process of addressing these caps. I am advised that the process of restoring archived data of former employees is even more time consuming. I am also advised that FDA is devoting virtually all available Office of Chief Counsel eDiscovery and information technology resources to collecting documents for this matter, notwithstanding demands from other pending cases, and is requesting additional resources from other parts of FDA beyond the Office of Chief Counsel.

12. For these reasons, the government is unable to meet the December 31, 2019, deadline set by the Court. The government has consulted at the highest levels of FDA about when it can complete its collection and delivery to DOJ. As describe above, defendant Balwani has identified 77 custodians (excluding the case agent). Defendant Holmes and FDA have identified an additional 11 for a total of 88. In the interest of speed, FDA is implementing a tiered-approach where it collects electronically via remote collection Outlook 365 emails for current FDA personnel, electronic documents for current FDA custodians from network drives, documents from stand-alone devices, and documents from FDA databases, as well as hard copy documents from FDA personnel and archived documents from former FDA personnel. FDA is providing data to DOJ on a rolling basis and currently expects, using its best

efforts, that it can provide all collected data to DOJ by April 30, 2020. This time table assumes FDA will conduct a manual search for approximately 23 custodians; i.e., under the supervision of FDA attorneys, 23 custodians will self-collect documents. Those custodians are: Almogela, D., *Amatrudo, V.*, *Busch, M.*, Corbin, A., *Dickenson, E.*, Drzewiecki, K., Hwang, L., *Ju, R.*, Kolonay, J., Lloyd, L., Lubert, R., *Mednick, D.*, Pennington, C., Rao, P., Rogers, M, *Schaefer, K.*, *Seeley, A.*, *Smith, J.*, Sullivan, A., *Vicente, W.*, Walburger, M., and *Zuckerman, C.* The custodians listed in italics are attorneys in FDA's Office of Chief Counsel. I believe attorneys in FDA's Office of Chief Counsel by virtue of training and experience are capable of following specific instructions for the search; I am advised many have done so in prior cases.

13. The government had Agent Scadvis self-collect documents from his devices. Agent Scadvis had no involvement with Theranos prior to the criminal investigation. He had no reason to possess documents responsive to the six categories, other than documents he created or received during the investigation. Given his involvement in the criminal investigation, he is fully capable of manually searching his files for responsive information under the supervision of the prosecutors on this matter.

14. Attached as Exhibit A are portions of the transcript from the November 4, 2019 hearing on the motion to compel.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed this ___ day of December 2019.

ROBERT S. LEACH
Assistant United States Attorney

# EXHIBIT A

LEACH DECL. RE U.S. MOT. TO EXTEND TIME
18-CR-258 EJD                               5

```
 1
 2                     UNITED STATES DISTRICT COURT
 3                   NORTHERN DISTRICT OF CALIFORNIA
 4                           SAN JOSE DIVISION
 5
      UNITED STATES OF AMERICA,      )   CR-18-00258-EJD
 6                                   )
                      PLAINTIFF,     )
 7                                   )   SAN JOSE, CALIFORNIA
                  VS.                )
 8                                   )   NOVEMBER 4, 2019
      ELIZABETH A. HOLMES AND RAMESH )
 9    SUNNY BALWANI,                 )   PAGES 1 - 92
                                     )
10                    DEFENDANTS.    )
                                     )
11    _____
12
                       TRANSCRIPT OF PROCEEDINGS
13              BEFORE THE HONORABLE EDWARD J. DAVILA
                     UNITED STATES DISTRICT JUDGE
14
15    A P P E A R A N C E S:
16    FOR THE PLAINTIFF:       UNITED STATES ATTORNEY'S OFFICE
                               BY:  JOHN C. BOSTIC
17                                  JEFFREY B. SCHENK
                               150 ALMADEN BOULEVARD, SUITE 900
18                             SAN JOSE, CALIFORNIA 95113
19                             BY:  ROBERT S. LEACH
                               1301 CLAY STREET, SUITE 340S
20                             OAKLAND, CALIFORNIA 94612
21         (APPEARANCES CONTINUED ON THE NEXT PAGE.)
22
      OFFICIAL COURT REPORTER:
23                  IRENE L. RODRIGUEZ, CSR, RMR, CRR
                    CERTIFICATE NUMBER 8074
24
25         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                 TRANSCRIPT PRODUCED WITH COMPUTER
```

|  |  |  |
|---|---|---|
| 11:27AM | 1 | TO THOSE TERMS. |
| 11:27AM | 2 |     IT'S DIFFICULT FOR ME TO ESTIMATE AT THIS POINT WITHOUT |
| 11:27AM | 3 | KNOWING THE VOLUME, BUT I DO THINK THAT IF THE COURT WERE TO |
| 11:27AM | 4 | ORDER THE PRODUCTION BY THE END OF THE YEAR, WE WOULD DO OUR |
| 11:27AM | 5 | ABSOLUTE BEST AS WE HAVE BEEN DOING TO MAKE THAT DEADLINE. |
| 11:27AM | 6 |     THE COURT: OKAY. |
| 11:27AM | 7 |     MS. NORTON: YOUR HONOR, THIS IS MARCI NORTON. |
| 11:27AM | 8 |     I WOULD JUST LIKE TO ADD THAT THERE'S ANOTHER QUESTION |
| 11:27AM | 9 | HERE, WHICH IS IF WE HAD TO GO BACK TO OUR ORIGINAL SEARCH OF |
| 11:27AM | 10 | THE OVER 80 CUSTODIANS THAT HAVE BEEN SEARCHED SO FAR AND ADD |
| 11:27AM | 11 | NEW SEARCH TERMS LIKE FINGERSTICK OR LTD, THAT WOULD TAKE QUITE |
| 11:27AM | 12 | SOME TIME BECAUSE FOR THE FORMER EMPLOYEES THOSE SEARCHES ARE |
| 11:27AM | 13 | OUT OF OUR HANDS. THOSE ARE DONE BY OUR OFFICE OF INFORMATION |
| 11:27AM | 14 | MANAGEMENT STAFF, AND I THINK WE WERE RECENTLY TOLD THAT IT'S |
| 11:28AM | 15 | AT LEAST SIX WEEKS TO DO A SEARCH OF A FORMER EMPLOYEE'S FILES. |
| 11:28AM | 16 |     SO WHAT MS. MARTINEZ-RESLY WAS TALKING ABOUT IS IF WE ADD |
| 11:28AM | 17 | THOSE SEARCH TERMS TO THE CURRENTLY COLLECTED DOCUMENTS, WHICH |
| 11:28AM | 18 | I BELIEVE IS HUNDREDS OF THOUSANDS OF PAGES, THAT COULD BE DONE |
| 11:28AM | 19 | WITH THE SOFTWARE THAT WE HAVE NOW. |
| 11:28AM | 20 |     IF WE'RE TALKING ABOUT RESEARCHING, ESPECIALLY WITH |
| 11:28AM | 21 | RESPECT TO THOSE FORMER EMPLOYEES, I DON'T KNOW THAT WE WOULD |
| 11:28AM | 22 | BE ABLE TO MEET AN END-OF-THE-YEAR DEADLINE. |
| 11:28AM | 23 |     THE COURT: OKAY. THANK YOU. MR. COPPERSMITH. |
| 11:28AM | 24 |     MR. COOPERSMITH: YOUR HONOR, JUST TO BRIEFLY POINT |
| 11:28AM | 25 | OUT IN RESPONSE TO ONE THING THAT WAS SAID, THIS IS IN NO WAY |

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

*/s/ Irene Rodriguez*

IRENE RODRIGUEZ, CSR, RMR, CRR
CERTIFICATE NUMBER 8074

DATED: NOVEMBER 7, 2019