ADAM A. REEVES (NYBN 2363877)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
Assistant United States Attorneys

     150 Almaden Boulevard, Suite 900
     San Jose, California 95113
     Telephone: (408) 535-5061
     Fax: (408) 535-5066
     jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR-18-00258-EJD |
| Plaintiff, | ) |
| | ) JOINT STATUS MEMORANDUM |
| v. | ) |
| | ) |
| ELIZABETH HOLMES and | ) |
| RAMESH "SUNNY" BALWANI, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

     The parties in the above-captioned matter hereby file this joint status memorandum in advance of the hearing set for January 13, 2020.

JOINT STATUS MEMORANDUM
CR-18-00258 EJD

**I.      Government's Statement**

On November 4, 2019, the Court held a hearing on the defendants' motion to compel six categories of documents in the possession of CMS and FDA.  On November 5, 2019, the Court issued an order finding that "the Prosecution has knowledge of and access to the at-issue documents [and] order[ing] the Prosecution to produce the documents discussed below as part of their Rule 16 obligation, and to assist [FDA and CMS] however possible to ensure the timely production of documents."  The Court ordered that FDA shall run searches of all of its custodians' documents using the following terms: "LDT", "Laboratory Developed Test", "Theranos", "fingerstick" or "finger stick", and "nanotainer". The Court further "order[ed] [FDA and CMS] and the Prosecution to complete the production of documents by December 31, 2019."

In addition, the Court ordered FDA and CMS to "continue their investigations of [certain] issues [relating to their productions] and shall disclose the procedures and results of their investigations to the parties no later than November 26, 2019."  And it ordered the parties to meet and confer about "(a) whether the Agencies have or will produce employee text messages, (b) any deficiencies in FDA's production that are attributable to FDA's instruction to employees to manually search for responsive documents instead of forensically searching for, collecting, and reviewing documents, (c) the terms the Agencies use to search for and collect potentially responsive documents, and (d) FDA's redactions to documents and withholding of duplicate documents."

With respect to CMS, on December 31, 2019, the government completed its production of documents in the possession, custody, and control of CMS responsive to the six categories and the Court's order.  The government's search included a search of hardcopy documents and text messages in the agency's possession, custody, and control.  To the best of its knowledge, the government has produced all documents in the possession, custody, and control of CMS responsive to the six categories and the Court's order.

Pursuant to the Court's order, CMS and FDA made disclosures to the parties, which are attached as Exhibits A and B.

As set forth in the government's motion to extend time [ECF No. 215], the government needs additional time to complete its production of documents in the possession, custody, and control of FDA.

JOINT STATUS MEMORANDUM
CR-18-00258 EJD

1   The defendants have opposed the motion.  ECF Nos. 216 & 217.  The government intends to file a reply

2   brief on January 9, 2020.

3   **II.     Defendants' Statement**

4            **A.  The Status of FDA/CMS Productions.**

5            The government conceded its noncompliance with the Court's November 5, 2019 Order in its

6   eleventh-hour motion seeking relief from that Order's deadlines governing the production of FDA

7   documents.  *See* Dkt. No. 215.  Defendants' positions on the adequacy of the government's efforts at

8   compliance are more fully set forth in their oppositions to the government's motion, *see* Dkt. Nos. 216,

9   217, and need not be reiterated here except to note that the government made its only production under

10  the November 5 Order on December 31, 2019, what was supposed to be the final deadline for

11  production of all agency documents.  That production contained a large amount of data that Defendants

12  have only recently loaded onto their databases but an initial review has identified highly relevant

13  documents that had not previously been produced.

14           The bulk of the agency documents remain to be produced.  According to the government, the

15  December 31 production was comprised of data from 15 FDA custodians amounting to approximately

16  93.959 GB of Outlook 365 email data.  *See* Dk. No. 215-1 at ¶¶ 7, 8 (Decl. of R. Leach).  The

17  government estimates that email data from the next tranche of "up to 12" FDA custodians alone may be

18  three times as large ("up to 350 GB").  *Id.* ¶ 9.  That still leaves most of the FDA custodians (51 out of

19  78) unaccounted for.  Extrapolating from these trends, it is clear that the defense does not have even

20  close to half of the documents responsive to the six categories in the Court's Order.  The government's

21  estimates illustrate how its request for an extension would require Defendants to review multiple

22  voluminous productions long after the original deadline and, if the government's motion is granted,

23  potentially mere weeks before trial begins or thereafter.  Like the December 31 production, these later

24  productions are likely to contain documents critical to the defense.  Defendants respectfully submit that

25  this is not a practicable approach.  *See generally* Dkts. Nos. 216, 271.  Defendants need access to these

26  documents now to prepare for trial.

27           **B.  Document Preservation Issues.**

28           The November 5 Order also required the government to investigate issues surrounding the

JOINT STATUS MEMORANDUM
CR-18-00258 EJD

1   FDA's failure to preserve email files from key FDA custodian Alberto Gutierrez, and to update the

2   defense by November 26, 2019.  Dkt. No. 174 at 4 (Nov. 5 Order).  On November 26, counsel for the

3   FDA stated the following (*see* Ex. B (11.26.19 Letter from M. Norton)):

4
5
6
7
8
9
10

> FDA's e-discovery team confirmed that the PST file containing Mr. Gutierrez's email was damaged and could not be repaired by any tools available to FDA.  Indeed, the partially-visible emails (and some fully-visible emails) in Mr. Gutierrez's custodian file were the extent of what FDA's e-discovery team was able to recover from the damaged PST file by using recovery software available to it.  FDA's e-discovery team additionally relayed that the creation of the PST file from Mr. Gutierrez's emails at the time of his departure was an automated process run by a technical script, and that no errors were reported by the script for Mr. Gutierrez's file.  The e-discovery team was thus unable to determine whether the PST file became damaged at the time of its creation (despite the lack of script error notification) or at some subsequent time.  Moreover, the e-discovery team was able to confirm that there is no evidence or indication that the damaged PST file is the result of any action or inaction by Mr. Gutierrez or anyone else at FDA.

11
12
13
14
15
16
17
18
19

The FDA thus has concluded the files have been "damaged" such that they cannot be "repaired by any tools available to FDA."  In other words, they have not been preserved.  Beyond that, the FDA's letter merely reports what it does not know—it does not know when the PST file "became damaged"; it does not know how the file "became damaged"; and it does not know whether the damage "is the result of any action or inaction" by its employees.  And, although it claims there is "no evidence or indication" of malfeasance, the FDA does not explain what steps were taken or what "evidence" was reviewed to reach this conclusion.  There is no more detail in the FDA's November 26 letter than what it provided at the November 4 conference prior to the Court ordering further investigation and reporting to the defense.

20
21
22
23
24
25
26
27

When counsel for Ms. Holmes sought additional information about the processes involved in the FDA's investigation from DoJ, the government responded that it "does not have direct knowledge of FDA's document management practices."  *See* Ex. C (1.6.20 email from R. Leach).  That disclaimer of knowledge and responsibility is in tension with the fact that the DoJ ordered the FDA to preserve these documents according to a detailed protocol.  *See id.* (1.8.20 email from L. Wade).  But in any event, the government's hands-off approach does not align with this Court's order for "the Agencies, the Prosecution, and Defendants to meet and confer" on this issue, and for the DoJ to "assist the agencies however possible" in the timely production of documents that fall under the DoJ's Rule 16 obligations.  Dkt. No. 174 at 3-4.

28

JOINT STATUS MEMORANDUM
CR-18-00258 EJD

1    Defendants' questions on these points are simple and should be easy to answer.  Why wasn't Mr.

2  Gutierrez' Theranos-related evidence properly preserved at the time the DoJ ordered FDA to preserve it?

3  What steps have been taken to try to recover the files?  What "tools available to the FDA" were used?  Is

4  it still possible that the data can be restored by use of other, better tools, or by recovering the data from

5  back-up tapes or other storage media?  Defendants require more transparency so that they may confer

6  with their own technical experts on whether they would agree with FDA's conclusion that there is

7  nothing that can be done—at least "with tools available to FDA"—to recover the damaged files.

8  Because of Mr. Gutierrez' key role in the case, these questions are of utmost importance.  And because

9  of the approaching trial date, they are also of the utmost urgency.  Under this Court's November 5

10  Order, Defendants are entitled to more transparency than they thus far have received.

11  DATED: January 9, 2020                    Respectfully submitted,

12                                            ADAM A. REEVES
                                              Attorney for the United States
13                                            Acting Under Authority Conferred
                                              By 28 U.S.C. § 515
14

15                                            _____/s/_____
                                              JEFF SCHENK
16                                            JOHN C. BOSTIC
                                              ROBERT S. LEACH
17                                            VANESSA BAEHR-JONES
                                              Assistant United States Attorneys
18

19
   DATED: January 9, 2020
20
                                              _____/s/_____
21                                            KEVIN DOWNEY
                                              LANCE WADE
22                                            Attorneys for Elizabeth Holmes

23

24

25

26

27

28

JOINT STATUS MEMORANDUM
CR-18-00258 EJD

1   DATED: January 9, 2020

2                                                              /s/
                                         _____
                                         JEFFREY B. COOPERSMITH
3                                        STEPHEN A. CAZARES
                                         Attorneys for Ramesh "Sunny"
4                                        Balwani

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATUS MEMORANDUM
CR-18-00258 EJD

# Exhibit A



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

Office of the General Counsel
Centers for Medicare &
Medicaid Services Division

330 Independence Ave., S.W.
Room 5340 Wilbur J. Cohen
Building
Washington, D.C. 20201

November 26, 2019

Sent By Email
John C. Bostic
Assistant United States Attorney
Northern District of California
150 Almaden Boulevard, Suite 900
San Jose, California 95113
John.Bostic@usdoj.gov

Jeffrey B. Coopersmith
Davis Wright Tremaine LLP
920 Fifth Avenue Suite 3300
Seattle WA 98104
jeffcoopersmith@dwt.com

Kevin Downey
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005
kdowney@wc.com

>    Re:    Document Access Request - *United States v. Elizabeth Holmes and Ramesh Balwani*, 18-CR-00258 EJD

Dear Messrs. Bostic, Coopersmith, and Downey:

This letter responds to the Court's November 5, 2019 Order in the above-captioned action instructing the Centers for Medicare & Medicaid Services (CMS) to investigate whether the agency has hard copy documents relevant to the six categories of information requested by the defendants and to disclose the procedures and results of that investigation.

CMS inquired whether all current employees on the agency's custodian list have hard copy documents responsive to the six categories and collected the potentially responsive hard copy

documents.  CMS will produce responsive, non-privileged hard copy documents from current employees by the December 31, 2019 deadline.

CMS interviewed the managers of the former employees on the agency's custodian list to determine whether the agency has responsive hard copy documents from those custodians.  CMS is currently reviewing hard copy documents for Patrick Conway, Andy Slavitt, Mandy Cohen, and Judy Yost and will produce responsive, non-privileged documents by the December 31, 2019 deadline.  CMS followed the same process for a former employee who passed away and the agency did not locate any responsive documents.


Sincerely,

/s/ Lindsay Turner_____
Attorney
Office of the General Counsel - CMS Division
U.S. Department of Health & Human Services
Lindsay.Turner@hhs.gov

# Exhibit B



Office of the Chief Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002

November 26, 2019

**<u>Via Email</u>**

John C. Bostic                                    Kevin Downey
Assistant United States Attorney                  Williams & Connolly LLP
john.bostic@usdoj.gov                             kdowney@wc.com

                                                  Jeffrey B. Coopersmith
                                                  Orrick, Herrington & Sutcliffe, LLP
                                                  jcoopersmith@orrick.com

        Re:    *United States v. Elizabeth Holmes & Ramesh Balwani*, 18-CR-00258 EJD
               (N.D. Cal.)

Dear Messrs. Bostic, Downey, and Coopersmith:

Pursuant to the Court's November 5, 2019 Order, I write regarding FDA's investigation
into (a) production of hard copy documents and (b) the partially visible emails from
Alberto Gutierrez's custodial file.

Hard Copy Documents
Following the Court's November 5, 2019 Order, I reached out to the custodians currently
employed by FDA to ask them to confirm that they had already identified and provided
all potentially responsive hard copy documents.  To date, I have confirmed that the
majority of active custodians either already identified and provided all potentially
responsive hard copy documents, did not have any, or have since provided all potentially
responsive hard copy documents to my office.  A minority of active custodians have not
responded to me, so I will continue to follow up with them.  FDA will produce all
responsive and non-privileged hard copy documents to the parties.[1]

Following the November 5 Order, I also coordinated calls with the records liaison officers
for each FDA Center that had responsive records to determine whether hard copy
materials were retained for former FDA employees (to the extent they were not

---

[1]  As you know, FDA participated in a meet-and-confer with the parties on Friday, November 22,
2019, and is aware of ongoing discussions among the parties about obtaining a court order and/or
protective order that would permit FDA to provide documents to the Department of Justice for it
to conduct a responsiveness review and produce those responsive documents to Defendants
without redactions.  Should the parties obtain the discussed court order and protective order, it
might affect the timeline when the documents discussed in this letter are produced and the entity
by whom they are produced (i.e., DOJ).



Office of the Chief Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002

previously electronically scanned), and where such records were stored.  I was informed that individual supervisors should have former employees' hardcopies, if any, and I am currently in the process of identifying and contacting the relevant supervisors.  Should this investigation result in the identification of responsive hard copy documents that do not otherwise exist electronically, FDA will collect them and produce them to the parties to the extent they are responsive and not privileged.

Gutierrez Emails
As explained in FDA's October 9 and 30, 2019 letters to the parties, as well as during our October 23, 2019 meet-and-confer call, approximately 1,114 Alberto Gutierrez emails are only partially visible.  Prior to the November 4, 2019 hearing before the Court, I was informed by FDA's e-discovery team that the partially visible emails were due to a damaged email container file (i.e., corrupt PST) that could not be fixed.  FDA explained this to the Court at the November 4, 2019 hearing.  Despite defense counsel's accusations at the hearing of malfeasance on the part of Mr. Gutierrez and/or FDA, FDA's subsequent investigation confirmed what it had earlier communicated.

Specifically, FDA's e-discovery team confirmed that the PST file containing Mr. Gutierrez's email was damaged and could not be repaired by any tools available to FDA. Indeed, the partially-visible emails (and some fully-visible emails) in Mr. Gutierrez's custodian file were the extent of what FDA's e-discovery team was able to recover from the damaged PST file by using recovery software available to it.  FDA's e-discovery team additionally relayed that the creation of the PST file from Mr. Gutierrez's emails at the time of his departure was an automated process run by a technical script, and that no errors were reported by the script for Mr. Gutierrez's file.  The e-discovery team was thus unable to determine whether the PST file became damaged at the time of its creation (despite the lack of script error notification) or at some subsequent time.  Moreover, the e-discovery team was able to confirm that there is no evidence or indication that the damaged PST file is the result of any action or inaction by Mr. Gutierrez or anyone else at FDA.

FDA will produce all responsive and non-privileged full versions of Mr. Gutierrez's email that it is able to identify among other custodians' files and, where it is unable to find a full version, will produce the partially-visible emails from Mr. Gutierrez's custodial file to the extent they have not already been produced.

I trust that the above information satisfies FDA's obligations to disclose the procedures and results of FDA's investigation into its production of hard copy documents and the damaged PST file from Mr. Gutierrez's custodial file.

Sincerely,

*Marci B. Norton*

Marci B. Norton
Senior Counsel

# Exhibit C

| | |
|---|---|
| **From:** | Wade, Lance |
| **Sent:** | Wednesday, January 8, 2020 12:23 PM |
| **To:** | Leach, Robert (USACAN); 'Marci Norton'; Bostic, John (USACAN) |
| **Cc:** | Schenk, Jeffrey (USACAN); Bostic, John (USACAN); 'McDowell, Amanda'; 'Cazares, Stephen'; Downey, Kevin; Trefz, Katherine; Looby, Patrick; 'Cygnor, Jennifer'; 'Vilkin, Jenna'; 'Luskey, Randy'; 'Brown, Walter F.'; 'Coopersmith, Jeffrey'; Baehr-Jones, Vanessa (USACAN); Wade, Lance |
| **Subject:** | RE: US v. Holmes & Balwani |

Dear Bob:

Thank you for your prompt response.

FDA has admitted that relevant evidence for one of the most important FDA witnesses has been corrupted/destroyed -- in direct contravention of your office's litigation hold notice.  I am surprised to learn that you have not endeavored to acquire "direct knowledge of FDA's document management practices" as it relates to these Theranos materials.  The Court previously determined that you had "significant access" to the FDA's efforts in this matter.  Your office's June 29, 2017 litigation hold notice suggests that you would have previously acquired exactly that kind of information.  Your notice specifically sought information relating to how the FDA Chief Counsel would implement the notice, including, among other things, "a list of all key FDA employees who may have information subject to the hold" and "copies of initial and supplemental instructions for the litigation hold." Letter at 2-3.  The notice also specifically mentioned that your office would "work together [with FDA personnel] to ensure they complied with the [litigation hold] instructions," Id., and it advised the FDA regarding the importance of conferring promptly with its Information Technology personnel to ensure that all ESI was preserved.  Id.  With regard to ESI, the notice also specifically discussed the need to preserve disaster recovery tapes if that is the "only source of information for key employees who are subject to the hold" -- as appears to be the case with respect to some of Mr. Gutierrez's materials.  The questions in my letter are seeking exactly the same kind of information your office sought from the FDA in 2017.

Our need for this information is further supported by the Court's November 5, 2019 Order, which required the FDA to investigate the Gutierrez issues and disclose the procedures used and the results of that investigation -- i.e., why wasn't Mr. Gutierrez's Theranos evidence properly preserved and maintained at the time of the hold notice, and what steps were taken to try to recover the corrupted/destroyed evidence.  The FDA's disclosure gives only a partial explanation of what happened.  Based on the FDA's disclosure, we don't yet know why this information was not properly preserved initially; we have no idea whether the data may be available on other storage media; and we have no assurance that all available tools and methods have been employed to try to recover this data -- either from the damaged pst or from other storage media.  The disclosure also give us insufficient information for our technical experts to assess the root cause of the problem and give advice as to whether additional steps might be taken to recover the data.  As a result of these deficiencies, we do not believe the FDA has complied with the Court's order.

The questions in my letter were designed to be an efficient means by which to acquire the additional information we need to obtain answers to the open questions regarding the Gutierrez evidence, and to gain minimal assurances that there were not other, similar preservation failures relating to Theranos evidence.  We would ask that your reconsider your position and provide us more complete information, consistent with the Court's order.  Alternatively, we would ask that you and the FDA state clearly your refusal to provide this information, at which time we will seek it via alternative means.

Best regards,
Lance

Lance Wade
Williams & Connolly LLP
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com  | www.wc.com/lwade


-----Original Message-----
From: Leach, Robert (USACAN) <Robert.Leach@usdoj.gov>
Sent: Monday, January 6, 2020 11:42 AM
To: Wade, Lance <LWade@wc.com>; 'Marci Norton' <Marci.Norton@fda.hhs.gov>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>
Cc: Schenk, Jeffrey (USACAN) <Jeffrey.B.Schenk@usdoj.gov>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>; 'McDowell, Amanda' <amcdowell@orrick.com>; 'Cazares, Stephen' <scazares@orrick.com>; Downey, Kevin <KDowney@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Looby, Patrick <PLooby@wc.com>; 'Cygnor, Jennifer' <jcygnor@orrick.com>; 'Vilkin, Jenna' <jvilkin@orrick.com>; 'Luskey, Randy' <rluskey@orrick.com>; 'Brown, Walter F.' <wbrown@orrick.com>; 'Coopersmith, Jeffrey' <jcoopersmith@orrick.com>; Baehr-Jones, Vanessa (USACAN) <Vanessa.Baehr-Jones@usdoj.gov>
Subject: RE: US v. Holmes & Balwani

Dear Lance:

We received your letter dated December 20, 2019.  The government does not have direct knowledge of FDA's document management practices.  Consistent with Court's November 5 Order, FDA has "disclose[d] the procedures and results of [its] investigation[] [into the Gutierrez PST file] to the parties."  Your demand for further information significantly exceeds any discovery obligation we are aware of under Rule 16 or Brady.  Indeed, your letter cites no authority at all for what amount to a series of interrogatories about FDA's conduct.  If you are aware of any please bring it to our attention and we will consider it.  We also believe it is premature for you to seek relief from the Court before the government has completed its production of FDA documents.  Doing so only serves to distract the agency from completing production of documents you want for Ms. Holmes' defense.

Best regards,
Bob

-----Original Message-----
From: Wade, Lance <LWade@wc.com>
Sent: Friday, January 3, 2020 12:53 PM
To: 'Marci Norton' <Marci.Norton@fda.hhs.gov>; Bostic, John (USACAN) <jbostic@usa.doj.gov>
Cc: Schenk, Jeffrey (USACAN) <JSchenk@usa.doj.gov>; Bostic, John (USACAN) <jbostic@usa.doj.gov>; 'McDowell, Amanda' <amcdowell@orrick.com>; 'Cazares, Stephen' <scazares@orrick.com>; Downey, Kevin <KDowney@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Looby, Patrick <PLooby@wc.com>; 'Cygnor, Jennifer' <jcygnor@orrick.com>; 'Vilkin, Jenna' <jvilkin@orrick.com>; 'Luskey, Randy' <rluskey@orrick.com>; 'Brown, Walter F.' <wbrown@orrick.com>; 'Coopersmith, Jeffrey' <jcoopersmith@orrick.com>; Leach, Robert (USACAN) <RLeach@usa.doj.gov>
Subject: RE: US v. Holmes & Balwani

Counsel:

As you know, a status report is due next week on FDA/CMS issues.  I would appreciate a response to my December 20 letter sometime soon so that we can adequately inform the Court in the status report regarding the preservation/evidence corruption issues.

Thank you.

--Lance

Lance Wade
Williams & Connolly LLP
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com  | www.wc.com/lwade


-----Original Message-----
From: Wade, Lance
Sent: Friday, December 20, 2019 4:25 PM
To: Marci Norton <Marci.Norton@fda.hhs.gov>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>
Cc: Schenk, Jeffrey (USACAN) <Jeffrey.B.Schenk@usdoj.gov>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>;
McDowell, Amanda <amcdowell@orrick.com>; Cazares, Stephen <scazares@orrick.com>; Downey, Kevin
<KDowney@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Looby, Patrick <PLooby@wc.com>; Cygnor, Jennifer
<jcygnor@orrick.com>; Vilkin, Jenna <jvilkin@orrick.com>; Luskey, Randy <rluskey@orrick.com>; Brown, Walter F.
<wbrown@orrick.com>; Coopersmith, Jeffrey <jcoopersmith@orrick.com>; Leach, Robert (USACAN)
<Robert.Leach@usdoj.gov>; Wade, Lance <LWade@wc.com>
Subject: US v. Holmes & Balwani

Please see the attached.

Lance Wade
Williams & Connolly LLP
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com  | www.wc.com/lwade



_____

This message and any attachments are intended only for the addressee and may contain information that is privileged
and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the
contents of the message and any attachments. Instead, please delete the message and any attachments and notify the
sender immediately. Thank you.