# Exhibit C

| | |
|---|---|
| **From:** | Wade, Lance |
| **Sent:** | Wednesday, January 8, 2020 12:23 PM |
| **To:** | Leach, Robert (USACAN); 'Marci Norton'; Bostic, John (USACAN) |
| **Cc:** | Schenk, Jeffrey (USACAN); Bostic, John (USACAN); 'McDowell, Amanda'; 'Cazares, Stephen'; Downey, Kevin; Trefz, Katherine; Looby, Patrick; 'Cygnor, Jennifer'; 'Vilkin, Jenna'; 'Luskey, Randy'; 'Brown, Walter F.'; 'Coopersmith, Jeffrey'; Baehr-Jones, Vanessa (USACAN); Wade, Lance |
| **Subject:** | RE: US v. Holmes & Balwani |

Dear Bob:

Thank you for your prompt response.

FDA has admitted that relevant evidence for one of the most important FDA witnesses has been corrupted/destroyed -- in direct contravention of your office's litigation hold notice.  I am surprised to learn that you have not endeavored to acquire "direct knowledge of FDA's document management practices" as it relates to these Theranos materials.  The Court previously determined that you had "significant access" to the FDA's efforts in this matter.  Your office's June 29, 2017 litigation hold notice suggests that you would have previously acquired exactly that kind of information.  Your notice specifically sought information relating to how the FDA Chief Counsel would implement the notice, including, among other things, "a list of all key FDA employees who may have information subject to the hold" and "copies of initial and supplemental instructions for the litigation hold." Letter at 2-3.  The notice also specifically mentioned that your office would "work together [with FDA personnel] to ensure they complied with the [litigation hold] instructions," Id., and it advised the FDA regarding the importance of conferring promptly with its Information Technology personnel to ensure that all ESI was preserved.  Id.  With regard to ESI, the notice also specifically discussed the need to preserve disaster recovery tapes if that is the "only source of information for key employees who are subject to the hold" -- as appears to be the case with respect to some of Mr. Gutierrez's materials.  The questions in my letter are seeking exactly the same kind of information your office sought from the FDA in 2017.

Our need for this information is further supported by the Court's November 5, 2019 Order, which required the FDA to investigate the Gutierrez issues and disclose the procedures and the results of that investigation -- i.e., why wasn't Mr. Gutierrez's Theranos evidence properly preserved and maintained at the time of the hold notice, and what steps were taken to try to recover the corrupted/destroyed evidence.  The FDA's disclosure gives only a partial explanation of what happened.  Based on the FDA's disclosure, we don't yet know why this information was not properly preserved initially; we have no idea whether the data may be available on other storage media; and we have no assurance that all available tools and methods have been employed to try to recover this data -- either from the damaged pst or from other storage media.  The disclosure also give us insufficient information for our technical experts to assess the root cause of the problem and give advice as to whether additional steps might be taken to recover the data.  As a result of these deficiencies, we do not believe the FDA has complied with the Court's order.

The questions in my letter were designed to be an efficient means by which to acquire the additional information we need to obtain answers to the open questions regarding the Gutierrez evidence, and to gain minimal assurances that there were not other, similar preservation failures relating to Theranos evidence.  We would ask that your reconsider your position and provide us more complete information, consistent with the Court's order.  Alternatively, we would ask that you and the FDA state clearly your refusal to provide this information, at which time we will seek it via alternative means.

Best regards,
Lance

Lance Wade
Williams & Connolly LLP
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com | www.wc.com/lwade


-----Original Message-----
From: Leach, Robert (USACAN) <Robert.Leach@usdoj.gov>
Sent: Monday, January 6, 2020 11:42 AM
To: Wade, Lance <LWade@wc.com>; 'Marci Norton' <Marci.Norton@fda.hhs.gov>; Bostic, John (USACAN)
<John.Bostic@usdoj.gov>
Cc: Schenk, Jeffrey (USACAN) <Jeffrey.B.Schenk@usdoj.gov>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>;
'McDowell, Amanda' <amcdowell@orrick.com>; 'Cazares, Stephen' <scazares@orrick.com>; Downey, Kevin
<KDowney@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Looby, Patrick <PLooby@wc.com>; 'Cygnor, Jennifer'
<jcygnor@orrick.com>; 'Vilkin, Jenna' <jvilkin@orrick.com>; 'Luskey, Randy' <rluskey@orrick.com>; 'Brown, Walter F.'
<wbrown@orrick.com>; 'Coopersmith, Jeffrey' <jcoopersmith@orrick.com>; Baehr-Jones, Vanessa (USACAN)
<Vanessa.Baehr-Jones@usdoj.gov>
Subject: RE: US v. Holmes & Balwani

Dear Lance:

We received your letter dated December 20, 2019.  The government does not have direct knowledge of FDA's document
management practices.  Consistent with Court's November 5 Order, FDA has "disclose[d] the procedures and results of
[its] investigation[] [into the Gutierrez PST file] to the parties."  Your demand for further information significantly
exceeds any discovery obligation we are aware of under Rule 16 or Brady.  Indeed, your letter cites no authority at all for
what amount to a series of interrogatories about FDA's conduct.  If you are aware of any please bring it to our attention
and we will consider it.  We also believe it is premature for you to seek relief from the Court before the government has
completed its production of FDA documents.  Doing so only serves to distract the agency from completing production of
documents you want for Ms. Holmes' defense.

Best regards,
Bob

-----Original Message-----
From: Wade, Lance <LWade@wc.com>
Sent: Friday, January 3, 2020 12:53 PM
To: 'Marci Norton' <Marci.Norton@fda.hhs.gov>; Bostic, John (USACAN) <jbostic@usa.doj.gov>
Cc: Schenk, Jeffrey (USACAN) <JSchenk@usa.doj.gov>; Bostic, John (USACAN) <jbostic@usa.doj.gov>; 'McDowell,
Amanda' <amcdowell@orrick.com>; 'Cazares, Stephen' <scazares@orrick.com>; Downey, Kevin <KDowney@wc.com>;
Trefz, Katherine <KTrefz@wc.com>; Looby, Patrick <PLooby@wc.com>; 'Cygnor, Jennifer' <jcygnor@orrick.com>; 'Vilkin,
Jenna' <jvilkin@orrick.com>; 'Luskey, Randy' <rluskey@orrick.com>; 'Brown, Walter F.' <wbrown@orrick.com>;
'Coopersmith, Jeffrey' <jcoopersmith@orrick.com>; Leach, Robert (USACAN) <RLeach@usa.doj.gov>
Subject: RE: US v. Holmes & Balwani

Counsel:

As you know, a status report is due next week on FDA/CMS issues.  I would appreciate a response to my December 20
letter sometime soon so that we can adequately inform the Court in the status report regarding the
preservation/evidence corruption issues.

Thank you.

--Lance

Lance Wade
Williams & Connolly LLP
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com | www.wc.com/lwade


-----Original Message-----
From: Wade, Lance
Sent: Friday, December 20, 2019 4:25 PM
To: Marci Norton <Marci.Norton@fda.hhs.gov>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>
Cc: Schenk, Jeffrey (USACAN) <Jeffrey.B.Schenk@usdoj.gov>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>;
McDowell, Amanda <amcdowell@orrick.com>; Cazares, Stephen <scazares@orrick.com>; Downey, Kevin
<KDowney@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Looby, Patrick <PLooby@wc.com>; Cygnor, Jennifer
<jcygnor@orrick.com>; Vilkin, Jenna <jvilkin@orrick.com>; Luskey, Randy <rluskey@orrick.com>; Brown, Walter F.
<wbrown@orrick.com>; Coopersmith, Jeffrey <jcoopersmith@orrick.com>; Leach, Robert (USACAN)
<Robert.Leach@usdoj.gov>; Wade, Lance <LWade@wc.com>
Subject: US v. Holmes & Balwani

Please see the attached.

Lance Wade
Williams & Connolly LLP
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com | www.wc.com/lwade


_____

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.