1  JOHN D. CLINE (CA State Bar No. 237759)
   50 California Street, Suite 1500
2  San Francisco, CA 94111
   Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
3  Email: cline@johndclinelaw.com

4  KEVIN M. DOWNEY (Admitted Pro Hac Vice)
   LANCE A. WADE (Admitted Pro Hac Vice)
5  AMY MASON SAHARIA (Admitted Pro Hac Vice)
   KATHERINE TREFZ (CA State Bar No. 262770)
6  WILLIAMS & CONNOLLY LLP
   725 Twelfth Street, NW
7  Washington, DC 20005
   Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
8  Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

9  Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD-SVK |
| Plaintiff, | **MS. HOLMES' MOTION FOR RELIEF NECESSARY TO MAINTAIN CURRENT TRIAL SCHEDULE** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | Date: April 20, 2020<br>Time: 10:00 AM<br>CTRM: 4, 5th Floor |
| Defendants. | Hon. Edward J. Davila |

MS. HOLMES' MOTION FOR RELIEF NECESSARY TO MAINTAIN CURRENT TRIAL SCHEDULE
CR-18-00258 EJD SVK

**MOTION FOR RELIEF NECESSARY
TO MAINTAIN CURRENT TRIAL SCHEDULE**

PLEASE TAKE NOTICE that on April 20, 2020, at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court for entry of two orders necessary to maintain the current trial schedule during the COVID-19 pandemic.[1]  Ms. Holmes makes this motion pursuant to Federal Rules of Criminal Procedure 2 and 16, Criminal Local Rule 17-2, this Court's General Order 73, and the Court's inherent authority to manage its docket.  The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: March 30, 2020

/s/ Lance Wade
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

---

[1] Ms. Holmes recognizes that the Court is currently closed during to the COVID-19 crisis but has noticed the motion for this date and location in accordance with the rules.  The defense would prefer to proceed on the earliest possible date available to the Court.

MS. HOLMES' MOTION FOR RELIEF NECESSARY TO MAINTAIN CURRENT TRIAL SCHEDULE
CR-18-00258 EJD SVK

i

# MEMORANDUM OF POINTS AND AUTHORITIES

The COVID-19 epidemic is challenging for all citizens—including the Court, the parties, and counsel. Our struggles pale by comparison to those experienced by the afflicted and those who are treating them, or those who have been displaced as a result of the crisis. The circumstances do however make preparing for a complex months-long trial such as this extremely difficult. Based on direction from public health experts, and consistent with an order from the Mayor of Washington, D.C., Williams and Connolly LLP has prohibited all but a handful of essential workers from working from our offices. That status is likely to continue to be the case through at least April 24, 2020, the date through which the District's closure of non-essential businesses is currently set to last, if not beyond. *See* Mayor's Order 2020-053 (Mar. 24, 2020).[2] Of course, we continue to serve all of our clients and meet our professional obligations, including our obligations to this Court.

Trial in this case is set to begin on July 28, 2020. As set forth more fully in the defense portion of the Joint Status report filed today, the COVID-19 pandemic has combined with events in the case to make the already difficult task of preparing to try this complex case in the timeframe set by the Court all the more difficult. Ms. Holmes thus respectfully seeks the issuance of two Orders necessary to maintain the trial schedule. The first—discussed in Section I, *infra*—permits the defense to take necessary trial preparation steps that may be unlawful in areas severely affected by the COVID-19 pandemic and subject to emergency decrees. The second—discussed in Section II, *infra*—facilitates the process for obtaining issuance of Rule 17(c) subpoenas and addresses other discovery-related issues that have arisen in the case.

**I.     Order Permitting Trial Preparation During COVID-19 Pandemic.**

Ms. Holmes detailed in her portion of the Joint Status report the enormous number of tasks necessary to prepare for trial that typically are done in close proximity to others. *See* Dkt. No. 367, at 6-7 (Joint Status Mem. (Mar. 30, 2020)). Many of those tasks cannot effectively be done remotely.

---

[2] https://coronavirus.dc.gov/release/mayor-bowser-orders-closure-non-essential-businesses. Indeed, just today the Mayor issued a further "stay-at-home" order proclaiming that D.C. residents—which includes many members of the defense team—may only leave their residences to engage in essential activities or work at essential businesses. *See* https://coronavirus.dc.gov/stayhome.

MS. HOLMES' MOTION FOR RELIEF NECESSARY TO MAINTAIN CURRENT TRIAL SCHEDULE
CR-18-00258 EJD SVK

1

Moreover, many of the tasks (such as creation of trial materials, witness preparation, and service of subpoenas) and meetings would currently be prohibited by state or local law in the various jurisdictions in which they need to occur, including:

- **The District of Columbia**, which has ordered all non-essential business to cease operations through April 24, 2020, and all individuals living in Washington, DC to stay at their place of residence except to engage in certain essential activities. *See* Mayor's Order 2020-053 (Mar. 24, 2020); Mayor's Order 2020-054 (Mar. 30, 2020).

- **The State of New York**, which has implemented at 10-point New York State on PAUSE Plan, inducing ordering closure of all non-essential businesses, limitation on use of public transportation, and limiting congregation of individuals outside their home to workers providing essential services. *See* Executive Order 202.8 (Mar. 20, 2020).

- **The State of California**, which has ordered that its residents to stay at home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors. *See* Executive Order N-22-30 (Mar. 19, 2020).

- **The State of Maryland**, which has ordered the closure of all non-essential businesses until further order and for all persons to stay in their homes or places of residence except to conduct certain essential activities. *See* Order of the Governor of the State of Maryland No. 20-03-23-01 (Mar. 23, 2020); Order of the Governor of the State of Maryland No. 20-03-20-01 (Mar. 30, 2020).

- **The State of Washington**, which has ordered that all people in Washington State shall immediately cease leaving their home or place of residence except: (1) to conduct or participate in essential activities, and/or (2) for employment in essential business services. *See* Proclamation 20-25 by the Governor Amending Proclamation 20-05 (Mar. 23, 2020).

- **The Commonwealth of Virginia**, which has ordered that all individuals in Virginia shall remain at their place of residence, except to conduct certain essential activities or when travel is required by court order, through June 10, 2020. *See* Executive Order No. 55

(Mar. 30, 2020).

Trial-preparation tasks will require members of the defense team or agents we retain to undertake actions that public health officials have deemed to be inadvisable and/or unlawful under the above decrees and others.  Travel for meetings may in some circumstances also be unlawful.  Some of the recipients we need to serve with subpoenas or witnesses we need to interact with for trial preparation are health care professionals and institutions and laboratory and testing companies.  Others are people who are sheltered in place and hesitant or unwilling to meet with us in person.  We expect many subpoena recipients and/or witnesses to respond with hostility to receipt of subpoenas or other contacts during this time, and to question the lawfulness of our actions.

In the face of these obstacles, we will continue our preparation and undertake all necessary trial preparation tasks, consistent with the current schedule.  While we are hesitant to encourage any person to undertake actions that are contrary to advice and directions from public health officials or impose any burdens on health care professionals or institutions, we must adhere to the direction provided by this Court regarding the time and manner in which it wishes to proceed with this case.  As officers of the Court, we are duty bound to do our best to meet any judicial requirements that are imposed.  We recognize and are respectful of the many competing demands that the Court needs to balance, how difficult the balancing of those demands may be in present circumstances, and we will continue to do our best to meet the timelines the Court has deemed appropriate in these circumstances.[3]

Given that the Court has determined that it is necessary to proceed as scheduled, we would respectfully request that the Court issue an Order that directs us to do so and makes plain that our trial preparation actions are essential activities, so that we stay in compliance with all state and local laws, and so we may use that Order with state and local authorities and in dealings with witnesses and other third parties who may object to the manner in which we are proceeding.[4]  A form of proposed order is

---

[3] We are similarly duty bound to our client, and in the event that adequate trial preparation becomes simply impossible, we will be obligated to advise the Court and seek appropriate relief.

[4] The defense understands that the United States Attorney General has been working towards providing similar protections for federal prosecutors.  *See* Sadie Gurman, *Barr Strives to Keep Justice Moving Amid Coronavirus Crisis*, Wall St. J. (Mar. 23, 2020) ("[Mr. Barr] instructed U.S. attorneys on Friday to tell their state and local counterparts that federal employees must be allowed to travel and

attached hereto as Exhibit A.

## II. Order Governing Rule 17(c) Subpoenas and Setting Discovery Deadlines During COVID-19 Pandemic.

In her portion of the Joint Status Report filed today, Ms. Holmes detailed actions by the government that have further complicated trial-preparation, including the government's expansion of its case through an unreasonably broad Rule 404(b) disclosure and inclusion in its Bill of Particulars of a substantial quantity of newly discovered evidence. *See* Dkt. No. 367, at 3-4. We anticipate the need to come forward with 50-100 trial and document subpoenas, including many to gather documents to rebut the new allegations in the government's Rule 404(b) disclosures and Bill of Particulars. Many of those will have to be filed on an *ex parte* basis to protect defense strategy, as is permitted under this Court's Criminal Local Rules. *See* Criminal Local Rule 17-2(a)(1). Under those rules, however, the process of seeking issuance of subpoenas—and the return of documents to the Court—would require contact between our agents and those of the recipients with court staff.

In light of current circumstances and conditions, we respectfully request that the Court issue an Order granting the defense the authority to issue early return subpoenas under Federal Rule of Criminal Procedure 17(c) and the Court's Local Rules without further order of the Court. Rather than burden the Court and increase the risk on our agents and court staff through numerous manual filings and document returns at the San Jose Courthouse, the Order would permit service of subpoenas returnable to counsel for Ms. Holmes. Third-parties of course still could move to quash subpoenas they believe to be objectionable.

Moreover, because time is of the essence, the requested Order would set firm deadlines for the government's outstanding discovery responses to prevent further government delays like those detailed in the defense portion of the Joint Status Report. *See* Dkt. No. 367, at 3 & nn. 1, 2. In particular, the requested Order sets deadlines for the government (1) to produce all discovery referenced in its Rule 404(b) notice, Bill of Particulars, and expert witness disclosures that has not yet been produced; (2) to

---

commute for law enforcement work even in places with restrictions.").

produce documents from the FDA, including those from the remaining priority custodians; and (3) to identify documents within the taint materials that are Theranos privileged and not usable in the case. A form of proposed order is attached hereto as Exhibit B.

DATED: March 30, 2020          Respectfully submitted,

                 /s/ Lance Wade
                 KEVIN DOWNEY
                 LANCE WADE
                 AMY MASON SAHARIA
                 KATHERINE TREFZ
                 Attorneys for Elizabeth Holmes

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2020 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Lance Wade
Lance Wade
Attorney for Elizabeth Holmes

# EXHIBIT A

JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD-SVK |
| Plaintiff, | **[PROPOSED] ORDER PERMITTING TRIAL PREPARATION DURING COVID-19 PANDEMIC** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | Hon. Edward J. Davila |

WHEREAS, trial in the above-captioned matter is scheduled to begin on July 28, 2020;

WHEREAS, the COVID-19 disease, caused by a virus that spreads easily from person to person which may result in serious illness or death and has been classified by the World Health Organization as a worldwide pandemic, has broadly spread throughout the United States;

WHEREAS, the President of United States has declared a National Emergency in response to the COVID-19 outbreak;

WHEREAS, scientific evidence and public health best practices show that the most effective

[PROPOSED] ORDER
CR-18-00258 EJD SVK                          1

1  approach to slowing the community transmission of communicable diseases like COVID-19 is through
2  limiting public activities and engaging in social distancing;
3       WHEREAS, consistent with guidance from national and state public health agencies, the federal
4  government and numerous states and municipalities in which trial-preparation activities in this matter
5  must occur have declared public emergencies and/or public health emergencies and have suspended or
6  placed restrictions on government services, movement of individuals, private business operations, and
7  court proceedings with the aim facilitating an effective response to the COVID-19 emergency,
8  including:

- The District of Columbia has ordered all non-essential business to cease operations through April 24, 2020, and all individuals living in Washington, DC to stay at their place of residence except to engage in certain essential activities. *See* Mayor's Order 2020-053 (Mar. 24, 2020); Mayor's Order 2020-054 (Mar. 30, 2020).
- The State of New York has implemented at 10-point New York State on PAUSE Plan, inducing ordering closure of all non-essential businesses, limitation on use of public transportation, and limiting congregation of individuals outside their home to workers providing essential services. *See* Executive Order 202.8 (Mar. 20, 2020).
- The State of California has ordered its residents to stay at home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors. *See* Executive Order N-22-30 (Mar. 19, 2020).
- The State of Maryland has ordered the closure of all non-essential businesses until further order and for all persons to stay in their homes or places of residence except to conduct certain essential activities. *See* Order of the Governor of the State of Maryland No. 20-03-23-01 (Mar. 23, 2020); Order of the Governor of the State of Maryland No. 20-03-20-01 (Mar. 30, 2020).
- The State of Washington has ordered that all people in Washington State shall immediately cease leaving their home or place of residence except: (1) to conduct or participate in essential activities, and/or (2) for employment in essential business services. *See* Proclamation 20-25 by the Governor Amending Proclamation 20-05 (Mar.

23, 2020).

- The Commonwealth of Virginia has ordered that all individuals in Virginia shall remain at their place of residence, except to conduct certain essential activities or when travel is required by court order, through June 10, 2020.  *See* Executive Order No. 55 (Mar. 30, 2020).

WHEREAS, the Chief Judge of the Northern District of California has ordered the closure of the San Jose Courthouse to both staff and the public, with no exceptions, through April 7, 2002, which period may be extended by further order.  *See* N.D. Cal. General Order 73 (as amended Mar. 25, 2020).

WHEREAS, in recognition of the impact of court proceedings during the COVID-19 outbreak on the health of jurors, witnesses, parties, attorneys, the public, court staff, Probation and Pretrial Services staff, chambers staff, and judges, the Chief Judge of the Northern District of California has ordered, among other things, that no criminal jury trial will be commenced before May 1, 2020; that appearances in criminal cases before the district judges may be waived and postponed, and that the requirements for filing of courtesy copies to chambers is suspended pending further notice.  *See* N.D. Cal. General Order 72 (Mar. 16, 2020);

WHEREAS, this Court's General Order 72 permits individual Judges to make case-by-case exceptions to procedures at their discretion;

WHEREAS, the COVID-19 pandemic in the United States is a public health emergency that poses challenges to the parties in their efforts to effectively prepare for trial and remain in compliance with the above orders and public health best practices because many of the activities necessary to that trial preparation would violate the foregoing orders or related to state and local laws;

WHEREAS, notwithstanding the foregoing orders, and based on the authority permitted by Gen. Order 72, the continuation of the above-captioned matter is deemed to be an essential government function;

IT IS HEREBY ORDERED that the parties, their counsel, and their agents, are ordered to take steps they deem necessary to prepare for trial in this matter, including:  causing to be manually filed in the courts of this District and elsewhere manual filings consistent with court rules for such filings;

1  serving trial subpoenas and subpoenas *duces tecum* on non-parties as the need may be, including upon
2  non-parties in affected areas and notwithstanding any local orders or laws to the contrary; traveling
3  interstate to meet with witnesses to prepare for trial testimony; and taking whatever other steps and
4  engaging whatever staff, experts, consultants, or other agents they deem appropriate and necessary for
5  trial preparation;

7  IT IS FURTHER ORDERED that the right to complete the above activities supersedes any
8  federal, state, or local law or order to the contrary;

10  **IT IS SO ORDERED.**

12  Dated _____

                                              _____
                                              Hon. Edward J. Davila
                                              United States District Judge

# EXHIBIT B

JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD-SVK |
| Plaintiff, | **[PROPOSED] ORDER GOVERNING ISSUANCE OF RULE 17(C) SUBPOENAS AND SETTING DISCOVERY DEADLINES DURING COVID-19 PANDEMIC** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | Hon. Edward J. Davila |

WHEREAS, trial in the above-captioned matter is scheduled to begin on July 28, 2020;

WHEREAS, the COVID-19 disease, caused by a virus that spreads easily from person to person which may result in serious illness or death and has been classified by the World Health Organization as a worldwide pandemic, has broadly spread throughout the United States;

WHEREAS, the President of United States has declared a National Emergency in response to the COVID-19 outbreak;

WHEREAS, scientific evidence and public health best practices show that the most effective

approach to slowing the community transmission of communicable diseases like COVID-19 is through limiting public activities and engaging in social distancing;

WHEREAS, the Chief Judge of the Northern District of California has ordered the closure of the San Jose Courthouse to both staff and the public, with no exceptions, through April 7, 2002, which period may be extended by further order. *See* N.D. Cal. General Order 73 (as amended Mar. 25, 2020);

WHEREAS, in recognition of the impact of court proceedings during the COVID-19 outbreak on the health of jurors, witnesses, parties, attorneys, the public, court staff, Probation and Pretrial Services staff, chambers staff, and judges, the Chief Judge of the Northern District of California has ordered, among other things, that no criminal jury trial will be commenced before May 1, 2020; that appearances in criminal cases before the district judges may be waived and postponed, and that the requirements for filing of courtesy copies to chambers is suspended pending further notice. *See* N.D. Cal. General Order 72 (Mar. 16, 2020);

WHEREAS, this Court's General Order 72 permits individual Judges to make case-by-case exceptions to procedures at their discretion;

WHEREAS, Criminal Local Rule 17-2 provides that no subpoena in a criminal case may require the production of books, papers, documents or other objects in advance of the trial, hearing or proceeding at which these items are to be offered in evidence, unless the Court has entered an order pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure;

WHEREAS, Criminal Local Rule 17-2 further provides that an order permitting issuance of a Rule 17(c) subpoena may be obtained by filing either a noticed motion or, for good cause, an *ex parte* motion without advance notice to the opposing party;

WHEREAS, Criminal Local Rule 17-2 further provides that any Rule 17(c) subpoena must be returnable to the Court and the items sought therein must be delivered to the Court at the place, date and time indicated;

WHEREAS, the normal operation of Rule 17-2 in this complex case likely will require numerous manual filings and deposits at the San Jose Courthouse which may be impossible or impracticable under present circumstances;

WHEREAS, it is necessary to meet all deadlines going forward to ensure that there are no

additional delays that prejudice the defense's ability to prepare for trial under the current, challenging circumstances;

IT IS HEREBY ORDERED that the parties in the above-captioned matter may issue Rule 17(c) subpoenas without a prior application to the Court.  Documents subject to the Rule 17(c) subpoenas issued under this Order shall be returnable directly to the parties at the date, time, and location indicated on the subpoena.

IT IS FURTHER ORDERED that, in order further to facilitate trial preparation in this matter on the current schedule, the government shall adhere to the following discovery deadlines:

1. The government is to produce all discovery referenced in its Rule 404(b) notice, Bill of Particulars, and expert witness disclosures that has not yet been produced by **April 7, or not later than within 24 hours of the issuance of this order**.
2. The government is to produce documents from the remaining priority FDA custodians (as defined in the agreement between the parties) by **April 10, or not later than within 24 hours of the issuance of this order**.
3. The government is to produce the remainder of the FDA discovery by **April 21, or not later than within 24 hours of the issuance of this order**.  The Court will entertain a defense motion to exclude all FDA-related evidence if this deadline is not met.
4. The government taint team is to identify all documents within the taint materials that are Theranos privileged and not usable in the case by **April 21, or not later than within 24 hours of the issuance of this order**.  The Court will entertain a defense motion to exclude all documents in the taint materials if this deadline is not met.

**IT IS SO ORDERED.**

Dated _____

Hon. Edward J. Davila
United States District Judge

[PROPOSED] ORDER
CR-18-00258 EJD SVK                3