ADAM A. REEVES (NYBN 2363877)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
VANESSA BAEHR-JONES (CABN 281715)
Assistant United States Attorneys

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5589
Fax: (408) 535-5066
Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES,<br><br>Defendant. | Case No. 18-CR-258 EJD<br><br>JOINT STATUS MEMORANDUM |

The parties in the above-captioned matter hereby file this joint status memorandum in advance of the hearing set for April 15, 2020.

**I. Government's Statement**

On April 1, 2020, the Court convened a status conference and directed the parties to meet and confer regarding the trial schedule. ECF 361. On April 6, 2020, counsel for the government and defendant Holmes met and conferred telephonically. On April 7, 2020, counsel for defendant Holmes provided the government with a proposed trial schedule culminating in an October 26, 2020 trial date. On April 9, 2020, counsel for the government provided an alternative proposed schedule culminating in

an October 5, 2020 trial date. Counsel for the government further advised that, following the Court's ruling on the defendants' motions to dismiss the indictment, the government intends to seek a superseding indictment. Because the Grand Jury is currently suspended until May 1, 2020 (*see* General Order 72), counsel for the government inquired whether defendant Holmes would agree to waive her constitutional right to indictment and proceed to trial by superseding information. Counsel for the government described the primary differences between the pending indictment and the proposed superseding information, namely, the addition of two wire fraud counts relating to patients who paid for Theranos testing; an allegation that the conspiracy to defraud investors began no later than 2010; and an allegation that Theranos's investors included individuals, entities, certain business partners, members of its board of directors, and individuals and entities who invested through firms formed for the exclusive or primary purpose of investing in Theranos's securities.[1] On April 10, 2020, counsel for defendant Holmes advised the government that defendant Holmes would not waive her constitutional right to indictment and believed superseding the indictment would necessitate further delay to the schedule under discussion by the parties. The government submits that regardless of whether the indictment is superseded, this case may proceed to trial either as scheduled or by October 2020. If the trial is reset for October 2020, the Court should set the following schedule:

| EVENT | DATE |
|---|---|
| Defendant Holmes shall serve a summary pursuant to Rule 16 for each expert witness that defendant intends to call at trial in defendant's case-in-chief. | 5/18/2020 |
| The Government shall complete its Rule 16(a) disclosures. The Government shall remain obligated to produce any Rule 16(a) material it subsequently discovers.<br><br>The Government shall serve witness and exhibit lists for its case-in-chief.<br><br>The Government shall identify any statement the Government intends to offer under Federal Rule of Evidence 801(d)(2)(E). | 6/26/2020 |
| Defendant Holmes shall complete defendant's Rule 16 disclosures other than expert disclosures. | 7/6/2020 |
| The Government shall serve a summary pursuant to Rule 16 for each expert witness that it intends to call at trial in rebuttal to expert testimony offered by defendant. | 7/10/2020 |

[1] The government provided counsel for defendant Holmes a copy of the draft superseding information on April 13, 2020.

| | |
|---|---|
| Defendant Holmes shall serve witness and exhibit lists for the defendant's case-in-chief. Defendant Holmes shall complete defendant's production of witness statements pursuant to Rule 26.2. | 7/17/2020 |
| Status Conference to confirm/assess public health conditions and viability of scheduled trial | 7/13/2020 |
| Motions *in limine* and motions relating to experts due.<br><br>Proposed jury instructions, juror questionnaire, and voir dire questions due. | 7/24/2020 |
| Responses to motions *in limine* and motions relating to experts due. | 8/10/2020 |
| Replies in support of motions *in limine* and motions relating to experts due. | 8/24/2020 |
| Pretrial Conference | 9/14/2020 & 9/15/2020 (if necessary) |
| Jury selection | 9/29/2020 |
| First day of trial | 10/6/2020 |

## II. Ms. Holmes' Statement

Over the past week, Ms. Holmes' counsel and the government have met and conferred regarding a suitable trial date in this matter in light of challenges associated with the COVID-19 pandemic, and consistent with the Court's direction and statements regarding the paramount importance of proceeding in a manner that is mindful of public health directives and the health and safety of all trial participants. Our discussions with the government initially brought us close to a compromise agreement on a path forward to a trial this fall. The government's disclosure, late in these discussions, that it now intends to seek a superseding indictment in this case, which would significantly expand the charged conduct, fundamentally changed the landscape and will now necessitate a different and later trial date.

With respect to the current health crisis we are now facing, we recognize the many tasks and activities associated with trial that all counsel once would undertake routinely and without hesitation, but which now carry risks. The Court, the government, and the defense all recognize these risks, and we have conducted discussions with avoidance of those risks in mind, and no doubt will continue to do so. As a result of these concerns, we initially suggested to the government that the trial be rescheduled in early 2021. Quite simply, we believe this is not the first or even one of the first cases that should be

tried as the courts adopt new procedures and make adjustments for safe public health while conducting trials, given several unusual characteristics. The trial will be months-long, and the Court will be crowded. The defense, jurors, and witnesses will all enter the courthouse through crowds of onlookers who have often approached and even touched counsel and the defendant during entry to the building. We are confident that the Court and all trial participants will make all possible adjustments and work through these and other health-related issues as safely and diligently as they possibly can, but it remains true that in a trial of this length, with this number of participants, significant risks remain. The possibility of one or more trial participants falling ill to the virus in these circumstances, and under present health conditions, appears to be significant. If any trial participant were to contract the virus, that unfortunate event would significantly disrupt the trial. All trial participants would need to be quarantined for 2 weeks or longer. The risk of a mistrial would be substantial.

As noted above, given these risks and considerations, counsel for Ms. Holmes proposed to the government that we defer the trial approximately six months, and plan to proceed in early 2021. The government was unable to agree to adjourn the trial date for that length of time. It maintains that the case can be tried in the fall. In an effort to reach a compromise that is still mindful of public health concerns, counsel for Ms. Holmes proposed a schedule with a fall trial date, with a July status conference at which we assess with the Court public health developments and determine whether it is safe and feasible to proceed to trial in the fall. The government was amenable to this framework, with some modifications. Ms. Holmes' proposal, along with the government's counter-proposal, within that framework are set forth in the table below.

| **EVENT** | **Holmes Proposal** | **Govt. Counter-Proposal** |
|---|---|---|
| Defendant Holmes shall serve a summary pursuant to Rule 16 for each expert witness that defendant intends to call at trial in defendant's case-in-chief. | 5/18/2020 | 5/18/2020 |
| The Government shall complete its Rule 16(a) disclosures. The Government shall remain obligated to produce any Rule 16(a) material it subsequently discovers.<br><br>The Government shall serve witness and exhibit lists for its case-in-chief. | 5/29/2020 | 6/26/2020 |

| | | |
|---|---|---|
| The Government shall identify any statement the Government intends to offer under Federal Rule of Evidence 801(d)(2)(E). | | |
| Defendant Holmes shall complete defendant's Rule 16 disclosures other than expert disclosures. | 6/05/2020 | 7/6/2020 |
| The Government shall serve a summary pursuant to Rule 16 for each expert witness that it intends to call at trial in rebuttal to expert testimony offered by defendant. | 6/10/2020 | 7/10/2020 |
| Defendant Holmes shall serve witness and exhibit lists for the defendant's case-in-chief. Defendant Holmes shall complete defendant's production of witness statements pursuant to Rule 26.2. | 6/15/2020 | 7/17/2020 |
| Status Conference to confirm/assess public health conditions and viability of scheduled trial | 7/24/2020 | 7/13/2020 |
| Motions *in limine* and motions relating to experts due.<br><br>Proposed jury instructions, juror questionnaire, and voir dire questions due. | 8/03/2020 | 7/24/2020 |
| Responses to motions *in limine* and motions relating to experts due. | 8/24/2020 | 8/10/2020 |
| Replies in support of motions *in limine* and motions relating to experts due. | 9/07/2020 | 8/24/2020 |
| Pretrial Conference | 9/29/2020 & 9/30/2020 (if necessary) | 9/14/2020 & 9/15/2020 (if necessary) |
| Jury selection | 10/19/2020 | 9/29/2020 |
| First day of trial | 10/26/2020 | 10/6/2020 |

As the parties were making significant progress working out a schedule to proceed to trial on the current charges, late last week the government informed counsel for Ms. Holmes for the first time that it intends to seek a superseding indictment.[2] Based on proffers from the government, it appears that the new indictment (should the grand jury choose to return it) would significantly expand the case. The proposed indictment would:

- Nearly double the length of the conspiracy period in Count One by adding the years

[2] The government inquired whether Ms. Holmes would waive her Fifth Amendment right to indictment by a grand jury, which she declined to do.

2010, 2011, and 2012, adding into the case an untold number of representations during those years;

- More than double the universe of allegedly defrauded "investors" by adding numerous unspecified "investors" such as
  - individuals who invested from 2010 to 2013,
  - certain unspecified business partners with whom the company interacted between 2010 and 2016 (presumably including Walgreens, Safeway, and perhaps others),
  - unspecified individuals who served on the Theranos Board of Directors from 2010 to 2016,[3] and
  - an unspecified group of "individuals and entities who invested through firms formed for the exclusive or primary purpose of investing in Theranos's securities";
- Add two new substantive counts – one alleging a patient was defrauded, and one alleging a doctor was defrauded.

Notwithstanding these modifications, the government maintains that the case has not materially changed. We respectfully disagree. New motions to dismiss will be necessary, significant new factual development work will need to be done, new experts may be needed, new documents will need to be sought and obtained, and the focus of preparation for trial and trial presentation will need to shift considerably. Counsel for Ms. Holmes does not understand why it took the government nearly two years post-indictment, and more than five years into its investigation, to bring these new charges. Nor does counsel understand why the government disclosed its intention to bring these new charges so late in our collective discussions about a trial schedule. Nevertheless, we will continue to work diligently to get ready for trial based on the new charges (again, assuming they will be returned by a grand jury), and we believe that with diligent efforts we will be prepared to proceed to trial six months after the existing trial date (on or about February 8). We do not believe we will be prepared for trial on the fall schedule

[3] It is unclear exactly how "business partners" and "board members" are properly considered "investors." Instead, it appears that the government is effectively seeking to shoehorn multiple additional conspiracies into the framework of its existing indictment.

that was previously under discussion with the government. As noted above, we believe a trial on this timeframe is the most realistic date in light of the COVD-19 pandemic in any event.

DATED: April 14, 2020

Respectfully submitted,

ADAM A. REEVES
Attorney for the United States
Acting Under Authority Conferred
by 28 U.S.C. § 515

/s/

ROBERT S. LEACH
JOHN C. BOSTIC
VANESSA BAEHR-JONES
JEFF SCHENK
Assistant United States Attorneys

DATED: April 14, 2020

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

/s/

LANCE WADE
Attorneys for Defendant Elizabeth Holmes