FILED
March 31, 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

SEALED BY ORDER OF THE COURT

Dkt.# 384

ADAM A. REEVES (NYBN 2363877)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
VANESSA BAEHR-JONES (CABN 281715)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Vanessa.Baehr-Jones@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, <br><br> Defendants. | **CASE NO. 18-CR-00258 EJD** <br><br> **UNITED STATES' MOTION FOR EXAMINATION OF DEFENDANT ELIZABETH HOLMES PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12.2(c)** <br><br> Date: April 15, 2020 <br> Time: 10 a.m. <br><br> **[FILED PROVISIONALLY UNDER SEAL PURSUANT TO COURT ORDER OF JANUARY 13, 2020]** <br><br> **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 15, 2020, at 10:00 a.m., or as soon thereafter as counsel may be heard telephonically, the United States of America will and hereby does move for an examination of Defendant Elizabeth Holmes pursuant to Federal Rule of Criminal Procedure 12.2(c)(1).

This motion is based upon the following Memorandum of Points and Authorities, the March 31, 2020, Declaration of Vanessa Baehr-Jones and accompanying exhibits, oral argument, the pleadings and exhibits on file, and any other evidence the Court may consider.

DATED:  March 31, 2020

Respectfully submitted,

ADAM A. REEVES
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

*/s/ Vanessa Baehr-Jones*

———————————————
JEFF SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
VANESSA BAEHR-JONES
Assistant United States Attorneys

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

On December 16, 2019, Defendant Elizabeth Holmes filed her Notice Pursuant to Federal Rule of Criminal Procedure 12.2(b). The notice states that she "may introduce expert evidence at trial related to a mental condition bearing on guilt." The notice goes on to state that the expert "may further testify regarding a forensic evaluation of Ms. Holmes," and "regarding present diagnoses of ███████ ████████████████████████████." At the request of the government, Holmes supplemented this notice in a letter to the government on January 17, 2020, providing the government with (1) the name of her Rule 12.2(b) expert, ███████████; (2) a short summary of the expert's potential testimony; and (3) the tests the expert either administered or will administer during her examination(s) of Holmes. (Baehr-Jones Decl., Exh. 1.) On March 24, 2020, the government requested Holmes participate in a government examination pursuant to Federal Rule of Criminal Procedure 12.2(c)(1)(B). (*Id.*, Exh. 2.) Holmes responded on March 26, 2020, indicating that she would not submit to a government examination absent an order from the Court. (*Id.*, Exh. 3.)

Accordingly, the government hereby moves for the Court to order a government examination of Holmes pursuant to Rule 12.2(c)(1)(B). Holmes's Rule 12.2(b) notice triggered the government's right to move for such an examination under the rule.[1] As the Supreme Court stated in *Kansas v. Cheever*, 571 U.S. 87, 94 (2013), the government's ability to examine the defendant and to present its own expert testimony is "the only effective means of challenging [Rule 12.2(b) expert testimony]." Fundamental fairness and "the core truth-seeking function of the trial" therefore dictate that the government experts be afforded the opportunity to examine Holmes. *Id.* at 95. Moreover, Holmes waived her right to remain silent to questions concerning her mental capacity to form the requisite intent when she filed her Rule 12.2(b) notice and placed her mental condition at issue. *Id.* at 94–97. Accordingly, the Court should order Holmes to participate in a government exam.

//

---

[1] Defense counsel incorrectly asserted during the January 13, 2020, hearing that this right will only be triggered after the deadline for expert disclosures. It is the notice provision, however, and not defendant's disclosures that gives rise the government's right to examine. *See* Fed. R. Crim. P. 12.2(c).

Specifically, the government requests an order permitting the government's experts to examine Holmes during video-recorded, in-person interviews not to exceed 14 hours—the same amount of time as ▓▓▓▓▓ in-person evaluation of Holmes in August 2019. The examination would occur outside the presence of government and defense counsel at a neutral location and be completed no later than May 13, 2020, under terms set forth more fully below. The government further requests the Court order Holmes to produce discovery relating to her Rule 12.2(b) defense to which the government is entitled under Federal Rule of Criminal Procedure 16.

The government has noticed this motion to be heard telephonically on April 15, 2020. Since Holmes has asserted that the government's request to examine her pursuant to Rule 12.2(c) implicates her Fifth and Sixth Amendment rights, the government is concerned by a potential waiver of her appearance during this hearing.[2] Accordingly, if Holmes is not able to appear telephonically ▓▓▓▓▓ the government requests that Holmes provide the government and the Court with documentation ▓▓▓▓▓ so that the Court can make specific factual findings justifying her non-appearance.

## ARGUMENT

### I. Fundamental Fairness Dictates That The Government Experts Have An Opportunity To Examine Holmes

The government's right to examine the defendant derives from Rule 12.2. Rule 12.2 imposes a notice requirement on the defense. Fed. R. Crim. P. 12.2(b). The purpose of this notice is to provide the government sufficient time to prepare to respond to the testimony of a defendant's mental health expert and avoid unnecessary delays during trial. *See* Fed. R. Crim. P. 12.2, advisory committee notes. As the Eleventh Circuit explained:

> Rule 12.2 serves both efficiency and fairness purposes in criminal trials. It implicates fairness because it alerts the Government to a defendant's intention to introduce expert mental-health evidence, thereby giving the Government a chance to prepare its own mental-health evidence in rebuttal. This, in turn, implicates efficiency in the courts because the preparation of mental-health evidence frequently requires the use of expensive and time-consuming experts. Early notice and reciprocity, then motivate the Rule 12.2 requirement.

---

[2] On March 30, 2020, Holmes submitted a waiver of her appearance at the April 1, 2020, status conference ▓▓▓▓▓

*LeCroy v. United States*, 739 F.3d 1297, 1305 n.6 (11th Cir. 2014). *See also United States v. Wilson*, 493 F. Supp. 2d 348 (E.D.N.Y. 2006); *United States v. Johnson*, 383 F. Supp. 2d 1145 (N.D. Iowa 2005); *United States v. Fell*, 372 F. Supp. 2d 753 (D. Vt. 2005); *United States v. Johnson*, 362 F. Supp. 2d 1043 (N.D. Iowa 2005), *aff'd in part*, 495 F.3d 951 (8th Cir. 2007); *United States v. Sampson*, 335 F. Supp. 2d 166 (D. Mass. 2004).

Once a defendant provides notice under Rule 12.2(b), Rule 12.2(c) permits the court to order a defendant to submit to an examination by a government expert. Fed. R. Crim. P. 12.2(c); *United States v. Lewis*, 53 F.3d 29, 35 n.9 (4th Cir. 1995) (finding no error in a district court's order compelling a United States mental health examination in light of the defendant's 12.2(b) notice); *United States v. Phelps*, 955 F.2d 1258, 1263 (9th Cir. 1992) (a defendant who places his sanity or mental state at issue "can be compelled to submit to psychiatric examinations" on motion by the government); *United States v. Fell*, No. 5:01-CR-12-01, 2017 WL 9938051, at *2 (D. Vt. June 1, 2017) ("[Rule 12.2(b)] notice triggers the prosecution's right to conduct an exam of its own."). Such an order directing the defendant to submit to a mental health examination by the government's retained experts is necessary for the government to be able to rebut any expert mental health evidence offered by the defendant. *See Cheever*, 571 U.S. at 94.

Indeed, fundamental fairness dictates the government have this opportunity. *See Fell*, 2017 WL 9938051, at *2 ("It would be unfair to permit one side and not the other to introduce expert testimony on this central issue."). In *Cheever*, the Supreme Court explained that "[a]ny other rule would undermine the adversarial process, allowing a defendant to provide the jury, through an expert operating as proxy, with a one-sided and potentially inaccurate view of his mental state at the time of the alleged crime." 571 U.S. at 94. The government's expert cannot meaningfully address the defense expert's conclusions unless the government's expert is "given similar access to the 'basic tool' of his or her area of expertise: an independent review with and examination of the defendant." *United States v. Haworth*, 942 F. Supp. 1406, 1407–08 (D.N.M. 1996). The government therefore has a compelling need to conduct its own examination of Holmes.

Courts have consistently recognized the importance of a government exam as part of the truth-seeking process of trial. In *United States v. Albright*, for instance, the Fourth Circuit emphasized the

value of medical examinations by government experts. 388 F.2d 719, 724–25 (4th Cir. 1968). The court compared the various types of proof the government would be able to present to rebut an insanity defense: "cross-examination of defendant's experts, lay testimony, and testimony of government experts predicated upon courtroom observations and hypothetical questions." *Id.* at 725. But none of these forms of proof compared to a government expert's ability to conduct his or her own exam: "Medical science . . . deems these poor and unsatisfactory substitutes for testimony based upon prolonged and intimate interviews between the psychiatrist and the defendant." *Id.*; *United States v. Beckford*, 962 F. Supp. 748, 758 (E.D. Va. 1997). *See also Haworth*, 942 F. Supp. at 1407–08.

Moreover, when a defendant places her own mental health at issue by filing a Rule 12.2 notice, she waives the right to remain silent and creates the need for the type of examination that is essential to the review and consideration of the defendant's assertions. *See, e.g.*, *United States v. Curtis*, 328 F.3d 141, 144–45 (4th Cir. 2003) ("When a defendant asserts a mental status defense and introduces psychiatric testimony in support of that defense . . . he may be required to submit to an evaluation conducted by the prosecution's own expert. That defendant has no Fifth Amendment protection . . . [T]he defendant waives his right to remain silent . . . by indicating that he intends to introduce psychiatric testimony.") (quoting *Savino v. Murray*, 82 F.3d 593, 604 (4th Cir. 1996) and citing *Buchanan v. Kentucky*, 483 U.S. 402, 422–23 (1987)); *Pawylk v. Wood*, 248 F.3d 815, 825 (9th Cir. 2001) ("[A] defendant who asserts a mental status defense lacks a Fifth Amendment right to remain silent regarding the mental status that he has placed at issue."); *Beckford*, 962 F. Supp. at 763 ("[I]f a defendant elects, with the advice of counsel, to put his mental status into issue . . . then he has waived his right to refrain from self-incrimination arising from a mental health examination, and there is no Fifth or Sixth Amendment concern.").

The Supreme Court reaffirmed this principle in *Cheever*. In reversing the Kansas State Supreme Court, the Court explained that where a defendant "offer[s] expert testimony about his inability to form the requisite *mens rea*," the Fifth Amendment does not bar the government from admitting defendant's statements to the government's expert during a government exam under Rule 12.2(c). "When a defendant presents evidence through a psychological expert who has examined him, the government likewise is permitted to use the *only* effective means of challenging that evidence: testimony from an

expert who has also examined him." *Id.* (emphasis added).

Accordingly, to ensure compliance with Rule 12.2 and to provide for fundamental fairness, the United States respectfully requests that this Court issue an order directing Holmes to submit to a mental health examination by the government's experts, in accordance with the procedures and schedule set forth below.

**II.   The United States' Experts Should Have Access To The Notes And Raw Test Data Of Holmes's Expert And Any Mental Health Records**

The government also moves to compel production of any mental health records in the possession of Holmes. Holmes has waived the privilege associated with these records by putting her psychological state in issue. *See Jaffee v. Redmond*, 518 U.S. 1, 15 n. 4 (1996) ("Like other testimonial privileges, the patient may of course waive the protection" of the psychotherapist-patient privilege.); *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006); *Kronenberg v. Baker & McKenzie LLP*, 747 F. Supp. 2d 983, 989 (N.D. Ill. 2010) ("[W]aiver is based upon the obvious principle of fairness that a party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information related to those issues."); *United States v. Wilson*, 2012 WL 3890951, at *7 (E.D.N.Y. Sept. 7, 2012) (applying the waiver rule in a criminal case where the defendant put his mental state at issue). *See also United States v. Ives*, 609 F.2d 930, 932 (9th Cir. 1978) (disagreeing with trial court's exclusion of medical records as "too remote in time" and explaining that the records were relevant to determining the "continuing mental state" of a defendant who had placed his mental condition at issue in his defense). A party cannot on the one hand "advance[e] a claim to a court . . . while relying on its privilege to withhold from a litigation adversary materials that the adversary might need to effectively contest or impeach the claim." *John Doe Co. v. United States*, 350 F.3d 299, 303 (2d Cir. 2003). Fairness dictates that the government experts have the ability to review such records in preparation for rebutting Holmes's Rule 12.2 defense at trial.

Holmes's notice under Rule 12.2(b) also triggered her discovery obligations under Rule 16(b)(1)(C)(ii). Rule 16(b)(1)(C)(ii) provides:

> (C) Expert witnesses.—The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence as evidence at trial, if:
>
> . . .

GOV. MOT. TO EXAMINE DEF. HOLMES                7
18-CR-00258 EJD

    (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

    This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(b)(1)(C). In a letter on December 4, 2019, and in subsequent court filings, the government has repeatedly requested Holmes produce Rule 16 discovery for ▇▇▇▇, but Holmes has not yet produced any report or summary of ▇▇▇▇ testimony. (Baehr-Jones Exh. 4.)

    Holmes also has an obligation under Rule 16 to produce the test results, raw testing data, and notes for ▇▇▇▇ examination of Holmes.[3] Rule 16(b)(1)(B) provides:

    (B) Reports of Examinations and Tests. If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination . . . if:

    (i) the item is within the defendant's possession, custody, or control; and

    (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony."

Fed. R. Crim. P 16(b)(1)(B). The advisory committee notes explain the importance of reciprocal discovery of expert findings: "In cases where both prosecution and defense have employed experts to conduct tests such as psychiatric examinations, it seems as important for the government to be able to study the results reached by defense experts which are to be called by the defendant as it does for the defendant to study those of government experts." Fed. R. Crim. P 16(b)(1)(B), advisory committee notes.

    In response to Holmes's discovery demands, the government fully intends to produce complete discovery for its experts' examination of Holmes, including the video recording of the examination, a transcript of the recording, the raw testing data, and the experts' notes, along with the experts' complete report. Accordingly, pursuant to Rule 16(b)(1)(B), the Court should order Holmes to produce similarly fulsome discovery of ▇▇▇▇ examinations of Holmes to the government.[4]

---

[3] Under the current scheduling order, ▇▇▇▇ notes must already be produced to the government by May 1, 2020, the current deadline for reverse-Jencks materials, as these materials constitute "statements" that relate to ▇▇▇▇ testimony at trial. See Fed. R. Crim. P. 26.2 (disclosure of witness statements).

[4] Based on counsel for Holmes's statements during the March 20, 2020, hearing, ▇▇▇▇

### III. The Court Should Order The Following Procedures To Ensure The Government Has The Same Access As Defendant's Expert

The government requests the Court order the examination pursuant to Rule 12.2(c)(1)(B) to be completed on or before May 13, 2020, under the following conditions:

- The examination will occur over two consecutive days and will be scheduled from 9:00 a.m. to 4:00 p.m. each day with an hour break for lunch.

- The examination will be video recorded, and a transcript will be prepared. *See United States v. Fell*, 2015 WL 13781291, at *2 (D. Vt. Oct. 9, 2015) (Video recording the examination is "consistent with the American Bar Association's Guidelines on Criminal Justice Mental Health Standards[.]"). The government does not object to Holmes's request for the video to capture the examiner as well as the defendant, nor to her request for simultaneous production of the video to both the government and the defense. (*See* Baehr-Jones Decl. Exh. 3, at 2.)

- No counsel will be present during the examination. No one but Holmes and one forensic examiner will be present during the examination.

- The examination will occur in a hotel conference room, or other neutral location, to be determined by the parties.

- Dr. Daniel Martell will conduct psychological testing during the first day of the examination. Tests will not be provided to Holmes in advance of the examination.

- Dr. Renee Binder will conduct a psychiatric evaluation during the second day of the examination.

### IV. The Court Should Set A Schedule For Rule 12.2(b) Litigation

On December 30, 2019, the government submitted an administrative motion seeking a separate schedule for the Rule 12.2(b) litigation. A separate schedule was necessary because the existing trial schedule did not contemplate the scheduling of a government examination of Holmes, nor the timing for the government's subsequent disclosures, litigation concerning the defense, and the *Daubert* and motions hearing on the Rule 12.2(b) defense. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The government now requests the Court set the following schedule for litigation concerning the Rule 12.2(b) defense:

---

conducted at least two sets of examinations of Defendant Holmes. In addition to the 14 hours of in-person interviews and testing completed in August 2019, the defense scheduled a second examination for late March or early April 2020. The government is entitled to discovery of the results for both mental examinations pursuant to Rule 16(b)(1)(B).

| | | |
|---|---|---|
| • | Government examination of Holmes | May 13, 2020 (or earlier) |
| • | Government expert report and disclosures | June 1, 2020 |
| • | Motions relating to Rule 12.2(b) defense | June 15, 2020 |
| • | Oppositions to Rule 12.2(b) motions | June 29, 2020 |
| • | Replies to Rule 12.2(b) motions | July 6, 2020 |
| • | *Daubert* hearing and hearing on motions | July 9, 2020 (pretrial conf.) |

## CONCLUSION

For the foregoing reasons, the government requests the Court issue an order directing Holmes to (1) submit to a government examination no later than May 13, 2020, under the terms set forth above; (2) produce no later than April 29, 2020, all reports, test results, raw testing data, and notes, for any and all examinations and interviews completed by Holmes's retained mental health experts, including all examinations and interviews conducted by ▮▮▮▮▮; and (3) produce no later than May 1, 2020, all other psychological and/or mental health records for Holmes currently in her custody or control. The government further requests the Court set the above schedule for the Rule 12.2 process.

DATED: March 31, 2020

Respectfully submitted,

ADAM A. REEVES
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

/s/ Vanessa Baehr-Jones
_____
JEFF SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
VANESSA BAEHR-JONES
Assistant United States Attorneys