1   JEFFREY B. COOPERSMITH (SBN 252819)
    WALTER F. BROWN (SBN 130248)
2   MELINDA HAAG (SBN 132612)
    RANDALL S. LUSKEY (SBN 240915)
3   STEPHEN A. CAZARES (SBN 201864)

4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105-2669
6   Telephone:     +1-415-773-5700
    Facsimile:     +1-415-773-5759
7
    Email: jcoopersmith@orrick.com; wbrown@orrick.com;
8          mhaag@orrick.com; rluskey@orrick.com;
           scazares@orrick.com
9

10  Attorneys for Defendant
    RAMESH "SUNNY" BALWANI
11

12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                       SAN JOSE DIVISION

16

17  UNITED STATES OF AMERICA,              Case No. 18-CR-00258-EJD

18                  Plaintiff,             **DEFENDANT RAMESH "SUNNY"
                                           BALWANI'S JOINDER IN MOTION TO
19          v.                             DISMISS SUPERSEDING
                                           INFORMATION**
20  HOLMES, et al.,
                                           Judge:   Honorable Edward J. Davila
21                  Defendants.

22

23

24

25

26

27

28

1       Defendant Ramesh "Sunny" Balwani joins the motion by defendant Elizabeth Holmes to

2 dismiss the Superseding Information. (Dkt. No. 399). Mr. Balwani respectfully suggests that the

3 Court could hear the motion at the status conference scheduled for June 16, 2020.

4       The government filed a Superseding Information on May 8, 2020. Dkt. Nos. 390 & 391.

5 At no point before or after filing this purported charging document did the government ask

6 whether Mr. Balwani would waive his grand jury rights. Mr. Balwani's counsel initiated a call

7 with the government the next business day, May 11, 2020. *See* Declaration of Jeffrey B.

8 Coopersmith ¶ 2. During that call, Mr. Balwani's counsel asked why the government had filed the

9 Superseding Information, and followed up in writing summarizing the call and confirming that

10 Mr. Balwani would not waive his constitutional right to be charged by a grand jury. *See id.* ¶ 2 &

11 Ex. A. On May 13, 2020, counsel for the government responded with an email proposing an

12 arraignment of Mr. Balwani on the Superseding Information on June 16, 2020. *See id.* ¶ 3 & Ex.

13 B.

14       The government's new charging instrument is invalid and should be dismissed. The Fifth

15 Amendment's guarantee is clear—absent a waiver the government cannot charge a felony except

16 on "indictment of a grand jury." U.S. Const. amend. V. This right is sacred in our constitutional

17 tradition. "The basic purpose of the English grand jury was to provide a fair method for instituting

18 criminal proceedings against persons believed to have committed crimes." *Costello v. United*

19 *States*, 350 U.S. 359, 362 (1956). "Its adoption in our Constitution as the sole method for

20 preferring charges in serious criminal cases shows the high place it held as an instrument of

21 justice." *Id.*

22       The Federal Rules of Criminal Procedure also bar the government's conduct. Under Rule

23 7(a), a felony "must be prosecuted by an indictment." Such a charge may only proceed on an

24 information "if the defendant—in open court and after being advised of the nature of the charge

25 and of the defendant's rights—waives prosecution by indictment." Fed. R. Crim. P. 7(b).

26 Although the government never asked, Mr. Balwani contacted the government and confirmed that

27 he does not consent to waive his right to indictment. There can be no arraignment under these

28 circumstances.

DEFENDANT BALWANI'S JOINDER IN MOTION TO
DISMISS SUPERSEDING INFORMATION, CASE NO.
18-CR-00258-EJD

1    An arraignment culminates in "asking the defendant to plead to the indictment or

2    information." Fed. R. Crim. P. 10(a)(3). That is not possible here. Indeed, federal judges are

3    advised to "[p]roceed to arraignment on [an] information" only *after* the defendant has waived

4    indictment. Federal Judicial Center, Benchbook for U.S. District Court Judges § 1.06(H)(2) (6th

5    ed. 2013). And the guidance in the Department of Justice's Criminal Resource Manual[1] provides

6    that "[t]he prosecuting attorney files the information with the presiding judge or magistrate *but*

7    *the filing does not occur until the defendant waives prosecution by indictment* pursuant to Fed

8    R.Crim.P. 7(b)." Dep't of Justice, Criminal Resource Manual § 206 (Updated Jan. 22, 2020)

9    (emphasis added).

10    The government's purported filing attempts to upset this careful system of checks on

11    prosecutorial power rooted in the Constitution and the law. No grand jury has signed off on

12    expanded charges. Without offering any explanation to defense counsel, the government typed up

13    and filed this document and is now insisting that Mr. Balwani should enter a plea to the felony

14    charges contained in it. The government appears to be trying to bypass the grand jury's "historic

15    office . . . to provide a shield against arbitrary or oppressive action, by insuring that serious

16    criminal accusations will be brought only upon the considered judgment of a representative body

17    of citizens acting under oath and under judicial instruction and guidance." *United States v.*

18    *Mandujano*, 425 U.S. 564, 571 (1976).

19    Mr. Balwani thus asks the Court to dismiss the government's Superseding Information.[2]

20

21

22

23

24

---

[1]    The status of the Criminal Resource Manual under the current administration is not clear. It is still available on the DOJ's website, but that website now bears a legend stating: "This is archived content from the U.S. Department of Justice website. The information here may be outdated and links may no longer function. Please contact webmaster@usdoj.gov if you have any questions about the archive site."

[2]    Mr. Balwani reserves his right to move to dismiss on substantive grounds the "Superseding Information" or all or part of any superseding indictment that the grand jury may return when appropriate. Mr. Balwani also reserves his right to challenge the government's filing this Superseding Information in connection with any motions to dismiss a superseding indictment.

1

Dated:  May 18, 2020

Respectfully submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP

2

3

4

JEFFREY B. COOPERSMITH

5

Attorney for Defendant
RAMESH "SUNNY" BALWANI

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   JEFFREY B. COOPERSMITH (SBN 252819)
    WALTER F. BROWN (SBN 130248)
2   MELINDA HAAG (SBN 132612)
    RANDALL S. LUSKEY (SBN 240915)
3   STEPHEN A. CAZARES (SBN 201864)

4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105-2669
6   Telephone:     +1-415-773-5700
    Facsimile:     +1-415-773-5759
7
    Email: jcoopersmith@orrick.com; wbrown@orrick.com;
8          mhaag@orrick.com; rluskey@orrick.com;
           scazares@orrick.com
9

10  Attorneys for Defendant
    RAMESH "SUNNY" BALWANI
11

12                      UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                          SAN JOSE DIVISION

15

16
    UNITED STATES OF AMERICA,            Case No. 18-CR-00258-EJD
17
                    Plaintiff,           **DECLARATION OF JEFFREY B.**
18                                       **COOPERSMITH IN SUPPORT OF**
                                         **DEFENDANT RAMESH "SUNNY"**
19          v.                           **BALWANI'S JOINDER IN MOTION TO**
                                         **DISMISS SUPERSEDING**
20  HOLMES, et al.,                      **INFORMATION**

                    Defendants.
21                                       Judge:    Honorable Edward J. Davila
22

23

24

25

26

27

28

**DECLARATION OF JEFFREY B. COOPERSMITH**

I, Jeffrey B. Coopersmith, declare as follows:

1.      I am lead counsel for defendant Ramesh "Sunny" Balwani in this case. I am an attorney admitted to practice in the State of California.  I am a partner at the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for Mr. Balwani.  I submit this declaration in support of Mr. Balwani's Joinder in Defendant Elizabeth Holmes's Motion to Dismiss Superseding Information.  I have personal knowledge of the facts stated here.

2.      The government did not ask whether Mr. Balwani would waive his right to an indictment by grand jury before or after filing a superseding information on May 8, 2020.  On the next business day, May 11, 2020, I sent an email to AUSA John Bostic asking for a call and Mr. Bostic called me that afternoon.  I asked Mr. Bostic why the government filed a superseding information, and after the call I sent the email attached as **Exhibit A** summarizing it. In my May 11 email, among other things I pointed out that the government had never asked whether Mr. Balwani would waive his constitutional right to be charged by a grand jury and confirmed that Mr. Balwani would not do so.

3.      Attached as **Exhibit B** is a copy of the May 13, 2020 email I received from Mr. Bostic in response, partially redacted to protect the names of several patients.

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 18, 2020 at Seattle, Washington.

Dated:  May 18, 2020

_____

JEFFREY B. COOPERSMITH

COOPERSMITH DECL. ISO DEFENDANT BALWANI'S
JOINDER IN MOTION TO DISMISS SUPERSEDING
INFORMATION,
CASE NO. 18-CR-00258-EJD

**EXHIBIT A**

**Brecher, Aaron**

---

| | |
|---|---|
| **From:** | Coopersmith, Jeffrey |
| **Sent:** | Monday, May 11, 2020 5:46 PM |
| **To:** | Bostic, John (USACAN) |
| **Subject:** | RE: 2020.05.08 [USA] Ltr to Counsel re Discovery Production.pdf |

John, thanks for calling me back this afternoon.  Just to summarize our conversation, I asked why the government filed a superseding information in this case.  In this regard, I mentioned my view that such a charging document is inoperative without a waiver of grand jury.  You noted that neither defendant has waived the grand jury right, but you did not agree with my characterization of the document as inoperative.  Until our conversation today, I had never discussed the issue of whether Mr. Balwani would waive his grand jury right with any member of the government's team, and no member of that team has ever asked me if Mr. Balwani would waive.  But since you mentioned that there have been no waivers during our call today, I can confirm at this time that Mr. Balwani does not waive his grand jury right.

You told me that it was not your place to tell me the government's strategy with respect to filing the superseding information, but alluded to other case events that would or could follow from its filing.  I asked what those events would be, and you told me you would confer with the government team before responding.

I also asked for the names of the three patients who are referred to by initials in the superseding information (B.B., E.T., and M.E.).  You told me that you would check with the government team and let me know.  I pointed out that I had also asked Bob Leach this question in a couple of emails but didn't get a response.

Thanks again for the call, and for agreeing to follow up.

Best,

JEFFREY B. COOPERSMITH
Partner
ORRICK HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, WA  98104

405 Howard Street
San Francisco, CA 94105

206-839-4339 (desk)
206-708-9396  (cell)
jcoopersmith@orrick.com
Admitted in Washington, California, and the District of Columbia

-----Original Message-----
From: Bostic, John (USACAN) <John.Bostic@usdoj.gov>
Sent: Monday, May 11, 2020 1:03 PM
To: Coopersmith, Jeffrey <jcoopersmith@orrick.com>
Subject: RE: 2020.05.08 [USA] Ltr to Counsel re Discovery Production.pdf

Hi Jeff,

I just sent the password for that production, thanks for the reminder.  And I'll give you a call this afternoon.

Best,
John

-----Original Message-----
From: Coopersmith, Jeffrey <jcoopersmith@orrick.com>
Sent: Monday, May 11, 2020 12:54 PM
To: Bostic, John (USACAN) <jbostic@usa.doj.gov>
Subject: 2020.05.08 [USA] Ltr to Counsel re Discovery Production.pdf

John, is there a password that goes with this letter?  Thanks.

Also, if you could give me a call that would be great.  I have a quick question for you.  My number is 206-708-9396. Thanks.


NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit https://protect-us.mimecast.com/s/lux1CM81GMTpV993hwlh6w?domain=protect2.fireeye.com<https://protect-us.mimecast.com/s/nQndCNk0JNSY5993c4oQBF?domain=protect2.fireeye.com>.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://protect-us.mimecast.com/s/zKltCOY8KOfDrwwxukaQg6?domain=protect2.fireeye.com to learn about how we use this information.

**EXHIBIT B**

**Brecher, Aaron**

---

| | |
|---|---|
| **From:** | Bostic, John (USACAN) <John.Bostic@usdoj.gov> |
| **Sent:** | Wednesday, May 13, 2020 2:12 PM |
| **To:** | Coopersmith, Jeffrey |
| **Cc:** | Schenk, Jeffrey (USACAN); Leach, Robert (USACAN); Baehr-Jones, Vanessa (USACAN) |
| **Subject:** | U.S. v. Balwani - follow up |

Jeff,

Thanks again for speaking by phone the other day.  In response to your questions about the superseding information, I agreed to follow up on your request for the names of the patients associated with Counts Nine through Eleven of the charging instrument.  I'm providing those names below:



Regarding your question about next steps, we should arrange for an arraignment on the information within a reasonable time.  I suggest we schedule one for the afternoon of June 16, which is the date of the status conference.  Please let us know if that works for you.

Best,
John

JOHN C. BOSTIC
Assistant United States Attorney
Northern District of California
150 Almaden Blvd. | San Jose, CA 95113
Tel.:  (408) 535-5589 | Fax:  (408) 535-5066
Email:  john.bostic@usdoj.gov