1   JOHN D. CLINE (CA State Bar No. 237759)
    50 California Street, Suite 1500
2   San Francisco, CA 94111
    Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
3   Email: cline@johndclinelaw.com

4
    KEVIN M. DOWNEY (Admitted Pro Hac Vice)
5   LANCE A. WADE (Admitted Pro Hac Vice)
    AMY MASON SAHARIA (Admitted Pro Hac Vice)
6   KATHERINE TREFZ (CA State Bar No. 262770)
    WILLIAMS & CONNOLLY LLP
7   725 Twelfth Street, NW
    Washington, DC 20005
8   Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
    Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com
9

10  Attorneys for Defendant ELIZABETH A. HOLMES

11

12                          UNITED STATES DISTRICT COURT

13                        NORTHERN DISTRICT OF CALIFORNIA

14                                SAN JOSE DIVISION

15

16  UNITED STATES OF AMERICA,              )   Case No. CR-18-00258-EJD-SVK
                                           )
17            Plaintiff,                   )   **MS. HOLMES' REPLY IN SUPPORT OF**
                                           )   **MOTION TO DISMISS SUPERSEDING**
18       v.                                )   **INFORMATION**
                                           )
19  ELIZABETH HOLMES and                   )
    RAMESH "SUNNY" BALWANI,                )   Date:    July 20, 2020
20                                         )   Time:    10:00 AM
              Defendants.                  )   CTRM:  4, 5th Floor
21                                         )
                                           )
22                                         )
                                           )   Hon. Edward J. Davila
23                                         )
                                           )
24                                         )
                                           )
25  _____ )

26

27  MS. HOLMES' REPLY IN SUPPORT OF MOTION TO DISMISS SUPERSEDING INFORMATION
    CR-18-00258 EJD SVK
28

1   The government concedes in its Opposition to Ms. Holmes' Motion To Dismiss the Superseding

2   Information that, "absent a waiver, the Fifth Amendment and Federal Rule of Criminal Procedure 7

3   require that offenses punishable by imprisonment for more than one year be prosecuted by indictment."

4   Opp'n to Defs.' Mot. To Dismiss (Opp'n), ECF No. 408, at 1.  Ms. Holmes does not waive her right to

5   be prosecuted by indictment and informed the government of that fact on April 10, 2020.  *See* Joint

6   Status Report, ECF No. 372, at 2, 5 n.2 (Apr. 14, 2020).  As a result, the government is constitutionally

7   barred from prosecuting Ms. Holmes on the Superseding Information filed on May 8.  The Superseding

8   Information must be dismissed for that reason.

9       Although the government concedes that it cannot constitutionally prosecute Ms. Holmes on this

10  information, it alludes to "further proceedings on the specific charges" in the information.  Opp'n at 2.

11  It tellingly does not identify what those future proceedings could possibly be.  No proceedings can

12  validly result from this unconstitutional information.  Ms. Holmes cannot be arraigned on the

13  information because she does not waive her right to grand-jury indictment.  *See* Fed. R. Crim. P. 10

14  comm. notes on 2002 amendment ("The amendment does not permit waiver of an appearance when the

15  defendant is charged with a felony information. In that instance, the defendant is required by Rule 7(b)

16  to be present in court to waive the indictment."); *see also* Fed. R. Crim. P. 7(b) (requiring defendant to

17  waive right to grand-jury indictment in open court).  The government cites no authority for the

18  proposition that the Court should schedule a proceeding labeled as an "arraignment" for the purpose of

19  having a defendant decline to waive her constitutional right to indictment in open court, after which

20  there could be no arraignment.

21      The government concedes the unconstitutionality of its conduct, but nevertheless persists in it,

22  apparently to preserve a potential procedural argument that the charges are not brought in contravention

23  of the applicable statute of limitations.  The Court should not permit the government's violation of Ms.

24  Holmes' constitutional rights.  The government is asking the Court to leave in place, and to conduct

25  (unidentified) proceedings on, an information that all agree violates the Constitution.  No authority—

26  none—permits the Court to do that.

27

28  MS. HOLMES' REPLY IN SUPPORT OF MOTION TO DISMISS SUPERSEDING INFORMATION
    CR-18-00258 EJD SVK

The parties have been preparing to try this case on the current Superseding Indictment (ECF No. 39) filed in September 2018, which made modest changes to the original Indictment returned in June 2018. If, as the government suggests, it is facing a potential statute-of-limitations bar to a hypothetical Second Superseding Indictment, that problem results from its two-year delay in bringing charges (which it decided to do with the trial date a few months away for reasons that it would have to explain).

In any event, there is no statute-of-limitations question presently before the Court. None of the cases cited by the government in its Opposition stands for the government's alarming suggestion that a court may leave in place an unconstitutional information in order to protect the government against a statute-of-limitations bar. To the contrary, the government's cases explicitly acknowledge that "the government [cannot hold a defendant] to answer for a felony solely on the basis of [an] information." *E.g.*, *United States v. Burdix-Dana*, 149 F.3d 741, 743 (7th Cir. 1998). The government's cases involve the question whether the government may satisfy the statute of limitations in 18 U.S.C. § 3282 by filing an information within the limitations period even when no waiver occurs within that period. That is an issue on which the federal courts are divided. *Compare United States v. Stewart*, 425 F. Supp. 2d 727, 729 (E.D. Va. 2006) (reluctantly holding that the information was timely instituted even though the waiver occurred after the limitations period had expired); *Burdix-Dana*, 149 F.3d at 743 (concluding that government's filing of an information, even absent a waiver, permitted the government to invoke the 6-month grace period in § 3288, even while acknowledging "compelling" policy concerns with that holding), *with United States v. Machado*, 2005 WL 2886213, at *2-3 (D. Mass. Nov. 3, 2005) (holding that filing of information cannot satisfy statute of limitations absent waiver of indictment because absence of waiver deprives the court of jurisdiction). Neither the Ninth Circuit nor this Court has decided that question.

Any statute-of-limitations question is premature and hypothetical at this point in time. *If* the government convinces a grand jury to return a Second Superseding Indictment, and *if* Ms. Holmes moves to dismiss any such indictment based on the statute of limitations, the parties can then brief the statute-of-limitations issue—including the legal relevance, if any, of the government's filing of this

1    unconstitutional information—based on the content of the actual superseding indictment.  The Court

2    cannot answer a statute-of-limitations question in a vacuum, without a validly filed indictment and full

3    briefing before it.

4           The only question before the Court at this time is whether the government can prosecute Ms.

5    Holmes on the Superseding Information when she does not waive her right to grand-jury indictment.

6    The government concedes that it cannot.  Therefore, the Superseding Information should be immediately

7    dismissed.[1]

8

9           DATED:  June 1, 2020                    Respectfully submitted,

10

11                                                  /s/ Amy Mason Saharia
                                                    KEVIN DOWNEY
12                                                  LANCE WADE
                                                    AMY MASON SAHARIA
13                                                  KATHERINE TREFZ
                                                    Attorneys for Elizabeth Holmes
14

15

16

17

18

19

20

21

22

23

24

25 _____
      [1] Although Ms. Holmes has noticed this motion to be argued at the next status conference, which
26   is scheduled for July 20, 2020, there is no need for oral argument on this motion in light of the
     government's concession that it cannot prosecute Ms. Holmes on the Superseding Information.  The
27   Court should grant the motion without further argument.

28   MS. HOLMES' REPLY IN SUPPORT OF MOTION TO DISMISS SUPERSEDING INFORMATION
     CR-18-00258 EJD SVK

                                                    3

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on June 1, 2020 a copy of this filing was delivered via ECF on all counsel of

3    record.

4

5                                                    /s/ Amy Mason Saharia
6                                                    AMY MASON SAHARIA
                                                     Attorney for Elizabeth Holmes
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    MS. HOLMES' REPLY IN SUPPORT OF MOTION TO DISMISS SUPERSEDING INFORMATION
      CR-18-00258 EJD SVK