# Exhibit F

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

LANCE WADE
(202) 434-5755
lwade@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 23, 2020

<u>Via Email</u>

Mr. John C. Bostic, Esquire
Mr. Robert Leach, Esquire
Ms. Vanessa Baehr-Jones, Esquire
Mr. Jeffrey Schenk, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

  Re: <u>United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani
     No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

  I write to follow up on my e-mail of March 11 and my letter of March 13 regarding the government's Rule 404(b) disclosure.

  Local Criminal Rule 16-1(c)(3) requires that the government's "summary of any evidence of other crimes, wrongs or acts which the government intends to offer under F. R. Evid. 404(b)" be "supported by documentary evidence or witness statements in sufficient detail" to enable the Court to "rule on the admissibility of the proffered evidence." The government's disclosure comes nowhere close to satisfying this rule. It does not identify the "documentary evidence or witness statements" on which it is based, and many of the disclosed categories of allegations are so vague that we cannot reasonably be expected to scour the government's voluminous production to guess what evidence may be at issue.

  We intend to move to compel an adequate disclosure under Local Rule 16-1(c)(3) by March 30, 2020, unless the government provides before then the following information, all of which the government should already have at its disposal.

  a. <u>Category #1</u>:  Please identify the documents the government intends to use to prove the allegations in this category; the identities of and statements by the witnesses the

WILLIAMS & CONNOLLY LLP

John C. Bostic, Esq., *et al*.
March 23, 2020
Page 2

government intends to call to prove the allegations in this category; and, for each alleged misrepresentation in this category, the information required to be provided in a bill of particulars pursuant to the Court's Order of February 11, 2020.  The government cannot evade the disclosure obligation in that Order by attempting to introduce the same alleged misrepresentations by means of Rule 404(b).

      b.     Category #2:  Please identify the documents the government intends to use to prove the allegations in this category; the identities of and statements by the witnesses the government intends to call to prove the allegations in this category; and, for each alleged misrepresentation in this category, the information required to be provided in a bill of particulars pursuant to the Court's Order of February 11, 2020.  The government cannot evade the disclosure obligation in that order by attempting to introduce the same alleged misrepresentations by means of Rule 404(b).  We note that the government has disclosed the identities of doctor witnesses for whom it has not yet disclosed a 302 interview memorandum.

      c.     Category #4:  Please identify the documents the government intends to use to prove the allegations in this category, and the identities of and statements by the witnesses the government intends to call to prove the allegations in this category.

      d.     Category #5:  Please identify the documents the government intends to use to prove the allegations in this category, and the identities of and statements by the witnesses the government intends to call to prove the allegations in this category.

      e.     Category #6:  Please identify whether the government is alleging that Defendants made misrepresentations to journalists other than Roger Parloff, and, if so, identify the journalists, the alleged misrepresentations, and the evidentiary basis for the alleged misrepresentations.  In addition, please identify each instance in which the government claims that Defendants "did not correct the false conclusions that journalists reached based on Defendants [sic] statements" and/or "did not correct" "false statements about Theranos's capabilities" that they saw in "press coverage[.]"  For each such instance, identify the evidentiary basis for the allegation and the source of any legal duty to make such corrections.  For all allegations in this category, please identify the documents the government intends to use to prove the allegations and the identities of and statements by the witnesses the government intends to call to prove the allegations.

      f.     Category #7:  Please identify the evidentiary basis for the following vague allegations (including the documents the government intends to use to prove the allegations and the identities of and statements by the witnesses the government intends to call to prove the allegations):

           i.     "Defendants took steps to silo information within Theranos, discouraging employees from sharing information about their work

WILLIAMS & CONNOLLY LLP

John C. Bostic, Esq., *et al*.
March 23, 2020
Page 3

        with other employees in the company and fostering a culture of internal secrecy";

    ii. "Defendants discouraged employees from sharing information regarding Theranos's use of third-party analyzers for its tests, taking specific steps to conceal this fact from employees who did not already know";

    iii. "Defendants were similarly secretive with investors, refusing to disclose to representatives like Lisa Peterson the identities of other investors in the company."

  g. <u>Category #8</u>:  Please identify the evidentiary basis for the following vague allegations (including the documents the government intends to use to prove the allegations and the identities of and statements by the witnesses the government intends to call to prove the allegations):

    i. "Defendants set policies at Theranos that severely restricted access to the laboratory areas where Theranos tested patient samples";

    ii. Each instance in which the government alleges that "Defendants misled visitors to Theranos by intentionally giving them the impression that the clinical lab consisted of multiple Theranos TSPUs and did not include other conventional devices."

  h. <u>Category #9</u>:  This category identifies only one instance in which the government claims that "Defendants and their agents engaged in harassing, threatening, or other improper behavior in an effort to dissuade those providers from generating negative publicity for Theranos."  Please identify all other alleged instances of such "harassing, threatening, or other improper behavior" and the evidentiary basis for such allegations, including the documents the government intends to use to prove this allegation and the identities of and statements by the witnesses the government intends to call to prove these allegations.

  i. <u>Category #10</u>:  Please identify each instance in which the government alleges that Defendants "[t]hreaten[ed], influenc[ed], or vilif[ied] journalists in response to negative coverage of Theranos."  Please identify for each such instance the way in which the government claims that Defendants' conduct was threatening or constituted an "improper[]" attempt to influence the journalists. For each such instance, please identify the documents the government intends to use to prove this allegation and the identities of and statements by the witnesses the government intends to call to prove these allegations.

  j. <u>Category #11</u>:  Please identify the evidentiary basis (including the documents the government intends to use to prove and the identities of and statements by the witnesses the government intends to call to prove) for the vague allegation that "Defendants

WILLIAMS & CONNOLLY LLP

John C. Bostic, Esq., *et al*.
March 23, 2020
Page 4

attributed blame to competing companies like Quest and LabCorp., stating and implying that those companies were influencing the government and/or the media." Please also identify each instance in which the government alleges that Defendants "made statements during this time period arguing that Theranos had been unfairly targeted for criticism as a result of action by competitors given Theranos's potential to disrupt the blood testing industry."

   k. <u>Category #12</u>:  Please identify all instances in which the government alleges that Defendants and their agents "directed threats and intimidating language at current and former Theranos employees in an effort to discourage employees from disseminating facts about the problems facing the company's technology and business." Please identify all instances in which the government alleges that "when employees left the company voluntarily or were terminated, Defendants corresponded or met with those employees to deliver stern reminders of the employee's obligations under nondisclosure agreements and threatened employees with consequences should they reveal any nonpublic information about Theranos's technology or business practices." Please identify all instances in which the government alleges that "Defendants reacted angrily and attempted to threaten or intimidate employees whom they suspected to be the sources of negative publicity concerning Theranos." Finally, please identify the specific actions by which the government claims vaguely that Defendants "fostered a culture that strongly discouraged skepticism or dissent from employees" and "enforc[ed] that culture by reacting with hostility and intimidation to any questioning." For all such allegations, please identify the documents you intend to use to prove the allegations and the identities of and statements by any witnesses you intend to call to prove the allegations.

   l. <u>Category #13</u>:  Please identify all instances in which the government claims that Defendants made "[f]alse and misleading representations . . . to FDA, CMS, CDPH, and other regulatory organizations." For all such allegations, please identify the documents you intend to use to prove the allegations and the identities of and statements by the witnesses you intend to call to prove the allegations.

   m. <u>Category #14</u>:  Please identify the evidentiary basis for the following vague allegations (including the documents the government intends to use to prove the allegations and the identities of and statements by the witnesses the government intends to call to prove the allegations):

     i. "Defendants disregarded and failed to conform to industry standards as well as government regulations or rules regarding research and development procedures, medical devices and clinical laboratory standards";

     ii. "Theranos failed to conduct adequate validation studies, relying on insufficient data to claim that their tests were valid, accurate, and reliable";

**WILLIAMS & CONNOLLY LLP**

John C. Bostic, Esq., *et al*.
March 23, 2020
Page 5

    iii. "Theranos also cut corners in its Arizona research and development testing, failing to implement a clear protocol for informed consent for trial participants and fostering a coercive environment for testing";

    iv. "Theranos's CLIA lab also improperly failed to develop, maintain, and follow adequate standard operating procedures for its clinical tests";

    v. "Defendants also exercised an improper degree of control and influence over the operation of Theranos's CLIA lab despite their lack of medical education or training";

    vi. "Defendants, and Balwani in particular, were deeply involved in clinical decisions that should have been left to the discretion of the laboratory director—even overruling the laboratory director at times";

    vii. "Defendants consistently made decisions that prioritized preserving Theranos's reputation and secrecy at the expense of providing complete information to doctors and patients."

  n. <u>Category #15</u>:  Please identify the evidentiary basis for the government's allegation that Defendants' alleged modification of third-party devices was "contrary to industry standards and the manufacturers' intended use for such devices."

  o. <u>Category #16</u>:  Please identify the evidentiary basis for the government's allegations that "Theranos operated its analyzers according to a protocol that included running each assay multiple times and then multiplexing the results in order to derive the final, reported result" and that "so-called outlier results—individual results that deviated from other results for a given assay on a given sample—were discarded and not accounted for."  If the government is claiming that Defendants specifically intended for such protocol to "mask consistency problems with Theranos's tests[,]" please identify the evidentiary basis for such an allegation.  For all allegations in this category, please identify the documents the government intends to use to prove the allegations and the identities of and statements by the witnesses the government intends to call to prove the allegations.

  p. <u>Category #17</u>:  Please identify the evidentiary basis for the government's vague allegations that "Theranos's lab practices deviated from industry standards and standard testing protocols approved by FDA and validated by the industry" and that "Theranos improperly relied on references ranges for common, FDA-approved tests and/or conducted insufficient studies to set and adjust its own reference ranges."  In addition, please identify each instance in which the government alleges that Theranos "improperly adjusted reference ranges based on

Case 5:18-cr-00258-EJD   Document 421-7   Filed 06/30/20   Page 7 of 8

WILLIAMS & CONNOLLY LLP

John C. Bostic, Esq., *et al*.
March 23, 2020
Page 6

individual clinical results—without conducting sufficient studies to justify such an adjustment—in order to bring out-of-range results back into the newly adjusted 'normal' range and avoid abnormal results to patients." In addition, if the government is claiming that Defendants "adjusted reference ranges" for the specific purpose of "avoid[ing] [giving] abnormal results to patients[,]" please identify the evidentiary basis for such an allegation. For all allegations in this category, please identify the documents the government intends to use to prove the allegations and the identities of and statements by the witnesses the government intends to call to prove the allegations.

    q. <u>Category #18</u>: Please identify each instance in which the government claims that Theranos "withheld test results that were in the 'critical' range for a given analyte." In addition, please identify the "key facts regarding problems with their laboratory practices" that the government claims Theranos failed to provide. For all "information" that the government claims Defendants "withheld," please identify the source of any alleged duty to disclose. For all allegations in this category, please identify the documents the government intends to use to prove the allegations and the identities of and statements by the witnesses the government intends to call to prove the allegations.

    r. <u>Category #19</u>: Please identify each instance in which the government claims that Defendants "declined to conduct sufficient comparative tests establishing that Theranos's test results delivered accurate and reliable results when compared to competing technologies" and what the government is claiming qualifies as "sufficient comparative tests." Please also identify each instance in which the government claims that Defendants "failed to conduct comprehensive and accurate comparative tests establishing that its assays could reliably be conducted on finger-stick samples as opposed to vein draws" and what the government is claiming qualifies as "comprehensive and accurate comparative tests." Please identify each instance in which the government claims that Defendants "refused to commission or authorize such comparative testing through Sarah Cannon, Cleveland Clinic, UCSF, or other independent third-parties, to publish the results or any such testing, and to provide that information to the company's board." For all such allegations, please identify the documents the government intends to use to prove the allegations and the identities of and statements by the witnesses the government intends to call to prove the allegations.

    s. <u>Category #20</u>: To our knowledge, based on the government's production to date, no witness, and no representative of the Theranos assignee, has spoken to the government regarding the decommissioning of the LIS database. My letter of March 13 specifically raised this issue, and your response letter ignored this point altogether. Please identify all documents the government intends to use to prove the allegations in this category and the identities of and statements by the witnesses the government intends to call to prove the allegations in this category. In addition, if the government is claiming that the decommissioning was intended by Defendants to "obscur[e] or destroy[] detailed information regarding the specific tests Theranos conducted during the years of its clinical testing operation" and/or to "hinder[] the government's investigation of Defendants[,]" please identify the evidentiary basis

WILLIAMS & CONNOLLY LLP

John C. Bostic, Esq., *et al*.
March 23, 2020
Page 7

for any such representation.  For all allegations in this category, please identify the documents the government intends to use to prove the allegations and the identities of and statements by the witnesses the government intends to call to prove the allegations.

   t. <u>Category #21</u>:  Please identify all of the "significant additional benefits" that the government claims Defendants obtained from their positions at Theranos.  For all allegations in this category, please identify the documents the governments intends to use to prove the allegations and the identities of and statements by the witnesses the government intends to call to prove these allegations.  In addition, to the extent the government intends to call "journalists who investigated Theranos" to prove these allegations, please explain the evidentiary basis for the admissibility of such testimony, which will inevitably be based on statements by out-of-court witnesses.

   Additionally, please advise whether any modifications to the government's prior disclosure will be forthcoming as a result of the severance.

         Sincerely,

         */s/ Lance Wade*

         Lance Wade