# Exhibit H

| | |
|---|---|
| 1 | MELINDA HAAG (CABN 132612)<br>United States Attorney |
| 2 | |
| 3 | MIRANDA KANE (CABN 150630)<br>Chief, Criminal Division |
| 4 | OWEN MARTIKAN (CABN 177104)<br>Assistant United States Attorney |
| 5 | |
| 6 | SUSAN PHAN (CABN 241637)<br>Special Assistant United States Attorney |
| 7 | 450 Golden Gate Ave., Box 36055<br>San Francisco, California 94102 |
| 8 | Telephone: (415) 436-7241<br>Fax: (415) 436-7234 |
| 9 | E-Mail: owen.martikan@usdoj.gov |
| 10 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 09-0268 SI |
| Plaintiff, | ) ) | **THE UNITED STATES' NOTICE OF EVIDENCE PURSUANT TO FED. R. EVID. 404(b)** |
| v. | ) ) | |
| ALEXANDER DEJARNETTE, | ) ) | Date: July 8, 2011 |
| Defendant. | ) ) | Time: 11:00am<br>Place: Courtroom 10, 19th Floor |

**INTRODUCTION**

The United States intends to introduce three categories of "bad acts" evidence at trial pursuant to Rule 404(b) of the Federal Rules of Evidence, because the proffered evidence shows intent, knowledge, and absence of mistake or accident. These categories of evidence are (1) Defendant Dejarnette's flight from supervision after the Court ordered him to register as a sex offender within two weeks; (2) Dejarnette's failure to register as a sex offender in Georgia or Massachusetts; and (3) Dejarnette's repeated refusal to sign acknowledgment forms pertaining to

USA 404(b) NOTICE
NDCA Case No. CR 09-0268 SI          1

1 | his duty to register as a sex offender.  The United States also believes that this evidence is
2 | inextricably intertwined with the United States' proof of the charged crime, but proffers this
3 | notice out of an abundance of caution.

**ARGUMENT AND AUTHORITIES**

"All relevant evidence is admissible." Fed. R. Evid. 402.  Evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401.  Moreover, when evidence is "inextricably intertwined with the crime charged," it is also direct evidence, and does not fall within the scope of Rule 404(b). *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002). *See also United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995) (holding that evidence is directly admissible if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or "was necessary to ... permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime").

Evidence of crimes, wrongs, or other acts that is not directly relevant to the charged crimes, is admissible under Fed. R. Evid. 404(b) if it shows motive, intent, knowledge, identity, or absence of mistake or accident. *See id.*  The Ninth Circuit has held that Federal Rule of Evidence 404(b) "is a rule of inclusion [and,] [u]nless the evidence of other crimes tends only to prove propensity, it is admissible." *United States v. Jackson*, 84 F.3d 1154, 1158–59 (9th Cir. 1996).  In determining whether to admit such evidence, the Ninth Circuit has examined (1) whether sufficient evidence exists to allow the jury to conclude that the defendant committed the prior act; (2) the act was not too remote in time from the commission of the charged offense; (3) the act is similar to the charged offense;(4) the act is introduced to prove an element of the charged offense that is a material issue in the case; and (5) whether the act's probative value is outweighed by its potential prejudice. *Untied States v. Miller*, 874 F.2d 1255, 1268 (9th Cir. 1989).

USA 404(b) NOTICE
NDCA Case No. CR 09-0268 SI                    1

**I. THE COURT SHOULD ADMIT EVIDENCE OF DEJARNETTE'S FLIGHT FROM SUPERVISION FOLLOWING THE COURT'S ORDER THAT HE REGISTER.**

On February 28, 2008, the Court ordered Dejarnette from the bench to register as a sex offender within two weeks. *See* USA Request for Judicial Notice, Exhibit 13 at 48-49. The Court asked Dejarnette if he understood that order, and he said that he did. *Id*. The following week, Dejarnette failed to report to a probation meeting, and had a confrontation with his Probation Officer in a pizza restaurant. *Id*., Exhibits 8 and 9. After this confrontation, Dejarnette absconded from supervision and remained a fugitive until he was arrested in Atlanta, Georgia, nine months later. *Id*., Exhibits 11, 12, and 15. When Dejarnette encountered law enforcement in Georgia, he used a false name and was not positively identified until his fingerprints were matched.

This evidence shows that Dejarnette's failure to register as a sex offender was intentional, and that he would rather flee from probation than comply with a direct order to register from the Court. The evidence complies with the standard set forth by the Ninth Circuit in *Miller, supra,* because it is based on facts that have been admitted by Dejarnette during the adjudication of prior supervised release violations, and thus sufficiently reliable for a jury to conclude that it occurred. Second, the acts took place during the year preceding Dejarnette's arrest in this case, and thus are not remote in time. Third, the act is similar to the charged offense, which also alleges a failure to follow requirements arising out of Dejarnette's prior conviction, and relates specifically to the Court's order that he register as a sex offender. Fourth, the evidence is introduced to show a knowing failure to register, which is an element of the charged offense. Finally, the evidence cannot reasonably be seen as unduly prejudicial, as it simply relates to Dejarnette's flight from his registration requirement, which is intertwined with the charged conduct in this case.

The Court should allow the United States to introduce evidence of Dejarnette's flight from supervision in 2008 under Fed. R. Evid. 404(b).

## II. THE COURT SHOULD ALLOW EVIDENCE OF DEJARNETTE'S FAILURE TO REGISTER AS A SEX OFFENDER IN OTHER STATES.

The United States intends to introduce evidence that Dejarnette failed to register as a sex offender in Georgia and Massachusetts, two states that Dejarnette visited while a fugitive from probation in 2008. Dejarnette was arrested in Georgia, and the Marshal's Service has evidence that he may have visited Massachusetts as well. This evidence meets the five-part test in *Miller* for the admission of evidence under Rule 404(b). First, there is sufficiently probative evidence that Dejarnette failed to register as a sex offender in Georgia and Massachusetts, because he does not appear on either state's registry. Second, Dejarnette was in both states during the year before his arrest, so his failure to register is not remote in time. Third, the act is similar – indeed identical – to the charged offense of failure to register. Fourth, the act proves an element of the offense, which is that he failed to register. Finally, the act cannot be viewed as more prejudicial than probative, as Dejarnette's failure to register is directly at issue in this case.

## III. THE COURT SHOULD ALLOW EVIDENCE THAT DEJARNETTE REFUSED TO SIGN MULTIPLE ACKNOWLEDGMENT FORMS REGARDING HIS DUTY TO REGISTER AS A SEX OFFENDER.

The United States intends to introduce evidence that in 2001 and 2007, Dejarnette refused to sign Bureau of Prisons forms that notified him of his duty to register as a sex offender. In 2007, Dejarnette also refused to sign a California Attorney General form, tendered to him by his Probation Officer, informing him of his obligation to register as a sex offender. The United States intends to introduce this evidence to show Dejarnette's knowledge, intent, and absence of mistake with respect to the sex offender registration requirement. This evidence meets the *Miller* standard for admission of Rule 404(b) evidence. First, the refusal to sign is documented in writings and easily proved to a jury through testimony of BOP personnel and Dejarnette's Probation Officer. Second, the refusals to register were not remote in time. Two of them took place within the two years preceding Dejarnette's arrest. The first took place about seven years earlier, but shows a

USA 404(b) NOTICE
NDCA Case No. CR 09-0268 SI       3

1  consistent pattern of refusal to register as a sex offender.  Third, the refusal to sign a form
2  acknowledging the duty to register is similar to the charged offense of refusing to register.
3  Fourth, the act of refusing to acknowledge notice of the registration requirement is
4  necessary to prove an element of the offense; namely, the knowing failure to register as a
5  sex offender.  Finally, the act of refusing to acknowledge the requirement to register is no
6  more prejudicial than the charged conduct, and thus any prejudice resulting from it does
7  not outweigh its probative effect.
8        The Court should allow the United States to present evidence of Dejarnette's
9  refusal to sign forms notifying him of the requirement that he register as a sex offender.

## CONCLUSION

11       The Court should allow the United States to introduce the evidence proffered
12 above pursuant to Fed. R. Evid. 404(b).

13 DATED: June 17, 2011     Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
OWEN MARTIKAN
SUSAN PHAN
Assistant United States Attorneys