ADAM A. REEVES (NYBN 2363877)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
VANESSA BAEHR-JONES (CABN 281715)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI,<br><br>    Defendants. | Case No. CR 18-258 EJD<br><br>UNITED STATES' OPPOSITION TO DEFENDANT ELIZABETH HOLMES' MOTION TO STRIKE RULE 404(b) NOTICE OR, IN THE ALTERNATIVE, COMPEL ADEQUATE RULE 404(b) DISCLOSURE<br><br>Date:  July 20, 2020<br>Time:  1:30 p.m.<br>Courtroom: 4, 5th Floor |

**INTRODUCTION**

The United States respectfully submits its Opposition to Defendant Elizabeth Holmes' Motion to Strike Rule 404(b) Notice or, in the Alternative, Compel Adequate Rule 404(b) Disclosure [Dkt. 421] and the joinder by co-defendant Ramesh Balwani [Dkt. 422].  Because the government has provided ample notice to the defense, the Court should deny the motion.

**FACTUAL BACKGROUND**

On August 7, 2018, the government first produced discovery in this matter.  The production letter stated "[t]he government also hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by defendant which are referenced in the enclosed documents pursuant to Rules 404(b), 608 and/or 609 of the Federal Rules of Evidence."  July 7, 2020 Declaration of AUSA Robert S. Leach in Support of United States' Opposition to Defendant Elizabeth Holmes' Motion to Strike Rule 404(b) Notice or, in the Alternative, Compel Adequate Rule 404(b) Disclosure ("Leach Decl") ¶ 2 & Ex. A.  Since August 7, 2018, the government has made at least 24 additional productions of discovery, each time "giv[ing] notice that it may seek to introduce the other crimes, wrongs or acts committed by defendant which are referenced in the enclosed documents pursuant to Rule[] 404(b)."  *Id.* ¶ 2.

On March 6, 2020, almost eight months before trial, the government served a 10-page letter describing 22 categories of evidence potentially subject to Rule 404(b) that it intended to introduce. Dkt. 421-1.  The letter explained that the cited evidence is "relevant to the charges in this case and is admissible to show, among other things, Defendants' motive, opportunity, intent, preparation, plan, knowledge, identity, consciousness of guilt, or absence of mistake or accident."  *Id.*

Defendant Holmes objected.  On April 3, 2020, almost seventh months before trial, the government served an 18-page supplemental letter. Dkt. 421-8.  The letter identified over 440 specific documents the government intended to use and identified specific witnesses who would testify with respect to each category set forth in its March 6, 2020 letter.  *Id.*

On June 26, 2020, more than four months before trial, the government served its exhibit and witness lists.  Leach Decl. ¶ 3.  The government has produced all FBI-302s and government memoranda of interview prepared to date for individuals on the witness list.  It likewise has produced all prior statements (such as deposition testimony in parallel proceedings) by such witnesses in its possession, custody, and control.  *Id.* ¶ 4.

**ARGUMENT**

Federal Rule of Evidence 404(b) is a rule of inclusion.  *See United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000); *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).  Evidence of a

1  person's crime, wrong, or other act is admissible to prove "motive, opportunity, intent, preparation, plan,

2  knowledge, identity, absence of mistake, or lack of accident," or any purpose other than "to prove a

3  person's character in order to show that on a particular occasion the person acted in accordance with the

4  character." FED. R. EVID. 404(b)(1) & (2); *Chea*, 231 F.3d at 534 ("'[O]ther acts evidence is admissible

5  whenever relevant to an issue other than the defendant's criminal propensity.'" (quoting *Mehrmanesh*,

6  689 F.2d at 830)).[1]  Additionally, other acts evidence "may be relevant in conspiracy cases to show the

7  background and development of the conspiracy." *United States v. Hill*, 953 F.2d 452, 457 (9th Cir.

8  1991) (citing *United States v. McKoy*, 771 F.2d 1207, 1214 (9th Cir. 1985)).

9  The government is only required to "provide *reasonable* notice of the *general nature* of any such

10  evidence that the prosecutor intends to offer at trial." FED. R. EVID. 404(b)(2)(A) (emphasis added).

11  "[N]o specific form of notice is required." *Id.* advisory committee notes, 1991 Amendment.  For

12  example, this Court upheld the sufficiency of a six-page notice in a ten-defendant conspiracy/

13  counterfeiting case that provided select citations to deposition pages and case numbers as an aide to

14  locating references to certain incidents. *See United States v. Shayota*, No. CR 15-264-LHK, 2016 WL

15  5791376, at *3 (N.D. Cal. Oct. 4, 2016); Leach Decl. ¶ 5 & Ex. B (attaching government's 404(b) notice

16  in *Shayota*).  The drafters of Rule 404(b) "considered and rejected a requirement that the notice satisfy

17  the particularity requirements normally required of language used in a charging instrument." RULE

18  404(b) advisory committee notes, 1991 Amendment.  "Instead, the Committee opted for a generalized

19  notice provision which requires the prosecution to apprise the defense of the general nature of the

20  evidence of extrinsic acts." *Id.*  Notice is "designed to reduce surprise and promote early resolution of

21  admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153, 1155 (9th Cir. 1999) (holding notice

22

23  ───────────────

24  [1]  Rule 404(b) is not applicable if the "'[o]ther act' evidence" is "'inextricably intertwined' with a
    charged offense." *United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) (quoting *United States
    v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012)).  Inextricably intertwined evidence is "independently

25  admissible and is exempt from the requirements of Rule 404(b)." *Id.*  Such evidence includes "evidence
    constituting 'a part of the transaction that serves as the basis for the criminal charge'" as well as

26  "evidence that is 'necessary to permit the prosecutor to offer a coherent and comprehensible story
    regarding the commission of the crime.'" *Id.*  Accordingly, Rule 404(b) is not applicable "when

27  offenses committed as part of a 'single criminal episode' become other acts simply because the
    defendant 'is indicted for less than all of his actions.'" *United States v. Williams*, 989 F.2d 1061, 1070

28  (9th Cir. 1993) (quoting *United States v. Aleman*, 592 F.2d 881, 885 (5th Cir. 1979)).  The government
    submits that the vast majority of the evidence disclosed in its notice is not subject to Rule 404(b) at all.

1    requirement breached where "government lay in wait and sprung 'other acts' evidence on [defendant] in

2    its so-called rebuttal case").

3        Local Criminal Rule 16-1(c)(3) does not require more.  It calls for "[a] *summary* of any evidence

4    of other crimes, wrongs or acts which the government intends to offer under F. R. Evid. 404(b), and

5    which is supported by documentary evidence or witness statements *in sufficient detail* that the Court

6    may rule on the admissibility of the proffered evidence." (emphasis added).

7        The government's notice exceeds these standards.  The government's March 6, 2020 letter

8    describes in detail the general nature of the evidence it intends to offer at trial.  Rule 404(b)(2) requires

9    "reasonable notice," not exhaustion and not a treatise.  The government's April 3, 2020 letter went even

10   further, listing specific Bates numbers for hundreds of documents it intended to offer.  The two letters,

11   individually and collectively, provide sufficient detail for the parties to assess and the Court to determine

12   admissibility issues.  Indeed, Defendant concedes that she already is preparing to "move in limine to

13   exclude or limit the vast majority of the 'evidence' in these notices."  Dkt. 421 at 1.

14       Defendant Holmes' claim of lack of notice is also belied by the fact that the government now has

15   served its exhibit and witness lists.  The defendant thus knows which documents the government

16   presently intends to offer.  The defendant also knows which witnesses the government may call.  She

17   likewise has the summaries of all government interviews to date and all prior witness statements in its

18   possession, custody, and control.  The reasonableness of the government's disclosure is further

19   underscored by the fact that they were made many months before trial.  *Compare United States v.

20   Aguilar*, No. CR 07-030-SBA, 2007 WL 4219370, at *4 (N.D. Cal. Nov. 28, 2007) ("Courts have

21   generally found that providing a defendant with between one and three weeks['] notice prior to the start

22   of trial of any evidence the government intends to introduce under Rule 404(b) is reasonable.")

23   (collecting cases); *United States v. De Anda*, No. CR 18-538-TSH, 2019 WL 2863602, at *2 (N.D. Cal.

24   July 2, 2019) ("Three weeks has been found to be reasonable.").

25       Defendant's argument that the government's 28-pages of disclosure do not describe the "who,

26   what, where, when, and why for particular 'other acts'" (Dkt. 421 at 2) mistakes Rule 404(b)'s

27   requirement of reasonable notice of the general nature of evidence with the other, more exacting

28   pleading requirements.  *See, e.g.*, *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir.

2019) (holding Federal Rule of Civil Procedure 9 requires that a civil fraud complaint be alleged "with particularity"; include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations"; and "identify the *who, what, when, where*, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, *and why* it is false") (emphasis added, internal quotations and citations omitted). The drafters of Rule 404(b), however, expressly rejected the particularity requirement Defendant Holmes seeks to impose. *See* RULE 404(b) advisory committee notes, 1991 Amendment.

Defendant's reliance on a handful of non-binding, unpublished, pretrial orders is misplaced. For example, Judge Illston's pretrial order on motions in limine in *Dejarnette* provides little guiding analysis for the conclusion that the government's notice in that sex offender registration case was overly broad. In any event, the government's letters here are more comprehensive and detailed than the second *Dejarnette* notice, which, as Defendant Holmes concedes, "provided sufficient details." Dkt. 421 at 7. The government's notice also exceeds the detail of the notice in *Shayota*.

Finally, the government at this time has no further 404(b) evidence to disclose for rebuttal, but it reserves the right to do so based on expert and other disclosures the defense has not yet made. *See* Dkt. 421 at 9 & *Vega*, 188 F.3d at 1154. And, the Defendant cites no basis to require the government to meet the standards of amendments to Rule 404(b) that will not go into effect until December 1, 2020.

## CONCLUSION

For these reasons, the Court should deny the motion. To the extent the Court finds the government's notice inadequate, it should decline to strike the notice and permit the government to supplement it by a reasonable date prior to trial.

///
///
///
///
///
///
///

1   DATED:  July 7, 2020                                    Respectfully submitted,

2                                                            ADAM A. REEVES
3                                                            Attorney for the United States,
                                                             Acting Under Authority Conferred
4                                                            By 28 U.S.C. § 515

5                                                            _____/s Robert S. Leach_____

6                                                            ROBERT S. LEACH
                                                             JEFF SCHENK
7                                                            JOHN C. BOSTIC
                                                             VANESSA BAEHR-JONES
8                                                            Assistant United States Attorneys

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  ADAM A. REEVES (NYBN 2363877)
   Attorney for the United States,
2  Acting Under Authority Conferred By 28 U.S.C. § 515

3  HALLIE HOFFMAN (CABN 210020)
   Chief, Criminal Division
4
   JEFF SCHENK (CABN 234355)
5  JOHN C. BOSTIC (CABN 264367)
   ROBERT S. LEACH (CABN 196191)
6  VANESSA BAEHR-JONES (CABN 281715)
   Assistant United States Attorneys
7
        150 Almaden Boulevard, Suite 900
8       San Jose, California 95113
        Telephone: (408) 535-5061
9       Fax: (408) 535-5066
        Robert.Leach@usdoj.gov
10
   Attorneys for United States of America
11
                    UNITED STATES DISTRICT COURT
12
                 NORTHERN DISTRICT OF CALIFORNIA
13
                          SAN JOSE DIVISION
14

15 UNITED STATES OF AMERICA,              )  Case No. CR 18-258 EJD
                                          )
16        Plaintiff,                      )  JULY 7, 2020 DECLARATION OF AUSA
                                          )  ROBERT S. LEACH IN SUPPORT OF UNITED
17     v.                                 )  STATES' OPPOSITION TO DEFENDANT
                                          )  ELIZABETH HOLMES' MOTION TO STRIKE
18 ELIZABETH HOLMES and RAMESH            )  RULE 404(b) NOTICE OR, IN THE
   "SUNNY" BALWANI,                       )  ALTERNATIVE, COMPEL ADEQUATE RULE
19                                        )  404(b) DISCLOSURE
          Defendants.                     )
20                                        )  Date:  July 20, 2020
                                          )  Time:  1:30 p.m.
21                                        )  Courtroom: 4, 5th Floor
   _____)
22

23        I, Robert S. Leach, declare as follows:

24        1.      I am an Assistant United States Attorney with the United States Attorney's Office for the

25 Northern District of California ("USAO").  I am one of the prosecutors assigned to this matter and have

26 been since 2016.  I make this declaration in support of the United States' Opposition to Defendant

27 Elizabeth Holmes' Motion to Strike Rule 404(b) Notice or, in the Alternative, Compel Adequate Rule

28 404(b) Disclosure.

2.      Attached as Exhibit A is a true and correct copy of a letter from the government to counsel for the defense dated August 7, 2018.  Since August 7, 2018, the government has made approximately 24 additional productions of discovery; each time the production letter stated in substance: "[t]he government hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by defendant which are referenced in the enclosed documents pursuant to Rule[] 404(b)."

3.      On June 26, 2020, the government served its exhibit and witness lists on Defendant Holmes.

4.      To the best of my knowledge, the government has produced all FBI-302s and government memoranda of interview prepared to date for individuals on the witness list.  It likewise has produced all prior statements (such as deposition testimony in parallel proceedings) by such witnesses in its possession, custody, and control.

5.      Attached as Exhibit B is a true and correct copy of the government's Rule 404(b) notice in *United States v. Shayota*, No. CR 15-264-LHK [Docket 209].

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 7th day of July 2020.

*/s Robert S. Leach*
_____
ROBERT S. LEACH
Assistant United States Attorney

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

150 Almaden Boulevard, Suite 900          (408) 535-5061
San Jose, California 95113          FAX:(408) 535-5066

August 7, 2018

Lance Wade
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
**VIA FEDEX**

Jeffrey B. Coopersmith
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
**VIA FEDEX**

      Re:    United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani
             CR-18-00258-EJD

Dear Counsel:

    Pursuant to your request for discovery, enclosed are copies of the following:

| PREFIX | BATES RANGE | SOURCE | VOLUME # |
|--------|-------------|--------|----------|
| AMX | 0000001-0001716 | American Express | 4 |
| AZ | 000000001-000024265 | AstraZeneca | 4 |
| BC | 00001-00252 | Beckman Coulter | 4 |
| BD | 00001-00723 | Becton Dickinson | 11 |
| BMS-TH | 0000001-0004179 | Bristol Meyers | 13 |
| CCF | 000000001-000001321 | Cleveland Clinic | 4 |
| CDPH | 000001-002358 | California Dept. of Public Health | 7 |
| CEL | 0000001-0010169 | Celgene | 13 |
| DFJ | 0000001-0002311 | Draper Fisher Jurvetson | 4 |
| DS | 0000001-0000384 | Dailchi Sankyo | 4 |
| EDD | 0000001-0000178 | Employment Development Dept. | 4 |
| FBI-SG | 0000001-0000010 | S. Gangakhedkar | 4 |
| GSK | 0000001-0000027 | Glaxo SmithKline | 4 |
| GSK-TNS | 0000001-0000051 | Glaxo SmithKline | 4 |
| JAN | 000000001-000004018 | Janssen Biotech | 4 |
| LINNERSON | 000001-001800 | Linnerson | 5 |
| LIU | 0000001-0001107 | Liberty Insurance Underwriters | 5 |

| NVS-THERANOS | 000001-000016 | Novartis | 5 |
|---|---|---|---|
| NYDPH | 0000001-0000195 | NY Department of Health | 5 |
| PARLOFF | 0000001-0000241 | Roger Parloff | 5 |
| PFE | 0000001-0000042 | Pfizer | 5 |
| PFM-GJ | 00000001-00004375 | Partner Fund Management | 5 |
| PFM-DEPO | 00000001-00018803 | Partner Fund Management | 9 |
| PFM-ROGS | 00000001-00000776 | Partner Fund Management | 8 |
| ROSEN | 0000001-0000566 | Adam Rosendorff | 5 |
| SCRI | 000001-005574 | Sarah Cannon Research Institute | 5 |
| SMS | 0000001-0025614 | Siemens | 10 |
| | 0025615 | Siemens | 14 |
| SWYDOJ | 000000001-000000082 | Safeway | 5 |
| THER | 0000001-2566546 | Theranos | 6 |
| | 2566547-2567424 | Theranos | 12 |
| | 2567425-3993412 | Theranos | 6 |
| THERDOJ | 0000001-0004239 | Theranos | 5 |
| TOSOH | 000001-000017 | Tosoh America Inc. | 5 |
| US-FBI | 0000001-0001539 | FBI | 1 |
| WAG-TH-DOJ | 00000001-00022253 | Walgreens | 2 |
| | 00022254-00069546 | Walgreens | 3 |

The government will make available for your inspection any item of evidence referred to in the enclosed reports and documents, as well as any other evidence seized from your client and/or which the government intends to offer in its case-in-chief. Please contact me to arrange a mutually convenient time for your inspection of such items.

The enclosed materials and any future discovery provided to you which may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute or relevant case law is provided voluntarily and solely as a matter of discretion. By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations. We explicitly reject any suggestion that the criminal local rules, including Criminal Local Rule 16-1(c), serve as valid authority for any substantive discovery obligations beyond that required under the applicable federal statutes and rules (e.g., Rule 16 and Jencks).

Notice Re: FRE 404(b), 608, 609

The government also hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by defendant which are referenced in the enclosed documents pursuant to Rules 404(b), 608 and/or 609 of the Federal Rules of Evidence.

Request for Reciprocal Discovery

With this letter the government requests all reciprocal discovery to which it is entitled under Federal Rules of Criminal Procedure 16(b) and (c) and 26.2, including, but not limited to, the following:

1.  Inspection and/or copies of all books, papers, documents, photographs, tangible objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in his case-in-chief at trial.

2.  Inspection and/or copies of the results of any reports of physical or mental examinations and of scientific tests or experiments made in connection with the above-entitled case within the possession or control of the defendant which the defendant intends to introduce as evidence in his case-in-chief at trial or which have been prepared by a witness whom the defendant intends to call at trial.

3.  Inspection and/or copies of all statements made by all witnesses whom the defendant intends to call at trial.

Request for Notice of Defenses

The Government also requests notice of any intention of your client to rely on an entrapment defense or a defense involving mental condition or duress, and/or an alibi defense for offenses which occurred on or about the dates alleged in the indictment.

Plea Negotiations

I would also like to take this opportunity to state the United States Attorney's position regarding plea negotiations, if any, in this matter.  I do not have the authority to make any binding plea offer in this matter.  If you wish to discuss a disposition of this matter, please be advised that all discussions are about a tentative disposition only and will not be final unless and until the final disposition is approved by the United States Attorney or an appropriate designee. Please do not assume that I have received such approval based on discussions between us or the exchange of draft plea agreements.  I will advise you in writing if and when our plea negotiations have resulted in a plea agreement approved by the United States Attorney or an appropriate designee.

Please contact me if you have any questions concerning the foregoing.

Very truly yours,

ALEX G. TSE
Acting United States Attorney

JOHN C. BOSTIC
Assistant United States Attorney

Encl:   one external hard drive

# EXHIBIT B

1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney

2

3  BARBARA J. VALLIERE (DCBN 439353)
   Chief, Criminal Division

4  MATTHEW A. PARRELLA (NYSBN 2040855)
   SUSAN KNIGHT (CABN 209013)

5  Assistant United States Attorneys

6      150 Almaden Boulevard, Suite 900
       San Jose, California 95113

7      Telephone: (408) 535-5061
       FAX: (408) 535-5088

8      E-Mail: Matthew.Parrella@usdoj.gov
               Susan.Knight@usdoj.gov

9

   Attorneys for United States of America

10
                    UNITED STATES DISTRICT COURT

11
                 NORTHERN DISTRICT OF CALIFORNIA

12
                        SAN JOSE DIVISION

13

14  UNITED STATES OF AMERICA,          )  No. CR 15-00264 LHK
                                       )
15          Plaintiff,                 )  UNITED STATES' NOTICE PURSUANT TO
                                       )  404(b) OF THE FEDERAL RULES OF EVIDENCE
16     v.                              )
                                       )
17  JOSEPH SHAYOTA,                    )
    ADRIANA SHAYOTA,                   )
18  JUSTIN SHAYOTA,                    )
    WALID JAMIL, a/k/a Wally Jamil,    )
19  RAID JAMIL, a/k/a Brian Jamil,     )
    KEVIN ATTIQ,                       )
20  FADI ATTIQ, a/k/a Fred Attiq,      )
    LESLIE ROMAN,                      )
21  MARIO RAMIREZ, and                 )
    CAMILO RAMIREZ,                    )
22                                     )
                                       )
23          Defendants.                )
                                       )
24  _____

25         The United States of America, by and through its attorneys, Brian J. Stretch, United States

26  Attorney for the Northern District of California, Matthew A. Parrella and Susan Knight, Assistant

27  United States Attorneys, hereby provide notice of its intent to introduce evidence of crimes, wrongs, or

28

other acts pursuant to Rule 404(b) of the Federal Rules of Evidence to prove the defendants' knowledge, intent, preparation, plan, and absence of mistake or accident. The general nature of such evidence, and the individual defendant(s) to which each circumstance applies, is as follows.  The government has included deposition pages and civil action case numbers as an aide to locating references to the incidents.  The government is not limited to that evidence at trial will supplement those references with other forms of evidence.

## I.    EQUAL, SPLENDA, AND UNCLE BEN'S RICE

**Joseph Shayota**
**Adriana Shayota**
**Walid Jamil**
**Raid Jamil**
**Mario Ramirez and**
**Camilo Ramirez**

These defendants engaged in a scheme to divert, counterfeit, and repackage Equal, Splenda, and Uncle Ben's Rice.  These products were purchased at below United States' market prices and intended for sale outside of the United States.  The products were then repackaged using counterfeited packing and sold to wholesalers throughout the United States.  *See* Deposition of Joseph Shayota, Bates No. 0019159-0019432; Deposition of Adriana Shayota, Bates No. 0018799-0019070; Deposition of Walid Jamil, Bates No. 0033202-0033454; Deposition of Walid Jamil, Bates No. 0021511-0021769; FBI Interview of Mario Ramirez, Bates No. 5HR-000221, Deposition of Mario Ramirez, Bates No. 0015068-0015366 and Exh. 18 (22750, 22752); Deposition of Mario Ramirez, Bates No. 00012886-001306; Deposition of Camilo Ramirez, Bates No. 0007243.

## II.    TRUVIA

**Walid Jamil**
**Raid Jamil and**
**Mario Ramirez**

These defendants' engaged in a scheme to divert, counterfeit, and repackage Truvia, which was purchased at below United States' market prices intended for sale outside of the United States.  It was then repackaged using counterfeited packing and then sold to wholesalers throughout the United States. *See* Deposition of Mario Ramirez, Bates No. 00012886-001306.

UNITED STATES' NOTICE
CR 15-00264 LHK

### III.   MONSTER ENERGY DRINKS AND MARS CANDY

**Joseph Shayota**
**Adriana Shayota**
**Kevin Attiq**
**Fadi Attiq**

These defendants engaged in a scheme to divert Monster Energy drinks and Mars candy, which were purchased at below United States' market prices destined for sale outside of the United States. The products were sold in the United States. On June 11, 2011, Monster Energy, which is owned by Hansen Beverage Company, sued a subsidiary of Baja called Logistica Horizontal S.A. de C.V., a/k/a Baja Miller S.A. de C.V. in the United States District Court for the Southern District of California alleging that Baja Miller violated the terms of a distribution agreement entered into on October 15, 2004 by distributing Monster Products outside of Mexico. *See* Bates No. XXX, *Hansen Beverage Company v. Logistica Horizontal S.A. de C.V. a/k/a Baja Miller S.A. de C.V.*, No. 10-cv-1262 JAH/POR. On August 25, 2010, Hansen Beverage Company dismissed its lawsuit against Logistica Horizontal S.A. de C.V. because the company agreed to submit the dispute to arbitration. *See* Bates No. 5HR-00211-002220, Notice of Voluntary Dismissal. *See also*, Deposition of Joseph Shayota, Bates No. 0019159-0019432; Deposition of Kevin Attiq, Bates No. 005533-005821; Deposition of Kevin Attiq, Bates No. 005179-005442; Deposition of Fadi Attiq, Bates No. 0004775-0005080.

### IV.   WELCH'S AND MOTTS PRODUCTS

**Joseph Shayota**
**Adriana Shayota**

These defendants purchased the following products at below United States' market prices that were intended for sale outside of the United States. The products, including Welch's and Motts, were diverted and sold in the United States. *See* Deposition of Joseph Shayota, Bates No. 0019159-0019432.

### V.   PILLSBURY PRODUCTS

**Walid Jamil**

The defendant diverted numerous products, including Pillsbury products, that were intended to be sold in Mexico but were sold in United States. *See* Deposition of Walid Jamil, Bates No. 0021075-0021426.

1

2

## VI.     LIVING ESSENTIALS SETTLEMENT AGREEMENTS

### A.  Joseph Shayota
### Adriana Shayota

On October 26, 2012, Innovation Ventures, LLC, Living Essentials, LLC., and International IP

Holdings LLC ("Living Essentials") sued Joseph Shayota, Adriana Shayota, and Tradeway

International, d/b/a Baja Exporting ("Baja Defendants") in the United States District Court for the

Eastern District of New York for, among other claims, federal trademark infringement, and federal

copyright infringement related to Living Essentials' trademarks and copyrighted material of 5-Hour

ENERGY.  *See Innovation Ventures, et al. v. Ultimate One Distributing Corp., et al.*, No. 12-cv-5354

(KAM).  On November 7, 2013, Living Essentials and the Baja Defendants entered into a settlement

agreement in which the Baja Defendants did not contest that Living Essentials owned all of the

trademarks and copyrights rights relating to 5-Hour ENERGY and agreed to pay Living Essentials

$6,000,000.  *See* Bates No. 5HR-002189-002201.

### B.  Leslie Roman

On November 30, 2012, Innovation Ventures, LLC, Living Essentials, LLC., and International

IP Holdings LLC ("Living Essentials") sued Leslie Roman in the United States District Court for the

Eastern District of New York for, among other claims, federal trademark infringement, and federal

copyright infringement related to Living Essentials' trademarks and copyrighted material of 5-Hour

ENERGY.  The initial lawsuit was filed on October 26, 2012, and on December 28, 2012, Living

Essentials filed a Seventh Amended Complaint to add Donna Roman and Flexopack.  *See Innovation*

*Ventures, et al. v. Ultimate One Distributing Corp., et al., No. 12-cv-5354 (KAM).*  On July 16, 2013,

Living Essentials and Leslie Roman, Donna Roman, and Flexopack ("Flexopack Defendants") entered

into a settlement agreement in which the Flexopack Defendants did not contest that Living Essentials

owned all of the trademarks and copyrights rights relating to 5-Hour ENERGY and agreed to pay Living

Essentials $426,030.53.  *See* Bates No. 5HR-002202-002210.

### C.  Mario Ramirez
### Camilo Ramirez

On November 26, 2012, Innovation Ventures, LLC, Living Essentials, LLC., and International

IP Holdings LLC ("Living Essentials") sued Mario Ramirez, Camilo Ramirez, MCR Printing and Packaging Corp., and MCR Innovations and Packaging Inc. ("MCR Defendants") in the United States District Court for the Eastern District of New York for, among other claims, federal trademark infringement, and federal copyright infringement related to Living Essentials' trademarks and copyrighted material of 5-Hour ENERGY. The initial lawsuit was filed on October 26, 2012, and on December 28, 2012, Living Essentials filed a Seventh Amended Complaint to add Naftaunited.com (part of the MCR Defendants). *See Innovation Ventures, et al. v. Ultimate One Distributing Corp., et al.*, No. 12-cv-5354 (KAM). On October 16, 2013, Living Essentials and the MCR Defendants entered into a settlement agreement in which the MCR Defendants did not contest that Living Essentials owned all of the trademarks and copyrights rights relating to 5-Hour ENERGY and agreed to pay Living Essentials $625,000. *See* Bates No. 5HR-002177-002188.

### D. Kevin Attiq
### Fadi Attiq

On October 26, 2012, Innovation Ventures, LLC, Living Essentials, LLC., and International IP Holdings LLC ("Living Essentials") sued Kevin Attiq, Fadi Attiq, and Dan Dee Company in the United States District Court for the Northern District of California for, among other claims, federal trademark infringement, and federal copyright infringement related to Living Essentials' trademarks and copyrighted material of 5-Hour ENERGY. *See Innovation Ventures, LLC. et al v. Pittsburg Wholesale Grocers Inc., et al.*, No. 12-cv-5523 (WHA). On November 15, 2013, the Honorable William H. Alsup, United States District Judge for the Northern District of California, granted Living Essentials' Motion to Change Venue to the Eastern District of New York. In March 2016, Kevin Attiq, Fadi Attiq, and the Dan Dee Company entered into a settlement agreement with Living Essentials.[1]

## VII.    SUMMARY JUDGMENT

### Walid Jamil
### Raid Jamil

On March 31, 2016, the Honorable Kiyo A. Matsumoto granted in part Living Essentials'

---

[1] The subpoena for the settlement agreement is outstanding and the government will produce the agreement as soon as it receives it from Living Essentials.

Motion for Summary Judgment and Permanent Injunction. *See Innovation Ventures, et al. v. Ultimate One Distributing Corp., et al.*, No. 12-cv-5354 (KAM) and *Innovation Ventures, LLC. et al v. Pittsburg Wholesale Grocers Inc., et al.*, No. 13-cv-6397 (KAM).  Specifically, Judge Matsumoto found Walid Jamil and Raid Jamil, operating as Midwest Wholesale Distributors, willfully infringed on Living Essentials' 5-Hour ENERGY trademarks and awarded Living Essentials $10 million in damages and attorneys' fees.  The Court also found that Walid Jamil and Raid Jamil infringed on Living Essentials' copyright and awarded Living Essentials $75,000 in damages.

DATED: August 26, 2016                          Respectfully submitted,

                                                BRIAN J. STRETCH
                                                United States Attorney

                                                /s/
                                                _____
                                                MATTHEW A. PARRELLA
                                                SUSAN KNIGHT
                                                Assistant United States Attorneys