JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **MS. HOLMES' MOTION FOR ACCESS TO GRAND JURY SELECTION MATERIALS** |
| v. | Date: August 17, 2020 |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | Time: 1:30 p.m. CTRM: 4, 5th Floor |
| Defendants. | Hon. Edward J. Davila |

|   |   |
|---|---|
| 1 | **NOTICE OF MOTION** |

2   PLEASE TAKE NOTICE that on August 17, 2020, at 1:30 p.m., or on any other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court pursuant to the Fifth and Sixth Amendments of the United States Constitution; the Jury Selection and Service Act, 28 U.S.C. § 1861 *et seq.*; and this District's General Order No. 6 for an Order allowing Ms. Holmes access to jury selection materials.  The Motion is based on the below Memorandum of Points and Authorities, the Declaration of Amy Mason Saharia, the record in this case, and any other matters that the Court deems appropriate.

DATED: July 30, 2020

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MOTION FOR ACCESS TO GRAND JURY SELECTION MATERIALS
CR-18-00258-EJD

## MEMORANDUM OF POINTS AND AUTHORITIES

The Sixth Amendment affords every criminal defendant the "constitutional right to a jury drawn from a fair cross section of the community" in which the defendant is tried. *Duren v. Missouri*, 439 U.S. 357, 368 (1979). The Jury Selection and Service Act extends this constitutional requirement to the pool from which federal grand jurors are selected. *See* 28 U.S.C. § 1861 ("[A]ll litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes."). This District's Grand Jury Plan also recognizes this requirement. *See* General Order No. 6, Plan for the Random Selection of Grand and Petit Jurors ("General Order No. 6") (stating that all litigants entitled to trial by jury have the right to grand jurors selected at random from a cross section of the community). Due to the ongoing pandemic, however, all grand-jury proceedings in this District were suspended from April 30, 2020 until an undisclosed date in June. General Order No. 72-2 (adopted April 30, 2020); General Order No. 72-3 (adopted May 21, 2020) ("Grand jury proceedings in this district will resume in June on a date and in a manner to be determined."). Once resumed, grand-jury proceedings were conducted in an undisclosed manner. General Order No. 72-3.

On July 14, 2020, a grand jury returned a Second Superseding Indictment charging Ms. Holmes with two conspiracies to commit wire fraud and nine counts of wire fraud. Second Superseding Indictment, ECF No. 449. Ms. Holmes immediately moved for access to the grand jury selection materials in anticipation of a motion to challenge the manner in which the grand jury that returned the Second Superseding Indictment was selected. *See* Mot. For Grand Jury Selection Materials, ECF No. 461 (filed July 21, 2020). One week later, on July 28, 2020, the government obtained a Third Superseding Indictment adding an additional wire fraud count. Third Superseding Indictment, ECF No. 469.[1]

---

[1] In the intervening week, this Court issued a General Order recognizing that the public safety would best be served by "limiting the permissible in-court criminal proceedings to ten people." General Order 72-5 (adopted July 23, 2020). It is unclear what effect this Order had on the composition of the grand jury that returned the Third Superseding Indictment. *See* Fed. R. Crim. P. 6(a)(1) (stating a "grand jury must have 16-23 members").

MOTION FOR ACCESS TO GRAND JURY MATERIALS
CR-18-00258 EJD

1

Ms. Holmes respectfully moves for an Order permitting the defense to access records regarding the constitution of the grand jury (or grand juries) that returned the Second and Third Superseding Indictments in this case, including materials related to the Master Grand Jury Wheels and jury list from which the grand jurors were selected. *See* General Order No. 6 at 6 ([C]ontents of records or papers used by the Clerk in connection with the Jury Selection Process will not be disclosed, except upon written order of the court."). Ms. Holmes seeks access to these records in connection with her preparation of an anticipated motion challenging the selection methods under the Jury Selection and Service Act. *See* 28 U.S.C. § 1867(a).[2]

Under the Act, a defendant may move to dismiss an indictment or stay the proceedings on the grounds of substantial failure to comply with the provisions of the Act in selecting a grand jury. *Id.* Substantial noncompliance occurs when administration of the Act fails to return a grand jury "selected at random from a fair cross section of the community." *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1158 (9th Cir. 2014) (en banc).

The selection procedures for the grand jurors that returned the Second and Third Superseding Indictments raise several concerns. First, the jury-selection procedures apparently were revised from past procedures in light of the ongoing pandemic, and it is unclear what effect these changes had on the constitution of the grand jury that returned the Indictments. *See* General Order No. 77, In Re: Provisional Modifications of Jury Plan Due To COVID-19 Public Health Emergency (adopted June 9, 2020). Second, although General Order No. 72-3 provided that grand-jury proceedings would resume "in a manner to be determined," no further information was provided as to whether the grand-jury proceedings complied with General Order No. 6, the Jury Selection and Service Act, or the Constitution. Lastly, there are serious concerns as to whether the grand jurors that returned the Second and Third Superseding Indictments were representative of the community in the district and division wherein this

---

[2] Although the Ninth Circuit has not considered what constitutes a timely motion under Section 1867(f), some courts have required such a motion to be filed within seven days from the date of the Indictment. *See United States v. Dean*, 487 F.3d 840, 849 (11th Cir. 2007). Although Ms. Holmes disagrees with such a reading of the statute, in an abundance of caution, counsel has filed this motion within seven days of the Third Superseding Indictment.

MOTION FOR ACCESS TO GRAND JURY MATERIALS
CR-18-00258 EJD

2

1  Court convenes, particularly in light of the disproportionate medical and economic impact that the
2  COVID-19 crisis has had on certain populations.  *See* National Jury Project Litigation Consulting/West
3  Survey Findings June 2020: COVID-19 and Jury Service, available at http://www.njp.com/covid-19-
4  and-jury-service/ (June 12-18 survey of more than 400 jury-eligible residents in Los Angeles and the six
5  Bay Area counties finding difficulties in "select[ing] juries throughout 2020 which are diverse and
6  represent a cross section of the public without imposing undue hardship").

7  Section 1867(f) allows a defendant to "inspect, reproduce, and copy such records or papers at all
8  reasonable times during the preparation and pendency of" a motion to dismiss under Section 1867(a).
9  Inspection of such materials is essential to a defendant's ability to determine whether she has a
10 potentially meritorious challenge.  *Test v. United States*, 420 U.S. 28, 30 (1975) (stating that, "without
11 inspection, a party almost invariably would be unable to determine whether he has a potentially
12 meritorious jury challenge").  Accordingly, "[t]he right to inspect jury lists is essentially unqualified."
13 *United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986) (citing *Test*, 420 U.S. at 30).  This
14 "unqualified right to inspection is required not only by the plain text of the statute, but also by the
15 statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section
16 of the community.'"  *Test*, 420 U.S. at 30 (quoting 28 U.S.C. § 1861).

17 A defendant need not prove that her claim under the Act will be successful to gain access to the
18 grand-jury records.  "To avail [herself] of this right of access to otherwise nonpublic jury selection
19 records, a litigant need only allege that [she] is preparing a motion challenging the jury selection
20 procedures."  *United States v. Layton*, 519 F. Supp. 946, 958 (N.D. Cal. 1981).  If inspection reveals
21 grounds upon which to challenge the jury selection, a defendant may file a motion to dismiss the
22 indictment under Section 1867(a).  *United States v. Beaty*, 465 F.2d 1376, 1381 (9th Cir. 1972).  The
23 court shall then grant the motion if it determines that the jury selection procedure violated the Act.  *Id.* at
24 1382.

25 Should the Court grant Ms. Holmes' motion to inspect, the defense intends to review the records
26 and, depending on their contents, to retain the services of an expert to analyze whether the procedures in
27 selecting the grand jury violated Ms. Holmes' right to a jury selected at random from a fair cross section

28 MOTION FOR ACCESS TO GRAND JURY MATERIALS
CR-18-00258 EJD

3

of the community. Ms. Holmes anticipates that such an analysis would compare the grand-jury records to appropriate census data to determine whether grounds for a challenge under Section 1867(a) exist. The categories of documents required for this analysis are attached hereto as Exhibit A.[3]

## CONCLUSION

For the foregoing reasons this Court should grant Ms. Holmes' motion to inspect the grand-jury selection records.

DATED: July 30, 2020                              Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

---

[3] Similar documents have been requested in several cases invoking the right to inspect jury selection materials under the 28 U.S.C. § 1867(f). *See, e.g.,* Letter Motion to Inspect, ECF No. 10, *United States v. Corbett*, 1:20-cr-00213-KAM (S.D.N.Y. Jun. 25, 2020).

MOTION FOR ACCESS TO GRAND JURY MATERIALS
CR-18-00258 EJD

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2020, a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>    Defendants. | Case No. CR-18-00258-EJD<br><br>**DECLARATION OF AMY MASON SAHARIA IN SUPPORT OF MS. HOLMES' MOTION FOR ACCESS TO GRAND JURY SELECTION MATERIALS**<br><br>Hon. Edward J. Davila |

DECLARATION OF AMY MASON SAHARIA IN SUPPORT OF MS. HOLMES'
MOTION FOR ACCESS TO GRAND JURY SELECTION MATERIALS
CR-18-00256-EJD

**DECLARATION OF AMY MASON SAHARIA**

I, Amy Mason Saharia, declare as follows:

1. I am an attorney admitted to practice in the District of Columbia and a partner at the law firm of Williams & Connolly LLP. I represent Defendant Elizabeth Holmes and have been admitted to practice *pro hac vice* in the above-captioned matter. I submit this declaration in support of Ms. Holmes' Motion for Access to Grand Jury Selection Materials.

2. All the factual assertions contained in this declaration are true and correct to the best of my knowledge. Unless otherwise noted, I make this declaration based on my own personal knowledge, and if called as a witness, I could and would testify competently to the contents hereof.

3. On behalf of Ms. Holmes, we are preparing a contemplated motion challenging the jury-selection procedures for the grand jurors that returned the Second and Third Superseding Indictments in this case. Although we have legitimate reasons to be concerned about the representativeness of the grand jurors, we cannot ascertain whether we have substantial grounds to file such a motion without access to the grand-jury materials.

4. The specific data Ms. Holmes seeks is set forth in Exhibit A to this declaration.

I declare under penalty of perjury of the laws of the United States that, except for those matters stated on information and belief, the foregoing is true and correct. As to those matters stated on information and belief, I declare under penalty of perjury of the laws of the United States that I believe them to be true and correct.

Executed this 30 day of July, 2020 in Chevy Chase, MD.

AMY MASON SAHARIA
Attorney for Elizabeth Holmes

DECLARATION OF AMY MASON SAHARIA IN SUPPORT OF MS. HOLMES'
MOTION FOR ACCESS TO GRAND JURY SELECTION MATERIALS
CR-18-00256-EJD

1

# EXHIBIT A

**Requested Grand Jury Selection Materials**

1. The Jury Plan for the Northern District of California currently in effect and, if different in any respect, at the time the grand jurors who returned the Second and Third Superseding Indictments, were summoned in this case.[1]  This Plan is believed to be General Order 6: Plan for the Random Selection of Grand and Petit Jurors; as modified by General Order 77: In Re: Provisional Modifications to Jury Plan due to COVID-19 Public Health Emergency.

2. Any documents that reflect changes from previous procedures from the Jury Plan for the grand jury or creation of the grand jury because of COVID-19.

3. Any order of the Court that affects the previous procedures or the Jury Plan for the grand jury or creation of the grand jury because of the COVID-19 pandemic.

4. The jury division or divisions chosen for the grand jury empaneled from June 1, 2020 to July 28, 2020.

5. Any documents that reflect the description of reasons for the choice of the jury division or divisions for the grand jury empaneled from June 1, 2020 to July 28, 2020.

6. Any AO-12 form or JS-12 form created that relates to the Master Jury Wheels that were used to summon the grand jurors who returned the Second and Third Superseding Indictments in this case, as required by 28 U.S.C. § 1863(a).

7. Any other statistical or demographic analyses produced to ensure that the Master Jury Wheels that were used to summon the grand jurors who returned the Second and Third Superseding Indictments in this case, were in compliance with the Jury Plan, Jury Selection and Service Act, and Constitution.

---

[1] The Second Superseding Indictment refers to the Second Superseding Indictment returned on July 14, 2020 in *U.S. v. Holmes*, CR-18-00258-EJD.  The Third Superseding Indictment refers to the Third Superseding Indictment returned on July 28, 2020 in the same case.

1

8. The date on which the Master Jury Wheels that were used to summon the grand jurors who returned the Second and Third Superseding Indictments in this case, were refilled as described in General Order No. 6 Section VII.

9. The record of calculations as described in the General Order No. 6 Section XIV.

10. Any general notice explaining the process by which names were drawn from the pool of qualified persons of each jury division for the grand jury panel.

11. The calculation of the number of potential jurors from San Francisco-Oakland, San Jose, and Eureka jury divisions to ensure compliance with the numbers listed in Section VII of General Order No. 6.

12. The source of data in electronic form for the Master Jury Wheels used to summon the grand jurors who returned the Second and Third Superseding Indictments in this case, as described in General Order No. 6 Sections VI, VIII, and XIV.  The data should include, as available, Race, Gender, Ethnicity, Year of Birth, Zip Code, County, and Jury Division. The data should not include any personal information that could be used to identify any individuals such as name or street address.

13. The Master Jury Wheels data as described in the General Order No. 6 Sections VII, VIII and XIV, in electronic and accessible form that includes, Juror Number, Race, Gender, Ethnicity, Year of Birth, Zip Code, County and Jury Division.  The data should not include any personal information that could be used to identify any individuals such as name or street address.

14. The date when the grand jurors who returned the Second and Third Superseding Indictments in this case were summoned.

15. The number of persons summoned from the Master Jury Wheels to be considered as grand jurors.  This number should further be categorized by number per jury division.

16. The juror qualification and summons forms for the persons summoned to potentially become grand jurors.

17. The SurveyMonkey COVID-19 questionnaires sent to the prospective grand jurors.

18. The Juror Numbers for the persons selected as potential grand jurors from June 1, 2020 to July 28, 2020.

19. The disposition of each summoned potential grand juror as to excusal, deferment, disqualification or selection as described in General Order No. 6 Sections IX-XII.

20. The Juror Number for each grand juror who returned the Second and Third Superseding Indictments in this case.

21. The attendance record and reason for absence by date of each grand juror who returned the Second and Third Superseding Indictments in this case.

JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **[PROPOSED] ORDER GRANTING MS. HOLMES' MOTION FOR ACCESS TO GRAND JURY SELECTION MATERIALS** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | Hon. Edward J. Davila |
| Defendants. | |

[PROPOSED] ORDER GRANTING MOTION FOR ACCESS TO GRAND JURY SELECTION MATERIALS
CR-18-00258-EJD

1  This Cause having come before the Court upon Defendant Elizabeth A. Holmes' Motion for
2  Access to Grand Jury Selection Materials. After due consideration of the filings and the governing law,
3  IT IS HEREBY ORDERED that Ms. Holmes' motion is GRANTED.
4  IT IS FURTHER ORDERED that the Clerk of Court for the Northern District of
5  California shall make available all data listed in Exhibit A to the Declaration of Amy Mason Saharia
6  within 14 days of this Order.

8  IT IS SO ORDERED.

10 Dated: _____

12                                                                 _____
                                                                   Hon. Edward J. Davila
13                                                                 United States District Judge

28 [PROPOSED] ORDER GRANTING MOTION FOR ACCESS TO GRAND JURY MATERIALS
   CR-18-00258 EJD

1