# EXHIBIT A

## Motion for Grand Jury Selection Materials (Requests)

| Number | Request | Note |
|---|---|---|
| Request 1 | The Jury Plan for the Northern District of California currently in effect and, if different in any respect, at the time the grand jurors who returned the Second and Third Superseding Indictments, were summoned in this case. | No objection by government. |
| Request 2 | Any documents that reflect changes from previous procedures from the Jury Plan for the grand jury or creation of the grand jury because of COVID-19. | Ms. Holmes requires this information to determine what changes were implemented to the Grand Jury Plan as a result of COVID-19. |
| Request 3 | Any order of the Court that affects the previous procedures or the Jury Plan for the grand jury or creation of the grand jury because of the COVID-19 pandemic. | Ms. Holmes requires this information to determine what changes were implemented to the Grand Jury Plan as a result of COVID-19. |
| Request 4 | The jury division or divisions chosen for the grand jury empaneled from June 1, 2020 to July 28, 2020. | No objection by government. |
| Request 5 | Any documents that reflect the description of reasons for the choice of the jury division or divisions for the grand jury empaneled from June 1, 2020 to July 28, 2020. | No objection by government. |
| Request 6 | Any AO-12 form or JS-12 form created that relates to the Master Jury Wheels that were used to summon the grand jurors who returned the Second and Third Superseding Indictments in this case, as required by 28 U.S.C. § 1863(a). | JS-12 forms provide critical demographic information and analysis of that information is necessary to determine whether the qualified jury pool from which the grand jurors were selected represented a fair cross section of the community. *See e.g., United States v. Cerna*, 2009 WL 2998930, at *3 (N.D. Cal. Sept. 16, 2009) (stating JS-12 forms provided "defendants with the statistics necessary to identify whether an identifiable group was substantially under-represented in the jury pool from which defendants' grand jury was drawn."). |
| Request 7 | Any other statistical or demographic analyses produced to ensure that the Master Jury Wheels that were used to summon the grand jurors who returned the Second and Third Superseding Indictments in this case were in compliance with the Jury Plan, Jury Selection and Service Act, and Constitution. | Any other statistical information considered by the clerk would provide information necessary to determine if any cognizable groups were underrepresented, and if there were any flaws in the methodology of the analyses that led to any constitutional or statutory violations. |
| Request 8 | The date on which the Master Jury Wheels that were used to summon the grand jurors who returned the Second and Third Superseding Indictments in this case, | No objection by government. |

| Number | Request | Note |
|---|---|---|
|  | were refilled as described in General Order No. 6 Section VII. |  |
| **Request 9** | The record of calculations as described in the General Order No. 6 Section XIV. | Ms. Holmes requires these calculations to determine if any division was significantly underrepresented. Moreover, these calculations are expressly referenced in the District's Grand Jury Plan that was designed to meet the requirements of the Act. *See* General Order 6 at 3, 5-6. |
| **Request 10** | Any general notice explaining the process by which names were drawn from the pool of qualified persons of each jury division for the grand jury panel. | Ms. Holmes requires this notice to determine if the process was compliant with the Act and Constitution. Moreover, this notice is required under 28 U.S.C. § 1864(a). |
| Request 11 | The calculation of the number of potential jurors from San Francisco-Oakland, San Jose, and Eureka jury divisions to ensure compliance with the numbers listed in Section VII of General Order No. 6. | No objection by government. |
| Request 12 | The source of data in electronic form for the Master Jury Wheels used to summon the grand jurors who returned the Second and Third Superseding Indictments in this case, as described in General Order No. 6 Sections VI, VIII, and XIV. The data should include, as available, Race, Gender, Ethnicity, Year of Birth, Zip Code, County, and Jury Division. The data should not include any personal information that could be used to identify any individuals such as name or street address. | No objection by government. |
| Request 13 | The Master Jury Wheels data as described in the General Order No. 6 Sections VII, VIII and XIV, in electronic and accessible form that includes, Juror Number, Race, Gender, Ethnicity, Year of Birth, Zip Code, County and Jury Division. The data should not include any personal information that could be used to identify any individuals such as name or street address. | No objection by government. |
| Request 14 | The date when the grand jurors who returned the Second and Third Superseding Indictments in this case were summoned. | No objection by government. |
| Request 15 | The number of persons summoned from the Master Jury Wheels to be considered as grand jurors. This number should further be categorized by number per jury division. | No objection by government. |

| Number | Request | Note |
|---|---|---|
| **Request 16** | The juror qualification and summons forms for the persons summoned to potentially become grand jurors. | Ms. Holmes requires this information to determine whether certain populations were underrepresented in the grand jury pool. As courts have recognized, [t]he use of jury questionnaires is an important mechanism for the implementation of [jury selection] procedures." *Cerna*, 2009 WL 2998930, at *2; *see also United States v. Cloud*, 2020 WL 4381608, at *5 (E.D. Wash. July 27, 2020). |
| **Request 17** | The SurveyMonkey COVID-19 questionnaires sent to the prospective grand jurors. | Ms. Holmes requires this information to determine if there was a disproportionate effect on a cognizable group in jury selection, and to determine if there were any subjective or extra-statutory determinations in the excusal of potential grand jurors. *United States v. Layton*, 519 F. Supp. 946 at 954 (excusal by clerks constitutes substantial violation of the Act when clerk employs "subjective or non-random criteria"). |
| **Request 18** | The Juror Numbers for the persons selected as potential grand jurors from June 1, 2020 to July 28, 2020. | Requests 18-20, when reviewed together, will provide information necessary to determine whether there was an effect of the COVID-19 crisis on the qualified juror pool and whether any subjective criteria was introduced into the selection/qualification of the grand jurors. |
| **Request 19** | The disposition of each summoned potential grand juror as to excusal, deferment, disqualification or selection as described in General Order No. 6 Sections IX-XII. | Requests 18-20, when reviewed together, will provide information necessary to determine whether there was an effect of the COVID-19 crisis on the qualified juror pool and whether any subjective criteria was introduced into the selection/qualification of the grand jurors. *See Cloud*, 2020 WL 4381608 at *4 ("[I]nformation concerning the reason for a prospective grand juror's exclusion from the jury pool plainly qualifies as a 'record[ ] . . . [under § 1867(f) and is] potentially necessary to understanding whether the grand jury that returned the indictments in [a] case fairly represented the community."). |
| **Request 20** | The Juror Number for each grand juror who returned the Second and Third Superseding Indictments in this case. | Requests 18-20, when reviewed together, will provide information necessary to determine whether there was an effect of the COVID-19 crisis on the qualified juror pool and whether any subjective criteria was introduced into the selection/qualification of the grand jurors. |
| **Request 21** | The attendance record and reason for absence by date of each grand juror who returned the Second and Third Superseding Indictments in this case. | At this time, Ms. Holmes withdraws Request 21, but reserves her right to renew the request once she reviews the materials ordered produced by the Court and confirms that grounds exist for a motion under the Act. *See* 28 U.S.C. § 1867(d). |