JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>    Defendants. | Case No. CR-18-00258-EJD<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD SUPERSEDING INDICTMENTS IN PART FOR LACK OF NOTICE OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**<br><br>Date:    October 6, 2020<br>Time:    10:00 AM<br>CTRM:   4, 5th Floor<br><br>Hon. Edward J. Davila |

# **TABLE OF CONTENTS**

**Page**

I. The Second and Third Superseding Indictments Rely on a New Definition of "Investor." ......................................................................................................................1

II. The Government's Representations Confirm that the Second and Third Superseding Indictments Are Unconstitutionally Vague. ............................................3

III. At a Minimum, the Court Should Require the Government to Provide a Bill of Particulars. ..................................................................................................................4

    A. The government should formally document its position regarding the meaning of "investor," "certain business partners" and "members of the Board," as well as the nature of the investments at issue. ..................................................................4

    B. The government must identify the alleged misstatements to each group of investors. ...................................................................................................................6

    C. The government should identify the basis of any alleged duties to disclose. .......8

CONCLUSION..............................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Russell v. United States*, 369 U.S. 749 (1962) .................................................................. 3

*United States v. Bortonovsky,* 820 F.2d 572 (2d Cir. 1987) ............................................... 6

*United States v. Buckley*, 689 F.2d 899 (9th Cir. 1982) ..................................................... 9

*United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979) ....................................................... 3

*United States v. Keith*, 605 F.2d 464 (9th Cir. 1979) ......................................................... 3

*United States v. Lindsey*, 850 F.3d 1009 (9th Cir. 2017) ................................................... 4

*United States v. Long*, 706 F.2d 1044 (9th Cir. 1983) .................................................. 4, 7

*Will v. United States*, 389 U.S. 90 (1967) .......................................................................... 6

*Yeargain v. United States*, 314 F.2d 881 (9th Cir. 1963) ................................................... 4

**RULES**

Fed. R. Crim. P. 7 ............................................................................................................... 3

The government proclaims that the Second and Third Superseding Indictments provide Ms. Holmes with sufficient notice of the alleged investor conspiracy because nothing has changed from the scope of the allegations in the (First) Superseding Indictment. That assertion is demonstrably wrong. Instead, the government's explanation of the new Indictments only crystalizes the ways in which the new definition of "investor" departs from the common understanding of that term that was the focus of the prior Indictment. When considered in the context of the proceedings to date, it is clear that the government recently decided to pursue a greatly expanded set of charges against Ms. Holmes but wished to pretend otherwise. The government's attempt to squeeze those new charges into the language of the prior Indictment, even with modifications, violates Ms. Holmes' constitutional right to sufficient notice of the charges against her and, as discussed in Ms. Holmes' separate motions, introduces duplicity and timeliness issues. The investor counts in the Indictments should therefore be dismissed or, at the very least, the Court should order the government to clarify its theory in a bill of particulars.

**I.    The Second and Third Superseding Indictments Rely on a New Definition of "Investor."**

The government boldly claims that the Second and Third Superseding Indictments "reference[] the same set of investors covered by the previous Indictments." ECF No. 522 at 11 ("Opp'n"). The record demonstrates exactly the opposite. The (First) Superseding Indictment charged Ms. Holmes with engaging in a scheme to defraud "investors." ECF No. 39 ¶ 3. That charging document did not define "investor," but Ms. Holmes naturally understood it to refer to those individuals who paid money in exchange for the issuance of equity shares in arms-length transactions with the company. Such an understanding is consistent with Counts Three through Eight, which allege individual acts of wire fraud arising from outsiders purchasing the company's equity shares. *Id.* ¶ 24. Ms. Holmes further understood that "investor" did not encompass Theranos' relationship with Walgreens because the prior indictment referred to it as a "partnership," *id.* ¶¶ 10, 12, and because the prior indictment alleged that "investors" were deceived as to the status that "partnership," *id.* ¶ 12(D).

Ms. Holmes' understanding that the prior indictment did not include Walgreens, Safeway, and members of Theranos' Board of Directors as "investors" was confirmed by the government's March 6, 2020 Rule 404(b) notice. ECF No. 496-2, Ex. A. There, the government disclosed for the first time its

intent to introduce evidence of Theranos' representations to these entities and individuals, many of which occurred before (in many cases years before) the alleged conspiracy period. *Id.* at 4-5. Ms. Holmes understood from this disclosure that such evidence was beyond the scope of the prior indictment. The government itself confirmed that understanding at the July 20, 2020 motions hearing, where the government, in discussing alleged misrepresentations to Board members, confirmed that the amendment to the definition of "investor" in the Indictments "make certain evidence *no longer 404(b) evidence* and evidence of the conspiracy that is alleged in the indictment." July 20, 2020 Hr'g Tr. 23:16-24 (emphasis added). And the government continued to distinguish "investors" from Walgreens, Safeway, and the Board members in its September 28, 2020 Rule 404(b) notice.

The government's explanation of the alleged investments by Safeway and Walgreens only further confirms that the prior indictment did not contemplate these "business partners" as investors. *See* Opp'n at 5. The transactions it identifies with respect to these companies as "investments" occurred in 2011 and 2012, *id.*, which is before the alleged conspiracy in the prior indictment, *see* ECF No. 39 ¶¶ 11, 20.

There is also no viable explanation for the government's need to clarify that "investor" can include "individuals entities, certain business partners, members of its board of directors, and individuals and entities who invested through firms formed for the exclusive or primary purpose of investing in Theranos's securities" other than as part of an effort to expand the alleged conspiracy. *See* Third Superseding Indictment, ECF No. 469 ¶ 3. The government contends that this language provides "additional description of the makeup of Theranos' investors," Opp'n at 4, but it offers no explanation for why any "additional description" was necessary if "investor" already clearly captured these categories of individuals and entities. There must be some reason for the addition of this language, and the only reasonable explanation is that the government has expanded the scope of the investor conspiracy by now invoking a specialized definition of "investor."[1]

---

[1] Because the government has expanded the scope of the investment by incorporating additional individuals and entities into its definition of "investors" in the Second and Third Superseding Investments, the government cannot rely on this Court's analysis of the notice provided in the (First) Superseding Indictment. *See* Opp'n at 2, 8, 11-12.

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD SUPERSEDING INDICTMENTS IN PART FOR LACK OF NOTICE OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
CR-18-00258 EJD                                          2

## II. The Government's Representations Confirm that the Second and Third Superseding Indictments Are Unconstitutionally Vague.

The government's attempt to clean up the vague aspects of its expanded scheme to defraud investors serves only to confirm that the Indictments fail to provide Ms. Holmes with the constitutionally required notice of the nature of the charges against her. *Russell v. United States*, 369 U.S. 749, 766 (1962); *see also* Fed. R. Crim. P. 7(c)(1). The vagueness of the Indictments (1) limits Ms. Holmes' ability to prepare her defense; (2) calls into question whether she is being prosecuted on the basis of facts presented to the grand jury; (3) hinders her ability to plead double jeopardy in a later prosecution; and (4) limits the Court's ability to determine the sufficiency of the charge. *See United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam). Only a constitutionally adequate indictment can fix these problems.

The government appears to contend that its limited representations about the meaning of "investor" in meet-and-confer correspondence with Ms. Holmes (and presumably the further representations in its opposition) resolve Ms. Holmes' constitutional claim. Opp'n at 8-9. Even if the government had sufficiently explained or provided a limiting principle for its new definition of "investor" (it has not), that would not resolve the question of what the grand jury understood when it endorsed the Indictments and whether there will be a sufficient description in the charging document presented at trial. Even a bill of particulars cannot cure such deficiencies. *See Russell*, 369 U.S. at 769-70; *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979). It goes without saying that an email or opposition brief cannot save a vague indictment.

If anything, that the government felt it necessary to clarify its new definition of "investor" by explanation and reference to documents in the government's production confirms that the Indictments, alone, fail to provide the necessary notice. Even then, as discussed below with respect to Ms. Holmes' request for a bill of particulars, there remain significant, open questions about who qualifies as an "investor" and what theory the government intends to pursue at trial. Accordingly, the Court should dismiss the allegations in Indictments that rely on the definition of "investor"—Counts One and Three

through Eight—as unconstitutionally vague.[2]

### III. At a Minimum, the Court Should Require the Government to Provide a Bill of Particulars.

Even if the Court determines that the Second and Third Superseding Indictments provide sufficient constitutional notice, the government's attempt to increase the scope of the alleged conspiracy—by expanding the definition of "investor" and doubling the length of the charged conspiracy from three to six years—necessitates a bill of particulars to clarify "the theory of the government's case" that will be presented at trial. ECF No. 330 at 12 (quoting *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)); *see id.* at 15 (recognizing that the scope of the case under the prior indictment weighed in favor of a bill of particulars); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). Proceeding to trial without further clarification creates a substantial risk that the jury will convict Ms. Holmes based on relationships and transactions that were not properly the subject of the Second or Third Superseding Indictments.

#### A. The government should formally document its position regarding the meaning of "investor," "certain business partners" and "members of the Board," as well as the nature of the investments at issue.

The government's new theory of "investor" (anyone who purchased a Theranos "security") sweeps more broadly than the common understanding of that term (outsiders who purchased equity shares in an arms-length transaction). *See* Opp'n at 5-6. The government suggests that its definition includes the purchase of equity shares and convertible debt instruments, *id.*, but it does not say whether other transactions—for example, the exercise of options granted by Theranos in lieu of compensation to directors and other insiders—fall within this definition. Because the government is now relying on post-indictment representations to clarify the scope of the alleged conspiracy, and those representations do not clarify the issue, it necessarily follows that the government's theory is not readily ascertainable from

---

[2] The government argues that the wire fraud charges in Counts Three through Eight survive even if Count One does not because each "is based on a wire transfer from a victim who transferred money to Theranos to acquire Theranos securities." Opp'n at 2. Wire fraud requires "(1) a scheme to defraud; (2) the use of a wire, radio, or television to further the scheme; and (3) a specific intent to defraud." ECF No. 330 at 7 (citing *United States v. Lindsey*, 850 F.3d 1009, 1013 (9th Cir. 2017)). The government cannot avoid the deficiency as to one element of the substantive charge (the alleged scheme) by arguing that it has sufficiently alleged a separate element of the offense (the wire transfer).

the face of the operative Indictment.  This counsels strongly in favor of requiring the government to clarify and formally document its understanding of "investor" in a bill of particulars.

With respect to the "certain business partners" contemplated by the Indictments, the government has since explained that this phrase refers to Walgreens and Safeway, and has identified the nature of the alleged investments made by these companies.  Opp'n 5-6; *see* ECF No. 496-5, Ex. D.  Because these disclosures are necessary to understanding the government's theory of the case as alleged in the Indictments, they should be formally documented in a bill of particulars.

With respect to the purported Board member investors, even after Ms. Holmes put the government on notice that she does not understand its theory as to the Board members, the government still refuses to provide a coherent theory.  In one opposition brief, the government points Ms. Holmes to specific stock purchases involving R.B., S.B., and H.K., ECF No. 517 at 5 (Duplicity Opp'n), but these equity investments were not connected to service on Theranos' Board.  In a different opposition brief, the government directs Ms. Holmes to a list of shareholders (THER-0905030) and suggested that any Board member on this list who "paid Theranos" for shares qualifies as an investor.  Opp'n at 6.

At a minimum, these representations should be reflected in a bill of particulars, but they still do not suffice to explain the nature of the claimed monetary or property deprivation.  Many of the Board members identified on the list of shareholders received their shares through stock options that were awarded to incoming Board members as *compensation*.  In some cases, Board members were awarded shares outright as *compensation*.  Is the government claiming that these directors are "investors" for purposes of the indictment?  If so, what is the claimed deprivation of money or property?  And what is the basis for claiming that Ms. Holmes made statements to such individuals for the purpose of depriving them of money or property (as is necessary to allege wire fraud)—as opposed to, for example, encouraging them to serve on the Board?  The government's demonstrated inability to provide a clear explanation of its theory as to the directors is disconcerting.  Ms. Holmes cannot move to dismiss the operative Indictment as it relates to the directors—for example, for failure to allege a deprivation of money or property—if the government refuses to say which directors are at issue and why.  And Ms. Holmes is entitled to prepare for trial with an understanding of what aspects of her relationship with

1  directors the government claims are covered by the Indictment. By obscuring the universe of Board
2  members at issue, the government is hampering Ms. Holmes' ability to prepare her defense. And there
3  is no reason for the government to be coy about the identities of the Board members when it has
4  provided similar information about the new business partners identified in the Indictments. The
5  government should thus be required to identify the Board member investors in a bill of particulars and to
6  identify the claimed deprivation of money or property, or, at the very least, to provide a fulsome
7  definition and theory for this group of purported investors.

8  The government cannot avoid a bill of particulars on the ground that this information is
9  theoretically available "in some acceptable alternate form." Opp'n at 11 (citing *United States v.*
10 *Bortonovsky,* 820 F.2d 572, 574 (2d Cir. 1987)).[3] Ms. Holmes seeks to understand what limitations exist
11 on the new categories of investors identified in the Indictments, and questions remain even in light of the
12 documents and evidence that the government has identified for the reasons set forth above.
13 Accordingly, the government should be required to codify its position in a bill of particulars regarding
14 the investors, business partners, and Board members it contends are within the scope of the alleged
15 conspiracy.[4]

16 **B. The government must identify the alleged misstatements to each group of investors.**

17 Because the Indictments lack any clear explanation as to the government's theory of who
18 qualifies as an investor victim and double the length of the alleged conspiracy, the Court should require
19 a bill of particulars setting forth the representations at issue for the five categories of "investors."
20 Otherwise, Ms. Holmes will be "left to guess" about the theory of the alleged conspiracy that the

---

[3] If anything, *Bortonovsky* counsels in favor of a bill of particulars. In that case, the Second Circuit held that full discovery could not eliminate the need for a bill of particulars when it allowed the government to obscure the allegedly fraudulent acts that it intended to present at trial. *Bortonovsky*, 820 F.2d at 574-75  If a bill of particulars was appropriate in *Bortonovsky*, it is certainly needed here where Ms. Holmes is left to dig through more than 29 million pages of discovery to determine who among the hundreds of individuals and entities who at some point held Theranos shares are within the government's theory of the case.

[4] The government spends many pages criticizing what it characterizes as Ms. Holmes' request that it specifically name the investor victims. Opp'n at 2, 7-9. Although that is certainly one way for the government to provide the necessary notice, *e.g., Will v. United States*, 389 U.S. 90, 92, 99 (1967), the government must at least clarify the scope of its alleged scheme to defraud by defining in a bill of particulars the outer limits of the "investors" contemplated by the operative indictment.

28 REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD SUPERSEDING INDICTMENTS IN PART FOR LACK OF NOTICE OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
CR-18-00258 EJD                                     6

government will pursue at trial. *See* ECF No. 330 at 16.

The Indictments do not provide Ms. Holmes with a basis to understand who falls into each category of investors, *see* Section II.A, *supra*, much less the point in time when the purported investments and associated misrepresentations occurred. As such, Ms. Holmes will inevitably face unfair surprise at trial without a bill of particulars. Theranos' unique relationship with Walgreens and Safeway, for example, raises questions about the universe of the statements at issue. According to the government, these companies had both "investor" and "business partner" relationships with Theranos. Opp'n at 7. Ms. Holmes or Mr. Balwani made hundreds, if not thousands, of statements to Walgreens and Safeway during the course of the companies' business *partnerships*. Ms. Holmes or Mr. Balwani likewise made countless statements to Board members during the alleged conspiracy period. Ms. Holmes does not know which statements the government claims were false, nor which statements it claims were made for the purpose of depriving these entities of money or property (as opposed to, for example, statements made in the ordinary course of business). Is the government referring to those that relate to the issues in Paragraph 12 of the operative Indictment (whether or not they relate to soliciting investments)? Those identified by the government in its revised Rule 404(b) notice? Or is it some other universe of statements? In order to clarify this distinction, the government should be required to disclose the allegedly false statements it contends were made to Walgreens, Safeway, and the Board member investors.

In addition, the government's decision to double the length of the alleged conspiracy will require Ms. Holmes to defend all statements to a Board member, business partner, or traditional investor, as well as all public statements to the media, over a six-year period. The government claims that this change is legally irrelevant to Ms. Holmes' ability to prepare for trial and avoid surprise, but the government's only cited authority has absolutely no bearing on the situation presented where a superseding indictment doubled the length and increased the complexity of the alleged conspiracy. *See* Opp'n at 12 (citing *United States v. Long*, 706 F.2d 1044, 1054 (1983)).

The government further suggests that Ms. Holmes' conduct from 2010 to 2013 was "always relevant," but offers no explanation. Opp'n at 12. Even if it was relevant background for the later

charged conspiracy, Ms. Holmes was not on notice that she could be convicted based on statements made during that period, as it was not part of the alleged investor conspiracy. ECF No. 39 ¶¶ 11, 20.

Finally, the government contends that there were fewer statements between 2010 and 2013. Opp'n at 12. That claim might have some purchase if the government had not expanded the definition of investor in the Indictments, as there may well have been fewer statements during that time period to traditional third-party equity investors. But 2010 to 2013 is the critical period in which Theranos established its relationships with Walgreens and Safeway. And of course Ms. Holmes made many statements to Board members during that period. Accordingly, many of the statements during this period are more likely to relate to the new and particularly problematic categories of alleged investors: the business partners and Board members.[5]

In light of the government's expansion of the alleged investor conspiracy, and the resulting confusion about the government's theory of the case, the Court should order the disclosure in a bill of particulars of (1) the specific implicit and explicit alleged false and fraudulent misrepresentations, (2) what about them is false, (3) who made them, (4) how Defendants caused them to be made, and (5) to whom they were made. *See* ECF No. 330 at 16 (ordering similar information for patient-related counts).

### C. The government should identify the basis of any alleged duties to disclose.

To the extent the government intends to pursue a fraud-by-omissions or fraud-by-half-truths theory with respect to its expanded universe of purported investors, it should disclose the basis of Ms. Holmes' alleged duty to disclose with respect to each unique group of "investors." The government, claiming that this is simply a motion for reconsideration of the Court's prior order, refuses to engage on the merits of this issue. Opp'n at 13 n.3. The government misses the point. Although Ms. Holmes respectfully maintains that the government has not alleged sufficient facts giving rise to a duty to disclose with respect to any purported investor, the need for clarification arises from the government's decision to expand the scope of "investors" in the Second and Third Superseding Indictments. This

---

[5] Without a shred of irony, the government claims that its doubling of the length of the charged scheme to defraud "benefits" Ms. Holmes by providing clarity for purposes of a future double jeopardy defense. Opp'n at 12. But, without clarity about the *scope* of the charged scheme, Ms. Holmes' concerns about a future double jeopardy defense remain intact.

Court's prior decision applied to an indictment that, fairly read, included only to a group of similarly positioned equity investors. Now that the government has expanded its theory of the alleged investor conspiracy to include different types of purported investors who had unique relationships with Theranos, it should be required to clarify in a bill of particulars the basis for Ms. Holmes' alleged duty to disclose with respect to at least the following new categories of investors:

*Certain Business Partners.* Does the government contend that Ms. Holmes had an informal fiduciary relationship with Walgreens and Safeway as it did with the external equity shareholders? Notably, the contracts between Theranos and Walgreens and Safeway—which the government attached to one of its opposition briefs—gave Walgreens and Safeway a contractual right to conduct due diligence prior to or in conjunction with their purported investments. Leach Decl., ECF No. 517-1 at 9, 86. And the agreements put at issue by the government contain representations and warranties by Theranos. *Id* at 18, 58-61, 71-74, 111. In the face of these contracts, the notion that Fortune 100 companies like Walgreens and Safeway had an informal trusting relationship with Ms. Holmes is implausible.[6] To enable the defense to engage in motion practice with respect to this issue, the court should require the government to identify in a bill of particulars the basis of any alleged duty to disclose to Walgreens and Safeway.

*Members of the Board of Directors.* Is the government again relying on its (incorrect) claim that Ms. Holmes had an informal fiduciary duty with these individuals? Or does the government contend that Ms. Holmes had a unique or separate duty to Board members who acquired shares as compensation? Again, Ms. Holmes needs clarity on the government's argument to engage in further motion practice.

Without further clarity, Ms. Holmes cannot reasonably infer the government's new theories, even when the operative Indictment is considered in its entirety. *See* ECF No. 330 at 26 (*United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982)). Therefore, to the extent the Court does not dismiss the Indictments insofar as they allege omissions, it should require the government to provide a bill of

---

[6] This fact further confirms the duplicitous nature of the government's definition of "investors."

particulars identifying the basis of any alleged duty to disclose for the government's various categories of investors, in part to permit more particularized motion practice on this issue.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Counts One and Three through Eight of the Second and Third Superseding Indictments or, in the alternative, instruct the government to provide a bill of particulars.

DATED: October 2, 2020    Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2020, a copy of this filing was delivered via ECF on all counsel of record.

                        /s/ Amy Mason Saharia
                        AMY MASON SAHARIA
                        Attorney for Elizabeth Holmes