JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>        Defendants. | Case No. CR-18-00258-EJD<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT**<br><br>Date:    October 6, 2020<br>Time:    10:00 AM<br>CTRM:  4, 5th Floor<br><br>Hon. Edward J. Davila |

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1
ARGUMENT .........................................................................................................................1
     I.     Counts Three Through Eight Are Time-Barred..................................................1
     II.    Counts Ten and Eleven Are Time-Barred ........................................................3
CONCLUSION.....................................................................................................................10

REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT
CR-18-00258 EJD

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Jaben v. United States*, 381 U.S. 214 (1965) .................................................................................. 5, 6

*Toussie v. United States*, 397 U.S. 112 (1970) ..................................................................................... 8

*United States v. Burdix-Dana*, 149 F.3d 741 (7th Cir. 1998) ............................................................... 4

*United States v. Clawson*, 104 F.3d 250 (9th Cir. 1996) ...................................................................... 9

*United States v. Lindsey*, 850 F.3d 1009 (9th Cir. 2017) ..................................................................... 2

*United States v. Liu*, 731 F.3d 982 (9th Cir. 2013) ........................................................................... 2, 3

*United States v. Machado*, 2005 WL 2886213 (D. Mass. Nov. 3, 2005) ............................................. 4

*United States v. Ratcliff*, 245 F.3d 1246 (11th Cir. 2001) .................................................................... 2

*United States v. Sears, Roebuck & Co.*, 785 F.2d 777 (9th Cir. 1986) ................................................. 3

*Whitman v. Am. Trucking Ass'ns, Inc.*, 531 U.S. 457 (2001) ............................................................... 6

## STATUTES AND RULES

18 U.S.C. § 1343 ..................................................................................................................................... 1

18 U.S.C. § 3282 ................................................................................................................................. 1, 4

18 U.S.C. § 3288 ............................................................................................................................ 1, 5, 8

Fed. R. Crim. P. 4 .................................................................................................................................. 6

Fed. R. Crim. P. 5 .................................................................................................................................. 6

Fed. R. Crim. P. 5.1 ....................................................................................................................... 6, 7, 8

Fed. R. Crim. P. 9 .................................................................................................................................. 6

## OTHER AUTHORITIES

1 Andrew D. Leipold, *Federal Practice & Procedure: Criminal* (4th ed. 2020) .................................... 7

REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT
CR-18-00258 EJD

ii

# INTRODUCTION

The government's charging tactics have created two distinct timeliness problems in the Second and Third Superseding Indictments ("Indictments"). First, the government substantially broadened the "scheme to defraud" element of Counts Three through Eight in an attempt to merge new categories of alleged victims into the existing charged scheme. The prior, narrower indictment cannot toll the statute as to these broadened charges. In response, the government notes that it did not amend the wiring element of these counts. But that is only one element. The government's broadening of the separate "scheme to defraud" element results in the new charges running afoul of the statute of limitations.

Second, because the government delayed superseding, it found itself unable to charge new patient wire-fraud counts within the five-year statute of limitations. It thus filed an information without Ms. Holmes' consent, and it now argues that the unconstitutional information unilaterally extended the statute of limitations. The government misconstrues 18 U.S.C. §§ 3282 and 3288 and the Federal Rules of Criminal Procedure, and it all but ignores the staggering implications of its argument.

# ARGUMENT

## I. Counts Three Through Eight Are Time-Barred.

The government concedes the relevant legal principle that governs the timeliness of Counts Three through Eight: "A superseding indictment that supplants a pending timely indictment relates back to the original indictment and inherits its timeliness as long as the later indictment does not materially broaden or substantially amend the original charges." Opp'n, ECF No. 518, at 3. According to the government, Counts Three through Eight are "verbatim" duplicates of the prior Counts Three through Eight because they allege (1) "the same offense (wire fraud)," (2) "the same investor victims," (3) "the same wires with the same alleged dates of transmission," and (4) "the same loss amounts." *Id.* That argument misunderstands the wire-fraud statute.

The wire-fraud statute prohibits the use of the wires "for the purpose of executing" "[a] scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses,

REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT
CR-18-00258 EJD

1

representations, or promises." 18 U.S.C. § 1343.  A "scheme to defraud" and the use of the wires are *distinct* elements of wire fraud.  *See* ECF 330 at 7 (citing *United States v. Lindsey*, 850 F.3d 1009, 1013 (9th Cir. 2017)).  The government's argument—which focuses entirely on the specific wirings alleged in Counts Three through Eight—ignores the former element.

The government unquestionably has broadened and amended the "scheme to defraud" element of Counts Three through Eight—substantially so.  As a result, the prior indictment cannot serve to toll the statute of limitations.  *See, e.g.*, *United States v. Liu*, 731 F.3d 982, 996 (9th Cir. 2013) (asking whether the new indictment contains a "different element" or relies on "different evidence" (internal quotation marks omitted)).  First, as Ms. Holmes explains elsewhere, the government has expanded the scope of the alleged scheme to defraud to include additional categories of alleged victims, notwithstanding its claim to the contrary.  *See* Reply in Support of Motion to Dismiss Indictments as Vague at 1-3.  On that point, the government again reverts to the argument that Ms. Holmes had notice of what it calls the specific "investor victims" identified in Counts Three through Eight.  That misunderstands the wire-fraud statute for the reasons set forth above:  it conflates the use-of-the-wires element (*i.e.*, the wirings by specific alleged "victims") with the scheme-to-defraud element.

Second, the government doubled the time period of the charged scheme to defraud.  The government identifies *no* case where a court has permitted the government to expand the charges to such a substantial degree outside the limitations period, and it does not address *United States v. Ratcliff*, 245 F.3d 1246 (11th Cir. 2001), where the Eleventh Circuit held that a superseding indictment that dramatically expanded the length of the charged conspiracy, and substantially increased the alleged amount of imported drugs, did not relate back to the earlier indictment for purposes of the statute of limitations.  *Id.* at 1253-54.

The government responds yet again that Ms. Holmes had notice of the dates of the at-issue wirings, but it cannot show that Ms. Holmes had notice of the charged scheme to defraud, which now

sweeps in additional categories of supposed victims and a distinct period of Theranos' operations. *See* TSI, ECF No. 469, ¶¶ 5-6 (distinguishing between the 2003-2013 time period and the 2013-2015 time period). And although the government claims that evidence related to the earlier time period and other categories of alleged victims would have been admissible at trial under the prior indictment, the relevant question is whether a superseding indictment broadens or substantially amends "the charges." *Liu*, 731 F.3d at 996 (citation omitted). The earlier time period and the additional categories of victims were not part of the charges.

The case on which the government principally relies, *United States v. Sears, Roebuck & Co.*, 785 F.2d 777 (9th Cir. 1986) (per curiam), is not to the contrary. There, the prior indictment charged twelve counts of making false statements for the purpose of importing goods under 18 U.S.C. § 542. 785 F.2d at 779. The superseding indictment charged the very same twelve counts, based on the same conduct, under the more general false statements statute, 18 U.S.C. § 1001, and added a reference to the claimed motive for the conduct. 785 F.2d at 779. In those circumstances, the court held that the government had not broadened or amended the charges, as the elements of two charges were the same. *Id.* That reasoning does not apply here. For all the reasons already explained, the government has substantially amended and broadened the critical "scheme to defraud" element of Counts Three through Eight. For that reason, the counts are time-barred.

## II.  Counts Ten and Eleven Are Time-Barred.

Counts Ten and Eleven are time-barred for different reasons. It is undisputed that the Indictments charging these counts were returned more than five years following the at-issue wirings. The government's contention that it unilaterally extended the statute of limitations by filing an information without Ms. Holmes' consent that could not constitutionally support a prosecution is

REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT
CR-18-00258 EJD

3

incorrect. The plain text, the statutory structure, and the policy implications of the government's interpretation all support Ms. Holmes' interpretation, not the government's.

1. Relying on the Seventh Circuit's decision in *United States v. Burdix-Dana*, 149 F.3d 741 (7th Cir. 1998), the government argues that the mere act of filing an information serves to "institute" it under 18 U.S.C. § 3282. That is wrong. Both parties have cited dictionary definitions of the word "institute." None defines that word to mean "file." Rather, all the dictionary definitions suggest that the word "institute" connotes an act that puts something in motion. *See, e.g.*, ECF 498 at 9. And, as Ms. Holmes has explained, a waiverless felony information cannot put anything in motion. It cannot even confer jurisdiction over the defendant, *see id.* at 10-11—a point that the government does not dispute. It is, in other words, a legal nullity. *See United States v. Machado*, 2005 WL 2886213, at *2 (D. Mass. Nov. 3, 2005).

The broader statutory structure—which the Seventh Circuit completely ignored in *Burdix-Dana*—confirms this conclusion. Throughout the relevant chapter of Title 18, Congress carefully enumerated when the "filing" of a document would satisfy the statute of limitations and when (as here) the "institution" of a document would do so. *See* ECF No. 498, at 14-15 (citing statutes). Fundamental principles of statutory construction require this Court to presume that Congress's use of "disparate" language was "intentional[]." *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (citation omitted). The government's silence on this critical point is deafening.

The government touts the fact that "[n]o other circuit has contradicted the Seventh Circuit's reasoning in *Burdix-Dana*." Opp'n at 7. But no circuit has agreed with it either. *Burdix-Dana* has been in the law books for twenty years, and yet the government cannot cite even one other case that has applied *Burdix-Dana* to permit the government to extend the statute of limitations by filing an

information when the defendant withheld consent.[1]  Surely if the government thought that *Burdix-Dana* was correctly decided, it would have tried this tactic in at least one other case in the intervening twenty years.

2. The government's attempt to explain away the Supreme Court's decision in *Jaben v. United States*, 381 U.S. 214 (1965), is unconvincing.  The government ignores the *Jaben* Court's instruction that the word "instituted" should not be construed "to grant the Government greater time in which to make its case (a result which could have been accomplished simply by making the normal period of limitation six years and nine months)."  381 U.S. at 219.  That is precisely the result that the government urges here.  In the government's view, any time the government has not made its case within five years, it may simply file an information and thus buy itself more time to procure an indictment from a grand jury.  That result cannot be squared with the *Jaben* Court's interpretation of the very same word—"institute"—that is at issue here.

The government never confronts in its opposition the implications of its position.  If the government's reading of section 3282 were correct, the government could unilaterally extend the statute of limitations in literally every single case simply by filing an information without the defendant's consent—on which the defendant cannot constitutionally be prosecuted—on the eve of the expiration of the five-year period prescribed in section 3282.  And, under the government's view, even if a court immediately dismissed such an information as unconstitutional, the government's tactic would have bought it an additional six months to indict the defendant under the grace period of section 3288.  If that were Congress' intent, it would have enacted a statute of limitations of five years and six months.  *See*

---

[1] For the reasons explained in Ms. Holmes' opening motion, none of the other cases cited by the government is on point.  ECF No. 498 at 17-21.

REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT
CR-18-00258 EJD

5

*Jaben*, 381 U.S. at 219. It is utterly implausible that Congress intended, in enacting a five-year statute of limitations in section 3282, to give the government the unfettered power to circumvent that statute by filing an unconstitutional charging document. As Ms. Holmes explained, and as the government ignores, Congress does not "hide elephants in mouseholes." *Whitman v. Am. Trucking Ass'ns, Inc.*, 531 U.S. 457, 468 (2001).[2]

Addressing *Jaben*, the government also argues that the Court construed the word "institute" in that case not by reference to its plain language but by looking to the unique "criminal complaint procedures" of the Criminal Rules. Opp'n at 8-9. But the Criminal Rules do not help the government here. The government argues that the filing of an information without consent triggers a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and thus institutes something, even if not an actual criminal prosecution. Opp'n at 8. That is doubly wrong.

For starters, even under the government's (incorrect) interpretation of Rule 5.1, *this* information could not have led to a preliminary hearing. A preliminary hearing can *only* occur following an initial appearance. *See* Fed. R. Crim. P. 5(a), 5.1(c). An initial appearance is triggered only upon an arrest or a summons issued based on a complaint. *See* Fed. R. Crim. P. 4, 5(a)(1), 5(a)(3). Critically, an information by itself cannot trigger an arrest or summons. Under Rule 9(a), a court may issue an arrest warrant or a summons for a defendant named in an information only if "one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it." Fed. R. Crim. P. 9(a). The information that the government filed

---

[2] The government's only real nod to policy considerations is to argue that Ms. Holmes has not identified a due process violation because she had notice of the new charges in the Information within the five-year period. Opp'n at 10. But Ms. Holmes did not invoke the Due Process Clause. The government does not satisfy section 3282 simply by putting a defendant on notice of charges the government *wishes* to have returned by a grand jury.

REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT
CR-18-00258 EJD

in this case *was not accompanied by any such affidavits*.  As a result, it could not have led to an arrest and initial appearance, and thus no preliminary hearing could be scheduled under Rule 5.1(c).³  No criminal proceedings whatsoever, including a preliminary hearing, could have resulted from the government's filing of its Superseding Information.  The government's failure to support its information by affidavit is reason alone to reject the government's argument.

Even putting that defect aside, Rule 5.1 does not permit a court to hold a preliminary hearing on a waiverless information.  The government's reasoning is as follows:  Rule 5.1 requires a preliminary hearing, but exempts cases where "the defendant is indicted" or "the government files an information under Rule 7(b) [*i.e.*, with the defendant's consent] charging the defendant with a felony."  (The classic situation in which a Rule 5.1 hearing is required is where a defendant is arrested upon a complaint under Rule 4.)  Because Rule 5.1(a) does not mention cases where the government files a felony information without the defendant's consent, the government reasons, Rule 5.1 must cover such cases.  That is a logical fallacy.  The reason why Rule 5.1 does not mention felony informations filed without a defendant's consent is because *the Rules do not contemplate or permit such a filing*.  The *Wright & Miller* treatise explains this point:

> The preliminary hearing may also be waived indirectly by waiving the right to be charged by a grand jury.  Rule 5.1(a)(3) states that a defendant is entitled to a preliminary hearing unless, among other things, "the government files an information under Rule 7(b) charging the defendant with a felony."  *The government may only file such an information if defendant has waived grand jury*, and thus, if defendant waives the right to be charged by indictment, he or she also is effectively waiving the right to hearing under Rule 5.1.

---

³ An information unaccompanied by an affidavit also could not trigger an initial appearance (and subsequent scheduling of a preliminary hearing) based on a summons.  Rule 5(a)(3) permits an initial appearance upon a summons only if the summons issues under Rule 4, which requires a complaint, not an information.  Even if an information accompanied by an affidavit could somehow be viewed as a "complaint" under Rule 4(a), there was no such affidavit in this case and therefore no summons could have issued requiring an initial appearance under Rule 5(a)(3).

REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT
CR-18-00258 EJD

1 Andrew D. Leipold, *Federal Practice & Procedure: Criminal* § 91 (4th ed. 2020) (emphasis added). The government tellingly identifies no case where a court has held a preliminary hearing following the filing of a waiverless information, nor does it explain the purpose of conducting a preliminary hearing on a charging document that cannot lead to arraignment or any further criminal proceedings. Properly understood, Rule 5.1 supports Ms. Holmes' interpretation.

3.    Even if the Court had any doubt about the proper interpretation of section 3282, the principle that "criminal limitations statutes are to be liberally interpreted in favor of repose" would require adopting Ms. Holmes' interpretation (another point the Seventh Circuit overlooked in *Burdix-Dana*). *Toussie v. United States*, 397 U.S. 112, 115 (1970) (internal quotation marks omitted). The government responds that this principle does not apply where the at-issue statute is unambiguous. Opp'n at 10. But even if the Court thought that the government's reading of section 3282 is one permissible reading of the statute (it is not), the statute does not unambiguously compel that reading. When faced with two plausible interpretations of a statute of limitations, this Court must choose the one that favors repose.

4.    The government purports to draw support for its position from the six-month grace period in section 3288. Opp'n at 9-10. To be clear, section 3288 does not apply here because the Court—at the government's urging—did not dismiss the Information before the government returned the Indictments. The government does not contend otherwise.

The government's argument that Ms. Holmes' reading of section 3282 "is inconsistent" with section 3288, Opp'n at 9, overlooks Ninth Circuit case law interpreting section 3288. As Ms. Holmes has already explained, section 3288 does not permit the government to invoke the six-month grace period "where the reason for the dismissal was the failure to file the indictment or information within the

REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT
CR-18-00258 EJD

8

period prescribed by the applicable statute of limitations, *or some other reason that would bar a new prosecution*." 18 U.S.C. § 3288 (emphasis added). The government reads the emphasized language out of the statute. The Ninth Circuit has interpreted that language to preclude application of the grace period "where the defect—whether it's a limitation problem 'or some other' problem—is not capable of being cured." *United States v. Clawson*, 104 F.3d 250, 252 (9th Cir. 1996) (citation omitted). When a defendant does not consent to felony prosecution by information, the Sixth Amendment "problem" with such an information cannot be cured (unlike, for example, a pleading deficiency in the indictment). And because such an information cannot satisfy section 3282 in the first place, it cannot permissibly trigger the six-month grace period. *See id.* at 251 ("[The] underlying concept of § 3288 is that if the defendant was indicted within time, then approximately the same facts may be used for the basis of any new indictment [obtained after the statute has run], if the earlier indictment runs into legal pitfalls." (citation omitted)). The government does not address this authority.

  5.  Finally, the government invokes the COVID-19 pandemic, Opp'n at 11, but it had ample time to supersede before the pandemic arose and offers no excuse for its failure to do so. It also offers this Court no legal argument that would permit the Court to read a pandemic or other emergency exception into section 3282. The legal arguments offered by the government to justify its actions, if accepted, would permit the government to circumvent the statute of limitations in every case, pandemic or no pandemic. If the Department of Justice believed that it needed an exception to the statute of limitations in light of the COVID-19 pandemic, it was required to seek and obtain that relief from Congress. As Ms. Holmes explained, the Department did seek such relief from Congress, and Congress said no—yet another point that the government ignores. *See* ECF No. 498 at 9 n.4. This Court should not countenance the government's unconstitutional end-run around Congress's authority.

REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT
CR-18-00258 EJD

9

**CONCLUSION**

The Court should dismiss Counts Three through Eight and Ten of the Second Superseding Indictment and Counts Three through Eight, Ten, and Eleven of the Third Superseding Indictment as time-barred.

DATED: October 2, 2020                     Respectfully submitted,


                                           /s/ Amy Mason Saharia
                                           KEVIN DOWNEY
                                           LANCE WADE
                                           AMY MASON SAHARIA
                                           KATHERINE TREFZ
                                           Attorneys for Elizabeth Holmes

REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT
CR-18-00258 EJD

10

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2020 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

REPLY IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED COUNTS THREE THROUGH EIGHT AND TEN OF THE SECOND SUPERSEDING INDICTMENT AND COUNTS THREE THROUGH EIGHT, TEN, AND ELEVEN OF THE THIRD SUPERSEDING INDICTMENT
CR-18-00258 EJD