# EXHIBIT E

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

LANCE WADE
(202) 434-5755
lwade@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 30, 2020

<u>Via Email</u>

Mr. John C. Bostic, Esquire
Mr. Robert Leach, Esquire
Ms. Vanessa Baehr-Jones, Esquire
Mr. Jeffrey Schenk, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

   Re: <u>United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani</u>
      <u>No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

  I write regarding 16 documents that the government has identified on its exhibit list that are subject to a claim of legal privilege held by Ms. Holmes and/or Theranos. The inclusion of such documents on the government's exhibit list—particularly in light of our discussions of this issue over the past 15 months—suggests a blatant disregard for both government counsel's obligations under Rule 4.4 of the California Rules of Professional Conduct and the safeguards of the privilege and work product protections that Ms. Holmes and Theranos enjoy under applicable law. We expect that the government will immediately amend its exhibit list to remove the exhibits identified below, and discontinue the use of those documents as the government prepares for trial.

<u>Privileged Correspondence and Work Product involving Boies, Schiller & Flexner Attorneys</u>

  As we have repeatedly explained, Ms. Holmes and Theranos were jointly represented by Mr. Boies and his firm on a variety of matters during the period of the alleged conspiracy. The government has been aware of that representation since at least March 2019, if not longer given that it has long been a matter of public record. As I explained in my June 15, 2020 letter and June 18, 2020 email, the government is ethically obligated to refrain from using any documents in its possession that are subject to a privilege arising from this representation because (1) Ms.

WILLIAMS & CONNOLLY LLP

Mr. John C. Bostic, Esq., *et al*.
July 30, 2020
Page 2

Holmes is continuing to assert all privileges, including with respect to materials relating to any joint representations involving her and the company; and (2) Theranos and counsel for the Theranos (assignment for the benefit of creditors), LLC (the "Assignee"), copied here, have made clear that the company continues to assert all privileges and the Assignee is in fact obligated to do so. Indeed, the government agreed on June 17, 2020 to refrain from using one such document that was subject to this privilege. In response, I specifically noted: "To remove any doubt, to the extent the government encounters any communications involving BSF and Ms. Holmes, we would ask the government to follow the procedures set forth in Rule 4.4, notify us immediately, and cease all review and use of the document(s). As you know, Ms. Holmes has not waived any privileges or protections with respect to these documents – or any other privileged documents."

Nevertheless, within two weeks of this exchange, the government chose to again ignore this legal privilege—as well as the government's resulting ethical obligations under Rule 4.4[1]—by including on its exhibit list at least 13 documents that reflect attorney-client communications with BSF attorneys and/or work product produced in connection with that firm's joint representation of Theranos and Ms. Holmes. *See* GTX 815, 2496, 2578, 2743, 2835, 2874, 2881, 2883, 2885, 2908, 2933, 2987, and 3106. In light of our past correspondence, and because there had not been a subsequent waiver from both Ms. Holmes and Theranos, the government knew or reasonably should have known that each of these 13 documents was privileged.

The government also knew or reasonably should have known that these exhibits were inadvertently produced by Theranos. Documents similar to GTX 2835 and GTX 2874, for example, are identified on the Theranos privilege log that was provided to the government during the course of its investigation. *See* SEC-USAO-EPROD-005186105 at -261 to -268; *id.* at -443 to -444. And for six of these exhibits, identical information was redacted or withheld elsewhere in the production that the government received from Theranos. *See*, *e.g.*, SEC-USAO-EPROD-005062801 (withheld version of GTX 2835); SEC-USAO-EPROD-005148565 (same); SEC-USAO-EPROD-005222345 (reflecting redactions to the same email contained in GTX 2835); SEC-USAO-EPROD-005064850 (withheld version of GTX 2881, 2883, and 2885); SEC-USAO-EPROD-005082504 (same); THPFM0005219310 (redacted version of GTX 2987); SEC2-USAO-EPROD-001073578 (withheld version of GTX 3106). GTX 2578 is marked "Privileged and Confidential Attorney Work Product" and is an attachment to an email that was withheld by Theranos as privileged. *See* THER-2074466. In light of these facts, it should have

---

[1] This Rule provides that "[w]here it is reasonably apparent to a lawyer who receives a writing relating to a lawyer's representation of a client that the writing was inadvertently sent or produced, and the lawyer knows or reasonably should know that the writing is privileged or subject to the work product doctrine, the lawyer shall: (a) refrain from examining the writing any more than is necessary to determine that it is privileged or subject to the work product doctrine, and (b) promptly notify the sender."

WILLIAMS & CONNOLLY LLP

Mr. John C. Bostic, Esq., *et al*.
July 30, 2020
Page 3

been apparent that other privileged communications involving attorneys at BSF were also inadvertently produced.  *See* GTX 815, 2496, 2743, 2908, and 2933.

In light of Rule 4.4, these documents should never have been included on the government's exhibit list in the first place.  In order to remedy the situation, we expect that the government will immediately remove these documents from its files and amend its exhibit list to remove any reference to them.

Theranos Privileged Documents

As discussed above and in our prior correspondence, we understand that Theranos and counsel for the Assignee, continue to assert all company privileges.  *See* Letter Agreement re Grand Jury Subpoena Investigation #2016R00024-15 (Mar. 29, 2018); Theranos General Assignment (Mar. 29, 2018).  Theranos' continued assertion of the privilege, which has been repeatedly confirmed to us by counsel for the Assignee, necessarily circumscribes Ms. Holmes' ability to use documents subject to that privilege in light of our ethical obligations as attorneys.  For example, it limits the extent to which these documents can be publicly disclosed and/or used with third parties, including potential witnesses in this case.

Yet it appears that the government has ignored the Assignee's assertions of privilege and the government's resulting ethical obligations by continuing to use privileged material in the preparation of its case for trial.  At this point, in addition to the documents discussed above, the government's exhibit list also contains at least three documents that implicate the Theranos privilege:

- *GTX 2302.*  This email, which is marked "A/C Privileged," provides information to Mr. Arington, in his capacity as Theranos' regulatory counsel, for the purposes of seeking advice regarding the FDA regulatory issues the company was facing.

- *GTX 2833.*  This email from Theranos' then-General Counsel Heather King to Ms. Holmes and Mr. Edlin is privileged.  Ms. King makes clear to Ms. Holmes, at the outset, that she is writing "[i]n relation to [her] ongoing advice to you and Theranos" before advising Ms. Holmes on corporate governance issues.  There are also three documents with identical metadata to GTX 2833 that were withheld for privilege elsewhere in the government's Rule 16 production.  *See* SEC-USAO-EPROD-004888919; SEC-USAO-EPROD-004889650; SEC-USAO-EPROD-004897972.

- *GTX 3227.*  This document reflects a request for legal advice and work product from Theranos' then-General Counsel David Taylor to outside counsel for the company at WilmerHale and others in August 2016.  Mr. Taylor's request, as well as the subsequent correspondence on the issue, is privileged.  Indeed, the subject line of the email chain identifies the conversation as "privileged and confidential."

WILLIAMS & CONNOLLY LLP

Mr. John C. Bostic, Esq., *et al*.
July 30, 2020
Page 4

Please confirm that the government will remove these documents from its exhibit list.  The government's continued use of such material—when paired with the defense's adherence to its ethical obligations regarding Theranos privilege documents—raises issues of fundamental fairness and due process because it places Ms. Holmes at a significant disadvantage as she prepares her defense in this case.  Ms. Holmes should not be disadvantaged in this case because her counsel follow their ethical obligations and instructions from the Theranos Assignee while government counsel refuse to do so.  I note that this is not the first time Ms. Holmes has raised such concerns.  On February 19, 2020, for example, I proposed that we schedule a teleconference with the government, the defense, and counsel for the Assignee to discuss the parties' use of Theranos privileged documents as we each prepare for trial citing these same issues.  Although the government took the position that such a call was unnecessary, your continued use of privileged materials confirms the need for clarity on this issue.

If it is the government's position that it has secured the consent of the Assignee to use these or any other documents that are subject to a privilege held by Theranos, I reiterate my request that the government promptly produce all correspondence between the government and counsel for the Assignee on the issue as well as a complete list of documents by exhibit and/or Bates number that were the subject of an agreement with the Assignee.  And if the government believes it has been otherwise relieved of its ethical obligations with respect to Theranos privileged documents, please explain the basis for that position.

\*     \*     \*

Our review of the government's exhibit list is ongoing, and Ms. Holmes thus reserves the right to identify further issues with respect to the disclosure and use of privileged material.  I appreciate your time and attention to this matter.

Sincerely,

Lance Wade

cc:   Jeff Coopersmith, Esq. (by email)
      Scott Goldsmith, Esq. (by email)