# EXHIBIT F



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*150 Almaden Boulevard, Suite 900*     *(408) 535-5061*
*San Jose, California 95113*     *FAX: (408) 535-5066*

August 6, 2020

**VIA EMAIL**

Lance Wade
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
lwade@wc.com

        Re:    United States v. Elizabeth Holmes and Ramesh Balwani
                CR18-00258 EJD

Dear Mr. Wade:

      I write in response to your letter dated July 30, 2020, discussing certain documents on the government's exhibit list that you believe implicate claims of legal privilege by Holmes or Theranos.

      As an initial matter, you are incorrect that the government was on notice that those documents were produced inadvertently. Most of the documents listed in your letter were originally produced by Theranos in connection with the PFM litigation several years ago. Theranos later reproduced those same documents to the Securities and Exchange Commission in response to document requests from that agency. Finally, the government obtained those documents from the SEC and produced them to defendants in August and November of 2018, nearly two years ago. To the government's knowledge, Theranos as the producing party has never indicated in the years since that these materials were mistakenly produced. Your arguments regarding the government's obligations are based on an assumption of inadvertent production, but that assumption is undercut by the fact that Theranos produced these documents multiple times and apparently never sought to withdraw them or withhold them from later productions

      Your suggestion the government should have deduced such documents were subject to Holmes' personal attorney-client or other privilege is also incorrect. On March 1, 2019, we requested that you provide us "with the commencement and termination date of each engagement and the subject matter of each representation" by David Boies. On March 21, 2019, you identified a single example: a 2012 malpractice case filed in the superior court of the District of Columbia, which was terminated on January 16, 2014. We are also aware BSF represented Holmes in litigation against Fuisz Technologies in this District, which terminated on March 17, 2014. At no time have you provided any evidence that BSF personally represented

1

Holmes in any other matter, nor have you provided any evidence that BSF personally represented Holmes in 2015 or 2016.

Accordingly, the government was under no obligation to ignore these documents or leave them off of its exhibit list. Nonetheless, we respond to your privilege assertions below.

First, as to privilege belonging to Theranos itself, we note that Holmes is no longer affiliated with the company in any capacity. Accordingly, it is our understanding that Holmes and her counsel lack standing to assert privilege claims on behalf of the company. Please let us know if you believe otherwise and provide any authority for your belief. Second, Theranos is a defunct company that has been out of operation for more than a year. Courts have repeatedly held that a corporation's privilege expires when a company shutters. *See, e.g.*, *SEC v. Carillo Huettel, LLP*, 2015 WL 1610282 at *2 (S.D.N.Y. Apr. 8, 2015) (the "weight of authority… holds that a dissolved or defunct corporation retains no privilege"). Accordingly, it may be that Theranos's privilege no longer exists.

To the extent Theranos retains a corporate privilege, your letter acknowledges that the right to assert or waive such a privilege would be controlled by the Assignee. Counsel for the Assignee has informed the government that Theranos does not assert privilege over any of the sixteen documents identified in your letter. We share this information in response to your inquiries and also so that the defense may make appropriate use of those documents in the case. In light of Holmes's lack of standing to assert any corporate privilege, we do not believe a three-way discussion with the Assignee would be beneficial. However, we will promptly advise the defense of any waiver of privilege by the Assignee so that Defendants can make equal use of any documents covered by such a waiver.[1] Should the defense discuss privilege issues with the Assignee, we ask that you similarly inform us of any waivers conveyed during those conversations. This approach will allow both parties to have equal access to relevant documents as they prepare for trial.

Separately, as to rights held by Holmes herself, the government does not intend to impinge on any valid privilege. We disagree, however, that Holmes can deprive the government of any document simply because it mentions or involves BSF attorneys. Your letter does not provide enough information for the government to weigh Holmes's privilege claims. As you know, "[t]he party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). Accordingly, please provide at least the following information for any document on the government's exhibit list over which Holmes claims privilege:
1. the nature of the privilege (e.g., individual attorney-client, joint defense, work product, etc.);
2. the identity of the attorney representing Holmes in connection with the document;
3. the nature of the legal engagement underlying the document (e.g., name of court case, subject matter of legal advice, etc.)
4. the beginning and end dates of that legal engagement;
5. whether Holmes entered into a joint defense agreement with any other party in connection with the engagement and, if so, whether that agreement was in writing;

---

[1] To date, the Assignee has expressly waived any privilege over the documents listed in your July 30, 2020, letter as well as the following documents, identified by beginning bates number: THPFM0002374416, THPFM0002658006, THPFM0002795585, THPFM0003105986, THPFM0003105988, THPFM0003600907, THPFM0004509289, THPFM0004667995, THPFM0001456346, THPFM0001456347, THPFM0001456352, THPFM0001456354, THPFM0004738590, THPFM0001757628, THPFM0003052763, THPFM0004679732, and CHUNG-EMAILS-000001 through CHUNG-EMAILS-001018

6. whether Holmes personally entered into a retainer agreement in connection with the engagement; and
7. whether Holmes personally paid for legal services rendered by the attorney in the course of the engagement.

Please provide a privilege log.  And please produce, redacted if necessary, any agreements between Holmes and BSF and any billing statements or invoices to Holmes personally.

The government will keep the documents identified in your letter on its exhibit list while we continue to discuss this issue.  As you know, the exhibit list itself was served on the parties but has not been filed or otherwise publicly disclosed.  Pending further discussion, the government trial team will not share with any witness the thirteen documents over which Holmes has claimed privilege.  We also will refrain from substantive review of those documents except to the extent necessary to determine whether they are privileged—consistent with the language of California Rule of Professional Conduct 4.4.  Should Holmes wish to continue to assert a privilege claim as to any of the documents identified in your July 30 letter, please provide the requested information supporting those claims at your earliest opportunity.

I am available to discuss the above at your convenience.

Very truly yours,

ADAM A. REEVES
Attorney for the United States

*/s/*
JOHN C. BOSTIC
Assistant United States Attorney


CC (via email):  Jeffrey Coopersmith (counsel for Ramesh Balwani)

3