# EXHIBIT I



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*150 Almaden Boulevard, Suite 900*  (408) 535-5061
*San Jose, California 95113*  FAX: (408) 535-5066

October 28, 2020

**VIA EMAIL**

Lance Wade
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
lwade@wc.com

        Re:    United States v. Elizabeth Holmes and Ramesh Balwani
                 CR18-00258 EJD

Dear Mr. Wade:

      I write in further response to your letters discussing documents you contend to be covered by an attorney-client privilege or joint defense privilege belonging to Holmes.

      Rather than answer the government's requests that Holmes explain and substantiate her privilege claims, your letters continue to make conclusory statements regarding the government's obligations. Be assured the government will respect the bounds of any valid privilege covering discovery materials in this case. But Holmes has yet to provide the government with the information necessary to establish her claims of privilege. In response to those claims, the government requested on August 6, 2020 that Holmes identify the basic facts underlying her privilege claims. Those facts include: the identities of attorneys who represented Holmes individually; the nature of relevant legal engagements; the date ranges covered by those engagements; whether Holmes paid for representation; and general information regarding the existence of any retainer agreements or joint defense agreements. In that same letter, the government requested that Holmes furnish a privilege log outlining her claims. We understand that the government taint team AUSA made multiple similar requests for information regarding Holmes's relevant legal engagements. The taint team AUSA also repeatedly asked Holmes to identify documents covered by any corresponding privilege. Although Holmes has reiterated her broad assertions of privilege, the government still has not received the requested information showing that those assertions are well-founded. And while your letter dated September 22, 2020 promised to provide a privilege log, the government has yet to receive any such log. The other information provided in your September 22 letter fails to cure this deficiency. That letter states that Boies Schiller represented Theranos and Holmes in "lawsuits" through 2016, but fails to identify which, if any, of these engagements cover the documents in question. Even if BSF's representation of Theranos in certain lawsuits extended to Holmes personally, that would not make all of Theranos's communications with BSF subject to Holmes's individual privilege.

1

There appears to be no dispute that, as the party asserting a privilege, Holmes bears the burden of establishing its existence. Holmes cannot meet that burden without providing the basic facts described above for the documents she wishes to withhold. A court would undoubtedly require the disclosure of that information were the parties to litigate this dispute. There is no reason for Holmes to withhold these facts from the government if they truly support Holmes's claims and might help avoid litigation. Accordingly, the government is disappointed by Holmes's refusal to meet and confer in good faith on this topic. For the time being, the government prosecution team is not sharing or making any investigative use of the documents you have identified as being subject to Holmes's claim of privilege. If Holmes wishes to stand on her privilege claims, please produce the privilege log promised in your September 22 letter no later than **November 4, 2020**. Please include along with that log any additional facts or documentation Holmes would submit to the Court in order to establish the existence of the claimed privilege.

Moving to the other points raised in your correspondence, please find herewith pdf copies of the documents you identified as having been "entirely withheld on privilege grounds" from the government's production, specifically: THPFM0001456346; THPFM0001456347; THPFM0001456352; THPFM0001456354; and THPFM0001757628. We are providing these copies for your convenience, but note that the government already produced these documents to Defendants on October 19, 2018, and did not withhold them on privilege grounds as you claim. Please inform us immediately if you did not receive the government's original transmittal of this discovery. Redacted versions of those documents appear elsewhere in the government's production, but as you know, the Assignee has informed us that Theranos is waiving privilege as to those documents. [1]

As to your request for all correspondence with Assignee counsel regarding privilege issues, the government is not obligated to produce such communications with counsel representing a document custodian. Please provide authority supporting your assertion that those materials are discoverable. In the meantime, the government will continue its practice of apprising Defendants of any privilege assertions or waivers by the Assignee as to particular documents in the government's production as long as Holmes will similarly share with the government any privilege assertions or waivers made by the Assignee in communications with defense counsel. Please confirm your agreement.

We await the additional information you have agreed to provide regarding Holmes's privilege claims. As always, please feel free to contact us by phone if you believe a call would be helpful.

Very truly yours,

STEPHANIE HINDS
Attorney for the United States

*/s/*
JOHN C. BOSTIC
Assistant United States Attorney

---

[1] Other than the May 16, 2017 and August 21, 2017 letters already in your possession, the government is not aware of any additional correspondence from Theranos to the government clawing back purportedly privileged or work-product protected documents.

2