1    JOHN D. CLINE (CA State Bar No. 237759)
     50 California Street, Suite 1500
2    San Francisco, CA 94111
     Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
3    Email: cline@johndclinelaw.com

4    KEVIN M. DOWNEY (Admitted Pro Hac Vice)
     LANCE A. WADE (Admitted Pro Hac Vice)
5    AMY MASON SAHARIA (Admitted Pro Hac Vice)
     KATHERINE TREFZ (CA State Bar No. 262770)
6    WILLIAMS & CONNOLLY LLP
     725 Twelfth Street, NW
7    Washington, DC 20005
     Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
8    Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

9    Attorneys for Defendant ELIZABETH A. HOLMES

10

11                       UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13                             SAN JOSE DIVISION

14

15   UNITED STATES OF AMERICA,            )   Case No. CR-18-00258-EJD
                                          )
16            Plaintiff,                  )   **MS. HOLMES' MOTION TO EXCLUDE**
                                          )   **CERTAIN RULE 404(B) EVIDENCE FOR**
16       v.                               )   **LACK OF EXPERT SUPPORT UNDER**
                                          )   **FEDERAL RULES OF EVIDENCE 401-403**
17                                        )   **AND 701-702**
     ELIZABETH HOLMES and                 )
18   RAMESH "SUNNY" BALWANI,              )   Date:     January 22, 2021
                                          )   Time:     10:00 AM
19            Defendants.                 )   CTRM:  4, 5th Floor
                                          )
20                                        )   Hon. Edward J. Davila
                                          )
21                                        )
                                          )
22   _____)

23

24

25

26

27

28

**MOTION TO EXCLUDE CERTAIN RULE 404(B)**
**EVIDENCE FOR LACK OF EXPERT SUPPORT**

PLEASE TAKE NOTICE that on January 22, 2021, or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court pursuant to Rules 401-403 and 701-702 of the Federal Rules of Evidence for an Order excluding certain categories of Rule 404(b) disclosed by the government for which it has failed to disclose supporting expert evidence.  The Motion is based on the below Memorandum of Points and Authorities and Exhibits, the Declaration of Amy Mason Saharia, the record in this case, and any other matters that the Court deems appropriate.

DATED:  November 20, 2020

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MOTION TO EXCLUDE CERTAIN RULE 404(B) EVIDENCE FOR LACK OF EXPERT SUPPORT
UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 701-702
CR-18-00258 EJD

i

1

**TABLE OF CONTENTS**

2

**Page**

3

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................................1

4

ARGUMENT ....................................................................................................................................1

5

    I.       "Multiplexing test results and disregarding outliers to mask inconsistency." .....................1

6

    II.     "Improperly setting and altering reference ranges." ..........................................................3

7

    III.    Withholding "important information from doctors and patients." ......................................5

8

CONCLUSION ................................................................................................................................6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government has disclosed under Rule 404(b) its intent to introduce three categories of evidence relating to specific aspects of Theranos' laboratory operations.  In each case, the government claims that Theranos violated industry standards or otherwise engaged in improper practices, and suggests that this evidence proves Ms. Holmes' intent to defraud.  But the government cannot prove that Theranos' practices violated industry standards or were otherwise improper.  These are issues "based on scientific, technical, or other specialized knowledge," Fed. R. Evid. 701, that require expert testimony, and the government has disclosed no such expert opinions.  Nor will any expert opine that these aspects of Theranos' laboratory practices rendered Theranos' tests inaccurate or unreliable.  Absent any reliable expert opinions on these subjects, this evidence is simply irrelevant, and any connection between this evidence and Ms. Holmes' intent is speculative.  Because the government has failed to provide the jury with the expert testimony necessary to draw reliably any relevance from this evidence, the evidence will confuse the jury and spawn mini-trials to put it in context.  The Court should exclude the evidence under Rules 401-403 and 701-702.

**ARGUMENT**

This motion seeks to exclude three categories or subcategories of alleged evidence disclosed by the government under Rule 404(b):  (1) "Multiplexing test results and disregarding outliers to mask inconsistency," (2) "Improperly setting and altering reference ranges," and (3) Withholding "important information from doctors and patients."  Ex. 3 at 70-75 (Sept. 28, 2020 Gov't Supp. Rule 404(b) Notice); *see also* Ex. 1 at 8 (Mar. 6, 2020 Gov't Rule 404(b) Notice).  Each would require the government to come forward with reliable expert opinion supporting its assertions.  The government's failure to do so should foreclose it from presenting this evidence.

**I.     "Multiplexing test results and disregarding outliers to mask inconsistency."**

1.     The government alleges that Theranos "operated its analyzers according to a protocol that included running each assay multiple times and then multiplexing the results in order to derive the final, reported result."  Ex. 1 at 8.  According to the government, "this approach tended to mask consistency problems with Theranos's tests."  *Id.*  In a supplemental disclosure, the government refers to this

1   approach as the "six-tip method." Ex. 3 at 70.  It asserts that this evidence "tends to show Defendants'

2   plan to conceal the accuracy and precision problems with Theranos's technology as well as their intent

3   to defraud patients by offering and providing blood tests that were not as precise as they appeared to

4   be";  "Defendants' intent to defraud victims by concealing consistency and precision problems inherent

5   in Theranos's approach to blood testing"; and "Defendants' knowledge of the flaws and precision

6   problems in Theranos's technology." *Id.* at 71.

7        The only evidence identified by the government that there was anything improper with

8   Theranos' approach is the hindsight view of Theranos' former lab director, Adam Rosendorff, who

9   approved this approach in real time.  Dr. Rosendorff now believes "*[i]n retrospect*, . . . that he has some

10  concerns about the change to a six-tip method." *Id.* at 70 (emphasis added).  According to Dr.

11  Rosendorff, "the process, which in effect too averages of averages [*sic*], *could* make precision look

12  better than it is." *Id.* (emphasis added).  Dr. Rosendorff added that the process that he used in real time

13  as Theranos' lab director was "not good laboratory practice" and "not ideal" and that "it would be better

14  to run the assay a single time using a highly accurate and reliable method, and report that result." *Id.*;

15  *see also* Ex. 5 at 13 (Rosendorff opinion that "[t]his process was not ideal because it *may* have tended to

16  increase the appearance of precision beyond a lab test's true performance" (emphasis added)).

17        2.      The propriety of Theranos' multiplexing method is obviously the subject of expert

18  testimony because it is "based on scientific, technical, or other specialized knowledge." Fed. R. Evid.

19  701.  To prove that Theranos' multiplexing method was improper thus would require an expert opinion

20  that satisfied the reliability and fit requirements of Rule 702 and *Daubert v. Merrell Dow Pharms., Inc.*,

21  509 U.S. 579 (1993).  So too, the government would need a reliable expert opinion, rooted in sufficient

22  data and a reliable methodology, to prove that Theranos' multiplexing method actually masked precision

23  problems with Theranos' tests.  *See* Fed. R. Evid. 702.  The government has not disclosed any expert

24  opinion establishing these propositions.  As a result, this category of evidence must be excluded.

25        Dr. Rosendorff's admittedly retrospective "concerns" about the multiplexing approach that he

26  used at Theranos do not qualify as expert opinions under Rule 702.  Opinions about "concerns," or that

27  Thernanos' approach was "not ideal," lack the scientific rigor that Rule 702 requires.  Such opinions will

28  MOTION TO EXCLUDE CERTAIN RULE 404(B) EVIDENCE FOR LACK OF EXPERT SUPPORT
    UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 701-702
    CR-18-00258 EJD

1   not help the jury.  The government has not disclosed the basis and reasons for these opinions, *see* Fed.

2   R. Crim. P. 16(a)(1)(G), or any scientific methodology by which Dr. Rosendorff arrived at his change of

3   heart, *see* Fed. R. Evid. 702.

4          In any event, whether multiplexing was a "good laboratory practice" is irrelevant to this case;

5   Ms. Holmes is not charged with engaging in poor laboratory practices; she is charged with making false

6   statements about the accuracy and reliability of Theranos' technology.  Reflecting this fact, each of the

7   government's proffered Rule 404(b) purposes for this evidence rests on the notion that the multiplexing

8   approach in fact masked, or concealed, precision problems with Theranos' tests.  But Dr. Rosendorff

9   does not venture an opinion on that subject.  He asserts only that the multiplexing approach "*could* make

10   precision look better than it is." Ex. 3 at 70 (emphasis added).  That assertion is self-evidently

11   speculative.  That non-opinion, which applies no methodology and is not based on data, would be

12   unhelpful to the jury.  Without any expert opinion on this subject, the government cannot assert that the

13   multiplexing approach concealed problems with Theranos' tests.  And because this assertion is central to

14   each of the Rule 404(b) purposes for which the government is offering this evidence, the evidence of

15   multiplexing is irrelevant and will confuse the jury, and thus must be excluded.

16   **II.      "Improperly setting and altering reference ranges."**

17          1.      According to the government, Theranos' procedures for setting the reference ranges for

18   its tests "deviated from industry standards and standard testing protocols approved by FDA and

19   validated by the industry." Ex. 1 at 8.  A reference range is a range of test values obtained by testing

20   individuals assumed to be healthy, and it typically represents the range of values reported by the middle

21   95 percent of such individuals.  The government also claims that Theranos "improperly adjusted

22   reference ranges based on individual clinical results—without conducting sufficient studies to justify

23   such adjustment." *Id.*  The government claims that this alleged evidence proves, among other things,

24   "Defendants' intent to defraud victims by offering and providing blood testing services that produced

25   unreliable results" and "Defendants' intent to defraud patients by bringing abnormal results within

26   normal ranges to avoid scrutiny of Theranos' tests." Ex. 3 at 72.

27          The government attempted to give content to these vague disclosures in its supplemental Rule

28   MOTION TO EXCLUDE CERTAIN RULE 404(B) EVIDENCE FOR LACK OF EXPERT SUPPORT
UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 701-702
CR-18-00258 EJD

1    404(b) disclosure, identifying four internal Theranos e-mails, only two of which involve Ms. Holmes.

2         2.      None of the disclosed evidence establishes the government's allegations. The

3    government has not disclosed any opinion describing the content of "industry standards and standard

4    testing protocols approved by FDA and validated by the industry," let alone concluding that Theranos

5    "deviated" from such standards and protocols. Ex. 1 at 8. At most, the government's evidence shows

6    that Dr. Rosendorff "*would have preferred* to set reference ranges before the launch of clinical testing

7    services" and that he had disagreements with other unnamed Theranos employees "as to whether there

8    should be specific reference ranges for fingerstick samples distinct from the ranges for venous samples."

9    Ex. 3 at 71 (emphasis added). Neither of those even approaches an opinion about violating industry

10    standards. Nor has the government identified any other expert who will offer such an opinion. And

11    because any testimony about violating industry standards relating to reference ranges would be "based

12    on scientific, technical, or other specialized knowledge," it could only be presented by a qualified

13    expert. Fed. R. Evid. 701.

14         Nor does the disclosed evidence suggest that Theranos "improperly adjusted reference ranges

15    based on individual clinical results—without conducting sufficient studies to justify such adjustment."

16    Ex. 1 at 8. The sum total of evidence disclosed by the government in its Rule 404(b) notice about such

17    adjustments is one email. *See* Ex. 3 at 71-72. The email describes tests conducted as part of a June

18    2013 voluntary "demo" (i.e., demonstration) that occurred months before Theranos started conducting

19    clinical testing on its proprietary devices in the CLIA lab. *Id.* Any practices purportedly described in

20    that email do not reflect the clinical testing that Theranos conducted for paying patients through its

21    CLIA lab. Moreover, no expert has opined that the action purportedly reflected in this e-mail was

22    "improper" as it relates to clinical testing or that certain "studies" would be required to make this

23    adjustment.

24         Because the government has not disclosed any expert opinion suggesting that Theranos' actions

25    regarding references ranges—most of which the government cannot even tie to Ms. Holmes—were

26    improper, this alleged evidence has no tendency to prove any of the inflammatory Rule 404(b) purposes

27    for which the government offers it. For example, the government has disclosed no evidence from which

28    MOTION TO EXCLUDE CERTAIN RULE 404(B) EVIDENCE FOR LACK OF EXPERT SUPPORT
UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 701-702
CR-18-00258 EJD

1    a jury could find that Theranos' reference ranges produced "unreliable results," Ex. 3 at 72, or that Ms.

2    Holmes intended to defraud patients by offering tests that produced unreliable results. The court should

3    exclude this irrelevant evidence regarding Theranos' reference ranges.

4    **III.     Withholding "important information from doctors and patients."**

5         1.     Finally, the government claims that Theranos "withheld" from doctors and patients

6    information such as "what type of analyzer had been used for a given test," "the fact that Theranos' tests

7    were not FDA approved," that Theranos "relied on third-party analyzers for many of its tests," and other

8    (unidentified) "key facts." Ex. 1 at 8. In its supplemental disclosure, the government explains that Dr.

9    Rosendorff, Theranos' lab director, advocated stating on the lab reports whether the blood was collected

10   by fingerstick or venous draw. Ex. 3 at 74. According to the government, this evidence proves Ms.

11   Holmes' "intent to defraud by depriving them of the information they believed they would receive when

12   patronizing Theranos' services" and "knowledge of the accuracy and reliability problems with

13   Theranos' tests," among other things. *Id.* at 74-75.

14        2.     The government has not disclosed any reliable opinion on the subject of what information

15   should be included on laboratory reports. Although Dr. Rosendorff states that he advocated to identify

16   the method of blood draw on the reports, the government has not identified any bases or reasons for that

17   opinion, or any methodology he applied to arrive at it. The government's retained expert, Dr. Stephen

18   Master, opines that lab reports should disclose if blood was tested with a laboratory-developed test, but

19   he likewise disclosed no methodology for arriving at that opinion. *See* Ms. Holmes' Mot. To Exclude

20   the Expert Opinions of Dr. Stephen Master. No expert has identified any industry standards regarding

21   what information should be included in lab reports. And, even if the government had admissible expert

22   opinion on this subject, it would be irrelevant. Ms. Holmes is not charged with providing inadequate lab

23   reports; she is charged with making misrepresentations about whether Theranos' technology was

24   capable of consistently producing accurate and reliable results. *See* Third Superseding Indictment, ECF

25   469, ¶ 16. Whether Theranos' lab reports complied with industry standards regarding what should be

26   included in reports says nothing about whether the results disclosed in those reports were accurate and

27   reliable.

28   MOTION TO EXCLUDE CERTAIN RULE 404(B) EVIDENCE FOR LACK OF EXPERT SUPPORT
     UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 701-702
     CR-18-00258 EJD

                                                        5

1                                         *       *       *

2          Each of these categories of evidence would require an expert opinion to establish that Theranos

3    did anything improper and that its practices had any impact on the adequacy and reliability of its

4    technology.  The government has failed to disclose one.  The evidence is thus inadmissible under Rules

5    701-702, and absent any supporting expert opinion, it is irrelevant and thus inadmissible under Rule

6    401-402.  In addition, these evidentiary discursions into aspects of Theranos' laboratory practices that

7    are not the basis of the wire-fraud charges in this case and that do not prove the accuracy and reliability

8    of Theranos' test will confuse the jury, waste time, and spawn mini-trials having little probative value to

9    any issue in dispute.  Accordingly, this evidence is also inadmissible under Rule 403.

10                                         **CONCLUSION**

11          For the foregoing reasons, the Court should exclude evidence of "multiplexing test results and

12   disregarding outliers to mask inconsistency," "improperly setting and altering reference ranges," and

13   withholding "important information from doctors and patients."

14

15   DATED:  November 20, 2020                    Respectfully submitted,

16

17

18                                               /s/ Amy Mason Saharia
                                                 KEVIN DOWNEY
19                                               LANCE WADE
                                                 AMY MASON SAHARIA
20                                               KATHERINE TREFZ
                                                 Attorneys for Elizabeth Holmes

21

22

23

24

25

26

27

28   MOTION TO EXCLUDE CERTAIN RULE 404(B) EVIDENCE FOR LACK OF EXPERT SUPPORT
     UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 701-702
     CR-18-00258 EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 20, 2020, a copy of this filing was delivered via ECF on all counsel of record.


/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MOTION TO EXCLUDE CERTAIN RULE 404(B) EVIDENCE FOR LACK OF EXPERT SUPPORT
UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 701-702
CR-18-00258 EJD

1   JOHN D. CLINE (CA State Bar No. 237759)
    50 California Street, Suite 1500
2   San Francisco, CA 94111
    Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
3   Email: cline@johndclinelaw.com

4   KEVIN M. DOWNEY (Admitted Pro Hac Vice)
    LANCE A. WADE (Admitted Pro Hac Vice)
5   AMY MASON SAHARIA (Admitted Pro Hac Vice)
    KATHERINE TREFZ (CA State Bar No. 262770)
6   WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, NW
7   Washington, DC 20005
    Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
8   Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

9   Attorneys for Defendant ELIZABETH A. HOLMES

10

11                          UNITED STATES DISTRICT COURT

12                        NORTHERN DISTRICT OF CALIFORNIA

13                                SAN JOSE DIVISION

14

15   UNITED STATES OF AMERICA,              )   Case No. CR-18-00258-EJD
                                            )
16           Plaintiff,                     )   **[PROPOSED] ORDER GRANTING MS.**
                                            )   **HOLMES' MOTION TO EXCLUDE CERTAIN**
17       v.                                 )   **RULE 404(B) EVIDENCE UNDER FEDERAL**
                                            )   **RULES OF EVIDENCE 401-403 AND 701-702**
18   ELIZABETH HOLMES and                   )
     RAMESH "SUNNY" BALWANI,                )
19                                          )   Hon. Edward J. Davila
             Defendants.                    )
20                                          )
                                            )
21   _____       )

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING MS. HOLMES' MOTION TO EXCLUDE CERTAIN RULE 404(B)
EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 701-702
CR-18-00258-EJD

1    This Cause having come before the Court upon Defendant Elizabeth A. Holmes' Motion to

2  Exclude Certain Rule 404(b) Evidence Under Federal Rules of Evidence 401-403 and 701-702.  After

3  due consideration of the filings, the governing law and the argument of the parties:

4         IT IS HEREBY ORDERED that Ms. Holmes' motion is GRANTED.

5         IT IS FURTHER ORDERED that the government shall not introduce at trial evidence,

6  argument, or references to "multiplexing test results and disregarding outliers to mask inconsistency,"

7  "improperly setting and altering reference ranges," and withholding "important information from

8  doctors and patients."

9

10        IT IS SO ORDERED.

11

12  Dated: _____

13

14                                                    _____
                                                      Hon. Edward J. Davila
15                                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28  [PROPOSED] ORDER GRANTING MS. HOLMES' MOTION TO EXCLUDE CERTAIN RULE 404(B)
    EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 701-702
    CR-18-00258 EJD