JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>          Defendants. | ) Case No. CR-18-00258-EJD<br>)<br>) **MS. HOLMES' MOTION TO EXCLUDE**<br>) **EVIDENCE CONCERNING WEALTH,**<br>) **SPENDING, AND LIFESTYLE UNDER RULES**<br>) **401-403**<br>) Date:     January 22, 2021<br>) Time:     10:00 AM<br>) CTRM:  4, 5th Floor<br>)<br>)<br>) Hon. Edward J. Davila<br>)<br>)<br>)<br>) |

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE CONCERNING
WEALTH, SPENDING, AND LIFESTYLE
CR-18-00258 EJD

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................................1

I.     Evidence of Ms. Holmes' Wealth, Lifestyle, and Spending Is Irrelevant. .........................2

II.    Wealth, Spending, and Lifestyle Evidence Is Unfairly Prejudicial. ...................................4

CONCLUSION...................................................................................................................................6

**MOTION TO EXCLUDE EVIDENCE CONCERNING
WEALTH, SPENDING, AND LIFESTYLE**

PLEASE TAKE NOTICE that on January 22, 2021, at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move *in limine* to exclude evidence of her purported wealth, spending, and lifestyle.  Ms. Holmes makes this motion pursuant to Federal Rules of Evidence 401, 402, and 403.  The Motion is based on the below Memorandum of Points and Authorities, the exhibits that accompany this motion, the record in this case, and any other matters that the Court deems appropriate.

DATED: November 20, 2020

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Elizabeth Holmes moves, pursuant to Federal Rules of Evidence 401, 402, and 403, to preclude the government from introducing evidence of her purported wealth, spending, and lifestyle. This evidence is irrelevant to any issue at trial and serves no purpose other than to prejudice the jury.

The financial benefits that Ms. Holmes received from her position at Theranos were modest in comparison to those received by many CEOs of multibillion dollar companies. She took a lower salary even than the salaries of other Theranos executives. And, although she owned a substantial amount of Theranos equity, she never sold any equity in the company—despite opportunities to do so and contrary to what one would expect if she intended to benefit from a massive fraud.

Nevertheless, the government has noticed its intention to offer evidence that Ms. Holmes obtained "personal benefit[s]" from her position at Theranos. Ex. 1 ¶ 21(Mar. 6, 2020 Rule 404(b) Notice). According to the government, these "benefits" include company-funded "luxury travel and accommodations" and a "substantial salary" that purportedly enabled Ms. Holmes to lead a "luxurious lifestyle," including "driving a luxury SUV, renting an expensive home, and purchasing expensive merchandise." *Id.* ¶ 21. The government has alleged that that Ms. Holmes "had her Theranos-paid assistants run personal errands, perform personal tasks, and purchase luxury goods." Ex. 3 at 81 (Sept. 28, 2020 Supp. Rule 404(b) Notice). The government has further stated that it intends to offer evidence that Ms. Holmes associated with "celebrities, dignitaries, and other wealthy and powerful individuals," was "featured in numerous publications," and was "the beneficiar[y] of increased local and national standing" because of her position at Theranos. Ex. 1 ¶ 21. According to the government, all this evidence shows that Ms. Holmes "had a financial incentive to commit the offenses." Ex. 3 at 81-83.

The government has no legitimate purpose for offering this evidence. It has no bearing on whether Ms. Holmes engaged in the alleged schemes to defraud with which she is charged. Instead, the government's proffered evidence invites the jury to convict Ms. Holmes based on improper emotional appeals. The Court should exclude it under Rules 401, 402, and 403.

**I.   Evidence of Ms. Holmes' Wealth, Lifestyle, and Spending Is Irrelevant.**

The government's proposed evidence regarding Ms. Holmes' purported "luxurious lifestyle" has no bearing on whether she participated in "(1) [] scheme[s] to defraud" investors or paying patients, through "(2) the use of wire, radio, or television" and with "(3) a specific intent to defraud" those investors and paying patients. *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013). The amount of money Ms. Holmes earned in her position at Theranos, how she chose to spend that money, and the identities of people with whom she associated simply have no relevance to Ms. Holmes' guilt or innocence.

A "conviction for wire fraud requires the Government to prove the defendant had 'a specific intent to defraud,' *not* an intent to personally gain from the fraud." *United States v. Dowie*, 411 F. App'x 21, 25 (9th Cir. 2010) (emphasis added); *see also United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) ("[We] hold that wire fraud requires the intent to deceive *and* cheat — in other words, to deprive the victim of money or property by means of deception."); *United States v. Welch*, 327 F.3d 1081, 1106 (10th Cir. 2003) ("No appellate court to our knowledge has ever held an intent to achieve personal gain is an element of a traditional mail or wire fraud charge involving the deprivation of property."). Thus, *what* Ms. Holmes *gained* from the alleged "scheme to defraud" and how she made use of any purported "benefits" is not an element of the charged scheme and the presentation of evidence concerning it is superfluous.

As noted, the government has indicated that this evidence is probative of Ms. Holmes' motive to defraud investors and patients in order to finance her purportedly "luxurious lifestyle." The U.S. District Court for the Eastern District of New York confronted a similar argument in *United States v. Hatfield*, 685 F. Supp. 2d 320, 326 (E.D.N.Y. 2010). Surveying cases involving such evidence, the district court explained that courts have tended to admit such evidence when it tends to prove that a defendant *participated* in certain conduct. In such cases, the existence of a lavish lifestyle, without any legitimate explanation for the accumulation of wealth, has "a logical tendency to prove criminal misconduct." *Id.* (citation omitted); *see, e.g.*, *United States v. Jackson-Randolph*, 282 F.3d 369, 377-79 (6th Cir. 2002)

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE CONCERNING
WEALTH, SPENDING, AND LIFESTYLE UNDER RULES 401-403
CR-18-00258 EJD

1   (affirming admission of such evidence to prove that the defendant embezzled funds, but noting that, as a

2   general matter, "it is illogical and improper to equate financial success and affluence with greed and

3   corruption").  By contrast, the district court explained, when the relevant question is not how a

4   defendant "acquired the money he used to fund his extravagant lifestyle," but whether the underlying

5   conduct is legal, how the defendant spent money is irrelevant.  *Hatfield*, 685 F. Supp. 2d at 326 ("[I]t is

6   irrelevant if Mr. Brooks spent his fortune on lavish parties, instead of donating it to starving Malawian

7   orphans.").

8          That is the case here.  Whether and how Theranos or Ms. Holmes acquired funds is not in

9   dispute.  The government's motive argument rests on an assumption that because Ms. Holmes enjoyed

10  what the government calls a "luxurious" lifestyle, she must have been motivated to commit fraud to

11  acquire or maintain that lifestyle.  But, as the Ninth Circuit has explained, the problem with that theory

12  is that "almost everyone"—whether rich or poor—"has a motive to get more money," and "most people,

13  rich or poor, do not steal to get it."  *United States v. Mitchell*, 172 F.3d 1104, 1109 (9th Cir. 1999)

14  (reversing conviction where government introduced evidence of defendant's financial situation to prove

15  motive to steal); *see also United States v. Ewings*, 936 F.2d 903, 906 (7th Cir. 1993) ("The government

16  maintains that the evidence established the defendant's motive because it showed that Ewings had an

17  'appetite' for money. But who doesn't?").  In other words, that Ms. Holmes enjoyed a certain lifestyle—

18  one that is commensurate with the lifestyle of many other CEOs—says nothing about whether Ms.

19  Holmes committed fraud to obtain or maintain that lifestyle.  Ms. Holmes' lifestyle is just as probative

20  of the opposite narrative:  that Ms. Holmes achieved financial success by dint of her hard work and

21  innovation.  If it were otherwise, the wealth and lifestyle of almost any large company CEO would

22  necessarily mean that they likewise possess a motive to commit fraud.

23         Many CEOs live in luxurious housing, buy expensive vehicles and clothing, travel luxuriously,

24  and associate with famous people—as the government claims Ms. Holmes did.  And one may

25  reasonably question, as a matter of social or economic policy, whether CEOs and other corporate

26  officials are overcompensated.  No doubt, many prospective jurors may question the reason for such

27

28  MS. HOLMES' MOTION TO EXCLUDE EVIDENCE CONCERNING
    WEALTH, SPENDING, AND LIFESTYLE UNDER RULES 401-403
    CR-18-00258 EJD

                                                    3

compensation—which highlights the tremendous prejudice associated with this evidence.  But this does not suggest that the existence of such compensation or lifestyles is a motive to commit fraud.  At most, the government's proffered evidence of Ms. Holmes' wealth, spending, and lifestyle tends to show that Ms. Holmes earned a living commensurate with her professional position as CEO.  That fact is of no consequence to the government's case.

**II.      Wealth, Spending, and Lifestyle Evidence Is Unfairly Prejudicial.**

Even if evidence of Ms. Holmes' wealth, lifestyle, and spending has some minimal probative value, it should be excluded because the danger of unfair prejudice substantially outweighs any minimal probative value.  Fed. R. Evid. 403.  The probative value of this evidence is, at best, minimal.  The government has identified no evidence directly tying Ms. Holmes' purported wealth, spending, or lifestyle to the scheme to defraud.  As discussed above, its motive argument necessarily rests on the assumption—which exists in every single case involving a wealthy defendant—that wealth provides a motive to engage in fraud.  As the Ninth Circuit has explained, that sort of reasoning is, at best, of "little probative value." *Mitchell*, 172 F.3d at 1108-09 ("A rich man's greed is as much a motive to steal as a poor man's poverty.  Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value.").  That the government could make the same wealth-based motive argument in any wire-fraud case involving a wealthy person with expensive possessions shows just how little probative value such evidence has.  And it ignores the actual evidence in this case, which will demonstrate that Ms. Holmes sacrificed potential personal compensation to advance the company.

At the same time, this evidence is incredibly prejudicial.  Unfair prejudice is the "capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  Prejudicial evidence invites the jury to decide the case on an "emotional" basis.  Fed. R. Evid. 403 advisory committee's note.  "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Offering evidence of Ms. Holmes' purported wealth, lifestyle, and spending habits is a blatant appeal to "class prejudice," which the Supreme Court has called "highly improper," as it "may so poison the minds of jurors even in a strong case that an accused may be deprived of a fair trial." *United States v. Socony Vacuum Oil Co.*, 310 U.S. 150, 239-40 (1940). The Ninth Circuit has expressly recognized the "great deal of unfair prejudice" that flows from wealth-based evidence. *Mitchell*, 172 F.3d at 1108-09. Touting Ms. Holmes as a billionaire who took private flights and appeared on magazine covers—as the government's proposed exhibit list demonstrates it plans to do at trial—is exactly the appeal to class prejudice against which the Supreme Court cautioned. This appeal serves only to lure the jury into convicting Ms. Holmes based on an "emotional" or otherwise "improper basis," which Rule 403 bars. *See* Fed. R. Evid. R. 403 advisory committee's note.

Courts routinely find in similar cases that evidence of wealth or lifestyle is irrelevant or that its probative value is low and dwarfed by the severe risk of unfair prejudice to the defendant. *See, e.g.*, *United States v. Stahl*, 616 F.2d 30, 32 (2d Cir. 1980) (reversing conviction where government repeatedly referred to the defendant's wealth, including characterizing the defendant as a "multi-millionaire businessman in real estate," purportedly to show that the defendant had motive to pay a bribe in order to avoid taxes); *Hatfield*, 685 F. Supp. 2d at 326 (excluding such evidence in case involving alleged improper stock trading); *Kinsey v. Cendant Corp.*, 588 F. Supp. 2d 516, 518-19 (S.D.N.Y. 2008) (excluding income evidence as unfairly prejudicial play "to the fact finder's potential economic sympathies or prejudices"); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, Civ. No. 04-10014, 2009 WL 3111766, at *6-7 (S.D.N.Y. Sept. 28, 2009) (excluding "actual dollar figure" of compensation for "its potential to bias the jury under Rule 403").

Lastly, the government should be precluded from introducing this evidence at trial because it would confuse the issues and would be a momentous waste of time. Introduction of the government's evidence regarding Ms. Holmes' spending would require countless mini-trials concerning whether the company approved Ms. Holmes' expenses, such as her private air travel or security measures, and whether her spending was reasonable. In a trial scheduled for multiple months, the jury should not be

subjected to arguments regarding Ms. Holmes' alleged purchases of luxury travel, "fine wine," or "food delivery to her house."  Ex. 3 at 81-82.

In short, the government has no legitimate reason to introduce evidence about Ms. Holmes' purported wealth, lifestyle, or spending that would justify injecting unfair class-based prejudice into the case and compromising Ms. Holmes' ability to receive a fair trial.

## CONCLUSION

For the foregoing reasons, Ms. Holmes respectfully requests an order precluding the government from introducing at trial evidence of her purported wealth, lifestyle, or spending habits.

DATED:  November 20, 2020                    Respectfully submitted,


                                             /s/ Amy Mason Saharia
                                             KEVIN DOWNEY
                                             LANCE WADE
                                             AMY MASON SAHARIA
                                             KATHERINE TREFZ
                                             Attorneys for Elizabeth Holmes

1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 20, 2020 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE CONCERNING
WEALTH, SPENDING, AND LIFESTYLE UNDER RULES 401-403
CR-18-00258 EJD

1  JOHN D. CLINE (CA State Bar No. 237759)
   50 California Street, Suite 1500
2  San Francisco, CA 94111
   Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
3  Email: cline@johndclinelaw.com

4  KEVIN M. DOWNEY (Admitted Pro Hac Vice)
   LANCE A. WADE (Admitted Pro Hac Vice)
5  AMY MASON SAHARIA (Admitted Pro Hac Vice)
   KATHERINE TREFZ (CA State Bar No. 262770)
6  WILLIAMS & CONNOLLY LLP
   725 Twelfth Street, NW
7  Washington, DC 20005
   Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
8  Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

9  Attorneys for Defendant ELIZABETH A. HOLMES

10

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15  UNITED STATES OF AMERICA,          )  Case No. CR-18-00258-EJD
                                       )
16            Plaintiff,               )  **[PROPOSED] ORDER GRANTING MS.**
                                       )  **HOLMES' MOTION TO EXCLUDE EVIDENCE**
17       v.                            )  **CONCERNING WEALTH, SPENDING, AND**
                                       )  **LIFESTYLE**
18  ELIZABETH HOLMES and               )
    RAMESH "SUNNY" BALWANI,            )
19                                     )  Hon. Edward J. Davila
              Defendants.              )
20                                     )
                                       )
21  _____ )

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING MOTION TO EXCLUDE EVIDENCE CONCERNING WEALTH,
SPENDING, AND LIFESTYLE
CR-18-00258-EJD

1    This Cause having come before the Court upon Defendant Elizabeth A. Holmes' Motion to

2    Exclude Evidence Concerning Wealth, Spending, and Lifestyle.  After due consideration of the filings,

3    the governing law and the argument of the parties:

4         IT IS HEREBY ORDERED that Ms. Holmes' motion is GRANTED.

5         IT IS FURTHER ORDERED that the government shall not introduce at trial evidence,

6    arguments, or references to Ms. Holmes purported wealth, lifestyle, or spending habits.

7

8         IT IS SO ORDERED.

9

10   Dated: _____

11

12                                                          _____

13                                                          Hon. Edward J. Davila
                                                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [PROPOSED] ORDER GRANTING MOTION TO EXCLUDE EVIDENCE CONCERNING WEALTH,
     SPENDING, AND LIFESTYLE
     CR-18-00258 EJD