JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>   Defendants. | Case No. CR-18-00258-EJD<br><br>**MS. HOLMES' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT BY THE GOVERNMENT AS TO THE PURPORTED INACCURACY OR UNRELIABILITY OF TESTS NOT IDENTIFIED IN THE BILL OF PARTICULARS**<br><br>Date:   January 22, 2021<br>Time:   10:00 AM<br>CTRM:  4, 5th Floor<br><br>Hon. Edward J. Davila |

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RE: TESTS NOT IDENTIFIED IN BILL OF PARTICULARS
CR-18-00258 EJD

# MOTION TO EXCLUDE EVIDENCE AND ARGUMENT
# RE: TESTS NOT IDENTIFIED IN BILL OF PARTICULARS

PLEASE TAKE NOTICE that on January 22, 2021, at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court pursuant to the Court's February 11, 2020 Order and Rule 7(f) of the Federal Rules of Criminal Procedure for an order precluding the government from introducing at trial evidence and argument regarding the purported inaccuracy or unreliability of tests not identified in the Bill of Particulars. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: November 20, 2020

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

**MEMORANDUM OF POINTS AND AUTHORITIES**

In its February 11, 2020 Order, the Court ordered that the government identify "the particular tests that the Government claims Theranos was not capable of consistently producing." ECF No. 330 at 16. The Court reasoned that the "universe of potential misrepresentations" in the alleged patient-related scheme to defraud was "vast," and that the "immense" discovery in the case creates a "substantial risk that Defendants may be unfairly surprised at trial." *Id.* at 15-16. Citing to *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987), the Court seemingly acknowledged that Ms. Holmes should not be forced to prepare unnecessary defenses. *Id.* at 16. The government's March 27, 2020 Bill of Particulars identified twenty-five assays: bicarbonate, calcium, chloride, cholesterol, HDL, LDL, gonorrhea, glucose, HbA1c, hCG, HIV, LDH, potassium, PSA, PT/INR, sodium, testosterone, TSH, vitamin D (25-OH), and the assays conducted on Theranos' TSPU version 3.5, including estradiol, prolactin, SHBG, thyroxine (T4/free T4), triiodothyronine, and vitamin B-12. ECF No. 377 at 25. Paragraph 16 of the Second and Third Superseding Indictments each list those same tests. SSI ¶ 16; TSI ¶ 16.

In order to give the intended effect to the Court's February 11 Order, the Court should preclude the government from introducing evidence and argument concerning any additional assays. As the Court recognized in that order, a bill of particulars "'is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial.'" ECF No. 330 at 12 (quoting *Untied States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983)); *see also United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) ("A bill of particulars, like the indictment, is designed to define and limit the government's case."). Indeed, "[w]hen a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified, *i.e.*, the bill limits the scope of the government's proof at the trial." *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965); *cf. United States v. Cardenas*, 408 Fed. Appx. 106, 108-09 (9th Cir. 2011) (variance between proof at trial and allegations in indictment, as specified at pre-trial hearing in response to motion for a bill of particulars, required reversal).

The government's initial exhibit list, served on June 26, 2020 (before the SSI and the TSI were filed), includes just under 3,800 entries. Dozens of the exhibits address tests not identified in the Bill of

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RE: TESTS NOT IDENTIFIED IN BILL OF PARTICULARS
CR-18-00258 EJD

1

1   Particulars, including ALT, ANA, AST, Bilirubin, Complete Blood Count with differential (which
2   includes numerous measurands, or quantities to be measured), Comprehensive Metabolic Panel (which
3   includes several measurands beyond those listed in the Bill of Particulars), Creatinine, eGFR, FSH,
4   Hepatitis C, IgM, IgE, Lead, Platelets, Protein, PTH, RDW, and Syphilis.  The government should be
5   prohibited from offering these exhibits (or others), and any corresponding testimony, as they fall outside
6   of the scope of the tests identified on the Bill of Particulars, in addition to other possible evidentiary
7   bases.  *See, e.g.,* Def.'s Mot. To Exclude Evidence of Anecdotal Test Results.

8       The potential evidence addressing additional tests comes in a number of forms.  Some exhibits
9   appear to address particular test results for particular patients.  For example, the government has
10  identified as possible exhibits several test results with handwritten notes related to eGFR and RDW
11  related to a patient, D.A.  (The government's initial witness list served the same day as its exhibit list did
12  not identify D.A. as a potential witness.)  Similarly, Government Exhibit 2521 appears to involve the
13  rerun of a syphilis test result at the request of a doctor.  The relevance of these documents is not clear
14  and, notably, neither Ms. Holmes nor any individual on the government's witness list appears copied on
15  them.  Because the Bill of Particulars does not identify these tests, the government should be precluded
16  from offering these documents for the purpose of showing that customers were allegedly defrauded in
17  connection with Theranos' RDW, eGFR, or syphilis results.

18      Other examples include apparent downloads of select data regarding test results, such as
19  Government Exhibits 3580 (select results for ALT), 3584 (select results for AST), 3585 (select results
20  for Bilirubin), 3588 (select results for creatinine), 3590 (select results for protein serum), and 3599
21  (select results for CBC tests).  It is not clear how these results—which also didn't go to Ms. Holmes—
22  are relevant at all.

23      Similarly, the government should be precluded from eliciting testimony of doctors, customers,
24  and former Theranos employees regarding unlisted assays.  For example, the government has identified
25  J.B. as a potential witness; J.B.'s interview memorandum suggests that although J.B. generally had a
26  good experience with Theranos, J.B. once had a Theranos liver enzyme test rerun.  None of the liver
27
28  MS. HOLMES' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RE: TESTS NOT
    IDENTIFIED IN BILL OF PARTICULARS
    CR-18-00258 EJD

enzyme tests are identified on the Bill of Particulars; accordingly, testimony should not be elicited from J.B. regarding those tests.

The Court's order requiring the government to identify the particular tests it claims were not consistently accurate or reliable was appropriate and necessary for Ms. Holmes to prepare her defense. Theranos offered at least 150 tests in 2015, and these tests were run using different sample types, on different devices, and using different methods of testing, during the alleged patient conspiracy. Some, but not all, of the tests were run on Theranos proprietary methods, at certain times and depending on the location. Being prepared to address government allegations with respect to any one test is a complex undertaking that requires substantial preparation—it is not properly assessed by identifying that a question was once raised about a result. To the extent determining whether any particular test is capable of consistently producing accurate and reliable results is possible at all based on the available evidence in this case, it would require careful evidentiary analysis amid the millions of documents and hundreds of witness statements in the case. Permitting the government to offer evidence about tests beyond those identified in the Bill of Particulars (and repeated in the SSI and TSI) would undermine the Court's order and cause Ms. Holmes substantial prejudice.

As the Court recognized in its February 11, 2020 order, "a defendant faced with false statements charges should not have to waste precious pre-trial preparation time guessing" at the government's theory of the case. ECF No. 330 at 14 (citation omitted). Each test requires an immense amount of pretrial work to adequately prepare for trial, and Ms. Holmes should not have to unnecessarily prepare or guess at which tests the government will present at trial. That was, of course, the reason the Court ordered the Bill of Particulars to include "the particular tests that the Government claims Theranos was not capable of consistently producing" in the first place. *Id.* at 16.

## CONCLUSION

For the foregoing reasons, Ms. Holmes respectfully requests an order precluding the government from introducing evidence or argument regarding purported inaccuracy or unreliability of tests not listed in the Bill of Particulars.

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RE: TESTS NOT IDENTIFIED IN BILL OF PARTICULARS
CR-18-00258 EJD

3

1  DATED: November 20, 2020              Respectfully submitted,

2

3                                        /s/ Amy Mason Saharia
                                         KEVIN DOWNEY
4                                        LANCE WADE
                                         AMY MASON SAHARIA
5                                        KATHERINE TREFZ
                                         Attorneys for Elizabeth Holmes
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 MS. HOLMES' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RE: TESTS NOT IDENTIFIED IN BILL OF PARTICULARS
CR-18-00258 EJD

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes