JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | |
| v. | **MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408** |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | Date:  January 22, 2021 |
| | Time:  10:00 AM |
| | CTRM:  4, 5th Floor |
| | Hon. Edward J. Davila |

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS
UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD

## MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS

PLEASE TAKE NOTICE that on January 22, 2021, at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court pursuant to 401-403 and 408 of the Federal Rules of Evidence to exclude evidence of settlements. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: November 20, 2020

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

ARGUMENT .....................................................................................................................................2

      I.     Rules 408 Bars Settlement Evidence ................................................................2

      II.    Evidence of Settlements Is Irrelevant ..............................................................4

      III.   Rule 403 Bars the Settlements .........................................................................5

CONCLUSION ..................................................................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

Ms. Holmes respectfully moves to preclude the government from introducing any evidence regarding civil or regulatory settlements by Theranos, Ms. Holmes, or any other individuals associated with Theranos (including Mr. Balwani), including evidence relating to the negotiation of those settlements.  Between 2016 and 2018, Theranos and, in some instances, Ms. Holmes, entered into settlement agreements with various individuals and entities, including former business partners, investors, and federal and state agencies.  As with most settlements, the purpose of the agreements were to resolve claims without having to go through protracted litigation.  Neither Theranos nor Ms. Holmes admitted any of the allegations in the underlying cases.

The Federal Rules of Evidence make inadmissible evidence of prior settlement agreements, including evidence that encompasses conduct or statements during settlement negotiations, when the evidence is offered to "either prove or disprove the validity . . . of a disputed claim."  Fed. R. Evid. 408.  Despite this clear prohibition, the government has implied in filings that it intends to use settlements to attempt to prove that Theranos technology was not capable of consistently producing accurate and reliable test results.  *See* ECF No. 267 at 2-3.  Similarly, the government has included a settlement agreement with a Theranos business partner on its exhibit list.  The Court should preclude any such evidence for several reasons.

First, Rule 408 plainly prohibits evidence of settlements and settlement negotiations to prove the validity of the government's claims in this case.  And, even absent application of Rule 408, the settlements are irrelevant under Rule 401 and therefore should be excluded under Rule 402.  As the Ninth Circuit has recognized, "'evidence [of compromise] is irrelevant, since the offer may be motivated by desire for peace rather than from any concession of weakness of position.'"  *Hudspeth v. Comm'r*, 914 F.2d 1207, 1214 (9th Cir. 1990) (internal quotation marks omitted) (quoting Fed. R. Evid. 408 advisory committee's note).  Neither Ms. Holmes nor Theranos admitted liability, nor did they admit any of the allegations in the complaints of the respective cases.  There are myriad reasons why a party chooses to settle a case—all of which are unrelated to whether the party is in fact liable for the underlying claims.

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS
UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD

1

Lastly, and relatedly, the prejudicial nature of the settlements would substantially outweigh any minimal probative value, making them inadmissible under Rule 403. "The prejudice that inheres in offers to settle is patently virulent." *Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 800 (6th Cir. 2007). Doing so would mislead the jury into thinking that the issues at trial were already resolved against Ms. Holmes or that the settlements show consciousness of guilt. Additionally, the introduction of this evidence would run the risk of several mini-trials related to the terms of each settlement, the reasons for each settlement, and the underlying claims of each dispute. The Court should preclude the government from introducing this evidence.

## ARGUMENT

### I.  Rules 408 Bars Settlement Evidence

"Federal Rule of Evidence 408 governs the admissibility of evidence of conduct or statements made during settlement negotiations." *Manzo v. Cty. of Santa Clara*, 2019 WL 2866047, at *3 (N.D. Cal. July 3, 2019) (emphasis omitted). It provides that "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" is inadmissible "either to prove or disprove . . . a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408; *see also Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007) ("evidence from settlement negotiations may not be considered in court 'when offered to prove liability'" (emphasis omitted) (quoting Fed. R. Evid. 408)). "Two principles underlie Rule 408: (1) '[t]he evidence [of compromise] is irrelevant, since the offer may be motivated by desire for peace rather than from any concession of weakness of position;' (2) '[a] more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes.'" *Hudspeth*, 914 F.2d at 1213 (quoting Fed. R. Evid. 408 advisory committee's note). "Negotiations in settling the dispute at hand serve both parties' wishes in avoiding trial." *Baltazar v. Target Corp.*, 2014 WL 12599626, at *7 (C.D. Cal. Oct. 22, 2014). "To admit such discussions and offers as a form of liability would disrupt future efforts amongst parties in conducting candid conversations of settling disputes." *Id.* Indeed, the purpose of Rule 408 is to "ensure that parties

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS
UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD

may make offers during settlement negotiations without fear that those same offers will be used to establish liability. . . ." *Rhoades*, 504 F.3d at 1161.

The government has indicated its intent to use the settlements for exactly this prohibited purpose. In its opposition to Ms. Holmes' Motion to Dismiss, the government argued that the fact that Theranos "refunded test fees to tens of thousands of patients after its misrepresentations were exposed"—actions taken as part of a settlement—proved that the tests were unreliable and "worthless." ECF No. 267 at 7. In that same filing, the government noted that when faced with a lawsuit by the Arizona Attorney General, "Theranos entered into a settlement under which it refunded tens of thousands of patients the money they had paid." *Id.* at 2. The clear implication of this argument is that Theranos settled because the company was at fault for the claims in the lawsuits. Rule 408 bars the introduction of settlement evidence for just this purpose, because "an offer or acceptance of a compromise is not very probative of the defendant's guilt" and "admitting such an offer or acceptance could deter a defendant from settling a civil regulatory action, for fear of evidentiary use in a subsequent criminal action." Fed. R. Evid. 408 advisory committee's note.

In this case, all evidence of settlements—including for example with business partners like Walgreens and Safeway, investors, and the SEC—should be excluded.[1] And any statements made in settlement discussions with private parties are likewise inadmissible. *See* Fed. R. Evid. 408 advisory committee's note ("statements made during compromise negotiations of other disputed claims are not admissible in subsequent criminal litigation, when offered to prove liability for, invalidity of, or amount of those claims"). This is because "[w]hen private parties enter into compromise negotiations they cannot protect against the subsequent use of statements in criminal cases by way of private ordering." *Id.* "Such a chill on settlement negotiations would be contrary to the policy of Rule 408." *Id.*

---

[1] Ms. Holmes has separately moved to exclude evidence of settlements with CMS and the Arizona Attorney General's Office.

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS
UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD

3

Because the government intends to introduce into evidence, or at least reference, settlements or settlement negotiations by Theranos and/or Ms. Holmes in order to prove liability, the Court should exclude any evidence of the settlements or statements made when negotiating the settlements.[2]

## II.     Evidence of Settlements Is Irrelevant

Even if Rule 408 did not apply, evidence of the settlements is still irrelevant. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. If evidence does not meet this standard, it is inadmissible. Fed. R. Evid. 402. Evidence of Theranos' settlements is irrelevant to the charges in this case. As the Ninth Circuit has recognized, "evidence [of compromise] is irrelevant, since the offer may be motivated by desire for peace rather than from any concession of weakness of position." *Hudspeth*, 914 F.2d at 1214 (internal quotation marks omitted) (quoting Fed. R. Evid. 408 advisory committee's note.).

In this case, the settlements are irrelevant because they do not tend to prove Ms. Holmes' liability. Theranos' and Ms. Holmes' decisions to settle disputes do not necessarily reflect their view that the claims against them were valid. To the contrary, "[t]he numerous factors that affect a litigant's decision whether to compromise a case or litigate it to the end include the value of the particular proposed compromise, the perceived likelihood of obtaining a still better settlement, the prospects of coming out better, or worse, after a full trial, and the resources that would need to be expended in the attempt." *SEC v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 164 (2d Cir. 2012). The settlement agreements themselves make explicit this very point. For example, in a 2018 settlement with certain investors, Theranos and Ms. Holmes expressly denied and disclaimed any wrongdoing or liability and stated that they agreed to enter into the settlement agreement to avoid the further expense,

---

[2] Theranos, Ms. Holmes, or any other individuals associated with Theranos entered into various settlements. The government's exhibit lists includes documents concerning settlements with Walgreens and Safeway. Other settlements include agreements that resolved claims brought by the SEC, Plaintiffs in *Colman v. Theranos, Inc.*, and *Partner Investments, LP v. Theranos, Inc.*; Hall Black Diamond II, LLC; Rupert Murdoch; Walgreens; and Safeway. Other civil litigation remains pending against Ms. Holmes and, of course, the government should not be permitted to comment on or present evidence related to ongoing civil litigation.

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS
UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD

4

inconvenience, and distraction of litigation, and to put to rest all claims that were or might have been alleged. Similarly, Ms. Holmes' settlement with the SEC provides that she "consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint." Ex. 58 at 1 (*SEC v. Holmes*, 18-cv-01602 (N.D. Cal. 2018), ECF No. 9 at 1.) For these reasons, that Theranos and/or Ms. Holmes settled with various individuals or entities does not tend to prove the government's allegations. Rules 401 and 402 therefore bar evidence about the settlements.

### III.     Rule 403 Bars Settlement Evidence

Even if this evidence were relevant, it must be excluded because its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "The prejudice that inheres in offers to settle is patently virulent." *Stockman*, 480 F.3d at 800. "The almost unavoidable impact of the disclosure of such evidence is that the jury will consider the offer or agreement as evidence of a concession" of liability. *United States v. Christensen*, 2016 WL 1753600, at *3 (D. Ariz. May 3, 2016) (internal quotation marks omitted) (quoting 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* § 408.08[1] (2015)). "[A]s the framers of Rule 408 clearly contemplated, the potential impact of evidence regarding a settlement agreement with regard to a determination of liability is profound." *United States v. Hays*, 872 F.2d 582, 589 (5th Cir. 1989); *see also Trout v. Milton S. Hershey Med. Ctr.*, 572 F. Supp. 2d 591, 596 (M.D. Pa. 2008) ("Settlement agreements . . . are inadmissible regardless of relevance if offered to establish liability for or the amount of a claim or if introduction thereof would result in undue prejudice to an opposing party.").

Injecting the settlements into this case would serve no purpose beyond improperly suggesting to the jury that Ms. Holmes admitted fault or admitted that the claims against her were actually true. That suggestion would be particularly problematic here, where the government must prove its case beyond a reasonable doubt, whereas the civil claims against Theranos and Ms. Holmes were subject to a lesser burden of proof. The jury might well be misled into construing the settlements as an admission of guilt by Theranos or Ms. Holmes—even though Ms. Holmes' alleged guilt must be assessed under a more demanding standard than the civil claims at issue in those cases.

In *United States v. Davis*, the court held that even if the government sought to admit a settlement for a purpose other than proving the defendant's guilt, it was inadmissible under Rule 403 because it was unfairly prejudicial. 2009 WL 3646459, at *5 (E.D. Pa. Nov. 4, 2009). The Court reasoned that the limited probative value of the evidence was outweighed by the "risk that a jury will view the agreement as a confession of liability and guilt, regardless of the purpose for which the evidence is received." *Id.* The court observed that this prejudice was so great that "[e]ven a carefully crafted limiting instruction might not eliminate the prejudicial effect of the agreement." *Id.*

Similarly, in *Hays*, the government claimed that evidence of a settlement agreement "assisted the jury in its understanding of the breadth of the conspiracy." 872 F.2d at 589. The court in *Hays* ruled that the government's stated purpose for admitting the evidence was "at direct odds with the clear mandates of Rule 408," and held that admission of evidence regarding the settlement was in error. The court reasoned that "the potential impact of evidence regarding a settlement agreement with regard to a determination of liability is profound. It does not tax the imagination to envision the juror who retires to deliberate with the notion that if the defendants had done nothing wrong, they would not have [settled]." *Id.* The same result should follow in this case. Admission of evidence concerning the settlements will invite the jury to assume improperly that if Ms. Holmes or Theranos did nothing wrong then they would not have settled with the various individuals and entities.

Finally, evidence of the settlements is inadmissible because it would necessarily require time-consuming mini-trials. Ms. Holmes would be forced to rebut the government's allegations that these settlements demonstrate knowledge of inaccurate tests. Doing so would require an extensive presentation of evidence regarding the circumstances under which the settlements were negotiated and executed. As one court in this district put it, "[o]pening the Pandora's Box of the parties' settlement communications . . . would involve engaging in a separate mini-trial that would take an inordinate amount of time and muddy the issues to be decided by the jury." *Morton & Bassett*, *LLC v. Organic Spices, Inc.*, 2017 WL 3838097, at *5 (N.D. Cal. Sept. 1, 2017) ("The parties would have to devote time to explaining the context of the settlement discussions, why certain positions were taken in settlement

negotiations, and why other positions were not . . . . This would essentially be a mini-trial of the parties' settlement negotiations and the parties' true views of the merits." (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, Ms. Holmes respectfully requests an order precluding the government from introducing any evidence or testimony regarding settlements, agreements, and the negotiations that led to those agreements, by Theranos, Ms. Holmes, or any other individuals associated with Theranos.

DATED: November 20, 2020                            Respectfully submitted,


                                                    /s/ Amy Mason Saharia
                                                    KEVIN DOWNEY
                                                    LANCE WADE
                                                    AMY MASON SAHARIA
                                                    KATHERINE TREFZ
                                                    Attorneys for Elizabeth Holmes

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS
UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD

7

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2020 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS
UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD

JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **[PROPOSED] ORDER GRANTING MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | Hon. Edward J. Davila |

1  This Cause having come before the Court upon Defendant Elizabeth A. Holmes' Motion to
2  Exclude Evidence of Settlements.  After due consideration of the filings, the governing law and the
3  argument of the parties:

4  IT IS HEREBY ORDERED that Ms. Holmes' motion is GRANTED.

5  IT IS FURTHER ORDERED that the government shall not introduce at trial any
6  evidence, argument, or reference to settlements, agreements, and the negotiations that led to those
7  agreements, by Theranos, Ms. Holmes, or any other individuals associated with Theranos.

9  IT IS SO ORDERED.

11  Dated: _____

13  _____
   Hon. Edward J. Davila
14  United States District Judge

28  [PROPOSED] ORDER GRANTING MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS
   UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408
   CR-18-00258 EJD