1  JOHN D. CLINE (CA State Bar No. 237759)
2  50 California Street, Suite 1500
   San Francisco, CA 94111
3  Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
   Email: cline@johndclinelaw.com
4
   KEVIN M. DOWNEY (Admitted Pro Hac Vice)
5  LANCE A. WADE (Admitted Pro Hac Vice)
   AMY MASON SAHARIA (Admitted Pro Hac Vice)
6  KATHERINE TREFZ (CA State Bar No. 262770)
   WILLIAMS & CONNOLLY LLP
7  725 Twelfth Street, NW
   Washington, DC 20005
8  Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
9  Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

10 Attorneys for Defendant ELIZABETH A. HOLMES

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                          SAN JOSE DIVISION

15

16 UNITED STATES OF AMERICA,          )  Case No. CR-18-00258-EJD
                                      )
17          Plaintiff,                )
                                      )  **MS. HOLMES' MOTION TO EXCLUDE**
18      v.                            )  **EVIDENCE OF ALLEGED BLAMING AND**
                                      )  **VILIFYING OF COMPETING COMPANIES**
19 ELIZABETH HOLMES and               )  **AND JOURNALISTS UNDER FEDERAL**
   RAMESH "SUNNY" BALWANI,            )  **RULES OF EVIDENCE 401-403 AND 404**
20                                    )
                                      )
21          Defendants.               )  Date:    January 22, 2021
                                      )  Time:    10:00 AM
22                                    )  CTRM:  4, 5th Floor
                                      )
23                                    )  Hon. Edward J. Davila
                                      )
24                                    )
                                      )
25 _____ )

26

27

28 MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED BLAMING AND VILIFYING
   OF COMPETING COMPANIES AND JOURNALISTS UNDER FEDERAL RULES OF EVIDENCE
   401-403 AND 404
   CR-18-00258 EJD

1

2

**MOTION TO EXCLUDE EVIDENCE OF ALLEGED BLAMING AND VILIFYING OF COMPETING COMPANIES AND JOURNALISTS**

3        PLEASE TAKE NOTICE that on January 22, 2021, at 10:00 a.m., or on such other date and time

4   as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose,

5   CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does

6   respectfully move the Court pursuant to Rules 401-403 and 404 of the Federal Rules of Evidence to

7   exclude evidence that Defendants allegedly blamed and vilified competing companies and journalists.

8   The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and

9   any other matters that the Court deems appropriate.

10

11   DATED: November 20, 2020

12

13                                                    /s/ Amy Mason Saharia
                                                     KEVIN DOWNEY
14                                                    LANCE WADE
                                                     AMY MASON SAHARIA
15                                                    KATHERINE TREFZ
                                                     Attorneys for Elizabeth Holmes
16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED BLAMING AND VILIFYING
OF COMPETING COMPANIES AND JOURNALISTS UNDER FEDERAL RULES OF EVIDENCE
401-403, AND 404
CR-18-00258 EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................................1

BACKGROUND .............................................................................................................................................1

ARGUMENT..................................................................................................................................................2

CONCLUSION................................................................................................................................................4

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED BLAMING AND VILIFYING
OF COMPETING COMPANIES AND JOURNALISTS UNDER FEDERAL RULES OF EVIDENCE
401-403, AND 404
CR-18-00258 EJD

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2   The government has disclosed its intent to present purported evidence under Rule 404(b) that

3 Defendants "[b]lam[ed] or vilif[ied] competing companies" and "vilif[ied] journalists."  Ex. 1 at 5-6

4 (Mar. 6, 2020 Gov't Rule 404(b) Notice).  Specifically, the government claims that "[w]hen Theranos

5 was the subject of regulatory scrutiny or negative publicity, Defendants attributed blame to competing

6 companies like Quest and LabCorp, stating and implying that those companies were influencing the

7 government and/or the media."  *Id.* at 6.  The government also alleges that Defendants similarly "vilified

8 journalists who printed negative articles about Theranos, blaming them for skepticism regarding

9 Theranos and its technology in an effort to deflect blame and accountability from themselves and their

10 company."  *Id.*  According to the government, this evidence shows Defendants' "consciousness of

11 guilt," "knowledge [that] Theranos's technology [was] not capable of consistently producing accurate

12 and reliable results," and "belief that transparency would expose the falsity of what they claimed to

13 investors."  Ex. 3 at 61-62 (Sept. 28, 2020 Gov't Supp. Rule 404(b) Notice).  That inferential leap is far

14 too speculative to admit this evidence under Rule 404(b).  The risk of unfair prejudice, jury confusion,

15 and mini-trials far outweighs the probative value (if any) of this side show.  The Court should exclude

16 this evidence under Rules 401-404.

17

## BACKGROUND

18   The government has identified five acts of "blaming and vilifying" competitors and journalists

19 that it intends to introduce under Rule 404(b):

20  1. An employee will testify that Ms. Holmes and Mr. Balwani allegedly led employees in a chant of

21    'Fuck you, Sonora Quest.'"  Ex. 3 at 59.  The government also alleges that Mr. Balwani led a

22    similar chant directed at Quest.  Sonora Quest and Quest were competitors of Theranos in the

23    blood-testing field.

24  2. A Walgreens employee will testify that "HOLMES said Theranos' competitors were sending

25    people into Walgreens to order esoteric blood tests in order to throw off the blood draw

26

27

28 MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED BLAMING AND VILIFYING
OF COMPETING COMPANIES AND JOURNALISTS UNDER FEDERAL RULES OF EVIDENCE
401-403 AND 404
CR-18-00258 EJD

percentages." *Id.* at 61.  The government does not allege that this alleged statement about competitors was false.

3.  A different Walgreens employee will testify that "BALWANI advised Walgreens that the reasons for the high number of venous blood draws included the cartridges not being ready for tests that were being ordered, LabCorp and Quest sending people in to order tests which required venous blood draws, and doctors ordering esoteric tests." *Id.* at 61-62.  The government does not allege that this statement was false.

4.  A Theranos employee will testify that he learned of an impending Wall Street Journal article at "an all-hands meeting" at Theranos, and that "[d]uring the meeting, the attendees were told the article made several allegations that were false, and that this story was being pushed by LabCorp and Quest." *Id.* at 62.  The government does not tie this statement to Ms. Holmes or Mr. Balwani.  The government does not allege that the statement was false.[1]

5.  A Theranos employee will testify about an instance when Ms. Holmes supposedly "chanted 'Fuck you Carreyrou'" at a company meeting. *Id.* at 59.  John Carreyrou is a journalist who published a series of articles critical of Theranos in the *Wall Street Journal*.  According to this employee, Ms. Holmes made this comment around July 2016—after Mr. Carreyrou had authored or co-authored over twenty articles on Theranos.  Ex. 70 (US-REPORTS-0015124) (under seal).

According to the government, "Holmes and Balwani's blaming or vilifying competitors tends to show consciousness of guilt," their "knowledge [that] Theranos's technology [was] not capable of consistently producing accurate and reliable results," and "a belief that transparency would expose the falsity of what they claimed to investors."  Ex. 3 at 59, 62.

## ARGUMENT

The probative value of this handful of alleged statements—which the government does not even allege to be false—is nil.  Corporations are deeply suspicious of their competitors and often attribute

---

[1] Although the government alleged generally in its original Rule 404(b) notice that Defendants implied that competitors were influencing the government, it has not disclosed any specific example of such conduct.  Even if it had, such evidence would be inadmissible for all the reasons herein.

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED BLAMING AND VILIFYING OF COMPETING COMPANIES AND JOURNALISTS UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 404
CR-18-00258 EJD

setbacks to actions by those competitors (to say nothing of politicians).  So do sports teams; if vilifying competitors, and chanting curse words about them, were a sign of a guilty conscience, every sports team in America would be guilty of something.  Companies and corporate officials routinely vilify competitors to motivate employees.  The conclusion the government draws from this normal (even if lamentable) behavior—that Ms. Holmes and Mr. Balwani had guilty consciences and knew that Theranos' technology was not consistently producing accurate and reliable results—is completely speculative.  This is especially so given that the government does not even allege the statements it attributes to Ms. Holmes and Mr. Balwani to be false.  This evidence is irrelevant and thus inadmissible under Rules 401-402 and 404.[2]

The same holds for evidence of the alleged chant about Mr. Carreyrou.  The government alleges that Ms. Holmes made this statement to fellow Theranos employees at a time when Mr. Carreyrou already had authored (or co-authored) over twenty articles about Theranos.  Ex. 70 (under seal).  There would be nothing remarkable about Ms. Holmes expressing frustration to her colleagues about critical news coverage of her and their company.  That normal human reaction to adversity and negative publicity would not be evidence of consciousness of guilt.

Even if this evidence had some marginal probative value, Rule 403 would bar its admission.  Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The disclosed evidence will confuse the issues and waste time by spawning mini-trials into whether Theranos' competitors in fact sent people into Walgreens to order esoteric tests and whether Theranos' competitors had some role in negative press coverage of Theranos—questions that are far afield from the issues in dispute in this case.  Notably, to Ms. Holmes' knowledge, the government has made no effort to assess the truth or falsity of these proffered statements.  To prepare for her defense of these irrelevant

---

[2] The alleged statement at an "all-hands meeting" is also irrelevant for the reason that it is not tied to Ms. Holmes or Mr. Balwani.  Ex. 3 at 62.  The government's disclosure does not identify who made that alleged statement.

MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED BLAMING AND VILIFYING OF COMPETING COMPANIES AND JOURNALISTS UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 404
CR-18-00258 EJD

3

1   assertions (if this evidence is permitted), Ms. Holmes would be forced to move for pre-trial return of

2   document subpoenas to gather the evidence the government seemingly has no interest in confirming.

3       Likewise, the alleged evidence that Ms. Holmes led employees in a profane chant about a

4   competitor or a journalist will unfairly prejudice Ms. Holmes in the jury's eyes.  Some jurors may

5   unfairly infer from such conduct that Ms. Holmes was a bad person who must have done other bad

6   things, a forbidden propensity inference.  At the same time, evidence of such chants has virtually no

7   probative value with respect to any issue in this case.  It says nothing about the accuracy and reliability

8   of Theranos' technology or about whether Ms. Holmes made false statements to investors or paying

9   patients.  Its purpose is to inflame and nothing more.

10                                          **CONCLUSION**

11       For the foregoing reasons, Ms. Holmes respectfully requests an order excluding evidence that

12   Defendants blamed or vilified competing companies and journalists.

13

14   DATED: November 20, 2020                    Respectfully submitted,

15

16                                              /s/ Amy Mason Saharia
                                                KEVIN DOWNEY
17                                              LANCE WADE
                                                AMY MASON SAHARIA
18                                              KATHERINE TREFZ
                                                Attorneys for Elizabeth Holmes
19

20

21

22

23

24

25

26

27

28   MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED BLAMING AND VILIFYING
     OF COMPETING COMPANIES AND JOURNALISTS UNDER FEDERAL RULES OF EVIDENCE
     401-403 AND 404
     CR-18-00258 EJD
                                              4

1

2

## **CERTIFICATE OF SERVICE**

3
         I hereby certify that on November 20, 2020 a copy of this filing was delivered via ECF on all

4
counsel of record.

5

6
                                        /s/ Amy Mason Saharia
                                        AMY MASON SAHARIA
7
                                        Attorney for Elizabeth Holmes

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED BLAMING AND VILIFYING
OF COMPETING COMPANIES AND JOURNALISTS UNDER FEDERAL RULES OF EVIDENCE
401-403 AND 404
CR-18-00258 EJD