JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>    Defendants. | Case No. CR-18-00258-EJD<br><br>**MS. HOLMES' MOTION TO EXCLUDE CERTAIN NEWS ARTICLES UNDER FEDERAL RULES OF EVIDENCE 403 AND 802**<br>Date:   January 22, 2021<br>Time:   10:00 AM<br>CTRM: 4, 5th Floor<br><br>Hon. Edward J. Davila |

# MOTION TO EXCLUDE CERTAIN NEWS ARTICLES UNDER FEDERAL RULES OF EVIDENCE 403 AND 802

PLEASE TAKE NOTICE that on January 22, 2021, at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move *in limine* for an order excluding certain news articles from evidence at trial under Federal Rules of Evidence 403 and 802.  The Motion is based on the below Memorandum of Points and Authorities, the exhibits and declarations that accompany this motion, the record in this case, and any other matters that the Court deems appropriate.

DATED: November 20, 2020

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' MOTION TO EXCLUDE CERTAIN NEWS ARTICLES UNDER FEDERAL RULES OF EVIDENCE 403 AND 802
CR-18-00258 EJD

i

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1
BACKGROUND ............................................................................................................................ 1
ARGUMENT .................................................................................................................................. 2
CONCLUSION ............................................................................................................................... 4

## MEMORANDUM OF POINTS AND AUTHORITIES

The government's exhibit list contains over 50 news articles covering Theranos from 2013 through 2016. The government, however, apparently intends to call at trial just two journalists who together authored just three of those articles. For all but those three articles, the government faces an insurmountable hearsay hurdle at the threshold—without testimony from their authors, the articles are wholesale inadmissible. *Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991). Many of the articles also contain additional layers of hearsay concerning some of the most critical aspects of the case that qualify for no exception. And even if the government could overcome these hearsay challenges, the articles' often opinionated commentary still would render them inadmissible under Rule 403. The Court should exclude all news articles by journalists who will not testify at trial.

## BACKGROUND

The government's June 26, 2020 witness list includes two journalists who interviewed Ms. Holmes and others associated with Theranos: Roger Parloff and Dr. Eric Topol. *See* Saharia Decl. ¶ 2. Mr. Parloff published several articles on Theranos in 2014 and 2015, two of which appear on the government's exhibit list: a June 2014 profile of Theranos and Ms. Holmes in *Fortune* magazine titled "This CEO's out for Blood," and a December 2015 article for *Fortune*'s website titled "How Theranos Misled Me." *See id.*[1] Dr. Topol interviewed Ms. Holmes in November 2013 for the website Medscape.com; the government has included as an anticipated trial exhibit what appears to be a transcript of that interview posted to the website under Dr. Topol's name. *See id.* The government has disclosed no other journalists whom it may seek to call at trial.

The government's exhibit list contains over 50 articles from journalists other than Mr. Parloff and Dr. Topol, including: (1) four articles authored at least in part by John Carreyrou published in the *Wall Street Journal* in 2015 and 2016; (2) a lengthy profile published in the *New Yorker* magazine in

---

[1] While Ms. Holmes does not move at this time to exclude these two articles, both contain hearsay statements subject to no exception. Ms. Holmes reserves the right to object should the government offer the articles, or certain statements within them, for the truth of what they assert at trial. Both articles, and the 2015 article in particular, pose acute Rule 403 concerns and Ms. Holmes reserves the right to object to their admission on that basis as well.

MS. HOLMES' MOTION TO EXCLUDE CERTAIN NEWS ARTICLES UNDER FEDERAL RULES OF EVIDENCE 403 AND 802
CR-18-00258 EJD

1

December 2014 by Ken Auletta titled "Blood, Simpler"; (3) an October 2015 *New York Times* article by Katie Benner and Andrew Pollack titled "Blood Lab that Boasts Breakthrough Goes on Defense Against its Doubters"; (4) a December 2015 *Business Week* article by Sheelah Kolhatkar and Carolina Chen titled "Can Elizabeth Holmes Save Her Unicorn?"  Ex. 48 at 52 (compendium of exemplar articles).

These articles (and many others) contain statements from unnamed sources and commentary from the journalists themselves that echo anticipated themes in the government's case.  For example, the Bloomberg piece cites unnamed "[c]ritics and skeptics" as saying that "what the company says it's doing is impossible." *Id.* at 53.  In the *New Yorker*, Mr. Auletta wrote that "[s]ome" unnamed "observers are troubled by Theranos's secrecy," and quoted a Quest Diagnostics executive denigrating Theranos' technology without knowledge of it. *Id.* at 34.  In a May 2016 *Wall Street Journal* article, Mr. Carreyrou and co-author Christopher Weaver source to an unquantified number of unnamed Walgreens "officials" a self-serving, inflammatory narrative that they "considered walking away from the partnership [with Theranos] but then hesitated because of worries that Theranos might sue for breach of contract and claim billions of dollars in damages." *Id.* at 2.  In addition to parroting unfairly prejudicial statements from others, many articles feature sensationalistic rhetoric and some deploy sexist tropes.  For example, Mses. Kolhatkar and Chen open their *Business Week* piece by saying that "Elizabeth Holmes rarely slips out of character[,]" and then present a half-page of thumbnail images of male Theranos investors and board members under the heading "Fanboys." *Id.* at 54.  The government has offered no explanation why it believes any of these articles are relevant to or admissible in this criminal case.

## ARGUMENT

"It is axiomatic to state that newspaper articles are by their very nature hearsay evidence and are thus inadmissible if offered to prove the truth of the matter asserted." *Johnson v. Cate*, 2015 WL 5321784, at *9 (E.D. Cal. Sept. 10, 2015) (internal quotation marks and alteration omitted).  As the Ninth Circuit explained in *Larez v. City of Los Angeles*, newspaper articles will often present at least two levels of hearsay:  statements from out-of-court declarants who are the journalist's sources and, when

MS. HOLMES' MOTION TO EXCLUDE CERTAIN NEWS ARTICLES UNDER FEDERAL RULES OF EVIDENCE 403 AND 802
CR-18-00258 EJD

2

the journalist does not testify at trial, a threshold out-of-court assertion by the journalist that the source in fact made the statement as transcribed.  946 F.2d 630, 642 (9th Cir. 1991) ("By attributing quotations to [a source], the reporters necessarily made the implicit statement, '[the source] said this!'  As the reporters' statements were made in newspapers, they were, *a fortiori*, statements made out-of-court where they were not subject to the rigors of cross-examination.").  That threshold hearsay problem exists regardless of the purpose for which statements within the article are offered because the reporter's assertion inherently is "offered for the truth of the matter asserted:  that [the source] did in fact make the quoted statement."  *Id.*; *see also McMahon v. Valenzuela*, 2015 WL 7573620, at *11 (C.D. Cal. Nov. 25, 2015) ("Even when the actual statements quoted in a newspaper article constitute nonhearsay, or fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem." (internal quotation marks and alteration omitted)); *ACLU of Nevada v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998) ("Although the statements by Mayor Jones and Mr. Paris are not hearsay because they are admissions of party opponents in their official capacities, the repetition of those statements in newspaper articles and a published letter to the editor does constitute hearsay.").  Courts also exclude news articles bearing on disputed matters under Rule 403 because of their propensity to confuse the issues and unfairly sway the jury.  *See, e.g.*, *Go-Video, Inc. v. Motion Picture Ass'n of Am.*, 977 F.2d 588 (9th Cir. 1992) (table case) (affirming exclusion of newspaper "articles as inadmissible hearsay and as unfairly prejudicial under Rule 403").

        The government's proffered news-article exhibits fail on each rung of this admissibility ladder.

        1.     Because none of the journalists other than Mr. Parloff or Dr. Topol is expected to testify, all statements reflected in the articles not authored by these two individuals are categorically inadmissible.  *See Larez*, 946 F.2d at 642.  For any such statements to be relevant, the implicit assertion from the journalist that the source is accurately quoted must be accepted as truth—a forbidden hearsay purpose.  *See id.*  The Court should exclude the articles for this reason alone.

        2.     The articles are replete with quotations or paraphrased statements from people whose identities the articles do not reveal or who are not expected to testify at trial, *see* pp. 1-2, *supra*,

imposing a second-level hearsay problem.  It should go without saying that if the government wishes to sponsor testimony from, for example, a Walgreens "official" about Walgreens' relationship with Theranos—a critical issue in the case—the Federal Rules require the government to put on a live witness and not smuggle in prejudicial "testimony" printed in the Wall Street Journal or some other newspaper. *See* Fed. R. Evid. 802.

3. Even putting these dispositive hearsay concerns aside, the articles are inadmissible under Rule 403.  As set forth above, *see* pp. 1-2, *supra*, many of the articles take a skeptical authorial tone and provide voice to Theranos' (often unnamed) critics and competitors.  This is especially true of the 2015-2016 Wall Street Journal stories, no matter the purpose for which they are offered.  These articles cover much of the same ground as the government's allegations in this case.  As with all journalism, the stories reflect their authors' points of view and their individual judgment about which facts to include, which to credit, and which to undermine.  It would be unfairly prejudicial to Ms. Holmes to provide the jury with multiple feature-length narratives of the Theranos story from absent journalists whose recollections, opinions, and biases cannot be tested through cross-examination.

## CONCLUSION

For the foregoing reasons, Ms. Holmes respectfully requests an order excluding all news articles other than those written by Mr. Parloff and Dr. Topol.

DATED:  November 20, 2020                                      Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' MOTION TO EXCLUDE CERTAIN NEWS ARTICLES UNDER FEDERAL RULES OF EVIDENCE 403 AND 802
CR-18-00258 EJD

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2020 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes