# Exhibit 17

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

KATHERINE TREFZ
(202) 434-5038
ktrefz@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 12, 2020

<u>Via Email</u>

Ms. Vanessa Baehr-Jones, Esquire
Mr. John C. Bostic, Esquire
Mr. Robert Leach, Esquire
Mr. Jeffrey Schenk, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

Re:  United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani
     <u>No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

We write regarding the government's March 6, 2020 letter regarding Rule 16(a)(1)(G) disclosures. The disclosures are plainly deficient, particularly as to percipient witnesses whose testimony may also cover topics and/or opinions that fall within Federal Rule of Evidence 702 and for whom no further witness memoranda or notes have been produced. Please supplement the disclosure by March 16, 2020.

1. The documents identified by Dr. Master in Appendix B of Dr. Master's report include several documents that are not identified by produced Bates number. Please provide copies of those documents.

2. Additionally, pursuant to Rule 16, *Brady*, *Giglio*, and the Jencks Act, please provide the following with respect to Dr. Master:
   a. All communications of Dr. Master with respect to Theranos, including but not limited to:
      i. Communications between Dr. Master and members of the media, including but not limited to John Carreyrou, producers and journalists of the *The Dropout* podcast, Abigail Tracy of *Vanity Fair*, and Nick Stockton of *Wired*;

WILLIAMS & CONNOLLY LLP

Vanessa Baehr-Jones, Esq., *et al.*
March 12, 2020
Page 2

      ii. Communications between Dr. Master and others regarding the August 2016 AACC presentation and panel with Ms. Holmes (including communications that occurred both before and after that event);
      iii. Communications between Dr. Master and others regarding Theranos' submissions to *Clinical Chemistry*; and
      iv. Communications between Dr. Master and competitors of Theranos, including but not limited to Sonora Quest and LabCorp.

   b. Any contracts between Dr. Master and competitors of Theranos, including but not limited to Sonora Quest and LabCorp.
   c. Any payments by competitors of Theranos, including but not limited to Sonora Quest and LabCorp, to Dr. Master.

3. Please produce, or identify in the government's productions, memoranda or notes of any government interviews or meetings with the following individuals identified in the government's disclosure as percipient witness who may provide expert testimony:

   a. Govind Acharya
   b. Gerald Asin
   c. JoEllen B. Embry
   d. Curtis Page
   e. Edward Szmuc

   Although the government made a production as recently as March 4, two days before the government's disclosure was served, the defense has not yet received memoranda of interview or similar documents for any of these individuals. The government's disclosure indicates that the government has spoken to these witnesses, however. By email on Monday, March 9, I requested these materials. As of this letter, the defense still has yet to receive any such materials. As of the date of this letter, the government is five days over its disclosure deadline.

4. With respect to the disclosures for Dr. Linnerson:
   a. Please define "problem" and disclose the basis for Dr. Linnerson's opinion that his practice has "never had a problem" with Sonora Quest and LabCorp.

5. With respect to the disclosures for Dr. Zachman:
   a. Please disclose the basis for Dr. Zachman's opinion that she "has never had any other problems with hCG tests."

6. With respect to the disclosures regarding Ms. Embry:
   a. Please disclose the patients referenced in Ms. Embry's disclosure.
   b. Please disclose the basis for Ms. Embry's opinion that she never experienced any clinical errors with the lab results of Sonora Quest and LabCorp.

WILLIAMS & CONNOLLY LLP

Vanessa Baehr-Jones, Esq., *et al*.
March 12, 2020
Page 3

    c. Please confirm that Ms. Embry will testify regarding a syndrome known as Poly Cystic <u>Ovarian</u> Syndrome, and not a syndrome known as Poly Cystic <u>Ovations</u> Syndrome, as noted in your disclosure.

7. With respect to the disclosures regarding Dr. Szmuc:
   a. Please disclose whether Dr. Szmuc will opine that an expected hCG value would be between 2-1,000 at any particular time and, if so, what time period.
   b. Please explain Dr. Szmuc's opinion as to the nature and type of "red flags" that would be indicated by the last two sentences on page 3. For example, will Dr. Szmuc opine that the conditions listed indicate a red flag with respect to the pregnancy or the accuracy of the test?
   c. Please confirm that, on page 3 of the disclosure, the phrase "In Dr. Szmuc's option" should read "In Dr. Szmuc's opinion."

8. With respect to the disclosures regarding Dr. Asin:
   a. Please disclose definitions for "diabetic tests" and "protein" tests.
   b. The disclosure lists several types of tests as the subject of potential testimony but only provides opinions as to PSA and HIV. Please disclose any opinions Dr. Asin may provide with respect to "diabetic tests" and "protein and calcium tests."

9. With respect to the disclosures regarding Dr. Acharya:
   a. The disclosure indicates that Dr. Acharya "will testify about blood metabolic panel (BMP) tests, and, among other things, the electrolyte analysis and potassium analysis in these tests." Please disclose what "other things" Dr. Acharya may testify to regarding these tests.
   b. Please define and disclose the basis for Dr. Acharya's opinion that "a BMP test is not complicated."
   c. Please disclose the patients referenced in Dr. Acharya's disclosure, and the basis for his opinion that the test result was not right.

10. With respect to the disclosures regarding Dr. Page:
    a. The disclosure indicates that Dr. Page will testify regarding CBC tests but does not identify any opinions regarding CBC tests. Please disclose any opinions to which Dr. Page will testify regarding CBC.
    b. Please disclose the basis for Dr. Page's opinion that he experienced a "high quantity of abnormal A1C tests," including his opinion that it was a "high quantity" and his opinion that the tests were "abnormal."
    c. Please disclose the basis for Dr. Page's opinion that Theranos "had a problem with A1Cs for a couple of months."

WILLIAMS & CONNOLLY LLP

Vanessa Baehr-Jones, Esq., *et al*.
March 12, 2020
Page 4

11. We note that only Dr. Zachman and Dr. Couvaras identified specific patients about whom they may provide testimony, and two others reference unnamed patients. If the other doctor witnesses will provide expert testimony regarding specific patients, please disclose that testimony, including an identification of the patients.

12. None of the disclosures provided in items 2 through 9 in the government's letter identify specific documents that would provide the "bases and reasons for [the] opinions" listed. Please disclose any documents that provide the "bases and reasons for [the] opinions" identified.

Sincerely,

Katie Trefz

cc: Jeff Coopersmith, Esq. (by email)