# Exhibit 28

**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)
MATTHEW DU MÉE (BAR NO. 28468)
STEPHEN J. EMEDI (BAR NO. 29814)
Assistant Attorneys General
1275 West Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-3725
Fax: (602) 542-4377
consumer@azag.gov
*Attorneys for the State of Arizona*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| STATE OF ARIZONA, ex rel. MARK BRNOVICH, Attorney General,<br><br>Plaintiff,<br><br>vs<br><br>THERANOS, INC., a Delaware Corporation,<br><br>Defendant. | Case No:<br><br>**CONSENT DECREE**<br><br>(Assigned to Hon. _____) |

The State of Arizona, having filed a complaint alleging violations of the Arizona Consumer Fraud Act ("CFA"), Arizona Revised Statutes ("A.R.S.") § 44-1521, *et seq.*, and Defendant Theranos, having waived service of the complaint and having been fully advised of the right to a trial in this matter and having waived the same, and the parties having agreed to the entry of this Consent Decree by this Court without trial or adjudication of any issue of fact or law and without admission or finding of any violations of any law, in order to provide full reimbursement to Arizona consumers who purchased Theranos blood testing services and to avoid the expense and uncertainty of further investigation or litigation,

NOW, THEREFORE, upon the consent of the parties hereto, IT IS HEREBY

FOIA Confidential Treatment Requested by Theranos

TS-0936133

ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

**FINDINGS OF FACT**

1. Plaintiff is the State of Arizona, ex rel. Mark Brnovich, Attorney General, who is authorized to bring this action under the Arizona Consumer Fraud Act, A.R.S. § 44-1521, *et seq.*

2. Defendant is Theranos, a Delaware corporation with its corporate headquarters at 1701 Page Mill Road, Palo Alto, California 94304.

3. At all relevant times, Defendant did business in Arizona by marketing, selling, promoting, and providing its laboratory tests and services to Arizona consumers.

4. Plaintiff alleges that:

   a. Between 2013 and 2016, Defendant sold approximately 1,545,339 blood tests to approximately 175,940 Arizona consumers, which yielded 7,862,146 test results.

   b. Defendant ultimately voided or corrected approximately 834,233, or 10.6%, of these test results.

   c. The sales of the blood tests were made without the informed consent of the consumers because Defendant misrepresented, omitted, and concealed material information regarding its testing service's methodology, accuracy, reliability, and essential purpose.

   d. Defendant intended for its customers to rely on its misrepresentations, omissions, and concealments in their decision to purchase its testing services.

5. Defendant denies the allegations in paragraphs 4(c) and 4(d) and denies that it has engaged in any unlawful conduct, but has agreed to the entry of this Consent Decree in order to provide full reimbursement to Arizona consumers who purchased Defendant's blood testing services and to avoid the expense and uncertainty of litigation with Plaintiff and with Arizona consumers of Defendant's blood testing services. The agreement to enter this Consent Decree should not be construed to be an admission by Defendant of any liability. The terms of the

FOIA Confidential Treatment Requested by Theranos                                              TS-0936134

Consent Decree shall not be cited as evidence of wrongdoing by Defendant or its successors and assigns.

6. Defendant agrees that this Court has jurisdiction over the subject matter and the parties for purposes of entry of this Consent Decree.

7. This Consent Decree is intended to provide full restitution to Arizona consumers for all monies paid by Arizona consumers for Defendant's blood testing services.

8. The Parties intend this Consent Decree to extinguish all existing or potential claims under the CFA or for breach of contract, fraud, battery, negligence, negligent misrepresentation, unjust enrichment, or civil RICO violations arising from the conduct described above.

## ORDER

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:

1. Defendant shall comply with the Arizona Consumer Fraud Act, A.R.S. § 44-1521 *et seq.*, as it is currently written, and as it may be amended.

2. Defendant shall pay to the Arizona Attorney General the amount of $200,000 in civil penalties due at the time of entry of this Judgment, to be deposited into the Consumer Protection – Consumer Fraud Revolving Fund pursuant to A.R.S. § 44-1531.01, and used for the purposes set forth therein.

3. Defendant shall pay to the Arizona Attorney General the amount of $4,652,000 in consumer restitution due at the time of entry of this Judgment, to be deposited into an interest bearing consumer restitution subaccount of the Consumer Restitution and Remediation Revolving Fund, pursuant to A.R.S. § 44-1531.02(B). In the event that any portion of the restitution ordered herein cannot be distributed to eligible consumers, such portion shall be distributed to the Consumer Protection – Consumer Fraud Revolving Fund pursuant to A.R.S. § 44-1531.01.

4. Defendant warrants that the amount described in the previous paragraph (the "Full

FOIA Confidential Treatment Requested by Theranos                               TS-0936135

Restitution Amount") is equal to the total monetary amount paid by Arizona consumers for blood testing provided by Defendant (the "Full Payment Amount"). If it is later discovered that the Full Payment Amount is higher than the Full Restitution Amount, Defendant agrees to pay the Arizona Attorney General the difference between the two amounts, as set forth in the previous paragraph.

5. The Arizona Attorney General shall select a claims administrator to help administer the payment of the Full Restitution Amount to Arizona consumers. Defendant agrees to pay the fee for the claims administrator and to supply the claims administrator with the contact information and total amount paid by each Arizona consumer who received blood testing provided by Defendant.

6. Defendant shall pay to the Arizona Attorney General the amount of $25,000 in attorneys' fees and costs due at the time of entry of this Judgment, to be deposited into the Consumer Protection – Consumer Fraud Revolving Fund pursuant to A.R.S. § 44-1531.01, and used for the purposes set forth therein.

7. The State has already accepted from Defendant $4,877,000 as full and complete satisfaction of the Defendant's joint and several liability set forth in the preceding paragraphs, with the exception of any future obligations as set forth in paragraphs 4 and 5.

8. Defendant affirms that it will not own, operate or direct any laboratory subject to the Clinical Laboratory Improvement Amendments ("CLIA") in the State of Arizona for a period of 2 years, commencing from March 28, 2017.

9. Defendant shall not represent or imply that the Attorney General, the State of Arizona, or any agency thereof has approved any of its actions in Arizona or has approved any of its past, present or future business practices in Arizona, and Defendant is enjoined from directly or indirectly representing anything to the contrary.

10. If any portion of this Consent Decree is held invalid by operation of law, the remaining terms thereof shall not be affected and shall remain in full force and effect.

FOIA Confidential Treatment Requested by Theranos

TS-0936136

11. Jurisdiction is retained by this Court for the purpose of entertaining an application by the State for the enforcement of this Decree.

12. This judgment resolves all outstanding claims. As no further matters remain pending, this is a final judgment entered pursuant to Ariz. R. Civ. P. 54(c).

DATED this _____ day of _____, 2017.

_____
JUDGE OF THE SUPERIOR COURT

-5-

FOIA Confidential Treatment Requested by Theranos
TS-0936137

## CONSENT TO JUDGMENT

1. Defendant acknowledges that it has waived service of the Summons and Complaint, has read the Findings of Fact and other portions of the Order contained above, is aware of its right to a trial in this matter, and has waived the same.

2. Defendant admits the jurisdiction of this Court, admits that the Findings of Fact are true, and consents to the entry of the foregoing Findings of Fact and Order.

3. Defendant states that no promise of any kind or nature whatsoever was made to induce it to enter into this Consent Decree and declares that it has entered into this Consent Decree voluntarily.

4. This Consent Decree is entered as a result of a compromise and a settlement agreement between the parties. Only the parties to this action may seek enforcement of this Consent Decree. Nothing herein is intended to create a private right of action by other parties; however, said Consent Decree shall not limit the rights of any private party to pursue any remedies allowed by law.

5. Defendant represents and warrants that the person signing below on its behalf is duly appointed and authorized to do so.

DATED this 17th day of April, 2017.

THERANOS, INC.

By: _____ (David Taylor)
Its General Counsel

FOIA Confidential Treatment Requested by Theranos    TS-0936138

APPROVED AS TO FORM AND CONTENT:

MARK BRNOVICH  
Attorney General

Wilmer Cutler Pickering Hale & Dorr

By: *Matthew du Mée*  
Matthew du Mée  
Stephen Emedi  
Assistant Attorneys General  
Attorneys for Plaintiff

*Michael Mugmon*  
Michael Mugmon  
Wilmer Cutler Pickering Hale & Dorr  
Attorneys for Defendant

FOIA Confidential Treatment Requested by Theranos

TS-0936139