# Exhibit 29

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of the date of last execution below (the "Effective Date") by and between the United States Department of Health and Human Services ("HHS"), Centers for Medicare & Medicaid Services ("CMS"), Theranos, Inc. ("Theranos"), Dr. Sunil Dhawan ("Dhawan"), and Ramesh Balwani ("Balwani"). Collectively, all of the above will be referred to as the "Parties."

The Parties hereby agree as follows:

### Preamble

(A)     WHEREAS, CMS is responsible, *inter alia*, for certification and oversight of clinical laboratories testing human specimens under the Clinical Laboratory Improvement Amendments of 1988, 42 U.S.C. § 263a ("CLIA") and implementing regulations at 42 C.F.R. Part 493;

(B)     WHEREAS, Theranos operated a clinical laboratory in Newark, California under CLIA certificate No. 05D2025714 (the "Newark Laboratory");

(C)     WHEREAS, Theranos also operated a clinical laboratory in Scottsdale, Arizona under CLIA certificate No. 03D2077896 (the "Scottsdale Laboratory");

(D)     WHEREAS, Dhawan directed the Newark Laboratory during the period relevant to the Newark Sanctions, defined below;

(E)     WHEREAS, Balwani owned the Newark and Scottsdale Laboratories within the meaning of 42 C.F.R § 493.2 on July 7, 2016, as to the Newark Laboratory, and on January 27, 2017, as to the Scottsdale Laboratory;

(F)     WHEREAS, by letter of July 7, 2016, CMS informed Theranos that it was imposing principal and alternative sanctions against Theranos related to survey findings of non-compliance with the Federal participation requirements and performance standards set forth in CLIA and 42 C.F.R. Part 493 at the Newark Laboratory (the "Newark Sanctions");

(G)     WHEREAS, on August 25, 2016, Theranos requested a hearing regarding the Newark Sanctions before an Administrative Law Judge pursuant to 42 C.F.R. § 498.40 and 42 C.F.R. § 493.1844, which request was designated as Departmental Appeals Board ("DAB") Docket No. C-16-855 (the "Newark Appeal");

(H)     WHEREAS, on October 5, 2016, Theranos notified CMS that it had decided to close the Newark and Scottsdale Laboratories and surrender both associated CLIA certificates;

1

SEC-CMS-E-0000648
SEC-THERANOS-009921440

(I)    WHEREAS, by letter of January 27, 2017, CMS informed Theranos that it was imposing principal and alternative sanctions against Theranos related to survey findings of non-compliance with the Federal participation requirements and performance standards set forth in CLIA and 42 C.F.R. Part 493 at the Scottsdale Laboratory (the "Scottsdale Sanctions");

(J)    WHEREAS, Theranos completed the Directed Portion of the Plan of Correction set forth in the Scottsdale Sanctions on or before February 17, 2017, and provided to CMS satisfactory evidence of same on February 23, 2017;

(K)    WHEREAS, as of the Effective Date of this Agreement, Dhawan and Balwani are not employed by or otherwise affiliated with Theranos;

(L)    THEREFORE, Theranos, Dhawan, and Balwani, in order to avoid the costs and burdens of litigation, and without admitting or contesting the underlying allegations, desire to settle this matter and acknowledge that the imposition of sanctions against Theranos, Dhawan, and Balwani is solely as described in this Agreement.

(M)    AND THEREFORE, in full and fair consideration of the acceptance by Theranos, Dhawan, and Balwani of the sanctions set forth in this Agreement, dismissal of the Newark Appeal, and waiver of their appeal rights under 42 C.F.R. Part 498 with respect to the Newark and Scottsdale Sanctions, the Parties agree to the following terms and conditions.

### Terms and Conditions

(1)    CMS will rescind the sanction of CLIA certificate revocation set forth in the Newark and Scottsdale Sanctions.

(2)    All cited deficiencies in the Statements of Deficiencies (Form CMS-2567) for the federal survey of the Newark Laboratory completed on or about December 23, 2015, and for the federal survey of the Scottsdale Laboratory completed on or about September 29, 2016, will remain and no changes will be made to the Statements of Deficiencies for these surveys.

(3)    Theranos, Dhawan, and Balwani (individually) agree not to challenge CMS' determination of non-compliance with CLIA conditions based on the findings of the December 23, 2015 and September 29, 2016 surveys referenced in Paragraph 2.

(4)    Theranos, Dhawan, and Balwani (individually) further agree not to challenge the sanctions imposed by CMS, referenced in Paragraphs F and I and as modified by Paragraph 1, above,

2

SEC-CMS-E-0000649
SEC-THERANOS-009921440

in any forum.  More particularly, Theranos, Dhawan, and Balwani (individually) agree that they will not file or submit any action or suit against HHS or CMS (including its officers, employees, and agents) in any administrative or judicial forum seeking to challenge CMS' determination of non-compliance and/or the sanctions imposed on the basis thereof resulting from the December 23, 2015 and September 29, 2016 surveys.

(5)     Theranos will, within fifteen (15) calendar days of the Effective Date, pay to CMS a civil monetary penalty ("CMP") in the amount of Thirty Thousand Dollars ($30,000.00), and will make the CMP payment in accordance with the provisions of Paragraph 6 below in lieu of the CMP set forth in the Newark Sanctions.

(6)     Theranos shall submit the above-referenced payment of $30,000.00 by certified check or electronic funds transfer ("EFT").  If payment is made by certified check, it shall be sent by U.S. mail to the following address:

> Centers for Medicare & Medicaid Services
> Division of Accounting Operations
> Mail Stop C3-11-03
> P.O. Box 7520
> Baltimore, MD 21207

If using a commercial delivery service, such as Federal Express, the certified check shall be sent to the following address:

> Centers for Medicare & Medicaid Services
> Division of Accounting Operations
> Mail Stop C3-11-03
> 7500 Security Boulevard
> Baltimore, MD 21244

If payment is to be made by EFT, Theranos must notify CMS that it intends to use this payment method upon execution of this Agreement, and CMS will provide instructions for making the EFT payment thereafter (prior to the due date for the payment).

3

SEC-CMS-E-0000650
SEC-THERANOS-009921440

(7)     Theranos has complied and will continue to comply with all other provisions of the Newark and Scottsdale Sanctions.

(8)     Theranos affirms that, consistent with the business plans outlined in Theranos's October 5, 2016 letter to CMS, the Owners, Operators, and/or Directors of the Newark Laboratory who remain employed by Theranos (as set forth on Exhibit A) will not own, operate or direct any laboratory subject to CLIA for a period of two years, with that two-year period commencing from September 5, 2016.

(9)     Theranos affirms that, consistent with the business plans outlined in Theranos's October 5, 2016, letter to CMS, the Owners, Operators, and/or Directors of the Scottsdale Laboratory who remain employed by Theranos (as set forth on Exhibit B) will not own, operate or direct any laboratory subject to CLIA for a period of two years, with that two-year period commencing from March 28, 2017.

(10)    Within 15 days following execution of this Agreement, Dhawan will not own, operate or direct a laboratory subject to CLIA, and will not thereafter own, operate or direct any CLIA-subject laboratory for a period of two years, with that two-year period commencing from September 5, 2016.

(11)    Balwani affirms that he will not own, operate or direct any laboratory subject to CLIA for a period of two years, with that two-year period commencing from March 28, 2017;

(12)    Theranos will, within fifteen (15) calendar days of the Effective Date, file a notice of voluntary dismissal of the Newark Appeal with the DAB.

(13)    Theranos, Dhawan, and Balwani (individually) waive any and all rights of appeal of the Newark and Scottsdale Sanctions.

4

SEC-CMS-E-0000651
SEC-THERANOS-009921440

(14)    If Theranos does not comply with the Terms and Conditions set forth above, CMS may, with fifteen (15) calendar days' notice, reinstate the sanctions set forth in the Newark and Scottsdale Sanctions. Theranos waives any and all rights to appeal or otherwise legally challenge the Newark and Scottsdale Sanctions if the sanctions are re-instated.

(15)    If Dhawan or Balwani do not comply with the Terms and Conditions set forth above that are within their control and specifically applicable to them, CMS may, with fifteen (15) calendar days' notice, undertake enforcement action against the Party that fails to comply with the Terms and Conditions as follows, provided that such action shall not include reinstatement of the revocation sanctions set forth in the Newark and Scottsdale Sanctions:

        a.  In the event that Dhawan owns, operates, or directs a CLIA laboratory within the two-year period set forth in paragraph 10 above, pursuant to 42 C.F.R. § 493.1840(a)(8), and any other applicable regulations, CMS may revoke the CLIA certificate of any laboratory(ies) that Dhawan is then owning, operating, or directing as if the revocation sanction set forth in the Newark Sanctions was imposed, and take any additional appropriate action based on that revocation. Dhawan agrees to waive any right to appeal such sanction.

        b.  In the event that Balwani owns, operates, or directs a CLIA laboratory within the two-year period set forth in paragraph 11 above, pursuant to 42 C.F.R. § 493.1840(a)(8), and any other applicable regulations, CMS may revoke the CLIA certificate of any laboratory(ies) that Balwani is then owning, operating, or directing as if the revocation sanctions set forth in the Newark and Scottsdale Sanctions were imposed, and take any additional appropriate action based on that revocation. Balwani agrees to waive any right to appeal such sanction.

5

      c.  In the event that Dhawan and/or Balwani appeals the Newark and/or Scottsdale

Sanctions in contravention of paragraph 13 above, CMS will move to dismiss

such appeal as untimely and prohibited under the terms of this Agreement, and

will require the appellant to extend the two-year period set forth in paragraph 10

or 11 above, as applicable, by an additional one year from the date of the violation

of paragraph 13.

(16)    The Parties agree that nothing in this Agreement shall be construed in any way to limit,

interfere with, or forestall CMS, HHS, or its agents from conducting certification compliance

surveys, carrying out other investigations or authorized enforcement efforts and processes,

laboratory registry reporting requirements, or otherwise performing its duties in accordance

with Federal law.

(17)    This Agreement shall be final and binding upon the Parties, their successors and assigns

(including any new owners or operators of Theranos). Each of the undersigned represents

and warrants that he or she is authorized to enter into this Agreement on behalf of the Party

for whom such person is executing. This Agreement contains the entire agreement among

the Parties, and supersedes any prior agreements, representations, warranties, statements,

promises, and understandings, whether written or oral, with respect to the subject matter of

this Agreement. This Agreement may not be amended, altered, or modified except by a

written instrument signed by all Parties hereto.

(18)    The compromise and settlement of this case relates only to the controlling CLIA certification

requirements at 42 U.S.C. § 263 and the implementing regulations at 42 C.F.R. Part 493. It

is specifically understood and agreed that this Agreement is entered into solely for the

6

SEC-CMS-E-0000653
SEC-THERANOS-009921440

purpose of compromising the Newark Appeal and Sanctions and the Scottsdale Sanctions alone.

(19)   The parties agree that each party shall bear all its own costs, including legal and/or attorneys' fees, and expressly waives and releases any claim for the recovery of costs, including legal and/or attorneys' fees pursuant to 42 C.F.R. § 493.643(d)(2).

(20)   The Parties have entered into this Agreement voluntarily and with a complete and thorough understanding of its terms, meaning, and effect.  Each of the undersigned is signing the Agreement voluntarily and freely, without coercion, having had the opportunity to read and raise questions about its meaning prior to signing.

(21)   Any communication required under this Agreement must be in writing and must be given personally, by express mail, facsimile, or by registered or certified mail, postage prepaid, as follows:

| To Theranos: | Legal Department<br>Theranos, Inc.<br>1701 Page Mill Road<br>Palo Alto, CA 94394 |
|---|---|
| With a copy to: | Thomas R. Barker, Esq.<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA 02210 |
| To CMS: | Karen Fuller<br>State Oversight and CLIA Branch<br>Division of Survey and Certification<br>Centers for Medicare & Medicaid Services<br>90 7th Street, Suite 5-300 (5W)<br>San Francisco, CA 94103 |

and

7

Division of Laboratory Services
Survey and Certification Group
Center for Clinical Standards and Quality
Centers for Medicare & Medicaid Services
7500 Security Boulevard – Mail Stop C2-21-16
Baltimore, MD 21244
Attn: Karen Dyer

With a copy to:    Melissa A. Manson
                   Assistant Regional Counsel
                   Office of the General Counsel, Region IX
                   U.S. Department of Health and Human Services
                   90 7th Street, Suite 4-500
                   San Francisco, CA 94103

To Dhawan:         Dr. Sunil Dhawan
                   c/o Gregory A. Vega
                   Seltzer Caplan McMahon Vitek
                   750 B Street, Suite 2100
                   San Diego, CA 92101-8177

To Balwani:        Ramesh Balwani
                   c/o Kathleen Drummy
                   Davis Wright Tremaine LLP
                   865 S. Figueroa Street, Suite 2400
                   Los Angeles, CA 90017-2566

(22)    This Agreement may be executed in one or more counterparts, each of which shall be an

original and all of which shall constitute together the same document. This Agreement may

be executed by facsimile copy, and facsimile signatures will be treated as original signatures.


By:

THERANOS, INC.

By: _____
Name: David Taylor
Title: General Counsel
Date: 4/14/17

8

SEC-CMS-E-0000655
SEC-THERANOS-009921440

By: _[signature]_

DR. SUNIL DHAWAN

Name: Suni ( S. )hawan
Title:
Date: 4/16/17

By:

RAMESH BALWANI

Name:
Title:
Date:

CENTERS FOR MEDICARE & MEDICAID SERVICES

By:

Name: Steven D. Chickering
Title: Associate Regional Administrator
Western Consortium Division of Survey &
Certification
Centers for Medicare & Medicaid Services
U.S. Department of Health and Human Services
Date:

9

SEC-CMS-E-0000656
SEC-THERANOS-009921440

By:

DR. SUNIL DHAWAN

Name:
Title:
Date:

By:

RAMESH BALWANI

Name:
Title:
Date: 4/14/2017 .

CENTERS FOR MEDICARE & MEDICAID SERVICES

By:

Name: Steven D. Chickering
Title:  Associate Regional Administrator
        Western Consortium Division of Survey &
            Certification
        Centers for Medicare & Medicaid Services
        U.S. Department of Health and Human Services
Date:

9

SEC-CMS-E-0000657
SEC-THERANOS-009921440

By:

DR. SUNIL DHAWAN

Name:
Title:
Date:

By:

RAMESH BALWANI

Name:
Title:
Date:

CENTERS FOR MEDICARE & MEDICAID SERVICES

By:

Name: Steven D. Chickering
Title:  Associate Regional Administrator
        Western Consortium Division of Survey &
               Certification
        Centers for Medicare & Medicaid Services
        U.S. Department of Health and Human Services
Date:     04 - 14 - 2017

9

SEC-CMS-E-0000658
SEC-THERANOS-009921440

## Exhibit A

Owners, Operators, and/or Directors of the Newark Laboratory who remain employed by Theranos

- Elizabeth Holmes

1

**SEC-CMS-E-0000659**
SEC-THERANOS-009921440

**Exhibit B**

Owners, Operators, and/or Directors of the Scottsdale Laboratory who remain employed by
Theranos

- Elizabeth Holmes
- Daniel Young

1

SEC-CMS-E-0000660
SEC-THERANOS-009921440