# Exhibit 53

# Chavez, Sergio

| | |
|---|---|
| **From:** | Singh, Seema |
| **Sent:** | Thursday, September 17, 2015 11:02 AM |
| **To:** | Hole, Mary; Walburger, Matthew; Anderson, Eric W; Chavez, Sergio; Lum, Lawton W; Almogela, Darlene B; Pilcher, Ian; Chan, Yung; Beck, Stayce E; Gutierrez, Alberto; Elder, Ileana; Lias, Courtney H; Woods, James L. |
| **Subject:** | RE: Update - Close of Newark Inspection [and Palo Alto Inspection] |
| **Attachments:** | Palo Alto issued 483 9-16-15.doc |

Hello All,

I have closed my inspection as well at the Palo Alto facility. Ian was present over the phone. The issued 483 is attached. Elizabeth Holmes stated her objections that the TSCDs were developed as an LDT and should not be subject to QSR pre-clearance. She also stated that the inspectional observations do not reflect the company's current state of compliance.

Elizabeth and their lawyer Heather King also objected that I refused to verify corrections so that the 483 could be marked corrected and verified. They provided me two binders of corrections last time I was in the firm and I explained that I would be unable to verify all corrections since it would unreasonably extend the inspection and there are cases where the Investigator cannot verify the corrective action unless there is further district or center review or until there is another inspection of the establishment. I told them I was happy to collect the corrections and include them in my EIR.

Elizabeth disagreed with all observations including the registration and listing discussion item, but elected to annotate all the written observations as reported corrected, not verified. I reminded her several times during the inspection that observation corrections should include *corrective actions* not just specific corrections to the documents I identified, and should address product that have already been distributed. We'll see if the corrections are adequate.

The firm intends to send a written response to the district office within the 15 business days with the corrections.

Thank you,

**Seema S. Singh, Investigator**
(916) 930-3674 ext. 1112

---

**From:** Hole, Mary
**Sent:** Wednesday, September 16, 2015 1:43 PM
**To:** Walburger, Matthew; Anderson, Eric W; Singh, Seema; Chavez, Sergio; Lum, Lawton W; Almogela, Darlene B; Pilcher, Ian; Chan, Yung; Beck, Stayce E; Gutierrez, Alberto; Elder, Ileana; Lias, Courtney H; Woods, James L.
**Subject:** Update - Close of Newark Inspection

Good Afternoon:

I have closed my inspection at the Newark facility. It took almost three hours and it was as contentious as I thought it would be. Sunny Balwani continued to insist that this was a premature inspection and that their product was an LTD under the control of their CLIA Lab. He told me that FDA had not offered them guidance for transitioning from LDT to medical device, and that it was unfair to expect that they had a proper Quality Management system at this point. I told him that as far as I was concerned, they had a Class II medical device and that as a medical device manufacturer they need to have been operating according to the QSR.



They almost signed my affidavits. The affiant, Brian Kutner, and Meredith Dearborne (a lawyer) read both affidavits, and Brian wanted to add some statements to them, but then Meredith said that they wanted to check with outside counsel before signing them. After about a half an hour they came back and put Heather King and Daniel Krakov (attorneys) on the phone. They told me that it is their policy not to acknowledge or sign affidavits.

When I issued the Form FDA-483 Sunny became visibly upset (turned very red) and he told me "Theranos was already guilty before you walked in here". After that they all walked out of the conference room to discuss the observations among themselves (and with their lawyers) to "give me an intelligent response" (in Sunny's words). After more than an hour, they came back in. Sunny wanted me to annotate Observations 2 – 9 as "Corrected and Verified". He said that they showed me the new documents that they had created during the inspections to correct the deficiencies as I pointed them out to them. I told him that I disagreed. Not only were these items not corrected yet, but I had no way of verifying that these objectionable conditions had been corrected. I explained the importance of going through a CAPA process for making corrections especially for important subsystems such as purchasing controls. I pointed out to him that Observation 4 made that point exactly. They annotated Observation 1 as "Under Consideration" and the rest as "Promised to correct within 7 days". Sunny said he will send the SF District Director a response letter within 15 working days.

Best Regards,

Mary

Mary R. Hole, M.B.A.
Investigator / Consumer Safety Officer
U.S. Food and Drug Administration

*Duty Station:*
San Jose Resident Post
96 N. 3rd Street
San Jose, CA 95112
Ph: 408-291-7548 ext. 1119
Fax: 408-291-7228

*Tour of Duty:*
M-F 06:30 – 15:00 PST

2

| DEPARTMENT OF HEALTH AND HUMAN SERVICES | |
|---|---|
| FOOD AND DRUG ADMINISTRATION | |
| DISTRICT ADDRESS AND PHONE NUMBER | DATE(S) OF INSPECTION |
| 1431 Harbor Bay Parkway<br>Alameda, CA  94502-7070<br>(510) 337-6700  Fax:(510) 337-6702<br>Industry Information: www.fda.gov/oc/industry | 08/25/2015 – 09/16/2015*<br>FEI NUMBER<br>3010479366 |
| NAME AND TITLE OF INDIVIDUAL TO WHOM REPORT ISSUED | |
| TO: Elizabeth A. Holmes, Chief Executive Officer and Founder | |
| FIRM NAME | STREET ADDRESS |
| Theranos, Inc. | 1701 Page Mill Road |
| CITY, STATE, ZIP CODE, COUNTRY | TYPE ESTABLISHMENT INSPECTED |
| Palo Alto, CA  94304-1111 | Manufacturer |

This document lists observations made by the FDA representative(s) during the inspection of your facility. They are inspectional observations, and do not represent a final Agency determination regarding your compliance. If you have an objection regarding an observation, or have implemented, or plan to implement, corrective action in response to an observation, you may discuss the objection or action with the FDA representative(s) during the inspection or submit this information to FDA at the address above. If you have any questions, please contact FDA at the phone number and address above.

*The observations noted in this Form FDA-483 are not an exhaustive listing of objectionable conditions. Under the law, your firm is responsible for conducting internal self-audits to identify and correct any and all violations of the quality system requirements.*

**DURING AN INSPECTION OF YOUR FIRM WE OBSERVED:**

**OBSERVATION 1**

Design validation did not ensure the device conforms to defined user needs and intended uses.

Specifically,

You provided *Test Plan, Assay Compatibility, Passive Capillary Tube and Nanotainer (CTN2.1.1), LiHep/LiHep*, raw data, and *Test Report, Assay Compatibility, Passive Capillary Tube and Nanotainer (CTN2.1.1), LiHep/LiHep* as evidence of design validation which was conducted in April 2014. The validation:

A. Fails to address all assays that can be performed using the TSCD device. Your CEO provided a list of assays that can be performed using the TSCD device which include uric acid, total iron binding capacity and magnesium. These assays were not specifically addressed, with acceptance criteria, in your design validation. You have performed approximately 1725 uric acid tests, 1699 total iron binding capacity tests, and 1650 magnesium tests, using the TSCD device, and reported the results to patients.

B. Of the assays you addressed in design validation, bicarbonate, calcium, glucose and potassium failed acceptance criteria and required further investigation; however there is no reference to any documentation to address these failures. You provided additional data on these assay failures, however the test plan and explanation of results for the failed assays were written on 8/29/15 (during this inspection).

| | EMPLOYEE(S) SIGNATURE | DATE ISSUED |
|---|---|---|
| SEE REVERSE OF THIS PAGE | Seema S. Singh, Investigator<br>Ian A. Pilcher, Investigator | 09/16/2015 |

| FORM FDA 483 (09/08) | PREVIOUS EDITION OBSOLETE | INSPECTIONAL OBSERVATIONS | PAGE 1 OF 4 PAGES |

US-REPORTS-0007135

| DEPARTMENT OF HEALTH AND HUMAN SERVICES | |
|---|---|
| FOOD AND DRUG ADMINISTRATION | |
| DISTRICT ADDRESS AND PHONE NUMBER<br>1431 Harbor Bay Parkway<br>Alameda, CA 94502-7070<br>(510) 337-6700  Fax:(510) 337-6702<br>Industry Information: www.fda.gov/oc/industry | DATE(S) OF INSPECTION<br>08/25/2015 – 09/16/2015*<br>FEI NUMBER<br>3010479366 |
| NAME AND TITLE OF INDIVIDUAL TO WHOM REPORT ISSUED<br>TO: Elizabeth A. Holmes, Chief Executive Officer and Founder | |
| FIRM NAME<br>Theranos, Inc. | STREET ADDRESS<br>1701 Page Mill Road |
| CITY, STATE, ZIP CODE, COUNTRY<br>Palo Alto, CA 94304-1111 | TYPE ESTABLISHMENT INSPECTED<br>Manufacturer |

anticoagulants using serum, plasma or whole blood. However, you do not document the possible hazards associated with the TSCD design for serum and plasma samples with different anticoagulants for specific analytes in your design Failure Modes and Effects Analysis, DOC-0069 Revision A.

B. *DOC-0069 Revision A*, provided as the design Failure Modes and Effects Analysis conducted at the time of design, describes:

   i. Function: Lithium Heparin, Potential Failure Mode: Incorrect results, Potential Effect: Interferes with Theranos assays, and Potential Cause: Incorrect material selection. The severity is given the highest rating of 5 and the occurrence is given an occasional rating of 3 which according to SOP-00149, Revision: B results in a risk index of 3, high, an unacceptable risk requiring reduction activities. However, you assigned a risk index of 2 and have no risk control measures documented.

   ii. Function: Lithium Heparin, Potential Failure Mode: Incorrect results, Potential Effect: Interferes with Theranos assays, and Potential Cause: Too much Li-Hep in circuits. The severity is given the highest rating of 5 and the occurrence is given an occasional rating of 3, which according to SOP-00149, Revision: B results in a risk index of 3, high, an unacceptable risk requiring reduction activities. However, you assigned a risk index of 2 and have no risk control measures documented.

## OBSERVATION 5

Documents were not reviewed and not approved by designated individual(s) prior to issuance.

Specifically,

A. dFMEA, DOC-0069 Revision A, provided as the hazard analysis for the TSCD devices, was utilized from February-April 2014. The document does not have an effective date. The document was not released in your document control system until 8/26/15 (during the inspection). The document was not reviewed and approved prior to 8/26/15.

B. There is no document number, revision or effective date for your design validation: *Test Plan, Assay Compatibility, Passive Capillary Tube and Nanotainer (CTN2.1.1), LiHep/LiHep*, and *Test Report, Assay Compatibility, Passive Capillary Tube and Nanotainer (CTN2.1.1), LiHep/LiHep*. These documents were provided as evidence of design validation conducted in 2014; however, they were drafted during this inspection and were not reviewed and approved until 9/10/15.

C. There is no document number, revision or effective date for *Appendix, Assay Compatibility, Passive Capillary Tube and Nanotainer (CTN), LiHep/LiHep*. This document was provided as a follow-up to the failures in your design validation conducted in 2014; however, this document was drafted during the inspection. It has not been reviewed or approved until 9/10/15.

| | EMPLOYEE(S) SIGNATURE | | DATE ISSUED |
|---|---|---|---|
| SEE REVERSE<br>OF THIS PAGE | Seema S. Singh, Investigator<br>Ian A. Pilcher, Investigator | | 09/16/2015 |
| FORM FDA 483 (09/08) | PREVIOUS EDITION OBSOLETE | INSPECTIONAL OBSERVATIONS | PAGE 3 OF 4 PAGES |

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
FOOD AND DRUG ADMINISTRATION

| DISTRICT ADDRESS AND PHONE NUMBER | DATE(S) OF INSPECTION |
|---|---|
| 1431 Harbor Bay Parkway<br>Alameda, CA  94502-7070<br>(510) 337-6700  Fax:(510) 337-6702<br>Industry Information: www.fda.gov/oc/industry | 08/25/2015 - 09/16/2015*<br>FEI NUMBER<br>3010479366 |

NAME AND TITLE OF INDIVIDUAL TO WHOM REPORT ISSUED

**TO:** Elizabeth A. Holmes, Chief Executive Officer and Founder

| FIRM NAME | STREET ADDRESS |
|---|---|
| Theranos, Inc. | 1701 Page Mill Road |
| CITY, STATE, ZIP CODE, COUNTRY | TYPE ESTABLISHMENT INSPECTED |
| Palo Alto, CA  94304-1111 | Manufacturer |

### Observation Annotations

| | | | |
|---|---|---|---|
| Observation 1: | Reported corrected, not verified. | Observation 2: | Reported corrected, not verified. |
| Observation 3: | Reported corrected, not verified. | Observation 4: | Reported corrected, not verified. |
| Observation 5: | Reported corrected, not verified. | | |

**\* DATES OF INSPECTION:**
08/25/2015(Tue), 08/26/2015(Wed), 08/27/2015(Thu), 08/28/2015(Fri), 09/01/2015(Tue), 09/02/2015(Wed), 09/03/2015(Thu), 09/04/2015(Fri), 09/09/2015(Wed), 09/10/2015(Thu), 09/11/2015(Fri), 09/16/2015(Wed)

| | EMPLOYEE(S) SIGNATURE | DATE ISSUED |
|---|---|---|
| **SEE REVERSE OF THIS PAGE** | Seema S. Singh, Investigator<br>Ian A. Pilcher, Investigator | 09/16/2015 |

| FORM FDA 483 (09/08) | PREVIOUS EDITION OBSOLETE | INSPECTIONAL OBSERVATIONS | PAGE 4 OF 4 PAGES |

US-REPORTS-0007137