# Exhibit 58

JINA L. CHOI (NY Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
 schneidere@sec.gov
MONIQUE C. WINKLER (Cal. Bar No. 213031)
 winklerm@sec.gov
JASON M. HABERMEYER (Cal. Bar No. 226607)
 habermeyerj@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
 katzma@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
 chanjes@sec.gov
RAHUL KOLHATKAR (Cal. Bar No. 261781)
 kolhatkarr@sec.gov

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  18-1602-EJD |
| Plaintiff, | |
| vs. | |
| ELIZABETH ANNE HOLMES and THERANOS, INC. | |
| Defendants. | |

**FINAL JUDGMENT AS TO DEFENDANT ELIZABETH ANNE HOLMES**

The Securities and Exchange Commission (the "Commission") having filed a

Complaint and Defendant Elizabeth Anne Holmes having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Final Judgment without admitting or denying the allegations of the

Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph

IX); waived findings of fact and conclusions of law; and waived any right to appeal from this

Final Judgment:

//

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the

statements made, in light of the circumstances under which they were made, not misleading; or

(c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for 10 years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $500,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d).  Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph V below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange

1   Commission, which shall be delivered or mailed to

2           Enterprise Services Center

3           Accounts Receivable Branch

4           6500 South MacArthur Boulevard

5           Oklahoma City, OK 73169

6   and shall be accompanied by a letter identifying the case title, civil action number, and name

7   of this Court; Elizabeth Anne Holmes as a defendant in this action; and specifying that

8   payment is made pursuant to this Final Judgment.

9           Defendant shall simultaneously transmit photocopies of evidence of payment and case

10  identifying information to the Commission's counsel in this action.  By making this payment,

11  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no

12  part of the funds shall be returned to Defendant.  The Commission shall send the funds paid

13  pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-

14  judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

15                                          V.

16          Defendant shall pay the penalty due of $500,000 in two installments to the

17  Commission according to the following schedule:  (1) $35,000, within 14 days of entry of this

18  Final Judgment and (2) $465,000, within one year of entry of this Final Judgment.  Payments

19  shall be deemed made on the date they are received by the Commission and shall be applied

20  first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid

21  amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment

22  set forth herein, Defendant shall contact the staff of the Commission for the amount due for

23  the final payment.

24          If Defendant fails to make any payment by the date agreed and/or in the amount

25  agreed according to the schedule set forth above, all outstanding payments under this Final

26  Judgment, including post-judgment interest, minus any payments made, shall become due and

27

28

payable immediately at the discretion of the staff of the Commission without further

application to the Court.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall

return to Theranos, Inc. 18,897,137 Class B common stock shares in Theranos, Inc. within 14

days of entry of this Final Judgment.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, after return of her

shares as set forth in paragraph VI above, Defendant shall provide written notice to Theranos,

Inc. that she elects to convert all shares of Class B common stock shares in Theranos, Inc. to

Class A common stock shares in Theranos, Inc. and take all necessary administrative actions

to effectuate the conversion of these Class B common stock shares to Class A common stock

shares within 28 days of entry of this Final Judgment.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall

certify, in writing, compliance with paragraphs VI and VII set forth above.  The certification

shall identify the actions, provide written evidence of compliance in the form of a narrative,

and be supported by exhibits sufficient to demonstrate compliance.  The Commission staff

may make reasonable requests for further evidence of compliance, and Defendant agrees to

provide such evidence.  Defendant shall submit the certification and supporting material to

Monique C. Winkler, with a copy to the Office of Chief Counsel of the Enforcement Division,

no later than thirty (30) days from the date of compliance.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes

of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523,

the allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under

1  this Final Judgment or any other judgment, order, consent order, decree or settlement

2  agreement entered in connection with this proceeding, is a debt for the violation by Defendant

3  of the federal securities laws or any regulation or order issued under such laws, as set forth in

4  Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

5                                               X.

6          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall

7  retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

8  Judgment.

9  Dated:  _March 27_____, 2018

10

11                                 UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28