# EXHIBIT G

FOIA CONFIDENTIAL TREATMENT REQUESTED
5 U.S.C. § 552
17 C.F.R. § 200.83

**WILMERHALE**

RECEIVED

2017 JUL 10  PM 12: 50

DIVISION OF ENFORCEMENT

**Christopher Davies**

July 7, 2017

+1 202 663 6187 (t)
+1 202 663 6363 (f)
christopher.davies@wilmerhale.com

**BY FEDERAL EXPRESS**

Jessica Chan, Esq.
chanjes@sec.gov
U.S. Securities & Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

            Re:  **In the Matter of Theranos (MSF-4030)**

Dear Ms. Chan:

        We write on behalf of Theranos, Inc. ("Theranos" or the "Company") in response to the
U.S. Securities and Exchange Commission's ("SEC") various subpoenas and requests.

        We produce today at THER-2557482 through THER-2566541 documents produced to
the Department of Justice ("DOJ") on June 30, 2017.  Enclosed is the June 30 transmittal letter to
the DOJ.

        We also produce today at TS-1036239 through TS-1036827 a revised version of the
spreadsheet containing business-related text messages, iMessages, and Skype exchanges between
Elizabeth Holmes and Sunny Balwani.  This spreadsheet serves to replace the spreadsheet
bearing the same Bates range produced on June 16, 2017.

                        *        *        *

        Theranos requests confidential treatment of this letter and its enclosures (the
"Confidential Material") under the Freedom of Information Act ("FOIA") for reasons of personal
privacy and business confidentiality.

        The Confidential Material concerns or may concern customarily non-public, confidential
and privileged business, commercial and personal information concerning Theranos and its
personnel.  The Confidential Material is exempt from mandatory disclosure under various
provisions of FOIA, including 5 U.S.C. § 552(b)(4) (which protects trade secrets as well as
confidential commercial or financial information obtained from a person), 5 U.S.C. § 552(b)(7)
(which protects records or information compiled for law enforcement purposes), and 5 U.S.C. §
552(b)(6) (which protects files that, if disclosed, would constitute an unwarranted invasion of
personal privacy).  The Commission treats records falling within the FOIA exemption categories
to be "nonpublic" and "will generally not publish or make available to any person" such records.
17 C.F.R. § 200.80(b).  Moreover, disclosure of these Confidential Materials may be prohibited

Theranos-SEC TL000169

Jessica Chan, Esq.
In the Matter of Theranos (MSF-4030)
Page 2

WILMERHALE

under 18 U.S.C. § 1905, and further protections may be available under the Privacy Act of 1974, 5 U.S.C. § 552a.

In accordance with 17 C.F.R. § 200.83 and other applicable laws and regulations, the Confidential Material is submitted to the SEC with Theranos' request, through the undersigned, that it be kept in a non-public file and that only SEC staff have access to it.[1]  If any person not a member of the SEC staff (including without limitation any governmental employee) should request an opportunity to inspect or copy the Confidential Material, pursuant to FOIA or otherwise, or if you or any member of the SEC staff contemplates disclosure of the Confidential Material to any other person, we request that the undersigned immediately be notified of such request, be furnished a copy of all written materials pertaining to such request (including but not limited to the request itself), and be given advance notice of any intended release so that we may, if deemed necessary or appropriate, pursue any remedies available.  *See, e.g., Chrysler Corp. v. Brown,* 441 U.S. 281 (1979).  We expect to be given the opportunity to object to such disclosure. We request that you telephone the undersigned rather than rely upon the U.S. mail for such notice.

Should the SEC be inclined to grant any FOIA request for the Confidential Material, Theranos expects that the procedures set forth in 17 C.F.R. § 200.83 and Executive Order 12,600, 52 Fed. Reg. 23,781 (June 23, 1987), will be followed.  In that case, Theranos will further substantiate its request for confidential treatment, and will request a hearing on the claim of exemption.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever that are made by, or at the request of, any employee of the Commission (or any other governmental agency) and which (1) incorporate, include or relate to any of the Confidential Material; or (2) refer to any conference, meeting, or telephone conversation between Theranos, its current or former employees, representatives, agents, auditors, or counsel on the one hand and employees of the Commission (or any other government agency) on the other, relating to the Confidential Material.

The Confidential Material remains the property of Theranos.  Accordingly, at the conclusion of this inquiry, we request such material (and any copies thereof) be returned to the undersigned.

If the SEC staff determines to transfer any of the Confidential Material to another federal agency, we request that you forward a copy of this letter to any such agency with the Confidential Material.  We request that you indicate to any such agency that Theranos has requested the return of this material to the undersigned at the completion of the agency's efforts in this matter and has requested that this material be accorded confidential treatment.

---

[1] We are mailing a copy of this letter to the Commission's FOIA Officer in an envelope marked "FOIA Confidential Treatment Requested."

Jessica Chan, Esq.
In the Matter of Theranos (MSF-4030)
Page 3

WILMERHALE

Provision of the Confidential Material is not intended to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production. If it were found that production of the Confidential Material constitutes disclosure of otherwise privileged matters, such disclosure would be inadvertent. By the productions of such documents, Theranos does not intend to and has not waived the attorney-client privilege or any other protections.

\*　　\*　　\*

Please do not hesitate to call me if you have any questions about these matters.

Very truly yours,

Christopher Davies

Enclosures

cc (w/ enclosures):　ENF-CPU *(by FedEx)*
　　　　　　　　　U.S. Securities and Exchange Commission
　　　　　　　　　100 F Street NE
　　　　　　　　　Mail Stop 5973
　　　　　　　　　Washington, DC 20549

cc (w/o enclosures):　Office of Freedom of Information and Privacy Act Operations *(by FedEx)*
　　　　　　　　　U.S. Securities and Exchange Commission
　　　　　　　　　100 F Street NE
　　　　　　　　　Mail Stop 5100
　　　　　　　　　Washington, DC 20549

WILMERHALE

**Christopher Davies**

June 30, 2017

+1 202 663 6187 (t)
+1 202 663 6363 (f)
christopher.davies@wilmerhale.com

**FOIA CONFIDENTIAL TREATMENT REQUESTED
PURSUANT TO 17 C.F.R. § 200.83 AND 5 U.S.C. § 552**

**BY FEDERAL EXPRESS**

Robert S. Leach
Assistant U.S. Attorney
U.S. Department of Justice
450 Golden Gate Avenue, 11th Floor
San Francisco, CA  94102
Tel.: (415) 436-7534

Re:    Grand Jury Subpoena Investigation #2016R00024-15

Dear Mr. Leach:

We write on behalf of Theranos, Inc. ("Theranos" or the "Company"), our client in the above referenced matter. Please find enclosed at THER-2557482 to THER-2566541 documents responsive to Request 1 of the grand jury subpoena duces tecum issued on November 30, 2016 (the "Subpoena"). These documents were previously withheld from prior productions due to encryption, technical problems, and other issues.

We are producing these files on an encrypted disc, and we will provide the password for that disc by email.

*        *        *        *

These materials are confidential and contain competitively sensitive information. Accordingly, we request confidential treatment of this letter and the enclosed materials and any information contained therein pursuant to 5 U.S.C. § 552 and 17 C.F.R. § 200.83 ("Confidential Material"). The materials are exempt from public disclosure under one or more provisions of FOIA and have been appropriately marked to reflect this status. *See, e.g.*, 5 U.S.C. § 552(b)(3) (protecting matters specifically exempted from disclosure by statute); § 552(b)(4) (protecting trade secrets and confidential and privileged financial and commercial information); § 552(b)(7) (protecting certain records or information compiled for law enforcement purposes); § 552(b)(8) (protecting certain records or information prepared for the use of an agency responsible for regulating or supervising financial institutions). Moreover, disclosure of the materials may be prohibited under 18 U.S.C. § 1905, and further protections may be available under the Privacy Act of 1974, 5 U.S.C. § 552a.

Should any third person request the opportunity to inspect or copy the Confidential Material pursuant to FOIA or otherwise, we request on behalf of Theranos that the undersigned immediately be notified of such request and be furnished with a copy of all written materials pertaining to such

Theranos-DOJ TL000054

Robert S. Leach
June 30, 2017
Page 2

**WILMERHALE**

request (including but not limited to the request and any agency determination with respect to such request). Theranos expects that it will be given an opportunity to object to such disclosure. And, should the Department be inclined to grant any such request, it is Theranos' expectation that, pursuant to the procedures required by 28 C.F.R. § 16.8, and Exec. Order 12,600, 52 Fed. Reg. 23,781 (1987), we will be given reasonable advance notice of any such decision to enable our client to pursue any remedy that may be available to it. In such event, we request that you telephone the undersigned rather than rely upon the United States mail for such notice.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, recordings, or other writings of any sort whatsoever which are made by, or at the request of, any employee of the Department (or any other government agency) and which (1) incorporate, include, or relate to any of the information contained in the Confidential Material; or (2) refer to any conference, meeting, telephone conversation, or interview between (a) our client's current or former employees, associates, representatives, agents, auditors, or counsel and (b) employees of the Department (or any other government agency).

Provision of the enclosed materials is not intended to and does not waive any applicable privilege or other legal basis under which information may not be subject to production. By the production of such documents, Theranos does not intend to and has not waived the attorney client privilege or any other protections.

This Confidential Material remains the property of Theranos. Accordingly, at the conclusion of this investigation, Theranos requests such material (and any copies thereof) be returned to the undersigned.

Please do not hesitate to call me if you have any questions about these matters.

Very truly yours,

Christopher Davies

Enclosure



► Insert shipping
document here.

Page 1 of 2

**Extremely Urgent**

PS|Ship - FedEx Label

ORIGIN ID:HGTA   (650) 858-6000
TARYN MCCARTHY
WILMERHALE
950 PAGE MILL ROAD

PALO ALTO, CA 94304
UNITED STATES US

SHIP DATE: 07JUL17
ACTWGT: 0.50 LB
CAD: 103828145/WSXI2750

BILL SENDER

TO **ENF-CPU**
**US SECURITIES & EXCHANGE COMMISSION**
**100 F STREET NE**
**MAIL STOP 5973**
**WASHINGTON DC 20549**
(202) 942-8088     REF: 2212908 00121-28826
INV:
PO:                 DEPT:

 

FedEx Express

**MON - 10 JUL 10:30A**
**PRIORITY OVERNIGHT**
ASR

TRK# 0201 **7871 1435 7784**

20549

**SA YKNA**     DC-US **IAD**





**To: CPU**
Department: **HQ/ENF**
Phone:
Route:  **HQ-5b**
Mail Stop: **5350**
Building:  **SP2**
Package Type:
Sender Name:



787114357784
7/10/2017 9:51:40 AM



Express
®
Ex