JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 | Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 | Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH HOLMES and <br> RAMESH "SUNNY" BALWANI, <br><br> Defendants. | Case No. CR-18-00258-EJD-SVK <br><br> **DECLARATION OF ELIZABETH HOLMES** <br><br> Date:   December 16, 2020 <br> Time:   11:00 AM <br> CTRM: 5, 4th Floor <br><br> Hon. Nathanael M. Cousins |

I, ELIZABETH HOLMES, declare as follows:

1. I submit this declaration in support of my Opposition to the Government's Motion for Order that Defendants Lack Individual Privilege Interest in Theranos Corporate Documents ("Opposition"). I attest to the following facts in support of the Opposition:

2. Boies Schiller Flexner LLP ("Boies Schiller") began representing me in fall 2011 in relation to an intellectual property dispute with a man named Richard Fuisz and related parties. I was a

plaintiff in the lawsuit that Boies Schiller filed in this Court on my behalf and on behalf of Theranos, Inc., the company that I founded and of which I was then the Chief Executive Officer. Boies Schiller litigated that case through trial in March 2014. The firm also pursued a related action in the District of Columbia on my and Theranos' behalf throughout 2013 and into the beginning of 2014. I was a plaintiff in that suit as well. Consistent with the pleadings the firm filed in connection with these disputes that identified Boies Schiller attorneys as my attorneys, I understood that Boies Schiller represented me personally in connection with these matters. I do not recall receiving or executing an engagement letter from Boies Schiller regarding my legal representation.

3. After the fall of 2011—while the disputes described above were either being actively litigated or planned—Boies Schiller attorneys began reviewing Theranos' patent portfolio and the firm and David Boies began advising me on issues related to an intellectual property portfolio that included many patents and patent applications where I was an inventor or co-inventor, as well as trade secrets that I was involved in developing. I do not recall Mr. Boies or any Boies Schiller attorney telling me that the firm's representation of me that had begun in fall 2011 had ended, or that Boies Schiller lawyers were not acting as my lawyers when they advised me on these intellectual property matters. Based on my interactions with Boies Schiller attorneys, I believed that Boies Schiller continued to represent me personally, including in relation to these matters.

4. Mr. Boies and his firm continued to advise me on additional subjects through 2016, including regulatory matters, and media strategy and related legal issues. Mr. Boies and his firm also advised me on legal issues relating to my ownership rights in the company. In 2015, Mr. Boies and his firm became even more involved in providing me advice related to my and Theranos' contact with the media and related legal issues. Also in 2015, Mr. Boies and his firm advised me concerning a potential defamation action against the *Wall Street Journal* that Boies Schiller would have brought on my behalf. Again, I do not recall Boies Schiller attorneys informing me at the time that they were acting solely as attorneys for Theranos. Rather, based on my interactions with Boies Schiller attorneys, I believed that Boies Schiller attorneys continued to represent both me and the company.

5. In the fall of 2015, the Securities and Exchange Commission and Department of Justice

DECLARATION IN SUPPORT OF OPPOSITION TO GOVERNMENT MOTION FOR ORDER THAT DEFENDANTS LACK INDIVIDUAL PRIVILEGE INTEREST IN THERANOS CORPORATE DOCUMENTS
CR-18-00258 EJD SVK                                                                2

began investigating and issuing document requests and subpoenas to the company. David Boies and his firm advised me in connection with these subpoenas and on matters relating to the investigations. At the time, based on my interactions with David Boies and other Boies Schiller attorneys, I did not believe that I needed separate counsel to represent me in these investigations because David Boies and Boies Schiller were my attorneys. It was only later in 2016 that I retained separate counsel to represent me in these investigations.

6. Even after I retained new counsel for the SEC and DOJ investigations, Boies Schiller continued to represent me personally in a putative class action lawsuit in Arizona federal court that had been filed in June 2016. Boies Schiller only withdrew from its representation of me and Theranos in November 2016.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 4 day of December in Palo Alto, CA.

_____
Elizabeth Holmes

DECLARATION IN SUPPORT OF OPPOSITION TO GOVERNMENT MOTION FOR ORDER THAT DEFENDANTS LACK INDIVIDUAL PRIVILEGE INTEREST IN THERANOS CORPORATE DOCUMENTS
CR-18-00258 EJD SVK                                3