# Exhibit 12



*United States Attorney*
*Northern District of California*

1301 Clay Street, Suite 340S
Oakland, California 94612

(510) 637-3680
Fax: (510) 637-3724

May 20, 2019

*By Email*

Kevin Downey, Esq.
Lance Wade, Esq.
Seema Mittal Roper, Esq.
Michelle Chen, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

      Re:    *United States v. Holmes & Balwani*, CR 18-258 EJD

Dear Counsel,

      I write regarding your letters dated February 14, 2019, March 21, 2019, and May 8, 2019, regarding Ms. Holmes' former counsel, David Boies and Daniel Mosley.

      You state that our March 1, 2019 response "essentially ignored the issues [you] raised." That was not the intention of our letter. Our letter was a good-faith effort to understand whether there were circumstances when an attorney represented Ms. Holmes and no other party, such as Theranos, Inc. You have identified none.

      Although they are attorneys, both Mr. Boies and Mr. Mosley have relevant, non-privileged information about Theranos. For example, Mr. Boies served on Theranos' board of directors and both he and his law firm, Boies Schiller Flexner LLP ("Boies Schiller"), were investors. Mr. Mosley was an investor in Theranos. It was perfectly appropriate for the government to interview them. At no point did the government seek to invade Ms. Holmes' attorney-client privilege. During his January 23, 2018 interview, Mr. Boies was represented by experienced counsel from Munger, Tolles & Olson LLP, including Mr. (now Judge) Gregory J. Weingart. In addition, two attorneys from Wilmer Cutler Pickering Hale and Dorr LLP who represented Theranos and Ms. Holmes attended the interview for the sole purpose of protecting the privilege. During his January 26, 2017 interview, Mr. Mosley also was represented by experienced counsel with Cravath Swaine & Moore LLP ("Cravath").

      You wrote on February 14, 2019: "[w]e are concerned that in providing information to the government, these witnesses may have violated their legal and/or ethical obligations to Ms.

1

Holmes." You provided no information in your February 14, 2019 letter to evidence your concern, and we have no reason to believe Mr. Boies or Mr. Mosley breached any professional obligation to Ms. Holmes.

The government has produced to you the memorandum of interview of Mr. Boies' January 23, 2018 interview (to date, there has been only one interview). The government also has produced to you the FD-302 for Mr. Mosley's January 26, 2017 interview (to date, there has been only one interview). As you know, Mr. Mosley was deposed in the parallel SEC case on April 10, 2019. We will produce the transcript of the testimony. You also have requested agent notes of the interviews. The notes are work product of the government. *See* Fed. R. Crim. P. 16(a)(2). Nonetheless, we will make the agent notes for all government interviews in the investigation available for your review at the United States Attorney's Office, subject to your agreement that no privilege is waived as a result of your inspection. I anticipate the agent notes will be ready for your review by the next Court appearance, July 1, 2019.

To the extent we have not already done so, and without conceding the materials are discoverable under Rule 16, *Brady,* or *Jencks*, we will produce to you (1) the government's written communications with Mr. Boies, Boies Schiller, Mr. Mosley, and Cravath, and any firm representing them, relating to the Theranos investigation or prosecution; and (2) any documents Mr. Boies, Boies Schiller, Mr. Mosley, and Cravath produced, whether voluntarily or otherwise, in the Theranos investigation or prosecution.

Very truly yours,

ADAM A. REEVES
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

ROBERT S. LEACH
JEFFREY SCHENK
JOHN C. BOSTIC
Assistant United States Attorneys

Cc    Jeffrey Coopersmith, Esq. (by email)
      Stephen Cazares, Esq. (by email)

2