# Exhibit 14

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 22, 2020

<u>Via Email</u>

Ross Weingarten
Assistant United States Attorney
Northern District of California
150 Almaden Blvd, Ste 900
San Jose, CA  95113

      Re:    <u>United States v. Elizabeth Holmes and Ramesh Balwani, CR 18-258-EJD</u>

Dear Ross:

      I write to follow up on your January 15 letter.  Please let us know your availability for a phone call on January 24, 27, or 28, 2020 to discuss the below items.

      First, we request until Friday, February 28, to complete this review and identify privileged documents from this set of several hundred thousand documents constituting millions of pages.  Even without this set of documents, this highly complex case involves millions of documents created and sent over a period of several years, touching a wide array of substantive areas.  The taint team documents add to the immense burden of preparing the defense and we need more time to identify potentially privileged documents.

      Second, your letter does not indicate whether or not the taint team identified documents as subject to potential Theranos privilege, but ***not*** potential privilege of Ms. Holmes, with respect to David Boies or the Boies Schiller law firm.  To be clear, Ms. Holmes claims that any such documents are also privileged with respect to her.  Accordingly, we would expect the withheld materials to include more than the couple of identified David Boies documents.  As previously noted, Mr. Boies and his firm ***personally*** represented Ms. Holmes in the time period covered by the documents, including but not limited to as a jointly represented party with Theranos throughout the entire time the firm was engaged in Theranos-related matters.[1]  Please let us know whether the taint team identified documents as subject to potential Theranos privilege, but not potential privilege of Ms. Holmes, with respect to David Boies or the Boies Schiller law firm.  If

---

[1] This joint representation is evidenced, for example, in publicly available court filings – *see, e.g., Theranos, Inc. et al. v. Fuisz Technologies, Ltd. et al.*, Civil Action No. 11-5236-PSG (N.D. Cal.); *Theranos, Inc. et al. v. McDermott, Will & Emery, LLP*, Civil Action No. 12-9617 (D.C. Super.); *Toy v. Theranos, Inc. et al.*, No. CV-16-02138-PHX-GMS (D. Ariz.) – but it is not limited to those matters.

WILLIAMS & CONNOLLY LLP

Ross Weingarten
January 22, 2020
Page 2

so, please withhold those documents from production.  If not, we request that the taint team re-review the documents to identify such material.

Third, with respect to "metadata, review commentary, or coding data from the taint team" as to "unprivileged documents," we object to the trial team being given access to metadata, coding, or commentary relevant to the case that is not equally available to the defense.  The taint team's role is to serve as a neutral reviewer of potential privilege—it is wholly inappropriate, and would undermine the legitimacy of any taint team process, for the taint team to conduct a substantive review of, or provide commentary or coding regarding, the reviewed documents for the trial team's potential use in the case.  It is not clear from your letter, however, whether such material exists or whether in fact you plan to provide access to such material if it does exist—only that the trial team "may" access such material.  If in fact such material exists and you plan to provide access to such material, we request that you either (1) provide equal access to the defense or (2) confirm your intention and refrain from providing such access until the defense has the opportunity to seek a protective order.

Fourth, numbered paragraph 4 of your letter is inaccurate.  The taint team has not made "repeated requests" or asked "multiple times" regarding potential joint defense or common interest arrangements.  If you believe you are missing sufficient information to make calls in this regard, we invite that discussion; but we reject the suggestion that information requested of the defense to assist in this process has not been provided.  Indeed, our intent in repeatedly reaching out about the progress of the review was to address issues as the taint team reviewed.

Fifth, with respect to Theranos' corporate privilege, we believe it is important for the defense to understand any further process that may take place with the holder of that privilege, the Theranos Assignee.  For example, has the Theranos Assignee waived privilege over the documents in this set that may implicate Theranos' corporate privilege?  It is important for the defense to know if there are further anticipated steps that may implicate the availability at trial of documents that have been produced to the defense in the taint team process.

Finally, with respect to the approximately 23,000 documents that hit on Theranos' original search terms and were initially put aside for secondary review as described in John Bostic's May 16, 2019 letter, please confirm the process used to review these documents.  Our understanding of your December 18, 2019 letter is that these documents were part of the Phase 2, Tier 1 review described that letter.

WILLIAMS & CONNOLLY LLP

Ross Weingarten
January 22, 2020
Page 3

Sincerely,

Katie Trefz

cc:   Steve Cazares, Esq.