# Exhibit 18

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

LANCE WADE
(202) 434-5755
lwade@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 15, 2020

<u>Via Email</u>

Mr. John C. Bostic, Esquire
Mr. Robert Leach, Esquire
Ms. Vanessa Baehr-Jones, Esquire
Mr. Jeffrey Schenk, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

  Re: <u>United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani</u>
     <u>No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

  I write in regard to SEC-USAO-EPROD-002757301, a document that the government has produced in this matter, which is privileged and appears to have been inadvertently produced to the government without redactions by Theranos. The document contains a request for legal advice and discussion of legal issues among Ms. Holmes, Theranos' then-General Counsel Heather King, and multiple attorneys at the law firm of Boies Schiller & Flexner LLP ("BSF"). We note that an identical version of this document is redacted elsewhere in the government's production, *see* SEC-USAO-EPROD-005048626, and that Theranos asserted privilege claims over 22 similar documents in the course the government's investigation, *see* SEC-USAO-EPROD-005186105 at -214 to -219. Moreover, Theranos and counsel for the Theranos (assignment for the benefit of creditors), LLC, copied here, have made clear that Theranos continues to assert all company privileges and is in fact obligated to do so. *See* Letter Agreement re Grand Jury Subpoena Investigation #2016R00024-15 (Mar. 29, 2018); Theranos General Assignment (Mar. 29, 2018 ) (Attachment A). Ms. Holmes also continues to assert all privileges, including with respect to materials relating to joint representations involving her and the company. *See* L. Wade Ltr. to J. Schenk (Mar. 21, 2019).

  As you know, Rule 4.4. of the California Rules of Professional Conduct provides that "[w]here it is reasonably apparent to a lawyer who receives a writing relating to a lawyer's

WILLIAMS & CONNOLLY LLP

Mr. John C. Bostic, Esq., *et al*.
June 15, 2020
Page 2

representation of a client that the writing was inadvertently sent or produced, and the lawyer knows or reasonably should know that the writing is privileged or subject to the work product doctrine, the lawyer shall: (a) refrain from examining the writing any more than is necessary to determine that it is privileged or subject to the work product doctrine, and (b) promptly notify the sender."  Based on the facts set forth above, the government knew or reasonably should have known that SEC-USAO-EPROD-002757301 was inadvertently produced and that, since there has been no waiver of privilege with respect to communications involving BSF and Theranos and/or Ms. Holmes, the document is privileged.  Accordingly, the government should have taken the steps required by the Rule whenever it first located this privileged document.  Instead, the government identified the document as one it expected to use at trial.  The government should remedy the situation immediately – and remove this document from its files and amend its Rule 404(b) disclosures to remove references to it.  Please confirm by close of business on Wednesday, June 17, that you have taken these necessary remedial steps, or we will be forced to raise this issue with the Court.

       We appreciate your time and attention to this matter.

                                          Sincerely,

                                          Lance Wade

cc:    Jeff Coopersmith, Esq. (by email)
        Scott Goldsmith, Esq. (by email)

Attachment