STEPHANIE M. HINDS (CABN 154284)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
VANESSA BAEHR-JONES (CABN 281715)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Vanessa.Baehr-Jones@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT HOLMES'S MOTION TO EXCLUDE EVIDENCE OF ALLEGED BLAMING AND VILIFYING OF COMPETING COMPANIES AND JOURNALISTS |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | Date: March 23, 2021<br>Time: 10:00 a.m.<br>Court: Hon. Edward J. Davila |

GOVT. OPP. TO MOT. TO EXCLUDE EVIDENCE OF ALLEGED BLAMING AND VILIFYING OF COMPETEING
COMPANIES AND JOURNALISTS      1
18-CR-00258 EJD

# INTRODUCTION

Defendant Elizabeth Holmes moves to exclude two categories of evidence, both relevant and admissible: (1) misrepresentations to Walgreens about why Theranos was not using its own proprietary device, the "nanotainer," to collect patient blood samples; and (2) evidence showing the extremely defensive and virulent reactions that Defendant and Balwani had in the face of media criticism of Theranos's blood tests. Defendant claims the government has not asserted the first category of statements to be false; to be clear, evidence at trial will show that statements that LabCorps and Quest were sending their own employees into Walgreens to sabotage Theranos's blood draws were false. Both categories are inextricably intertwined evidence, or in the alternative, admissible under Federal Rule of Evidence 404(b).

# BACKGROUND

Defendant and Balwani had extreme responses to the media criticism that began with John Carreyrou's exposé in *The Wall Street Journal* in October 2015. Specifically, both Defendant and Balwani led groups of Theranos employees in chanting, "Fuck you Carreyrou," and "Fuck you Sonora Quest." The government anticipates that former Theranos phlebotomist Serena Stewart will testify about Defendant leading such chants on two occasions, in California and in Arizona, in 2016. According to Stewart, the implication was that big laboratories, like Sonora Quest, were behind the questioning of Theranos. The government will also present video evidence of Defendant leading employees in this chant.

As Theranos's Walgreens rollout struggled to live up to the promises Defendant and Balwani had made, they fabricated excuses. For instance, Defendant claimed falsely that Theranos's competitors were sending people into Walgreens to order esoteric blood tests in order to throw off the blood draw percentages. And Balwani misrepresented to Walgreens that one of the reasons for the high number of venous blood draws was that LabCorp and Quest had sent people in to order tests which required venous blood draws. These misrepresentations continued the pattern of deceiving Walgreens about Theranos's true capabilities.

//

# ARGUMENT

## I. Defendant's Extreme Defensive Response to Media Criticism Tends to Reveal Her Mental State

The government acknowledges that the testimony and evidence showing Defendant leading chants of, "Fuck you Carreyrou," and "Fuck you Sonora Quest," is somewhat inflammatory. In an ordinary case, this might be the type of evidence that would warrant exclusion under Federal Rule of Evidence 403. But, one of the central issues in this fraud case is Defendant's mental state, *i.e.*, whether she knowingly and intentionally deceived and cheated investors and patients. "Proving specific intent in . . . fraud cases is difficult, and, as a result, a liberal policy has developed to allow the government to introduce evidence that even peripherally bears on the question of intent." *United States v. Copple*, 24 F.3d 535, 545 (3d Cir. 1994).

The government anticipates that one line of defense Defendant may pursue, for example, is that she actually believed her statements to investors and the media were true.[1] Under this defense theory, Defendant may claim she relied on the statements of others, including Balwani, Theranos scientists, advisors, and counsel, to provide her with information and, based on this information, she thought she was telling the truth when she presented inaccurate information about Theranos's capabilities and profits. Defendant's extreme response to media criticism, however, would tend to undermine this defense theory. If she believed what she said was true, then discovery of the actual problems with Theranos's lab would naturally lead her to respond with regret—perhaps, even some amount of gratitude for the opportunity this would provide to catch and fix the problems—not a virulent and aggressive chant.

In fact, this evidence reveals a profound inconsistency in how Defendant responded to criticism of Theranos, an inconsistency that tends to undermine her veracity and reveal her intention to deceive and cheat. For instance, during the same time period in April 2016, Defendant took an apologetic tone in an interview with Maria Schriver on the *Today* show, claiming she felt "devastated that [Theranos]

---

[1] This is consistent with the defense she presented in sworn testimony before the Securities and Exchange Commission (SEC).

did not catch and fix these issues faster," and taking full responsibility as CEO for the problems. *See* April 18, 2016, *Today* Interview with Elizabeth Holmes, *available at:* https://www.today.com/video/theranos-ceo-elizabeth-holmes-i-m-devastated-about-blood-test-issues-668286019825. She claimed that Theranos was going to start from scratch and rebuild to "make sure this never happened again." Defendant's presentation in this interview contrasts sharply with her virulent chants denouncing Carreyrou and Sonora Quest. The evidence that she deflected blame on others when it suited her ends, but claimed to take responsibility and be "devastated" at other times when such an approach was to her benefit, is probative of Defendant's *mens rea* and consciousness of guilt.[2] To the extent any prejudice arises from the crass statements, it does not substantially outweigh the evidence's probative value.

**II.    Misrepresentation to Walgreens About Quest's and LabCorp's Purported Sabotage Efforts Are Relevant and Admissible**

Defendant argues the Court should exclude statements about Quest's and LabCorp's purported sabotage efforts because the government does not, in fact, allege these statements to be false. Defendant is mistaken. The evidence at trial *will* show that these are misrepresentations, made to Walgreens in an attempt to explain why Theranos was failing to do what it claimed it could do: collect small blood samples in its proprietary "nanotainer." These misrepresentations are therefore inextricably intertwined with the alleged investor fraud and should be admitted.

Evidence is admissible without regard to Rule 404(b) in order to provide "a coherent and comprehensible story regarding the commission of the crime." *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (quoting *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995)). "A jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of the . . . circumstances of the acts which form the basis of the charge." *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992) (quoting *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984)). Defendant's duplicity with

---

[2] At the very least, this evidence should be permitted in rebuttal to disprove a defense claiming that Defendant did not intend to deceive or cheat.

1  Walgreens is an integral part of the story of how she deceived investors and the media about Theranos's
2  capabilities and then hid the problems with Theranos's devices when they did not work as promised.
3  This evidence is part of this narrative and should be admitted.  In the alternative, evidence that
4  Defendant continued to lie to Walgreens should be admitted under Rule 404(b) to prove her intent,
5  knowledge, and consciousness of guilt.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion *In Limine* to Exclude Evidence of Alleged Blaming and Vilifying of Competing Companies and Journalists (Dkt. # 577).

DATED:  January 8, 2021                                Respectfully submitted,

STEPHANIE HINDS
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

*/s/ Vanessa Baehr-Jones*
_____
VANESSA BAEHR-JONES
JEFF SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
Assistant United States Attorneys