# EXHIBIT 63

AO 110 (Rev. 06/09) Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT
for the
Northern District of California

## SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To: Theranos, Inc.
Custodian of Records

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | United States District Courthouse - San Jose<br>280 S. First Street<br>Room 2115, 2nd Floor<br>San Jose, CA 95113 | Date and Time:<br><br>06/14/2018 9:00 am |
|---|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
SEE ATTACHMENT. Provide all records in electronic format only.

Voluntary compliance with this federal grand jury subpoena will be deemed satisfactory when the information requested is provided to the agent listed below and no appearance will be necessary.

MAIL DOCUMENTS TO:
Jeff Schenk, Assistant U.S. Attorney    or    John Bostic, Assistant U.S. Attorney
150 Almaden Blvd. Suite 900                    150 Almaden Blvd. Suite 900
San Jose, CA 95126                              San Jose, CA 95126
Telephone number: (408) 535-5061                Telephone number: (408) 535-5061

Date:    June 4, 2018



CLERK OF COURT

Susan Y. Soong
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:
Jeffrey B. Schenk, AUSA
John C. Bostic, AUSA
150 Almaden Blvd., Suite 900  San Jose, CA 95113
jeffrey.b.schenk@usdoj.gov    (408) 535-5061
john.bostic@usdoj.gov

Custodian of Records
Theranos, Inc.

## SUBPOENA ATTACHMENT

**I.   DEFINITIONS**

As used herein:

    A.    "Document" means the **original** of all written, recorded, or graphic material and all electronic data of every kind, whether prepared by your company or by any other person, that is in your company's possession, custody, or control, including but not limited to: memoranda, reports, letters, telegrams, and other communications recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings and telephone or other communications; contracts and other agreements; checks, check registers, statements, ledgers, and other records of financial matters or commercial transactions; appointment books, calendars, notebooks, and diaries, including data in PDAs; maps, diagrams, graphs, and charts; plans and specifications; publications; photographs; photocopies, microfilm, and other copies or reproductions; computer printouts; tallies, tabulations, and summaries of sales or bids; and all file folders, file tabs, folder tabs, mailing envelopes, facsimile transmission cover sheets, and any other proof or indicia of mailing (if applicable) associated with each original. The term "document" includes spreadsheets, as well as underlying cell formulae and other codes. The term "document" also includes electronic mail messages and other documents and data stored in, or accessible through, computer or other information retrieval systems, such as personal computers, portable computers, workstations, minicomputers, personal data assistants, archival voice storage systems, group and collaborative tools, electronic messaging devices, portable or removable storage media, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of online or offline storage, whether on or off company premises. The term "document" includes all drafts of a document and all duplicates of a document (whether or not identical) in the files of or in the files maintained on behalf of all directors, officers, managers, or other supervisory employees, duplicates of documents in all other files that are not identical duplicates of the originals (including copies that differ in any way, such as through notations, underlining, or other markings), and duplicates of documents the originals of which are not in the possession, custody, or control of your company. The term "document" includes all data (including metadata, embedded, hidden and other bibliographic or historical data describing or relating to documents created, revised, or distributed on computer systems) stored in electronic form or accessible through computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret this data. Unless otherwise specified, the term

1

"document" excludes non-electronic forms of invoices, bills of lading, purchase orders, customs declarations, and other similar documents of a purely transactional nature.

B. "Identify" means to state and "identity" means a statement of:

1) In the case of a person other than a natural person, its name, the address of its principal place of business, its telephone number, and the name of its chief executive officer;
2) In the case of a natural person, his or her full name (including full middle name), date and place of birth and social security number, passport number and country of issuance, last known home telephone number and home address, last known business telephone number (including extensions) and business address, last known cellular or mobile telephone numbers, the positions held by each individual and dates of service in each position, and the name and position of each such person's immediate supervisors in each position; and
3) In the case of a communication, its date, its type *(e.g.,* telephone conversation, letter, electronic mail, or meeting), the place where it occurred, the identity of the persons who made it, the identity of the persons who received it or who were present when it was made, and the subject matter discussed.

C. "Person" means any natural person, association, cooperative, public or private corporation, joint venture, partnership, sole proprietorship, governmental entity, or other form of business or legal entity.

D. "Relating to" or "relate to" or "regarding" means directly or indirectly refer or pertain to, discuss, describe, reflect, contain, examine, analyze, study, report on, comment on, evidence, constitute, show, consider, recommend, concern, record, or set forth, in whole or in part.

E. "Telephone number" includes any general telephone numbers, private line numbers, telephone extension numbers, cellular or mobile telephone numbers, and facsimile transmission numbers.

F. "You" or "your company" means the person to which this subpoena is addressed; any parent, predecessor, successor, division, affiliate, or subsidiary (whether wholly owned or not) of that person; any joint venture to which any such person is or was a party; and each officer, director, manager, partner, employee, attorney, agent, representative, consultant, affiliated person, or other person acting on behalf of any of them.

II. **INSTRUCTIONS**

A. Unless otherwise specifically provided herein, the documents that must be produced in response to this subpoena include all responsive documents prepared, sent, dated, received, used, or in effect at any time during the period of **2006** through **2016** ("the subpoena period").

B. All documents produced must be **originals,** unless otherwise indicated. Photocopies will be accepted only after your company demonstrates that the originals are unavailable.

C. This subpoena and schedule of documents call for the production of all responsive documents in the possession, custody, or control of your company without regard to the physical location of the documents and without regard to whether the documents were prepared by or for your company.

D. Use of the singular or the plural in this subpoena should not be deemed a limitation, and the use of the singular should be construed to include, where appropriate, the plural. The conjunctive form "and" and the disjunctive form "or" are mutually interchangeable and encompass each other. The terms "any" and "all" are mutually interchangeable and encompass each other.

E. Any documents that are withheld in whole or in part from production based on a claim of privilege shall be assigned document control numbers (with unique consecutive numbers for each page of each document); for purposes of this instruction, each attachment to a document shall be treated as a separate document and separately logged, if withheld, and cross referenced, if produced. Your company shall also provide a statement of the claim of privilege and all facts relied upon in support of the decision to withhold each document, in the form of a log that conforms with the requirements set forth below. Your company is encouraged to propose categorical limitations to exclude certain classes of privileged documents from its log.

   a. For each document identified on your company's privilege log, state:

      i. the document's control numbers;
      ii. all authors of the document;
      iii. all addressees of the document;
      iv. all recipients of the document or of any copies of the document, to the extent not included among the document's addressees;
      v. the date of the document;
      vi. a description of the subject matter of the document;
      vii. the nature or type of the privilege that your company is asserting for the document (e.g, "attorney-client privilege");
      viii. the specifications of this schedule to which the document is responsive;

      ix. the document control numbers of any attachments to the document, regardless of whether any privilege is being asserted for such attachments; and

      x. whether the document has been produced in redacted form.

b. Your company's privilege log shall also conform with all of the following requirements:

      i. Provide a separate legend containing the full name, title, and employer or company affiliation of each author, addressee, and recipient identified on your company's privilege log.

      ii. All attorneys acting in a legal capacity with respect to the withheld document or communication, and only such attorneys, shall be identified on the privilege log with an asterisk.

      iii. The description of the subject matter of each document shall describe the nature of the document in a manner that, though not revealing information that is itself privileged, provides sufficiently detailed information to enable the Department to assess the applicability of the privilege claimed.

      iv. For each document withheld under a claim that it constitutes or contains attorney work product, also state whether your company asserts that the document was prepared in anticipation of litigation or for trial and, if so, identify the anticipated litigation or trial upon which the assertion is based.

      v. Produce all nonprivileged portions of any responsive document (including nonprivileged or redactable attachments) for which a claim of privilege is asserted, except where the only nonprivileged information in the document has already been produced. Note where any redactions in the document have been made.

      vi. The privilege log shall be produced in both hard-copy and electronic form, the electronic form of which shall be both searchable and sortable.

c. Documents sent solely between counsel for your company, including in-house counsel acting solely in a legal capacity, and documents authored by your company's outside counsel that were not directly or indirectly furnished to any third party, such as internal law firm memoranda, may be omitted from the privilege log. However, any attachments to such documents must be included on the privilege log (if a privilege is applicable to such materials), unless such attachments are addressed and sent solely to counsel.

d. If any portion of any document is responsive to any paragraph or subparagraph in Section III below, then the entire document must be produced, including all supporting, underlying, or explanatory documents and all attached, annexed, or appended documents (this includes file attachments to electronic

4

communications). Documents should be submitted as found in your company's files *(e.g., documents that in their original condition were stapled, clipped, or otherwise fastened together, or maintained in separate file folders, shall be produced in such form).* Documents should also be produced in the order in which they appear in your company's files and should not be shuffled or otherwise rearranged. If a document contains privileged material, the entire document must be produced, with the privileged material redacted and documented as set forth in Paragraph II.E., above.

e. If you intend to utilize any de-duplication software or services when collecting or reviewing information that is stored in your company's computer systems or electronic storage media in response to this schedule of documents to be produced, or if your company's computer systems contain or utilize such software, you must contact the attorneys for the government to determine, with the assistance of the appropriate government technical staff, whether and in what manner your company may use such software or services.

f. Mark each page of each document submitted- whether in hard-copy or electronic format- with corporate identification and consecutive document control numbers. Place all documents produced in hard-copy format in file folders. Mark each file folder with your company's corporate identification, the name of the person whose documents are in the folder, and how the original file was labeled. If your company submits hard copies of electronic documents that have been printed from a common electronic source, such as a central e-mail or document server or a backup disk, such documents must be submitted in file folders that are marked with (1) a description of the enclosed documents' electronic source (e.g., "Documents from Backup Tape No.3 for Email Server XYZ, 3/1/06 - 3/31/06"); and (2) the name of each natural person whose electronic documents are contained in that file folder. Where a document is responsive to more than one paragraph or subparagraph of Section III below, your company shall produce it only once. Hard-copy documents shall be submitted in sturdy boxes not larger than 1.5 cubic feet. Number each box and mark each box with corporate identification and the names of the individuals whose files are contained in that box.

g. Provide a master list showing: (1) the name of each individual from whom responsive documents are submitted; and (2) the corresponding consecutive document control numbers used to identify that person's documents. If the master list exists in electronic form, provide the master list both as a printed hard copy and in electronic form (provided the master list can be produced in a format that

5

allows the Department to use it). The Department representatives will provide a sample master list upon request.

h. The definition of "document" used in this schedule includes data stored in any electronic form. Your company is required to review such data and determine whether it contains material responsive to this subpoena. In addition, your company should **immediately** take the following steps to ensure that it preserves all types of electronic data from the subpoena period that may be responsive:

   i. <u>Electronic Data to be Preserved</u>. The following (subparagraphs a.-g.) types of electronic data should be preserved, in accordance with the steps set forth in Paragraphs II.J.2. through 7., below:

      1. All electronic mail, information about electronic mail (including but not limited to information on message contents, header information, and logs of electronic mail system usage), any attachments, and any other electronic communications, including any data from Instant Messaging programs, Internet Relay Chat systems, or any voicemail programs, containing information responsive to the subpoena;
      2. All files that contain information from electronic calendars or scheduling programs responsive to the subpoena;
      3. All user-created files (including but not limited to word processing files, spreadsheets and slide presentations) that contain information responsive to the subpoena;
      4. All databases (including all records and fields and structural information in such databases) or other data files that contain any information (such as sales, pricing, customer, financial, accounting, and billing information) responsive to the subpoena;
      5. All logs of activity on computer systems that may have been used to process or to store electronic data containing information responsive to the subpoena;
      6. All electronic data files created or used by spreadsheet programs that contain information responsive to the subpoena; and
      7. All other electronic data containing information that is responsive to the subpoena.

   ii. <u>Online Data Storage: Servers/Mainframes</u>. With regard to your company's servers, mainframes, and any other electronic data storage devices, *do not modify or delete* any electronic data existing as of the date of the subpoena that contain information that meets any of the criteria set forth in

6

      Paragraph II.J.1. above, unless a true and correct copy of each such electronic data file has been made and steps have been taken to ensure that this copy will be preserved and accessible for purposes of this grand jury investigation.

  iii. **Off-Line Data Storage: Backups, Archives, and Other Removable Media.** With regard to all electronic media used for off-line storage, including but not limited to magnetic tapes and cartridges and other media that, at the date of service of this subpoena, contain any electronic data meeting the criteria listed in Paragraph II.J.1., *immediately stop any activity* that may result in the loss of such electronic data, including rotation, destruction, overwriting; or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with your company's computer system, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes, CDs, DVDs, USB thumb drives, and all other media, whether used with personal computers, mainframes, other computers, or other electronic data storage devices, and whether containing active data, backup data, archived data, or any other electronic data, for your company's computer systems.

  iv. **Replacement of Data Storage Devices.** Do not dispose of any electronic data storage devices or media that may be replaced due to failure, upgrade, or other reasons if such devices or media may contain electronic data meeting the criteria listed in Paragraph II.J.1 above.

  v. **Local-User Hard Drives on Personal Computers, Hand-Held Devices.** With regard to electronic data meeting the criteria listed in Paragraph II.J.1. above that existed on stand-alone computers (including desktops, laptops, and home computers used to conduct your company's business) and handheld devices (including BlackBerrys and Palm Pilots) as of the date of this subpoena, *do not alter or erase* this electronic data, and do not perform other procedures (such as data compression, disk defragmentation, optimization routines, or reassignment of hard drives) that may affect this data, unless a true and correct copy has been made of these active files, copies have been made of all directory listings (including system files) for all directories and subdirectories containing those files, and arrangements have been made to preserve the copies during the pendency of this grand jury investigation.

  vi. <u>Custom Designed Programs and Utilities</u>. Preserve copies of all application programs and utilities that are used to process electronic data responsive to this subpoena.

  vii. <u>Log of System Modifications</u>. Maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria listed in Paragraph II.J.1., regardless of whether these modifications were made by employees, contractors, vendors, or any other third parties.

i. Unless otherwise requested by a Department representative, electronic documents (*e.g.,* email) and data shall be produced in electronic form only. Electronic documents and data shall be produced in a format that allows the Department to access and use them, together with instructions and all other materials necessary to use or interpret the data, including record layouts and data dictionaries. For data submitted electronically, submit a description of the data's source.

j. Before you prepare documents or information for production in electronic form (for example, before you attempt to copy, for your response to this schedule, documents or information from an electronically ·stored source onto a disk or other electronic storage medium), you must contact a Department representative to arrange a meeting or conference call with your company's personnel who are familiar with the electronic files in which the documents or information are stored, to explain to Department representatives the manner in which the documents or information are stored, and the types of information that are available on the electronic source. Department representatives must approve the format and production method for electronic data in advance of the submission by your company of its response to this schedule of documents.

k. This subpoena requires your company to:

  i. Appear before the grand jury through an authorized, knowledgeable representative at the time and place set;
  ii. Produce before the grand jury all documents described in this schedule of documents; and
  iii. Identify and authenticate all documents so produced.

l. The representative who appears before the grand jury for your company will be questioned under oath regarding methods of compliance and whether all documents described in this schedule of documents have been produced. The

representative making the appearance should be prepared to explain what was done, how, where, when, and by whom, to comply with the demands set forth in this schedule of documents.

m. Your company, at its sole election, may also comply with the subpoena, in lieu of producing documents before the grand jury, by producing all responsive documents via certified or registered mail, or via equivalent delivery, to the address listed in Paragraph II.Q. below, provided that each of the following prerequisites is met:

   i. All subpoenaed documents reach the United States on or before the date your company, through its representative, is scheduled to appear before the grand jury (or on or before such other date agreed upon in writing by your company and attorneys for the United States); and
   ii. The official of your company responsible for complying with this subpoena submits with the subpoenaed documents a sworn statement that:

   1. States the name and position of each person assisting in the search for the documents;
   2. Describes all locations searched, including your company's computer system and all removable media;
   3. Identifies the documents produced by number; and
   4. Certifies that the documents produced fully comply with the demands of the subpoena, and that your company has withheld no documents, except on grounds of privilege in accordance with Paragraph II.E., above.

n. Regardless of which production method your company chooses, the grand jury reserves the right to require the official of your company responsible for compliance with this subpoena or any other employee involved in the search to testify about your company's efforts to comply with the subpoena.

o. No agreement or stipulation by the United States or its representatives, purporting to modify, limit, defer, or otherwise vary this subpoena or schedule of documents will be valid or binding on the United States unless confirmed or acknowledged in writing by the United States, or made of record in open court, by a duly authorized representative thereof.

9

  p. All communications or inquiries regarding this subpoena and schedule of documents should be addressed to:

  Jeff Schenk, Assistant U.S. Attorney
  150 Almaden Blvd. Suite 900
  San Jose, CA 95126
  Telephone number: (408) 535-5061

  John Bostic, Assistant U.S. Attorney
  150 Almaden Blvd. Suite 900
  San Jose, CA 95126
  Telephone number: (408) 535-5061

### III. DOCUMENTS TO BE PRODUCED

#### Lab Reports

A. The entirety of all blood test lab reports maintained in the L.I.S. database that Theranos provided to its patients. Please produce these reports in the same format originally provided to such patients.

B. A softcopy or proxy of the L.I.S. database, along with any other proprietary software required to access and search the database.

#### *Coleman* litigation

C. All deposition transcripts generated throughout the course of this litigation

### IV. NOTICE CONCERNING DOCUMENT DESTRUCTION AND OBSTRUCTION OF JUSTICE

**Any person who withholds, alters, deletes, or destroys documents – including electronic documents - demanded by this subpoena, or who removes or transfers such documents to outside the jurisdiction of the United States, may be subject to criminal prosecution for obstruction of justice, contempt of court, or other federal criminal violations. Conviction of any of these offenses may be punishable by substantial fine or imprisonment, or both.**

## DECLARATION OF CUSTODIAN OF RECORDS

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _____.
  (Name of Declarant)

I am a United States citizen, and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

I am in receipt of a United States District Court Grand Jury Subpoena for the Northern District of California, signed by Assistant U.S. Attorney _____, requesting specified records of the business named below. Attached hereto are records responsive to the subpoena. Pursuant to Federal Rule of Evidence 902(11) and Federal Rule of Evidence 803(6), I hereby certify that the records attached hereto:

(1) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

(2) were kept in the course of the regularly conducted business activity; and

(3) were made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
(signature of declarant)

_____
(name of declarant)

_____
(name of business/firm)

_____
(business address)

_____

_____

## PROOF OF SERVICE

This subpoena for *(name of individual or organization)*  Theranos, Inc._____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc: