JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>　　　　Defendants. | Case No. CR-18-00258-EJD<br><br>**MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE BAD ACTS AND FALSE OR MISLEADING STATEMENTS OF THERANOS AGENTS AND EMPLOYEES**<br><br>Date:　March 23, 2021<br>Time:　9:00 AM<br>CTRM:　4, 5th Floor<br><br>Hon. Edward J. Davila |

# **TABLE OF CONTENTS**

**Page**

I.   The Government Cannot Connect Ms. Holmes to the Exemplar Allegations in the Motion..................................................................................................................................1

II.  The Remainder of the Government's Arguments Lack Merit. ..........................................2

CONCLUSION.................................................................................................................................3

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE BAD ACTS AND FALSE OR MISLEADING STATEMENTS OF THERANOS' AGENTS AND EMPLOYEES
CR-18-00258 EJD

The government appears to misunderstand Ms. Holmes' Motion (Dkt. 565) to exclude alleged bad acts and false or misleading statements of Theranos agents and employees that lack the requisite connection to Ms. Holmes. Ms. Holmes' Motion is directed at such acts and statements that lack a legally valid connection to Ms. Holmes. Ms. Holmes provided several examples, drawn from the government's Rule 404(b) disclosures and interview memoranda, in her Motion. With one exception, the government does not address those examples. Instead, it spends the first part of its Opposition discussing actions that it alleges Ms. Holmes took herself. Govt' Opp'n, Dkt. 662, at 1-3. Those alleged actions are not the subject of this Motion. It then identifies two examples of actions by others that it claims it can connect directly to Ms. Holmes. *Id.* at 4. Those also are not the subject of this Motion. It then extrapolates from those examples to the sweeping proposition that Ms. Holmes is responsible for nearly everything that happened at Theranos. The government has no authority for that proposition, which is contrary to fundamental principles of due process. The Court should exclude evidence of alleged bad acts and false or misleading statements of Theranos agents and employees that lack the requisite connection to Ms. Holmes.

**I.    The Government Cannot Connect Ms. Holmes to the Exemplar Allegations in the Motion.**

In her Motion, Ms. Holmes identified specific examples of acts or statements by Theranos employees that the government has put at issue. *See* Def. Mot., Dkt. 565 at 2-5. With one exception discussed below, the government does not even attempt to tie them to Ms. Holmes in any way. It identifies *no* evidence that she knew of the three patients identified in the Motion; that she directed employees to make the various statements identified in the Motion; that she had any role in setting reference ranges; that she knew anything about responding to critical test results for chloride; or that she knew anything about what information was contained in HbA1C test reports. *Id*. at 2-4. All evidence of these acts and statements should be excluded.[1]

---

[1] Ms. Holmes' Motion also addressed the government's allegation that Theranos "senior managers" destroyed Theranos' database of patient data (the LIS database). Def. Mot., Dkt. 565 at 4. The government does not address that allegation in its Opposition to this Motion, but elsewhere in its Oppositions it recklessly insinuates the involvement of Ms. Holmes and her lawyers, with no evidentiary basis for doing so. Dkt. 682 at 9-10. To be clear, neither Ms. Holmes nor her lawyers had anything to

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE BAD ACTS AND FALSE OR MISLEADING STATEMENTS OF THERANOS' AGENTS AND EMPLOYEES
CR-18-00258 EJD

1

The only example that the government addresses is its claim that actions by David Boies, a lawyer for Theranos and Ms. Holmes, with respect to the *Wall Street Journal* are evidence of Ms. Holmes' mental state. *See* Def. Mot., Dkt. 565, at 5. (The government ignores entirely its allegation related to actions by Theranos' General Counsel Heather King.) The government surmises that "[i]t is implausible that Defendant did not play a significant role in influencing Boies's actions during that time period" and "it is reasonable to infer that he took significant direction from her as well." Gov't Opp'n, Dkt. 662 at 5. The government's supposition is no substitute for evidence. It cannot put on evidence of a third party's acts and ask the jury to infer, with no evidentiary basis, that Ms. Holmes directed the acts. The Court thus should exclude evidence of Mr. Boies' (and Ms. King's) actions vis-à-vis the *Wall Street Journal*.

## II. The Remainder of the Government's Arguments Lack Merit.

The remainder of the government's Opposition is an improper attempt to hold Ms. Holmes liable for everything that happened at Theranos, a company with hundreds of employees. The government suggests in vague terms that Ms. Holmes exerted "influence" over Theranos' communications with the victims of the fraud; that she was "well positioned to ensure that the actions of Theranos' employees and agents furthered Defendants' schemes whenever possible"; that "her words and actions had a significant effect on the way Theranos employees viewed the company"; and that "causal chains of . . . false statements lead back to [Ms. Holmes]." Gov't Opp'n, Dkt. 662 at 4-7. But vague allegations of "influence," or claims that Theranos employees were "unwitting accomplices," do not make Ms. Holmes responsible for the acts or statements of Theranos employees. None of those arguments constitute viable theories of criminal liability, and the government cites no case whatsoever supporting them.

The only case the government cites for this "influence" theory is *United States v. Ciccone*, 219 F.3d 1078 (9th Cir. 2000), but the government seriously overstates that case's holding. In *Ciccone*, the defendant gave employees a list of victims of other telemarking schemes and wrote a misleading sales pitch for the employees to use to solicit money from victims. *Id.* at 1084. Unsurprisingly, the Ninth

---

do with the government's failure to preserve the LIS database. Ms. Holmes will respond more fully in her reply brief in support of her Motion to Exclude Evidence of Anecdotal Test Results (Dkt. 563).

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE BAD ACTS AND FALSE OR MISLEADING STATEMENTS OF THERANOS' AGENTS AND EMPLOYEES
CR-18-00258 EJD

2

1  Circuit held that the defendant was liable for his own acts taken "with the knowledge that the prohibited
2  actions [by employees] will follow in the ordinary course of business or where the prohibited acts can
3  reasonably be foreseen." *Id.* (citation omitted).  That is a far cry from merely having "influence" over a
4  company.  All CEOs presumably have influence at the companies they lead, but it does not follow that
5  they are liable for any misconduct that company employees undertake.  Nor is the knowledge of
6  company employees imputed to Ms. Holmes.  *See Phillips v. United States,* 356 F.2d 297, 303 (9th Cir.
7  1965) (holding that "knowledge of a co-conspirator, agent of employee, has no tendency,
8  circumstantially or otherwise, to prove criminal intent").  The government may attempt to hold Ms.
9  Holmes liable for her own acts, as in *Ciccone*.  But it cannot hold her liable for the acts of others simply
10 on a theory that she, like all CEOs, "influenced" Theranos.   Any other rule would effectively import
11 vicarious liability principles into criminal law, in violation of the Due Process Clause.  *See* Def. Mot.,
12 Dkt. 565 at 5.

\*       \*       \*

14 To be clear, there may be situations in which the government has evidence that causally connects
15 Ms. Holmes' acts with those of Theranos employees.  It suggests that it has such evidence with respect
16 to two alleged incidents it discusses in its Opposition. Gov't Opp'n, Dkt. 662, at 4.  It apparently has
17 none with respect to the allegations discussed in Ms. Holmes' Motion.  The paucity of actual evidence
18 cited by the government, and its frequent resort to vague claims of "influence," illustrate the need for a
19 pre-trial ruling prohibiting evidence of bad acts or false or misleading statements of Theranos agents
20 absent an advance proffer from the government of what evidence will connect such acts or statements to
21 Ms. Holmes.  Def. Mot., Dkt. 565 at 8-9; *see also* Fed. R. Evid. 104.  Absent such a requirement, this
22 trial will turn into a sprawling, unconstitutional mess of evidence about things that Theranos
23 employees—but not Ms. Holmes—did or said.

**CONCLUSION**

25 For these reasons, and those set forth in Ms. Holmes' Motion, the Court should enter an order
26 precluding the government from introducing evidence of bad acts or false or misleading statements of

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE BAD ACTS AND
FALSE OR MISLEADING STATEMENTS OF THERANOS' AGENTS AND EMPLOYEES
CR-18-00258 EJD

3

1  Theranos agents or employees other than her alleged co-conspirators and alleged accomplices, at least
2  absent a sufficient advance showing from the government pursuant to Rule 104.

4  DATED: February 16, 2021                    Respectfully submitted,

6                                              /s/ Amy Mason Saharia
                                               KEVIN DOWNEY
7                                              LANCE WADE
                                               AMY MASON SAHARIA
8                                              KATHERINE TREFZ
                                               Attorneys for Elizabeth Holmes

28  MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE BAD ACTS AND
    FALSE OR MISLEADING STATEMENTS OF THERANOS' AGENTS AND EMPLOYEES
    CR-18-00258 EJD

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes