JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>    Defendants. | ) Case No. CR-18-00258-EJD<br>)<br>) **REPLY IN SUPPORT OF MOTION TO**<br>) **EXCLUDE EVIDENCE OF THERANOS'**<br>) **TRADE SECRETS PRACTICES UNDER**<br>) **FEDERAL RULES OF EVIDENCE 401-404**<br>)<br>) Date:    February 15, 2021<br>) Time:    10:00 AM<br>) CTRM:  4, 5th Floor<br>)<br>) Hon. Edward J. Davila<br>) |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.    The Government Cannot Justify the Introduction of Theranos' Legally Permissible
      Efforts to Protect Its Trade Secrets as Evidence of Intent to Defraud. ...........................................1

II.   The Government Cannot Possibly Be Confused About the Evidence at Issue...............................4

CONCLUSION...................................................................................................................................5

REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF THERANOS' TRADE
SECRETS PRACTICES UNDER FEDERAL RULES OF EVIDENCE 401-404
CR-18-00258 EJD

Ms. Holmes' Motion To Exclude Evidence of Theranos' Trade Secrets Practices seeks to exclude specific categories of evidence disclosed by the government *in its own Rule 404(b) notice*.  The government's claim that it does not know what evidence is at issue does not withstand scrutiny.  The government does not contest that the disclosed evidence concerns common measures taken by companies to protect trade secrets and that Ms. Holmes owed Theranos a duty to take those measures.  It vaguely suggests that the admissibility of the evidence depends on how trade secret measures were "used," but it has identified no evidence that would allow the government to depict Theranos' trade secret measures as being used excessively or improperly.  The government primarily focuses its arguments on a narrow category of evidence involving witnesses the government characterizes as "whistleblowers."  But that evidence, too, involves lawful measures taken by Theranos and its outside counsel to enforce its confidentiality obligations.  The Court should prohibit admission of all evidence of trade secrets practices for the purpose of proving intent to defraud.

## I.   The Government Cannot Justify the Introduction of Theranos' Legally Permissible Efforts to Protect Its Trade Secrets as Evidence of Intent to Defraud.

The government cannot justify the introduction of Theranos' trade secrets protection practices as evidence of intent to defraud.  As set forth below, admitting this evidence would both disregard Ms. Holmes' obligations to Theranos during her time as an officer and director of the company, and run afoul of the evidentiary protections provided by Federal Rules of Evidence 403, 404(b), and 702.

*First*, the government does not contest that the conduct described in Categories 7, 8 and 12 of its Rule 404(b) notice—*e.g.*, the use of non-disclosure agreements and security systems—reflects common (if not required) measures employed to protect trade secrets; that companies regularly litigate in order to protect those secrets; or that Theranos had trade secrets that required such protection.  *See* Def. Mot., Dkt. 566 at 1-6.  The government also makes no effort to engage with, much less challenge, Ms. Holmes' authority for the proposition that she and others at Theranos had a legal duty to protect and defend the company's trade secrets, including by pursuing litigation to prevent their disclosure.  *Id.* at 7. Because there is no dispute that Theranos had a legitimate basis to employ trade secrets protection

REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF THERANOS' TRADE SECRETS PRACTICES UNDER FEDERAL RULES OF EVIDENCE 401-404
CR-18-00258 EJD

1   measures, the evidence of these practices should not be admitted at trial for the government's disclosed

2   purpose of proving intent to defraud.

3       *Second,* the government suggests that the admissibility of evidence of particular measures

4   depends on the manner in which it was employed by Theranos.  Gov't Opp'n, Dkt. 672 at 5.  This,

5   alone, is a sufficient basis to preclude a large swath of Categories 7, 8, and 12, where the government

6   has failed to allege any inappropriate use of measures like non-disclosure agreements, social media

7   policies, and restrictions on visitor access.  And the government does not try to justify the introduction

8   of generalized statements that Theranos "foster[ed] a culture of secrecy," was "very secretive," or was

9   "paranoid" about confidentiality, all of which feature prominently in the government's Rule 404(b)

10   disclosure.  *E.g.*, Def. Ex. 3, Dkt. 580-2 at 51-54.  To the extent the government asserts that particular

11   practices to protect trade secrets were unusual, excessive, or otherwise beyond what was required by

12   law, the government has failed to identify an expert qualified to offer such opinions under Rule 702, and

13   it has not explained how such testimony could be admitted through a lay witness.  *See* Def. Mot., Dkt.

14   566 at 7-8.[1]  Because the government cannot offer any comparative assessment of Theranos' trade

15   secrets practices at trial, it cannot introduce its proffered evidence even under its own theory of

16   admissibility.

17       *Third,* the government fails to explain how the legitimate measures employed to protect

18   Theranos' trade secrets are sufficiently similar to the charged offense to be admissible as evidence of

19   intent under Rule 404(b).  *See* Def. Mot., Dkt. 566 at 9-10 (citing *United States v. Mayans*, 17 F.3d

20   1174, 1181 (9th Cir. 1994)).  The government again appears to concede that the vast majority of the

21   evidence described in Categories 7, 8, and 12 does not meet this standard.  Indeed, it focuses only on

22   Theranos' interactions with three former employees—Erika Cheung, Tyler Shultz, and Dr. Adam

23   Rosendorff—in connection with an effort to prevent the disclosure of trade secrets.  According to the

24

25       [1] The government's disregard for Rule 702 is further reflected in its efforts to justify the
relevance of evidence about lab access.  The Opposition previews a new argument that the purported

26   exclusion of certain personnel from portions of Theranos' CLIA laboratory "was obviously going to
affect the quality of the patient blood tests."  *See* Gov't Opp'n, Dkt. 672 at 5-6.  The government has not

27   disclosed any basis for that allegation or any expert opinions that would support such a claim.

28   REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF THERANOS' TRADE
SECRETS PRACTICES UNDER FEDERAL RULES OF EVIDENCE 401-404
CR-18-00258 EJD

government, these interactions are admissible under Rule 404(b) as evidence of "threats or intimidation" that show consciousness of guilt.  Gov't Opp'n, Dkt. 672 at 6.[2]  The absence of any allegation of illegal activity, along with the fact that the alleged intimidation occurred prior to the start of the government's investigation, easily distinguish the cases cited by the government.  *See id.* at 6.[3]  Indeed, the government has not presented any authority for the proposition that otherwise permissible conduct— *e.g.*, the pursuit of litigation to protect a company's trade secrets—can be introduced as evidence of intimidation under Rule 404(b) for the purpose of establishing consciousness of guilt.

*Fourth*, the government has not cited any evidence that links Ms. Holmes to the events described in the Opposition for the three former employees.  With respect to the circumstances involving Ms. Cheung and Mr. Shultz, the government does not even assert that Ms. Holmes was personally involved. Instead, the alleged acts of intimidation are attributed only to "Theranos," "Theranos's lawyers," and "agents working for Theranos's lawyers."[4]  The absence of any connection to Ms. Holmes, along with the involvement of legal counsel for the company—none of whom are alleged to be co-conspirators— dispels any notion that this otherwise lawful conduct can be introduced against Ms. Holmes under Rule 404(b) for the purpose of establishing consciousness of guilt.

---

[2] Here, the government relies on a series of inflammatory narratives involving these three individuals that are based entirely on what the government "anticipates" they will say.  The government provides no citation—for example, by identifying a prior civil deposition or government interview summary—to substantiate this anticipated testimony, in violation of Criminal Local Rule 16-1(c)(3).  It appears at times that the government has simply adopted a common media narrative without even attempting to confirm its accuracy.

[3] *See United States v. Gatto*, 995 F.2d 449, 454 (3d Cir. 1993) (mid-trial threats by defendant and a known associate where there was a history of physical assault and arson); *United States v. Hayden*, 85 F.3d 153, 158-59 & n.4 (4th Cir. 1996) (incarcerated defendant's threat to murder a witness); *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986) (defendant's attempt to bribe a witness); *United States v. Ryncarz*, 63 F. App'x 306, 307 (9th Cir. 2003) (threatening letters attempting to induce false testimony from a witness).

[4] The government now asserts—again without citation—that Ms. Holmes "threatened" Dr. Rosendorff when she "insisted he delete documents" that he had sent to his personal email account. Gov't Opp'n, Dkt. 672 at 4.  That is inconsistent with the government's Rule 404(b) Notice, which stated that it was Mr. Balwani and Mona Ramamurthy, Theranos' human resources officer and an employment attorney, who were involved in instructing Dr. Rosendorff to delete the emails.  Def. Ex. 3, Dkt. 580-2 at 63.  The portion of Dr. Rosendorff's testimony cited by the government indicates that Ms. Holmes had no role in the incident.  *Id.* ("I just wanted to meet with Elizabeth to sort of protect me from Sunny.").

REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF THERANOS' TRADE SECRETS PRACTICES UNDER FEDERAL RULES OF EVIDENCE 401-404
CR-18-00258 EJD

*Finally*, the government fails to address the considerable risk of prejudice to Ms. Holmes associated with its proposed evidence.  It ignores Ninth Circuit authority that cautions against the use of "innocent" or "innocuous" conduct as evidence of criminal activity.  *See* Def. Mot., Dkt. 566 at 8 (citing *United States v. Vallejo*, 237 F.3d 1008, 1017 (9th Cir. 2001); *United States v. Lim*, 984 F.2d 331, 334-35 (9th Cir. 1993)).  The government embraces the need for mini-trials to litigate whether there was a legitimate basis for each of the particular trade secrets measures that the government intends to introduce.  Gov't Opp'n, Dkt. 672 at 7.  It does not explain how to litigate these mini-trials without a significant risk of prejudice to Ms. Holmes due to likely juror confusion, as well as the fact that much of the relevant evidence is likely privileged given the involvement of Theranos' attorneys.  The government does not even try to address the risk that the jury could infer from Theranos' trade secret practices that Ms. Holmes sought to deceive Theranos employees, which would infect the rest of the case with improper and unduly prejudicial character evidence.  Def. Mot., Dkt. 566 at 8; *see United States v. Shayota*, 2016 WL 6093237, at *5 (N.D. Cal. Oct. 19, 2016).  The considerable risk of prejudice and jury confusion thus remains an independent basis to exclude the evidence under Rule 403.

## II.   The Government Cannot Possibly Be Confused About the Evidence at Issue.

Otherwise unable to justify the use of Theranos' trade secrets practices to prove intent to defraud, the government claims that the evidence and testimony implicated by Ms. Holmes' motion is "entirely unclear."  Gov't Opp'n, Dkt. 672 at 4-5.  Even a cursory reading of Ms. Holmes' Motion (and the government disclosures cited therein) dispels this concern.  The Motion identifies and quotes three categories of evidence *from the government's own Rule 404(b) disclosures*:  Categories 7, 8, and 12.  Def. Mot., Dkt. 566 at 1-6; *see also* Def. Ex. 1, Dkt. 580 at 4-5, 6-7.  The government subsequently identified the specific evidence at issue under each category.  Def. Ex. 3, Dkt. 580-2 at 51-57, 62-63.  Ms. Holmes is moving to prohibit admission of all the evidence disclosed in Categories 7, 8, and 12 that implicates Theranos' trade secrets practices for the purpose of proving intent to defraud.[5]  To the extent

---

[5] The level of detail provided by Ms. Holmes stands in stark contrast to the scenarios presented in the government's cases.  Gov't Opp'n, Dkt. 672 at 5 (citing *United States v. Head*, 2013 WL 5739095, at *4 (E.D. Cal. Oct. 22, 2013 (seeking an order requiring a witness to testify "on those subjects further defined by the court") and *Quinn v. Fresno Cty. Sheriff*, 2012 WL 2995477, at *2 (E.D.

REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF THERANOS' TRADE SECRETS PRACTICES UNDER FEDERAL RULES OF EVIDENCE 401-404
CR-18-00258 EJD

the government is truly confused about the particular evidence and testimony in Categories 7, 8, and 12, the fault of course rests with the government for failing to make a sufficient disclosure.  The Court should dismiss the government's objection out of hand, and should likewise reject its request to file a sur-reply addressing the specific evidence the government itself disclosed in its Rule 404(b) disclosure.

**CONCLUSION**

For the foregoing reasons, the Court should preclude the government from introducing at trial evidence of Theranos' trade secrets practices for the purpose of proving intent to defraud.

DATED:  February 16, 2021                    Respectfully submitted,


                                             /s/ Amy Mason Saharia
                                             KEVIN DOWNEY
                                             LANCE WADE
                                             AMY MASON SAHARIA
                                             KATHERINE TREFZ
                                             Attorneys for Elizabeth Holmes

---

Cal. July 23, 2012) (motion to preclude "any evidence and/or testimony of any witnesses which were not disclosed in discovery . . . to the extent that such information was the subject of a discovery request" (internal quotation marks omitted))).

REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF THERANOS' TRADE SECRETS PRACTICES UNDER FEDERAL RULES OF EVIDENCE 401-404
CR-18-00258 EJD

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021 a copy of this filing was delivered via ECF on all counsel of record.


/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF THERANOS' TRADE
SECRETS PRACTICES UNDER FEDERAL RULES OF EVIDENCE 401-404
CR-18-00258 EJD