JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>Defendants. | Case No. CR-18-00258-EJD<br><br>**REPLY IN SUPPORT OF MS. HOLMES' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT BY THE GOVERNMENT AS TO THE PURPORTED INACCURACY OR UNRELIABILITY OF TESTS NOT IDENTIFIED IN THE BILL OF PARTICULARS**<br><br>Date:   March 23, 2021<br>Time:   9:00 AM<br>CTRM: 4, 5th Floor<br><br>Hon. Edward J. Davila |

REPLY ISO MS. HOLMES' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RE: TESTS NOT IDENTIFIED IN BILL OF PARTICULARS
CR-18-00258 EJD

The government concedes in its Opposition that it cannot argue that tests beyond those listed in the Third Superseding Indictment ("TSI") and Bill of Particulars had accuracy and reliability problems. Gov't Opp'n, Dkt. 664 at 2. The Court thus should enter an order to that effect.

To be clear, Ms. Holmes is not seeking a blanket ruling precluding any mention of other tests offered by Theranos, nor does she seek to excise such mention from every exhibit. There may be permissible purposes for the introduction of such evidence, but it is impossible to analyze that question in a vacuum, without specific evidence before the Court, and the government did not address any of the potential evidence Ms. Holmes identified in her motion.

The government should not be permitted to circumvent its concession and the Court's order directing a Bill of Particulars by introducing evidence for another purpose that carries with it the inference that the test was inaccurate and unreliable. Such evidence should be excluded or subject to a limiting instruction. Ms. Holmes requests that the Court require the government to provide notice of exhibits or testimony that may implicate other tests in advance of their introduction so that the parties and Court can address any issues, in the context of specific evidence, outside the view of the jury.

Two examples illustrate the difficulties that may arise at trial without such advance disclosure. First, as Ms. Holmes noted in her motion, the government has disclosed as a witness J.B., who told the government she requested that a liver enzyme be re-run because she questioned the result. Def. Mot. Dkt. 568 at 2-3. Based on the government's Opposition, Ms. Holmes understands that the government will not offer this portion of J.B.'s potential testimony at all. If the government nonetheless believes that testimony from J.B. about liver enzymes is relevant for some other purpose, it should identify that purpose in advance to enable pre-testimony motion practice if necessary.

Second, patient B.B., who is the subject of Count 9 of the Third Superseding Indictment, indicated in his interview with the government that he questioned his result with respect to platelet count, a test not identified in the Bill of Particulars nor anywhere in the TSI. *See* TSI, Dkt. 469 ¶ 16 (listing tests); Bill of Particulars, Dkt. 377 at 24-25. Platelets were reported as part of the Complete Blood Count, which the government acknowledges in its Opposition is not included in its disclosure of

REPLY ISO MS. HOLMES' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RE: TESTS NOT IDENTIFIED IN BILL OF PARTICULARS
CR-18-00258 EJD

1

1  allegedly inaccurate tests.  Gov't Opp'n, Dkt. 664 at 3.  Advance notice of the scope of B.B.'s testimony
2  will help the parties and Court ensure that B.B. does not offer prohibited testimony about his test results.
3      To avoid the introduction (even if inadvertent) of testimony or evidence suggesting that tests not
4  identified in the Bill of Particulars were not accurate or reliable, Ms. Holmes requests that the Court
5  require the government to provide notice of exhibits and testimony that will address unlisted tests in
6  advance of introducing them so that any anticipated issues can be raised outside of the view of the jury
7  and before error is introduced.  The Court should also enter an order prohibiting the government from
8  arguing that tests beyond those listed in the TSI and Bill of Particulars had accuracy and reliability
9  problems.

11  DATED:  February 16, 2021                Respectfully submitted,

13                          /s/ Amy Mason Saharia
                            KEVIN DOWNEY
14                          LANCE WADE
                            AMY MASON SAHARIA
15                          KATHERINE TREFZ
                            Attorneys for Elizabeth Holmes

28  REPLY ISO MS. HOLMES' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RE: TESTS NOT IDENTIFIED IN BILL OF PARTICULARS
CR-18-00258 EJD

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

REPLY ISO MS. HOLMES' MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RE: TESTS NOT IDENTIFIED IN BILL OF PARTICULARS
CR-18-00258 EJD