JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>  Defendants. | Case No. CR-18-00258-EJD<br><br>**MS. HOLMES' REPLY IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ALLEGED VIOLATIONS OF INDUSTRY STANDARDS AND GOVERNMENT REGULATIONS UNDER RULES 401-403**<br><br>Date:  March 23, 2021<br>Time:  9:00 a.m.<br>CTRM:  4, 5th Floor<br><br>Hon. Edward J. Davila |

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED VIOLATIONS OF INDUSTRY STANDARDS
AND GOVERNMENT REGULATIONS UNDER RULES 401-403
CR-18-00258 EJD

**TABLE OF CONTENTS**

**Page**

I.  Government Experts May Not Offer Legal Conclusions that Apply Their Understanding of the Law to the Facts of This Case. ...................................................................2

II. The Government's Opposition Fails To Address Ms. Holmes' Relevance Arguments And Illustrates The Prejudice And Risk Of Confusion By Its Proffered Evidence. .........................4

CONCLUSION ........................................................................................................................7

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED VIOLATIONS OF INDUSTRY STANDARDS
AND GOVERNMENT REGULATIONS UNDER RULES 401-403
CR-18-00258 EJD

i

Because it cannot prove the core allegation of the TSI—that Theranos' technology was not accurate and reliable—the government tries to paper over the issue by introducing allegations of regulatory violations concerning Theranos' laboratory. The government's Opposition to Ms. Holmes' Motion To Exclude Evidence of Violations and Industry Standards and Government Regulations, Dkt. 670, primarily focuses on the testimony of Theranos' former lab director, Dr. Adam Rosendorff, whom the government has noticed as an expert. The government concedes, as it must, that Dr. Rosendorff's proffered testimony concerning alleged violations of Clinical Laboratory Improvement Amendment (CLIA) regulations are legal conclusions. It is "well settled" that experts "do not testify about the law because . . . it is the judge's duty to inform the jury about the law that is relevant to their deliberations." *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999) (internal quotation marks omitted); *Lukov v. Schindler Elevator Corp.*, 2012 WL 2428251, at *2 (N.D. Cal. June 26, 2012) ("[A]n expert witness cannot give an opinion as to her legal conclusion"). But the government argues—relying on cases concerning the advice-of-counsel defense and attorney testimony—that the Court should create a novel carve-out to this rule for "legal conclusions communicated to a defendant." Gov't Opp'n, Dkt. 670 at 5. The Court should decline this invitation. The government's cases are inapposite and provide no reason to deviate from the rule in this case.

The remainder of the government's conclusory arguments fail. In its Rule 404(b) disclosure, the government noticed its intent to introduce evidence of violations of federal regulations and industry standards in an attempt to show that "Theranos's technology was, in fact, not capable of consistently producing accurate and reliable results, as alleged in Paragraph 16, and that its propriety analyzer had accuracy and reliability problems, as alleged in Paragraph 12" of the Third Superseding Indictment. Def. Ex. 3, Dkt. 580-2 at 67-68 (Gov't Sept. 28, 2020 404(b) Notice). In support, the government relied on (1) Dr. Rosendorff's testimony, (2) government agency reports, and (3) vague allegations that Theranos failed to conduct adequate validation studies (relying on insufficient data) and fostered a "coercive environment" for clinical trials. Def. Ex. 1, Dkt. 580 at 7 (Gov't Mar. 6, 2020 404(b) Notice); Def. Ex. 3, Dkt. 8801-2 at 65-67.

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED VIOLATIONS OF INDUSTRY STANDARDS
AND GOVERNMENT REGULATIONS UNDER RULES 401-403
CR-18-00258 EJD

1

The government has failed to identify any basis for its assertion of improper validation, and it appears to have abandoned the issue related to clinical trials altogether. The government's focus on a disagreement between Rosendorff and Mr. Balwani concerning lab procedures—procedures reviewed by Theranos' regulatory attorneys—are not probative of the issues in this case, will confuse the jury, and will waste time. The agency reports are irrelevant hearsay. The government's attempt to shoehorn alleged regulatory violations into this case is highly prejudicial and confuses the real issues posed by the Indictment. The Court should exclude this evidence.

**I.  Government Experts May Not Offer Legal Conclusions that Apply Their Understanding of the Law to the Facts of This Case.**

Despite the Ninth Circuit's prohibition of expert testimony interpreting a statute or regulation and applying it to the facts of a case, *see Scholl*, 166 F.3d 964 at 973, the government seeks to elicit testimony from Dr. Rosendorff regarding how CLIA regulations applied to Theranos lab protocols. *See* Fed. R. Evid. 704. The government urges the Court to create an exception to the rule here, relying on two cases in which attorneys provided legal advice to defendants about the illegality of thier conduct during the time of the charged scheme. *See* Gov't Opp'n at 4-5. The government seeks to extrapolate from these cases an exception that would permit an expert's legal opinion when a defendant's "state of mind" is at issue. *Id.* That exception would swallow the rule, as the defendant's "state of mind" is usually at issue in a criminal case. *Id.*

The government overstates the import of these cases. Neither case addresses the issue presented by Dr. Rosendorff's testimony—whether he can testify that he interpreted CLIA regulations to mean that Theranos laboratory violated the regulations. The first case, *United States v. Graf,* concerned an attorney's testimony, in a health care fraud case, that he told the defendant the marketing of certain insurance plans was a criminal offense. 610 F.3d 1148, 1164 (9th Cir. 2010). The defendant failed to object to the testimony at trial but argued on appeal that the attorney's testimony was improper lay opinion testimony. *Id.* The Ninth Circuit held that the district court did not plainly err in allowing the attorney's testimony. The Ninth Circuit reasoned that the attorney's statement was admissible *not* as expert testimony but as testimony based on the witness's own perception that showed the defendant was

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED VIOLATIONS OF INDUSTRY STANDARDS
AND GOVERNMENT REGULATIONS UNDER RULES 401-403
CR-18-00258 EJD

2

on notice that *the charged conduct* was a crime. *Id.* at 1164-65. The government does not suggest that Dr. Rosendorff ever told Ms. Holmes that she was engaged in wire fraud, the charged conduct here. To the contrary, his proffered testimony concerns supposed regulatory violations, and Ms. Holmes is not on trial for violating CLIA regulations.

*United States v. McLennan* is even further afield. 563 F.2d 943 (9th Cir. 1977). In *McLennan*, the defendants' primary defense was that they were acting in good faith on the advice of counsel. *Id.* at 945. The issue before the Ninth Circuit was whether evidence that, upon learning of certain transactions, an attorney had said to one of the defendants "For Christ's sake, I told you that was illegal" could be admitted over a hearsay objection. *Id.* at 946. The Ninth Circuit held that "[w]hen the defense is advice of counsel, the advice given, whether correct or not, and whether recitals in it are true or not, is always admissible." *Id.*

*Graf* and *McLennan* do not answer the question whether a non-attorney expert may validly opine on his interpretation of a regulatory provision to support the inference that a defendant violated an entirely separate criminal statute. Rather, they stand for the straightforward proposition that a statement made by a defendant's attorney regarding illegal conduct, if not protected by attorney-client privilege, may be admissible to show notice that the conduct was illegal at the time the statement was made. Dr. Rosendorff's expert opinion regarding CLIA regulations—an opinion that Theranos' actual attorneys did not share[1]—does not show notice of a violation of criminal law, as in *Graf* and *McLennan*.

The remaining cases cited by the government concern whether a statement by a defendant's attorney or advisor was hearsay, not whether testimony regarding legal conclusions was permissible. *See* Gov't Opp'n, Dkt. 670 at 4-5 (citing *United States v Moran*, 482 F.3d 1101, 1110 (9th Cir. 2007); *United States v. Castro*, 887 F.2d 988, 1000 (9th Cir. 1989); *United States v. Greenspan*, 923 F.3d 138,

---

[1] The government conspicuously omits the following language (bolded) from one if its cited exhibits regarding Dr. Rosendorff's comments on CLIA regulations: "**We [had] an army of lawyers look[] at this** so you will need to share why [] you suspect we are out of compliance." Gov't Ex. 46, Dkt. 681-10 at 2.

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED VIOLATIONS OF INDUSTRY STANDARDS
AND GOVERNMENT REGULATIONS UNDER RULES 401-403
CR-18-00258 EJD

148 (3d Cir. 2019)). The government's cases are inapposite; the Court should apply the general prohibition against legal conclusions and exclude any experts from providing such testimony.

## II. The Government's Opposition Fails To Address Ms. Holmes' Relevance Arguments And Illustrates The Prejudice And Risk Of Confusion By Its Proffered Evidence.

Ms. Holmes' motion addressed four categories of evidence cited by the government: (1) evidence concerning an alleged coercive clinical environment and informed consent protocols ("clinical trial evidence"); (2) research and development validation studies; (3) evidence concerning Theranos' control over its laboratory; and (4) agency reports. Def. Mot., Dkt. 569 at 4-5.

*Clinical Trial Evidence.* The government's opposition fails to address Ms. Holmes' arguments concerning the government's notice of its intent to elicit testimony concerning clinical trials. As Ms. Holmes stated in her motion, the government also failed to cite any evidence supporting these allegations in its 404(b) Notice. *Id.* at 5. It appears to have abandoned this issue. The government has conceded this issue, and the Court should exclude this evidence.

*Research and Development Validation Studies.* The government's only argument for the admission of evidence regarding research and development validation studies is to state that it "anticipates witnesses will describe Theranos's launch efforts in 2013 as rushed" and to a cite a purported text message by Mr. Balwani in November 2015, two years after Theranos' launch. Gov't Opp'n, Dkt. 670 at 8. But the government's notice alleged more broadly that "Theranos failed to conduct adequate validation studies, relying on insufficient data to claim that their tests were valid, accurate, and reliable." Def. Ex. 1, Dkt. 580 at 7. The government's description of its anticipated testimony fails to engage with any of Ms. Holmes' arguments that it has not (1) identified which studies or data are at issue, (2) proffered any testimony that would reliably establish what constitutes "adequate validation studies" or "sufficient data" or (3) explained how these vague allegations led to inaccurate and unreliable test results. Def. Mot., Dkt. 569 at 4. Nor has the government connected these vague allegations to any conduct by Ms. Holmes.

The government conspicuously does not identify the witnesses who will supposedly testify that Theranos' launch efforts were rushed or what they will say about validation studies. Gov't Opp'n, Dkt.

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED VIOLATIONS OF INDUSTRY STANDARDS
AND GOVERNMENT REGULATIONS UNDER RULES 401-403
CR-18-00258 EJD

4

670 at 8.  Under Local Criminal Rule 16-1, the time to make that disclosure was in the Rule 404(b) notice.  Crim. L.R. 16-1(c)(3) (requiring government to provide "[a] summary of any evidence of other crimes, wrongs or acts which the government intends to offer . . . supported by *documentary evidence or witness statements*."); *see also* Fed. R. Evid. 404(b)(3)(B) (requiring that the government "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose").[2]  The only evidence on this issue, testimony from a government witness attached as an exhibit to its Opposition, is to the contrary.  Gov't Opp'n, Dkt. 670 at 1, 8.  Dr. Rosendorff previously testified that he did not feel "pressure individually from management to get these validation reports signed," that he "was only going to sign them if they met [his] standards" and that there were no validation reports before (or after) the Walgreens launch that he refused to sign.  Gov't Ex. 38, Dkt. 681-2 at 94:1-19.  The government has failed to provide a theory of relevance supported by the record, or even one example, of an inadequate validation study.  This evidence should be excluded.

*Theranos' Control over Its Laboratory.*  Similarly, the government's evidence concerning alleged improper control over Theranos' lab practices should be excluded.  The government devotes much of its opposition to Dr. Rosendorff's statements concerning alleged violations of his interpretation of regulations and statements that Theranos was "not compl[ia]nt in terms of CLIA law."  Gov't Opp'n, Dkt. 670 at 5-7.  As already discussed, Dr. Rosendorff's legal opinions are inadmissible.  In any event, the government fails to identify even one email sent by Ms. Holmes but rather focuses on a handful of emails between Mr. Balwani, Dr. Rosendorff, and others who were in charge of lab decisions, some of which were forwarded to Ms. Holmes.  *Id.*[3]  It argues that this evidence—debates between Mr. Balwani, Dr. Rosendorff, and other lab members—is relevant to "central issues" in this case regarding "notice" and "state of mind," including whether Ms. Holmes "express[ed] surprise," "stop[ped] to reflect that the

---

[2] Rule 404(b) was recently amended to include a more stringent notice provision: "The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose."  Fed. R. Evid. 404(b) Adv. Comm. Note.

[3] Notably, the government failed to cite these forwarded emails in its 404(b) notice.  *See* Def. Ex. 2, Dkt. 580-1 at 13; Def. Ex. 3, Dkt. 580-2 at 65-68.  Some of them are not even on the government's exhibit list.  Trial preparation is not supposed to be a guessing game.

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED VIOLATIONS OF INDUSTRY STANDARDS
AND GOVERNMENT REGULATIONS UNDER RULES 401-403
CR-18-00258 EJD

Walgreens launch was rushed" and did "anything about Balwani's reflexive, defensive blaming of the lab director." *Id.* at 5-6.

These "central issues" are irrelevant sideshows that will confuse the jury regarding the issues in this case and will prejudice Ms. Holmes. Ms. Holmes is not on trial for failure to referee a debate among Mr. Balwani and Theranos' lab personnel or for failing to police in real time Theranos' lab practices. Nor is she on trial for alleged violations of CLIA regulations. The government has failed to tie any of this evidence to the central question whether Ms. Holmes knew that "Theranos's technology was, in fact, not capable of consistently producing accurate and reliable results." Third Superseding Indictment, Dkt. 469 ¶ 16. The government's proffered evidence is not probative of that question and threatens to mislead the jury into convicting Ms. Holmes for an alleged failure to police potential regulatory violations. *See United States v. Wolf*, 820 F.2d 1499, 1504 (9th Cir. 1987) (reversing conviction when government's references to civil regulation "created a serious risk that the jury would find [defendant] guilty of [criminal charges] because he failed to comply with [that] [r]egulation"). The Court should exclude this evidence.

The government briefly states that another "highly probative issue" is whether Theranos "was not performing proficiency testing consistent with industry standards, as Dr. Rosendorff warned and Dr. Master opines is the case," arguing "that fact tends to prove . . . falsity." Gov't Opp'n, Dkt. 670 at 6. However, Dr. Master did not opine that Theranos' decision to conduct alternative proficiency testing affected the accuracy and reliability of Theranos tests, and the government does nothing to address that issue. *See* Gov't Opp'n to Motion To Exclude Dr. Master, Dkt. 668 at 10-11 (failing to address argument that Dr. Master only opined that industry violations had a *potential* to adversely impact accuracy and reliability). Nor does Dr. Rosendorff offer such an opinion. The government's suggestion that Rosendorff's testimony about a meeting in 2014 in which Theranos discussed proficiency testing is relevant to falsity is entirely speculative. *See* Gov't Opp'n, Dkt. 670 at 3. The fact that Dr. Rosendorff "left [the] meeting with *the feeling that it was just lip service*" is irrelevant. *Id.* A witness's *feelings* about a subject are not probative of falsity—they are just rank speculation.

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED VIOLATIONS OF INDUSTRY STANDARDS
AND GOVERNMENT REGULATIONS UNDER RULES 401-403
CR-18-00258 EJD

6

1    *CDPH and CMS Reports and Correspondence.*  Lastly, the government suggests the fallback
2    position that if the several agency reports it seeks to inject into this case (*e.g.*, CMS and CDPH) are
3    excluded, government agents may nonetheless testify about what they observed and concluded.  This is
4    incorrect for at least two reasons.  First, all evidence of these agency inspections and finding—whether
5    the reports themselves or testimony—is irrelevant under Rule 401 and inadmissible under Rule 403.  As
6    Ms. Holmes stated in her motions addressing these reports, this evidence is not probative of any issue in
7    this case because both agencies focused on determining whether Theranos' laboratory maintained,
8    documented, and followed its own laboratory policies and neither purported to measure the accuracy and
9    reliability of Theranos' tests.[4]  Moreover, what little probative value these reports provide is
10   substantially outweighed by the real danger of unfair prejudice and could lead the jury to convict solely
11   based on agency findings regarding issues with the Theranos laboratory operations and documentation
12   that were unrelated to Theranos technology and its ability to consistently produce accurate and reliable
13   results.
14   Second, because the government has failed to disclose these witnesses (or any regulatory agency
15   witnesses) as experts, they may not testify as to matters that require specialized knowledge (*i.e.*, the
16   findings and conclusions of the reports).  *See* Fed. R. Evid. 701.  The government's failure to notice *any*
17   of its agency witnesses as experts precludes it from presenting their testimony about the findings and
18   conclusions of these and other agency reports.

## CONCLUSION

20   For foregoing reasons, and the reasons stated in Ms. Holmes' Motion To Exclude Evidence of
21   Alleged Violations of Industry Standards and Government Regulations (Dkt. 569) this Court should
22   grant Ms. Holmes' motion.

---

[4] Ms. Holmes addresses the inadmissibility of this evidence in her replies in support of her motions to exclude the CMS findings and interactions with government regulatory agencies.

MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED VIOLATIONS OF INDUSTRY STANDARDS
AND GOVERNMENT REGULATIONS UNDER RULES 401-403
CR-18-00258 EJD

7

1  DATED:  February 16, 2021            Respectfully submitted,

2                                       /s/ Amy Mason Saharia
                                        KEVIN DOWNEY
3                                       LANCE WADE
                                        AMY MASON SAHARIA
4                                       KATHERINE TREFZ
                                        Attorneys for Elizabeth Holmes

28 MS. HOLMES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED VIOLATIONS OF INDUSTRY STANDARDS
AND GOVERNMENT REGULATIONS UNDER RULES 401-403
CR-18-00258 EJD

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021 a copy of this filing was delivered via ECF on all counsel of record.

                                            /s/ Amy Mason Saharia
                                            AMY MASON SAHARIA
                                            Attorney for Elizabeth Holmes