JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>  Defendants. | Case No. CR-18-00258-EJD<br><br>**REPLY IN SUPPORT OF MOTION TO EXCLUDE THERANOS' CUSTOMER-SERVICE SPREADSHEETS UNDER FEDERAL RULES OF EVIDENCE 401-404 AND 801-803**<br><br>Date:   March 23, 2021<br>Time:   9:00 AM<br>CTRM:  4, 5th Floor<br><br>Hon. Edward J. Davila |

REPLY IN SUPPORT OF MOTION TO EXCLUDE THERANOS' CUSTOMER-SERVICE
SPREADSHEETS UNDER FEDERAL RULES OF EVIDENCE 401-404 AND 801-803
CR-18-00258 EJD

## TABLE OF CONTENTS

**Page**

I. The Content of Theranos' Customer-Service Spreadsheets Is Inadmissible for Its Truth.................................................................................................................................1

II. There Is No Evidence That Ms. Holmes Had Notice of the Customer-Service Spreadsheets........................................................................................................................2

III. The Customer-Service Spreadsheets Should Be Excluded Under Rule 403. .................3

CONCLUSION..................................................................................................................4

The government cannot justify the admission at trial of the Theranos customer-service spreadsheets that it has identified as exhibits. *First*, there is no exception to the prohibition on hearsay that would allow the introduction of what appear to be summaries of customer communications for their truth. *Second*, the government cannot establish a non-hearsay purpose for admitting the spreadsheets. The government contends that these documents are admissible to show that Ms. Holmes' knowledge of issues with Theranos' tests, but it has not identified any evidence that Ms. Holmes reviewed, saw, was familiar with, knew of, or even had access to the customer-service spreadsheets. Without such evidence, the spreadsheets are not admissible against Ms. Holmes for any reason, including issues that relate to her knowledge or intent. *Third*, the government offers little justification for the probative value of these spreadsheets, and it fails substantively to address their considerable prejudice to Ms. Holmes. For these reasons, the Court should preclude the government from introducing the spreadsheets at trial pursuant to Rules 401-403, 404(b), and 801-803.

## I. The Content of Theranos' Customer-Service Spreadsheets Is Inadmissible for Its Truth.

The government's Opposition makes clear that it intends to rely on the truth of the entries in customer-service spreadsheets when it presents its case at trial. *See* Gov't Opp'n, Dkt. 665 at 3 ("If Defendant wishes to argue that the customer complaints might not have been true, she can make that point to the jury . . . ."). The government, however, cannot clear the hearsay hurdles that bar the admission of such evidence.

Even if the government could establish that the spreadsheets are business records (which remains unclear)[1], it cannot overcome the second layer of hearsay reflected in the spreadsheets' purported summaries of customer communications. The government has not even attempted to explain who could testify as to the substance of the customer communications, and the prohibition on hearsay thus

---

[1] It remains unclear whether the government can make this showing, especially because its proffered evidence suggests there are reasons to doubt the veracity of customer service records at the company. *E.g.*, Gov't Ex. 54, Dkt. 681-18 (noting "gaps" in customer service records and the presence of multiple customer service logs). And the government's reliance on *United States v. Moseley*, 980 F.3d 9 (2d Cir. 2020), to avoid the business records requirement is misplaced. Gov't Opp'n, Dkt. 665 at 4. *Moseley* involved feedback provided directly to the defendant, as opposed to information logged in a spreadsheet. 980 F.3d at 15.

REPLY IN SUPPORT OF MOTION TO EXCLUDE THERANOS' CUSTOMER-SERVICE SPREADSHEETS UNDER FEDERAL RULES OF EVIDENCE 401-404 AND 801-803
CR-18-00258 EJD

1

1  precludes the government from admitting them for their truth.  *See Boddicker v. Am. Honda Motor Co.*,
2  2011 WL 6132099 at * 4 (N.D. Iowa Dec. 8, 2011) ("Even *if* the documents constitute business records,
3  the complaints described on the documents are themselves hearsay.  That is, none of the complainants
4  have been identified as witnesses and, therefore, are unavailable for cross-examination regarding the
5  truth of the allegations.").[2]

## II.   There Is No Evidence That Ms. Holmes Had Notice of the Customer-Service Spreadsheets.

7   The government alternatively contends that the spreadsheets, even if not admissible for the truth
8  of the customer communications, can be used to show Ms. Holmes' knowledge of issues raised by
9  Theranos' customers.  Gov't Opp'n, Dkt. 665 at 4-6.  The government, however, cannot point to any
10 evidence that Ms. Holmes received, saw, or knew of the customer-service spreadsheets, and the absence
11 of such evidence is fatal to the government's contention.  It is not enough to show that someone at
12 Theranos was aware of the spreadsheets; the government must connect them to Ms. Holmes.  Without
13 such a connection, the government cannot introduce the spreadsheets at trial to show her knowledge of
14 purported customer complaints.  The government goes to great lengths in its Opposition to cite *other*
15 documents—*e.g.*, internal emails about specific customers—that discuss what appear to be isolated
16 incidents.  *Id.* at 5-6.  But those documents do not establish that Ms. Holmes received or was otherwise
17 aware of the spreadsheets in question or the entirety of their contents.  The spreadsheets thus cannot be
18 admitted for any issue related to Ms. Holmes intent or knowledge.  *See United States v. Bonds*, 608 F.3d
19 495, 508 (9th Cir. 2010); *see also Phillips v. United States*, 356 F.2d 297, 303-04 (9th Cir. 1966)
20 (requiring that the defendant have "actual knowledge" of any document introduced as circumstantial
21 evidence of intent to defraud).

---

[2] The government suggests that the content of the spreadsheets might be admissible under the hearsay exception for statements made for medical diagnosis or treatment.  Gov't Opp'n, Dkt. 665 at 4 (citing Fed. R. Evid. 803(4)).  The government does not attempt to explain how such statements "describe[] medical history; past or present symptoms or sensations; their inception; or their general cause," *see* Fed. R. Evid. 803(4), nor does it justify such a broad reading of the Rule, which is generally understood to involve communications from patients to "medical treatment providers" such as physicians, *see United States v. Jones*, 739 F. App'x 376, 379 (9th Cir. 2018); *see also* 2 McCormick on Evidence § 277 (Mosteller et al. eds., 8th ed. 2020 Update).  And the government has not presented any other authority that would allow the contents of the customer-service spreadsheets to be admitted for their truth.

REPLY IN SUPPORT OF MOTION TO EXCLUDE THERANOS' CUSTOMER-SERVICE
SPREADSHEETS UNDER FEDERAL RULES OF EVIDENCE 401-404 AND 801-803
CR-18-00258 EJD

### III. The Customer-Service Spreadsheets Should Be Excluded Under Rule 403.

Even if the customer-service spreadsheets were otherwise admissible (they are not), they should be excluded under Rule 403.  The government offers no explanation for how these documents and the purported summaries of customer complaints contained therein tend to show "the shortcomings of the technology [Ms. Holmes] was marketing."  Gov't Opp'n, Dkt. 665 at 1.  Other than conclusory statements that the spreadsheets are "important evidence," *id.* at 7, the government fails to address the highly attenuated connection between isolated complaints and systematic deficiencies in Theranos' technology.  It offers no response to the fact that all lab tests have inherent imprecision and error rates, that every lab has some number of erroneous results, and that the tests referenced in the spreadsheets reflect only a small fraction of the total number of tests that Theranos performed.  *See* Def. Mot., Dkt. 570 at 7.

The government's attempt to analogize to *United States v. Moseley*, 980 F.3d 9 (2d Cir. 2020), is unavailing.  In *Moseley*, customers had warned the defendant directly that his business practices were illegal.  *Id.* at 27.  That is not the situation here.  Even if Ms. Holmes had received the customer spreadsheets, the government has not alleged that she ever received feedback from patient customers suggesting that her public statements were misleading or that she had otherwise engaged in any illegal conduct.  The government points only to questions and/or complaints about specific tests that patients received through Theranos, the connection between that feedback and Ms. Holmes' intent is highly attenuated at best, and the government has not otherwise tried to establish the logical chain of inferences between the content of the spreadsheets and the issues at trial required to admit the evidence under Rule 404(b).  *See* Def. Mot., Dkt. 570 at 9 n.2.

Moreover, the government does not meaningfully engage on the unfair prejudice associated with the admission of the customer-service spreadsheets.  The government all but concedes that the documents will confuse the jury, and it offers no response to the inflammatory nature of the documents' contents.  *See* Gov't Opp'n, Dkt. 665 at 7.  In light of the limited probative value and the substantial risk of prejudice, the Court should exclude the spreadsheets at trial on this independent basis.  *See* Def. Mot. Dkt. 570 at 7-9.

REPLY IN SUPPORT OF MOTION TO EXCLUDE THERANOS' CUSTOMER-SERVICE SPREADSHEETS UNDER FEDERAL RULES OF EVIDENCE 401-404 AND 801-803
CR-18-00258 EJD

3

**CONCLUSION**

For the foregoing reasons, the Court should enter an order precluding the government from introducing at trial Theranos' customer-service spreadsheets.

DATED: February 16, 2021                                Respectfully submitted,


                                                        /s/ Amy Mason Saharia
                                                        KEVIN DOWNEY
                                                        LANCE WADE
                                                        AMY MASON SAHARIA
                                                        KATHERINE TREFZ
                                                        Attorneys for Elizabeth Holmes

REPLY IN SUPPORT OF MOTION TO EXCLUDE THERANOS' CUSTOMER-SERVICE SPREADSHEETS UNDER FEDERAL RULES OF EVIDENCE 401-404 AND 801-803
CR-18-00258 EJD

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

REPLY IN SUPPORT OF MOTION TO EXCLUDE THERANOS' CUSTOMER-SERVICE SPREADSHEETS UNDER FEDERAL RULES OF EVIDENCE 401-404 AND 801-803
CR-18-00258 EJD