JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>　　　Defendants. | Case No. CR-18-00258-EJD<br><br>**REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408**<br><br>Date:　　March 23, 2021<br>Time:　　9:00 AM<br>CTRM:　4, 5th Floor<br><br>Hon. Edward J. Davila |

REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS UNDER
FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD

The government concedes, as it must, that Rule 408 prohibits the use of settlements to prove or disprove the validity of a disputed claim. Gov't Opp'n, Dkt. 671 at 1. Accordingly, the government represents that it does not intend to offer evidence of any settlement agreements.[1] *Id.* at 3. Any such evidence must be excluded, and the Court should enter an order to that effect.

Despite this concession, the government contends that evidence of settlement agreements *could* be admissible (1) where offered under Rule 408(b) for a purpose other than to prove the validity of a disputed claim such as to prove bias or (2) to rebut an argument by Ms. Holmes that Safeway or Walgreens believed Theranos adequately performed under their respective services agreements. The government also contends that (3) evidence of statements made in settlement negotiations with the SEC are admissible under Rule 408(a)(2).[2] Gov't Opp'n, Dkt. 671 at 3-4.

Each of these arguments is premature, flawed, or both. First, the question whether a settlement agreement would be admissible for some other, permissible purpose under Rule 408(b) is premature. The government argues that Ms. Holmes' cross-examination of certain witnesses might render the settlement agreements relevant, but that requires speculation at this point in time. Gov't Opp'n, Dkt. 671 at 3. The government's arguments are also illogical. It posits that the Walgreens-Theranos settlement agreement might be admissible to rebut a suggestion by Ms. Holmes that "Walgreens witnesses are testifying in a certain manner to further Walgreens' litigation position." *Id.* But Walgreens' litigation with Theranos was settled, so why would Ms. Holmes argue that Walgreens witnesses are testifying to further Walgreens' litigation position? And to the extent the government means to refer to other

---

[1] The government has defined settlement agreements to include the settlements in *Partner Investments, L.P. v. Theranos, Inc.*, *Colman v. Theranos, Inc.*, *Keith Rupert Murdoch*, *Safeway*, *Walgreen Co. v. Theranos, Inc.*, and *SEC v. Holmes*. Gov't Opp'n, Dkt. 671 at 1-2. While the government makes no representation as to the settlement with plaintiffs in *Hall Black Diamond II*, the arguments herein apply to that one as well.

[2] The government also contends that conduct or statements in civil litigation such as responses to interrogatories and answers to complaints are not subject to Rule 408. Gov't Opp'n, Dkt. 671 at 3-4. The government identifies no such documents in its Opposition that it seeks to admit, so any ruling with respect to those documents—which may be inadmissible under another evidentiary rule—would be premature and hypothetical. Ms. Holmes separately opposed the government's motion to admit certain interrogatory responses. Def. Opp'n, Dkt. 659 at 17-18. The government also argues that Rule 408 does not bar evidence of *ongoing* civil litigation, Gov't Opp'n, Dkt. 671 at 4, but it does not explain why evidence of ongoing civil litigation could be relevant to this case. Absent any such explanation, this evidence is inadmissible under Rules 401-403 and should be excluded.

REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS UNDER
FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD

1 litigation involving Walgreens, the Walgreens-Theranos agreement would not be relevant to such
2 litigation.

3       Moreover, Rule 403 would likely bar use of the settlement agreements for these purposes
4 because their "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing
5 the issues, [or] misleading the jury." Fed. R. Evid. 403.  The risk is too great that a jury will not
6 understand the nuances of why one might enter into a civil settlement agreement where the burden of
7 proof and the stakes are lower than in a criminal proceeding.  Admission of the settlement agreements
8 here, in a criminal proceeding, would improperly suggest to the jury that Ms. Holmes admitted guilt
9 with respect to the claims against her.  *See United States v. Davis*, 2009 WL 3646459, at *5 (E.D. Pa.
10 Nov. 4, 2009) (excluding a settlement agreement "based on the risk that a jury will view the agreement
11 as a confession of liability and guilt, regardless of the purpose for which the evidence is received"); *see*
12 *also United States v. Hayes*, 872 F.2d 582, 589 (5th Cir. 1989) ("the potential impact of evidence
13 regarding a settlement agreement with regard to a determination of liability is profound.  It does not tax
14 the imagination to envision the juror who retires to deliberate with the notion that if the defendants had
15 done nothing wrong, they would not have [settled]."); *Williams v. Chevron U.S.A., Inc.*, 875 F.2d 501,
16 504 (5th Cir. 1989) (upholding in civil context exclusion of settlement agreement evidence being offered
17 for a permissible purpose because "it is undoubtedly possible that the jury would have confused its
18 purpose for that precluded by Rule 408"); *State v. Gano*, 988 P.2d 1153, 1160 (Haw. 1999) ("the
19 potential impact of evidence regarding a civil settlement agreement is even more profound in criminal
20 proceedings than it is in civil proceedings").

21       Second, the government's intended use of the Safeway and Walgreens settlement agreements
22 would directly violate Rule 408.  By introducing the settlement agreements to rebut a hypothetical
23 argument by Ms. Holmes that Safeway or Walgreens believed Theranos adequately performed under
24 their respective services agreements, the government would be using the settlement agreements to
25 disprove the validity of a disputed claim—i.e., whether Safeway and Walgreens were satisfied with
26 Theranos.  As the government concedes in its brief, Rule 408 clearly prohibits such use of settlement
27 agreements.  Gov't Opp'n, Dkt. 671 at 1.

28 REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS UNDER
FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD

1    Finally, the government claims that it may use evidence of statements made by Ms. Holmes in
2 settlement negotiations with the SEC under Rule 408(a)(2) to prove that she did not assert certain
3 "defenses" in those negotiations (or in testimony before the SEC). *Id.* at 4.  That argument does not
4 even make sense; defendants in civil proceedings are not required to assert defenses in their testimony or
5 in settlement negotiations.  Ms. Holmes did not admit or deny any of the allegations against her in the
6 SEC Settlement Agreement.  The same Rule 403 considerations as just discussed would prohibit use of
7 such statements for that misleading purpose.  If Ms. Holmes' testimony at trial contradicts her SEC
8 testimony, the SEC testimony may be fair grounds for impeachment.  But it would be highly misleading,
9 and would confuse the jury, for the government to argue that Ms. Holmes failed to raise legal "defenses"
10 in her SEC testimony or that she failed to assert a "defense" in settlement negotiations with the SEC.
11 The probative value of a failure to assert a legal "defense" in the SEC proceedings is nil, and the risk of
12 jury confusion and prejudice from such an argument is extraordinarily high.  Rule 403 would thus bar
13 any such statements for this purpose.

## CONCLUSION

15    For the foregoing reasons, and the reasons stated in Ms. Holmes's Motion to Exclude Evidence
16 of Settlements (Dkt. 571) the Court should grant Ms. Holmes' motion and enter an order precluding the
17 government from introducing any evidence or testimony regarding settlements, agreements, and the
18 negotiations that led to those agreements, by Theranos, Ms. Holmes, or any other individuals associated
19 with Theranos.

21 DATED:  February 16, 2021                              Respectfully submitted,

23                                                       /s/ Amy Mason Saharia
                                                         KEVIN DOWNEY
24                                                       LANCE WADE
                                                         AMY MASON SAHARIA
25                                                       KATHERINE TREFZ
                                                         Attorneys for Elizabeth Holmes

28 REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS UNDER
FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF SETTLEMENTS UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408
CR-18-00258 EJD