JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>        Defendants. | Case No. CR-18-00258-EJD<br><br>**REPLY IN SUPPORT OF MS. HOLMES'<br>MOTION TO EXCLUDE EVIDENCE OF<br>ALLEGED BLAMING AND VILIFYING OF<br>COMPETING COMPANIES AND<br>JOURNALISTS UNDER FEDERAL RULES OF<br>EVIDENCE 401-403 AND 404**<br><br>Date:    March 23, 2021<br>Time:    9:00 AM<br>CTRM:  4, 5th Floor<br><br>Hon. Edward J. Davila |

# TABLE OF CONTENTS

**Page**

I.    The Alleged Statements to Walgreens Employees Should Be Excluded. ........................................1

II.   Evidence of Chants or Comments at Company Meetings Should Be Excluded. ...........................2

CONCLUSION.....................................................................................................................................4

REPLY IN SUPPORT OF MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED
BLAMING AND VILIFYING OF COMPETING COMPANIES AND JOURNALISTS UNDER
FEDERAL RULES OF EVIDENCE 401-403 AND 404
CR-18-00258 EJD

i

1    Ms. Holmes moved to exclude five alleged Rule 404(b) "other acts" by which the government

2    claims Defendants "[b]lam[ed] or vilif[ied] competing companies" or "vilif[ied] journalists," Def. Ex. 1,

3    Dkt. 580 at 5-6:  two statements allegedly made to Walgreens employees, certain information allegedly

4    conveyed at an "all hands" meeting in advance of the publication of a story in the *Wall Street Journal*,

5    and alleged profane chants at two internal Theranos meetings.  *See* Def. Mot., Dkt. 577 at 1-2; Def. Ex.

6    3, Dkt. 580-2 at 59, 61-62.  In its Opposition, Dkt. 678, the government has abandoned any connection

7    between the disclosed Rule 404(b) purposes for the Walgreens statements, neglects entirely to address

8    the alleged statements at the all-hands meeting, and fails to justify the admission of the admittedly

9    inflammatory chant evidence.  The Court should grant Ms. Holmes' Motion in its entirety.

10   **I.      The Alleged Statements to Walgreens Employees Should Be Excluded.**

11   The government disclosed anticipated testimony from two Walgreens employees that Ms.

12   Holmes and Mr. Balwani explained the fact that some Theranos patients at Walgreens stores received

13   venous blood draws in part on the ground that competitors had sent employees to order tests requiring

14   venous draws on the theory that this supposedly false explanation reflects a "consciousness of guilt."

15   Def. Ex. 3, Dkt. 580-2 at 62.  Under Rule 404(b), it is the government's burden to "articulate precisely

16   the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence."

17   *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).  The government has failed to do so.

18   First, although the government now claims (for the first time in its Opposition) that evidence at

19   trial will show that these statements were false, it provides no evidence or explanation to support this

20   claim, as it was required to do under Local Rule 16-1(c)(3).  If the government intends to introduce

21   evidence under Rule 404(b) of supposedly false statements, Local Rule 16-1(c)(3) requires it to identify

22   evidence of falsity.  It has not done so, nor is it apparent from the government's witness list that it has a

23   witness who could prove this.  Nor does the government put any meat on the bones of its assertion that

24   this evidence shows "consciousness of guilt" or is informative of Ms. Holmes' mental state more

25   broadly.  It merely asserts in a single sentence that "evidence that Defendant continued to lie to

26   Walgreens should be admitted under Rule 404(b) to prove her intent, knowledge, and consciousness of

27

28   REPLY IN SUPPORT OF MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED
     BLAMING AND VILIFYING OF COMPETING COMPANIES AND JOURNALISTS UNDER
     FEDERAL RULES OF EVIDENCE 401-403 AND 404
     CR-18-00258 EJD

1    guilt." Gov't Opp'n, Dkt. 678 at 5.  As explained in Ms. Holmes' Motion, attributing setbacks to

2    competing companies is not out of the ordinary and thus carries little to no probative value as evidence

3    of Ms. Holmes' mental state or intent.  *See* Def. Mot., Dkt. 577 at 2-3.  The evidence thus is

4    inadmissible for this purpose, and the government does not seriously defend its claimed connection to

5    Ms. Holmes' mental state.

6        In a move common across its Oppositions, the government instead pivots to argue that Rule

7    404(b) does not apply because the statements are part of its fraud "narrative."  Gov't Opp'n, Dkt. 678 at

8    4-5.  Evidence is admissible as "narrative," however, only when "necessary . . . to permit the prosecutor

9    to offer a coherent and comprehensible story regarding the commission of the crime."  *United States v.*

10   *Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995).  Omitting these statements would not render

11   any part of the government's case incoherent or incomprehensible, especially when the government does

12   not claim that the statements had any impact on the Walgreens employees or on the Theranos-Walgreens

13   partnership.

14       Rule 403 also mandates exclusion.  A mini-trial would be necessary to determine the truth of

15   these extraneous statements, likely requiring testimony from Theranos' competitors.  Ms. Holmes would

16   have to consider subpoenaing documents from those companies to rebut the government's unsupported

17   falsity allegations.  Because the government has not disclosed witnesses from Theranos' competitors as

18   trial witnesses, admission of this evidence risks further expansion of this already complex case and

19   lengthy trial.

20   **II.    Evidence of Chants or Comments at Company Meetings Should Be Excluded.**

21       The government does not defend its allegations regarding a disclosed statement from Theranos

22   employee Suraj Saksena that employees at an "all-hands meeting" "were told" that a forthcoming *Wall*

23   *Street Journal* article was "being pushed by LabCorp and Quest."  Def. Ex. 3, Dkt. 580-2 at 62.  The

24   government has not tied the alleged statement to Ms. Holmes and it has not articulated a link between

25   the statement and an alleged "consciousness of guilt" or any other aspect of Ms. Holmes' state of mind.

26   At a minimum, this evidence—which has no probative value—should be excluded.

27

28   REPLY IN SUPPORT OF MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED
     BLAMING AND VILIFYING OF COMPETING COMPANIES AND JOURNALISTS UNDER
     FEDERAL RULES OF EVIDENCE 401-403 AND 404
     CR-18-00258 EJD

1    Evidence of the profane chants also should be excluded.  The government acknowledges that this

2    evidence is "somewhat inflammatory" and would merit exclusion in an "ordinary" case, but asserts that

3    this risk is tolerable here because Ms. Holmes' "mental state" is at issue.  Gov't Opp'n, Dkt. 678 at 3.

4    But that is true of virtually every criminal case, and the claimed connection between the chants and Ms.

5    Holmes' mental state is nonexistent or tenuous at best.  The government also apparently misunderstands

6    its own evidence.  The government frames the evidence as showing Ms. Holmes' "extreme response[] to

7    the media criticism that began with John Carreyrou's exposé in *The Wall Street Journal* in October

8    2015," *id.* at 1, but the video of the chant the government says it will play at trial is from *a July 2015*

9    company *celebration* of a recent FDA clearance (and Mr. Carreyrou's name is not uttered once in that

10   video).  At a minimum, the July 2015 video thus should be excluded.  And even if one or both of the

11   alleged chants had taken place in 2016—as the Opposition claims, *id.*—an expression of frustration

12   about negative press coverage to colleagues at a private company meeting is unremarkable and is not

13   evidence of consciousness of guilt.  *See* Def. Mot., Dkt. 577 at 3.

14   In its rush to take the chants out of time and context, the government contrasts them with an

15   April 18, 2016 *Today* show appearance in which Ms. Holmes discussed the findings of CMS' inspection

16   of Theranos.  Gov't Opp'n, Dkt. 678 at 3-4.  The drastically different contexts (national television vs.

17   private company meeting) and subject matters (discussing a regulator's findings vs. allegedly expressing

18   frustration at competing companies and a particular journalist) makes any claimed inconsistency in Ms.

19   Holmes' behavior specious.  That the government must set up this false distinction to justify admission

20   of the chant evidence only demonstrates its low probative value.

21   Finally, the government speculates that the "natural[]" response to "media criticism" would have

22   been for Ms. Holmes to express regret or gratitude.  *Id.* at 3.  This argument begs the question about

23   which "criticism" the government alleges the chants were in response to, and whether that "criticism"

24   was valid.  Given that the government cannot even pin-point the year in which the chants occurred, the

25   mini-trial that would be necessary to contextualize the chants and the "criticism" to which they allegedly

26

27

28   REPLY IN SUPPORT OF MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED
     BLAMING AND VILIFYING OF COMPETING COMPANIES AND JOURNALISTS UNDER
     FEDERAL RULES OF EVIDENCE 401-403 AND 404
     CR-18-00258 EJD

1  respond would devour considerable time at trial and only confuse the issues, all the while prejudicing
2  Ms. Holmes.

3  **CONCLUSION**

4        For the foregoing reasons, and those set forth in Ms. Holmes' Motion (Dkt. 577), the Court
5  should exclude evidence of the five challenged acts relating to blaming or vilifying competing
6  companies or journalists.

7

8  DATED:  February 16, 2021               Respectfully submitted,

9

10                               /s/ Amy Mason Saharia
11                               KEVIN DOWNEY
                              LANCE WADE
12                               AMY MASON SAHARIA
                              KATHERINE TREFZ
13                               Attorneys for Elizabeth Holmes

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 REPLY IN SUPPORT OF MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED
BLAMING AND VILIFYING OF COMPETING COMPANIES AND JOURNALISTS UNDER
FEDERAL RULES OF EVIDENCE 401-403 AND 404
CR-18-00258 EJD

4

1

2
<u>**CERTIFICATE OF SERVICE**</u>

3
      I hereby certify that on February 16, 2021 a copy of this filing was delivered via ECF on all

4
counsel of record.

5

6
                            /s/ Amy Mason Saharia

7
                            AMY MASON SAHARIA
                            Attorney for Elizabeth Holmes

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
REPLY IN SUPPORT OF MS. HOLMES' MOTION TO EXCLUDE EVIDENCE OF ALLEGED
BLAMING AND VILIFYING OF COMPETING COMPANIES AND JOURNALISTS UNDER
FEDERAL RULES OF EVIDENCE 401-403 AND 404
CR-18-00258 EJD