# EXHIBIT 84

# In re Arizona Theranos, Inc. Litigation

# Videotaped Deposition of
# ADAM ROSENDORFF, M.D.
# February 26, 2019

## CONFIDENTIAL
## UNDER PROTECTIVE ORDER



www.aptusCR.com / 866.999.8310

Confidential - Under Protective Order
Adam Rosendorff, M.D.                                      In re Arizona Theranos, Inc. Litigation

```
 1            IN THE UNITED STATES DISTRICT COURT

 2                FOR THE DISTRICT OF ARIZONA

 3

 4  In re:                        )No. 2:16-cv-2138-HRH
                                  )Consolidated with
 5  ARIZONA THERANOS, INC.,       )2:16-cv-2373-HRH
    Litigation                    )2:16-cv-2660-HRH
 6                                )2:16-cv-2775-HRH
                                  )-and-
 7                                )2:16-cv-3599-HRH
    _____ )
 8

 9

10       CONFIDENTIAL UNDER THE PROTECTIVE ORDER

11         VIDEOTAPED CONFIDENTIAL DEPOSITION OF

12                 ADAM ROSENDORFF, M.D.

13                San Francisco, California

14                   February 26, 2019

15

16

17

18

19

20

21

22  REPORTED BY:

23  JOHNNA PIPER

24  CSR 11268

25  Job No. 10051729
```

Confidential - Under Protective Order
Adam Rosendorff, M.D.                                    In re Arizona Theranos, Inc. Litigation

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF ARIZONA

 3

 4   In re:                      )No. 2:16-cv-2138-HRH
                                 )Consolidated with
 5   ARIZONA THERANOS, INC.,     )2:16-cv-2373-HRH
     Litigation                  )2:16-cv-2660-HRH
 6                               )2:16-cv-2775-HRH
                                 )-and-
 7                               )2:16-cv-3599-HRH
     _____)
 8

 9            Deposition of ADAM ROSENDORFF, M.D.,

10   Volume 1, taken on behalf of Plaintiffs, at Lieff,

11   Cabraser, Heimann & Bernstein, 275 Battery Street,

12   29th Floor, San Francisco, California, beginning at

13   9:11 a.m. and ending at 7:32 p.m. on Tuesday,

14   February 26, 2019, before JOHNNA PIPER, Certified

15   Shorthand Reporter No. 11268.

16

17

18

19

20

21

22

23

24

25
```

```
 1  APPEARANCES:

 2  For the Plaintiffs:
            Keller Rohrback LLP
 3          1201 Third Avenue, Suite 3200
            Seattle, Washington 98101-3052
 4          (206) 623-1900
            rmorowitz@kellerrohrback.com
 5          By:  Rachel E. Morowitz, Esq.

 6                     --and--

 7          Lieff, Cabraser, Heimann & Bernstein
            275 Battery Street, 29th Floor
 8          San Francisco, California 94111
            (415) 956-1000
 9          tashur@lchb.com
            jleggett@lchb.com
10          By:  Tanya Ashur, Esq.
                 James Leggett, Esq.
11
    For the witness:
12          Coblentz, Patch, Duffy & Bass LLP
            One Montgomery Street, Suite 3000
13          San Francisco, California 94104
            (415) 391-4800
14          rmorgan@cobletzlaw.com
            By:  Rees F. Morgan, Esq.
15

16  For Ramesh Sunny Balwani:
            Davis, Wright, Tremaine LLP
17          920 Fifth Avenue, Suite 3300
            Seattle, Washington 98104-1610
18          (206) 622-3150
            steverummage@dwt.com
19          jeffcoopersmith@dwt.com
            By:  Stephen M. Rummage, Esq.
20               Jeffrey B. Coopersmith, Esq.

21                     -and-

22          Davis, Wright, Tremaine LLP
            505 Montgomery Street, Suite 800
23          San Francisco, California 94111
            (415) 276-6584
24          kellygorton@dwt.com
            By:  Kelly M. Gorton, Esq.
25
```

**Confidential - Under Protective Order**

Adam Rosendorff, M.D.　　　　　　　　　　In re Arizona Theranos, Inc. Litigation

```
 1   For the Walgreens Defendants:
            Sidley Austin LLP
 2          One South Dearborn
            Chicago, Illinois 60603
 3          (312) 853-6892
            lawrence.fogel@sidley.com
 4          sstern@sidley.com
        BY:  Lawrence P. Fogel, Esq.
 5           Stephanie C. Stern, Esq.

 6   For Elizabeth Holmes (telephonically):
            Cooley
 7          1700 Seventh Avenue, Suite 1900
            Seattle, Washington 98101-1355
 8          (206) 452-8700
            jlombard@cooley.com
 9       By:  Jeff Lombard, Esq.

10
     Also Present:  Monti Majthoub, videographer.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1     Q.  And so -- on the general topic of reporting
2  patient results, I want to talk about some concepts
3  that actually aren't in that document.  And I see
4  you still have it in front of you, but . . .
5         I want to talk about this concept that I've
6  seen in some of the documents about discarding
7  outliers.  Do you know what I'm referring to?
8     A.  Yes.
9     Q.  And -- and just to set the stage for that,
10 I want to perhaps get into a little bit about the
11 technology of the Edison.  And it functioned using
12 what are called six tips, correct?
13    A.  Correct.
14    Q.  And what are those tips?  What are they?
15    A.  They're antibody-coated tips that bind
16 antigen and -- and then there's a secondary antibody
17 that's used to bind the antigen that's labeled that
18 generates a fluorescent signal that's measured by
19 the photomultiplier tube in the Edison.
20    Q.  Now you -- now you just -- you just went
21 way past me there, but the result is that -- that
22 measurement of the -- what did you call it, the
23 photomultiplier or the --
24    A.  Yes.
25    Q.  That's what actually generates the results,

Confidential - Under Protective Order

Adam Rosendorff, M.D.                                In re Arizona Theranos, Inc. Litigation

1  right?
2      A.  Yes.
3      Q.  Okay.  And so in the Edison those six tips
4  generate six results, correct?
5      A.  Correct.
6      Q.  And that's on a single assay, right?
7      A.  Correct.
8      Q.  And as I understand it, there was a
9  protocol developed whereby in -- in relation to a
10 particular patient result, two results of those six
11 tips could be discarded and then the four remaining
12 results from four other tips would be averaged to
13 produce the result; is that right?
14     A.  Correct.
15     Q.  And I understand that that was something
16 that you approved, correct?
17     A.  Yes.
18     Q.  And the other scientists in the lab
19 approved as well, correct?
20     A.  Yes.
21     Q.  And that would include Dr. Pandori, right?
22     A.  Yes.
23     Q.  And he was a medical doctor, right?
24     A.  Ph.D.
25     Q.  Ph.D., okay.

1          But -- but he approved that process, right?
2       A.  Yes.
3       Q.  And just to be clear, Mr. Balwani is not
4  somebody who dictated the discarding of outliers,
5  correct?
6       A.  Correct.
7       Q.  And neither was Ms. Holmes, right?
8       A.  Correct.
9       Q.  So that was something that was developed by
10 the -- the medical team, right?
11      A.  Right.
12          MR. MORGAN:  Sorry.  Yeah, go ahead.
13          THE WITNESS:  Developed by Daniel mostly.
14 BY MR. RUMMAGE:
15      Q.  Okay.  By Daniel, but -- but approved by
16 you and -- and Dr. Pandori as well?
17      A.  Yes.
18      Q.  Okay.  And then also there -- I understand
19 there was a similar process that was developed
20 during QC; is that right, that is averaging the
21 results of the four tips?
22      A.  Oh, I guess it would have been done for QC
23 as well --
24      Q.  All right.
25      A.  -- yes.

Confidential - Under Protective Order

Adam Rosendorff, M.D.                    In re Arizona Theranos, Inc. Litigation

1    Q.  And by the way, whose organization was
2  responsible for doing QC and QA?  Was that yours?
3    A.  Those would be the lab technicians and
4  CLSs.
5    Q.  Who reported up to you?
6    A.  Who reported up to me.
7    Q.  And --
8    A.  Yeah.
9    Q.  And did they answer to Langly Gee on these
10 issues of QC and QA?
11   A.  No, not really.
12   Q.  Not really?  What was his responsibility,
13 then?
14   A.  He put together reports -- Levey-Jennings
15 plots and reports of how frequently QC would --
16 would be failing and -- he did it by analytes and --
17 for the Edisons and for the T protocols and P
18 protocols, and I met with him once a month to review
19 these reports.
20   Q.  And -- and so when you talk about
21 Levey-Jennings data, what -- what is that?
22   A.  That's just a daily report out of where
23 your QC is falling, if it's one standard deviation,
24 two standard deviations above the mean.
25   Q.  And -- and did you collect that

Confidential - Under Protective Order

| Adam Rosendorff, M.D. | In re Arizona Theranos, Inc. Litigation |
|---|---|

```
 1              CERTIFICATE OF REPORTER
 2          I, JOHNNA PIPER, a Certified Shorthand
 3   Reporter, hereby certify that the witness in the
 4   foregoing deposition was by me duly sworn to tell
 5   the truth, the whole truth and nothing but the truth
 6   in the within-entitled cause;
 7          That said deposition was taken down in
 8   shorthand by me, a disinterested person, at the time
 9   and place therein stated, and that the testimony of
10   the said witness was thereafter reduced to
11   typewriting, by computer, under my direction and
12   supervision;
13          I further certify that I am not of counsel
14   or attorney for either or any of the parties to the
15   said deposition nor in any way interested in the
16   event of this cause and that I am not related to any
17   of the parties thereto.
18
19   DATED: March 13, 2019
20
21
22          _____
23              JOHNNA PIPER, CSR 11268
24
25
```

```
 1          DECLARATION UNDER PENALTY OF PERJURY
 2   Case Name: In re Arizona Theranos, Inc. Litigation
 3   Date of Deposition: 02/26/2019
 4   Job No.: 10051729
 5
 6            I, ADAM ROSENDORFF, M.D., hereby certify
 7   under penalty of perjury under the laws of the State of
 8   _____ that the foregoing is true and correct.
 9            Executed this _____ day of
10   _____, 2019, at _____.
11
12
13                         _____
14                              ADAM ROSENDORFF, M.D.
15
16   NOTARIZATION (If Required)
17   State of _____
18   County of _____
19   Subscribed and sworn to (or affirmed) before me on
20   this _____ day of _____, 20__,
21   by_____,    proved to me on the
22   basis of satisfactory evidence to be the person
23   who appeared before me.
24   Signature: _____ (Seal)
25
```