# Exhibit 91

**From:** Wade, Lance <LWade@wc.com>
**Sent:** Thursday, February 04, 2021 8:17 PM
**To:** Leach, Robert (USACAN) <Robert.Leach@usdoj.gov>
**Cc:** Downey, Kevin <KDowney@wc.com>; Saharia, Amy <ASaharia@wc.com>; Trefz,
Katherine <KTrefz@wc.com>; Coopersmith, Jeffrey <jcoopersmith@orrick.com>; 'Cazares,
Stephen' <scazares@orrick.com>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>; Baehr-
Jones, Vanessa (USACAN) <Vanessa.Baehr-Jones@usdoj.gov>; Schenk, Jeffrey (USACAN)
<Jeffrey.B.Schenk@usdoj.gov>
**Subject:** RE: U.S. v. Holmes

Bob,

In the interest of meeting extant deadlines of the Court, we will agree to this limitation, subject to
the right to re-visit it with you and/or the Court at a future date, if needed.

Thanks.

--Lance

**Lance Wade**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029 |(M) 202-494-0824
lwade@wc.com | www.wc.com/lwade | *he, him*

**From:** Leach, Robert (USACAN) <Robert.Leach@usdoj.gov>
**Sent:** Wednesday, February 3, 2021 11:07 PM
**To:** Wade, Lance <LWade@wc.com>
**Cc:** Downey, Kevin <KDowney@wc.com>; Saharia, Amy <ASaharia@wc.com>; Trefz,
Katherine <KTrefz@wc.com>; Coopersmith, Jeffrey <jcoopersmith@orrick.com>; 'Cazares,
Stephen' <scazares@orrick.com>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>; Baehr-
Jones, Vanessa (USACAN) <Vanessa.Baehr-Jones@usdoj.gov>; Schenk, Jeffrey (USACAN)
<Jeffrey.B.Schenk@usdoj.gov>
**Subject:** RE: U.S. v. Holmes

Dear Lance,

Thank you.  With respect to No. 3 below, I was giving WilmerHale as an example, not the sole
source of the government's concerns.  I appreciate your offer not to disclose transcripts.  Will
you agree not disclose the transcripts or their contents to WilmerHale, attorneys of WilmerHale,
IncRevCorp, its principals, and any party with whom Ms. Holmes has a joint defense agreement
and treat them as Protected Materials under the PO for agent notes, absent future consent of the
government or an order from the Court authorizing us to do so?  If so, I am willing to produce
any non-law enforcement witnesses testimony in grand jury about Theranos or LIS.  I need to
check with our paralegal but I am confident that can be done this week.

Best regards,
Bob

**From:** Wade, Lance <LWade@wc.com>
**Sent:** Tuesday, February 2, 2021 6:50 PM
**To:** Leach, Robert (USACAN) <RLeach@usa.doj.gov>
**Cc:** Downey, Kevin <KDowney@wc.com>; Saharia, Amy <ASaharia@wc.com>; Trefz,
Katherine <KTrefz@wc.com>; Coopersmith, Jeffrey <jcoopersmith@orrick.com>; 'Cazares,
Stephen' <scazares@orrick.com>; Bostic, John (USACAN) <jbostic@usa.doj.gov>; Baehr-
Jones, Vanessa (USACAN) <vbaehr-jones@usa.doj.gov>; Schenk, Jeffrey (USACAN)
<JSchenk@usa.doj.gov>
**Subject:** RE: U.S. v. Holmes

Bob,

1.  With respect to item 1, let me try to clarify the inquiry.  The government has produced
    no evidence that substantiates the assertion in its July 23, 2020 letter that: "Shortly
    after receiving the hard drive, government counsel corresponded with Theranos counsel
    by telephone in an effort to gain access to the data. During those calls, Theranos counsel
    confirmed that they were unaware of any additional information or software that would
    further facilitate government access to the data."  Your October Brady letter contradicts
    that assertion.  Does the government maintain that this assertion is accurate?  If so,
    which witness can I call at trial to establish this point?

2.  With respect to item 2, I have previously outlined in detail our view regarding Brady and
    LIS.  Your October Brady letter is a response to those demands.  While I made a good
    faith proposal in effort to reach a compromise on documents, I don't intend to make a
    further Brady proffer on a document by document basis.  Your 404(b) notices,
    Opposition (dkt. 669), and your supplemental witness list put interactions between, and
    the conduct of, the government, Theranos, and the Theranos Assignee (and all of your
    involved agents and employees) with respect to LIS issues at heart of this case.  You
    cannot now hide behind work product to refuse to produce relevant and exculpatory
    documents, or to refuse to identify relevant witnesses.  We will proceed with our
    motion seeking production of all of the documents in the letter, and the identification of
    all witnesses.  At present, in light of the positions expressed in the government's 404(b)
    notices, Opposition (dkt. 669), and supplemental witness list, we consider all
    government personnel referenced in the October Brady letter to be potential defense
    witnesses at trial.

3.  With respect to item 3, we will not agree to restrict our ability to prepare our defense –
    including interacting with the witnesses the government has identified in this case, or
    their counsel, about statements they have made to the grand jury about issues that are
    directly at issue in this case.  The government does not get relief from its Brady, Jencks
    and other discovery obligations just because it has decided to open a collateral
    investigation.  Ninth Circuit law is clear on that point.  Nevertheless, to try to address

your apparent concerns, we will agree not to disclose the transcripts to WilmerHale or its counsel, absent future consent of the government or an order from the Court authorizing us to do so.  With that assurance, please promptly produce the transcripts.

--Lance


**Lance Wade**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029 |(M) 202-494-0824
lwade@wc.com  | www.wc.com/lwade | *he, him*

**From:** Leach, Robert (USACAN) <Robert.Leach@usdoj.gov>
**Sent:** Tuesday, February 2, 2021 1:53 PM
**To:** Wade, Lance <LWade@wc.com>
**Cc:** Downey, Kevin <KDowney@wc.com>; Saharia, Amy <ASaharia@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Coopersmith, Jeffrey <jcoopersmith@orrick.com>; 'Cazares, Stephen' <scazares@orrick.com>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>; Baehr-Jones, Vanessa (USACAN) <Vanessa.Baehr-Jones@usdoj.gov>; Schenk, Jeffrey (USACAN) <Jeffrey.B.Schenk@usdoj.gov>
**Subject:** RE: U.S. v. Holmes

Dear Lance,

I am writing in response to your January 21, 2021 email.  Thank you for following up earlier today.

With respect to Item 1 in your January 21 email, I did address item 9 in my January 19, 2021 email in response 1.a.

With respect to Item 2, in the interest of compromise, I have an open mind to your proposal.  If you want to identify particular documents I will consider your request in good faith.  But when identifying the documents, I respectfully request that you please set forth your reasoning for why you believe the materials are subject to disclosure under Brady and, to the extent you can, proffer the facts supporting your theory.  Of course, we understand and observe our legal obligations under Brady, but I want to make sure I understand as fully as I can your views.  And, to the extent you see a need to move to compel, I think the Court would benefit from a description of why you believe Brady requires further disclosure.

With respect to Item 3, there is an ongoing investigation relating to LIS.  We need these restrictions because it would compromise the investigation to have individuals whose conduct is within the scope of the investigation to have access to the sworn statements of others.  I am sure you can appreciate this.  We have no desire to limit the defense's preparation.  My edits to the protective order were designed to prevent disclosure to, for example, WilmerHale or its attorneys.  As you know, we have produced to you documents we have received recently from

WilmerHale as well as the assignee.  I am confident there are means to address your need to prepare the defense without causing wholesale disclosure of grand jury testimony in an ongoing investigation and urge you to engage with the draft stipulation and order I proposed.

Best regards,
Bob

**From:** Wade, Lance <LWade@wc.com>
**Sent:** Thursday, January 21, 2021 6:05 PM
**To:** Leach, Robert (USACAN) <RLeach@usa.doj.gov>
**Cc:** Downey, Kevin <KDowney@wc.com>; Saharia, Amy <ASaharia@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Coopersmith, Jeffrey <jcoopersmith@orrick.com>; 'Cazares, Stephen' <scazares@orrick.com>; Bostic, John (USACAN) <jbostic@usa.doj.gov>; Baehr-Jones, Vanessa (USACAN) <vbaehr-jones@usa.doj.gov>; Schenk, Jeffrey (USACAN) <JSchenk@usa.doj.gov>; Wade, Lance <LWade@wc.com>
**Subject:** RE: U.S. v. Holmes

Bob,

Thanks for the response.  I write to clarify certain items so that we can identify points of disagreement and promptly tee up necessary items for litigation.

1.  As with prior responses, you still have not addressed item 9 in my November 19 letter (pasted here for clarity).   Please do so.

9.  Your July 23, 2020 letter states that: "shortly after receiving the [LIS] hard drive, government counsel corresponded with Theranos counsel by telephone in an effort to gain access to the data.  During those calls, Theranos counsel confirmed that they were unaware of any additional information or software that would further facilitate government access to the data."  Your *Brady* Letter and related productions provide no evidence regarding these post-production calls "to gain access to the data."  Please produce all evidence (notes, internal emails, or any other documents) relating to the calls referenced in the July 23 letter.

2.  Your Brady letter is worthless (and therefore not compliant with *Brady*) if you fail to identify all witnesses who we may need to call to testify on facts set forth in the letter and refuse to produce the documents cited in the letter.  Your suggestion that you will identify only the government lawyers who are referenced in the letter is insufficient; you need to identify all witnesses, including non-lawyer government personnel – to whom you refer to frequently in the letter, and who we plan to add to our witness list (once we know who those witnesses are).  We are also entitled to the documents, pursuant to *Brady*.  As a compromise to try to address the government's concerns, and to avoid litigation, we can identify particular documents within the letter that are needed as trial exhibits, and for which we are willing to permit the redaction of unrelated information.  But if you are unwilling to explore this compromise, we will move forward with a motion to compel the production of those documents.

3.  We need to be able to use the grand jury testimony to prepare our defense.  We have agreed to the designation of the transcripts under a prior protective order.  Your new proposed protective order adds additional language that might restrict our ability to prepare for trial, though we can't properly assess that because we do not know the witnesses for whom you have grand jury testimony.  As currently drafted, and without additional information, we cannot agree to the proposed protective order.  Please identify the witnesses for whom you have transcripts, and explain why you need the additional restrictions.

4.  With respect to your response #4 below, we would expect the government to review the privilege logs more carefully before making representations to the Court of the kind set forth in footnote 8 of your brief.  Contrary to your representation below, none of the entries on the WilmerHale privilege logs you produced to us identify common interest documents relating to Williams & Connolly that include the phrase LIS. Moreover, as you well know, the subpoenas you issued in this time period resulted in the production of many documents that did not relate to LIS in any way.  The casual manner in which these accusations are made, in representations to the Court, about other members of the bar, is deeply concerning.

I would respectfully ask for a prompt and complete response, as these issues relate to matters that the government has put at issue in its pleadings.

Thanks.

--Lance

Lance Wade
Williams & Connolly LLP
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com   | www.wc.com/lwade

-----Original Message-----
From: Leach, Robert (USACAN) <Robert.Leach@usdoj.gov>
Sent: Tuesday, January 19, 2021 7:14 PM
To: Wade, Lance <LWade@wc.com>
Cc: Downey, Kevin <KDowney@wc.com>; Saharia, Amy <ASaharia@wc.com>; Trefz,
Katherine <KTrefz@wc.com>; Coopersmith, Jeffrey <jcoopersmith@orrick.com>;
'Cazares, Stephen' <scazares@orrick.com>; Bostic, John (USACAN)
<John.Bostic@usdoj.gov>; Baehr-Jones, Vanessa (USACAN) <Vanessa.Baehr-
Jones@usdoj.gov>; Schenk, Jeffrey (USACAN) <Jeffrey.B.Schenk@usdoj.gov>
Subject: U.S. v. Holmes

Lance:

Thanks for following up.

1.  With respect to your December 13, 2020 questions:
        a.          You have requested "all evidence (notes, internal emails, or any other documents) relating to the calls referenced in the July 23 letter."  Rule 16 does not authorize discovery of the government's work product.  We will continue to review any notes, internal emails, or other documents relating to the calls referenced in the July 23 letter for Brady, Jencks, or Giglio information and make any required disclosures.  To date, we have not identified anything further beyond our prior disclosures to you.
        b.          Attached please find a proposed stipulation and protective order for the grand jury materials.  Please let me know if Ms. Holmes and Mr. Balwani will agree to this.  We will continue to review available law enforcement testimony for Brady, Jencks, or Giglio information.  To date, we have not identified anything further beyond our prior disclosures to you.
        c.          I am working on the supplement to the October 29, 2020 letter and will list government attorney names to the extent I can identify them, although I continue to believe this is wholly unnecessary.
        d.          I disagree there is an obligation to identify any witnesses who the government believes to be subjects or targets of an investigation.  Government attorneys' subjective views of a witness's status -- which can change over time -- are not Brady.   We have been producing, and will continue to produce, to you any evidence the government receives relating to the 2018 destruction of Theranos's LIS database, regardless of whether the evidence was received in the investigation that preceded the indictments or through other means.  To the extent the government interviews witnesses regarding Theranos and/or LIS, we have been producing, and will continue to produce, to you any memoranda of interview prepared by the FBI, USPIS, and/or FDA-CI and any agent notes of the interview or any recording of the interview.  Government characterizations of witnesses add nothing to that.
        e.          We are producing agent notes of attorney proffers, as we have advised you previously, and acknowledge our obligation to produce exculpatory information under Brady.  We respectfully decline to produce the underlying documents that are referenced or summarized in our October 29, 2020 letter.  First of all, many of the disclosures in the letter vastly exceed any discovery obligation we have.  Second, many of the documents include information not discoverable.  Third, Brady entitles you to information, not documents in a particular form.  The Second Circuit case you cite does not stand for the sweeping proposition you suggest, and you are perfectly able to examine witnesses with the information in the form that you have it.

2.  I can't possibly know what you mean when you state " [t]here are many assertions in your pleadings addressing LIS -- particularly dkt. 669 -- that are not supported by evidence produced to the defense thus far."  If there is something specific you have in mind, please state it and I will look into it.  I want you to have the evidence the government receives relating to the 2018 destruction of Theranos's LIS database and the witness statements, but I respectfully decline your request to parse our brief in the manner you suggest.

3.  Attorney 1 is ████████.  Attorney 2 is ████████.

4.  We infer they relate to LIS because (a) some of the titles listed on the
privilege log include the phrase LIS and (b) they were identified on a privilege
log in response to requests for documents relating to LIS.  I acknowledge your
request for notice.

Best regards,
Bob

-----Original Message-----
From: Wade, Lance <LWade@wc.com>
Sent: Friday, January 15, 2021 3:01 PM
To: Leach, Robert (USACAN) <RLeach@usa.doj.gov>
Cc: Downey, Kevin <KDowney@wc.com>; Saharia, Amy <ASaharia@wc.com>; Trefz,
Katherine <KTrefz@wc.com>; Baehr-Jones, Vanessa (USACAN) <vbaehr-
jones@usa.doj.gov>; Bostic, John (USACAN) <jbostic@usa.doj.gov>; Schenk, Jeffrey
(USACAN) <JSchenk@usa.doj.gov>; Coopersmith, Jeffrey <jcoopersmith@orrick.com>;
Cazares, Stephen <scazares@orrick.com>; Wade, Lance <LWade@wc.com>
Subject: RE: U.S. v. Holmes

Bob,

I write to follow up on LIS-related issues.

1.  In light of assertions made by the government in connection with certain of
its oppositions to Ms. Holmes' motions in limine, it is critical that we get
complete responses to the outstanding requests below.  Please provide them by
Tuesday COB so that we have time to do work needed to prepare our replies.

2.  There are many assertions in your pleadings addressing LIS -- particularly
dkt. 669 -- that are not supported by evidence produced to the defense thus
far.  Please produce promptly all evidence supporting your assertions in dkt.
669.  To the extent your representation in footnote 2 of dkt. 669, that the "the
government expects witness testimony and evidence at trial will prove the facts
outlined," is meant to suggest that you do not yet have evidence supporting
certain assertions but expect to obtain such evidence in the future, please
identify the unsupported assertions and your basis for believing that you will
obtain evidence to support them.

3.  Please identify attorneys 1 and attorney 2, and explain why they are not
being identified in pleadings.

4.  We infer from footnote 8 of dkt. 669 that there may be some dispute with
respect to communications involving counsel for Ms. Holmes that may be common
interest privileged, which you assert are related to LIS.

        a.  Please state the basis for your assertion that these
materials are related to LIS.

        b.  In the event that there is litigation regarding any such
communications, we request (i) notice and an opportunity to be heard in any
proceedings, and (ii) the chance to review any of the materials, and assert any

privileges that may belong to Ms. Holmes before any documents are produced to the government.

Thanks.

--Lance

Lance Wade
Williams & Connolly LLP
725 Twelfth Street, N.W., Washington DC 20005
(P) 202-434-5755 | (F) 202-434-5029
lwade@wc.com   | https://protect2.fireeye.com/v1/url?k=d98dd4b4-8616ec66-d98af051-
0cc47adc5fdc-eb628b2cbac1e172&q=1&e=43464f6f-af39-43e2-8388-
3eae1810de80&u=http%3A%2F%2Fwww.wc.com%2Flwade


-----Original Message-----
From: Leach, Robert (USACAN) <Robert.Leach@usdoj.gov>
Sent: Monday, December 14, 2020 10:19 PM
To: Wade, Lance <LWade@wc.com>
Cc: Downey, Kevin <KDowney@wc.com>; Saharia, Amy <ASaharia@wc.com>; Trefz,
Katherine <KTrefz@wc.com>; Baehr-Jones, Vanessa (USACAN) <Vanessa.Baehr-
Jones@usdoj.gov>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>; Schenk, Jeffrey
(USACAN) <Jeffrey.B.Schenk@usdoj.gov>; Coopersmith, Jeffrey
<jcoopersmith@orrick.com>; Cazares, Stephen <scazares@orrick.com>
Subject: Re: U.S. v. Holmes

Lance,

I received your message.  Thank you.  I will get back to you as soon as possible,
but given our hearings this tomorrow and Wednesday and several other upcoming
deadlines it may be early next week.

Best regards,
Bob

> On Dec 13, 2020, at 1:08 PM, Wade, Lance <LWade@wc.com> wrote:
>
> Bob,
>
> Thank you for your response.  Let me try to provide some additional clarity
with respect to the items you reference below.
>
> 1.    Your email below addressed several of the omissions in your prior letter,
but you still have not responded to item 9 in my November 18 letter.  Please do
so.
>
> 2.    If government personnel are investigating facts relating to the
destruction of evidence, but the destruction resulted (in whole or part) from
that government personnel's failure to obtain and preserve the evidence in a
timely manner, there is a clear conflict of interest because the government
personnel who were involved in the handling of the evidence have a clear

incentive to blame someone other than themselves for the current inability to
access the evidence.  You have been on notice for some time regarding our concern
in this regard; proceed as you see fit.
>
> 3.    We will agree to the designation of these grand jury transcripts pursuant
to the protective order (dkt 117).  We do not agree that it is permissible to
withhold testimony (or 302s/MOIs or notes of interviews) of law enforcement
witnesses if that testimony contains Brady/Jencks/Giglio material regarding these
or other issues.  Please confirm that you have reviewed all law enforcement
testimony and produced any that is Brady/Jencks/Giglio material.
>
> 4.    Witnesses in your Brady letter need to be identified, including witnesses
who are government attorneys.  We will, if possible, identify witnesses who are
not government attorneys to testify with respect to any events that also involve
government attorneys.  But we are still entitled to know who is present for all
of the identified meetings/calls/communications so we can examine witnesses about
their interactions with government lawyers.  Thank you for agreeing to supplement
your disclosure.  If you are going to refuse to identify government personnel
involved in any of the different meetings/calls/communications, please do so soon
so that we can raise the issue with the Court.
>
> 5.    If someone other than Ms. Holmes is identified as a target or subject of
an investigation focused on LIS, it suggests the government believes someone
other than Ms. Holmes was involved in the alleged improprieties relating to the
LIS.  That is exculpatory of Ms. Holmes based on allegations regarding the LIS
system set forth in your prior correspondence and disclosures.  Please identify
any witnesses who the government believes to be subjects or targets of the LIS
investigation.  Brady v. Maryland, 373 U.S. 83 (1963) requires this.
>
> 6.    Similarly, if witnesses, directly or through counsel, convey factual
information regarding LIS that is exculpatory -- e.g., Ms. Holmes's non-
involvement, the government's knowledge of the handling/status of LIS, someone
else's involvement with the handling of the LIS, or statements that there were no
improprieties involving the handling of LIS -- that, too, is exculpatory of Ms.
Holmes.  See id.  We understand you are producing all witnesses' statements
relating to LIS.  Please also produce all exculpatory statements (oral or
written) that were made through counsel  See United States v. Triumph Capital
Grp., Inc., 544 F.3d 149, 161-65 (2d Cir. 2008) (failure to produce agent notes
of attorney proffer, which contained Brady, was reversible error).  Triumph
Capital also makes clear why the actual documents that constitute Brady, if they
exist, need to be produced so that defense counsel can use them in cross
examination.  See id.  We thus reiterate our demand for the production of all of
the underlying documents that are referenced or summarized in your Brady letter.
>
> We would appreciate a complete response to these matters early next week.
>
> Thank you.
>
> --Lance
>
> Lance Wade
> Williams & Connolly LLP

> 725 Twelfth Street, N.W., Washington DC 20005
> (P) 202-434-5755 | (F) 202-434-5029
> lwade@wc.com   | https://protect2.fireeye.com/v1/url?k=91b04f88-ce2b7767-91b76b6d-ac1f6b017490-08fac280206b9a72&q=1&e=cdc48221-a1fe-4cf3-9097-218c85d2a5a2&u=http%3A%2F%2Fwww.wc.com%2Flwade
>
> -----Original Message-----
> From: Leach, Robert (USACAN) <Robert.Leach@usdoj.gov>
> Sent: Wednesday, December 9, 2020 4:22 PM
> To: Wade, Lance <LWade@wc.com>
> Cc: Downey, Kevin <KDowney@wc.com>; Saharia, Amy <ASaharia@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Baehr-Jones, Vanessa (USACAN) <Vanessa.Baehr-Jones@usdoj.gov>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>; Schenk, Jeffrey (USACAN) <Jeffrey.B.Schenk@usdoj.gov>; Coopersmith, Jeffrey <jcoopersmith@orrick.com>; 'Cazares, Stephen' <scazares@orrick.com>
> Subject: RE: U.S. v. Holmes
>
> Dear Lance,
>
> Thank you for your email.
>
> I do not know what you mean when you say my response was incomplete, or the suggestion that I did not respond "to the rest of the inquiries in [your] November 18 letter."  To the extent you demand production of documents expressly excluded by Rule 16, Brady does not require documents be produced in a particular form, as I expressed in my letter and as demonstrated by the authorities I cited.  I note you also demanded an explanation of the USAO's conflict process, but I'm at a loss to understand any potential conflict or any obligation to provide the information you are seeking.  If you have authority suggesting one USAO is precluded from investigating obstruction and/or other offenses arising from or relating to an investigation in its district, I invite you to please bring it to my attention.
>
> You ask about grand jury transcripts.  We have produced to you all grand jury transcripts of non-law enforcement witnesses through July 2020.  To the extent additional non-law enforcement witnesses testify in grand jury (about Theranos or LIS), we will produce them subject to a protective order similar to ECF 117 (attached).  Please let me know if that is agreeable.
>
> I will review my initial letter.  I respectfully see no point to identifying specific attorneys for the government; we object to any effort to list attorneys for the government as witnesses.  Other than that I will review the information readily available to me and list the names.  I should be able to get them to you by Tuesday.
>
> Best regards,
> Bob
>
>
>
> -----Original Message-----
> From: Wade, Lance <LWade@wc.com>

> Sent: Friday, December 4, 2020 6:09 PM
> To: Leach, Robert (USACAN) <RLeach@usa.doj.gov>; Schenk, Jeffrey (USACAN)
<JSchenk@usa.doj.gov>; Baehr-Jones, Vanessa (USACAN) <vbaehr-jones@usa.doj.gov>;
Bostic, John (USACAN) <jbostic@usa.doj.gov>
> Cc: Downey, Kevin <KDowney@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Saharia,
Amy <ASaharia@wc.com>; 'Coopersmith, Jeffrey' <jcoopersmith@orrick.com>;
'Cazares, Stephen' <scazares@orrick.com>; Brown, Walter F. <wbrown@orrick.com>
> Subject: RE: U.S. v. Holmes
>
> Bob:
>
> Thank you for the response, though unfortunately it was incomplete in many
respects.
>
> 1.  Do you intend to respond to the rest of the inquiries in my November 18
letter?
>
> 2.  Have you produced grand jury transcripts, if any, regarding your ongoing
investigation?
>
> 3.  With due respect, your assessment of our need to call witnesses identified
in your Brady letter is of little relevance to us. We do intend to add additional
witnesses to our witness list based on your prior Brady Letter. That is why we
asked for the names of witnesses referenced in each paragraph. Please disclose
those witnesses promptly so that we can add them to our witness list and begin
the subpoena process.
>
> Given the schedule we would appreciate a prompt and complete response.
>
> Regards,
> Lance
>
>
>
>
> From: Leach, Robert (USACAN)
<Robert.Leach@usdoj.gov<mailto:Robert.Leach@usdoj.gov>>
> Date: Friday, Dec 04, 2020, 8:28 PM
> To: Wade, Lance <LWade@wc.com<mailto:LWade@wc.com>>, Schenk, Jeffrey (USACAN)
<Jeffrey.B.Schenk@usdoj.gov<mailto:Jeffrey.B.Schenk@usdoj.gov>>, Baehr-Jones,
Vanessa (USACAN) <Vanessa.Baehr-Jones@usdoj.gov<mailto:Vanessa.Baehr-
Jones@usdoj.gov>>, Bostic, John (USACAN)
<John.Bostic@usdoj.gov<mailto:John.Bostic@usdoj.gov>>
> Cc: Downey, Kevin <KDowney@wc.com<mailto:KDowney@wc.com>>, Trefz, Katherine
<KTrefz@wc.com<mailto:KTrefz@wc.com>>, Saharia, Amy
<ASaharia@wc.com<mailto:ASaharia@wc.com>>, 'Coopersmith, Jeffrey'
<jcoopersmith@orrick.com<mailto:jcoopersmith@orrick.com>>, 'Cazares, Stephen'
<scazares@orrick.com<mailto:scazares@orrick.com>>, Brown, Walter F.
<wbrown@orrick.com<mailto:wbrown@orrick.com>>
> Subject: RE: U.S. v. Holmes
>
> Dear Counsel,

>
> Please see the attached.
>
> Best regards,
>
> *******************************
> Robert S. Leach
> Assistant United States Attorney
> United States Attorney's Office
>  Northern District of California
> 1301 Clay Street, Suite 340S
> Oakland, California 94612
> (510) 637-3918 -- Office
> (415) 793-2945 - Cell
>
>
>
>
> From: Wade, Lance <LWade@wc.com>
> Sent: Wednesday, November 18, 2020 3:13 PM
> To: Schenk, Jeffrey (USACAN) <JSchenk@usa.doj.gov>; Baehr-Jones, Vanessa
(USACAN) <vbaehr-jones@usa.doj.gov>; Leach, Robert (USACAN) <RLeach@usa.doj.gov>;
Bostic, John (USACAN) <jbostic@usa.doj.gov>
> Cc: Downey, Kevin <KDowney@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Saharia,
Amy <ASaharia@wc.com>; 'Coopersmith, Jeffrey' <jcoopersmith@orrick.com>;
'Cazares, Stephen' <scazares@orrick.com>; Brown, Walter F. <wbrown@orrick.com>;
Wade, Lance <LWade@wc.com>
> Subject: U.S. v. Holmes
>
> Please see the attached.
>
> Lance Wade
> Williams & Connolly LLP
> 725 Twelfth Street, N.W., Washington DC 20005
> (P) 202-434-5755 | (F) 202-434-5029
> lwade@wc.com<mailto:lwade@wc.com>   |
https://protect2.fireeye.com/v1/url?k=929b9334-cd00abc4-929cb7d1-0cc47adc5fd8-
33a0a5d826f60368&q=1&e=9f4d9bee-7ed3-4150-b5ac-
2f94954def8d&u=http%3A%2F%2Fwww.wc.com%2Flwade<https://protect2.fireeye.com/v1/ur
l?k=b25c63fc-edc75a4f-b25b4719-0cc47adc5e1a-568157d5e641cf26&q=1&e=02d650d5-2b3e-
41a5-a349-01fa8d27f6db&u=http%3A%2F%2Fwww.wc.com%2Flwade>
>
> _____
>
> This message and any attachments are intended only for the addressee and may
contain information that is privileged and confidential. If you have received
this message in error, please do not read, use, copy, distribute, or disclose the
contents of the message and any attachments. Instead, please delete the message
and any attachments and notify the sender immediately. Thank you.
>