1 | STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

2

3 | HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

4 | JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)

5 | ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)

6 | Assistant United States Attorneys

7 |   150 Almaden Boulevard, Suite 900
San Jose, California 95113

8 | Telephone: (408) 535-5061
Fax: (408) 535-5066

9 | Robert.Leach@usdoj.gov

10 | Attorneys for United States of America

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13 | SAN JOSE DIVISION

14 | UNITED STATES OF AMERICA,            )   Case No. 18-CR-00258 EJD
                                        )
15 |        Plaintiff,                   )   UNITED STATES' PROPOSED
                                        )   JURY INSTRUCTIONS
16 |     v.                             )
                                        )   Trial Date: August 31, 2021
17 | ELIZABETH HOLMES,                   )   Court: Hon. Edward J. Davila
                                        )
18 |        Defendant.                   )
                                        )
19 | _____ )

20 |        The United States respectfully submits its Proposed Jury Instructions.  The Proposed Jury

21 | Instructions are largely drawn from the Ninth Circuit Model Criminal Jury Instructions (2010 ed.) (last

22 | updated March 2021).  Where a proposed instruction is modified from a Model Instruction, it is noted in

23 | a footnote.

24 |        Defendant has provided notice of her intent "to introduce expert evidence relating to a mental

25 | disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt . . . ."

26 | ECF No. 507 (quoting Fed. R. Crim. P. 12.2(b)(1)).  Given the defendant's notice, the government

27 | reserves the right to propose further instructions based on the evidence presented at trial, including, but

28 | not limited to, Model Instructions 6.4, 6.5, 6.6, 6.7, and 6.9.

1 | DATED:  May 27, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

*Robert S. Leach*

JEFF SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
KELLY I. VOLKAR
Assistant United States Attorneys

1
2

# 1 – PRELIMINARY INSTRUCTIONS AT BEGINNING OF CASE
## 1.1     DUTY OF JURY

3   Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something

4   about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will

5   give you more detailed written instructions that will control your deliberations.

6   When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in

7   the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as

8   I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence

9   and the law before you.

10   Perform these duties fairly and impartially.  You should not be influenced by any person's race,

11   color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic

12   circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy,

13   prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are

14   stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without

15   conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we

16   evaluate information and make decisions.

17
18
19
20
21
22
23
24
25
26
27
28

1

**1.2      THE CHARGE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

2        This is a criminal case brought by the United States government.  The government charges the

3  defendant, Elizabeth Holmes, with conspiracy to commit wire fraud and wire fraud.  The charges against

4  the defendant are contained in the Third Superseding Indictment.  The Third Superseding Indictment

5  simply describes the charges the government brings against the defendant.  The indictment is not

6  evidence and does not prove anything.

7        The defendant has pleaded not guilty to the charges and is presumed innocent unless and until

8  the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has

9  the right to remain silent and never has to prove innocence or present any evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### 1.3     WHAT IS EVIDENCE

2   The evidence you are to consider in deciding what the facts consist of:

3   (1) the sworn testimony of any witness;

4   (2) the exhibits that are received in evidence; and

5   (3) any facts to which the parties have agreed.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.4     WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding

the facts of this case:

    (1) statements and arguments of the attorneys;

    (2) questions and objections of the attorneys;

    (3) testimony that I instruct you to disregard; and

    (4) anything you may see or hear when the court is not in session even if what you see or hear is
        done or said by one of the parties or by one of the witnesses.

1

### 1.5     DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

## 1.6    RULING ON OBJECTIONS

2      There are rules of evidence that control what can be received in evidence.  When a lawyer asks a

3  question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by

4  the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered

5  or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot

6  be received.  Whenever I sustain an objection to a question, you must ignore the question and must not

7  guess what the answer would have been.

8      Sometimes I may order that evidence be stricken from the record and that you disregard or

9  ignore the evidence.  That means that when you are deciding the case, you must not consider the

10  evidence that I told you to disregard.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.7    CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## 1.8    CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any

other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

### 1.9    NO TRANSCRIPT AVAILABLE TO JURY

2    At the end of the trial you will have to make your decision based on what you recall of the

3    evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the

4    testimony as it is given.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.10   TAKING NOTES

2      If you wish, you may take notes to help you remember the evidence.  If you do take notes, please

3   keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let

4   note-taking distract you from being attentive.  When you leave court for recesses, your notes should be

5   left in the jury room.  No one will read your notes.

6      Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are

7   only to assist your memory.  You should not be overly influenced by your notes or those of your fellow

8   jurors.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.11   OUTLINE OF TRIAL

2      The next phase of the trial will now begin.  First, each side may make an opening statement.  An

3  opening statement is not evidence.  It is simply an outline to help you understand what that party expects

4  the evidence will show.  A party is not required to make an opening statement.

5      The government will then present evidence and counsel for the defendant may cross-examine.

6  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

7      After the evidence has been presented, I will instruct you on the law that applies to the case and

8  the attorneys will make closing arguments.

9      After that, you will go to the jury room to deliberate on your verdict.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.16    BENCH CONFERENCES AND RECESSES

2      During the trial, I may need to take up legal matters with the attorneys privately, either by having

3  a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please

4  understand that while you are waiting, we are working.  The purpose of these conferences is not to keep

5  relevant information from you, but to decide how certain evidence is to be treated under the rules of

6  evidence and to avoid confusion and error.

7      Of course, we will do what we can to keep the number and length of these conferences to a

8  minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting

9  or denying a request for a conference as any indication of my opinion of the case or what your verdict

10 should be.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.1    CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] to give to me.


## AT THE END OF EACH DAY OF THE CASE:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

1

**AT THE BEGINNING OF EACH DAY OF THE CASE:**

2          As I reminded you yesterday and continue to emphasize to you today, it is important that you

3  decide this case based solely on the evidence and the law presented here.  So you must not learn any

4  additional information about the case from sources outside the courtroom.  To ensure fairness to all

5  parties in this trial, I will now ask each of you whether you have learned about or shared any information

6  about this case outside of this courtroom, even if it was accidental.

7

8          [ALTERNATIVE 1 (in open court):  If you think that you might have done so, please let me

9  know now by raising your hand.  [Wait for a show of hands].  I see no raised hands; however, if you

10  would prefer to talk to the court privately in response to this question, please notify a member of the

11  court's staff at the next break.  Thank you for your careful adherence to my instructions.]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 2.2    STIPULATED TESTIMONY

2

### [If Applicable]

3       The parties have agreed what [*name of witness*]'s testimony would be if called as a witness.  You

4   should consider that testimony in the same way as if it had been given here in court.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 2.3    STIPULATIONS OF FACT

**[If Applicable]**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2.4     JUDICIAL NOTICE**

**[If Applicable]**

I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence

was presented on this point[, because this fact is of such common knowledge].  You may accept this fact

as true, but you are not required to do so.

1

**2.5    DEPOSITION AS SUBSTANTIVE EVIDENCE**

2    When a person is unavailable to testify at trial, the deposition of that person may be used at the

3    trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under

4    oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are

5    recorded.

6    The deposition of [*name of witness*], which was taken on [*date*], is about to be presented to you.

7    You should consider deposition testimony in the same way that you consider the testimony of the

8    witnesses who have appeared before you.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.10    OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT

### [If Applicable]

You [have heard testimony] [are about to hear testimony] [have seen evidence] [are about to see evidence] that the defendant [*summarize other act evidence*].  This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s].  You may consider this evidence only for the purpose of deciding whether the defendant:

[had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;] *or*

[had a motive or the opportunity to commit the acts charged in the indictment;] *or*

[did not commit the acts for which the defendant is on trial by accident or mistake.]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, she must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for conspiracy to commit wire fraud and wire fraud, not for these other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

[To be tailored depending on the evidence at trial]

**2.12    EVIDENCE FOR LIMITED PURPOSE**

**[If Applicable]**

You are about to hear evidence that [*describe evidence to be received for limited purpose*]. I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

### 3 – INSTRUCTIONS AT END OF CASE

### 3.1    DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

2

### 3.2    CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

3

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The

4 defendant is presumed to be innocent unless and until the government proves the defendant guilty

5 beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.

6 The defendant does not have to prove innocence; the government has the burden of proving every

7 element of the charges beyond a reasonable doubt.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.3     DEFENDANT'S DECISION NOT TO TESTIFY

**[If Applicable]**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

### 3.4     DEFENDANT'S DECISION TO TESTIFY

**[If Applicable]**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

1

### 3.5    REASONABLE DOUBT—DEFINED

2    Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is

3    guilty.  It is not required that the government prove guilt beyond all possible doubt.

4    A reasonable doubt is a doubt based upon reason and common sense and is not based purely on

5    speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of

6    evidence.

7    If after a careful and impartial consideration of all the evidence, you are not convinced beyond a

8    reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the

9    other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a

10    reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### 3.6     WHAT IS EVIDENCE

2  The evidence you are to consider in deciding what the facts consist of:

3  (1) the sworn testimony of any witness;

4  (2) the exhibits that are received in evidence; and

5  (3) any facts to which the parties have agreed.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.7     WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1) Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2) Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.8    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

### 3.9    CREDIBILITY OF WITNESSES

2      In deciding the facts in this case, you may have to decide which testimony to believe and which

3   testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

4

5      In considering the testimony of any witness, you may take into account:

6      (1) the witness's opportunity and ability to see or hear or know the things testified to;

7      (2) the witness's memory;

8      (3) the witness's manner while testifying;

9      (4) the witness's interest in the outcome of the case, if any;

10      (5) the witness's bias or prejudice, if any;

11      (6) whether other evidence contradicted the witness's testimony;

12      (7) the reasonableness of the witness's testimony in light of all the evidence; and

13      (8) any other factors that bear on believability.

14

15      Sometimes a witness may say something that is not consistent with something else he or she

16   said.  Sometimes different witnesses will give different versions of what happened.  People often forget

17   things or make mistakes in what they remember.  Also, two people may see the same event but

18   remember it differently.  You may consider these differences, but do not decide that testimony is untrue

19   just because it differs from other testimony.

20      However, if you decide that a witness has deliberately testified untruthfully about something

21   important, you may choose not to believe anything that witness said.  On the other hand, if you think the

22   witness testified untruthfully about some things but told the truth about others, you may accept the part

23   you think is true and ignore the rest.

24      The weight of the evidence as to a fact does not necessarily depend on the number of witnesses

25   who testify about it.  What is important is how believable the witnesses are, and how much weight you

26   think their testimony deserves.

27

28

**3.10    ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

1    **3.11    SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

2        A separate crime is charged against the defendant in each count.  You must decide each count

3    separately.  Your verdict on one count should not control your verdict on any other count.

1

### 3.18    ON OR ABOUT—DEFINED

2    The indictment charges that the offenses alleged in Counts One through Twelve were committed

3    "on or about" a certain date.

4    Although it is necessary for the government to prove beyond a reasonable doubt that the offenses

5    were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the

6    government to prove that the offenses were committed precisely on the date charged.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### 4.3    OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

2    You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not

3  charged here.  You may consider this evidence only for its bearing, if any, on the question of the

4  defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of

5  mistake] [absence of accident] and for no other purpose.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**4.14    OPINION EVIDENCE, EXPERT WITNESS**

2

You have heard testimony from [*expert names*], who testified to their opinions and the reasons

3

for their opinions.  Their opinion testimony is allowed because of the education or experience of these

4

witnesses.

5

Such opinion testimony should be judged like any other testimony.  You may accept it or reject

6

it, and give it as much weight as you think it deserves, considering the witness's education and

7

experience, the reasons given for the opinion, and all the other evidence in the case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 4.15    DUAL ROLE TESTIMONY

You have heard testimony from [*name*], who testified to both facts and opinions and the reasons for his opinions.

Fact testimony is based on what the witness saw, heard, or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

## 4.16    CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

2

### [If Applicable]

3       During the trial, certain charts and summaries were shown to you in order to help explain the

4  evidence in the case.  These charts and summaries were not admitted into evidence and will not go into

5  the jury room with you.  They are not themselves evidence or proof of any facts. If they do not correctly

6  reflect the facts or figures shown by the evidence in the case, you should disregard these charts and

7  summaries and determine the facts from the underlying evidence.

8

9

10

## 4.17    CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

11

### [If Applicable]

12       Certain charts and summaries have been admitted into evidence.  Charts and summaries are only

13  as good as the underlying supporting material.  You should, therefore, give them only such weight as

14  you think the underlying material deserves.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 8.20    CONSPIRACY—ELEMENTS

The defendant is charged in Counts One and Two of the indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code.  In order for the defendant to be found guilty of either charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, that Ms. Holmes became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

1

2

**8.23    CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

3    A conspiracy may continue for a long period of time and may include the performance of many

4    transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may

5    become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or

6    the names, identities, or locations of all of the other members.

7    Even though a defendant did not directly conspire with other conspirators in the overall scheme,

8    the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the

9    following beyond a reasonable doubt:

10    (1) First, that the defendant directly conspired with one or more conspirators to carry out at least

11    one of the objects of the conspiracy;

12    (2) Second, that the defendant knew or had reason to know that other conspirators were involved

13    with those with whom the defendant directly conspired; and

14    (3) Third, that the defendant had reason to believe that whatever benefits the defendant might get

15    from the conspiracy were probably dependent upon the success of the entire venture.

16    It is not a defense that a person's participation in a conspiracy was minor or for a short period of

17    time.

18

19

20

21

22

23

24

25

26

27

28

1

2

## 8.25   CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)

3   Each member of the conspiracy is responsible for the actions of the other conspirators performed

4   during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime

5   in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

6   Therefore, you may find a defendant guilty of wire fraud as charged in Counts Three through

7   Twelve of the indictment if the government has proved each of the following elements beyond a

8   reasonable doubt:

9   First, a co-conspirator committed the crime of wire fraud as alleged in that count;

10   Second, the person was a member of the conspiracy charged in Counts One or Two of the

11   indictment;

12   Third, the person committed the crime of wire fraud in furtherance of the conspiracy;

13   Fourth, the defendant was a member of the same conspiracy at the time the offense charged in

14   Counts Three through Twelve was committed; and

15   Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have

16   been foreseen to be a necessary or natural consequence of the unlawful agreement.

17

18

19

20

21

22

23

24

25

26

27

28

### 8.124   WIRE FRAUD (18 U.S.C. § 1343)[1]

The defendant is charged in Counts Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat, meaning the intent to deprive someone of something valuable by the use of deceit or fraud; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.  A defendant's actions can constitute a scheme to defraud even if there are no specific false statements involved.  You as members of the jury do not need to all agree on which statements were false, deceitful, or fraudulent in furtherance of the scheme.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material transmitted by wire was itself false or deceptive so long as the wire communication was used as a part of the scheme, nor

---

[1] This proposed instruction is modified from the Model Instruction to align with the recent decision in *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021); *see also United States v. Chang*, No. 16-CR-00047-EJD-1, 2020 WL 5702131 (N.D. Cal. Sept. 24, 2020); *United States v. Hussain*, No. 16-CR-00462-CRB, Dkt. 374 (N.D. Cal. Apr. 24, 2018).

1   does it matter whether the scheme or plan was successful or that any money or property was obtained.

2   Similarly, it does not matter if the defendant intended to repay the money obtained through deception.

3       It need not have been reasonably foreseeable to the defendant that the wire communication

4   would be interstate in nature.  Rather, it must have been reasonably foreseeable to the defendant that

5   some wire communication would occur in furtherance of the scheme, and an interstate wire

6   communication must have actually occurred in furtherance of the scheme.

7       To convict defendant of wire fraud based on omission(s) of material fact(s), you must find that

8   defendant had a duty to disclose the omitted fact(s) arising out of a relationship of trust.  That duty can

9   arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party

10  acts for the benefit of another and induces the trusting party to relax the care and vigilance which it

11  would ordinarily exercise.

12      A "fiduciary" duty exists whenever one [person] [entity] places special trust and confidence in

13  another person—the fiduciary—in reliance that the fiduciary will exercise her discretion and expertise

14  with the utmost honesty and forthrightness in the interests of the [person] [entity], such that the [person]

15  [entity] relaxes the care and vigilance that [he] [she] [it] would ordinarily exercise, and the fiduciary

16  knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the

17  other [person] [entity] based on such reliance.

18      The mere fact that a business relationship arises between two persons does not mean that either

19  owes a fiduciary duty to the other.  If one person engages or employs another and thereafter directs,

20  supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary.

21  Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and

22  confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary

23  relationship exists.

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INTENT TO DEFRAUD—DEFINED[2]

An intent to defraud is an intent to deceive and cheat, meaning the intent to deprive someone of something valuable by the use of deceit or fraud.

---

[2] *United States v. Chang*, No. 16-CR-00047-EJD-1, Dkt. 192 (N.D. Cal. Aug. 29, 2019); *see also United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 5.7     KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that her acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

1

**8.122   SCHEME TO DEFRAUD—VICARIOUS LIABILITY (18 U.S.C. § 1343)**

2       If you decide that the defendant was a member of a scheme to defraud and that the defendant had

3   the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course

4   of and in furtherance of the scheme, even if the defendant did not know what they said or did.

5       For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the

6   scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural

7   consequence of the scheme to defraud.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## WIRE FRAUD—VICTIM'S CONDUCT[3]

2      A victim's negligence is not a defense to wire fraud.  You have heard evidence regarding

3  investors' process for deciding whether to invest money in Theranos.  You are to consider this evidence

4  to the extent that it helps you determine whether the defendant made false or fraudulent pretenses,

5  representations, or promises as part of a scheme or plan to defraud (see prior Wire Fraud instruction).

6  You may also consider this evidence to the extent that it helps you determine whether the statements

7  made or facts omitted as part of the alleged scheme were material; that is, whether they had a natural

8  tendency to influence, or were capable of influencing, a person to part with money or property (see prior

9  Wire Fraud instruction).  If you find that these elements have been met, then whether there were

10  additional things the investors could have done to avoid being impacted by the alleged misstatements

11  and/or omissions is irrelevant to your verdict.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[3] *United States v. Hussain*, No. 16-CR-00462-CRB, Dkt. 374 (N.D. Cal. Apr. 24, 2018).

U.S.' PROPOSED JURY INSTRUCTIONS,
CASE NO. CR 18-258 EJD                    45

**SUCCESS OF THE WIRE FRAUD SCHEME[4]**

Success of the scheme to defraud is not material for purposes of determining whether wire fraud occurred.

---

[4] *United States v. Chang*, No. 16-CR-00047-EJD-1, Dkt. 192 (N.D. Cal. Aug. 29, 2019).

### 7.1    DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, profession, occupation, economic circumstances, or position in life or in the community.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**7.2     CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

**7.3      USE OF NOTES**

2        Some of you have taken notes during the trial.  Whether or not you took notes, you should rely

3   on your own memory of what was said.  Notes are only to assist your memory.  You should not be

4   overly influenced by your notes or those of your fellow jurors.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**7.4     JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1

## 7.5    VERDICT FORM

2      A verdict form has been prepared for you.  After you have reached unanimous agreement on a

3  verdict, your foreperson should complete the verdict form according to your deliberations, sign and date

4  it, and advise the clerk that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 7.6       COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your foreperson or by one or more of members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone— including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of Ms. Holmes, until after you have reached a unanimous verdict or have been discharged.

## 7.10    READBACK OR PLAYBACK

### [If Applicable]

Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony.  [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.]  [Because of the length of the testimony of this witness, excerpts will be [read] [played].]  The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.