1   JOHN D. CLINE (CA State Bar No. 237759)
    50 California Street, Suite 1500
2   San Francisco, CA 94111
    Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
3   Email: cline@johndclinelaw.com

4   KEVIN M. DOWNEY (Admitted Pro Hac Vice)
    LANCE A. WADE (Admitted Pro Hac Vice)
5   AMY MASON SAHARIA (Admitted Pro Hac Vice)
    KATHERINE TREFZ (CA State Bar No. 262770)
6   WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, NW
7   Washington, DC 20005
    Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
8   Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

9   Attorneys for Defendant ELIZABETH A. HOLMES

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15   UNITED STATES OF AMERICA,          )   Case No. CR-18-00258-EJD
                                        )
16          Plaintiff,                  )   **MS. HOLMES' [PROPOSED] JURY**
                                        )   **INSTRUCTIONS**
17      v.                              )
                                        )   Hon. Edward J. Davila
18   ELIZABETH HOLMES and               )
     RAMESH "SUNNY" BALWANI,            )
19                                      )
            Defendants.                 )
20                                      )
                                        )
21   _____)

22

23

24

25

26

27

28

I.      PRELIMINARY INSTRUCTIONS ............................................................................2

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 1: DUTY OF JURY ......................................2

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 2: PRESUMPTION OF INNOCENCE .........3

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 3: WHAT IS EVIDENCE .............................5

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 4: WHAT IS NOT EVIDENCE ...................6

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 5: DIRECT AND CIRCUMSTANTIAL
        EVIDENCE ..........................................................................................................................7

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 6: RULING ON OBJECTIONS ..................8

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 7: CONDUCT OF COUNSEL .....................9

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 8: NUMBER OF WITNESSES
        AND UNCONTRADICTED TESTIMONY ..........................................................................10

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 9: CREDIBILITY OF WITNESSES ...........11

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 10: NO TRANSCRIPT AVAILABLE TO
        JURY ..................................................................................................................................12

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 11: TAKING NOTES .................................13

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 12: THE CHARGE .....................................14

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 13: THE GOVERNMENT AS A
        PARTY ................................................................................................................................18

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 14: ABSENCE OF CO-
        DEFENDANT......................................................................................................................19

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 15: CONDUCT OF THE JURY .................20

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 16: OUTLINE OF TRIAL...........................23

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 17: QUESTIONS TO WITNESSES BY
        JURORS DURING TRIAL ..................................................................................................24

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 18: BENCH CONFERENCES AND
        RECESSES .........................................................................................................................25

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**II.    INSTRUCTIONS IN THE COURSE OF TRIAL** .......................................................**26**

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 19: CAUTIONARY INSTRUCTION: FIRST

    RECESS .................................................................................................................26

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 20: PUBLICITY DURING

    TRIAL ...................................................................................................................28

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 21: STIPULATIONS OF FACT ................29

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 22: EVIDENCE FOR A

    LIMITED PURPOSE ...............................................................................................30

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 23: PREVIOUS LITIGATION

    INVOLVING DEFENDANT  .....................................................................................31

**III.    END OF TRIAL INSTRUCTIONS** ...........................................................................**32**

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 24: DUTY OF JURY TO FIND

    FACTS AND FOLLOW LAW ....................................................................................32

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 25: CHARGE AGAINST MS.

    HOLMES IS NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF

    PROOF ..................................................................................................................33

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 26: ABSENCE OF CO-

    DEFENDANT..........................................................................................................35

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 27: CONSPIRACY TO COMMIT

    WIRE FRAUD: COUNT ONE; ELEMENTS................................................................36

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 28: CONSPIRACY TO COMMIT

    WIRE FRAUD: COUNT ONE; FIRST ELEMENT: EXISTENCE OF AN

    AGREEMENT .........................................................................................................38

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 29: CONSPIRACY TO COMMIT

    WIRE FRAUD: COUNT ONE; SECOND ELEMENT: MEMBER OF A

    CONSPIRACY .......................................................................................................40

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 30: CONSPIRACY TO COMMIT WIRE FRAUD: COUNT ONE; SECOND ELEMENT: DEFINITION OF "WILLFULLY" ................................................................................................................41

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 31: CONSPIRACY TO COMMIT WIRE FRAUD: COUNT ONE; THIRD ELEMENT: OVERT ACT ...........................................42

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 32: IN OR ABOUT—DEFINED ................43

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 33: CONSPIRACY TO COMMIT WIRE FRAUD: COUNT ONE; SPECIFIC-ISSUE UNANIMITY ...............................................44

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 34: CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO; ELEMENTS ................................................................................46

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 35: CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO; FIRST ELEMENT: EXISTENCE OF AN AGREEMENT ....................................................................................................................48

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 36: CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO; SECOND ELEMENT: MEMBER OF CONSPIRACY ......................................................................................................................50

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 37: CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO; SECOND ELEMENT: DEFINITION OF "WILLFULLY" ................................................................................................................51

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 38: CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO; THIRD ELEMENT: OVERT ACT ...........................................52

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 39: IN OR ABOUT—DEFINED ................53

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 40: CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO; SPECIFIC-ISSUE UNANIMITY ...............................................54

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 41: MULTIPLE CONSPIRACIES.............56

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 42: WIRE FRAUD: COUNTS THREE THROUGH EIGHT; ELEMENTS ..................................................................................57

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 43: WIRE FRAUD: COUNTS THREE THROUGH EIGHT; FIRST ELEMENT: SCHEME TO DEFRAUD............................59

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 44: WIRE FRAUD: COUNTS THREE THROUGH EIGHT; FIRST ELEMENT: DEFINITION OF "KNOWINGLY"............................................................................................................61

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 45: WIRE FRAUD: COUNTS THREE THROUGH EIGHT; SPECIFIC-ISSUE UNANIMITY INSTRUCTION.....................62

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 46: WIRE FRAUD: COUNTS THREE THROUGH EIGHT; SECOND ELEMENT: DEFINITIONS OF "FALSITY" AND "MATERIALITY"............................................................................63

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 47: WIRE FRAUD: COUNTS THREE THROUGH EIGHT; THIRD ELEMENT: SPECIFIC INTENT TO DEFRAUD.............................................................................................................65

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 48: WIRE FRAUD: COUNTS THREE THROUGH EIGHT; FOURTH ELEMENT: USE OF INTERSTATE WIRE COMMUNICATION........................................................................................66

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 49: WIRE FRAUD: COUNTS NINE THROUGH TWELVE; ELEMENTS ................................................67

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 50: WIRE FRAUD: COUNTS NINE THROUGH TWELVE; FIRST ELEMENT: SCHEME TO DEFRAUD...........................69

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 51: WIRE FRAUD: COUNTS NINE THROUGH TWELVE; FIRST ELEMENT: DEFINITION OF "KNOWINGLY"............................................................................................................71

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 52: WIRE FRAUD: COUNTS NINE THROUGH TWELVE; SPECIFIC-ISSUE UNANIMITY INSTRUCTION....................72

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 53: WIRE FRAUD: COUNTS
NINE THROUGH TWELVE; SECOND ELEMENT: DEFINITIONS OF
"FALSITY" AND "MATERIALITY" ........................................................................73

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 54: WIRE FRAUD: COUNTS
NINE THROUGH TWELVE; THIRD ELEMENT: SPECIFIC INTENT TO
DEFRAUD..............................................................................................................74

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 55: WIRE FRAUD: COUNTS
NINE THROUGH TWELVE; FOURTH ELEMENT: USE OF INTERSTATE WIRE
COMMUNICATION................................................................................................75

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 56: THEORY OF DEFENSE .....................77

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 57: GOOD FAITH.......................................78

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 58: *RESPONDEAT SUPERIOR* .................79

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 59: ALLEGED REGULATORY
VIOLATION OR ALLEGED VIOLATION OF INDUSTRY STANDARDS NOT
SUFFICIENT.........................................................................................................81

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 60: REASONABLE EFFORTS
TO PROTECT TRADE SECRETS.........................................................................82

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 61: MISSING EVIDENCE ........................84

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 62: SEPARATE
CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT ...............................85

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 63: MS. HOLMES' DECISION
NOT TO TESTIFY................................................................................................86

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 64: MS. HOLMES' DECISION
TO TESTIFY .......................................................................................................87

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 65: REASONABLE DOUBT—
DEFINED .............................................................................................................88

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 66: WHAT IS EVIDENCE ........................89

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 67: WHAT IS NOT EVIDENCE ...............90

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 68: DIRECT AND
      CIRCUMSTANTIAL EVIDENCE ...........................................................................91

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 69: NUMBER OF WITNESSES
      AND UNCONTRADICTED TESTIMONY .................................................................92

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 70: CREDIBILITY OF
      WITNESSES......................................................................................................93

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 71: GOVERNMENT AGENCY
      WITNESS .........................................................................................................95

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 72: ACTIVITIES NOT
      CHARGED ........................................................................................................96

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 73: OTHER ACTS OF MS.
      HOLMES ..........................................................................................................97

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 74: OPINION EVIDENCE,
      EXPERT WITNESS ............................................................................................98

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 75: DUAL ROLE TESTIMONY ...............99

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 76: CHARTS AND
      SUMMARIES NOT ADMITTED INTO EVIDENCE ................................................100

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 77: DUTY TO DELIBERATE.................101

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 78: CONDUCT OF THE JURY...............103

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 79: USE OF NOTES .................................104

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 80: JURY CONSIDERATION
      OF PUNISHMENT............................................................................................105

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 81: VERDICT FORM .............................106

MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 82: COMMUNICATION WITH
      COURT ...........................................................................................................107

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

**MS. HOLMES' PROPOSED JURY INSTRUCTIONS**

2   Ms. Holmes, through undersigned counsel, respectfully submits these preliminary, proposed jury

3 instructions.  She reserves the right to amend or supplement them at a later time, including with limiting

4 instructions, evidentiary instructions, special instructions, and instructions on the theory of the defense.

5   Each proposed instruction identifies the model instruction on which it is based, and states whether

6 that instruction has been modified (which includes cases where language has been deleted).  Italicized text

7 denotes language that has been added to the model instruction.

8         *   *   *

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

## I.      PRELIMINARY INSTRUCTIONS

### MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 1

### JURY INSTRUCTION NO. __

### DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed *written* instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, *profession, occupation, celebrity,* economic circumstances*, or position in life or in the community*. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

> *Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 1.1 (Duty of Jury) (2010 ed., last updated 3/2021) (*modified*); Third Circuit Model Criminal Jury Instructions § 1.02 & cmt. (Role of the Jury) (Dec. 2012 ed.) (encouraging courts to consider listing "profession, occupation, celebrity, economic circumstances, or position in life or in the community" "if it appears that there may be a risk that jurors could be influenced by those characteristics in a particular case").

1
2
3

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 2**

**JURY INSTRUCTION NO. __**

**PRESUMPTION OF INNOCENCE**

4      This is a criminal case brought by the United States government. The government charges *Ms.*

5  *Holmes* with *wire fraud and conspiracy to commit wire fraud against investors in Theranos and wire*

6  *fraud and conspiracy to commit wire fraud against paying Theranos customers*. The charges against *Ms.*

7  *Holmes are* contained in the indictment. The indictment simply describes the charges the government

8  brings against *Ms. Holmes*. The indictment is not evidence and does not prove anything.

9      *Ms. Holmes* has pleaded not guilty to the charges. *It is a cardinal principle of our system of justice*

10 *that every person accused of a crime* is presumed *to be* innocent unless and until the government proves

11 *that person* guilty beyond a reasonable doubt *on every element of each alleged charge. If the government*

12 *fails to meet that burden, you must find Ms. Holmes not guilty.*

13      *The presumption is not a mere formality. It is a matter of the most important substance. The*

14 *presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal*

15 *of Ms. Holmes. Ms. Holmes has the benefit of that presumption of innocence throughout the case,*

16 *including during your deliberations. You must find Ms. Holmes not guilty of a particular charge unless*

17 *the government has proved each element of that charge beyond a reasonable doubt. Ms. Holmes has the*

18 *right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any*

19 *element of an offense charged against her.*

20      *Ms. Holmes* never has to prove *her* innocence. *She is not required to* present any evidence *at all.*

21 *Ms. Holmes* has the *constitutional* right to remain silent. *If Ms. Holmes does not testify, no inference of*

22 *guilt, or anything else, may be drawn from that fact. For any of you to draw such an inference would be*

23 *wrong; indeed, it would be a violation of your oath as a juror to render a verdict based only on the law*

24 *and evidence.*

25      <u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
§ 1.2 (The Charge-Presumption of Innocence) (2010 ed., last updated 3/2021) (*modified*); United

26 States District Court for the District of Maine, 2019 Revisions to the Pattern Criminal Jury
Instructions for the District Courts of the First Circuit § 3.02 (last updated 6/24/2019) ("It is a

27 cardinal principle of our system of justice that every person accused of a crime is presumed to be
innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption

28 MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

is not a mere formality. It is a matter of the most important substance. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of the defendant. The defendant before you, [_____], has the benefit of that presumption throughout the trial, and you are not to convict [him/her] of a particular charge unless you are persuaded of [his/her] guilt of that charge beyond a reasonable doubt. . . . [Defendant] has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against [him/her]."); Pattern Criminal Jury Instructions of the Seventh Circuit § 1.03 (2020 ed.) ("[The; each] defendant is presumed innocent of [each and every one of] the charge[s]. This presumption continues throughout the case, including during your deliberations."); Tenth Circuit Criminal Jury Pattern Instructions § 1.05 (2011 ed., updated 9/2015) ("The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty."); *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978) ("[I]t long has been recognized that an instruction on the presumption is one way of impressing upon the jury the importance of [the] right" of the defendant "to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial."); *Carter v. Kentucky*, 450 U.S. 288, 299-301 (1981) ("The principles enunciated in our cases construing this privilege [not to testify]. . . lead unmistakably to the conclusion that the Fifth Amendment requires that a criminal trial judge must give a 'no-adverse-inference' jury instruction when requested by a defendant to do so.").

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 3**

**JURY INSTRUCTION NO. __**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; *and*

(2) the exhibits that are received in evidence; *and*

*(3) any facts to which the parties agree.*

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 1.3 (What is Evidence) (2010 ed., last updated 3/2021).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 4**

**JURY INSTRUCTION NO. __**

**WHAT IS NOT EVIDENCE**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 1.4 (What is Not Evidence) (2010 ed., last updated 3/2021).

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 5**

**JURY INSTRUCTIONS NO. __**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

*I sometimes use this example to explain circumstantial evidence.  If you walk outside in the morning, and see that the sidewalk is wet, you may find from that fact that it rained throughout the night. But if you see that your neighbor had turned on his garden hose, that may provide an explanation for the water on the sidewalk.  Before deciding that a fact has been proven by circumstantial evidence, you must consider all the evidence in light of your reason and common sense.*

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 1.5 (Direct and Circumstantial Evidence) (2010 ed., last updated 3/2021) (*modified*).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

2

3

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 6**

**JURY INSTRUCTION NO. __**

**RULING ON OBJECTIONS**

4      There are rules of evidence that control what can be received in evidence. When a lawyer asks a

5    question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by

6    the rules of evidence, *it is the duty of the attorney for each side of a case to object*.  If I overrule the

7    objection, the question may be answered or the exhibit received.  If I sustain the objection, the question

8    cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you

9    must ignore the question and must not guess what the answer would have been.

10      Sometimes I may order that evidence be stricken from the record and that you disregard or ignore

11    the evidence.  That means that when you are deciding the case, you must not consider the evidence that I

12    told you to disregard.

13      <u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
14      § 1.6 (Ruling on Objections) (2010 ed., last updated 3/2021) (*modified*); *see also* 1 Sand, Modern
      Federal Jury Instructions-Criminal, Instruction ¶ 2-8 (Matthew Bender ed. 2020) ("It is the duty
15      of the attorney for each side of a case to object when the other side offers testimony or other
      evidence that the attorney believes is not properly admissible").

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 7

## JURY INSTRUCTION NO. __

## CONDUCT OF COUNSEL

*As I have told you*, it is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the *C*ourt.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the *C*ourt for a ruling on the law.  My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of *admitted* evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

> <u>Authority</u>: 1 Sand, Modern Federal Jury Instructions-Criminal, Instruction ¶ 2-8 (Conduct of Counsel) (Matthew Bender ed. 2020) (*modified*).

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 8**

2

**JURY INSTRUCTION NO. __**

3

**NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY**

4 The fact that one party *may* call more witnesses and *may* introduce more evidence than the other

5 does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.

6 By the same token, you do not have to accept the testimony of any witness *who you find not to be credible,*

7 *even if the witness's testimony has not been contradicted or impeached.*  You also have to decide which

8 witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon

9 your own common sense and personal experience.  *After examining all the evidence, you may decide that*

10 *the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or*

11 *because you do believe the fewer witnesses called by the other side.*

12 In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you

13 should keep in mind that the burden of proof is always on the government and *that Ms. Holmes* is not

14 required to call any witnesses or offer any evidence, since *she* is presumed to be innocent.

15 <u>Authority</u>: 1 Sand, Modern Federal Jury Instructions-Criminal ¶ 4-3 (Number of Witnesses and
Uncontradicted Testimony) (Matthew Bender ed. 2020) (*modified*).

16

17

18

19

20

21

22

23

24

25

26

27

28 MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

10

1

2

3

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 9**

**JURY INSTRUCTION NO. __**

**CREDIBILITY OF WITNESSES**

4

5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

6

In considering the testimony of any witness, you may take into account:

7

1.  the witness's opportunity and ability to see or hear or know the things testified to;

8

2.  the witness's memory;

9

3.  the witness's manner while testifying;

10

4.  the witness's interest in the outcome of the case, if any;

11

5.  the witness's bias or prejudice, if any;

12

6.  whether other evidence contradicted the witness's testimony;

13

7.  the reasonableness of the witness's testimony in light of all the evidence; and

14

8.  any other factors that bear on believability.

15

16

17

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, *profession, occupation, celebrity,* economic circumstances*, or position in life or in the community* in your determination of credibility.

18

19

20

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

21

22

23

24

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 1.7 (Credibility of Witnesses) (2010 ed., last updated 3/2021) (*modified*); *see* Third Circuit Model Criminal Jury Instructions § 1.02 & cmt. (Role of the Jury) (Dec. 2012 ed.) (encouraging courts to consider listing "profession, occupation, celebrity, economic circumstances, or position in life or in the community" "if it appears that there may be a risk that jurors could be influenced by those characteristics in a particular case").

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

11

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 10**

**JURY INSTRUCTION NO. __**

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 1.9 (No Transcript Available to Jury) (2010 ed., last updated 3/2021).

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 11**

2

**JURY INSTRUCTION NO. __**

3

**TAKING NOTES**

4      If you wish, you may take notes to help you remember the evidence.  If you do take notes, please

5  keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let

6  note-taking distract you from being attentive.  When you leave court for recesses, your notes should be

7  left in the *jury room*.  No one will read your notes.

8      Whether or not you take notes, you should rely on your own memory of the evidence. Notes are

9  only to assist your memory. You should not be overly influenced by your notes or those of your fellow

10 jurors.

11      *Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
§ 1.10 (Taking Notes) (2010 ed., last updated 3/2021).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

13

1

2

3

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 12

## JURY INSTRUCTION NO. __

## THE CHARGE

4

5

In order to help you follow the evidence, I will now give you a brief summary of the elements of the *alleged offenses* that the government must prove *beyond a reasonable doubt* to make its case:

6

7

8

9

*Ms. Holmes is charged in Count One of the indictment with conspiring to commit wire fraud against investors in Theranos in violation of Section 1349 of Title 18 of the United States Code.  In order for Ms. Holmes to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:*

10

11

12

13

*First, that beginning in or about 2010, and ending in or about 2015, there was an agreement between Ms. Holmes and Mr. Ramesh "Sunny" Balwani and others to commit wire fraud against investors in Theranos by soliciting investments through making the materially false and fraudulent representations alleged in the indictment; and*

14

15

16

17

18

19

20

*Second, that Ms. Holmes became a member of the alleged conspiracy knowing that there was a plan to commit wire fraud against investors in Theranos as an object of the conspiracy and willfully intending to help accomplish that offense, with the specific intent to defraud investors in Theranos, that is, to obtain money and property from investors in Theranos by means of materially false and fraudulent representations.  To act willfully means to act with knowledge that one's conduct is unlawful and with the specific intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law. That same definition applies to any other use of that term in these preliminary instructions; and*

21

22

*Third, that one of the members of the alleged conspiracy performed at least one overt act for the purpose of carrying out the alleged conspiracy.*

23

24

*If the government has failed to prove one or more of these elements beyond a reasonable doubt, you must find Ms. Holmes not guilty on Count One.*

25

26

*Ms. Holmes is charged in Count Two of the indictment with conspiring to commit wire fraud against customers who paid for Theranos' blood testing services in violation of Section 1349 of Title 18*

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1   *of the United States Code.  In order for Ms. Holmes to be found guilty of that charge, the government must*

2   *prove each of the following elements beyond a reasonable doubt:*

3   *First, that beginning in or about 2013, and ending in or about 2016, there was an agreement*

4   *between Ms. Holmes and Mr. Ramesh "Sunny" Balwani and others to commit wire fraud against paying*

5   *Theranos customers by materially false and fraudulent representations, specifically by soliciting,*

6   *encouraging, or otherwise inducing customers to pay for Theranos' blood testing services under the*

7   *materially false and fraudulent pretense that Theranos technology produced reliable and accurate blood*

8   *test results alleged in the indictment; and*

9   *Second, that Ms. Holmes became a member of the alleged conspiracy knowing that there was a*

10  *plan to commit wire fraud against paying Theranos customers as an object of the conspiracy and willfully*

11  *intending to help accomplish that offense, with the specific intent to defraud customers paying for*

12  *Theranos' blood testing services, that is, to obtain money and property from paying Theranos customers*

13  *by means of materially false and fraudulent representations; and*

14  *Third, that one of the members of the alleged conspiracy performed at least one overt act for the*

15  *purpose of carrying out the alleged conspiracy.*

16  *If the government has failed to prove one or more of these elements beyond a reasonable doubt,*

17  *you must find Ms. Holmes not guilty on Count Two.*

18  *Ms. Holmes is charged in Counts Three through Eight of the indictment with wire fraud against*

19  *investors in Theranos in violation of Section 1343 of Title 18 of the United States Code.  In order for Ms.*

20  *Holmes to be found guilty of those charges, the government must prove each of the following elements*

21  *beyond a reasonable doubt as to the particular count you are considering:*

22  *First, that Ms. Holmes knowingly devised a scheme or plan to defraud investors in Theranos, that*

23  *is, to obtain money and property from investors in Theranos by means of the materially false and*

24  *fraudulent pretenses, representations, and promises to investors alleged in the indictment;*

25  *Second, that the statements made as part of the scheme were material; that is, they had a natural*

26  *tendency to influence, or were capable of influencing, a person to part with money and property; and*

27

28  MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
    CR-18-00258-EJD

1    *Third, that Ms. Holmes acted with the specific intent to defraud investors in Theranos, that is, to*

2    *obtain money and property from investors in Theranos by means of materially false and fraudulent*

3    *pretenses, representations, and promises to investors; and*

4    *Fourth, that Ms. Holmes used, or caused to be used, an interstate wire communication to carry*

5    *out or attempt to carry out an essential part of the scheme.*

6    *Unless the government proves each element beyond a reasonable doubt, you must find Ms. Holmes*

7    *not guilty as to the particular count you are considering.*

8    *Ms. Holmes is charged in Counts Nine through Twelve of the indictment with wire fraud against*

9    *paying Theranos customers in violation of Section 1343 of Title 18 of the United States Code.  In order*

10   *for Ms. Holmes to be found guilty of those charges, the government must prove each of the following*

11   *elements beyond a reasonable doubt as to the particular count you are considering:*

12   *First, Ms. Holmes knowingly devised a scheme or plan to defraud paying Theranos customers,*

13   *that is, to obtain money and property from paying Theranos customers by means of the materially false*

14   *and fraudulent pretenses, representations, and promises to paying Theranos customers alleged in the*

15   *indictment; and*

16   *Second, that the statements made as part of the scheme were material; that is, they had a natural*

17   *tendency to influence, or were capable of influencing, a person to part with money and property; and*

18   *Third, that Ms. Holmes acted with the specific intent to defraud paying Theranos customers, that*

19   *is, to obtain money and property from paying Theranos customers by means of false and fraudulent*

20   *pretenses, representations, and promises to paying Theranos customers; and*

21   *Fourth, Ms. Holmes used, or caused to be used, an interstate wire communication to carry out or*

22   *attempt to carry out an essential part of the scheme.*

23   *Unless the government proves each element beyond a reasonable doubt, you must find Ms. Holmes*

24   *not guilty as to the particular count you are considering.*

25   *I remind you that a separate crime is charged against Ms. Holmes in each count.  You must decide*

26   *each count separately.  Your verdict on one count should not control your verdict on any other count.*

27

28   MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
     CR-18-00258-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 1.2 (The Charge—Presumption of Innocence) (2010 ed., last updated 3/2021) (*modified*); Ms. Holmes' Proposed Jury Instructions 27 through 55.

1

2

3

### MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 13

### JURY INSTRUCTION NO. __

### THE GOVERNMENT AS A PARTY

4

5

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

6

7

8

9

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

10

11

*Authority*: 1 Sand, Modern Federal Jury Instructions Criminal, Instruction ¶ 2-5 (The Government as a Party) (Matthew Bender ed. 2020) (*modified*).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 14**

**JURY INSTRUCTION NO. __**

**ABSENCE OF CO-DEFENDANT**

For reasons that do not concern you, the case against *Ms. Holmes'* codefendant, *Mr. Ramesh "Sunny" Balwani*, is *not* before you.  Do not speculate why.  This fact should not influence your verdict with reference to *Ms. Holmes*, and you must base your verdict solely on the evidence against *Ms. Holmes*.

<u>*Authority*</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 2.15 (Disposition of Charge Against Codefendant) (2010 ed., last updated 3/2021) (*modified*).

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 15

## JURY INSTRUCTION NO. __

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.

Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, *Reddit*, TikTok or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet *(through Google or otherwise)* or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

*There has been substantial publicity about this case prior to the beginning of this trial.  Statements in the media are not reliable sources of information, because they do not reflect the hallmarks of our adversarial system of justice.  These statements were not made under oath.  They have not been examined by the parties, or placed in the context of all the evidence and testimony you will hear at trial.  They have not been subjected to the Rules of Evidence, or to the requirements of the United States Constitution.  They are incomplete and may be inaccurate.  They may emphasize an unimportant point.  The witnesses may be wrong or biased.  The statements contained in these accounts are not evidence, or based on evidence, and must not be considered.*

*You must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom.  Your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you at the close of the case about the law you must apply to the evidence. Ms. Holmes has a constitutional right to a verdict that rests solely on the evidence presented to you at trial.*

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

21

1     A juror who violates these restrictions jeopardizes the fairness of these proceedings, *and a mistrial*

2    *could result that would require the entire trial process to start over*.  If any juror is exposed to any outside

3    information, please notify the court immediately.

4    *Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
     § 1.8 (Conduct of the Jury) (2010 ed., last updated 3/2021) (*modified*); 1A O'Malley, Federal Jury

5    Practice and Instructions-Criminal § 10:02 (Pretrial publicity) (6th ed. Feb. 2021 update) ("You,
     of course, must lay aside and completely disregard anything you may have read or heard about the

6    case outside of this courtroom because your verdict must be based solely and exclusively on the
     evidence presented here in court in accordance with my instructions to you at the close of the case

7    about the law you must apply to the evidence."); *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978)
     ("This Court has declared that one accused of a crime is entitled to have his guilt or innocence

8    determined solely on the basis of the evidence introduced at trial . . . .").

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 16**

2

**JURY INSTRUCTION NO. __**

3

**OUTLINE OF TRIAL**

4   The next phase of the trial will now begin. First, each side may make an opening statement. An

5   opening statement is not evidence. It is simply an outline to help you understand what that party expects

6   the evidence will show. A party is not required to make an opening statement.

7   The government will then present evidence and counsel for *Ms. Holmes* may cross-examine. Then,

8   if *Ms. Holmes* chooses to offer evidence, counsel for the government may cross-examine.

9   After the evidence has been presented, *the attorneys will make closing arguments and I will*

10   *instruct you on the law that applies to the case.*

11   After that, you will go to the jury room to deliberate on your verdict.

12   *Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
     § 1.11 (Outline of Trial) (2010 ed., last updated 3/2021) (*modified*).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 17**

**JURY INSTRUCTION NO. __**

**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear *or see* a witness or a lawyer, please raise your hand and I will correct the situation.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 1.14 (Questions to Witnesses by Jurors During Trial) (2010 ed., last updated 3/2021) (*modified*).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

24

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 18**

2

**JURY INSTRUCTION NO. __**

3

**BENCH CONFERENCES AND RECESSES**

4

During the trial, I may need to take up legal matters with the attorneys privately, either by having

5

a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please

6

understand that while you are waiting, we are working. The purpose of these conferences is not to keep

7

relevant information from you, but to decide how certain evidence is to be treated under the rules of

8

evidence and to avoid confusion and error.

9

Of course, we will do what we can to keep the number and length of these conferences to a

10

minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting

11

or denying a request for a conference as any indication of my opinion of the case or what your verdict

12

should be.

13

_Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit

14

§ 1.16 (Bench Conferences and Recesses) (2010 ed., last updated 3/2021).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

## II.     INSTRUCTIONS IN THE COURSE OF TRIAL

### MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 19

### JURY INSTRUCTION NO. __

### CAUTIONARY INSTRUCTION: FIRST RECESS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in this case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

*The case must be decided solely and exclusively on the evidence which is received here in court, and in accordance with my instructions to you at the close of the case about the law you must apply to the evidence.  As I have told you, Ms. Holmes has a constitutional right to a verdict that rests solely on the evidence presented at trial.*

*If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.*

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom, *including newspapers, television, the internet, social media, and friends and family*.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

1    (during voir dire with each juror, individually): Have you learned about or shared any information

2    about this case outside of this courtroom, *even if it was accidental*? . . .   Thank you for your careful

3    adherence to my instructions.

4    <u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
     § 2.1 (Cautionary Instruction-First Recess) (2010 ed., last updated 3/2021) (*modified*); 1A

5    O'Malley, Federal Jury Practice and Instructions-Criminal § 11:08 (6th ed. Feb. 2021) ("The case
     must be decided by you solely and exclusively based on the evidence which is received here in

6    court."); Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
     § 1.8 (2010 ed., last updated 3/2021) ("If you happen to read or hear anything touching on this

7    case in the media, turn away and report it to me as soon as possible."); *Taylor v. Kentucky*, 436
     U.S. 478, 485 (1978) ("This Court has declared that one accused of a crime is entitled to have his

8    guilt or innocence determined solely on the basis of the evidence introduced at trial . . . .").

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
      CR-18-00258-EJD

1
2
3

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 20

## JURY INSTRUCTIONS NO. __

## PUBLICITY DURING TRIAL

4      I am advised that reports about this trial are appearing in the newspapers, radio, on television, on

5   the internet*, and on social media*.

6      *The statements contained in these accounts are not evidence. They are not reliable sources of

7   information, because they do not reflect the hallmarks of our adversarial system of justice. These*

8   *statements were not made* under oath. *They have not been examined by the parties, or placed in the context*

9   *of all the evidence and testimony you will hear at trial. They have not been subjected to the Rules of*

10   *Evidence, or to the requirements of the United States Constitution. They are incomplete and may be*

11   *inaccurate. They* may emphasize an unimportant point. *The witnesses may be wrong or biased. The*

12   *statements contained in these accounts must not be considered.*

13      Please do not read anything or listen to anything or watch anything with regard to this trial. The

14   case must be decided by you solely and exclusively on the evidence which is received here in court, *and*

15   *in accordance with my instructions to you at the close of the case about the law you must apply to the*

16   *evidence. As I have told you, Ms. Holmes has a constitutional right to a verdict that rests solely on the*

17   *evidence presented to you at trial.*

18      *If you happen to read or hear anything touching on this case in the media, turn away and report*

19   *it to me as soon as possible.*

20      *Authority*: 1A O'Malley, Federal Jury Practice and Instructions-Criminal § 11:08 (Publicity during
trial) (6th ed. Feb. 2021) (*modified*); Manual of Model Criminal Jury Instructions for the District

21   Courts of the Ninth Circuit § 1.8 (2010 ed., last updated 3/2021) ("If you happen to read or hear
anything touching on this case in the media, turn away and report it to me as soon as possible.");

22   *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978) ("This Court has declared that one accused of a
crime is entitled to have his guilt or innocence determined solely on the basis of the evidence

23   introduced at trial . . . .").

24
25
26
27
28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 21

2

## JURY INSTRUCTION NO. __

3

## STIPULATIONS OF FACT

4

### *[if applicable]*

5   The parties have agreed to certain facts that have been stated to you. Those facts are now

6   conclusively established.

7   *Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
§ 2.3 (Stipulations of Fact) (2010 ed., last updated 3/2021).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 22**

**JURY INSTRUCTION NO. __**

**EVIDENCE FOR A LIMITED PURPOSE**

You are about to hear evidence that [*describe evidence to be received for limited purpose*]. I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.[1]

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 2.12 (Evidence for a Limited Purpose) (2010 ed., last updated 3/2021).

---

[1] Ms. Holmes acknowledges that the Court's recent ruling on the parties' motions *in limine* anticipates certain limiting instructions at trial. *See* Order re: Motions in Limine, Dkt. 798 at 43, 72, 74-75 (N.D. Cal. May 22, 2021). She reserves the right to propose any appropriate limiting instruction at trial, including the ones identified by the Court.

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

30

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 23**

**JURY INSTRUCTION NO. __**

**PREVIOUS LITIGATION INVOLVING DEFENDANT**

You have heard evidence that *Ms. Holmes* has *previously provided testimony [and/or participated as a party in civil litigation]*.  Keep in mind that you must decide this case solely on the evidence presented to you in this trial.  You are not to consider the fact of a previous *litigation* in deciding this case.  *Do not speculate about the result of any past litigation.  You may not infer that Ms. Holmes is guilty of the alleged conduct because she previously provided testimony [and/or participated as a party in civil litigation].*

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 2.16 (Defendant's Previous Trial) (2010 ed., last updated 3/2021) (*modified*).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

III.     END OF TRIAL INSTRUCTIONS

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 24

## JURY INSTRUCTION NO. __

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, *profession, occupation, celebrity,* economic circumstances*, or position in life or in the community*.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.1 (Duties of the Jury to Find Facts and Follow Law) (2010 ed., last updated 3/2021) (*modified*); Third Circuit Model Criminal Jury Instructions § 1.02 & cmt. (Role of the Jury) (encouraging courts to consider listing "profession, occupation, celebrity, economic circumstances, or position in life or in the community" "if it appears that there may be a risk that jurors could be influenced by those characteristics in a particular case").

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 25**

**JURY INSTRUCTION NO. __**

**CHARGE AGAINST MS. HOLMES IS NOT EVIDENCE;**

**PRESUMPTION OF INNOCENCE; BURDEN OF PROOF**

The indictment is not evidence. *Ms. Holmes* has pleaded not guilty to the charges. *Ms. Holmes* is presumed to be innocent unless and until the government proves *her* guilty beyond a reasonable doubt. In addition, *Ms. Holmes* does not have to testify or present any evidence. *Ms. Holmes* does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

*It is a cardinal principle of our system of justice that every person accused of a crime* is presumed *to be* innocent unless and until the government proves *that person* guilty beyond a reasonable doubt *on every element of each alleged charge. If the government fails to meet that burden, you must find Ms. Holmes not guilty.*

*The presumption is not a mere formality. It is a matter of the most important substance. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of Ms. Holmes. Ms. Holmes has the benefit of that presumption of innocence throughout the case, including during your deliberations. You must find Ms. Holmes not guilty of a particular charge unless the government has proved each element of that charge beyond a reasonable doubt. Ms. Holmes has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any element of an offense charged against her.*

*Ms. Holmes* never has to prove *her* innocence. *She is not required to* present any evidence *at all. Ms. Holmes* has the *constitutional* right to remain silent. *If Ms. Holmes does not testify, no inference of guilt, or anything else, may be drawn from that fact. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror to render a verdict based only on the law and evidence.*

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.2 (Charge Against Defendant Not Evidence-Presumption of Innocence-Burden of Proof) (2010 ed., last updated 3/2021) (*modified*); United States District Court for the District of Maine, 2019 Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit §

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1   3.02 (last updated 6/24/2019) ("It is a cardinal principle of our system of justice that every person
2   accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond
    a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important
3   substance. The presumption of innocence alone may be sufficient to raise a reasonable doubt and
    to require acquittal. The defendant before you, [____], has the benefit of that presumption
4   throughout the trial, and you are not to convict [him/her] of a particular charge unless you are
    persuaded of [his/her] guilt of that charge beyond a reasonable doubt. . . . [Defendant] has the
5   right to rely upon the failure or inability of the government to establish beyond a reasonable doubt
    any essential element of a crime charged against [him/her]."); Pattern Criminal Jury Instructions
6   of the Seventh Circuit § 1.03 (2012 ed.) ("[The; each] defendant is presumed innocent of [each
    and every one of] the charge[s]. This presumption continues throughout the case, including during
7   your deliberations."); Tenth Circuit Criminal Jury Pattern Instructions § 1.05 (2021 ed.) ("The
    government has the burden of proving the defendant guilty beyond reasonable doubt, and if it
8   fails to do so, you must find the defendant not guilty."); *Taylor v. Kentucky*, 436 U.S. 478, 485
    (1978) ("[I]t long has been recognized that an instruction on the presumption is one way of
9   impressing upon the jury the importance of [the] right" of the defendant "to have his guilt or
    innocence determined solely on the basis of the evidence introduced at trial, and not on grounds
10  of official suspicion, indictment, continued custody, or other circumstances not adduced as proof
    at trial"); *Carter v. Kentucky*, 450 U.S. 288, 299-301 (1981) ("The principles enunciated in our
11  cases construing this privilege [not to testify] . . . lead unmistakably to the conclusion that the Fifth
    Amendment requires that a criminal trial judge must give a 'no-adverse-inference' jury instruction
12  when requested by a defendant to do so.").

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
   CR-18-00258-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 26

## JURY INSTRUCTION NO. __

## ABSENCE OF CO-DEFENDANT

For reasons that do not concern you, the case against *Ms. Holmes'* codefendant, *Mr. Ramesh "Sunny" Balwani,* is *not* before you.  Do not speculate why.  This fact should not influence your verdict with reference to *Ms. Holmes*, and you must base your verdict solely on the evidence against *Ms. Holmes*.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 2.15 (Disposition of Charge Against Co-Defendant) (2010 ed., last updated 3/2021) (*modified*).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 27**

**JURY INSTRUCTION NO. __**

**CONSPIRACY TO COMMIT WIRE FRAUD: COUNT ONE**

**ELEMENTS**

*Ms. Holmes* is charged in Count *One* of the indictment with conspiring to *commit wire fraud against investors in Theranos* in violation of Section *1349* of Title *18* of the United States Code.  In order for *Ms. Holmes* to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that beginning in or about *2010*, and ending in or about *2015*, there was an agreement between *Ms. Holmes and Mr. Ramesh "Sunny" Balwani and others* to commit *wire fraud against investors in Theranos by soliciting investments through making the materially false and fraudulent representations* charged in the indictment [*Ms. Holmes will propose summary of alleged misrepresentations from indictment at close of evidence*]; and

Second, that *Ms. Holmes* became a member of the *alleged* conspiracy knowing *that there was a plan to commit wire fraud against investors in Theranos as an object of the conspiracy* and *willfully* intending to help accomplish *that offense, with the specific intent to defraud investors in Theranos, that is, to obtain money and property from investors in Theranos by means of materially false and fraudulent representations*; and

Third, that one of the members of the *alleged* conspiracy performed at least one overt act on or after July 14, 2015[2] for the purpose of carrying out *the alleged* conspiracy.

*If the government has failed to prove one or more of these elements beyond a reasonable doubt, you must find Ms. Holmes not guilty on Count One.*[3]

---

[2] Ms. Holmes acknowledges that this Court denied her motion to dismiss Counts Three through Eight and Ten through Eleven of the Second and Third Superseding Indictments as barred by the statute of limitations and ruled that the Second and Third Superseding Indictments did not substantially broaden the scope of the charged scheme to defraud investors.  *See* Dkt. 552 at 13-14; *see also* Dkt. 498 (motion).  Ms. Holmes respectfully disagrees with that ruling and proposes this date, which precedes the return of the Second Superseding Indictment by five years, in an abundance of caution.

[3] In light of the distinct allegations in Count One and Count Two, Ms. Holmes has proposed separate jury instructions for each Count.  In her proposed instructions for each Count, Ms. Holmes has

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit

2
§ 8.20 (Conspiracy-Elements) (2010 ed., last updated 3/2021) (*modified*); *United States v.*

*Espinoza-Valdez*, 889 F.3d 654, 656 (9th Cir. 2018) ("To be convicted of conspiracy, the defendant

3
must have joined the agreement knowing its purpose and intending to help accomplish that

purpose."); *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016) (defendant must possess

4
the "requisite intent to commit the substantive crime" in order to be convicted of conspiracy) (as

quoted in Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit

5
§ 8.20, Cmt. p. 182-83); *United States v. Ball*, 711 F. App'x 838, 841 (9th Cir. 2017) ("Conspiracy

to commit . . . wire fraud [under 18 U.S.C. § 1349] requires the jury to find (1) an agreement to

6
engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3)

the requisite intent to commit the substantive crime." (quoting *United States v. Green*, 592 F.3d

7
1057, 1067 (9th Cir. 2010)).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
taken the "umbrella" instruction provided in the Manual of Model Criminal Jury Instructions for the

27
District Courts of the Ninth Circuit § 8.20, and separated it into an "umbrella" and individual element

instructions in the interest of clarity.

28
MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS

CR-18-00258-EJD

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 28

## JURY INSTRUCTION NO. __

## CONSPIRACY TO COMMIT WIRE FRAUD: COUNT ONE

## FIRST ELEMENT: EXISTENCE OF AN AGREEMENT

*With respect to the alleged conspiracy charged in Count One, the first element that the government must prove beyond a reasonable doubt is that*, beginning *in* or about *2010*, and ending *in* or about *2015*, there was an agreement between *Ms. Holmes and Mr. Ramesh "Sunny" Balwani and others* to commit *wire fraud against investors in Theranos* as charged in the indictment.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For *the alleged* conspiracy to have existed, it is not necessary that *Ms. Holmes and Mr. Ramesh "Sunny" Balwani and others* made a formal agreement or that they agreed on every detail of the *alleged* conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. *Nor is it enough that they worked at Theranos together in their roles as executives.* You must find that there was a plan to commit *wire fraud against investors in Theranos as an object of the alleged conspiracy, with all of you agreeing that the alleged conspirators agreed to commit that offense.*

*Count One of the indictment alleges that Ms. Holmes entered into an agreement with Mr. Ramesh "Sunny" Balwani and others knowing of and willfully intending to accomplish the unlawful objective of committing wire fraud against investors in Theranos by soliciting investments through making the materially false and fraudulent representations alleged in the indictment.* [*Ms. Holmes will propose summary of alleged misrepresentations from indictment at close of evidence*].

*Unless the government proves beyond a reasonable doubt that the specific unlawful agreement charged in Count One existed, you must find Ms. Holmes not guilty on Count One.*

<u>*Authority*</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.20 (Conspiracy-Elements) (2010 ed., last updated 3/2021) (*modified*); *United States v. Espinoza-Valdez*, 889 F.3d 654, 656-57 (9th Cir. 2018) ("To be convicted of conspiracy, the defendant must have joined the agreement knowing its purpose and intending to help accomplish

that purpose . . .  The government has the burden of proving beyond a reasonable doubt the creation and existence of the conspiratorial agreement, as well as the defendant's entry into that agreement. . . . The government has the obligation to establish not only the opportunity but also the actual meeting of minds.  Mere association and activity with a conspirator does not meet the test." (citations and quotations omitted)); *United States v. Jauregui*, 918 F.3d 1050, 1058 (9th Cir. 2019) (plea colloquy did not establish elements of conspiracy to distribute methamphetamine, as only marijuana distribution was object of conspiracy).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

2

3

4

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 29**

**JURY INSTRUCTION NO. ___**

**CONSPIRACY TO COMMIT WIRE FRAUD: COUNT ONE**

**SECOND ELEMENT: MEMBER OF A CONSPIRACY**

*The second element that the government must prove beyond a reasonable doubt is that Ms. Holmes became* a member of *the alleged* conspiracy *with Mr. Ramesh "Sunny" Balwani and others to commit wire fraud against investors in Theranos* knowing *that there was a plan to commit wire fraud against investors in Theranos as an object of the conspiracy* and *willfully* intending to help accomplish *that offense*, *with the specific intent to obtain money and property from investors in Theranos.*

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the *specific* intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.20 (Conspiracy-Elements) (2010 ed., last updated 3/2021) (*modified*); *see id.* § 8.128 (wire fraud); *United States v. Jauregui*, 918 F.3d 1050, 1058 (9th Cir. 2019) (plea colloquy did not establish elements of conspiracy to distribute methamphetamine, as only marijuana distribution was object of conspiracy); *United States v. Espinoza-Valdez*, 889 F.3d 654, 656 (9th Cir. 2018) ("To be convicted of conspiracy, the defendant must have joined the agreement knowing its purpose and intending to help accomplish that purpose."); *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016) (defendant must possess the "requisite intent to commit the substantive crime" in order to be convicted of conspiracy) (as quoted in Cmt. to Instruction 8.20, p. 182-83).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

40

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 30**

2

**JURY INSTRUCTION NO. __**

3

**CONSPIRACY TO COMMIT WIRE FRAUD: COUNT ONE**

4

**SECOND ELEMENT: DEFINITION OF "WILLFULLY"**

5

*I will now instruct you on the meaning of the term "willfully."* "Willfully" means to act with

6

knowledge that one's conduct is unlawful and with the *specific* intent to do something the law forbids,

7

that is to say with the bad purpose to disobey or disregard the law. *Ms. Holmes'* conduct was not "willful"

8

if it was due to negligence, inadvertence or mistake. *Good faith on the part of Ms. Holmes is inconsistent*

9

*with a finding that Ms. Holmes acted willfully. If the government has failed to prove this element beyond*

10

*a reasonable doubt, you must find Ms. Holmes not guilty with respect to the count you are considering.*

11

12

13

14

15

16

17

18

19

20

21

22

23

*Authority*: Sand, Modern Federal Jury Instructions ¶ 3A-3 (Willfully) (Matthew Bender ed. 2020) (*modified*); *see* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.5 cmt. (2010 ed., last updated 3/2021) (willfully); United States District Court for the District of Maine, 2019 Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 2.17 (Definition of "Willfully") (last updated 6/24/2019) ("To act 'willfully' means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not by ignorance, accident or mistake."); Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 1.38 ("Willfully"—To Act) ("The word 'willfully,' as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law."); *Bryan v. United States*, 524 U.S. 184, 191 (1998) ("As a general matter, when used in the criminal context, a 'willful' act is one undertaken with 'a bad purpose. In other words, in order to establish a violation of a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'" (citation omitted)); *United States v. Ubieta*, 630 F. App'x 964, 979 (11th Cir. 2015) (citing approvingly definition of "willfully" in conspiracy to commit wire and mail fraud as acting "'voluntarily and purposefully with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law'"); *United States v. Constantinou*, 2014 WL 4385435, *8 n. 1 (D. Conn. Sept. 2, 2014) (instructing jury that "[a] person willfully joins a conspiracy … with knowledge that his conduct is unlawful and with the intent to do something the law forbids; that is to say, with a bad purpose either to disobey or disregard the law. A person's conduct is not 'willful' [if it] is done because of negligence, inadvertence, or mistake."); O'Malley, Federal Jury Practice & Instructions Criminal § 19:06 (6th ed. Feb. 2021 update) ("good faith on the part of the defendant is, simply, inconsistent with" intentional conduct); *United States v. Amlani*, 111 F.3d 705, 717 (9th Cir. 1997) (same).

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 31**

**JURY INSTRUCTION NO. ___**

**CONSPIRACY TO COMMIT WIRE FRAUD: COUNT ONE**

**THIRD ELEMENT: OVERT ACT**

*The third element that the government must prove beyond a reasonable doubt is that* one of the members of *the alleged* conspiracy, i.e., *Ms. Holmes, Mr. Ramesh "Sunny" Balwani and others,* performed at least one overt act on or after *July 14, 2015* for the purpose of carrying out the *alleged* conspiracy.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the *alleged* conspiracy.  The government is not required to prove that *Ms. Holmes* personally did one of the overt acts.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.20 (Conspiracy-Elements) (2010 ed., last updated 3/2021) (*modified*); *United States v. Ball*, 711 F. App'x 838, 841 (9th Cir. 2017) ("Conspiracy to commit . . . wire fraud [under 18 U.S.C. § 1349] requires the jury to find (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime.") (quoting *United States v. Green*, 592 F.3d 1057, 1067 (9th Cir. 2010)).

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 32**

**JURY INSTRUCTION NO.**

**IN OR ABOUT—DEFINED**

The indictment charges that the offense alleged in Count *One* was committed "in or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Count *One* of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.18 (On or About-Defined) (2010 ed., last updated 3/2021).

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 33**

2

**JURY INSTRUCTION NO. ___**

3

**CONSPIRACY TO COMMIT WIRE FRAUD: COUNT ONE**

4

**SPECIFIC-ISSUE UNANIMITY**

5       *As I have said, the government must prove each element of each count beyond a reasonable doubt.*

6  *Ms. Holmes is charged in Count One of the indictment with conspiring to commit wire fraud against*

7  *investors in Theranos.  You must unanimously agree that Ms. Holmes formed a particular agreement with*

8  *a particular person to pursue at least one particular criminal object of the alleged conspiracy.*

9       *I will now explain to you what I mean by unanimous in this context.*

10       Each juror must agree with each of the other jurors *that Ms. Holmes reached the same agreement*

11  *with the same person to pursue* the same *criminal object of the charged conspiracy*.  The jury need not

12  unanimously agree on *all agreements, all persons in, or all criminal objects of a charged conspiracy*.  But,

13  in order to convict *Ms. Holmes of the conspiracy charged in Count One*, *you* must unanimously agree *that*

14  *Ms. Holmes knowingly and willfully entered into the same agreement with the same person—[either] Mr.*

15  *Balwani [or] others— with the specific intent to advance or further at least one particular criminal object*

16  *of the alleged conspiracy*.

17       Unless the government has proven *that Ms. Holmes knowingly and willfully entered into the same*

18  *agreement with the same person—[either] Mr. Balwani [or] others —with the specific intent to advance*

19  *or further the same criminal object of the alleged conspiracy* to each of you, beyond a reasonable doubt,

20  you must find *Ms. Holmes not guilty* of the *offense alleged* in Count *One* of the Indictment.

21       *Authority*: O'Malley, Federal Jury Practice and Instructions-Criminal (6th ed. Feb. 2021 update) §
     13.07 (Unanimity–Explained) (*modified*); *see Manual of Model Criminal Jury Instructions for the*

22  *District Courts of the Ninth Circuit* (2010 ed., last updated 3/2021), Comment 7.9; *United States*
     *v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015) (plain error for District Court not to deliver *sua*

23  *sponte* specific-issue unanimity instruction in conspiracy case, because "jurors must still
     unanimously agree that the defendant is guilty of participating in a particular conspiracy—i.e., of

24  forming an agreement with at least one other particular individual to pursue a particular criminal
     goal"); *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983) (requiring specific-issue

25  unanimity instruction when "there is a genuine possibility of jury confusion or that a conviction
     may occur as the result of different jurors concluding that the defendant committed different acts");

26  *Lapier*, 796 F.3d at 1096-97 ("Whether there is a 'genuine possibility of jury confusion'" requiring
     a specific-issue unanimity instruction "depends on the circumstances of a particular case. In

27  evaluating whether such a 'genuine possibility' exists, we have considered a non-exhaustive list
     of factors including the text of the indictment, . . . the clarity and presentation of the government's

28  MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
     CR-18-00258-EJD

1    argument, . . ., the complexity of the evidence . . . , and the clarity or ambiguity of the jury
2    instructions, . . ." (citations omitted)).
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28    MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
       CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 34**

**JURY INSTRUCTION NO. ___**

**CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO**

**ELEMENTS**

*Ms. Holmes* is charged in Count *Two* of the indictment with conspiring to *commit wire fraud against customers who paid for Theranos' blood testing services* in violation of Section *1349* of Title *18* of the United States Code.  In order for *Ms. Holmes* to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that beginning *in* or about *2013*, and ending *in* or about *2016*, there was an agreement between *Ms. Holmes and Mr. Ramesh "Sunny" Balwani and others* to commit *wire fraud against paying Theranos customers by materially false and fraudulent representations, specifically by soliciting, encouraging, or otherwise inducing customers to pay for Theranos' blood testing services under the materially false and fraudulent pretense that Theranos technology produced reliable and accurate blood test results* as charged in the indictment. *[Ms. Holmes will propose summary of alleged misrepresentations from indictment at close of evidence]*; and

Second, that *Ms. Holmes* became a member of the *alleged* conspiracy knowing *that there was a plan to commit wire fraud against paying Theranos customers as an object of the conspiracy* and *willfully* intending to help accomplish *that offense, with the specific intent to defraud customers paying for Theranos' blood testing services, that is, to obtain money and property from paying Theranos customers by means of materially false and fraudulent representations*; and

Third, that one of the members of the *alleged* conspiracy performed at least one overt act on or after *June 14, 2013* for the purpose of carrying out the *alleged* conspiracy.

*If the government has failed to prove one or more of these elements beyond a reasonable doubt, you must find Ms. Holmes not guilty on Count Two.*

<u>*Authority*</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.20 (Conspiracy-Elements) (2010 ed., last updated 3/2021) (*modified*); *United States v. Espinoza-Valdez*, 889 F.3d 654, 656 (9th Cir. 2018) ("To be convicted of conspiracy, the defendant must have joined the agreement knowing its purpose and intending to help accomplish that purpose."); *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016) (defendant must possess the "requisite intent to commit the substantive crime" in order to be convicted of conspiracy) (as

quoted in Cmt. to Instruction § 8.20, p. 18-83); *United States v. Ball*, 711 F. App'x 838, 841 (9th Cir. 2017) ("Conspiracy to commit . . . wire fraud [under 18 U.S.C. § 1349] requires the jury to find (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." (quoting *United States v. Green*, 592 F.3d 1057, 1067 (9th Cir. 2010)).

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 35

## JURY INSTRUCTION NO. ___

## CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO

## FIRST ELEMENT: EXISTENCE OF AN AGREEMENT

*With respect to the alleged conspiracy charged in Count Two*, *the first element that the government must prove beyond a reasonable doubt is that*, beginning *in* or about *2013*, and ending *in* or about *2016*, there was an agreement between *Ms. Holmes and Mr. Ramesh "Sunny" Balwani and others* to commit *wire fraud against customers who paid for Theranos' blood testing services* as charged in the indictment.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For *the alleged* conspiracy to have existed, it is not necessary that *Ms. Holmes and Mr. Ramesh "Sunny" Balwani and others* made a formal agreement or that they agreed on every detail of the *alleged* conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. *Nor is it enough that they worked at Theranos together in their roles as executives.* You must find that there was a plan to commit *wire fraud against paying Theranos customers as an object of the alleged conspiracy*, with all of you agreeing that the *alleged* conspirators agreed to commit *that offense*.

*Count Two of the indictment alleges that Ms. Holmes entered into an agreement with Mr. Ramesh "Sunny" Balwani and others knowing of and willfully intending to accomplish the unlawful objective of committing wire fraud against paying Theranos customers by materially false and fraudulent representations, specifically by soliciting, encouraging, or otherwise inducing customers to pay for Theranos' blood testing services under the materially false and fraudulent pretense that Theranos technology produced reliable and accurate blood test results, as alleged in the indictment.* [*Ms. Holmes will propose summary of alleged misrepresentations from indictment at close of evidence*].

*Unless the government proves beyond a reasonable doubt that the specific unlawful agreement charged in Count Two existed, you must find Ms. Holmes not guilty on Count Two.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.20 (Conspiracy-Elements) (2010 ed., last updated 3/2021) (*modified*); *United States v. Espinoza-Valdez*, 889 F.3d 654, 656-57 (9th Cir. 2018) ("To be convicted of conspiracy, the defendant must have joined the agreement knowing its purpose and intending to help accomplish that purpose . . . The government has the burden of proving beyond a reasonable doubt the creation and existence of the conspiratorial agreement, as well as the defendant's entry into that agreement. . . . The government has the obligation to establish not only the opportunity but also the actual meeting of minds. Mere association and activity with a conspirator does not meet the test." (citations and quotations omitted)); *United States v. Jauregui*, 918 F.3d 1050, 1058 (9th Cir. 2019) (plea colloquy did not establish elements of conspiracy to distribute methamphetamine, as only marijuana distribution was object of conspiracy).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

49

1

2

3

4

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 36**

**JURY INSTRUCTION NO. ___**

**CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO**

**SECOND ELEMENT: MEMBER OF CONSPIRACY**

5

6

7

8

9

*The second element that the government must prove beyond a reasonable doubt is that Ms. Holmes became* a member of *the alleged* conspiracy *with Mr. Ramesh "Sunny" Balwani and others to commit wire fraud against paying Theranos customers* knowing *that there was a plan to commit wire fraud against paying Theranos customers as an object of the conspiracy* and willfully intending to help accomplish *that offense, with the specific intent to obtain money and property from Theranos customers.*

10

11

12

13

14

15

16

17

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the *specific* intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

18

19

20

21

22

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.20 (Conspiracy-Elements) (2010 ed., last updated 3/2021) (*modified*); *see id.* § 8.128 (wire fraud); *United States v. Jauregui*, 918 F.3d 1050, 1058 (9th Cir. 2019) (plea colloquy did not establish elements of conspiracy to distribute methamphetamine, as only marijuana distribution was object of conspiracy); *United States v. Espinoza-Valdez*, 889 F.3d 654, 656 (9th Cir. 2018) ("To be convicted of conspiracy, the defendant must have joined the agreement knowing its purpose and intending to help accomplish that purpose."); *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016) (defendant must possess the "requisite intent to commit the substantive crime" in order to be convicted of conspiracy) (as quoted in Cmt. to Instruction 8.20, p. 182-83).

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 37**

**JURY INSTRUCTION NO. ___**

**CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO**

**SECOND ELEMENT: DEFINITION OF "WILLFULLY"**

*I will now instruct you on the meaning of the term "willfully."* "Willfully" means to act with knowledge that one's conduct is unlawful and with the *specific* intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law. *Ms. Holmes'* conduct was not "willful" if it was due to negligence, inadvertence or mistake. *Good faith on the part of Ms. Holmes is inconsistent with a finding that Ms. Holmes acted willfully. If the government has failed to prove this element beyond a reasonable doubt, you must find Ms. Holmes not guilty with respect to the count you are considering.*

*Authority*: Sand, Modern Federal Jury Instructions ¶ 3A-3 (Willfully) (Matthew Bender ed. 2020) (*modified*); *see* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.5 cmt. (2010 ed., last updated 3/2021) (willfully); United States District Court for the District of Maine, 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 2.17 (Definition of "Willfully") (2019 rev.) ("To act 'willfully' means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed— that is to say, with bad purpose, either to disobey or disregard the law—not by ignorance, accident or mistake."); Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 1.38 ("Willfully"—To Act) ("The word 'willfully,' as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law."); *Bryan v. United States*, 524 U.S. 184, 191 (1998) ("As a general matter, when used in the criminal context, a 'willful' act is one undertaken with 'a bad purpose. In other words, in order to establish a violation of a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'" (citation omitted)); *United States v. Ubieta*, 630 F. App'x 964, 979 (11th Cir. 2015) (citing approvingly definition of "willfully" in conspiracy to commit wire and mail fraud as acting "'voluntarily and purposefully with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law'"); *United States v. Constantinou*, 2014 WL 4385435, *8 n. 1 (D. Conn. Sept. 2, 2014) (instructing jury that "[a] person willfully joins a conspiracy … with knowledge that his conduct is unlawful and with the intent to do something the law forbids; that is to say, with a bad purpose either to disobey or disregard the law. A person's conduct is not 'willful' [if it] is done because of negligence, inadvertence, or mistake."); O'Malley, Federal Jury Practice & Instructions Criminal § 19:06 (6th ed. Feb. 2021 update) ("good faith on the part of the defendant is, simply, inconsistent with" intentional conduct); *United States v. Amlani*, 111 F.3d 705, 717 (9th Cir. 1997) (same).

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 38**

**JURY INSTRUCTION NO. ___**

**CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO**

**THIRD ELEMENT: OVERT ACT**

The third element that the government must prove beyond a reasonable doubt is that one of the members of *the alleged* conspiracy, *i.e., Ms. Holmes, Mr. Ramesh "Sunny" Balwani and others,* performed at least one overt act on or after *June 14, 2013* for the purpose of carrying out the *alleged* conspiracy.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out *the* conspiracy. The government is not required to prove that *Ms. Holmes* personally did one of the overt acts.

> *Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.20 (Conspiracy-Elements) (2010 ed., last updated 3/2021) (conspiracy) (*modified*); *United States v. Ball*, 711 F. App'x 838, 841 (9th Cir. 2017) ("Conspiracy to commit . . . wire fraud [under 18 U.S.C. § 1349] requires the jury to find (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." (quoting *United States v. Green*, 592 F.3d 1057, 1067 (9th Cir. 2010)).

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 39**

2

**JURY INSTRUCTION NO. ___**

3

**IN OR ABOUT—DEFINED**

4

The indictment charges that the offense alleged in Count *Two* was committed "in or about" a

5

certain date.

6

Although it is necessary for the government to prove beyond a reasonable doubt that the offense

7

was committed on a date reasonably near the date alleged in Count *Two* of the indictment, it is not

8

necessary for the government to prove that the offense was committed precisely on the date charged.

9

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
§ 3.18 (On or About-Defined) (2010 ed., last updated 3/2021).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

53

1    **MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 40**

2    **JURY INSTRUCTION NO. ___**

3    **CONSPIRACY TO COMMIT WIRE FRAUD: COUNT TWO**

4    **SPECIFIC-ISSUE UNANIMITY**

5    *As I have said, the government must prove each element of each count beyond a reasonable doubt.*

6    *Ms. Holmes is charged in Count Two of the indictment with conspiring to commit wire fraud against*

7    *paying Theranos customers.  You must unanimously agree that Ms. Holmes formed a particular agreement*

8    *with a particular person to pursue at least one particular criminal object of the alleged conspiracy.*

9    *I will now explain to you what I mean by unanimous in this context.*

10   Each juror must agree with each of the other jurors *that Ms. Holmes reached the same agreement*

11   *with the same person to pursue* the same *criminal object of the charged conspiracy*.  The jury need not

12   unanimously agree on *all agreements, all persons in, or all criminal objects of a charged conspiracy*.  But,

13   in order to convict *Ms. Holmes of the conspiracy charged in Count Two*, *you* must unanimously agree *that*

14   *Ms. Holmes knowingly and willfully entered into the same agreement with the same person—[either] Mr.*

15   *Balwani [or] others—with the specific intent to advance or further at least one particular criminal object*

16   *of the alleged conspiracy*.

17   Unless the government has proven *that Ms. Holmes knowingly and willfully entered into the same*

18   *agreement with the same person—[either] Mr. Balwani [or] others—with the specific intent to advance*

19   *or further the same criminal object of the alleged conspiracy* to each of you, beyond a reasonable doubt,

20   you *must find Ms. Holmes not guilty* of the *offense alleged* in Count *Two* of the Indictment.

21   *Authority*: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions: Criminal § 13.07
     (Unanimity–Explained) (6th ed. Feb. 2021 update) (*modified*); *see Manual of Model Criminal Jury*

22   *Instructions for the District Courts of the Ninth Circuit* (2010 ed.), Comment 7.9; *United States v.*
     *Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015) (plain error for District Court not to deliver *sua sponte*

23   specific-issue unanimity instruction in conspiracy case, because "jurors must still unanimously
     agree that the defendant is guilty of participating in a particular conspiracy—i.e., of forming an

24   agreement with at least one other particular individual to pursue a particular criminal goal");
     *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983) (requiring specific-issue unanimity

25   instruction when "there is a genuine possibility of jury confusion or that a conviction may occur
     as the result of different jurors concluding that the defendant committed different acts"); *Lapier*,

26   796 F.3d at 1096-97 ("Whether there is a 'genuine possibility of jury confusion'" requiring a
     specific-issue unanimity instruction "depends on the circumstances of a particular case. In

27   evaluating whether such a 'genuine possibility' exists, we have considered a non-exhaustive list
     of factors including the text of the indictment, . . . the clarity and presentation of the government's

28   MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
     CR-18-00258-EJD

1    argument, . . ., the complexity of the evidence . . . , and the clarity or ambiguity of the jury
2    instructions, . . ." (citations omitted)).

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 41**

**JURY INSTRUCTION NO. \_\_\_**

**MULTIPLE CONSPIRACIES**

*The government has charged Ms. Holmes with two counts of conspiracy.  Count One charges Ms. Holmes with willfully participating in the alleged conspiracy with the specific intent to commit wire fraud against investors in Theranos.  Count Two charges Ms. Holmes with willfully participating in the alleged conspiracy with the specific intent to commit wire fraud against paying Theranos customers.  For each count, y*ou must decide whether *the particular alleged* conspiracy charged in the indictment existed, and, if it did, who at least some of its members were.  For each count, if you find that *the particular alleged* conspiracy charged in that count did not exist, then you must *find Ms. Holmes* not guilty *on that count*, even though you may find that some other conspiracy existed.  Similarly, if you find that Ms. Holmes was not a member of *either* charged conspiracy, then you must find *Ms*. *Holmes* not guilty *on both those Counts*, even though *she* may have been a member of some other conspiracy.

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.22 (2010 ed., last updated 3/2021) (*modified*).

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 42**

**JURY INSTRUCTION NO. ___**

**WIRE FRAUD: COUNTS THREE THROUGH EIGHT**

**ELEMENTS**

*Ms. Holmes* is charged in Counts *Three through Eight* of the indictment with wire fraud *against investors in Theranos* in violation of Section 1343 of Title 18 of the United States Code.  In order for *Ms. Holmes* to be found guilty of *those charges*, the government must prove each of the following elements beyond a reasonable doubt *as to the particular count you are considering*:

First, that *Ms. Holmes* knowingly devised a scheme or plan to defraud *investors in Theranos*, *that is*, to obtain money *and* property *from investors in Theranos* by means of *the materially* false *and* fraudulent pretenses, representations, and promises *charged in the indictment* [*Ms. Holmes will propose summary of alleged misrepresentations from indictment at close of evidence*];[4]

Second, that the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money *and* property;

Third, that *Ms. Holmes* acted with the *specific* intent to defraud *investors in Theranos, that is, to obtain money and property from investors in Theranos by means of materially false and fraudulent pretenses, representations, and promises to investors*; and

Fourth, that *Ms. Holmes* used, or caused to be used, *the following* interstate wire communication*s* [*Ms. Holmes will propose chart of charged wire communications from indictment at close of evidence*] to carry out or attempt to carry out an essential part of the scheme, *and that she did so* on or after July 14, 2015.[5]

---

[4] Ms. Holmes acknowledges that the Court has denied her motions to dismiss the First, Second, and Third Superseding Indictments, and has ruled that the indictments sufficiently alleged a duty to disclose on the part of Ms. Holmes.  *See* Dkt. 552 at 27-28 & n.3; Dkt. 330 at 19-26; *see also* Dkt. 205, 500 (motions).  Ms. Holmes respectfully maintains that the indictments do not allege a duty to disclose sufficient to charge the jury on an omissions theory.  If the Court concludes that the government's proof at trial justifies an instruction on an omissions theory and the duty to disclose, Ms. Holmes will proffer one at the appropriate time.

[5] Ms. Holmes acknowledges that this Court denied her motion to dismiss Counts Three through Eight as barred by the statute of limitations, and ruled that the Second and Third Superseding Indictments did not substantially broaden the alleged scheme to defraud.  *See* Dkt. 552 at 13-14; *see also*

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1        *I remind you that a separate crime is charged against Ms. Holmes in each count.  You must decide*

2 *each count separately.  Your verdict on one count should not control your verdict on any other count.*

3        *Unless the government proves each element beyond a reasonable doubt, you must find Ms. Holmes*

4 *not guilty as to the particular count you are considering.*

5      *Authority*: *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit §§ 3.11 (Separate Consideration of Multiple Counts–Single Defendant), 8.124 (Wire Fraud) (2010 ed., last updated 3/2021) (*modified*); *Monterey Plaza Hotel Ltd. P'ship v. Local 483*, 215 F.3d 923, 926 (9th Cir. 2000) (mail and wire fraud statutes "explicitly require an intent to obtain 'money or property' from the one who is deceived by means of false or fraudulent pretenses, representations, or promises"); *United States v. Utz*, 886 F.2d 1148, 1151 (9th Cir. 1989) ("A scheme to defraud, whether successful or not, remains within the purview of Section 1341 as long as the jury was required to find an 'intent to obtain money or property from the victim of the deceit.'"); *United States v. Lew*, 875 F.2d 219, 222 (9th Cir. 1989) (mail fraud requires "an intent to obtain money or property from the victim of the deceit"); *United States v. Shields*, 844 F.3d 819, 823 (9th Cir. 2016) ("A non-disclosure can support a wire fraud charge only when there exists an independent duty that has been breached by the person so charged."); *United States v. Dowling*, 739 F.2d 1445, 1450 (9th Cir. 1984), *rev'd on other grounds*, 473 U.S. 207 (1985) (omission may "form the basis of a scheme to defraud only when there exists an independent duty (either fiduciary or derived from an explicit and independent statutory requirement) and such a duty has been breached").[6]

---

24 Dkt. 498 (motion).  She respectfully disagrees with that ruling and proposes this date, which precedes the grand jury's return of the Second Superseding Indictment by five years, in an abundance of caution.

[6] In light of the distinct allegations in Counts Three through Eight and Counts Nine through Twelve, Ms. Holmes has proposed separate jury instructions for each set of Counts.  In her proposed instructions for each set of Counts, Ms. Holmes has taken elements of the "umbrella" instruction provided in the Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.124, and proposed an "umbrella" and individual element instructions in the interest of clarity.

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 43**

**JURY INSTRUCTION NO. ___**

**WIRE FRAUD: COUNTS THREE THROUGH EIGHT**

**FIRST ELEMENT: SCHEME TO DEFRAUD**

*The first element that the government must prove beyond a reasonable doubt is that Ms. Holmes* knowingly devised a scheme to defraud.

*The term "scheme to defraud" includes any plan or course of action formed with the specific intent to deceive and cheat, that is, to obtain money and property from someone by deceiving that person or making materially false and fraudulent pretenses, representations, and promises to that person. It is not enough for the government to prove that those statements caused someone to enter into a transaction that he or she would otherwise have avoided. In order to prove that a scheme to defraud existed, the government must prove beyond a reasonable doubt that the materially false and fraudulent pretenses, representations, and promises misrepresented an essential element of the bargain.*

In determining whether a scheme to defraud exists, you may consider not only *Ms. Holmes'* words and statements, but also the circumstances in which they are used as a whole. *A scheme to defraud is not to be inferred solely because a venture turned out to be unprofitable or failed.*

*In Counts Three through Eight, the government alleges that Ms. Holmes knowingly devised a scheme to defraud investors in Theranos. That scheme is alleged to have been carried out by making the materially false and fraudulent pretenses, representations, and promises charged in the indictment [Ms. Holmes will propose summary of alleged misrepresentations from indictment at close of evidence]. Therefore, for each Count, the government must prove that one of the charged materially false and fraudulent pretenses, representations, and promises was made to investors in furtherance of the alleged scheme to defraud, i.e., to obtain money and property from investors in Theranos.*

*Unless the government proves beyond a reasonable doubt that Ms. Holmes knowingly devised a scheme to defraud, you must find Ms. Holmes not guilty as to the particular count you are considering.*

<u>*Authority*</u>: *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.124 (Wire Fraud) (2010 ed., last updated 3/2021) (*modified*); *United States v. Takhalov*, 827 F.3d 1307, 1310 (11th Cir. 2016) ("That a defendant merely induced the victim to enter into

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

a transaction that he otherwise would have avoided is . . . insufficient to show wire fraud."); *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) (recognizing "a fine line between schemes that do no more than cause their victims to enter into transactions that they would otherwise avoid—which do not violate the mail or wire fraud statutes—and schemes that depend for their completion on a misrepresentation of an essential element of the bargain—which do violate the mail and wire fraud statutes"); *United States v. Starr*, 816 F.2d 94, 99 (2d Cir. 1987) (government failed to prove wire fraud because "customers received exactly what they paid for"); *Monterey Plaza Hotel Ltd. P'ship v. Local 483*, 215 F.3d 923, 926 (9th Cir. 2000) (mail and wire fraud statutes "explicitly require an intent to obtain money or property from the one who is deceived by means of false or fraudulent pretenses, representations, or promises"); *United States v. Utz*, 886 F.2d 1148, 1151 (9th Cir. 1989) ("A scheme to defraud, whether successful or not, remains within the purview of Section 1341 as long as the jury was required to find an 'intent to obtain money or property from the victim of the deceit.'"); *United States v. Lew*, 875 F.2d 219, 222 (9th Cir. 1989) (mail fraud requires "an intent to obtain money or property from the victim of the deceit"); *United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992) ("A scheme to defraud is not necessarily to be inferred from an unprofitable venture."); United States District Court for the District of Maine, 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 4.18.1343, at 171 (Wire Fraud) (last updated June 24, 2019) ("The term 'defraud' means to deceive another in order to obtain money or property."); Pattern Criminal Jury Instructions of the Seventh Circuit at 538 (Wire Fraud) (2020 ed.) ("The scheme to defraud [must] involve[] a materially false or fraudulent pretense, representation, or promise.").

1

2

3

4

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 44**

**JURY INSTRUCTION NO. ___**

**WIRE FRAUD: COUNTS THREE THROUGH EIGHT**

**FIRST ELEMENT: DEFINITION OF "KNOWINGLY"**

5

6

7

8

An act is done knowingly if *Ms. Holmes was* aware of the act and *did* not act through ignorance, mistake, or accident.  You may consider evidence of *Ms. Holmes'* words, acts, or omissions, along with all the other evidence, in deciding whether *Ms. Holmes* acted knowingly.  *Good faith on the part of Ms. Holmes is inconsistent with a finding that Ms. Holmes acted knowingly.*

9

10

11

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.7 (Knowingly) (2010 ed., last updated 3/2021) (*modified*); O'Malley, Federal Jury Practice & Instructions Criminal § 19:06 (6th ed. Feb. 2021 update) ("good faith on the part of the defendant is, simply, inconsistent with" knowing conduct); *United States v. Tarallo*, 380 F.3d 1174, 1191 (9th Cir. 2004) (same).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 45**

2

**JURY INSTRUCTION NO. ___**

3

**WIRE FRAUD: COUNTS THREE THROUGH EIGHT**

4

**SPECIFIC-ISSUE UNANIMITY INSTRUCTION**

5    *As I have said, the government must prove each element of each Count beyond a reasonable doubt.*

6  *Ms. Holmes is charged in Counts Three through Eight of the indictment with wire fraud against investors*

7  *in Theranos.  As to those counts, you must unanimously agree that one scheme to defraud investors in*

8  *Theranos existed, that is, a scheme existed to obtain money and property from investors in Theranos by*

9  *means of the materially false and fraudulent pretenses, representations, and promises charged in the*

10  *indictment, and that Ms. Holmes knowingly devised that scheme.*

11    *I will now explain to you what I mean by unanimous in this context.*

12    *Each juror must agree with each of the other jurors on the same scheme to defraud investors in*

13  *Theranos for each Count.  In order to convict Ms. Holmes of wire fraud, you must unanimously agree in*

14  *each Count that one such scheme existed and that Ms. Holmes knowingly devised that scheme.*

15    *Unless the government has proven the same scheme to defraud and that Ms. Holmes knowingly*

16  *devised that scheme to each of you, beyond a reasonable doubt, you must find Ms. Holmes not guilty of*

17  *the wire fraud alleged in Counts Three through Eight of the indictment.*

18    *Authority*: O'Malley, Federal Jury Practice and Instructions-Criminal § 47.17 (Unanimity–
Explained) (6th ed. Feb. 2021 update) (*modified*); *see* Manual of Model Criminal Jury Instructions
19  for the District Courts of the Ninth Circuit Cmt. 7.9 (2010 ed., last updated 3/2021); *United States
v. Frazin*, 780 F.2d 1461, 1468 (9th Cir. 1986) ("In a mail or wire fraud prosecution, jurors must
20  be instructed that they must agree on the existence of a single scheme to defraud."); *United States
v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983) (requiring specific-issue unanimity instruction
21  when "there is a genuine possibility of jury confusion or that a conviction may occur as the result
of different jurors concluding that the defendant committed different acts"); *United States v.
22  Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015) (similar); Third Circuit Model Instructions 6.18.1341-
2 (Mail, Wire, or Bank Fraud – Unanimity Required) (last updated 2/2021).
23

24

25

26

27

28    MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 46**

**JURY INSTRUCTION NO. ___**

**WIRE FRAUD: COUNTS THREE THROUGH EIGHT**

**SECOND ELEMENT: DEFINITIONS OF "FALSITY" AND "MATERIALITY"**

*Counts Three through Eight in the indictment allege that Ms. Holmes made materially false and fraudulent pretenses, representations, and promises to investors in Theranos.*

*A pretense, representation, or promise is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A pretense, representation, or promise is fraudulent if it was falsely made with the specific intention to deceive and cheat, that is, to obtain money and property from someone by deceiving or making false representations to that person. Expressions of opinion, aspirations, or goals, or general, subjective claims about a product cannot be used as a basis to find that Ms. Holmes made false and fraudulent representations.*

*A false and fraudulent pretense, representation, or promise is* material if, *in the context it was made*, *it had* a natural tendency to influence, or was capable of influencing, a person to part with money and property.

*Unless the government proves beyond a reasonable doubt that Ms. Holmes made materially false and fraudulent pretenses, representations, and promises to investors in Theranos, you must find Ms. Holmes not guilty as to the particular count you are considering.*

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.124 (Wire Fraud) (2010 ed., last updated 3/2021) (*modified*); *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (general, vague, or subjective assertions about a product constitute non-actionable puffery); *United States v. Gay*, 967 F.2d 322, 329 (9th Cir. 1992) ("'Puffing' concerns expressions of opinion, as opposed to the knowingly false statements of fact which the law proscribes."); *In re American Apparel, Inc. Shareholder Litigation*, 855 F. Supp. 2d 1043, 1072–73 (C.D. Cal. 2012) (aspirational statements are not false); *In re Actimmune Marketing Litigation*, 2009 WL 3740648 (N.D. Cal. 2009) ("Even if the statement was potentially misleading, the representative's comment that [the company] was 'promising' constitutes non-actionable puffery, in that it is not the type of "'specific or absolute'" statement of fact that can support a claim of fraud."); *United Health Servs., Inc. ex rel. United States v. Escobar*, 136 S. Ct. 1989, 2003-04 (2016) ("Under any understanding of the concept, materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation" (cleaned up)); *United States v. Markevich*, 775 Fed. App'x 287, 289-90 (9th Cir. 2019) (assessing actual behavior of alleged victim); *United States v. Bogucki*, 2019 WL 1024959, at *2 (N.D. Cal. Mar. 4, 2019) ("materiality must be assessed in the context in which the communications occurred; in consequence, industry practices, agreements between the parties, and other information known to

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

63

1    the parties at the time of the allegedly false statements are relevant to assessing those statements'
2    materiality").

1

2

3

4

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 47**

**JURY INSTRUCTION NO. ___**

**WIRE FRAUD: COUNTS THREE THROUGH EIGHT**

**THIRD ELEMENT: SPECIFIC INTENT TO DEFRAUD**

5

6

7

8

9

10

11

12

13

*Counts Three through Eight in the indictment allege that Ms. Holmes acted with the specific intent to defraud investors in Theranos. The specific* intent to defraud *means to act knowingly and with the specific* intent to deceive and cheat*, i.e., to obtain money and property from someone by deceiving or making false representations to that person.*   The word "knowingly" means that an act was done voluntarily and intentionally and not because of ignorance, a mistake, or by accident.  *Good faith on the part of Ms. Holmes is inconsistent with a finding that Ms. Holmes acted with the specific intent to defraud. Unless the government proves beyond a reasonable doubt that Ms. Holmes acted with the specific intent to defraud investors in Theranos, you must find Ms. Holmes not guilty as to the particular count you are considering.*

14

15

16

17

18

19

20

21

22

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.12 (Intent to Defraud) (2010 ed., last updated 3/2021) (*modified*); *see id.* § 5.7 (Knowingly); *United States v. Miller,* 953 F.3d 1095, 1102 (9th Cir. 2020) (recognizing that intent to defraud includes knowing and intentional conduct); *Monterey Plaza Hotel Ltd. P'ship v. Local 483*, 215 F.3d 923, 926 (9th Cir. 2000) (mail and wire fraud statutes "explicitly require an intent to obtain 'money or property' from the one who is deceived by means of false or fraudulent pretenses, representations, or promises"); *United States v. Utz*, 886 F.2d 1148, 1151 (9th Cir. 1989) ("A scheme to defraud, whether successful or not, remains within the purview of Section 1341 as long as the jury was required to find an 'intent to obtain money or property from the victim of the deceit.'"); *United States v. Lew*, 875 F.2d 219, 222 (9th Cir. 1989) (mail fraud requires "an intent *to* obtain money or property from the victim of the deceit"); United States District Court for the District of Maine, 2019 Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 4.18.1343, at 171 ("The term "defraud" means to deceive another in order to obtain money or property."); O'Malley, Federal Jury Practice & Instructions Criminal § 19:06 (6th ed. Feb. 2021 update) ("good faith on the part of the defendant is, simply, inconsistent with the intent to defraud" (cleaned up)); *United States v. Tarallo*, 380 F.3d 1174, 1191 (9th Cir. 2004) (same).

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

2

3

4

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 48**

**JURY INSTRUCTION NO. ___**

**WIRE FRAUD: COUNTS THREE THROUGH EIGHT**

**FOURTH ELEMENT: USE OF INTERSTATE WIRE COMMUNICATION**

5   *Counts Three through Eight in the indictment allege that Ms. Holmes* used, or caused to be used,

6   an interstate wire communication to carry out or attempt to carry out an essential part of *a scheme to*

7   *defraud investors in Theranos*.

8   A wiring is caused when one knows that a wire will be used in the ordinary course of business or

9   when one can reasonably foresee such use.

10   It need not have been reasonably foreseeable to *Ms. Holmes* that the wire communication would

11   be interstate in nature.   Rather, it must have been reasonably foreseeable to *her* that some wire

12   communication would occur in furtherance of the scheme, and an interstate wire communication must

13   have actually occurred in furtherance of the scheme.

14   *Unless the government proves beyond a reasonable doubt that Ms. Holmes* used, or caused to be

15   used, *the following* interstate wire communications [*Ms. Holmes will propose chart of alleged wire*

16   *communications from indictment at close of evidence*] to carry out or attempt to carry out an essential part

17   of *a scheme to defraud investors in Theranos, and that she did so on or after July 14, 2015, you must find*

18   *Ms. Holmes not guilty as to the particular count you are considering.*

19   <u>Authority</u>: *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth

20   Circuit § 8.124 (Wire Fraud) (2010 ed., last updated 3/2021) (*modified*).

21

22

23

24

25

26

27

28   MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 49**

**JURY INSTRUCTION NO. ___**

**WIRE FRAUD: COUNTS NINE THROUGH TWELVE**

**ELEMENTS**

*Ms. Holmes* is charged in Counts *Nine through Twelve* of the indictment with wire fraud *against paying Theranos customers* in violation of Section 1343 of Title 18 of the United States Code.  In order for *Ms. Holmes* to be found guilty of *those charges*, the government must prove each of the following elements beyond a reasonable doubt *as to the particular count you are considering*:

First, *Ms. Holmes* knowingly devised a scheme or plan to defraud *paying Theranos customers*, *that is*, *to obtain money and property from paying Theranos customers* by means of *the materially* false *and* fraudulent pretenses, representations, and promises *charged in the indictment* [*Ms. Holmes will propose summary of alleged misrepresentations from indictment at close of evidence*];

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money *and* property;

Third, *Ms. Holmes* acted with the *specific* intent to defraud *paying Theranos customers, that is, to obtain money and property from paying Theranos customers by means of false and fraudulent pretenses, representations, and promises to paying Theranos customers*; and

Fourth, *Ms. Holmes* used, or caused to be used, *the following* interstate wire communicatio*n*s to carry out or attempt to carry out an essential part of the scheme [*Ms. Holmes will propose chart of alleged wire communications from indictment at close of evidence*].

*As to Counts Nine and Ten, you must find that Ms. Holmes used, or caused to be used, the following interstate wire communication [Ms. Holmes will propose chart of alleged wire communications from indictment at close of evidence] to carry out or attempt to carry out an essential part of the scheme, and that she did so on or after July 14, 2015.*[7]

---

[7] Ms. Holmes acknowledges that this Court denied her motion to dismiss Count Ten as barred by the statute of limitations, and ruled that the government's filing of a waiverless information on May 8, 2020 tolled the statute of limitations.  *See* Dkt. 552 at 14-18; *see also* Dkt. 498.  She respectfully disagrees with that ruling and proposes this date, which precedes the grand jury's return of the Second

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1       *As to Count Eleven, you must find that Ms. Holmes used, or caused to be used, the following*

2   *interstate wire communication [Ms. Holmes will propose chart of alleged wire communications from*

3   *indictment at close of evidence] to carry out or attempt to carry out an essential part of the scheme, and*

4   *that she did so on or after July 28, 2015.*[8]

5       *As to Count Twelve, you must find that Ms. Holmes used, or caused to be used, the following*

6   *interstate wire communication [Ms. Holmes will propose chart of alleged wire communications from*

7   *indictment at close of evidence] to carry out or attempt to carry out an essential part of the scheme, and*

8   *that she did so on or after June 14, 2013.*

9       *I remind you that a separate crime is charged against Ms. Holmes in each count. You must decide*

10   *each count separately. Your verdict on one count should not control your verdict on any other count.*

11       *Unless the government proves each element beyond a reasonable doubt, you must find Ms. Holmes*

12   *not guilty as to the particular count you are considering.*

13   <u>*Authority*</u>: *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit §§ 3.11 (Separate Consideration of Multiple Counts–Single Defendant), 8.124 (Wire Fraud) (2010 ed., last updated 3/2021) (*modified*); *Monterey Plaza Hotel Ltd. P'ship v. Local 483*, 215 F.3d 923, 926 (9th Cir. 2000) (mail and wire fraud statutes "explicitly require an intent to obtain 'money or property' from the one who is deceived by means of false or fraudulent pretenses, representations, or promises"); *United States v. Utz*, 886 F.2d 1148, 1151 (9th Cir. 1989) ("A scheme to defraud, whether successful or not, remains within the purview of Section 1341 as long as the jury was required to find an 'intent to obtain money or property from the victim of the deceit.'"); *United States v. Lew*, 875 F.2d 219, 222 (9th Cir. 1989) (mail fraud requires "an intent to obtain money or property from the victim of the deceit"); *States v. Shields*, 844 F.3d 819, 823 (9th Cir. 2016) ("A non-disclosure can support a wire fraud charge only when there exists an independent duty that has been breached by the person so charged."); *United States v. Dowling*, 739 F.2d 1445, 1450 (9th Cir. 1984), *rev'd on other grounds*, 473 U.S. 207 (1985) (omission may "form the basis of a scheme to defraud only when there exists an independent duty (either fiduciary or derived from an explicit and independent statutory requirement) and such a duty has been breached").

24   Superseding Indictment by five years, in an abundance of caution.

25       [8] Ms. Holmes acknowledges that this Court denied her motion to dismiss Count Eleven as barred by the statute of limitations, and ruled that the government's filing of a waiverless information on May 8, 2020 tolled the statute of limitations. *See* Dkt. 552 at 14-18; *see also* Dkt. 498. She respectfully disagrees with that ruling and proposes this date, which precedes the grand jury's return of the Third Superseding Indictment (the first indictment in which this Count appeared) by five years, in an abundance of caution.

28   MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 50**

**JURY INSTRUCTION NO. ___**

**WIRE FRAUD: COUNTS NINE THROUGH TWELVE**

**FIRST ELEMENT: SCHEME TO DEFRAUD**

*The first element that the government must prove beyond a reasonable doubt is that Ms. Holmes* knowingly devised a scheme to defraud.

*The term "scheme to defraud" includes any plan or course of action formed with the specific intent to deceive and cheat, that is, to obtain money and property from someone by deceiving that person or making materially false and fraudulent pretenses, representations, and promises to that person.  It is not enough for the government to prove that those statements caused someone to enter into a transaction that he or she would otherwise have avoided.  In order to prove that a scheme to defraud existed, the government must prove beyond a reasonable doubt that the materially false and fraudulent pretenses, representations, and promises misrepresented an essential element of the bargain.*

In determining whether a scheme to defraud exists, you may consider not only *Ms. Holmes'* words and statements, but also the circumstances in which they are used as a whole.  *A scheme to defraud is not to be inferred solely because a venture turned out to be unprofitable or failed.*

*In Counts Nine through Twelve, the government alleges that Ms. Holmes knowingly devised a scheme to defraud customers paying for Theranos' blood testing services.  That scheme is alleged to have been carried out by making the materially false pretenses, representations, and promises charged in the indictment* [*Ms. Holmes will propose summary of alleged misrepresentations from indictment at close of evidence*].  *Therefore, for each Count, the government must prove that one of the charged materially false pretenses, representations, and promises was made to paying Theranos customers in furtherance of the alleged scheme to defraud, i.e., to obtain property from paying Theranos customers.*

*Unless the government proves beyond a reasonable doubt that Ms. Holmes knowingly devised a scheme to defraud, you must find Ms. Holmes not guilty as to the particular count you are considering.*

*Authority*: *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.124 (2010 ed., last updated 3/2021) (*modified*); *United States v. Takhalov*, 827 F.3d 1307, 1310 (11th Cir. 2016) ("That a defendant merely induced the victim to enter into a

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

69

transaction that he otherwise would have avoided is . . . insufficient to show wire fraud."); *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) (recognizing "a fine line between schemes that do no more than cause their victims to enter into transactions that they would otherwise avoid—which do not violate the mail or wire fraud statutes—and schemes that depend for their completion on a misrepresentation of an essential element of the bargain—which do violate the mail and wire fraud statutes"); *United States v. Starr*, 816 F.2d 94, 99 (2d Cir. 1987) (government failed to prove wire fraud because "customers received exactly what they paid for"); *Monterey Plaza Hotel Ltd. P'ship v. Local 483*, 215 F.3d 923, 926 (9th Cir. 2000) (mail and wire fraud statutes "explicitly require an intent to obtain money or property from the one who is deceived by means of false or fraudulent pretenses, representations, or promises"); *United States v. Utz*, 886 F.2d 1148, 1151 (9th Cir. 1989) ("A scheme to defraud, whether successful or not, remains within the purview of Section 1341 as long as the jury was required to find an 'intent to obtain money or property from the victim of the deceit.'"); *United States v. Lew*, 875 F.2d 219, 222 (9th Cir. 1989) (mail fraud requires "an intent to obtain money or property from the victim of the deceit"); *United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992) ("A scheme to defraud is not *necessarily* to be inferred from an unprofitable venture."); United States District Court for the District of Maine, 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 4.18.1343, at 171 (Wire Fraud) (last updated June 24, 2019) ("The term 'defraud' means to deceive another in order to obtain money or property."); Pattern Criminal Jury Instructions of the Seventh Circuit at 538 (Wire Fraud) (2020 ed.) ("The scheme to defraud [must] involve[] a materially false or fraudulent pretense, representation, or promise.").

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

70

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 51**

2

**JURY INSTRUCTION NO. ___**

3

**WIRE FRAUD: COUNTS NINE THROUGH TWELVE**

4

**FIRST ELEMENT: DEFINITION OF "KNOWINGLY"**

5
An act is done knowingly if *Ms. Holmes* was aware of the act and *did* not act through ignorance,

6
mistake, or accident.  You may consider evidence of *Ms. Holmes'* words, acts, or omissions, along with

7
all the other evidence, in deciding whether *Ms. Holmes* acted knowingly.  *Good faith on the part of Ms.*

8
*Holmes is inconsistent with a finding that Ms. Holmes acted knowingly.*

9

10

11
*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.7 (Knowingly) (2010 ed., last updated 3/2021) (*modified*); O'Malley, Federal Jury Practice & Instructions Criminal § 19:06 (6th ed. Feb. 2021 update) ("good faith on the part of the defendant is, simply, inconsistent with" knowing conduct); *United States v. Tarallo*, 380 F.3d 1174, 1191 (9th Cir. 2004) (same).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 52**

2

**JURY INSTRUCTION NO. ___**

3

**WIRE FRAUD: COUNTS NINE THROUGH TWELVE**

4

**SPECIFIC-ISSUE UNANIMITY INSTRUCTION**

5

*As I have said, the government must prove each element of each Count beyond a reasonable doubt.*

6

*Ms. Holmes is charged in Counts Nine through Twelve of the indictment with wire fraud against paying*

7

*Theranos customers.  As to those counts, you must unanimously agree that one scheme to defraud paying*

8

*Theranos customers existed, that is, a scheme existed to obtain money and property from paying Theranos*

9

*customers by means of the materially false and fraudulent pretenses, representations, and promises*

10

*charged in the indictment, and that Ms. Holmes knowingly devised that scheme.*

11

*I will now explain to you what I mean by unanimous in this context.*

12

*Each juror* must agree with each of the other jurors on the same *scheme to defraud paying*

13

*Theranos customers for each Count*.  In order to convict *Ms. Holmes of wire fraud, you* must unanimously

14

agree *in each Count that* one such scheme *existed and that Ms. Holmes* knowingly *devised that scheme*.

15

Unless the government has proven the same *scheme to defraud* to each of you, beyond a reasonable

16

doubt, you must *find Ms. Holmes not guilty of the wire fraud alleged in Counts Nine through Twelve* of

17

the indictment.

18

19

20

21

22

23

*Authority*: O'Malley, Federal Jury Practice and Instructions: Criminal § 47.17 (Unanimity–Explained) (6th ed. Feb. 2021 update) (*modified*); *see Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit* (2010 ed., last updated 3/2021), Comment 7.9; *United States v. Frazin*, 780 F.2d 1461, 1468 (9th Cir. 1986) ("In a mail or wire fraud prosecution, jurors must be instructed that they must agree on the existence of a single scheme to defraud."); *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983) (requiring specific-issue unanimity instruction when "there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts"); *United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015) (similar); Third Circuit Model Instructions 6.18.1341-2 (Mail, Wire, or Bank Fraud – Unanimity Required) (last updated 2/2021).

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 53**

**JURY INSTRUCTION NO. ___**

**WIRE FRAUD: COUNTS NINE THROUGH TWELVE**

**SECOND ELEMENT: DEFINITIONS OF "FALSITY" AND "MATERIALITY"**

*Counts Nine through Twelve in the indictment allege that Ms. Holmes made materially false and fraudulent pretenses, representations, and promises to paying Theranos customers.*

*A pretense, representation, or promise is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A pretense, representation, or promise is fraudulent if it was falsely made with the specific intention to deceive and cheat, that is, to obtain money and property from someone by deceiving or making false representations to that person. Expressions of opinion, aspirations, or goals, or general, subjective claims about a product, cannot be used as a basis to find that Ms. Holmes made false and fraudulent representations.*

*A false and fraudulent pretense, representation, or promise is* material if, *in the context it was made*, *it had* a natural tendency to influence, or was capable of influencing, a person to part with money and property.

*Unless the government proves beyond a reasonable doubt that Ms. Holmes made materially false and fraudulent pretenses, representations, and promises to paying Theranos customers, you must find Ms. Holmes not guilty as to the particular count you are considering.*

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.124 (2010 ed., last updated 3/2021) (*modified*); *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (general, vague, or subjective assertions about a product constitute non-actionable puffery); *United States v. Gay*, 967 F.2d 322, 329 (9th Cir. 1992) ("'Puffing' concerns expressions of opinion, as opposed to the knowingly false statements of fact which the law proscribes."); *In re American Apparel, Inc. Shareholder Litigation*, 855 F. Supp. 2d 1043, 1072–73 (C.D. Cal. 2012) (aspirational statements are not false); *In re Actimmune Marketing Litigation*, 2009 WL 3740648 (N.D. Cal. 2009) ("Even if the statement is potentially misleading, the representative's comment that [the company] was 'promising' constitutes non-actionable puffery, in that it is not the type of 'specific or absolute' statement of fact that can support a claim of fraud."); *United Health Servs., Inc. ex rel. United States v. Escobar*, 136 S. Ct. 1989, 2003-04 (2016) ("Under any understanding of the concept, materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation" (cleaned up)); *United States v. Markevich*, 775 Fed. App'x 287 (9th Cir. 2019) (assessing actual behavior of alleged victim); *United States v. Bogucki*, 2019 WL 1024959, at *2 (N.D. Cal. Mar. 4, 2019) ("materiality must be assessed in the context in which the communications occurred; in consequence, industry practices, agreements between the parties, and other information known to the parties at the time of the allegedly false statements are relevant to assessing those statements' materiality").

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 54**

**JURY INSTRUCTION NO. ___**

**WIRE FRAUD: COUNTS NINE THROUGH TWELVE**

**THIRD ELEMENT: SPECIFIC INTENT TO DEFRAUD**

*Counts Nine through Twelve in the indictment allege that Ms. Holmes acted with the specific intent to defraud paying Theranos customers. The specific intent to defraud means to act knowingly and with the specific intent to deceive and cheat, i.e., to obtain money and property from someone by deceiving or making false representations to that person.* The word "knowingly" means that an act was done voluntarily and intentionally and not because of ignorance, a mistake, or by accident. *Good faith on the part of Ms. Holmes is inconsistent with a finding that Ms. Holmes acted with the specific intent to defraud. Unless the government proves beyond a reasonable doubt that Ms. Holmes acted with the specific intent to defraud paying Theranos customers, you must find Ms. Holmes not guilty as to the particular count you are considering.*

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.12 (Intent to Defraud) (2010 ed., last updated 3/2021) (*modified*); *id*. § 5.7 (Knowingly); *see United States v. Miller,* 953 F.3d 1095, 1102 (9th Cir. 2020) (recognizing that intent to defraud includes knowing and intentional conduct); *Monterey Plaza Hotel Ltd. P'ship v. Local 483*, 215 F.3d 923, 926 (9th Cir. 2000) (mail and wire fraud statutes "explicitly require an intent to obtain money or property from the one who is deceived by means of false or fraudulent pretenses, representations, or promises"); *United States v. Utz*, 886 F.2d 1148, 1151 (9th Cir. 1989) ("A scheme to defraud, whether successful or not, remains within the purview of Section 1341 as long as the jury was required to find an 'intent to obtain money or property from the victim of the deceit.'"); *United States v. Lew*, 875 F.2d 219, 222 (9th Cir. 1989) (mail fraud requires "an intent *to* obtain money or property from the victim of the deceit"); United States District Court for the District of Maine, 2019 Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 4.18.1343, at 171 ("The term "defraud" means to deceive another in order to obtain money or property."); O'Malley, Federal Jury Practice & Instructions Criminal § 19:06 (6th ed. Feb. 2021 update) ("good faith on the part of the defendant is, simply, inconsistent with the intent to defraud" (cleaned up)); *United States v. Tarallo*, 380 F.3d 1174, 1191 (9th Cir. 2004) (same).

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 55**

**JURY INSTRUCTION NO. \_\_\_**

**WIRE FRAUD: COUNTS NINE THROUGH TWELVE**

**FOURTH ELEMENT: USE OF INTERSTATE WIRE COMMUNICATION**

*Counts Nine through Twelve in the indictment allege that Ms. Holmes* used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of *a scheme to defraud paying Theranos customers*.

*As to Counts Nine and Ten, you must find that Ms. Holmes used, or caused to be used, the following interstate wire communications [Ms. Holmes will propose chart of alleged wire communications from indictment at close of evidence] to carry out or attempt to carry out an essential part of the scheme, and that she did so on or after July 14, 2015.*

*As to Count Eleven, you must find that Ms. Holmes used, or caused to be used, an interstate wire communication [Ms. Holmes will propose chart of alleged wire communications from indictment at close of evidence] to carry out or attempt to carry out an essential part of the scheme, and that she did so on or after July 28, 2015.*

*As to Count Twelve, you must find that Ms. Holmes used, or caused to be used, the following interstate wire communication [Ms. Holmes will propose chart of alleged wire communications from indictment at close of evidence] to carry out or attempt to carry out an essential part of the scheme, and that she did so on or after June 14, 2013.*

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to *Ms. Holmes* that the wire communication would be interstate in nature.   Rather, it must have been reasonably foreseeable to *her* that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

*Unless the government proves beyond a reasonable doubt that Ms. Holmes* used, or caused to be used, *the particular* interstate wire communications *on or after the above-specified dates* to carry out or

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1    attempt to carry out an essential part of *a* scheme *to defraud paying Theranos customers, you must find*

2    *Ms. Holmes not guilty as to the particular count you are considering.*

3         <u>Authority</u>: *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth
     Circuit § 8.124 (Wire Fraud) (2010 ed., last updated 3/2021) (*modified*).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 56**

**JURY INSTRUCTION NO. ___**

**THEORY OF DEFENSE**

[*To be submitted at close of Ms. Holmes' case*].

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit at 105 (Introductory Comment) (2010 ed., last updated 3/2021) ("A defendant is entitled to have the jury instructed on his or her theory of defense, as long as the theory has support in the law and some foundation in the evidence."); *United States v. Perdomo-Espana*, 522 F.3d 983, 986-87 (9th Cir. 2008) (same); *United States v. Sarno*, 73 F.3d 1470, 1487-88 (9th Cir. 1995) ("The quantum of evidence sufficient to support a 'theory of the case' instruction is slight"); *United States v. Morton*, 999 F.2d 435, 439 (9th Cir. 1993) ("[T]he evidence supporting [defendant's theory of defense] amounted to more than a scintilla, and the question of [that theory] should have been given to the jury.").

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

77

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 57

## JURY INSTRUCTION NO. ___

## GOOD FAITH

The good faith of *Ms. Holmes* is a complete defense to *all of* the charge*s* of the indictment because good faith on the part of *Ms. Holmes* is, simply, inconsistent with *a finding that Ms. Holmes had the specific intent to defraud alleged in the charges*.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an error in management does not rise to the level of criminal conduct.  The law is written to subject to criminal punishment only those people who *act with the particular unlawful intent required for each alleged offense*.

In determining whether or not the government has proven that *Ms. Holmes* acted with the *specific* intent to commit the offenses alleged in the *i*ndictment or whether she acted in good faith, you must consider all of the evidence received in this case bearing on *Ms. Holmes'* state of mind.

The burden of proving good faith does not rest with *Ms. Holmes* because *she* does not have any obligation to prove anything in this case.  It is the government's burden to prove beyond a reasonable doubt that *Ms. Holmes* acted with the *specific* intent to *commit* the offenses charged.  If the evidence in this case leaves *you* with a reasonable doubt as to whether *Ms. Holmes* acted with criminal intent or in good faith, you must find Ms. Holmes not guilty.

*Authority*:  O'Malley, Federal Jury Practice & Instructions-Criminal § 19:06 (6th ed. Feb. 2021 update) (*modified*); *see* Sand, *Modern Federal Jury Instructions* ¶ 8.01 (Good Faith) (Matthew Bender ed. 2020); *United States v. Tarallo*, 380 F.3d 1174, 1191 (9th Cir. 2004) (endorsing good-faith instruction); *United States v. Amlani*, 111 F.3d 705, 717-18 (9th Cir. 1997) (similar); *United States v. Gering*, 716 F.2d 615, 622 (9th Cir. 1983) (approving of instruction that "[i]f you find that a defendant in good faith believed that the representations which were being made by himself were true, the necessary intent did not exist and the defendant must be acquitted on all counts"); *United States v. Lin*, 3:11-cr-00393-TEH, Dkt. 102, Jury Instructions, at 42-44 (N.D. Cal. May 5, 2012) (instructing jury on good faith).

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 58

## JURY INSTRUCTION NO. ___

### *RESPONDEAT SUPERIOR*

*You have heard testimony that Ms. Holmes was the Chief Executive Officer ("CEO") of Theranos.* You may not infer that *Ms. Holmes* is guilty of *the charged offenses* merely from the fact of *the position she held at Theranos*.

*A defendant who is an officer, director, or employee of a corporation is not criminally responsible for the alleged acts of her subordinates merely because she held a senior position with the corporation. It is not enough for the government to prove that one or more individuals involved in alleged conduct reported to Ms. Holmes. In addition, you may not infer that Ms. Holmes, based solely on her position at Theranos, engaged in or had knowledge of any alleged conduct. Furthermore, it is not enough for the government to prove that Ms. Holmes should have known about any alleged conduct at Theranos. In each instance, the law requires more. The government must prove beyond a reasonable doubt that Ms. Holmes committed the charged conduct and that she did so with the particular unlawful intent required for each charged offense.*

*Authority*: 1 Sand, Modern Federal Jury Instructions Instruction ¶ 6-3 (Inference of Participation from Presence or Association) (Matthew Bender ed. 2020) (*modified*) ("You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed."); 1 Sand, Modern Federal Jury Instructions ¶ 6-4 (Impermissible To Infer Participation from Association) (Matthew Bender ed. 2020) ("You may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing."); *United States v. Holmes*, 18-cr-00258-EJD, Dkt. 798 at 63 (N.D. Cal. Mar. 22, 2021) (refusing to "invite the jury to potentially find Ms. Holmes vicariously liable for the actions of others based on nothing more than her 'influence'"); *United States v. Forbes*, Crim. No. 3:02-cr-00264-AWT, Jury Instructions, Dkt. 2597, at § 2.B in (D. Conn. Oct. 31, 2006); Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 6.10 (2010 ed., last updated 3/2021) (explaining that "[m]ere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime . . . The defendant must be a participant and not merely a knowing spectator."); *Morissette v. United States*, 342 U.S. 246, 250 (1952) ("The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil."); *United States v. Rank*, No. 84-1870, 1986 WL 18059, at *4 (6th Cir. Oct. 14, 1986) (per curiam) (reversing

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

conviction and "declin[ing] to adopt the government's theory, akin to a respondeat superior basis for criminal liability," that "Brown's position as owner and president of the Clinic and his frequent telephone contacts with it from the Caribbean demonstrated sufficient control over the Clinic's operation to infer that Brown had participated in the criminal acts alleged against him"); *Beck v. United States*, 33 F.2d 107, 112 (8th Cir. 1929) ("the doctrine of respondeat superior that sometimes holds a principal for representations he neither authorized nor ratified, expressly or impliedly, is a doctrine of civil liability, and not of criminal responsibility").

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

80

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 59**

**JURY INSTRUCTION NO. ___**

**ALLEGED REGULATORY VIOLATION OR ALLEGED**

**VIOLATION OF INDUSTRY STANDARDS NOT SUFFICIENT**

You have heard evidence regarding alleged violations of regulations and industry standards. You should know that there has been no final determination of any alleged regulatory violation or industry standard. Many of the alleged violations of regulations and industry standards were disputed.

It is also important to remember that the criminal law imposes a higher burden of proof on the government in this case than in cases involving civil regulations, which have a lower burden of proof. In addition, industry standards do not carry the force of law at all.

In this case, in order to convict Ms. Holmes of a crime, the government must prove beyond a reasonable doubt that each element of the charged offenses of wire fraud and conspiracy to commit wire fraud has been met. Ms. Holmes is not guilty of any of the crimes charged in the indictment merely because she or Theranos may have violated federal or state regulations or because Ms. Holmes or Theranos may have engaged in negligent practices or violated industry standards related to laboratory testing or medical devices.[9]

> _Authority_: _United States v. Eagle White_, 721 F.3d 1108, 1114-15 (9th Cir. 2013) (reversing conviction when government relied on evidence of civil regulatory violation to supply element of criminal offense); _United States v. Dahlstrom_, 713 F.2d 1423, 1428 (9th Cir. 1983) (distinguishing heightened mental state requirements of criminal law from negligence standard for civil violations); _United States v. Stefan_, 784 F.2d 1093, 1099 (11th Cir. 1986) (upholding jury instructions that cautioned the jury that regulatory violations "should not be considered as violations of the criminal law"); _United States v. Christo_, 614 F.2d 486, 490-92 (5th Cir. 1980) (ordering new trial where the government and trial court improperly conflated a violation of a civil regulation with a criminal violation).

---

[9] Ms. Holmes respectfully maintains that all evidence of alleged violations of federal or state laws and/or regulations and alleged violations of industry standards should be inadmissible. _See_ Dkt. 560, 564, 569, 573, 574, 575, 576.

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 60**

**JURY INSTRUCTION NO. __**

**REASONABLE EFFORTS TO PROTECT TRADE SECRETS**

You have heard evidence regarding actions Ms. Holmes or Theranos employees took to maintain confidentiality with respect to Theranos' proprietary technology and practices.  Under California law, a company can receive certain legal protections for technology and practices that it maintains as a trade secret, but only if the company has taken reasonable efforts to protect those trade secrets.  Exactly what constitute reasonable efforts depends on the facts and circumstances of a particular situation, but even inadvertent action by a company that leads to the disclosure of a trade secret can eliminate the protections for trade secrets under California law.  In addition, Ms. Holmes had an obligation in her role as an officer and director at Theranos to implement reasonable efforts in order to protect the company's trade secrets. Evidence that Ms. Holmes or Theranos took reasonable efforts to protect trade secrets is not evidence that Ms. Holmes acted with an intent to defraud.[10]

*Authority*:  Cal. Civ. Code § 3426.1(d) ("'Trade secret' means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."); *Gemisys Corp. v. Phoenix Am., Inc.*, 186 F.R.D. 551, 560 (N.D. Cal. 1999) ("[C]ourts have considered multiple failures by a party to protect an alleged trade secret, combined with extensive disclosure of such information, as sufficient to extinguish a party's property right in that information."); *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) ("requir[ing] its employees to sign confidentiality agreements" relating to database constituted "reasonable step[] to insure the secrecy to this information" required by California law); *United States v. Nosal*, 2013 WL 4504652, at *17 (N.D. Cal. Aug. 15, 2013) (requiring "reasonable steps" as a matter of law to protect trade secrets, and approving of restricted access to sensitive information, use of passwords, ban on transfer outside company of sensitive information, use of firewall and anti-virus software, and monitoring of employee download activity); *PQ Labs, Inc. v. Yang Qi*, 2014 WL 334453, at *3 (N.D. Cal. Jan. 29, 2014) (approving the use of "fingerprint scanners and security personnel" and "passwords and firewalls to protect its electronic information"); *KEMA, Inc. v. Koperwhats*, No. C-09-1587 MMC, 2010 WL 3464708, at *4 (N.D. Cal. Sept. 1, 2010) ("[T]he failure to secure non-disclosure agreements . . . is fatal to a trade secret claim."); *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1454 (Cal. Ct. App. 2002) ("[R]easonable efforts . . . include advising employees of the existence of a trade secret, limiting access to a trade secret on [a] need to know

---

[10] Ms. Holmes respectfully maintains that evidence of measures that Theranos took to maintain its trade secrets is inadmissible.  *See* Dkt. 566.

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

basis, and controlling plant access."); *HiRel Connectors, Inc. v. United States*, 2005 WL 4958547, at *5 (C.D. Cal. Jan. 4, 2005) (discussing need for prompt legal demand or lawsuit when a trade secret risks public disclosure and noting that a company must "exercise eternal vigilance" in protecting its trade secrets because the inadvertent failure to maintain reasonable measures can vitiate trade secrets protections); *IPC Sys., Inc. v. Garrigan*, 2012 WL 12872028, at *5 (N.D. Ga. May 21, 2012) (finding reasonable steps to protect trade secrets where policy required return of all company work product upon termination of employment); *Cellular Accessories for Less, Inc. v. Trinitas LLC*, 2014 WL 4627090, at *4 (C.D. Cal. Sept. 16, 2014) (information available to the public on LinkedIn may not be a trade secret); *United States v. Nosal*, 3:08-cr-00237-EMC, Dkt. 401, Final Jury Instructions (N.D. Cal. Apr. 19, 2013) ("all forms and types of financial, business, scientific, technical, economic, or engineering information" may qualify as "trade secrets" if "[t]he owner thereof has taken reasonable measures to keep such information secret" and "[t]he information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public"); *Leykin v. AT&T Corp.*, 423 F. Supp. 2d 229, 243 (S.D.N.Y. 2006) (acknowledging the potential for derivative securities fraud actions if a competitor "had gained access to, copied and used" a company's "proprietary technology"); *Mattel, Inc. v. MGA Entertainment, Inc.*, 782 F. Supp. 2d 911, 959 (C.D. Cal. 2011).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 61**

**JURY INSTRUCTION NO. __**

**MISSING EVIDENCE**

[*Ms. Holmes reserves the right to propose a missing evidence instruction at a later date, if appropriate*]**.**

<u>*Authority*</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 4.19 (Lost or Destroyed Evidence) (2010 ed., last updated 3/2021).

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 62**

2

**JURY INSTRUCTION NO. __**

3

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

4     A separate crime is charged against *Ms. Holmes* in each count.  You must decide each count

5    separately.  Your verdict on one count should not control your verdict on any other count.  *In order for*

6    *you to find Ms. Holmes guilty on any single count, you must unanimously agree that the government has*

7    *proved each element of the offense charged in that count beyond a reasonable doubt.  If the government*

8    *has not proved each element beyond a reasonable doubt, you must find Ms. Holmes not guilty on the*

9    *particular count you are considering.*

10    <u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
§ 3.11 (Separate Consideration of Multiple Counts—Single Defendant) (2010 ed., last updated

11    3/2021) (*modified*).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 63

### JURY INSTRUCTION NO. __

### MS. HOLMES' DECISION NOT TO TESTIFY

### [*If applicable*]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that *Ms. Holmes* did not testify.

*Authority*:  Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit 3.3 & cmt (Defendant's Decision Not to Testify) (2010 ed., last updated 3/2021) ("If this instruction is requested by the defendant, it must be given." (citing *Carter v. Kentucky*, 450 U.S. 288, 305 (1981)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 64**

**JURY INSTRUCTION NO. __**

**MS. HOLMES' DECISION TO TESTIFY**

**[*If applicable*]**

*Ms. Holmes* has testified. You should treat this testimony just as you would the testimony of any other witness.

<u>*Authority*</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.4 (Defendant's Decision to Testify) (2010 ed., last updated 3/2021) (*modified*).

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 65**

**JURY INSTRUCTION NO. __**

**REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced *Ms. Holmes* is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  *It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.*

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.5 (Reasonable Doubt-Defined) (2010 ed., last updated 3/2021) (*modified*); 1 Sand, Modern Federal Jury Instructions-Criminal § 4-2 (Reasonable Doubt) ("It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision."); Pattern Criminal Jury Instructions for the Sixth Circuit § 1.03 (updated 3/21/2021) (Presumption of Innocence, Burden of Proof, Reasonable Doubt) ("Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives."); *Holland v. United States*, 348 U.S. 121, 139-140 (1954) ("[W]e think that [the reasonable doubt] section of the charge should have been in terms of the kind of doubt that would make a person hesitate to act"); *Victor v. Nebraska*, 511 U.S. 1, 20 (1994) (Supreme Court has "repeatedly approved" the definition of reasonable doubt as "a doubt that would cause a reasonable person to hesitate to act").

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 66**

**JURY INSTRUCTION NO. __**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence; *and*

[(3) any facts to which the parties have agreed.]

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.6 (What is Evidence) (2010 ed., last updated 3/2021).

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 67**

**JURY INSTRUCTION NO. __**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. *In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.*

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.7 (What is Not Evidence) (2010 ed., last updated 3/2021); *Raley v. Ylst*, 470 F.3d 792, 803 (9th Cir. 2006) ("A jury's exposure to extrinsic evidence deprives a defendant of the rights to confrontation, cross-examination, and assistance of counsel embodied in the Sixth Amendment.").

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 68**

**JURY INSTRUCTION NO. __**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

*As I explained at the beginning of trial, I sometimes use this example to explain circumstantial evidence.  If you walk outside in the morning, and see that the sidewalk is wet, you may find from that fact that it rained throughout the night.  But if you see that your neighbor had turned on his garden hose, that may provide an explanation for water on the sidewalk.  Before deciding that a fact has been proven by circumstantial evidence, you must consider all the evidence in light of your reason and common sense.*

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.8 (Direct and Circumstantial Evidence) (2010 ed., last updated 3/2021) (*modified*).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 69**

**JURY INSTRUCTION NO. __**

**NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness *who you find not to be credible, even if the witness's testimony has not been contradicted or impeached.*  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.  *After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.*

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and *that Ms. Holmes* is not required to call any witnesses or offer any evidence, since *she* is presumed to be innocent.

<u>*Authority*</u>: 1 Sand, Modern Federal Jury Instructions-Criminal ¶ 4-3 (Number of Witnesses and Uncontradicted Testimony) (Matthew Bender ed. 2020) (*modified*).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 70

### JURY INSTRUCTION NO. __

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1    The weight of the evidence as to a fact does not necessarily depend on the number of witnesses

2    who testify.  What is important is how believable the witnesses were, and how much weight you think

3    their testimony deserves.

4        _Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
     § 3.9 (Credibility of Witnesses) (2010 ed., last updated 3/2021).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 71

## JURY INSTRUCTION NO. __

## GOVERNMENT AGENCY WITNESS

You have heard testimony *from witnesses who work for government agencies*.  The fact that a witness may be employed by the federal *or state* government as *an* official does not mean that his *or her* testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a *government agency* witness on the grounds that his *or her* testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a *government agency* witness and to give that testimony whatever weight, if any, you find it deserves.

> <u>Authority</u>: 1 Sand, Modern Federal Jury Instructions-Criminal ¶ 7-16 (Law Enforcement Witness) (Matthew Bender ed. 2020) (*modified*); Third Circuit Model Criminal Jury Instruction 4.18 (same); *United States v. Bethancourt*, 65 F.3d 1074, 1080 (3d Cir. 1995) ("[T]he government witnesses' testimony was not entitled to any greater consideration because of their federal employment."); *Bush v. United States*, 375 F.2d 602, 605 n. 6 (D.C. Cir. 1967) (affirming lower court instruction "to give an officer's testimony no weight different from that given any other witness simply because he was an officer.").

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

95

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 72**

**JURY INSTRUCTION NO. __**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether *Ms. Holmes* is guilty or not guilty of the charges in the indictment. *Ms. Holmes* is not on trial for any conduct or offense not charged in the indictment.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.10 (Activities Not Charged) (2010 ed., last updated 3/2021).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 73**

**JURY INSTRUCTION NO. __**

**OTHER ACTS OF MS. HOLMES**

[*Instruction to be proposed at the close of evidence*]

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 4.3 (Other Crimes, Wrongs or Acts of Defendant) (2010 ed., last updated 3/2021).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 74**

**JURY INSTRUCTION NO. __**

**OPINION EVIDENCE, EXPERT WITNESS**

You *have heard* testimony from [*name*] who testified to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 4.14 & cmt. (Opinion Evidence, Expert Witness) (2010 ed., last updated 3/2021).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

98

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 75**

**JURY INSTRUCTION NO. __**

**DUAL ROLE TESTIMONY**

You have heard testimony from [*name*] who testified to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 4.15 (Dual Role Testimony) (2010 ed., last updated 3/2021).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 76

### JURY INSTRUCTION NO. __

### CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 4.16 (Charts and Summaries Not Admitted Into Evidence) (2010 ed., last updated 3/2021).

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 77**

**JURY INSTRUCTION NO. __**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your *foreperson* who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, *profession, occupation, celebrity,* economic circumstances*, or position in life or in the community*. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 7.1 (Duty to Deliberate) (2010 ed., last updated 3/2021); Third Circuit Model Criminal Jury Instructions § 1.02 & cmt. (Role of the Jury) (encouraging courts to consider listing "profession, occupation, celebrity, economic circumstances, or position in life or in the community" "if it

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1   appears that there may be a risk that jurors could be influenced by those characteristics in a
2   particular case").

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 78**

**JURY INSTRUCTION NO. __**

**CONSIDERATION OF EVIDENCE: CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet *(through Google or otherwise)* or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, *and a mistrial could result that would require the entire trial process to start over*.  If any juror is exposed to any outside information, please notify the court immediately.

> _Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 7.2 (Consideration of Evidence-Conduct of Jury) (2010 ed., last updated 3/2021).

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 79**

2

**JURY INSTRUCTION NO. __**

3

**USE OF NOTES**

4       Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on

5   your own memory of what was said.  Notes are only to assist your memory.  You should not be overly

6   influenced by your notes or those of your fellow jurors.

7       _Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit
        § 7.3 (Use of Notes) (2010 ed., last updated 3/2021).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 80**

**JURY INSTRUCTION NO. __**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for *the alleged offenses* is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against *Ms. Holmes* beyond a reasonable doubt.

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 7.4 (Jury Consideration of Punishment) (2010 ed., last updated 3/2021).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 81**

**JURY INSTRUCTION NO. __**

**VERDICT FORM**

A verdict form has been prepared for you.  [*Explain verdict form as needed*].   After you have reached unanimous agreement on a verdict, your *foreperson* should complete the verdict form according to your deliberations, sign and date it, and advise the *clerk* that you are ready to return to the courtroom.[11]

_Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 7.5 (Verdict Form) (2010 ed., last updated 3/2021).

---

[11] Ms. Holmes intends to submit a proposed verdict form at the appropriate time.

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

106

1

2

3

## MS. HOLMES' PROPOSED JURY INSTRUCTION NO. 82

## JURY INSTRUCTION NO. __

## COMMUNICATION WITH COURT

4

5

6

7

8

9

10

11

12

If it becomes necessary during your deliberations to communicate with me, you may send a note through the *clerk*, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of *whether the government has proven Ms. Holmes' guilt beyond a reasonable doubt*, until after you have reached a unanimous verdict or have been discharged.

13

14

<u>*Authority*</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 7.6 (Communication with the Court) (2010 ed., last updated 3/2021).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
CR-18-00258-EJD

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on May 27, 2021 a copy of this filing was delivered via ECF on all counsel

3    of record.

4

5                                                        /s/ Amy Mason Saharia
6                                                        AMY MASON SAHARIA
                                                         Attorney for Elizabeth Holmes
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    MS. HOLMES' [PROPOSED] JURY INSTRUCTIONS
      CR-18-00258-EJD