JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **MS. HOLMES' MOTION TO SUPPRESS EVIDENCE OF CUSTOMER COMPLAINTS AND TESTING RESULTS AS WELL AS FINDINGS IN CMS REPORT** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | Date: June 16, 2021<br>Time: 10:00 AM<br>CTRM: 4, 5th Floor |
| Defendants. | Hon. Edward J. Davila |

MS. HOLMES' MOTION TO SUPPRESS
CR-18-00258 EJD

i

# MS. HOLMES' MOTION TO SUPPRESS EVIDENCE OF CUSTOMER COMPLAINTS AND TESTING RESULTS AS WELL AS FINDINGS IN CMS REPORT

PLEASE TAKE NOTICE that on June 16, 2021 at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Homes will and hereby does respectfully move the Court to suppress evidence of customer complaints and testing results, and the findings contained in the January 25, 2016 CMS Report. The Motion is based on the below Memorandum of Points and Authorities, the Declaration of Lance Wade and accompanying exhibits, the record in this case, and any other matters that the Court deems appropriate.

DATED: June 2, 2021.

/s/ Lance Wade
KEVIN M. DOWNEY
LANCE A. WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' MOTION TO SUPPRESS
CR-18-00258 EJD

ii

# TABLE OF CONTENTS

**Page**

BACKGROUND .................................................................................................................................2

LEGAL STANDARD.........................................................................................................................3

ARGUMENT ......................................................................................................................................5

I.    Evidence of Customer Complaints and Testing Results as well as Findings of the CMS Report Should Be Suppressed. ......................................................................................5

II.   An Evidentiary Hearing Is Necessary to Resolve Contested Issues of Fact Relating to the Government's Failure to Gather and Preserve the LIS Evidence and the Ensuing Prejudice to Ms. Holmes..................................................................................................................7

III.  The Court Should Direct the Government to Produce the Evidence Relating to its October 2020 *Brady* Letter That Ms. Holmes Requested More Than Six Months Ago. ................8

# TABLE OF AUTHORITIES

## CASES

*Arizona v. Youngblood*, 488 U.S. 51 (1988) .......................................................................... 3

*Brady v. Maryland*, 373 U.S. 83 (1963) ........................................................................ 2, 7, 8

*Giglio v. United States*, 405 U.S. 150 (1972) ....................................................................... 8

*Miller v. Vazquez*, 868 F.2d 1116 (9th Cir. 1989) ................................................................ 3

*United States v. Flyer*, 633 F.3d 911 (9th Cir. 2011) ................................................... passim

*United States v. Howell*, 231 F.3d 615 (9th Cir. 2000) ...................................................... 4, 7

*United States v. Leal-Del Carmen*, 697 F.3d 964 (9th Cir. 2012) ........................................ 3

*United States v. Loud Hawk*, 628 F.2d 1139 (9th Cir. 1979) (en banc) ......................... 4, 6, 7

*United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (en banc)…………………….4

*United States v. Zaragoza-Moreira*, 780 F.2d 971 (9th Cir. 2015) ...................................... 3

*United States v. Zuniga-Garcia*, 472 F. App'x 498 (9th Cir. 2012) ................................ 1, 6

## RULES

Fed. R. Evid. 401 ................................................................................................................... 1

Fed. R. Evid. 402 ................................................................................................................... 1

Fed. R. Evid. 403 ................................................................................................................... 1

Fed. R. Crim. P. 16 ................................................................................................................ 8

MS. HOLMES' MOTION TO SUPPRESS
CR-18-00258 EJD

# MEMORANDUM OF POINTS AND AUTHORITIES

Ms. Holmes respectfully moves to suppress evidence of customer complaints and testing results and the findings of the January 25, 2016 CMS Report ("CMS Report") under *United States v. Flyer*, 633 F.3d 911 (9th Cir. 2011), and for an evidentiary hearing on that motion.

In its May 22, 2021 Order, this Court denied Ms. Holmes' Motion to Exclude Anecdotal Test Results, Dkt. 563. Rejecting Ms. Holmes' arguments under Fed. R. Evid. 401-403, the Court ruled that "[e]ach time a Theranos customer allegedly paid for an accurate and reliable blood test based on Holmes's representations and did not receive such a test, that experience on its own is evidence of the fraud." Order re: Motions in Limine, Dkt. 798 at 49 ("Order"). By the terms of the Order, the government may now present at trial its anecdotal evidence, including customer complaints and testing results, as well as the findings contained in the CMS report. Order, Dkt. 798 at 20, 49-50 ("The Court finds that anecdotal evidence of test results is relevant and admissible.").[1]

This ruling ripens Ms. Holmes' previously stated concerns about the use of anecdotal evidence at trial. *See* Ms. Holmes' Reply in Support of Motion to Exclude Anecdotal Test Results, Dkt. 730 at 2, 9. Allowing the government to use customer complaints and testing results and the findings of the CMS Report as "evidence of the fraud" after the government failed to gather and preserve the Laboratory Information System database ("LIS") would violate Ms. Holmes' right to present a complete defense and to receive due process. Order at 49. That is because the LIS contained evidence that could have allowed Ms. Holmes to rebut the government's assertion that that anecdotal evidence tends to show that Theranos' technology was "in fact, not capable of consistently producing accurate and reliable results." Dkt. 469, ¶ 16. The government's failure to preserve the LIS has therefore "left [Ms. Holmes] without any means of [adequately] refuting an important part of the prosecution's case." *United States v. Zuniga-Garcia*, 472 F. App'x 498, 499 (9th Cir. 2012) (applying *Flyer*, 633 F.3d 911, to sanction government for loss of evidence). Suppression of this evidence is the appropriate remedy to safeguard

---

[1] With respect to the January 25, 2016 CMS Report, the Court held open the possibility of "further side bar discussions on this matter, should the parties wish to specify certain exhibits within this collection of evidence and make new arguments as to why [this] particular exhibit[] should be excluded." Order at 20.

MS. HOLMES' MOTION TO SUPPRESS
CR-18-00258 EJD

1

Ms. Holmes' constitutional rights.

## BACKGROUND

This Court is familiar with the LIS.[2] The database has been the subject of extensive briefing and argument, and the parties appear to agree on the contents and functionality of the LIS. *See* Gov't Corrected Opp'n to Ms. Holmes' Motion to Exclude Anecdotal Test Results, Dkt. 682 at 1-3; Ms. Holmes' Reply in Support of Motion to Exclude Anecdotal Test Results, Dkt. 730 at 10-12; 5/4/2021 Hr'g Tr. 79:10-12 (government argument: "the defense has been helpful to a degree in explaining what data specifically was in that LIS"); *id*. at 79:20-21 (government argument: "[The LIS] certainly would have been a powerful tool to use in the government's investigation.").

The government's failure to gather and preserve the LIS database has also been the subject of briefing and argument. *See* Ms. Holmes' Reply in Support of Motion to Exclude Anecdotal Test Results, Dkt. 730 at 1-2, 7-9, 12-16; 5/4/2021 Hr'g Tr. 50:9-13, 53:24-54:16, 55:17-57:8. There is a live factual dispute as to the degree of the government's culpability in the loss of the LIS evidence. 5/4/2021 Hr'g Tr. 51:23-25; *see also id*. at 83:17-18, 22-23.

The government's failure to gather and preserve the LIS is the subject of a 24-page letter prepared by the government in response to Ms. Holmes' repeated demands for exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Dkt. 732-2 (October 29, 2020 Letter from R. Leach to L. Wade ("*Brady* Letter")); *see also* Declaration of Lance Wade in Support of Motion to Suppress Customer Complaints and Testing Results as well as Findings of CMS Report ("Wade Decl.") Exs. 1-9 (correspondence between undersigned counsel and government seeking *Brady* material relating to LIS); *infra* pp. 7-8. The *Brady* letter summarizes (among other things) the extent of the government's notice regarding Theranos' dire financial condition; government interactions with Theranos' defense counsel regarding the production of data contained in the LIS and the software necessary to access the LIS; the government's receipt of a copy of the LIS; the period of time it took the government to ask for

---

[2] Ms. Holmes will not repeat the facts set forth in her prior pleading. Instead, she incorporates by reference her recitation of the facts from Ms. Holmes' Reply in Support of Motion to Exclude Anecdotal Test Results, Dkt. 730, at 1-2, 7-16.

MS. HOLMES' MOTION TO SUPPRESS
CR-18-00258 EJD

2

and attempt to access that copy; and the advice given (and ignored) by government personnel to government attorneys relating to accessing the LIS. The events recounted in the letter begin in 2016 and continue through 2020.

## LEGAL STANDARD

The Supreme Court has held that the government's failure to preserve evidence may violate a defendant's rights to receive due process and to present a complete defense. *See Arizona v. Youngblood*, 488 U.S. 51 (1988); *California v. Trombetta*, 467 U.S. 479 (1984). Under *Trombetta*, the government's loss of evidence whose "exculpatory value . . . was apparent before the evidence was destroyed," and was "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means" violates the due process of a criminal defendant. 467 U.S. at 488-89. Under *Youngblood*, the failure to preserve even potentially exculpatory evidence violates due process when the government acts in bad faith. 488 U.S. at 57-58 (describing "potentially exculpatory evidence" as "evidentiary material of which no more can be said than that it could have been subject to tests, the results of which might have exonerated the defendant"). The government's failure to gather potentially exculpatory evidence—even if the government never takes possession of that evidence— violates due process if done in bad faith. *Miller v. Vazquez*, 868 F.2d 1116, 1120 (9th Cir. 1989).[3] Applying *Youngblood*, the Ninth Circuit has explained that "[t]he presence or absence of bad faith turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed." *United States v. Zaragoza-Moreira*, 780 F.3d 971, 977 (9th Cir. 2015).

Even if a constitutional violation is not established, the government's failure to preserve evidence may still require sanctions, including the suppression of evidence. *See Flyer*, 633 F.3d at 916.[4] In determining whether suppression is appropriate, courts must "balance 'the quality of the government's conduct and the degree of prejudice to the accused.'" *Id*. (quoting *United States v. Loud*

---

[3] Ms. Holmes does not currently move to dismiss the counts of the indictment that rely on evidence that could have been rebutted through the lost LIS evidence. Ms. Holmes reserves the right to move for dismissal based on the evidence adduced at the requested evidentiary hearing.

[4] The Ninth Circuit has not confronted the question whether the government's failure to gather potentially exculpatory evidence (as opposed to the failure to preserve such evidence already in its possession) requires suppression in the absence of a constitutional violation.

MS. HOLMES' MOTION TO SUPPRESS
CR-18-00258 EJD

*Hawk*, 628 F.2d 1139, 1152 (9th Cir. 1979) (en banc) (Kennedy, J., concurring), overruled on other grounds, *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (en banc)).  In this inquiry, "[t]he government bears the burden of justifying its conduct, and the defendant bears the burden of demonstrating prejudice." *Id*.  The Ninth Circuit has identified certain non-exclusive factors for Courts to consider:

### Reasonableness of government's conduct

- "whether the evidence was lost or destroyed while in [the government's] custody";
- "whether the government acted in disregard for the interests of the accused";
- "whether [the government] was negligent in failing to adhere to established and reasonable standards of care for police and prosecutorial functions";
- "if the acts were deliberate, whether they were taken in good faith or with reasonable justification";
- "the nature and degree of federal [officers'] participation";
- "whether the government attorneys prosecuting the case have participated in the events leading to loss or destruction of the evidence, for prosecutorial action may bear upon existence of a motive to harm the accused."

### Degree of prejudice to the Defendant

- "the centrality of the evidence to the case and its importance in establishing the elements of the crime or the motive or intent of the defendant";
- "the probative value and reliability of the secondary or substitute evidence";
- "the nature and probable weight of factual inferences or other demonstrations and kinds of proof allegedly lost to the accused";
- "the probable effect on the jury from absence of the evidence, including dangers of unfounded speculation and bias that might result to the defendant if adequate presentation of the case requires explanation about the missing evidence."

*Loud Hawk*, 628 F.2d at 1152 (Kennedy, J., concurring).

The Ninth Circuit has held that an evidentiary hearing on a motion to suppress is necessary "when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000).

## ARGUMENT

**I.   Evidence of Customer Complaints and Testing Results as well as Findings of the CMS Report Should Be Suppressed.**

Evidence of customer complaints and customer testing results, as well as the findings of the CMS report, should be suppressed.[5] Under *Flyer*, the quality of the government's conduct was poor, and the prejudice to Ms. Holmes' defense is severe:

***Reasonableness of the government's conduct***

- The government did not gather and preserve the LIS despite notice that the database was important, that the company was closing down, and that there would be technical complications associated with preserving and accessing the database;

- The government acted in disregard for Ms. Holmes' rights by failing to preserve evidence that could have addressed the government's accuracy-and-reliability allegations;

- The government failed to observe relevant standards of care because (among other things) government attorneys delayed attempting to access the LIS, then disregarded the advice of an internal litigation support professional regarding ways to access and preserve the evidence, and failed to engage experienced forensic professionals to access the LIS;[6]

---

[5] The evidence falling within these categories includes: testimony and exhibits offered by customers relating to their specific testing results; testimony and exhibits offered by doctors relating to customers' specific testing results; any aspect of Dr. Master's opinions that relates to specific testing results or quality control results; the CMS report's discussion of quality control results and other data that was maintained in the LIS; customer feedback spreadsheets; any other customer complaints or testing results offered by fact witnesses (by testimony or exhibit) other than doctors and customers; and any other testimony or exhibits relating to quality control data or any other data residing in the LIS offered by fact witnesses.

[6] Ms. Holmes notes that the government bears the burden in justifying its conduct, and that it may need to notice an expert in order to establish the relevant standard of care for gathering and preserving evidence.

MS. HOLMES' MOTION TO SUPPRESS
CR-18-00258 EJD

5

- The government failed to preserve the LIS despite knowing about the potentially exculpatory value of the LIS for nearly two years prior to the company's closing;
- Members of the prosecution team and other federal personnel were involved in these events.[7]

***Degree of prejudice to Ms. Holmes***

- As the Court has recognized, the LIS is "very important for this particular trial";[8]
- The LIS contained critical evidence with respect to each and every one of millions of testing results that it housed, as well as QC data and the response to QC data (i.e., whether/when a result was released).  This evidence is central to the full and fair assessment of whether any individual testing result proffered by the government was accurate, and what the cause of any particular error might have been;
- The government's substitute evidence is not comparable to the LIS, because of the sheer number of results in the LIS, the richness of information about each testing result, and the database's ability to sift, sort, and query that information;
- Ms. Holmes has lost the opportunity to refute adequately the government's assertions with respect to customer complaints and testing results and the CMS finding reports;[9]
- If "[e]vidence of even one inaccurate result tends to show that Theranos was producing inaccurate results," it follows that evidence of accurate results tends to prove the opposite, and is exculpatory.  Order at 48-49.  Evidence of the potentially millions of accurate testing results that resided on the LIS is therefore central to the case and is now missing;
- There is a serious risk that jurors would wrongly fault Ms. Holmes for the loss of the LIS,

---

[7] *See* Ms. Holmes' Reply in Support of Motion to Exclude Anecdotal Test Results, Dkt. 730, at 1-2, 7-9, 12-16; 5/4/2021 Hr'g Tr. 53:25-54:16, 55:11-16, 55:17-57:8, 94:14-95:1.

[8] 5/4/2021 Hr'g Tr. 52:3-7.

[9] *See* Ms. Holmes' Reply in Support of Motion to Exclude Anecdotal Test Results, Dkt. 730 at 10-12.

MS. HOLMES' MOTION TO SUPPRESS
CR-18-00258 EJD

6

- despite her lack of involvement;[10]

- Without the evidence contained in the LIS, there is a serious risk that jurors will wrongly shift the burden of disproving the government's accuracy-and-reliability allegations to Ms. Holmes.[11]

*See Loud Hawk*, 628 F.2d at 1152 (Kennedy, J., concurring). The balance of these factors clearly favors Ms. Holmes, and requires suppression in order to protect her constitutional rights.[12]

## II. An Evidentiary Hearing Is Necessary to Resolve Contested Issues of Fact Relating to the Government's Failure to Gather and Preserve the LIS Evidence and the Ensuing Prejudice to Ms. Holmes.

The Ninth Circuit has held that an evidentiary hearing in support of a motion to suppress is necessary "when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *Howell*, 231 F.3d at 620. Here, the Court has recognized the existence of a "factual dispute" about fault for the loss of this evidence, as has the government. 5/4/2021 Hr'g Tr. 51:23-25; *see also id*. at 83:17-18, 22-23 (government argument: "[T]here is a factual dispute. The government recognizes that."). In addition, the 24-page *Brady* letter raises questions about the government's conduct in this case that need to be explored. *See supra* pp. 2-3; *infra* pp. 7-8. And while the government and Ms. Holmes appear to agree, as a factual matter, about the contents and functionality of the LIS, *see supra* p. 2, there is a dispute as to the degree of prejudice associated with the government's failure to collect and preserve the LIS, *compare* 5/4/2021 Hr'g Tr. at 47:20-48:23, with *id*. at 79:16-19.

---

[10] 5/4/2021 Hr'g Tr. 82:14-17 (erroneously insinuating, without evidence, that Ms. Holmes was involved in the loss of the LIS).

[11] 5/4/2021 Hr'g Tr. 62:19-22, 63:3-13, 87:20-88:11, 90:9-10.

[12] Indeed, even if this Court determines after hearing all the evidence at a suppression hearing that no constitutional violation occurred, the poor quality of the government's conduct and the severe prejudice to Ms. Holmes still require suppression. *See Zuniga-Garcia*, 472 F. App'x at 499 (balance of government conduct and prejudice to defendant required sanction, regardless of whether a constitutional violation occurred).

MS. HOLMES' MOTION TO SUPPRESS
CR-18-00258 EJD

7

**III.     The Court Should Direct the Government to Produce the Evidence Relating to its October 2020 *Brady* Letter That Ms. Holmes Requested More Than Six Months Ago.**

Because *Flyer/Loud Hawk* balancing requires an assessment by this Court of the quality of the government's conduct (including the degree of involvement of the prosecution team), Ms. Holmes asks the Court to direct the government to produce certain information relating to its October 2020 *Brady* Letter, which purports to catalogue the government's steps to collect and preserve the evidence residing in the LIS.  *See Brady* Letter; *see also* 5/4/2021 Hr'g Tr. 55:17-25.  That document does not identify by name numerous government attorneys, paralegals, and litigation support staff directly involved in the events at issue.  On November 18, 2020, undersigned counsel requested that information, as well as the documents identified in the *Brady* letter (some of which appear to be quoted in the letter).  *See* Wade Decl., Exs. 1-4.  The government has refused to produce that evidence, despite repeated requests over the past six-plus months.  *See id*.  Because *Flyer* requires this Court to assess the quality of the government's conduct in failing to preserve the LIS, Ms. Holmes requires this evidence in order to prepare for the requested hearing.[13]

*          *          *

For the foregoing reasons, Ms. Holmes respectfully moves to suppress evidence of customer complaints and testing results and the CMS report findings, and seeks an evidentiary hearing in support of this motion.

DATED: June 2, 2021

/s/ Lance Wade
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

---

[13] Independently of the requested hearing on her Motion to Suppress, Ms. Holmes is entitled to this evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and Fed. R. Crim. P. 16.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2021, a copy of this filing was delivered via ECF on all counsel of record.

          /s/ Lance Wade
          LANCE WADE
          Attorney for Elizabeth Holmes