# Exhibit 3



United States Attorney
Northern District of California

<table>
<tr><td>1301 Clay Street, Suite 340S<br>Oakland, California 94612</td><td>(510) 637-3680<br>Fax (510) 637-3724</td></tr>
</table>

December 4, 2020

*By Email*

Kevin Downy, Esq.
Lance Wade, Esq.
Amy Saharia, Esq.
Katie Trefz, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005

  Re: *United States v. Holmes*, CR 18-258 EJD

Dear Counsel:

  I write in response to your November 18, 2020 letter.

  You write "[t]he government's efforts to investigate individuals other than Ms. Holmes for potential unlawful conduct relating to LIS is exculpatory of Ms. Holmes."  Without agreeing to your characterization, or that such material is discoverable under Rule 16, *Brady*, *Giglio*, or some other provision of law, we have been producing, and will continue to produce, to you any evidence the government receives relating to the 2018 destruction of Theranos's LIS database, regardless of whether the evidence was received in the investigation that preceded the indictments or through other means.

  We respectfully decline to "identify all witnesses who you have contacted or subpoenaed in connection with the ongoing [LIS] investigation."  But to the extent the government interviews witnesses regarding Theranos and/or LIS, we have been producing, and will continue to produce, to you any memoranda of interview prepared by the FBI, USPIS, and/or FDA-CI and any agent notes of the interview or any recording of the interview.

  We respectfully decline to produce "all subpoenas served in connection with the ongoing LIS investigation."  As we stated previously, any Grand Jury subpoenas are subject to Federal Rule of Criminal Procedure 6(e) and are not subject to disclosure under Rule 16.  During prior meet and confer sessions on the issue of Grand Jury subpoenas, I requested any authority you have requiring their production.  To the extent you have any, please bring it to my attention.

  To the extent the government interviews witnesses regarding Theranos and/or LIS, we have been producing, and will continue to produce, to you communications with witnesses.  We

do not believe our obligation extends to communications with counsel. If you disagree, please bring any authority to my attention.

To the extent the government interviews witnesses regarding Theranos and/or LIS, we have been producing, and will continue to produce, to you "proffer or immunity agreements that the government has entered into with witnesses (or counsel for same) in connection with the ongoing LIS investigation." I note, the government entered into a proffer agreement with ▇ ▇ on or about October 16, 2020. The government entered into a proffer agreement with ▇ on or about November 2, 2020. Those agreements are attached for your convenience.

I am not aware of an obligation for the government to "identify any witnesses who the government has identified as targets or subjects of [an] investigation." Please bring any authority you have on this issue to my attention.

To the extent the government interviews witnesses regarding Theranos and/or LIS, we have been producing, and will continue to produce, to you all statements of witnesses made during the course of any investigation, without regard to whether they "(i) relate to government knowledge of the LIS or technical information or expertise needed to access it; (ii) suggests that someone other than Ms. Holmes was responsible for the 'decommissioning' of the LIS; (iii) suggests that nothing improper happened in connection with the 'decommissioning' of the LIS; or (iv) would otherwise be responsive to the requests set forth in [your] August 4, 2020 letter on LIS." We do not believe our obligation extends to communications with counsel for witnesses. If you disagree, please bring any authority to my attention.

With respect to Paragraph 6, we have no additional documents to produce beyond our prior productions.

With respect to Paragraph 7, the correct year is 2018.

With respect to Paragraph 8, to the extent the government has or obtains such documents from third parties, we have been producing, and will continue to produce, them to you.

Our October 29, 2020 letter meets or exceeds any *Brady*, *Jencks*, or *Giglio* obligation with respect to the matters discussed therein. Your witness list identifies only Special Agent ▇ as a potential witness; we can perceive no discernible need to list individual AUSAs, agents, SEC attorneys, or DOJ staff described in our prior letter. Nor does *Brady* require information be produced in a particular form. See Justice Manual § 9-5.002; *see also United States v Brown*, 2010 WL 3359471 (S.D. Tex. Aug. 23, 2010).

Very truly yours,

STEPHANIE M. HINDS
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

/s Robert S. Leach
_____
ROBERT S. LEACH
JEFFREY SCHENK
JOHN C. BOSTIC
VANESSA BAEHR-JONES
Assistant United States Attorneys

cc    Jeff Coopersmith, Esq. (by email)