# Exhibit 4

LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

LANCE WADE
(202) 434-5755
lwade@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 18, 2020

<u>Via Email</u>

Mr. Jeffrey Schenk, Esquire
Mr. Robert Leach, Esquire
Mr. John C. Bostic, Esquire
Ms. Vanessa Baehr-Jones, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

    Re:    <u>United States v. Elizabeth Holmes – No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

    This letter responds to your October 29, 2020, *Brady* letter re LIS ("*Brady* Letter") and related correspondence.

1. The general descriptions of government personnel contained in the *Brady* Letter—such as "an AUSA," "FBI agents," "a Postal Inspector," an "SEC attorney," "government attorneys," "attorneys for the government," "a paralegal," "IT Department Representative" and "ALS Supervisor"— fail to provide Ms. Holmes adequate information for the preparation of her defense. Many of these individuals could be witnesses, and they need to be specifically identified. For each numbered paragraph in the *Brady* Letter, please identify specific government personnel involved in the relevant communications.

2. Based on the *Brady* Letter, it appears that many different components and personnel of the United States Attorney's Office for the Northern District of California were deeply involved in the government's failure to obtain and preserve critical evidence regarding Theranos' LIS, and that the importance of this evidence was long known to the government in the years prior to the Theranos' assets being assigned for the benefit of creditors. The extensive involvement of personnel in your office presents

**WILLIAMS & CONNOLLY LLP**

Re: United States v. Holmes
November 18, 2020
Page 2

    obvious conflict of interest concerns. Please explain what your office is doing to address these conflicts and ensure that these matters are being investigated fairly.

3. Please produce all 302s, MOIs, or notes of interviews (formal or informal) of the government personnel who you identify in connection with our request in #1 above. If those witnesses have testified before a grand jury, please produce their transcripts. If they have produced documents, please produce those materials to us. Disclosure of these materials is required under *Brady*, *Giglio*, *Jencks*, and/or Rule 16.

4. Many of the documents identified in the *Brady* Letter may be needed as trial exhibits. As I am sure you know, Ms. Holmes' Sixth Amendment right to present a defense trumps any privilege claim that the government may have over such documents. Please produce all documents that you have withheld. If you refuse to produce those documents, please provide a privilege log of the materials you are withholding so that we have a basis to litigate this issue.

5. Based on the materials produced recently, it appears that the government is actively using a grand jury to gather large amounts of evidence regarding LIS issues. Virtually none of these materials relate to any actions of Ms. Holmes. The government's efforts to investigate individuals other than Ms. Holmes for potential unlawful conduct relating to LIS is exculpatory of Ms. Holmes. Therefore, pursuant to *Brady* and *Giglio*, please:

    a. identify all witnesses who you have contacted or subpoenaed in connection with the ongoing LIS investigation;

    b. produce all subpoenas served in connection with the ongoing LIS investigation;

    c. produce all communications with witnesses (or counsel for same) in connection with the ongoing LIS investigation;

    d. produce any proffer or immunity agreements that the government has entered into with witnesses (or counsel for same) in connection with the ongoing LIS investigation;

    e. identify any witnesses who the government has identified as targets or subjects of the ongoing LIS investigation; and

    f. produce all statements of witnesses or their counsel (or summarize oral statements) made during the course of the ongoing LIS investigation that: (i) relate to government knowledge of the LIS or technical information or expertise needed to access it; (ii) suggests that someone other than Ms. Holmes was responsible for the "decommissioning" of the LIS; (iii) suggests that nothing improper happened in

WILLIAMS & CONNOLLY LLP

Re: United States v. Holmes
November 18, 2020
Page 3

      connection with the "decommissioning" of the LIS; or (iv) would otherwise be responsive to the requests set forth in my August 4, 2020 letter on LIS.

6. Pursuant to *Brady* and *Giglio*, please produce all documents and communications relating to efforts by the government to obtain the following software:

   - Microsoft SQL Server Enterprise License on Windows Server 2012R2
   - SQL Server Management Studio 2014 Management Studio or any other standard software to query SQL Server database

7. Please confirm that you identified the correct year in paragraph 48 of your *Brady* Letter.

8. Pursuant to *Brady* and *Giglio*, please produce all evidence (including internal documents, notes, and correspondence) regarding the need to have the original hardware (i.e., the physical servers) to access LIS and/or the effects of the government's failure to obtain that hardware prior to its disposal by the Theranos assignee.

9. Your July 23, 2020 letter states that: "shortly after receiving the [LIS] hard drive, government counsel corresponded with Theranos counsel by telephone in an effort to gain access to the data. During those calls, Theranos counsel confirmed that they were unaware of any additional information or software that would further facilitate government access to the data." Your *Brady* Letter and related productions provide no evidence regarding these post-production calls "to gain access to the data." Please produce all evidence (notes, internal emails, or any other documents) relating to the calls referenced in the July 23 letter.

    Given the current schedule in this matter, we would appreciate your prompt attention to these matters, and a response by COB Monday, November 23.

                                                                         Sincerely,

                                                                         Lance Wade

cc:     Jeff Coopersmith, Esq. (by email)