# Exhibit 7

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

LANCE WADE
(202) 434-5755
lwade@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 4, 2020

<u>Via Email</u>

Mr. John C. Bostic, Esquire
Mr. Robert Leach, Esquire
Ms. Vanessa Baehr-Jones, Esquire
Mr. Jeffrey Schenk, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

      Re:    <u>United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani</u>
               <u>No. CR-18-00258-EJD (N.D. Cal.)</u>

Dear Counsel:

      I write to follow up on recent correspondence regarding the Theranos LIS Database. Your recent disclosures present serious concerns about the government's failure to preserve and produce evidence.  The accusations against Ms. Holmes set forth in the Rule 404(b) notices regarding the database are not rooted in evidence the government has gathered, and it is apparent that the government had not investigated the matter when it made the accusations.  Indeed, it appears the government is trying to mask its own failures and other troubling conduct by accusing Ms. Holmes of "crimes, wrongs, or others acts."

      In light of these issues, and pursuant to Rule 16, *Brady*, and *Giglio*, please produce the following information:

1.  An explanation for why the government did not produce a copy of the LIS Database to the defense until June 26, 2020, when it has had possession of the database since 2018 and, among other things, stated that it had produced all Rule 16 material in its possession as of September 16, 2019;

WILLIAMS & CONNOLLY LLP
Re:  United States v. Holmes and Balwani
August 4, 2020
Page 2

2. All evidence[1] (including internal documents, notes, and correspondence) regarding why the government did not produce a copy of the LIS Database to the defense until June 26, 2020, when it has had possession of the database since 2018[2];

3. All evidence (including internal documents, notes, and correspondence) reflecting discussions about whether the government should seek the LIS Database, via subpoena or otherwise;

4. All evidence in the government's possession supporting your assertion that Ms. Holmes had any involvement in the "Decommissioning [of] Theranos's Laboratory Information System database," as described in your March 6th and April 3rd 404(b) disclosures;

5. All evidence in the government's possession supporting your assertion that anyone other than Ms. Holmes had any involvement in the "Decommissioning [of] Theranos's Laboratory Information System database," as described in your March 6th and April 3rd 404(b) disclosures;

6. All evidence (including internal documents, notes, and correspondence) reflecting statements that the government was aware of, or told by Theranos or its counsel, that the LIS Database would be "decommissioned";

7. All evidence (including internal documents, notes, and correspondence) showing the date on which the government was made aware of the existence of the LIS Database;

8. All evidence (including internal documents, notes, and correspondence) indicating that the government was told or understood that the LIS Database is evidence that the government should obtain in its investigation;

---

[1] As you know, the government's *Brady* and *Giglio* obligations extend beyond documentary evidence.  If witnesses or counsel have made statements covered by the requests set forth in this letter, or if other responsive information resides in the recollections of government counsel but was not memorialized in written form, the government is obligated to disclose that information and/or statements, whether or not they have been memorialized in notes, MOUs, 302s, or transcripts.  *Mellen v. Winn*, 900 F.3d 1085, 1089 (9th Cir. 2018) (finding oral statement to law enforcement required disclosure under *Brady*/*Giglio*); *United States v. Rodriguez*, 496 F.3d 221, 222 (2d Cir. 2007)(stating government cannot not avoid its obligation to disclose under *Brady*/*Giglio* by not writing information down).

[2] To the extent you contend that you have already produced such evidence, please identify it by bates-number, consistent with your obligations under FRE 404(B) and Local Criminal Rule 16-1(c)(3).

WILLIAMS & CONNOLLY LLP
Re:  United States v. Holmes and Balwani
August 4, 2020
Page 3

9. All evidence (including internal documents, notes, and correspondence) showing that the government was aware that Theranos may cease operations;

10. All evidence (including internal documents, notes, and correspondence) showing that the government was aware that Theranos may sell property or equipment, or close facilities;

11. All communications or notes of conversations with Theranos or counsel for Theranos relating to subpoena compliance efforts;

12. All evidence (including internal documents, notes, and correspondence) regarding your phone call with counsel for Theranos regarding the LIS database, as referenced in ████████ ████████ July 25, 2018 email to the "Wilmer team";

13. All evidence (including internal documents, notes, and correspondence) regarding any other phone calls in which the government discussed the LIS database with Theranos or its counsel;

14. All evidence (including internal documents, notes, and correspondence) reflecting communications with Theranos or its counsel in which the government advised of difficulty the government was having accessing the LIS Database;

15. The "Email with password" referenced in US-REPORTS-0010269;

16. A photograph of the hard drive referenced in US-REPORTS-0010269;

17. All chain of custody documents relating to the hard drive referenced in US-REPORTS-0010269;

18. Documents sufficient to show all people who accessed evidence package 1A130, and the dates on which they accessed it;

19. All communications or notes of conversations between the government and Theranos (assignment for the benefit of creditors) LLC or counsel for the Assignee regarding the LIS database; and

20. All evidence (including internal documents, notes, and correspondence) reflecting or discussing efforts by the government to retrieve, access, or decrypt the data contained on the Seagate hard drive referenced in US-REPORTS-0010269.

The Court has previously directed that there are Rule 16 obligations with respect to the FDA and the CMS, so please ensure that your response includes their conduct with regard to these requests.  If you refuse to produce any of the requested materials on the grounds of privilege or work product, please log the materials you are not producing so that we can litigate our disagreements regarding *Brady* issues.  As you undoubtedly know, *Brady* trumps claims of work product by the government.  *United States v. Kohring,* 637 F.3d 895, 907 (9th Cir. 2011) (stating

WILLIAMS & CONNOLLY LLP
Re:  United States v. Holmes and Balwani
August 4, 2020
Page 4

government has obligation under *Brady* to disclose all "underlying exculpatory facts" in work
product).

       We appreciate your time and attention to this matter.

                         Sincerely,

                         Lance Wade

cc:     Jeff Coopersmith, Esq. (by email)