JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR-18-00258-EJD |
| ) | |
| Plaintiff, ) | **MS. HOLMES' PRETRIAL CONFERENCE STATEMENT** |
| v. ) | |
| ) | Date: June 15, 2021 |
| ELIZABETH HOLMES and ) | Time: 10:00 AM |
| RAMESH "SUNNY" BALWANI, ) | CTRM: 4, 5th Floor |
| ) | |
| Defendants. ) | Hon. Edward J. Davila |
| ) | |

Pursuant to Criminal Local Rule 17.1-1(b) and this Court's December 18, 2020 Revised Order Setting Case Schedule, Dkt. 650, Ms. Holmes submits the following Pretrial Conference Statement:

I. **Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2.**

Ms. Holmes made her disclosures pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure on May 6, 2021. Ms. Holmes will use witness statements in accordance with the Federal Rules of Evidence. In the interest of avoiding delays and continuances during the trial, Ms. Holmes requests that the government immediately produce any Jencks Act material that is presently in the government's possession or that is subsequently received by the government.

II. **Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial.**

Ms. Holmes has received transcripts of grand jury testimony for several individuals who have been identified as potential witnesses at the trial. Ms. Holmes will use the grand jury testimony in accordance with the Federal Rules of Evidence. In the interest of avoiding delays and continuances during the trial, Ms. Holmes requests that the government immediately produce any grand jury transcripts for witnesses intended to be called at trial that have not yet been disclosed.

III. **Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment.**

Ms. Holmes understands that the government is obligated to certify its status as to the disclosure of *Brady* and *Giglio* information in its possession in connection with the submission of its pretrial conference statement. Dkt. 650 at 2. Ms. Holmes has several outstanding requests with the government for the production of certain information that is likely in the government's possession and subject to the government's *Brady* and/or *Giglio* obligations, including, but not limited to:

1. Ms. Holmes' November 18, 2020 request for certain information relating to the government's 24-page *"Brady* Letter," which purports to catalogue the government's steps to collect and preserve the evidence residing in the LIS. *See* Dkt. 732-2 (October 29, 2020 Letter from R. Leach to L. Wade); Dkt. 811-1 to -9 (correspondence between undersigned counsel and government seeking *Brady* material relating to the LIS). The

        government's *Brady* Letter does not identify by name numerous government attorneys, paralegals, and litigation support staff (as well as other government personnel) directly involved in the events at issue.  And the government has not otherwise provided the documents identified (and sometimes quoted) in the *Brady* Letter.  This request is addressed in Ms. Holmes' pending Motion to Suppress.  *See* Dkt. 810 at 8.

    2.    Ms. Holmes' April 19, 2021 request for certain information in the government's possession related to Dr. Adam Rosendorff's employment as the laboratory director at uBiome.

Ms. Holmes will be prepared to provide the Court with an update as to the status of those requests at the pretrial conference.

**IV.  Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses.**

    As of the date of this filing, the parties have not entered into any stipulations of fact.

**V.  Appointment by the Court of interpreters under Fed. R. Crim. P. 28.**

    Ms. Holmes does not anticipate a need for interpreters in this matter.

**VI.  Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations.**

    On February 11, 2020, this Court granted Ms. Holmes' motion to dismiss counts two and nine through eleven of the Superseding Indictment to the extent those counts depend on (1) doctors; (2) insured patients; and/or (3) non-paying patients.  Dkt. 330 at 27-35.  The Court subsequently reaffirmed this ruling as it relates to the Second and Third Superseding Indictments.  Dkt. 552 at 27-28.

    On May 22, 2021, this Court granted or granted-in-part certain of Ms. Holmes' motions *in limine* to exclude certain evidence or argument from the trial.  *See* Dkt. 798.  To the extent the Court deferred on ruling on Ms. Holmes' motions *in limine*, the resolution of those motions may further narrow or eliminate certain issues from the case.

**VII.  Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant.**

    On March 20, 2020, the Court ordered that the trials of Ms. Holmes and Mr. Balwani, her co-defendant, be severed for good cause.  Dkt. 362.

**VIII. Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

The government has yet to identify any informers, lineup evidence, or other identification evidence. To the extent the government has any such evidence, it should be ordered to immediately disclose that evidence, and Ms. Holmes will raise any issues with the Court at an appropriate time.

Ms. Holmes is also presently unaware of any prior convictions evidence that either party would seek to introduce at the trial. To the extent the government has any such evidence with respect to any witness, it should be ordered to immediately disclose that evidence, and Ms. Holmes will raise any issues with the Court at an appropriate time.

**IX. Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal.**

Pursuant to this Court's scheduling order, the government served its witness list on June 26, 2020, and Ms. Holmes served her preliminary witness list on October 13, 2020. On November 12, 2020, the government informed Ms. Holmes that it intended to serve an updated witness list no later than December 12, 2020. On December 17, 2020, the government identified ten additional witnesses, but did not provide an updated witness list. Despite Ms. Holmes' repeated requests for more than six months (in letters dated December 16, 2020, January 20, 2021, February 22, 2021, and May 12, 2021) that the government serve its updated witness list, the government has yet to provide such a list. Because the government has created uncertainty as to the witnesses it intends to call at the trial, and because any defense case that Ms. Holmes may offer turns on the scope and nature of the government's case-in-chief, Ms. Holmes expects to file a revised witness list once she has had a sufficient opportunity to review the government's revised witness list and understand what has changed with respect to the government's case-in-chief.

**X. Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal.**

Pursuant to this Court's scheduling order, the government served its exhibit list on June 26, 2020, and Ms. Holmes served her preliminary exhibit list on October 13, 2020. On November 12, 2020, the government informed Ms. Holmes that it intended to serve an amended exhibit list "in the near

1  future" that would remove a set of unidentified documents as exhibits and would "include additional
2  items the government has obtained or selected as a result of its ongoing investigation." To date, and
3  despite Ms. Holmes' repeated requests, the government has yet to provide an amended exhibit list.
4  Because the government has created uncertainty as to the exhibits it intends to introduce at trial, and
5  because any defense case that Ms. Holmes may offer turns on the scope and nature of the government's
6  case-in-chief, Ms. Holmes expects to file an amended exhibit list once she has had a sufficient
7  opportunity to review the government's revised exhibit list and understand what has changed with
8  respect to the government's case-in-chief.

In light of the volume of documents identified as exhibits in this case and ongoing issues associated with the COVID-19 pandemic, Ms. Holmes will be prepared to discuss at the pretrial conference the Court's preferred method of receiving documents that have been marked as exhibits.

**XI.   Pretrial resolution of objections to exhibits or testimony to be offered at trial.**

On May 22, 2021, this Court issued an order on the parties' motions *in limine*, which addressed and/or resolved various objections to evidence or testimony expected to be offered at the trial. Dkt. 798. To the extent there is an opportunity to resolve additional issues prior to trial with respect to (1) motions *in limine* where a ruling was deferred; (2) the government's forthcoming amended witness and exhibit lists; (3) the production of additional discovery from the government in light of its ongoing investigation of the case; or (4) other disclosures made by the government prior to the trial, Ms. Holmes will seek to raise those issues promptly and at an appropriate time.

**XII.   Preparation of trial briefs on controverted points of law likely to arise at trial.**

Ms. Holmes expects the following legal issues to arise before and during the trial:

1. Ms. Holmes expects that evidentiary disputes will arise throughout the trial. These issues will likely relate to the admissibility of witness testimony and exhibits, including but not limited to with respect to issues that were deferred or denied without prejudice in the Court's ruling on motions *in limine*. *See* Dkt. No. 798 at 16, 20, 30, 44, 56, 57 (anticipating further litigation of evidentiary issues before and during the trial). In many cases, it will be desirable and efficient to address these issues with the Court in advance of a witness's testimony, outside the presence of the jury. In some cases, Ms. Holmes

|   |   |   |
|---|---|---|
| | | may submit legal argument in writing in advance of a witness's testimony. To facilitate the orderly resolution of such evidentiary issues, Ms. Holmes proposes that the parties exchange by close of business (6:00 PM Pacific Time) each Thursday a list of the anticipated witnesses to be called the following week and the anticipated order of call. |
| | 2. | Ms. Holmes has moved to suppress evidence of customer complaints and testing results as well as the findings of the January 2016 CMS Report. Dkt. 810. The government's failure to preserve the evidence residing in the LIS has deprived Ms. Holmes of the ability to refute adequately the government's use of this anecdotal evidence at trial. Allowing the government to present this evidence at trial would infringe Ms. Holmes' constitutional rights to due process and to present a complete defense. |
| | 3. | Ms. Holmes intends to file written objections to the government's proposed jury instructions at an appropriate time in advance of the charge conference. |

If any further issues arise at the pretrial conference or before the trial, Ms. Holmes will request an opportunity to submit additional briefing on those issues.

## XIII. Scheduling of the trial and of witnesses.

Jury selection is scheduled to begin on August 31, 2021, at 9:00 AM, and the trial is scheduled to being on September 7, 2021, at 9:00 AM. Ms. Holmes understands that the Court currently expects the trial to continue each week on Tuesday, Thursday, and Friday (excluding federal holidays) through December 17, 2021. Because the extent of any defense case (if any) will depend on the witnesses and evidence that the government presents in its case-in-chief, Ms. Holmes cannot yet offer a reasonable estimate for the presentation of the defense's evidence at the trial.

To date, the parties have identified more than 200 potential witnesses who may testify at the trial. In order to facilitate an efficient trial and to provide for the orderly resolution of evidentiary issues, Ms. Holmes proposes that the parties exchange by the close of business (6:00 PM Pacific Time) each Thursday a list of the anticipated witnesses to be called the following week and the anticipated order of call.

**XIV. Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions.**

On May 27, 2021, Ms. Holmes filed a Request for an Expanded Summons and Jury Questionnaire, as well as Individual *Voir Dire* with Counsel, Dkt. 799, in light of the extraordinary and prejudicial publicity of this case and the issues associated with the COVID-19 pandemic. Ms. Holmes also filed a proposed jury questionnaire, Dkt. 808, and proposed jury instructions, Dkt. 809. Ms. Holmes is prepared to address these submissions with the Court at the pretrial conference.

**XV. Any other matter which may tend to promote a fair and expeditious trial.**

Ms. Holmes requests that the Court order that potential witnesses (other than Ms. Holmes, a case agent, and the parties' experts) be excluded under Federal Rule of Evidence 615. Ms. Holmes further requests that the Court (1) exclude counsel for witnesses; and/or (2) personally admonish counsel for witnesses not to reveal to their clients or to other witnesses, directly or indirectly, the substance of any trial proceedings, including witness testimony, direct or cross examination questions, or attorney argument (including opening statements).

Ms. Holmes will be prepared to discuss with the Court and the government at the pretrial conference any modifications to trial procedures or the layout of the courtroom that are necessary in light of the COVID-19 pandemic.

Ms. Holmes is willing to meet and confer with the government about any other issues not addressed here that would promote a fair and expeditious trial.

DATED: June 3, 2021

/s/ *Lance Wade*
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2021, a copy of this filing was delivered via ECF on all counsel of record.

/s/ *Lance Wade*
LANCE WADE
Attorney for Elizabeth Holmes