1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  JEFF SCHENK (CABN 234355)
   JOHN C. BOSTIC (CABN 264367)
5  ROBERT S. LEACH (CABN 196191)
   KELLY I. VOLKAR (CABN 301377)
6  Assistant United States Attorneys

7      150 Almaden Boulevard, Suite 900
       San Jose, California 95113
8      Telephone: (408) 535-5061
       Fax: (408) 535-5066
9      Robert.Leach@usdoj.gov

10 Attorneys for United States of America

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14 UNITED STATES OF AMERICA,            )  Case No. 18-CR-00258 EJD
                                        )
15      Plaintiff,                      )  UNITED STATES' PRETRIAL CONFERENCE
                                        )  STATEMENT
16    v.                                )
                                        )  Date:   June 15, 2021
17 ELIZABETH HOLMES,                    )  Time:   10:00 a.m.
                                        )  Court:  Hon. Edward J. Davila
18      Defendant.                      )
                                        )
19 _____ )

20

21

22

23

24

25

26

27

28

U.S.' PRETRIAL CONFERENCE STATEMENT,
CASE NO. 18-258 EJD

Pursuant to this Court's December 18, 2020 Scheduling Order (ECF No. 650) and Criminal Local Rule 17-1-1(b), the government respectfully submits its Pretrial Conference Statement.

**1.    Disclosure and Contemplated Use of Statements or Reports of Witnesses Under the Jencks Act, 18 U.S.C. § 3500, or Fed. R.Crim. P. 26.2**

The United States has conducted a thorough search for statements subject to the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 and has produced all such statements identified to date.  The government will continue to produce any Jencks/Rule 26.2 material it obtains, generates, or subsequently identifies.

**2.    Disclosure and Contemplated Use of Grand Jury Testimony of Witnesses Intended to Be Called at the Trial**

The United States has produced all Grand Jury testimony of witnesses intended to be called at the trial.

**3.    Disclosure of Exculpatory or Other Evidence Favorable to the Defendant on the Issue of Guilt or Punishment**

The United States has conducted a thorough search for information discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny and produced all such information identified to date.  The government acknowledges its ongoing obligations under *Brady*.  The government will continue to produce any *Brady* material it obtains, generates, or subsequently identifies.

The government has produced to Defendant a memorandum documenting the interview of a former Theranos employee in connection with a separate government investigation.  On April 19, 2021, the Defendant requested additional material related to that former employee that the government may have obtained in connection with that separate investigation, which involves a company unrelated to Theranos.  The government is reviewing material gathered in the separate investigation and will produce any material subject to *Giglio v. United States*, 405 U.S. 150 (1972), subject to an appropriate protective order.

Except as indicated above, the government has produced all *Giglio* information identified to date.  The government acknowledges its ongoing obligations under *Giglio*.  The government will continue to produce any *Giglio* material it obtains, generates, or subsequently identifies.

**4.      Stipulation of Facts Which May Be Deemed Proved at the Trial Without Further Proof By Either Party and Limitation of Witnesses**

The government has provided an initial set of evidentiary stipulations for Defendant to consider. The government is seeking stipulations that certain communications or wire transfers were "interstate wire communications" and that emails bearing certain Bates prefixes produced by Theranos are true and correct copies of emails sent or received by Theranos personnel. The government anticipates seeking further stipulations regarding the authenticity of records produced in the underlying investigation. At this time, the parties have not finalized stipulations to present to the Court. In the event the parties reach agreement, the stipulations will be reduced to writing, signed by the parties, filed with the Court, and published to the jury at the appropriate time during the course of the trial.

**5.      Appointment By the Court of Interpreters Under Fed. R. Crim. P. 28**

The government is not aware of any need for interpreters in this case.

**6.      Dismissal of Counts and Elimination from the Case of Certain Issues, e.g., Insanity, Alibi, and Statute of Limitations**

Defendant filed six motions to dismiss the Second and Third Superseding Indictments, which were denied on October 13, 2020. ECF No. 552 at 11, 14, 18, 22, 24, 27, 28. Under Federal Rule of Criminal Procedure 12.2, the Defendant has given notice she intends to introduce expert evidence relating to a mental disease or defect or other mental condition of the defendant bearing on the issue of guilt.

**7.      Joinder Pursuant to Fed. R. Crim. P. 13 or the Severance of Trial As to Any Co-Defendant**

On March 20, 2020, the Court ordered severance of the trials of Defendant and Ramesh Balwani, who is also named in the operative indictment. ECF No. 362.

**8.      Identification of Informers, Use of Lineup or Other Identification Evidence and Evidence of Prior Convictions of Defendant or Any Witness, Etc.**

The United States did not use "informers," as it understands the term, during the criminal investigation of the conduct that gave rise to the Third Superseding Indictment. The United States did not use a "lineup" in the investigation of the conduct that gave rise to the Third Superseding Indictment.

The government anticipates numerous witnesses will identify the Defendant and that there will be no meaningful dispute about identification at the trial.  The government is unaware of prior convictions of Defendant or witnesses; in the event it learns of any it will make appropriate disclosures.

**9.      Pretrial Exchange of Lists of Witnesses Intended to Be Called in Person or By Deposition to Testify at Trial, Except Those Who May Be Called Only for Impeachment or Rebuttal**

On June 26, 2020, the United States served a witness list.  The United States served an amended witness list on June 3, 2021.

**10.     Pretrial Exchange of Documents, Exhibits, Summaries, Schedules, Models or Diagrams Intended to Be Offered or Used at Trial, Except Materials That May Be Used Only for Impeachment or Rebuttal**

On June 26, 2020, the United States served an exhibit list.  The United States served an amended exhibit list on June 3, 2021.  The government respectfully reserves the right to amend its list further prior to and during the trial, if necessary.  The government will provide the Court with all pre-marked exhibits as the Court directs and respectfully recommends that the exhibits be provided electronically given the volume.  The government also respectfully recommends exhibits be provided to the Court and the defense in binders relevant to specific witnesses shortly before each witness's testimony.  The United States continues to prepare summaries, diagrams, and demonstrative exhibits in anticipation of trial, and will share them with defense counsel as they are completed.

**11.     Pretrial Resolution of Objections to Exhibits or Testimony to Be Offered at Trial**

On May 21 and 22, the Court issued orders on motions *in limine*.  E.g., ECF Nos. 797 & 798.  The government anticipates working with defense counsel to resolve further objections to exhibits and testimony before bringing any matters to the attention of the Court.

**12.     Preparation of Trial Briefs on Controverted Points of Law Likely to Arise at Trial**

Given the Court's familiarity with the case and the legal issues, the government does not plan to submit a trial brief before the trial starts, unless the Court requests or requires otherwise.  To the extent controverted issues arise during trial, the government reserves the right to present short briefs to aid the Court's resolution of such issues.

**13.      Scheduling of the Trial and of Witnesses**

A reasonable estimate for presentation of the United States' case-in-chief is eight weeks,

excluding time dedicated to jury selection, opening statements, instruction, and closing arguments.

**14.      Request to Submit Questionnaire for Prospective Jurors Pursuant to Crim. L.R.
24-1, Voir Dire Questions, Exercise of Peremptory and Cause Challenges and Jury
Instructions**

On May 27, 2021, the government filed its proposed jury instructions, jury verdict, and jury

questionnaire.  ECF Nos. 804, 805, & 802.  That same day, Defendant filed her proposed jury

instructions and jury questionnaire, as well as a request for additional relief regarding the jury selection

process.  ECF Nos. 809, 808, & 799.  On June 3, 2021, the government filed its response.  ECF No. 813.

The government respectfully requests the opportunity to review and comment on any questionnaire the

Court elects to employ, and to present objections to Defendant's proposed jury instructions.

**15.      Any Other Matter Which May Tend to Promote a Fair and Expeditious Trial**

The government will work with defense counsel and with witnesses and the Court to ensure the

safety of all participants in the trial and compliance with the Court's standing orders regarding health

protocols in light of the COVID-19 pandemic.  The government also will work with defense counsel to

resolve other matters in an effort to promote a fair and expeditious trial and will bring timely to the

Court's attention matters on which the parties disagree.

DATED:  June 3, 2021                                              Respectfully submitted,

                                                                                   STEPHANIE M. HINDS
                                                                                   Acting United States Attorney

                                                                                   *Robert S. Leach*
                                                                                   _____
                                                                                   JEFF SCHENK
                                                                                   JOHN C. BOSTIC
                                                                                   ROBERT S. LEACH
                                                                                   KELLY I. VOLKAR
                                                                                   Assistant United States Attorneys