UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES

**Date:** June 15, 2021   **Time:** 10:10-12:00 pm   **Judge:** Edward J. Davila

**Total Time:** 1 Hr. 50 Mins.

**Case No.**: 18-cr-00258-EJD-1   **Case Name:** UNITED STATES v. Elizabeth Holmes(P)(NC)

**Attorney for Plaintiff:** Jeffrey Schenk, John Bostic, Robert Leach, Kelly Volkar
**Attorney for Defendant:** Kevin Downey, Lance Wade, Amy Saharia, Katherine Trefz, Richard Cleary

**Deputy Clerk:** Adriana M. Kratzmann   **Court Reporter:** Irene Rodriguez

**Interpreter:** N/A   **Probation Officer:** N/A

### PROCEEDINGS – PRETRIAL CONFERENCE
### IN-COURT Via AT&T Telephone Conference Audio for Public

Defendant is present and out of custody. Hearing held.
The Parties estimate the length of the trial to be approximately 13 weeks possibly longer.
Jury Panel for trial will consist of 12 plus 4 alternates, a total of 16 jurors.
The Court provides the parties with a DRAFT case specific juror questionnaire and survey monkey for their review and the Court may consider possible edits/additions submitted by the parties as to the case specific questionnaire.
Prospective jurors (approx. 200) will come in on August 19 and 20, 2021 to complete the case specific juror questionnaire. Counsel shall provide the Jury Commissioner with 200 copies of the finalized questionnaire for the prospective jurors to complete. Once the questionnaires have been completed, counsel shall make the necessary hard copies from the original and shall also scan original questionnaire to create an electronic copy for the Court.
The Court will review the proposed voir dire submitted by the Parties and may incorporate the additional questions in voir dire of the prospective jury panel. The Court will allow counsel 30 mins to voir dire the jury panel. Should there be a need for individual questioning the Court will do so. The Court will not allow questions from the jurors during trial.
The Court has received the proposed jury instructions from the parties. The Court will schedule a Charging conference sometime near the close of evidence. The Court intends to use the Ninth Circuit Model Instructions, for preliminary instructions and as foundation for final instructions.

Cont'd on next page

P/NP: Present, Not Present
C/NC: Custody, Not in Custody
I: Interpreter

Adriana M. Kratzmann
Courtroom Deputy
Original: Efiled
CC:

The Parties shall provide the Court with an agreed upon neutral statement of the case. If a statement cannot be agreed upon then the Court will read the Indictment to the Jury.

The Parties indicate at this time there are no specials needs for witnesses and no interpreters necessary. Should this change the Parties shall notify the Court.

Fact witnesses shall be excluded from the courtroom during testimony. Fact witnesses shall not discuss their testimony with anyone and may be able to speak with their counsel. Experts shall NOT be required to be excluded during testimony.

Court ordered counsel to inform each other of the next day's witnesses. Counsel shall meet and confer as to possibly arranging a protocol for notice of witness line up prior to the week, possibly the Thursday/Friday prior to the next week.

**Exhibits** –
Parties shall update and exchange/disclose exhibit lists.
Counsel to provide each other and courtroom deputy with a list of the exhibits to be used with each witness every morning of trial. Counsel shall establish a protocol for informing the other side the night before of the exhibits to be used and notice of display for the witness testimony the next day. Advanced notice required the day before.
The Court is amenable to the electronic format of exhibits (initially) due to the enormity of exhibits.

Counsel shall provide the jurors with a trial binder which shall contain photos of the witnesses. There may be 2 binders one for government case and one for defense case.

The Government has made a certification as to the Brady/Giglio materials provided.
Counsel shall not directly address the jury.

The Court trial days will be Tuesday, Wednesday and Friday, possibly other half days. The Court may modify the trial time and set either 8:30-2pm or 9-2pm and possibly 30-minute lunch schedule. To be determined.

**Jury selection is scheduled for Tuesday, August 31, 2021 at 9:00 a.m.**

Cont'd on next page

**P/NP: Present, Not Present**
**C/NC: Custody, Not in Custody**
**I: Interpreter**

*Adriana M. Kratzmann*
**Adriana M. Kratzmann**
**Courtroom Deputy**
Original: Efiled
CC:

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government that is relevant to the guilt or punishment of a defendant, including, but not limited to, exculpatory evidence.

Accordingly, the Court Orders the government to produce to the defendant in a timely manner all information or evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment.

This Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges.

**EXCLUDABLE DELAY:  Previously ordered.**
Category – Effective preparation of Counsel
Ends: 8/31/2021

**P/NP: Present, Not Present**
**C/NC: Custody, Not in Custody**
**I: Interpreter**

*Adriana M. Kratzmann*
**Adriana M. Kratzmann**
**Courtroom Deputy**
**Original: Efiled**
**CC:**