# EXHIBIT C



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
San Francisco Regional Office
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

**DIVISION OF ENFORCEMENT**

Jessica W. Chan
Counsel
(415) 705-2451

October 19, 2015

**VIA OVERNIGHT DELIVERY AND EMAIL (hking@theranos.com)**

Heather King, General Counsel
Theranos, Inc.
1701 Page Mill Road
Palo Alto, CA 94304

      Re:    In the Matter of Theranos, Inc. (MSF-4030)

Dear Ms. King:

We believe Theranos, Inc. ("Theranos") may possess documents and data that are relevant to an ongoing investigation being conducted by the staff of the United States Securities and Exchange Commission. Accordingly, we hereby provide notice that such evidence should be reasonably preserved and retained until further notice. Failure to do so could give rise to civil and criminal liability.

The Commission considers potentially relevant documents to include those created on or after January 1, 2010 that

    (1) Were created, modified or accessed by the following individuals:

        (a) Elizabeth Holmes, Chairman and CEO;

        (b) Sunny Balwani, President and COO;

        (c) Ian Gibbons;

        (d) Any former or current lab personnel tasked with proficiency testing; or

        (e) Any former or current lab personnel tasked with reviewing and analyzing testing
           results from Edison; or

    (2) Relate or refer to the following topics:

Heather King
October 19, 2015
Page 2

(a) Prospective or current investors, including, but not limited to, communications with prospective or current investors and investor lists;

(b) Representations made by Theranos to prospective or current investors, including, but not limited to, any marketing materials, offering materials, or notes of meetings with those investors;

(c) Funding received by Theranos;

(d) Theranos' Board of Directors, including, but not limited to, communications with or among the Board and Board meeting agendas and minutes;

(e) Theranos' technology, services, or products, including, but not limited to, Edison;

(f) Theranos' lab testing, including, but not limited to, methodology, equipment used, and results;

(g) The accuracy of Theranos' technology, services, or products, including, but not limited to, Edison;

(h) Any healthcare regulatory agency (including, but not limited to, the U.S. Food and Drug Administration and Centers for Medicare & Medicaid Services), including, but not limited to, any communications with or submissions to a healthcare regulatory agency and any communications about contact with a healthcare regulatory agency;

(i) The U.S. Securities and Exchange Commission ("SEC"), including, but not limited to, communications with or about the SEC and any filings with the SEC;

(j) Theranos' compliance with laws or regulations;

(k) Prospective or current business partners, including, but not limited to, any communications and agreements with these partners and any materials given to these partners to enable them to understand Theranos' business model and technology;

(l) Communications referenced in the October 15, 2015 Wall Street Journal article titled, "Hot Startup Theranos Has Struggled With Its Blood-Test Technology;"

(m) Theranos' website and any changes made to it;

(n) Bank account records; or

(o) Financial records.

We also hereby give notice that Theranos' website and any past or future iterations of the website should be preserved as evidence.

Heather King
October 19, 2015
Page 3

Such documents include both "hard copy" versions and electronically-stored information in your possession, custody or control, including text files, data compilations, word processing documents, spreadsheets, e-mail, voicemail, data bases, calendars and scheduling information, logs, file fragments and backup files, letters, instant messages, phone text messages, memoranda, notes, drawings, designs, correspondence or communication of any kind. Evidence that is stored electronically may be maintained on shared network files, computer hard drives, servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDAs, smartphones, or other handheld devices.

In this letter, I refer to such documents and data as "Evidence." You have a duty to reasonably preserve and retain such Evidence.

This duty includes an obligation to provide notice to all employees or custodians who may be in possession of Evidence. This duty also extends to the preservation and retention of Evidence in the possession or custody of third-parties, such as an internet service provider or a cloud computing provider, if such Evidence is within your control.

You may need to act affirmatively to prevent the destruction of Evidence. This duty may necessitate quarantining certain Evidence to avoid its destruction or alteration. You should consider whether you need to discontinue the routine destruction of Evidence, including discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders. You should avoid running or installing any drive cleaning, wiping, encrypting, or defragmenting software on hard disks of computers that may contain Evidence.

You should consider preserving any forensically recoverable data by having mirror image copies made of the Evidence. Having said that, any attempt to replicate electronic data without adhering to best practices for data replication could compromise the integrity or contents of such data. Simply making "hard copies" of such Evidence or transforming it to other formats (such as TIFF, or PDF documents) does not constitute preservation of such Evidence. We are prepared to discuss with you proper protocols for replication before you attempt to copy Evidence. The Commission may be able to retain and supervise computer forensic resources to properly and non-invasively create back-up images of Evidence.

In addition to preserving the Evidence described above, we further request that you take no action to delete or otherwise compromise any content existing on social networking websites such as "Facebook" or "LinkedIn." Moreover, we request that you take no affirmative action to delete any emails, even emails that may not fit within the parameters set forth above.

*     *     *

While we recognize that this may impose a burden on you, it is absolutely necessary that you fully comply with your obligations to reasonably retain and preserve Evidence. We appreciate your efforts in this regard.

Heather King
October 19, 2015
Page 4

Please contact me if you have any questions, or to meet-and-confer about the matters discussed above. Further, please acknowledge your receipt of this letter by sending me an email or by returning a copy of this letter with your signature in the space provided below.

Sincerely,

*Jessica W Chan*

Jessica W. Chan
Counsel
Division of Enforcement

I acknowledge that I received this letter
on the __ day of _____, 2015:

_____