# EXHIBIT H

**From:** Bostic, John (USACAN) <John.Bostic@usdoj.gov>
**Sent:** Wednesday, July 25, 2018 12:29 PM
**To:** Moran, Katie <Katie.Moran@wilmerhale.com>; Mugmon, Michael <Michael.Mugmon@wilmerhale.com>; Romeo, Mike <Mike.Romeo@wilmerhale.com>; Benedetto, Matthew <Matthew.Benedetto@wilmerhale.com>
**Cc:** Schenk, Jeffrey (USACAN) <Jeffrey.B.Schenk@usdoj.gov>; Bostic, John (USACAN) <John.Bostic@usdoj.gov>
**Subject:** Theranos GJ subpoena response

Wilmer team,

Thanks again for taking the time to speak to me the other day. I wanted to follow up on the topics we discussed to make sure we're on track to wrap everything up in the next couple weeks. In particular, I thought it would be helpful to set some compliance deadlines as laid out below.

Production of Devices

Thanks for providing the description of the devices in Theranos's possession. If you'd like us to consider postponing our request for a given model on the grounds that the company only has one copy and needs access to it in the short term, please identify which models that applies to and briefly explain the need for the company to retain possession. Please provide this information by Monday, July 30. As to any unique devices we don't get in this round, the government would expect Theranos to maintain them in the company's possession without altering them or relinquishing custody to any other parties. Speaking of which, I've looked into your question regarding the anticipated request from Holmes and Balwani for those same devices. I've found no support for the proposition that a party is excused from complying with a grand jury subpoena on the basis of a competing request from a defendant—especially where the grand jury subpoena was served first and the Rule 17 subpoena has not been issued. It's routine, of course, for the government to take possession of unique evidence items relevant to a criminal prosecution. Defendants have a right to inspect such evidence seized by the government, but they don't have the power to deprive the government of that evidence by making competing requests. Please let me know if you have any authority to the contrary. Based on our understanding of the law, we don't think it would be appropriate for Theranos to delay production to the government based on a conversation it had with defense counsel.

The deadline for compliance with the request for devices is August 8, 2018. Please deliver the requested devices to the FBI or have them ready for pickup by that date. As a reminder, that subpoena request also included samples of other proprietary devices including the sample collection device and nanotainer.

Remaining Documents & Privilege Filter Issues

On the topic of 2016-2017 docs, we've received one production and understand you are preparing an additional production. The additional production will include, among other things, communications with non-lawyer third parties that were withheld based on your initial privilege filter. Please also include in that production any non-privileged documents to, from, or mentioning Heather King. Given her expansive role at the company and her involvement in relevant events, we can't accept a production that simply excludes anything with her name on it. We are fine, however, with Theranos keeping Scott Marmer's name on the privilege filter, based on your representations that his role was mainly limited to contracts and IP and the fact that any communications between him and non-lawyers outside of Theranos will be captured and produced as discussed above.

The deadline for compliance with this document request is August 20, 2018. Please let us know by August 8 if Theranos won't comply so that we can determine next steps.

LIS Database + Software

USAO-008587

I understand from our conversation that you've received the LIS database from Theranos and are preparing it for production to us next week. To comply with the subpoena, please complete that production—including any software necessary to access and query the database—by August 10, 2018.

Please feel free to reach out by email or phone if you'd like to discuss any of the above.

Best,
John


JOHN C. BOSTIC
Assistant United States Attorney
Northern District of California
150 Almaden Blvd. | San Jose, CA 95113
Tel.: (408) 535-5589 | Fax: (408) 535-5066
Email: john.bostic@usdoj.gov

USAO-008588