UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ELIZABETH A. HOLMES,<br>Defendant. | Case No.  5:18-cr-00258-EJD-1<br><br>**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**<br><br>Re: Dkt. No. 839 |

Before the Court is Defendant Elizabeth Holmes' ("Holmes") objections to Magistrate Judge Cousins' June 3, 2021 Order ("Order") holding that Holmes lacks an individual claim of attorney-client privilege over 13 disputed documents. Dkt. No. 812. Having carefully reviewed Judge Cousins' Order and having considered the objections thereto, the Court hereby **OVERRULES** Holmes' objections.

I.   **BACKGROUND**

Since the early stages of this case, Holmes has asserted her privilege interests in confidential communications with David Boies and his firm, Boies Schiller Flexner LLP ("Boies Schiller"). Holmes Opp'n, Dkt. No. 619 at 1. Boies Schiller first represented Holmes and Theranos, the company she founded and whom she served as chief executive for, in a 2011 intellectual property dispute. After this initial representation, Boies Schiller continued to offer Holmes and Theranos a variety of legal services in relation to Theranos' patent portfolio, press interactions, and inquiries from government agencies and departments. *Id*. at 2-4. Theranos ceased operations in 2018, and has assigned all of its rights to an Assignee tasked with liquidating and disbursing the company's assets. Gov't Mot., Dkt. No. 559 at 1. During this case, the

Case No.: 5:18-cr-00258-EJD-1
ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
1

1  Assignee has informed the Government that it will not assert privilege over certain materials. *Id*.
2  Counsel for Holmes, however, has continued to assert the attorney-client privilege in response to
3  document collection efforts by the Government and interviews of witnesses. *Id*.

4       In June 2020, the Government served Holmes with its Exhibit List for trial. *Id*. at 3. The
5  Exhibit List included 13 documents which Holmes argues implicate a privilege belonging to her
6  because they reflect communications with attorneys at Boies Schiller. *Id*. Holmes' privilege
7  claims over these documents are based on the assertion that she and Theranos were jointly
8  represented by Mr. Boies and Boies Schiller on a variety of matters "during the period of the
9  alleged conspiracy." Decl. of John C. Bostic ("Bostic Decl."), Gov't Mot., Ex. E (7/30/20 letter);
10  Holmes Opp'n at 5. The Government contested this assertion, insisting that there was no joint
11  representation and thus the documents are only subject to corporate privilege.

12       On November 20, 2020, the Government moved for an order establishing that Holmes
13  lacked an individual privilege interest over the aforementioned documents. Judge Cousins held a
14  hearing on the Government's motion on December 16, 2020. *See* Dkt. No. 647. At the hearing,
15  Holmes was ordered to submit a privilege log and the disputed documents for in camera review.
16  *Id*. Judge Cousins granted the Government's motion after finding that the 13 disputed documents
17  were not subject to Holmes' individual privilege but rather only subject to the Theranos
18  Assignee's corporate privilege. *See* Order at 6. On June 17, 2021, Holmes objected to Judge
19  Cousins' Order under Federal Rule of Criminal Procedure 59(a).[1] *See* Holmes' Objections to
20  Order ("Objections"), Dkt. No. 839.

21  **II.  DISCUSSION**

22       For nondispositive matters referred to a magistrate judge under 28 U.S.C. § 636(b), appeals
23  to the district court are governed by Federal Rule of Criminal Procedure 59(a), which states in
24  part, "[t]he district judge must consider timely objections and modify or set aside any part of the
25  [magistrate judge's] order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); *see*

---

[1] Holmes submitted her Objections pursuant to Federal Rule of Criminal Procedure 59(a) and Local Civil Rule 72-2.

Case No.: 5:18-cr-00258-EJD-1
ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

*also* 28 U.S.C. § 636(b)(1)(A) (noting that the district court may reconsider magistrate findings that are "clearly erroneous"). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

Here, the Court finds the opposite; Judge Cousins committed no error and reached a well-supported conclusion based on the applicable law and the relevant facts. As mentioned, Judge Cousins ruled that the disputed documents chronicling communications between Holmes, individuals at Theranos, and Boies Schiller attorneys are subject only to corporate privilege after relying on the test enumerated in *United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010) to evaluate Holmes' privilege request. *See* Order at 4-6. The objections raised by Holmes point to no clear error in Judge Cousins' analysis or the conclusion that was reached.

Holmes argues that Judge Cousins overlooked key objective evidence of her attorney-client relationship with Boies Schiller which reaffirmed Holmes' subjective belief about the duration and scope of the joint representation. Objections at 1-4. Specifically, Holmes claims that Boies Schiller's "personal representations" of her from 2011 through 2014 and in 2016, along with other legal services provided, constitute objective evidence indicating that her status as a co-client along with Theranos had not changed since 2011. *Id.* at 2. "A party asserting the attorney-client privilege has the burden of establishing [the existence of an attorney-client] relationship and the privileged nature of the communication." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)). After a review of all of the evidence presented, the Court finds no mistake. Given the lack of personal engagement letter or retainer agreement presented and conflicting statements made about David Boies and Boies Schiller's representation of Theranos and Holmes, the scope and length of the representation remains unclear. Thus, the Court does not find there was clear error committed in relation to the evidence considered when evaluating the scope of Holmes' attorney-client relationship with Boies Schiller.

Case No.: 5:18-cr-00258-EJD-1
ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
3

Holmes also claims that Judge Cousins erred in holding that *Graf* applied here. The thrust of this argument is Holmes' belief that there was a joint-client representation. Even if she had established that there was a continual joint-client representation, Holmes later asserted that the documents at issue regarded her individual legal matters rather than just the common interest affairs of the company. *See* Order at 4; *see also* Holmes Opp'n at 7 (stating that the 13 documents on the Government's trial exhibit list "implicate Ms. Holmes' personal privilege because they reflect communications with attorneys at Boies Schiller."). Given this assertion, appliance of the *Graf* test was not a clear error or contrary to law. Furthermore, the Court in its review has not found any mistake in Judge Cousins' finding that Holmes failed to satisfy certain elements of the *Graf* test. Order at 5-6. Consequently, the Court finds that Judge Cousins' Order was not clearly erroneous. Accordingly, Holmes' objections are overruled.

## III.   CONCLUSION

For the foregoing reasons, the Court hereby **OVERRULES** Holmes' objections to Judge Cousins' June 3, 2021 Order granting the Government's motion and finding that the 13 disputed documents are not subject to Holmes' individual privilege. Pursuant to Judge Cousins' Order, the 13 documents are **ADMISSIBLE**.

**IT IS SO ORDERED.**

Dated: July 1, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cr-00258-EJD-1
ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
4