STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    john.bostic@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-CR-00258 EJD |
| Plaintiff, | STIPULATION AND [PROPOSED] FIFTH SUPPLEMENTAL PROTECTIVE ORDER REGARDING MATERIALS FROM SEPARATE INVESTIGATION |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | |

    The United States of America, by and through STEPHANIE M. HINDS, Acting United States Attorney for the Northern District of California, and JEFF SCHENK, JOHN C. BOSTIC, ROBERT S. LEACH, and KELLY I. VOLKAR, Assistant United States Attorneys, and Defendants, ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, and their attorneys, KEVIN M. DOWNEY, LANCE A. WADE, AMY MASON SAHARIA, and KATHERINE TREFZ of Williams & Connolly LLP for HOLMES, and JEFFREY B. COOPERSMITH and STEPHEN A. CAZARES of Orrick Herrington & Sutcliffe LLP for BALWANI, hereby stipulate and jointly request that the Court issue a fifth supplemental Protective Order in this case as described below.

1     The parties stipulated to, and the Court entered, a Protective Order in this case on or about July 2, 2018 ("the Original Protective Order").  (ECF No. 28). The Court subsequently issued supplemental Protective Orders based on stipulations submitted by the parties.  (ECF Nos. 90, 117, 120, 214).

During the pendency of this case, the government conducted a separate investigation into an unrelated Bay Area company.  That unrelated Bay Area company previously employed an individual who may testify in the trial of this case.  During the government's investigation of that unrelated company, the government obtained documents relevant to that company's employment of the witness in this case, including documents created by or referencing that individual (hereinafter, "Separate Investigation Materials").  Defendant Holmes has requested that the government produce certain categories of Separate Investigation Materials in this matter.  The government does not concede that such materials are discoverable or admissible at trial, but is preparing a document production in response to Defendant's request.

These Separate Investigation Materials contain several categories of nonpublic information, including confidential corporate information, trade secrets, Protected Health Information (PHI, as defined in HIPAA), or other information protected by certain privileges and doctrines, such as work product and attorney-client privilege.  These materials also disclose details regarding the above-referenced unrelated government investigation, including details that are not known by the public or the now-charged targets of that investigation, who have not yet been arrested and arraigned.  Disclosure of that information could adversely affect the ongoing unrelated investigation.  Finally, the Separate Investigation Materials consist of information unrelated to Defendants in this case or Theranos generally.  The Original Protective Order provides procedures to facilitate the production of Private Documents, as that term is defined in the Order.

Accordingly, in order to further facilitate the government's voluntary production of Separate Investigation Materials in this case, the parties stipulate and agree as follows:

1. To the extent the government produces Separate Investigation Materials, as defined above, to Defendants in this case, the parties agree to treat those materials as "Private Documents" under the Original Protective Order, and to continue to abide by the restrictions laid out in that Order for such materials.

2. Should either party seek at trial to disclose to the jury or introduce into evidence Separate Investigation Materials or the facts therein, it shall inform the other party of that intention and identify the specific documents it intends to offer sufficiently in advance to allow that party to raise any objections with the Court.

3. The parties further stipulate and agree that, notwithstanding the provisions of the Original Protective Order, they will not disclose Separate Investigation Materials or the facts therein to any individual or entity affiliated with witnesses or targets / defendants in the above-referenced unrelated government investigation. The government will provide defense counsel with a list of relevant individuals upon request.

4. The government's production to Defendants, pursuant to the Original Protective Order, of Separate Investigation Materials is without prejudice to the government's right to object to the introduction of those materials into evidence at trial.

5. The parties stipulate to this Order without prejudice to their ability to seek to modify the terms of the Order at a future date.

DATED: July 22, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

_/s/_____
JEFF SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
KELLY I. VOLKAR
Assistant United States Attorneys

DATED: July 22, 2021

_/s/_____
KEVIN M. DOWNEY
LANCE A. WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

[PROPOSED] FIFTH SUPPLEMENTAL PROTECTIVE ORDER RE SEPARATE INVESTIGATION
18-CR-00258 EJD                                   3

1  DATED: July 22, 2021

2                                                     /s/
JEFFREY B. COOPERSMITH
STEPHEN A. CAZARES
Attorneys for Ramesh Balwani

5  SO ORDERED.

6  DATED:  7/26/2021

7  HONORABLE EDWARD J. DAVILA
United States District Court Judge

[PROPOSED] FIFTH SUPPLEMENTAL PROTECTIVE ORDER RE SEPARATE INVESTIGATION
18-CR-00258 EJD                                    4