Jeffrey L. Bornstein (State Bar No. 99358)
Luke G. Anderson (State Bar No. 210699)
K&L Gates LLP
55 Second Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Barry M. Hartman, *Admitted Pro Hac Vice* (DC Bar No. 291617)
Christopher R. Tate, *Admitted Pro Hac Vice* (PA Bar No. 205510)
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 778-9000
Facsimile: (202) 778-9100

Attorneys for Defendant
JOHN J. COTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN J. COTA,<br><br>    Defendant. | Case No. CR 08-0160 SI<br><br>**DEFENDANT JOHN J. COTA'S REPLY TO OPPOSITION TO MOTION TO SEVER CHARGES AGAINST FLEET MANAGEMENT, LTD.**<br><br>Hearing Date: September 22, 2008<br>Time: 10:00 a.m.<br>Judge: Honorable Susan Illston<br><br>Speedy Trial Act: Excludable time through Deposition; 18 U.S.C. § 3161 (h)(1)(F) |

Defendant John J. Cota ("Captain Cota"), by and through his undersigned counsel, hereby files this Reply to the United States' Opposition ("Opposition") to Captain Cota's Motion to Sever Charges Against Fleet Management, Ltd. ("Motion").

**EXHIBIT 5**

1.

**DEFENDANT JOHN J. COTA'S REPLY TO OPPOSITION TO MOTION TO SEVER CHARGES AGAINST FLEET MANAGEMENT, LTD.—CR 08-0160 SI**

I. **THE MOTION IS NOT PREMATURE.**

The government contends that the Motion is premature because the anticipated defenses of Fleet Management, Ltd. ("Fleet") amount to "conjecture," and that expectation of both Captain Cota's and Fleet's defenses will be speculative until the defendants "have revealed their defense at trial." Opposition at 2. The government cites no case law to support its position. In fact, many of the cases the government cites in its Opposition arose out of pretrial motions to sever. *See, e.g., United States v. Throckmorton*, 87 F.3d 1069, 1071 (9th Cir. 1996) ("*Prior to their joint trial*, [defendant] moved to sever his trial from [codefendant]…") (emphasis added); *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1992) ("[Defendant] also moved to sever the trials on grounds that the *likely admission of a statement*…would violate his Fifth and Sixth Amendment rights. The court denied those motions, *which were renewed at trial*") (emphasis added); *United States v. Hanley,* 190 F.3d 1017, 1027 (9th Cir. 1998) ("*Before trial*, [defendant] moved for severance….") (emphasis added). Thus, this Motion is timely. Moreover, Fleet has clearly delineated its defense in the status conference statement it filed before the court. *See* Motion at 5 (discussing Fleet's Status Conference Statement). This Court should not waste valuable judicial resources preparing for a joint trial, only to order severance after Fleet introduces an antagonistic defense in open court, when all parties are on notice that Fleet intends to do so.

II. **FLEET'S DEFENSE IS ANTAGONISTIC TO CAPTAIN COTA.**

The government's argument that Fleet and Captain Cota do not have antagonistic defenses rests on an incomplete and erroneous construction of Fleet's anticipated defense. Fleet does not simply intend to argue, as the government suggests, that Captain Cota's alleged negligence proves that Fleet was not negligent. Opposition at 6. Rather, as stated in its Status Conference Statement, Fleet intends to argue that Captain Cota's alleged negligence was so pervasive, undetectable, and thorough that the actions of the crew were reasonable under the circumstances, and therefore Fleet did not breach its duty of reasonable care. *See* Motion at 8, Fleet's Status Conference Statement at 2-5. Whether this argument is specious is immaterial to

2.

**DEFENDANT JOHN J. COTA'S REPLY TO OPPOSITION TO MOTION TO SEVER CHARGES AGAINST FLEET MANAGEMENT, LTD.—CR 08-0160 SI**

the standard for severing defendants: whether the defense requires the guilt of a codefendant before it could exonerate the proponent of the defense. Here, Fleet seeks to prove that Captain Cota acted in a manner that was so negligent but was otherwise undetectable as to render the crew's behavior reasonable and non-negligent. If the jury accepts that Captain Cota's negligence rendered the crew's actions non-negligent, the jury will be forced to find Captain Cota guilty of negligence. For the jury to find "neither party" negligent, considering Fleet's defense, as the government suggests could happen, would require serious mental gymnastics, if not the suspension of logic and common sense. *See United States v. Tootick*, 952 F.2d 1078, 1082 (9th Cir. 1991) ("Prejudice will exist if the jury is unable to assess the guilt or innocence of each defendant on an individual and independent basis.").

Further, Fleet's anticipated defense requires severance because it places Captain Cota in the position of facing "a second prosecutor." *Tootick*, 952 F.2d. at 1082. This allows the government to present "the only unified and consistent presentation" of the case. *Id.* It also has the "subtle effect" whereby "[a]ll evidence having the effect of exonerating one defendant explicitly indicts the other." *Id.* at 1082-83. Finally, it allows the government to rely "upon the mutually exclusive nature of the codefendants' defenses in an effort to nail down their mutual guilt." *Id.* at 1085. The prosecution's case against Captain Cota would be unfairly bolstered by Fleet's allegations, potentially allowing the government to secure a conviction in the absence of evidence that proves its case beyond a reasonable doubt. Such a toxic combination of adverse inferences would violate Captain Cota's right to a fair trial, and should not be allowed.

The government argues that the cases cited in the Motion are unpersuasive because the appellate court reversed the conviction based on the arguments actually presented at trial, as opposed to the nature of the defenses themselves. *See* Opposition at 8-10 (discussing *Tootick* and *United States v. Mayfield*, 189 F.3d 895 (9th Cir. 1999)). This is a curious contention; neither of those cases held that the trial court must wait until defense counsel actually unleashes its outlandish theories on an empaneled jury before ruling for severance. The only reason the prejudicial statements by codefendants' counsel existed at all in those cases was that the defenses

3.

**DEFENDANT JOHN J. COTA'S REPLY TO OPPOSITION TO MOTION TO SEVER CHARGES AGAINST FLEET MANAGEMENT, LTD.—CR 08-0160 SI**

were antagonistic. While it is true that the Ninth Circuit in both cases criticized the trial judge for failing to adequately instruct the jury when counsel made prejudicial and antagonistic arguments, *see Tootick*, 952 F.2d at 1083; *Mayfield*, 189 F.3d at 906, the Ninth Circuit also noted that the antagonism requiring severance was inherent in the nature of "[e]ach defense *theory*." *Tootick*, 952 F.2d at 1081 (emphasis added). Therefore, as stated above, the Motion is ripe for decision based upon what Fleet has already said regarding its defense; this Court is not obligated to withhold judgment on the antagonistic and mutually exclusive nature of Fleet's defense until it actually presents that defense at trial.

### III. A JOINT TRIAL WOULD LEAD TO THE INTRODUCTION OF PREJUDICIAL AND IRRELEVANT INFORMATION.

The government's argument that all evidence admissible in a joint trial would be admissible in separate trials is similarly unpersuasive and ignores the basic thrust of Captain Cota's argument on this point. The government contends that the Court has yet to rule on the reliability, admissibility, or relevance of any medical information about Captain Cota that Fleet might seek to introduce at trial. Opposition at 7. This Court has severed the medical issues relating to the false statement counts from the negligence and status liability issues involved in the Clean Water Act and Migratory Bird Treaty Act Claims. Nevertheless, Fleet contends that the government was negligent in reviewing Captain Cota's license given the medicine and medical conditions he disclosed in January 2007 to Dr. Calza and the Coast Guard.[1] Motion at 9. Fleet intends to argue that the Coast Guard and California Board of Pilot Commissioners were negligent in licensing Captain Cota in the first place, that the crew did not know that Captain Cota had serious medical conditions or had been prescribed various medications, and that the

---

[1] Indeed, Captain Cota objects to the introduction of medical information at trial, as well as other evidence that is irrelevant, prejudicial, or otherwise inadmissible. As stated in the Motion, much of Fleet's anticipated defense is wholly without merit, and attempts to reframe the propriety of Captain Cota's actions by making scurrilous accusations about his character. *See* Motion at 8-9 (noting numerous factual inaccuracies in Fleet's Status Conference Statement). Nevertheless, the fact that these arguments are baseless, rather than weakening the argument for severance (as the government suggests), actually strengthens the argument for severance, as Captain Cota is not only forced to face two prosecutors, but a prosecutor in Fleet that appears wholly unrestrained by both facts and decorum.

4.

**DEFENDANT JOHN J. COTA'S REPLY TO OPPOSITION TO MOTION TO SEVER CHARGES AGAINST FLEET MANAGEMENT, LTD.—CR 08-0160 SI**

crew therefore could not know that Captain Cota was acting "negligently." Thus, Fleet argues that these "facts" render the actions of the crew reasonable under the circumstances. Fleet's Status Conference Statement at 8. Certainly, the licensure of Captain Cota, particularly as it pertains to the review of his physical health, would require the introduction of his Form 719-K as produced to the Coast Guard. *See* Fleet's Status Conference Statement at 4 (referring to Captain Cota's "disclosures" to the Coast Guard in January 2007). This Court has already ruled that the allegations of false statements on Captain Cota's Coast Guard medical forms are entirely immaterial and irrelevant to the allegations of negligence aboard the COSCO BUSAN. *See United States v. Cota,* No. 08-CR-0160, slip op. at 2 (N.D. Cal. filed July 21, 2008). It has not ruled, however, whether Fleet can argue that the medical forms (and the information disclosed on them) are relevant to show that the Coast Guard was negligent in renewing Captain Cota's license based on the disclosures he did make. In this regard, even the government acknowledges that there is no linkage explicitly or implicitly in the indictment or in the evidence that the accident was caused in any way by the medication used by Captain Cota or his underlying medical conditions. The same cannot be said about the evidence Fleet has said it wants to introduce, namely that (1) Captain Cota was a danger to himself and others based on the medication he was prescribed; (2) the Coast Guard is at fault for this accident because it permitted him to be a pilot; and (3) even if the crew made mistakes, they were not negligent because they had no way of knowing that the pilot assigned to the ship was medically unfit to act in an appropriate manner. Thus Captain Cota faces a second prosecution whose allegations go well beyond any claim the government could make in good faith in presenting the government's own case. In this regard, if the government introduced such evidence, and it was so prejudicial as to warrant a mistrial, then jeopardy would have attached and Captain Cota would likely not face retrial. *See Oregon v. Kennedy*, 456 U.S. 667 (1982) (jeopardy has attached in "cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial"). If, however, Fleet introduced such prejudicial evidence,

5.

**DEFENDANT JOHN J. COTA'S REPLY TO OPPOSITION TO MOTION TO SEVER CHARGES AGAINST FLEET MANAGEMENT, LTD.—CR 08-0160 SI**

and a mistrial was ordered, jeopardy may not attach. *Id.* Therefore, Fleet has less of an incentive than the government to abide by the court's rulings on admissibility of this evidence.

### IV. LIMITING JURY INSTRUCTIONS WOULD BE INSUFFICIENT TO CURE THE PREJUDICE POSED BY THE ANTAGONISTIC DEFENSES IN THIS CASE.

The government also argues that jury instructions would prevent mutually inconsistent defenses from prejudicing Captain Cota. This argument is unpersuasive. Fleet's anticipated defense has the insidious effect of planting in the jury's mind images of Captain Cota's health history that, while totally irrelevant to his performance as a pilot, portray him in an unfavorable light that could lead to rampant speculation by the jury. While it is generally presumed "that juries will listen to and follow the trial judge's instructions," *Tootick*, 952 F.2d at 1085, there are some facts that are so salacious no reasonable juror would be able to ignore them when deliberating. If Fleet is permitted to air details of Captain Cota's medical history that are irrelevant to his conduct on 7 November, no amount of instructions will erase those images. Further, the dispute between Fleet and Captain Cota about the conduct of others onboard the COSCO BUSAN that day will make it impossible for the jury to be fair to both defendants. "Under these circumstances, a set of lengthy and accurate instructions delivered at the end of the trial are received by a jury that has already been numbed by the conflicting defenses and is ready to believe nobody." *Id.* at 1085-86.

### V. JUDICIAL ECONOMY WOULD NOT BE SERVED BY DENYING THE MOTION.

The government is incorrect in arguing that judicial economy is served by a joint trial in this case. First of all, Fleet's proposed defense would take a joint trial on an arduous tangent, wasting valuable judicial resources not only in accommodating the presentation of the defense, but policing it for violations of Captain Cota's right to a fair trial. By ordering separate trials, this Court would not have to be concerned with policing the acts of a "second prosecutor" every time Fleet examined a witness or made statements to the jury. As Justice Stevens noted in *Zafiro*, "[t]here will…almost certainly be multidefendant cases in which a series of separate trials

6.

**DEFENDANT JOHN J. COTA'S REPLY TO OPPOSITION TO MOTION TO SEVER CHARGES AGAINST FLEET MANAGEMENT, LTD.—CR 08-0160 SI**

would be not only more reliable, but also more efficient and manageable…." *Zafiro v. United States*, 506 U.S. 534, 545 (1993) (Stevens, J., concurring). The government's bright-line suggestion that joint trials are always more efficient than separate trials simply does not hold water where, as here, the joint trial necessarily makes the presentation of each party's case more complex and more prejudicial to the rights of the other defendant.

The government also vastly underestimates the amount of evidence to be introduced against one defendant and not another in this case. For example, based on the current procedural posture, trial would proceed against Captain Cota on the Clean Water Act and Migratory Bird Treaty Act counts, and against Fleet on not only the Clean Water Act and Migratory Bird Treaty Act counts, but also the three counts of False Statement and three counts of Obstruction of Justice pending against it. The government will need to produce evidence against Fleet on all six of those charges, none of which will pertain to Captain Cota in the slightest. Further, as stated in the Indictment, the government has at least three theories of negligence under the Clean Water Act that do not pertain to Captain Cota and do not refer to him. *See* Indictment ¶ 9 A, K, L. Finally, as stated above, the prejudicial nature of Fleet's defense could very well result in a mistrial should a joint trial occur; one can hardly conceive of a greater waste of judicial resources, especially when such a situation would easily be avoided by ordering separate trials.

## VI. CONCLUSION.

Based on the foregoing, the Motion should be granted, and the Clean Water Act and Migratory Bird Treaty Act charges pending against Captain Cota should be set for trial separate from the corresponding trial against Fleet.

Respectfully submitted,

K&L GATES LLP

Dated: September 16, 2008     By: /s/ Jeffrey L. Bornstein
Jeffrey L. Bornstein, Esq.
Luke G. Anderson, Esq.
Barry M. Hartman, Esq., *Admitted Pro Hac Vice*
Christopher R. Tate, Esq., *Admitted Pro Hac Vice*

Attorneys for Defendant
JOHN J. COTA

7.

1 **PROOF OF SERVICE**

2  I am employed in the County of San Francisco, State of California by a member of the Bar of this Court, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 55 Second Street, Suite 1700, San Francisco, CA 94105. On September 18, 2008, I served the document(s) described as:

**DEFENDANT JOHN J. COTA'S REPLY TO OPPOSITION TO MOTION TO SEVER CHARGES AGAINST FLEET MANAGEMENT, LTD.**

on the parties to this action named on the attached service list by the method described below.

 (BY PERSONAL SERVICE) I caused a true and correct copy of said document(s) to be served by hand to the addressee(s) listed above, with the name and address of the person served shown on the envelope.

 (BY OVERNIGHT DELIVERY) I enclosed a true and correct copy of said document(s) in an envelope/package provided by an overnight delivery carrier addressed to the addressee(s) listed above, sealed it, and placed it for collection and overnight delivery following the ordinary business practices of K&L Gates LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for overnight delivery. On the same day that correspondence is placed for collection and overnight delivery, it is collected by an overnight delivery carrier. Delivery fees are pre-paid or provided for in accordance with the ordinary business practices of K&L Gates LLP.

X (BY ELECTRONIC TRANSMISSION) I transmitted a true and correct copy of said document(s) by electronic mail to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any message or other indication that the transmission was unsuccessful.

 (BY FACSIMILE) I transmitted a true and correct copy of said document(s) by facsimile to the offices of the addressee(s). Upon completion of the facsimile transmission, a transmission report was issued showing the transmission was complete and without error.

 (BY U.S. MAIL) I enclosed a true and correct copy of said document(s) in an envelope addressed to the addressee(s) listed above and placed it for collection and mailing following the ordinary business practices of K&L Gates LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service with postage fully prepaid at San Francisco, California.

 Executed on September 18, 2008 at San Francisco, California.

 I declare under penalty of perjury that the foregoing is true and correct.

/s/ *Maria Batres*
Maria Batres

8.

**DEFENDANT JOHN J. COTA'S REPLY TO OPPOSITION TO MOTION TO SEVER CHARGES AGAINST FLEET MANAGEMENT, LTD.—CR 08-0160 SI**

| | |
|---|---|
| 1 | **SERVICE LIST** |

Stacey Geis, Esq.
Jonathan D. Schmidt, Esq.
Assistant United States Attorney
U.S. Attorney's Office
450 Golden Gate, 11th Floor
San Francisco, CA 94102
Fax: (415) 436-7234

Richard Udell, Esq.
U.S. Department of Justice, Environment Crimes Section
PO Box 23985
Washington, DC 20026
Fax: (202) 305-0396

Marc Richard Greenberg, Esq.
Joseph A. Walsh, Esq.
John Cox, Esq.
Keesal, Young & Logan
400 Oceangate
P.O. Box 1730
Long Beach, CA 90801-1730
Fax: 562-436-7416

9.

**DEFENDANT JOHN J. COTA'S REPLY TO OPPOSITION TO MOTION TO SEVER CHARGES AGAINST FLEET MANAGEMENT, LTD.—CR 08-0160 SI**