JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH HOLMES and <br> RAMESH "SUNNY" BALWANI, <br><br> Defendants. | Case No. CR-18-00258-EJD <br><br> **MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN NEWS ARTICLES** <br><br> Date: August 20, 2021 <br> Time: 10:00 AM <br> CTRM: 4, 5th Floor <br><br> Hon. Edward J. Davila |

MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN NEWS ARTICLES
CR-18-00258 EJD

## MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN NEWS ARTICLES

PLEASE TAKE NOTICE that on August 20, 2021 at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Homes will and hereby does respectfully move the Court to exclude from evidence at trial the news articles attached as Exhibits 1-7. The Motion is based on the below Memorandum of Points and Authorities, the Declaration of Amy Saharia and accompanying exhibits, the record in this case, and any other matters that the Court deems appropriate.

DATED: August 6, 2021.

/s/ Amy Mason Saharia
KEVIN M. DOWNEY
LANCE A. WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN NEWS ARTICLES
CR-18-00258 EJD

i

## MEMORANDUM OF POINTS AND AUTHORITIES

In its May 22, 2021 Order on the parties' motions *in limine*, the Court granted in part and denied in part Ms. Holmes' Motion To Exclude Certain News Articles Under Rules 403 and 802 (the "Motion"). *See* Dkt. 798 at 39-44. The Court granted the Motion to exclude six articles published between 2015-2016 "that portray Theranos negatively" that the government sought to admit "for the non-hearsay purpose of providing context for subsequent events." *Id.* at 43 (internal quotation marks omitted). The Court denied the Motion as to one article—"Blood, Simpler," published in the New Yorker in 2014—and otherwise denied the Motion "without prejudice as to the articles not specifically identified and filed with the motion and its accompanying declarations and exhibits." *Id.* at 44.[1] Ms. Holmes respectfully moves to renew that portion of her Motion that was denied without prejudice; in particular, she moves now to exclude seven articles not previously submitted to the Court that are inadmissible under the Court's reasoning in its Order. *See* Exs. 1-7 (articles).

The Court's reasoning as to the six excluded articles that portray Theranos negatively applies with equal force to each of these seven additional articles. As relevant here, the Court rejected the government's argument that its purported non-hearsay use of the articles to "provid[e] 'context' for subsequent events" solved the hearsay problems Ms. Holmes identified in her motion. *See* Order, Dkt. 798 at 43-44. As the Court held, "for the articles to provide [that] context, one would need to look past the mere existence of the articles to the contents of the articles for their truth"—a forbidden hearsay link "[i]f the authors of these articles do not testify as to the articles' contents." Order, Dkt. 789 at 43.

Each of the additional seven articles fits these criteria. First, none of the authors appears on the government's witness list. Second, each was published after the initial *Wall Street Journal* article in October 2015. Third, each contains critical statements, sometimes sourced to the *Journal* reporting itself, about Theranos that present as fact contested issues in the case. *See, e.g.*, Ex. 1 ("The [*Wall Street Journal*] also reported that former employees doubt the reliability of Edison, the company's proprietary lab tool."); Ex. 2 ("But articles this month in The Wall Street Journal and other publications have

---

[1] In an effort to limit the volume of supporting documents to her motions *in limine*, Ms. Holmes attached only a compendium of exemplar articles to this motion.

MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN NEWS ARTICLES
CR-18-00258 EJD

1

questioned how well the technology really works."); Ex. 3 ("A deeply reported story by the Wall Street Journal has pulled the curtain back on Theranos, the hot and intensely secretive Palo Alto, Calif., company that aims to revolutionize how we get our blood tested.").  Like the original *Wall Street Journal* reporting that they parrot, these articles feature multiple levels of hearsay through quotations or characterizations attributed to unnamed sources.  *See* Ex. 4 ("Theranos was once a Silicon Valley darling with a $9 billion valuation.  Now, experts are skeptical of the company and its 'secretive' nature, pushing the company to publish data on its technology."); Ex. 5 ("One former employee said the company struggled to find a new laboratory director when Dr. Dhawan's predecessor resigned in December 2014.").  If offering the *Wall Street Journal* article itself to provide "context" is impermissible, as the Court held, then the government cannot admit these follow-on articles that suffer from the same hearsay flaws.[2]

*     *     *

For the foregoing reasons, Ms. Holmes respectfully moves to exclude the seven articles at Exhibits 1-7.

DATED: August 6, 2021

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

---

[2] Ms. Holmes maintains that these articles also pose acute Rule 403 concerns and should be excluded on that basis.  *See* Mot., Dkt. 578 at 4.  The Court need not reach that issue, however, because its prior hearsay ruling mandates the articles' exclusion.

MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN NEWS ARTICLES
CR-18-00258 EJD

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021, a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes