1  JOHN D. CLINE (CA State Bar No. 237759)
   50 California Street, Suite 1500
2  San Francisco, CA 94111
   Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
3  Email: cline@johndclinelaw.com

4  KEVIN M. DOWNEY (Admitted Pro Hac Vice)
   LANCE A. WADE (Admitted Pro Hac Vice)
5  AMY MASON SAHARIA (Admitted Pro Hac Vice)
   KATHERINE TREFZ (CA State Bar No. 262770)
6  WILLIAMS & CONNOLLY LLP
   725 Twelfth Street, NW
7  Washington, DC 20005
   Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
8  Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

9  Attorneys for Defendant ELIZABETH A. HOLMES

10

11                        UNITED STATES DISTRICT COURT

12                       NORTHERN DISTRICT OF CALIFORNIA

13                              SAN JOSE DIVISION

14
    UNITED STATES OF AMERICA,           )  Case No. CR-18-00258-EJD
15                                      )
            Plaintiff,                  )  **MS. HOLMES' MOTION TO PARTIALLY**
16                                      )  **REDACT GOVERNMENT AGENCY REPORTS**
        v.                              )
17                                      )
    ELIZABETH HOLMES and                )  Date: August 20, 2021
18  RAMESH "SUNNY" BALWANI,             )  Time: 10:00 AM
                                        )  CTRM: 4, 5th Floor
19          Defendants.                 )
                                        )  Hon. Edward J. Davila
20                                      )
                                        )
21                                      )
                                        )
22  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

23

24

25

26

27

28  MS. HOLMES' MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
    CR-18-00258 EJD
                                        i

**MS. HOLMES' MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS**

PLEASE TAKE NOTICE that on August 20, 2021 at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Homes will and hereby does respectfully move the Court to partially redact three government agency reports that the government seeks to introduce at trial. The Motion is based on the below Memorandum of Points and Authorities, the Declaration of Amy Saharia and accompanying exhibits, the record in this case, and any other matters that the Court deems appropriate.

DATED: August 6, 2021.

/s/ Amy Mason Saharia
KEVIN M. DOWNEY
LANCE A. WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

**MEMORANDUM OF POINTS AND AUTHORITIES**

As the Court is aware, the government seeks to introduce at trial three government agency reports arising out of inspections of Theranos facilities in 2015—two by FDA and another by CMS—as well as related documentation. Several of the Court's rulings in its May 22, 2021 Order on the parties' motions *in limine* bear on the admissibility of the reports and the observations therein. While Ms. Holmes moved to exclude all three reports in their entirety, and maintains her objection to their admission, Ms. Holmes does not seek here to relitigate any issues that the Order resolved. Rather, she respectfully moves the Court to partially exclude portions of the reports insofar as those portions' admission would conflict with the Court's *in limine* rulings, or insofar as the Court invited further consideration of their admissibility. Ms. Holmes thus proposes limited redactions of portions of the reports that contain one or more of the following categories of evidence: (1) evidence related exclusively to tests not at issue; (2) double-hearsay statements of Theranos employees whose purported agency relationship with Ms. Holmes the government has not yet established; and (3) conclusions that reach beyond factual observations to include a high degree of observer analysis such that they are inadmissible under Rule 803(8)(A)(ii) under the Court's analysis.

**BACKGROUND**

A.  **The Court's *In Limine* Rulings.**

In its May 22, 2021 Order, the Court issued the following rulings bearing on the admissibility of the government agency reports.

**FDA.**  The Court deferred ruling on Ms. Holmes' Motion To Exclude FDA Inspection Evidence. Order, Dkt. 798 at 16. The Court held that "evidence arising out of the FDA inspection" was relevant, more probative than prejudicial, and not excludable under Rule 404(b). *Id.* at 11-13. Regarding the two FDA inspection reports—referred to as Form FDA-483s—the Court held they were admissible under Rule 803(8)(A)(ii) because they "consist[] largely of observations" comparable to those made by "government employees such as city building inspectors, medical examiners, and prison case managers." *Id.* at 14 (citing cases). The Court further stated: "There are portions of the report that go beyond mere observations and include some level of analysis by FDA inspectors; however, those

MS. HOLMES' MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
CR-18-00258 EJD

1

portions comprise only a minor portion of the report." *Id.* Regarding those portions, the Court expressed that it "is open to continued discussions on this issue should Holmes wish to raise arguments to certain specific pieces of evidence within the FDA inspection evidence that involve such a high degree of observer analysis that they might not be admissible under Rule 803(8)(A)(ii)." *Id.*

**CMS.** The court denied Ms. Holmes' Motion To Exclude Evidence of CMS Survey Findings and granted the government's corresponding motion to admit the Form CMS-2567. *Id*. at 20. The Court held that evidence of the CMS survey findings and sanctions was relevant to "the alleged misrepresentations about the accuracy and reliability of Theranos' blood tests" and was more probative than prejudicial. *Id.* at 18-20. Regarding admissibility of Form CMS-2567 under the hearsay rules, the Court incorporated its reasoning from its ruling on the FDA Form-483s. *See id.* at 20. The Court noted the possibility of further discussions "on this matter, should parties wish to specify certain exhibits within this collection of evidence and make new arguments as to why these particular exhibits should still be excluded." *Id*. The Court addressed Ms. Holmes' argument that the Form CMS-2567 contained "out-of-court statements made by Theranos personnel that are inadmissible hearsay within hearsay," which the government had argued were admissible as "authorized admissions and statements of an agent or employee," by cross-referencing its ruling on "Government's MIL No. 8." *Id.* at 20 n.6.

**Government MIL No. 8.** As relevant here, the government sought to admit statements of all Theranos employees as statements of Ms. Holmes' agents under Rule 801(d)(2)(D). *Id*. at 94. The Court deferred ruling on the motion, holding that it was "premature for the Court to issue a categorial ruling admitting any and all testimony of Theranos agents and employees on matters within the scope of that relationship" because "Theranos employees were not Holmes's agents; they were Theranos' agents." *Id.* at 95. Under the Court's ruling, statements of Theranos employees are admissible only if the government at trial can establish "the necessary foundation for the evidence it seeks to introduce." *Id.* at 97.

**Tests Not Identified in the Bill of Particulars.** Ms. Holmes moved "to preclude the Government from introducing at trial evidence and argument regarding the purported inaccuracy and unreliability of tests not identified in the" bill of particulars. *Id.* at 78. The government responded that it

MS. HOLMES' MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
CR-18-00258 EJD
2

"has no plans to introduce evidence or argument about tests, other than those disclosed in the indictment, for the purpose of 'attacking their accuracy and reliability.'" *Id.* at 79. The Court's Order made that concession the rule: "The Government is precluded from introducing any evidence or argument regarding the purported inaccuracy and unreliability of tests not identified in the Government's Bill of Particulars." *Id.* at 80. The Court further provided that the government may introduce such evidence "for purposes unrelated to [the tests'] inaccuracy and reliability," but must give the defense advanced notice of any such evidence. *Id.*

## II. Government Exhibits.

On June 3, 2021, the government amended its exhibit list to include approximately 1,200 additional exhibits. Many new exhibits related to the 2015 CMS and FDA surveys.[1] These exhibits included the two Form FDA-483s and the Form CMS-2567, which previously had not been included on the government's list.[2] Those unredacted agency reports are attached hereto as Exhibits 1 (the unredacted Form FDA-483 for the Palo Alto facility), 2 (the unredacted FDA Form-483 for the Newark facility), and 3 (the unredacted Form CMS-2567). For the reasons that follow, should the Court admit these exhibits over Ms. Holmes' objection, it should admit only the partially redacted versions attached hereto as Exhibits 4 (proposed redacted Form FDA-483 for the Palo Alto facility), 5 (proposed redacted Form-483 for the Newark facility), and 6 (proposed redacted Form CMS-2567).

## ARGUMENT

Without waiving her objections to admission of these reports (and related testimony) in their entirety, Ms. Holmes moves to redact the FDA and CMS reports in order to implement the Court's rulings discussed above. In particular, the following redactions are warranted under the Court's rulings.

**FDA.** Ms. Holmes respectfully maintains that, because the Form FDA-483s contain "factual

---

[1] Ms. Holmes intends to object at trial to the admission of these new exhibits as well as the other inspection-related evidence that Ms. Holmes previously moved to exclude. As Ms. Holmes noted in her motion to exclude the FDA inspection evidence, many of these exhibits are emails or other inspection-related documents authored by FDA inspectors who are not expected to testify at trial and thus are inadmissible hearsay. Ms. Holmes moves now with respect to the three agency reports so that the Court can review the proposed redactions in advance of trial.

[2] The government had previously included only the Form FDA-483 for the Palo Alto Facility as an attachment to FDA inspector email correspondence.

MS. HOLMES' MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
CR-18-00258 EJD

3

findings from a legally authorized investigation," they are inadmissible under Rule 803(8)(A)(iii). The Court held, however, that the FDA reports might be admissible under Rule 803(8)(A)(ii), while noting that at least some portions go "beyond mere observations [to] include some level of analysis by FDA inspectors" such that "they might not be admissible under Rule 803(8)(A)(ii)." Order, Dkt. 798 at 14.

Ms. Holmes has proposed redactions to implement the Court's Order, consistent with the approach in the cases the Court cited as presenting analogous hearsay concerns. *See id.* at 14. In *United States v. Rosa*, 11 F.3d 315 (2d Cir. 1993), for example, the Second Circuit held that portions of a medical autopsy report were admissible under Rule 803(8)(A)(ii) because the medical examiner who authored it was not "law enforcement" under the rule.[3] *Id.* at 332-33. But the Second Circuit also held that the district court properly had "allowed the government to introduce those portions of the report which contained factual observations" and "excluded so much of the report as contained the author's diagnosis and his opinions as to the manner and cause of death." *Id.* at 331; *see also id.* at 333 (noting that the Rule "required" the district court to "exclude[] the factual conclusions drawn from those observations"); *see also United States v. Edelman*, 458 F.3d 791, 814 (8th Cir. 2006) (affirming admission of report under 803(8)(A)(ii) where author was "not a police officer or a member of law enforcement" and where "the memorandum does not contain any opinions, findings, or conclusions; it is a record of events communicated to [the author] and recorded contemporaneously with the events").

The proposed redactions limit the FDA reports to only those portions arguably admissible under the Court's analysis, redacting only the subjective conclusions of the reports' authors. As the Court noted, these higher-level conclusions do not comprise a large portion of the reports. They do, however, reflect an agency determination arrived at through application of regulatory standards to factual observations. *See, e.g.*, Ex. 1 at 1 ("Design validation did not ensure the device conforms to defined user needs and intended uses."). Ms. Holmes proposes to redact that type of high-level subjective conclusion from each factual observation while leaving the subsidiary factual observations undisturbed.

In one instance, the FDA report recites hearsay from an unidentified Theranos employee.

---

[3] *Rosa* concerned the predecessor provision, then titled Rule 803(8)(B). *See* 11 F.3d at 333.

MS. HOLMES' MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
CR-18-00258 EJD

4

1   Because the Court ruled that the government has not yet met its burden to establish that out-of-court
2   statements of Theranos' employees are admissible, that portion of the report must be redacted until and
3   unless the government has proven that the at-issue Theranos employee qualifies as Ms. Holmes' agent.
4   The relevant portion that Ms. Holmes proposes to redact for this reason is marked with an asterisk in the
5   margin of Exhibit 5.

6   **CMS.**  As an initial matter, Ms. Holmes notes that the government's newly proposed trial exhibit
7   contains not only the Form CMS-2567, but also the cover letter transmitting the report to Theranos.  *See*
8   Ex. 3.  The Court's ruling admitting the Form CMS-2567 does not extend to this additional, hearsay
9   document.  The government's arguments for admission were limited to the form itself.  *See* Dkt. 588 at
10  10 ("The Form CMS-2567 is a statement of public office (i.e., CMS) setting out matters observed while
11  under a legal duty to report."); *id.* ("For these reasons, the Court should admit CMS' January 26, 2016
12  Form CMS-2567, Statement of Deficiencies.").  The Court's Order was correspondingly limited to the
13  Form CMS-2567.  *See* Order, Dkt. 798 at 20 ("The Court GRANTS the Government's motion to admit
14  the January 26, 2016 Form CMS-2567, Statement of Deficiencies.").

15      Nor does the rationale for admitting the form extend to the cover letter.  The letter, signed by
16  CMS employee Karen Fuller, does not contain any "matter observed while under a legal duty to report"
17  because Karen Fuller did not conduct the survey and thus made no observations.  This individual is not
18  on the government's witness list.  Moreover, the cover letter does not purport to recount the many
19  observations in the Form CMS-2567 from the CMS employees who made them, referring to the
20  deficiencies only in summary fashion and with reference to their associated regulatory provisions.  *See*
21  Ex. 3 at 1-4.  The cover letter thus is not admissible under the Court's Order or Rule 803(8)(A)(ii).
22  Should the Court nonetheless admit the letter, Ms. Holmes proposes to redact those portions that go
23  beyond observations to reflect legal conclusions for the same reasons that apply to the FDA documents.
24  Those proposed redactions are included in Exhibit 6.

25      Regarding the Form CMS-2567, Ms. Holmes proposes the following categories of redactions.
26      *Category A: Tests Not Identified in the Bill of Particulars.*  As discussed above, the Court held
27  that the CMS survey findings are relevant to the alleged representations about the accuracy and

28  MS. HOLMES' MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
    CR-18-00258 EJD
                                                    5

reliability of Theranos' test results.  Many of the survey findings, however, relate exclusively to tests not at issue in the case.  For example, the first standard-level deficiency relates to a lack of documentation of an investigation into ungraded proficiency testing in 2014 for a single analyte—alkaline phosphate—not included in the bill of particulars.  *See* Ex. 3 at 5 (ID Prefix Tag "D2094").  Under the Court's ruling, the government "is precluded from introducing any evidence or argument regarding the purported inaccuracy and unreliability of tests not identified in the Government's Bill of Particulars."  Order, Dkt. 798 at 80.  The report thus must be redacted to exclude irrelevant deficiencies that relate to tests for which the government has not claimed that Theranos was unable consistently to produce accurate or reliable results.  Portions of the document Ms. Holmes proposes to redact for this reason are marked with the letter A in the margin of Exhibit 6.

*Category B:  Double-Hearsay.*  The Form CMS-2567 attributes a number of its underlying factual observations to information conveyed orally from laboratory management and staff.  The Court indicated that its ruling on the admissibility of these statements hinged on its resolution of the government's MIL No. 8.  *Id.* at 20 n.6.  Because the Court ruled that the government has not yet met its burden to establish that out-of-court statements of Theranos' employees are admissible, these portions of the report must be redacted until and unless the government has proven that the at-issue Theranos employees qualify as Ms. Holmes' agents. (Ms. Holmes submits that the government will be unable to make any such showing for the at-issue employees.)  Portions of the document Ms. Holmes proposes to redact for this reason are marked with the letter B in the margin of Exhibit 6.

*Category C:  Statements "Beyond Mere Observations."*  Like the FDA documents, the Form CMS-2567 contains conclusions that go beyond mere factual observations.  In particular, each deficiency lists not only the underlying facts observed, but then applies legal standards to those facts to determine (1) whether a deficiency exists and, if so, (2) what level it rises to (i.e., standard-level or condition-level).  These determinations go beyond contemporaneous factual recordation to reflect the later-in-time conclusions of the report's authors.  Ms. Holmes incorporates her arguments regarding similarly high-level determinations in the FDA documents here and submits that proposed redactions are warranted for the same reasons.

**CONCLUSION**

For the foregoing reasons, Ms. Holmes respectfully requests that, should the three agency reports be admitted at trial over Ms. Holmes' objection, the Court admit only the redacted versions attached as Exhibits 4-6 to this Motion.

DATED: August 6, 2021

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
CR-18-00258 EJD

7

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021, a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MS. HOLMES' MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
CR-18-00258 EJD