JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN DOCTOR TESTIMONY** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | Date: August 20, 2021<br>Time: 10:00 AM<br>CTRM: 4, 5th Floor |
| Defendants. | Hon. Edward J. Davila |

MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN DOCTOR TESTIMONY
CR-18-00258 EJD

## MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN DOCTOR TESTIMONY

PLEASE TAKE NOTICE that on August 20, 2021 at 10:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Homes will and hereby does respectfully move the Court to exclude certain doctor testimony.  The Motion is based on the below Memorandum of Points and Authorities, the Declaration of Amy Saharia and accompanying exhibits, the record in this case, and any other matters that the Court deems appropriate.

DATED: August 6, 2021

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN DOCTOR TESTIMONY
CR-18-00258 EJD
i

**MEMORANDUM OF POINTS AND AUTHORITIES**

In its May 22, 2021 ruling on the parties' motions *in limine,* the Court held that certain of the government's expert disclosures "are lacking in information necessary for [Ms. Holmes] to adequately prepare for trial," including the identities of the customers on which they based their opinions. ECF 798 at 55. The Court invited Ms. Holmes to renew her motion to exclude expert testimony "should the Government fail to provide updated disclosures in advance of trial." *Id.* at 56. Following the Court's ruling, the parties jointly agreed that the government would provide updated disclosures for its doctor experts on July 30, 2021, one month before the start of trial. On that date, the government provided updated, superseding disclosures for several doctor witnesses; substantially narrowed its disclosure for another doctor witness; and abandoned two doctor witnesses. Ms. Holmes now renews her motion to exclude under Rule 16 any doctor expert testimony and/or opinions for which the government failed to provide an updated disclosure on July 30, 2021.

**BACKGROUND**

In a March 6, 2020 disclosure, as supplemented on September 28, 2020, the government disclosed nine doctor witnesses as experts. The government disclosed the following doctor witnesses to offer opinions based on their experience with the following Theranos blood tests:

1. Dr. Steven Linnerson: hCG
2. Dr. Audra Zachman: hCG
3. JoEllen Embry: testosterone
4. Dr. Mark Burnes: PSA (Prostate Specific Antigen)
5. Dr. Edward Szmuc: hCG
6. Dr. Gerald Asin: HIV, HbA1C, protein, calcium, PSA
7. Dr. Govind Acharya: BMP panel (including sodium, potassium, and fluoride)
8. Dr. John Couvaras: hCG
9. Dr. Curtis Page: HbA1C

*See* ECF 580-3 (3.6.2020 Expert disclosure); ECF 580-4 (9.28.2020 Supp. Expert Disclosure).

Ms. Holmes has recounted elsewhere the lengthy history (spanning more than a year) of her

MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN DOCTOR TESTIMONY
CR-18-00258 EJD

1

efforts to obtain adequate expert disclosures and/or to exclude this testimony in light of the government's failure to comply with Rule 16. *See, e.g.*, Ms. Holmes' Mot. To Exclude Expert Opinion Testimony of Fact/Percipient Witnesses, ECF 561, at 10-12; *see also* Ms. Holmes' Mot. to Exclude Expert Testimony or, in the Alternative Compel Adequate Rule 16 Disclosure, ECF 435.  Most notably, for a number of these doctors, the government failed to disclose the test results and customers on which their opinions were based. *See id.*  By the time of the motions hearing in May 2021, the government still had failed to provide this information for a number of its doctor experts and represented to the Court that it was continuing its efforts to do so and would provide an updated disclosure.  5.4.2021 Hr'g Tr. 105:25-106:2.  In its ruling on Ms. Holmes' motion, the Court "agree[d] with Holmes that the disclosures are lacking in information necessary for her to adequately prepare for trial," but, based on the government's representation that it would provide an updated disclosure, denied the motion to exclude "without prejudice, subject to renewal should the Government fail to provide updated disclosures in advance of trial."  ECF 798 at 55-56.

Following the Court's ruling, Ms. Holmes met and conferred with the government regarding a due date for updated disclosures.  In particular, in order to ensure that Ms. Holmes could "investigat[e] particular patient anecdotes and serv[e] subpoenas if necessary," she requested that "the government agree to produce compliant disclosures for all doctors identified in the disclosure by July 30, 2021." Saharia Decl., Ex. A (6.1.2021 Letter from Trefz to government).  The government responded that this proposal for an updated disclosure was "acceptable" and thus agreed to "provide an amended set of disclosures for all physician witnesses by July 30."  Ex. B (6.7.2020 Email from Bostic to defense).  The government also agreed to provide an interim amended disclosure by June 18, 2021, which it provided on that date. *See* Ex. C (6.18.2021 Interim Am. Expert Disclosure).

The government provided its final amended disclosure on July 30, 2021.  Ex. D (7.30.2021 Am. Expert Disclosure).  The government expressly stated that the disclosure "supersedes" its prior disclosures. *Id.* at 1.  The government acknowledged in its disclosure the Court's observation that the government would need to update its disclosures, and reiterated its agreement to do so by July 30. *Id.* The disclosure now identifies seven doctors and ten customers.  It covers four assays (out of the 23

MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN DOCTOR TESTIMONY
CR-18-00258 EJD

assays for which the government claims in the indictment Theranos was not consistently capable of producing accurate and reliable results). The following summarizes the amended disclosure:

1. Dr. Steven Linnerson: hCG (one customer)
2. Dr. Audra Zachman: hCG (same customer as Dr. Linnerson)
3. Dr. Edward Szmuc: hCG (two customers)
4. Dr. John Couvaras: hCG (one customer)
5. JoEllen Embry: testosterone (four customers)
6. Dr. Mark Burnes: PSA (one customer)
7. Dr. Gerald Asin: HIV (one customer)

*Id.* Notably, the government omitted any disclosure for Drs. Acharya and Page, and abandoned most of Dr. Asin's opinions (limiting his disclosure only to HIV). *Id.*

**ARGUMENT**

Ms. Holmes need not repeat here her prior arguments under Rule 16. *See, e.g.*, ECF 561, at 10-12. It suffices to note that the government now has had one and a half years to identify the bases for its doctor experts' opinions, and even in that generous amount of time, it failed to do so for some of its witnesses. Ms. Holmes cannot prepare to meet expert opinions at trial unless she knows the bases for the opinions—including the relevant patient identities—sufficiently in advance of trial. Following the Court's May 22 ruling, the government committed to a July 30 disclosure date for its doctor experts. The Court should hold the government to that commitment and exclude any doctor expert opinions not contained in the July 30 disclosure. *See* Fed. R. Crim. P. 16(d)(2)(C). Requiring Ms. Holmes to respond to new expert opinions and/or obtain relevant third-party discovery on the eve of or during trial would violate Rule 16.

To be clear, Ms. Holmes does not concede that disclosure of expert opinions on July 30, 2021—one month before the beginning of trial—is timely under Rule 16 and/or the Court's scheduling orders. It is not, and Ms. Holmes has separately moved to exclude new opinions from a new expert that the government disclosed for the very first time on July 29, 2021. *See* Ms. Holmes' Motion to Strike Improper and Untimely Expert Disclosure and to Preclude Expert Opinion Testimony of Dr. Kingshuk

MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN DOCTOR TESTIMONY
CR-18-00258 EJD
3

Das, ECF 892. With respect to the doctor experts, however, at a minimum, the Court should exclude any opinions not disclosed on July 30, 2021 for the reasons previously set forth.

## CONCLUSION

For these reasons, the Court should at a minimum exclude any doctor testimony not disclosed in the government's July 30, 2021 amended disclosure, including but not limited to the previously disclosed testimony of Drs. Acharya and Page and Dr. Asin's previously disclosed non-HIV opinions.[1]

DATED: August 6, 2021

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

---

[1] Ms. Holmes maintains that all of the disclosed doctor testimony—all of which is based on anecdotal experiences of a tiny number of customers—is inadmissible for the reasons previously set forth. *See, e.g.*, ECF 561. Nothing herein is intended to waive those arguments.

MS. HOLMES' RENEWED MOTION TO EXCLUDE CERTAIN DOCTOR TESTIMONY
CR-18-00258 EJD

4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021, a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes