STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   Fax: (408) 535-5066
   Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | JOINT STATUS REPORT |
| v. | Date: August 16, 2021<br>Time: 9:00 a.m. |
| ELIZABETH HOLMES, | Court: Hon. Edward J. Davila |
| Defendant. | |

The parties respectfully submit the following Joint Status Report. This matter is set for trial with jury selection beginning August 31, 2021.

1. <u>Juror Questionnaire</u>: The parties have updated the list of potential witnesses for inclusion in the Juror Questionnaire, and provided that list to the Court. The parties will provide 240 copies of the Juror Questionnaire to the Clerk's Office (with attention to the Court's Courtroom Deputy) by 1 p.m. on Tuesday, August 17, 2021. When the Clerk's Office has received the completed questionnaires, the parties are prepared to retrieve them, scan them, and make sufficient copies for the Court and counsel, and return the originals to the Clerk's Office in a manner such that neither side will review any completed questionnaire until both sides have access to the full set. At the August 16 conference, the parties will be prepared to discuss any additional logistics associated with the questionnaire, including the preferred number of copies for Court and counsel, the delivery of any admonishment to prospective jurors, and the dates on which the questionnaires will be made available by the Clerk's Office.

2. <u>Jury Selection</u>: In addition, the Ms. Holmes requests that the Court schedule a hearing, prior to jury selection on August 31, concerning any agreed-upon for-cause excusals and to discuss any remaining issues related to jury selection. The government believes such matters can be efficiently addressed on August 31 and September 1, the dates currently scheduled for jury selection.

3. <u>Neutral Statement</u>: The parties agree that the summary of the case contained in the Court's questionnaire should serve as the neutral statement of the case at voir dire.

4. <u>Alternates</u>: The Court at the pretrial conference set the number of alternate jurors at four. Dkt. 824. Ms. Holmes agrees that four is the appropriate number. The government respectfully suggests the Court increase the number of alternates to six.

5. <u>Courtroom Procedures</u>: The Court has issued a Notice re: Press and Public Access to Jury Trial Proceedings, which the parties have reviewed. *See* https://www.cand.uscourts.gov/judges/davila-edward-j-ejd/usa-v-holmes/. The parties will be prepared to discuss any other issues that relate to courtroom layout and access. The parties will also be prepared to discuss any procedures that the Court intends to employ in response to the Covid pandemic.

6. <u>Courtroom Technology and Walk-through</u>: With the Court's permission, the parties will coordinate with courtroom staff a walk-through with the Courtroom Deputy relating to the use of technology at trial.

7. <u>Factual Stipulations</u>: The parties are meeting and conferring concerning possible stipulations for use at trial.

8. <u>Witnesses and Exhibits</u>: The government made a supplemental witness disclosure to Ms. Holmes on July 29, and noticed an expert witness that same day. On August 10, Ms. Holmes provided an updated list of witnesses to the government in response to the government's June 3 and July 29 witness disclosures. The government intends to supplement its exhibit list on or before August 16; Ms. Holmes will provide a supplemental exhibit disclosure to the government prior to the August 16 conference. The parties have met and conferred about additional procedures relating to witnesses and exhibits, but the following disputes remain. The parties will be prepared to discuss these issues at the status conference.

   a. <u>Weekly Notice of Upcoming Witnesses</u>: The parties disagree about whether the government should be required to provide notice by 6:00 PM PST Thursday (as Ms. Holmes requests) or Friday (as the government suggests) of the witnesses the government intends to call the following week. If she presents a case in chief, Ms. Holmes is willing to provide notice of the witnesses she intends to call the following week by 6:00 PM PST Thursday.

   b. <u>Notice of "Segments" of Witnesses</u>: The minutes of the pretrial conference state: "Counsel shall meet and confer as to the possibly arranging a protocol for notice of witness line up prior to the week, possibly Thursday/Friday prior to the next week." Dkt. 824. At the pretrial conference, in the context of ensuring the parties have sufficient notice of upcoming witnesses, the Court also floated the possibility of disclosing witnesses in segments, suggesting the government might "defin[e] a universe of witnesses at least as to the first part of your presentation you think that might be, that might be called. And I don't know how you would want to divide that as your first, third, fourth quarters. I don't know how you want to divide that. But if there's some way to look at that and maybe just identify a universe of witnesses that might be helpful." 6/15/21 Hr'g Tr. 34:8-15. Ms. Holmes seeks disclosure in segments in addition to the weekly disclosure and asked the government to identify its likely

witnesses for the first quarter of its case by August 2, with rolling disclosures as to the remaining quarters of its case thereafter. Ms. Holmes has agreed that she will provide reciprocal notice to the government at the close of the government's case, in the event she presents a case-in-chief. The government has proposed to notify the defense on August 24 of the witnesses it expects to call in the first half of its case, and the remaining witnesses on September 21.

        c.    Notice of Demonstratives and Summaries: The parties also disagree on the extent of notice for demonstrative and summary exhibits. The government expressed a willingness to preview those materials for the defense at the end of the week before they are used at trial if the defense will make a similar commitment regarding its own summary and demonstrative exhibits. Ms. Holmes requested the government provide any summary exhibits by August 2 and any demonstrative exhibits by August 16.

    9.    Witness Statements: Ms. Holmes requests that the government immediately produce any Jencks Act, 18 U.S.C. § 3500, Fed. R. Crim. P. 26.2, and/or *Brady/Giglio* material in its possession or subsequently received.

    10.    Preliminary Jury Instructions. The minutes of the pretrial conference state: "The Court has received the proposed jury instructions from the parties. The Court will schedule a Charging conference sometime near the close of evidence. The Court intends to use the Ninth Circuit Model Instructions, for preliminary instructions and as foundation for final instructions." Dkt. 824. At the June 15 hearing, the Court also stated "if you want to look at those preliminary instructions and you think you have something that you would like to add, delete to those, I'm happy to receive those as well, but the Court intends to use those for the preliminary instructions initially." 6/15/2021 Hr'g 28:13-29:2.

    The following summarizes the preliminary instructions that were proposed by the parties at ECF Nos. 804 (the government) and 809 (Ms. Holmes):

    The parties agree the following model instructions should be given: 1.3, 1.4, 1.9, 1.10, and 1.16. These are Holmes Instr. 3 (Gov't Instr. 1.3); Holmes Instr. 4 (Gov't Instr. 1.4); Holmes Instr. 10 (Gov't Instr. 1.9); Holmes Instr. 11 (Gov't Instr. 1.10); and Holmes Instr. 18 (Gov't Instr. 1.16).

    The parties have proposed competing versions of the following model instructions: Holmes Instr. 1 (Gov't Instr. 1.1); Holmes Instrs. 2 and 12 (Gov't Instr. 1.2); Holmes Instr. 5 (Gov't Instr. 1.5);

1  Holmes Instr. 6 (Gov't Instr. 1.6); Holmes Instr. 9 (Gov't Instr. 1.7); Holmes Instr. 15 (Gov't Instr. 1.8);
2  Holmes Instr. 16 (Gov't Instr. 1.11).

3      Ms. Holmes has proposed the following instructions that are absent from the government's
4  proposed instructions.  Some are not a Ninth Circuit Model Instruction, while others are based on the
5  Ninth Circuit Model Mid-Trial Instructions (Instr. 14) and Model Ninth Circuit Preliminary Instructions
6  (Instr. 17), respectively.  They are:  Holmes Instr. 7; Holmes Instr. 8; Holmes Instr. 13; Holmes Instr. 14
7  (Ninth Circuit Model Instr. 2.15); Holmes Instr. 17 (Ninth Circuit Model Instr. 1.14).

8      Ms. Holmes objects to the government (and model) instructions that differ from the ones that she
9  has proposed.  The government objects to the instructions by Ms. Holmes that depart from the Model
10 Instructions.  The parties will answer any questions from the Court at the pre-trial conference.  Ms.
11 Holmes respectfully requests the opportunity to review and comment on the Court's proposed
12 preliminary instructions.

13     11.    <u>Motion Practice</u>: On August 5 and 6, 2021, Ms. Holmes filed four motions which are set
14 for hearing on August 20, 2021, at 10 a.m.  Those are: Ms. Holmes' Motion to Strike Improper and
15 Untimely Expert Disclosure and to Preclude Expert Opinion Testimony of Dr. Kingshuk Das, ECF No.
16 892; Ms. Holmes' Renewed Motion to Exclude Certain News Articles, ECF No. 895; Ms. Holmes'
17 Motion to Partially Redact Certain Governmental Agency Reports, ECF No. 897; and Ms. Holmes'
18 Renewed Motion to Exclude Certain Doctor Testimony, ECF No. 899.  The government expects to file
19 its omnibus opposition on August 12, 2021.

20     Dow Jones and Company has moved to intervene for the limited purpose of moving to unseal
21 certain documents.  On August 10, 2021, the Court set a briefing schedule culminating in a hearing on
22 August 26, 2021, at 11:30 a.m.

23     The parties will be prepared to address any other matters the Court wishes to address.

| | |
|---|---|
| DATED: August 12, 2021 | Respectfully submitted, |
| | STEPHANIE M. HINDS<br>Acting United States Attorney |
| | _/s/ Robert S. Leach_<br>JEFF SCHENK<br>JOHN C. BOSTIC<br>ROBERT S. LEACH<br>KELLY I. VOLKAR<br>Assistant United States Attorneys |
| DATED: August 12, 2021 | WILLIAMS & CONNOLLY LLP |
| | _/s/ Lance Wade_<br>KEVIN DOWNEY<br>LANCE WADE<br>AMY SAHARIA<br>KATIE TREFZ<br>Counsel for Defendant Elizabeth Holmes |