1   JOHN D. CLINE (CA State Bar No. 237759)
    50 California Street, Suite 1500
2   San Francisco, CA 94111
    Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
3   Email: cline@johndclinelaw.com

4   KEVIN M. DOWNEY (Admitted Pro Hac Vice)
    LANCE A. WADE (Admitted Pro Hac Vice)
5   AMY MASON SAHARIA (Admitted Pro Hac Vice)
    KATHERINE TREFZ (CA State Bar No. 262770)
6   WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, NW
7   Washington, DC 20005
    Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
8   Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

9   Attorneys for Defendant ELIZABETH A. HOLMES

10

11                          UNITED STATES DISTRICT COURT

12                        NORTHERN DISTRICT OF CALIFORNIA

13                                SAN JOSE DIVISION

14

15   UNITED STATES OF AMERICA,              )   Case No. CR-18-00258-EJD
                                            )
16          Plaintiff,                      )   **MS. HOLMES' REPLY IN SUPPORT OF**
                                            )   **MOTION TO STRIKE IMPROPER AND**
17      v.                                  )   **UNTIMELY EXPERT DISCLOSURE AND TO**
                                            )   **PRECLUDE EXPERT OPINION TESTIMONY**
18   ELIZABETH HOLMES and                   )   **OF DR. KINGSHUK DAS**
     RAMESH "SUNNY" BALWANI,                )
19                                          )   Date:    August 20, 2021
            Defendants.                     )   Time:    10:00 a.m.
20                                          )   CTRM:   4, 5th Floor
                                            )
21                                          )   Hon. Edward J. Davila
                                            )
22   _____ )

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    Dr. Das' Testimony Requires Specialized Knowledge and Is therefore Subject
      to Rule 702 and Rule 16.................................................................................................1

II.   The Government's Disclosure Is Untimely and Insufficient ................................................4

III.  The Government's Rule 16 Violation Requires Exclusion...................................................5

CONCLUSION................................................................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

The government incredibly claims that, despite the March 2020 Court-ordered expert disclosure deadline, it had no obligation to notice Dr. Kingshuk Das as an expert until the defense raised its failure to do so in connection with a separate motion in June 2021.  That claim lacks any credibility.  Ms. Holmes requested a summary of *any* expert testimony the government planned to elicit in March 2019, and the Court ordered the government's Rule 16 summary to be served by March 6, 2020.

The government also claims that Rule 16 does not apply to Dr. Das even though it intends to elicit opinions from him based on his specialized and scientific knowledge.  But it does not address Ninth Circuit precedent that makes plain that a party cannot label testimony based on scientific principles as lay testimony in order to skirt Rule 16.  "The mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702."  *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997).  Dr. Das' testimony is based on specialized, scientific knowledge and therefore is subject to Rule 16.

The government provides no reason for its failure to timely disclose Dr. Das, nor does it defend the obviously insufficient content of its disclosure.  Litigating these issues on the eve of trial has seriously prejudiced Ms. Holmes.  This is a straightforward violation of Rule 16.  The Court should strike this untimely and insufficient disclosure and exclude any expert opinion testimony from Dr. Das.

## I.    Dr. Das' Testimony Requires Specialized Knowledge and Is therefore Subject to Rule 702 and Rule 16.

The government's primary argument is that Dr. Das is merely a percipient witness.  Opp'n, Dkt. 906 at 12.  Unsurprisingly, the government fails to cite a single case that supports its position that Dr. Das' testimony regarding his scientific opinions and his methodology (or methodologies) falls outside Rule 702 because he is a percipient witness.  There is none.

The Ninth Circuit has explained the distinction between lay witness testimony governed by Rule 701 and expert testimony governed by Rule 702:  "Rule 701 . . . limits opinions to those 'rationally based on the perception of the witness' . . . Rule 702, on the other hand, governs admission of *expert* opinion testimony concerning '*specialized* knowledge.'"  *Figueroa-Lopez*, 125 F.3d at 1246 (quoting

MS. HOLMES' REPLY IN SUPPORT OF MOTION TO STRIKE IMPROPER AND UNTIMELY EXPERT DISCLOSURE AND TO PRECLUDE EXPERT OPINION TESTIMONY OF DR. KINGSHUK DAS
CR-18-00258 EJD

1

Fed. R. Evid. 701, 702).  Similarly, the Advisory Committee Note explains that "the distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field."  Fed. R. Evid. 701 advisory committee's note to 2000 amendment (internal quotation marks omitted).  The testimony the government intends to elicit from Dr. Das—that he "conducted a Six Sigma analysis of the Edison data and concluded the Edison devices did not perform well, and the accuracy and precision did not meet the level needed for clinical testing," Opp'n, Dkt. 906 at 11—is not testimony that "results from a process of reasoning familiar in everyday life," Fed. R. Evid. 701 advisory committee's note to 2000 amendment (internal quotation marks omitted).  A Six Sigma "analysis" is not reasoning familiar in everyday life.

To be sure, a witness may provide *both* lay and expert testimony.  *See United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007); Fed. R. Evid. 701 advisory committee's note to 2000 amendment ("[701(c)] does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*.  Certainly it is possible for the same witness to provide both lay and expert testimony in a single case.").  But Rule 16 does not provide an exception to its disclosure requirements when an expert witness is also a percipient witness:  "*any part of a witness' testimony* that is based upon scientific, technical, or other specialized knowledge . . . is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules."  Fed. R. Evid. 701 advisory committee's note to 2000 amendment (emphasis added).

The Ninth Circuit has reaffirmed these principles.  For example, in *Figueroa-Lopez*, the court rejected a government argument that percipient witnesses' expert opinions are not subject to the same requirements as retained expert witnesses and held that "testimony based on the perceptions, education, training, and experience of the witness" squarely falls under the requirements of Rule 702 regardless of whether the expert is also a fact witness. 125 F.3d at 1246.  In *United States v. Barragan*, the Ninth Circuit explained that "the line between lay and expert opinion depends on the *basis* of the opinion, not its subject matter."  871 F.3d 689, 704 (9th Cir. 2017) (emphasis added).  Similarly, in *Rodriguez v. Gen. Dynamics Armament & Tech. Prods.*, the Ninth Circuit reversed when the district court

MS. HOLMES' REPLY IN SUPPORT OF MOTION TO STRIKE IMPROPER AND UNTIMELY EXPERT DISCLOSURE AND TO PRECLUDE EXPERT OPINION TESTIMONY OF DR. KINGSHUK DAS
CR-18-00258 EJD

erroneously held that a witness was not providing expert testimony when "talk[ing] about his job" because, as the Ninth Circuit made clear, "any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 . . . even when the expertise involved is specialized knowledge gained as part of a witness's job." 510 Fed. App'x 675, 676 (9th Cir. 2013) (internal quotation marks omitted).  These cases stand for the uncontroversial proposition that, even if a witness will testify to facts in a case, if the witness will provide opinions based on scientific, technical, or specialized knowledge, Rule 702 governs that testimony.

The government ignores all of this authority in its Opposition.  It instead patches together different portions of this Court's motion *in limine* Order to create a holding that Dr. Das' testimony is not expert testimony.  But Dr. Das was not the subject of any motion *in limine* or *Daubert* motion.  Nor could he have been:  the government didn't even notice him as a *fact* witness, let alone an expert witness, until after the Court issued its Order.  Decl. of Amy Mason Saharia ("Saharia Decl.") Ex. E ¶ 147 (Jun. 3, 2021 Gov't Amend. Witness List).

The Court's Order in no way blesses the proposition that Dr. Das is providing non-expert opinions.  As one example, the government invokes the Court's discussion of Dr. Rosendorff's testimony concerning reference ranges.   Opp'n, Dkt. 906 at 13.  The government claims that the Court ruled that "[t]his testimony is based on Dr. Rosendorff's percipient observations while at Theranos as well as his judgment and experience as a certified laboratory director. . . . [Thus,] the introduction of a scientific basis and methodology pursuant to Rule 702 is not needed.'" *Id.* (second alteration in original) (internal quotation marks omitted).  But the omitted sentence is the critical one:  "Because the evidence will not be introduced to argue that Theranos' reference ranges were violating industry standards, the introduction of a scientific basis and methodology pursuant to Rule 702 is not needed."  Order, Dkt. 798 at 77.  Dr. Das' testimony that "he conducted a Six Sigma analysis of the Edison data and concluded the Edison devices did not perform well, and the accuracy and precision did not meet the level needed for clinical testing," Opp'n, Dkt. 906 at 11, falls outside this limited ruling about Dr. Rosendorff's testimony.  Similarly, the Court's ruling that Dr. Rosendorff's testimony regarding multiplexing was not

MS. HOLMES' REPLY IN SUPPORT OF MOTION TO STRIKE IMPROPER AND UNTIMELY EXPERT DISCLOSURE AND TO PRECLUDE EXPERT OPINION TESTIMONY OF DR. KINGSHUK DAS
CR-18-00258 EJD

3

1   expert testimony because it "does not involve the application of any technical algorithms or procedures"

2   could not apply to Dr. Das' calculations, which, among other things, require application of an algorithm.

3   Order, Dkt. 798 at 76.

4          Notably, the government has no response to the fact that its retained expert Dr. Master conducted

5   a "Six Sigma" analysis to reach opinions similar to Dr. Das'.  The government simply claims that Dr.

6   Das' use of a mathematical equation "does not move his testimony from the percipient realm into the

7   expert realm."  Opp'n, Dkt. 906 at 15.  That is a gross understatement of Dr. Das' analysis:  assessing

8   the accuracy and reliability of blood testing is not merely a matter of adding some numbers together.

9   Dr. Das' opinion testimony is clearly subject to Rules 16 and 702.

10   **II.     The Government's Disclosure Is Untimely and Insufficient.**

11          The government cannot defend the untimeliness of its disclosure.  Opp'n, Dkt. 906 at 18.  The

12   following facts are undisputed:

13   •   On March 27, 2019, Ms. Holmes requested "[a] written summary of any testimony that the
14       prosecution intends to use under Rules 702, 703, or 705."  Saharia Decl. Ex. F ¶ 7 (Balwani
         discovery request); Ex. G (Ltr. to Gov't joining Balwani discovery request).

15   •   In October 2019, the government agreed to provide its expert disclosures by March 6, 2020 in
16       the parties' joint proposed scheduling order.  Dkt. 170-6.

17   •   The Court adopted the parties' joint schedule.  Dkt. 171 (Nov. 4, 2019 Crim. Mins.).

18   •   The government served its Rule 16 summaries on March 6, 2020 and included disclosures for
19       two former Theranos lab directors.  Dkt. 580-3 at 6.

20   •   The government noticed Dr. Das as a fact witness for the first time on June 3, 2021, Saharia
         Decl., Ex. E ¶ 147, and as an expert witness on July 29, 2021.

21          Notwithstanding these facts, the government claims that it had no obligation to produce a Rule

22   16 summary until Ms. Holmes explained that Dr. Das was not a noticed expert in her June 2021

23   supplemental brief in response to Dr. Master's supplemental report.  Opp'n, Dkt. 906 at 16.  As just

24   explained, Ms. Holmes requested that the government disclose experts on March 27, 2019.  The idea

25

26

27

28   MS. HOLMES' REPLY IN SUPPORT OF MOTION TO STRIKE IMPROPER AND UNTIMELY EXPERT
     DISCLOSURE AND TO PRECLUDE EXPERT OPINION TESTIMONY OF DR. KINGSHUK DAS
     CR-18-00258 EJD
                                                        4

1  that her recent comment on the government's failure to disclose Dr. Das as an expert constitutes the first

2  "request" for a disclosure is preposterous.[1]

3          Nor can the government defend the sufficiency of the disclosure.  The government argues that

4  the disclosure was sufficient because it cited two memoranda of interview in February and June 2021.

5  Opp'n, Dkt. 609 at 19.  But the government has no response to Ms. Holmes' cited authority that

6  discovery may not supplement an insufficient disclosure.  *United States v. Valdez*, 2019 WL 539074, at

7  *3 (N.D. Cal. Feb. 11, 2019).

8          In any event, the cited interview memoranda do not describe Dr. Das' opinions or the bases and

9  reasons for those opinions, and the government completely fails to engage with Ms. Holmes' arguments

10  regarding the insufficiency of those memoranda.  *See* Def. Mot., Dkt. 892 at 5-7.  The government also

11  suggests that Dr. Das' statement in an April 2016 CMS letter provides the substance of his expert

12  testimony.  Gov't Opp'n, Dkt. 906 at 17-18.  The language cited by the government states in full:  "'the

13  laboratory is not satisfied with its old quality assessment[] program's ability to effectively flag and

14  promptly address QC imprecision, QC failures, and QC trends with the [Edison/TSPU]'" and has

15  determined to void all test results run on the Edison as a "'corrective action.'"  *Id.* at 17.  This excerpt

16  fails to identify any opinions or bases or reasons and is no substitute for a sufficient Rule 16 disclosure.

17          The government's four-sentence email disclosure is plainly insufficient.  If these facts do not

18  constitute a violation of Rule 16, then Rule 16 is meaningless.  The Court should strike the disclosure.

19  **III.     The Government's Rule 16 Violation Requires Exclusion.**

20          In determining which sanction to employ under Rule 16(d)(2) in cases of untimely government

21  disclosures, "the Court should typically consider three factors: (1) the reason for the government's delay

22  in production; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility

23

---

24  [1] The government points to the fact that Dr. Das was mentioned during the July 2021 hearing on Ms.
   Holmes' motion to suppress as evidence that Ms. Holmes was aware that the government wanted to use

25  Dr. Das' expert testimony.  Opp'n, Dkt. 906 at 18.  To be clear, Ms. Holmes' position has always been
   that no such testimony could have been elicited because Dr. Das had not been disclosed as an expert.

26  *See* Def. Resp. to Gov't Suppl. Expert Report, Dkt. 847 at 6 n.6 ("Dr. Das cannot testify to any opinions
   he reached based on this analysis because the government has not noticed him as an expert.").  The fact

27  that Ms. Holmes referenced Dr. Das in the motion hearing in no way conceded that a Rule 16 disclosure
   was unnecessary or any subsequent disclosure would be timely.

28  MS. HOLMES' REPLY IN SUPPORT OF MOTION TO STRIKE IMPROPER AND UNTIMELY EXPERT
   DISCLOSURE AND TO PRECLUDE EXPERT OPINION TESTIMONY OF DR. KINGSHUK DAS
   CR-18-00258 EJD

1  of curing the prejudice with a continuance." *United States v. Yagi*, 2013 WL 10570994, at *16 (N.D.

2  Cal. Oct. 17, 2013) (internal quotation marks omitted) (excluding untimely disclosed expert testimony).

3     On the first factor, the government provides no reason for its delay because none exists.  Dr. Das

4  was available to the government before the disclosure deadline, but the government chose not to

5  interview him.  The government's claim that it has no obligation to interview its witnesses in any

6  particular order, Opp'n, Dkt. 906 at 18 n.7, is no justification for failure to disclose an *expert* in a timely

7  manner.  Similarly, as Ms. Holmes stated in her motion, the failure to realize that a witness's testimony

8  falls under 702 is also no excuse.  *See Yagi*, 2013 WL 10570994, at *16.

9     On the second factor, the government argues that no prejudice resulted from its failure to

10  disclose Dr. Das as an expert until a month before trial.  Opp'n, Dkt. 906 at 19-20.  The mere fact that

11  Ms. Holmes has been forced to occupy precious pre-trial preparation time with these matters is prejudice

12  enough.  Moreover, the government's untimely disclosure deprived Ms. Holmes of an opportunity to

13  move for an adequate disclosure (as she did for the doctor experts); to file a *Daubert* motion (as she did

14  for Dr. Stephen Master); or to file any motions *in limine* regarding his testimony (as she did for various

15  issues and witnesses).

16     The government responds by arguing that Dr. Das' expected testimony "was known to

17  Defendant at the time such motions were pending" and was covered by the Court's Order on the motions

18  *in limine*.  *Id.* at 19.  Not so.  The Court's motion *in limine* Order was issued on May 22, 2021.  Order,

19  Dkt. 798.  The government did not even notice Dr. Das as a *fact* witness until a week after the Court had

20  ruled on the motions.  Saharia Decl., Ex. E ¶ 147 (Jun. 3, 2021 Gov't Amend. Witness List).  The mere

21  fact that the government had interviewed him gave the defense no notice that it intended to call him as a

22  witness.

23     The government next argues that, because Ms. Holmes "has prefaced her potential *Daubert*

24  motion in this motion to strike" and those issues are already pending before this Court, she suffered no

25  prejudice.  Opp'n, Dkt. 906 at 19.  This is likewise incorrect.  First, Ms. Holmes cannot file a *Daubert*

26  motion without an adequate disclosure.  Her preview of the obvious deficiencies with Dr. Das'

27  testimony is no substitute for a *Daubert* motion filed after sufficient time to review an adequate

28  MS. HOLMES' REPLY IN SUPPORT OF MOTION TO STRIKE IMPROPER AND UNTIMELY EXPERT
DISCLOSURE AND TO PRECLUDE EXPERT OPINION TESTIMONY OF DR. KINGSHUK DAS
CR-18-00258 EJD

1    disclosure.  Similarly, the government points out that Ms. Holmes' "motion provides several areas of

2    potential cross-examination," *id.* at 20, but Ms. Holmes cannot prepare an *adequate* cross-examination

3    without timely notice of the bases and reasons for Dr. Das' opinions.  Second, there are a host of issues

4    surrounding Das' testimony that are not pending before the Court in any *Daubert* motion.  *See* Def.

5    Mot., Dkt. 892 at 5-7.  For example, where are the documents on which Dr. Das relied, what were his

6    "internal investigations," and what "areas" did he follow up on?  *See id.*  And, despite the government's

7    contrary arguments, nothing in Dr. Das' interview memoranda limits his opinions to any particular

8    assays.  Moreover, without knowing Dr. Das' precise opinions and their bases, Ms. Holmes has no

9    ability to determine whether to retain a rebuttal expert.  *See Yagi*, 2013 WL 10570994, at *16.

10         The final factor—"the feasibility of curing the prejudice with a continuance"—weighs in favor

11   of striking the email disclosure and excluding the expert testimony.  Ms. Holmes has been diligently

12   preparing for trial based on the current trial date, and delaying the trial to accommodate the

13   government's unexplained, untimely disclosure would push the trial into the holiday period, likely

14   reducing the number of available jurors.  The only appropriate remedy is to strike the report and exclude

15   all opinions therein.  *See United States v. Valdez*, 2019 WL 539074, at *2 (N.D. Cal. Feb. 11, 2019).  As

16   referenced in Ms. Holmes' Motion, absent such relief, Ms. Holmes will be forced to move for a

17   continuance to attempt to mitigate the resulting prejudice.

18                                          **CONCLUSION**

19         For the foregoing reasons, and the reasons stated in Ms. Holmes' Motion To Strike Improper and

20   Untimely Expert Disclosure and To Preclude Expert Opinion Testimony of Dr. Kingshuk Das, Dkt. 892,

21   this Court should grant Ms. Holmes' motion.

22

23   DATED:  August 16, 2021                    Respectfully submitted,

24                                              /s/ Amy Mason Saharia
                                                KEVIN DOWNEY
25                                              LANCE WADE
                                                AMY MASON SAHARIA
26                                              KATHERINE TREFZ
                                                Attorneys for Elizabeth Holmes
27

28   MS. HOLMES' REPLY IN SUPPORT OF MOTION TO STRIKE IMPROPER AND UNTIMELY EXPERT
     DISCLOSURE AND TO PRECLUDE EXPERT OPINION TESTIMONY OF DR. KINGSHUK DAS
     CR-18-00258 EJD

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on August 16, 2021 a copy of this filing was delivered via ECF on all

3 counsel of record.

4

5                                                    /s/ Amy Mason Saharia
                                                     AMY MASON SAHARIA
6                                                    Attorney for Elizabeth Holmes

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' REPLY IN SUPPORT OF MOTION TO STRIKE IMPROPER AND UNTIMELY EXPERT
DISCLOSURE AND TO PRECLUDE EXPERT OPINION TESTIMONY OF DR. KINGSHUK DAS
CR-18-00258 EJD