# Exhibit F



**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

**Jeffrey B. Coopersmith**
206-757-8020 tel
206-757-7020 fax

jeffcoopersmith@dwt.com

March 11, 2019

Jeff Schenk
Assistant United States Attorney
U.S. Attorney's Office, Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113
Jeffrey.B.Schenk@usdoj.gov

Re:   *United States v. Holmes and Balwani*, Case No. CR-18-00258-EJD (N.D. Cal.)

Dear Mr. Schenk:

On behalf of Mr. Balwani, further to our previous formal request for discovery, we are writing to request that the Government[1] produce each and every item, document, or piece of information he is entitled to under the United States Constitution, the laws of the United States, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of California, and the policies of the United States Department of Justice and the United States Attorneys' Office for the Northern District of California.

We also have the following specific requests at this time. As you know, at the last status conference before the Court on January 14, 2019, the government informed the Court that it would imminently make an additional discovery production of about one million pages of documents, but we have not yet received that production. As a result, we will likely have additional requests once we are able to fully review the discovery produced and still to be produced by the government.

First, you have agreed to produce grand jury transcripts and exhibits substantially in advance of any witness' testimony. During our conversation on December 11, 2018, I asked for this material to be produced right away, but you were not willing to do so at that time. Now, three months later, our request once again is that you produce the grand jury transcripts at this

---

[1] In this letter, the term "Government" includes all branches of the government of the United States of America, including all levels or agencies of any branch, as well as all state or local agencies allied with the prosecution. It specifically includes, but is not limited to, the United States Department of Justice, the United States Attorneys' Office for the Northern District of California, the United States Securities and Exchange Commission, the United States Food & Drug Administration, and the United States Centers for Medicare and Medicaid Services, and any divisions or units of these and all other agencies.

4813-1406-9354v.7 0103509-000002

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

March 11, 2019
Page 2

time, and that you produce all grand jury transcripts and exhibits, whether or not you consider the person to be a potential witness. As we have discussed, there are some witnesses that the government already knows it will call at trial, and for those witnesses we see no reason to delay production of the grand jury transcripts in this case as you will have to do so in any event. For the grand jury witnesses who the government is not sure it will call, or has already decided not to call, these transcripts very likely contain *Brady* material, and certainly do to the extent that the government's reason for being unsure about calling, or having decided not to call, a witness at trial is some level of dissatisfaction with the witnesses' testimony from the government's perspective. As you know, the defense is in a much better position than the government to assess exculpatory value, and we believe that the government will be better served by providing the material now rather than risk arguments later that *Brady* material was not produced or not produced in a timely fashion. We also specifically request the grand jury transcripts from the session or sessions during which the United States asked the grand jury to return an indictment and a superseding indictment.

Second, we are aware of a February 8, 2019 letter to the government from Lance Wade, counsel for Ms. Holmes, that requested, among other things, all intra-agency and inter-agency communications for the government agencies identified in that letter, including CMS and FDA. We join the requests in that letter in their entirety, as well as all other discovery requests to the government made by Ms. Holmes counsel. We are not aware of a response to Mr. Wade's February 8 letter, but from a February 22, 2019 letter from Bob Leach to Ms. Holmes's counsel responding to a different letter we understand that the government is taking the position that documents at FDA and CMS (other than FDA-CI) are not within the possession, custody, or control of the Department of Justice. However, CMS and FDA are represented by the Department of Justice in connection with the subpoenas we served in *SEC v. Balwani*, Case No. 5:18-cv-01603-EJD, and are agencies "participating in the same investigation of" Mr. Balwani, Ms. Holmes and Theranos. Accordingly, all documents in those agencies' files are deemed to be within the control of the prosecution. *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989). Dozens of such documents were used in the government's investigation and attached as exhibits to various 302s and other similar interview memos. Internal discussions within CMS and FDA are material to Mr. Balwani's defense, the Government has an obligation to produce them, and it cannot provide only those documents it chose to obtain or rely on in conducting its investigation. *See, e.g., United States v. Cutting,* 2017 WL 132403 (N.D. Cal. Jan. 12, 2017) (ordering production of documents in possession of agencies involved "in the large overall investigation that led to [criminal] charges"). Indeed, you clearly believed that the internal communications within FDA and CMS (including CMS contractors such as state agencies conducting inspections on behalf of CMS) were relevant in this case when you requested preservation of such materials by letters to those agencies dated June 29, 2017, July 25, 2017, and August 14, 2017. Therefore, we request that the government produce all documents in the possession of CMS and FDA, regardless of whether the documents reflect external or only

March 11, 2019
Page 3

internal communications at these agencies, that relate in any way to Theranos, Mr. Balwani, or Ms. Holmes. The defendants are entitled to these documents pursuant to Rule 16.

Third, we request that you confirm that the government has produced to the defense all FBI 302s and equivalent memoranda created to date from all other agencies involved in the investigation in this case, including the ongoing investigation the government claims to be conducting. We also request that you supplement the production of these as new memoranda are created. Further, we request that the government produce all notes and recordings taken or made by personnel affiliated with the agencies involved in the investigation (and ongoing investigation) in this case, pursuant to *Brady v. United States*. These agencies include, without limitation, the SEC, such that notes and recordings taken by SEC personnel must be included as well. The SEC participated in the government's investigation and should be treated no differently from other participating agencies, such as FBI, USPIS, FDA-CI, etc.

Fourth, in an email dated December 20, 2018, you informed us that the government planned to produce documents from several custodians, including ABC and Wilmer Hale, in its next document production. While we subsequently received a document production from the government on December 27, 2018, this production did not include documents from ABC or Wilmer Hale. Mr. Balwani requests these documents. If you have already produced these materials, please direct us to the volume of production in which they can be located and their corresponding bates numbers.

In addition to the requests above, our request for documents and information includes (but is not limited to) the following categories:

1. The substance of any relevant statement[2] made by Mr. Balwani, before or after arrest, in response to interrogation by a person he knew was a Government agent if the prosecution intends to use the statement at trial. *See* Fed. R. Crim. P. 16(a)(1)(A). This request includes, without limitation:

    a. All written or recorded statements of witnesses that reflect, relate, or incorporate any relevant statements made by Mr. Balwani; and

    b. All other documents[3] that reflect, relate, or incorporate any relevant statements made by Mr. Balwani.

---

[2] In this letter, unless otherwise qualified, the term "statement" includes oral and written statements, as well as any form of performative statements or assertive conduct.

[3] In this letter, unless otherwise qualified, the term "document" includes but is not limited to all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, computer facilitated or transmitted materials, images, photographs, information in any computer database, audio and

4813-1406-9354v.7 0103509-000002

March 11, 2019
Page 4

2. Any relevant written or recorded[4] statement by Mr. Balwani in your possession, custody, or control, or which you could through due diligence be aware of. *See* Fed. R. Crim. P. 16(a)(1)(B). This request includes, without limitation:

    a. A copy of the portion of any written record containing the substance of any relevant oral statement made before or after arrest if Mr. Balwani made the statement in response to interrogation by a person he knew was a Government agent; and

    b. All documents, including notes, prepared by any FBI or SEC employee or agent that contain the substance of any relevant statement made by Mr. Balwani, including statements relayed to such employees or agents via a third party.

3. All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that were obtained from or belong to Mr. Balwani, or that belonged to Mr. Balwani at the time of the alleged offenses, or that belong or belonged to any agent of Mr. Balwani or any entity allegedly owned or controlled by him. *See* Fed. R. Crim. P. 16(a)(1)(C).

4. Mr. Balwani's prior criminal record that is within the Government's possession, custody, or control if the attorney for the Government knows—or through due diligence could know—that the record exists. *See* Fed. R. Crim. P. 16(a)(1)(D).

5. Any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the Government's possession, custody, or control and: (i) the item is material to preparing the defense; or (ii) the Government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to Mr. Balwani. This request includes a request to inspect any item responsive to this request which cannot be copied. *See* Fed. R. Crim. P. 16(a)(1)(E). This request includes, without limitation[5]:

---

video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

[4] In this letter, unless otherwise qualified, the term "recorded" includes audio recordings, visual recordings, written records, and electronic or computer records.

[5] These categories of documents are directly material to pivotal defense issues relating to the elements of the offenses charged, including whether the events alleged in the indictment in fact occurred and the defendant's knowledge and intent (or lack thereof) with respect to those alleged events. These issues are central to the offenses charged in the indictment, and the defendant is entitled to production of documents that will assist him in obtaining evidence to negate those charges. The requested documents will also play a crucial role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, and assisting impeachment and rebuttal

4813-1406-9354v.7 0103509-000002

March 11, 2019
Page 5

    a. All documents relating to Mr. Balwani or the conduct alleged in the indictment that were introduced as exhibits before the grand jury, or that were obtained by or for the grand jury or pursuant to any grand jury or trial subpoena.

    b. All documents relating to Mr. Balwani or the conduct alleged in the indictment obtained from any witness who testified before the grand jury.

    c. All documents relating to Mr. Balwani or the conduct alleged in the indictment obtained from any person who was interviewed or consulted during the course of the Investigation.[6]

    d. All documents relating to Mr. Balwani or the conduct alleged in the indictment obtained from any federal, state or local governmental, regulatory or legislative body or agency.

    e. All documents relating to press releases or press conferences concerning Mr. Balwani or the Investigation of defendants, and all other documents relating to any contacts between the Government and representatives of the media concerning defendants or the Investigation of the defendant.

    f. All documents relating to the reputation of Mr. Balwani, including, without limitation, any documents relating to the defendant's reputation for honesty, integrity, or competence.

    g. All documents relating to any interviews, reports, analyses, or other documents provided by your office, the Department of Justice, the FBI, or the Securities and Exchange Commission ("SEC") to any state or local government or regulatory body or agency, or by any such body or agency to your office, the Department of Justice, the FBI, or the SEC in connection with the Investigation and/or the prosecution of Mr. Balwani.

    h. All documents reflecting or relating to the Investigation, including all correspondences relating to such Investigation between the Department of Justice, the United States Attorneys' Office for the Northern District of California, and the SEC.

---

[6] In this letter, unless otherwise qualified, the term "Investigation" includes both the criminal investigation undertaken by the United States Department of Justice into Mr. Balwani as well as Elizabeth Holmes, Theranos, Inc., and any other related individuals, as well as the civil investigation conducted by the United States Securities and Exchange Commission into the same subjects.

4813-1406-9354v.7 0103509-000002

March 11, 2019
Page 6

      i. All documents relating to any allegation in the indictment.

      j. Documents sufficient to show the identity of any specific individual or entity referred to in the indictment, including without limitation patients, doctors, and/or investors.

      k. All documents relating to any specific individual or entity referred to in the indictment, including without limitation patients, doctors, and/or investors.

      l. All advertisements purchased with the funds referenced in Paragraph 26 of the indictment.

6. The results or reports of any physical or mental examination and of any scientific test or experiment where (i) the item is within the Government's possession, custody, or control; (ii) the attorney for the Government knows—or through due diligence could know—that the item exists; and (iii) the item is material to preparing the defense or the prosecution intends to use the item in its case-in-chief at trial. *See* Fed. R. Crim. P. 16(a)(1)(F). You are also hereby specifically requested to preserve for testing by Mr. Balwani any and all substances or devices capable of being tested by scientific means whether or not such substances were tested by the Government.

7. A written summary of any testimony that the prosecution intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. *See* Fed. R. Crim. P. 16(a)(1)(G).

8. A statement of the existence or non-existence of any evidence obtained as a result of electronic surveillance. *See* N.D. Cal. Local Crim. Rule 16.1(c)(1).

9. A statement of the prosecution's intent to use as a witness an informant, *i.e.*, a person who has or will receive some benefit from assisting the Government. *See* N.D. Cal. Local Crim. Rule 16.1(c)(2). This request includes, without limitation:

      a. The identity of any informant connected to the above referenced case who was a percipient witness to or participated in the alleged defense. *See Roviaro v. United States*, 353 U.S. 53 (1957). Mr. Balwani also requests information regarding the present address of said informant; any prior criminal record of said informant; any bias, narcotic habit, psychiatric treatment, lack of competence, lack of credibility, lack of impartiality, or criminal record on the part of said informant; and any promises, rewards and inducements (financial or otherwise) offered or any threats of criminal prosecution made to said informant.

March 11, 2019
Page 7

10. A summary of any evidence of other crimes, wrongs or acts which the prosecution intends to offer under Fed. R. Evid. 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence. *See* N.D. Cal. Local Crim. Rule 16.1(c)(3).

11. A summary of any statement the prosecution intends to offer under Fed. R. Evid. 801(d)(2)(E) in sufficient detail that the Court may rule on the admissibility of the statement. *See* N.D. Cal. Local Crim. Rule 16.1(c)(4).

12. Any chart, summary, or calculation the prosecution intends to offer in evidence and all writings, recordings, or other information on which such charts, summaries, or calculations are based. *See* Fed. R. Evid. 1006.

13. All evidence favorable to Mr. Balwani which is material either to the issue of guilt or punishment in the above referenced case, which serves to impeach a Government witness who will testify at trial, or which is relevant to sentencing. *See generally Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). This request includes, without limitation[7]:

    a. Any document or information (in whatever form) indicating or tending to establish that any of the allegations in the indictment are not true.

    b. Any document or information (in whatever form) indicating or tending to establish that:

        i. The defendant engaged in any conduct that forms the basis of the indictment in reliance upon advice provided them by counsel or other experts;

        ii. The defendant engaged in any conduct that forms the basis of the indictment with the good faith belief that their conduct did not constitute a crime.

    c. The existence of any witness known to the Government who is favorable to the defense together with any and all statements made or adopted by that witness (whether they be written, recorded or the substance of oral statements) within the custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government.

---

[7] Other requests in this letter also seek evidence pursuant to *Brady* and/or *Giglio* and their progeny.
4813-1406-9354v.7 0103509-000002

March 11, 2019
Page 8

    d. Any statements made or adopted by any individual (including co-defendants) (whether they be written, recorded or the substance of oral statements) within the custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government, which exculpate or do not mention Mr. Balwani.

    e. Any and all evidence showing any bias, narcotic habit, psychiatric treatment, lack of competence, lack of impartiality, or criminal record, on the part of any witness the Government intends to call to testify at trial in the above referenced case. This request includes, without limitation:

        i. All documents or information (in whatever form) relating to any conviction, arrest, or criminal record of, and any criminal charge brought against, any potential prosecution witness;

        ii. All documents or information (in whatever form) relating to promises, consideration, or inducements made to any potential prosecution witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, employer, or business associates. "Consideration" means anything of value or use, including immunity grants, whether formal or informal, witness fees, transportation assistance, money, or assurance, promises, or suggestions of favorable treatment with respect to any criminal, civil, or administrative matter;

        iii. All documents or information (in whatever form) relating to inconsistencies in statements given by any potential prosecution witness;

        iv. All documents or information (in whatever form) that would tend to impeach the credibility of any potential prosecution witness;

        v. All documents or information (in whatever form) bearing adversely on the character or reputation for truthfulness of any potential prosecution witness;

        vi. Each specific instance of conduct from which it could be inferred that any potential prosecution witness is untruthful; and

        vii. FBI, SEC, or other personnel or other files for each potential prosecution witness.

March 11, 2019
Page 9

    f.  The results of any lie detector tests given to any witnesses the Government intends to call to testify at trial in the above referenced case.

    g.  Any promises, rewards and inducements (financial or otherwise) offered (including a list of payments) or any threats of criminal prosecution made to any witness the Government intends to call to testify at trial in the above referenced case.

    h.  Presentence investigation reports, if any, relating to any witness the Government intends to call to testify at trial in the above-referenced case.

    i.  Names and addresses of eyewitnesses to the offense(s) for which Mr. Balwani now stands accused whose identity is now known, or by the exercise of due diligence may become known to the Government.

    j.  Information regarding any indecisive, incomplete or hesitant identification of Mr. Balwani by any witness to the offense(s) for which Mr. Balwani now stands accused (regardless of whether the Government intends to call that witness to testify at trial).

    k.  Any and all information that tends to detract from the credibility or probative value of the testimony and/or evidence that the Government anticipates it will present at trial or sentencing in the above referenced case.

    l.  Any and all differences between information provided to the Government by a cooperating witness and information provided to the Government in a proffer made by that witness's attorney.

    m.  The date of and participants in each and every interview (including not only interviews conducted by the Government, but also interviews conducted by third parties), debriefing, "queen for a day" session, proffer, deposition, or other statement or description of the alleged facts made by each potential prosecution witness (whether directly or indirectly, such as a proffer made by counsel). In addition, please specify, as to each such witness, the *first* date on which the witness made any allegation that Mr. Balwani engaged in any allegedly unlawful conduct or any conduct alleged in the indictment.

14. Copies of any statements made or adopted by any alleged co-conspirator, co-defendant or agent of Mr. Balwani regardless of whether the Government intends to introduce these statements at trial. *See United States v. Turoff*, 701 F. Supp. 981 (E.D.N.Y. 1988).

March 11, 2019
Page 10

15. The identity of any informant connected to the above referenced case who was a percipient witness to or participated in the alleged defense. *See Roviaro v. United States*, 353 U.S. 53 (1957). Mr. Balwani also requests information regarding the present address of said informant; any prior criminal record of said informant; any bias, narcotic habit, psychiatric treatment, lack of competence, lack of credibility, lack of impartiality, or criminal record on the part of said informant; and any promises, rewards and inducements (financial or otherwise) offered or any threats of criminal prosecution made to said informant.

16. Any statements made or adopted by witnesses which the Government intends to call to testify at any hearing (including a sentencing hearing) connected with the above referenced case, or notes made by said witnesses within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government. *See* 18 U.S.C. § 3500; Fed. R. Crim. Proc. 26.2.

    a. Please advise us promptly whether you will be producing *Brady/Giglio* material (or material required to be produced under any other law or Rule) immediately even if it is contained in what might otherwise be considered as *Jencks* material, or whether you take the position that you are not obligated to produce such material at this time. This is an important issue which we want the Court to address promptly.

17. The general nature of any and all evidence the Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b). *See* Fed. R. Evid. 404(b). Mr. Balwani further requests a statement of the Government's theory of admissibility with respect to all such evidence.

18. Any statement by any third party that the Government intends to offer in its case in chief, as a statement by Mr. Balwani under any of the following theories:

    a. Any statement as to which Mr. Balwani allegedly manifested his adoption or belief in its truth. Fed. R. Evid. 801(d)(2)(B).

    b. Any statement made by another which was purportedly authorized by Mr. Balwani. Fed. R Evid. 801(d)(2)(C).

    c. Any statement made by an agent or servant of Mr. Balwani concerning a matter within the scope of his agency or employment made during the existence of such a relationship. Fed. R. Evid. 801(d)(2)(D).

March 11, 2019
Page 11

19. Facts and circumstances of the offense and offense characteristics that are relevant to the application of the Sentencing Guidelines. *See* U.S.S.G. 6B1.2, Commentary.

20. All subpoenas, letter requests to and correspondence with actual or potential witnesses or their counsel, and transmittal letters reflecting what documents (or categories of documents) were sought, and what documents (or categories of documents) were obtained by the Government during the course of the Investigation or since the return of the indictment.[8]  We also request that you identify any person or entity that has asserted any attorney-client privilege, work-product privilege, common interest privilege, or any other privilege as the basis for withholding or not producing any documents, in whole or in part, and that you provide all documents (including all privilege logs) with respect to the assertion of or challenge to any such claimed privileges.  As to all materials produced, we also request that you identify, by Bates range, the source of the documents.

21. Whether any evidence in the Government's possession, custody, or control was obtained by a search and seizure conducted by the Government, and a description of such evidence.

    a. In connection with any search or seizure, Mr. Balwani requests the names and addresses of all such individuals or entities who were subject to the search or seizure, a description of the procedures used to conduct the search or seizure; and the authority under which such search or seizure was conducted.

22. Whether any evidence in the Government's possession, custody, or control was obtained through electronic or mechanical surveillance, including without limitation wiretaps, body wires, pen registers, and/or surveillance of telephone calls, and a description of such evidence.

23. Whether any evidence in the Government's possession, custody, or control was obtained through the use of any form of tracking device, and a description of such evidence.

    a. In connection with any tape recording, wiretaps, tracking devices, or other surveillance of any individual or entity during the Investigation of the allegations of the indictment or any related allegations, Mr. Balwani requests the names and addresses of all such persons whose personal or business telephones the Government tapped or monitored, or whose conversations or actions the Government monitored by other means without the person's knowledge;

---

[8] This information is critical to make sure that there is no ambiguity as to what has (or has not) been requested or obtained by the government and produced to the defense, so that meaningful Rule 17(c) subpoenas for additional material can be served by the defendant.

March 11, 2019
Page 12

> transcripts or other records of the statements or conversations monitored; the original records created during such surveillance; the procedures used to conduct such surveillance; and the authority under which such surveillance was conducted.

24. Whether any evidence in the Government's possession, custody, or control was obtained through a mail cover and/or trash cover and a description of such evidence.

25. Whether the Government employed any undercover agent during its Investigation of the charges of the indictment.

26. The empanelment date of each grand jury that heard evidence concerning this case; the record of the empanelment of the grand jury and selection of grand jurors; the dates on which each such grand jury sat; the identities of all persons to whom grand jury materials were disclosed; whether any persons were present during grand jury proceedings other than the grand jurors, witnesses, court reporter, and Assistant United States Attorney; the instructions provided to the grand jury before the indictment was returned; and the voting record and record of return in open court of the indictment.

In addition to the requests above, Mr. Balwani specifically requests all items he is entitled to review as provided by the United States Constitution, the laws of the United States, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Sentencing Guidelines, the Local Rules of the Northern District of California, and/or existing case law. If those sources require production of items not specifically requested herein, a request for these items is now specifically made. Furthermore, this request is a continuing request; if the Government discovers additional evidence or material responsive to any of the above requests subsequent to the Government's initial production, the Government shall promptly and without delay provide Mr. Balwani with the additional evidence or material. *See* Fed. R. Crim. Proc. 16(c). In the event that the Government fails to produce all, or any part, of the evidence or materials herein requested, Mr. Balwani reserves the right to oppose the introduction of such evidence or materials at any hearing in the above referenced case and/or move for dismissal of the indictment against him. *See* Fed. R. Crim. Proc. 16(d)(2).

To the extent that any documentary discovery is also contained in any format other than a paper copy, we request that such electronic version also be produced in addition to the paper copy. Please advise us promptly whether such material exists and whether it will be produced.

Finally, pursuant to N.D. Cal. Local Crim. Rule 16.1(a), Mr. Balwani requests a meeting to schedule the disclosure of the above information. We appreciate the complexity of this matter and your ongoing efforts to locate and produce documents. However, given the need for these documents and information in preparing for trial, we request that you respond to this letter by

March 11, 2019
Page 13

identifying which requests the Government (1) contends it has already fulfilled through its previous document productions, (2) contends it need not fulfill as no responsive items, documents, or pieces of information exist, (3) intends to fulfill, and the date on which it intends to do so, or (4) does not intend to fulfill, and your reasons for taking that position. We request that response as soon as possible, and no later than March 29, 2019.[9]

      We appreciate your prompt response to this letter, and reserve the right to supplement these requests as we prepare for trial.

Sincerely,

Davis Wright Tremaine LLP

Jeffrey B. Coopersmith

---

[9] We note that the policy of the United States Attorney for the Northern District of California contemplates provision of many of the documents requested in this letter "at or before the defendant's arraignment and generally no later than one week before the first district court appearance." *See* https://www.justice.gov/sites/default/files/usao/pages/attachments/2015/04/01/can_discovery_policy.pdf. Both of those dates have long since passed.

4813-1406-9354v.7 0103509-000002