JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>    Defendants. | Case No. CR-18-00258-EJD<br><br>**MS. HOLMES' REPLY IN SUPPORT OF RENEWED MOTION TO EXCLUDE CERTAIN NEWS ARTICLES**<br><br>Date: August 20, 2021<br>Time: 10:00 AM<br>CTRM: 4, 5th Floor<br><br>Hon. Edward J. Davila |

## MEMORANDUM OF POINTS AND AUTHORITIES

The government's Opposition (Dkt. 906) to Ms. Holmes' Renewed Motion To Exclude Certain News Articles (Dkt. 895) misunderstands the Court's prior Order.  The Court did not "resist" a "blanket order" excluding articles attached to Ms. Holmes' original motion *in limine*, as the government claims. Opp'n, Dkt. 906 at 3-4.  To the contrary, the Court excluded six of the seven articles attached to Ms. Holmes' original motion.  *See* Order, Dkt. 798 at 40-44.  To be sure, the Court observed that it could not rule on articles that were not identified and attached to Ms. Holmes' motion as exhibits, and it therefore denied the motion "without prejudice" as to the articles "not specifically identified and filed with the motion and its accompanying declarations and exhibits."  *Id.* at 44.  The Court's "without prejudice" language clearly contemplates that Ms. Holmes could file a subsequent motion specifically identifying and attaching other articles on the government's exhibit list.  This is that motion.

The government similarly contends that Ms. Holmes improperly addresses these seven additional articles as a group, claiming that the Court conducted an "individualized" article-by-article analysis in its ruling.  Opp'n, Dkt. 906 at 3.  That contention is likewise incorrect.  The Court did not discuss each article.  Instead, the Court discussed as a group six "articles published between 2015 and 2016 that portray Theranos negatively," holding that these articles constitute improper hearsay.  Order, Dkt. 798 at 43-44.  Ms. Holmes' renewed motion appropriately discusses and attaches seven additional articles "published between 2015 and 2016 that portray Theranos negatively."

On the merits, the government provides no reason to treat these articles any differently from the six articles this Court already excluded.  It speculates that "these articles may be relevant in connection with Defendant's efforts hiring people to aid in responding to the media after the Wall Street Journal's exposé of Defendant's fraud," or that "some articles may also be useful simply for the effect on the reader seeking to understand the publicly available information and Theranos's response to it."  Opp'n, Dkt. 906 at 4.  Those theories of admissibility suffer from the same flaw as the theory the Court rejected in its Order:  "[t]he inference the Government seeks to draw depends on the truth of the articles' contents."  Order, Dkt. 798 at 44.  Notably, the Court previously rejected the government's argument

that the articles are admissible to "understand Holmes' response" to the reporting.  *Id.* at 43.  Refocusing the argument on "Theranos' response" as opposed to "Holmes's response" does not cure the hearsay problem.  Nor do the government's arguments cure the tremendous prejudice associated with introducing these negative articles.  *See* Fed. R. Evid. 403.

The government also posits that "potential witnesses beyond the authors could verify statements Defendant made in some of those articles."  Opp'n, Dkt. 906 at 4.  If the government is going to call witnesses with firsthand knowledge to testify about public statements made by Ms. Holmes, there is no legitimate reason to introduce secondhand news articles republishing those same statements that contain inflammatory accusations and repeat the negative *Wall Street Journal* reporting that the Court already excluded.  Even if the government could cure the hearsay problems—and it provides no concrete reason to think it can—the Rule 403 considerations would weigh heavily in favor of exclusion.

In sum, the government provides no valid reason to defer exclusion of these inflammatory, hearsay articles.

<div align="center">*      *      *</div>

For these reasons and those previously set forth, Ms. Holmes respectfully moves to exclude the seven articles at Exhibits 1-7.


DATED: August 16, 2021

<div style="margin-left:40%">

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

</div>

MS. HOLMES' REPLY IN SUPPORT OF RENEWED MOTION TO EXCLUDE CERTAIN NEWS ARTICLES
CR-18-00258 EJD

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on August 16, 2021, a copy of this filing was delivered via ECF on all

3     counsel of record.

4

5

6                                                    /s/ Amy Mason Saharia

7                                                    AMY MASON SAHARIA
                                                     Attorney for Elizabeth Holmes
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28     MS. HOLMES' REPLY IN SUPPORT OF RENEWED MOTION TO EXCLUDE CERTAIN NEWS
       ARTICLES
       CR-18-00258 EJD