JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH HOLMES and <br> RAMESH "SUNNY" BALWANI, <br><br> Defendants. | Case No. CR-18-00258-EJD <br><br> **MS. HOLMES' REPLY IN SUPPORT OF MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS** <br><br> Date: August 20, 2021 <br> Time: 10:00 a.m. <br> CTRM: 4, 5th Floor <br><br> Hon. Edward J. Davila |

MS. HOLMES' REPLY IN SUPPORT OF MOTION TO PARTIALLY REDACT GOVERNMENT
AGENCY REPORTS
CR-18-00258 EJD

# TABLE OF CONTENTS

Page

I. The Proposed Redactions for High-Level Observer Analysis Are Warranted. ...................2
II. The Remaining Categories of Redactions Are Warranted. ...................................6
CONCLUSION ...................................................................................................9

**MEMORANDUM OF POINTS AND AUTHORITIES**

Despite the rhetoric in the government's opposition, the parties appear to agree on the core legal principles governing this motion. **<u>First</u>**, the parties agree that, under the Court's analysis, "statements that 'include some level of analysis by . . . inspectors'" in the reports are inadmissible. Opp'n, Dkt. 906 at 5 (quoting Order, Dkt. 798 at 14-15). The dispute on this point appears limited to whether the redactions that Ms. Holmes proposed "fall within the Court's intention to redact limited portions" of the reports. *Id.* at 6. **<u>Second</u>**, the parties agree that the Court's *in limine* ruling requires the government to proffer a purpose unrelated to accuracy and reliability for portions of the reports relating to tests not in the Bill of Particulars prior to those portions' admission. Opp'n, Dkt. 906 at 8. The dispute on this point appears limited to when the government must "provide notice of which portions of the CMS Report and Letter it intends to seek to admit", *id.*, and whether any permissible purpose exists (the government has not yet identified one). **<u>Third</u>**, the parties agree that the Court's *in limine* ruling requires the government to establish an agency link between Ms. Holmes and the Theranos employees quoted in the Form CMS-2567 before the employees' statements may be admissible. *Id.* at 8-9. The dispute on this point appears limited to whether the Court's ruling regarding a separate document provided by Mr. Balwani to CMS "sufficiently tie[s]" Ms. Holmes to the Form CMS-2567 to establish an agency relationship between Ms. Holmes and the quoted Theranos employees, or whether witness testimony at trial is required to establish this necessary link. *Id.*

According to the government, the answer to at least the second and third (and maybe all) of the remaining disputes turns on the evidence it says it will offer at trial. The government thus states that it does not yet know which portions of the reports it will seek to admit (even though it added the entire reports to its exhibit list *after* the Court's *in limine* ruling) and asks the Court to deny or defer ruling "until the government has presented evidence allaying [Ms. Holmes'] concerns." *Id.* at 9. It is unclear when the government proposes that will occur. If the government intends to proffer at the end of its case-in-chief which portions of the reports it believes it has laid the necessary foundation to admit, then deferral may make sense. But if the government intends to take up these issues at some earlier time, then it should provide the Court and the defense with sufficient notice of when that would be and of

MS. HOLMES' REPLY IN SUPPORT OF MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
CR-18-00258 EJD

1

1  which portions of the reports it seeks to admit.  Ms. Holmes moved *in limine* because, as the parties
2  apparently agree, some portions of the unredacted reports are inadmissible under the Court's ruling.  It is
3  incumbent on the government to identify which portions of its own trial exhibits it will seek to admit,
4  and it is entirely appropriate for Ms. Holmes to raise these important issues pre-trial.

5        In any event, for the reasons that follow, most of the above disputes are ripe for resolution.  That
6  is because no evidence could fix the fundamental hearsay problems that portions of the report extending
7  beyond factual observations pose, and no hearsay exception could permit admission of the cover letter to
8  the Form CMS-2567.  The government also proffers no plausible use of the Form CMS-2567 related to
9  tests not on the Bill of Particulars other than to attack the accuracy and reliability of Theranos' tests.
10 Finally, the government's attempt to frame an unrelated *in limine* ruling as resolving the double-hearsay
11 issues in the Form CMS-2567 is implausible.  The Court can and should resolve these disputes now (and
12 in Ms. Holmes' favor).  And it should otherwise order the government to provide advance notice of the
13 portions of the reports it intends to offer by August 31, 2021.

14       Finally, a word about the extent of the redactions is required.  The government purports to take
15 issue with the proportion of the CMS report that must be redacted to implement the Court's ruling.  But
16 its claim that Ms. Holmes seeks to redact "three-quarters of the 126-page CMS Report," Opp'n, Dkt.
17 906 at 9, is misleading.  To arrive at this figure, the government apparently counted an entire page as
18 "redacted" even if only a single sentence on that page contains a redaction, *see id.* at 9 n.4 (describing
19 the numerator of "35 pages without redactions" out of 126 total pages to arrive at the three-quarters
20 figure).  And the government ignores the fact that the *majority* of the redactions relate to assays not in
21 the Bill of Particulars—*i.e.*, assays for which the government is not even claiming that Theranos was not
22 able to consistently produce accurate and reliable results.  Substantial portions of the report are thus
23 irrelevant under the Court's ruling.

24 **I.    The Proposed Redactions for High-Level Observer Analysis Are Warranted.**

25       As noted above, the parties agree in principle that the Court's hearsay analysis for the Form
26 FDA-483s and Form CMS-2567 recognizes that certain portions of the reports may be inadmissible
27 notwithstanding the Court's rulings that Rule 803(8)(A)(ii) applied and that the rule's "law enforcement

28 MS. HOLMES' REPLY IN SUPPORT OF MOTION TO PARTIALLY REDACT GOVERNMENT
AGENCY REPORTS
CR-18-00258 EJD

exception" did not apply. *See* Opp'n, Dkt. 906 at 5-6 (noting the Court's "intention to redact limited portions"); Order, Dkt. 798 at 14 ("As noted below, the Court is open to continued discussions on this issue should Holmes wish to raise arguments to certain specific pieces of evidence within the FDA inspection evidence that involve such a high degree of observer analysis that they might not be admissible under Rule 803(8)(A)(ii)."). The government's primary objection seems to be that Ms. Holmes proposes to redact the wrong portions. The government is mistaken; as explained in Ms. Holmes' Motion, the proposed redactions for this purpose cover only those portions that are inadmissible hearsay under the Court's analysis. The government's arguments resisting these redactions misunderstand the record, the caselaw, and Ms. Holmes' proposed redactions.

**<u>The Record</u>**. First, the government is wrong that the Court's invitation "to specify certain exhibits within this collection of evidence and make new arguments as to why these particular exhibits should still be excluded," *id.* at 16, should be read to preclude redactions to the Form FDA-483s or Form CMS-2567 concerning high-level observer analysis. In the concluding sentence of that portion of the Order, the Court referred to a larger set of FDA-inspection evidence that Ms. Holmes had challenged on relevance, unfair prejudice, and hearsay grounds. *See id.* ("The motion to exclude *FDA inspection evidence* is DEFERRED." (emphasis added)). Pages earlier, regarding the narrower issue of hearsay in the reports, the Court acknowledged that there were "portions"—albeit "minor portion[s]"—that "go beyond mere observations and include some level of analysis by FDA inspectors." *Id.* at 14. The Court further noted that evidence reflecting "a high degree of observer analysis . . . might not be admissible under Rule 803(8)(A)(ii)" even if that evidence is contained in a record that itself falls under the rule. *Id.* Accordingly, far from precluding redactions for high-level observer analysis, the Court's Order specifically identified such analysis as a viable ground for partial exclusion. As explained below, Ms. Holmes' redactions on this ground are limited to portions that fit the Court's criteria.[1]

---

[1] The government in a footnote invokes the "new arguments" language to suggest that Ms. Holmes has waived future objections to other FDA-inspection evidence identified in her Motion to Exclude FDA Inspection Evidence (the FDA MIL). Opp'n, Dkt. 906 at 5 n.1. That is absurd. Ms. Holmes moved broadly to exclude both the FDA-483s and other FDA-related evidence such as internal FDA emails. In its opposition, the government effectively abandoned much of the FDA-inspection evidence except for the Form FDA-483s. *See* Opp'n to FDA MIL, Dkt. 674 at 12 n.4 (asking, with respect to FDA inspector emails on its exhibit list, only that the Court "decline to exclude them now"

MS. HOLMES' REPLY IN SUPPORT OF MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
CR-18-00258 EJD

3

In any event, even if Ms. Holmes were limited to "new" arguments, the redactions for this purpose are based on "new" arguments made at the Court's invitation. The Court rejected Ms. Holmes' prior arguments that (1) the agency reports are wholesale inadmissible under Rule 803(8)(A)(ii) because the more specific Rule 803(8)(A)(iii) precluded admission; and, alternatively, (2) the reports are wholesale inadmissible under Rule 803(8)(A)(ii) because they reflect observations by law enforcement. *See id*. at 13-16.[2] That is not the end of the analysis, as the Court recognized when it noted that a non-law-enforcement public record nevertheless may reflect "such a high degree of observer analysis" that it might be wholly or partially inadmissible under Rule 803(8)(A)(ii). *Id.* at 14. Under the Court's analysis, this is a distinct basis for redaction.

**<u>The Case Law</u>**. The government misconstrues the case law and Ms. Holmes' arguments based on it. In her Motion, Ms. Holmes noted that the Court's openness to considering further the admissibility of hearsay evidence containing high-level observer analysis was consistent with the approach in the cases the Court cited in its Order, including *United States v. Rosa*, 11 F.3d 315 (2d Cir. 1993). *See* Mot., Dkt. 897 at 4. The government's response that *Rosa* and other cases held that the law enforcement exception did not apply, Opp'n, Dkt. 906 at 6 n.1, 7-8, misses the point. *Rosa* supports Ms. Holmes' proposed redactions for precisely that reason. *Rosa* held that, even though the autopsy report at issue was not authored by law enforcement, and even though Rule 803(8)(A)(ii) covered the report, the rules still "required" exclusion of certain statements within the report reflecting diagnoses or opinions. *See* Mot., Dkt. 897 at 4. The government thus is wrong that *Rosa* is inapposite or merely stands for the proposition that "items in a medical report drawn from a police report—or that are otherwise prepared in an adversarial setting—may cross the line for purposes of the public records exception to hearsay." Opp'n, Dkt. 906 at 6. This characterization is mystifying because there is no indication in the Second

---

because they "may be used to refresh recollection and may fall under other exceptions to the hearsay rule, such as the exception for recorded recollection" (internal quotation marks omitted)). The government now seeks to turn that tactical retreat into an unearned rout. The Court deferred ruling on the admissibility of any FDA-inspection evidence. Order, Dkt., 798 at 16. The Court's Order thus did not settle the admissibility of this evidence, which the government chose not to defend in connection with the initial motions *in limine* on any ground other than perhaps relevance.

[2] Ms. Holmes maintains that the reports are inadmissible on each of these independent bases, but does not seek now to relitigate that or any issue resolved by the Court's *in limine* Order.

MS. HOLMES' REPLY IN SUPPORT OF MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
CR-18-00258 EJD

4

Circuit's opinion that the autopsy report contained facts "drawn from a police report," and because the Second Circuit held that the autopsy report was ***not*** prepared in an adversarial setting. *See Rosa*, 11 F.3d at 332. Ms. Holmes' proposed redactions are fully consistent with *Rosa* and the Court's Order.

  ***The Redactions***. Finally, the government mischaracterizes the extent and nature of the proposed redactions for high-level hearsay as "omit[ing] most all relevant information but for generic statements and standards the agencies use to evaluate laboratories." Opp'n, Dkt. 906 at 4. The government cannot possibly be describing the proposed redactions to the Form FDA-483s, which propose redacting a single, short sentence in each observation. *See* Mot. Ex. 4 (Dkt. 898-4), Ex. 5 (Dkt. 898-5). Indeed, the government argues just one page later that the redactions to the FDA documents are "unnecessary" because they encompass sentences that "are simply concluding in plain English what is summarized below in more detail with more technical jargon." Opp'n, Dkt. 906 at 6. Which is it? Do the redactions obscure "most all relevant information" or do they omit only a short "summar[y]" of the "more detailed" text that follows? In reality, neither is correct: the redactions cover subjective, evaluative conclusions but leave exposed the findings of fact.

  The government's criticism of the proposed redactions to the Form CMS-2567 on this basis is also without basis. The redactions to that report similarly cover only high-level conclusions and opinions while leaving undisturbed the underlying factual observations and regulatory text—portions that constitute the bulk of each cited "deficiency."

* * * *

  A fair evaluation of the proposed redactions for high-level observer analysis in all three reports reflects that they cover only the inadmissible hearsay that remains after the Court's *in limine* ruling. While they differ in some respects, the FDA and CMS forms follow a similar pattern that makes redacting for high-level analysis relatively simple. Each form is broken up into "observations" (in the case of the Form FDA-483s) or "deficiencies" (in the case of the Form CMS-2567). *See generally* Mot. Exs. 1-3. Each observation or deficiency is further comprised of distinct pieces, generally containing: (1) the regulatory text or citation; (2) the author's evaluative conclusion whether Theranos committed a regulatory violation; and (3) a list of factual observations that support the evaluative conclusion. The

third category—the factual observations, what the inspectors saw when they were on-site—is akin to the body weight, height, or hair color in the *Rosa* autopsy report. Ms. Holmes has not proposed redacting this category. The top-level conclusion, by contrast, is a later-in-time application of (1) the law to (3) the facts. It reflects regulatory analysis and thus is akin to the medical examiner's diagnoses and opinions that the Second Circuit stated had to be redacted from the *Rosa* report. That these evaluative conclusions are stated succinctly, as the government points out, does not indicate that they reflect only low-level analysis. Ms. Holmes submits that the proposed redactions in the Form FDA-483s, and proposed redactions Category C in the Form CMS-2567, appropriately implement the Court's analysis.

## II.     The Remaining Categories of Redactions are Proper.

The government's objections to the remaining categories of proposed redactions and partial exclusions—concerning (1) the CMS cover letter; (2) entries in the Form CMS-2567 relating to tests not in the Bill of Particulars; and (3) in the Form CMS-2567 and FDA-483s containing double-hearsay—fail.

***The CMS Cover Letter***. The government's argument that the Court ruled on the admissibility of the CMS cover letter transmitting the Form-2567 relies solely on the facts that Ms. Holmes defined the letter and the form collectively in her Motion To Exclude Evidence of CMS Inspection Findings and Sanctions (the CMS MIL)[3] and that the parties and the Court discussed the immediate jeopardy finding in the letter at oral argument. Opp'n, Dkt. 906 at 6-7. But the government moved specifically only "to admit the January 26, 2016 Form CMS-2567, Statement of Deficiencies," not the cover letter. Order, Dkt. 798 at 20. That is why the Court's hearsay discussion addresses only the Form CMS-2567, and that is the only document the Court admitted.

The government's contrary argument ignores the context. Ms. Holmes moved *broadly* to exclude all evidence of the CMS inspection findings and sanctions—of which the Form CMS-2567 and its cover letter are only a part—on several grounds, namely relevance, unfair prejudice, and hearsay.

---

[3] Ms. Holmes' motion actually differentiated between the two and defined them together for ease of reference: "On January 25, 2016, CMS issued a letter and a Form 2567 (collectively "January 2016 CMS Report") to Theranos summarizing its findings from its recent survey of Theranos' Newark, California laboratory." CMS MIL, Dkt. 574 at 6.

MS. HOLMES' REPLY IN SUPPORT OF MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
CR-18-00258 EJD

6

*See generally* CMS MIL, Dkt. 574.  The Court rejected Ms. Holmes' relevance arguments concerning "the evidence arising out of the CMS surveys in question." Order, Dkt. 798 at 20.  It did not hold, however, that any out-of-court statement—in a document or otherwise—regarding the inspection findings (including the immediate jeopardy finding) was not hearsay.  Rather, the Court's hearsay analysis addressed only the Form CMS-2567 itself.

Notably, while the government cherry-picks statements in briefs and argument to depict the cover letter's admissibility as having been decided, it offers no argument why the cover letter could qualify for admission under Rule 803(8)(A)(ii) or the Court's *in limine* analysis.  As Ms. Holmes explained in her Motion, Dkt. 897 at 5, the letter—signed by a CMS employee who did not conduct the inspection and thus containing no matters observed—does not qualify for the hearsay exception in Rule 803(8)(A)(ii).

**<u>Redactions for Tests Not in the Bill of Particulars</u>**.  As noted above, the government concedes that it has not yet met its obligation to give notice of how it proposes to use the portions of the Form CMS-2567 that relate exclusively to tests not at issue in the case.  Opp'n, Dkt. 906 at 8.  Its opposition articulates no permissible purpose—*i.e.*, one unrelated to accuracy and reliability.  None exists.  After all, that is the sole basis upon which the government moved for the form's admission.  Gov't MIL No. 6, Dkt. 588 at 9 ("The Court should admit the Form CMS-2567, Statement of Deficiencies.  It is clearly relevant evidence that Theranos, despite its representations to investors, was not capable of consistently producing accurate and reliable blood test results and that its proprietary analyzer had accuracy and reliability problems.").  And it is the basis upon which the Court admitted the form.  *See* Order, Dkt. 798 at 18 ("[T]he CMS survey findings . . . indicate violations of federal regulations . . . meant to ensure, among other things, the accuracy and reliability of certain kinds of clinical laboratory work.").

While the government complains that it has not yet had the opportunity to explain how it permissibly could use these portions of the report for another purpose, its Opposition brief was just such an opportunity, and it identified no permissible purpose.  Trial begins in three weeks.  The government either knows of a permissible purpose, or it has none.

MS. HOLMES' REPLY IN SUPPORT OF MOTION TO PARTIALLY REDACT GOVERNMENT AGENCY REPORTS
CR-18-00258 EJD

7

1    What is more, in attempting to argue that some observations related to tests not in the Bill of
2 Particulars do not concern accuracy and reliability, the government commits a stunning about-face in its
3 Opposition. It argues that "an observation about lack of documentation is not challenging the accuracy
4 or reliability of an assay." Opp'n, Dkt. 907 at 8. Ms. Holmes agrees completely: as she explained in her
5 original motion *in limine*, the Form CMS-2567 findings are irrelevant and unfairly prejudicial because
6 so many relate solely to a lack of documentation. *See* Dkt. 574 at 9 ("For example, CMS claimed that
7 Theranos did not have 'written policies and procedures detailing [its] patient specimen labeling policy,'
8 and did not have procedure manuals signed, dated, and approved by the laboratory director prior to use.
9 None of that suggests that Theranos technology was not consistently capable of producing accurate and
10 reliable test results." (citations omitted)). The government cannot have it both ways. Either the
11 regulatory citations in the Form CMS-2567 bear on accuracy or reliability (as it previously claimed), or
12 they do not (as it now appears to backtrack). If the former, redaction is required because the at-issue
13 citations do not relate to tests on the Bill of Particulars. If the latter, they are irrelevant, and should be
14 redacted to avoid prejudicing Ms. Holmes. At a minimum, it is incumbent on the government to identify
15 a theory of relevance, which it has failed to do.

16    As noted above, the majority of the proposed redactions in the CMS Report relate to tests not in
17 the Bill of Particulars. The government's complaints about the extent of these redactions proves Ms.
18 Holmes' point: a substantial proportion of the form is irrelevant. The government complains that the
19 redacted report will be "unusable," but it is unclear what that means: unusable for what purpose? That a
20 large portion of the document is usable only for a purpose that the Court has ruled is impermissible
21 means that, at a minimum, it must be redacted.

22    **<u>Redactions for Double-Hearsay.</u>** The government's argument that the Court's ruling on the
23 letter that Mr. Balwani conveyed to CMS during the inspection solves the double-hearsay problems in
24 the CMS-2567 borders on frivolous. In that ruling, the Court held under Rules 401 and 404(b) that there
25 was a sufficient connection between Ms. Holmes and that letter conveyed by her alleged co-conspirator.
26 *See* Order, Dkt. 798 at 26. The Form CMS-2567, on the other hand, was authored by CMS and contains
27 statements from numerous Theranos laboratory staff whom Ms. Holmes did not directly oversee and

28 MS. HOLMES' REPLY IN SUPPORT OF MOTION TO PARTIALLY REDACT GOVERNMENT
AGENCY REPORTS
CR-18-00258 EJD

whom the government does not allege are co-conspirators. The Court has held that, with regard to these lower-level Theranos employees, the government must lay a foundation sufficient to establish an agency relationship with Ms. Holmes. *See id.* at 95-97. Because the government has not made that showing, the statements presently are inadmissible double-hearsay. Should the government lay the proper foundation at trial (Ms. Holmes maintains it will be unable to do so), the parties can revisit these proposed redactions on an employee-by-employee basis.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Ms. Holmes' Motion, Dkt. 897, Ms. Holmes respectfully requests that, should the three agency reports be admitted at trial over Ms. Holmes' objection, the Court admit only the redacted versions attached as Exhibits 4-6 to the Motion. Ms. Holmes further requests that, should the Court defer ruling on any redactions, the Court should order the government to give notice of which portions of the reports it intends to offer at trial by August 31, 2021.

DATED: August 16, 2021                    Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

# CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes