1 | JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
2 | San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
3 | Email: cline@johndclinelaw.com

4 | KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
5 | AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
6 | WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
7 | Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
8 | Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

9 | Attorneys for Defendant ELIZABETH A. HOLMES

10

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13 | SAN JOSE DIVISION

14

15 | UNITED STATES OF AMERICA,              ) Case No. CR-18-00258-EJD
                                          )
16 |        Plaintiff,                     ) **MS. HOLMES' REPLY IN SUPPORT OF**
                                          ) **RENEWED MOTION TO EXCLUDE CERTAIN**
17 |   v.                                  ) **DOCTOR TESTIMONY**
                                          )
18 | ELIZABETH HOLMES and                  )
    RAMESH "SUNNY" BALWANI,               ) Date: August 20, 2021
                                          ) Time: 10:00 AM
19 |        Defendants.                     ) CTRM: 4, 5th Floor
                                          )
20 |                                       ) Hon. Edward J. Davila
                                          )
21 |                                       )
                                          )
22 | _____      )

23

24

25

26

27

28 | MS. HOLMES' REPLY IN SUPPORT OF RENEWED MOTION TO EXCLUDE CERTAIN
DOCTOR TESTIMONY
CR-18-00258 EJD

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2   The government's Opposition (Dkt. 906) to Ms. Holmes' Renewed Motion to Exclude Certain

3   Doctor Testimony (Dkt. 899) demonstrates why an order from this Court is necessary.  Ms. Holmes filed

4   the motion so both parties and the Court would have clarity about the scope of permissible doctor

5   testimony in the wake of the government's failure to identify relevant patients for a number of its doctor

6   witnesses' opinions.  In response, the government obfuscates, claiming that "any blanket ruling on this

7   topic could potentially be spun into a broader prohibition that the government strenuously objects to"

8   because "the parties frequently differ in their views of what constitutes expert testimony."  Opp'n, Dkt. 906

9   at 11.  What does that mean?  Does the government still intend to call Drs. Acharya and Page

10   notwithstanding their omission from the government's expert disclosure?  Does it still intend to elicit

11   testimony from Dr. Asin about tests other than HIV?  Trial is three weeks away, so the government

12   presumably knows the answers to those questions.  If it has that intention, it should have said so in its

13   Opposition and identified what it believes to be the scope of relevant, admissible testimony so the parties

14   could litigate this issue now.  If it doesn't have that intention, saying so would have provided the parties and

15   the Court with necessary clarity.  Hiding the ball is unhelpful.

16   This Court should not permit the government to avoid a straightforward ruling with this vague

17   suggestion.  The time to explain what testimony it believes it can permissibly elicit from these doctors

18   (if any) was in response to this motion.  The government's failure to do so is a concession that there is

19   no such testimony.

20

## CONCLUSION

21   For these reasons and those previously set forth, the Court should at a minimum exclude any

22   doctor testimony not disclosed in the government's July 30, 2021 amended disclosure, including but not

23   limited to the previously disclosed testimony of Drs. Acharya and Page and Dr. Asin's previously

24   disclosed non-HIV opinions.

25

26

27

28

MS. HOLMES' REPLY IN SUPPORT OF RENEWED MOTION TO EXCLUDE CERTAIN
DOCTOR TESTIMONY
CR-18-00258 EJD

1

1   DATED: August 16, 2021

2                                          /s/ Amy Mason Saharia
                                           KEVIN DOWNEY
3                                          LANCE WADE
                                           AMY MASON SAHARIA
4                                          KATHERINE TREFZ
                                           Attorneys for Elizabeth Holmes

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   MS. HOLMES' REPLY IN SUPPORT OF RENEWED MOTION TO EXCLUDE CERTAIN
     DOCTOR TESTIMONY
     CR-18-00258 EJD
                                           2

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on August 16, 2021, a copy of this filing was delivered via ECF on all

3    counsel of record.

4

5                                                    /s/ Amy Mason Saharia
                                                     AMY MASON SAHARIA
6                                                    Attorney for Elizabeth Holmes

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    MS. HOLMES' REPLY IN SUPPORT OF RENEWED MOTION TO EXCLUDE CERTAIN
      DOCTOR TESTIMONY
      CR-18-00258 EJD