STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | UNITED STATES' NON-OPPOSITION TO DOW JONES & COMPANY INC.'S MOTION TO INTERVENE FOR LIMITED PURPOSE OF UNSEALING JUDICIAL RECORDS |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | Date: August 26, 2021<br>Time: 11:30 a.m.<br>Court: Hon. Edward J. Davila |
| Defendants. | |

The government does not oppose Dow Jones & Company Inc.'s Motion to Intervene for a Limited Purpose, joins Dow Jones's Motion to Unseal, and urges the Court to resolve this motion prior to the upcoming trial in *United States v. Holmes*. *See* ECF No. 881 (Motion of Dow Jones & Company Inc. to Intervene for Limited Purpose of Seeking to Unseal Judicial Records in the Court's File, Including the Docket; Motion to Unseal ("Mot.")).

There are currently no reasons to shroud from the public's view documents and hearings that relate to several key aspects of this criminal case, including filings and hearings relating to severance and filings and hearings relating to Defendant Holmes's Federal Rule of Criminal Procedure 12.2 defense. First and foremost, we are now on the eve of Defendant Elizabeth Holmes's trial. If Defendant Holmes is going to raise her Rule 12.2 defense—as she has repeatedly insisted—then the parties will need to address the underlying topics in mere weeks during *voir dire* and opening statements. Indeed, the Court indicated at the August 16, 2021, status conference that it intends to ask jurors questions during *voir dire* that are connected to the topics of the Rule 12.2 defense. 8/10/2021 Hearing Transcript at 31:4–21. Thereafter, both sides may choose to ask follow-up questions to potential jurors, will ask witnesses questions related to Defendant Holmes's Rule 12.2 defense, and it would be inappropriate for defense counsel to request the Court to close the courtroom during portions of witnesses' testimony—or for the entirety of specific witnesses' testimony—simply to maintain the sealed nature of this potential defense. Given the potential effect on the parties' trial preparation, the government urges the Court to resolve this motion promptly and before the start of jury selection for Defendant Holmes's trial. The underlying information will soon be made public, to the extent it is not already public, and thus there is no longer any reason to keep the broad topics shielded from public scrutiny. Similarly, with Defendant Balwani's trial set to begin shortly after Defendant Holmes's trial, there is no longer any reason to keep the motion to sever the trials under seal.

Second, any reasons that existed when the Court issued what it intended to be a limited and temporary order sealing a small subset of documents in January 2020 have long since evaporated.[1]

---

[1] In an attempt to avoid adding more sealed filings to the docket, the government is not providing the under-seal transcript of the sealed portion of the January 13, 2020, hearing, but urges the Court to consider unsealing that transcript in full along with the other materials sought in Dow Jones's Motion. The government stands ready to provide more robust argument for unsealing at the Court's request.

In January 2020, the Court noted the importance of public access to courtrooms and indicated any sealing would be limited and temporary. *See also United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084 (9th Cir. 2014) ("America has a long history of distrust for secret proceedings."). Nevertheless, over the ensuing eighteen months, the Court's limited sealing ruling has been oft cited by defense counsel to permit wholesale sealing of documents, declarations, expert reports, and hearings. Defense counsel have invoked the Court's order to prohibit the government from sharing requested discovery with both defendants equally. Defendant Holmes's counsel have chastised the government for publicly requesting a transcript in case it alerted the public that a sealed hearing even occurred. We are far afield from the Court's original intention expressed in its initial sealing order and the public has been kept in the dark for long enough.

With respect to proceedings and filings connected to Defendant Holmes's Rule 12.2 defense, the government is respectful of Defendant Holmes's privacy and acknowledges that some details may require redaction. But courts have long acknowledged that privacy interests are best protected and balanced against the First Amendment considerations by *narrowly tailoring* any sealing from the public, such as through the use of redactions rather than wholesale sealing. *See United States v. Carpenter*, 923 F.3d 1172, 1179–80 (9th Cir. 2019) (finding duress defense is not "entitled to secrecy or additional confidentiality" and district court did not abuse discretion in refusing to seal proffered facts to support defendant's duress defense); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (finding district court abused its discretion in denying intervenors' motion to unseal records including medical records that could have been redacted rather than filed wholesale under seal). Indeed, the local rules provide a mechanism that Defendant Holmes's could have used all along to protect her privacy in a narrowly tailored manner (*see* Crim. L.R. 56-1), but she nevertheless consistently opted for wholesale sealing. Thus, any detriment to Defendant Holmes in needing to return to prior filings and comply with this narrowly tailored approach shortly before trial is one of her own making.

Furthermore, as the government submitted to the Court by email on August 13, 2021, much of the information that both defendants seek to keep under seal has already been made public. Because so much is public, there is no interest in continued sealing, nor is there any interest in continued public speculation. The defendants cannot establish today, any more than they could previously, that wholesale

sealing is necessary to protect rights under the Fifth and Sixth Amendments and ensure a fair trial by an impartial jury.

And, of course, generic claims of potential prejudice based on news coverage is insufficient to justify wholesale sealing of documents. *See*, *e.g.*, *United States v. Guerrero*, 693 F.3d 990, 1002–03 (9th Cir. 2012) (finding that whatever privacy interest defendant had in evaluation reports that discussed his mental illness for purposes of a competency hearing could be redacted and such rights "do not override the First Amendment right of access"). As discussed earlier this summer with respect to Defendant Holmes's proposed jury questionnaire, the Court has several tools at its disposal to ensure defendants receive a fair trial by an impartial jury even with pretrial publicity. *See* ECF No. 813; *see also Skilling v. United States*, 561 U.S. 358, 384 (2010) ("[P]retrial publicity—even pervasive, adverse publicity—does not inevitably lead to an unfair trial." (quotation omitted)). The Ninth Circuit has clearly held that "pervasive publicity, without more, does not automatically result in an unfair trial." *Seattle Times Co. v. U.S. Dist. Ct. for W. Dist. of Washington*, 845 F.2d 1513, 1517 (9th Cir. 1988). Rather, courts must look to a number of factors, including the publicity's "capacity to inflame and prejudice the entire community" such as in "cases involving lurid subject matter, particularly violent crimes[,]" and "the size and characteristics of the community in which the crime occurred[.]" *Id.* at 1517–18 ("[P]rejudicial publicity is less likely to endanger the defendant's right to a fair trial in a large metropolitan area such as Seattle."); *see also Murray v. Schiro*, 882 F.3d 778, 802 (9th Cir. 2018). Thus, potential additional publicity surrounding defendants before their respective trials is not alone a compelling reason to continue sealing matters related to the joint motions for severance or Defendant Holmes's Rule 12.2 defense.

The government urges the Court to re-visit its prior sealing order and follow the course approved by the Ninth Circuit in *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). In *Kamakana*, a magistrate judge had ordered provisionally under seal several motions, including motions for summary judgment and accompanying filings, in a civil suit by a former police officer claiming retaliation for raising issues of potential police corruption. *Id.* at 1175–76.[2] The case

---

[2] In criminal cases, the higher standard of requiring a showing of a compelling interest that overrides the public right to access and is narrowly tailored to protect that interest applies rather than the lower "good

ultimately settled before trial, but a newspaper sought to intervene for the limited purpose of seeking unsealing of documents in the case. *Id.* "The magistrate judge ordered the parties to submit all materials they wished to keep sealed" along with specific justification. *Id.* Ultimately, the judge found less than a dozen of the hundreds of documents that had been filed under seal met the high standard— "unseal[ing] virtually all of the pleadings and documents." *Id.* at 1175–78 & n.1. On appeal, the defendant challenged "whether the magistrate judge abused her discretion in determining that continued secrecy was no longer warranted for almost all of the documents currently under seal." *Id.* at 1178 (footnotes omitted). The Ninth Circuit affirmed the magistrate's order unsealing the vast majority of documents in the case because "a trial judge has broad discretion to reconsider her own interlocutory, pre-trial evidentiary rulings." *Id.* at 1186–87.[3] Indeed, the Ninth Circuit commended the magistrate judge for "[taking] seriously the presumption of public access" required by Supreme Court and Ninth Circuit precedent. *Id.* at 1187.

The Ninth Circuit in *Kamakana* also emphasized several key legal concepts relevant to the unsealing requested by potential intervenor Dow Jones in this case. *See* Mot. at 11–16 (describing legal standards in detail with string cites). First, "[t]he judge need not document compelling reasons to unseal" because the "party seeking to seal a judicial record [ ] bears the burden of overcoming th[e] strong presumption" and any "failure to meet that burden means that the default posture of public access prevails." *Kamakana*, 447 F.3d at 1178, 1182. Indeed, while a judge must articulate the factual basis when *sealing* documents or portions of documents from public view—"without relying on hypothesis or conjecture"—"the same specificity" is not required "where the court is simply effectuating the presumption of public access by *unsealing* documents" previously filed under seal. *Id.* at 1182 (internal quotation omitted) (original emphasis).

Second, the presumption of public access for documents filed on the docket in a case is stronger than any claims of potential embarrassment or generically claimed privacy interests. *Id.* at 1178–80,

---

cause" standard applied for non-dispositive motions in civil cases discussed in *Kamakana*. *See Carpenter*, 923 F.3d at 1178–79.

[3] Notably, Federal Rule of Criminal Procedure 49.1(d) also explicitly permits district courts to "later unseal" filings made under seal with personally identifiable information "or order the person who made the filing to file a redacted version for the public record." Fed. R. Crim. P. 49.1(d).

1184. Specifically, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179. And "[s]imply invoking a blanket claim, such as privacy or law enforcement, will not, without more, suffice to exempt a document from the public's right of access." *Id.* at 1184–85; *see also United States v. Chanthaboury*, No. 2:12-CR-00188-GEB, 2013 WL 6404989, at *2 (E.D. Cal. Dec. 6, 2013) ("A defendant's privacy rights are generally subservient to the higher public value of access." (cleaned up) (internal quotation and citation omitted)).

Third, the Ninth Circuit emphasized that parties—in *Kamakana* it was to the government's disfavor—do not have an interest in sealing information that is "already publicly available or [that] were available in other documents being produced to [the newspaper]." *Kamakana*, 447 F.3d at 1184. In sum, the Ninth Circuit "embrace[d] the judge's decision to carefully review every document" and affirmed the judge's reversal of her prior sealing order based on her finding "that none of these [reasons including privacy interests and embarrassment] had been asserted with sufficient particularity" to maintain sealing over such a large swath of documents. *Id.* at 1186–87.

The government respectfully submits that on the eve of Defendant Holmes's trial—when many subjects previously under seal will soon come to light to the extent they are not already public—there are no longer any compelling reasons to maintain the wholesale sealing of large swaths of the Court's docket based on the publicity unsealing may garner or generically asserted privacy interests. The government also urges the Court to reject defendants' request to wait to unseal any materials until early September—meaning after a jury is empaneled in Defendant Holmes's case—or later. Alternatively, the government respectfully requests the Court wait to swear in the jury until after such information is made public to foreclose the possibility that Defendant Holmes will immediately seek a mistrial as other defendants have done, albeit unsuccessfully. *See*, *e.g.*, *United States v. Smith*, 790 F.2d 789, 795 (9th Cir. 1986) (holding district court did not abuse its discretion in denying defendant's motion for mistrial based on newspaper article detailing co-defendant's change of plea that was released during defendant's trial); *United States v. Eaglin*, 571 F.2d 1069, 1084–85 (9th Cir. 1977) (holding district court did not abuse its discretion in denying defendant's motion for mistrial based on mid-trial news coverage regarding co-defendant's confession to kidnapping and murder where judge repeatedly

instructed jury not to expose themselves to the media); *Cohen v. United States*, 297 F.2d 760, 763–64 (9th Cir. 1962) (same).

    In sum, the government urges the Court to follow the path of the magistrate in *Kamakana* and order defendants to submit in advance of the upcoming trial which documents they believe must remain under seal along with specifically articulated compelling reasons that are narrowly tailored to override the default of the public's right to access the information in this criminal trial. Thus, the government requests the Court grant Dow Jones's Motion to Unseal the filings and hearings relating to the defendants' motions for severance, all follow-on documents and proceedings, and all filings and proceedings relating to Defendant Holmes's Rule 12.2 defense.

DATED: August 20, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

    */s/ Kelly I. Volkar*
JEFF SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
KELLY I. VOLKAR
Assistant United States Attorneys