STEVEN D. ZANSBERG (SBN 177528)

Law Office of Steven D. Zansberg, LLC
100 Fillmore Street, Suite 500
Denver, Colorado 80206
Phone Number: (303) 385-8698
Fax Number:    (720) 650-4763
Email:  steve@zansberglaw.com

Attorney for Proposed Intervenor Dow Jones and Co.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>　　　　　Defendants. | Case No. 18-cr-00258-EJD<br><br>**REPLY OF DOW JONES & COMPANY, INC. IN SUPPORT OF ITS MOTION TO INTERVENE FOR LIMITED PURPOSE OF SEEKING UNSEALING OF JUDICIAL RECORDS IN THE COURT'S FILE, INCLUDING THE DOCKET; MOTION TO UNSEAL JUDICIAL RECORDS**<br><br>Date: August 26, 2021<br>Time: 11:30 a.m.<br>Courtroom: 4, 5th Floor<br>Hon. Edward J. Davila |

Dow Jones and Company, Inc. ("Dow Jones"), by and through its undersigned counsel, respectfully submits this Reply in support of its Motion to Intervene for the Limited Purpose of Seeking the Unsealing of Judicial Records, Doc. 881 ("the Motion").

## INTRODUCTION

No party opposes Dow Jones' intervention for the limited purpose of seeking the unsealing of judicial records. The Government also does not oppose the merits of Dow Jones' motion, and it affirmatively joins in Dow Jones' request that the Court unseal, forthwith, all of the judicial records at issue.

Both Defendants have filed separate Responses objecting to Dow Jones' motion on the merits, and Ms. Holmes has urged the Court to delay unsealing the judicial records at issue until the jury has been seated in her forthcoming trial. However, neither Defendant has come close to meeting her/his burden of demonstrating that there is a "substantial probability" of harm to an interest "of the highest order" that warrants the continued sealing of any of the judicial records at issue (either in whole or in part), *and* that no less restrictive means exist adequately to protect any such interest. Because no such showing has been made, under binding Ninth Circuit precedent, the Court is required to order the unsealing of the judicial records that are the subject of the Motion, in *toto*, forthwith.

## ARGUMENT

Prior to addressing the arguments set forth in the Defendants' publicly filed Responses (Docs. 930 and 932), Dow Jones notes that Mr. Balwani's Response alludes to a separate Response he has apparently filed under seal. The docket does not reflect that that filing has been made, or, if it has (e.g., Doc. 934), it is not identified it as such. Nor is there any reference in the docket to any Administrative Motion having been filed by Mr. Balwani seeking leave to file his Response entirely under seal. Of course, no showing could possibly be made of any need to maintain the sealing of that filing's case caption, the legal authorities or arguments, signature blocks, certificates of service,

REPLY OF DOW JONES AND COMPANY IN SUPPORT OF  
ITS MOTION TO INTERVENE FOR LIMITED PURPOSE OF  
SEEKING TO UNSEAL JUDICIAL DOCUMENTS

CASE NO. 18-CR-00258-EJD

- 2 -

etc.  Accordingly, those unauthorized sealed filings should also be unsealed and made available for public inspection, forthwith.

I.  **Neither Defendant Has Made the Showing Required of Them to Maintain the Sealing of the Judicial Records at Issue**

Defendant Balwani's publicly-filed Response states that in his sealed Response he has demonstrated the purported need to maintain sealing his proposed redactions from the records at issue under either the "good cause" or "compelling interests" standard.  Doc. 932 at 3, 4.[1]  But Mr. Balwani's publicly-filed Response makes only the most fleeting and cursory assertion that the Court has previously authorized the sealing of vast numbers of judicial records in this case "to protect the parties' Sixth Amendment right to a fair trial." *Id*. at 1.[2]

---

[1] Although Mr. Balwani cites to a footnote in a single unreported (non-binding) Ninth Circuit decision that supports application of the "good cause" standard, his Response ignores the numerous binding Ninth Circuit decisions cited in the Motion which hold that even under the less protective common law right of public access, a party seeking to seal non-dispositive motion papers (even in civil cases) is required to show "a compelling reason," not merely "good cause."  *See, e.g., Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding under common law that any party seeking to seal judicial records must show that there is "a compelling reason" for denying the public's right to inspect such records).

[2] While a criminal defendant's right to a fair and impartial jury is undoubtedly a "compelling interest," the defendants must show a "substantial probability" of prejudice to that right from unsealing *and* that none of the myriad "less restrictive means" available can adequately protect that right.  They have done neither.  *See, e.g., Skilling v. United States*, 561 U.S. 358, 398 (2010) (finding no presumption of prejudice arising from pervasive negative pre-trial publicity and approving of trial court's *voir dire* to empanel an impartial jury); *CBS, Inc. v. U.S. Dist. Ct.,* 729 F.2d 1174, 1179 (9th Cir. 1984) ("even when exposed to heavy and widespread publicity many, if not most, potential jurors are untainted by press coverage"); *In re Charlotte Observer*, 882 F.2d 850, 855-56 (4th Cir. 1989) ("Cases such as those involving the Watergate defendants, the Abscam defendants, and more recently, John DeLorean, all characterized by massive pretrial media reportage and commentary, nevertheless proceeded to trial with juries which – remarkably in the eyes of many – were satisfactorily disclosed to have been unaffected (indeed, in some instances, blissfully unaware of or untouched) by that publicity."); *United States v. McVeigh*, 153 F.3d 1166, 1180-81, 1184 n.6 (10th Cir. 1998) (noting that more than one half of the potential jurors questioned were unaware of Timothy McVeigh's having confessed to bombing the Alfred P. Murrah building in Oklahoma City despite the ubiquitous press coverage that confession received on the eve of trial).

REPLY OF DOW JONES AND COMPANY IN SUPPORT OF  CASE NO. 18-CR-00258-EJD
ITS MOTION TO INTERVENE FOR LIMITED PURPOSE OF
SEEKING TO UNSEAL JUDICIAL DOCUMENTS

1    Similarly, Ms. Holmes' Response states, only in the most cursory and conclusory manner,
2 that she fears unsealing of the judicial records at issue (with the limited redactions she has
3 proposed) prior to the jury being seated would endanger her rights to a fair trial.  But such
4 boilerplate expressions of a defendant's concerns fall woefully short of her actual evidentiary
5 burden to *demonstrate* that there is, in fact, "a substantial probability" of prejudice resulting from
6 disclosure, which extensive *voir dire* of potential jurors cannot prevent.  *See, e.g., Kamakana v. City*
7 *& Cty. of Honolulu,* 447 F.3d 1172, 1182 (9th Cir. 2006) (holding that a judicial order sealing
8 judicial records cannot be grounded upon mere "hypothesis or conjecture"); *Press-Enterprise Co. v.*
9 *Superior Court*, 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome
10 by the conclusory assertion that publicity might deprive the defendant" of a fair trial).

11    Because the parties have completely failed to satisfy the first two prongs of the applicable
12 three-prong test to overcome the public's constitutionally-protected presumption of access to
13 judicial records on file in a criminal case, the Court need not consider the third prong; sealing of the
14 judicial records at issue simply cannot be maintained consistent with the First Amendment.  *See,*
15 *e.g., Oregonian Pub. Co v. U.S. Dist. Ct.,* 920 F.2d 1462, 1466 (9th Cir. 1990)  (holding that a
16 party seeking sealing of judicial record(s) must show that "(1) closure serves a compelling interest;
17 (2) there is a substantial probability that, in the absence of closure, this compelling interest would be
18 harmed; and (3) there are no alternatives to closure that would adequately protect the compelling
19 interest." (citing *Press-Enterprise Co. v. Super. Ct.,* 478 U.S. 1, 13 (1986)); *Id.* at 1467 (holding that
20 "the burden is upon the proponent of [sealing] to justify a [sealing] order.").

21  **II.    The Public's Right of *Contemporaneous* Access to Judicial Records Requires the Court to Unseal the Judicial Records at Issue Forthwith**
22
23    Defendant Holmes urges the Court to delay the unsealing of the judicial records at issue
24 until the jury in her forthcoming criminal trial has been seated and admonished to avoid press
25 reports concerning the case. Ms. Holmes expresses concern that "media exposure [of the unsealed
26 judicial records] would *prolong and complicate jury selection* and *risk* seating jurors influenced by
27
28

REPLY OF DOW JONES AND COMPANY IN SUPPORT OF                                    CASE NO. 18-CR-00258-EJD
ITS MOTION TO INTERVENE FOR LIMITED PURPOSE OF
SEEKING TO UNSEAL JUDICIAL DOCUMENTS
- 4 -

the reports." Doc. 920 at 1 (emphasis added).  Ms. Holmes is mistaken in her belief that the administrative ease of a speedy *voir dire* process takes precedence over the public's constitutional right to contemporaneously access judicial records.  *See Press-Enterprise Co.,* 478 U.S. at 15 (holding that the mere "*risk* of prejudice does not automatically justify refusing public access . . . Through *voir dire*, cumbersome as it is in some circumstances, a court can identify those jurors whose prior knowledge of the case would disable them from rendering an impartial verdict.") (emphasis added); *see also ABC, Inc. v. Stewart*, 360 F.3d 90, 101 (2d Cir. 2004) (noting that "prospective jurors are likely to have preconceptions about the defendants in almost every criminal case that attracts media attention. If this fact alone were sufficient to warrant closure, then courts could routinely deny the media access to those cases of most interest to the public, and the exception to openness would swallow the rule").

When she baldly asserts that "withholding unsealing for *a few days* will have *minimal effect* on the public's right of access," Doc. 930 at 1 (emphasis added), Ms. Holmes utterly disregards the six cases cited in the Motion – including three binding Ninth Circuit authorities – which recognize "a contemporaneous right of [public] access to court documents."  *See* Motion (Doc. 881) at 15 – 16 (citing, *inter alia, Assoc. Press v. U.S. Dist. Ct. for C.D. Cal.*, 705 F.2d 1143, 1147 (9th Cir. 1983) (holding that an unjustified sealing of judicial records for even "48 hours . . . [constitutes] a total restraint on the public's first amendment right of access"); *see also Elrod v. Burns*, 427 U.S. 347, 373 (1976) (holding that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury") (citation omitted).  Because no showing has been made to justify delaying the granting of Dow Jones' motion, the Court should order the unsealing of the subject judicial records forthwith.

### III.   The Court Should Order the Parties Forthwith to File Their Existing Inventories of the Filed Pleadings, Publicly, with the Court

At the Status Hearing conducted on the Motion on August 9, the Court announced that the unsealing of the docket will occur on a rolling basis, over time, in light of the administrative burden

REPLY OF DOW JONES AND COMPANY IN SUPPORT OF
ITS MOTION TO INTERVENE FOR LIMITED PURPOSE OF
SEEKING TO UNSEAL JUDICIAL DOCUMENTS

CASE NO. 18-CR-00258-EJD

- 5 -

that manual process will impose on the clerk's office. Dow Jones understands and appreciates the limited human resources of the clerk's office. As an alternative, and far speedier, means for the public to have access to a meaningful docket of the more than 935 entries in the court file, Dow Jones respectfully asks the Court to enter an order directing the parties to file forthwith a copy of their own internal indexes of all the pleadings on file. On information and belief, maintaining such an index is a "standard litigation practice" in large law firms. Upon being publicly filed, those indexes will immediately provide the public with an accurate listing of filed pleadings, and may also assist the clerk's office in completing the task of manually updating the Court's docket on PACER.

## CONCLUSION

For the reasons set forth in the Motion and above, the Court should enter an Order unsealing the judicial records at issue forthwith, and requiring the parties to file, immediately, their existing indexes of all pleadings on file in this case.

DATED: August 24, 2021

/s/ Steven D. Zansberg

STEVEN D. ZANSBERG
Attorney for Dow Jones and Company, Inc.

REPLY OF DOW JONES AND COMPANY IN SUPPORT OF
ITS MOTION TO INTERVENE FOR LIMITED PURPOSE OF
SEEKING TO UNSEAL JUDICIAL DOCUMENTS

CASE NO. 18-CR-00258-EJD

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2021, a copy of this filing was delivered via ECF on all counsel of record.

　　　　　　　　　　　　　　*/s/ Steven D. Zansberg*
　　　　　　　　　　　　　　STEVEN D. ZANSBERG

REPLY OF DOW JONES AND COMPANY IN SUPPORT OF
ITS MOTION TO INTERVENE FOR LIMITED PURPOSE OF
SEEKING TO UNSEAL JUDICIAL DOCUMENTS

CASE NO. 18-CR-00258-EJD

- 7 -