JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>  Defendants. | Case No. CR-18-00258-EJD-NMC<br><br>**MS HOLMES' REPLY IN SUPPORT OF MOTION FOR ORDER ISSUING RULE 17 SUBPOENA**<br><br>Hon. Nathanael M. Cousins |

MS. HOLMES' REPLY IN SUPPORT OF MOTION FOR ORDER ISSUING RULE 17 SUBPOENA
CR-18-00258 EJD NMC

## REPLY IN SUPPORT OF MOTION FOR ORDER ISSUING RULE 17 SUBPOENA

The Court should grant Ms. Holmes' Motion for an order issuing a Rule 17 Subpoena because it seeks relevant, necessary evidence that poses no burden to its recipient. The government has no standing to object under such circumstances. And even if it did, the government's objections lack merit. The subpoena seeks relevant, necessary evidence: Ms. Holmes needs E.T.'s entire medical file to address the allegation that E.T.'s test result was erroneous. The Court should grant the motion.

**Standing.** As an initial matter, the government lacks standing to object to the subpoena. The government has limited standing to quash a Rule 17(c) subpoena, and can do so only upon a showing that the request infringes a legitimate government interest. *United States v. Johnson*, 2014 WL 6068089, at *2 (N.D. Cal. Nov. 13, 2014); *United States v. Ramos*, 2014 WL 8817652, at *3 (C.D. Cal. Sept. 17, 2014). The government identifies no government interest—it simply states that it "has the authority [under Rule 17] to protect the victim's dignity and privacy." Opp'n, Dkt. 940 at 1; *see also id.* (citing 18 U.S.C. § 3771(a)(8)). However, as courts in this district have repeatedly explained, "an interest in ensuring that defendants properly comply with [Rule 17] is not a legitimate interest that would confer standing upon the government." *United States v. Ortiz*, 2013 WL 6842559 (N.D. Cal. Dec. 27, 2013) (rejecting government's argument that the government had interest in ensuring that defense does not abuse Rule 17); *Ramos*, 2014 WL 8817652, at *3 (same).

**Relevancy, Admissibility, and Specificity.** There can be no reasonable dispute that Ms. Holmes' requested subpoena meets the *Nixon* standard. The medical record file exists and is particularly identified. It likely will at least in part be admissible pursuant to Federal Rules of Evidence 803(4) and (6). And it is relevant and necessary for Ms. Holmes to prepare and present an adequate defense.

The subpoena's sole request is the medical record file of the customer whose test result forms the basis of Count 10 of the Third Superseding Indictment. Dkt. 469 ¶ 26. It is undisputed that Dr. Asin, the customer's treating physician and government's expert, considered his patient's medical history in concluding at the time that the test result was "inaccurate." Dr. Asin is the sole treating physician who will discuss this assay, and his opinion regarding the accuracy of the test, and the basis of that opinion, are critical evidence. The government has put this patient's medical record at issue by alleging in the

1  Third Superseding Indictment that the test result was erroneous and by disclosing Dr. Asin as an expert
2  on this subject.

3  **Necessity.**  The full medical record is necessary for Ms. Holmes to meet the government's
4  allegation and Dr. Asin's opinion that the Theranos result was erroneous.  Dr. Asin told the patient that
5  he was not worried because of their multi-year doctor-patient relationship, indicating that he formed his
6  opinion in part based on the entirety of her medical record.  It is only with the full medical record that
7  Ms. Holmes could introduce contrary evidence indicating that the test was not a false "reactive" result or
8  showing possible patient-specific reasons why the test returned a "reactive" result.  The request is
9  narrowly tailored to seek only the information necessary to assess and question the witnesses on the
10 topics the government has put at issue.

11 The government does not challenge the subpoena on the grounds that the information sought is
12 not relevant or is unnecessary.  Rather it argues that the "proposed subpoena is overbroad and unduly
13 invasive" because "the government has obtained and is preparing to produce evidence to Defendant
14 establishing that E.T. received a false positive test from Theranos based on a subsequent negative test
15 and other circumstantial evidence." Opp'n, Dkt. 940 at 1.  This is a non-sequitur for several reasons.

16 First, Ms. Holmes is not required to accept the government's theory of what evidence proves
17 inaccuracy; she is entitled to challenge the government's evidence and contentions based on her own
18 defense theories.[1]

19 Second, according to the government, its forthcoming evidence will show only that E.T.'s
20 earlier, Theranos test was a false reactive test.  Even if that is so, that evidence says nothing about the
21 potential *reasons* for the alleged false reactive test.  Ms. Holmes needs access to E.T.'s
22 contemporaneous medical file to probe those reasons.

23 Third, the government's response highlights the absurd reality of the government's position.  The
24 government says it plans to produce a contrary test result at some point soon; to date, it has not.  The

---

[1] Should the Court require more information on the relevance of this request, Ms. Holmes can provide an i*n camera* submission that further lays out the defense's strategy. *See United States v. Sleugh,* 896 F.3d 1007, 1012 (9th Cir. 2018)  (purpose of under-seal Rule 17(c) application is to avoid "reveal[ing] . . . trial strategies or defense theories to the opposing party"). Ms. Holmes submits no such submission is required, but will do so to alleviate any concerns of the Court.

MS. HOLMES' REPLY IN SUPPORT OF MOTION FOR ORDER ISSUING RULE 17 SUBPOENA
CR-18-00258 EJD NMC
2

select test results produced by the government from Dr. Asin's files do not contain a contrary result.[2] The customer at issue has told the government that she is not in possession of a contrary result. Decl. of K. Trefz, Ex. 3 at 1. Rather, the record suggests that the government expects such evidence will be *created* and produced to Ms. Holmes in advance of the relevant testimony. Of course, such a record—created in 2021, more than six years after the relevant events and 18 months after the government spoke to Dr. Asin about his position and disclosed it to the defense—cannot reasonably have formed the basis for the medical opinion he came to in 2015. Ms. Holmes is entitled to determine what records existed at the time Dr. Asin formed his opinion—an opinion disclosed by the government as expert testimony in this case—about E.T.'s result.

For the foregoing reasons, Ms. Holmes respectfully requests that the Court grant her Motion.

DATED: August 26, 2021

/s/ Katherine Trefz
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

---

[2] The government served a Rule 17 subpoena on Dr. Asin requesting his patients' test results. In response to the subpoena, Dr. Asin permitted the government unfettered access to thousands of patient records, from which government agents selected documents for production for well over 100 patients. Undersigned counsel has seen no prior Rule 17(c)(3) order sought by the government for that subpoena.

MS. HOLMES' REPLY IN SUPPORT OF MOTION FOR ORDER ISSUING RULE 17 SUBPOENA
CR-18-00258 EJD NMC
3

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Katherine Trefz
KATHERINE TREFZ
Attorney for Elizabeth Holmes