JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | **JOINT PROPOSED JURY INSTRUCTION** |
| v. | |
| ELIZABETH HOLMES, | |
| Defendant. | |

On May 27, 2021, the parties filed proposed jury instructions. *See* ECF Nos. 804 (the government) and 809 (Ms. Holmes). At the pretrial conference on August 16, 2021, the Court requested the parties meet and confer about the summary of the elements of the alleged offenses contemplated by Ninth Circuit Model Criminal Jury Instruction 1.2. The parties met and conferred in good faith and exchanged proposed summaries. During the meet and confer process, the parties narrowed the areas of disagreement. The parties continue to disagree regarding certain limited aspects of the summary. The following are the parties' competing proposals, with the areas of disagreement highlighted in yellow.[1]

### I. Government's Proposed Summary

#### 1.2 THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges Ms. Holmes with conspiracy to commit wire fraud against Theranos investors, conspiracy to commit wire fraud against Theranos patients, and wire fraud against Theranos investors and patients. The charges against Ms. Holmes are contained in the indictment. The indictment simply describes the charges the government brings against Ms. Holmes. The indictment is not evidence and does not prove anything.

Ms. Holmes has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, Ms. Holmes has the right to remain silent and never has to prove innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the charged offenses. There are twelve counts in the indictment. The government must prove each element for each count beyond a reasonable doubt to make its case.

Counts One and Two charge conspiracy to commit wire fraud. Ms. Holmes is charged in Count One with conspiring to commit wire fraud against investors in Theranos during the period 2010 to 2015. Ms. Holmes is charged in Count Two of the indictment with conspiring to commit wire fraud against patients who paid for Theranos' blood testing services during the period 2013 to 2016.

---

[1] Both parties reserve the right to propose different and/or more detailed instructions and/or to object to aspects of these preliminary instructions at the final instructions stage.

JOINT PROPOSED JURY INSTRUCTION
CASE NO. 18-CR-258 EJD                    1

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

In order for Ms. Holmes to be found guilty of the charges of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that there was an agreement between two or more persons to commit wire fraud. I will define the elements of wire fraud in a minute.

And *second*, that Ms. Holmes became a member of each alleged conspiracy knowing of at least one of its objects and intending to help accomplish it.[2]

Counts Three through Twelve charge wire fraud. Counts Three though Eight charge wire fraud against investors in Theranos. Counts Nine through Twelve charge wire fraud against paying Theranos patients.

In order for Ms. Holmes to be found guilty of the charges of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that Ms. Holmes knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts.[3]

---

[2] Conspiracy under 18 U.S.C. § 1349, as alleged here, does *not* require proof of an overt act. *See, e.g.*, *United States v. Roy*, 783 F.3d 418, 420 (2d Cir. 2015); *United States v. Rogers,* 769 F.3d 372, 380–82 (6th Cir. 2014); *United States v. Pascacio-Rodriguez,* 749 F.3d 353, 363–64 & 364 n. 49 (5th Cir. 2014); *United States v. Fishman,* 645 F.3d 1175, 1186 (10th Cir. 2011); *United States v. Hussain*, No. 16-CR-00462-CRB, 2018 WL 3619797, at *34 (N.D. Cal. July 30, 2018) (citing precedent from sister circuits and indicative Ninth Circuit cases), *aff'd*, 972 F.3d 1138 (9th Cir. 2020), *& aff'd*, 818 F. App'x 765 (9th Cir. 2020). *Cf. United States v. Green*, 592 F.3d 1057, 1060, 1067 (9th Cir. 2010) (setting forth elements of conspiracy under 18 U.S.C. § 371).

[3] Ms. Holmes objects to the words "omitted facts" and "facts omitted" in the government's proposed summary, which are bracketed in Ninth Circuit Model Instruction 8.124. Whether the government will be entitled to an omission instruction in the final instructions will depend on its proof at trial, and Ms. Holmes submits that it will be unable to prove the requisite relationship of "trusting relationship" between Ms. Holmes and Theranos investors. *See* Ninth Circuit Model Instr. 8.124. At a minimum, it would mislead the jury, and prejudice Ms. Holmes, to reference omissions or omitted facts in the preliminary instructions without including the lengthy bracketed paragraph in Model Rule 8.124 explaining the limited circumstances in which omissions may form the basis of a wire fraud conviction. Without that paragraph, the jury will incorrectly believe that omitted facts may form the basis of a wire fraud conviction in all circumstances.

*Second*, that the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

*Third*, that Ms. Holmes acted with the intent to defraud, that is, the intent to deceive and cheat; and

*Fourth*, that Ms. Holmes used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

## II.   Ms. Holmes' Proposed Summary

### 1.2 THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges Ms. Holmes with conspiracy to commit wire fraud against Theranos investors, conspiracy to commit wire fraud against Theranos paying patients, and wire fraud against Theranos investors and paying patients.[4] The charges against Ms. Holmes are contained in the indictment.  The indictment simply describes the charges the government brings against Ms. Holmes.  The indictment is not evidence and does not prove anything.

Ms. Holmes has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, Ms. Holmes has the right to remain silent and never has to prove innocence or present any evidence.[5]

In order to help you follow the evidence, I will now give you a brief summary of the elements of the charged offenses.  There are twelve counts in the indictment.  The government must prove each element for each count beyond a reasonable doubt to make its case.

Counts One and Two charge conspiracy to commit wire fraud.  Ms. Holmes is charged in Count One with conspiring to commit wire fraud against investors in Theranos during the period 2010 to 2015.

---

[4] Pursuant to the Court's Order dismissing Counts Two and Nine through Eleven to the extent they depend on insured and non-paying patients, Ms. Holmes submits that the Court's instructions should consistently refer to "paying" patients. Dkt. 330 at 33.

[5] Ms. Holmes respectfully reiterates that the Court should give her proposed version of the first two paragraphs of Instruction 1.2, *see* Ms. Holmes' Proposed Instruction No. 2, ECF 809 at 3-4, but understands that the Court intends to give Model Instruction 1.2.

JOINT PROPOSED JURY INSTRUCTION
CASE NO. 18-CR-258 EJD                              3

1   Ms. Holmes is charged in Count Two of the indictment with conspiring to commit wire fraud against
2   patients who paid for Theranos' blood testing services during the period 2013 to 2016.

3        A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit
4   one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not
5   matter whether the crime agreed upon was committed.

6        In order for Ms. Holmes to be found guilty of the charges of conspiracy, the government must
7   prove each of the following elements beyond a reasonable doubt:

8        *First*, that there was an agreement between two or more persons to commit wire fraud. I will
9   define the elements of wire fraud in a minute.

10       *Second*, that Ms. Holmes became a member of each alleged conspiracy knowing of at least one
11  of its objects and intending to help accomplish it.

12       And *third*, that one of the members of the alleged conspiracy performed at least one overt act for
13  the purpose of carrying out each alleged conspiracy.[6]

14       Counts Three through Twelve charge wire fraud. Counts Three though Eight charge wire fraud
15  against investors in Theranos. Counts Nine through Twelve charge wire fraud against paying Theranos
16  patients.

17       In order for Ms. Holmes to be found guilty of the charges of wire fraud, the government must
18  prove each of the following elements beyond a reasonable doubt:

19       *First*, that Ms. Holmes knowingly participated in, devised, or intended to devise a scheme or
20  plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent
21  pretenses, representations, or promises. A scheme to defraud is a deceptive scheme to deprive a person
22  of money or property.[7]

---

[6] Ms. Holmes objects to the absence of an overt act element in the government's proposed summary. *See United States v. Ball*, 711 F. App'x 838, 841 (9th Cir. 2017) ("Conspiracy to commit . . . wire fraud [under 18 U.S.C. § 1349] requires the jury to find (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." (quoting *United States v. Green*, 592 F.3d 1057, 1067 (9th Cir. 2010))).

[7] Ms. Holmes submits that Ninth Circuit Model Instruction 8.124 is misleading because a jury may incorrectly infer from the word "or" that a "scheme to defraud" is not a scheme for obtaining money or property. The Supreme Court has rejected that reading of the wire fraud statute. Ms. Holmes proposes to add a definition of "scheme to defraud" drawn from Supreme Court case law to avoid

JOINT PROPOSED JURY INSTRUCTION
CASE NO. 18-CR-258 EJD                          4

*Second*, that the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

*Third*, that Ms. Holmes acted with the intent to defraud, that is, the intent to deceive and cheat; and

*Fourth*, that Ms. Holmes used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

DATED: August 26, 2021                                Respectfully submitted,

                                                      STEPHANIE M. HINDS
                                                      Acting United States Attorney

                                                       */s/ Robert S. Leach*
                                                      JEFF SCHENK
                                                      JOHN C. BOSTIC
                                                      ROBERT S. LEACH
                                                      KELLY I. VOLKAR
                                                      Assistant United States Attorneys

DATED: August 26, 2021                                WILLIAMS & CONNOLLY LLP

                                                       */s/ Amy M. Saharia*
                                                      KEVIN DOWNEY
                                                      LANCE WADE
                                                      AMY SAHARIA
                                                      KATIE TREFZ
                                                      Counsel for Defendant Elizabeth Holmes

---

misleading the jury. *See Kelly v. United States*, 140 S. Ct. 1565, 1571 (2021) ("The wire fraud statute thus prohibits only deceptive "schemes to deprive [the victim of] money or property." (internal quotation marks omitted)).

JOINT PROPOSED JURY INSTRUCTION
CASE NO. 18-CR-258 EJD                                5