1

2                  UNITED STATES DISTRICT COURT

3                NORTHERN DISTRICT OF CALIFORNIA

4                      SAN JOSE DIVISION

5

    UNITED STATES OF AMERICA,          )  CR-18-00258-EJD
6                                      )
                    PLAINTIFF,         )
7                                      )  SAN JOSE, CALIFORNIA
             VS.                       )
8                                      )  JANUARY 13, 2020
    ELIZABETH A. HOLMES AND RAMESH     )
9   SUNNY BALWANI,                     )  PAGES 1 - 46
                                       )
10                  DEFENDANTS.         )  **SEALED PAGES 41 - 44**
    _____        )

11

12

                    TRANSCRIPT OF PROCEEDINGS
13            BEFORE THE HONORABLE EDWARD J. DAVILA
                  UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:    UNITED STATES ATTORNEY'S OFFICE
                           BY:  JOHN C. BOSTIC
17                              JEFFREY B. SCHENK
                           150 ALMADEN BOULEVARD, SUITE 900
18                         SAN JOSE, CALIFORNIA 95113

19                         BY:  ROBERT S. LEACH
                                VANESSA BAEHR-JONES
20                         1301 CLAY STREET, SUITE 340S
                           OAKLAND, CALIFORNIA 94612

21

         (APPEARANCES CONTINUED ON THE NEXT PAGE.)

22

23   OFFICIAL COURT REPORTER:
                           IRENE L. RODRIGUEZ, CSR, RMR, CRR
24                         CERTIFICATE NUMBER 8074

25       PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
             TRANSCRIPT PRODUCED WITH COMPUTER

```
 1      A P P E A R A N C E S:  (CONT 'D)

 2

 3      FOR DEFENDANT HOLMES:   WILLIAMS & CONNOLLY LLP
                                BY:  KEVIN M. DOWNEY
 4                                   LANCE A. WADE
                                     KATHERINE A. TREFZ
 5                              725 TWELFTH STREET, N.W.
                                WASHINGTON, D.C. 20005
 6
                                LAW OFFICE OF JOHN D. CLINE
 7                              BY:  JOHN D. CLINE
                                ONE EMBARCADERO CENTER, SUITE 500
 8                              SAN FRANCISCO, CALIFORNIA 94111

 9      FOR DEFENDANT BALWANI:  ORRICK, HERRINGTON & SUTCLIFFE LLP
                                BY:  WALTER F. BROWN, JR.
10                                   RANDALL LUSKEY
                                THE ORRICK BUILDING
11                              405 HOWARD STREET
                                SAN FRANCISCO, CALIFORNIA 94105
12
                                BY:  STEPHEN A. CAZARES
13                              SUITE 3200
                                777 SOUTH FIGUEROA STREET
14                              LOS ANGELES, CALIFORNIA 90017

15      FOR THE FDA:            UNITED STATES SECURITIES AND EXCHANGE
                                COMMISSION
16                              BY:  MARCI NORTON
                                     JACKIE MARTINEZ-RESLY
17                                   DOUG WEINFIELD

18      TELEPHONICALLY:         BY:  STACY AMIN
                                     PERHAM GORGI
19

20

21

22

23

24

25
```

|   |   |
|---|---|
| | 1 |

```
          SAN JOSE, CALIFORNIA                   JANUARY 13, 2020
10:05AM                   P R O C E E D I N G S
10:05AM        (COURT CONVENED AT 10:05 A.M.)
10:05AM             THE COURT:  LET'S CALL 18-258, UNITED STATES VERSUS
10:06AM   HOLMES, BALWANI.
10:06AM        IF I COULD CAPTURE THE APPEARANCES OF THE PARTIES, PLEASE.
10:06AM             MR. LEACH:  THANK YOU, YOUR HONOR.  GOOD MORNING.
10:06AM        ROBERT LEACH FOR THE UNITED STATES.  TO MY LEFT IS
10:06AM   JEFF SCHENK, JOHN BOSTIC, AND I WANTED TO ESPECIALLY INTRODUCE
10:06AM   VANESSA BAEHR-JONES WITH MY OFFICE.  SHE FILED A NOTICE OF
10:06AM   APPEARANCE A MONTH OR TWO AGO, BUT THIS IS HER FIRST LIVE
10:06AM   APPEARANCE BEFORE YOU.
10:06AM             THE COURT:  THANK YOU.  GOOD MORNING.
10:06AM             MS. BAEHR-JONES:  GOOD MORNING, YOUR HONOR.
10:06AM             MR. WADE:  GOOD MORNING, YOUR HONOR.  LANCE WADE
10:06AM   FROM WILLIAMS & CONNOLLY FOR MS. HOLMES.  WITH ME FROM MY FIRM
10:06AM   ARE MY COLLEAGUES, KEVIN DOWNEY AND KATHERINE TREFZ.
10:06AM             THE COURT:  THANK YOU.
10:06AM             MR. WADE:  AS WELL AS COCOUNSEL, JOHN CLINE.  AND
10:06AM   MS. HOLMES IS PRESENT.
10:06AM             THE COURT:  THANK YOU.  GOOD MORNING.
10:06AM             MR. CAZARES:  GOOD MORNING, YOUR HONOR.
10:06AM   STEPHEN CAZARES AND WALT BROWN FOR MR. BALWANI WHO IS NOT
10:06AM   PRESENT.
10:06AM             THE COURT:  AND REMIND ME AGAIN ABOUT HIS ABSENCE.
```

10:06AM 1          MR. WADE:  MR. BALWANI IS, ALONG WITH MY COCOUNSEL,

10:06AM 2   MR. COOPERSMITH, ARE ATTENDING DEPOSITIONS IN THE PARALLEL

10:06AM 3   S.E.C. CASE IN WASHINGTON, D.C.

10:06AM 4          THE COURT:  I SEE.  OKAY.  ALL RIGHT.  I THINK THE

10:07AM 5   GOVERNMENT HAD NOTICE OF THIS.  WEREN'T YOU AWARE OF THIS?

10:07AM 6          MR. SCHENK:  WE FOUND OUT FRIDAY AFTERNOON, YOUR

10:07AM 7   HONOR, YES.

10:07AM 8          THE COURT:  THANK YOU.  THIS MATTER IS ON THIS

10:07AM 9   MORNING FOR A STATUS CONFERENCE, AND THERE HAS BEEN SOME

10:07AM 10  FILINGS BY THE GOVERNMENT REGARDING THE DISCOVERY.

10:07AM 11      AND I DID CAPTURE YOU AND I HAVE READ AND REVIEWED YOUR

10:07AM 12  JOINT STATEMENT.  THANK YOU FOR THAT.

10:07AM 13      IS THERE ANYTHING THAT ANYONE WISHES TO ADD TO YOUR JOINT

10:07AM 14  STATEMENT, UPDATE ME ON ANYTHING THAT HAS CHANGED?

10:07AM 15          APPARENTLY NOT.

10:07AM 16          MR. LEACH:  NOTHING THAT HAS CHANGED, YOUR HONOR.

10:07AM 17  THERE WERE SOME ARGUMENTS THAT I WOULD LIKE TO MAKE WITH

10:07AM 18  RESPECT TO THE MOTION, BUT I DON'T THINK WE HAVE ANY UPDATE ON

10:07AM 19  WHAT WAS INCLUDED IN THE JOINT STATUS.

10:07AM 20          THE COURT:  OKAY.  ALL RIGHT.  SO AS I UNDERSTAND

10:07AM 21  IT -- EXCUSE ME.  DO WE HAVE ANY APPEARANCES TELEPHONICALLY?

10:07AM 22  LET'S CAPTURE THOSE.

10:07AM 23      IS ANYONE PARTICIPATING TELEPHONICALLY?  IF YOU COULD,

10:08AM 24  COULD YOU PLEASE STATE YOUR APPEARANCE.

10:08AM 25          MS. AMIN:  YOUR HONOR, MY NAME IS STACY AMIN.  I'M

10:08AM 1   THE CHIEF COUNSEL AT THE FOOD AND DRUG ADMINISTRATION.

10:08AM 2           THE COURT:  THANK YOU.  GOOD MORNING.  THANK YOU FOR

10:08AM 3   JOINING US.

10:08AM 4           MR. GORGI:  HELLO.  THIS IS PERHAM GORGI.  I'M

10:08AM 5   DEPUTY CHIEF COUNSEL FOR LITIGATION AT THE FDA OFFICE OF CHIEF

10:08AM 6   COUNSEL.

10:08AM 7           THE COURT:  THANK YOU.  THANK YOU FOR JOINING US.

10:08AM 8       IS THERE ANYONE ELSE PRESENT TODAY FROM THE FDA?

10:08AM 9           MR. LEACH:  YES, YOUR HONOR.  I INTENDED TO

10:08AM 10  INTRODUCE THEM DURING MY REMARKS, BUT WE ALSO HAVE THREE

10:08AM 11  ATTORNEYS FROM THE FDA IN WASHINGTON, D.C. HERE WITH US:

10:08AM 12  MARCI NORTON, SENIOR COUNSEL; JACKIE MARTINEZ-RESLY, ALSO WITH

10:08AM 13  THE OFFICE OF CHIEF COUNSEL; AND DOUG WEINFIELD, WHO IS AN

10:08AM 14  E-DISCOVERY LAWYER WITHIN THE FDA OFFICE OF CHIEF COUNSEL.

10:08AM 15      THEY'VE COME OUT HERE FROM WASHINGTON FOR THIS HEARING.

10:08AM 16          THE COURT:  WELL, GREAT.  THANK YOU.  GREAT.

10:08AM 17  WELCOME TO CALIFORNIA.  I KNOW YOU'LL ENJOY THE WEATHER HERE.

10:08AM 18      I THINK WE SPOKE TELEPHONICALLY AT OUR LAST HEARING,

10:08AM 19  MS. MARTINEZ-RESLY AND MS. NORTON, IF I AM NOT MISTAKEN?

10:09AM 20          MS. NORTON:  CORRECT.

10:09AM 21          MS. MARTINEZ-RESLY:  CORRECT.

10:09AM 22          THE COURT:  THANK YOU.  LET'S SEE, BEFORE WE MOVE

10:09AM 23  INTO THE MOTION, AND THIS IS THE GOVERNMENT'S MOTION TO EXTEND

10:09AM 24  TIME I BELIEVE IT IS.

10:09AM 25      AND THIS IS -- WELL, I HAD THE DOCKET LIST HERE.

10:09AM 1          MR. LEACH:  YOUR HONOR, THE MOTION IS ECF 215.

10:09AM 2          THE COURT:  THANK YOU.  LET ME -- I DO WANT TO ASK

10:09AM 3    ABOUT WHAT THE STATUS OF THINGS ARE.

10:09AM 4          YOU INDICATED IN YOUR MOTION THAT THERE WAS TRAVEL BY

10:09AM 5    MR. BOSTIC, I THINK, YOURSELF AND MR. SCHENK TO WASHINGTON,

10:09AM 6    D.C. AND BALTIMORE IN EFFORTS TO DISCUSS MATTERS.

10:09AM 7          WHY DON'T YOU COME FORWARD AND UPDATE ME AND UPDATE US ON

10:09AM 8    THAT.

10:10AM 9          MR. LEACH:  THANK YOU, YOUR HONOR.  FIRST, LET ME

10:10AM 10   EXPLAIN A LITTLE BIT WHY YOU'RE HEARING FROM ME AND NOT

10:10AM 11   MR. BOSTIC WHO HAS BEEN LEADING THE CHARGE FOR THE GOVERNMENT

10:10AM 12   ON THIS PREVIOUSLY.

10:10AM 13         MR. BOSTIC WAS IN TRIAL AT THE TIME WHEN THE COURT ISSUED

10:10AM 14   ITS NOVEMBER 5TH ORDER.  HE WAS APPEARING BEFORE JUDGE KOH, SO

10:10AM 15   AT THE TIME THE COURT RULED THAT THE GOVERNMENT HAD KNOWLEDGE

10:10AM 16   AND ACCESS TO THESE FDA DOCUMENTS.  THE TASK FELL TO ME TO WORK

10:10AM 17   TO COMPLY WITH THAT ORDER AS EXPEDITIOUSLY AS POSSIBLE.

10:10AM 18         SO WE'RE ONE TEAM.  WE HAVE THE SAME INFORMATION, BUT I AM

10:10AM 19   NOT JOHN BOSTIC, AND I JUST WANTED TO LET YOU KNOW WHY I'M

10:10AM 20   ADDRESSING THE COURT ON THESE ISSUES TODAY.

10:10AM 21         THE COURT:  OKAY.  WELL, THANK YOU.

10:10AM 22         MR. LEACH:  WE ALSO HAVE ON THE PHONE, I JUST WANT

10:10AM 23   TO MAKE SURE THE COURT UNDERSTANDS, WE HAVE STACY AMIN, WHO IS

10:10AM 24   THE CHIEF COUNSEL FOR THE FOOD AND DRUG ADMINISTRATION, THE

10:10AM 25   SENIOR LAWYER FOR THE FDA, HER DEPUTY CHIEF COUNSEL,

10:10AM 1    PERHAM GORGI, AND THE THREE ATTORNEYS STANDING BEHIND ME WHO I

10:11AM 2    HAVE INTRODUCED.

10:11AM 3         THEY'RE HERE TODAY TO UNDERSCORE THE SERIOUSNESS WITH

10:11AM 4    WHICH THE FDA IS TAKING THIS ISSUE AND TO UNDERSCORE THE

10:11AM 5    EFFORTS THAT THEY ARE TAKING TO COMPLY WITH THE COURT'S

10:11AM 6    NOVEMBER 5TH AND ITS PRIOR ORDERS.

10:11AM 7         AS I MENTIONED, SINCE THE NOVEMBER 5TH ORDER, YOUR HONOR,

10:11AM 8    THE GOVERNMENT HAS SPENT A SIGNIFICANT AMOUNT OF TIME WRESTLING

10:11AM 9    WITH THE QUESTION OF HOW TO GET THESE DOCUMENTS PRODUCED.

10:11AM 10        AS YOU ALLUDED TO, MR. SCHENK AND I TRAVELLED BACK TO

10:11AM 11   WASHINGTON, D.C. TO MEET BOTH THE FDA, TO MEET WITH CMS TO COME

10:11AM 12   UP WITH A PLAN TO MAKE SURE THAT THESE DOCUMENTS ARE GETTING

10:11AM 13   PRODUCED.

10:11AM 14        AND AS PREPARING FOR THE HEARING TODAY, WHAT WAS STRIKING

10:11AM 15   TO ME IS THE AMOUNT OF COMMON GROUND THERE ACTUALLY IS WITH THE

10:11AM 16   PARTIES ON THIS ISSUE.

10:11AM 17        THE GOVERNMENT REQUESTED THESE DOCUMENTS BE PRODUCED

10:11AM 18   VOLUNTARILY.  THE DEFENDANT REQUESTED THESE DOCUMENTS BE

10:11AM 19   PRODUCED.  THE FDA IS SAYING THAT IT WANTS TO PRODUCE THESE

10:12AM 20   DOCUMENTS, AND THE ONLY ISSUE NOW IS A MECHANICAL ONE, I THINK,

10:12AM 21   HOW WE CAN GET THIS DATA AS QUICKLY AS WE CAN OUTSIDE OF THE

10:12AM 22   FDA TO THE DEFENDANTS.

10:12AM 23             THE COURT:  SOME TIME BEFORE APRIL 30TH, IS THAT

10:12AM 24   WHAT YOU'RE GOING TO CONCLUDE?

10:12AM 25             MR. LEACH:  THAT'S WHERE I'M GOING, YOUR HONOR.

10:12AM  1          THE COURT:  GREAT.

10:12AM  2          MR. LEACH:  AND I WANT TO EXPLAIN A LITTLE BIT ABOUT

10:12AM  3   WHY THAT IS THE CASE.

10:12AM  4       I THINK THE ISSUE HERE IS WITH -- THE COURT'S ORDER

10:12AM  5   REQUIRES ESSENTIALLY A RECOLLECTION OF DOCUMENTS BY THE FDA.

10:12AM  6       WHEN THE FDA STARTED TO PRODUCE DOCUMENTS IN RESPONSE TO

10:12AM  7   THE S.E.C. SUBPOENA IN THE S.E.C. CASE, AND THEN THE MOTION TO

10:12AM  8   COMPEL, FOR REASONS THAT I THINK ARE PERFECTLY DEFENSIBLE, IT

10:12AM  9   DID NOT INCLUDE THIS TERM CALLED LDT.  THERE WAS GOOD REASON

10:12AM  10  FOR THAT.  IT WASN'T LISTED IN THE SIX CATEGORIES.  ALL OF THE

10:12AM  11  DOCUMENTS APPEAR TO BE RELATED TO THERANOS.

10:12AM  12      SO WHEN THEY WERE GOING TO THEIR CUSTODIANS AND COLLECTING

10:13AM  13  DOCUMENTS, THEY ARE NOT LOOKING FOR DOCUMENTS WITH THE TERM

10:13AM  14  LDT.

10:13AM  15      THEY WERE LOOKING FOR DOCUMENTS RELATING TO THERANOS.

10:13AM  16  THEY WERE LOOKING FOR DOCUMENTS RESPONSIVE TO THE SIX

10:13AM  17  CATEGORIES, BUT THIS TERM "LDT" WAS NOT SOMETHING THAT THEY

10:13AM  18  WERE LOOKING FOR IN THE FIRST INSTANCE.

10:13AM  19      THE COURT'S ORDER RESOLVED THAT ISSUE.  WE ACKNOWLEDGED

10:13AM  20  THE COURT'S ORDER.  WE ACKNOWLEDGE THESE DOCUMENTS ARE -- THAT

10:13AM  21  THE PROSECUTION OF KNOWLEDGE AND ACCESS TO THEM, BUT

10:13AM  22  ESSENTIALLY WHAT WE'VE BEEN DOING IS RECOLLECTING FROM OVER 88

10:13AM  23  CUSTODIANS TO TRY TO GET THE RIGHT UNIVERSE OF DOCUMENTS TO

10:13AM  24  MAKE SURE THAT THEY'RE BEING PRODUCED, AND THAT IS NO SMALL

10:13AM  25  FEAT, YOUR HONOR.

10:13AM 1          THAT REQUIRES, YOU KNOW, A TECHNICAL EXTRACTION FROM THE

10:13AM 2     FDA'S E-MAIL SYSTEM.  THEY HAD A LIMITED LICENSE CAPACITY IN

10:13AM 3     ORDER TO DO THAT.  THAT HAS BEEN FIXED, AND NOW THINGS ARE

10:13AM 4     MOVING A LITTLE BIT MORE QUICKLY.

10:13AM 5          IN ADDITION, WITH RESPECT TO NETWORK FILES, THERE'S A

10:13AM 6     PARTICULAR SOFTWARE THAT THE FDA USES THAT HAS ITS OWN LIMITS,

10:14AM 7     AND ON OUR TRIP BY MR. SCHENK AND BACK TO THE FDA WE ASKED,

10:14AM 8     WELL, ARE THERE RESOURCES THAT THE DOJ CAN GIVE TO HELP YOU

10:14AM 9     SOLVE THIS PROBLEM OR ARE THERE MORE PEOPLE THAT WE CAN SEND?

10:14AM 10         AND THE RESPONSE I'M GETTING IS NO, THAT THIS IS

10:14AM 11    COMPLICATED SOFTWARE, THAT IT REQUIRES A LENGTHY INSTALLATION

10:14AM 12    THAT IS INTEGRATED WITH THE FDA SYSTEM, THE FDA HAS ITS OWN

10:14AM 13    NETWORK CAPACITY.

10:14AM 14         AND I --

10:14AM 15             THE COURT:  PARDON ME FOR INTERRUPTING YOU,

10:14AM 16    MR. LEACH.

10:14AM 17         SO YOU HAD OFFERED BODIES --

10:14AM 18             MR. LEACH:  I DID, YOUR HONOR.

10:14AM 19             THE COURT:  -- TO GO TO THE FDA AND ASSIST IN

10:14AM 20    CULLING THIS INFORMATION?

10:14AM 21             MR. LEACH:  I DID, YOUR HONOR, YES.

10:14AM 22             THE COURT:  OKAY.  THANK YOU.

10:14AM 23             MR. LEACH:  IN ADDITION, THE DOJ IS THROWING A LOT

10:14AM 24    OF BODIES, INCLUDING ME, INCLUDING MR. SCHENK, AND INCLUDING

10:14AM 25    MR. BOSTIC, AND ACTUALLY DOING SOME OF THE REVIEW OF THE DATA

10:14AM   1    THAT WE ARE GETTING FROM THE FDA.

10:14AM   2        SO I DON'T WANT TO STAND UP HERE AND LEAVE THE IMPRESSION

10:14AM   3    THAT THE DOJ IS NOT THROWING TREMENDOUS RESOURCES AT THIS.  WE

10:15AM   4    ARE.  BUT THERE ARE SOME TECHNICAL ISSUES AT THE HEART OF THIS

10:15AM   5    WHERE IN ORDER FOR DOJ TO REVIEW THIS, WE NEED TO EXTRACT IT

10:15AM   6    FROM THE E-MAIL SYSTEM USING THE TERMS THAT WERE NOW AGREED

10:15AM   7    UPON WITH THE DEFENSE.  AND EVERY DAY I ASK THE QUESTION, WHY

10:15AM   8    CAN'T THAT GO FASTER?  AND THE ANSWER, UNFORTUNATELY, IS SIMPLY

10:15AM   9    NOT ENOUGH LICENSES WITHIN THE FDA, INSTALLATION OF MORE WILL

10:15AM  10    TAKE A LOT OF TIME AND IS INTERTWINED WITH THE FDA NETWORK.

10:15AM  11        AND THERE JUST WAS NOT A GOOD TECHNOLOGICAL SOLUTION TO

10:15AM  12    THAT.

10:15AM  13        THE GOOD NEWS, YOUR HONOR, IS WE'VE RECEIVED -- DOJ HAS

10:15AM  14    RECEIVED THREE TRANCHES OF DATA FROM FDA FROM THE E-MAIL

10:15AM  15    COLLECTION.  I'VE LOST TRACK OF THE EXACT NUMBER OF CUSTODIANS,

10:15AM  16    BUT I THINK IT'S SOMEWHERE IN THE NEIGHBORHOOD OF 25 TO 30, AND

10:15AM  17    I THINK AN ADDITIONAL 10 WILL BE COMPLETED SOME TIME WITHIN THE

10:15AM  18    NEXT WEEK OR SO.

10:15AM  19        THERE'S ALSO NETWORK DATA THAT NEEDS TO BE EXTRACTED, AND

10:16AM  20    THERE'S ALSO THESE ARCHIVED CUSTODIANS THAT NEED TO BE RESTORED

10:16AM  21    AND THEN DELIVERED TO DOJ FOR REVIEW.

10:16AM  22        AND I WANT TO EMPHASIZE, THIS IS A RESULT OF IN PART

10:16AM  23    RE-COLLECTING FOR THIS TERM LDT, WHICH I THINK THE FDA HAD

10:16AM  24    DEFENSIBLE REASONS FOR NOT INCLUDING IN ITS INITIAL COLLECTION,

10:16AM  25    BUT WE ARE WHERE WE ARE ON THAT ISSUE, YOUR HONOR, AND THE

10:16AM  1     COURT HAS RULED ON IT AND WE'VE ACCEPTED THAT.

10:16AM  2          WE'RE TRYING AS QUICKLY AS WE CAN TO MAKE THAT

10:16AM  3     RE-COLLECTION HAPPEN AS QUICKLY AS IT CAN HAPPEN.

10:16AM  4          WE'VE PRODUCED OVER 130,000 DOCUMENTS TO THE DEFENDANTS

10:16AM  5     PRIOR TO -- ON DECEMBER 21ST, 2019, IN COMPLIANCE WITH THE

10:16AM  6     COURT'S ORDER.  I NOW HAVE SOMETHING IN THE MAGNITUDE OF 400

10:16AM  7     GIGABYTES OF DATA AT THE DOJ THAT WE ARE LOOKING THROUGH AND

10:16AM  8     ANTICIPATING MAKING ANOTHER PRODUCTION IN THE NEXT WEEK OR TWO.

10:17AM  9          SO WE ARE MOVING JUST ABSOLUTELY AS FAST AS WE CAN.  AND I

10:17AM 10     WANT TO EMPHASIZE THAT THERE IS AN ELEMENT OF DIMINISHING

10:17AM 11     RETURNS ON THESE DOCUMENTS THAT WE'RE PRODUCING.  I DON'T WANT

10:17AM 12     TO MINIMIZE THE IMPORTANCE OF DOING THE SEARCH RIGHT, BECAUSE

10:17AM 13     WE ARE DOING THE SEARCH RIGHT.

10:17AM 14          BUT THERE ARE 88 CUSTODIANS THAT WE'RE LOOKING FOR HERE,

10:17AM 15     YOUR HONOR.  A HANDFUL OF THESE WITNESSES AT BEST ARE EVER

10:17AM 16     GOING TO STEP FOOT IN THIS COURTROOM.  IT IS NOT OUR INTENTION

10:17AM 17     TO DROP HUNDREDS OF THOUSANDS OF DOCUMENTS ON THE DEFENDANTS ON

10:17AM 18     APRIL 30TH.  THAT IS NOT WHAT WE ARE TRYING TO DO.

10:17AM 19          WE ARE TRYING TO MOVE AS QUICKLY AS WE CAN AND BUILD IN A

10:17AM 20     REALISTIC TIMETABLE WHERE I HOPE BY APRIL 30TH, OR SHORTLY

10:17AM 21     AFTER THAT, IT'S THE LAST FEW CUSTODIANS THAT ARE COMING IN,

10:17AM 22     BUT THESE ARE NOT DOCUMENTS THAT HAVEN'T BEEN IN SOMEBODY

10:17AM 23     ELSE'S FILE OR SEEN SOMEWHERE ELSE, AND I AM NOT

10:17AM 24     REVOLUTIONIZING THE CASE FOR LACK OF A BETTER WORD.

10:17AM 25          BUT THAT'S WHAT WE'RE DOING.

10:18AM  1      THE DEFENSE RESPONSE TO THIS IS ESSENTIALLY MOVE FASTER,

10:18AM  2   AND THE GOVERNMENT HAS MET AND SPENT A LOT OF TIME TRYING TO

10:18AM  3   MAKE THIS MOVE AS QUICKLY AS WE CAN.

10:18AM  4      AS I HAVE EMPHASIZED, WE HAVE ALREADY PRODUCED 130,000

10:18AM  5   DOCUMENTS BETWEEN NOVEMBER 5TH AND DECEMBER 31ST.

10:18AM  6          THE COURT:  APPARENTLY THEY'RE SPEED READERS AND

10:18AM  7   THEY FINISHED GOING THROUGH THAT AND THEY NEED MORE WORK.

10:18AM  8          MR. LEACH:  I'M DOING WHAT I CAN THERE.

10:18AM  9          THE COURT:  WE'LL HEAR FROM THEM A MOMENT.

10:18AM  10     I APPRECIATE THAT.  BUT YOU ALSO INDICATE IN YOUR

10:18AM  11  PLEADINGS THAT IN AN EFFORT TO GAIN EFFICIENCY IN THE

10:18AM  12  PRODUCTION, YOU HAVE WORKED, I THINK, WITH THE DEFENSE TO

10:18AM  13  IDENTIFY MORE CRITICAL WITNESSES AND INFORMATION AND YOU HAVE

10:18AM  14  FOCUSSED ON ACCOMPLISHING AND RELEASING THAT IN A PRIORITY TYPE

10:18AM  15  OF MANNER.

10:18AM  16         MR. LEACH:  I THINK QUITE COLLABORATIVELY, YOUR

10:18AM  17  HONOR.  I'LL LET THEM SPEAK TO THAT.  BUT THERE'S AGREEMENT ON

10:18AM  18  THE TERMS THAT SHOULD BE USED TO DO THIS RE-COLLECTION.

10:19AM  19     THE DEFENSE HAS AGREED TO AN ORDER REQUIRING THE FDA TO

10:19AM  20  PRODUCE CERTAIN DOCUMENTS AND NOTWITHSTANDING STATUTORY

10:19AM  21  PROHIBITIONS ON US DOING THAT; AND, THEREFORE, ENABLING THE DOJ

10:19AM  22  TO CONDUCT THE REVIEW.  SO I THINK THERE HAS BEEN COLLABORATION

10:19AM  23  ON THAT.

10:19AM  24     I WOULD ALSO EMPHASIZE THAT THEY VERY HELPFULLY GAVE US A

10:19AM  25  LIST OF THE 22 MOST IMPORTANT CUSTODIANS IN THEIR MIND, AND WE

10:19AM  1    HAVE PRIORITIZED THOSE.  I THINK THE E-MAIL FILES FOR ALL OF

10:19AM  2    THE ACTIVE ONES ARE AT LEAST NOW IN DOJ'S POSSESSION AND WILL

10:19AM  3    BE GOING OUT SHORTLY.

10:19AM  4            THE COURT:  SO GOING OUT SHORTLY MEANING YOU'LL BE

10:19AM  5    ABLE TO RELEASE THOSE 22?

10:19AM  6            MR. LEACH:  I NEED TO BE CAREFUL, YOUR HONOR,

10:19AM  7    BECAUSE THERE ARE SOME FORMER EMPLOYEES THAT I DON'T THINK I

10:19AM  8    HAVE YET.  WHEN I SIT DOWN I CAN CHECK ON THAT DETAIL.

10:19AM  9        BUT IF THEY'RE A CURRENT FDA EMPLOYEE, WE WILL HAVE ALL OF

10:19AM  10   THE E-MAIL DATA.  IF I DON'T ALREADY HAVE IT, IT'S GOING TO BE

10:19AM  11   THIS WEEK, AND THAT WILL BE GOING OUT VERY SHORTLY.

10:19AM  12           THE COURT:  TO THEM?

10:19AM  13           MR. LEACH:  YES.  OH, YES.

10:19AM  14           THE COURT:  SO LET ME ASK YOU A LARGE OVERARCHING

10:20AM  15   QUESTION PERHAPS, WHICH IS IF WE WAIT UNTIL APRIL 30TH, THE

10:20AM  16   COURT SAYS I APPRECIATE YOUR EFFORTS, AND I DO, LET ME JUST SAY

10:20AM  17   THAT, I DO APPRECIATE.  SENDING LAWYERS OUT TO WASHINGTON, D.C.

10:20AM  18   IN JANUARY IS A REMARKABLE THING TO DO.  AND YOU'VE MET YOUR

10:20AM  19   DECLARATION.

10:20AM  20       YOUR BRIEFING TELLS US THAT YOU'VE MET IN BALTIMORE AND IN

10:20AM  21   WASHINGTON, D.C. WITH THE APPROPRIATE PARTIES.  MY SENSE IS

10:20AM  22   THAT YOU'VE URGED THEM, YOU'VE EXPRESSED THE URGENCY OF THIS

10:20AM  23   COURT'S ORDER AND WHAT THAT MEANS AND THE NEED FOR THIS

10:20AM  24   INFORMATION FOR THIS PARTICULAR LITIGATION.

10:20AM  25       MY QUESTION IS IF WE WAIT UNTIL APRIL 30TH, WHAT IS YOUR

| | | |
|---|---|---|
| 10:20AM | 1 | POSITION ON WHETHER OR NOT THAT WILL DISTURB THE TRIAL DATE? |
| 10:20AM | 2 | MR. BOSTIC:  IT WILL NOT DISTURB THE TRIAL DATE FROM |
| 10:20AM | 3 | THE GOVERNMENT'S PERSPECTIVE, YOUR HONOR.  WE ARE NOT ASKING |
| 10:20AM | 4 | FOR MORE TIME. |
| 10:20AM | 5 | THESE ARE NOT DOCUMENTS THAT THE GOVERNMENT EXPECTS TO BE |
| 10:21AM | 6 | USING IN ITS CASE-IN-CHIEF, AND WE WILL BE PREPARED TO HAVE |
| 10:21AM | 7 | REVIEWED THEM AND DIGESTED THEM WITHIN THE TIME ALLOTTED FOR |
| 10:21AM | 8 | THE TRIAL DATE.  I DON'T KNOW WHAT THE DEFENSE'S POSITION IS. |
| 10:21AM | 9 | THE COURT:  WELL, YOU CAN ANTICIPATE THAT THEY'RE |
| 10:21AM | 10 | GOING TO SAY THAT GIVES US 90 DAYS TO GO THROUGH WHATEVER |
| 10:21AM | 11 | TERABYTES THIS INFORMATION IS, AND WE CAN'T POSSIBLY DO THAT. |
| 10:21AM | 12 | AND THEY'LL START TALKING ABOUT THE CONSTITUTION AND THE |
| 10:21AM | 13 | SIXTH AMENDMENT AND THE FIFTH AMENDMENT AND OTHERS.  AND |
| 10:21AM | 14 | THEY'LL SAY, JUDGE, WE NEED MORE TIME TO GO THROUGH THIS.  IT'S |
| 10:21AM | 15 | NOT FAIR TO UNLOAD THIS WHEELBARROW OF INFORMATION ON US WHILE |
| 10:21AM | 16 | WE'RE TRYING TO PREPARE. |
| 10:21AM | 17 | BUT WHAT YOU'VE SAID IS THAT'S NOT WHAT'S HAPPENING.  IT |
| 10:21AM | 18 | SOUNDS LIKE THERE'S A ROLLING RELEASE OF INFORMATION AND THE |
| 10:21AM | 19 | INFORMATION THAT THEY'RE GETTING IS SUFFICIENT FOR THEM TO |
| 10:21AM | 20 | REVIEW NOW. |
| 10:21AM | 21 | IF YOU GAVE THEM A WHOLE DUMP TRUCK OF INFORMATION NOW, IT |
| 10:21AM | 22 | WOULD PROBABLY TAKE THEM BEYOND APRIL 30TH JUST TO READ IT MY |
| 10:21AM | 23 | SENSE IS. |
| 10:22AM | 24 | MR. LEACH:  IT ABSOLUTELY IS A ROLLING PRODUCTION, |
| 10:22AM | 25 | YOUR HONOR.  THE POINT I WOULD LIKE TO MAKE THERE IS THIS IS |

10:22AM   1    NOT A SITUATION WHERE IT'S ANYBODY'S INTENTION TO WAIT UNTIL

10:22AM   2    APRIL 30TH AND SAY, HERE YOU GO, THIS IS THE UNIVERSE OF FDA

10:22AM   3    DOCUMENTS, REVIEW THEM.

10:22AM   4        WE'RE GETTING AS MUCH AS WE CAN TO THEM AS QUICKLY AS WE

10:22AM   5    CAN TO THEM.

10:22AM   6        BUT WHEN YOU ASK ME WHEN CAN I BE DONE REVIEWING THE FILES

10:22AM   7    OF 88 CUSTODIANS AND GOING THROUGH ALL OF THE MECHANICAL ISSUES

10:22AM   8    THAT WE HAVE TO GO THROUGH TO EXTRACT THAT DATA, GET IT TO DOJ,

10:22AM   9    GET THE REVIEW DONE, THE BEST I CAN PROMISE ON THAT IS

10:22AM   10   APRIL 30TH.

10:22AM   11       BUT IT IS NOT OUR INTENTION AT ALL TO WAIT UNTIL THEN TO

10:22AM   12   PRODUCE AS LARGE A CHUNK AS WE CAN.

10:22AM   13           THE COURT:  OKAY.  TELL ME WHAT YOU MEAN BY "A

10:22AM   14   MANUAL SEARCH" FOR MARGINALLY RELEVANT CUSTODIANS?

10:22AM   15       IS THERE A DISCUSSION OR DISPUTE ABOUT A MANUAL SEARCH AS

10:23AM   16   OPPOSED TO AN ELECTRONIC OR OTHER SEARCH?

10:23AM   17           MR. LEACH:  WHAT I MEAN BY THAT, YOUR HONOR, IS IT'S

10:23AM   18   A SELF-COLLECTION.  SO WHAT THE GOVERNMENT'S INTENTION WITH

10:23AM   19   THOSE 23 INDIVIDUALS IS THAT WE WOULD GIVE THEM THE 6

10:23AM   20   CATEGORIES OF DOCUMENTS, WE WOULD GIVE THEM A LIST OF SEARCH

10:23AM   21   TERMS.  THOSE SEARCH TERMS WOULD INCLUDE THERANOS, LDT,

10:23AM   22   FRANKLY, WHATEVER THE DEFENSE WANTS TO INCLUDE ON THAT AND HAS

10:23AM   23   INCLUDED ON THAT, AND WE WOULD ASK THOSE CUSTODIANS TO PERFORM

10:23AM   24   THE SEARCH ON THEIR COMPUTER, SO GO INTO YOUR E-MAIL FILE AND

10:23AM   25   LOOK FOR THE WORD "THERANOS."

10:23AM   1      IF YOU HAVE AN E-MAIL FILE FOR THERANOS, COPY THAT TO THIS

10:23AM   2   DRIVE SO THE I.T. PROFESSIONALS CAN PROCESS THAT.

10:23AM   3      THE COURT:  AND THIS WOULD BE SUPERVISED BY DOJ

10:23AM   4   INDIVIDUALS?

10:23AM   5      MR. LEACH:  DOJ -- WE WILL DO WHATEVER THE COURT

10:23AM   6   REQUIRES OF US ON THAT POINT, AND I THINK THERE'S SOME, YOU

10:23AM   7   KNOW, WE'RE NOT -- WE HAVE ACCESS AND KNOWLEDGE OF THESE

10:24AM   8   DOCUMENTS.  I'M NOT HERE TO SAY ANYTHING OTHERWISE.

10:24AM   9      BUT I DON'T WORK IN THE FDA.  WHEN I GO TO THE FDA, YOUR

10:24AM  10   HONOR, I WALK THROUGH THE SECURITY GATE JUST LIKE ANYBODY ELSE.

10:24AM  11   THEY'RE STATUTORILY PROHIBITED FROM GIVING ME ACCESS TO CERTAIN

10:24AM  12   INFORMATION, AND SO I WILL NOT BE SITTING OVER THE COMPUTER AS

10:24AM  13   SOMEBODY DOES THAT, BUT DOJ WILL HAVE SIGNIFICANT INPUT ON THE

10:24AM  14   SCRIPT OR THE INSTRUCTIONS OR THE DIRECTION THAT THEY WILL BE

10:24AM  15   GIVEN.

10:24AM  16      AND I NEED TO EMPHASIZE, HALF OF THIS GROUP IS LAWYERS WHO

10:24AM  17   ARE AS CAPABLE, IF NOT MORE CAPABLE, THAN ME FOR FINDING THESE

10:24AM  18   DOCUMENTS.

10:24AM  19      I REALLY THINK THAT IN THE DIALOGUE THAT WE WERE HAVING

10:24AM  20   BEFORE ABOUT DEFICIENCIES IN THE SEARCH, YOU KNOW, I HAVE NO

10:24AM  21   REASON TO THINK THAT THESE LAWYERS AREN'T PERFECTLY CAPABLE OF

10:24AM  22   FINDING THE RESPONSIVE DOCUMENTS WITH VERY PRECISE DIRECTIONS

10:24AM  23   FROM DOJ, SOMETHING IN WRITING, AND SO THAT'S WHAT WE MEAN BY

10:24AM  24   SELF-COLLECTION AS OPPOSED TO THE ELECTRONIC COLLECTION, WHICH

10:25AM  25   WE'VE BEEN DOING, WHERE THE FDA'S I.T. TEAM IS GOING INTO

10:25AM  1    OUTLOOK THEMSELVES, RUNNING THE SEARCH TERMS THEMSELVES, TAKING

10:25AM  2    THAT DATA, AND GIVING IT TO DOJ.

10:25AM  3        SO THERE'S NO REAL JUDGMENT IN ANY OF THAT.  BUT THE

10:25AM  4    SELF-COLLECTION IS, FOR EXAMPLE, IF I GIVE ONE SHEET OF

10:25AM  5    INSTRUCTIONS TO YOUR HONOR TO GO BACK TO YOUR CHAMBERS AND LOOK

10:25AM  6    FOR YOUR THERANOS FILE, AND PUT IT HERE, THAT'S WHAT WE MEAN BY

10:25AM  7    SELF-COLLECTION.

10:25AM  8            THE COURT:  ARE YOU SUGGESTING THAT THAT WILL

10:25AM  9    EXPEDITE THE MANUAL SELF-SELECTION?  WILL THAT BE QUICKER OR

10:25AM 10    WILL THAT BE FASTER THAN THE ELECTRONIC VERSION, OR IS THAT IN

10:25AM 11    ADDITION TO?

10:25AM 12            MR. LEACH:  IT WILL BE QUICKER, IT WILL BE FASTER,

10:25AM 13    BUT THAT THE -- THAT WITH ELECTRONIC COLLECTION IS STILL GOING

10:25AM 14    TO TAKE TO BE DONE, DONE, APRIL 30TH.

10:25AM 15        IF THE COURT REQUIRES US TO DO SOMETHING DIFFERENT FOR

10:26AM 16    THOSE 23, WE'RE LOOKING AT A TIMEFRAME THAT IS EVEN LONGER.

10:26AM 17            THE COURT:  I SEE.

10:26AM 18        SO THE QUESTION THAT A PERSON MIGHT ASK IS, WELL, THAT'S

10:26AM 19    FINE, YOU CAN ASK PEOPLE TO GO TO THEIR COMPUTERS AND DO THIS,

10:26AM 20    BUT HOW DO WE KNOW?  HOW DO WE VERIFY THAT THEY'RE ACTUALLY

10:26AM 21    DOING THAT?

10:26AM 22        IF A FILE COMES UP AND IT'S SOMETHING THAT THEY MISS OR

10:26AM 23    THEY MIGHT HAVE SOME QUALMS ABOUT, HOW DO WE KNOW WE'RE GETTING

10:26AM 24    EVERYTHING?

10:26AM 25        I EXPECT THE DEFENSE MIGHT SAY THERE'S NO ASSURANCE AS FAR

10:26AM 1     AS -- WE'RE JUST RELYING ON THE INDIVIDUAL AS OPPOSED TO AN

10:26AM 2     ACTUAL REAL ELECTRONIC RECORD OF WHAT WAS DONE.

10:26AM 3             MR. LEACH:  THOSE ARE PROBLEMS THAT ARE INHERENT IN

10:26AM 4     ANY DOCUMENT COLLECTION BY ANYBODY.

10:26AM 5         IF YOU HAVE A CLIENT, YOUR HONOR, AND YOU SAY -- THE

10:26AM 6     RELATIONSHIP BETWEEN ME AND THE FDA IS DIFFERENT THAN THIS, BUT

10:26AM 7     I'M USING THIS AS A HYPOTHETICAL FOR YOU.

10:26AM 8         YOU KNOW, IF YOU SAY THE OTHER SIDE HAS ASKED FOR THESE

10:26AM 9     FIVE DOCUMENTS, I NEED TO GO LOOK THROUGH YOUR FILES TO FIND

10:27AM 10    THIS, AND THEY SHOW YOU THE FILES, BUT THEN THEY REMEMBER THAT

10:27AM 11    THEY HAVE SOME IN THE GARAGE, LIKE ALL OF THIS IS INHERENTLY

10:27AM 12    DEPENDENT ON SOME INDIVIDUAL AT THE END OF THE DAY RECEIVING

10:27AM 13    THIS REQUEST.

10:27AM 14        BUT I'M CONFIDENT ABOUT WHAT THE GOVERNMENT'S RULE 16

10:27AM 15    OBLIGATION IS THAT IF, WITH THE HELP OF THE DEFENSE WITH THE

10:27AM 16    FDA'S I.T. PROFESSIONALS, THE FACT THAT THESE ARE VERY

10:27AM 17    SOPHISTICATED LAWYERS WORKING WITHIN THE OFFICE OF CHIEF

10:27AM 18    COUNSEL, IF I SAY GO LOOK HERE, GO LOOK THERE, RUN THESE

10:27AM 19    SEARCHES, NO DISCRETION IN THE SEARCH TERMS, NO DISCRETION IN

10:27AM 20    WHERE THEY'RE WORKING, THE LIKELIHOOD OF A MATERIAL DOCUMENT

10:27AM 21    BEING MISSED GOES WAY, WAY DOWN.

10:27AM 22        SO, YOU KNOW, NO SYSTEM IS PERFECT, YOUR HONOR.

10:27AM 23            THE COURT:  SURE.  EVERYTHING IS SUBJECT TO HUMAN

10:27AM 24    FOIBLE.

10:27AM 25        BUT I'M JUST CURIOUS, AND I'LL ASK THE DEFENSE ABOUT THIS,

10:27AM 1    IT MAY BE THAT THIS COURT -- AND I'LL ASK MS. AMIN HER OPINION

10:27AM 2    ABOUT THIS AS WELL -- IT MAY BE THAT THE COURT COULD HAVE THAT

10:28AM 3    GO FORWARD, THAT MANUAL SEARCH GO FORWARD WITH THIS COURT'S

10:28AM 4    ORDER TO THE ATTORNEYS WHO ARE DOING THE SEARCH TO DO CERTAIN

10:28AM 5    THINGS TO MAKE SURE THAT THEY TURN OVER EVERY DOCUMENT, NO

10:28AM 6    QUESTION ABOUT IT.

10:28AM 7         IN OTHER WORDS, THERE'S NO -- HOW SHALL I SAY? -- JUDGMENT

10:28AM 8    INVOLVED.  IT'S THEY ARE PUSH THE BUTTON, AND PUSH PRINT, OR

10:28AM 9    WHATEVER IT IS, AND THAT'S IT, AND THEY HAVE NO DISCRETION ON

10:28AM 10   THAT.

10:28AM 11        DO YOU THINK YOU AND YOUR COLLEAGUE OPPOSITES COULD COME

10:28AM 12   UP WITH AN ORDER THAT MIGHT SATISFY MS. AMIN, AND MS. NORTON,

10:28AM 13   AND MS. MARTINEZ-RESLY, AND MR. WEINFIELD ABOUT THOSE THINGS?

10:28AM 14             MR. LEACH:  YES, YOUR HONOR.

10:28AM 15             THE COURT:  OKAY.

10:28AM 16             MR. LEACH:  BEFORE I PASS THE MIKE, YOUR HONOR, WE

10:28AM 17   DID INVITE THE CHIEF COUNSEL FROM THE FDA TO BE PRESENT FOR

10:28AM 18   THIS HEARING.  SHE WANTED VERY MUCH TO BE HERE IN PERSON, BUT

10:28AM 19   SOME OTHER VERY IMPORTANT DEMANDS GOT IN THE WAY.

10:28AM 20        BUT I DO THINK IT'S IMPORTANT THAT THE COURT HEAR DIRECTLY

10:28AM 21   FROM MS. AMIN --

10:29AM 22             THE COURT:  SURE.

10:29AM 23             MR. LEACH:  -- ABOUT THE EFFORTS THAT THE FDA IS

10:29AM 24   TAKING.

10:29AM 25             THE COURT:  WELL, THANK YOU.  I'M HAPPY TO DO THAT.

10:29AM 1      MS. AMIN, THANK YOU FOR JOINING US TELEPHONICALLY.  YOU'VE

10:29AM 2   HEARD OUR DISCUSSION AND SOME OF THE QUESTIONS THAT I'VE HAD.

10:29AM 3   I'M HAPPY TO HEAR FROM YOU NOW IF YOU WOULD LIKE TO SHARE ANY

10:29AM 4   ITEM WITH US.

10:29AM 5          MS. AMIN:  YOUR HONOR, THANK YOU TO GIVING ME THE

10:29AM 6   OPPORTUNITY TO ADDRESS THE COURT.  AND I WANT TO ASSURE YOU

10:29AM 7   THAT THE FDA IS MAKING EXTRAORDINARY EFFORTS TO COMPLY WITH THE

10:29AM 8   DOCUMENT PRODUCTION SCHEDULE.

10:29AM 9      THIS IS AN UNPRECEDENTED SITUATION FOR THE FDA.  WE HAVE

10:29AM 10  NEVER BEFORE BEEN SUBJECT TO A DOCUMENT PRODUCTION OF THIS

10:29AM 11  SCOPE ON THIS TIMEFRAME WHERE WE'RE PRODUCING HUNDREDS OF

10:29AM 12  THOUSANDS OF PAGES OF DOCUMENTS IN A MATTER OF MONTHS, AND MANY

10:29AM 13  OF THOSE DOCUMENTS DETAIL SENSITIVE AGENCY DELIBERATIONS AND

10:29AM 14  CONFIDENTIAL AND COMMERCIAL TRADE SECRET INFORMATION PROTECTED

10:29AM 15  BY STATUTE.

10:29AM 16     SO IT'S BEEN VERY CHALLENGING AND UNPRECEDENTED THE

10:29AM 17  SITUATION THAT WE ARE TASKED WITH.

10:30AM 18     AND I WANT TO ASSURE YOU THAT THE LEADERSHIP AT THE

10:30AM 19  AGENCY, ACROSS THE WHOLE AGENCY AND AT THE HIGHEST LEVEL OF THE

10:30AM 20  AGENCY ARE ENGAGED IN REGULAR DISCUSSIONS ABOUT HOW TO COMPLY

10:30AM 21  WITH THE COURT'S SCHEDULE.

10:30AM 22     WE HAVE DEDICATED CAREER CIVIL SERVANTS THAT ARE WORKING

10:30AM 23  200 PERCENT OF THEIR NORMAL CAPACITY ON THIS, AND WE HAVE

10:30AM 24  DIVERTED STAFF AND RESOURCES AWAY FROM OTHER HIGH MAJORITY

10:30AM 25  MISSIONS, SUPPORTIVE TASKS, INCLUDING CRIMINAL INVESTIGATIONS,

10:30AM 1     INJUNCTION REFERRALS, WARNING LETTERS AS EXAMPLES.  I CAN'T GET

10:30AM 2     INTO SPECIFIC PROJECTS, BUT IT'S THE KIND OF WORK THAT SUPPORTS

10:30AM 3     OUR CRITICAL PUBLIC HEALTH MISSION TO ENSURE THE SAFETY OF THE

10:30AM 4     FOOD WE EAT AND THE MEDICAL PRODUCTS THAT WE USE, AND SOME OF

10:30AM 5     THAT WORK HAS TAKEN A BACK SEAT TO THIS DISCOVERY, AND I JUST

10:30AM 6     TELL YOU THAT TO ILLUSTRATE HOW SERIOUSLY WE ARE TAKING THIS

10:30AM 7     AND HOW HARD WE ARE TRYING TO MEET THE SCHEDULE.

10:30AM 8         BUT EVEN DESPITE THE EXTRA STAFF AND RESOURCES THAT WE

10:30AM 9     HAVE DEVOTED AND WE HAVE TAKEN ADVANTAGE OF EVERY OFFER OF

10:31AM 10    SUPPORT AND RESOURCES THAT DOJ HAS PROVIDED THAT WOULD HELP

10:31AM 11    SPEED THE PROCESS ALONG, EVEN WITH ALL OF THAT, THERE ARE

10:31AM 12    TECHNICAL LIMITATIONS TO WHAT WE CAN DO.

10:31AM 13        AND I CAN GO INTO MORE DETAIL ABOUT WHAT THOSE TECHNICAL

10:31AM 14    LIMITATIONS ARE.  THE GOVERNMENT'S COUNSEL HAS HIGHLIGHTED A

10:31AM 15    FEW OF THEM, BUT I CAN GET INTO MORE DETAIL, AND THERE ARE

10:31AM 16    REALLY THREE MAJOR LIMITATIONS.

10:31AM 17        FIRST, OUR SOFTWARE HAS LIMITATIONS FOR DOCUMENTS FROM

10:31AM 18    NETWORK DRIVES.  FDA MUST USE THE NK SOFTWARE TO COLLECT,

10:31AM 19    SEARCH, AND EXPORT THOSE DOCUMENTS AND NK'S CONTRACTORS MUST

10:31AM 20    HAVE THE SOFTWARE INSTALLED AND BE LICENSED AND TRAINED TO USE

10:31AM 21    IT.

10:31AM 22        FDA HAS TWO NK LICENSE FOR LITIGATION AND COMPLIANCE.  AND

10:31AM 23    WHAT WE HAVE FOUND IS THAT THE SOFTWARE IS PROHIBITIVELY SLOW

10:31AM 24    WHEN RUNNING SEARCH STRINGS AT THE SAME TIME THAT WE ARE

10:31AM 25    COLLECTING.

10:31AM 1      OUR I.T. STAFF BELIEVES IT WOULD TAKE TOO MUCH TIME TO

10:31AM 2   ONBOARD AND TRAIN MORE CONTRACTORS WITHIN THE TIMEFRAME THAT

10:31AM 3   THIS DISCOVERY NEEDS TO OCCUR, SO WE HAVE ADDRESSED THIS

10:32AM 4   LIMITATION BY EXPORTING DOCUMENTS WITHOUT CONCURRENTLY RUNNING

10:32AM 5   THE SEARCH TERMS, AND INSTEAD DOJ IS NOW GETTING THE NATIVE

10:32AM 6   FILES THEMSELVES AND RUNNING THE SEARCHS THEMSELVES.

10:32AM 7      AS THE GOVERNMENT COUNSEL JUST EXPLAINED, FOR A SET OF

10:32AM 8   CUSTODIANS WILL BE SELF-COLLECTING SO THAT WE CAN CONCURRENTLY

10:32AM 9   DO BOTH SETS AT THE SAME TIME.

10:32AM 10      SIMILARLY, WE HAVE LIMITATIONS WITH OUR CONTRACT WITH

10:32AM 11   MICROSOFT OR OUTLOOK 365 WHICH LIMITED HOW MUCH DATA A DAY WE

10:32AM 12   COULD DOWNLOAD AND HOW MANY CONCURRENT SEARCHES WE COULD RUN.

10:32AM 13      BUT REALLY THE BIGGEST PROBLEM IN OUTLOOK 365 WERE THE

10:32AM 14   ERRORS THAT OCCUR WHEN WE PERFORM CONCURRENT SEARCHES.  SO WE

10:32AM 15   ARE NO LONGER PERFORMING SEARCHES IN OUTLOOK AND AS INSTEAD, AS

10:32AM 16   WAS MENTIONED, WE'RE GIVING DOJ THE NATIVE FILES AND DOJ IS

10:32AM 17   RUNNING THE SEARCHES, AND MY UNDERSTANDING IS THAT THEY ARE

10:33AM 18   PUTTING A SIGNIFICANT AMOUNT OF RESOURCES INTO THAT.

10:33AM 19      AND WE HAVE ALSO ADDRESSED OUR DOWNLOAD LIMITATIONS BY

10:33AM 20   INCREASING OUR CAPACITY WITH MICROSOFT.  ALL OF THAT HAS TAKEN

10:33AM 21   TIME TO DO.

10:33AM 22      THE SECOND MAJOR LIMITATION IS OUR NETWORK BANDWIDTH,

10:33AM 23   WHICH LIMITS HOW MUCH DATA CAN BE EXPORTED AT ANY GIVEN TIME.

10:33AM 24      WHILE WE CONTINUE TO EXAMINE THE CAUSES OF ANY LIMITATIONS

10:33AM 25   THAT WE HAVE, WE'VE FOUND THAT AS WE HAVE IMPROVED THE

10:33AM 1    EFFICIENCY OF OUR SOFTWARE AND WE CAN MANAGE MORE DOWNLOADS AT

10:33AM 2    A TIME THROUGH THAT SOFTWARE, WE BELIEVE OUR NETWORK MAY BE

10:33AM 3    LIMITING HOW MUCH DATA WE CAN EXPORT IN A DAY.  OUR NETWORK HAS

10:33AM 4    TO MANAGE ALL OF THE AGENCY'S TRAFFIC, AND THERE ARE LIMITS ON

10:33AM 5    HOW MUCH TOTAL TRAFFIC IT CAN ACCOMMODATE BEFORE NETWORK

10:33AM 6    FUNCTIONS ARE DISRUPTED.

10:33AM 7         SO AT THE HIGHEST LEVEL OF THE AGENCY WE ARE COMMITTED TO

10:33AM 8    ADDRESSING THIS ISSUE SO THAT GOING FORWARD WE ARE NEVER IN

10:33AM 9    THIS POSITION AGAIN OF NOT BEING ABLE TO MEET A COURT ORDERED

10:33AM 10   DEADLINE.

10:33AM 11        THE ADDING NETWORK CAPACITY IS SOMETHING THAT OUR

10:34AM 12   TECHNICAL EXPERTS HAVE SAID IT CAN'T BE DONE OVERNIGHT OR EVEN

10:34AM 13   IN A MATTER OF MONTHS.  IT'S A MAJOR ENDEAVOR THAT I'VE BEEN

10:34AM 14   TOLD CAN TAKE 12 TO 18 MONTHS.  SO WE'RE WORKING TOWARDS THAT

10:34AM 15   LONG-TERM SOLUTION, BUT IT'S NOT SOMETHING THAT RIGHT NOW ANY

10:34AM 16   MONEY OR PEOPLE CAN FIX.

10:34AM 17        SO WHAT WE'RE DOING IN THE MEANTIME IS ADDRESSING THIS, AS

10:34AM 18   THE GOVERNMENT'S COUNSEL EXPLAINED, CONCURRENTLY HAVING LOWER

10:34AM 19   PRIORITY CUSTODIANS MANUALLY PULL THEIR RESPONSIVE DOCUMENTS,

10:34AM 20   AND I CAN PROVIDE A LITTLE BIT MORE DETAIL ABOUT OUR PLAN FOR

10:34AM 21   DOING THIS.  THIS WILL BE DONE IN ACCORDANCE WITH A

10:34AM 22   SUBCOLLECTION PROTOCOL THAT WILL BE DEVELOPED BY FDA AND DOJ

10:34AM 23   TOGETHER.

10:34AM 24        WE WILL HAVE AN ATTORNEY FROM FDA WHO WILL LEAD THIS

10:34AM 25   PROCESS FOR THE AGENCY, AND WE'LL HAVE A TEAM STAFFED BY FOUR

10:34AM  1    OTHER ATTORNEYS AND OTHER COMPLIANCE PROFESSIONALS IN THE

10:34AM  2    AGENCY, AND THIS TEAM WILL HAND HOLD CUSTODIANS THROUGH THE

10:34AM  3    PROCESS OF THE MANUAL DOCUMENT COLLECTION SO THAT THEY'RE DONE

10:34AM  4    IN ACCORDANCE WITH THE PROTOCOL.

10:34AM  5         I CAN TELL YOU THAT THIS IS SOMETHING THAT THE AGENCY HAS

10:35AM  6    NEVER DONE BEFORE, AND FOR MANY DECADES THE WAY THAT WE

10:35AM  7    RESPONDED TO SUBPOENAS AND OVERSIGHT REQUESTS AND FOIA AND

10:35AM  8    DISCOVERY LITIGATION WAS THROUGH MANUAL COLLECTION, AND THIS IS

10:35AM  9    AN EXTRA LAYER OF ASSURANCE THAT WE'LL PROVIDE THE PROCESS BY

10:35AM 10    HAVING THAT TEAM HAND HOLD THE CUSTODIANS.

10:35AM 11         AND AS THE GOVERNMENT'S COUNSEL SAID, TEN OF THOSE

10:35AM 12    CUSTODIANS ARE ATTORNEYS IN THE OFFICE OF CHIEF COUNSEL WHO

10:35AM 13    ARE, YOU KNOW, BARRED AND PRACTICING ATTORNEYS.

10:35AM 14         I CAN SURELY TELL YOU THEY CAN BE TRUSTED TO DO IT

10:35AM 15    ACCURATELY AND CORRECTLY.

10:35AM 16         SO THE THIRD CHALLENGE THAT WE HAVE HAD ARE WITH ARCHIVED

10:35AM 17    DOCUMENTS, AND THOSE ARE FROM FORMER EMPLOYEES.  THEY POSE

10:35AM 18    SIGNIFICANT TECHNICAL CHALLENGES FOR US.  THE FILES ARE

10:35AM 19    COMPRESSED TO SAVE STORAGE, SO THEY HAVE TO BE DECOMPRESSED TO

10:35AM 20    BE READABLE, AND THAT HAS BEEN A RESOURCE INTENSIVE PROCESS.

10:35AM 21         AND ALSO THE WAY THE FILES ARE ARCHIVED, THEY LOSE THEIR

10:36AM 22    ATTACHMENTS IN THE ARCHIVING PROCESS SO THEY HAVE TO GO THROUGH

10:36AM 23    A PROCESS THAT IS CALLED REHYDRATION TO ENSURE THAT THE E-MAILS

10:36AM 24    ARE MATCHED WITH THEIR ATTACHMENT.

10:36AM 25         THE FDA IS USING A SOFTWARE CALLED SOURCE ONE FOR THIS

10:36AM 1    PROCESS.  WE HAVE FOUND THAT THE SOURCE ONE SOFTWARE MAKES A

10:36AM 2    BIG DIFFERENCE HOW MUCH EXPERIENCE PEOPLE HAVE WITH THE

10:36AM 3    SOFTWARE AND HOW QUICKLY THEY CAN USE IT, AND THAT EXPERIENCE

10:36AM 4    IS SOMETHING THAT CAN'T HAPPEN OVERNIGHT, BUT WE HAVE DIVERTED

10:36AM 5    STAFF TO WORK WITH THE SOFTWARE AND TO GET TRAINED WHILE USING

10:36AM 6    IT.

10:36AM 7        WE HAVE ALSO UPGRADED THE PROCESSING AND MEMORY ON THE

10:36AM 8    SOURCE ONE SERVERS WHICH WAS EFFECTIVE AT THE END OF DECEMBER,

10:36AM 9    AND LAST WEEK WE COMPLETED A STORAGE CAPACITY UPGRADE, AND

10:36AM 10   WE'RE ALSO UPGRADING THE SOURCE ONE SOFTWARE THAT WILL BE

10:36AM 11   COMPLETE BY THE END OF JANUARY.

10:36AM 12       AND I CAN TELL YOU THAT OUR I.T. STAFF IS VERY EXCITED

10:36AM 13   ABOUT ALL OF THESE ENHANCEMENTS WE HAVE MADE AND UPGRADES THAT

10:36AM 14   WE ARE MAKING, AND THEY BELIEVE IT WILL PROVIDE ADDITIONAL

10:37AM 15   CAPACITY AND EFFICIENCY.

10:37AM 16       AGAIN, WITH THESE FILES, AS WITH THE OTHER FILES, WE'RE

10:37AM 17   GOING TO GIVE THE DOJ THE NATIVE FILES, AND THEY'RE GOING TO

10:37AM 18   RUN THE SEARCHS ON THEIR SOFTWARE.

10:37AM 19       SO WE ARE WORKING ON LONG-TERM IMPROVEMENTS THROUGH OUR

10:37AM 20   DOCUMENT COLLECTION AND SEARCH CAPABILITIES, AND IT'S A HIGH

10:37AM 21   AGENCY PRIORITY TO GET OUR E-DISCOVERY CAPABILITIES ON A STRONG

10:37AM 22   FOOTING, AND THIS HAS GARNERED SIGNIFICANT AGENCY LEADERSHIP

10:37AM 23   ATTENTION, BUT THERE ARE MANY LONG-TERM FIXES THAT REQUIRE A

10:37AM 24   SIGNIFICANT INVESTMENT OF MONEY AND TALENT AND THEY CAN'T TAKE

10:37AM 25   EFFECT ON THE TIMELINE THAT THE COURT HAS ORDERED.  IT'S JUST

10:37AM 1        NOT TECHNICALLY POSSIBLE.

10:37AM 2            SO IN THE MEANTIME WE ARE BRINGING EVERY RESOURCE TO BEAR

10:37AM 3        THAT WOULD BE HELPFUL TO THE PRODUCTION.

10:37AM 4            THE DOJ IS CUTTING DOWN ON A TREMENDOUS AMOUNT OF

10:37AM 5        PRODUCTION TIME BY TAKING POSSESSION OF THE DOCUMENTS AND

10:37AM 6        RUNNING THE SEARCHES, AND WE ARE NOT AWARE OF ANY OTHER

10:37AM 7        RESOURCES THAT DOJ COULD OFFER AT THIS TIME OR THAT THE FDA

10:37AM 8        COULD BRING TO BEAR THAT WOULD ALLOW US TO OVERCOME THE

10:37AM 9        TECHNICAL LIMITATIONS THAT WE HAVE TO WORK WITHIN.

10:37AM 10           SO I APOLOGIZE TO THE COURT THAT I WAS NOT ABLE TO ATTEND

10:38AM 11       THE HEARING IN PERSON, BUT WE DID SEND THREE ATTORNEYS FROM FDA

10:38AM 12       TO BE THERE IN PERSON, INCLUDING OUR VERY EXPERIENCED ATTORNEY

10:38AM 13       WE HIRED FROM ONE OF THE BIG D.C. LAW FIRMS TO OVERSEE OUR

10:38AM 14       E-DISCOVERY WORK, AND THEY COULD ANSWER ANY QUESTIONS THAT THE

10:38AM 15       COURT HAS OR I WOULD BE HAPPY TO.

10:38AM 16           AND I DO APPRECIATE THE OPPORTUNITY TO ADDRESS YOU.

10:38AM 17               THE COURT:  WELL, THANK YOU, MS. AMIN.  I APPRECIATE

10:38AM 18       YOU JOINING THE CONVERSATION.  I KNOW YOU HAVE A BUSY SCHEDULE.

10:38AM 19       THIS IS AN IMPORTANT MATTER, AND I'M GRATEFUL FOR THE ATTENTION

10:38AM 20       THAT YOU'VE PLACED TO THIS.

10:38AM 21           I WAS GOING TO ASK YOU WHETHER OR NOT -- WE HEARD

10:38AM 22       MR. LEACH SAY THAT JUSTICE IS READY AND ABLE TO PROVIDE BODIES

10:38AM 23       AND ABLE ASSISTANCE, BUT WHAT I HEARD YOU SAY IS -- I THINK I

10:38AM 24       HEARD YOU SAY THAT ANYTHING THAT JUSTICE COULD DO AS FAR AS

10:38AM 25       MORE BODIES IS NOT -- WOULD NOT BE HELPFUL.

10:38AM 1          MS. AMIN:  AND THEY'RE PROVIDING BODIES ON THE

10:39AM 2     SEARCHES, AND THAT HAS BEEN A HUGE HELP.  I CAN -- OUR ORIGINAL

10:39AM 3     ESTIMATES FOR HOW LONG IT WOULD TAKE TO COMPLY WITH THIS WERE A

10:39AM 4     NUMBER OF MONTHS THAT YOU WON'T EVEN WANT TO HEAR US MENTION IN

10:39AM 5     THIS COURT, BUT DOJ HAS PROVIDED THE RESOURCES TO RUN THE

10:39AM 6     SEARCH WHICH HAS BROUGHT US TO THE POINT OF BEING ABLE TO

10:39AM 7     COMMIT TO APRIL, AND THAT HAS BEEN A TREMENDOUS HELP.

10:39AM 8          BUT THERE ARE NOT ANY OTHER RESOURCES THAT THEY COULD

10:39AM 9     OFFER THAT WOULD CHANGE THESE FUNDAMENTAL LIMITATIONS THAT WE

10:39AM 10    HAVE.

10:39AM 11         THE COURT:  IF YOU OBTAINED THE INFORMATION AND GAVE

10:39AM 12    IT TO, AS THEY'RE DOING, I GUESS THE NATIVE DOCUMENTS TO

10:39AM 13    JUSTICE NOW, AND THEY'RE DOING THE SEARCH WITH THEIR BODIES,

10:39AM 14    THEIR TEAM, IS THAT SOMETHING THAT CAN BE ENHANCED, THAT IS,

10:39AM 15    THE DELIVERY OF THE NATIVE DOCUMENTS, OR IS THAT TIED INTO THIS

10:39AM 16    OTHER SOFTWARE ISSUE?

10:39AM 17         MS. AMIN:  YEAH, IT'S THAT AND WE CONTINUE -- YOU

10:39AM 18    KNOW, EVERY DAY WE'RE LOOKING FOR WAYS THAT WE CAN MAKE THAT

10:39AM 19    DELIVERY OF THE NATIVE DOCUMENTS GO FASTER, BUT AS OF RIGHT NOW

10:40AM 20    WE'RE NOT AWARE OF ANYTHING ELSE THAT WE COULD -- WE'VE TAKEN

10:40AM 21    EVERY STEP THAT WE CAN IDENTIFY THAT WE CAN TAKE WITHIN THE

10:40AM 22    TIME PERIOD THAT WE HAVE.

10:40AM 23         BUT WE CONTINUE TO HAVE LEADERSHIP CONVERSATIONS ABOUT

10:40AM 24    THIS WITH OUR LEADERSHIP AND THE I.T. EXPERTS, AND CERTAINLY IF

10:40AM 25    WE IDENTIFY ADDITIONAL WAYS THAT WE CAN MAKE THIS MOVE FASTER,

10:40AM 1     IF ANY OF IT WOULD INVOLVE ANY RESOURCES FROM DOJ, WE WOULD NOT

10:40AM 2     HESITATE TO ASK.

10:40AM 3              THE COURT:  OKAY.  THANK YOU.  I'M CURIOUS, HOW WAS

10:40AM 4     THE APRIL 30TH DATE ARRIVED AT?  HOW WAS THAT REACHED?

10:40AM 5              MS. AMIN:  I CAN DEFER TO MY COLLEAGUES WHO ARE

10:40AM 6     THERE IN THE COURTROOM IF THEY'RE ABLE TO WALK THROUGH STEP BY

10:40AM 7     STEP, BUT IT'S JUST A MATTER OF 88 CUSTODIANS AND GAMING OUT

10:40AM 8     HOW MUCH TIME THE SYSTEM IS TAKING TO ELECTRONICALLY DOWNLOAD

10:40AM 9     COMBINED WITH HOW MUCH TIME WOULD IT TAKE TO VISIT TO MANUALLY

10:40AM 10    COLLECT.

10:40AM 11             THE COURT:  OKAY.  WELL, MAYBE I'LL TURN TO --

10:41AM 12    MR. WEINFIELD, ARE YOU THE BEST TO ANSWER THAT QUESTION, SIR?

10:41AM 13             MR. WEINFIELD:  YES.

10:41AM 14             THE COURT:  SURE, WHY DON'T YOU COME FORWARD.  I'M

10:41AM 15    CURIOUS, IS THERE AN APP?  IS THERE AN ALGORITHM OR SOMETHING?

10:41AM 16    HOW IS THAT REACHED?

10:41AM 17             MR. WEINFIELD:  THANK YOU, YOUR HONOR.  THANK YOU,

10:41AM 18    YOUR HONOR.  THAT WAS BASED ON MY PROJECTION OF THE DOCUMENTS

10:41AM 19    THAT WE HAD PRODUCED TO -- HAD TRANSMITTED TO DOJ TO DATE AT

10:41AM 20    THE TIME I CAME UP WITH THE PROJECTION, PLUS THE INFORMATION

10:41AM 21    THAT I WAS GIVEN FROM OUR I.T. STAFF ABOUT HOW LONG IT WOULD

10:41AM 22    TAKE PER CUSTODIAN FOR EACH OF THE E-MAILS AND THE NETWORK

10:41AM 23    DRIVES AND THE ARCHIVED CUSTODIANS.

10:41AM 24             THE COURT:  SO HAS YOUR ESTIMATE CHANGED IN LIGHT OF

10:41AM 25    WHAT WE LEARNED FROM MS. AMIN AND MR. LEACH ABOUT THE

10:41AM  1    PRODUCTION?

10:41AM  2         IT SOUNDS LIKE IT HAS BEEN ALL HANDS ON DECK AND THERE HAS

10:41AM  3    BEEN SOME EFFICIENCIES THAT HAVE BEEN CAPTURED.  HAS THAT

10:41AM  4    CHANGED YOUR ESTIMATE?

10:41AM  5         MR. WEINFIELD:  I HAVEN'T CREATED A FORMAL ESTIMATE,

10:41AM  6    YOUR HONOR, BUT I AM -- I WOULD BE DELIGHTED IF WE WERE ABLE TO

10:41AM  7    PRODUCE ALL OF THE DOCUMENTS PRIOR TO APRIL 30TH.

10:42AM  8         I WOULDN'T GO SO FAR AS TO SAY THAT I'M HOPEFUL OF THAT,

10:42AM  9    BUT I THINK THERE IS A POSSIBILITY OF THAT.  I CERTAINLY WOULD

10:42AM  10   NOT WANT TO COMMIT TO THAT AT THIS TIME.

10:42AM  11        IF IT PLEASE THE COURT, WE ARE ENGAGED IN QUITE A COMPLEX

10:42AM  12   PROCESS.  WE'VE DESCRIBED IT AS BUILDING A BOAT WHILE YOU'RE IN

10:42AM  13   THE WATER.

10:42AM  14        SO EVERY DAY WE'RE TRYING TO FIND NEW EFFICIENCIES AND SO

10:42AM  15   IT WOULD BE IMPRUDENT TO COME UP WITH A SPECIFIC ESTIMATE NOW.

10:42AM  16        NOW, IF THE COURT WISHES ONE, I'D BE HAPPY TO GET BACK IN

10:42AM  17   TOUCH WITH MY COLLEAGUES AND COME UP WITH ONE.

10:42AM  18        THE COURT:  I WAS CURIOUS, THIS DATE WAS SELECTED

10:42AM  19   AND I'VE HEARD THE REASONS PERHAPS NOW.

10:42AM  20        MR. WEINFIELD:  DRILLING DOWN JUST A LITTLE BIT, IT

10:42AM  21   HAD TO DO WITH HOW MANY CUSTODIANS WE COULD COLLECT

10:42AM  22   CONCURRENTLY, HOW LONG IT MIGHT TAKE TO PROCESS THAT DATA, HOW

10:42AM  23   LONG IT WOULD TAKE TO, AS MS. AMIN COMMENTED EARLIER, REHYDRATE

10:42AM  24   THE CUSTODIANS.  THAT'S A PARTICULARLY DIFFICULT PROCESS THAT

10:42AM  25   REQUIRES SOMEONE WITH EXPERTISE AND EXPERIENCE IN THAT AREA.

10:42AM 1      SO I PUT THOSE NUMBERS TOGETHER AND CAME UP WITH THAT

10:43AM 2   BASED ON A VERY GRANULAR ANALYSIS.

10:43AM 3      THE PLACES WHERE WE MIGHT GAIN SPEED MIGHT BE IN THE

10:43AM 4   E-MAIL COLLECTION, PERHAPS A BIT OF SPEED ON THE NETWORK

10:43AM 5   COLLECTION.

10:43AM 6      BUT BEING PRUDENT, APRIL 30TH IS A DEADLINE THAT WE CAN

10:43AM 7   CERTAINLY MEET.

10:43AM 8          THE COURT:  GREAT.  THANK YOU VERY MUCH.  THANK YOU

10:43AM 9   FOR BEING HERE.

10:43AM 10         MR. WEINFIELD:  YOU'RE VERY WELCOME.

10:43AM 11      MR. LEACH, ANYTHING ELSE YOU WOULD LIKE TO ADD?

10:43AM 12         MR. LEACH:  NO, YOUR HONOR.  THANK YOU VERY MUCH.

10:43AM 13         THE COURT:  ALL RIGHT.  THANK YOU.  WHO IS GOING TO

10:43AM 14  SPEAK FOR THE DEFENSE?

10:43AM 15         MR. WADE:  LANCE WADE ON BEHALF OF THE DEFENSE.

10:43AM 16  HAPPY NEW YEAR.  IT'S NICE TO BE BACK IN CALIFORNIA.

10:43AM 17         THE COURT:  THANKS.  HAPPY NEW YEAR.

10:43AM 18         MR. WADE:  THE -- WE DON'T WANT TO -- WE HEAR

10:43AM 19  EVERYTHING THAT'S BEEN SAID HERE, AND WE DON'T WANT TO APPEAR

10:43AM 20  UNREASONABLE OR UNAPPRECIATIVE.

10:43AM 21         THE COURT:  BUT.

10:43AM 22         MR. WADE:  THERE'S A TREMENDOUS AMOUNT OF WORK.  THE

10:43AM 23  BUT WILL COME IN A SECOND.  THERE'S A TREMENDOUS AMOUNT OF WORK

10:44AM 24  BEING DONE, AND I DON'T WANT TO BE DISRESPECTFUL OF THAT GIVEN

10:44AM 25  THE HARD WORK THAT IS BEING PUT IN BY PEOPLE -- THE OPPOSING

10:44AM 1    COUNSEL AND PEOPLE WITH THE GOVERNMENT.

10:44AM 2         THE COURT:  IT SEEMS LIKE IT'S A SIGNIFICANT EFFORT

10:44AM 3    THAT HAS BEEN CALLED UPON, AND WHAT WE'VE HEARD TODAY AND IN

10:44AM 4    THE DECLARATIONS SUGGESTS THAT THEY'VE RISEN TO THE CHALLENGE

10:44AM 5    AS BEST THEY CAN WITH THE TOOLS THAT THEY HAVE AVAILABLE.

10:44AM 6         MR. WADE:  IT WOULD SEEM LIKE THERE IS SOME

10:44AM 7    BOTTLENECKS IN THE PROCESS BASED ON THE TECHNOLOGY THAT THEY

10:44AM 8    EMPLOY AT THE AGENCY THAT ARE LIMITING THE CAPACITY HERE AND

10:44AM 9    WITHOUT -- I DON'T HAVE THE TECHNICAL CAPACITY TO TELL THE

10:44AM 10   COURT THAT THERE IS SOME ALTERNATIVE TO FIX THAT BOTTLENECK.

10:44AM 11   IT'S POSSIBLE THAT SOME OUTSIDE VENDOR CAN BE BROUGHT IN, BUT

10:44AM 12   IT SOUNDS LIKE THEY'RE MAKING GREAT EFFORTS TO TRY TO DO THAT

10:44AM 13   AND TO DEVELOP WHATEVER RESOURCES THEY CAN BRING TO THIS

10:44AM 14   MATTER.  WE'RE APPRECIATIVE OF THAT.

10:44AM 15        OUR POSITION ON THIS MOTION IS NOT GUIDED BY OUR LACK OF

10:45AM 16   APPRECIATION OF THOSE EFFORTS.

10:45AM 17        IT'S JUST GUIDED BY A PRACTICAL REALITY OF THE CALENDAR,

10:45AM 18   WHICH IS THE VOLUME OF DOCUMENTS HERE, AND THERE'S A LOT OF

10:45AM 19   DISCUSSION THAT HAS BEEN -- THAT HAS OCCURRED WITH RESPECT TO

10:45AM 20   THE SEARCH TERMS AND THE NUMBER OF CUSTODIANS.

10:45AM 21        THE PROOF IS IN THE PUDDING HERE, YOUR HONOR.  ONE HUNDRED

10:45AM 22   AND FORTY THOUSAND DOCUMENTS HAVE COME TO THE DEFENSE THAT ARE

10:45AM 23   RESPONSIVE TO THOSE SIX CATEGORIES OF DOCUMENTS.

10:45AM 24        I REVIEWED A STACK OF THEM ON THE PLANE RIDE OUT HERE, THE

10:45AM 25   MORE RECENT MATERIALS.  THESE ARE DOCUMENTS THAT ARE MATERIAL

10:45AM   1        TO THE PREPARATION OF THE DEFENSE AND SIGNIFICANT DOCUMENTS.

10:45AM   2             SO WE NEED THE MATERIAL.  WE NEED TIME TO DIGEST THE

10:45AM   3        MATERIAL, AND WE CAN'T DO THAT AND BE READY TO MEET THE VARIOUS

10:45AM   4        DEADLINES THAT HAVE BEEN IMPOSED BY THE COURT OR THAT WE HAVE

10:45AM   5        PREVIOUSLY AGREED TO WITH THE ASSUMPTION THAT WE WOULD HAVE

10:45AM   6        THIS MATERIAL EARLIER.

10:45AM   7             THE COURT:  WELL, DID YOU RECEIVE 136,092 DOCUMENTS

10:46AM   8        BY DECEMBER 31ST?

10:46AM   9             MR. WADE:  WE DID.  I USED THE NUMBER OF ABOUT

10:46AM   10       140,000 BECAUSE I THINK THERE IS ANOTHER SMALL PRODUCTION THAT

10:46AM   11       WAS MADE BEFORE THEN.  THE PRECISE NUMBER MIGHT BE --

10:46AM   12            THE COURT:  RIGHT.  RIGHT.  HAVE YOU COMPLETED YOUR

10:46AM   13       WORK?

10:46AM   14            MR. WADE:  NO.

10:46AM   15            THE COURT:  RIGHT.

10:46AM   16            MR. WADE:  AND TO THAT POINT, YOUR HONOR, WHICH IS

10:46AM   17       EXACTLY WHY WE TAKE THE POSITION THAT WE'RE TAKING BEFORE THE

10:46AM   18       COURT, I DID SOME MATH ON THIS LAST NIGHT AS I WAS GOING

10:46AM   19       THROUGH IT, AND USING, USING THE AVERAGE RETURN, AVERAGE REVIEW

10:46AM   20       RATES FOR DOCUMENTS OF THIS TYPE AND BASED ON THE REVIEW RATE

10:46AM   21       OF THE PREVIOUS DOCUMENTS THAT WE'VE RECEIVED, IT WOULD TAKE A

10:46AM   22       REVIEW TEAM TEN -- OF TEN PEOPLE, ABOUT THREE MONTHS JUST TO

10:46AM   23       GET THROUGH JUST THE FIRST TRANCHE OF DOCUMENTS WITH A

10:46AM   24       COMPREHENSIVE FIRST LEVEL REVIEW.

10:46AM   25            THAT'S TO SAY NOTHING OF THE FOLLOW-ON ANALYSIS THAT IS

10:46AM 1    DONE BY ASSOCIATES AND PARTNERS TO INTEGRATE THAT INTO OUR

10:46AM 2    EXPERT WORK, TO INTEGRATE THAT INTO THE WORK THAT WE'RE DOING

10:47AM 3    TO BE PREPARED TO EXAMINE WITNESSES, THE INVESTIGATIVE WORK

10:47AM 4    THAT WE WANT TO DO TO DETERMINE WHETHER WE CALL ADDITIONAL

10:47AM 5    WITNESSES.

10:47AM 6        SO WE'RE, WE'RE -- LIKE THE GOVERNMENT AND THE FDA, WE'RE

10:47AM 7    PREPARED TO WORK VERY HARD ON THIS, BUT THERE'S JUST A

10:47AM 8    PRACTICAL REALITY BASED UPON THE VOLUME HERE TO BE IN A

10:47AM 9    POSITION WHERE WE CAN PROPERLY DEFEND OUR CLIENT, WE CAN'T

10:47AM 10   AGREE TO THIS DEADLINE.

10:47AM 11       OF COURSE, WE WISH THESE RESOURCES HAD BEEN DEDICATED

10:47AM 12   SOONER.  WE WISHED THAT THIS HAPPENED BACK IN -- WHEN WE FILED

10:47AM 13   THE MOTION IN APRIL OR AT THE PRIOR HEARINGS.

10:47AM 14       THE COURT:  WELL, MS. AMIN TELLS US THIS IS A CASE

10:47AM 15   OF FIRST IMPRESSION TO HER AGENCY, THE SIZE OF THE REQUEST.

10:47AM 16       MR. WADE:  I CERTAINLY CAN'T SPEAK TO THE FDA'S

10:47AM 17   EXPERIENCE ON THESE MATTERS.  I CAN REPRESENT TO THE COURT, AS

10:47AM 18   WE HAVE MENTIONED BEFORE, WE HAVE DONE A LOT OF CRIMINAL

10:47AM 19   LITIGATION INVOLVING VARIOUS GOVERNMENT AGENCIES, GIVEN OUR

10:48AM 20   PRACTICE AND THE LOCATION OF OUR PRACTICE, AND RECEIVING A

10:48AM 21   VOLUME OF THIS SIZE FROM A GOVERNMENT AGENCY IN CONNECTION WITH

10:48AM 22   A CRIMINAL CASE IS NOT UNPRECEDENTED IN OUR EXPERIENCE.

10:48AM 23       NOW --

10:48AM 24       THE COURT:  WITH THE FDA IN YOUR EXPERIENCE?

10:48AM 25       MR. WADE:  NOT WITH -- I HAVE NOT HAD THAT WITH THE

10:48AM  1      FDA BUT OTHER AGENCIES WE HAVE SEEN SIMILAR VOLUME.

10:48AM  2           NOW, TO BE CLEAR, A LOT OF TIMES THOSE MATERIALS ARE

10:48AM  3      GATHERED AS PART OF THE INVESTIGATION, AND A BROADER SET OF

10:48AM  4      RELEVANT MATERIALS IS GATHERED DURING THE INVESTIGATION STAGE

10:48AM  5      AND TURNED OVER.

10:48AM  6           IT WAS CLEAR TO US AT THE OUTSET THAT THE UNIVERSE OF

10:48AM  7      MATERIAL THAT WAS GATHERED HERE WAS VERY NARROW AND TO A DEGREE

10:48AM  8      CURATED TO THE GOVERNMENT'S CASE, THE CASE THAT IT WANTED TO

10:48AM  9      PRESENT, WHICH IS FINE.  THE GOVERNMENT HAS ITS JOB.  WE HAVE

10:48AM 10      OURS.

10:48AM 11           OUR JOB IS TO DEFEND OUR CLIENT, AND, THEREFORE,

10:48AM 12      ADDITIONAL MATERIALS ARE RELEVANT TO THOSE EFFORTS.

10:48AM 13           I MIGHT BE IN A DIFFERENT POSITION IF THESE ROLLING

10:49AM 14      PRODUCTIONS THAT HAD OCCURRED TO DATE WERE NOT YIELDING RESULTS

10:49AM 15      THAT WE WOULD REPRESENT TO THE COURT TO BE HIGHLY SIGNIFICANT

10:49AM 16      DOCUMENTS, EXHIBIT LIST TYPE DOCUMENTS.  AND WE HAVE EVERY

10:49AM 17      REASON TO ANTICIPATE THAT THAT WILL CONTINUE.

10:49AM 18           NOW, THAT BEING SAID, WE'VE, WE'VE -- WE'RE LEARNING NEW

10:49AM 19      INFORMATION, SOME OF THE INFORMATION THAT HAS BEEN SHARED BY

10:49AM 20      FDA COUNSEL AND HAS BEEN SHARED BY THE GOVERNMENT TODAY WE'RE

10:49AM 21      ACTUALLY LEARNING FOR THE FIRST TIME IN THE COURTROOM WITH

10:49AM 22      RESPECT TO SOME OF THE ISSUES, AND THE TYPE OF PROPOSAL THAT

10:49AM 23      THEY'RE MAKING WITH RESPECT TO SOME OF THOSE CUSTODIANS WHO ARE

10:49AM 24      LOWER PRIORITY CUSTODIANS, MANY OF WHOM ARE LAWYERS, AND I'M

10:49AM 25      CONFIDENT THAT IN AN EFFORT TO TRY TO EXPEDITE THIS WE PROBABLY

10:49AM 1    COULD COME UP WITH A PROCESS THAT WOULD ALLOW FOR A MANUAL

10:49AM 2    SEARCH WITH THE TYPES OF PROCEDURES THAT MS. AMIN WAS REFERRING

10:49AM 3    TO WITH SOME FDA ATTORNEY SUPERVISION, DOJ ATTORNEY

10:50AM 4    SUPERVISION, MAYBE A CERTIFICATION FROM THE PERSON THAT THEY

10:50AM 5    DID WHAT THEY SAID THEY COULD DO.  I THINK WE CAN COME UP WITH

10:50AM 6    A PROTOCOL TO HELP EXPEDITE IT.

10:50AM 7         BUT MY UNDERSTANDING OF WHAT THE GOVERNMENT'S POSITION IS,

10:50AM 8    EVEN WITH THAT EFFICIENCY, WE'RE STILL LOOKING AT THE END OF

10:50AM 9    APRIL, WHICH IS A DEADLINE THAT I THINK, AS THE COURT KNOWS,

10:50AM 10   INCLUDES -- THE VERY DATE IS THE DATE ON WHICH OUR EXPERT

10:50AM 11   DISCLOSURES ARE DUE, IT'S JUST A DAY BEFORE OUR RULE 16

10:50AM 12   DISCOVERY IS DUE.  IT'S JUST --

10:50AM 13             THE COURT:  WELL, WE CAN MAKE SOME ADJUSTMENT, OF

10:50AM 14   COURSE, AS NEEDED ON THINGS.  COURTS DO THAT.

10:50AM 15        BUT I APPRECIATE YOUR ATTENTION TO RESPECTING THE

10:50AM 16   DEADLINES.

10:50AM 17             MR. WADE:  AND WE HAVE MADE EVERY EFFORT TO TRY TO

10:50AM 18   PUSH TOWARDS THAT.

10:50AM 19        YOUR HONOR MAY RECALL THAT AS FAR BACK AS JUNE AND JULY

10:50AM 20   WHEN WE WERE IN OUR FIRST AND SECOND HEARING ON THESE MATTERS

10:51AM 21   AND WERE AT THE SAME TIME TALKING ABOUT THE TRIAL, WE

10:51AM 22   ARTICULATED, BECAUSE THE COURT ADVANCED THE TRIAL DATE SLIGHTLY

10:51AM 23   OVER WHAT THE PARTIES HAD OFFERED TO THE COURT, WE TRIED TO

10:51AM 24   MAKE CLEAR TO THE COURT THAT WE SAW LITTLE ROOM FOR ERROR IN

10:51AM 25   CONNECTION WITH SOME OF THESE DISCOVERY ISSUES GIVEN HOW TIGHT

10:51AM 1    THIS IS.

10:51AM 2        THIS IS A -- THIS CASE AND IN THE PROCESS THE FDA IS GOING

10:51AM 3    THROUGH IS IN SOME WAYS A MICROCOSM OF THE WHOLE CASE.  IT'S A

10:51AM 4    HIGHLY COMPLEX CASE, AND IT'S GOING TO BE A LENGTHY TRIAL AND

10:51AM 5    IT INVOLVES A LOT OF WITNESSES.  THERE IS ONLY SO MUCH WE CAN

10:51AM 6    DO AND BE IN A POSITION TO FULLY AND FAIRLY REPRESENT OUR

10:51AM 7    CLIENT BEFORE THE COURT AT TRIAL AND EFFICIENTLY BEFORE THE

10:51AM 8    COURT.  WE DON'T WANT TO -- WE WANT TO DO IT IN A WAY THAT IS

10:51AM 9    RESPECTFUL OF THE COURT OBVIOUSLY IN ITS TIME AS WELL.

10:51AM 10       SO THAT IS THE GENISIS OF OUR OPPOSITION.

10:51AM 11           THE COURT:  WELL, I APPRECIATE IT.  I'VE OFTEN

10:52AM 12   COMMENTED IT'S -- I'VE DONE THIS, I'VE USED THE WORD

10:52AM 13   "EFFICIENT" WITH A CRIMINAL CASE, AND IT'S PROBABLY NOT

10:52AM 14   APPROPRIATE TO DO THAT, RESPECTING ALL PARTIES' INTERESTS IN

10:52AM 15   THE CASE.  EFFICIENCY IS IMPORTANT, BUT RESPECTING BOTH

10:52AM 16   PARTIES' RIGHTS TO A FAIR TRIAL IS PARAMOUNT, SO I APPRECIATE

10:52AM 17   THAT.

10:52AM 18           MR. WADE:  YOUR HONOR, TO BE CLEAR, I THINK THAT ALL

10:52AM 19   PARTIES HERE, ESPECIALLY AFTER THE NOVEMBER ORDER, PARTICULARLY

10:52AM 20   AFTER THE NOVEMBER ORDER, HAVE BEEN WORKING DILIGENTLY TO TRY

10:52AM 21   TO BE, IF NOT EFFICIENT, EXPEDITIOUS TO HELP GET -- KEEP THIS

10:52AM 22   CASE ON TRACK, AND I'M NOT BELITTLING THOSE EFFORTS, I'M JUST

10:52AM 23   REFLECTING THE REALITY.

10:52AM 24       WE NEED TO BE -- AS YOUR HONOR KNOWS, WE NEED TO BE

10:52AM 25   THOROUGH AND ZEALOUS, I BELIEVE, IN OUR REPRESENTATION OF OUR

10:52AM 1  CLIENT, AND TO DO THAT WE WOULD NOT BE ABLE TO DO THAT ON THE

10:52AM 2  SCHEDULE.

10:52AM 3            THE COURT:  OKAY.  ALL RIGHT.  THANK YOU.

10:52AM 4       MR. BROWN, MR. CAZARES.

10:53AM 5            MR. CAZARES:  THANK YOU.  THANK YOU.

10:53AM 6       STEPHEN CAZARES FOR MR. BALWANI.  I WON'T REITERATE WHAT

10:53AM 7  COUNSEL HAS ALREADY MENTIONED WITH RESPECT TO THE NEED FOR

10:53AM 8  THESE IMPORTANT MATERIALS.  I THINK THAT HAS ALREADY BEEN MADE

10:53AM 9  CLEAR.

10:53AM 10      BUT THE CIRCUMSTANCE THAT WE'RE NOW IN FROM THE DEFENSE

10:53AM 11 PERSPECTIVE, OUT OF KIND OF NO FAULT OF OUR OWN, YOU KNOW, THE

10:53AM 12 GOVERNMENT CHOSE TO BRING THIS CASE 19 MONTHS AGO NOW.

10:53AM 13           THE COURT:  WELL, I WOULD -- I'M MORE INTERESTED IN

10:53AM 14 NOT CASTING BLAME BUT FINDING SOLUTIONS.

10:53AM 15           MR. CAZARES:  AND I'M NOT CASTING BLAME.  MY POINT,

10:53AM 16 THOUGH, IS THAT WE'RE NOW AT THIS STAGE WITH TRIAL APPROACHING

10:53AM 17 AND VOLUMINOUS MATERIALS ARE NOW BEING PRODUCED TO THE DEFENSE,

10:53AM 18 WHICH WE REALLY APPRECIATE.  AND AS COUNSEL MENTIONED, YOU

10:53AM 19 KNOW, WE'RE PUT IN THIS TIME PRESSURE WHERE WE NEED TO REVIEW

10:53AM 20 THESE MATERIALS TO PREPARE FOR TRIAL, BUT THERE'S THE

10:53AM 21 COUNTERVAILING INTEREST, WE WANT TO GET THIS CASE DONE.  WE

10:53AM 22 WOULD LIKE TO GO TO TRIAL.  MR. BALWANI WOULD LIKE TO CLEAR HIS

10:54AM 23 NAME.  THAT'S THE SPEEDY TRIAL ACT ISSUE.

10:54AM 24      THE PROBLEM NOW IS THAT WE'RE BEING PUT IN THE SITUATION

10:54AM 25 THROUGH -- OUT OF NO INTENT I DON'T BELIEVE BY THE GOVERNMENT,

10:54AM 1   WE'RE BEING PUT IN THE POSITION OF KIND OF WEIGHING OUR NEED TO

10:54AM 2   PREPARE FOR TRIAL VERSUS OUR DESIRE TO GET TO TRIAL AND TO TRY

10:54AM 3   TO CLEAR MR. BALWANI'S NAME, AND THAT'S WHAT IS HAPPENING HERE

10:54AM 4   IN THE COURT, AND THEN THERE ARE OTHER COUNTERVAILING ISSUES

10:54AM 5   THAT WE ON THE DEFENSE HAVE TO CONSIDER AS WELL.  THAT'S,

10:54AM 6   UNFORTUNATELY, YOU KNOW, THE MEDIA COVERAGE OF THE CASE, PUBLIC

10:54AM 7   PERCEPTIONS.  THERE'S APPARENTLY A MOVIE THAT IS GOING TO BE

10:54AM 8   COMING OUT SOME TIME ABOUT THESE EVENTS, WHICH I'M SURE AREN'T

10:54AM 9   GOING TO CAST MY CLIENT IN A POSITIVE LIGHT AND MAY HAVE SOME

10:54AM 10  IMPACT ON THE JURY POOL AS WELL.

10:54AM 11      AND THESE ARE -- I KNOW THE COURT CAN'T CONTROL THAT, BUT

10:54AM 12  THESE ARE ALL THINGS THAT WE HAVE TO CONSIDER WHEN TRYING TO

10:54AM 13  MAKE OUR DECISIONS GOING FORWARD WITH RESPECT TO, YOU KNOW,

10:54AM 14  REVIEWING THIS DISCOVERY AND ULTIMATELY THE DIFFICULT CALENDAR

10:54AM 15  WE'RE IN RIGHT NOW.

10:55AM 16          THE COURT:  OKAY.  THANK YOU.

10:55AM 17          MR. CAZARES:  THANK YOU, YOUR HONOR.

10:55AM 18          THE COURT:  THANK YOU FOR THOSE OBSERVATIONS.

10:55AM 19      MR. LEACH, ANYTHING FURTHER?

10:55AM 20          MR. LEACH:  VERY BRIEFLY, YOUR HONOR.  THIS IS -- I

10:55AM 21  DON'T WANT TO LOSE SIGHT OF THE FACT THAT, FIRST OF ALL,

10:55AM 22  MR. BALWANI IS NOT HERE BECAUSE HE'S DEPOSING TEN FDA WITNESSES

10:55AM 23  BACK IN WASHINGTON, D.C.  I THINK MR. BALWANI HAS A VERY GOOD

10:55AM 24  UNDERSTANDING OF THE FDA ISSUES AND WAS PREPARED ENOUGH TO GO

10:55AM 25  FORWARD WITH THOSE DEPOSITIONS IN THE CIVIL CASE, SO I DON'T

10:55AM 1    WANT TO LOSE SIGHT OF THE FACT THAT THIS IS ONE ISSUE IN THE

10:55AM 2    INDICTMENT.

10:55AM 3         THERE ARE AT LEAST TEN OTHER CATEGORIES OF

10:55AM 4    MISREPRESENTATIONS HERE.  THIS IS NOT A CASE ABOUT THE FDA

10:55AM 5    INVOLVING THE FDA CHARGES.  I DON'T WANT TO MINIMIZE THE

10:55AM 6    IMPORTANCE OF THESE DOCUMENTS, AND WE ARE RESPONDING TO THE SIX

10:55AM 7    CATEGORIES IN THE MOTION TO COMPEL.  I'M NOT TRYING TO MINIMIZE

10:56AM 8    THEM.  I'M JUST TRYING TO PUT THEM IN PERSPECTIVE OF A MUCH

10:56AM 9    LARGER CASE.  THIS IS NOT A CASE ABOUT THE FDA.  THIS IS A CASE

10:56AM 10   ABOUT MISREPRESENTATIONS TO INVESTORS AND REPRESENTATIONS --

10:56AM 11        THE COURT:  IT'S A WIRE FRAUD CASE.

10:56AM 12        MR. LEACH:  IT'S A WIRE FRAUD CASE AS I UNDERSTAND

10:56AM 13   IT, TOO, YOUR HONOR.

10:56AM 14        SO I ALSO -- I TAKE THE DEFENSE AT THEIR WORD THAT THEY

10:56AM 15   NEED THE TIME TO PREPARE.  THEY'RE BEST ABLE TO SPEAK TO

10:56AM 16   THOSE -- BETTER ABLE TO SPEAK TO THOSE THAN I AM.

10:56AM 17        I WOULD ENCOURAGE THE MORE SPECIFICS THAT WE CAN HAVE ON

10:56AM 18   THAT.  YOU KNOW, I KEEP HEARING REFERENCES TO HIGHLY RELEVANT

10:56AM 19   EVIDENCE THAT THEY FOUND IN THE 130-PLUS THOUSAND DOCUMENTS,

10:56AM 20   AND I'M NOT SURE WHAT THEY'RE REFERRING TO.  I WOULD ENCOURAGE

10:56AM 21   THE COURT TO LOOK AT THE SPECIFICITY OF THAT.

10:56AM 22        AND WE WANT TO KEEP THIS TRIAL DATE.  WE'RE WORKING TO

10:56AM 23   KEEP THIS TRIAL DATE.

10:56AM 24        THE DEFENSE, YOU KNOW, WE TAKE THEM AT THEIR WORD FOR WHAT

10:56AM 25   THEY NEED, AND WE'RE WORKING AS QUICKLY AS WE CAN TO GET IT TO

10:57AM 1     THEM.

10:57AM 2          THANK YOU, YOUR HONOR.

10:57AM 3               THE COURT:  ALL RIGHT.  I THINK OUR NEXT COURT DATE

10:57AM 4     IS FEBRUARY 10TH.

10:57AM 5               MR. LEACH:  YES, YOUR HONOR.

10:57AM 6               THE COURT:  THAT IS FOR MOTIONS.

10:57AM 7          LET ME INVITE COUNSEL TO SIDE-BAR, AND IF YOU COULD BRING

10:57AM 8     YOUR CALENDARS, PLEASE.  I JUST WANT TO GO OVER SOME SCHEDULING

10:57AM 9     QUESTIONS.

10:57AM 10          **(SIDE-BAR CONFERENCE ON A SEALED RECORD PAGES 41-44)**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

10:57AM  1        **(SEALED SIDE-BAR CONFERENCE.)**

10:57AM  2            THE COURT:  ARE WE ALL GOING TO FIT?  WE'RE AT

10:57AM  3    SIDE-BAR WITH COUNSEL.  I JUST WANT TO TALK ABOUT SOME

10:57AM  4    SCHEDULING MATTERS WITH YOUR CALENDARS, AND YOU'RE ALL GOING TO

10:57AM  5    LOOK AT YOUR CALENDARS NOW SO EVERYBODY OUT IN THE AUDIENCE CAN

10:57AM  6    SEE YOU SEARCHING YOUR CALENDARS.

10:57AM  7            WHAT I HAVE SOME QUESTIONS ABOUT, THERE ARE SO MANY SEALED

10:57AM  8    DOCUMENTS IN THIS CASE, AND WE'RE HAVING SOME DIFFICULTY

10:57AM  9    TRACKING THOSE.  I SAID "DIFFICULTY."  WE'VE PUT TOGETHER A

10:57AM  10   LIST THAT I WANT TO SHARE WITH ALL OF YOU TO MAKE SURE THAT YOU

10:57AM  11   HAVE WHAT WE HAVE, AND I'VE ASKED OUR STAFF TO DO THAT, AND

10:58AM  12   THEY'VE PUT THAT TOGETHER.

10:58AM  13           I WANT TO GIVE YOU THAT.

10:58AM  14           MS. KRATZMANN WILL GIVE YOU THAT AT THE CLOSE WHEN WE

10:58AM  15   LEAVE TODAY.  I'M NOT GOING TO HAND YOU ANYTHING FROM THE BENCH

10:58AM  16   HERE.

10:58AM  17           WHAT I WANT TO DO IS TO TALK ABOUT A SCHEDULING FOR THIS

10:58AM  18   12.2(B).  ONE OF THE ISSUES THAT COMES UP IS BECAUSE EVERYTHING

10:58AM  19   IS UNDER SEAL, I CAN'T HAVE THAT INFORMATION ON THE RECORD

10:58AM  20   HERE.

10:58AM  21           WHAT I WANT TO PROPOSE TO YOU IS THAT I'M GOING TO LEAVE

10:58AM  22   THE FEBRUARY 10TH DATE, I'M NOT GOING TO DISTURB THAT.  I'M

10:58AM  23   GOING TO ANNOUNCE THAT WHEN I GO BACK.

10:58AM  24           BUT I'M GOING TO INVITE YOU TO COME BACK EITHER AT 1:00

10:58AM  25   O'CLOCK OR 2:30 TODAY, AND WE'LL HAVE A SEALED DISCUSSION ABOUT

10:58AM 1      SCHEDULING AND SOME OTHER ISSUES IF THAT -- DOES THAT WORK FOR

10:58AM 2      YOU, MR. SCHENK?

10:58AM 3           MR. SCHENK:  YOUR HONOR, IT WORKS FINE FOR OUR

10:58AM 4      SCHEDULE.  I'M CONCERNED THAT ONE OF THE ISSUES IS SEVERANCE,

10:58AM 5      AND MR. BALWANI IS NOT PRESENT.

10:58AM 6           THE COURT:  RIGHT.  AND THAT PRESENTS A PROBLEM TO

10:59AM 7      ME, AND I WAS TOLD THAT THERE WAS AN E-MAIL THAT SUGGESTED HE

10:59AM 8      WOULDN'T BE PRESENT, AND I DO WANT TO TALK ABOUT THAT.  THAT'S

10:59AM 9      ONE OF THE THINGS THAT I DO WANT TO TALK ABOUT.

10:59AM 10          MR. CAZARES:  STEPHEN CAZARES FOR MR. BALWANI.  TO

10:59AM 11     THE EXTENT THAT THE DISCUSSION IS ABOUT THE CALENDARING ISSUE

10:59AM 12     OR THE DATES, I THINK WE CAN ADDRESS THAT.  TO THE EXTENT THAT

10:59AM 13     SOME FINAL DECISIONS NEED TO BE MADE, WE NEED TO SPEAK WITH

10:59AM 14     MR. BALWANI.

10:59AM 15          THE COURT:  WELL, PART OF MY CONVERSATION IS GOING

10:59AM 16     TO BE -- CANDIDLY, I HAVE SOME QUESTIONS ABOUT THE STATUS OF

10:59AM 17     THAT MOTION, YOUR SEVERANCE, YOUR SEVERANCE, AND ALSO ABOUT

10:59AM 18     MS. HOLMES AND THAT THE NOTICE OF 12.2(B), WHAT DOES THAT

10:59AM 19     REALLY MEAN?

10:59AM 20        SO THOSE ARE THINGS THAT WE WILL TALK ABOUT THIS

10:59AM 21     AFTERNOON.

10:59AM 22          MR. CAZARES:  MAY I SUGGEST, I DON'T THINK THERE ARE

10:59AM 23     ANY DEPOSITIONS TODAY.  CAN MR. BALWANI CALL IN TO THE HEARING?

10:59AM 24          THE COURT:  MR. CAZARES WILL CHECK IN AND LET US

11:00AM 25     KNOW.

| | | |
|---|---|---|
| 11:00AM | 1 | MR. CAZARES:  HE MAY BE ABLE TO. |
| 11:00AM | 2 | THE COURT:  LET ME -- I HAVE A 1:30 CRIMINAL |
| 11:00AM | 3 | CALENDAR.  SO IF WE MEET AT 1:00 O'CLOCK, I THINK WE'RE GOING |
| 11:00AM | 4 | TO BE COMPRESSED INTO THAT.  MY SUGGESTION IS THAT THE 2:30 |
| 11:00AM | 5 | WOULD PROBABLY GIVE US THE BALANCE OF THE AFTERNOON.  IF YOU |
| 11:00AM | 6 | CAN DELAY YOUR FLIGHTS FOR THAT LONG. |
| 11:00AM | 7 | THEN WHAT WE'LL DO IS WE'LL COME BACK -- AS I SAID, I'M |
| 11:00AM | 8 | GOING TO SEAL THE TRANSCRIPT OF THIS CONVERSATION AS WELL, AND |
| 11:00AM | 9 | THEN WE CAN FINISH THE CONVERSATION ABOUT WHAT TO DO ABOUT |
| 11:00AM | 10 | THESE OTHER ISSUES BECAUSE I DO HAVE SOME QUESTIONS ABOUT IT. |
| 11:00AM | 11 | AND WE NEED TO ALSO DECIDE ABOUT WHEN DO WE, WHEN DO WE |
| 11:00AM | 12 | STOP SEALING DOCUMENTS, AND WHAT DO WE ACTUALLY HAVE PUBLIC |
| 11:00AM | 13 | CONVERSATIONS ABOUT THINGS? |
| 11:00AM | 14 | AND I'VE SEALED THINGS NOW BECAUSE OF OBVIOUSLY -- I'VE |
| 11:00AM | 15 | LOOKED AT YOUR DECLARATIONS, AND I CAPTURE THAT.  IT'S |
| 11:00AM | 16 | NECESSARY TO DO IT. |
| 11:00AM | 17 | AT SOME POINT WE'RE GOING TO HAVE TO GO ON THE RECORD |
| 11:01AM | 18 | ABOUT THIS.  SO THOSE ARE THINGS THAT WE'LL TALK ABOUT THIS |
| 11:01AM | 19 | AFTERNOON. |
| 11:01AM | 20 | SHOULD WE SAY 2:30 THEN? |
| 11:01AM | 21 | MR. CAZARES:  THAT'S FINE, YOUR HONOR. |
| 11:01AM | 22 | MR. SCHENK:  YES. |
| 11:01AM | 23 | THE COURT:  SO WHAT I'M GOING TO DO THEN, IS I'M NOT |
| 11:01AM | 24 | GOING TO DISTURB OUR FEBRUARY 10TH DATE.  THAT'S GOING TO BE |
| 11:01AM | 25 | THE NEXT COURT DATE THAT I ANNOUNCE, AND THEN I'LL SEE YOU BACK |

11:01AM  1        HERE AT 2:30.

11:01AM  2                   MR. CAZARES:  THANK YOU, YOUR HONOR.

11:01AM  3                   MR. WADE:  THANK YOU, YOUR HONOR.

11:01AM  4                   MR. LEACH:  THANK YOU VERY MUCH.

11:01AM  5            **(END OF SEALED DISCUSSION AT SIDE-BAR.)**

         6

         7

         8

         9

        10

        11

        12

        13

        14

        15

        16

        17

        18

        19

        20

        21

        22

        23

        24

        25

```
11:01AM   1        (IN OPEN COURT.)

11:01AM   2              THE COURT:  ALL RIGHT.  THANK YOU, COUNSEL.  THEN

11:01AM   3    THE COURT IS NOT GOING TO DISTURB THE FEBRUARY 10TH DATE.  I

11:01AM   4    THINK THAT'S BEEN SET, AND THAT WILL REMAIN AS SET FOR FURTHER

11:01AM   5    HEARING.

11:01AM   6        I'M NOT GOING TO DECIDE THE GOVERNMENT'S MOTION NOW.  I'M

11:01AM   7    GOING TO TAKE THAT MATTER UNDER SUBMISSION.  I MAY HAVE MORE

11:01AM   8    QUESTIONS, AND I MAY ASK THE PARTIES FOR ADDITIONAL INFORMATION

11:01AM   9    ABOUT THIS.

11:01AM   10        MS. AMIN, MR. GORGI, I APPRECIATE YOUR APPEARANCE

11:01AM   11   TELEPHONICALLY.

11:02AM   12        IS THERE ANYTHING ELSE YOU WOULD LIKE TO ADD BEFORE WE END

11:02AM   13   THIS MORNING'S SESSION?

11:02AM   14              MS. AMIN:  NOTHING FROM ME.  THANK YOU, YOUR HONOR.

11:02AM   15              THE COURT:  ALL RIGHT.  MR. GORGI, ANYTHING?

11:02AM   16              MR. GORGI:  NO, YOUR HONOR.  THANK YOU.

11:02AM   17              THE COURT:  ALL RIGHT.  THANK YOU.  LET ME TURN TO

11:02AM   18   THE FDA LAWYERS WHO ARE HERE.  ANYTHING ELSE YOU WOULD LIKE ME

11:02AM   19   TO KNOW OR ANYTHING YOU WOULD LIKE TO ADD?

11:02AM   20              MR. WEINFIELD:  NOTHING FURTHER, YOUR HONOR.

11:02AM   21              THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.  THANK

11:02AM   22   YOU FOR BEING HERE.  I APPRECIATE YOU COMING OUT.  IT'S NICE TO

11:02AM   23   PUT A FACE WITH A VOICE, SO THANK YOU.  IT'S NICE TO SEE YOU.

11:02AM   24        ALL RIGHT.  FEBRUARY 10TH, FEBRUARY 10TH.

11:02AM   25              THE CLERK:  10:00 A.M.
```

11:02AM   1          THE COURT:  ALL RIGHT.  10:00 A.M.  THANK YOU.

11:02AM   2          MR. LEACH:  THANK YOU, YOUR HONOR.

11:02AM   3          MR. DOWNEY:  THANK YOU, YOUR HONOR.

11:02AM   4          THE CLERK:  COURT IS IN RECESS.

11:05AM   5      (COURT ADJOURNED 11:05 A.M.)

          6

          7

          8

          9

         10

         11

         12

         13

         14

         15

         16

         17

         18

         19

         20

         21

         22

         23

         24

         25

1
2
3                        CERTIFICATE OF REPORTER
4
5
6
7         I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11        THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14
15
16        IRENE RODRIGUEZ, CSR, RMR, CRR
          CERTIFICATE NUMBER 8074
17
18        DATED:  JANUARY 21, 2020
19
20
21
22
23
24
25