JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CR-18-00258-EJD |
| Plaintiff, | ) **MS. HOLMES' MOTION TO EXCLUDE** |
| | ) **CERTAIN TESTIMONY OF ERIKA CHEUNG,** |
| v. | ) **DANIEL EDLIN, AND SO HAN SPIVEY (A.K.A.** |
| | ) **DANISE YAM)** |
| ELIZABETH HOLMES and | ) |
| RAMESH "SUNNY" BALWANI, | ) Date: September 8, 2021 |
| | ) Time: 8:30 a.m. |
| Defendants. | ) CTRM: 4, 5th Floor |
| | ) |
| | ) Hon. Edward J. Davila |
| | ) |
| | ) |
| | ) |
| | ) |

## <u>MOTION TO EXCLUDE CERTAIN WITNESS TESTIMONY</u>

PLEASE TAKE NOTICE that on September 8, 2021 at 8:30 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court pursuant to Rules 401–404, 602, 702 and 801 of the Federal Rules of Evidence, Rule 16 of the Federal Rules of Criminal Procedure, Criminal Local Rule 16-1(c)(3), and this Court's Order re: Motions *in Limine*, Dkt. 798 to exclude certain testimony of Erika Cheung, Daniel Edlin, and So Han Spivey (a.k.a. Danise Yam).  The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: September 6, 2021

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

## MEMORANDUM OF POINTS AND AUTHORITIES

The government has identified the following witnesses for the upcoming week of trial: Erika Cheung, Daniel Edlin, Justin Offen, and So Han Spivey (a.k.a. Danise Yam).  Defendant Elizabeth Holmes hereby objects and moves to exclude the following potential testimony of Ms. Cheung, Mr. Edlin, and Ms. Yam.[1]

## I.    Erika Cheung

- Erika Cheung is a former Theranos employee who began working at Theranos soon after graduating from college.  The government's interview memorandum is replete with statements by Ms. Cheung recounting out-of-court statements by others about matters about which she lacks personal knowledge.  Ms. Holmes has categorized the inadmissible testimony below; the category letters correspond to annotated portions of Ms. Cheung's interview memorandum:[2]

- **Category A:** The memorandum indicates that the government may seek to elicit testimony from Ms. Cheung that recounts for the truth of the matter asserted statements purportedly made by Theranos employees and others.  This testimony is inadmissible hearsay.  Fed. R. Evid. 801; *e.g.*, Saharia Decl., Ex. 1 (2/4/2021 Cheung 302) at 3 (statement from Karthik (Last Name Unknown) regarding technical issue); *id.* at 5 (statement from Langley Gee regarding quality control); *id.* at 6 (statements from Sharada Sivaraman and unnamed other team members regarding pressure to complete validation reports); *id.* at 7 (statements from Tyler Shultz, Ms. Cheung, and George Shultz during meeting); *id.* at 8 (statements from unnamed employees about lab practices); *id.* at 9 (statement from Sharada Sivaraman regarding inspection visit from regulators).

- **Category B:** Relatedly, the memorandum indicates that the government may elicit testimony about events for which Ms. Cheung lacks personal knowledge, including about Ms. Holmes' interactions with others that Ms. Cheung did not observe.  *E.g.*, Saharia Decl., Ex. 1 at 6 (statement about meeting between Ms. Holmes and Tyler Shultz that Ms. Cheung did not attend concerning validation study she did not conduct).  Similarly, the government may elicit testimony based only on information Ms. Cheung received from other Theranos employees, such as that she learned about pressure to complete validation studies and reports.  *Id.* at 6.  Because this testimony is not based on Ms. Cheung's personal knowledge, it should be excluded.  Fed. R. Evid. 602.

- **Category C:** The memorandum indicates that the government may seek to elicit testimony concerning Ms. Cheung's emotional response to her time at Theranos, including that she was "depressed at the time [she left Theranos] and took a break from working."  *See* Saharia Decl., Ex. 1 at 8.  Such testimony is not relevant under Rule 401 and is unduly prejudicial under Rule 403.

- **Category D:** The interview memorandum indicates that the government may seek to elicit testimony concerning Ms. Cheung's interactions with Theranos attorneys and employees without

---

[1] Ms. Holmes reserves the right to right to object to additional testimony contemporaneously.

[2] The objectionable portions of Ms. Cheung's 302 are highlighted and annotated with the applicable category.  *See* Saharia Decl., Ex. 1 (2/4/2021 Cheung 302).

MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ERIKA CHEUNG, DANIEL EDLIN, AND SO HAN SPIVEY (A.K.A. DANISE YAM)
CR-18-00258 EJD

sufficient connection to Ms. Holmes in violation of this Court's Motion *in Limine* Order.  For example:

> o  Ms. Cheung told the government that a Theranos attorney provided Ms. Cheung with a non-disclosure agreement and that "it seemed to Cheung that she was being followed, which scared her and rattled her sense of personal safety."  *See* Saharia Decl., Ex. 1 at 8.  This Court has already ruled that "it will be incumbent upon the Government to come forward with a sufficient connection between Holmes and Theranos' implementation of particular trade secrets practices, including threatening and intimidating employees or former employees of the company."  Dkt. 798 at 66.  The government has not yet proffered how it intends to connect this alleged conduct to Ms. Holmes.[3]

> o  Ms. Cheung told the government that "Theranos was . . . just telling lab clinicians to get the QC's to pass and do whatever they needed to do in order to get the QC to pass."  Saharia Decl., Ex. 1 at 5.  Ms. Cheung did not connect these events to Ms. Holmes in any way.  Under the Court's order, the government must proffer a connection to Ms. Holmes before this testimony could be admissible.  Dkt. 798 at 63 ("[Government] cannot attribute the actions of others to [Ms. Holmes] without evidence that causally connects her with those actions.").

## II.  Daniel Edlin

- Mr. Edlin was a project manager at Theranos from 2011 until 2016 and was involved in Theranos' communications with the Department of Defense.  The government may seek to elicit testimony from Mr. Edlin concerning the truth of Ms. Holmes' statements to Department of Defense officials and that implies that the Department of Defense was a victim of wire fraud.  *See* Saharia Decl., Ex. 2 at 8 (8/20/2021 Edlin 302).  For the following reasons, any such testimony is inadmissible under Rules 401-404, Criminal Local Rule 16-1(c)(3), and this Court's Order re: Motions *in Limine*, Dkt. 798.

First, the government has represented that the Department of Defense is not a victim of wire fraud as charged in the indictment.  After the government amended the indictment to define "investors" to include "business partners," Ms. Holmes moved to dismiss the indictment on the ground that the term "business partner" was unduly vague, noting that it was unclear whether "business partner" included the Department of Defense.  Ms. Holmes' Mot. to Dismiss SSI and TSI for Lack of Notice, Dkt. 496, at 8.  In response, the government made crystal clear that the "business partners" referenced in the indictment are only "Safeway and Walgreens."  Gov't Opp'n to Def. Mot. to Dismiss SSI and TSI for Lack of Notice, Dkt. 522, at 9.  The Department of Defense is not a victim of wire fraud as charged in the indictment.

Second, evidence of alleged misrepresentations to the Department of Defense would constitute inadmissible propensity evidence under Rule 404(a).  Because the Department of Defense is not a

---

[3] Ms. Holmes reiterates her objection to evidence of Theranos' trade secrets practices under Rules 401-403 and 404(b).  *See* Ms. Holmes' Motion to Exclude Evidence of Theranos' Trade Secretes Practices, Dkt. 566.

MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ERIKA CHEUNG, DANIEL EDLIN, AND SO HAN SPIVEY (A.K.A. DANISE YAM)
CR-18-00258 EJD

victim, Ms. Holmes' statements to that entity could only be used to show a character for lying, with which Ms. Holmes acted in conformity on other occasions, in violation of Rule 404(a).

Third, although the government alleged in its Rule 404(b) notice that Ms. Holmes made misrepresentations to certain government agencies, the Department of Defense was not one of them. In its motion *in limine* order, the Court required the government to give notice, including explanation for the reasons for late disclosure, in order to introduce evidence of alleged misrepresentations to other "regulatory organizations." *See* Court's Order re: Motions *in Limine*, Dkt. 798 at 30; *see also* Criminal Local Rule 16-1(c)(3) (requiring disclosure of 404(b) evidence). No notice has been provided. And even if the government had timely disclosed such evidence under Rule 404(b), it would be irrelevant under Rules 401-402 and inadmissible under Rule 403. That is because the indictment alleges misrepresentations about Theranos' relationship with the Department of Defense to third parties, *see* TSI, Dkt. 469, ¶ 12(e)—not misrepresentations to the Department of Defense.

## III.   Danise Yam

- Ms. Yam was Theranos' Corporate Controller from 2006 to 2017. The government's interview memoranda indicate that it may seek to introduce Theranos' tax returns through Ms. Yam. Saharia Decl., Ex. 3 at 4-5 (7/20/2021 Yam 302). Those tax returns, and testimony about the tax returns, should be excluded under Rules 401 and 403 as irrelevant and misleading if not accompanied by expert testimony. It is unclear how those tax returns are relevant to any allegations in the indictment. To the extent their relevance depends on an analytical comparison between taxable income and loss, on the one hand, and Theranos' financial models and statements allegedly provided to investors, on the other hand, that relevance and connection depend on expert testimony that has not been noticed. *See* Fed. R. Evid. 701, 702; Fed. R. Crim. P. 16.

- Relatedly, the memoranda indicate that the government may seek to elicit testimony from Ms. Yam concerning the differences between disclosed income on tax returns and other financial documents. Saharia Decl., Ex. 3 at 4-5. The government has noticed no expert who will explain the relevance of any differences between income figures in various financial documents, how experts calculate income for various purposes, what methodology experts use to compare those figures (if any), or if any such comparative analysis would generally be accepted in the field. *See* Fed. R. Evid. 702. Any such testimony requires technical knowledge and expertise and is therefore barred by the federal rules. *See* Fed. R. Crim. P. 16; Fed. R. Evid. 701, 702.

- The memoranda also indicate that the government may seek to introduce testimony suggesting that Theranos' failure to have a final audited financial statement during certain years was improper. Saharia Decl., Ex. 3 at 2. No law or regulation imposed any such requirement on Theranos, a private company. The government has never noticed any expert testimony to the contrary. Any such testimony is irrelevant under Rule 401, misleading and unduly prejudicial under Rule 403, and prohibited by Rules 701-702.

- The government may elicit testimony concerning the details of Ms. Holmes' spending, including testimony that implies Ms. Holmes improperly used corporate funds for her personal benefit. Specifically, Ms. Yam may testify that Ms. Holmes used corporate funds to make a "$2,000

MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ERIKA CHEUNG, DANIEL EDLIN, AND SO HAN SPIVEY (A.K.A. DANISE YAM)
CR-18-00258 EJD

3

purchase from a jewelry store" and to purchase private jet travel. *See* Saharia Decl. Ex. 3 at 5.[4] This testimony is barred by this Court's *in limine* order, which excludes "references to specific purchases or details reflecting branding of clothing, hotels, or other personal items." Dkt. 798 at 9. Ms. Holmes has asked the government to confirm that it will not elicit this testimony but to date has received no response. The government should be ordered not to elicit this testimony and to instruct the witness accordingly.

## CONCLUSION

For the foregoing reasons, the Court should grant Ms. Holmes' motion.

DATED: September 6, 2021

Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

---

[4] The government has not noticed any allegations of improper use of corporate funds in its 404(b) Notice. *See* Dkt. 580-2 at 81-83. Testimony that implies improper use of corporate funds would violate Rule 404(b) and Criminal Local Rule 16-1(c)(3). It also would be irrelevant and unduly prejudicial.

MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ERIKA CHEUNG, DANIEL EDLIN, AND SO HAN SPIVEY (A.K.A. DANISE YAM)
CR-18-00258 EJD

4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ERIKA CHEUNG, DANIEL EDLIN, AND SO HAN SPIVEY (A.K.A. DANISE YAM)
CR-18-00258 EJD