| | |
|---|---|
| **From:** | Saharia, Amy |
| **To:** | Leach, Robert (USACAN); Schenk, Jeffrey (USACAN); Bostic, John (USACAN); Volkar, Kelly (USACAN) |
| **Cc:** | Downey, Kevin; Wade, Lance; Trefz, Katherine; cline@johndclinelaw.com |
| **Subject:** | US v. Holmes: witness testimony objections |
| **Date:** | Saturday, September 4, 2021 10:18:59 PM |

Counsel,

This email is to notify you that Ms. Holmes may move to exclude the following testimony from the witnesses disclosed for this coming week. Ms. Holmes reserves the right to move to exclude additional testimony from these witnesses and/or to object to portions of their testimony contemporaneously.

Erika Cheung

Ms. Cheung's prior statements indicate that she may be asked to offer the following objectionable testimony:

- Testimony about events that occurred during and after Ms. Cheung's time at the company for which she lacks personal knowledge.
- Out-of-court statements offered for the truth of the matter asserted in violation of Rule 801.
- Testimony concerning the actions of others, including related to Ms. Cheung's departure from the company, where the government has failed to proffer a sufficient connection to Ms. Holmes in violation of the Court's motion in limine order, Rule 401, and Rule 403.
- Testimony about Ms. Cheung's emotional response to her time at Theranos in violation of Rules 401 and 403.

Danise Yam

Ms. Yam's prior statements indicate that she may be asked to offer the following objectionable testimony:

- Testimony regarding the comparison of figures in tax returns with other financial documents in violation of Rules 401-403 and 702.

Additionally, certain of Ms. Yam's prior statements relate to subjects that are inadmissible under the Court's motion in limine order. To avoid unnecessary motion practice on these subjects, please confirm that you will not elicit the following testimony and that you have instructed Ms. Yam accordingly.

- Testimony regarding an allegedly profane chant.
- Testimony regarding the details of Ms. Holmes' alleged spending, including but not limited to any testimony suggesting that Ms. Holmes used company money to purchase personal items.

Dan Edlin

Mr. Edlin's prior statements indicate that he may be asked to offer the following objectionable testimony:

- Testimony concerning the truth of Ms. Holmes' statements to Department of Defense officials in violation of Rules 401-404, Criminal Local Rule 16-1(c)(3), and the Court's pretrial scheduling order requiring timely pretrial disclosure of the government's proffered Rule 404(b) evidence.
- Testimony that implies that the Department of Defense was a victim of wire fraud in violation of Rules 401-404, Criminal Local Rule 16-1(c)(3), and this Court's pretrial scheduling order requiring timely pretrial disclosure of the government's proffered Rule 404(b) evidence.

Regards,
Amy

**Amy Mason Saharia**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5847 | (F) 202-434-5029
asaharia@wc.com | www.wc.com/asaharia

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.