UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ELIZABETH A. HOLMES,

Defendant.

Case No.   5:18-cr-00258-EJD-1

**ORDER RE PRELIMINARY JURY INSTRUCTIONS**

The parties filed their proposed jury instructions on May 27, 2021.  Dkt. Nos. 804, 809.  At the August 16, 2021 pretrial conference, the Court discussed with the parties the preliminary instructions it intended to give prior to opening statements and made oral rulings on the record as to some requests.  The Court advised the parties to meet and confer as to the language of Ninth Circuit Model Instruction 1.2, The Charge—Presumption of Innocence, and to submit their versions for the Court's review.  The parties could not agree on specific language and submitted their proposals to the court on August 26, 2021.  Dkt. No. 955.

Having reviewed the parties' submissions, the Court adopts Defendant Elizabeth Holmes's proposed language concerning "paying patients," as this language is consistent with the Court's prior order dismissing Counts Two and Nine through Eleven to the extent they rely on insured and non-paying patients.  Dkt. No. 330 at 33.  However, the Court declines to adopt Holmes's position regarding the inclusion of language concerning overt acts.  Dkt. No. 955 at 4.  Holmes relies on *United States v. Ball*, 711 F. App'x 838, 841 (9th Cir. 2017) (quoting *United States v. Green*, 592 F.3d 1057, 1067 (9th Cir. 2010)) to support inclusion of overt acts language.  However, *Green*

Case No.: 5:18-cr-00258-EJD-1
ORDER RE PRELIMINARY JURY INSTRUCTIONS

1

concerned a charge of conspiracy to commit an offense against or defraud the United States under 18 U.S.C. § 371, the prosecution of which requires an overt act.  In opposing Holmes's proposal, the Government points to cases alleging conspiracy under 18 U.S.C. § 1349—the relevant charge here—from other circuits that do not require proof of an overt act.  Dkt. 955 at 2 n.2.  The Court finds that inclusion of overt acts language is unnecessary.  *United States v. Hussain*, No. 16-CR-00462-CRB, 2018 WL 3619797, at *34 (N.D. Cal. July 30, 2018) (holding that no overt act is necessary for a conviction of 18 U.S.C. § 1349, and that *Green* does not apply because that case concerned § 371, which expressly includes an overt act requirement, whereas § 1349 does not), *aff'd*, 972 F.3d 1138 (9th Cir. 2020), *& aff'd*, 818 F. App'x 765 (9th Cir. 2020); *see also* Ninth Circuit Model Instruction 8.20 cmt. ("Use the third element in this instruction only if the applicable statute requires proof of an overt act, . . . but omit the third element when the applicable statute does not require proof of an overt act.").

The Court recognizes the preliminary instructions are instructive and helpful to the jury at the beginning of trial, as they inform jurors of their duties, procedure, and protocol to follow during their service.  The preliminary instructions also inform the jury that they will receive final instructions at the end of the case that will guide their deliberations.  Some of the preliminary instructions are repeated in the final instructions.  Thus, while the preliminary instructions are helpful to guide the jury at the beginning of and during trial, it is the final instructions that formally charge the jury as to the law and concepts they are to apply to the evidence admitted and the facts as the jury finds them.  The Court will hold a final jury instruction charging conference prior to the close of evidence where the parties may be heard as to the state of the evidence and their respective positions on final jury instructions.

With this in mind, and considering the parties' submissions, the Court will read Preliminary Instruction 1.2 as follows:

**1.2 THE CHARGE—PRESUMPTION OF INNOCENCE**

> This is a criminal case brought by the United States government. The government charges Ms. Holmes with conspiracy to commit wire fraud against Theranos investors, conspiracy to commit wire

Case No.: 5:18-cr-00258-EJD-1
ORDER RE PRELIMINARY JURY INSTRUCTIONS

2

fraud against Theranos paying patients, and wire fraud against Theranos investors and paying patients.

The charges against Ms. Holmes are contained in the indictment. The indictment simply describes the charges the government brings against Ms. Holmes. The indictment is not evidence and does not prove anything.

Ms. Holmes has pleaded not guilty to the charges and is presumed innocent unless and until the government proves Ms. Holmes guilty beyond a reasonable doubt. In addition, Ms. Holmes has the right to remain silent and never has to prove innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the charged offenses. As I have said, at the end of the trial I will give you more detailed instructions that will control your deliberations.

There are twelve counts in the indictment. The government must prove each element for each count beyond a reasonable doubt to make its case.

Counts One and Two charge conspiracy to commit wire fraud.

Ms. Holmes is charged in Count One with conspiring to commit wire fraud against investors in Theranos during the period 2010 to 2015.

Ms. Holmes is charged in Count Two of the indictment with conspiring to commit wire fraud against patients who paid for Theranos's blood testing services during the period 2013 to 2016.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

In order for Ms. Holmes to be found guilty of the charges of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

> *First*, that there was an agreement between two or more persons to commit wire fraud. I will define the elements of wire fraud in a minute.
>
> And *second*, that Ms. Holmes became a member of each alleged conspiracy knowing of at least one of its objects and intending to help accomplish it.

Counts Three through Twelve charge wire fraud.

Counts Three though Eight charge wire fraud against investors in Theranos.

Case No.: 5:18-cr-00258-EJD-1
ORDER RE PRELIMINARY JURY INSTRUCTIONS

3

Counts Nine through Twelve charge wire fraud against paying Theranos patients.

In order for Ms. Holmes to be found guilty of the charges of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

>*First*, that Ms. Holmes knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts.
>
>To convict Ms. Holmes of wire fraud based on omissions of material facts, you must find that Ms. Holmes had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.
>
>A scheme to defraud is a deceptive scheme to deprive a person of money or property.
>
>*Second*, that the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;
>
>*Third*, that Ms. Holmes acted with the intent to defraud, that is, the intent to deceive and cheat; and
>
>*Fourth*, that Ms. Holmes used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

**IT IS SO ORDERED.**

Dated: September 7, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cr-00258-EJD-1
ORDER RE PRELIMINARY JURY INSTRUCTIONS
4