STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | UNITED STATES' RESPONSE REGARDING POTENTIAL TESTIMONY AND EXHIBITS FOR SUREKHA GANGAKHEDKAR |
| v. | |
| ELIZABETH HOLMES, | |
| Defendant. | Hon. Edward J. Davila |

U.S.' RESPONSE RE SUREKHA GANGAKHEDKAR,
CASE NO. 18-CR-258 EJD

On Thursday, September 9, 2021, pursuant to the Court's direction, the government notified Defendant that during the week of September 13, 2021, it intended to call Surekha Gangakhedkar, a top Theranos scientist who reported directly to Elizabeth Holmes and who resigned on the eve of the Walgreens launch in September 2013.  One week later and the day before Ms. Gangakhedkar is likely to begin testifying, the Defendant filed a "Notice" of purported evidentiary issues that she intends to raise "before or during Ms. Gangakhedkar's testimony."  ECF No. 1023.[1]  The government respectfully responds as follows.

First, the government does not see a need to resolve objections "before" Ms. Gangakhedkar's testimony outside the presence of the jury.  After Defendant filed similar complaints with respect to the government's second case-in-chief witness, Erika Cheung, the parties spent 74 minutes of Court time in the middle of her testimony arguing over relevancy and hearsay objections.  *See* ECF Nos. 1018, 1022.  While the Defendant may raise objections when she sees fit, none of the proposed exhibits nor any aspect of Ms. Gangakhedkar's expected testimony warrant exhaustive analysis or argument outside of the presence of the jury.  To avoid further delays in the presentation of evidence, which may inconvenience the jury, the government respectfully recommends the Court address Defendant's concerns if and when they arise in connection with Ms. Gangakhedkar's actual testimony.

Second, to the extent Defendant raises hearsay objections to certain email exhibits, most, if not all, satisfy the elements of the business records exception, for similar reasons as those supporting the admission of emails during the testimony of Erika Cheung.  *See* ECF No. 1019.  In addition, because Ms. Gangakhedkar directly reported to Defendant Holmes, and worked under Ms. Holmes's direction and control, there can be no doubt Ms. Gangakhedkar was Ms. Holmes's agent.  Thus, Ms. Gangakhedkar's statements are also not hearsay under Rule 801(d)(2)(D).

Finally, Defendant's "notice" incorrectly asserts that the identified categories violate the Federal Rules of Evidence.  Ms. Gangakhedkar's expected testimony that Theranos was misleading

---

[1] Notably, neither defense counsel's email notice to the government late Saturday night (covering some but not all of the issues raised in the notice) nor the present notice complied with the Court's filing deadline of Saturday at noon, which was meant in part to give the government an equal amount of time to respond in writing.  *Compare* ECF Nos. 1023 & 1023-15, *with* 09/08/2021 Hearing Transcript ("9/8 Tr.") at 500:10–12.

U.S.' RESPONSE RE SUREKHA GANGAKHEDKAR,
CASE NO. 18-CR-258 EJD                              1

people by saying they would have their blood drawn by a finger stick—given her observations of the readiness (or lack thereof) of Theranos's proprietary device while working in Theranos's research and development lab shortly before the company launched its tests for patient use—is relevant, not unduly prejudicial, and percipient testimony. *Cf.* ECF No. 1023 at 3. And Ms. Gangakhedkar's expected testimony that Defendant Holmes was aware of the issues in the lab but nevertheless launched the tests for patient use is more probative than prejudicial. *Cf. id.* at 2. Ms. Gangakhedkar's expected testimony about resigning from Theranos because there were "unaddressed problems at the company that HOLMES either ignored or could not fix" (ECF No. 1023-14 at 7), and knowledge that other scientists also resigned from Theranos for similar reasons, is relevant and admissible. *Cf.* ECF No. 1023 at 2. In addition, potential testimony and exhibits for Ms. Gangakhedkar describing how she took documents from Theranos with her when she resigned despite the risk of being perceived as violating her non-disclosure agreement—because "she did not think the situation was going to end well" and she "believed one day she would be talking to government officials"—demonstrates how serious the issues in Theranos's lab were at the time the company launched tests for patient use. *Cf. id.* This category of testimony is particularly relevant because Defendant has minimized the extent of the issues in the lab or her knowledge of them—and each additional former employee that testifies about issues in Theranos's lab adds to the circumstantial inference that Defendant Holmes likely knew of the issues, as well, in addition to the times when she was directly informed of the issues. The government asserts these categories of potential testimony and exhibits do not run afoul of the Federal Rules of Evidence and the witness should be permitted to testify based on her experience while working for many years at Theranos.[2]

For these reasons, the government requests the Court address these issues, if they arise, in response to Defendant's real-time objections, if any, in the presence of the jury.

---

[2] The government does not intend to examine Ms. Gangakhedkar about the death of Ian Gibbons. Although it intends to elicit testimony that Ms. Gangakhedkar has been immunized, the government will not draw attention to the order's provision excepting "a prosecution for perjury, false declaration, or otherwise failing to comply with this order" unless and until the defense attacks her credibility.

U.S.' RESPONSE RE SUREKHA GANGAKHEDKAR,
CASE NO. 18-CR-258 EJD                         2

| | | |
|---|---|---|
| 1 | DATED: September 16, 2021 | Respectfully submitted, |
| 2 | | STEPHANIE M. HINDS |
| 3 | | Acting United States Attorney |
| 4 | | */s/ Kelly I. Volkar* |
| 5 | | JEFFREY B. SCHENK<br>JOHN C. BOSTIC |
| 6 | | ROBERT S. LEACH<br>KELLY I. VOLKAR |
| 7 | | Assistant United States Attorneys |