1   JEFFREY B. COOPERSMITH (SBN 252819)
    WALTER F. BROWN (SBN 130248)
2   MELINDA HAAG (SBN 132612)
    RANDALL S. LUSKEY (SBN 240915)
3   STEPHEN A. CAZARES (SBN 201864)

4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105-2669
6   Telephone:    +1-415-773-5700
    Facsimile:    +1-415-773-5759
7
    Email: jcoopersmith@orrick.com; wbrown@orrick.con
8          mhaag@orrick.com; rluskey@orrick.com;
           scazares@orrick.com
9

10  Attorneys for Defendant
    RAMESH "SUNNY" BALWANI
11

**FILED**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

SEALED BY ORDER OF THE COURT

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                        SAN JOSE DIVISION

16

17  UNITED STATES OF AMERICA,          Case No. 5:18-cr-00258-EJD

18                 Plaintiff,          **DEFENDANT RAMESH "SUNNY"**
                                       **BALWANI'S OPPOSITION TO**
19         v.                          **GOVERNMENT'S MOTION TO**
                                       **REJOIN TRIALS**
20  HOLMES, et al.,

21                 Defendants.         Date:    December 15, 2020
                                       Time:    10:00 a.m.
22                                     Judge:   Honorable Edward J. Davila
                                       Ctrm:    4, 5th Floor
23

24

25

26          **PROVISIONALLY FILED UNDER SEAL PURSUANT TO**

27              **JANUARY 13, 2020 COURT ORDER**

28

## I.      INTRODUCTION

Defendant Ramesh "Sunny" Balwani opposes the government's motion to unconstitutionally prejudice him through rejoinder of the defendants' trials in this case.  Mr. Balwani and his counsel have no visibility into the proceedings that have occurred in connection with defendant Elizabeth Holmes under Fed. R. Crim. P. 12.2. As a result, Mr. Balwani cannot comment on the government's contention that Ms. Holmes has "abandoned" all or part of her abuse defense before seeing any response to the government's motion she may file.  Nonetheless, it is readily apparent that the government's argument relies on speculation about what the government thinks Ms. Holmes may or may not say on the witness stand.  And based on that speculation, the government asks the Court to run roughshod over Mr. Balwani's constitutional rights in the service of "efficiency" supported by an invented COVID exception to the Constitution and unfounded allegations of defense collusion.  The Court should deny the government's motion.[1]

## II.     BACKGROUND

Mr. Balwani first learned that Ms. Holmes was accusing him of inflicting "psychological, emotional, and ███████" as part of her defense when undersigned counsel received a letter to this effect on September 18, 2019.  The extreme prejudice to him at trial of having to simultaneously defend against fraud allegations coming from the government and the abuse allegations coming from Ms. Holmes required Mr. Balwani to move for severance.  He did so on December 3, 2019.  Dkt. No. 189.  Having no wish to delay his trial, Mr. Balwani's motion requested that he be tried first.  *Id.*

On March 30, 2020, the Court granted Mr. Balwani's motion to sever, but ordered that Ms. Holmes would proceed to trial first.  *See* Dkt. No. 369 (Severance Order).  After commenting that Ms. Holmes's counsel's near commitment to have Ms. Holmes testify at trial was "quite profound and meaningful," the Court found that "Ms. Holmes might testify at trial as a lay witness to certain conduct of Mr. Balwani as to her, and that based on the proffer, briefing,

---

[1] Mr. Balwani may have additional arguments after seeing the position of Ms. Holmes in any response to the government's motion she may file.

representations and comments of counsel, such testimony would be unfairly prejudicial to codefendant Mr. Balwani such that he will be denied a fair trial unless his trial is severed from Ms. Holmes's trial." *Id.* at 12–13.  The Court expressly based its severance ruling on the prospect that Ms. Holmes might testify: "The Court's ruling is that even without expert testimony, Ms. Holmes might testify as a lay witness to conduct by Mr. Balwani that is the foundation of her *mens rea* defense." *Id.* at 14.

On August 11, 2020, the Court set a schedule in Ms. Holmes's case, including a trial date for her of March 9, 2021.  Dkt. No. 484.[2]  The Court has not yet set a schedule for Mr. Balwani's case.[3]  On November 2, 2020, in anticipation of the upcoming status conference, counsel for Mr. Balwani sent a proposed schedule to the government that included an August 2021 trial date.  The government responded that it preferred to start Mr. Balwani's trial close in time to the conclusion of Ms. Holmes trial, which government counsel estimated would permit a June 2021 trial date for Mr. Balwani.  Mr. Balwani's counsel amended the schedule in accordance with government's stated wishes, and on November 17, 2020, sent government counsel a proposed schedule with a June 15, 2021 trial date.  The government did not further respond before asserting in its rejoinder motion that Mr. Balwani's trial should start on March 9, 2021 if rejoined with Ms. Holmes's trial.

On October 2, 2020, the Court set a schedule for various events arising under Fed. R. Crim. P. 12.2, including an examination of Ms. Holmes by government experts and briefing regarding those expert as well as Ms. Holmes's expert.  Dkt. No. 547.  Mr. Balwani was not privy to the Rule 12.2 proceedings, and does not know what Ms. Holmes did or did not say to the government experts or whether she has "abandoned" all or any portion of her abuse defense.

---

[2] The Court's August 11, 2020 schedule included a deadline for Rule 12(b)(3)(A)–(D) motions. Ms. Holmes filed a series of such motions, which Mr. Balwani joined because the motions were necessarily aimed at indictments in the case that named both defendants.  Mr. Balwani also filed a motion to dismiss the second and third superseding indictments based on Sixth Amendment speedy trial rights.

[3] During an August 11, 2020 status hearing, the Court commented from the bench that it would vacate a scheduled August 31, 2020 status hearing and reset it for December 8, 2020.  The December 8 hearing date was then reflected in a Court order. Dkt. No. 487.  Undersigned counsel understands that the purpose of this hearing is to discuss the trial date and schedule for Mr. Balwani's case.

### III.   DISCUSSION

#### A.   Nothing Has Changed.

##### 1.   Severance remains the only constitutional option.

Mr. Balwani was not invited to and did not participate in any of the proceedings under Rule 12.2.  He thus has no visibility into what Ms. Holmes or her expert said, what the government's experts say, or whether there is a basis for excluding Ms. Holmes's expert.  The government did not serve Mr. Balwani with its motion to exclude Ms. Holmes's expert, so we cannot comment on the merits of that motion or any other aspect of the Rule 12.2 process.  As noted above, Mr. Balwani may have more insight into these issues on seeing any response by Ms. Holmes to the government's motion for rejoinder.

But even without this information, the government's motion is based on speculation about what Ms. Holmes and her counsel may do or not do at trial, and ignores the basis for the Court's severance ruling.  The government concedes that "it is still 'highly likely' that [Ms.] Holmes will testify," but posits that "[t]he likelihood that [Ms.] Holmes will take the stand at trial and testify in a way that could be impeached by her prior sworn SEC testimony ███████████ ██████████ is now very low."  Gov. Mot. at 7 (emphasis in original).  The government's prediction that Ms. Holmes will not testify about alleged abuse appears to be based on a guess as to what Ms. Holmes and her counsel will do.  How could the government know what Ms. Holmes will say or how she may handle cross-examination?  And what if the government's guess about Ms. Holmes's testimony or strategy is wrong?

The Court already took these issues into account in its March 30 severance ruling.  Based on counsel's representations about the high likelihood of Ms. Holmes taking the stand in her own defense, which the government now concedes, the Court found that "such testimony would be unfairly prejudicial to codefendant Mr. Balwani such that he will be denied a fair trial unless his trial is severed from Ms. Holmes's trial."  Dkt. No. 369 at 12–13.  The possibility that Ms. Holmes might also rely on expert testimony was not the basis for the Court's ruling:  "The Court's ruling is that even without expert testimony, Ms. Holmes *might* testify as a lay witness to

1   conduct by Mr. Balwani that is the foundation of her *mens rea* defense." *Id.* at 14 (emphasis

2   added).

3         Accordingly, nothing has changed.  It is still highly likely that Ms. Holmes will testify.  It

4   would still be unconstitutionally prejudicial to Mr. Balwani if she testifies about alleged

5   "psychological, emotional, and ███████" at his hands.  Only an order from this Court

6   excluding all evidence on the subject would change things.  Otherwise, the government's

7   speculation about Ms. Holmes's testimony, trial strategies, and defenses provides no comfort.

8         **2.**      **There is no "COVID exception" to the United States Constitution.**

9         The government also argues that the COVID-19 pandemic somehow enhances the

10  arguments it made before about the general efficiency of joint trials, such that the Court should

11  now favor that arrangement even if the Constitution would normally require separate trials in the

12  circumstances of this case.  "But even in a pandemic, the Constitution cannot be put away and

13  forgotten." *Roman Catholic Diocese of Brooklyn v. Cuomo*, No. 20A87, slip op. at 5 (U.S. Nov.

14  25, 2020) (per curiam).  The government cites nothing for the proposition that the Court should

15  now revisit its March 30 severance ruling because somehow the pandemic has made the

16  protection of Mr. Balwani's constitutional rights less important.  And in fact, it is more, not less,

17  likely that by the time Mr. Balwani's trial begins after Mr. Holmes's trial, the pandemic will be

18  under better control or there will be a vaccine.

19      **B.**      **The Court Should Reject the Government's Attempt to Blindside Mr.**

20               **Balwani as to the Trial Date.**

21        The government further tries to trample on Mr. Balwani's constitutional rights by arguing

22  that his trial should commence jointly with Ms. Holmes's trial on March 9, 2021.  If the Court

23  had granted Mr. Balwani's request to have his trial proceed first, he would have been pleased to

24  start trial in March 2021 or earlier if conditions permitted it.  At this point, however, Mr. Balwani

25  has not been on the same trial preparation track as Ms. Holmes.  He was not working from a

26  schedule ordered by the Court.  He had no opportunity to view the materials from the Rule 12.2

27  process, involve his own experts in analyzing her claims, or develop a basis to exclude Ms.

28

4

1    Holmes defense at a joint trial.  While the government need only show at trial that Ms. Holmes's

2    intent was unaffected by the alleged abuse, at a joint trial it would be necessary that Mr. Balwani

3    show that the alleged abuse never occurred at all.  The better part of a year has gone by with no

4    reason for Mr. Balwani to have launched the massive factual and legal investigation that would be

5    required for this purpose.  The Court should reject the government's attempt to blindside Mr.

6    Balwani with its new position that he must go to trial on March 9 jointly with Ms. Holmes.[4]

7            **C.      The Government Must Cease Its Baseless Allegations of Collusion.**

8            Finally, it is unfortunately necessary to say a few words about the baseless aspersions of

9    collusion in the government's rejoinder motion.  The government continues to allege without

10   evidence that the severance motions filed in this case are the product of a coordinated defense

11   strategy to manufacture a basis for severance.  *See* Gov. Mot. at 3:14-15; 4:3; 4:17-18; 5:18-20.

12   The government has made this accusation before, *see, e.g.*, Gov. Admin. Mot. to Seal at 4 (filed

13   under seal June 15, 2020); Gov. Opp. to Balwani Mot. for Severance at 2 n.1 (filed under seal

14   Jan. 31, 2020), but has apparently decided that the best way to overcome its complete lack of

15   evidentiary support is to triple down on the same unfounded allegation.  Mr. Balwani's counsel

16   received a letter on September 18, 2020 stating that Ms. Holmes was accusing him of inflicting

17   psychological, emotional, and ███████████ and reacted to that as any competent defense lawyers

18   would by moving for severance.  Dkt. No. 187.  It is hard to imagine a world where Mr. Balwani

19   would provide any aid in connection with a strategy designed to make him look like a monster.

20   The government's continued effort to insinuate collusion without evidence is baseless.

21   **IV.    CONCLUSION**

22           For these reasons, Mr. Balwani asks the Court to deny the government's motion for

---

24   [4] As noted above, the government said nothing about a March 9 trial date in response to Mr.
25   Balwani's proposed schedule, and now says nothing about other pretrial deadlines.  Mr. Balwani
     filed no motions in limine by Ms. Holmes's November 20 deadline.  Then, at 9:45 PM on
26   November 20, 2020, the government uncloaked its position that Mr. Balwani should go to trial on
     March 9, ignoring the lack of a pretrial schedule. Mr. Balwani had no reason to engage in such
27   pretrial tasks as challenging the government's experts, putting his own experts forward,
     developing his witness and exhibit lists, and moving to exclude or admit evidence inadmissible or
28   admissible as to him.  Ms. Holmes may be the "lead defendant," but Mr. Balwani is not a second-
     class constitutional citizen.

1   rejoinder.

2

3   Dated:  December 4, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
JEFFREY B. COOPERSMITH

Attorney for Defendant
RAMESH "SUNNY" BALWANI