David S. Korzenik
Terence P. Keegan
Miller Korzenik Sommers Rayman LLP
1501 Broadway, Suite 2015
New York, New York 10036
Telephone: 212-752-9200
dkorzenik@mkslex.com
tkeegan@mkslex.com

*Pro Hac Vice Applications to be made forthwith*

Joshua Koltun (Bar No. 173040)
Attorney
1 Sansome Street
Suite 3500, No. 500
San Francisco, California  94104
Telephone:  415.680.3410
Facsimile:  866.462.5959
joshua@koltunattorney.com

Attorneys for Non-Party Witness Roger Parloff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.:  5:18-cr-00258 EJD (NC) |
| Plaintiffs, | **[Proposed] Order re:**<br>**ROGER PARLOFF CROSS-**<br>**MOTIONS** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | |

Upon consideration of the briefs, arguments and evidence in support of and in opposition to (i) the motion to compel of Defendant Holmes, and (ii) the motion of Non-Party Witness Roger Parloff to Quash, for a Protective Order, and/or Order *in Limine*, the Court HEREBY FINDS AND ORDERS AS FOLLOWS:

Defendant Holmes has failed to show that she is entitled to the documents and testimony that she seeks, concerning Parloff's communications with persons other than herself and Defendant Balwani.

1. The balancing test of *Shoen v. Shoen*, 48 F.3d 412 (9th Cir. 1995) ("*Shoen II*") applies to the present motions and facts;

2. The limited and narrow reading of *Branzburg v. Hayes*, 408 U.S. 665 (1972), only applies in grand jury cases and not to the case and circumstances at bar; *Farr v. Pitchess*, 522 F.2d 464 (9th Cir. 1975); *U.S. v. Pretzinger*, 542 F.2d 517 (9th Cir. 1976); *In re Grand Jury Proceedings*, 5 F.3d 397 (9th Cir. 1993);

3. In both criminal and civil contexts, a more robust Reporter's Privilege applies (as per *Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993) ("*Shoen I*"), *citing U.S. v LaRouche Campaign*, 841 F.2d 1176 (1st Cir. 1988) and *U.S. v. Cuthbertson*, 630 F.2d 139 (3d Cir. 1980); and *Gonzales v. Nat'l Broad. Co.,* 194 F.3d 29 (2d Cir. 1999), citing *U.S. v. Cutler,* 6 F.3d 67 (2d Cir. 1993);

4. To satisfy the *Shoen* test, a subpoenaing party must show with specificity that the requested material is "a) unavailable despite exhaustion of all reasonable alternative sources; b) noncumulative; and c) clearly relevant to an important issue in the case." *Shoen II*, 48 F.3d at 417.

5. Holmes has not met her burden under either the Reporter's Privilege or Fed. R. Crim. P. 17 with respect to any documents or potential testimony concerning what persons other than Holmes and Balwani said to Parloff in their interviews with him.

   a. If indeed, as Holmes supposes, other persons told Parloff information "consistent" with what she told him, that is not relevant to show whether her own statements were false or misleading. Moreover, even if they were, those statements were necessarily cumulative.

   b. Holmes has not proposed any other basis for relevancy of the information sought other than these potential "consistent statements." She is not allowed to "sift" through reporter Parloff's files in search of documents or to find grounds for testimony that might be of unknown interest. *See Gonzales*, 194 F.3d at 35. Neither the Reporter's Privilege nor Rule 17 permits such a "fishing expedition."

For these reasons, Holmes' Motion to Compel is DENIED and Parloff's Motion to Quash, for a Protective Order and/or an Order *In Limine* is GRANTED. Parloff may be examined only as to his communications with Holmes or Balwani.

IT IS SO ORDERED.

Dated: October __, 2021

                                                                                            The Honorable Nathanael Cousins
                                                                                            United States Magistrate Judge