JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

Attorney for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>　　　　Defendants. | Case No. CR-18-00258-EJD<br><br>**MS. HOLMES' RESPONSE TO MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO EXEMPT JOHN CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER**<br><br>Date: October 14, 2021<br>Time: 1:30 p.m.<br>Courtroom: 4, 5th Floor<br><br>Hon. Nathanael Cousins |

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN
CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD

**TABLE OF CONTENTS**

BACKGROUND ...................................................................................................................................1

PROCEDURAL HISTORY..................................................................................................................3

ARGUMENT .........................................................................................................................................4

    I.    Ms. Holmes Does Not Consent to Treating Mr. Carreyrou as an Expert Witness for Purposes of the Court's Exclusion Order, and There Is No Basis in the Federal Rules For Doing So....................................................................4

    II.    No Other Exception to Rule 615 Applies. ...........................................................6

    III.    The Defense Included Mr. Carreyrou in its Witness List in Good Faith. ............6

    IV.    Mr. Carreyrou's Remaining Arguments for Exemption from This Court's Exclusionary Order Are Legally Infirm. ................................................................7

        A.    The Exclusion of Specific Fact Witnesses Does Not Implicate the First Amendment Right of Public Access. .......................................................7

        B.    The Reporter's Qualified Privilege is Inapplicable to Mr. Carreyrou, Because He Was Not Named a Witness in Bad Faith or Harassment. ....................8

        C.    Mr. Carreyrou Has Not Been Unfairly Discriminated Against as Compared with Other Members of the Media. ..........................................................9

    V.    This Court Has Correctly Restricted Fact Witnesses' Communication Regarding Their Testimony, Including That of Mr. Carreyrou. ...........................9

CONCLUSION ....................................................................................................................................11

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD

i

# TABLE OF AUTHORITIES

## CASES

*Farr v. Pitchess*, 522 F.2d 464 (9th Cir. 1975)..................................................................10

*Freedom Communications v. Superior Court*, 167 Cal. App. 4th 150 (2008)...............................11

*Globe Newspaper Co. v. Sup. Ct. for Norfolk Cty.*, 457 U.S. 596 (1982) ..................................6, 8

*In re Grand Jury Proceedings*, 5 F.3d 397 (9th Cir. 1993) ..........................................................8

*In re Grand Jury Subpoenas*, 438 F. Supp. 2d 1111 (N.D. Cal. 2006)............................................8

*Levine v. U.S. Dist. Ct. for Cent. Dist. of California*, 764 F.2d 590 (9th Cir. 1985)......................10

*Lewis v. United States*, 517 F.2d 236 (9th Cir. 1975)...................................................8, 11

*Milanovich v. United States*, 275 F.2d 716 (4th Cir. 1960)..................................................9

*Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912 (9th Cir. 2005) .........................................4

*Perry v. Leeke*, 488 U.S. 272 (1989).................................................................................5, 9

*Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993) ...........................................................................9

*United States v. Brewer*, 947 F.2d 404 (9th Cir. 1991) ...............................................................4

*United States v. Elle*, 718 F.2d 291 (9th Cir. 1983)...................................................................10

*United States v. Glassdoor, Inc.*, 875 F.3d 1179 (9th Cir. 2017) ......................................................8

*United States v. Hobbs*, 31 F.3d 918 (9th Cir. 1994)....................................................................5

*United States v. McVeigh*, 106 F.3d 325 (10th Cir. 1997).........................................................6, 8

*United States v. Mohney*, 949 F.2d 1397 (6th Cir. 1991) ............................................................5

*United States v. Robertson*, 895 F.3d 1206 (9th Cir. 2018)..........................................................5

*United States v. Sager*, 227 F.3d 1138 (9th Cir. 2000)..................................................................7

*United States v. Schneider*, 2003 U.S. Dist. LEXIS 27324 (N.D. Cal. Nov. 18, 2003) ..................8

*United States v. Scrushy*, Case No. 2:03-cr-00530-KOB-TMP (N.D. Ala. Feb. 15, 2005)...........11

*United States v. Seschillie*, 310 F.3d 1208 (9th Cir. 2002).............................................................5

*United States v. Shaver*, 607 F. Supp. 2d 1168 (S.D. Cal. 2009) .................................................10

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD

ii

*United States v. Smith*, 135 F.3d 963 (5th Cir. 1998) ...................................................................... 9

**CONSTITUTION AND RULES**

U.S. Const., amend. I ................................................................................................... *passim*

Fed. R. Evid. 404 ........................................................................................................................ 1

Fed. R. Evid. 602 ........................................................................................................................ 4

Fed. R. Evid. 615 ............................................................................................................. *passim*

Fed. R. Evid. 702 ........................................................................................................................ 4

**ORDER**

MIL Order, Dkt. 798 ............................................................................................................. 2, 7

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD

iii

**MS. HOLMES' RESPONSE**

John Carreyrou is a fact witness in this case. Like all fact witnesses, Mr. Carreyrou must be excluded from the courtroom, and precluded from discussing his testimony with anyone but his lawyer. These routine steps are necessary to preserve the integrity of the trial. There is no basis in the Federal Rules or otherwise to treat Mr. Carreyrou as an expert witness under the Court's order concerning the exclusion of witnesses, and Ms. Holmes does not consent to treating him as such.

Because the defense has named Mr. Carreyrou as a witness in good faith, Mr. Carreyrou's arguments for exemption from this Court's exclusionary order are unavailing. The right of public access is not implicated when witnesses are excluded from the courtroom; there is no reporter's privilege in a federal criminal case absent bad faith or harassment; and Mr. Carreyrou has not been unfairly discriminated against as compared to other members of the media. The minimal restrictions on communication by fact witnesses, like Mr. Carreyrou, concerning their testimony are common practice and consistent with the First Amendment.

**BACKGROUND**

Mr. Carreyrou is a fact witness in this case for four reasons. First, the government introduced Mr. Carreyrou into the case through its Rule 404(b) disclosures. Second, multiple witnesses at trial have already testified to their interactions with Mr. Carreyrou in connection with events relevant to the case, placing his percipient knowledge of those events at issue. Third, Mr. Carreyrou has communicated with additional witnesses concerning the subject matter of this case. The testimony of those witnesses may open additional areas of relevant examination. Fourth, Mr. Carreyrou was in regular communication with FDA and CMS officials during their investigation of Theranos. Those contacts are documented, and (at a minimum) affected the way in which CMS conducted its fall 2015 inspection of Theranos.

First, the government injected Mr. Carreyrou into the case as a witness with its second supplemental Rule 404(b) notice. *See* 9/28/2020 Fed. R. Evid. 404(b) Notice, Dkt. 580-2, at 22-24, 58-62, 77. That notice referenced Mr. Carreyrou by name fifteen times in connection with five categories of Rule 404(b) evidence. *See id.*; *see also* Gov't Third Amended Exhibit List, Dkt. 1001, at 135 (TX 2851) (*Mad Money* episode discussing *Wall Street Journal* reporting about Theranos).

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD

1

1    Second, the government has put at issue Mr. Carreyrou's actions by questioning trial witnesses
2    about their interactions with him. Ms. Erika Cheung testified concerning her interactions with Mr.
3    Carreyrou. 9/15/2021 Trial Tr. 981:19-985:11. More recently, Dr. Adam Rosendorff testified that he
4    discussed his time at Theranos with Mr. Carreyrou, 9/28/2021 Trial Tr. 1958:22-1959:13, and that Mr.
5    Carreyrou referred him to a specific attorney, *id.*1959:23-1960:1; *see also* 10/5/2021 Trial Tr. 2667:1-
6    2668:11 (testifying as to interactions with lawyers about a possible *qui tam* lawsuit and potential for
7    monetary recovery in such lawsuit).[1]

8    Third, Mr. Carreyrou has communicated directly with numerous additional government
9    witnesses in the case. Those witnesses include Tyler Shultz,[2] Stanley Fiorito,[3] Stephen Master,[4] and
10   Kingshuk Das.[5] If called, their testimony may open additional avenues of examination of Mr.
11   Carreyrou.[6]

12   Fourth, Mr. Carreyrou is a fact witness in connection with CMS and FDA inspections of
13   Theranos. During the time in question, Mr. Carreyrou was in regular communication with officials at
14   both agencies. Mr. Carreyrou's communication with CMS personnel reached at least three additional
15   witnesses in this case, Karen Dyer,[7] Sarah Bennett,[8] and Gary Yamamoto.[9] Documents produced to the

---

[1] While Dr. Rosendorff was on the witness stand, Mr. Carreyrou publicly praised "his integrity and his courage" in serving as an anonymous source for *Bad Blood*. *See* J. Rosenblatt, Theranos Lab Director Revealed as Key Source for WSJ Expose, Bloomberg (Sept. 28, 2021), *available at* https://www.bloomberg.com/news/articles/2021-09-28/theranos-lab-director-reveals-himself-to-be-source-in-wsj-expose.

[2] John Carreyrou, *Bad Blood* 301 (2018), Dkt. 956-2.

[3] Patrick Coffee, Theranos and Elizabeth Holmes: the Marketing of Silicon Valley's Favorite Villain, AdWeek (Mar. 15, 2019), *available at* https://www.adweek.com/brand-marketing/theranos-and-elizabeth-holmes-the-marketing-of-silicon-valleys-favorite-villain/.

[4] John Carreyrou, *Bad Blood* 301 (2018), Dkt. 956-2.

[5] Cline Decl. Ex. 1 at 3 (US-REPORTS-0024149).

[6] Surekha Gangakhedkar, who has already testified in this case, also spoke with Mr. Carreyrou. Cline Decl. Ex. 7 at 6 (US-REPORTS-0013609).

[7] Cline Decl. Ex. 3 at 1 (CMS042208); Ex. 4 at 1-2 (CMS008732); Ex. 5 at 1 (CMS007240); *see also* MIL Order, Dkt. 798 at 87 ("[Mr. Carreyrou] talked to Dyer about the article." (quoting Dkt. 584-3 at 3)).

[8] Cline Decl. Ex 2 at 1 (CMS056877); Ex. 3 at 1 (CMS042208); Ex. 4 at 1-2 (CMS008732).

[9] Cline Decl. Ex. 3.

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD

defense show that Mr. Carreyrou repeatedly encouraged investigation of Theranos and inquired into the state of investigations into Theranos.[10]  For example, Mr. Carreyrou repeatedly contacted CMS regarding the qualifications of Dr. Sunil Dhawan, yet another trial witness.[11]  Indeed, CMS was not in possession of a complaint against Theranos until one was provided by Mr. Carreyrou.[12]

**PROCEDURAL HISTORY**

In her pretrial conference statement, Ms. Holmes requested that all witnesses, with the exception of herself, a government case agent, and the parties' experts, be excluded from the courtroom. Dkt. 815 at 6. At the pretrial conference, the government agreed that "it would be appropriate to exclude the facts witness[es]." 6/15/2021 Hr'g Tr. 40:14-16; *see also id*. at 40:18-21 ("I think it would be appropriate for experts to listen to certain testimony and rely on that for part of their opinions, but for the fact witnesses, the government has no objection."); *id*. at 42:11-12 ("I agree that the witnesses should not be in the courtroom during the testimony.").

On June 15, the Court ordered that "[f]act witnesses shall be excluded from the courtroom during testimony. Fact witnesses shall not discuss their testimony with anyone and may be able to speak with their counsel." Dkt. 824 at 2. The order also provided that experts would not be excluded from the courtroom during testimony. *Id*.

On October 1, Mr. Carreyrou filed the Motion to Intervene to Remove Mr. Carreyrou from Witness Exclusion and Gag Order, Dkt. 1056 ("Motion"). On October 5, Judge Davila entered an order referring the Motion to Judge Cousins. Dkt. 1064. On October 8, the government filed its response to Mr. Carreyrou's Motion. Dkt. 1071.[13]  Later that same day, the Court entered an order setting a hearing

---

[10] Cline Decl. Ex. 4 at 1-2 (CMS008732); Ex. 6 at (CMS005125).

[11] Cline Decl. Ex. 4 at 1-2 (CMS008732); Ex. 5 at 2 (CMS007240).

[12] Cline Decl. Ex 2 at 1 (CMS056877).

[13] In this filing and in its amended pleading, the government observed that Mr. Carreyrou did not appear on Ms. Holmes' initial witness list, shared with the government on October 13, 2020, nearly a year before trial. Dkt. 1071 at 3; *see also* Dkt. 1081 at 1. Like the government, which added more than 40 witnesses to its witness list following its initial disclosure, the defense supplemented its initial witness list with Mr. Carreyrou and other persons relevant to various potential issues in the case. Ms. Holmes' witness list is responsive to the government's evolving case and to the Court's evidentiary rulings.

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD

3

date for the Motion on October 14, and instructing the parties to "consider this potential solution to Mr. Carreyrou's motion: treat him as an expert witness for purposes of the exclusion order. In other words, Mr. Carreyrou would not be excluded from the courtroom during testimony by other witnesses." Dkt. 1074.

## ARGUMENT

**I.     Ms. Holmes Does Not Consent to Treating Mr. Carreyrou as an Expert Witness for Purposes of the Court's Exclusion Order, and There Is No Basis in the Federal Rules For Doing So.**

Ms. Holmes does not consent to treating Mr. Carreyrou as an expert witness for purposes of the Court's exclusion order. He is a fact, not an expert, witness. Because Ms. Holmes has requested the exclusion of witnesses, Mr. Carreyrou must be excluded from trial under Rule 615.[14]

Mr. Carreyrou's testimony is relevant because of his personal knowledge of key events, Fed. R. Evid. 602, not because of "scientific, technical, or other specialized knowledge," Fed. R. Evid. 702(a). He has never claimed to be an expert, nor has either party noticed him as one.

Rule 615 "makes the exclusion of witnesses a matter of right and the decision is no longer committed to the court's discretion as it once was." *United States v. Brewer*, 947 F.2d 404, 408 (9th Cir. 1991) ("The use of the word 'shall' makes it clear that a district court must comply with a request for exclusion."); 4 Weinstein's Federal Evidence § 615.03[1]. When a party requests the exclusion of witnesses from the courtroom, exclusion is mandatory, unless one of the four exceptions specified in Rule 615 applies.

The Ninth Circuit has, in some circumstances, permitted expert witnesses to attend trial pursuant to Rule 615(c). That subsection exempts witnesses "whose presence a party [has] show[n] to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(c); *see, e.g., Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 915-16 (9th Cir. 2005) (affirming denial of motion to exclude plaintiff's husband who had been noticed as a witness by defendants, because husband was an

---

[14] Ms. Holmes does not oppose Mr. Carreyrou's motion to intervene for limited purpose—instead, she opposes the Motion to Exempt John Carreyrou from Witness Exclusion and Gag Order.

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN
CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD

4

attorney and had represented plaintiff since beginning of case); Fed. R. Evid. 615 Advisory Committee Notes (recognizing that "an expert needed to advise counsel in the management of the litigation" may qualify for this exception). In order to benefit from this exception, the moving party must "make 'a fair showing' that 'the expert witness is in fact required for the management of the case.'" *See United States v. Seschillie*, 310 F.3d 1208, 1213 (9th Cir. 2002) (citation omitted).

Neither the government nor Ms. Holmes has attempted to show that Mr. Carreyrou's "presence" is "essential to presenting the party's claim or defense" in the way that prior counsel or an expert witness might be. Fed. R. Evid. 615(c). Under Rule 615(c), that ends the matter. *Seschillie*, 310 F.3d at 1213.[15] Nor could the government plausibly make such a showing. The government has consistently denied collaborating with Mr. Carreyrou, so it cannot claim that it needs him to be present in the courtroom for mid-trial consultations. And because Mr. Carreyrou is a fact, not an expert, witness, he will not be permitted to base any opinions on the testimony of other fact witnesses.

Permitting Mr. Carreyrou to attend trial and hear the testimony of other fact witnesses would defeat the purpose of Rule 615—"to prevent witnesses from 'tailoring' their testimony to that of earlier witnesses." *Seschillie*, 310 F.3d at 1212-13. (citation omitted). Applying Rule 615(c), the Ninth Circuit has explained that it is appropriate for certain expert witnesses to attend trial for the purpose of informing their later testimony. When an expert does not testify to facts, the court of appeals has said, "the need for sequestration" is "nullif[ied]." *Id.* at 1213. That is because "'[a]n expert who is not expected to testify to facts, but only assumes facts for purposes of rendering opinions, might just as well hear all of the trial testimony so as to be able to base his opinion on more accurate factual assumptions.'" *Id*. at 1214. (citation omitted).

That logic has no bearing when fact witnesses like Mr. Carreyrou are at issue. In the case of fact witnesses, exclusion "serves both to reduce the danger that a witness's testimony will be influenced by hearing the testimony of other witnesses, and to increase the likelihood that the witness's testimony will

---

[15] Rule 615(c) also governs the attendance at trial of "summary witnesses." *See United States v. Mohney*, 949 F.2d 1397, 1404-05 (6th Cir. 1991). Ms. Holmes notes that prior to the 2011 amendments, Rule 615(c) appeared as Rule 615(3). The provisions are substantively identical.

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD

be based on [his] own recollections." *United States v. Hobbs*, 31 F.3d 918, 921 (9th Cir. 1994) (quoting *Perry v. Leeke*, 488 U.S. 272, 281-82 (1989)). Given the breadth of potential examination relating to Mr. Carreyrou, the risk of witnesses "matching" testimony is particularly acute.

## II. No Other Exception to Rule 615 Applies.

No other exception to Rule 615 justifies Mr. Carreyrou's exemption from the Court's exclusionary order. Mr. Carreyrou is not a party. Fed. R. Evid. 615(a). He is not a designated representative of a party. Fed. R. Evid. 615(b). And he has identified no statutory right to be present. Fed. R. Evid. 615(d). In a footnote, Mr. Carreyrou suggests that the Court could grant him access to the trial proceedings pursuant to Rule 615(d), which provides that "a person authorized by statute to be present" may hear testimony. Motion at 8 n.8. Although Mr. Carreyrou has identified no statutory right to be present, he maintains that the First Amendment public right of access satisfies Rule 615(d), "because the Constitution carries greater force than any statute." *Id*.

Mr. Carreyrou cites no authority for the proposition that Rule 615(d) incorporates a general public right of access, and Rule 615's requirements would be eviscerated by such an interpretation. Under Mr. Carreyrou's position, any fact witness could attend trial, and shape his testimony on the basis of the testimony of others—which is why the canonical public right of access case, *Richmond Newspapers, Inc. v. Virginia*, acknowledges exclusion of witnesses as a "tested alternative" to courtroom closure for addressing "any problems with witnesses." 448 U.S. 555, 581 (1980) (opinion of Burger, C.J.); *Globe Newspaper Co. v. Sup. Ct. for Norfolk Cty.*, 457 U.S. 596, 606 (1982) (right of access to criminal trials "is not absolute"); *United States v. McVeigh*, 106 F.3d 325, 336 (10th Cir. 1997) (holding that Rule 615 does not implicate the public right of access). In any event, the Advisory Committee Notes make clear that Rule 615(d) was enacted in order to reconcile Rule 615 with two victims' rights statutes, neither of which is applicable to Mr. Carreyrou. *See* Fed. R. Evid. 615, 1998 Advisory Committee Notes.

## III. The Defense Included Mr. Carreyrou in its Witness List in Good Faith.

The defense included Mr. Carreyrou on its witness list in good faith. To take one example of potential testimony, Mr. Carreyrou may be called to testify concerning his interactions with federal

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD

regulators. Such testimony is clearly relevant. As this Court has recognized, testimony concerning the "details of the investigatory process" may be relevant to the credibility and weight of the evidence produced by the investigation. Dkt. 798 at 87 (citing *United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000)).[16]

Critically, *none* of the cases cited by Mr. Carreyrou involve challenges to the exclusion of a member of the press who was a percipient witness to key events at issue in the case. Most involve the exclusion of members of the press who simply reported on events from the courtroom. *United States v. Connolly* involved an order to exclude two journalists who had been noticed as a fact witness—but in that case, the journalists had been named as a witness for the sole purpose of verifying the accuracy of statements by witnesses appearing in their articles. 204 F. Supp. 2d 138, 139 (D. Mass. 2002). This case is far different. Mr. Carreyrou was a direct participant in events at issue in this trial. *See supra* pp. 1-3. He injected himself into Theranos' relationships with regulators. He contacted former Theranos employees and encouraged them to take various actions at issue in this trial. He is not merely an after-the-fact reporter of events in which he was not involved.

**IV.    Mr. Carreyrou's Remaining Arguments for Exemption from This Court's Exclusionary Order Are Legally Infirm.**

   **A.    The Exclusion of Specific Fact Witnesses Does Not Implicate the First Amendment Right of Public Access.**

Because the proceedings remain accessible to the public and press at large, the right of public access is not implicated here. *See McVeigh*, 106 F.3d at 336 ("We are not aware of any case in which an analogous order [sequestering witnesses under Rule 615] was held to implicate the constitutional right

---

[16] At the motion *in limine* stage, the government moved to preclude Ms. Holmes from arguing that the prosecutors' "charging decisions were influenced by 'coordination' with journalists or competitors." MIL Order, Dkt. 798 at 87. In granting that narrow request, the Court made clear that "[n]othing in this Order is intended to preclude [Ms.] Holmes from presenting evidence or argument regarding the details, thoroughness, or good faith of the criminal investigation." *Id*. at 88; *see also id*. at 87 ("Evidence regarding the Government's investigation may be relevant and admissible at trial."). To the extent the government presents evidence in its case-in-chief of agency investigations of Theranos, as it has indicated it intends to do, the Court's Order permits the defense to present evidence of Mr. Carreyrou's influence on those agency investigations.

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD

7

recognized in *Richmond Newspapers* and *Globe Newspaper Co.*").  And even if it were, the well-established practice of excluding fact witnesses would be necessary to further the compelling interest of preserving the integrity of the judicial process, and narrowly tailored to that end.  *Globe Newspaper Co.*, 457 U.S. at 606-07 & n. 17.

### B. The Reporter's Qualified Privilege is Inapplicable to Mr. Carreyrou, Because He Was Not Named a Witness in Bad Faith or Harassment.

Mr. Carreyrou argues that, by reason of the reporter's qualified privilege, he is unlikely to testify, and therefore would not be subject to Rule 615 if served by subpoena.[17]  That is wrong.  The Ninth Circuit and this Court have rejected a reporter's privilege under the First Amendment or federal common law in federal criminal cases absent bad faith or harassment.  *See, e.g.*, *United States v. Glassdoor, Inc.*, 875 F.3d 1179, 1189-92 (9th Cir. 2017) (no reporter's privilege or other First Amendment-based privilege in grand jury context absent bad faith); *United States v. Sterling*, 724 F.3d 482, 492-96, 499-502 (4th Cir. 2013) (no reporter's privilege under First Amendment or federal common law in criminal case absent bad faith, harassment, or other illegitimate motive, even if reporter promised confidentiality to source); *In re Grand Jury Proceedings*, 5 F.3d 397, 400-03 (9th Cir. 1993) (discussing reporter's privilege in rejecting claim of scholar's privilege; court finds no basis for not "insisting that reporters, like other citizens, respond to relevant questions put to them in the course of a valid grand jury investigation or criminal trial"); *Lewis v. United States*, 517 F.2d 236, 238 (9th Cir. 1975) (rejecting First Amendment and federal common law claims of reporter's privilege absent bad faith or harassment); *In re Grand Jury Subpoenas*, 438 F. Supp. 2d 1111, 1115-19 (N.D. Cal. 2006) (White, J.) (no First Amendment or federal common law reporter's privilege in grand jury context); *United States v. Schneider*, 2003 U.S. Dist. LEXIS 27324, at *4 (N.D. Cal. Nov. 18, 2003) (Illston, J.) (rejecting First Amendment reporter's privilege in criminal case absent bad faith or harassment, distinguishing *Shoen v. Shoen* ("*Shoen I*"), 5 F.3d 1289, 1292 (9th Cir. 1993), and explaining the difference in scope between the reporter's privilege in civil and criminal cases); *see also, e.g.*, *United*

---

[17] Mr. Carreyrou cites no case for the proposition that a subpoena is necessary to prove that a party disclosed a witness in good faith, or that a subpoena is necessary to trigger Rule 615.

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD

8

*States v. Smith*, 135 F.3d 963, 968-73 (5th Cir. 1998) (no reporter's privilege for non-confidential information in federal criminal case absent bad faith or harassment).

Given Mr. Carreyrou's self-directed, percipient involvement in the facts of this case, his unsubstantiated claim of harassment and bad faith is meritless. Because Ms. Holmes has disclosed Mr. Carreyrou as a witness in good faith, no reporter's privilege applies. Even if it did, Mr. Carreyrou has cited no authority for the proposition that he is immune from the requirements of Rule 615 because of the potential application of a qualified privilege.

### C. Mr. Carreyrou Has Not Been Unfairly Discriminated Against as Compared with Other Members of the Media.

Because he has been disclosed as a witness in good faith, Mr. Carreyrou has not been unfairly discriminated against vis-à-vis other journalists. *See supra* pp. 1-3. Indeed, contrary to his repeated claim, Mr. Carreyrou is not the only journalist named as a witness. Roger Parloff, a journalist and former writer for *Fortune*, is on the government's witness list and like, Mr. Carreyrou is subject to Rule 615. Dkt. 999 at 5. Eric Topol, a doctor and author, is also on the government's witness list. *Id*. at 6. The government has noticed as an exhibit an interview that he conducted with Ms. Holmes. *See* Gov't Third Amended Exhibit List, Dkt. 1001, at 61 (TX 1253).

### V. This Court Has Correctly Restricted Fact Witnesses' Communication Regarding Their Testimony, Including That of Mr. Carreyrou.

The Court's restriction on Mr. Carreyrou's discussion of his anticipated testimony is routine and necessary to enforce the protections of Rule 615. As the Supreme Court has recognized, "[i]t is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed." *Perry*, 488 U.S. at 281. "If witnesses are excluded but not cautioned against communicating during the trial, the benefit of the exclusion may be largely destroyed." *Id*. at 281 n. 4 (quoting *Milanovich v. United States*, 275 F.2d 716, 720 (4th Cir. 1960)).

Relying on *Levine v. U.S. Dist. Ct.* and its progeny, Mr. Carreyrou asserts that this routine limitation on trial participants infringes his constitutional rights. 764 F.2d 590, 595 (9th Cir. 1985). But *Levine* expressly *endorsed* restrictions on fact witnesses:

> The most practical and recommended procedure to insure against dissemination of prejudicial information is the entry of an order directing that attorneys, court personnel, enforcement officers and witnesses refrain from releasing any information which might interfere with the right of the defendant to a fair trial.

*id*. at 601 (quoting *Farr v. Pitchess*, 522 F.2d 464, 468 (9th Cir. 1975)); *id*. at 595 (distinguishing between limitations on speech of trial participants and nonparticipants); *id*. at 596 ("The overwhelming majority of [courts to have considered restraints on the speech of trial participants] have upheld the restraining orders."); *id*. at 599 ("it would be appropriate to proscribe statements" by defense counsel "relating to . . . the expected testimony of a party or a witness").  The Ninth Circuit endorsed these steps in order to protect the defendant's constitutional right to a fair trial when it was threatened by public statements by trial participants.  The court concluded that various potential "less restrictive alternatives"—the same ones proposed by Mr. Carreyrou—were "ineffective or counterproductive." *Id*. at 599-600; *see also* Motion at 20.  Communication by fact witnesses concerning their anticipated testimony would seriously and imminently threaten Ms. Holmes' fair trial right, as did the communications by defense counsel to the press in *Levine*.

In this case, the Court did not impose the broader restraints contemplated by *Levine*.  To the contrary, the order is narrowly tailored.  Mr. Carreyrou continues to participate in his podcast, write, and sit for interviews.  He continues to comment on the trial testimony of witnesses.  He, like each of the more than 200 potential witnesses in this case, simply cannot discuss *his* testimony with anyone but his lawyer during the course of the trial, or attend trial.  *See United States v. Shaver*, 607 F. Supp. 2d 1168, 1175 (S.D. Cal. 2009) ("Rule 615 applies equally to rebuttal witnesses and to witnesses who have already testified." (citing *United States v. Elle*, 718 F.2d 291, 293 (9th Cir. 1983))).  There is no less restrictive alternative that protects Ms. Holmes' fair trial right or her due process right.  Mr. Carreyrou cites no opinion holding this minimal limitation on a fact witness to violate the First Amendment.  Nor does he identify any authority for the proposition that California's Constitution binds federal courts in a criminal case.[18]  *See Lewis,* 517 F.2d at 237 (rejecting argument that California's reporter's privilege

---

[18] *Freedom Communications v. Superior Court*, 167 Cal. App. 4th 150 (2008), a civil case in California state court, presented the narrow question whether restrictions on a newspaper's reporting of a trial to which it was a party were consistent with the First Amendment.  The court did not address other elements of the order at issue in that case, which barred witnesses from the courtroom, and

MS. HOLMES' RESPONSE TO MOTION TO INTERVENE AND TO EXEMPT JOHN
CARREYROU FROM WITNESS EXCLUSION AND GAG ORDER
CR-18-00258 EJD CR-18-00258 EJD
10

applied to federal grand jury subpoena).  And Mr. Carreyrou fails to explain why he is entitled to "a list of questions" or "proffer" prior to any testimony he may be called upon to provide.  Motion at 21.

## CONCLUSION

For the reasons above, the Motion to Exempt John Carreyrou from Witness Exclusion and Gag Order should be denied.

DATED: October 13, 2021

/s/ John D. Cline
JOHN D. CLINE
Attorney for Elizabeth Holmes

---

precluded witnesses from discussing their testimony with one another. *Id*. at 152.  And the one-page, unpublished order from *United States v. Scrushy* granting an unopposed motion to exempt two journalists from a previous order of courtroom exclusion contains no reasoning.  *United States v. Scrushy*, Case No. 2:03-cr-00530-KOB-TMP, Dkt. 398 (N.D. Ala. Feb. 15, 2005).

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2021 a copy of this filing was delivered via ECF on all counsel of record.

        /s/ John D. Cline
        JOHN D. CLINE
        Attorney for Elizabeth Holmes