IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF
AMERICA,

     Plaintiffs,

vs.                     CASE NO. 8:02-cr-00319-RAL-TGW-ALL

STEVEN A. LABRAKE, et al.,

     Defendants.

_____/

### WFTS-TV AND ROBIN GUESS'S EMERGENCY MOTION TO INTERVENE AND TO STRIKE ROBIN GUESS FROM WITNESS LIST OR TO EXCLUDE HER FROM ANY SEQUESTRATION ORDER

     WFTS-TV ("WFTS") and WFTS reporter ROBIN GUESS ("Guess"), by and through their undersigned attorneys, respectfully move to intervene in this matter for the limited purpose of requesting that Guess's name be stricken from the Defense Witness List in this matter. Alternatively, WFTS and Guess move for her exclusion from any sequestration order in this matter.[1] Grounds for this Motion are set forth in the following Memorandum of Law.

### Memorandum of Law

     Guess is a professional journalist employed by WFTS. She has been reporting on the issues involved in this case since its inception and intends to cover the trial as a reporter for WFTS. Guess is the reporter at WFTS most

---

[1] Guess has not been subpoenaed in this matter. WFTS and Guess reserve the right to object and to move to quash should Guess be subpoenaed in the future.

familiar with this case, and she has developed expertise and knowledge about the case that are beneficial to her as a reporter, to WFTS as her employer, and to the public that will view her reports. As a result, it is critical to her job and to WFTS that she be permitted to attend the trial.

Guess and WFTS recently learned that Defense counsel has listed Guess on the Defense Witness List, and has asked the Court to include Guess in a sequestration order prohibiting witnesses from being present in the courtroom. If Guess is excluded, she will not be present in the courtroom during the trial of this matter except during her own testimony and will not be able to carry out her duties as a professional journalist. Both she and WFTS will be harmed if she is prevented from attending the trial, and the public will be denied information and expertise concerning this case.

As a journalist, Guess has a First Amendment right to be present in the courtroom during the trial. A trial courtroom is "a public place where the people generally – and representatives of the media – have a right to be present." Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 578 (1980) (plurality opinion by Burger, C.J.). "What transpires in the court room is public property." Craig v. Harney, 331 U.S. 367, 374 (1947). Accordingly, in Richmond

<u>Newspapers</u>, 448 U.S. at 555, seven justices conclude that the public has a First Amendment right to attend criminal trials.[2]

In addition to her First Amendment right to attend the trial, Guess, as a professional journalist, has a qualified privilege <u>not</u> to testify in this matter. According to the Eleventh Circuit, the reporter's privilege "provides that information may only be compelled from a reporter claiming privilege if the party requesting the information can show that it is highly relevant, necessary to the proper presentation of the case, and unavailable from other sources." <u>U.S. v. Caporale</u>, 806 F.2d 1487, 1504 (11th Cir. 1986). The privilege is codified under Florida law at Section 90.5015, Florida Statutes, which provides that a party seeking to overcome the privilege must make a clear and specific showing that (a) the testimony is relevant and material to an unresolved issue in the case; (b) the information cannot be obtained from alternative sources; and (c) a compelling interest exists for requiring disclosure of the information.

Here, Defendants will not be able to overcome Guess's privilege not to testify. Her qualification as a witness in this case apparently derives solely from the fact that she has accurately reported news to the public. Guess is not in possession of any information that is unavailable from other sources. She was not, for example, an eyewitness to a crime. In cases like this one, courts have

---

[2]     <u>See</u> 448 U.S. at 576 (plurality opinion of Burger, C.J., with White and Stevens, JJ.); <u>id.</u> at 585 (Brennan, J., with Marshall, J., concurring in judgment); <u>id.</u> at 599 (Stewart, J., concurring in judgment); <u>id.</u> at 604 (Blackmun, J., concurring in judgment). <u>See also</u> <u>Newman v. Graddick</u>, 696 F.2d 796, 800 (11th Cir. 1983) ("seven justices [in <u>Richmond Newspapers</u>] agreed that the public has such a right" to attend criminal trials).

concluded that journalists should be excluded from any general sequestration orders applying to other trial witnesses.  See, e.g., U.S. v. Connolly, 204 F. Supp. 2d 138 (D. Mass. 2002) (permitting journalists to be present during trial even though they were subpoenaed to appear as witnesses); Gore Newspapers Co. v. Reasbeck, 363 So. 2d 609, 611 (Fla. 4th DCA 1978) (holding that reporter, who was sequestered as witness, should not have been excluded from courtroom).

Because Guess has a First Amendment right to attend the trial, and a privilege not to testify, either her name should be stricken from the witness list or, at a minimum, she should be excluded from any order sequestering witnesses in this matter.

## Conclusion

WHEREFORE, WFTS and Guess respectfully request that the Court grant this Motion and either strike Guess's name from the witness list or, at a minimum, order that she be excluded from any order sequestering witnesses in this matter.

## REQUEST FOR EXPEDITED CONSIDERATION AND FOR ORAL ARGUMENT

WFTS and Guess request that the Court consider this Motion on an expedited basis.  WFTS and Guess further request that the Court allow oral argument on this motion, and estimate that argument on the motion will require fifteen (15) minutes.

Respectfully Submitted,

HOLLAND & KNIGHT LLP

Gregg D. Thomas
  Florida Bar No. 223913
James J. McGuire
  Florida Bar No. 0187798
100 North Tampa St., Suite 4100
P.O. Box 1288
Tampa, FL 33601-1288
Telephone: (813) 227-8500
Facsimile: (813) 229-0134

Attorneys for WFTS and ROBIN GUESS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded via Fax and U.S. Mail to Patrick D. Doherty, BROWN & DOHERTY, 777 Alderman Rd., Palm Harbor, FL 34638; Franklyn Louderback, LOUDERBACK & HELINGER, 150 2d Ave. N., Southtrust Bank Bldg., Suite 840, St. Petersburg, FL 33701; Ronald P. Hanes, TROMBLEY & HANES, 707 N. Franklin St., 10th Floor, Tampa, FL 33606; Lee Fugate, ZUCKERMAN SPAEDER LLP, 101 E. Kennedy Blvd., Suite 1200, Tampa, FL 33602; Marcelina J. Huerta, III, LAW OFFICES OF MARCELINA HERTA, III, 109 N. Brush St., Suite 200, Tampa, FL 33602; and Robert E. O'Neill, U.S. ATTORNEY'S OFFIVE, MIDDLE DISTRICT, 400 N. Tampa St., Suite 3200, Tampa, FL 33602, on this 1st day of November, 2004.

_____

Attorney

# 2364492_v1