JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>  Defendants. | Case No. CR-18-00258-EJD<br><br>**MS. HOLMES' NOTICE OF OBJECTION TO EXHIBIT 3217**<br><br>Hon. Edward J. Davila |

In the evening on October 13, 2021, the government disclosed to the defense its intent to admit Exhibit 3217 during the testimony of Dr. Sunil Dhawan, who may testify as early as Thursday, October 14, 2021. Exhibit 3217 is an email attaching a July 7, 2016 letter from CMS to Theranos imposing sanctions and purporting to opine on Theranos' credibility. The letter is hearsay. It is also irrelevant and highly prejudicial. Ms. Holmes hereby notifies the Court that she intends to object to the admission of this exhibit.

**I.      Background.**

The Court previously granted the government's motion to admit the January 25, 2016 CMS Form CMS-2567 Statement of Deficiencies resulting from CMS's 2015 inspection of Theranos. MIL Order, ECF 798, at 16-20. As the Court's MIL Order explains, that inspection report triggered a series of adversarial communications between Theranos and CMS regarding Theranos' efforts to remediate the deficiencies found by CMS in the Form CMS-2567. *Id.* at 17. Those communications culminated in Exhibit 3217, a July 7, 2016 letter from Karen Fuller at CMS to Theranos, Ms. Holmes, Mr. Balwani, and Theranos' former laboratory director Sunil Dhawan rejecting Theranos' remediation efforts and notifying Theranos of the imposition of sanctions. Saharia Decl., Ex. 1. Following that letter, Theranos appealed the imposed sanctions to an administrative law judge, but CMS and Theranos settled their dispute before the appeal was resolved. *See* MIL Order, ECF 798, at 17.

In its MIL Order, the Court denied Ms. Holmes' motion to exclude evidence of CMS survey findings and sanctions, holding that the evidence is relevant to Ms. Holmes' "state of mind, intent, and knowledge regarding the alleged misrepresentations about the accuracy and reliability of Theranos' blood tests." *Id.* at 17-19. The Court also rejected Ms. Holmes' hearsay arguments by cross-referencing its earlier discussion of the admissibility of the FDA inspection reports. *See id.* at 20. The only document admitted by the Court in its Order was the January 26, 2016 CMS Form CMS-2567. *Id.* The Court acknowledged the possibility of additional discussions regarding "certain exhibits within this

collection of evidence" and invited "new arguments as to why these particular exhibits should still be excluded." *Id.* Exhibit 3217 is one such exhibit.

## II.  Exhibit 3217 Constitutes Inadmissible Hearsay.

The parties' prior CMS-related hearsay arguments focused on the CMS Form-2567. The Court's prior hearsay analysis likewise focused on the FDA inspection reports (and by extension the CMS Form-2567 inspection report). The Court concluded that the FDA inspection reports "consist[] largely of observations" and thus set out "matter[s] observed while under a legal duty to report" under Rule 803(8)(A)(ii). *Id.* at 13-14; *see also id.* at 20 (discussing CMS Form-2567). The Court later reaffirmed that the FDA inspection reports were admissible because "they consist[] largely of observations comparable to those made by government employees such as city building inspectors, medical examiners, and prison case managers." Order on Pre-Trial Motions, ECF 989, at 5 (internal quotation marks omitted).

Neither the parties nor the Court specifically discussed whether Exhibit 3217—which is *not* an agency inspection report—constitutes an agency record admissible under Rule 803(8)(A)(ii). It is not. Exhibit 3217 does not merely report on the inspection findings. Instead, it *evaluates*, in an adversarial setting, Theranos' attempts to demonstrate compliance with CMS standards to remediate the deficiencies found by CMS. The letter purports to make credibility determinations, repeatedly concluding that Theranos' "allegation[s] of compliance [are] not credible" and that Theranos' evidence of compliance is not "acceptable." Saharia Decl., Ex. 1, at 2, 4, 5, 6, 7, 9, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 29, 30. As the commentary to Rule 803(8) makes clear, this kind of agency evaluation could be admissible, if at all, only under Rule 803(8)(A)(iii)—and thus is inadmissible against a defendant in a criminal case. *See* Fed. R. Evid. 803 adv. comm. notes ("[T]he rule with respect to evaluative reports under item (c) is very specific: they are admissible only in civil cases and against the government in criminal cases in view of the almost certain collision with confrontation rights which

MS. HOLMES' NOTICE OF OBJECTION TO EXHIBIT 3217
CR-18-00258 EJD

2

would result from their use against the accused in a criminal case."); *see also United States v. Rosa*, 11 F.3d 315, 333 (2d Cir. 1993) (noting that then-Rule 803(8)(C), now renumbered as Rule 803(8)(A)(iii), "require[s]" exclusion of "factual conclusions" against a defendant in a criminal case).

Nor is the letter admissible for the non-hearsay purpose of proving Ms. Holmes' knowledge. The letter post-dates by half a year the time period of the charged scheme to defraud investors. TSI, ECF 469, ¶ 11. Nor does the letter—which represents the culmination of Theranos' unsuccessful attempt to avoid CMS sanctions—bear on Ms. Holmes' knowledge with respect to representations to paying patients, as Theranos exited the laboratory testing business soon after the letter.

### III.     Exhibit 3217 Is Irrelevant and Inadmissible Under Rule 403.

Ms. Holmes respectfully reiterates that even if the CMS inspection findings are relevant to proving the inaccuracy and unreliability of Theranos' technology (and it remains Ms. Holmes' position that they are not), the sanctions imposed by CMS are not and are substantially more prejudicial than probative. Even if the sanctions themselves were relevant, the government could admit the fact of the sanctions through a knowledgeable witness, rather than admitting this hearsay letter that contains pages upon pages of prejudicial, untested conclusions about Theranos' "credibility." It is difficult to imagine anything more prejudicial to a criminal defendant than seemingly authoritative agency opinions on "credibility." Finally, as already explained above, the letter is not relevant to Ms. Holmes' intent.

*       *       *

For these reasons, Ms. Holmes will object to admission of Exhibit 3217.

DATED:  October 13, 2021                    Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' NOTICE OF OBJECTION TO EXHIBIT 3217
CR-18-00258 EJD

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MS. HOLMES' NOTICE OF OBJECTION TO EXHIBIT 3217
CR-18-00258 EJD