JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

Attorney for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ROGER PARLOFF AND TO EXCLUDE TX 3033** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | Date: October 26, 2021<br>Time: 8:00 a.m.<br>CTRM: 4, 5th Floor |
| Defendants. | Hon. Edward J. Davila |

MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ROGER PARLOFF AND TO EXCLUDE TX 3033
CR-18-00258 EJD


# MOTION TO EXCLUDE CERTAIN TESTIMONY OF ROGER PARLOFF AND TO EXCLUDE TX 3033

PLEASE TAKE NOTICE that on October 26, 2021 at 8:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court pursuant to Rules 401-403 and 701 of the Federal Rules of Evidence to exclude certain testimony of Roger Parloff and to exclude TX 3033.  The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: October 21, 2021

/s/ John D. Cline
JOHN D. CLINE
Attorney for Elizabeth Holmes

MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ROGER PARLOFF AND TO EXCLUDE TX 3033
CR-18-00258 EJD

i

## MEMORANDUM OF POINTS AND AUTHORITIES

Ms. Holmes moves to exclude any testimony by Roger Parloff other than testimony authenticating the recordings of his interviews of Ms. Holmes and his June 2014 article, and to exclude TX 3033. Based on Mr. Parloff's prior statements and his pleadings before this Court, Ms. Holmes expects the government to seek to elicit testimony from Mr. Parloff purporting to interpret, comment on, and assess the truthfulness of her statements to him, including in those recordings.

Such testimony would be inadmissible for three reasons. First, it would be improper for Mr. Parloff to comment on Ms. Holmes' intent. Fed. R. Evid. 701. Second, it would be improper for Mr. Parloff to comment on the truthfulness of Ms. Holmes' extrajudicial statements. Third, Mr. Parloff's understanding of Ms. Holmes' statements is irrelevant. Under the indictment, Mr. Parloff was allegedly a conduit for misstatements—not a victim of the alleged scheme to defraud. Fed. R. Evid. 401-402, 403.

Ms. Holmes also moves to exclude TX 3033, Mr. Parloff's January 21, 2016 *Fortune* article, "How Theranos Misled Me." That article contains inadmissible evidence, improper commentary on Ms. Holmes' intent and truthfulness, inadmissible hearsay, and is inadmissible under Rule 403.

## BACKGROUND

Roger Parloff is a journalist who interviewed Ms. Holmes in 2014 and 2015, and published a generally favorable article about Theranos in June 2014. *See* Cline Decl. in Support of Mot. to Exclude Certain Testimony of Roger Parloff and to Exclude TX 3033 ("Cline Decl."), Exs. 1 (TX 1749), 5 (TX 1750). The government has noticed Mr. Parloff as a potential witness, and has included this article in its exhibit list. In addition, the government has noticed as exhibits recordings and notes taken by Mr. Parloff during his interviews of Ms. Holmes and Mr. Balwani. *See* Dkt. 1001 at 80, 83-85, 100, 105-106, 108, 112, 121, 136, 156.

Ms. Holmes and Mr. Parloff spoke for more than 10 hours from April to June 2014, before the release of Mr. Parloff's initial article. Some of those meetings were recorded; for others, Parloff took notes. Mr. Parloff provided recordings and notes of specific interviews of Ms. Holmes and Mr. Balwani to the government, which produced them to the defense.

During the interviews, Ms. Holmes encouraged Mr. Parloff to contact people outside Theranos, and she gave him a list of contacts and contact information. Mr. Parloff eventually interviewed 15 people outside Theranos about the company—including scientists, business leaders, and members of the Theranos Board. In addition, Mr. Parloff had regular communications with Quest Diagnostics and Laboratory Corporation of America, competitors of Theranos and the dominant incumbents in the clinical laboratory industry. On information and belief, as he did with Ms. Holmes, Mr. Parloff made recordings or took notes of these outside interviews. Ms. Holmes has subpoenaed those materials from Mr. Parloff. Ms. Holmes ultimately filed a Motion to Compel, Dkt. 1028, and Mr. Parloff filed a Motion to Quash, Dkt. 1063. Judge Cousins denied the Motion to Compel and granted the Motion to Quash. Minute Order, Dkt. 1089. Ms. Holmes has filed objections to that ruling contemporaneously with this Motion.

In January 2016, following the publication of articles in the *Wall Street Journal* that were critical of Theranos, Parloff published an article in *Fortune* entitled "How Theranos Misled Me." Ex. 2 (MEDIA-001043). The government has noticed this article as TX 3033. In the article, Parloff states, "As much as I'd like to say that Holmes lied to me, I don't think she did. I do believe I was misled—intentionally—but I was also culpable, in that I failed to probe certain exasperatingly opaque answers that I repeatedly received." *Id*. at MEDIA-001045. Parloff expressly based his opinion on reporting in the *Wall Street Journal* by a different journalist that postdated his June 2014 story.

Ms. Holmes expects the government to call Mr. Parloff at trial. In its opening statement, the government said:

> Some of the misrepresentations [allegedly made by Ms. Holmes] were also made to a news reporter named Roger Parloff of 'Fortune' magazine who wrote an article titled "This CEO is Out for Blood." This was published in June of 2014 before a number of the investments that you will hear about. . . . The defendant used the Parloff article to obtain further investments, and her deceit of reporters was an important way that she executed her fraud.

9/8/2021 Gov't Opening Statement Tr. at 546:5-9, 20-22.

Ms. Holmes expects the government to ask Mr. Parloff to authenticate his recordings, and to interpret, comment on, and opine on Ms. Holmes' statements in his interactions with her. Cline Decl. Ex. 3 at 3-6 (9/3/2021 302); Ex. 4 at 5 (4/10/2018 302). In Mr. Parloff's most recent interview, the

government played clips from audio recordings of interviews with Ms. Holmes, and Mr. Parloff commented on them. *See* Ex. 3 at 3-6 (quoting recordings of Ms. Holmes' statements and stating what Mr. Parloff "understood" them to mean). In another interview with the government, Mr. Parloff stated that he now believes that "Theranos" lied to him in those exchanges. Ex. 4 at 5. Mr. Parloff has stated that he intends to testify to "[w]hat he took [Ms. Holmes'] statements to mean in the setting of the questions that he asked of her" and "whether inconsistencies in [Ms. Holmes'] various statements over time led [Parloff] to such a belief [that Ms. Holmes lied or deliberately misled him]." Mot. to Quash, Dkt. 1063 at 11-12.[1]

**I.   This Court Should Exclude Any Testimony Beyond Mr. Parloff's Authentication of his Recordings of Interviews with Ms. Holmes and the June 2014 Article.**

For three reasons, the Court should exclude any testimony from Mr. Parloff beyond the authentication of his recordings of interviews of Ms. Holmes and his June 2014 article.[2]

First, it appears that Mr. Parloff intends to comment on Ms. Holmes' intent in making certain statements to him. Under Rule 701, such speculative testimony lacking in personal knowledge is improper. *Coca-Cola Co. v. Overland Inc.*, 692 F.2d 1250 (9th Cir. 1982), is instructive. There, Coca-Cola sued a Nevada Casino for breach of trademark and unfair competition for serving Pepsi-Cola in response to specific orders for "Coca-Cola" or "Coke" without customers' consent. The casino responded that the term "Coke" was generic (and therefore unprotected by the Lanham Act), and casino employees supplied affidavits stating that, when guests used the term "Coke," they meant it as a generic term for all cola beverages, rather than as a request for a specific product. *See id*. at 1254 ("These affidavits state that the employees *believe* that customers ordering 'Coke' are using the term in a generic sense." (emphasis in original)). The Ninth Circuit held that, under Fed. R. Evid. 701, the employees were "not qualified to testify as to what their customers are thinking when using the term 'Coke,'" rendering the affidavit statements inadmissible. *Id*. at 1255.

---

[1] In its 404(b) notice, the government noticed numerous statements attributed to Ms. Holmes by Mr. Parloff. 9/28/2020 404(b) Notice 47-50.

[2] Ms. Holmes expects that Mr. Parloff will authenticate TX 1749 and TX 1750.

MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ROGER PARLOFF AND TO EXCLUDE TX 3033
CR-18-00258 EJD

3

1    Second, it would be improper for Mr. Parloff to comment on the truthfulness of the extra-judicial
2    statements of Ms. Holmes.  The Ninth Circuit has made clear that "opinion evidence regarding a
3    witness' credibility is inadmissible." *United States v. Sanchez*, 176 F.3d 1214, 1220 (9th Cir. 1999).  In
4    *Sanchez*, the Ninth Circuit reversed a conviction because, among other things, the government had asked
5    a witness to opine on the truthfulness of statements made by the defendant during an interview with law
6    enforcement.  *Id.* at 1221 (finding prosecutorial misconduct).

7    Third, because the government has argued to the jury that Mr. Parloff was a conduit for false
8    statements to investors, rather than a victim himself, Mr. Parloff's interpretation of those statements is
9    irrelevant under Rules 401-402.  9/8/2021 Gov't Opening Statement Tr. 546:5-22 (alleging specific false
10   statements in Mr. Parloff's reporting, and that Ms. Holmes "used the Parloff article to obtain further
11   investments"); *see also* TSI, Dkt. 469, ¶ 12(I) (alleging that Ms. Holmes and Mr. Balwani made false
12   and misleading statements to "members of the media for publication" and "shared the resulting articles
13   with potential investors" "knowing their statements to members of the media were false and
14   misleading").  Such testimony would also be inadmissible under Rule 403.  It is highly prejudicial, and
15   misleading to the jury, to allow a witness who is not an alleged victim to "interpret" Ms. Holmes'
16   statements.  Such testimony invites the jury to conclude that Mr. Parloff is a victim of the alleged
17   scheme to defraud, contrary to the terms of the indictment and governing law.

18   It would be all the more inappropriate to allow Mr. Parloff to provide the challenged testimony if
19   Ms. Holmes' subpoena to Mr. Parloff is quashed, because the requested documents—Mr. Parloff's
20   recordings and notes of other interviews related to Theranos—are necessary to challenge Mr. Parloff's
21   interpretation of Ms. Holmes' words and his opinions on whether she was truthful.  If Mr. Parloff
22   purports to comment on Ms. Holmes' statements, then Ms. Holmes is entitled to probe (and the jury is
23   entitled to hear) the full context for Mr. Parloff's understanding of those statements.  That context
24   includes information gathered by Mr. Parloff from numerous sources at Ms. Holmes' referral.  Those
25   sources had a great deal of information about Theranos, and Ms. Holmes expected them to share it with
26   Mr. Parloff.  Because Ms. Holmes' Motion to Compel has been denied, Ms. Holmes currently lacks
27   access to the documentary materials necessary to explore these issues at trial.  As a result, if Mr. Parloff

were permitted to testify beyond the authentication of the recordings of Ms. Holmes and his June 2014 article, Ms. Holmes would be severely constrained in her ability to conduct an effective cross-examination, in violation of her Fifth and Sixth Amendment rights. Ms. Holmes discusses the importance of the materials subject to her subpoena in her objections to Judge Cousins' ruling, filed concurrently with this Motion.

**II.   The Court Should Exclude TX 3033.**

TX 3033 is inadmissible for five reasons. Ex. 2.

First, TX 3033 would inject inadmissible evidence into the case. The January 2016 article relies heavily on reporting from the *Wall Street Journal*; indeed, Mr. Parloff states in the article that he feels "intentionally" "misled" precisely because of what he read in the *Wall Street Journal*. This Court has excluded the *Wall Street Journal* article described in TX 3033 from evidence. Order re: Motions *in Limine*, Dkt. 798 at 44; *see also* Dkt. 586-2 at 12-24. The government may not use Mr. Parloff's article to evade that ruling.

Second, the article improperly states that Ms. Holmes "intentionally" misled Mr. Parloff. For the reasons stated above, that is impermissible commentary on the state of mind of another person. *See supra* p. 3.

Third, the article improperly opines on Ms. Holmes' truthfulness, by accusing Ms. Holmes of "intentionally" "misle[ading]" Mr. Parloff. *See supra* p. 4.

Fourth, the article contains inadmissible hearsay statements. Specifically, the article contains double hearsay statements, relevant only for the truth of the matter asserted, from the *Wall Street Journal* coverage. Ex. 2 at MEDIA-001043 (summarizing double hearsay statements from the article about the use of fingerstick testing at Theranos).

Lastly, any probative value of the article is far outweighed by its unfair prejudice. Mr. Parloff's accusations concerning Ms. Holmes' intent, truthfulness, and interactions with him are highly inflammatory. *See supra* pp. 3-4.

**CONCLUSION**

For the foregoing reasons, the Court should grant Ms. Holmes' Motion.

MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ROGER PARLOFF AND TO EXCLUDE TX 3033
CR-18-00258 EJD

5

1  DATED:  October 21, 2021                    Respectfully submitted,

2                                              /s/ John D. Cline
                                               JOHN D. CLINE
3                                              Attorney for Elizabeth Holmes

28 | MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ROGER PARLOFF AND TO EXCLUDE TX 3033
CR-18-00258 EJD

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ John D. Cline
JOHN D. CLINE
Attorney for Elizabeth Holmes

MS. HOLMES' MOTION TO EXCLUDE CERTAIN TESTIMONY OF ROGER PARLOFF AND TO EXCLUDE TX 3033
CR-18-00258 EJD