David S. Korzenik (admitted *Pro Hac Vice*)
Terence P. Keegan (admitted *Pro Hac Vice*)
Miller Korzenik Sommers Rayman LLP
1501 Broadway, Suite 2015
New York, New York 10036
Telephone: 212-752-9200
dkorzenik@mkslex.com
tkeegan@mkslex.com

Joshua Koltun (Bar No. 173040)
Attorney
1 Sansome Street
Suite 3500, No. 500
San Francisco, California  94104
Telephone:  415.680.3410
Facsimile:  866.462.5959
joshua@koltunattorney.com
*Attorneys for Non-Party Witness Roger Parloff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiffs,<br><br>v.<br><br>ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI,<br><br>  Defendants. | Case No.:  5:18-cr-00258-EJD (NC)<br><br>**RESPONSE OF ROGER PARLOFF TO HOLMES' MOTION *IN LIMINE* REGARDING THE SCOPE OF HIS POTENTIAL TESTIMONY**<br><br>**RESPONSE OF ROGER PARLOFF TO HOLMES' OBJECTIONS TO THE ORDER OF MAG. JUDGE COUSINS DENYING HOLMES' MOTION TO COMPEL AND GRANTING PARLOFF'S MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER;**<br><br>**UNOPPOSED REQUEST TO APPEAR AT HEARING VIA ZOOM**<br><br>Date:   To Be Set by Court<br>Time:   To Be Set by Court<br>Place:  To Be Set by Court<br>Judge: The Hon. Edward J. Davila |

i

### RESPONSE TO OBJECTIONS AND TO MOTION IN LIMINE

**Roger Parloff** – a journalist and third-party witness in this proceeding – by his counsel, **Miller Korzenik Sommers Rayman LLP and Joshua Koltun**, hereby responds to:

1) ***Defendant Holmes' Objections*** [Dkt#1102] to Magistrate Judge Cousins' Order [Dkt#1089; Tr. 10/14/21 at p. 50-52] which Denied Defendant Holmes' Motion to Compel [Dkt#1028] and Granted Parloff's Motion to Quash Holmes' Subpoena and His Motion for a Protective Order [Dkt#1063]; and

2) ***Defendant Holmes' Motion in Limine*** [Dkt#1103] which seeks to limit the scope of testimony that might be given by Parloff.

Parloff's Counsel requests permission to appear via Zoom for any hearing on Holmes' In Limine Motion. Counsel for Holmes has consented to that request. The Motion in Limine was initially noticed for October 26, 2021. It was adjourned without date.

### MEMORANDUM OF LAW

Parloff's position on both the Motions to which the Objections apply is set forth in his Memorandum in Opposition to Holmes' Motion to Compel and in Support of his Cross-Motion to Quash and for a Protective Order. [Dkt#1063] The Parloff Memorandum is attached for the Court's convenience. **Exhibit A**.

The Memorandum addresses **both** the *In Limine* Motion and Holmes' Objections since they both turn on the irrelevance and inadmissibility of the materials and testimony sought by Holmes in her Motion to Compel. Magistrate Judge Cousins denied Holmes' Motion and granted Parloff's Cross-Motion. [Dkt#1089] His decision and order apply equally to the *In Limine* motion and to the Objections.

To be clear, Parloff *agrees,* for the most part, with the legal premise of the Motion in Limine: to wit, that it would not be appropriate to elicit from him testimony "purporting to interpret,[1] comment on, and assess the truthfulness of" Holmes' statements to him. *See* Holmes Memorandum of Points

---

[1] Insofar as Parloff may be testifying to his recollection of communications, some limited amount of interpretation and explication may be inevitable and appropriate.

- 1 -

- 2 -

and Authorities [Dkt#1103], at 1:5-6.  Contrary to Holmes' counsel, we do not understand the government to be seeking such commentary.  Roger Parloff can competently testify to only this: what Holmes told him in the course of his interviews with her.  These statements are reflected in his audio recordings of those interviews, in his notes of those interviews and in his article for *Fortune* Magazine that cites to those interviews.

As Parloff argued before Magistrate Judge Cousins, Parloff's state of mind is not at issue, including his belief – in the past or at present – as to whether Holmes was truthful in her statements.  If statements that she made were inconsistent, then the jury can draw its own conclusions from that.  Though Holmes in her initial Motion To Compel argued that Parloff's state of mind **was** relevant, and appears to renew that argument in her Objections, her counsel **now** concedes in her Motion in Limine that it is **not**.

The Motion in Limine does, however, appear to be too restrictive in that it proposes to limit Parloff to authenticating his recordings of interviews (and his June 2014 *Fortune* article).  *See* Holmes Memorandum of Points and Authorities [Dkt#1103], at 1:2-3.  Insofar as Parloff has any recollection of conversations with Holmes other than those which were recorded – as to which his notes document her statements to him or refresh his recollection – he is competent to testify to such.

Parloff will in all events continue to assert his Reporter's Privilege as to any communications with any persons other than Holmes or Defendant Balwani.  While he provided the full and unedited statements from Holmes and Balwani that he was witness to, he did not yield his Reporter's Privilege as to his other sources – some confidential – or to his journalistic deliberations and conclusions.

For these reasons, the Objections should be denied and the Motion In Limine adjusted as described above and any ruling as to testimony to be held in line with the positions taken by Parloff in his accompanying Protective Order Memorandum.

October 28, 2021

Respectfully submitted,

_____/s/_____
Joshua Koltun

_____/s/_____
David S. Korzenik

_____/s/_____
Terence P. Keegan

*Attorneys for Non-Party Witness Roger Parloff*

- 3 -

PARLOFF RESPONSE TO HOLMES' MOT. IN LIMINE AND OBJECTIONS
AND REQUEST TO APPEAR AT HEARING VIA ZOOM                18-cr-00258-EJD (NC)

## CERTIFICATE OF SERVICE

I certify that on October 28, 2021, I filed this response/memorandum and the accompanying exhibit via ECF for service on all counsel of record.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 28, 2021 in Brooklyn, New York.

_____/s/_____
Terence P. Keegan
Admitted *Pro Hac Vice*