JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **MS. HOLMES' MOTION TO EXCLUDE TESTIMONY OF B.B.** |
| v. | Date: November 2, 2021 |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | Time: 8:15 a.m. CTRM: 4, 5th Floor |
| Defendants. | Hon. Edward J. Davila |

MS. HOLMES' MOTION TO EXCLUDE TESTIMONY OF B.B.
CR-18-00258 EJD

## MOTION TO EXCLUDE TESTIMONY OF B.B.

PLEASE TAKE NOTICE that on November 2, 2021 at 8:15 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court pursuant to Rules 401–403 of the Federal Rules of Evidence to exclude the testimony of B.B. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: October 30, 2021

                                              /s/ Amy Mason Saharia
                                              KEVIN DOWNEY
                                              LANCE WADE
                                              AMY MASON SAHARIA
                                              KATHERINE TREFZ
                                              Attorneys for Elizabeth Holmes

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government has noticed its intent to call B.B., a Theranos customer who ordered four Complete Blood Count ("CBC") panels in 2015. As the government is aware, neither CBC nor any of its subsidiary assays[1] are listed in the Indictment or in the Bill of Particulars as allegedly inaccurate tests. Ms. Holmes therefore moves to exclude B.B.'s testimony, which would run afoul of the Court's orders (1) requiring the government to provide a Bill of Particulars, *see* Dkt. 330 at 16; *see also* Dkt. 798 at 79, and (2) precluding the government "from introducing any evidence or argument regarding the purported inaccuracy and unreliability of tests not identified in the Government's Bill of Particulars," Dkt. 798 at 80. Because there appears to be no other permissible purpose for this witness's testimony, B.B. should be precluded from testifying altogether. Moreover, it would be unduly prejudicial to allow B.B. to testify about his Theranos tests when any testimony concerning accuracy of his tests is impermissible.

**I.      Background.**

The government intends to call B.B., a Theranos customer who ordered a Theranos CBC panel to monitor his platelets. Saharia Decl., Ex. 1 at 1-2. B.B.'s memorandum of interview explains that he had doubts about his first platelet result and believed his Theranos result was inaccurately high. *Id*. He subsequently ordered more Theranos tests for the purpose of comparing the Theranos values with results of tests from other labs to determine whether Theranos tests were accurate. *Id.* at 2. The memorandum further details B.B.'s attempts to reach Theranos to raise the alleged inaccurate tests and his belief that he never obtained a satisfactory response. *Id.*

Several rulings and pleadings limit the government's ability to elicit testimony concerning CBC. First, the Indictment identifies over twenty allegedly inaccurate assays; neither CBC nor any of its components are identified. Dkt. 469 ¶ 16. Second, to avoid unfair surprise and unnecessary preparation, the Court ordered a Bill of Particulars identifying all tests for which the government alleged there were issues with accuracy and reliability. Dkt. 330 at 16. Again, neither CBC nor any of its components

---

[1] CBC was a testing panel that included, among other subsidiary measurands, platelet count.

MS. HOLMES' MOTION TO EXCLUDE TESTIMONY OF B.B.
CR-18-00258 EJD

1

were identified by the government in its Bill of Particulars. Dkt. 377 at 25 (under seal). Third, the government's expert disclosure identified no expert or medical professional who will opine on this assay.[2]

The government has been aware of these facts for nearly a year. Ms. Holmes already moved to exclude evidence and testimony bearing on the accuracy of any tests not listed in the Indictment or Bill of Particulars. Dkt. 568. In the Reply in support of her Motion, Ms. Holmes specifically identified B.B. as a witness who may be called to testify concerning platelet count. Dkt. 711 at 1. The government acknowledged in its opposition that CBC was not identified in its Bill of Particulars, Gov't Opp'n, Dkt. 664 at 3, but has failed to take any action thereafter to cure this issue or provide clarity on any permissible testimony it believes it can elicit from this witness.

After considering Ms. Holmes' motion, the Court held that "[t]he Government is precluded from introducing any evidence or argument regarding the purported inaccuracy and unreliability of tests not identified in the Government's Bill of Particulars." Dkt. 798 at 80. The Court allowed the government to "introduce evidence or testimony about tests not listed in the Bill of Particulars for purposes unrelated to the accuracy and reliability of those tests" but made clear that any testimony regarding the accuracy of those tests was prohibited. *Id*.

The Court's rulings have left the government unable to elicit testimony about the accuracy of CBC or the platelet assay or to offer any expert testimony concerning the test.

## II.    B.B.'s Testimony should be excluded.

The Court should preclude B.B.'s testimony because it is irrelevant and, for related reasons, unduly prejudicial under Rule 403.

### A.    Because the government cannot elicit any testimony about the accuracy of B.B.'s test, his testimony is irrelevant under Rule 401.

The Court's Order is clear: the "Government is precluded from introducing any evidence or argument regarding the purported inaccuracy and unreliability of tests not identified in the

---

[2] Notably, Dr. Stephen Master, the government's noticed hematology expert, has not included CBC as one of the tests reviewed in either his first expert report or his "supplemental" report.

MS. HOLMES' MOTION TO EXCLUDE TESTIMONY OF B.B.
CR-18-00258 EJD
2

1  Government's Bill of Particulars." Dkt. 798 at 80.

2       Although the Court left room for testimony concerning tests not in the Bill of Particulars for
3  other purposes such as number or types of tests, or Theranos general practices with developing, offering,
4  or conducting and reporting assays, none of these purposes applies to B.B.'s testimony. *Id.* at 79.
5  B.B.'s memorandum of interview indicates that the government's focus for this witness is the accuracy
6  of his CBC test results as compared to the results he received from other labs for the same test. Saharia
7  Decl., Ex. 1 at 1-2. B.B. explained that he thought the results of his first Theranos assay were
8  suspicious, and he then proceeded to order more tests in parallel with tests from Theranos competitors to
9  test the accuracy of Theranos tests; and that he called Theranos to complain but never received a
10 satisfactory response. *Id.* at 2. Such testimony is unrelated to the purposes articulated in the Court's
11 order.

12      The other purposes identified in the government's opposition to the motion in limine are
13 inapplicable to B.B.'s potential testimony. The government's opposition identified the relevance of
14 CBC under a theory that "qualified witnesses may explain that this test is common and relied upon by
15 medical professionals in a variety of contexts." Gov't Opp'n Dkt. 664 at 3. The government further
16 explained it planned to elicit evidence that a CBC test required the use of a component called a
17 cytometer that was not included in Theranos' proprietary device. *Id.* B.B. cannot testify as to either of
18 those topics: he is not a noticed expert, and has no personal knowledge of Theranos' technology or its
19 capabilities.

20      It is unclear, based on the Court's rulings, what testimony (if any) the government could elicit
21 from this witness. But it is clear that none of the government's previously proffered theories of
22 relevance would allow B.B.'s testimony under the Court's order.

23      **B.**     **Allowing B.B. to testify about this assay when the accuracy of his test is not at issue is unduly prejudicial under Rule 403.**
24

25      The obvious implication of a government patient witness discussing a Theranos test is that the
26 test he or she received was inaccurate. This is particularly so with this witness, whom Ms. Holmes
27 anticipates will testify that he had medical issues that required him to regularly monitor his platelet
28

MS. HOLMES' MOTION TO EXCLUDE TESTIMONY OF B.B.
CR-18-00258 EJD

3

count, that he attempted to do so through Theranos' CBC test, and that he called to complain about his test but did not receive a satisfactory response. Saharia Decl., Ex. 1 at 1-2. Such testimony would mislead the jury, as the government will present no expert testimony to help the jury understand this lay testimony about supposedly inaccurate test results. The testimony would be highly prejudicial; it would put Ms. Holmes in the untenable position of having to cross-examine B.B regarding the accuracy of the test (i.e., focusing the jury's attention on an issue that is not in this case) or allowing this impermissible implication to stand.

The Court's MIL Order on this issue was clear: If a test is not listed in the Bill of Particulars, then the government is prohibited from eliciting testimony about the accuracy and reliability of that test. Dkt. 798 at 80. Based on B.B.'s interview, there appears to be no purpose for this testimony other than to testify about his supposedly inaccurate test. The Court should exclude his testimony.

## CONCLUSION

For the foregoing reasons, the Court should grant Ms. Holmes' motion.

DATED: October 30, 2021      Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

# CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MS. HOLMES' MOTION TO EXCLUDE TESTIMONY OF B.B.
CR-18-00258 EJD