JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

Attorney for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | |
| v. | **DEFENDANT ELIZABETH HOLMES' REPLY IN SUPPORT OF PARLOFF MOTION IN LIMINE AND OBJECTIONS TO ORDER QUASHING PARLOFF SUBPOENA** |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | Hon. Edward J. Davila |

The parties[1] are in substantial agreement about the permissible scope of Roger Parloff's direct testimony. He may authenticate his recordings of interviews with Ms. Holmes. He may authenticate his June 2014 Fortune article. For interviews that were not recorded, he may recount otherwise admissible statements Ms. Holmes made to him. He may not comment on her knowledge or intent, and he may not opine on her truthfulness. Nor may the government introduce his January 2016 article in which he claimed

---

[1] Ms. Holmes' motion in limine is Dkt. 1103. The government's response is Dkt. 1115. Parloff has also opined on the permissible scope of his testimony. Dkt. 1114. His views, to the extent they are relevant, appear to coincide with Ms. Holmes' position.

that Theranos misled him, absent door-opening by Ms. Holmes.

But areas of significant disagreement remain. The government seeks to have Parloff offer "context" for Ms. Holmes' statements. To the extent that means only that Parloff will testify that he interviewed Ms. Holmes in the course of preparing an article, that he spoke with her on particular days or by particular means (face-to-face, by telephone, etc.), and so forth, we have no objection. But the government uses "context" far more broadly, to include Parloff's "purpose in asking certain questions," "how questions and answers fit into the overall series of conversations between him and Defendant," "what he understood from Defendant's answers," and "[h]ow Defendant's statements influenced and supported the content of the [June 2014] article." Dkt. 1114 at 3-4. These matters are irrelevant and unfairly prejudicial. The Court should exclude the proposed testimony under Rules 401 and 403. If Parloff is permitted to testify in these areas, over Ms. Holmes' objection, then it is essential that the Court reverse Magistrate Judge Cousins' order quashing her subpoena duces tecum and order Parloff to produce the requested materials.

**ARGUMENT**

**I.    THE MOTION IN LIMINE SHOULD BE GRANTED.**

According to the indictment and the government's opening statement, Ms. Holmes used Parloff and his June 2014 Fortune article as a conduit through which to convey false information to investors. Dkt. 469 at 7, ¶ 12(I); T. 9/8/21 at 546. Under this "conduit" theory, all that is relevant within Parloff's personal knowledge is what Ms. Holmes said to him and what his 2014 Fortune article states. It does not matter what "purpose" Parloff had "in asking certain questions," how Parloff's questions and Ms. Holmes' answers "fit into [their] overall series of conversations," how Ms. Holmes' statements "influenced and supported the content" of the June 2014 article, or "what [Parloff] understood from [Ms. Holmes'] answers." That purported "context" is merely a means to smuggle into the case Parloff's well-documented bitterness and resentment toward Ms. Holmes. It has no probative value and significant unfair prejudicial impact.

The government asserts that the "context" it seeks to elicit is relevant because "it will aid the jury in understanding [1] why Parloff asked certain questions and refrained from asking others, [2] why he

wrote what he did in June 2014 and, in turn, [3] how Defendant used that article in furtherance of her scheme to defraud." Dkt. 1115 at 4 (bracketed numbers added). Points 1 and 2 are entirely irrelevant. The jury does not need to understand *why* Parloff conducted the interviews as he did or *why* he wrote the article in one way rather than another. Those facts are of no "consequence to the action" and are therefore irrelevant. Fed. R. Evid. 401(b).

The jury will have before it Ms. Holmes' statements to Parloff and the June 2014 article. As factfinder, aided by the parties' closing arguments, it can determine the connection between what Ms. Holmes told Parloff and what he wrote. His subjective reasons for choosing particular portions of her statements to emphasize, for paraphrasing her words in certain ways, and so on do not matter. Point 3-- how Ms. Holmes allegedly used the Fortune article to defraud investors--is relevant, but it is not within Parloff's personal knowledge. As the government notes, Dkt. 1115 at 1-2, the parties have introduced evidence touching on that allegation through other witnesses.

For these reasons, and the reasons in Ms. Holmes' initial motion, the Court should limit Parloff's testimony to authenticating his tapes and his June 2014 article and, to the extent Ms. Holmes made relevant statements to him that are not taped, to describing the content of those statements.

## II. THE SUBPOENA DUCES TECUM SHOULD BE ENFORCED, PARTICULARLY IF THE MOTION IN LIMINE IS DENIED.

If the Court limits Parloff's testimony as we request, then the relevance of the documents Ms. Holmes seeks through her subpoena will be principally to demonstrate that she and Theranos encouraged Parloff to speak with scientists, business executives, and others with knowledge of Theranos and its technology in advance of the June 2014 article. Although the documents are also relevant to expose Parloff's bias, that point will be less important if his testimony consists solely of authenticating tapes and his June 2014 article and reciting the content of relevant statements Ms. Holmes made to him.

On the other hand, if the Court permits the government to elicit the "context" it describes, then the subpoenaed documents are not merely relevant, but essential to Ms. Holmes' Fifth and Sixth Amendment right to present a complete defense and to confront the witnesses against her. The information Parloff had available from sources other than Ms. Holmes bears directly on his claims concerning his "purpose in asking certain questions," "what he understood from Defendant's answers," and "[h]ow Defendant's

MS. HOLMES' REPLY RE PARLOFF MOTION IN LIMINE
AND OBJECTIONS TO ORDER QUASHING SUBPOENA
CR-18-00258 EJD                                3

statements influenced and supported the content of the [June 2014] article." Dkt. 1114 at 3-4. If the Court were to permit that highly prejudicial and irrelevant testimony without affording Ms. Holmes the evidence she needs to counter it, the factfinding process would be irrevocably distorted.

Parloff asserts the First Amendment reporter's privilege in response to the subpoena duces tecum. Dkt. 1114 at 1, incorporating Dkt. 1063. For the reasons explained in Dkt. 1082 at 2-4, the privilege does not shield Parloff's documents from production. The privilege applies in criminal cases only when the reporter establishes bad faith or harassment. *See, e.g.*, *In re Grand Jury Proceedings*, 5 F.3d 397, 400-03 (9th Cir. 1993) (in rejecting claim of scholar's privilege, court finds no basis for not "'insisting that reporters, like other citizens, respond to relevant questions put to them in the course of a valid grand jury investigation or criminal trial'"); *United States v. Schneider*, 2003 U.S. Dist. LEXIS 27324, at *4 (N.D. Cal. Nov. 18, 2003) (Illston, J.) (rejecting reporter's privilege in criminal case absent bad faith or harassment). Parloff has neither alleged nor proven bad faith or harassment. The Court should thus deny his demand to be exempted from "'the fundamental principle that the public has a right to every man's evidence.'" *United States v. Sterling*, 724 F.3d 482, 502 (4th Cir. 2013) (rejecting assertion of reporter's privilege absent bad faith or harassment) (quoting *University of Pennsylvania v. EEOC*, 493 U.S. 182, 189 (1990)).

## CONCLUSION

For the foregoing reasons, Ms. Holmes respectfully requests that the Court limit Parloff's testimony as described above and order him to comply with Ms. Holmes' subpoena duces tecum.

DATED: November 1, 2021         /s/ John D. Cline
                                JOHN D. CLINE
                                Attorney for Elizabeth Holmes

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2021, I filed the foregoing pleading via ECF, which will serve all parties.

                                      /s/ John D. Cline
                                      JOHN D. CLINE
                                      Attorney for Elizabeth Holmes

MS. HOLMES' REPLY RE PARLOFF MOTION IN LIMINE
AND OBJECTIONS TO ORDER QUASHING SUBPOENA
CR-18-00258 EJD