STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 18-CR-00258 EJD |
|---|---|---|
| Plaintiff, | ) ) | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE |
| v. | ) ) | TESTIMONY OF PATIENT-VICTIM B.B. |
| ELIZABETH HOLMES, | ) ) | |
| Defendant. | ) ) ) | Court: Hon. Edward J. Davila |

The government opposes Defendant Elizabeth Holmes's Motion to Exclude Testimony of B.B. ECF No. 1116 ("Mot."). Defendant's Motion asks the Court to use the Bill of Particulars—which supplements the notice in the Indictment regarding the charges against Defendant—to block testimony from the patient-victim associated with one of the wire fraud counts in the Third Superseding Indictment ("TSI"). *See* ECF No. 469 at 11 (listing B.B.'s wire communication as Count Nine in TSI). Defendant filed her motion less than a week before that patient-victim is expected to testify. The Court should deny Defendant's motion because Defendant has received sufficient notice of B.B.'s anticipated testimony and the relevance of his testimony is manifest from the face of the TSI.

On February 11, 2020, the Court largely denied Defendant's motion to dismiss the then-controlling Indictment but required the government to provide a Bill of Particulars with "the particular tests that the Government claims Theranos was not capable of consistently producing." ECF No. 330 at 16. The Court also denied Defendant's request for names and specific topics of patient-victims' testimony in part because the government had already disclosed that information through its production of the related memoranda of interviews. *See id.* at 17 (quoting government's Opposition asserting that "Defendants have full access to all the information in the government's possession concerning the victims and how they might testify"). The Court granted Defendant's motion to dismiss non-paying patient counts. *Id.* at 27–38. On March 27, 2020, the government provided the required Bill of Particulars to Defendant, supplementing the notice it provided in the then-controlling Indictment. ECF No. 377. Later that month, the government interviewed additional *paying* patient-victims—including B.B.—and provided the memoranda of those interviews to Defendant. *See*, *e.g.*, ECF No. 1116-2 (detailing interview of B.B. on March 30, 2020). On May 8, 2020, the government filed a Superseding Felony Information, listing as Count Nine a wire communication involving B.B. ECF No. 391 ¶ 26. Two months later, on July 28, 2020, a grand jury issued the operative Third Superseding Indictment against Defendant, still including B.B. as the victim in Count Nine. ECF No. 469 (TSI) ¶ 26. In advance of the trial, the government produced the related grand jury transcripts to the Defendant.

Defendant has been on notice of the government's intent to call B.B. to testify about the inaccurate blood test he received from Theranos since at least May 2020, and arguably even a month earlier when the government produced the memorandum of the government's interview of B.B. As this

1  Court has acknowledged, "[t]he Government must only provide enough facts to apprise the defendant of
2  what defense should be prepared for trial" (ECF No. 330 at 9)—the TSI meets that standard for patient-
3  victim B.B.  Indeed, Defendant noted the tension between the blood test B.B. received and the
4  government's Bill of Particulars (provided months earlier to Defendant) in its reply brief associated with
5  its motion to exclude evidence related to the inaccuracy or unreliability of tests not identified in the Bill
6  of Particulars.  ECF No. 711 at 2–3.  The parties did not have oral argument on this motion and the
7  Court did not make any ruling related to B.B. in its subsequent order.  *See* ECF No. 798 at 78–80.
8  Defendant's effort months later to use the Bill of Particulars to exclude B.B.'s testimony contravenes the
9  purpose of the Bill of Particulars—which is to provide supplemental notice to avoid surprises at trial, not
10 circumvent the controlling Indictment.

11         The purpose of providing a Bill of Particulars to the Defendant is threefold: "to inform the
12 defendant of the nature of the charge against [her] with sufficient precision to enable [her] to prepare for
13 trial, to avoid or minimize the danger of surprise at the time of trial, and to enable [her] to plead [her]
14 acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is
15 too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.
16 1979) (quotation omitted).  But "[t]o the extent that the indictment or information itself provides details
17 of the alleged offense, a bill of particulars is, of course, unnecessary." *Id.* (quotation omitted).  Rather,
18 as this Court noted, the Bill of Particulars is "designed to apprise the defendant of the specific charges
19 being presented to minimize danger of surprise at trial, to aid in preparation[,] and to protect against
20 double jeopardy." ECF No. 330 at 12 (quoting *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir.
21 1983)).  The Court also noted that, in judging the sufficiency of the indictment, the question "is whether
22 the indictment adequately alleges the elements of the offense and fairly informs the defendant of the
23 charge, not whether the Government can prove its case." *Id.* at 6 (quoting *United States v. Buckley*,
24 689 F.2d 893, 897 (9th Cir. 1982)); *see also United States v. Kwok Cheung Chow*, No. 14-CR196-CRB,
25 2015 WL 4480425, at *2 (N.D. Cal. July 21, 2015) (denying request for further details in second bill of
26 particulars).

27         Here, although the Court ordered the government to provide more information and notice to
28 Defendant in a Bill of Particulars regarding "the particular tests that the Government claims Theranos

U.S.' OPP'N RE: DEF.'S MOT. TO EXCLUDE TESTIMONY OF B.B.,
CASE NO. 18-CR-258 EJD                         2

1  was not capable of *consistently* producing" (ECF No. 330 at 16 (emphasis added)), the Court has never
2  held that Defendant had insufficient notice of the particular crime as charged against Defendant with
3  respect to patient-victim B.B.  Put differently, the Court's Order in February 2020 requiring the
4  government to provide additional notice to Defendant of the evidence it would introduce to show
5  Defendant's scheme to defraud Theranos patients—which resulted in the Bill of Particulars and has been
6  reflected in the evidence the government has presented at trial thus far—does not and cannot undercut
7  the relevance of a specific instance where Theranos provided an inaccurate and unreliable test to a
8  paying patient who has been listed as a count in the controlling Indictment since May 2020.

9  Nevertheless, rather than claiming that she did not have sufficient notice of Count Nine in the
10 TSI—of which she has been on notice for approximately eighteen months—Defendant is instead
11 claiming that B.B. should not be allowed to testify because his testimony is irrelevant (when compared
12 to the Bill of Particulars) and unduly prejudicial under Federal Rule of Evidence 403.  ECF No. 1116.
13 But "language in an indictment that is relevant to the charges is not surplusage" and the relevance of
14 Count Nine is manifest from the TSI.  *See United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-
15 TEH-1, 2014 WL 4954040, at *2–5 (N.D. Cal. Sept. 29, 2014) (denying motion to strike as surplusage
16 language in the indictment that the court found relevant to the charges).  The testimony of B.B. is
17 directly relevant to the count associated with the inaccurate blood test he paid for and received from
18 Theranos.

19 Therefore, the government respectfully requests that the Court deny outright Defendant's motion
20 to exclude patient-victim B.B. from testifying trial.

22 DATED:  November 2, 2021                           Respectfully submitted,

                                                     STEPHANIE M. HINDS
                                                     Acting United States Attorney


                                                       */s/ Kelly I. Volkar*
                                                     JEFFREY B. SCHENK
                                                     JOHN C. BOSTIC
                                                     ROBERT S. LEACH
                                                     KELLY I. VOLKAR
                                                     Assistant United States Attorneys