UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| USA,<br><br>           Plaintiff,<br><br>   v.<br><br>ELIZABETH A. HOLMES,<br><br>           Defendant. | Case No.   5:18-cr-00258-EJD-1<br><br>**ORDER GRANTING MOTION TO EXCLUDE TESTIMONY**<br><br>Re: Dkt. No. 1116 |

Defendant Elizabeth Holmes moves to exclude testimony of patient-victim B.B.  Ms. Holmes' Motion to Exclude Testimony of B.B. ("Mot."), Dkt. No. 1116.  The Government opposes this motion.  United States' Opposition to Defendant's Motion to Exclude Testimony of Patient-Victim B.B. ("Opp."), Dkt. No. 1124.  Having had the benefit of the Parties' papers and of oral argument on November 3, 2021, the Court **GRANTS** Holmes' motion to exclude B.B.'s testimony.

On February 11, 2020, this Court issued an order granting in part and denying in part Defendants' motion to dismiss the first superseding indictment.  *See* Dkt. No. 330.  This order required the Government to provide Holmes with a Bill of Particulars that "includes the particular tests that the Government claims Theranos was not capable of consistently producing."  Dkt. No. 330 at 16.  Pursuant to the Court's February 2020 Order, the Government provided Holmes with a Bill of Particulars that identified twenty-five assays: bicarbonate, calcium, chloride, cholesterol, HDL, LDL, gonorrhea, glucose, HbA1c, hCG, HIV, LDH, potassium, PSA, PT/INR, sodium, testosterone, TSH, vitamin D (25- OH), and the assays conducted on Theranos' TSPU version 3.5, including estradiol, prolactin, SHBG, thyroxine (T4/free T4), triiodothyronine, and vitamin B-12.

Case No.: 5:18-cr-00258-EJD-1
ORDER GRANTING MOTION TO EXCLUDE TESTIMONY
1

Dkt. No. 378 at 25.  Paragraph 16 of the third superseding indictment ("3SI") also lists these same tests.  Dkt. No. 469, ¶ 16.

In response to the 3SI's and the Bill of Particulars' limitation to these twenty-five assay tests, Holmes moved to exclude any evidence or argument about tests not identified in the Bill of Particulars.  Dkt. No. 568.  The Government argued in opposition that a blanket limitation was not necessary because it did not "plan[] to introduce evidence or argument about tests other than those disclosed in the Indictment for the purpose of attacking their accuracy or reliability," but only planned to use additional, non-identified blood tests to demonstrate "the number and types of tests that Theranos offered," for "Theranos's general practices in connection with developing, offering, conducting, or reporting results of its assays," or "to show the deficiencies of the problematic tests listed in the Indictment."  Dkt. No. 664 at 2–4.  Recognizing both that Holmes should not be forced to prepare unnecessary defenses and the Government's potential need to use non-identified blood tests to demonstrate general issues with the identified blood tests, this Court ordered:

> *The Government is precluded from introducing any evidence or argument regarding the purported inaccuracy and unreliability of tests not identified in the Government's Bill of Particulars*.  The Government may still introduce evidence or testimony about tests not listed in the Bill of Particulars for purposes unrelated to the accuracy and reliability of those tests.  The Government shall provide notice of exhibits or testimony that may involve tests not identified in the Bill of Particulars prior to their introduction so that the parties and Court can address any issues, in the context of specific evidence, outside the presence of the jury.

Dkt. No. 798 at 80 (emphasis added).

Despite the Court's motion in limine order, the Government seeks to introduce testimony from B.B. about the accuracy of a Theranos blood test, even though the type of blood test B.B. received is not identified in the Bill of Particulars or 3SI.  *See* Opp. at 1.  The Government did not identify an alternative purpose for the testimony in its opposition or during argument on this motion.  The Government contends that the Court's motion in limine order does not preclude B.B.'s testimony because the 3SI identifies B.B. and thus provides Holmes with sufficient notice of the Government's intent to call B.B. to testify about the accuracy of the blood test he received.  Opp. at 1.  In the alternative, the Government suggests that B.B.'s testimony can be moved to a

Case No.: 5:18-cr-00258-EJD-1
ORDER GRANTING MOTION TO EXCLUDE TESTIMONY
2

later date to give Holmes adequate time to prepare for the testimony.  The Government's argument focuses on prejudice; that is, it argues both that the motion in limine order's prohibition is not applicable because Holmes should have known that the Government would call B.B. to testify about his test and, in the alternative, that an amendment of the schedule would give Holmes adequate time to prepare a defense.  The Government thus maintains it is irrelevant that the Bill of Particulars did not identify the type of blood test B.B. received.

But the Government's notice argument cuts another way.  By conceding in its opposition to Holmes' motion to exclude non-identified blood tests that it would not elicit testimony about the accuracy or reliability of non-identified blood tests, the Government indicated to Holmes that she need not prepare a defense on these blood tests.  It is therefore insufficient that B.B.'s testimony can be moved, mid-trial, when Holmes' has had no notice of any testimony regarding the accuracy and reliability of non-identified blood tests.  The Court's motion in limine order likewise indicated to Holmes that she need only focus on preparing a defense regarding the accuracy and reliability of identified blood tests.  It would be unfair for this Court to change course on the eve of B.B.'s testimony, especially because the function of a Bill of Particulars is to avoid surprise at trial and assist in the preparation of a criminal defendant's defense.  *See United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) ("[A Bill of Particulars] is designed to apprise the defendant of the specific charges being presented to *minimize danger of surprise at trial, to aid in preparation* and to protect against double jeopardy." (emphasis added)).  For these reasons, the Court **GRANTS** Holmes' motion to exclude B.B.'s testimony.

**IT IS SO ORDERED.**

Dated: November 3, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cr-00258-EJD-1
ORDER GRANTING MOTION TO EXCLUDE TESTIMONY
3