JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **MS. HOLMES' SUBMISSON REGARDING TESTIMONY OF DR. KINGSHUK DAS** |
| v. | Date: November 9, 2021 |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | Time: 8:00 a.m. |
| | CTRM: 4, 5th Floor |
| Defendants. | Hon. Edward J. Davila |

# SUBMISSION RE: TESTIMONY OF DR. KINGSHUK DAS

Ms. Holmes respectfully submits the following statement of issues concerning the testimony of Dr. Kingshuk Das that she may seek to address with the Court prior to Dr. Das' testimony. For the Court's convenience, Ms. Holmes references below any filings or Court orders, or portions thereof, that are relevant to the issues.

## I. CMS REPORT

**Issue: Admissibility of Report Through Dr. Das.** Ms. Holmes maintains that the January 25, 2016 Form CMS-2567 ("CMS Report") and Cover Letter may only be admitted during the testimony of one of the Report's authors, Sarah Bennett or Gary Yamamoto.

| Relevant Docket Entries | | |
|---|---|---|
| **Dkt.** | **Document** | **Description/Excerpts** |
| 574 | Def. MIL | Motion to Exclude CMS report under Rules 401, 403 and 802. |
| 675 | Gov't Opp | Gov't Opp'n to Mot. to Exclude CMS Report, in particular:<br><br>Explaining CMS surveyors will lay foundation for CMS Report:[1]<br>• "Its primary authors, CMS surveyors Sarah Bennett and Gary Yamamoto, are expected to testify to its content and will be subject to cross-examination." Dkt. 675 at 2.<br>• "Sarah Bennett, is expected to testify that 'CMS is responsible for the implementation of the CLIA regulations, which are *designed to ensure the accuracy and reliability of laboratory testing.*'" *Id.* at 4; *see also id.* (explaining expected testimony of Sarah Bennett).<br><br>Arguing that admission of the report is not prejudicial partly because Ms. Holmes can cross-examine CMS witnesses:<br>• "[Ms. Holmes] remains free to cross-examine CMS witnesses and attempt to undercut their observations." *Id.* at 8<br>• "More fundamentally, evidence is not excludable because it is 'subjective'; the remedy is cross-examination." *Id.* at 8-9 |
| 798 | MIL Order | Court's Order on admissibility of CMS Report, in particular:<br><br>Granting motion to admit but acknowledging "the possibility for further side bar discussions on this matter, should parties wish to specify certain exhibits within this collection of evidence and make new arguments as to why these particular exhibits should still be excluded." Dkt. 798 at 20.<br><br>Deferring on hearsay within hearsay issue concerning statements of unnamed employees cited in CMS report. Dkt. 798 at 20 n.6. |

---

[1] The government has only noticed one CMS surveyor, Sarah Bennett, as a potential trial witness. And the government has refused to confirm that it will indeed call Ms. Bennett, even if the CMS report is admitted through Dr. Das.

MS. HOLMES' SUBMISSION RE: TESTIMONY OF DR. KINGSHUK DAS
CR-18-00258 EJD

1

**Issue: Admissibility of Certain Portions of Report.** Ms. Holmes maintains that the government has not met its burden under the Court's August 30, 2021 Order on Pre-Trial Motions with respect to certain portions of the CMS Report that Ms. Holmes proposed be redacted prior to admission because they are double-hearsay statements from Theranos employees and/or because they relate exclusively to tests not at issue in the case.

| Relevant Docket Entries | | |
|---|---|---|
| Dkt. | Document | Description/Excerpts |
| 798 | MIL Order | Ruling on evidence concerning tests not identified in the Bill of Particulars. *See* Dkt. 798 at 80.<br><br>Ruling on out-of-court statements by Theranos and Theranos employees. *See* Dkt. 798 at 97. |
| 897 | Mot. to Redact | Motion to redact tests not in BOP, layered hearsay, and irrelevant portions of CMS Report. |
| 989 | Order on Mot. to Redact. | "Nevertheless, rather than deny the motion outright, the Court DEFERS ruling on the proposed redactions until the Government seeks to introduce the cover letter and Form CMS-2567 at trial. The government shall provide Ms. Holmes and the Court with advance notice of the portions of the cover letter and Form CMS-2567 it intends to offer." Dkt. 989 at 7-8. |

## II.  EXPERT TESTIMONY

**Issue: Scope of Dr. Das' Testimony.** Ms. Holmes maintains that, under the Court's August 30, 2021 Order on Pre-Trial Motions, the government may not elicit expert testimony from Dr. Das.

| Relevant Docket Entries | | |
|---|---|---|
| Dkt. | Document | Description/Excerpts |
| 892 | Holmes Mot. to Strike | Motion to strike supplemental expert report under Rules 16 and 702. |
| 893-1 | Gov't Suppl. Disclosure | July 29, 2021 email disclosing Dr. Das as expert citing THPFM00004005199 (TX5274). |
| 893-4 | TX 5274 | Bases for Das' Expert Opinion. *See* Dkt. 893-1 |
| 906 | Gov't Opp'n | Gov't Opp'n arguing that Dr. Das is solely a percipient witness. |
| 989 | Order on Pretrial Motions | Court's Order on Motion to Strike:<br><br>"At the hearing, the Government provided further clarification on the testimony it intends to elicit from Dr. Das. Based on those representations, the Court is persuaded that Dr. Das may proceed as a percipient witness. However, the parties are on notice that specific details of particular scientific procedures or analyses that would require specialized knowledge to understand and interpret—including the Six Sigma analysis—would move Dr. Das's testimony from percipient to expert. If expert testimony is introduced, Holmes may object at that time. A Daubert hearing will be sufficient to address any prejudice to Holmes, particularly in light of the fact that the parties intend to conduct a Daubert hearing mid-trial for the Government's expert witness, Dr. Stephen Master." Dkt. 989 at 4. |

## III. SEPTEMBER 2016 DRAFT LETTER (TX 5274)

**Issue: Admissibility of TX 5274.**  Ms. Holmes objects to the admission of Exhibit 5274, which is a September 2016 email to Dr. Das attaching a portion of a draft letter to CMS that was never finalized or submitted.

| Relevant Docket Entries | | |
|---|---|---|
| Dkt. | Document | Description/Excerpts |
| 892 | Holmes Mot. to Strike | Motion to strike supplemental expert report under Rules 16 and 702. Dkt 892 at 7 (explaining inadmissibility of draft letter). |
| 893-1 | Email from Gov't re Disclosure | Email from government identifying draft letter at TX 5274 as basis for Dr. Das' expert testimony. |
| 893-4 | Portion of TX 5274 | Attachment to September 2016 email from Dr. Helfand to Dr. Das that has since been marked as TX 5274. |

## IV. VOIDING OF TEST RESULTS

**Issue: Admissibility of Evidence and Testimony Concerning Subsequent Remedial Measures.**  Ms. Holmes maintains the government has not met its burden under the Court's May 22, 2021 Order on Motions in Limine for admission of evidence concerning the voiding of certain Theranos lab test results.  Moreover, because the government's proffer of Dr. Das' likely testimony on this issue is inconsistent with the memoranda of interview it has produced to date, Ms. Holmes respectfully requests the opportunity to voir dire the witness outside the presence of the jury on this issue.  *Compare* 11/4/21 Tr. at 5585:20-22 (government stating that "Dr. Das has said on multiple occasions . . . that he was legally required to void the tests") *with* Dkt. 893-2 (2/1/21 Memoranda of Interview); 893-3 (6/7/21 Memorandum of Interview).

| Relevant Docket Entries | | |
|---|---|---|
| Dkt. | Document | Description |
| 572 | Holmes' MIL | Motion to Exclude Subsequent Remedial Measures under Rule 401, 403, and 407. |
| 673 | Gov't Opp'n | Gov't Opposition to Motion. |
| 715 | Holmes' Reply | Ms. Holmes' Reply In Support of Motion to Exclude Subsequent Remedial Measures. |
| 798 | MIL Order | Court's Order on Motion in Limine re Voiding:<br><br>"Holmes's most persuasive argument is that admitting evidence of Theranos' decision to void tests would be unfairly prejudicial because that decision was not made until 2016 and therefore is not probative of her intent during 2010-2015—the years that are the subject of the indictment. The Court shares Holmes's concern that the jury could convict her for failing to uncover laboratory issues, a negligence standard, rather than for knowingly misrepresenting false, material information during the charged conspiracy."  Dkt. 798 at 37. |

| | | | |
|---|---|---|---|
| | | | Moreover, Holmes raises other legitimate concerns about admitting Theranos' decision to void test results, including (a) confusion of the issues because Theranos' lab practices were not placed at issue in the indictment, and (b) undue consumption of time because it would require Holmes to present extensive evidence about the decision to void the tests, including the regulatory backdrop for CMS's actions.<br><br>Accordingly, the Court defers ruling on the admissibility of Theranos' decision to void test results until the Government makes a proffer of evidence that clearly ties the events in 2016 to the charged conduct, as well as presents a factual basis for its assertion that Theranos' decision was involuntary for purposes of Rule 407."<br><br>Dkt. 798 at 37-38. |
| | 893-2 | 2/1/21 MOI | Memorandum of February 1, 2021 government interview of Dr. Das. |
| | 893-3 | 6/7/21 MOI | Memorandum of June 7, 2021 government interview of Dr. Das. |

**V.   CMS CORRESPONDENCE AND SUBMISSIONS (TX 3144, 4943, 5257, 5260, 5471)**

**Issue: Admissibility of Exhibits Reflecting 2016 Correspondence with CMS.**  Ms. Holmes maintains that several government exhibits reflecting Theranos' substantive responses to certain findings in the January 2016 CMS Report, and CMS' evaluation of those responses, are inadmissible in whole or in part.  Ms. Holmes attaches the relevant exhibits to this notice.  Decl. of Lance A. Wade, Exs. 1-5.

DATED: November 8, 2021

/s/ Lance Wade
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' SUBMISSION RE: TESTIMONY OF DR. KINGSHUK DAS
CR-18-00258 EJD
4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Lance Wade
LANCE WADE
Attorney for Elizabeth Holmes

MS. HOLMES' SUBMISSION RE: TESTIMONY OF DR. KINGSHUK DAS
CR-18-00258 EJD