JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 | Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

Attorney for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI,<br><br>Defendants. | Case No. CR-18-00258-EJD<br><br>**MS. HOLMES' MOTION TO ADMIT PORTIONS OF INTERVIEWS UNDER RULES 401 AND 106**<br><br>Date: November 17, 2021<br>Time: 8:30 a.m.<br>CTRM: 4, 5th Floor<br><br>Hon. Edward J. Davila |

**MOTION TO ADMIT PORTIONS OF INTERVIEWS UNDER RULES 401 AND 406**

PLEASE TAKE NOTICE that on November 17, 2021 at 8:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court to admit certain portions of audio recorded interviews with government witness Roger Parloff. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: November 16, 2021

/s/ John D. Cline
JOHN D. CLINE
Attorney for Elizabeth Holmes

## MEMORANDUM OF POINTS AND AUTHORITIES

Ms. Holmes hereby moves to admit certain portions of recorded interviews with Mr. Roger Parloff, a witness in the government's case. After the government provided the portions of the interviews it stated it will seek to play in its case in chief, Ms. Holmes designated the portions she intends to play on cross-examination. The government has noticed its intent to object to certain of Ms. Holmes' selected portions on hearsay grounds. For the following reasons, Ms. Holmes' portions should be admitted: (1) there are no hearsay issues with the portions of the interview Ms. Holmes seeks to introduce, and, (2) all are independently admissible under the rule of completeness. *See* Fed. R. Evid. 106.

## BACKGROUND

The government has noticed its intent to admit portions of several audio recorded interviews between Ms. Holmes and Mr. Parloff.[1] The interviews cover a multitude of topics and took place over the course of over a year. The portions of the interviews selected by the government range from April 2014 to July 2015. As relevant to the parties' dispute, the government has designated the following portions that it intends to play during its case in chief:[2]

- TX 1648: 46:40-49:17
- TX 1657: 05:54-07:41
- TX 2580: 30:50-34:05
- TX 2580: 36:05-36:34
- TX 2580: 37:27-40:15

In response, Ms. Holmes has designated the following portions of the audio recordings to which the government has either indicated its intention to object or has yet to take a position:[3]

[1] The government also intends to have Mr. Parloff testify about conversations that are not recorded but for which he has notes. Those unrecorded conversations will likely present completeness issues under Rule 611. Because we do not know which portions of the conversations the government will offer, we will have to address those issues during Mr. Parloff's testimony.

[2] Transcripts of the portions the government has designated within these tapes are filed herewith as exhibits 1-3 to the Declaration of John D. Cline. The defense has not attached transcripts for portions of the government's designations that are not relevant to this motion. For the Court's convenience, the portions of each transcript corresponding to the portions of the audio file that the government seeks to introduce are highlighted yellow; portions the defense would offer and that are subject to dispute are highlighted green. In conjunction with filing this motion, Ms. Holmes will lodge audio recordings of the clips for which there is no transcript—Designations 1 and 2 below.

[3] The parties have conferred and reached agreement on some issues. The motion addresses the issues that have not been resolved by agreement. In order for the Court to have sufficient time with the

- Designation 1: TX 1647: 16:18-17:46
- Designation 2: TX 1648: 49:30-50:10
- Designation 3: TX 1657: 7:44-8:30
- Designation 4: TX 2580: 34:05-36:05

## ARGUMENT

### I. The portions of the interview Ms. Holmes seeks to admit are not hearsay.

A defendant's ability to admit her own out-of-court statements is governed by the same hearsay principles that govern her ability to admit others' out-of-court statements. The rule against hearsay prohibits admission of out-of-court statements only when they are offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2); *see, e.g.*, *Bergene v. Salt River Project Agricultural Improvement & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001) (holding that district court abused its discretion by excluding an out-of-court statement not offered for the truth of the matter asserted). Thus, a defendant may not admit her own out-of-court statements to prove the truth of the matter asserted, because a statement offered for the truth of the matter asserted is hearsay. *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (holding that district court properly prohibited defendant from eliciting his own "hearsay statements on cross-examination").

As this Court recognized in its MIL Order, a defendant may, by contrast, admit her own out-of-court statements for a non-hearsay purpose, or pursuant to a hearsay exception. *See* ECF 798, at 99 ("Without additional context, the Court cannot say that a currently unidentified out-of-court statement by Holmes would be hearsay, let alone that an exception to hearsay does not apply."). Thus, for example, in *Wagner v. County of Maricopa*, 747 F.3d 1048 (9th Cir. 2013), the Ninth Circuit held that the district court erred by prohibiting the plaintiff's representative from admitting the plaintiff's own out-of-court statement, because the statement was offered to prove the plaintiff's "state of mind" and not for the truth of the matter asserted. *Id.* at 1052-53.

---

materials, Ms. Holmes files this motion while the government's position on two of Ms. Holmes' designations—Designations 1 and 3—is pending. Ms. Holmes will inform the Court if the parties are able to agree further on any designations subject to this motion.

A defendant's own out-of-court statements are oftentimes powerful evidence of intent and state of mind, and erroneous exclusion of such statements can be reversible error. In *United States v. Harris*, 733 F.2d 994 (2d Cir. 1984), the Second Circuit reversed a conviction where the district court erroneously excluded the defendant's out-of-court statements as hearsay; as the Second Circuit explained, the statements were admissible for the non-hearsay purpose of proving the defendant's belief that a certain individual was a government informant and/or pursuant to the exception in Rule 803(3). *Id.* at 1004. The Fifth Circuit reversed a conviction on similar facts in *United States v. Parry*, 649 F.2d 292 (5th Cir. 1981), explaining that the defendant's out-of-court statement to his mother about an agent's identity "is simply outside the scope of the hearsay prohibition" because it proved the defendant's knowledge. *Id.* at 294-95; *see also, e.g.*, *United States v. Yang*, 2019 WL 5536213, at *4 (N.D. Cal. Oct. 25, 2019) ("The admissibility of a particular [out-of-court statement by the defendant] depends on the content of the statement and the purpose for which the party seeks to introduce that statement into evidence."); *United States v. Yagi*, 2013 WL 10570994, at *3 (N.D. Cal. Oct. 17, 2013) ("The government is correct that, traditionally, the rule against hearsay prohibits defendants from introducing into evidence their prior out-of-court statements. However, the hearsay rule is only applicable to the extent the statement in question is offered for the truth of the matter asserted." (citation omitted)).

Ms. Holmes properly seeks to admit certain of her out-of-court statements to Mr. Parloff for a non-hearsay purpose. Ms. Holmes' designations contain disclosures that bear on her alleged intent to deceive investors on the topics addressed in the tapes. The fact that Ms. Holmes made these statements to Mr. Parloff regarding facts that the government alleges Ms. Holmes concealed from, or misrepresented to, investors is relevant to the jury's evaluation of Ms. Holmes' intent and state of mind. The statements' relevance for this purpose does not rely on the truth of the underlying disclosures. The particular applications of this principle to each designation is set forth in the below chart.

| Tape | Defense Designation | Non-Hearsay Purpose / Hearsay Exception |
| --- | --- | --- |
| TX 1647 | Designation 1: 16:18-17:46 | In this portion of the recording, Ms. Holmes discloses to Mr. Parloff that samples collected at Walgreens are shipped to Theranos' CLIA laboratory for processing. |

| Tape | Defense Designation | Non-Hearsay Purpose / Hearsay Exception |
|---|---|---|
| | | Several investors have testified that they were led to believe samples were being processed on Theranos devices within Walgreens. The fact that Ms. Holmes corrected Mr. Parloff's misimpression on this point is relevant to Ms. Holmes' state of mind and intent. |
| TX 1648 | Designation 2: 49:30-50:10 | In this portion of the recording, Ms. Holmes explains that Theranos considers some of its technology and processes to be trade secrets. The government has alleged that Theranos' efforts to maintain trade secret protection of certain technologies and processes are evidence of fraud. This exchange is relevant to Ms. Holmes' state of mind and knowledge of the legal protection—or lack thereof—surrounding Theranos' innovations. This is relevant whether or not the company's processes in fact qualified for trade secret protection, as Ms. Holmes states in the recording. |
| TX 1657 | Designation 3: 7:44-8:30 | In this portion of the recording, Ms. Holmes answers a question from Mr. Parloff about Theranos' relationship with the U.S. Department of Defense. Ms. Holmes describes this application of Theranos' technology as a potential use. This disclosure to Mr. Parloff is relevant to Ms. Holmes' alleged intent to mislead investors regarding the details of the Theranos-DoD relationship. |
| TX 2580 | Designation 4: 34:05-36:05 | In this portion of the recording, Ms. Holmes and Mr. Parloff discuss the process of bringing small-sample tests developed and validated in the R&D lab into the CLIA lab over time. Ms. Holmes' disclosure of this ongoing process—including the fact that not all of the small-sample tests the company had developed had transitioned into the CLIA lab—bears on her state of mind regarding an alleged intent to mislead investors. Several investors have testified that they did not appreciate the distinction between Theranos' small-sample testing capabilities and what tests were offered on which platforms in the CLIA lab. Ms. Holmes' disclosure of these distinct concepts to Mr. Parloff is relevant to an alleged intent to obscure this point when |

| Tape | Defense Designation | Non-Hearsay Purpose / Hearsay Exception |
|---|---|---|
| | | discussing the company and its technology with investors. |

**II. The portions are independently admissible under Rule 106 and the common-law rule of completeness.**

Under Rule 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Rule 106 applies by its terms both to writings and recorded statements such as video recordings. *See United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021).[4] Rule 106 partially codifies the common-law rule of completeness. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-72 (1988). The rule applies even when the party invoking the rule could not *independently* introduce the additional portions because they are hearsay as to that party—for example, when they constitute the defendant's own statements. *Lopez,* 4 F.4th at 716. "Portions of a document or recording are admissible under Rule 106 notwithstanding the bar on hearsay evidence when offered 'to correct a misleading impression in the edited statement' introduced by an opposing party." *Id.* (quoting *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014)). When the government's proffered excerpts create a misleading impression, the court must either

[4] Even though Rule 106 applies only to written and recorded statements, the Ninth Circuit has acknowledged case law holding that Rule 611 "grants district courts the same authority regarding oral statements which [Rule] 106 grants regarding written and recorded statements." *United States v. Collicott*, 92 F.3d 973, 983 n.12 (9th Cir. 1996) (quoting *United States v. Li*, 55 F.3d 325, 329 (7th Cir. 1995)); *see also United States v. Liera-Morales*, 759 F.3d 1105, 1111 (9th Cir. 2014) (same). The common-law rule of completeness extends to oral communications, and "the common law doctrine persists in the wake of Rule 106's adoption." *United States v. Williams*, 930 F.3d 44, 59 (2d Cir. 2019) (citing *Beech Aircraft*, 488 U.S. at 171-72), *cert. denied*, 2021 WL 2519269.

"exclude" the government's excerpts or admit them "subject to [the defendant's] ability to proffer additional portions of the recording under Rule 106." *Lopez*, 4 F.4th at 716.

Ms. Holmes submits each of her designations are admissible under Rule 106 because they provide context to Mr. Parloff's reporting necessary to make that reporting not misleading. Mr. Parloff's June 2014 article is in evidence, and the government will seek to introduce selected portions of Mr. Parloff's interviews of Ms. Holmes that informed his reporting for that and later articles. Ms. Holmes' designations provide further context to Mr. Parloff's reporting and are necessary for the jury to fairly evaluate the portions that the government would offer. The particular applications of this principle to each designation is set forth in the below chart.

| Tape | Government Designation | Defense Designation | 106 Purpose |
|---|---|---|---|
| TX 1647 | | Designation 1: 16:18-17:46 | In this portion of the recording, Ms. Holmes discloses to Mr. Parloff that samples collected at Walgreens are shipped to Theranos' CLIA laboratory for processing. This exchange is necessary to provide context to Mr. Parloff's interviews and his June 2014 article. The government will ask the jury to evaluate whether claims about Theranos' technology in the June 2014 article are true. This background fact about Theranos' business model underpins the article's explanation of Theranos' technology and lab testing business and provides the context necessary for the jury to evaluate the article. |
| TX 1648 | | Designation 2: 49:30-50:10 | In this portion of the recording, Ms. Holmes explains that Theranos considers some of its technology and processes to be trade secrets. In his June 2014 article, Mr. Parloff stated that "[p]recisely how Theranos accomplishes all of these amazing feats is a trade secret." This portion is therefore necessary to provide context to that statement, as well as the description of Theranos' technology in the June 2014 article. Moreover, the government's designated portions of the interviews also touch upon how to describe trade-secret-protected technologies. |
| TX 1657 | | Designation 3: 7:44-8:30 | The government has designated a separate exchange between Ms. Holmes and Mr. Parloff |

| Tape | Government Designation | Defense Designation | 106 Purpose |
|---|---|---|---|
| | | | relating to Theranos' relationship with the U.S. Department of Defense. *See* Cline Decl. Ex. 1 at 12-14. Ms. Holmes' Designation 3 includes a related exchange on this same topic that discloses DoD's use of Theranos as a potential one. This designation thus provides necessary context to the government's selected portion. Without this additional portion, the jury will be misled into thinking that Ms. Holmes was talking about past or current use of Theranos technology by DoD. This portion is also admissible under Rule 106 to provide context to the portion of Mr. Parloff's June 2014 article in which he speculates about potential, future use of Theranos by the DoD. |
| TX 2580 | 30:50-34:05<br>36:05-36:34 | Designation 4:<br>34:05-36:05 | The government has designated two excerpts of a broader discussion about where Theranos' laboratory developed tests are run and on what platforms. Ms. Holmes' designation bridges the government's two designations on this topic to include Ms. Holmes continued answer to the question posed in the government's designation. The government's designations artificially cut out this portion of Ms. Holmes' answers on this single topic. |

**CONCLUSION**

For the foregoing reasons, Court should grant Ms. Holmes' Motion.

DATED: November 16, 2021

Respectfully submitted,

/s/ John D. Cline
JOHN D. CLINE
Attorney for Elizabeth Holmes

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ John D. Cline
JOHN D. CLINE
Attorney for Elizabeth Holmes