JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>    Defendants. | Case No. CR-18-00258-EJD<br><br>**MS. HOLMES' MOTION TO ADMIT PRIOR TESTIMONY OF RAMESH "SUNNY" BALWANI**<br><br>Date:   November 29, 2021<br>Time:  9:00 a.m.<br>CTRM: 4, 5th Floor<br><br>Hon. Edward J. Davila |

MS. HOLMES' MOTION TO ADMIT PRIOR TESTIMONY OF RAMESH "SUNNY" BALWANI
CR-18-00258 EJD

# MOTION TO ADMIT PRIOR TESTIMONY OF
# RAMESH "SUNNY" BALWANI

PLEASE TAKE NOTICE that on November 29, 2021 at 9:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court to admit certain prior testimony of Ramesh "Sunny" Balwani. Ms. Holmes makes this motion pursuant to Federal Rule of Evidence 804. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: November 24, 2021

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

# MEMORANDUM OF POINTS AND AUTHORITIES

Ms. Holmes moves to admit certain prior deposition testimony of her co-defendant Ramesh "Sunny" Balwani concerning Mr. Balwani's management of certain aspects of Theranos' operations (identified on Exhibits A-C to the Declaration of Amy Mason Saharia)[1]. Through counsel, Mr. Balwani has represented that, if called as a witness in the defense case, he would invoke his Fifth Amendment privilege not to testify in response to any relevant question. Mr. Balwani is therefore unavailable for purposes of Federal Rule of Evidence 804. His prior testimony is admissible as either (1) a statement against interest, Fed. R. Evid. 804(b)(3), or (2) prior testimony offered against a party (the government) that had an opportunity and similar motive to develop it, Fed. R. Evid. 804(b)(1).

# ARGUMENT

## I.  Mr. Balwani Is Unavailable.

Under Rule 804(a)(1), a declarant is unavailable if he is "exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies." This exemption includes the Fifth Amendment privilege against self-incrimination. *United States v. Wyatt*, 804 Fed. Appx. 530, 532 (9th Cir. 2020). Rule 804(a)(1) requires a court ruling that the Fifth Amendment privilege applies. *See* Fed. R. Evid. 804 adv. comm. notes.

In cases "where the trial judge has some special or extensive knowledge of the case that allows evaluation of the claimed fifth amendment privilege even in the absence of specific questions to the witness," a judge may "recognize a blanket privilege against self-incrimination"—*i.e.*, "conclude that the witness could legitimately refuse to answer essentially all relevant questions." *United States v. Shayota*, 2016 WL 8732803, at *3 (N.D. Cal. Oct. 21, 2016) (quoting *United States v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982)). In such cases, a proffer by the witness's attorney that the witness would invoke the Fifth Amendment suffices to allow the court to rule that the privilege applies. *See, e.g.*, *United States v. Sapp*, 721 Fed. Appx. 698, 699 (9th Cir. 2018). The Ninth Circuit has repeatedly upheld district court rulings recognizing a blanket assertion of the privilege in such circumstances. *See,*

---

[1] For clarity, Ms. Holmes has redacted in Exhibits A-C portions of the SEC deposition she does not seek to admit.

MS. HOLMES' MOTION TO ADMIT PRIOR TESTIMONY OF RAMESH "SUNNY" BALWANI
CR-18-00258 EJD

1

*e.g.*, *United States v. James*, --- Fed. Appx. ---, 2021 WL 4027812, at *4 (9th Cir. Sept. 3, 2021) (blanket invocation of privilege where court had "unique familiarity with the facts surrounding [the witness's] potential criminal liability"); *Sapp*, 721 Fed. Appx. at 699 (blanket assertion of privilege by witness's attorney in response to list of proposed questions by the defense); *United States v. Tsui*, 646 F.2d 365, 367-68 (9th Cir. 1981) (blanket invocation of privilege where the witness "was up to his neck in criminal investigations" and the district court knew that "any response to all possible questions would tend to incriminate the witness").

Ms. Holmes desires to call Mr. Balwani as a witness in her defense case to testify to his management of certain aspects of Theranos' operations put at issue in the government's case in chief, including the CLIA laboratory operations, the Walgreens and Safeway relationships, the company's financial model, and a software protocol used in certain technology demonstrations. In response to an inquiry from undersigned counsel about Mr. Balwani's availability, Mr. Balwani's attorney, Jeffrey Coopersmith, recently proffered that Mr. Balwani would invoke his Fifth Amendment right not to testify in response to all relevant questions if called by Ms. Holmes. *See* Decl. of L. Wade. ¶¶ 2-3. That approach is consistent with Mr. Balwani's prior invocation of his Fifth Amendment privilege in response to all questions in an SEC deposition that post-dated the indictment in this case. *See* Decl. of Amy Mason Saharia, Ex. D at 3-4.[2]

This Court's familiarity with this case[3] enables it to rule that Mr. Balwani properly could invoke the Fifth Amendment privilege in response to each question identified on Exhibits A-C. Mr. Balwani has already been indicted, and is awaiting trial, on charges related to his role at Theranos. Each of the questions that Ms. Holmes desires to ask Mr. Balwani tends to establish his responsibility for managing certain aspects of Theranos' operations that the government has put at issue in the indictment. *See* Third Superseding Indictment, ECF 469, ¶ 12(B) (company's financial projections), ¶ 12(C) (null protocol for demonstrations), ¶ 12(D) (Walgreens relationship), ¶ 16 (Theranos' ability to consistently produce accurate and reliable test results in its CLIA laboratory). Testimony that he managed these aspects of

---

[2] Mr. Balwani had previously given three days of deposition testimony to the SEC before the indictment in this case.

[3] This Court presided over the SEC action and is therefore familiar with that case as well.

MS. HOLMES' MOTION TO ADMIT PRIOR TESTIMONY OF RAMESH "SUNNY" BALWANI
CR-18-00258 EJD

Theranos' operations would "furnish a link in the chain of evidence needed to prosecute" Mr. Balwani "or lead to evidence having a tendency to incriminate him." *See Tsui*, 646 F.2d at 367.  The Court thus should rule that Mr. Balwani is unavailable due to his invocation of his Fifth Amendment privilege.

**II.     Mr. Balwani's Prior Testimony Is Admissible under Rule 804(b)(3).**

Mr. Balwani's unavailability gives rise to two separate grounds for admitting his prior SEC testimony.  First, each of the statements that Ms. Holmes seeks to admit is a "statement against interest"—*i.e.*, a statement that "a reasonable person in [Mr. Balwani's] position would have made only if [he] believed it to be true because, when made, it . . . had so great a tendency . . . to expose the declarant to civil or criminal liability."  Fed. R. Evid. 804(b)(3)(A).

Mr. Balwani made the statements in Exhibits A-C in August-September 2017, when he knew that both the SEC and the U.S. Attorney's Office were investigating Theranos and his conduct in particular.  The SEC first issued a subpoena to Theranos nearly two years earlier, in November 2015.  *See* Ex. E.  That subpoena specifically targeted Mr. Balwani's communications, and put at issue in particular the Walgreens and Safeway relationships, Theranos' financial projections, and laboratory operations.  *See id.* (Requests 6-7, 10-12, 16-20).  Later SEC subpoenas further probed these issues.  *See, e.g.*, Ex. F (Dec. 8, 2015 subpoena), Ex. G (Feb. 16, 2016 subpoena), Ex. H (May 27, 2016 subpoena).  So too, the U.S. Attorney's Office was investigating Theranos throughout 2016 and 2017.  *See, e.g.*, Ex. I (Jan. 11, 2016 subpoena), Ex. J (Nov. 30, 2016 subpoena), Ex. K (Sept. 6, 2017 subpoena).

"Whether a statement is in fact against interest must be determined from the circumstances of each case, and can only be determined by viewing it in context."  *United Stated v. Paguio*, 114 F.3d 928, 933 (9th Cir. 1997) (citation omitted).  Rule 804(b)(3)'s use of the phrase "tending to" "broadens the phrase, so that the statement need not be a plain confession making the difference between guilty and not guilty."  *Id.*  Thus, for example, statements admitting a "leadership" role in allegedly fraudulent conduct may well be against a declarant's interest.  *See id.* ("leading others into wrongdoing has always been seen as especially bad"); *see also, e.g.*, *United States v. Persico*, 645 F.3d 85, 102 (2d Cir. 2011)

(statement need not "be[] sufficient, standing alone, to convict" so long as it "would have been probative in a criminal trial").

Here, in context, Mr. Balwani's statements taking responsibility for various aspects of the company's operations that were then under investigation by both the SEC and the U.S. Attorney's office tended to expose him to both civil and criminal liability. Indeed, the SEC complaint against Mr. Balwani, filed just months after his depositions, specifically put at issue these aspects of the company's operations. *See* Compl., Case No. 18-1603, Dkt. 1, ¶¶ 25-36, 46, 66-72, 77-84 (N.D. Cal. Mar. 14, 2018). Given the ongoing investigations, Mr. Balwani would not have accepted responsibility unless his statements were true. *See Williamson v. United States*, 512 U.S. 594, 599 (1994) ("Rule 804(b)(3) is founded on the commonsense notion that reasonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true.").

Additionally, "corroborating circumstances . . . clearly indicate [the] trustworthiness" of Mr. Balwani's statements. Fed. R. Evid. 804(b)(3)(B). In particular the evidence at trial has corroborated the following:

- Mr. Balwani's prior testimony that he was responsible for the management of the CLIA lab. 9/28/21 Tr. 2000:22-2001:2 (Rosendorff); 10/15/21 Tr. 3799:6-11 (Dhawan); 11/10/21 Tr. 5913:19-23 (Das).[4]

- Mr. Balwani's prior testimony that he was responsible for the company's financial modeling. 9/22/21 Tr. 1619:21-1620:19 (Mattis).

- Mr. Balwani's prior testimony that he had responsibility for managing the Walgreens' relationship. 10/14/21 Tr. 3580:17-20 (Jhaveri).

- Mr. Balwani's prior testimony about his role in the Safeway relationship. 10/6/21 Tr. 2978:24-2979:1 (Burd).

- Mr. Balwani's prior testimony concerning the null protocol. 10/20/21 Tr. 4173:3-15 (Edlin).

---

[4] The government's recently filed motion *in limine* in *United States v. Balwani* also pointed out that "Balwani was the direct report of the Laboratory Director, to whom several senior lab employees reported." Dkt. 1155 at 18 (citing TX4528).

MS. HOLMES' MOTION TO ADMIT PRIOR TESTIMONY OF RAMESH "SUNNY" BALWANI
CR-18-00258 EJD

4

For these reasons, the Court should admit Mr. Balwani's prior testimony at Exhibits A-C under Rule 804(b)(3).

### III. In the Alternative, Mr. Balwani's Prior Testimony Is Admissible under Rule 804(b)(1).

Alternatively, Mr. Balwani's prior testimony is admissible under Rule 804(b)(1). Rule 804(b)(1) authorizes admission of testimony from an unavailable witness if (A) given "at a trial, hearing, or lawful deposition," and (B) offered against a party who had "an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Both prongs are satisfied here: (A) Mr. Balwani gave the testimony at a lawful deposition, and (b) the government had an opportunity and similar motive to develop his testimony by cross-examination.

To be sure, the government entity that examined Mr. Balwani at the deposition was the SEC, not the Department of Justice (DOJ). But in both cases, the federal government was the relevant party. The SEC and DOJ investigated this case jointly. In many cases, the SEC and DOJ jointly interviewed witnesses; as of early 2019, the SEC and DOJ had disclosed to the defense interview memoranda for at least 57 joint interviews, and more have followed since then. DOJ requested and received access to "the investigative and non-public files of the [SEC] related to Theranos." Dkt. 67-19 (Correspondence between government investigators and SEC). The government also produced millions of pages of SEC documents as discovery in this case. And, as the Ninth Circuit has explained, "Congress has expressly authorized the SEC to share information with the Department of Justice to facilitate the investigation and prosecution of crimes," *United States v. Stringer*, 535 F.3d 929, 939 (9th Cir. 2008), since the SEC itself lacks criminal enforcement authority.

Thus, as a general matter, the SEC and DOJ "play closely coordinated roles on behalf of the United States in the overall enforcement of a single statutory scheme." *United States v. Sklena*, 692 F.3d 725, 732 (7th Cir. 2012) (holding that CFTC and DOJ qualified as the same "party" for purposes of Rule 804(b)(1) even though DOJ did not have litigating authority for the CFTC). And, on the specific facts of this case, the two agencies closely coordinated their investigations at the time of Mr. Balwani's deposition testimony. There can be no question on these facts that DOJ had the opportunity to shape the questions posed by SEC attorneys to Mr. Balwani at a time when the two agencies were jointly

investigating Mr. Balwani. *See id.* at 731 ("[H]ad the Department wished, it could have ensured that the CFTC lawyers included questions of interest to the United States when they deposed [the witness].").

Other cases declining to apply Rule 804(b)(1) in the context of SEC deposition testimony are easily distinguishable. In *United States v. Baker*, 923 F.3d 390 (5th Cir. 2019), the two agencies did not participate in joint interviews, the SEC "limited the information it provided to the DOJ," and the SEC had been "uncooperative" with DOJ. *Id.* at 400-01. In that context, the Fifth Circuit held that the two agencies were not the same "party" for purposes of Rule 804(b)(1).[5] The very opposite was true here: the two agencies cooperated extensively. *United States v. Martoma*, 2014 WL 5361977 (S.D.N.Y. Jan. 8, 2014) is also distinguishable. There, the DOJ prosecutor assigned to the case submitted a declaration disclaiming any involvement in preparing or even advance knowledge of the topics of the at-issue deposition. *Id.* at *3. And the decision identifies no joint investigative efforts of the type apparent on the record here. *See id.* On this record, DOJ and the SEC are fairly considered the same party for purposes of Rule 804(b)(1).

The government also had a similar "motive" to cross-examine Mr. Balwani at the time of his prior depositions. This is "'inherently a factual inquiry' based on 'the similarity of the underlying issues and on the context of the . . . questioning.'" *United States v. Duenas*, 691 F.3d 1070, 1089 (9th Cir. 2012) (quoting *United States v. Salerno*, 505 U.S. 317, 326 (1992) (Blackmun, J., concurring)). Identical motivation is not required, *id.* at 1088, nor does it matter that the incentive to elicit incriminating evidence at the prior proceeding was "likely not as intense as it would have been at trial," *id.* at 1089 (citation omitted).

Here, the government's motivation in deposing Mr. Balwani was similar to its motivation to examine him at trial: to develop incriminating evidence against both him and Ms. Holmes. By 2017, both Mr. Balwani and Ms. Holmes were targets of the SEC and DOJ joint investigation. The government had already been investigating for nearly two years. Notably, the SEC frequently used

---

[5] The Fifth Circuit also reasoned that the two agencies need not "cooperate to enforce the same statutory scheme" and that "[t]he SEC is an independent agency with its own litigating authority." 923 F.3d at 401. Those observations are materially incomplete: the DOJ and SEC jointly enforce the securities scheme because the SEC lacks "litigating authority" in criminal matters.

MS. HOLMES' MOTION TO ADMIT PRIOR TESTIMONY OF RAMESH "SUNNY" BALWANI
CR-18-00258 EJD

leading questions in the deposition.  *See, e.g.*, Ex. B (SEC attorney stating as a question "[Ms. Holmes] was generally familiar with the kinds of inputs that went into the financial model?").  And the fact that both were "investigating the same underlying conduct with an eye to take enforcement action" further supports the conclusion that the SEC and DOJ had similar motives to develop Mr. Balwani's testimony.  *Sklena*, 692 F.3d at 732 (finding a similar motive when "the [CFTC] and [DOJ] alleged and needed to prove the same allegations, as a comparison of the CFTC's civil complaint and the indictment demonstrate[d]").  The SEC complaint alleges near identical conduct as the indictment in this case including, as relevant to this motion, alleged misrepresentations regarding Theranos technology, "stalled" relationships with retailers, and alleged misrepresentations concerning financial numbers.  *Compare* Compl., Case No. 18-1603, Dkt. 1 *with* TSI Dkt. 469.  On these facts, the government cannot credibly argue, as it has done in other cases, that its deposition of Mr. Balwani was an exploratory, information-gathering deposition "during an early investigation."  *SEC v. Jasper*, 678 F.3d 1116, 1128 (9th Cir. 2012).  The government's deposition of Mr. Balwani was undoubtedly an "adverse witness deposition, when battle lines have already been drawn."  *Id.* at 1128-29.  In sum, the government had a similar incentive to probe his statements taking ownership of certain aspects of the company's operations then as it has now.

For all these reasons, the Court should admit Mr. Balwani's prior SEC testimony excerpted at Exhibits A-C.

## CONCLUSION

For the foregoing reasons, Court should grant Ms. Holmes' Motion and admit the testimony identified in Exhibits A-C.

DATED:  November 24, 2021          Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' MOTION TO ADMIT PRIOR TESTIMONY OF RAMESH "SUNNY" BALWANI
CR-18-00258 EJD

7

# CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes