# Exhibit  E



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
San Francisco Regional Office
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

**DIVISION OF ENFORCEMENT**

Jessica W. Chan
Counsel
(415) 705-2451

November 23, 2015

**VIA UPS AND EMAIL (heather.king@theranos.com)**

Heather King, Esq.
General Counsel
Theranos, Inc.
1701 Page Mill Road
Palo Alto, CA 94304

Re:     **In the Matter of Theranos, Inc. (SF-4030)**

Dear Ms. King:

The enclosed subpoena has been issued pursuant to a formal order entered by the United States Securities and Exchange Commission.  The subpoena requires Theranos, Inc. to produce documents.

**Producing Documents**

*What materials do I have to produce?*

The subpoena requires production of the documents described in the attachment to the subpoena.  The attachment defines some terms (such as "document") before listing what must be produced.  The documents must be produced to the Commission no later than **December 7, 2015.**

Please note that if copies of a document differ in any way, they are considered separate documents and each one must be produced.  For example, if there are two copies of the same letter, but only one of them has handwritten notes on it, both the clean copy and the one with notes must be produced.

If you prefer, photocopies of the originals may be produced.  The Commission cannot reimburse copying costs.  The copies must be identical to the originals, including even faint marks or print.  If you choose to send copies, the originals must be kept in a safe place.  We will accept the copies for now, but may require production of the originals later.

If photocopies are produced, please put an identifying notation on each page of each document to indicate that you produced it, and number the pages of all the documents submitted. Please make sure the notation and number do not conceal any writing or marking on the document.  If originals are produced, please do not add any identifying notations.

*Do I need to send anything else?*

You should enclose a list briefly describing each item produced.  The list should state to which category number(s) in the subpoena attachment each item responds.

You also should include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and producing it all to us.

*What if I do not produce everything described in the attachment to the subpoena?*

The subpoena requires production of all the materials described in it.  If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the subpoena, you should submit a list of what is not being produced.  The list should describe each item separately, noting:

- its author(s);

- its date;

- its subject matter;

- the name of the person who has the item now, or the last person known to have it;

- the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents; and

- the reason the item was not produced.

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should also identify the attorney and client involved.

*Where should I send the materials?*

Please send the materials to:

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, DC 20549-5973

For smaller electronic productions under 10MB in size, the materials may be emailed to the following email address:  ENF-CPU@sec.gov.

We ask that you send a copy of the cover letter to your response and a courtesy copy of the production by mail, fax, or email to:

Jessica W. Chan, Staff Attorney
U.S. Securities and Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone:  (415) 705-2451
Fax:  (415) 705-2501
Email:  chanjes@sec.gov

## Other Important Information

*What will the Commission do with the materials I send and the testimony I provide?*

The enclosed SEC Form 1662 includes a List of Routine Uses of information provided to the Commission.  This form has other important information for you.  Please read it carefully.

*Has the Commission determined that anyone has done anything wrong?*

This investigation is a non-public, fact-finding inquiry.  We are trying to determine whether there have been any violations of the federal securities laws.  The investigation and the subpoena do not mean that we have concluded that you or anyone else has broken the law.  Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

*Important Policy Concerning Settlements*

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

*I have read this letter, the subpoena, and the SEC Form 1662, but I still have questions.  What should I do?*

If you have any questions concerning this matter, you may call me at (415) 705-2451.

Very truly yours,

Jessica W. Chan
Counsel, Division of Enforcement

Enclosures:     Subpoena Duces Tecum (with attachment)
                SEC Form 1662
                SEC Data Delivery Standards



**SUBPOENA**

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Theranos, Inc. (SF-4030)

To:    Heather King, Esq.
       General Counsel
       Theranos, Inc.
       1701 Page Mill Road
       Palo Alto, CA 94304

☒    **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission at the place, and no later than the date and time, specified below.

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, DC 20549-5973
Date/Time:  December 7, 2015

☐    **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
          Failure to comply may subject you to a fine and/or imprisonment.

By:    _Jessica W Chan_____    Date:   November 23, 2015
       Jessica W. Chan
       U.S. Securities and Exchange Commission, San Francisco Regional Office
       44 Montgomery Street, Suite 2800, San Francisco, CA 94104; Telephone (415) 705-2451

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter.  The Securities and Exchange Commission has issued a Formal Order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

## ATTACHMENT

**Subpoena to Theranos, Inc.**
**In the Matter of Theranos, Inc. (SF-4030)**
**November 23, 2015**

## INSTRUCTIONS

This subpoena requires the production of certain documents, as specified in the section entitled "Production" below.  The required documents should be produced in accordance with the following requirements:

A.    You must submit all documents required to be produced by the subpoena that are in your possession, custody, or control, regardless of whether the documents are in your possession.

B.    If you claim attorney-client privilege, or any other privilege or protection from production, provide a list of the documents that you claim are privileged or protected, indicating the date prepared, authors, all recipients, the subject matters of the document, and the privilege or protection claimed, sufficiently identifying the documents to permit the staff to determine whether to request an in camera inspection by a federal district court judge.

C.    Produce the entirety of each and every document described below, without alteration, deletion, redaction, or obliteration of any information contained therein, even though such information is not specifically requested.

D.    The following rules of construction apply to this subpoena and attachment: (1) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope; and (2) the use of the singular form of any word includes the plural and vice versa.

## DEFINITIONS

A.    "COMMUNICATIONS" means and includes, but is not limited to, any correspondence, memoranda, notes, electronic mail, telephone conversations, instant message statements, and any other conversations, conferences, or meetings.

B.    "CONCERNING" means and includes, but is not limited to, referring to, pertaining to, relating to, alluding to, bearing upon, commenting upon, touching upon, regarding, concerning, recording, evidencing, constituting, substantiating, supporting, contradicting, discussing, mentioning, including or otherwise affecting (directly or indirectly).

C.    "DOCUMENT" and "DOCUMENTS" mean and include, but are not limited to, any and all records in your possession, custody or control, whether drafts or final versions, originals or annotated or non-identical copies, however and by whomever created, produced or stored (manually, mechanically, electronically or otherwise), including,

without limitation, books, papers, files, notes, account statements, confirmations, reports, correspondence, electronic files, e-mail, instant messages, text messages, Internet sites, World Wide Web pages, memoranda, ledger sheets, reports, telegrams, telexes, telephone bills, messages or logs, notes or minutes of conversations or meetings, contracts, agreements, calendars, datebooks, diaries, computer programs, records of billings, checks, receipts, wire transfers, drafts for money, records of payment, magnetic tape, tape recordings, disks, diskettes, diskpacks or other electronic media, microfilm, microfiche and other storage devices. "DOCUMENT" and "DOCUMENTS" shall also include all "writings," "recordings" and "photographs" as defined by Rule 1001 of the Federal Rules of Evidence and all "electronically stored information" as the term is used in Rules 26 and 34 of the Federal Rules of Civil Procedure.

D.    "THERANOS" means Theranos, Inc., the entities and their divisions, groups, subsidiaries, predecessors, successors and affiliates, as well as current and former officers, directors, members, general and limited partners, employees, attorneys, accountants, agents, representatives, and any person acting on behalf of Theranos, Inc. with express, implied or apparent authority to do so or under its direction or control.

## **PRODUCTION**

1.    From October 15, 2015 to the time of production, all COMMUNICATIONS with THERANOS Series C-2 investors.

2.    The identity and contact information (including physical address, phone number, and email address) of all customers quoted on TS-000450-452 of THERANOS' document production on November 4, 2015.

3.    The contact information (including physical address, phone number, and email address) of all physicians quoted on TS-000453-455 of THERANOS' document production on November 4, 2015.

4.    All signed contracts with the ten major pharmaceutical companies Theranos represented are its current and past clients on TS-000399 of Theranos' document production on November 4, 2015.

5.    The contact information (including physical address, phone number, and email address) of the individuals listed under "Johns Hopkins Medicine Participants" on TS-000639 of THERANOS' document production on November 4, 2015.

6.    All signed contracts between THERANOS and Walgreens.

7.    All signed contracts between THERANOS and Safeway.

8.    All signed contracts between THERANOS and UnitedHealthcare.

9.    All signed contracts between THERANOS and Blue Cross and Blue Shield Association.

10.     From January 1, 2013 to the date of production, all COMMUNICATIONS
        CONCERNING Safeway to which Elizabeth Holmes and/or Sunny Balwani is a
        party or between Elizabeth Holmes and/or Sunny Balwani on the one hand and
        Safeway on the other.

11.     From October 15, 2015 to the time of production, all COMMUNICATIONS
        CONCERNING Walgreens to which Elizabeth Holmes and/or Sunny Balwani is a
        party or between Elizabeth Homes and/or Sunny Balwani on the one hand and
        Walgreens on the other.

12.     DOCUMENTS sufficient to show the percentage of projected revenues and net
        income (as shown on TS-000605 of THERANOS' document production on
        November 4, 2015) derived from THERANOS' contracts with Walgreens and
        Safeway.

13.     DOCUMENTS sufficient to show the dates of THERANOS' purchases of blood-
        testing and diagnostic equipment from third parties, including, but not limited to,
        purchase orders, invoices, and receipts.

14.     DOCUMENTS sufficient to show the number of tests performed by
        THERANOS' proprietary technology and the number of tests performed by
        equipment developed by third parties as of the following dates:  January 1, 2013,
        January 1, 2014, December 4, 2014, and the date of production.

15.     DOCUMENTS sufficient to show the number of types of diagnostic tests that
        THERANOS' proprietary technology was capable of performing as of the
        following dates: January 1, 2013, January 1, 2014, December 4, 2014, and the
        date of production.

16.     DOCUMENTS sufficient to show when THERANOS began to perform only one
        test, for herpes, using its proprietary technology.

17.     Since January 1, 2013 to the date of production, all DOCUMENTS showing
        comparisons of proficiency testing results from THERANOS' proprietary
        technology versus results from equipment developed by third-parties.

18.     The emails referenced in the October 15, 2015 Wall Street Journal article,
        entitled, "Hot Startup Theranos Has Struggled With Its Blood-Test Technology,"
        between Sunny Balwani and THERANOS employees CONCERNING
        proficiency testing in early 2014.

19.     All COMMUNICATIONS between Sunny Balwani and Elizabeth Holmes
        regarding the proficiency testing results submitted to the Centers for Medicare
        and Medicaid Services in 2014.

20.     From January 1, 2013 to the date of production, all complaints received by
        THERANOS from physicians or customers regarding the accuracy of
        THERANOS' blood testing diagnostic results.

21.     All COMMUNICATIONS with Rochelle Gibbons CONCERNING her interactions with John Carreyrou, the Wall Street Journal reporter and author of "Hot Startup Theranos Has Struggled With Its Blood-Test Technology."

22.     All COMMUNICATIONS with individuals interviewed by John Carreyrou, the Wall Street Journal reporter and author of "Hot Startup Theranos Has Struggled With Its Blood-Test Technology," CONCERNING their conversations with Mr. Carreyrou.