# Exhibit F



# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
San Francisco Regional Office
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

**DIVISION OF ENFORCEMENT**　　　　　　　　　　　　　　　Jessica W. Chan
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Counsel
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(415) 705-2451

December 8, 2015

**VIA UPS AND EMAIL (heather.king@theranos.com)**

Heather King, Esq.
General Counsel
Theranos, Inc.
1701 Page Mill Road
Palo Alto, CA 94304

　　　　　　　Re:　　**In the Matter of Theranos, Inc. (SF-4030)**

Dear Ms. King:

　　　The enclosed subpoena has been issued pursuant to a formal order entered by the United States Securities and Exchange Commission. The subpoena requires Theranos, Inc. to produce documents.

**Producing Documents**

*What materials do I have to produce?*

　　　The subpoena requires production of the documents described in the attachment to the subpoena. The attachment defines some terms (such as "document") before listing what must be produced. The documents must be produced to the Commission no later than **December 22, 2015.**

　　　Please note that if copies of a document differ in any way, they are considered separate documents and each one must be produced. For example, if there are two copies of the same letter, but only one of them has handwritten notes on it, both the clean copy and the one with notes must be produced.

　　　If you prefer, photocopies of the originals may be produced. The Commission cannot reimburse copying costs. The copies must be identical to the originals, including even faint marks or print. If you choose to send copies, the originals must be kept in a safe place. We will accept the copies for now, but may require production of the originals later.

If photocopies are produced, please put an identifying notation on each page of each document to indicate that you produced it, and number the pages of all the documents submitted. Please make sure the notation and number do not conceal any writing or marking on the document. If originals are produced, please do not add any identifying notations.

*Do I need to send anything else?*

You should enclose a list briefly describing each item produced. The list should state to which category number(s) in the subpoena attachment each item responds.

You also should include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and producing it all to us.

*What if I do not produce everything described in the attachment to the subpoena?*

The subpoena requires production of all the materials described in it. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the subpoena, you should submit a list of what is not being produced. The list should describe each item separately, noting:

- its author(s);
- its date;
- its subject matter;
- the name of the person who has the item now, or the last person known to have it;
- the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents; and
- the reason the item was not produced.

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should also identify the attorney and client involved.

*Where should I send the materials?*

Please send the materials to:

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, DC 20549-5973

For smaller electronic productions under 10MB in size, the materials may be emailed to the following email address: ENF-CPU@sec.gov.

We ask that you send a copy of the cover letter to your response and a courtesy copy of the production by mail, fax, or email to:

>Jessica W. Chan, Staff Attorney
>U.S. Securities and Exchange Commission
>San Francisco Regional Office
>44 Montgomery Street, Suite 2800
>San Francisco, California 94104
>Telephone:  (415) 705-2451
>Fax:  (415) 705-2501
>Email:  chanjes@sec.gov

**Other Important Information**

*What will the Commission do with the materials I send and the testimony I provide?*

The enclosed SEC Form 1662 includes a List of Routine Uses of information provided to the Commission.  This form has other important information for you.  Please read it carefully.

*Has the Commission determined that anyone has done anything wrong?*

This investigation is a non-public, fact-finding inquiry.  We are trying to determine whether there have been any violations of the federal securities laws.  The investigation and the subpoena do not mean that we have concluded that you or anyone else has broken the law.  Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

*Important Policy Concerning Settlements*

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

*I have read this letter, the subpoena, and the SEC Form 1662, but I still have questions.  What should I do?*

If you have any questions concerning this matter, you may call me at (415) 705-2451.

>Very truly yours,
>
>*Jessica W Chan*
>
>Jessica W. Chan
>Counsel, Division of Enforcement

3

Enclosures:   Subpoena Duces Tecum (with attachment)
              SEC Form 1662
              SEC Data Delivery Standards



# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Theranos, Inc. (SF-4030)

To:   Heather King, Esq.
      General Counsel
      Theranos, Inc.
      1701 Page Mill Road
      Palo Alto, CA 94304

☒   **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission at the place, and no later than the date and time, specified below.

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, DC 20549-5973
Date/Time:  December 22, 2015

☐   **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By:  *Jessica W Chan*                                          Date:  December 8, 2015
     Jessica W. Chan
     U.S. Securities and Exchange Commission, San Francisco Regional Office
     44 Montgomery Street, Suite 2800, San Francisco, CA 94104; Telephone (415) 705-2451

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter.  The Securities and Exchange Commission has issued a Formal Order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

# ATTACHMENT

**Subpoena to Theranos, Inc.**
**In the Matter of Theranos, Inc. (SF-4030)**
**December 8, 2015**

## INSTRUCTIONS

This subpoena requires the production of certain documents, as specified in the section entitled "Production" below. The required documents should be produced in accordance with the following requirements:

A. You must submit all documents required to be produced by the subpoena that are in your possession, custody, or control, regardless of whether the documents are in your possession.

B. If you claim attorney-client privilege, or any other privilege or protection from production, provide a list of the documents that you claim are privileged or protected, indicating the date prepared, authors, all recipients, the subject matters of the document, and the privilege or protection claimed, sufficiently identifying the documents to permit the staff to determine whether to request an in camera inspection by a federal district court judge.

C. Produce the entirety of each and every document described below, without alteration, deletion, redaction, or obliteration of any information contained therein, even though such information is not specifically requested.

D. The following rules of construction apply to this subpoena and attachment: (1) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope; and (2) the use of the singular form of any word includes the plural and vice versa.

## DEFINITIONS

A. "COMMUNICATIONS" means and includes, but is not limited to, any correspondence, memoranda, notes, electronic mail, telephone conversations, instant message statements, and any other conversations, conferences, or meetings.

B. "CONCERNING" means and includes, but is not limited to, referring to, pertaining to, relating to, alluding to, bearing upon, commenting upon, touching upon, regarding, concerning, recording, evidencing, constituting, substantiating, supporting, contradicting, discussing, mentioning, including or otherwise affecting (directly or indirectly).

C. "DOCUMENT" and "DOCUMENTS" mean and include, but are not limited to, any and all records in your possession, custody or control, whether drafts or final versions, originals or annotated or non-identical copies, however and by whomever created, produced or stored (manually, mechanically, electronically or otherwise), including,

without limitation, books, papers, files, notes, account statements, confirmations, reports, correspondence, electronic files, e-mail, instant messages, text messages, Internet sites, World Wide Web pages, memoranda, ledger sheets, reports, telegrams, telexes, telephone bills, messages or logs, notes or minutes of conversations or meetings, contracts, agreements, calendars, datebooks, diaries, computer programs, records of billings, checks, receipts, wire transfers, drafts for money, records of payment, magnetic tape, tape recordings, disks, diskettes, diskpacks or other electronic media, microfilm, microfiche and other storage devices. "DOCUMENT" and "DOCUMENTS" shall also include all "writings," "recordings" and "photographs" as defined by Rule 1001 of the Federal Rules of Evidence and all "electronically stored information" as the term is used in Rules 26 and 34 of the Federal Rules of Civil Procedure.

D. "THERANOS" means Theranos, Inc., the entities and their divisions, groups, subsidiaries, predecessors, successors and affiliates, as well as current and former officers, directors, members, general and limited partners, employees, attorneys, accountants, agents, representatives, and any person acting on behalf of Theranos, Inc. with express, implied or apparent authority to do so or under its direction or control.

E. Unless otherwise specified, the time period for all requests is January 1, 2010 to the date of production.

## PRODUCTION

1. All U.S. Food and Drug Administration inspection records, including, but not limited to, announcements of inspections, Form 483s, warning letters, and THERANOS' responses.

2. All COMMUNICATIONS with the U.S. Food and Drug Administration besides applications for device approvals.

3. All Centers for Medicare and Medicaid Services inspection records, including, but not limited to, announcements of inspections, observations, and THERANOS' responses.

4. All COMMUNICATIONS with the Centers for Medicare and Medicaid Services.

5. All Arizona Department of Health Services inspection records, including, but not limited to, announcements of inspections, observations, and THERANOS' responses.

6. All COMMUNICATIONS with Arizona Department of Health Services.

7. All email correspondence referenced in the December 2, 2015 Washington Post article titled, "E-mails reveal concerns about Theranos's FDA compliance date back years."

8. From January 1, 2013 to the date of production, all complaints received by THERANOS from THERANOS employees regarding the accuracy of THERANOS' blood testing diagnostic results.