JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **MS. HOLMES' RENEWED MOTION TO ADMIT TX14259** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | Date: November 29, 2021<br>Time: 9:00 a.m.<br>CTRM: 4, 5th Floor |
| Defendants. | Hon. Edward J. Davila |

MS. HOLMES' RENEWED MOTION TO ADMIT TX14259
CR-18-00258 EJD

**RENEWED MOTION TO ADMIT TX14259**

PLEASE TAKE NOTICE that on November 29, 2021 at 9:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully move the Court to admit TX14259. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: November 26, 2021

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

# MEMORANDUM OF POINTS AND AUTHORITIES

Ms. Holmes respectfully moves to admit TX14259, email correspondence among Theranos employees concerning the Theranos test of E.T., the government witness who is the basis for Count 10 of the Indictment. Although the Court previously excluded this exhibit during the direct examination of Ms. Holmes' summary witness, Trent Middleton, *see* 11/19/21 Tr. 7158:25-7161:3, Ms. Holmes submits that the exhibit is admissible under the Court's prior rulings with respect to similar documents.

# ARGUMENT

As an initial matter, TX14259 easily clears the low threshold of relevance under Rule 401. Because TX14259 discusses E.T.'s test results, including information that was communicated to E.T., it is relevant to Ms. Holmes' defense against this count.[1] Saharia Decl., Ex. 1.

As to hearsay, the Court has previously permitted the admission of certain documents under Rule 803(6), regardless of whether there is a witness with personal knowledge of the exhibit, where an adequate foundation for the business records exception was laid in previous testimony. For example, during the testimony of Dr. Mark Burnes the Court admitted, over defense objection, TX4415, an email that Dr. Burnes was not copied on and had never seen. 11/18/21 Tr. 6845:1-6852:20. The email was an exchange between Theranos employees, with the distribution groups "Lab Reruns" and "Lab Escalate" copied on distinct emails in the chain, concerning Dr. Burnes' patient. Saharia Decl, Ex. 2 (TX4415 at 3). The government argued that the business records exception had been laid through the prior testimony of four witnesses: "Dr. Rosendorff on September 24, . . . Ms. Cheung on September 14th and 15th . . . Dr. Das . . .on November 10th . . . and from Mr. Edlin on October 19th." 11/18/21 Tr. 6845:7-25.

Two of those witnesses had testified that certain "email group address[es]" were created in the laboratory for the purpose of "disseminat[ing] important information about the functioning of the lab at Theranos." 9/24/2021 Tr. 1786:3-1787:1 (Rosendorff discussing CLS@theranos.com email group); *see also* 9/14/21 Tr. 837:10-839:9 (Cheung discussing "Normandy911" email group). Based on the

---

[1] Should the Court strike E.T.'s testimony, Ms. Holmes would withdraw this motion. *See* 11/19/21 Tr. 7091:12-7100:12.

MS. HOLMES' RENEWED MOTION TO ADMIT TX14259
CR-18-00258 EJD

1

government's representation, the Court admitted TX4415.  11/18/21 Tr. 6845:1-24.  Although Ms. Holmes objected to the admission of this document under the government's reasoning, the Court overruled the objection.[2]  *Id.*

In light of the Court's ruling on TX4415, Ms. Holmes submits that TX14259 should receive the same treatment.  The exhibits have overlapping recipients (Dan Florey and Sunny Balwani), and both reference the same distribution group (Lab Escalate).  The Court found that an adequate foundation had been laid by previous witnesses and therefore allowed the admission of TX4415 through Dr. Burnes, a non-Theranos employee who had never seen the document.  There is no material difference between the two exhibits, and therefore the same reasoning should apply to TX14259.  Lastly, Ms. Holmes notes that it would be unfairly prejudicial to allow the government to elicit testimony relating to the accuracy of the witness's Theranos test result, but to exclude a document offered by the defense that discusses and provides important context for the result.  And more so when the government has admitted at least one similar document over the defense's objection.

## CONCLUSION

For the foregoing reasons, Court should grant Ms. Holmes' Motion and admit TX14259.

DATED:  November 26, 2021              Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

---

[2] The government has similarly argued in its motions *in limine* in *U.S. v. Balwani* that previous testimony about email groups have laid sufficient foundation for internal Theranos emails to be considered business records.  Dkt. 1155 at 15.

# CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MS. HOLMES' RENEWED MOTION TO ADMIT TX14259
CR-18-00258 EJD