JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | Hon. Edward J. Davila |

Ms. Holmes respectfully submits the following preliminary, legal objections to the government's proposed final jury instructions, ECF 804.[1]  To facilitate the Court's review of the parties' competing proposed final instructions (ECF 804 and 809), Ms. Holmes has divided the parties' proposed final instructions into the following two categories: (I) instructions proposed by the government; and (II) instructions proposed by Ms. Holmes that are absent from the government instructions.  Ms. Holmes will discuss each category in turn.[2]  In addition, in Part III, Ms. Holmes proposes a limited set of supplemental instructions.

The following objections are purely legal in nature, and do not relate to the state of the record. By making these legal objections at this time, Ms. Holmes does not waive her right to make additional objections, and to propose additional instructions, after the evidence closes.  In particular, Ms. Holmes may make additional objections, and propose additional instructions, at the close of evidence depending on the state of the record at that time.  Ms. Holmes also intends to propose a summary of the indictment allegations to be included in the final jury instructions upon the close of evidence.

## I.     Instructions Proposed by the Government

### A.     Gov't Instruction 3.1; Ms. Holmes' Proposed Instruction No. 24: Duties of Jury to Find Facts and Follow Law

Ms. Holmes objects to Government Instruction 3.1, which replicates Ninth Circuit Model Instruction 3.1, on the following grounds.  The model instruction includes a list of factors that should not influence the jury, such as race, gender, or economic circumstances.  Ms. Holmes proposes to add to that list "profession, occupation, celebrity, or position in life or in the community" based on Third Circuit Model Criminal Jury Instruction 1.02, which recommends adding those factors to the list "if it appears

---

[1] Ms. Holmes reserves the right to lodge additional objections concerning any of the instructions proposed by the government in ECF 804, or any instructions proposed by the government at a later date.

[2] Throughout her proposed instructions, Ms. Holmes has substituted "Ms. Holmes" for "the defendant" in the model instructions.  The Court's preliminary instructions identified Ms. Holmes by name, rather than by her status as a defendant. *See, e.g.*, 9/8/2021 Tr. 519:10-12.  Ms. Holmes asks that the Court continue this practice.  Ms. Holmes' proposed instructions also insert, as appropriate, the term "alleged" before the term "offense[s]," "charge[s]," "conspiracy," "scheme," and "misrepresentation[s]," in order to highlight the presumption of innocence.  Ms. Holmes asks that the Court adopt this terminology.

MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
CR-18-00258 EJD

2

that there may be a risk that jurors could be influenced by those characteristics in a particular case."

Third Circuit Model Criminal Jury Instructions § 1.02 & cmt. (Dec. 2012 ed.); *see* Ms. Holmes'

Proposed Instruction No. 24, ECF 809 at 32.  That risk is present here, both with respect to Ms. Holmes

and with respect to witnesses.  At Ms. Holmes' request, the Court included similar language in its

preliminary instructions to the jury.  9/8/2021 Tr. 517:24-518:3 ("You should not be influenced by any

person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender,

profession, celebrity, economic circumstances or position in life or in the community.").  The Court

should give Ms. Holmes' Proposed Instruction No. 24.  *See* ECF 809, at 32.

**B.  Gov't Instruction 3.2; Ms. Holmes' Proposed Instruction No. 25:  Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

Ms. Holmes objects to Government Instruction 3.2, which is based on Ninth Circuit Model

Instruction 3.2, on the following grounds:

1.  Ninth Circuit Model Instruction 3.2 does not clearly explain that the government must prove

its case beyond a reasonable doubt on each element of each charge.  *See Victor v. Nebraska*, 511 U.S. 1,

5 (1994); *see also* Ninth Circuit Model Instruction 8.124 (wire fraud).  The model instruction provides

that "the government has the burden of proving every element of the charges beyond a reasonable

doubt."  Ms. Holmes' Proposed Instruction No. 25 (ECF 809, at 33-34) supplements this language by

conveying that the jury must assess each element of each charge.  This is an important legal principle

that should be communicated to the jury.  The Court should give Ms. Holmes' Proposed Instruction No.

25.

2.  Ms. Holmes submits that Ninth Circuit Model Instruction 1.2 does not adequately

describe what it means for a criminal defendant to be presumed innocent.  The model instruction simply

states that legal proposition without any further explanation.  Ms. Holmes' Proposed Instruction No. 25

(ECF 809, at 33-34) provides additional explanation of that core constitutional protection drawn from

the model jury instructions of other courts.  The Court should give Ms. Holmes' Proposed Instruction No. 25.

### C.   Gov't Instruction 3.4; Ms. Holmes' Proposed Instruction No. 64: Ms. Holmes' Decision to Testify

No objection.[3]

### D.   Gov't Instruction 3.5; Ms. Holmes' Proposed Instruction No. 65: Reasonable Doubt—Defined

Ms. Holmes objects to Government Proposed Instruction 3.5 on reasonable doubt, which is based upon Ninth Circuit Model Instruction 3.5, on the following grounds:

1.   Ms. Holmes has proposed language expanding on the Model Instruction definition of "reasonable doubt"—specifically, that a "reasonable doubt" is a "doubt that would cause a reasonable person to hesitate to act" in his or her own life.  Similar language has repeatedly been approved by the Supreme Court, and appears in the Sand Model Instructions.  ECF 809, at 88 (collecting sources); *see* 1 Sand, *Modern Federal Jury Instructions-Criminal* ¶ 4.01 (Matthew Bender ed. 2021) ("Despite the adoption of [the 'firmly convinced'] language in its pattern instruction, the Ninth Circuit has consistently stated that it prefers 'hesitate to act' language over this formulation."); *United States v. Garcia-Fregoso*, 40 F. App'x 367, 368 (9th Cir. 2002) ("[W]e share the First Circuit's preference for the 'hesitate to act' formulation"); *United States v. Velasquez*, 980 F.2d 1275, 1278-79 (9th Cir. 1992) (observing that "some Ninth Circuit opinions have expressed a preference for the 'hesitate to act' language" but approving the "firmly convinced" language in the model instruction).  Ms. Holmes' Proposed Instruction No. 65 (ECF 809, at 88) contains this "hesitate to act" language.  The Court should give Ms. Holmes' Proposed Instruction No. 65.

2.   Ms. Holmes has proposed language that a reasonable doubt is "[a] doubt that a reasonable person has after carefully weighing all of the evidence."  ECF 809, at 88.  This language appears in the Sand Model Instructions, and reflects the principle that the jurors must carefully weigh all the evidence before deciding whether the government has met its burden of proof.  1 *Modern Federal Jury*

---

[3] Because Ms. Holmes has testified, Government Instruction 3.3 is inapplicable.

*Instructions-Criminal* ¶ 4.01 (Matthew Bender ed. 2021).  Similar language appears in Ninth Circuit

Model Instruction 3.5.  The Court should give Ms. Holmes' Proposed Instruction No. 65.

3.      Ms. Holmes objects to the language in the Model Instruction advising jurors of a "duty"

to reach a guilty verdict.  In light of the presumption of innocence and the burden of proof, it is

inappropriate to instruct jurors on a "duty" to find guilt.  *But see United States v. Gomez*, 725 F.3d 1121,

1131 (9th Cir. 2013) (approving prosecutorial argument reciting this instruction without independently

considering whether the instruction is appropriate).  The O'Malley model instructions recommend

instructing the jury only of its duty to find the defendant not guilty when the government fails to meet its

burden of proof.  *See* O'Malley, ¶ 12.10 Presumption of innocence, burden of proof, and reasonable

doubt (6th ed. Aug. 2021 update) (identifying duty to find defendant not guilty, but not duty to find

defendant guilty).  Ms. Holmes' Proposed Instruction No. 65 (ECF 809, at 88) has proposed removing

text concerning jurors' "duty" to reach a verdict.  The Court should give Ms. Holmes' Proposed

Instruction No. 65.

**E.      Gov't Instruction 3.6; Ms. Holmes' Proposed Instruction No. 66: What is Evidence**

No objection, but if no stipulations of fact are presented to the jury, the Court should remove

item (3) from this instruction ("any facts to which the parties have agreed").

**F.      Gov't Instruction 3.7; Ms. Holmes' Proposed Instruction No. 67: What Is Not Evidence**

No objection.  Ms. Holmes understands that the Court will deliver the jury instructions following

closing arguments.

**G.      Gov't Instruction 3.8; Ms. Holmes' Proposed Instruction No. 68:  Direct and Circumstantial Evidence**

Ms. Holmes objects to Government Proposed Instruction 3.8, which is based upon Ninth Circuit

Model Instruction 3.8.  Government Proposed Instruction 3.8 omits the helpful explanation of

circumstantial evidence suggested in the official commentary to the model instruction.  Ms. Holmes'

corresponding version of this instruction includes language based on the example from the commentary

to the model instruction.  *See* Ms. Holmes' Proposed Instruction No. 68 (ECF 809, at 91).  The Court

included similar language in its preliminary instructions, 9/8/2021 Tr. 522:7-19; *see* 8/16/2021 Hr'g Tr.

49:17-19 (government does not object to the use of this language).  The Court should give Ms. Holmes'

Proposed Instruction No. 68.

### H.    Gov't Instruction 3.9; Ms. Holmes' Proposed Instruction No. 70: Credibility of Witnesses

No objection.

### I.    Gov't Instruction 3.10; Ms. Holmes' Proposed Instruction No. 72: Activities Not Charged

No objection, although Ms. Holmes has proposed to add additional language to this instruction.
*See infra* p. 32.

### J.    Gov't Instruction 3.11; Ms. Holmes' Proposed Instruction No. 62: Separate Consideration of Multiple Counts—Single Defendant

Ms. Holmes objects to Government Proposed Instruction 3.11, which replicates Ninth Circuit

Model Instruction 3.11, on the following grounds.  The model instruction does not inform the jury that it

must unanimously agree that the government has proven each element of each individual count beyond a

reasonable doubt in order to find Ms. Holmes guilty on that count.  *See Ramos v. Louisiana*, 140 S. Ct.

1390, 1395 (2020) (Sixth Amendment requires unanimous jury verdict); *Victor v. Nebraska*, 511 U.S. 1,

5 (1994) ("The government must prove beyond a reasonable doubt every element of a charged

offense.").  Ms. Holmes has added these concepts to her Proposed Instruction No. 62 (ECF 809, at 85),

which otherwise is identical to the Model Instruction.  The Court should give Ms. Holmes' Proposed

Instruction No. 62.

### K.    Gov't Instruction 3.18; Ms. Holmes' Proposed Instructions No. 32, 39: On or About—Defined

Ms. Holmes objects to the inclusion of Count 9 in this instruction, as that Count is no longer part

of the case.

### L.    Gov't Instruction 4.3: Other Crimes, Wrongs or Acts of Defendant; Ms. Holmes' Proposed Instruction No. 73

Ms. Holmes is not currently requesting that this instruction be given, but reserves the right to

propose an instruction at the close of evidence.[4]

---

[4] Government Instruction 4.3 omits the following optional language from Ninth Circuit Model Instruction 4.3: "You may not consider this evidence as evidence of guilt of the crime for which the

**M.** **Gov't Instruction 4.14; Ms. Holmes' Proposed Instruction No. 74: Opinion Evidence, Expert Witness**

No objection.

**N.** **Gov't Instruction 4.15; Ms. Holmes' Proposed Instruction No. 75: Dual Role Testimony**

Government Proposed Instruction 4.15 is based upon Ninth Circuit Model Instruction 4.3, but omits optional language from the Model Instruction: "Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses." Ms. Holmes' Proposed Instruction No. 75 (ECF 809, at 99) contains this language. The Court should give Ms. Holmes' Proposed Instruction No. 75.

**O.** **Gov't Instruction 4.16; Ms. Holmes' Proposed Instruction No. 76: Charts and Summaries Not Admitted Into Evidence**

No objection.

**P.** **Gov't Instruction 4.17: Charts and Summaries Admitted Into Evidence**

No objection; the defense admitted summaries under Rule 1006.

**Q.** **Gov't Instruction 8.20; Ms. Holmes' Proposed Instructions No. 27-41: Conspiracy— Elements**

Ms. Holmes objects to Government Instruction 8.20, which is based on Ninth Circuit Model Instruction 8.20, on the following grounds:

1.     **Two Conspiracy Counts.** Government Instruction 8.20 does not distinguish between the two conspiracy counts in the indictment—Count 1 and Count 2. Those counts allege distinct conspiracies with different sets of alleged victims over different periods of time. Specifically, Count 1 alleges a conspiracy to commit wire fraud against investors in Theranos between 2010 and 2015, while Count 2 alleges a conspiracy to commit wire fraud against paying patients between 2013 and 2016. Government Instruction 8.20 does not delineate between these conspiracies. There is no mention of the distinct objects of the alleged conspiracies, or of the different periods of time, even though Model Instruction 8.20 requires inclusion of the alleged period of the conspiracy. If given, Government

---

defendant is now on trial." If the Court chooses to give Ninth Circuit Model Instruction 4.3, Ms. Holmes requests that this language concerning the limited use of the evidence be included.

MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
CR-18-00258 EJD

Instruction 8.20 would risk substantial juror confusion.  In the interest of clarity and avoiding juror confusion, Ms. Holmes has proposed a set of instructions for each alleged conspiracy.  The Court should give Ms. Holmes' Proposed Instructions No. 27-41 (ECF 809, at 36-56).

2.    **Umbrella Instruction**.  Government Instruction 8.20 does not contain a separate instruction for each element of each conspiracy count.  Ms. Holmes proposes an overview "umbrella" instruction for each conspiracy count.  That umbrella instruction summarizes the elements of the offense, and is followed by more detailed instructions concerning each specific element.  The Court should give Ms. Holmes' Proposed Instructions No. 27-41.

3.    **Summary of Alleged Misrepresentations**.  Ms. Holmes' proposed "umbrella" instruction contains a placeholder for a summary of the misrepresentations alleged in the indictment, as does her proposed instruction concerning the first element of conspiracy.  In light of the complexity and breadth of the case, such a summary is necessary.  It would be inappropriate to give the jury a copy of the indictment.  *See United States v. Roy*, 473 F.3d 1232, 1237 n. 2 (D.C. Cir. 2007) (submitting the indictment to the jury "often carries significant risks and has few corresponding benefits"); *United States v. Esso*, 684 F.3d 347, 351 n.5 (2d Cir. 2012) (stating that courts might not give the indictment to the juries where, as here, the indictment "contains a running narrative of the government's version of the facts of the case," and that "[i]n most cases, the judge's instructions regarding the issues to be addressed by the jury and the elements of the offenses charged, which may include a reading of the legally effective portions of the indictment, will more than suffice to apprise the jury of the charges before them").  Ms. Holmes will propose such a summary at the close of evidence.

4.    **First Element: Existence of an Agreement**.  Government Instruction 8.20's summary of the first element of 18 U.S.C. § 1349—the existence of an agreement—is incomplete.  The Court should give Ms. Holmes' Proposed Instructions No. 28, 35, ECF 809, at 38-39, 48-49.

a.    Government Instruction 8.20 does not identify the time period of the alleged conspiracies, as required by Model Instruction 8.20.  It is important that the jury understand the time period charged in the indictment for each conspiracy count. Ms. Holmes' Proposed Instructions No. 28,

1    35 (ECF 809, at 38-39, 48-49) reflect the time periods specified in the indictment.  The Court should

2    give Ms. Holmes' Proposed Instructions No. 28, 35.

3        b.  Government Instruction 8.20 does not identify the object of the two alleged

4    conspiracies, *i.e.*, to commit wire fraud against investors in Theranos or to commit wire fraud against

5    paying Theranos patients.  Without identifying the object of each alleged conspiracy, jurors may fail to

6    understand the connection between Count 1 and Counts 3-8, or between Count 2 and Counts 10-12.  As

7    a result, jurors may erroneously mix-and-match counts from the distinct alleged wire fraud and

8    conspiracy counts.  Ms. Holmes' Proposed Instructions No. 28, 35 (ECF 809, at 38-39, 48-49) reflect the

9    object of the alleged conspiracy.  The Court should give Ms. Holmes' Proposed Instructions No. 28, 35.

10        c.  Government Instruction 8.20 does not explain that the mere fact that alleged co-

11    conspirators worked together at Theranos is not enough to establish an agreement.  The Ninth Circuit

12    has been clear that "[m]ere association and activity with a conspirator does not meet the test" for the

13    establishment of an agreement.  *United States v. Espinoza-Valdez*, 889 F.3d 654, 657 (9th Cir. 2018).

14    Ms. Holmes' Proposed Instructions No. 28, 35 (ECF 809, at 38-39, 48-49) reflect this holding.  The

15    jurors should be informed of this legal principle.  The Court should give Ms. Holmes' Proposed

16    Instructions No. 28, 35.

17        d.  Government Instruction 8.20 refers to "the conspiracy."  This terminology

18    presupposes a finding that a conspiracy existed, contrary to the presumption of innocence.  Ms. Holmes'

19    Proposed Instructions No. 28 and 35 (ECF 809, at 38-39, 48-49) use the phrase "the alleged conspiracy."

20    The Court should give Ms. Holmes' Proposed Instructions No. 28, 35.

21       5.  **Second Element: Member of a Conspiracy**.  Government Instruction 8.20's summary

22    of the second element of 18 U.S.C. § 1349—member of a conspiracy—is incomplete.  The Court should

23    give Ms. Holmes' Proposed Instructions No. 29, 36 (ECF 809, at 40-41, 50-51).

24        a.  As previously discussed, Government Instruction 8.20 does not identify the object

25    of each alleged conspiracy, *i.e.*, to commit wire fraud against investors in Theranos (Count 1) or to

26

27

28

1    commit wire fraud against paying Theranos patients (Count 2).  The Court should give Ms. Holmes'

2    Proposed Instructions 29 and 36.[5]

3                    b.      Government Instruction 8.20 does not define "willfully," the mental state required

4    to become a member of a conspiracy.  The Ninth Circuit has not defined willfulness under 18 U.S.C.

5    § 1349.  Ms. Holmes has proposed a definition based on Sand, *Modern Federal Criminal Jury*

6    *Instructions* ¶ 3A-3 (Willfully) (Matthew Bender ed. 2021).  This definition is consistent with the one

7    endorsed by the Supreme Court "as a general matter" "in the criminal context."  *Bryan v. United States*,

8    524 U.S. 184, 191 (1998).  In *Bryan*, the Supreme Court explained that "'a willful' act is one undertaken

9    with 'a bad purpose,'" and, for that reason, "in order to establish a 'willful' violation of a state, 'the

10   Government must prove that the defendant acted with knowledge that his conduct was unlawful.'"  524

11   U.S. at 192.  Other courts have used similar definitions in cases alleging conspiracy to commit wire

12   fraud or mail fraud.  *See United States v. Ubieta*, 630 F. App'x 964, 979 (11th Cir. 2015); *United States*

13   *v. Constantinou*, 2014 WL 4385435, * 8 n. 1 (D. Conn. Sept. 2, 2014).  Ms. Holmes' Proposed

14   Instructions No. 30 and 37 (ECF 809, at 41, 51) reflect this accepted definition of willfulness, and

15   provide that good faith is inconsistent with a finding of willfulness.  The Court should give Ms. Holmes'

16   Proposed Instructions No. 30, 37.

17          6.      **Third Element: Overt Act**.  Government Instruction 8.20 lacks an instruction on the

18   third element of 18 U.S.C. § 1349—the overt act.

19                  a.      The Ninth Circuit has stated that conspiracy to commit wire fraud under 18

20   U.S.C. § 1349 requires the jury to find an overt act.  *See United States v. Ball*, 711 F. App'x 838, 841

21   (9th Cir. 2017) (quoting *United States v. Green*, 592 F.3d 1057, 1067 (9th Cir. 2010)).  Ms. Holmes'

22   Proposed Instructions No. 31 and 38 (ECF 809 at 42, 52) contain the overt act element.  The Court

23   should give Ms. Holmes' Proposed Instructions No. 31, 38.

24                  b.      Government Instruction 8.20 also lacks an instruction that the overt act must have

25   been performed within the statute of limitations.  Ms. Holmes acknowledges that this Court denied her

26

27          [5] Throughout her proposed instructions, Ms. Holmes uses the formulation "money and property"
     (rather than "money or property") to describe the object of the alleged conspiracy, consistent with the
28   language of the indictment.  TSI, ECF 469, ¶¶ 24, 26.

     MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
     CR-18-00258 EJD
                                                    10

1    motion to dismiss Counts Three through Eight and Ten through Eleven of the Second and Third

2    Superseding Indictments as barred by the statute of limitations and ruled that the Second and Third

3    Superseding Indictments did not substantially broaden the scope of the charged scheme to defraud

4    investors.  *See* ECF 552 at 13-14.  In an abundance of caution, for the reasons stated in her prior

5    pleadings, ECF 498, 543, Ms. Holmes respectfully submits that the Court should instruct the jury that

6    the overt act must have occurred on or after July 14, 2015, which precedes the return of the Second

7    Superseding Indictment by five years.  In the alternative, if the Court declines to include an overt act

8    element, it should instruct the jury that it must conclude that the conspiracy continued on or after July

9    14, 2015.

10          7.      **Specific-Unanimity Instruction**.  Government Instruction 8.20 lacks a specific-

11   unanimity instruction in connection with the alleged conspiracies.  The indictment charges two

12   conspiracies, and the government has pursued a sprawling, complicated case.  The Ninth Circuit requires

13   a specific-unanimity instruction "when there is a genuine possibility of juror confusion" from factors

14   such as "the text of the indictment, . . . the clarity and presentation of the government's argument . . .,

15   the complexity of the evidence . . . , and the clarity or ambiguity of the jury instructions."  *United States*

16   *v. Lapier*, 796 F.3d 1090, 1096-97 (9th Cir. 2015) ("[J]urors must . . . unanimously agree that the

17   defendant is guilty of participating in a particular conspiracy—i.e., of forming an agreement with at least

18   one other particular individual to pursue a particular criminal goal").  The sources of juror confusion

19   identified in the case law are present in this case.  Ms. Holmes' Proposed Instructions No. 33, 40 (ECF

20   809, at 44-45, 54-55) inform the jury that it must agree that Ms. Holmes entered into the same

21   agreement with the same alleged co-conspirator(s) to commit the same criminal object.  The Court

22   should give Ms. Holmes' Proposed Instructions No. 33, 40.

23          8.      **Multiple Conspiracies**. Government Instruction 8.20 lacks a Multiple Conspiracies

24   instruction.  Ms. Holmes' Proposed Instruction No. 41 (ECF 809, at 56) is based on Ninth Circuit Model

25   Instruction 8.22.  This proposed instruction delineates between the two charged conspiracies, and

26   explains that the jury must assess each alleged conspiracy individually, and may not find Ms. Holmes

27   guilty on one conspiracy count simply because it concludes that another conspiracy existed.  This

28

MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
CR-18-00258 EJD

instruction is appropriate given the sprawling nature of the government's case.  The Court should give Ms. Holmes' Proposed Instruction No. 41.

**R.    Gov't Instruction 8.23: Knowledge of and Association with Other Conspirators**

Government Instruction 8.23 replicates Ninth Circuit Model Instruction 8.23.  Ms. Holmes objects to this instruction on the following grounds.

1.    Government Instruction 8.23 does not identify the object of the two alleged conspiracies. As currently drafted, Government Instruction 8.23 invites the jury to speculate as to possible objects of each alleged conspiracy.  ECF 804, at 38.

2.    Government Instruction 8.23 does not distinguish between the two alleged conspiracies. It is important that the jury assess each count individually.  Certain statements in Government Instruction 8.23 may invite the jury to conflate the two charged conspiracies, which have distinct objects and time periods.  *See, e.g.*, ECF 804, at 38 ("A conspiracy may continue for a long period of time"); *id.* ("one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme").[6]

**S.    Gov't Instruction 8.25; Ms. Holmes' Proposed Supplemental Instructions No. 89, 90: Liability for Substantive Offense Committed by Co-Conspirator (*Pinkerton* Charge)**

Government Instruction 8.25 is based upon Ninth Circuit Model Instruction 8.25.  Ms. Holmes objects to this instruction on the following grounds:[7]

---

[6] Although Ms. Holmes objects to this instruction, if the Court gives the instruction, Ms. Holmes asks that the Court add to Gov't Instruction 8.23 that "a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists."  ECF 809 at 40 (quoting Ninth Circuit Model Instruction 8.20).  Although this statement appears in the Ninth Circuit Model Instruction 8.20 concerning conspiracy, it would be important to reiterate it in connection with an instruction concerning the effects of "association with" conspirators.  Absent this statement, Gov't Instruction 8.23 may leave jurors with the misimpression that mere association with a conspirator suffices to establish membership in a conspiracy.

[7] Ms. Holmes maintains that a *Pinkerton* instruction is inappropriate.  However, if the Court chooses to give a version of this instruction, Ms. Holmes has proposed an instruction for the Court's consideration that corrects the defects identified below in the government's instruction.  *See infra* pp. 33-35.

1.     Ms. Holmes respectfully submits that *Pinkerton* liability is an improper judge-made theory of liability that lacks any basis in statute and that improperly imposes criminal liability based on a *mens rea* less than the underlying offense.  *See United States v. Walton*, 2021 WL 3615426, at *4 (9th Cir. Aug. 16, 2021) (Watford, J., concurring).

2.     Government Instruction 8.25 improperly merges both alleged conspiracies and the corresponding wire fraud counts together.  This will cause substantial jury confusion.  Jurors may conclude (contrary to the law) that they may hold Ms. Holmes liable for wire fraud against investors (Counts 3-8) if they conclude that she conspired with alleged co-conspirators to commit wire fraud against paying patients (Count 2), or vice versa.  The Ninth Circuit Model Instructions recognize this risk.  Even when a *Pinkerton* charge is appropriate, the Ninth Circuit Model Instructions caution courts to "consider giving separate *Pinkerton* instructions for each conspiracy charged" in light of "the potential for ambiguity when more than one conspiracy is charged."  Ninth Circuit Model Instruction 8.25, at 190-191.

3.     Government Instruction 8.25 omits the principle that *Pinkerton* liability applies only to the "reasonably foreseeable" actions of co-conspirators based on the facts known to the defendant at the time.  *See United States v. Green*, 592 F.3d 1057, 1070-71 (9th Cir. 2010) (co-schemers).

4.     Government Proposed Instruction 8.25 does not require the jury to find that the alleged co-conspirators allegedly committed the offense giving rise to *Pinkerton* liability for Ms. Holmes during the period of the conspiracy.  The Ninth Circuit has held that co-schemer liability may only lie when the co-schemer committed the substantive offense during the period of the scheme.  The same principle applies here.  *See United States v. Green*, 592 F.3d 1057, 1070-71 (9th Cir. 2010).

5.     Government Instruction 8.25 refers to Count 9, which is no longer part of the case.

**T.     Gov't Instruction 8.124; Ms. Holmes' Proposed Instructions No. 42-55: Wire Fraud**

Ms. Holmes objects to Government Instruction 8.124, which is based on Ninth Circuit Model Instruction 8.124, on the following grounds.[8]

---

[8] Government Instruction 8.124 refers to Count 9, which is no longer part of the case.

MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
CR-18-00258 EJD

1.   **Two Alleged Schemes to Defraud**. Government Instruction 8.124 does not distinguish between the schemes to defraud alleged in Counts 3-8 and Counts 10-12.  Those are distinct alleged schemes with distinct sets of alleged victims, distinct alleged duties, and distinct time periods.  ECF 469, ¶¶ 11-18.  In order to avoid confusion, it is important to identify the schemes separately for the jury.  Ms. Holmes' Proposed Instructions No. 42-55 (ECF 809, at 57-76) distinguish between the two alleged schemes to defraud.  The Court should give Ms. Holmes' Proposed Instructions No. 42-55.

2.   **Umbrella Instruction**.  Government Instruction 8.124 does not contain a separate instruction for each element of each wire fraud count.  Ms. Holmes proposes an overview "umbrella" instruction for each wire fraud count.  That umbrella instruction summarizes the elements of the offense, and is followed by more detailed instructions concerning each specific element.  The Court should give Ms. Holmes' Proposed Instructions No. 42-55 (ECF 809, at 57-76).[9]

3.   **Summary of Alleged Misrepresentations**. Government Instruction 8.124 does not contain a summary of the alleged misrepresentations from the indictment.  Ms. Holmes' proposed "umbrella" instruction and proposed instruction for the first element of wire fraud ("scheme to defraud") each contain a placeholder for a summary of the misrepresentations alleged in the indictment.  *See* Ms. Holmes' Proposed Instructions No. 42-43, 49-50 (ECF 809, at 57-60, 67-70).  In light of the complexity and breadth of the case, Ms. Holmes believes such a summary is necessary.  It would be inappropriate to give the jury a copy of the indictment.  *See supra* p. 8.  Ms. Holmes will propose a summary of the alleged misrepresentations at the close of evidence.

4.   **Argumentative Language**.  The Government's Instruction 8.124 improperly adds argumentative, incorrect language setting forth the government's theory of the case that does not appear in the Model Instructions.  Ms. Holmes objects to the following language contained in Government Instruction 8.124:

---

[9] Government Instruction 8.124 uses the terms "false or fraudulent" and "pretenses, representations, or promises" in the disjunctive.  ECF 804, at 40.  This departs from the terms of the indictment, which allege "false *and* fraudulent pretenses, representations, *and* promises," ECF 469, ¶¶ 11, 24, 26 (emphasis added), "false *and* fraudulent representations," *id*. ¶¶ 20, 22 (emphasis added), and "false and fraudulent pretense," *id*. ¶ 22.  Ms. Holmes' Proposed Instructions No. 42-55, conform to the language of the indictment.

MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
CR-18-00258 EJD

1          a.          Government Instruction 8.124 adds the following language to Ninth Circuit

2    Model Instruction 8.124:

3          A defendant's actions can constitute a scheme to defraud even if there are no specific false
           statements involved.  You as members of the jury do not need to agree on which statements were

4          false, deceitful, or fraudulent in furtherance of the scheme.

5    This language is argumentative, unnecessary, does not reflect the terms of the indictment, and will

6    mislead the jury.  The indictment charges wire fraud based on false statements and representations.  *See*

7    ECF 469, ¶ 11, 13, 15, 16, 20, 21, 24, 26.  If adopted, this language would "permit[] the defendant to be

8    convicted for conduct not alleged in the indictment," and therefore constitute an impermissible

9    constructive amendment.  *United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014).

10         b.          Government Instruction 8.124 adds the following language to Ninth Circuit

11   Model Instruction 8.124:

12         It does not matter whether the material transmitted by wire was itself false or deceptive so long
           as the wire communication was used as a part of the scheme, nor does it matter whether the

13         scheme or plan was successful or that any money or property was obtained.

14   This language is both argumentative and incorrect, for the following reasons.  First, the statement that

15   the wire communication need only be "used as a part of the scheme" improperly dilutes the wire

16   element.  That element requires that the defendant used or caused to be used an interstate wire

17   communication "to carry out or attempt to carry out an essential part of the scheme."  Ninth Circuit

18   Model Instruction 8.124.  Second, it is misleading to tell the jury that it does not "matter whether the

19   scheme or plan was successful or that any money or property was obtained."  Although it is true that

20   "the ultimate success of the scheme is not an *element* of the crime," 2 Sand, *Modern Federal Jury*

21   *Instructions-Criminal* ¶ 44.01 (Matthew Bender ed. 2021) (emphasis added), the fact that an alleged

22   scheme or plan was not successful or that no money or property was obtained may well bear on certain

23   elements of wire fraud, including intent and materiality, *see, e.g.*, *Lustiger v. United States*, 386 F.2d

24   132, 138 (9th Cir. 1967) (refund and exchange policies may be evidence of good faith); 2 Sand, *Modern*

25   *Federal Jury Instructions-Criminal* ¶ 44.01 (Matthew Bender ed. 2021) ("[P]roof that no one suffered a

26   loss, or that all alleged victims received refunds, is also admissible to prove that the object of the alleged

27   scheme was not to deprive the victims of money or property.").

28

MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
CR-18-00258 EJD

c.      Government Instruction 8.124 adds the following language to the Ninth Circuit Model Instruction:

> Similarly, it does not matter if the defendant intended to repay the money obtained through deception.

ECF 804, at 41.  This is misleading.  A defendant's belief that investors will make money may prove that she believed in good faith the truth of her statements.  *See United States v. Rossomando*, 144 F.3d 197, 201 (2d Cir. 1998) ("[A]n honest belief on the part of the defendant that the scheme would not . . . result in a financial loss to his victim *is* a defense to mail fraud." (emphasis in original)) (reversing conviction where court gave similar instruction about "honest belief on the part of the defendant that the scheme would not ultimately result in a financial loss").

5.      **First Element: Scheme to Defraud**. Government Instruction 8.124's summary of the first element of 18 U.S.C. § 1343, the scheme to defraud, is incomplete.

a.      Government Instruction 8.124 does not define the term "scheme to defraud."  Ms. Holmes' initially Proposed Instructions No. 43, 50 (ECF 809, at 59, 69) define this term.  Ms. Holmes submits that Government Instruction 8.124 (and Ninth Circuit Model Instruction 8.124) is misleading because a jury may incorrectly infer from the word "or" that a "scheme to defraud" is not a scheme for obtaining money or property.  The Supreme Court has rejected that reading of the wire fraud statute. *See McNally v. United States*, 483 U.S. 350, 358-59 (1987).  Ms. Holmes proposes to add a definition of "scheme to defraud" drawn from the Supreme Court case law to avoid misleading the jury.  *See* Ms. Holmes' Proposed Supplemental Instruction No. 83.  *See infra* p. 32.  The Court added similar language to the preliminary instructions.  9/18/2021 Tr. 521:3-4.

b.      Government Instruction 8.124 fails to inform the jury that a scheme to defraud may not be inferred solely because a venture turned out to be unprofitable or failed.  As the Ninth Circuit has stated, "[a] scheme to defraud is not necessarily to be inferred from an unprofitable venture." *United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992).  There is a risk that, absent this instruction, jurors will improperly conclude that the failure of Theranos as a business means that there was a scheme

1    to defraud.  Ms. Holmes' Proposed Instructions No. 43, 50 (ECF 809, at 59, 69) guard against this

2    erroneous inference.  The Court should give Ms. Holmes' Proposed Instructions No. 43, 50.

3              c.    Government Instruction 8.124 does not inform the jury that 18 U.S.C. § 1343

4    punishes only "schemes that depend for their completion on a misrepresentation of an essential element

5    of the bargain," and does not proscribe "schemes that do no more than cause their victims to enter into

6    transactions that they would otherwise avoid." *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007);

7    *United States v. Takhalov*, 827 F.3d 1307, 1310 (11th Cir. 2016) ("That a defendant merely induced the

8    victim to enter into a transaction that he otherwise would have avoided is . . . insufficient to show wire

9    fraud." (cleaned up)); *United States v. Starr*, 816 F.2d 94, 99 (2d Cir. 1987) (government failed to prove

10   wire fraud because "customers received exactly what they paid for").  Ms. Holmes' Proposed

11   Instructions No. 43, 50 (ECF 809, at 59, 69) reflect this principle.  The Court should give Ms. Holmes'

12   Proposed Instructions No. 43, 50.

13             d.    Government Instruction 8.124 lacks a summary of the misrepresentations alleged

14   in the indictment, and lacks an instruction that the government must prove that one of the alleged

15   misrepresentations was made in furtherance of the alleged scheme to defraud.  Ms. Holmes' Proposed

16   Instructions No. 43, 50 (ECF 809, at 59, 69) contain a placeholder for a summary of the

17   misrepresentations alleged in the indictment.  Such a summary is necessary.  *See supra* p. 8.  As

18   previously stated, it would be improper to give the indictment to the jury.  *See supra* p. 8.  Ms. Holmes

19   will provide a summary of the alleged misrepresentations at the close of evidence.

20       6.    **First Element: Definition of "Knowingly."**  Ms. Holmes discusses the instruction

21   concerning the term "knowingly" in connection with Government Instruction 5.7.  *See infra* pp. 21-22.

22       7.    **Specific-Unanimity Instruction**.  Government Instruction 8.124 lacks a specific-

23   unanimity instruction.  The Ninth Circuit has explained that "[i]n a mail or wire fraud prosecution, jurors

24   must be instructed that they must agree on the existence of a single scheme to defraud." *United States v.*

25   *Frazin*, 780 F.2d 1461, 1468 (9th Cir. 1986).  The Ninth Circuit requires such an instruction when there

26   is a risk of jury confusion.  *See United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983); *see also*

27   *supra* p. 11 (identifying factors requiring specific-unanimity instruction).  The government has charged

28

MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
CR-18-00258 EJD

a sprawling, complicated case, and alleged two schemes to defraud.  The risks for jury confusion are present here.  Ms. Holmes' Proposed Instructions No. 45 and 52 (ECF 809, at 62, 72) are based on the specific-unanimity instruction contained in O'Malley, *Federal Jury Practice and Instructions: Criminal* § 47.17 (Unanimity-Explained) (6th ed. Aug. 2021 update).  The Court should give Ms. Holmes' Proposed Instructions No. 45 and 52.

8.    **Second Element: Definitions of "Falsity" and "Materiality."**  Government Instruction 8.124's summary of the second element of 18 U.S.C. § 1343 lacks a definition of falsity, fraudulence, and materiality.

a.    Ms. Holmes' Proposed Instructions No. 46, 53 (ECF 809, at 63, 73) contain a definition of falsity and fraudulence derived from 2 Sand, *Modern Federal Jury Instructions-Criminal*, ¶ 44-4 (Matthew Bender ed. 2021) ("A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive."); Ninth Circuit Model Instruction 5.12 (defining "intent to defraud" as "intent to deceive and cheat").  The Court should give Ms. Holmes' Proposed Instructions No. 46, 53.

b.    Ms. Holmes' Proposed Instructions No. 46, 53 (ECF 809, at 63, 73) contain a definition of materiality derived from the case law of this circuit.  *See United Health Servs., Inc. ex rel. United States v. Escobar*, 576 U.S. 176, 193-95 (2016); *United States v. Markevich*, 775 Fed. App'x 287, 289-90 (9th Cir. 2019); *United States v. Bogucki*, 2019 WL 1024959, at *2 (N.D. Cal. Mar. 4, 2019).  The Court should give Ms. Holmes' Proposed Instructions No. 46, 53.

c.    Ms. Holmes' Proposed Instructions No. 46, 53 (ECF 809, at 63, 73) inform the jury that expressions of opinion, aspirations, or goals, or general, subjective claims are not actionable. *See Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008); *United States v. Gay*, 967 F.2d 322, 329 (9th Cir. 1992); *In re American Apparel, Inc. Shareholder Litigation*, 855 F. Supp. 2d 1043, 1072–73 (C.D. Cal. 2012); *In re Actimmune Marketing Litigation*, 2009 WL 3740648 (N.D. Cal. 2009).  It is very important to inform the jury of this principle.  Such statements have featured prominently at trial.  *See, e.g.*, 10/22/2021 Tr. 4448, 4483.  The Court should give Ms. Holmes'

1    Proposed Instructions No. 46 and 53, or alternatively Ms. Holmes' Supplemental Proposed Final

2    Instruction No. 84.

3          d.    Ms. Holmes objects to any instruction on omissions for the reasons previously

4    stated.  *See, e.g.*, ECF 205, 500.  Ms. Holmes reserves the right to propose revisions to this instruction

5    should the Court decide to give the instruction over her objection.

6          9.    **Third Element: Intent to Defraud**.  For the reasons discussed below, the Government

7    Instruction on Intent to Defraud is incorrect and incomplete.  *See infra* pp. 19-21.

8          10.   **Fourth Element: Use of Interstate Wire Communication.**  Government Instruction

9    8.124 is incomplete for the following reasons.

10          a.    Government Instruction 8.124 lacks a summary chart of the wires in this case.

11    Ms. Holmes will propose such a chart at the close of evidence.

12          b.    Government Instruction 8.124 does not specify that the jury must find that the

13    wires were sent within the statute of limitations' period, or identify the relevant date on which that

14    period concluded.  Ms. Holmes acknowledges that the Court denied her motion to dismiss Counts Three

15    through Eight and Ten through Eleven as barred by the statute of limitations, and ruled that the Second

16    and Third Superseding Indictments did not substantially broaden the alleged scheme to defraud.  ECF

17    552 at 11-18; ECF 498, 543.  She respectfully disagrees with that ruling and proposes these dates, which

18    precede the grand jury's return of the relevant indictments by five years, in an abundance of caution.

19    *See* Ms. Holmes' Proposed Instructions No. 48, 55.

20    **U.    Gov't Instruction at 42; Ms. Holmes' Proposed Instructions No. 47, 54: Intent to
         Defraud—Defined.**

21
      The Government Instruction at p. 42 of the Government Proposed Final Jury Instructions, ECF

22    804, is incorrect and incomplete.  Ms. Holmes objects to this instruction on the following grounds.

23
          1.    The Government Instruction does not inform the jury that the mental state of intent

24    requires both that Ms. Holmes act "knowingly" and that she act "intentionally."  2 Sand, *Modern*

25    *Federal Jury Instructions-Criminal* ¶ 44-5 (Matthew Bender ed. 2021).  Ms. Holmes' Instructions No.

26    47, 54 (ECF 809, at 65, 74) inform the jury of this requirement, and include a definition of "knowingly"

27    based on Ninth Circuit Model Instruction 5.7.

28
      MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
      CR-18-00258 EJD

2. The Government Instruction defines the "intent to deceive and cheat," as "the intent to deprive someone of something valuable by the use of deceit and fraud."  ECF 804 at 42.  For two reasons, that is an incorrect formulation of intent under 18 U.S.C. § 1343.

a. The Government Instruction provides that Ms. Holmes must possess the intent to deprive someone of "something valuable."  That diverges from the language of the indictment, which alleges that Ms. Holmes intended to obtain "money and property."  ECF 469, ¶¶ 11, 24, 26.  It also diverges from the text of the wire-fraud statute, 18 U.S.C. § 1343, and the text of Ninth Circuit Model Instruction 8.124.  It would be error to substitute this vague term for the statutory terms "money or property."  The Court used a similar "money or property" formulation in its preliminary instructions to the jury.  9/8/2021 Tr. 520:14-18, 521:3-8.  Ms. Holmes' Proposed Instructions No. 47, 54 reflect the language of the indictment, and use the terms "money and property."

b. The word "deprive" is incorrect.  The wire fraud statement requires intent to "obtain" money or property.  The Ninth Circuit has held that the intent to defraud "explicitly require[s] an intent to obtain 'money or property' from the one who is deceived by means of false or fraudulent pretenses, representations, or promises." *Monterey Plaza Hotel Ltd. P'Ship v. Local 483*, 215 F.3d 923, 926 (9th Cir. 2000) (cleaned up).  The Supreme Court likewise has recently focused primarily on the intent to "obtain" money or property from the victim by means of the false or fraudulent pretenses, representations, or promises. *See United States v. Kelly*, 140 S. Ct. 1565, 1568, 1571-74 (2020).  Ms. Holmes' Proposed Instructions No. 47, 54 reflect this case law, and use the term "obtain," rather than "deprive."

c. The Government Instruction does not reflect the concept of "convergence": that any fraudulent conduct must be directed toward the person from whom the defendant intends to obtain money. *See, e.g.*, *United States v. Ali*, 620 F.3d 1062, 1070 (9th Cir. 2010) ("[W]e held in *United States v. Lew*, 875 F.2d 219 (9th Cir. 1989), that, for mail fraud, 'the intent must be to obtain money or property from the one who is deceived.'").  Ms. Holmes' Instructions No. 47, 54 make clear that "deceive and cheat" means "to obtain money and property from someone by deceiving or making false representations *to that person*."

3.     The Government Instruction does not inform the jury that good faith is inconsistent with a finding that Ms. Holmes acted with the intent to defraud.  *See* O'Malley, *Federal Jury Practice & Instructions Criminal* § 19:06 (6th ed. Feb. 2021 update) ("good faith on the part of the defendant is, simply, inconsistent with the intent to defraud" (cleaned up)); *United States v. Tarallo*, 380 F.3d 1174, 1191 (9th Cir. 2004) (same).  Ms. Holmes' Proposed Instructions No. 47, 54 (ECF 809, at 65, 74) reflect this principle.  The Court should give Ms. Holmes' Proposed Instructions No. 47, 54.

## V.     Gov't Instruction 5.7; Ms. Holmes' Proposed Instructions No. 44, 51: Knowingly—Defined

Government Instruction 5.7 replicates Ninth Circuit Model Instruction 5.7.  Ms. Holmes objects to Government Instruction 5.7 on the following grounds.

a.     Government Instruction 5.7 provides that "[t]he government is not required to prove that the defendant knew that her acts or omissions were unlawful."  ECF 804, at 43.  That sentence is bracketed in the model instruction.  This sentence does not make sense, and will mislead the jury, in the context of this case.  In the wire fraud instruction, "knowingly" modifies the phrase "participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses"—an inherently unlawful act.  Wire fraud requires the specific intent to defraud—i.e., intent to do something unlawful.  The instruction that "[t]he government is not required to prove that the defendant knew that her acts or omissions were unlawful" is inconsistent with the element of specific intent to defraud.  This sentence should be deleted.  Relatedly, the sentence will confuse the jury given that the willfulness mens rea for conspiracy requires that the government prove that Ms. Holmes acted with knowledge that her conduct was unlawful.  *See Bryan*, 524 U.S. at 199 (holding that it was error to instruct jury "nor is the government required to prove that he had knowledge that he was breaking the law").  Ms. Holmes' Proposed Instructions No. 44, 51 (ECF 809, at 61, 71) omit the language of the Ninth Circuit model instruction concerning knowledge of unlawful activity.  The Court should give Ms. Holmes' Proposed Instructions No. 44, 51.

b.     Ms. Holmes objects to the word "omissions" in this instruction for the reasons already stated.

MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
CR-18-00258 EJD

c.      Government Instruction 5.7 does not inform the jury that good faith is

inconsistent with a finding that Ms. Holmes acted knowingly.  *See* O'Malley, *Federal Jury Practice &*

*Instructions Criminal* § 19:06 (6th ed. Feb. 2021 update) ("good faith on the part of the defendant is,

simply, inconsistent with the intent to defraud" (cleaned up)); *United States v. Tarallo*, 380 F.3d 1174,

1191 (9th Cir. 2004) (same).  Ms. Holmes' Proposed Instructions No. 44, 51 (ECF 809, at 61, 71) reflect

this principle.  The Court should give Ms. Holmes' Proposed Instructions No. 44, 51.

**W.      Gov't Instruction 8.122; Ms. Holmes' Proposed Supplemental Instructions No. 91, 92: Scheme to Defraud—Vicarious Liability (18 U.S.C. § 1343)**

Government Instruction 8.122 replicates Ninth Circuit Model Instruction 8.122.  Ms. Holmes

objects to Government Instruction 8.122 on the following grounds:

1.      Ms. Holmes respectfully submits that co-schemer liability is an improper judge-made

theory of liability that lacks any basis in statute and that improperly imposes criminal liability based on a

*mens rea* less than the underlying offense.  *See United States v. Walton*, 2021 WL 3615426, at *4 (9th

Cir. Aug. 16, 2021) (Watford, J., concurring) (discussing *Pinkerton* liability).

2.      Government Proposed Instruction 8.122 improperly merges both alleged schemes to

defraud.  This will cause substantial jury confusion.  Jurors may conclude (contrary to the law) that they

may convict Ms. Holmes of a scheme to defraud investors (Counts 3-8) based on the actions of a co-

schemer in connection with the alleged scheme to defraud paying patients (Counts 10-12).  This is

similar to the risk presented by the *Pinkerton* charge.  *See supra* p. 13.  Even when a *Pinkerton* charge is

appropriate, the Ninth Circuit Model Instructions caution courts to "consider giving separate *Pinkerton*

instructions for each conspiracy charged" in light of "the potential for ambiguity when more than one

conspiracy is charged."  Ninth Circuit Model Instruction 8.25, at 190-191.

3.      Government Proposed Instruction 8.122 omits that the jury must find the relevant facts

beyond a reasonable doubt.  *See Victor v. Nebraska*, 511 U.S. 1, 5 (1994); *United States v. Tarallo*, 380

F.3d 1174, 1184 (9th Cir. 2004), *amended*, 413 F.3d 928 (9th Cir. 2005) ("Because the jury was not

instructed that it had to find beyond a reasonable doubt all elements of coschemer vicarious liability, on

appeal the government may not rely on this new theory.").

4.      Government Proposed Instruction 8.122 does not require the jury to find that the alleged co-schemer(s) allegedly committed the offense giving rise to co-schemer liability for Ms. Holmes during the period of the scheme.  The Ninth Circuit has held that co-schemer liability may only lie when the co-schemer committed the substantive offense during "the life of the scheme."  *United States v. Green*, 592 F.3d 1057, 1070-71 (9th Cir. 2010).

5.      Government Proposed Instruction 8.122 does not require the jury to find that the alleged co-schemer(s) was a member of one of the two schemes charged in the indictment and that he was acting in furtherance of the relevant, alleged scheme to defraud.  *See United States v. Tarallo*, 380 F.3d 1174, 1184 (9th Cir. 2004), *amended*, 413 F.3d 928 (9th Cir. 2005) ("in order to convict Defendant under a 'coschemer' theory, the jury would have had to find beyond a reasonable doubt that Defendant's fellow telemarketers were, in fact, coschemers acting in furtherance of the scheme").

6.      Government Proposed Instruction 8.122 provides that "the offense [committed by the co-schemer] must be one that the defendant could reasonably foresee as a necessary and natural consequence of the fraud."  ECF 804, at 44.  The government's proposed instruction omits, however, the principle that defendant is only liable for substantive offenses committed by co-schemers that were reasonably foreseeable to her "according to the facts that were known to the defendant."  *United States v. Green*, 592 F.3d 1057, 1070-71 (9th Cir. 2010).

7.      Government Proposed Instruction 8.122 does not require the jury to find that the co-schemers' acts were "within the scope" of the alleged scheme.  *See United States v. Stapleton*, 293 F.3d 1111, 1118 (9th Cir. 2002).

8.      Government Proposed Instruction 8.122 does not require the jury to find that Ms. Holmes was a member of the scheme at the time the alleged co-schemer(s) committed the acts at issue.

## X.      Gov't Instruction p. 45: Wire Fraud—Victim's Conduct

For the reasons previously stated, Ms. Holmes objects to the references to "facts omitted" and "omissions" in the Government Instruction on Victim's Conduct.[10]  *See supra* p. 19.  Ms. Holmes also

---

[10] Ms. Holmes notes that this instruction uses the disjunctive term "false or fraudulent pretenses, representations, or promises," contrary to the conjunctive ""false *and* fraudulent pretenses, representations, *and* promises,"" terminology of the indictment.  *See, e.g.*, ECF 469, ¶¶ 11, 23, 26.

objects to the final sentence of this instruction and requests that it be deleted.  That sentence refers to "these elements," but does not fully describe all the elements of 18 U.S.C. § 1343.  The sentence is therefore incorrect and will confuse the jury.  It is also repetitive of the first sentence and will confuse the jury for that reason as well.  Ms. Holmes does not object to the remainder of this proposed instruction.

### Y.    Gov't Instruction p. 46: Success of the Wire Fraud Scheme

Ms. Holmes objects to this Government Instruction.  It is misleading and incorrect as a matter of law to inform the jury that "[s]uccess of the scheme to defraud is not material for purposes of determining whether wire fraud occurred."  ECF 804, at 46.  Although it is true that "the ultimate success of the scheme is not an *element* of the crime," 2 Sand, *Modern Federal Jury Instructions-Criminal* ¶ 44.01 (Matthew Bender ed. 2021) (emphasis added); *United States v. Rude*, 88 F.3d 1538, 1547 (9th Cir. 1996), the fact that an alleged scheme or plan was not successful or that no money or property was obtained may well bear on certain elements of wire fraud, including intent and materiality, *see, e.g.*, *Lustiger v. United States*, 386 F.2d 132, 138 (9th Cir. 1967) (refund and exchange policies may be evidence of good faith); 2 Sand, *Modern Federal Jury Instructions-Criminal* ¶ 44.01 (Matthew Bender ed. 2021) ("[P]roof that no one suffered a loss, or that all alleged victims received refunds, is also admissible to prove that the object of the alleged scheme was not to deprive the victims of money or property.").  It would be error to give this instruction to the jury.

### Z.    Gov't Instruction 7.1; Ms. Holmes' Proposed Instruction No. 77: Duty to Deliberate

Government Proposed Instruction 7.1 replicates Ninth Circuit Model Instruction 7.1.  The model instruction includes a list of factors that should not influence the jury, such as race, gender, or economic circumstances.  Ms. Holmes proposes to add to that list "profession, occupation, celebrity, or position in life or in the community" based on Third Circuit Model Criminal Jury Instruction 1.02, which recommends adding those factors to the list "if it appears that there may be a risk that jurors could be influenced by those characteristics in a particular case."  Third Circuit Model Criminal Jury Instructions § 1.02 & cmt. (Dec. 2012 ed.); *see* Ms. Holmes' Proposed Instruction No. 24, ECF 809 at 32.  At Ms. Holmes' request, the Court included similar language in its preliminary instructions to the jury.

MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
CR-18-00258 EJD

9/8/2021 Tr. 517:23-518:3 ("You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, profession, celebrity, economic circumstances or position in life or in the community."). Ms. Holmes' Proposed Instruction No. 77 (ECF 809, at 101) includes this language. The Court should give Ms. Holmes' Proposed Instruction No. 77.

### AA. Gov't Instruction 7.2; Ms. Holmes' Proposed Instruction No. 78: Consideration of Evidence—Conduct of the Jury

Government Proposed Instruction 7.2 replicates Ninth Circuit Model Instruction 7.2. The model instruction contains a caution against reading, watching, or listening to any news or media accounts or conducting any research about the case. This instruction is typically given in every case, even those that have not been the subject of publicity or media coverage. Ms. Holmes' Proposed Instruction No. 78 (ECF 809, at 103-04) includes the language, "through Google or otherwise," in connection with the instruction not to perform research on the internet. The Court added this language to a similar instruction in the Court's Preliminary Instructions, *see* 9/8/21 Tr. 525-26, and should do the same here. The Court should give Ms. Holmes' Proposed Instruction No. 78.

### BB. Gov't Instruction 7.3; Ms. Holmes' Proposed Instruction No. 79: Use of Notes

No objection.

### CC. Gov't Instruction No. 7.4; Ms. Holmes' Proposed Instruction No. 80: Jury Consideration of Punishment

Ms. Holmes objects to Government Instruction No. 7.4, which replicates Ninth Circuit Model Instruction 7.4. Ms. Holmes objects to the use of the term "this crime" in Government Instruction 7.4. The use of the term "this crime" presupposes that an offense has been committed, and that there is a single "crime" at issue, rather than multiple specific, defined offenses. Ms. Holmes' Proposed Instruction No. 80 (ECF 809, at 105) substitutes "the alleged offenses" for "this crime." The Court should give Ms. Holmes' Proposed Instruction No. 80.

### DD. Gov't Instruction 7.5; Ms. Holmes' Proposed Instruction No. 81: Verdict Form

Ms. Holmes objects to the government's proposed verdict form (ECF 805) on the following grounds.  Ms. Holmes has attached her own proposed version of the verdict form.

1.      The government's proposed verdict form identifies the options for each count as "[GUILTY / NOT GUILTY]."  Because Ms. Holmes is presumed innocent, the options should read: "[NOT GUILTY / GUILTY]."  The government's version improperly inverts the presumption of innocence by putting "GUILTY" first.

2.      Relatedly, the blanks in the government's form are too short for a person with average-sized handwriting to write "Not Guilty."  The blanks should be longer.

3.      The government has dismissed Count Nine, so that count must be removed from the verdict form.

4.      The government's proposed description of Count Two improperly refers only to "Theranos Patients," as opposed to "Theranos paying patients."  The Court should add the word "paying."

5.      The government's proposed descriptions of Counts Three through Eight improperly refer only to "Wire Fraud," as opposed to "Wire Fraud against Theranos investors."  To avoid juror confusion and conviction on an improper basis, the Verdict Form should distinguish between the two distinct alleged schemes to defraud.  The Court should add the words "against Theranos investors."

6.      The government's proposed descriptions of Ten through Twelve improperly refer only to "Wire Fraud," as opposed to "Wire Fraud against Theranos paying patients."  To avoid juror confusion and conviction on an improper basis, the Verdict Form should distinguish between the two distinct alleged schemes to defraud.  The Court should add the words "against Theranos paying patients."

7.      The government's proposed Verdict Form refers to the "Third Superseding Indictment." The Verdict Form should not inform the jury of the number of indictments.  It should simply refer to "the indictment," as is customary in the Ninth Circuit Model Instructions.

8.      The government's proposed Verdict Form capitalizes "investors" and "patients." This capitalization is inconsistent with the jury instructions, and improperly inflates the significance of those terms.  Those words should be in lowercase.

9.     The government's proposed Verdict Form states that Counts Ten and Eleven are "in connection with [identified patients'] laboratory blood test results," without conveying the concept that those blood test results must have been transmitted by wire.  The rest of the counts in the government's proposed Verdict Form do refer to use of the wires.  This difference could mislead the jury.  Ms. Holmes has modified the description of these two counts in her proposed Verdict Form.

### EE.     Gov't Instruction 7.6; Ms. Holmes' Proposed Instruction No. 82: Communication with Court

No objection.

### FF.     Gov't Instruction No. 7.10: Readback or Playback

Ms. Holmes objects to Government Instruction 7.10, which replicates Ninth Circuit Model Instruction 7.10.  This proposal is premature.  Ms. Holmes reserves the right to object to this instruction based on the request, the nature of the testimony sought to be readback or played back, or any other relevant consideration.

## II.     Final Instructions Proposed by Ms. Holmes That Are Absent from the Government's Proposed Instructions

Ms. Holmes objects to the absence of the following instructions from the government's proposed instructions and respectfully requests that the Court give the following instructions proposed by Ms. Holmes.

### A.     Ms. Holmes' Proposed Instruction No. 23: Previous Litigation Involving Defendant

Ms. Holmes' Proposed Instruction No. 23 (ECF 809, at 32) is based upon Ninth Circuit Model Instruction 2.16.  The model instruction relates to a defendant's previous trial, and instructs the jury that it may not consider the fact of a previous trial in deciding the case.  Ms. Holmes' proposed instruction adapts the model instruction to reflect Ms. Holmes' testimony and/or participation as a party in prior civil litigation, and to inform the jury that it may not infer that Ms. Holmes is guilty of the alleged conduct because she previously provided testimony and/or participated in a civil case.  The jury has heard about Ms. Holmes' prior testimony before the SEC.  *See* 11/30/2021 Tr. 8010:1-8011:7.  They have not yet heard about any participation in past civil litigation (and it is doubtful that any such

evidence would be admissible).  Ms. Holmes will propose a final version of this instruction at the close of evidence.

**B.      Ms. Holmes' Proposed Instruction No. 26: Absence of Co-Defendant**

Ms. Holmes' Proposed Instruction No. 26 (ECF 809, at 35) is based upon Ninth Circuit Model Instruction 2.15 and instructs jurors that they should not draw any inferences from the fact that the case against Mr. Balwani is not before them.  The preliminary instructions informed the jury that Mr. Balwani is Ms. Holmes' co-defendant.  9/8/2021 Tr. 530:24-531:3.  One of the government's witnesses, Roger Parloff, described Mr. Balwani as Ms. Holmes' "codefendant" in front of the jury.  11/18/21 Tr. 7006:6-9.  It is appropriate to instruct the jury that this fact should not influence their verdict, or else they may speculate falsely about the reasons for his absence.  In the preliminary instructions, the Court delivered an identical instruction at Ms. Holmes' request.  9/8/2021 Tr. 530-31.  The Court should give Ms. Holmes' Proposed Instruction No. 26.

**C.      Ms. Holmes' Proposed Instruction No. 56: Theory of Defense**

Ms. Holmes reserves the right to submit a theory of defense instruction at the close of evidence. *See* Ms. Holmes' Proposed Instruction No. 56 (ECF 809, at 77).  As the Ninth Circuit has held, "[a] defendant is entitled to have the jury instructed on his or her theory of defense, as long as that theory has support in the law and some foundation in the evidence."  *United States v. Perdomo-Espana*, 522 F.3d 983, 986-87 (9th Cir. 2008); *see* Ninth Circuit Model Criminal Jury Instructions at 105 (2010 ed., last updated 9/2021) (same).

**D.      Ms. Holmes' Proposed Instruction No. 57: Good Faith**

Ms. Holmes' Proposed Instruction No. 57 (ECF 809, at 78) is based on O'Malley, *Federal Jury Practice & Instructions-Criminal* § 19:06 (6th ed. Feb. 2021 update).  This instruction is critical in this case, where Ms. Holmes' intent is an element of each count, and where the government has argued to the jury that Ms. Holmes executed the alleged scheme to defraud through "false and misleading claims" to investors and paying patients.  9/8/2021 Tr. 532:2-12.  The jury should be informed that Ms. Holmes' good faith is a complete defense to all the charges in this case.  The Ninth Circuit has repeatedly

1   endorsed good-faith instructions.  *See, e.g.*, *United States v. Tarallo*, 380 F.3d 1174, 1191 (9th Cir.

2   2004); *United States v. Amlani*, 111 F.3d 705, 717-18 (9th Cir. 1997); *United States v. Gering*, 716 F.2d

3   615, 622 (9th Cir. 1983) (approving instruction that "[i]f you find that a defendant in good faith believed

4   that the representations which were being made by himself were true, the necessary intent did not exist

5   and the defendant must be acquitted on all counts").  The Court should give Ms. Holmes' Proposed

6   Instruction No. 57.

7       **E.    Ms. Holmes' Proposed Instruction No. 58: *Respondeat Superior***

8       Ms. Holmes' Proposed Instruction No. 58 (ECF 809, at 79) reflects the Court's Motion *in Limine*

9   Order, which refused to "invite the jury to potentially find Holmes vicariously liable for the actions of

10  others based on nothing more than her 'influence.'"  ECF 798 at 63.  Courts have consistently warned

11  that vicarious liability, or the doctrine of *respondeat superior*, has no place in the criminal law.  *See,*

12  *e.g.*, *United States v. Rank*, 805 F.2d 1037, at * 4 (6th Cir. 1986); *United States v. Cadden*, 2018 WL

13  2108243, * 6 (D. Mass. 2018).  Ms. Holmes' proposed instruction is designed to guard against the risk,

14  acute in this case, that the jury will attribute the acts of other employees at Theranos to Ms. Holmes

15  solely by reason of her status as founder and CEO.  The government has argued to the jury that Ms.

16  Holmes "was there [at Theranos] all the time.  She sweated the details.  She was in charge."  9/8/2021

17  Tr. 552:12-14; *see also id.* at 554:10-16 (arguing incorrectly that Ms. Holmes was "in charge of the

18  results that went to patients").  To avoid conviction on an improper theory of vicarious liability, the

19  Court should give Ms. Holmes' Proposed Instruction No. 58.

20      **F.    Ms. Holmes' Proposed Instruction No. 59: Alleged Regulatory Violation or Alleged
            Violation of Industry Standards Not Sufficient**

21

22      Ms. Holmes' Proposed Instruction No. 59 (ECF 809, at 81) reflects the principle that the criminal

23  law imposes a higher burden of proof than civil regulations do, and that industry standards do not carry

24  the force of law at all.  This instruction informs the jury that it would be improper for the jury to convict

25  Ms. Holmes merely because she or Theranos may have violated federal or state regulations, engaged in

26  negligent practices, or violated industry standards relating to laboratory testing or medical devices.  This

27  principle is well recognized in the case law.  *See, e.g., United States v. White Eagle*, 721 F.3d 1108,

28  1114-15 (9th Cir. 2013) (reversing convictions when government relied on evidence of civil regulatory

MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
CR-18-00258 EJD

violation to supply element of criminal offense); *United States v. Dahlstrom*, 713 F.2d 1423, 1428 (9th Cir. 1983).  The Court has held that "the Government cannot offer evidence detailing violations of industry standards or government regulations solely to support an element of the charged offense."  MIL Order, ECF 798 at 72.   At trial, the jury has heard evidence of alleged regulatory violations.  *See, e.g.*, 9/24/2021 Tr. 1703 (Rosendorff); 11/9/2021 Tr. 5814-15 (Das).  The Court has stated that it will give an appropriate final instruction on this subject.  11/9/2021 Tr. 5842-43 ("[T]here will be an instruction that talks about this, assuming you want it to be given at that point.").  In order to address the risk that the jury may convict Ms. Holmes on the basis of an alleged civil regulatory violation, the Court should give Ms. Holmes' Proposed Instruction No. 59.

### G.    Ms. Holmes' Proposed Instruction No. 60: Reasonable Efforts to Protect Trade Secrets

Ms. Holmes' Proposed Instruction No. 60 (ECF 809, at 82) reflects the California law of trade secrets.  The government has introduced evidence at trial of actions taken by Theranos that reflect standard measures taken by companies to protect trade secrets.  *See, e.g.*, 9/7/2021 Tr. 1168 (Gangakhedkar) ("Q. Did you feel as if information at Theranos was siloed?  A.  Yes."); 9/7/2021 Tr. 1220 (Gangakhedkar) ("Theranos was, was pretty tough on their NDA's as well as their proprietary information."); 10/5/2021 Tr. 2697-2704 (Rosendorff) (request to delete emails containing confidential patient information and Theranos proprietary information).  Based on prior disclosures, the government apparently intends to use this evidence to suggest to the jury that Ms. Holmes created a culture of secrecy in order to conceal the supposed schemes to defraud.  *See* 9/28/2020 Gov't 404(b) Notice, ECF 580-2, at 51-55.  The jury must be instructed on basic principles of trade secrets law to properly understand this evidence.  Without such an instruction, the jury will be misled and the government's evidence will lack legal context.

**H.    Ms. Holmes' Proposed Instruction No. 61: Missing Evidence**

Ms. Holmes reserves the right to propose a missing evidence instruction at a later date, if appropriate.  *See* Ms. Holmes' Proposed Instruction No. 61 (ECF 809, at 84); Ninth Circuit Model Instruction 4.19.

**I.    Ms. Holmes' Proposed Instruction No. 69:  Number of Witnesses and Uncontradicted Testimony**

The government has called 29 witnesses.  Importantly, Ms. Holmes may have called a number of the government's witnesses in her defense case, but at trial these witnesses have been called as government witnesses.  Additionally, Ms. Holmes may have called other witnesses in her defense case to cover topics and/or to introduce exhibits that were covered by the government witnesses.  A substantial risk exists that the jurors will incorrectly infer that the government's case must be stronger simply because it will have called substantially more witnesses.  To mitigate that risk, Ms. Holmes proposes to give a common instruction on the number of witnesses and uncontradicted testimony based on Sand's Model Instruction 4-3.  *See* Ms. Holmes' Proposed Instruction No. 69 (ECF 809, at 92); 1 Sand, *Modern Federal Jury Instructions-Criminal* ¶ 4-3 (Matthew Bender ed. 2021).  Similar instructions have been adopted in the model instructions of other circuits.  *See* Sixth Circuit Pattern Criminal Jury Instruction 1.8; Fifth Circuit Pattern Criminal Jury Instruction 1.08.  The Court should give Ms. Holmes' Proposed Instruction No. 69.

**J.    Ms. Holmes' Proposed Instruction No. 71: Government Agency Witness**

Ms. Holmes' Proposed Instruction No. 71 (ECF 809, at 95) is based on 1 Sand, Modern Federal Jury Instructions-Criminal ¶ 7-16 (Law Enforcement Witness) (Matthew Bender ed. 2021); *see also* Third Circuit Model Criminal Jury Instruction 4.18 (same).  This instruction informs the jury that the testimony of government witnesses should be assessed just like the testimony of any other witness.  There is a danger that jurors may give greater weight to the testimony of government agency witnesses simply by reason of their official status.  The Court recognized this danger in its voir dire questions of jurors, and in the questionnaire.  *See, e.g.,* 8/31/21 Tr. 143:15-22; ECF 928; *see also United States v.*

*Baldwin*, 607 F.2d 1295, 1298 (9th Cir. 1979) (reversing conviction in part because court refused to ask prospective jurors whether they would give greater or lesser weight to the testimony of law enforcement officers). The D.C. and Third Circuits have endorsed similar instructions. *See United States v. Bethancourt*, 65 F.3d 1074, 1080 (3d Cir. 1995) ("[T]he government witnesses' testimony was not entitled to any greater consideration because of their federal employment."); *Bush v. United States*, 375 F.2d 602, 605 n. 6 (D.C. Cir. 1967) (Burger, C.J.) (affirming lower court instruction "to give an officer's testimony no weight different from that given any other witness simply because he was an officer"). Ms. Holmes reserves the right to request this instruction at the close of the evidence if appropriate.

## III.   Ms. Holmes' Proposed Supplemental Final Jury Instructions

### A.   Ms. Holmes' Proposed Supplemental Final Jury Instruction No. 83: Scheme to Defraud

For the reasons previously explained, *see supra* p. 16-17, Ms. Holmes objects to Government Instruction 8.124's lack of definition of the term "scheme to defraud." If the Court does not give Ms. Holmes' Proposed Instructions No. 43, 50 (ECF 809, at 59, 69), Ms. Holmes requests that the Court instruct the jury using the following definition of the term "scheme to defraud":

> A scheme to defraud is a deceptive scheme to obtain money or property from a victim. Loss to the victim must be the object of the scheme. If you find that any loss to the alleged victim of the scheme was an incidental (even if foreseen) byproduct of the scheme, rather than the object of the scheme, you must find Ms. Holmes not guilty.

> <u>Authority</u>: *United States v. Kelly*, 140 S. Ct. 1565, 1572 (2020) ("[T]he deceit must have had the 'object' of obtaining the Port Authority's money or property."); *id*. at 1573 ("Defendants'] plan aimed to impede access from Fort Lee to the George Washington Bridge. The cost of the employee hours spent on implementing that plan was its incidental byproduct."); *id*. at 1574 ("Because the scheme here did not aim to obtain money or property, [defendants] could not have violated the . . . wire fraud law[].").

### B.   Ms. Holmes' Proposed Supplemental Final Jury Instruction No. 84: Activities Not Charged

In light of the government's elicitation of testimony about statements to investors that predate the charged conspiracy and schemes to defraud, *see, e.g.,* 11/10/2021 Tr. 6044-47, 6054-55 (Eisenman), Ms. Holmes proposes to add the following sentence to Instruction No. 3.10: Activities Not Charged:

> Ms. Holmes is not on trial for any conduct that took place before the time periods of the alleged offenses, which I will explain to you in these instructions.

**C.      Ms. Holmes' Proposed Supplemental Final Jury Instruction No. 85: CMS Report**

Ms. Holmes proposes the following limiting instruction for TX 4621A and TX 4621B (the CMS Report), which were admitted solely for their effect on Ms. Holmes' state of mind, and not for any hearsay purpose.  Tr. 5810:22-24, 5852:1-4.

> You are to consider Trial Exhibit 4621A and Trial Exhibit 4621B, which contain excerpts of the January 25, 2016 CMS report, for the limited purpose of their effect on Ms. Holmes' state of mind on January 25, 2016, and after that date.  You must consider this evidence only for this limited purpose, and not for any other purpose.

**D.      Ms. Holmes' Proposed Supplemental Final Jury Instruction No. 86: Knowingly**

Without waiving her objections to Government Instruction 5.7, Ms. Holmes requests that the Court add the following instruction to any instruction on "Knowingly":

> To find that Ms. Holmes acted knowingly, you must find that she herself had knowledge of the fact at issue.  Knowledge by the alleged co-conspirator or Theranos agents or employees does not prove Ms. Holmes' personal knowledge.

> Authority:  *Phillips v. United States*, 356 F.2d 297, 303 (9th Cir. 1965) ("[N]othing less than personal knowledge of that fact will do to establish the fact even circumstantially. Thus so-called 'constructive' notice or knowledge of a circumstance, based upon the actual knowledge of a co-conspirator, agent [or] employee, has no tendency, circumstantially or otherwise, to prove criminal intent.").

**E.      Ms. Holmes' Proposed Supplemental Final Jury Instruction No. 87: *Pinkerton* Liability (Count 1)**

For the reasons previously stated, *see supra* p. 12-13, Ms. Holmes objects to Government Instruction 8.25.  If the Court chooses to give a *Pinkerton* instruction, Ms. Holmes requests that the Court give the following instruction as to Count One.  Ms. Holmes reserves the right to revise this proposed instruction in light of the record at the close of evidence:

> Each member of *a* conspiracy is responsible for the *reasonably foreseeable* actions of other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of the conspiracy, the other members have also, under the law, committed that crime.

> Therefore, you may find *Ms. Holmes* guilty of *wire fraud against investors in Theranos* as charged in Counts *Three through Eight* of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

> First, a co-conspirator committed the crime of *wire fraud against investors in Theranos* as alleged in Counts *Three through Eight*;

> Second, the co-conspirator was a member of the conspiracy *to defraud investors in Theranos* as charged in Count *One* of the indictment;

*Third,* the co-conspirator committed the crime of *wire fraud against investors in Theranos* in furtherance of the conspiracy *charged in Count One;*

*Fourth,* the co-conspirator committed the crime of *wire fraud against investors in Theranos during the life of the conspiracy charged in Count One;*

*Fifth, Ms. Holmes* was a member of *the* conspiracy *charged in Count One* at the time the offense*s* charged in *Counts Three through Eight were* committed, *that is, Ms. Holmes willfully devised an unlawful plan with* the co-conspirator *with the intent to advance or further wire fraud against Theranos investors*; and

*Sixth,* the offense *committed by* the co-conspirator fell within the scope of the unlawful agreement and could reasonably have been foreseen *by Ms. Holmes, based on the facts that were known to her,* to be a necessary or natural consequence of the unlawful agreement.

<u>*Authority*</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.25 (*modified*) (2010 ed., last updated 9/2021); *cf. United States v. Green,* 592 F.3d 1057, 1070-71 (9th Cir. 2010) (defendant is only liable for substantive offenses committed by co-conspirators that were reasonably foreseeable to her based on the facts she knew at the time); *United States v. Tarallo,* 380 F.3d 1174, 1184 (9th Cir. 2004), amended, 413 F.3d 928 (9th Cir. 2005) (jury must find that relevant actor was a co-schemer); *United States v. Stapleton,* 293 F.3d 1111, 1118 (9th Cir. 2002) (co-schemer is only liable for "acts of co-schemers [that took place] during the life of the scheme").

## F.   Ms. Holmes' Proposed Supplemental Final Jury Instruction No. 88: *Pinkerton Liability (Count 2)*

For the reasons previously stated, *see supra* p. 12-13, Ms. Holmes objects to Government Instruction 8.25.  If the Court chooses to give a *Pinkerton* instruction, Ms. Holmes requests that the Court give the following instruction as to Count Two.  Ms. Holmes reserves the right to revise this proposed instruction based on the record at the close of evidence:

Each member of *a* conspiracy is responsible for the *reasonably foreseeable* actions of other conspirators performed during the course and in furtherance of *the* conspiracy.  If one member of a conspiracy commits a crime in furtherance of the conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find *Ms. Holmes* guilty of *wire fraud against paying Theranos patients* as charged in Counts *Ten through Twelve* of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

*First,* a co-conspirator committed the crime of *wire fraud against paying Theranos patients* as alleged in Counts *Ten through Twelve;*

*Second,* the co-conspirator was a member of *a* conspiracy *to defraud paying Theranos customers* as charged in Count *Two* of the indictment;

*Third,* the co-conspirator committed the crime of *wire fraud against paying Theranos patients* in furtherance of *the* conspiracy *charged in Count Two;*

*Fourth*, the co-conspirator committed the crime of *wire fraud against paying Theranos patients during the life of the conspiracy charged in Count Two*;

*Fifth, Ms. Holmes* was also a member of *the* conspiracy *charged in Count Two* at the time the offenses charged in *Counts Ten through Twelve were* committed, *that is, Ms. Holmes willfully devised an unlawful plan with* the co-conspirator *with the intent to advance or further wire fraud against paying Theranos customers*; and

*Sixth*, the offense committed by the co-conspirator fell within the scope of the unlawful agreement and could reasonably have been foreseen *by Ms. Holmes, based on the facts that were known to her,* to be a necessary or natural consequence of the unlawful agreement.

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.122 (*modified*) (2010 ed., last updated 9/2020); *United States v. Green*, 592 F.3d 1057, 1070-71 (9th Cir. 2010) (defendant is only liable for substantive offenses committed by co-schemers that were reasonably foreseeable to her based on the facts she knew at the time); *United States v. Tarallo*, 380 F.3d 1174, 1184 (9th Cir. 2004), amended, 413 F.3d 928 (9th Cir. 2005) ("in order to convict Defendant under a 'coschemer' theory, the jury would have had to find beyond a reasonable doubt that Defendant's fellow telemarketers were, in fact, coschemers acting in furtherance of the scheme"); *United States v. Stapleton*, 293 F.3d 1111, 1118 (9th Cir. 2002) (co-schemer is only liable for "acts of co-schemers [that took place] during the life of the scheme").

### G. Ms. Holmes' Proposed Supplemental Final Jury Instruction No. 89: Co-Schemer Liability (Counts 3-8)

For the reasons stated above, *see supra* p. 22-23, Ms. Holmes objects to Government Instruction 8.122. If, over Ms. Holmes' objection, the Court gives an instruction relating to co-schemer liability, Ms. Holmes requests that the Court give the following instruction as to Counts 3-8. Ms. Holmes reserves the right to revise this proposed instruction in light of the record at the close of evidence:

If you decide that *Ms. Holmes* was a member of a scheme to defraud and that *Ms. Holmes* had the intent to defraud, *she* may be responsible for *the actions of an*other co-schemer during the course of and in furtherance of the scheme, even if *Ms. Holmes* did not know what *that person* said or did.

For *Ms. Holmes* to be guilty of an offense committed by a co-schemer in furtherance of the scheme, *the government must prove each of the following elements beyond a reasonable doubt:*

*First,* the co-schemer *is in fact a member of the scheme to defraud Theranos investors charged in Counts 3-8 of the indictment;*

*Second,* the co-schemer *committed the offense or took the action in furtherance of the scheme to defraud Theranos investors;*

*Third,* the co-schemer committed *the offense or took the action during the life of the scheme;*

*Fourth, Ms. Holmes was a member of the same scheme to defraud at the time the offense was committed or the action was taken, and possessed the intent to defraud Theranos investors; and*

*Fifth, the offense committed by* the co-schemer *fell within the scope of the scheme to defraud and was one* that *Ms. Holmes* could reasonably foresee*, based on the facts that were known to her,* as a necessary and natural consequence of the scheme to defraud.

<u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.122 (*modified*) (2010 ed., last updated 9/2021) (*modified*); *United States v. Green*,

592 F.3d 1057, 1070-71 (9th Cir. 2010) (defendant is only liable for substantive offenses committed by co-schemers that were reasonably foreseeable to her based on the facts she knew at the time); *United States v. Tarallo*, 380 F.3d 1174, 1184 (9th Cir. 2004), amended, 413 F.3d 928 (9th Cir. 2005) ("in order to convict *Defendant* under a 'coschemer' theory, the jury would have had to find beyond a reasonable doubt that Defendant's fellow telemarketers were, in fact, coschemers acting in furtherance of the scheme"); *United States v. Stapleton*, 293 F.3d 1111, 1118 (9th Cir. 2002) (co-schemer is only liable for "acts of co-schemers [that took place] during the life of the scheme").

**H.     Ms. Holmes' Proposed Supplemental Final Jury Instruction No. 90: Co-Schemer Liability (Counts 10-12)**

For the reasons stated above, *see supra* p. 22-23, Ms. Holmes objects to Government Instruction 8.122.  If, over Ms. Holmes' objection, the Court gives an instruction relating to co-schemer liability, Ms. Holmes requests that the Court give the following instruction as to Counts 10-12.  Ms. Holmes reserves the right to revise this proposed instruction in light of the record at the close of evidence.

If you decide that *Ms. Holmes* was a member of a scheme to defraud and that *Ms. Holmes* had the intent to defraud, *she* may be responsible for *the actions of an*other co-schemer during the course of and in furtherance of the scheme, even if *Ms. Holmes* did not know what *that person* said or did.

For *Ms. Holmes* to be guilty of an offense committed by a co-schemer in furtherance of the scheme, *the government must prove each of the following elements beyond a reasonable doubt:*

*First,* the co-schemer *is in fact a member of the scheme to defraud Theranos paying patients charged in Counts 10-12 of the indictment;*

*Second,* the co-schemer *committed the offense or took the action in furtherance of the scheme to defraud paying Theranos patients;*

*Third,* the co-schemer *committed the offense or took the action during the life of the scheme;*

*Fourth, Ms. Holmes was a member of the same scheme to defraud at the time the offense was committed or the action was taken, and possessed the intent to defraud paying Theranos patients; and*

*Fifth, the offense committed by* the co-schemer *fell within the scope of the scheme to defraud and was one* that *Ms. Holmes* could reasonably foresee*, based on the facts that were known to her,* as a necessary and natural consequence of the scheme to defraud.

<u>*Authority*</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.122 (*modified*) (2010 ed., last updated 9/2021) (*modified*); *United States v. Green*, 592 F.3d 1057, 1070-71 (9th Cir. 2010) (defendant is only liable for substantive offenses committed by co-schemers that were reasonably foreseeable to her based on the facts she knew at the time); *United States v. Tarallo*, 380 F.3d 1174, 1184 (9th Cir. 2004), amended, 413 F.3d 928 (9th Cir. 2005) ("in order to convict *Defendant* under a 'coschemer' theory, the jury would have had to find beyond a reasonable doubt that Defendant's fellow telemarketers were, in fact, coschemers acting in furtherance of the scheme"); *United States v. Stapleton*, 293 F.3d 1111, 1118 (9th Cir. 2002) (co-schemer is only liable for "acts of co-schemers [that took place] during the life of the scheme").

**I.     Ms. Holmes' Proposed Verdict Form**

1    Attached hereto as Exhibit 1 is Ms. Holmes' proposed verdict form.[11]

2        DATED: December 2, 2021

3

4

5

6                                        /s/ Amy Mason Saharia
7                                        KEVIN M. DOWNEY
                                         LANCE WADE
8                                        AMY MASON SAHARIA
                                         KATHERINE TREFZ
9                                        Attorneys for Elizabeth Holmes

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    [11] In proposing a verdict form, Ms. Holmes does not waive her argument that the government has
      failed to prove every element of every count.  11/19/2021 Tr. 7104.  In proposing a verdict form, Ms.
27    Holmes also does not waive any of the objections contained in this pleading, any arguments made in her
      prior motions to dismiss (in whole or in part) the indictment, ECF 204, 205, 206, 495, 496, 497, 498,
28    499, 500. or any other arguments she has made, or will make, in this case.

      MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
      CR-18-00258 EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
KEVIN M. DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS
CR-18-00258 EJD