1   STEPHANIE M. HINDS (CABN 154284)
    Acting United States Attorney
2
    HALLIE HOFFMAN (CABN 210020)
3   Chief, Criminal Division

4   JEFF SCHENK (CABN 234355)
    JOHN C. BOSTIC (CABN 264367)
5   ROBERT S. LEACH (CABN 196191)
    KELLY I. VOLKAR (CABN 301377)
6   Assistant United States Attorneys

7        150 Almaden Boulevard, Suite 900
         San Jose, California 95113
8        Telephone: (408) 535-5061
         Fax: (408) 535-5066
9        Kelly.Volkar@usdoj.gov

10  Attorneys for United States of America

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14
    UNITED STATES OF AMERICA,          )   Case No. 18-CR-00258 EJD
15                                      )
              Plaintiff,                )
16                                      )   **UNITED STATES' AMENDED PROPOSED**
         v.                             )   **JURY INSTRUCTIONS**
17                                      )
    ELIZABETH HOLMES,                   )
18                                      )
              Defendant.                )
19                                      )
    _____)
20

21

22

23

24

25

26

27

28

1    The government submits the below proposed jury instructions, which are largely drawn from the

2    Ninth Circuit Model Criminal Jury Instructions (2010 ed.) (last updated September 2021).  Where a

3    proposed instruction is modified from a Model Instruction, it is noted in a footnote.  While Defendant

4    Elizabeth Holmes has testified to the underlying facts, the government remains unaware of whether

5    Defendant will introduce expert testimony consistent with her pretrial notice to the government of her

6    intent "to introduce expert evidence relating to a mental disease or defect or any other mental condition

7    of the defendant bearing on . . . the issue of guilt . . . ."  Dkt. 507 (quoting Fed. R. Crim. P. 12.2(b)(1)).

8    Given the defendant's notice, and the proceedings to date in the trial, the government reserves its right to

9    propose further instructions based on the evidence presented at trial, including but not limited to

10   Model Instructions 6.4, 6.5, 6.6, 6.7, and 6.9.

# 3 – INSTRUCTIONS AT END OF CASE

## 3.1     DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**3.2    CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

### 3.4      DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

1

### 3.5     REASONABLE DOUBT—DEFINED

2      Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is

3 guilty.  It is not required that the government prove guilt beyond all possible doubt.

4      A reasonable doubt is a doubt based upon reason and common sense and is not based purely on

5 speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of

6 evidence.

7      If after a careful and impartial consideration of all the evidence, you are not convinced beyond a

8 reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the

9 other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a

10 reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### 3.6     WHAT IS EVIDENCE

2 The evidence you are to consider in deciding what the facts consist of:

3 (1) the sworn testimony of any witness; and

4 (2) the exhibits that are received in evidence.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.7    WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1) Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2) Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## 3.8    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

### 3.9    CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

1

**3.11     SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

2

A separate crime is charged against the defendant in each count.  You must decide each count

3

separately.  Your verdict on one count should not control your verdict on any other count.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.18    ON OR ABOUT—DEFINED

The indictment charges that the offenses alleged in Counts One through Eight and Ten through Twelve were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

**4.15    DUAL ROLE TESTIMONY**

You have heard testimony from Dr. Audra Zachman and Dr. Mark Burnes, who testified to both facts and opinions and the reasons for their opinions.

Fact testimony is based on what the witness saw, heard, or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

**4.16    CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE**

2       During the trial, certain charts and summaries were shown to you in order to help explain the

3   evidence in the case.  These charts and summaries were not admitted into evidence and will not go into

4   the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly

5   reflect the facts or figures shown by the evidence in the case, you should disregard these charts and

6   summaries and determine the facts from the underlying evidence.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 4.17   CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

### 8.20    CONSPIRACY—ELEMENTS

The defendant is charged in Counts One and Two of the indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code.

The defendant is charged in Count One of the indictment with conspiring to commit wire fraud against investors in Theranos during the period 2010 to 2015.

The defendant is charged in Count Two of the indictment with conspiring to commit wire fraud against patients who paid for Theranos's blood testing services during the period 2013 to 2016.

In order for the defendant to be found guilty of either charge, you must all unanimously agree with respect to each Count that the government must prove each of the following elements beyond a reasonable doubt:

First, that there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, that Ms. Holmes became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the

conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

### 8.23    CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

(1) First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

1

2

**8.25     CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)**

3     Each member of the conspiracy is responsible for the actions of the other conspirators performed

4     during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime

5     in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

6     Therefore, you may find a defendant guilty of wire fraud as charged in Counts Three through

7     Eight and Ten through Twelve of the indictment if the government has proved each of the following

8     elements beyond a reasonable doubt:

9     First, a co-conspirator committed the crime of wire fraud as alleged in that count;

10     Second, the person was a member of the conspiracy charged in Counts One or Two of the

11     indictment;

12     Third, the person committed the crime of wire fraud in furtherance of the conspiracy;

13     Fourth, the defendant was a member of the same conspiracy at the time the offense charged in

14     Counts Three through Eight and Ten through Twelve was committed; and

15     Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have

16     been foreseen to be a necessary or natural consequence of the unlawful agreement.

17

18

19

20

21

22

23

24

25

26

27

28

### 8.124   WIRE FRAUD (18 U.S.C. § 1343)

The defendant is charged in Counts Three, Four, Five, Six, Seven, Eight, Ten, Eleven, and Twelve of the Third Superseding Indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.

The defendant is charged in Count Three of the indictment with wire fraud in connection with a wire transfer of $99,990 on or about December 30, 2013.

The defendant is charged in Count Four of the indictment with wire fraud in connection with a wire transfer of $5,349,900 on or about December 31, 2013.

The defendant is charged in Count Five of the indictment with wire fraud in connection with a wire transfer of $4,875,000 on or about December 31, 2013.

The defendant is charged in Count Six of the indictment with wire fraud in connection with a wire transfer of $38,336,632 on or about February 6, 2014.

The defendant is charged in Count Seven of the indictment with wire fraud in connection with a wire transfer of $99,999,984 on or about October 31, 2014.

The defendant is charged in Count Eight of the indictment with wire fraud in connection with a wire transfer of $5,999,997 on or about October 31, 2014.

The defendant is charged in Count Ten of the indictment with wire fraud in connection with Patient E.T.'s laboratory blood test results on or about May 11, 2015.

The defendant is charged in Count Eleven of the indictment with wire fraud in connection with Patient M.E.'s laboratory blood test results on or about May 16, 2015.

The defendant is charged in Count Twelve of the indictment with wire fraud in connection with a wire transfer of $1,126,661 on or about August 3, 2015.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.  A defendant's actions can constitute a scheme to defraud even if there are no specific false statements involved.  You as members of the jury do not need to all agree on which statements were false, deceitful, or fraudulent in furtherance of the scheme.[1]

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material transmitted by wire was itself false or deceptive so long as the wire communication was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.  Similarly, it does not matter if the defendant intended to repay the money obtained through deception.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

To convict defendant of wire fraud based on omission(s) of material fact(s), you must find that defendant had a duty to disclose the omitted fact(s) arising out of a relationship of trust.  That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

---

[1] This proposed instruction is modified from the Model Instruction to align with the recent decision in *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021); *see also United States v. Chang*, No. 16-CR-00047-EJD-1, 2020 WL 5702131 (N.D. Cal. Sept. 24, 2020); *United States v. Hussain*, No. 16-CR-00462-CRB, Dkt. 374 (N.D. Cal. Apr. 24, 2018).

1

### 5.12    INTENT TO DEFRAUD—DEFINED[2]

2

An intent to defraud is an intent to deceive and cheat.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] *United States v. Chang*, No. 16-CR-00047-EJD-1, Dkt. 192 (N.D. Cal. Aug. 29, 2019); *see also United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021).

1

### 5.7   KNOWINGLY—DEFINED

2     An act is done knowingly if the defendant is aware of the act and does not act through ignorance,

3  mistake, or accident.  The government is not required to prove that the defendant knew that her acts or

4  omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions,

5  along with all the other evidence, in deciding whether the defendant acted knowingly.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 5.1    AIDING AND ABETTING

A defendant may be found guilty of wire fraud as charged in Counts Three through Eight and Ten through Twelve of the indictment, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of wire fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the conduct charged in Counts Three through Eight and Ten through Twelve of the indictment;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Counts Three through Eight and Ten through Twelve of the indictment;

Third, the defendant acted with the intent to facilitate Counts Three through Eight and Ten through Twelve of the indictment; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Counts Three through Eight and Ten through Twelve of the indictment.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**8.122   SCHEME TO DEFRAUD—VICARIOUS LIABILITY (18 U.S.C. § 1343)**

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

1

**WIRE FRAUD—VICTIM'S CONDUCT[3]**

2   A victim's negligence is not a defense to wire fraud.  You have heard evidence regarding

3   investors' process for deciding whether to invest money in Theranos.  You are to consider this evidence

4   to the extent that it helps you determine whether the defendant made false or fraudulent pretenses,

5   representations, or promises as part of a scheme or plan to defraud (see prior Wire Fraud instruction).

6   You may also consider this evidence to the extent that it helps you determine whether the statements

7   made or facts omitted as part of the alleged scheme were material; that is, whether they had a natural

8   tendency to influence, or were capable of influencing, a person to part with money or property (see prior

9   Wire Fraud instruction).  If you find that these elements have been met, then whether there were

10  additional things the investors could have done to avoid being impacted by the alleged misstatements

11  and/or omissions is irrelevant to your verdict.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[3] ECF No. 798 at 80–82; *United States v. Hussain*, No. 16-CR-00462-CRB, Dkt. 374 (N.D. Cal. Apr. 24, 2018).

U.S.' AMENDED PROPOSED JURY INSTRUCTIONS,
CASE NO. CR 18-258 EJD                    25

## SUCCESS OF THE WIRE FRAUD SCHEME[4]

Success of the scheme to defraud is not material for purposes of determining whether wire fraud occurred.  For Counts Three through Eight and Ten through Twelve, it is not necessary that the defendant made a profit or that anyone actually suffered a loss.

---

[4] *United States v. Chang*, No. 16-CR-00047-EJD-1, Dkt. 192 (N.D. Cal. Aug. 29, 2019).

1

**REGULATORY VIOLATIONS[5]**

2      You have heard reference at times during the trial to federal regulations enforced by Centers for

3   Medicare and Medicaid Services' ("CMS") and the Food and Drug Administration ("FDA").  In and of

4   itself, a violation of these regulations, principles, standards, or guidelines does not establish a violation

5   of the criminal law.  However, evidence of such regulatory violations may be considered by you, along

6   with other evidence, in light of the specific elements that must be proved in connection with each of the

7   counts charged in the indictment.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[5] *United States v. Hussain*, No. 16-CR-00462-CRB, Dkt. 374 (N.D. Cal. Apr. 24, 2018); *United States v. Reyes*, No. 06-CR-00556-CRB, Dkt. 524-1 (N.D. Cal. July 25, 2007).

U.S.' AMENDED PROPOSED JURY INSTRUCTIONS,
CASE NO. CR 18-258 EJD                    27

### 7.1     DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## 7.2    CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

### 7.3     USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## 7.4    JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1

### 7.5     VERDICT FORM[6]

2      A verdict form has been prepared for you.  After you have reached unanimous agreement on a

3 verdict, your foreperson should complete the verdict form according to your deliberations, sign, and date

4 it, and advise the clerk that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[6] Attached as Exhibit 1 is the government's proposed verdict form.

### 7.6        COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of Ms. Holmes, until after you have reached a unanimous verdict or have been discharged.

### 7.10    READBACK OR PLAYBACK

**[If Applicable]**

Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony.  Because of the length of the testimony of this witness, excerpts will be [read] [played].  The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

1    DATED:  December 2, 2021                     Respectfully submitted,

2                                                 STEPHANIE M. HINDS
                                                  Acting United States Attorney
3

4                                                 ____/s/ Kelly I. Volkar_____

5                                                 JEFF SCHENK
                                                  JOHN C. BOSTIC
6                                                 ROBERT S. LEACH
                                                  KELLY I. VOLKAR
7                                                 Assistant United States Attorneys

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28