JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH HOLMES and <br> RAMESH "SUNNY" BALWANI, <br><br> Defendants. | Case No. CR-18-00258-EJD <br><br> **MS. HOLMES' RENEWED MOTION TO ADMIT CUSTOMER FEEDBACK REPORTS** <br><br> Date:  December 7, 2021 <br> Time:  8:00 a.m. <br> CTRM: 4, 5th Floor <br><br> Hon. Edward J. Davila |

# RENEWED MOTION TO ADMIT CUSTOMER FEEDBACK REPORTS

PLEASE TAKE NOTICE that on December 7, 2021 at 8:00 a.m., or on such other date and time as the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does respectfully renew her prior motions to admit certain customer feedback reports. The Motion is based on the below Memorandum of Points and Authorities, the record in this case, and any other matters that the Court deems appropriate.

DATED: December 6, 2021

                                      /s/ Amy Mason Saharia
                                      KEVIN DOWNEY
                                      LANCE WADE
                                      AMY MASON SAHARIA
                                      KATHERINE TREFZ
                                      Attorneys for Elizabeth Holmes

## MEMORANDUM OF POINTS AND AUTHORITIES

Ms. Holmes respectfully renews her prior motions to admit certain customer feedback reports.[1]

In light of Ms. Holmes' testimony on both direct and cross-examination, the defense again renews its motion to admit the customer feedback reports in their entirety for the nonhearsay purpose of showing Ms. Holmes' knowledge and intent. The record now reflects new, material facts that establish the admissibility of these reports.

Ms. Holmes' testimony directly responds to the Court's most recent order on this issue and related concerns expressed at argument. *See* Tr. 6332, 6349-51. First, Ms. Holmes laid a foundation that she received *and* reviewed customer feedback relating to Theranos' performance in Walgreens stores. *Id*. at 7597-99. Ms. Holmes received customer feedback by email and in meetings on at least a weekly basis over the course of the Theranos-Walgreens partnership, which lasted until 2016. *Id*. Ms. Holmes specifically mentioned the role of Ryan Karpel—the Theranos employee who sent most of the reports at issue in this motion—in collecting customer feedback. *Id*. at 7763.

Second, Ms. Holmes' testimony establishes the relevance of customer feedback on price and patient experience. The government has argued that the proportion of venous draws was responsible for a "stalling" rollout of Theranos service centers at Walgreens stores, Tr. 545, and has alleged that Ms. Holmes "lied to investors about the status of [that] rollout," *id*.; *see* ECF 469, ¶ 12(d). Ms. Holmes testified that she did not understand that the number of venous draws would prevent or slow down the Walgreens rollout, Tr. 7595, and explained that feedback revealed that customers cared more about price than about receiving a fingerstick draw, *id*. at 7598. Other evidence at trial has stressed the importance of customer experience in the Walgreens rollout. *See* TX 1387 at 2 (master services agreement) ("a quality store and patient experience is an important component of [a successful rollout] as patient adoption and acceptance of Theranos' laboratory services will be highly impacted by the patient experience"); Tr. 3587 (Jhaveri); *id*. at 3483 (Miquelon); *cf*. TX 7469. The government also questioned Ms. Holmes about her knowledge of the state of the Walgreens rollout. Tr. 8090-93; TX 5663.

---

[1] Ms. Holmes incorporates by reference the prior pleadings and argument made in support of the admission of the reports. Tr. 4201-13, 4261-63, 6321-51; ECF 1140, 1141, 1142, 1143. The reports are: TX 7476, 7557, 7561, 7571, 7573, 7575, 7576, 7579, 7583, and 7586.

MS. HOLMES' RENEWED MOTION TO ADMIT CUSTOMER FEEDBACK REPORTS
CR-18-00258 EJD

1

Third, Ms. Holmes testified that customer feedback ratified her vision for the company—specifically, that Theranos could provide greater access to blood testing for certain populations. *See* Tr. 7761-62, 7912; TX 7514; *see also id*. at 7759-66 (discussing customer feedback). Because Ms. Holmes discussed her vision for the company with investors, *id*. at 7912-14, this evidence is relevant to her state of mind across the investor allegations, ECF 469, ¶ 12.

Fourth, Ms. Holmes testified that she did not learn through the regular customer feedback updates of any complaints concerning allegedly inaccurate test results. Tr. 7598-99. That is relevant to Ms. Holmes' state of mind as to whether Theranos' technology was capable of producing accurate and reliable results. *See* ECF 469, ¶ 16.

Lastly, although the government previously argued that customer feedback from 2015 is irrelevant to the indictment allegations regarding the Walgreens rollout, Tr. 6336, the government has subsequently questioned Ms. Holmes about her knowledge of the Walgreens relationship in 2015, *id*. at 8087-89; TX5387D at 39-40; *accord* ECF 1176 at 15 (alleging conspiracy to defraud investors "during the period 2010 to 2015"). Ms. Holmes is entitled to put on evidence of her knowledge in that period.

This body of evidence tips the Rule 403 analysis in Ms. Holmes' favor. The reports are highly relevant to central issues in the case, and there is no unfair prejudice to the government after its repeated questioning of Ms. Holmes as to her knowledge of the state of the Walgreens partnership. The Court has admitted other lengthy documents into evidence, and the reports are in the nature of charts (and therefore accessible to the jury). It would be improper to use the "extraordinary remedy" of Rule 403 to exclude this evidence, and the exclusion of the reports would infringe Ms. Holmes' Fifth and Sixth Amendment rights, including her right to present a complete defense. *United States v. Haischer*, 780 F.3d 1277, 1281-84 (9th Cir. 2015).[2]

For the foregoing reasons, Court should grant Ms. Holmes' Motion and admit certain customer feedback reports.

---

[2] Although Ms. Holmes maintains that all the reports should be admitted, she requests that, at a minimum, the Court admit TX 7586A, which contains a sampling of ~40 customer-feedback testimonials received by Ms. Holmes, and TX 7476 (from October 2014). Saharia Decl. Exs. 1-2.

MS. HOLMES' RENEWED MOTION TO ADMIT CUSTOMER FEEDBACK REPORTS
CR-18-00258 EJD

2

1  DATED: December 6, 2021                Respectfully submitted,

2                                          /s/ Amy Mason Saharia
                                           KEVIN DOWNEY
3                                          LANCE WADE
                                           AMY MASON SAHARIA
4                                          KATHERINE TREFZ
                                           Attorneys for Elizabeth Holmes

MS. HOLMES' RENEWED MOTION TO ADMIT CUSTOMER FEEDBACK REPORTS
CR-18-00258 EJD

3

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MS. HOLMES' RENEWED MOTION TO ADMIT CUSTOMER FEEDBACK REPORTS
CR-18-00258 EJD