STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S SECOND MOTION TO RECONSIDER RE: CUSTOMER FEEDBACK REPORTS |
| v. | |
| ELIZABETH HOLMES, | |
| Defendant. | Court: Hon. Edward J. Davila |

The government opposes Defendant Elizabeth Holmes's Second "Renewed Motion" to Admit Certain Customer Feedback Reports—which is essentially a motion to reconsider the Court's *two* prior oral ruling on this *exact same subject*. *See* ECF No. 1180 ("Second Motion to Reconsider"); 11/16/2021 Hearing Transcript ("11/16 Tr.") at 6322:10–6351:18; *see also* ECF No. 1140 ("Motion to Reconsider"); 10/20/2021 Hearing Transcript ("10/20 Tr.") at 4201:17–4213:2, 4262:4–4263:20 (sustaining government's objection to exhibits identified in Defendant's Motion). The Court should deny Defendant's Second Motion to Reconsider for the same reasons previously stated on the record, and the government urges the Court to do so without further argument.

When Defendant first sought to admit these lengthy and irrelevant customer surveys, the Court held that reviews of a patient's experience within Walgreens or with phlebotomists are irrelevant to the accuracy and reliability of the technology. 10/20 Tr. at 4201:17–4213:2; *see also id.* at 4262:4–4263:20. Defendant subsequently filed a Motion to Reconsider (ECF No. 1140), the government opposed (ECF No. 1144), and defense counsel argued for almost an hour urging the Court to change its ruling. 11/16 Tr. at 6322:10–6351:18. The Court did not do so, instead holding:

> I understand your view and your team's view that this is critically important to show your client's state of mind as to the negotiation that she had, and this would better inform her of the information rather than the information that she received from Walgreens, et cetera. I know you commented on that's a fact issue and that's an issue that the jury could wrestle with if this information is admitted. But *as a threshold issue, I just don't see that it's relevant to the issues in the Indictment*, notwithstanding the fact that price is mentioned.
>
> This is not a pricing case, quote-unquote. It's not a — the allegations are not specific that one price was promised and a different price was obtained. It's not bait and switch. Price is perhaps an ancillary part of the case, and I appreciate that. But the real issues in the case I think are contained in [¶] 12(D) [of the Indictment], which talk about the accuracy of the test results. That's really what the focus of the prosecution is. I don't hear the government saying that they're going to argue that pricing in any way, the falsity of pricing was an issue.
>
> I just don't see anything that causes me to disturb the Court's previous ruling on this matter, and I'm going to respectfully decline your invitation to change that position. I am informed when I look at the timing and the ranges of this information, I think that's important also. That was pointed out during our discussion. I just don't see the relevance of this.
>
> And *even under a 403 analysis*, I do think that this information, the probative value is outweighed by any prejudicial value, as well as any time consumption that is going to be

> required to look through these documents for that probative, *minimal, minimal probative value*. So I'm going to respectfully decline your invitation to disturb the Court's previous ruling on these matters. These will continue to be excluded.

11/16 Tr. at 6349:25–6351:13 (emphasis added).[1]

Defendant's Second Motion to Reconsider does not even address the Court's core ruling, which is that the customer feedback reports are not relevant under Federal Rule of Evidence 401 let alone more probative than prejudicial under Rule 403. *See id.*; *contra* ECF No. 1180. Rather, Defendant again parrots her prior arguments that she received and reviewed the positive customer feedback and that it impacted her state of mind and knowledge of the customer experience at Walgreens and the positive feedback regarding Theranos' pricing. ECF No. 1180 at 3–4. That Defendant testified on the stand to the same concepts her counsel previously included in a filing on her behalf does not raise anything new or material justifying a motion to reconsider. *See* N.D. Cal. Civil L.R. 7-9(c) (prohibiting repeating arguments in motions to reconsider); N.D. Cal. Crim. L.R. 2-1 (in criminal cases courts look to civil rules so long as consistent); *cf.* ECF No. 1180 at 3. What Defendant knew about patients' excitement around Theranos' prices has nothing to do with what Defendant told investors and is nothing more than an attempt to inject an off-base good faith argument into the case. The Court recognized that this evidence misses the mark and should re-affirm that finding.

None of the reasons underpinning the Court's analysis have changed. The Court noted "[t]his is not a pricing case." 11/16 Tr. at 6322:10–6351:18. The vast majority of excerpts that Defendant has newly provided praises Theranos for its low pricing. *See* ECF No. 1180-2. The Court acknowledged Defendant's argument that "this would better inform her of the information *rather than the information that she received from Walgreens*" but noted that did not render it relevant given absence of reference to Theranos' technology. 11/16 Tr. at 6322:10–6351:18. The Court and the jury have heard from Walgreens executives about what was important to them and what they told Defendants, along with contemporaneous evidence that has been admitted to that same effect. *See*, *e.g.*, ECF No. 1144 at 4–5. And it is hardly surprising that Defendant did not learn of "any complaints concerning allegedly inaccurate test results" (ECF No. 1180 at 4) because these were surveys taken at the point of care, often

---

[1] The government incorporates by reference its arguments in ECF No. 1144 and made during the associated oral argument (11/16 Tr. at 6322:10–6351:18).

before test results were provided. *See* ECF No. 1144 at 3 ("Indeed, if these surveys were taken by phlebotomists or at the time of the patient's blood being drawn, there could be no connection to Theranos's technology as the test would not have even been run yet."). The Court also commented on the timing being important, and the government had argued that the vast majority of reports the Defendant seeks to admit are from the second half of 2015. 11/16 Tr. at 6322:10–6351:18; ECF No. 1144 at 3–4. Defendant again points to the Indictment, which refers to a conspiracy to defraud investors during the time period of 2010 to 2015, but she fails to point to a single investor she pitched after summer 2015 when her "state of mind" was informed by these customer reports. *Cf.* ECF No. 1180 at 4. As the government previously noted, the evidence in the case shows Defendant was still providing false information to ultimate investors in January 2015. *See* ECF No. 1144 at 3–4.

Finally, Defendant alleges that the Court should admit these irrelevant customer reports because they "ratified her vision for the company—specifically, that Theranos could provide greater access to blood testing for certain populations." ECF No. 1180 at 4. But as witness Erika Cheung eloquently stated on the stand: "It shouldn't be the case that because you pay less this means that you get a less quality result." 09/17/2021 Hearing Transcript at 1141:11–12. Defendants promised patients a cheaper *and more accurate* blood test—nothing Defendant seeks to admit within these reports discusses whether the cheaper prices would continue to be as appealing to patients if they knew the risk of getting inaccurate test results.

The Court should deny Defendant's Second Motion to Reconsider because none of the reasons underpinning its two prior decisions have changed, and it should do so without further argument. If the Court entertains changing its prior opinion, the government renews and incorporates its prior argument (ECF No. 1144 at 2, 5–6) that the negative customer complaint logs—which actually relate to the accuracy or reliability of Theranos' blood testing services—should be admitted to avoid having the jury incorrectly conclude patients were uniformly pleased with Theranos.

//

//

//

//

| | |
|---|---|
| DATED: December 6, 2021 | Respectfully submitted,<br><br>STEPHANIE M. HINDS<br>Acting United States Attorney<br><br> */s/ Kelly I. Volkar* <br>JEFFREY B. SCHENK<br>JOHN C. BOSTIC<br>ROBERT S. LEACH<br>KELLY I. VOLKAR<br>Assistant United States Attorneys |