STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | UNITED STATES' MOTION TO EXCLUDE DOCUMENTS PRODUCED BY DEFENDANT FOR FIRST TIME ON DECEMBER 6, 2021 |
| v. | |
| ELIZABETH HOLMES, | Date: December 7, 2021 |
| Defendant. | Time: 8:00 a.m. |
| | Court: Hon. Edward J. Davila |

The government moves to exclude four documents that Defendant produced to the government for the first time mid-day on December 6, 2021, after her direct examination concluded and in the midst of the government's cross examination of Defendant, labeled with Bates stamps HOLMES0019286–HOLMES0019292 and HOLMES0019369–HOLMES0019379 (attached to Declaration of Robert S. Leach ("Leach Decl."), Exhibits 1–4), and indicated its intent to seek to admit these documents during Defendant's case-in-chief.  This is the third time in as many weeks that Defendant has produced never-seen-before documents to the government in violation of Federal Rule of Criminal Procedure 16.  *See* 11/19/2021 Hearing Transcript ("11/19 Tr.") at 7282:22–7286:5; 11/22/2021 Hearing Transcript ("11/22 Tr.") at 7438:6–7442:13.  The government raised this issue with the Court the first day Defendant took the stand and expressed its concern that the pattern would continue—to which defense counsel promised to get any remaining documents to the government over the weekend before Defendant resumed her direct examination the following week.  11/19 Tr. at 7282:22–7286:5.  Defense counsel then represented before the Court that it had done so after producing several more documents for the first time over the preceding weekend.  11/22 Tr. at 7438:6–7442:13.

The documents Defendant has produced in discovery for the first time during the past few weeks relate to topics that have been central to discovery requests not only in this criminal investigation but also in prior civil litigation, such as pre-2010 communications with pharmaceutical companies.  *See* Exhibit 4.  Nevertheless, the first time the government is aware of seeing these documents is in the *middle* of Defendant's cross examination.  *See* Leach Decl. ¶ 5.  Pretrial discovery rules exist for a reason and—contrary to defense counsel's oral assertions—Rule 16 applies to criminal defendants as well as the government.  Fed. R. Crim. P. 16(b), (c); *cf.* 11/22 Tr. at 7439:8–10.  Defense counsel represented to the Court that Defendant is "not sitting on some trove of documents" (11/19 at 7284:12) and yet this is the third time that she has magically uncovered purportedly helpful documents to her story with respect to adding pharmaceutical logos to reports without permission from the relevant companies.  If such a trove of documents does indeed exist—as it appears it does—it likely contains far more *inculpatory* emails with respect to pharmaceutical companies, as well, and at the very least the government was entitled to this information under Rule 16 well before the middle of its cross examination of the Defendant.

Defense counsel also alluded to the government "producing" documents within 48 hours of prior witnesses testifying.  11/22 Tr. at 7439:2–24.  The government believes defense counsel was referring to the government's practice of *identifying* potential exhibits for use with the next day's anticipated witnesses, in accordance with the Court's pretrial order.  Documents *previously produced* to Defendant over the past several years that were identified as a potential exhibit for a witness shortly before that witness takes the stand is entirely different than producing a brand new document, particularly in light of defense counsel's representation to the Court that they immediately open and review document productions once they receive them.  ECF No. 866, 7/7/2021 Hearing Transcript at 19:4–9.  Simply put, Defendant had seen or been on notice of the *existence* of documents that the government then noticed for potential use with specific witnesses, by contrast the government had no way of knowing these four documents even existed until this afternoon.[1]

Exhibit 4 is particularly objectionable because it contains multiple levels of hearsay, which Defendant alone will not be able to overcome.  Defendant is not a recipient of the email and the email is not an internal Theranos email—thus a business records foundation has not been laid for this document.  Compounding the first level of hearsay, the document purports to recount requests from Defendant, which is hearsay within hearsay.  Therefore, Exhibit 4 is also inadmissible under Federal Rules of Evidence 802 and 805.

The government respectfully requests that the Court exclude Exhibits 1–4.

DATED:  December 6, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

 */s/ Kelly I. Volkar*
JEFFREY B. SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
KELLY I. VOLKAR
Assistant United States Attorneys

---

[1] The government acknowledges that it entered a stipulation at the outset of trial with Defendant regarding the authenticity of documents with the Bates prefix HOLMES-, but that stipulation cannot be extended to cover documents affixed with such labels after the date of the stipulation.  ECF No. 1029.