1

2  JOHN D. CLINE (CA State Bar No. 237759)
   50 California Street, Suite 1500
3  San Francisco, CA 94111
   Telephone: (415) 662-2260 │Facsimile: (415) 662-2263
4  Email: cline@johndclinelaw.com

5  KEVIN M. DOWNEY (Admitted Pro Hac Vice)
   LANCE A. WADE (Admitted Pro Hac Vice)
6  AMY MASON SAHARIA (Admitted Pro Hac Vice)
   KATHERINE TREFZ (CA State Bar No. 262770)
7  WILLIAMS & CONNOLLY LLP
   725 Twelfth Street, NW
8  Washington, DC 20005
   Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
9  Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

10 Attorneys for Defendant ELIZABETH A. HOLMES

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14

15 UNITED STATES OF AMERICA,        ) Case No. 18-CR-00258 EJD
                                    )
16        Plaintiff,                )
                                    ) **JOINT PROPOSED**
17    v.                            ) **JURY INSTRUCTIONS**
                                    )
18 ELIZABETH HOLMES,                )
                                    )
19        Defendant.                )
                                    )
20 _____ )

21

22

23

24

25

26

27

28

1   The parties reserve their right to modify or seek additional instructions.  By proposing these

2   instructions, the parties do not waive objections already lodged to these or any other instructions, and

3   they reserve their right to lodge additional objections to these instructions.  Language proposed by Ms.

4   Holmes, and objected to by the government, is highlighted in blue.  Language proposed by the

5   government, and objected to by Ms. Holmes, is highlighted in yellow.  The parties have cited the

6   authorities in support of their objected-to proposed instructions in footnotes following their proposed

7   text.

**JURY INSTRUCTION NO. 1**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, profession, celebrity, economic circumstances, or position in life or in the community.[1]  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

_Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.1.

---

[1] 9/8/2021 Tr. 517:24-518:3 (Preliminary Instructions).

**JURY INSTRUCTION NO. 2**

**CHARGE AGAINST MS. HOLMES NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence. Ms. Holmes[2] has pleaded not guilty to the charges. Ms. Holmes is presumed to be innocent unless and until the government proves her guilty beyond a reasonable doubt. In addition, Ms. Holmes does not have to testify or present any evidence. Ms. Holmes does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

[It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until the government proves that person guilty beyond a reasonable doubt on every element of each alleged charge. If the government fails to meet that burden, you must find Ms. Holmes not guilty.

The presumption is not a mere formality. It is a matter of the most important substance. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of Ms. Holmes. Ms. Holmes has the benefit of that presumption of innocence throughout the case, including during your deliberations. You must find Ms. Holmes not guilty of a particular charge unless the government has proved each element of that charge beyond a reasonable doubt. Ms. Holmes has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any element of an offense charged against her.][3]

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.2.

---

[2] The defense proposes referring to Ms. Holmes by her name, rather than by her status as a defendant. *See* 9/8/2021 Tr. 519:10-12 (Preliminary Instructions). The government proposes referring to Ms. Holmes as "the defendant." To avoid burdening the Court, the parties have avoided highlighting each reference to Ms. Holmes in these proposed joint instructions, and instead identify their disagreement in this footnote.

[3] Ms. Holmes acknowledges that the Court rejected this language for inclusion in the preliminary instructions, and proposes it here, in an abundance of caution, to preserve her rights. *See Victor v. Nebraska*, 511 U.S. 1, 5 (1994); Pattern Criminal Jury Instructions of the Seventh Circuit § 1.03 (2020 ed.); United States District Court for the District of Maine, 2019 Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.02 (last updated 6/24/2019).

1

2

**JURY INSTRUCTION NO. 3**

**ABSENCE OF CO-DEFENDANT**

3       For reasons that do not concern you, the case against Ms. Holmes' codefendant, Mr. Ramesh

4  "Sunny" Balwani, is not before you.  Do not speculate why.  This fact should not influence your verdict

5  with reference to Ms. Holmes, and you must base your verdict solely on the evidence against Ms. Holmes.

6

7       <u>Authority</u>: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit

8  § 2.15 (Disposition of Charge Against Co-Defendant); 9/8/2021 Tr. 530:24-531:3 (Preliminary

9  Instructions).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 4**

**MS. HOLMES' DECISION TO TESTIFY**

Ms. Holmes has testified.  You should treat this testimony just as you would the testimony of any other witness.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.4.

# JURY INSTRUCTION NO. 5

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced Ms. Holmes is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.[4]

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

_Authority:_ Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.5.

---

[4] 1 Sand, Modern Federal Jury Instructions-Criminal ¶ 4-2 (Reasonable Doubt); _Victor v. Nebraska_, 511 U.S. 1, 20 (1994); _Holland v. United States_, 348 U.S. 121, 139-40 (1954); _United States v. Garcia-Fregoso_, 40 F. App'x 367, 368 (9th Cir. 2002); _United States v. Velasquez_, 980 F.2d 1275, 1278-79 (9th Cir. 1992).

**JURY INSTRUCTION NO. 6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts consist of:

(1) the sworn testimony of any witness; and

(2) the exhibits that are received in evidence.


*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.6.

**JURY INSTRUCTION NO. 7**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1) Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2) Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*Authority:* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.7.

1

2

**JURY INSTRUCTION NO. 8**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3      Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4  testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence

5  is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

6      You are to consider both direct and circumstantial evidence.  Either can be used to prove any

7  fact.  The law makes no distinction between the weight to be given to either direct or circumstantial

8  evidence.  It is for you to decide how much weight to give to any evidence.

9      By way of example, if you wake up in the morning and see that the sidewalk is wet, you may

10  find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden

11  hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact

12  has been proved by circumstantial evidence, you must consider all the evidence in the light of reason,

13  experience, and common sense.[5]

14      _Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth

15  Circuit § 3.8.

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[5] Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.8 & cmt.; 9/8/2021 Tr. 522:7-19 (preliminary instructions).

# JURY INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

*Authority:* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.9.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 10**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether Ms. Holmes is guilty or not guilty of the charges in the indictment.  Ms. Holmes is not on trial for any conduct or offense not charged in the indictment.  Ms. Holmes is not on trial for any conduct that took place before the time periods of the alleged offenses, which I will explain to you in these instructions.

_Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.10.

**JURY INSTRUCTION NO. 11**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

A separate crime is charged against Ms. Holmes in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.11.

# JURY INSTRUCTION NO. 12

## ON OR ABOUT—DEFINED

The indictment charges that the offenses alleged in Counts One through Eight and Ten through Twelve were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

_Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 3.18.

**JURY INSTRUCTION NO. 13**

**DUAL ROLE TESTIMONY**

You have heard testimony from Dr. Audra Zachman and Dr. Mark Burnes, who testified to both facts and opinions and the reasons for their opinions.

Fact testimony is based on what the witness saw, heard, or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  You may take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

_Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 4.15.

**JURY INSTRUCTION NO. 14**

**CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

_Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 4.16.

# JURY INSTRUCTION NO. 15

## CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

_Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 4.17.

**JURY INSTRUCTION NO. 16**

**CONSPIRACY—ELEMENTS**

Ms. Holmes is charged in Counts One and Two of the indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code.

Ms. Holmes is charged in Count One of the indictment with conspiring to commit wire fraud against investors in Theranos during the period 2010 to 2015.

Ms. Holmes is charged in Count Two of the indictment with conspiring to commit wire fraud against patients who paid for Theranos's blood testing services during the period 2013 to 2016.

I will define wire fraud later in these instructions.

In order for Ms. Holmes to be found guilty of either charge, you must all unanimously agree with respect to each Count that the government has proved each of the following elements beyond a reasonable doubt:

First, that there was an agreement between two or more persons to commit wire fraud as charged in the indictment; and

Second, that Ms. Holmes became a member of the alleged conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. Nor is it enough that they worked together at Theranos, or were intimate partners.[6] You must find that there was a plan to commit wire fraud as alleged in the indictment as an object of the conspiracy with all of you agreeing [as to the particular crime which the conspirators agreed to commit] [unanimously as to

---

[6] *United States v. Espinoza-Valdez*, 889 F.3d 654, 656-57 (9th Cir. 2018).

JOINT PROPOSED JURY INSTRUCTIONS

CASE NO. CR 18-258 EJD                                    18

1   the object of the alleged conspiracy and as to at least one of the other members of the alleged

2   conspiracy].[7]

3          One becomes a member of a conspiracy by willfully participating in the unlawful plan with the

4   intent to advance or further some object or purpose of the conspiracy, even though the person does not

5   have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an

6   existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no

7   knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the

8   conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator

9   merely by associating with one or more persons who are conspirators, nor merely by knowing that a

10  conspiracy exists.

11         For each conspiracy count, you must decide whether the conspiracy charged in the indictment

12  existed and, if it did, who at least some of its members were.  For each count, if you find that the alleged

13  conspiracy charged in that count did not exist, then you must find Ms. Holmes not guilty on that count,

14  even though you may find that some other conspiracy existed.  Similarly, if you find that Ms. Holmes

15  was not a member of either charged conspiracy, then you must find Ms. Holmes not guilty on both

16  counts, even though she may have been a member of some other conspiracy.[8]

17

18         *Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth

19  Circuit § 8.20.[9]

20

21

22

23

24

25

26         [7] *United States v. Lapier*, 796 F.3d 1090, 1096-98 (9th Cir. 2015); O'Malley, Federal Jury
    Practice and Instructions:  Criminal § 47.17 (Unanimity—Explained) (6th ed. Aug. 2021).

27         [8] Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.22.

28         [9] ECF No. 1006.

1
2

## JURY INSTRUCTION NO. 17 [DEFENSE PROPOSAL][10]

### DEFINITION OF "WILLFULLY"

3
4
5

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law. Ms. Holmes' conduct was not willful if it was due to negligence, inadvertence, or mistake.

6

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

_Authority_: _Bryan v. United States_, 524 U.S. 184, 191-92 (1998) ("As a general matter, when used in the criminal context, a willful act is one undertaken with a bad purpose. In other words, in order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." (footnote and internal quotation marks omitted)); Third Circuit Model Criminal Jury Instructions § 5.05 Willfully (rev. 2018) ("The offense(s) of (state offense or offenses that include willfully) charged in the indictment require(s) the government to prove that (name) acted "willfully" with respect to an (certain) element(s) of the offense(s)) . This means the government must prove beyond a reasonable doubt that (name) knew (his) (her) conduct was unlawful and intended to do something that the law forbids."); Eleventh Circuit Pattern Jury Instructions, Criminal Cases § B9.1A (ed. 2020) ("The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted 'willfully,' the person need not be aware of the specific law or rule that [his] [her] conduct may be violating."); _United States v. Ajoku_, 584 Fed. Appx. 824, 824 (9th Cir. 2014) (reversing conviction after Solicitor General conceded in the U.S. Supreme Court that "the district court erred by giving an instruction on the element of 'willfulness' that does not comply with _Bryan_" in false-statements case); _United States v. Nora_, 988 F.3d 823, 830 (5th Cir. 2021) (applying _Bryan_ standard in case involving 18 U.S.C. § 1349); _United States v. Shvets_, 631 Fed. Appx. 91, 95 (3d Cir. 2015) (same); _United States v. Iwuala_, 789 F.3d 1, 12 (1st Cir. 2015) (same); _United States v. Mitchell_, 533 Fed. Appx. 387, 390 (5th Cir. 2013) ("To establish a conspiracy to commit mail

27
28

[10] The government objects to the Court providing an instruction defining "willfully."  However, in the event the Court intends to provide an instruction defining "willfully," the government proposes an alternative definition.

and wire fraud, the government must prove that: (1) two or more persons made an agreement to commit fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.").

## JURY INSTRUCTION NO. 17 [GOVERNMENT PROPOSAL]

### DEFINITION OF "WILLFULLY"

"Willfully" means to act with a purpose or willingness to commit the act or to make the omission in question.  The word "willfully" does not require any intent to violate the law, or to injure another, or to acquire any advantage.

*Authority:* CALJIC § 1.20 ("Willfully"—Defined).

# JURY INSTRUCTION NO. 18

## 8.23    CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of a conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even if Ms. Holmes did not directly conspire with other conspirators in the overall scheme, Ms. Holmes has, in effect, agreed to participate in an alleged conspiracy if the government proves each of the following beyond a reasonable doubt:

(1) First, that Ms. Holmes directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) Second, that Ms. Holmes knew or had reason to know that other conspirators were involved with those with whom Ms. Holmes directly conspired; and

(3) Third, that Ms. Holmes had reason to believe that whatever benefits Ms. Holmes might get from the alleged conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.  I remind you that a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.[11]

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.23.

---

[11] Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.20.

# JURY INSTRUCTION NO. 19[12]

**8.25     CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)**

Each member of a conspiracy is responsible for the reasonably foreseeable actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find Ms. Holmes guilty of wire fraud against investors in Theranos as charged in Counts Three through Eight of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a co-conspirator committed the crime of wire fraud as alleged in that count;

Second, the co-conspirator was a member of the conspiracy charged in Count One of the indictment;

Third, the co-conspirator committed the crime of wire fraud in furtherance of the conspiracy;

Fourth, Ms. Holmes was a member of the same conspiracy at the time the offense charged in Counts Three through Eight was committed by the co-conspirator; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen by Ms. Holmes to be a necessary or natural consequence of the unlawful agreement.

You may find Ms. Holmes guilty of wire fraud against patients who paid for Theranos' blood testing services as charged in Counts Ten through Twelve of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a co-conspirator committed the crime of wire fraud as alleged in that count;

Second, the co-conspirator was a member of the conspiracy charged in Count Two of the indictment;

Third, the co-conspirator committed the crime of wire fraud in furtherance of the conspiracy;

---

[12] Ms. Holmes objects to this Instruction in full but the parties have agreed on the wording of the Instruction to be used if the Court overrules Ms. Holmes' objection.

1    Fourth, Ms. Holmes was a member of the same conspiracy at the time the offense charged in

2  Counts Ten through Twelve was committed by the co-conspirator; and

3    Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have

4  been foreseen by Ms. Holmes to be a necessary or natural consequence of the unlawful agreement.

6    _Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth

7  Circuit § 8.25 & cmt; _United States v. Green_, 592 F.3d 1057, 1070-71 (9th Cir. 2010).

# JURY INSTRUCTION NO. 20

## WIRE FRAUD (18 U.S.C. § 1343)

Ms. Holmes is charged in Counts Three, Four, Five, Six, Seven, Eight, Ten, Eleven, and Twelve of the Third Superseding Indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.

Ms. Holmes is charged in Counts Three through Eight of the indictment with wire fraud against investors in Theranos.  In particular:

Ms. Holmes is charged in Count Three with wire fraud in connection with a wire transfer of $99,990 on or about December 30, 2013.

Ms. Holmes is charged in Count Four with wire fraud in connection with a wire transfer of $5,349,900 on or about December 31, 2013.

Ms. Holmes is charged in Count Five with wire fraud in connection with a wire transfer of $4,875,000 on or about December 31, 2013.

Ms. Holmes is charged in Count Six with wire fraud in connection with a wire transfer of $38,336,632 on or about February 6, 2014.

Ms. Holmes is charged in Count Seven with wire fraud in connection with a wire transfer of $99,999,984 on or about October 31, 2014.

Ms. Holmes is charged in Count Eight with wire fraud in connection with a wire transfer of $5,999,997 on or about October 31, 2014.

Ms. Holmes is charged in Counts Ten through Twelve of the indictment with wire fraud against patients who paid for Theranos' blood testing services.  In particular:

Ms. Holmes is charged in Count Ten with wire fraud in connection with a wire transmission of Patient E.T.'s laboratory blood test results on or about May 11, 2015.

Ms. Holmes is charged in Count Eleven with wire fraud in connection with a wire transmission of Patient M.E.'s laboratory blood test results on or about May 16, 2015.

Ms. Holmes is charged in Count Twelve with wire fraud in connection with a wire transfer of $1,126,661 on or about August 3, 2015.

In order for Ms. Holmes to be found guilty of each of the charges, the government must prove each of the following elements beyond a reasonable doubt:

First, Ms. Holmes knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts.  A scheme to defraud is a deceptive scheme to deprive a person of money or property.[13]  Deceitful statements of half-truths may constitute false or fraudulent representations.  Expressions of opinions, aspirations, or goals, or general, subjective claims cannot be used as a basis to find that Ms. Holmes made false or fraudulent representations;[14]

Second, the statements made or facts omitted as part of the scheme were material.  Statements are material [if][when, in the context in which they were made,][15] they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, Ms. Holmes acted with the intent to defraud, that is, the intent to deceive and cheat, that is, to deprive someone of money or property by [means of deception][16][deceiving that person][17]; and

Fourth, Ms. Holmes used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only Ms. Holmes' words and statements, but also the circumstances in which they are used as a whole.  A scheme to defraud must misrepresent an essential element of the bargain.[18]  A scheme to defraud is not to be inferred solely because a venture turned out to be unprofitable or failed.[19]  Ms. Holmes' actions can

---

[13] *Kelly v. United States*, 140 S. Ct. 1565, 1568 (2020); *McNally v. United States*, 483 U.S. 350, 358-59 (1987); 9/18/21 Tr. 521:3-4 (Preliminary Instructions).

[14] *Newcal Indus., Inc. v. Ikon Office Solutions*, 513 F.3d 1038, 1053 (9th Cir. 2008); *In re Am. Apparel, Inc. Shareholder Litig.*, 855 F. Supp. 2d 1043, 1072-73 (C.D. Cal. 2012); *In re Actimmune Marketing Litig.*, 2009 WL 3740648 (N.D. Cal. 2009).

[15] *United States v. Bogucki*, 2019 WL 1024959, at *2 (N.D. Cal. Mar. 4, 2019).

[16] *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021).

[17] *United States v. Lew*, 875 F.2d 219, 221 (9th Cir. 1989).

[18] *United States v. Takhalov*, 827 F.3d 1307, 1310 (11th Cir. 2016); *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007); *United States v. Starr*, 816 F.2d 94, 99 (2d Cir. 1987).

[19] *United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992).

constitute a scheme to defraud even if there are no specific false statements involved.  Rather, the relevant inquiry is whether the scheme as a whole was reasonably calculated to deceive.  Thus, even if statements as part of the scheme are not literally false, you may consider whether the statements taken as a whole were misleading or deceptive.  Evidence beyond a reasonable doubt that a scheme was reasonably calculated to deceive is sufficient to establish a scheme to defraud.  You as members of the jury do not need to all agree on which statements were false, deceitful, or fraudulent in furtherance of the scheme.[20]

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material transmitted by wire was itself false or deceptive so long as the wire communication was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained. Similarly, it does not matter if Ms. Holmes intended to repay the money obtained through deception.[21]

It need not have been reasonably foreseeable to Ms. Holmes that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to Ms. Holmes  that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

To convict Ms. Holmes of wire fraud based on omission(s) of material fact(s), you must find that Ms. Holmes had a duty to disclose the omitted fact(s) arising out of a relationship of trust.  That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.[22]

To convict Ms. Holmes on each count of wire fraud, you must unanimously agree that the particular scheme charged in that count existed.[23]

---

[20] *United States v. Woods*, 335 F.3d 993, 997–98 (9th Cir. 2003) (approving instruction defining scheme to defraud as broader than specific misrepresentations); *see also United States v. Moore*, 826 F. App'x 629, 632 (9th Cir. 2020).

[21] *United States v. Hussain*, No. 16-CR-00462-CRB, Dkt. 374, at 19 (N.D. Cal. Apr. 24, 2018).

[22] Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.124.

[23] *United States v. Frazin*, 780 F.2d 1461, 1468 (9th Cir. 1986).

1

2          *Authority:* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth

3     Circuit § 8.124.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 21 [DEFENSE PROPOSAL]**

**INTENT TO DEFRAUD—DEFINED**

An intent to defraud is an intent to deceive and cheat, that is, to deprive [someone][the victim][24] of money or property by [deceiving that person][25][means of deception][26].  Good faith on the part of Ms. Holmes is inconsistent with a finding that Ms. Holmes acted with the intent to defraud.[27]

*Authority:* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.12.

**JURY INSTRUCTION NO. 22 [GOVERNMENT PROPOSAL]**

**GOOD FAITH DEFENSE**[28]

Ms. Holmes' good faith belief in the truth of the specific misrepresentations is inconsistent with a finding that Ms. Holmes acted with the intent to defraud.  However, Ms. Holmes did not act in good faith if, even though she honestly held a certain opinion or belief, Ms. Holmes also knowingly made material false or fraudulent pretenses, misrepresentations, or promises to others.  While good faith is a defense to wire fraud, an honest belief in the ultimate success of the enterprise is not, in itself, a defense.[29]

---

[24] *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021).

[25] *United States v. Lew*, 875 F.2d 219, 221 (9th Cir. 1989).

[26] *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021).

[27] O'Malley, *Federal Jury Practice & Instructions Criminal* § 19:06 (6th ed. Aug. 2021 update).

[28] *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021); *United States v. Kramer*, 16-CR-00322-EJD-1, 2020 WL 5408165, at *7–8 (N.D. Cal. Sept. 9, 2020).

[29] The government objects to the Court providing a good faith instruction.  If the Court is inclined to give a good faith instruction, the government proposes this separate instruction.  *United States v. Tarallo*, 380 F.3d 1174, 1191 (9th Cir. 2004); *United States v. Lin*, 3:11-CR-00393-TEH, Dkt. 102, at 43–44 (N.D. Cal. May 15, 2012).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

**JURY INSTRUCTION NO. 23**

**KNOWINGLY—DEFINED**

3    An act is done knowingly if Ms. Holmes is aware of the act and does not act through ignorance,

4    mistake, or accident.  The government is not required to prove that Ms. Holmes knew that her acts or

5    omissions were unlawful.[30]  You may consider evidence of Ms. Holmes' words, acts, or omissions,

6    along with all the other evidence, in deciding whether Ms. Holmes acted knowingly.

7    To find that Ms. Holmes acted knowingly, you must find that she herself had knowledge of the

8    fact at issue.  Knowledge by the alleged co-conspirator or Theranos agents or employees does not prove

9    Ms. Holmes' personal knowledge.[31]

10

11    _Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth

12    Circuit § 5.7.

13

14

15

16

17

18

19

20

21

22

23

24

25

---

26    [30] Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.7;

27    _United States v. Miller_, 953 F.3d 1095 (9th Cir. 2020), _cert. denied_, 141 S. Ct. 1085 (2021); _United States v. Chang_, No. 16-CR-00047-EJD-1, 2020 WL 5702131, at *4 (N.D. Cal. Sept. 24, 2020); _United States v. Kramer_, 16-CR-00322-EJD-1, 2020 WL 5408165, at *7–8 (N.D. Cal. Sept. 9, 2020).

28    [31] _Phillips v. United States_, 356 F.2d 297, 303 (9th Cir. 1965).

1

**JURY INSTRUCTION NO. 24[32]**

2

**AIDING AND ABETTING**

3      Ms. Holmes may be found guilty of wire fraud as charged in Counts Three through Eight and

4  Ten through Twelve of the indictment, even if Ms. Holmes personally did not commit the act or acts

5  constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to

6  help someone else commit a crime.  To prove Ms. Holmes guilty of wire fraud by aiding and abetting,

7  the government must prove each of the following beyond a reasonable doubt:

8      First, someone else committed the conduct charged in Counts Three through Eight and Ten

9  through Twelve of the indictment;

10      Second, Ms. Holmes [took an affirmative act to aid, counsel, command, induce, or

11 procure][33] [aided, counseled, commanded, induced, or procured][34] that person with respect to at least one

12 element of wire fraud as charged in Counts Three through Eight and Ten through Twelve of the

13 indictment;

14      Third, Ms. Holmes acted with the intent to facilitate wire fraud as charged in Counts Three

15 through Eight and Ten through Twelve of the indictment;

16      Fourth, Ms. Holmes acted with the intent to defraud, as I have previously defined that term in

17 these instructions,[35] and

18      [Fifth][Fourth], Ms. Holmes acted before the crime was completed.

19      It is not enough that Ms. Holmes merely associated with the person committing the crime, or

20 unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of

21 the crime.  The evidence must show beyond a reasonable doubt that Ms. Holmes acted with the

22

23

24      [32] Ms. Holmes objects in full to this instruction but has proposed edits in the event the Court overrules her objection.

25      [33] *Rosemond v. United States*, 572 U.S. 65, 71 (2014) (requiring an "affirmative act" for aiding-and-abetting liability).

26      [34] Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.1.

27      [35] *United States v. Sayetsitty*, 107 F.3d 1405, 1412 (9th Cir. 1997) (requiring, as separate elements of aiding-and-abetting liability, intent of the underlying substantive offense and specific intent to facilitate the commission of the crime); *United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988) (same).

28

knowledge and intention of helping that person commit wire fraud as charged in Counts Three through Eight and Ten through Twelve of the indictment.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which [defendant] [person] actually committed the crime and which [defendant] [person] aided and abetted.

*Authority*: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.1.

JURY INSTRUCTION NO. 25 [DEFENSE PROPOSAL][3637]

SCHEME TO DEFRAUD—VICARIOUS LIABILITY (18 U.S.C. § 1343)

If you find that Ms. Holmes was a member of the scheme to defraud investors in Theranos charged in Counts Three through Eight and that Ms. Holmes had the intent to defraud investors in Theranos, Ms. Holmes may be responsible for other co-schemers' actions during the course of and in furtherance of the alleged scheme, even if Ms. Holmes did not know what they said or did.

For Ms. Holmes to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the government must prove each of the following elements beyond a reasonable doubt:

First, the co-schemer is a member of the scheme to defraud investors charged in Counts Three through Eight of the indictment;

Second, the co-schemer committed the offense in furtherance of the scheme to defraud Theranos investors;

Third, Ms. Holmes was a member of the same scheme to defraud, and possessed the intent to defraud Theranos investors; and

Fourth, the offense committed by the co-schemer fell within the scope of the scheme to defraud and was one that Ms. Holmes could reasonably foresee, based on the facts that were known to her, as a necessary and natural consequence of the scheme to defraud.

If you find that Ms. Holmes was a member of the scheme to defraud patients who paid for Theranos' blood testing services charged in Counts Ten through Twelve and that Ms. Holmes had the intent to defraud Theranos paying patients, Ms. Holmes may be responsible for other co-schemers'

---

[36] Ms. Holmes objects in full to any co-schemer liability instruction but has proposed this version in the event the Court overrules her objection.

[37] The government objects to Ms. Holmes' proposed co-schemer liability instruction, and instead proposes the Court provide the Ninth Circuit model instruction. *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.122.

actions during the course of and in furtherance of the alleged scheme, even if Ms. Holmes did not know what they said or did.

For Ms. Holmes to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the government must prove each of the following elements beyond a reasonable doubt:

First, the co-schemer is a member of the scheme to defraud patients who paid for Theranos's blood testing services charged in Counts Ten through Twelve of the indictment;

Second, the co-schemer committed the offense in furtherance of the scheme to defraud Theranos paying patients;

Third, Ms. Holmes was a member of the same scheme to defraud, and possessed the intent to defraud Theranos paying patients; and

Fourth, the offense committed by the co-schemer fell within the scope of the scheme to defraud and was one that Ms. Holmes could reasonably foresee, based on the facts that were known to her, as a necessary and natural consequence of the scheme to defraud.

*Authority:* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.122; *United States v. Tarallo*, 380 F.3d 1174, 1184 (9th Cir. 2004), amended, 413 F.3d 928 (9th Cir. 2005) ("in order to convict Defendant under a 'coschemer' theory, the jury would have had to find beyond a reasonable doubt that Defendant's fellow telemarketers were, in fact, coschemers acting in furtherance of the scheme"); *United States v. Green*, 592 F.3d 1057, 1070-71 (9th Cir. 2010); *United States v. Stapleton*, 293 F.3d 1111, 1118 (9th Cir. 2002).

1
2

**JURY INSTRUCTION NO. 26 [GOVERNMENT PROPOSAL]**

**SCHEME TO DEFRAUD—VICARIOUS LIABILITY (18 U.S.C. § 1343)**

3      If you decide that Ms. Holmes was a member of a scheme to defraud and that Ms. Holmes had

4 the intent to defraud, Ms. Holmes may be responsible for other co-schemers' actions during the course

5 of and in furtherance of the scheme, even if Ms. Holmes did not know what they said or did.

6      For Ms. Holmes to be guilty of an offense committed by a co-schemer in furtherance of the

7 scheme, the offense must be one that Ms. Holmes could reasonably foresee as a necessary and natural

8 consequence of the scheme to defraud.

9

10      _Authority:_ Manual of Model Criminal Jury Instructions for the District Courts of the Ninth

11 Circuit § 8.122.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

# JURY INSTRUCTION NO. 27

## WIRE FRAUD—VICTIM'S CONDUCT

3  A victim's negligence is not a defense to wire fraud.  You have heard evidence regarding

4  investors' process for deciding whether to invest money in Theranos.  You are to consider this evidence

5  to the extent that it helps you determine whether Ms. Holmes made false or fraudulent pretenses,

6  representations, or promises as part of a scheme or plan to defraud (see prior Wire Fraud instruction).

7  You may also consider this evidence to the extent that it helps you determine whether the statements

8  made or facts omitted as part of the alleged scheme were material; that is, whether they had a natural

9  tendency to influence, or were capable of influencing, a person to part with money or property (see prior

10  Wire Fraud instruction).

11

12  *Authority*: ECF No. 798 at 80–82; *United States v. Hussain*, No. 16-CR-00462-CRB, Dkt. 374

13  (N.D. Cal. Apr. 24, 2018).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 28[38]

## SUCCESS OF THE WIRE FRAUD SCHEME

Success of the scheme to defraud is not material for purposes of determining whether wire fraud occurred.  For Counts Three through Eight and Ten through Twelve, it is not necessary that Ms. Holmes made a profit or that anyone actually suffered a loss.

*Authority:* *United States v. Chang*, No. 16-CR-00047-EJD-1, Dkt. 192 (N.D. Cal. Aug. 29, 2019); *see also United States v. Tarallo*, 380 F.3d 1174, 1191 (9th Cir. 2004).

---

[38] Ms. Holmes objects to this proposed instruction in full.

# JURY INSTRUCTION NO. 29[39]

### *RESPONDEAT SUPERIOR*

You may not infer that Ms. Holmes is guilty of the charged offenses merely from the fact of the position she held at Theranos.

It is not enough for the government to prove that one or more individuals involved in alleged conduct reported to Ms. Holmes.  In addition, you may not infer that Ms. Holmes, based solely on her position at Theranos, engaged in or had knowledge of any alleged conduct.  Furthermore, it is not enough for the government to prove that Ms. Holmes should have known about any alleged conduct at Theranos.

*Authority*:   1 Sand, Modern Federal Jury Instructions Instruction ¶ 6-3, 6-4 (Inference of Participation from Presence or Association) (Matthew Bender ed. 2020); *United States v. Holmes*, 18-cr-00258-EJD, ECF 798 at 63 (N.D. Cal. Mar. 22, 2021); *United States v. Forbes*, Crim. No. 3:02-cr-00264-AWT, Jury Instructions, Dkt. 2597, at § 2.B in (D. Conn. Oct. 31, 2006); Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 6.10; *Morissette v. United States*, 342 U.S. 246, 250 (1952); *United States v. Rank*, No. 84-1870, 1986 WL 18059, at *4 (6th Cir. Oct. 14, 1986) (per curiam); *Beck v. United States*, 33 F.2d 107, 112 (8th Cir. 1929); *United States v. Cadden*, 2018 WL 2108243, * 6 (D. Mass. 2018).

---

[39] The government objects to the Court providing this Instruction in full.

**JURY INSTRUCTION NO. 30 [DEFENSE PROPOSAL]**

**ALLEGED REGULATORY VIOLATION OR ALLEGED VIOLATION OF INDUSTRY STANDARDS NOT SUFFICIENT**

You have heard evidence regarding alleged violations of regulations and industry standards.  You should know that there has been no final determination of any alleged regulatory violation or industry standard.  Many of the alleged violations of regulations and industry standards were disputed.

The criminal law imposes a higher burden of proof on the government in this case than in cases involving civil regulations, which have a lower burden of proof.  In addition, industry standards do not carry the force of law.

Ms. Holmes is not guilty of any of the offenses alleged in the indictment merely because she or Theranos may have violated federal or state regulations or because Ms. Holmes or Theranos may have engaged in negligent practices or violated industry standards related to laboratory testing or medical devices.

<u>Authority</u>: *United States v. White Eagle*, 721 F.3d 1108, 1114-15 (9th Cir. 2013); *United States v. Dahlstrom*, 713 F.2d 1423, 1428 (9th Cir. 1983); *United States v. Stefan*, 784 F.2d 1093, 1099 (11th Cir. 1986); *United States v. Christo*, 614 F.2d 486, 490-92 (5th Cir. 1980).

1

2

## JURY INSTRUCTION NO. 30 [GOVERNMENT PROPOSAL]

## REGULATORY VIOLATIONS

3   You have heard reference at times during the trial to federal regulations enforced by Centers for

4   Medicare and Medicaid Services' ("CMS") and the Food and Drug Administration ("FDA").  In and of

5   itself, a violation of these regulations, principles, standards, or guidelines does not establish a violation

6   of the criminal law.  However, evidence of such regulatory violations may be considered by you, along

7   with other evidence, in light of the specific elements that must be proved in connection with each of the

8   counts charged in the indictment.

9

10   *Authority*: *United States v. Hussain*, No. 16-CR-00462-CRB, Dkt. 374 (N.D. Cal. Apr. 24,

11   2018); *United States v. Reyes*, No. 06-CR-00556-CRB, Dkt. 524-1 (N.D. Cal. July 25, 2007).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 31[40]

## CMS REPORT

You are to consider Trial Exhibit 4621A and Trial Exhibit 4621B, which contain excerpts of the January 25, 2016 CMS report, for the limited purpose of their effect on Ms. Holmes' state of mind on January 25, 2016, and after that date.  You must consider this evidence only for this limited purpose, and not for any other purpose.

_Authority_: ECF 989 at 7-8 & n.1; 11/9/2021 Tr. 5676:18-5677:10, 5679:24-5680:6, 5800:24–5802:23, 5809:16-5811:4, 5813:2-5814:4, 5849:24-5852:19; 11/19/2021 Tr. 7089:14-20.  The defense submits that the record shows that TX 4621 was admitted for the nonhearsay purpose of the effect on Ms. Holmes' state of mind.

---

[40] The government objects to this Instruction in its entirety, which singles out one piece of evidence when several exhibits were introduced at trial for a limited purpose.  Furthermore, the government notes that this instruction misrepresents the state of the record as Trial Exhibit 4621A was not admitted for a limited purpose, rather it was simply admitted.  _See_ 11/9/2021 Tr. 5801:16–5802:23; ECF No. 1136.

**JURY INSTRUCTION NO. 32[41]**

**REASONABLE EFFORTS TO PROTECT TRADE SECRETS**

You have heard evidence regarding actions Ms. Holmes or Theranos employees took to maintain confidentiality.  Under California law, a company can receive certain legal protections for technology and practices that it maintains as a trade secret, but only if the company has taken reasonable efforts to protect those trade secrets.  Trade secrets include information that derives independent economic value (actual or potential) from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.  Exactly what constitute reasonable efforts depends on the facts and circumstances of a particular situation, but even inadvertent action by a company that leads to the disclosure of a trade secret can eliminate the protections for trade secrets under California law. Evidence that Ms. Holmes or Theranos took reasonable efforts to protect trade secrets is not evidence that Ms. Holmes acted with an intent to defraud.

_Authority_:  Cal. Civ. Code § 3426.1(d); *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993); *Mattel, Inc. v. MGA Entertainment, Inc.*, 782 F. Supp. 2d 911, 959 (C.D. Cal. 2011); *Leykin v. AT&T Corp.*, 423 F. Supp. 2d 229, 243 (S.D.N.Y. 2006); *Gemisys Corp. v. Phoenix Am., Inc.*, 186 F.R.D. 551, 560 (N.D. Cal. 1999); *Cellular Accessories for Less, Inc. v. Trinitas LLC*, 2014 WL 4627090, at *4 (C.D. Cal. Sept. 16, 2014); *PQ Labs, Inc. v. Yang Qi*, 2014 WL 334453, at *3 (N.D. Cal. Jan. 29, 2014); *United States v. Nosal*, 2013 WL 4504652, at *17 (N.D. Cal. Aug. 15, 2013); *IPC Sys., Inc. v. Garrigan*, 2012 WL 12872028, at *5 (N.D. Ga. May 21, 2012); *KEMA, Inc. v. Koperwhats*, No. C-09-1587 MMC, 2010 WL 3464708, at *4 (N.D. Cal. Sept. 1, 2010); *HiRel Connectors, Inc. v. United States*, 2005 WL 4958547, at *5 (C.D. Cal. Jan. 4, 2005); *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1454 (Cal. Ct. App. 2002).

---

[41] The government objects to the Court providing this Instruction in full.

# JURY INSTRUCTION NO. 33[42]

## NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who you find not to be credible, even if the witness's testimony has not been contradicted or impeached. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

You should keep in mind that the burden of proof is always on the government and that Ms. Holmes is not required to call any witnesses or offer any evidence, since she is presumed to be innocent.

*Authority*: 1 Sand, Modern Federal Jury Instructions-Criminal ¶ 4-3 (Number of Witnesses and Uncontradicted Testimony) (Matthew Bender ed. 2020).

---

[42] The government objects to the Court providing this Instruction in full.

# JURY INSTRUCTION NO. 34

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, profession, celebrity, economic circumstances, or position in life or in the community.[43]  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

---

[43] 9/8/2021 Tr. 517:23-518:3 (Preliminary Instructions).

1       *Authority:* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth

2   Circuit § 7.1.

1
2

**JURY INSTRUCTION NO. 35**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

3       Because you must base your verdict only on the evidence received in the case and on these

4   instructions, I remind you that you must not be exposed to any other information about the case or to the

5   issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

6

7           Do not communicate with anyone in any way and do not let anyone else communicate

8           with you in any way about the merits of the case or anything to do with it.  This

9           restriction includes discussing the case in person, in writing, by phone, tablet, computer,

10          or any other means, via email, text messaging, or any Internet chat room, blog, website or

11          other forms of social media.  This restriction applies to communicating with your family

12          members, your employer, the media or press, and the people involved in the trial.  If you

13          are asked or approached in any way about your jury service or anything about this case,

14          you must respond that you have been ordered not to discuss the matter and to report the

15          contact to the court.

16          Do not read, watch, or listen to any news or media accounts or commentary about the

17          case or anything to do with it; do not do any research, such as consulting dictionaries,

18          searching the Internet (through Google or otherwise)[44] or using other reference materials;

19          and do not make any investigation or in any other way try to learn about the case on your

20          own.

21

22          The law requires these restrictions to ensure the parties have a fair trial based on the same

23   evidence that each party has had an opportunity to address.  A juror who violates these restrictions

24   jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

25   trial process to start over.  If any juror is exposed to any outside information, please notify the court

26   immediately.

27

28

---

[44] 9/8/2021 Tr. 524:16-527:3 (Preliminary Instructions).

1

2          *Authority:* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth

3    Circuit § 7.2.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 36**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

_Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 7.3.

**JURY INSTRUCTION NO. 37**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for the alleged offenses is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against Ms. Holmes beyond a reasonable doubt.

_Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 7.4.

## JURY INSTRUCTION NO. 38

## VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign, and date it, and advise the clerk that you are ready to return to the courtroom.

*Authority:* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 7.5.

1

2

## JURY INSTRUCTION NO. 39

## COMMUNICATION WITH COURT

3    If it becomes necessary during your deliberations to communicate with me, you may send a note

4 through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to

5 communicate with me except by a signed writing, and I will respond to the jury concerning the case only

6 in writing or here in open court.  If you send out a question, I will consult with the lawyers before

7 answering it, which may take some time.  You may continue your deliberations while waiting for the

8 answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands,

9 numerically or otherwise, on any question submitted to you, including the question of the guilt of

10 Ms. Holmes, until after you have reached a unanimous verdict or have been discharged.

11

12    _Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth

13 Circuit § 7.6.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 40**

**7.10     READBACK OR PLAYBACK**

**[If Requested]**

Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony.  [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].]  The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

_Authority_: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 7.10.

1   DATED:  December 9, 2021                    Respectfully submitted,

2                                               STEPHANIE M. HINDS
                                                Acting United States Attorney
3

4   /s/ Amy Mason Saharia                       /s/ Kelly Irene Volkar
    KEVIN M. DOWNEY                             JEFF SCHENK
5   LANCE WADE                                  JOHN C. BOSTIC
    AMY MASON SAHARIA                           ROBERT S. LEACH
6   KATHERINE TREFZ                             KELLY I. VOLKAR
    Attorneys for Elizabeth Holmes              Assistant United States Attorneys
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28