JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 662-2260 │ Facsimile: (415) 662-2263
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>    Defendants. | Case No. CR-18-00258-EJD<br><br>**MS. HOLMES' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STRIKE EXHIBITS 4621A AND 4621B**<br><br>Date:    December 13, 2021<br>Time:    9:00 a.m.<br>CTRM:  4, 5th Floor<br><br>Hon. Edward J. Davila |

Ms. Holmes' pending motion to strike concerns Exhibits 4621A and 4621B. Both are excerpts of a January 25, 2016 report issued by CMS regarding Theranos' clinical laboratory in Newark, California following a 2015 inspection of that laboratory (the "2016 CMS Report"). Exhibit 4621 contained both the Form CMS-2567 cataloguing the findings of that inspection, as well as a cover letter to Theranos summarizing the results of the inspection and outlining next steps. Portions of Exhibit 4621 were admitted during the testimony of Dr. Kingshuk Das for the limited purpose of showing notice to Ms. Holmes as of January 25, 2016 that CMS had found that Theranos was then out of compliance with certain regulatory provisions. Both Exhibits 4621A and 4621B are inadmissible for this or any purpose and should be struck from the record.

## I.   PROCEDURAL HISTORY

The procedural history of litigation regarding the admissibility of the 2016 CMS Report, along with the government's representations in litigating this issue, should guide the Court's analysis:

1. In November 2020, Ms. Holmes filed a motion *in limine* to exclude all evidence of the 2016 CMS survey findings and sanctions. As particularly relevant here, Ms. Holmes moved to exclude the 2016 CMS Report as irrelevant, unfairly prejudicial, and because it contained inadmissible hearsay. Dkt. 574.

2. In opposing that motion, the government represented that the "primary authors" of the 2016 CMS Report—Sarah Bennett and Gary Yamamoto—were "expected to testify to its content and will be subject to cross examination." Dkt. 675 at 2; *see also id.* at 12 (arguing that Ms. Holmes would be "free to cross-examine CMS witnesses and attempt to undercut their observations").

3. The Court denied Ms. Holmes' motion, but noted that Ms. Holmes may raise additional arguments about the admissibility of the 2016 CMS Report. Dkt. 798 at 16-20.

4. Prior to the trial, Ms. Holmes sought to clarify several issues related to the 2016 CMS Report in light of the Court's rulings on other motions *in limine*. Dkt. 897. The Court deferred ruling on Ms. Holmes' request, but recognized that the cover letter and attachment in the Report should be treated as a single document for the purposes of determining the Report's admissibility. Dkt. 989 at 7

n.1.[1]

5. On November 4, 2021, the government informed Ms. Holmes that it intended to call Dr. Kingshuk Das, a former Theranos laboratory director, the following week, and that it may seek to admit the 2016 CMS Report—now designated Exhibit 4621[2]—through Dr. Das. 11/4/21 Trial Tr. 5584:16-5586:6.

6. Ms. Holmes promptly notified the Court of her concern with any attempt to introduce the 2016 CMS Report through Dr. Das, as opposed to a CMS witness who had been involved in drafting the Report like Ms. Bennett or Mr. Yamamoto. 11/4/21 Trial Tr. 5587:4-24, 5596:4-5; Dkt. 1134 at 2-3.

7. Prior to Dr. Das' testimony, the Court heard argument from the parties on the admissibility of the 2016 CMS Report. During that argument:

    a. Ms. Holmes objected to the admission of the Report through Dr. Das under both Rule 403 and the Confrontation Clause. 11/9/21 Trial Tr. 5681:3-5683:25. Ms. Holmes explained that there would be "significant 403 issues" if the government introduced the Report through someone other than a CMS witness like Ms. Bennett or Mr. Yamamoto. *Id.* at 5682:7-19.

    b. Ms. Holmes requested that the Court give a contemporaneous limiting instruction that would address the risk of jury confusion associated with any testimony about alleged regulatory violations. *Id.* at 5684:5-14 (citing Dkt. 809 at 88).

    c. At argument, the government did not commit to calling Ms. Bennett or Mr. Yamamoto such that they could be cross-examined about the Report.

    d. The government instead argued that "[t]he entirety of the document is admissible for [Ms. Holmes'] state of mind **for a nonhearsay purpose.**" *Id.* at 5693:1-2 (emphasis supplied). According to the government, offering the CMS Report for a nonhearsay purpose through Dr. Das alleviated the need for a CMS witness like Ms. Bennett or Mr. Yamamoto. *Id.* at 5693:17-22.

8. During Dr. Das' testimony, the government sought to introduce multiple portions of the

---

[1] Ms. Holmes had argued that the cover letter to the 2016 CMS Report had unique issues and should be treated separately from the attachment. The Court rejected that argument.

[2] The CMS report and cover letter did not appear on the government's exhibit list at the time of Ms. Holmes' motion *in limine*. The government later added the letter and report as a single exhibit.

MS. HOLMES' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STRIKE
CR-18-00258 EJD

2

2016 CMS Report (a single exhibit) into evidence:

    a.    The government first offered pages 1 through 4 of the exhibit, the Report's cover letter, after laying a foundation that Dr. Das had discussed that portion of the Report with Ms. Holmes—*i.e.*, after laying a foundation for notice to Ms. Holmes. *Id.* at 5797:10-5801:20.  Ms. Holmes objected "for reasons we discussed with counsel and the court this morning and the reasons set forth in the motion papers." *Id.* at 5801:21-24.  The Court overruled the objection, finding that an "appropriate foundation" had been established. *Id.* at 5802:5-8.

    b.    The government then offered a second set of pages from the exhibit. *Id.* at 5809:16-5810:1.  Ms. Holmes made the same objection, which the Court overruled. *Id.* at 5810:9-14.

    c.    As the government prepared to question Dr. Das about these pages, the Court inquired about the purpose for which the excerpts were admitted, and the government confirmed that they were being admitted for "state of mind issues." *Id.* at 5810:22-24.  The Court then instructed the jury that the pages were admitted for "the state of mind of the defendant" and "not for the truth of the matter asserted." *Id.* at 5811:1-6, 11-23.

    d.    The government then offered a third set of excerpts from the Report.  At that point, the following exchange occurred:

> Mr. Wade:    I might just inquire.  For what purpose is this admission?
> The Court:    It's not for the truth of the matter – is this **likewise as the previous admissions**?
> Mr. Leach:    Yes, Your Honor, for state of mind.
> The Court:    Yes.

*Id.* at 5813:12-17 (emphasis supplied).  Ms. Holmes made the same objection. *Id.* at 5813:18-19.  The Court overruled the objection, and then gave a broader instruction to the jury:

> Ladies and gentlemen, **these exhibits** will be admitted, and they are offered not for the truth of the matter asserted, but only as to the state of mind of Ms. Holmes, **as the previous admissions**, as to intent and knowledge, and those issues only, not for the truth of the matter asserted, but only as to the state of mind of Ms. Holmes as to knowledge and intent."

*Id.* at 5813:22-5814:2.

MS. HOLMES' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STRIKE
CR-18-00258 EJD

3

    e. The government subsequently offered another excerpt from Exhibit 4621. *Id.* at 5852:1-2. The Court admitted the excerpt over Ms. Holmes' objection, subject to a similar limiting instruction. *Id.* at 5852:3-17.

    f. After court adjourned, the cover letter to the 2016 CMS Report that was admitted over Ms. Holmes' objection was marked as Exhibit 4621A. The pages from the attachment to the Report that were admitted over Ms. Holmes' objection were marked as Exhibit 4621B. No defense attorney participated in this marking process.

  9. The government did not subsequently call Ms. Bennett or Mr. Yamamoto such that they could be cross examined as to the creation, contents, or purpose of the 2016 CMS Report.

  10. At the close of the government's case-in-chief, Ms. Holmes moved to strike Exhibits 4621A and 4621B—the admitted portions of the 2016 CMS Report—and the associated testimony of Dr. Das under Rule 403 and the Confrontation Clause. 11/19/21 Trial Tr. 7085:6-11. Ms. Holmes argued that it was incredibly prejudicial for any portion of the Report to be admitted without an opportunity to cross examine one of its authors. *Id.* at 7085:16-7086:18. Ms. Holmes also argued that the admission of the Report for the limited purpose of notice as of January 25, 2016 was not relevant to any issue in the case. *Id.* at 7086:25-7087:10.

  11. In response to Ms. Holmes' motion, the government conceded that the portions of the Report that were admitted "came in for its state of mind on Ms. Holmes" and argued that there was "no point to cross-examining the CMS witness about it" because "it came in for a nonhearsay purpose." *Id.* at 7089:17-21; *see also id.* at 7090:1-2 ("So there would have been no point to cross-examining Sarah Bennett for the purpose for which it came in.").

  12. On December 2, 2021, Ms. Holmes proposed a supplemental final jury instruction to reiterate for the jury that Exhibits 4621A and 4621B were admitted solely for Ms. Holmes' state of mind as of January 25, 2016. Dkt. 1174 at 33 (Jury Instruction No. 31).

  13. On December 8, 2021, after the close of evidence, the government informed Ms. Holmes that it objected to Ms. Holmes' Jury Instruction No. 31, and that the government believed that Exhibit 4621A—the cover letter to the 2016 CMS Report—had been admitted into evidence without limitation.

14.     On December 10, 2021, after a discussion of Jury Instruction No. 31 with the parties, the Court requested briefing as to the parties' "views regarding the admissibility of the Government's Exhibit 4621A & B ('the 2016 CMS Report') with respect to the charging period." Dkt. 1190.

## II.     ARGUMENT

### A.     Both Exhibits 4621A and 4621B Were Admitted Only for Notice to Ms. Holmes.

As demonstrated above, the record reflects that all portions of Exhibit 4621 were admitted for the limited purpose of showing notice to Ms. Holmes. The government does not dispute that Exhibit 4621B was admitted for this limited purpose. As to Exhibit 4621A, the complete record shows the following:

First, the government has consistently treated the cover letter and Form CMS-2567 as a single exhibit. The Court therefore should not put any weight on their present, after-the-fact identification as Exhibits 4621A and 4621B. The government before trial assigned the cover letter and Form CMS-2567 a single exhibit number. In its opposition to Ms. Holmes' pre-trial motion, the government argued there was no reason to treat the two portions of the exhibit differently. *See* Dkt. 906 at 6-7. Several pages of Exhibit 4621 were admitted during the testimony of Dr. Das. At the time it introduced these pages, the government did not distinguish them as Exhibit 4621A and 4621B. Those labels were assigned only after the Court had adjourned for the day, without the involvement of an attorney for Ms. Holmes, and outside the presence of the jury.

Second, the government's representations to the Court are the best evidence of its intent to offer the exhibit for a limited purpose. *See supra*, pp. 2-4 ¶¶ 7-8, 11. The government did not reveal its change of heart until after the close of evidence. Before then, the record contains no hint of an upcoming pivot; rather, the government's clear representation to the Court that both the letter and Form CMS-2567 were admitted for a limited purpose left no doubt as to the exhibit's status. *See supra*, p. 4 ¶ 11.

Third, as noted above, the Court's comments regarding the admission of pages from the exhibit, its exchanges with counsel, and its limiting instruction to the jury are best read to relate to all portions of Exhibit 4621 that had been previously admitted. *See supra*, pp. 2-4 ¶ 8. Notably, in admitting the third set of excerpts, the Court expressly asked government counsel whether the excerpt was being admitted

for the same non-hearsay purpose as the prior "admissions," which necessarily included the cover letter (the first of the two prior "admissions"). 11/9/2021 Trial Tr. 5813:12-17. The government agreed that it was.

Fourth, the government treated all portions of Exhibit 4621 similarly in its examination of Dr. Das. It laid the same foundation for all portions, asking Dr. Das whether he had discussed the issues reflected in the exhibit with Ms. Holmes. *See, e.g.*, 11/9/2021 Trial Tr. 5801:1-5802:8 (laying as foundation for admission of cover letter by asking Dr. Das: "Did you discuss the circumstances described in this letter with Ms. Holmes?"); *id.* 5807:8-5810:16 (laying foundation for admission of first portion of the Form CMS-2567 by asking Dr. Das: "Q. Are you familiar with this portion of Form 2567? A. Yes. Q. Okay. And did you discuss issues relating to quality control and the Edison device with Ms. Holmes?"). It asked similar questions about whether Dr. Das independently investigated the matters described in the exhibit or discussed them with Ms. Holmes. *See, e.g.*, *id.* 5804:21-22 (asking regarding the cover letter: "And did you have discussions with Ms. Holmes about the need to respond urgently to CMS?"); *id.* 5823:1-4 (asking regarding the admitted portions of the Form CMS-2567: "And in connection with your review of the CMS report and responding to CMS, did you have discussions with Ms. Holmes about what CMS was finding with respect to CMS and what you were finding and what that – how to respond to that?"). The government's actual use of the exhibit with Dr. Das is powerful circumstantial evidence of the nature of its admission. That limited use is inconsistent with the government's post-trial arguments.

Fifth and finally, Exhibit 4621A is inadmissible for its truth because of the government's failure to call a CMS witness. *See infra*, pp. 7-9 § B. The Court should consider this fact when assessing the purpose for which the exhibit actually was offered. Here, too, context is key: it was Ms. Holmes' marshaling of the government's concessions on this point that prompted the government to limit its admission of the CMS Report through Dr. Das. *See* 11/9/21 Trial Tr. 5681:3-5683:25 (identifying instances where government linked admissibility of Report with opportunity to cross examine its authors). These concerns explain *why* the government did not offer any portion of the 2016 CMS Report for its truth.

In sum, in deciding Ms. Holmes' motion to strike, the Court should consider both Exhibits 4621A and 4621B as having been admitted only for notice.

B.   **Exhibit 4621A Is Inadmissible for its Truth.**

Since the close of evidence, the government has argued that Exhibit 4621A, the CMS cover letter, was admitted for its truth. If it ever was admissible, *but see* Dkt. 574,[3] the document at a minimum is inadmissible for this purpose without the testimony of a CMS witness under Rules 401-403 and the Confrontation Clause.

*The document is irrelevant.*   The CMS cover letter sets forth regulatory requirements that CMS inspectors had determined Theranos' Newark laboratory had not met. *See* Sahara Decl. Ex 1 at 1 ("As a result of the survey, it was determined that your facility is not in compliance with all of the Conditions required for certification in the CLIA program."). Ms. Holmes, however, is not on trial for failure to adhere to civil regulatory standards governing laboratory procedures. To be sure, the Court ruled before trial over Ms. Holmes' objection that evidence of CMS's findings was relevant, and the trial record thus contains evidence related to the fact of CMS's inspection, the fact of adverse findings, and the facts surrounding Theranos' response to those findings. But the cover letter itself adds no probative value to that evidence. There was no testimony from a CMS witness to link the cover letter's high-level conclusions to any facts observed in the lab, or to any issues in the case. The letter itself is thus irrelevant.

*The document is unfairly prejudicial and inadmissible under Rule 403.*   The lack of testimony linking the conclusions in the letter to any specific lab practices or to any issue in the case also makes the letter unfairly prejudicial. The jury lacks the foundation to interpret fairly the document's conclusions. These conclusions purport to summarize a document spanning more than 100 pages that was itself not admitted into evidence other than small portions admitted for a limited purpose. The letter contains no elaboration or factual support for its conclusions. And although there was testimony in the case about CLIA regulations, there was no testimony concerning the 2015 inspection process or about

---

[3] Ms. Holmes maintains her objection to the admission of any portion of Exhibit 4621 for any purpose.

MS. HOLMES' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STRIKE
CR-18-00258 EJD

7

the basis for the particular findings summarized in the letter. As a result, the letter is even more prejudicial than the detailed Form CMS-2567. Moreover, the document contains inflammatory language concerning "immediate jeopardy" to patient health. *See* Sahara Decl. Ex 1 at 1 (defining immediate jeopardy as "a situation in which . . . the laboratory's non-compliance with one or more Condition-level requirements has already caused, is causing, or is likely to cause, at any time, serious injury or harm, or death, to individuals served by the laboratory"). No CMS witness testified concerning the meaning of or basis for this or any finding. No CMS witness told the jury which condition-level noncompliance triggered this or any finding. No CMS witness explained which lab practices underlaid this or any finding. The letter's inflammatory conclusions are totally without foundation.

The government's gambit to admit the letter through Dr. Das exacerbates the risk of unfair prejudice. After Dr. Das' testimony, the government could have called CMS inspectors Sarah Bennett or Gary Yamamoto to complete the admission. The government chose not to, likely for tactical reasons. The reasons why the government was reluctant to call Ms. Bennett are obvious. Ms. Bennett likely would have testified that the CMS Report did not contain a finding on the accuracy and reliability of Theranos' tests but rather only assessed laboratory practices. *See* Saharia Decl., Ex. 3 at 4-5 ("CMS looks at a laboratory's procedures and it looks to see that they are running them when they say they are supposed to be running them. CMS doesn't look to the patient data. If the QC is problematic, there is no way to assess whether the patient data is accurate and reliable."); Ex. 4 at 185: 16-22 ("[I]t's not [CMS's] job to determine whether a result is accurate."). Ms. Bennett's testimony also would have undermined the apparent authority of the letter by showing that its conclusions are subjective. *See* Saharia Decl., Ex. 4 at 157:1-5 ("Once there's a determination of non-compliance, you have to use your professional surveyor judgment to determine what evidence you need to support that noncompliance and there's no standard set . . . it's very situational."); *id.* at 167:11-16 (CLIA surveyors may "have differences of opinion about . . . whether it should be cited as a standard or a condition."). This context is necessary to any fair evaluation of the letter. Ms. Holmes' inability to cross-examine Ms. Bennett on these and other points[4] thus renders the Report highly misleading, unfairly prejudicial, and inadmissible

---

[4] Ms. Bennett also likely would have testified that Mr. Balwani held himself out as responsible for lab operations, and that it was her impression that Mr. Balwani was "someone who did not defer to

for its truth.

*The document is inadmissible under the Confrontation Clause.*  For all the foregoing reasons, the document's admission without testimony from its authors also violated Ms. Holmes' constitutional right to confront witnesses against her.  The Report is testimonial because it was prepared by government officials in the manner one would expect to be used in an investigation or prosecution.  *Davis v. Washington*, 547 U.S. 813, 829-30 (2006).  Ms. Holmes was denied the right to contextualize the document's inflammatory hearsay statements.

### C. The Court Should Strike Both Exhibits 4621A and 4621B Regardless of the Purpose for Which they Were Admitted.

As explained above, Exhibit 4621A is inadmissible for the truth under Rule 403 and the Confrontation Clause because the government failed to call a CMS witness.  It therefore should be struck if the Court determines that it previously was admitted for that purpose.

But even if the admitted portions of Exhibit 4621 are limited to showing notice to Ms. Holmes, Rule 403 still requires their exclusion because the government has not proven any representations by Ms. Holmes where this alleged notice of regulatory non-compliance matters.  Theranos received the CMS Report on January 25, 2016, **after** the conclusion of the charged conspiracy to defraud investors.  The cover letter's summary and the factual findings in the admitted portions of the CMS Form-2567 thus are categorically irrelevant to any statement Ms. Holmes is alleged to have made to investors about the issues summarized in the letter (it is unclear what those even could be).  The Report is also irrelevant to any statements made to patients in the alleged conspiracy to defraud paying patients.  The government has proven no statements to patients occurring after January 25, 2016.  The Report thus is irrelevant to the charged conduct in this case.

Moreover, the government has not proven any statements that Ms. Holmes made to anyone that would be contradicted by the content of the letter or the admitted portions of the Form CMS-2567.  There is no evidence that Ms. Holmes told anyone that CMS did not find Theranos out of compliance with five Condition-level requirements of the CLIA program in January 2016.  There is no evidence that

many people." Dkt. 680-10 at 3.

MS. HOLMES' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STRIKE
CR-18-00258 EJD

9

Ms. Holmes told anyone after receiving the 2016 CMS Report that CMS did not observe certain quality control issues relating to the Edison tests. Exhibits 4621A and 4621B thus have zero or minimal probative value.

To the extent the government attempts to identify attenuated theories of relevance tied to events or actions other than charged conduct, Rule 403 would require exclusion. The prejudicial nature of the excerpts, and their potential to mislead the jury without a sponsoring CMS witness to explain their significance (or lack thereof), would substantially outweigh any minimal probative value of the contents of this exhibit. And the risk of unfair prejudice and juror confusion would persist even if the jury is instructed to consider the evidence only as to notice. The cover letter still contains the same irrelevant conclusions. The cover letter still describes immediate jeopardy in highly inflammatory terms. And the portions of the Form CMS-2567 that were admitted contain highly technical factual observations that never were explained to the jury, leaving them to guess as to what facts the documents showed Ms. Holmes was told.

In sum, the 2016 CMS Report is inadmissible for any purpose.

**CONCLUSION**

The Court should grant Ms. Holmes' pending motion to strike.

DATED:  December 12, 2021

Respectfully submitted,

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2021 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MS. HOLMES' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STRIKE
CR-18-00258 EJD