UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| USA,<br><br>              Plaintiff,<br><br>   v.<br><br>ELIZABETH A. HOLMES,<br><br>              Defendant. | Case No.   5:18-cr-00258-EJD-1<br><br>**ORDER DENYING MS. HOLMES' MOTION TO STRIKE**<br><br>Re: Dkt. No. 1191 |

On November 19, 2021, Ms. Holmes moved to strike Trial Exhibit 4621 ("the CMS Report") and testimony related to the exhibit. *See* Transcript of Oral Argument at 7085. Thereafter, on December 10, 2021, this Court requested briefing on the motion to strike. *See* Dkt. No. 1191; *see also* Ms. Holmes' Supplemental Brief in Support of Motion to Strike ("Mot"), Dkt. No. 1191; United States' Opposition to Defendant's Motion to Strike ("Opp."), Dkt. No. 1192. Having read the Parties' briefs and having had the benefit of oral argument on December 13, 2021, the Court **DENIES** Ms. Holmes' motion to strike.

During the examination of Dr. Kingshuk Das, the Government introduced the cover letter that accompanied the CMS Report and excerpts of the Report. The CMS Report and its accompanying cover letter were referred to as Exhibit 4621. However, the CMS Report and its accompanying cover letter were submitted into evidence as separate exhibits, with the cover letter being labeled "4621A" and excerpts of the Report being labeled "4621B." Until this separation, the Court and Parties had understood the CMS Report and the cover letter to be a single document. *See* Dkt. No. 989 at 7 n.1. During the charging conference, the Parties informed the Court that there was a dispute about how Exhibits 4621A and 4621B could be used. The Government argued

Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING MS. HOLMES' MOTION TO STRIKE

1

that because Ms. Holmes did not object on hearsay grounds to the introduction of Exhibit 4621A, the exhibit could be admitted for the truth of the matter asserted therein. The Government, however, agreed that Exhibit 4621B was introduced only to demonstrate Ms. Holmes' state of mind, a nonhearsay purpose. After reviewing the record, it appears that Ms. Holmes did object to the introduction of Exhibit 4621A. *See* Transcript at 5801. This objection referenced the Court's earlier discussion with counsel in which the Government asserted that the CMS Report was being introduced only for state of mind purposes. *Id.* 5693. Based on this colloquy, the Court determined that Exhibit 4621A[1] was introduced for state of mind purposes and not for the truth of the matter asserted therein. *See* Transcript of Oral Argument at 8888.

Ms. Holmes argues that Exhibits 4621A and 4621B should be excluded under Federal Rule of Evidence 403. The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence. Fed. R. Evid. 403. The Court holds that the probative value of the CMS Report, its cover letter, and Dr. Das's testimony as to the Report is not substantially outweighed by the danger of unfair prejudice or confusion. The CMS Report and the testimony about the Report were probative in that they revealed knowledge by Ms. Holmes' of the state of the CLIA Lab in late 2015 (when the CMS inspection was ongoing) and early 2016 (when the CMS Report was received by Theranos). The Report and the accompanying testimony are thus highly relevant as they tend to make it more likely that Ms. Holmes also knew about the condition of the lab during the charging period. *See* Dkt. No. 798 at 12–13, 20 (determining that post-charging period events are relevant, non-excludable propensity evidence that is probative of Ms. Holmes' state of mind, intent, and knowledge). Additionally, because the CMS Report and its accompanying cover letter are being used only for state of mind, there is a minimal risk that the jury will be confused or mislead by the

---

[1] Because of this determination, Exhibits 4621A and 4621B will be relabeled as "Exhibit 4621." The Court does not address Ms. Holmes' Confrontation Clause arguments as Exhibit 4621 is not being introduced for a hearsay purpose.

Case No.: 5:18-cr-00258-EJD-1
ORDER DENYING MS. HOLMES' MOTION TO STRIKE

2

Report.  Further, Ms. Holmes had an opportunity to cross examine Dr. Das and was able to introduce comparable exhibits that demonstrate her absence of intent.  Therefore, the risk of unfair prejudice, if any, is minimized.  The Court **DENIES** Ms. Holmes' motion to strike CMS Report and Dr. Das's testimony about the Report on Rule 403 grounds.

**IT IS SO ORDERED.**

Dated: December 13, 2021

EDWARD J. DAVILA
United States District Judge