1

2                        UNITED STATES DISTRICT COURT

3                       NORTHERN DISTRICT OF CALIFORNIA

4                              SAN JOSE DIVISION

5

    UNITED STATES OF AMERICA,        )   CR-18-00258-EJD
6                                    )
                       PLAINTIFF,    )   SAN JOSE, CALIFORNIA
7                                    )
              VS.                    )   VOLUME 41
8                                    )
    ELIZABETH A. HOLMES,             )   DECEMBER 3, 2021
9                                    )
                       DEFENDANT.    )   PAGES 8214 - 8305
10   _____)

11
                        TRANSCRIPT OF TRIAL PROCEEDINGS
12                 BEFORE THE HONORABLE EDWARD J. DAVILA
                       UNITED STATES DISTRICT JUDGE
13
    A P P E A R A N C E S:
14
    FOR THE PLAINTIFF:     UNITED STATES ATTORNEY'S OFFICE
15                         BY:  JOHN C. BOSTIC
                                JEFFREY B. SCHENK
16                         150 ALMADEN BOULEVARD, SUITE 900
                           SAN JOSE, CALIFORNIA 95113
17
                           BY:  ROBERT S. LEACH
18                              KELLY VOLKAR
                           1301 CLAY STREET, SUITE 340S
19                         OAKLAND, CALIFORNIA 94612

20        (APPEARANCES CONTINUED ON THE NEXT PAGE.)

21

    OFFICIAL COURT REPORTERS:
22                              IRENE L. RODRIGUEZ, CSR, RMR, CRR
                                CERTIFICATE NUMBER 8074
23                              LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595
24
        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
25            TRANSCRIPT PRODUCED WITH COMPUTER

A P P E A R A N C E S: (CONT'D)


FOR DEFENDANT HOLMES:    WILLIAMS & CONNOLLY LLP
                         BY:  KEVIN M. DOWNEY
                              LANCE A. WADE
                              AMY SAHARIA
                              KATHERINE TREFZ
                              SEEMA ROPER
                              J.R. FLEURMONT
                              RICHARD CLEARY
                              PATRICK LOOBY
                         725 TWELFTH STREET, N.W.
                         WASHINGTON, D.C. 20005

                         LAW OFFICE OF JOHN D. CLINE
                         BY:  JOHN D. CLINE
                         ONE EMBARCADERO CENTER, SUITE 500
                         SAN FRANCISCO, CALIFORNIA 94111

```
 1   SAN JOSE, CALIFORNIA                    DECEMBER 3, 2021
 2                      P R O C E E D I N G S
 3        (COURT CONVENED AT 9:06 A.M.)
 4        (JURY OUT AT 9:06 A.M.)
 5            THE COURT:  WE ARE ON THE RECORD IN THE HOLMES
 6   MATTER.  ALL COUNSEL ARE PRESENT.  MS. HOLMES IS PRESENT.
 7        GOOD MORNING.  WE'RE OUTSIDE OF THE PRESENCE OF THE JURY.
 8   TODAY WE RESERVED THIS MORNING.  LET ME INDICATE THAT WE JUST
 9   HAVE THIS MORNING TO HAVE THIS DISCUSSION.  WE WON'T BE IN
10   SESSION THIS AFTERNOON.
11        BUT WE SCHEDULED THIS MORNING JUST TO HAVE A HIGH LEVEL,
12   AS I DESCRIBED IT, A HIGH LEVEL DISCUSSION REGARDING YOUR JURY
13   INSTRUCTIONS AND YOUR SUBMISSIONS, AND I'VE RECEIVED THE
14   SUBMISSIONS.  I'LL ASK A COUPLE OF QUESTIONS ABOUT THAT, AND
15   THEN WE CAN JUST HAVE A CONVERSATION ABOUT THOSE.
16        I DO WANT TO TALK ABOUT ONE EVIDENTIARY ISSUE, AND THIS IS
17   IN LIGHT OF THE COURT'S RULING ON THE MOTION TO RECONSIDER.  I
18   THINK I ORALLY GAVE YOU AN ORDER REGARDING, MR. BOSTIC, RELATED
19   TO YOUR RESPONSE TO I THINK IT WAS TX 14259, AND I INDICATED I
20   WOULD ALLOW THAT TO BE ADMITTED.
21        LET ME INDICATE THAT I THINK THAT SHOULD BE DONE IN FRONT
22   OF THE JURY.
23        SO I'M JUST POINTING TO THE DEFENSE.  YOU SHOULD, AT SOME
24   POINT IN TIME DURING YOUR CASE, SEEK TO ADMIT THAT IN FRONT OF
25   THE JURY BASED ON THE COURT'S, THE COURT'S RULING.
```

09:08AM  1          MR. DOWNEY:  UNDERSTOOD, YOUR HONOR.

09:08AM  2          THE COURT:  THERE'S NOT A DEARTH OF BINDERS, LET ME

09:08AM  3   JUST SAY THAT AT THE OUTSET.

09:08AM  4          MS. SAHARIA:  WE SUFFER FROM THE SAME PROBLEM.

09:08AM  5          THE COURT:  BUT YOU HAVE MORE SPACE AT YOUR TABLE.

09:08AM  6      SO I DID RECEIVE, AND I KNOW YOU EXCHANGED YOUR 1176,

09:08AM  7   WHICH IS THE GOVERNMENT'S REVISED PROPOSED INSTRUCTIONS, AND

09:08AM  8   1174, WHICH ARE MS. HOLMES'S REVISED INSTRUCTIONS.

09:08AM  9      AS I WENT THROUGH THOSE REVISIONS AND LOOKED BACK ON 804

09:08AM  10  AND THE PREVIOUS SUBMISSIONS, OF COURSE THERE ARE SOME CHANGES

09:09AM  11  NOW.  AND I DON'T KNOW IF YOU'VE HAD AN OPPORTUNITY TO MEET AND

09:09AM  12  CONFER.  I DOUBT YOU HAVE BECAUSE THESE WERE SUBMITTED HERE,

09:09AM  13  YOUR MOST RECENTS WERE SUBMITTED JUST YESTERDAY BY 10:00 A.M.,

09:09AM  14  AND I DOUBT SERIOUSLY WHETHER YOU'VE HAD A CHANCE TO DISCUSS

09:09AM  15  EACH OF THE CHANGES.

09:09AM  16      BUT AS I LOOK AT YOUR RECENT SUBMISSIONS, IT DOES SEEM

09:09AM  17  THAT SOME OF THE OBJECTIONS, MS. SAHARIA, THAT YOU HAVE MADE IN

09:09AM  18  YOUR PLEADINGS MAY HAVE BEEN -- THIS IS JUST A HIGH LEVEL

09:09AM  19  REVIEW -- IT SEEMS LIKE THEY MAY HAVE BEEN RESOLVED BY SOME OF

09:09AM  20  THE GOVERNMENT'S MORE UPDATED AND RECENT FILINGS OF THEIR

09:09AM  21  INSTRUCTIONS.  WE'LL SEE.  WE'LL SEE.

09:09AM  22      SO THIS MORNING IS I DON'T ANTICIPATE THAT WE WILL ACHIEVE

09:09AM  23  A FINAL FINALITY OF THE INSTRUCTIONS, BUT I APPRECIATE THE

09:09AM  24  OPPORTUNITY TO HEAR FROM BOTH SIDES JUST AT A HIGH LEVEL AS TO

09:09AM  25  WHAT YOU THINK THIS INSTRUCTION SHOULD BE.

09:10AM 1      WE'RE STILL IN THE DEFENSE CASE, AND THERE MAY BE

09:10AM 2   ADDITIONAL INSTRUCTIONS THAT WOULD BE FORTHCOMING BASED ON THE

09:10AM 3   DEFENSE ADMISSIONS OF OTHER WITNESSES OR OTHER EVIDENCE.  SO

09:10AM 4   WE'LL BEAR THAT IN MIND.

09:10AM 5      SO THIS MORNING WHAT I THOUGHT WE WOULD DO -- OR LET ME

09:10AM 6   ASK YOU FIRST, HAVE YOU HAD ANY DISCUSSION?  ARE THERE ANY

09:10AM 7   THINGS THAT EITHER SIDE WANTS TO SAY BEFORE WE JUST PORE

09:10AM 8   THROUGH -- YES, MS. VOLKAR.  THANK YOU.

09:10AM 9            MS. VOLKAR:  YES, YOUR HONOR.

09:10AM 10     ONE ESSENTIALLY ADMINISTRATIVE POINT.  I DO NOT BELIEVE

09:10AM 11  THAT EITHER OF THE SIDES HAVE HAD DISCUSSION TO ANSWER YOUR

09:10AM 12  QUESTION, BUT THE GOVERNMENT DOES WANT TO SAY, WITH OUR AMENDED

09:10AM 13  FILING YESTERDAY, WE ATTACHED THE VERDICT FORM, THE SAME

09:10AM 14  VERDICT FORM WE HAD SUBMITTED TO THE COURT IN MAY.  AND AS I

09:10AM 15  WAS REVIEWING THAT THIS MORNING, I DID REALIZE THAT IN ERROR WE

09:10AM 16  INCLUDED COUNT NINE --

09:10AM 17           THE COURT:  RIGHT.

09:10AM 18           MS. VOLKAR:  -- AS WE DID INITIALLY, AND I JUST WANT

09:11AM 19  TO SAY THAT WAS INADVERTENT.

09:11AM 20     WE REMOVED COUNT NINE THROUGHOUT THE AMENDED JURY

09:11AM 21  INSTRUCTIONS, AND TO THE EXTENT THAT THE COURT WOULD LIKE US TO

09:11AM 22  SUBMIT AN AMENDED VERDICT FORM REFLECTING THAT AS WELL, WE

09:11AM 23  STAND READY TO DO SO.  BUT BEFORE WE GOT STARTED WITH OUR

09:11AM 24  DISCUSSION, I WANTED TO BE ABSOLUTELY CLEAR THAT THE VERDICT

09:11AM 25  FORM WE SUBMITTED ERRONEOUSLY INCLUDES COUNT NINE.

09:11AM 1          THE COURT:  THANK YOU.  AND I EXPECT THERE WILL BE

09:11AM 2    SOME MINOR CHANGES LIKE THAT.  THANK YOU FOR DRAWING THAT TO MY

09:11AM 3    ATTENTION.  THAT'S WHY WE'RE HAVING THIS DISCUSSION THIS

09:11AM 4    MORNING.

09:11AM 5          MS. VOLKAR:  THANK YOU.

09:11AM 6          THE COURT:  SO WHAT I PROPOSE TO DO, IF YOU'D

09:11AM 7    LIKE -- DO YOU HAVE THOUGHTS ABOUT HOW YOU WOULD LIKE TO

09:11AM 8    PROCEED THE ANALYSIS?

09:11AM 9       MS. SAHARIA, GOOD MORNING.

09:11AM 10          MS. SAHARIA:  GOOD MORNING, YOUR HONOR.

09:11AM 11       WE HAVE DIVIDED THE INSTRUCTION AMONGST MYSELF,

09:11AM 12   MR. CLEARY, AND MR. LEMENS KIND OF ON A TAG TEAM BASIS.

09:11AM 13       BUT I DON'T KNOW WHAT THE COURT HAS IN MIND, WHETHER YOU

09:11AM 14   WANT TO PROCEED INSTRUCTION BY INSTRUCTION OR WHETHER THERE'S

09:12AM 15   SOME YOU WANT TO TALK ABOUT NOW AND SOME YOU WANT TO POSTPONE.

09:12AM 16       THE PARTIES HAVE NOT MET AND CONFERRED.  I DO THINK A FEW

09:12AM 17   OF OUR OBJECTIONS HAVE BEEN RESOLVED.  I THINK WE HAVE SOME NEW

09:12AM 18   ONES BASED ON THEIR AMENDMENTS, WHICH WE CAN TALK THROUGH

09:12AM 19   TODAY.

09:12AM 20       EXCUSE ME.  I DO JUST WANT TO MAKE CLEAR THAT WE HAVE NOT

09:12AM 21   OBJECTED TO THE INSTRUCTIONS RIGHT NOW BASED ON THE STATE OF

09:12AM 22   THE RECORD, AND BECAUSE THE EVIDENCE IS STILL OPEN AND THE

09:12AM 23   DEFENSE CASE IS STILL OPEN, AND I DO EXPECT THAT THERE WILL BE

09:12AM 24   A SMALLER NUMBER OF THINGS TO WORK THROUGH AT THE CLOSE OF

09:12AM 25   EVIDENCE RELATED TO THE OBJECTIONS AND THE INSTRUCTIONS.

09:12AM  1        SO I JUST WANTED TO KIND OF PUT THAT MARKER DOWN TO MAKE

09:12AM  2    CLEAR THAT WE RESERVE THE RIGHT TO PROPOSE ADDITIONAL

09:12AM  3    INSTRUCTIONS OR TO -- WE THINK THERE WILL NEED TO BE A SUMMARY

09:12AM  4    OF THE ALLEGATIONS IN THE INDICTMENT THAT GOES INTO THESE

09:12AM  5    INSTRUCTIONS FOR THE JURY, AND WE THINK IT'S BEST TO TAKE THAT

09:12AM  6    UP AT THE CLOSE OF EVIDENCE.

09:12AM  7        THE COURT:  OKAY.

09:13AM  8        MS. VOLKAR:  YOUR HONOR, FOR THE GOVERNMENT'S

09:13AM  9    PART -- KELLY VOLKAR ON BEHALF OF THE UNITED STATES -- I WILL

09:13AM  10   BE SHARING THIS WITH MY COLLEAGUE, MR. LEACH.  SO I'LL TAKE

09:13AM  11   SOME INSTRUCTIONS AND HE'LL TAKE OTHERS.

09:13AM  12       IN MY MIND, I SORT OF GROUPED THE INSTRUCTIONS INTO SORT

09:13AM  13   OF THE BATCH WHERE THERE'S VERY LITTLE OR NO DISPUTE BETWEEN

09:13AM  14   THE PARTIES, WHICH IS A LOT OF THE STANDARD DUTY TO DELIBERATE

09:13AM  15   INSTRUCTIONS, AND THEN I THINK IN MY MIND THERE'S THE MORE

09:13AM  16   SUBSTANTIVE INSTRUCTIONS WHERE THERE'S MORE SIGNIFICANT

09:13AM  17   DISPUTES BETWEEN THE PARTIES.

09:13AM  18       IT CERTAINLY IS UP TO YOUR HONOR, BUT I THOUGHT THAT THE

09:13AM  19   TIME TODAY MIGHT BE BEST SPENT ON THOSE MORE SUBSTANTIVE ONES.

09:13AM  20   I IMAGINE IT WILL BE HARDER FOR THE PARTIES THROUGH MEET AND

09:13AM  21   CONFER TO COME TO REAL AGREEMENT IN THAT AREA WITHOUT FURTHER

09:13AM  22   GUIDANCE FROM THE COURT; WHEREAS ON THOSE, AGAIN, I'LL CALL

09:13AM  23   THEM MORE RUN-OF-THE MILL INSTRUCTIONS, SUCH AS THE DUTY TO

09:13AM  24   DELIBERATE, ET CETERA, IT MIGHT BE EASIER FOR THE PARTIES TO

09:14AM  25   COME TO AGREEMENTS THERE.

09:14AM   1          THE COURT:  WELL, THANK YOU.

09:14AM   2      I WAS LOOKING AND I THOUGHT WE PROBABLY -- TO YOUR POINT,

09:14AM   3  MS. VOLKAR, WE PROBABLY DON'T NEED TO HAVE SERIOUS DISCUSSION

09:14AM   4  THIS MORNING ABOUT THE 7 SERIES, ABOUT THE NINTH CIRCUIT MODEL

09:14AM   5  7 SERIES, WHICH ARE THE FINAL INSTRUCTIONS, DUTY TO DELIBERATE,

09:14AM   6  ET CETERA.  I KNOW THERE ARE SOME SUGGESTED AMENDMENTS TO

09:14AM   7  THOSE, BUT IT SEEMS LIKE THE TWO OR THREE HOURS WE HAVE THIS

09:14AM   8  MORNING, MAYBE IT WOULD BE BETTER SPENT ON --

09:14AM   9          MS. SAHARIA:  THAT'S FINE, YOUR HONOR.

09:14AM  10          THE COURT:  -- SOME OF THE MORE SUBSTANTIVE.  DO YOU

09:14AM  11  AGREE WITH THAT?

09:14AM  12          MS. SAHARIA:  I DO, AS LONG AS AT SOME POINT, IF WE

09:14AM  13  NEED TO, WE HAVE THE OPPORTUNITY TO STATE ON THE RECORD ANY

09:14AM  14  OBJECTIONS THAT WE MAY HAVE TO THE INSTRUCTIONS AS TO THE 7

09:14AM  15  SERIES.  BUT I AGREE THAT DOES MAKE SENSE TO FOCUS ON THE

09:14AM  16  SUBSTANTIVE INSTRUCTIONS TODAY.

09:14AM  17          THE COURT:  RIGHT.  AND LET ME SAY, THIS IS NOT THE

09:14AM  18  ONLY DISCUSSION THAT WE'RE GOING TO HAVE.

09:14AM  19          MS. SAHARIA:  UNDERSTOOD.

09:14AM  20          THE COURT:  THIS IS NOT THE ONLY CHARGING CONFERENCE

09:14AM  21  THAT WE'RE GOING TO HAVE.  THIS IS, AS I ADVERTISED IT

09:14AM  22  PREVIOUSLY, JUST AN OPPORTUNITY TO HAVE A HIGH LEVEL DISCUSSION

09:14AM  23  ABOUT WHERE WE ARE.

09:14AM  24          MS. SAHARIA:  UNDERSTOOD, YOUR HONOR.

09:15AM  25          THE COURT:  SO YOU'LL HAVE AN OPPORTUNITY TO MAKE

09:15AM 1    ANY OBJECTIONS AS TO THE FINAL INSTRUCTIONS YOU WISH.  THIS IS

09:15AM 2    JUST INFORMATIVE FOR ME, AND FOR EACH OF YOU I HOPE.

09:15AM 3         OKAY.

09:15AM 4              MS. VOLKAR:  YOUR HONOR, I WILL JUST SAY THAT I

09:15AM 5    THINK THE SAME MAY HOLD TRUE FOR THE 3 SERIES AS WELL.  AND IN

09:15AM 6    THE 3 SERIES -- I THINK THERE'S A HANDFUL OF 4 SERIES, SUCH AS

09:15AM 7    THE DUAL ROLE EXPERT TESTIMONY, AND THOSE WERE THE INSTRUCTIONS

09:15AM 8    THAT I HAD IN MIND WHEN I WAS THINKING THAT THE PARTIES DON'T

09:15AM 9    SEEM TO BE PARTICULARLY FAR APART ON VERY MANY OF THOSE.

09:15AM 10             THE COURT:  RIGHT.

09:15AM 11        DO YOU AGREE?

09:15AM 12             MS. SAHARIA:  I THINK THAT'S LARGELY RIGHT,

09:15AM 13   YOUR HONOR.

09:15AM 14        THERE'S A FEW 3 SERIES INSTRUCTIONS THAT I THINK THE

09:15AM 15   GOVERNMENT HAS OMITTED FROM ITS INSTRUCTIONS.  BUT APART FROM

09:15AM 16   THOSE ONES, I THINK THE REAL DISPUTE IS, YOU KNOW, LARGELY THE

09:15AM 17   SUBSTANTIVE INSTRUCTIONS.

09:15AM 18             THE COURT:  RIGHT.

09:15AM 19        AND LET ME SAY, AS I LOOKED AT SOME OF THE -- AT YOUR

09:15AM 20   INSTRUCTIONS, I DO NOTE THAT I ALSO CALLED ATTENTION TO THE

09:15AM 21   PRELIMINARY INSTRUCTIONS THAT THE COURT GAVE, AND THE

09:15AM 22   PRELIMINARY INSTRUCTIONS, AS I REVIEWED THEM, CONTAINED MANY OF

09:16AM 23   THE -- SOME OF THE CHANGES THAT THE DEFENSE ADVOCATED FOR.

09:16AM 24        AND WHEN I WENT THROUGH THOSE, IT SEEMED LIKE SOME OF

09:16AM 25   THESE ARGUMENTS MAY -- YOU'LL TELL ME, MS. SAHARIA, BUT IT

09:16AM 1    SEEMS LIKE SOME OF THESE ARGUMENTS MAY BE RESOLVED BY THAT SAME

09:16AM 2    ANALYSIS, BUT YOU MIGHT HAVE SOME NEW ARGUMENTS AS WELL.

09:16AM 3         MS. SAHARIA:  THAT'S RIGHT.  I THINK THE COURT --

09:16AM 4    SOME OF OUR OBJECTIONS WE MADE IN CONNECTION WITH OUR

09:16AM 5    PRELIMINARY INSTRUCTIONS, AND THE COURT REJECTED SOME OF THEM

09:16AM 6    AND ACCEPTED SOME OF THEM, AND SO I'M HAPPY TO POINT THE COURT

09:16AM 7    KIND OF AS APPROPRIATE AS WE GO ALONG.

09:16AM 8         THE COURT:  OKAY.  WELL --

09:16AM 9         MS. VOLKAR:  THE SAME FOR THE GOVERNMENT, YOUR

09:16AM 10   HONOR.  THE PRELIMINARY INSTRUCTIONS, SOME OF THE DEFENSE'S

09:16AM 11   ADDITIONS WERE GRANTED OVER GOVERNMENT OBJECTION.  BUT FROM THE

09:16AM 12   GOVERNMENT'S PERSPECTIVE, WE SORT OF START AT THE PLACE WHERE

09:16AM 13   THE COURT MAY FOLLOW THE SAME ANALYSIS, AND WE'RE HAPPY TO

09:16AM 14   REARGUE THEM, BUT WE ALSO UNDERSTAND THAT OUR OBJECTIONS ARE

09:16AM 15   NOTED, AND WE'RE HAPPY TO MOVE ON TO MORE SUBSTANTIVE ISSUES.

09:17AM 16        THE COURT:  OKAY.  THANK YOU.

09:17AM 17      WHERE SHOULD WE BEGIN, MS. SAHARIA?

09:17AM 18        MS. SAHARIA:  WELL, I HAVE PRIMARY RESPONSIBILITY

09:17AM 19   FOR THE SUBSTANTIVE INSTRUCTIONS, AT LEAST THE CORE ONES,

09:17AM 20   CONSPIRACY AND WIRE FRAUD.

09:17AM 21      SO IF THE COURT WANTS TO START THERE, I THINK WE COULD

09:17AM 22   START WITH CONSPIRACY.

09:17AM 23        THE COURT:  LET'S SEE.  I THINK THIS IS 820?

09:17AM 24        MS. SAHARIA:  CORRECT.

09:17AM 25        THE COURT:  THIS IS IN DOCKET 1174.  THIS IS FOUND

09:17AM  1     ON PAGE 7.

09:17AM  2             AND IN DOCUMENT 1176, THIS IS FOUND ON PAGE 15, I BELIEVE.

09:17AM  3                 MS. SAHARIA:  YES, CORRECT.

09:17AM  4                 THE COURT:  PLEASE SING OUT AND CORRECT ME.

09:17AM  5                 MS. SAHARIA:  YES, I HAVE THOSE TWO DOCUMENTS IN

09:17AM  6     FRONT OF ME AS WELL.

09:17AM  7                 THE COURT:  SO SING OUT IF YOU NEED ME TO GO TO A

09:17AM  8     DIFFERENT AREA OR A DIFFERENT LOCATION SO I CAN TRACK.

09:17AM  9             ALL RIGHT.  SO, MS. SAHARIA, I'M AT PAGE 7 AND YOUR 820

09:18AM  10    PROPOSED NUMBER 27 THROUGH 41, I THINK, IS WHAT YOU ADVOCATE.

09:18AM  11                MS. SAHARIA:  CORRECT, YOUR HONOR.

09:18AM  12                THE COURT:  I THINK THAT'S FOUND ON PAGE 36 OF YOUR

09:18AM  13    ORIGINAL SUBMISSION 809; IS THAT CORRECT?

09:18AM  14                MS. SAHARIA:  I WILL TELL YOU IN A MOMENT,

09:18AM  15    YOUR HONOR.

09:18AM  16             YES, THAT'S CORRECT.

09:18AM  17                THE COURT:  AND ALSO YOU CITE TO 41, WHICH IS ON

09:18AM  18    PAGE 56 OF 809.

09:19AM  19                MS. SAHARIA:  CORRECT.

09:19AM  20                THE COURT:  YOU'RE THERE?

09:19AM  21                MS. VOLKAR:  I AM, YOUR HONOR.  THANK YOU.

09:19AM  22                THE COURT:  ALL RIGHT.

09:19AM  23             MS. SAHARIA.

09:19AM  24                MS. SAHARIA:  SO I THINK THE FIRST ISSUE IS ONE THAT

09:19AM  25    I THINK PERMEATES THE INSTRUCTIONS, WHICH IS THE FACT THAT WE

09:19AM 1   HAVE TWO DIFFERENT CHARGED CONSPIRACIES AND TWO DIFFERENT

09:19AM 2   CHARGED SCHEMES TO DEFRAUD.

09:19AM 3       THE GOVERNMENT HAS ADDED TO ITS REVISED INSTRUCTIONS ON

09:19AM 4   PAGE 15 AT ECF 1176 A BRIEF DESCRIPTION OF THE TWO CHARGED

09:19AM 5   CONSPIRACIES, THE INVESTOR CONSPIRACY AND THE PAYING PATIENTS

09:19AM 6   CONSPIRACY.

09:19AM 7       BUT OUR POSITION IS THAT IT'S GOING TO BE VERY COMPLICATED

09:19AM 8   AND CONFUSING FOR THE JURY TO HAVE THE TWO CONSPIRACIES AND THE

09:19AM 9   TWO SCHEMES TO DEFRAUD CHARGED IN THE SAME INSTRUCTION,

09:19AM 10  PARTICULARLY WHEN WE GET TO THINGS LIKE PINKERTON LIABILITY AND

09:19AM 11  COSCHEMER LIABILITY -- WHICH WE OBJECT TO THOSE INSTRUCTIONS --

09:20AM 12  BUT ASSUMING THE COURT IS GOING TO GIVE THOSE INSTRUCTIONS,

09:20AM 13  IT'S GOING TO GET VERY COMPLICATED, WE THINK, FOR THE JURY TO

09:20AM 14  UNDERSTAND HOW THE DIFFERENT CHARGES RELATE TO THE DIFFERENT

09:20AM 15  CONSPIRACIES OR THE SCHEMES TO DEFRAUD, AND THERE'S A RISK OF

09:20AM 16  THE JURY KIND OF MIXING AND MATCHING ACROSS THE CONSPIRACIES ON

09:20AM 17  THE SCHEMES.

09:20AM 18      I ALSO THINK WHEN WE GET TO WIRE FRAUD IT WOULD BE -- AND

09:20AM 19  AGAIN, OUR POSITION IS THAT THERE SHOULD BE A SUMMARY OF THE

09:20AM 20  ALLEGED MISSTATEMENTS IN THE JURY INSTRUCTIONS, WHICH WE WILL

09:20AM 21  PROPOSE AT THE CLOSE OF EVIDENCE, THAT IT'S GOING TO BE

09:20AM 22  COMPLICATED TO DO ALL OF THAT IN ONE WIRE FRAUD INSTRUCTION, AS

09:20AM 23  OPPOSED TO ONE WIRE FRAUD INSTRUCTION ON THE PATIENT COUNTS AND

09:20AM 24  ONE WIRE FRAUD INSTRUCTION ON THE INVESTOR COUNTS.

09:20AM 25      SO JUST OUR FIRST KIND OF OVERALL POINT IS THAT WE THINK

09:20AM 1      THE COURT SHOULD INSTRUCT SEPARATELY ON CONSPIRACY TO COMMIT

09:20AM 2      WIRE FRAUD AGAINST INVESTORS, AND THEN SEPARATELY ON CONSPIRACY

09:20AM 3      TO COMMIT WIRE FRAUD AGAINST PAYING PATIENTS.

09:21AM 4           SO THAT'S KIND OF MY OVERALL POINT THAT I WOULD MAKE.

09:21AM 5           I DON'T KNOW, DO YOU WANT TO GO POINT BY POINT?  SHOULD

09:21AM 6      MS. VOLKAR RESPOND TO THAT?

09:21AM 7                THE COURT:  YEAH, LET ME HEAR FROM MS. VOLKAR

09:21AM 8      INITIALLY.

09:21AM 9           YES, MS. VOLKAR.

09:21AM 10                MS. VOLKAR:  THANK YOU, YOUR HONOR.

09:21AM 11          THE GOVERNMENT'S POSITION, AND IT MAY BE REPEATED OFTEN

09:21AM 12     TODAY, IS THIS IS A WIRE FRAUD CASE AND A CONSPIRACY CASE.  AND

09:21AM 13     THE COURT HAS HAD MANY WIRE FRAUD AND CONSPIRACY CASES, MOST

09:21AM 14     RECENTLY THE CHANG CASE, THE KRAMER CASE.  I KNOW THE COURT IS

09:21AM 15     VERY FAMILIAR WITH THOSE.

09:21AM 16          ONE OF THE GOVERNMENT'S MAIN OBJECTIONS TO THE FORMAT THAT

09:21AM 17     THE DEFENSE HAS PROPOSED IS BREAKING OUT WHAT COULD BE IN ONE

09:21AM 18     INSTRUCTION ACROSS ESSENTIALLY 10 TO 15 PAGES AND BREAKING DOWN

09:21AM 19     AND ADDING TO THE MODEL INSTRUCTION SIGNIFICANT DETAIL THAT, IN

09:21AM 20     THE GOVERNMENT'S VIEW, IS REALLY UNNECESSARY.

09:21AM 21          THE MODEL INSTRUCTIONS HAVE BEEN TRIED AND TRUE, AND THE

09:21AM 22     COURT HAS USED THEM OFTEN, AND WE THINK THAT THEY SHOULD

09:22AM 23     LARGELY CONTROL.

09:22AM 24          WHAT WE ADDED WAS ACTUALLY IN RESPONSE TO THE PARTIES'

09:22AM 25     MEET AND CONFER FOR THE PRELIMINARY INSTRUCTIONS, AND WE WENT

09:22AM  1    BACK TO THE COURT'S ORDER IN ECF 1006, AND AT THE TIME THE

09:22AM  2    PARTIES HAD AGREED ON THIS DESCRIPTION OF THE CHARGES AND WE

09:22AM  3    DID TAKE THE DEFENSE'S POINT THAT THE TIME PERIOD, FOR EXAMPLE,

09:22AM  4    SHOULD BE DESCRIBED IN THE INSTRUCTION.  BUT THE GOVERNMENT'S

09:22AM  5    POSITION IS THAT A BRIEF DESCRIPTION IS SUFFICIENT ALONG WITH

09:22AM  6    THE MODEL INSTRUCTION.

09:22AM  7         OF COURSE, THE PARTIES WILL HAVE LEAVE TO ARGUE WHAT THEY

09:22AM  8    WANT TO IN CLOSING ARGUMENTS, BUT FOR THE INSTRUCTIONS, THEY

09:22AM  9    SHOULD BE LEGALLY CORRECT, THEY SHOULD BE CLEAR FOR THE JURY,

09:22AM  10   AND THEY SHOULD BE BRIEF SO THAT THE JURY ISN'T HERE FOR HOURS

09:22AM  11   AND HOURS FOR INSTRUCTIONS.  IT'S NOT MEANT TO BE A LEGAL

09:22AM  12   TREATISE.  IT'S JUST MEANT TO INSTRUCT THEM ON THE LAW.

09:22AM  13        AND WITH THAT IN MIND, I THINK THAT THE -- WE'LL GET TO

09:22AM  14   SPECIFIC UNANIMITY EVENTUALLY, BUT IT'S VERY CLEAR IN

09:23AM  15   NINTH CIRCUIT CASE LAW, THE QUESTION IS, IS THERE A GENUINE

09:23AM  16   RISK OF JUROR CONFUSION?

09:23AM  17        AND I GUESS THIS IS WHERE THE GOVERNMENT DISAGREES PRETTY

09:23AM  18   STRONGLY WITH THE DEFENSE, BECAUSE I SEE NO GENUINE RISK FOR

09:23AM  19   JUROR CONFUSION HERE.  THERE ARE TWO SCHEMES.  THERE ARE TWO

09:23AM  20   CONSPIRACIES.  ONE RELATES TO INVESTORS.  ONE RELATES TO

09:23AM  21   PATIENTS.

09:23AM  22        I DON'T -- I GUESS I RESPECTFULLY DISAGREE THAT IT WOULD

09:23AM  23   BE CONFUSING TO THE JURY THAT, FOR EXAMPLE, WHETHER OR NOT THE

09:23AM  24   TRANSMISSION TO E.T. OF HER PATIENT TEST RESULTS RELATED TO THE

09:23AM  25   INVESTOR SCHEME TO DEFRAUD.  I THINK THE JURY IS SMARTER THAN

09:23AM 1    THAT.

09:23AM 2          MS. SAHARIA:  I MEAN, ON THAT POINT, THE

09:23AM 3    NINTH CIRCUIT INSTRUCTIONS EXPRESSLY CAUTION ON THINGS LIKE

09:23AM 4    PINKERTON LIABILITY AND COSCHEMER LIABILITY WHEN THERE'S TWO

09:23AM 5    CONSPIRACIES OR TWO SCHEMES, THAT IT'S ADVISABLE TO GIVE TWO

09:23AM 6    SEPARATE INSTRUCTIONS.  WE'RE GETTING A LITTLE BIT AHEAD OF

09:23AM 7    OURSELVES ON THAT PARTICULAR ISSUE.

09:23AM 8          BUT I'LL JUST REITERATE OUR POSITION BEING THAT WE DO

09:23AM 9    THINK THE COURT SHOULD INSTRUCT SEPARATELY ON BOTH CONSPIRACIES

09:24AM 10   AND BOTH SCHEMES.

09:24AM 11         I THINK THAT'S A LITTLE SEPARATE THAN THE OTHER ISSUE THAT

09:24AM 12   MS. VOLKAR ALLUDED TO, WHICH IS THAT THE DEFENSE INSTRUCTIONS

09:24AM 13   DIVIDED OUT THE INDIVIDUAL ELEMENTS OF CONSPIRACY AND WIRE

09:24AM 14   FRAUD, AND I DO UNDERSTAND THAT AT THE TIME OF THE PRELIMINARY

09:24AM 15   INSTRUCTIONS, THE COURT EXPRESSED SOME HESITATION TO DO -- TO

09:24AM 16   HAVE THAT LONGER RECITATION.

09:24AM 17         WE WOULD REQUEST THAT THE COURT DO SO, BUT I THINK THAT

09:24AM 18   ISSUE IS A LITTLE SEPARATE FROM THE ISSUE OF CHARGING

09:24AM 19   SEPARATELY AS TO THE TWO CONSPIRACIES AND THE TWO SCHEMES.

09:24AM 20         THE COURT:  ALL RIGHT.  THANK YOU.

09:24AM 21         AND I THINK -- ARE YOU STILL, MS. SAHARIA, ARE YOU STILL

09:24AM 22   PROPOSING YOUR INSTRUCTIONS THAT ARE IN 809?  OR HAVE THOSE

09:24AM 23   CHANGED?

09:24AM 24         MS. SAHARIA:  YES, YOUR HONOR, WE WOULD REQUEST THAT

09:24AM 25   THE COURT GIVE THE INSTRUCTIONS IN 809.

09:24AM 1          THE COURT:  OKAY.

09:24AM 2          MS. SAHARIA:  SO APART FROM THAT GENERAL OBJECTION,

09:25AM 3  LET ME MOVE TO MORE SPECIFIC OBJECTIONS.

09:25AM 4       LOOKING AT THE GOVERNMENT'S NEW PROPOSED 820 AT PAGE 15

09:25AM 5  WHERE THE GOVERNMENT ADDED THE BRIEF DESCRIPTION OF THE TWO

09:25AM 6  CONSPIRACIES, WE DO THINK THAT IT WOULD BE, AT A MINIMUM,

09:25AM 7  ADVISABLE TO TELL THE JURY, FOR INSTANCE, AT THE SECOND

09:25AM 8  PARAGRAPH, "THE DEFENDANT IS CHARGED IN COUNT ONE OF THE

09:25AM 9  INDICTMENT WITH CONSPIRING TO COMMIT WIRE FRAUD AGAINST

09:25AM 10  INVESTORS AND THERANOS DURING THE PERIOD OF 2010 TO 2015."

09:25AM 11       I DO THINK IT WOULD BE ADVISABLE TO SAY "AS DEFINED LATER

09:25AM 12  IN THESE INSTRUCTIONS" OR "AS WIRE FRAUD IS DEFINED LATER IN

09:25AM 13  THESE INSTRUCTIONS" TO MAKE CLEAR TO THE JURY THAT IT NEEDS

09:25AM 14  TO -- THE CONSPIRACY NEEDS TO BE A CONSPIRACY TO COMMIT WIRE

09:25AM 15  FRAUD AS THE COURT IS GOING TO DEFINE WIRE FRAUD FOR THE JURY

09:25AM 16  SO THAT THE SPECIFIC INDICTMENT ALLEGATIONS THAT RELATES TO

09:25AM 17  EACH OF THESE TWO CONSPIRACIES IS INCORPORATED INTO THE

09:26AM 18  CONSPIRACY INSTRUCTIONS.

09:26AM 19          THE COURT:  EXCUSE ME.  WOULDN'T THAT -- WHEN WE GET

09:26AM 20  TO THE WIRE FRAUD -- AND I KNOW SOMETIMES WE GET AHEAD OF

09:26AM 21  OURSELVES -- WHEN WE GET TO THAT, I'M JUST CURIOUS WHETHER THAT

09:26AM 22  WIRE INSTRUCTION WILL SAY, "AS CHARGED, THE CONSPIRACY," AND

09:26AM 23  THAT WILL DEFINE IT AND REFERENCE THE JURY TO THE CONSPIRACY

09:26AM 24  SUCH THAT IT WOULD SOLVE THAT.

09:26AM 25          MS. SAHARIA:  I DON'T THINK SO, YOUR HONOR.

09:26AM  1    I THINK THAT, AT LEAST AS THE WAY THAT I UNDERSTAND

09:26AM  2    CONSPIRACY AND WIRE FRAUD INSTRUCTIONS TO FIT TOGETHER, WIRE

09:26AM  3    FRAUD IS KIND OF THE FREE STANDING OFFENSE.  IT IS THE

09:26AM  4    SUBSTANTIVE OFFENSE THAT IS CHARGED, AND I DON'T THINK THAT IT

09:26AM  5    WOULD NECESSARILY MAKE SENSE FOR THE WIRE FRAUD INSTRUCTION TO

09:26AM  6    REFER BACK TO CONSPIRACY.  THE CONSPIRACY IS THE CONSPIRACY TO

09:26AM  7    COMMIT THAT SUBSTANTIVE OFFENSE.

09:26AM  8        SO I THINK, IF ANYTHING, IT'S THE CONSPIRACY INSTRUCTION

09:26AM  9    THAT SHOULD INCORPORATE THE LATER INSTRUCTION OF WIRE FRAUD.

09:27AM 10            THE COURT:  I SEE WHAT YOU'RE SAYING.  THE

09:27AM 11    CONSPIRACY SHOULD TALK ABOUT CONSPIRACY TO WHAT --

09:27AM 12            MS. SAHARIA:  EXACTLY.

09:27AM 13            THE COURT:  -- AND RELATING TO THE WIRE FRAUD.

09:27AM 14            MS. SAHARIA:  RIGHT, AND NOT JUST WIRE FRAUD IN THE

09:27AM 15    ABSTRACT, BUT WIRE FRAUD AS THE COURT IS GOING TO INSTRUCT THE

09:27AM 16    JURY LATER ON IN THE INSTRUCTIONS.

09:27AM 17            THE COURT:  OKAY.

09:27AM 18        MS. VOLKAR.

09:27AM 19            MS. VOLKAR:  YOUR HONOR, IF I UNDERSTAND MS. SAHARIA

09:27AM 20    CORRECTLY, I DON'T SEE ANY ISSUE WITH THE COURT ADDING THE -- I

09:27AM 21    THINK YOU DID THIS IN THE PRELIMINARY INSTRUCTIONS, "THE COURT

09:27AM 22    WILL DEFINE WIRE FRAUD FOR YOU IN A MOMENT."

09:27AM 23        I THINK THAT'S FINE.

09:27AM 24            THE COURT:  AND I THINK THAT'S WHAT I WAS REFERRING

09:27AM 25    TO AND WHAT I WAS REFERENCING, MS. SAHARIA.

09:27AM 1        I NEGLECTED TO BRING THE PRELIMINARY INSTRUCTIONS THAT I

09:27AM 2   GAVE.

09:27AM 3        THAT'S OKAY, ALYX.

09:27AM 4            MS. VOLKAR:  YOUR HONOR, I HAVE A COPY.  WOULD YOU

09:27AM 5   LIKE ME TO HAND IT UP?

09:27AM 6            THE COURT:  NO.  THAT'S FINE.  I HAVE PLENTY OF

09:27AM 7   BINDERS UP HERE.

09:27AM 8        (LAUGHTER.)

09:27AM 9            THE COURT:  I'LL HAVE TO REFERENCE IT, AND I THINK I

09:27AM 10  DID REFERENCE IT IN THAT WAY.  IS THAT OBJECTIONABLE TO YOU?

09:28AM 11           MS. SAHARIA:  I'M NOT SURE I QUITE FOLLOWED HOW WHAT

09:28AM 12  MS. VOLKAR WAS PROPOSING WAS DIFFERENT THAN WHAT I WAS

09:28AM 13  PROPOSING.

09:28AM 14           MS. VOLKAR:  I THINK WE'RE ESSENTIALLY SAYING THE

09:28AM 15  SAME THING, MS. SAHARIA, ONLY TO BE CRYSTAL CLEAR, I THINK IN

09:28AM 16  THE PRELIMINARY INSTRUCTIONS HE'S DEFINED WHAT I HAVE HERE, THE

09:28AM 17  TWO CONSPIRACIES THAT THE GOVERNMENT LAID OUT ON PAGE 15 AND

09:28AM 18  FOLLOWED WITH ONE STATEMENT, "THE COURT WILL DEFINE WIRE FRAUD

09:28AM 19  IN A MOMENT."

09:28AM 20           MS. SAHARIA:  I THINK THAT'S FINE, YOUR HONOR.

09:28AM 21           MS. VOLKAR:  OKAY.

09:28AM 22           THE COURT:  I THINK THAT'S WHAT I SAID.

09:28AM 23           MS. SAHARIA:  YES, THAT'S FINE, YOUR HONOR.

09:28AM 24           THE COURT:  ALL RIGHT.

09:28AM 25           MS. SAHARIA:  SO MOVING ON, WITH RESPECT TO THE

09:28AM 1    EXISTENCE OF AN AGREEMENT, WHICH IS THE FIRST ELEMENT THAT IS

09:28AM 2    SET FORTH IN 820, FIRST LINE, I THINK THE LANGUAGE, "TO COMMIT

09:29AM 3    AT LEAST ONE CRIME" IS A LITTLE CONFUSING BECAUSE THE AGREEMENT

09:29AM 4    NEEDS TO BE TO COMMIT WIRE FRAUD AS CHARGED IN THE INDICTMENT,

09:29AM 5    AND I THINK THAT LANGUAGE WILL CONFUSE THE JURY.

09:29AM 6        SO I THINK WE WOULD PROPOSE TO CHANGE THAT LANGUAGE TO SAY

09:29AM 7    "TO COMMIT WIRE FRAUD AS CHARGED IN THE INDICTMENT."

09:29AM 8        IN GENERAL, THIS IS AN OBJECTION THAT PERMEATES THE

09:29AM 9    INSTRUCTIONS, IS THAT EVERY TIME THE INSTRUCTIONS REFER TO

09:29AM 10   THING LIKE "THE CONSPIRACY" OR "THE OFFENSE" OR "THE CRIME," WE

09:29AM 11   WOULD ASK THE COURT TO ADD THE WORD "ALLEGED" BEFORE THOSE KIND

09:29AM 12   OF WORDS BECAUSE, AGAIN, THERE'S A PRESUMPTION OF INNOCENCE AND

09:29AM 13   WE THINK IT'S IMPORTANT TO CONVEY TO THE JURY THAT AT THIS

09:29AM 14   POINT THESE ARE STILL ALLEGATIONS.

09:29AM 15        THE COURT:  LET ME ASK, LET ME JUST ASK MS. VOLKAR,

09:30AM 16   DO YOU WISH TO COMMENT ON THAT?

09:30AM 17        MS. VOLKAR:  YOUR HONOR, I THINK THE GOVERNMENT'S

09:30AM 18   POSITION IS THAT WE JUST COPIED THE MODEL INSTRUCTIONS, AND IF,

09:30AM 19   IN THE WISDOM OF THE MODEL INSTRUCTIONS, WHICH, OF COURSE,

09:30AM 20   INCORPORATE AND THINK OF THE PRESUMPTION OF INNOCENCE, IT

09:30AM 21   DOESN'T THINK THAT "ALLEGED" NEEDS TO BE REPEATED BEFORE EACH

09:30AM 22   ONE.  THERE IS, OF COURSE, VERY EARLY ON AN INSTRUCTION THAT I

09:30AM 23   ASSUME THE COURT WILL GIVE ON THE PRESUMPTION OF INNOCENCE, AND

09:30AM 24   I THINK THE JURORS TAKE THAT SERIOUSLY.

09:30AM 25        THE GOVERNMENT DOESN'T HAVE A STRONG OBJECTION TO IT.  I

09:30AM  1    JUST ASSUME IF THE MODEL INSTRUCTIONS DO NOT THINK IT'S

09:30AM  2    NECESSARY, THEN IT'S JUST UNNECESSARY.

09:30AM  3           THE COURT:  OKAY.  THANK YOU.

09:30AM  4        AND THIS REQUEST, I THINK, PERMEATES --

09:30AM  5           MS. SAHARIA:  CORRECT.

09:30AM  6           THE COURT:  -- THROUGHOUT THE ENTIRETY OF EACH OF

09:30AM  7    THESE SUBSTANTIVE INSTRUCTIONS AND OTHER PLACES WHERE IT SPEAKS

09:30AM  8    TO THE CONSPIRACY, THE OFFENSE, ET CETERA.

09:30AM  9           MS. SAHARIA:  CORRECT.  EXACTLY.  SO I'M NOT GOING

09:30AM 10    TO REPEAT THAT FOR EVERY INSTRUCTION.

09:30AM 11           THE COURT:  RIGHT.  RIGHT.

09:30AM 12           MS. SAHARIA:  THE OTHER POINT THAT WE WOULD MAKE

09:30AM 13    WITH RESPECT TO THE AGREEMENT ELEMENT IS THAT WE WOULD REQUEST

09:31AM 14    THAT THE COURT ADD LANGUAGE THAT STATES THAT THE FACT THAT

09:31AM 15    ALLEGED COCONSPIRATORS WORKED TOGETHER AT THERANOS IS NOT

09:31AM 16    ENOUGH TO ESTABLISH AN AGREEMENT.  THAT LANGUAGE IS CONTAINED

09:31AM 17    WITHIN OUR PROPOSED INSTRUCTIONS 28 AND 35.

09:31AM 18        AND THAT SIMPLY REFLECTS THE WELL ESTABLISHED

09:31AM 19    NINTH CIRCUIT LAW THAT MERE ASSOCIATION AND ACTIVITY WITH A

09:31AM 20    COCONSPIRATOR DOES NOT MEET THE TEST FOR ESTABLISHING AN

09:31AM 21    AGREEMENT WHICH COMES FROM THE ESPINOZA VALDEZ CASE THAT WE

09:31AM 22    CITE ON PAGE 9 OF OUR OBJECTIONS.

09:31AM 23           THE COURT:  ALL RIGHT.  THANK YOU.

09:31AM 24        YOUR PAGE 28, WHICH IS 38 OF 809, I THINK THIS LANGUAGE IS

09:31AM 25    AT LINE 15.  IT'S ITALICIZED.

09:31AM 1         MS. SAHARIA:  YES, IT'S AT PAGE 38, "NOR IS IT

09:32AM 2    ENOUGH THAT THEY WORKED AT THERANOS TOGETHER."

09:32AM 3         THE COURT:  MS. VOLKAR, AS TO THAT, DO YOU WISH TO

09:32AM 4    BE HEARD?

09:32AM 5         MS. VOLKAR:  I DO, YOUR HONOR.  JUST ONE MOMENT.

09:32AM 6      YOUR HONOR, THE GOVERNMENT'S POSITION IS THAT THE EVIDENCE

09:32AM 7    HAS SHOWN MORE THAN MERE ASSOCIATION.  WE DO AGREE THAT THAT IS

09:32AM 8    AN ACCURATE STATEMENT OF NINTH CIRCUIT LAW THAT MERE

09:32AM 9    ASSOCIATION IS NOT ENOUGH.

09:32AM 10     I WAS REMEMBERING THAT IN THE CHANG CASE YOU GAVE A MERE

09:32AM 11   PRESENCE INSTRUCTION, AND I WAS TRYING TO LOOK TO SEE IF THAT

09:32AM 12   WAS SIMILAR ENOUGH OR RELATABLE ENOUGH TO THIS.  I DO REALIZE

09:32AM 13   THAT'S A MERE PRESENCE OF THE CRIME, SO IT'S A LITTLE BIT

09:32AM 14   DIFFERENT.

09:32AM 15     I DON'T THINK THAT THE LANGUAGE THAT THE DEFENSE HAS

09:32AM 16   SUGGESTED IS PARTICULARLY OBJECTIONABLE.  AGAIN, WE JUST GO

09:33AM 17   BACK TO WE THINK IT'S UNNECESSARY GIVEN THE EVIDENCE THAT HAS

09:33AM 18   COME IN IN THE CASE SO FAR.

09:33AM 19        THE COURT:  OKAY.  THANK YOU.

09:33AM 20        MS. SAHARIA:  OF COURSE WE INTEND TO ARGUE THE

09:33AM 21   EVIDENCE SHOWS SOMETHING DIFFERENT.  THE TWO PARTIES HAVE

09:33AM 22   DIFFERENT VIEWS OF THE EVIDENCE, SO WE DO THINK THAT THE JURY

09:33AM 23   HEARING THAT LEGAL PRINCIPLE IS AN IMPORTANT ONE TO HELP THE

09:33AM 24   JURY UNDERSTAND HOW TO APPLY THE LAW TO THE EVIDENCE.

09:33AM 25        THE COURT:  ALL RIGHT.

09:33AM 1          MS. SAHARIA:  SO LET ME TURN TO THE SECOND ELEMENT

09:33AM 2    HERE, WHICH IS THAT THE DEFENDANT BECAME A MEMBER OF THE

09:33AM 3    CONSPIRACY.

09:33AM 4          AND HERE I WANT TO FOCUS ON THE INTENT ELEMENT THAT IS

09:33AM 5    REQUIRED TO BECOME A MEMBER OF THE CONSPIRACY.  IT'S CLEAR THAT

09:33AM 6    THAT CONSPIRACY REQUIRES THE MENTAL STATE OF WILLFULNESS, AND

09:33AM 7    THAT'S CLEAR FROM THE PARAGRAPH.  THIS IS ALSO IN THE MODEL

09:33AM 8    INSTRUCTIONS AT THE BOTTOM OF 15 WHERE IT EXPLAINS THAT "ONE

09:33AM 9    BECOMES A MEMBER OF A CONSPIRACY BY WILLFULLY PARTICIPATING IN

09:34AM 10   THE UNLAWFUL PLAN," AND THEN LATER AGAIN THE NEXT SENTENCE,

09:34AM 11   "FURTHERMORE, ONE WHO WILLFULLY JOINS AN EXISTING CONSPIRACY."

09:34AM 12         GIVEN THAT THE MENTAL STATE IS WILLFUL, IT SEEMS STRANGE

09:34AM 13   TO PUT THE WILLFUL MENTAL STATE IN THIS PARAGRAPH, BUT NOT TO

09:34AM 14   HAVE IT IN THE ACTUAL ELEMENT IN THE SECOND LINE.

09:34AM 15         SO I WOULD ASK THE COURT TO ADD THE WORD "WILLFULLY"

09:34AM 16   BEFORE THE WORD "INTENDING," SO IT WOULD READ, "SECOND, THAT

09:34AM 17   MS. HOLMES BECAME A MEMBER OF THE ALLEGED CONSPIRACY," WE WOULD

09:34AM 18   SAY, "KNOWING OF AT LEAST ONE OF ITS OBJECTS AND WILLFULLY

09:34AM 19   INTENDING TO HELP ACCOMPLISH IT," GIVEN THAT THAT IS THE MENTAL

09:34AM 20   STATE.

09:34AM 21         AND THEN WE HAVE REQUESTED THAT THE COURT DEFINE THE TERM

09:34AM 22   "WILLFULLY."  AS THE NINTH CIRCUIT HAS ACKNOWLEDGED, THAT IS A

09:34AM 23   TERM OF MANY MEANINGS AND I DON'T THINK THAT MEANING WILL BE

09:34AM 24   CLEAR TO THE JURY.

09:34AM 25          THE COURT:  THERE IS NO MODEL FOR THE DEFINITION OF

09:35AM 1    WILLFULLY.

09:35AM 2              MS. SAHARIA:  THAT'S CORRECT.

09:35AM 3              THE COURT:  AND WOULD IT SURPRISE YOU IF I WERE TO

09:35AM 4    TELL YOU THAT WHEN I LOOKED AT THIS AND I TRIED TO WORDSMITH

09:35AM 5    WHAT IS THE APPROPRIATE DEFINITION FOR OUR CASE, AND I THOUGHT,

09:35AM 6    WELL, I'VE WRESTLED WITH THIS LONG ENOUGH, LET ME TURN IT BACK

09:35AM 7    TO THE LAWYERS AND SEE IF THEY CAN MEET AND CONFER AND COME

09:35AM 8    UPON SOME TYPE OF A DEFINITION THAT IS APPROPRIATE FOR OUR

09:35AM 9    CASE.

09:35AM 10             MS. SAHARIA:  I'M HAPPY TO TRY TO MEET AND CONFER.

09:35AM 11   I'M NOT SURE IF WE WILL AGREE.

09:35AM 12       BUT IT IS OUR POSITION THAT THE CORRECT DEFINITION OF

09:35AM 13   WILLFULLY IN THIS CASE COMES FROM THE SUPREME COURT'S DECISION

09:35AM 14   IN BRYAN, BRYAN VERSUS UNITED STATES, 524 US 184.  AND IN BRYAN

09:35AM 15   THE COURT EXPLAINED THAT, "AS A GENERAL MATTER IN THE CRIMINAL

09:35AM 16   CONTEXT TO ESTABLISH WILLFULNESS, THE GOVERNMENT MUST PROVE

09:35AM 17   THAT THE DEFENDANT ACTED WITH KNOWLEDGE THAT HIS CONDUCT WAS

09:35AM 18   UNLAWFUL."

09:35AM 19       AND THAT IS THE DEFINITION THAT WE HAVE PROPOSED, WHICH IS

09:35AM 20   AT OUR PROPOSED INSTRUCTIONS 30 AND 37.

09:36AM 21       THE GOVERNMENT HAS NOT PROPOSED A DEFINITION, SO I'M HAPPY

09:36AM 22   TO MEET AND CONFER WITH THEM IF THAT WOULD BE HELPFUL TO THE

09:36AM 23   COURT.

09:36AM 24             THE COURT:  WELL, THAT'S WHAT I THOUGHT.  I LOOKED

09:36AM 25   AT EVEN THE CALJIC -- THERE IS A WILLFUL INSTRUCTION IN CALJIC,

09:36AM  1    AND I CAN'T REMEMBER THE NUMBER JUST NOW, BUT IT'S OPEN ON MY

09:36AM  2    DESK, AND I WOULD ENCOURAGE YOU TO LOOK AT THAT AS WELL.

09:36AM  3              MS. SAHARIA:  I WILL, YOUR HONOR.

09:36AM  4              THE COURT:  AND THAT GIVES SOME OTHER AT LEAST

09:36AM  5    DESCRIPTION OF THAT DEFINITION AND WHETHER OR NOT IT WILL FIT

09:36AM  6    OUR NEEDS.

09:36AM  7         I THINK I LOOKED AT THE EIGHTH CIRCUIT AS WELL, PERHAPS

09:36AM  8    THE SIXTH.  I THINK THEY MIGHT HAVE SOMETHING.

09:36AM  9         BUT IN ANY EVENT, I'M GOING TO TASK YOU BOTH WITH LOOKING

09:36AM  10   AT THAT AND SEEING IF YOU CAN COME UP WITH EITHER AN AGREEMENT

09:36AM  11   OR --

09:36AM  12             MS. SAHARIA:  OR COMPETING PROPOSALS?

09:36AM  13             THE COURT:  RIGHT.

09:36AM  14             MS. VOLKAR:  YOUR HONOR, IF I MAY, I'M ACTUALLY

09:36AM  15   GOING TO TURN THIS OVER TO MY COLLEAGUE, MR. LEACH.  IT IS THE

09:36AM  16   GOVERNMENT'S POSITION THAT WILLFULLY IS THE WRONG MENS REA

09:36AM  17   HERE.  I THINK IT IS VERY WELL ESTABLISHED THAT WIRE FRAUD IS A

09:37AM  18   KNOWINGLY CRIME, NOT A WILLFULLY CRIME.  MR. LEACH HAS PREPARED

09:37AM  19   SPECIFICALLY ON BRYAN AND OTHERS.

09:37AM  20        BEFORE I MOVED AWAY FROM THE PODIUM, I WANTED TO NOTE THAT

09:37AM  21   THERE WAS SIGNIFICANTLY MORE LANGUAGE IN THE FIRST ELEMENT IN

09:37AM  22   INSTRUCTION NUMBER 28 THAT DEFENSE PROPOSED THAT THE GOVERNMENT

09:37AM  23   HAS SIGNIFICANT OBJECTION TO.

09:37AM  24        WE MOVED PAST THAT, AND I JUST WANTED TO MAKE SURE THAT

09:37AM  25   IT'S RECOGNIZED THAT THE GOVERNMENT DOESN'T THINK AN ADDITIONAL

09:37AM   1    INSTRUCTION FOR EACH ELEMENT IS NEEDED, AND THAT THE GOVERNMENT

09:37AM   2    DOESN'T THINK THAT THOROUGH DESCRIPTION OF THE FACTS IN THE

09:37AM   3    JURY INSTRUCTIONS IS NEEDED.

09:37AM   4        I THINK IT'S IMPROPER FOR THE COURT TO GIVE A FULL FLEDGED

09:37AM   5    EXPLANATION OF THE CASE IN THE JURY INSTRUCTIONS.  OF COURSE

09:37AM   6    THE PARTIES WILL HAVE AN OPPORTUNITY TO DO THAT IN ARGUMENT.

09:37AM   7        WE MOVED TO THE SECOND ELEMENT, AND I JUST DIDN'T WANT TO

09:37AM   8    LOSE SIGHT OF THAT.

09:37AM   9             THE COURT:  NO, THANK YOU.  BEFORE YOU LEAVE, I DID

09:37AM  10    NOTE THAT.  THE DEFENSE IS MORE THAN FULSOME.

09:38AM  11        WHEN WE LOOK AT THE INSTRUCTIONS, TO MS. VOLKAR'S POINT,

09:38AM  12    THE INSTRUCTIONS SHOULD BE HELPFUL.  THEY SHOULD NOT CONFUSE

09:38AM  13    THE JURY.  THEY SHOULD RATHER INFORM AND ASSIST THE JURY AS

09:38AM  14    THEY SIFT AND WEIGH THE EVIDENCE THAT THEY HAVE HEARD.

09:38AM  15        AND I SOMETIMES HAVE CAUTION ABOUT TOO MUCH VERBIAGE

09:38AM  16    THAT -- I USED THE WORD "JURY FATIGUE" BEFORE, BUT IT'S REALLY

09:38AM  17    JURY COMPREHENSION, AND THE INSTRUCTIONS SHOULD INFORM AND NOT

09:38AM  18    CONFUSE.

09:38AM  19             MS. SAHARIA:  I UNDERSTAND THE COURT'S POSITION,

09:38AM  20    YOUR HONOR.

09:38AM  21             THE COURT:  RIGHT.

09:38AM  22             MS. SAHARIA:  I DO THINK IT IS ESSENTIAL THAT THE

09:38AM  23    COURT AT SOME PLACE GIVE THE JURY A SUMMARY OF THE CORE

09:38AM  24    ALLEGATIONS IN PARAGRAPH 12 OF THE INDICTMENT AND PARAGRAPH 16

09:38AM  25    OF THE INDICTMENT, WHICH ARE THE ALLEGED MISSTATEMENTS TO

09:38AM  1    INVESTORS AND TO PAYING PATIENTS, AND WE WILL PROPOSE THAT TO

09:38AM  2    THE COURT.

09:38AM  3         WITHOUT THAT LANGUAGE BEING BEFORE THE JURY, WE THINK

09:38AM  4    THERE'S A SIGNIFICANT RISK THAT ANY VERDICT WOULD REST ON A

09:38AM  5    CONSTRUCTIVE AMENDMENT OF THE INDICTMENT.

09:39AM  6         THE JURY NEEDS TO UNDERSTAND WHAT THE CHARGED

09:39AM  7    MISSTATEMENTS ARE IN ORDER TO ASSESS THE PROOF AT TRIAL AGAINST

09:39AM  8    THE ALLEGATIONS IN THE INDICTMENT.

09:39AM  9         THE COURT:  AND THERE'S, THERE'S SOME -- I DON'T

09:39AM 10    WANT TO SAY TENSION -- BUT THERE IS -- IN THESE TYPES OF

09:39AM 11    INSTRUCTIONS, THE COURT KNOWS, AND YOU DO, TOO, EXPERIENCED

09:39AM 12    TRIAL LAWYERS, YOU KNOW THAT IT'S NOT UNUSUAL IN ARGUMENT FOR

09:39AM 13    EITHER SIDE TO PUT A CHART UP THAT INCLUDES THE SUMMARY AND

09:39AM 14    INDICATES, AS TO CHARGE NUMBER X, HERE'S WHAT THE EVIDENCE IS,

09:39AM 15    HERE'S WHAT THE GOVERNMENT MUST PROVE.

09:39AM 16         AND WE'VE ALL BEEN IN TRIALS WHERE THAT'S DONE.  AND, OF

09:39AM 17    COURSE, THAT'S WHAT CLOSING ARGUMENTS ARE FOR, TO DRAW THE

09:39AM 18    JURY'S ATTENTION TO THE EVIDENCE AND TO INTERPRET IT IN THE WAY

09:39AM 19    THAT THE SIDE THINKS IS APPROPRIATE.  THAT'S DONE.

09:39AM 20         MS. SAHARIA:  IT IS.  BUT IF JUST THOSE CORE

09:39AM 21    ALLEGATIONS ARE NOT IN THE INSTRUCTIONS, THEN THE JURY WILL NOT

09:39AM 22    HAVE THEM BACK IN THE JURY ROOM, AND THERE'S NO WAY FOR EITHER

09:39AM 23    THE COURT OR THE PARTIES TO KNOW WHETHER THE JURY HAS ASSESSED

09:39AM 24    THE EVIDENCE AGAINST THE ALLEGATIONS OF THE INDICTMENT.

09:40AM 25         AND THIS IS A VERY SERIOUS CONCERN OF THE DEFENSE'S GIVEN

09:40AM   1   THE WAY THAT EVIDENCE HAS UNFOLDED AND THE FACT THAT THE JURY

09:40AM   2   MAY BE ASKED TO DECIDE THIS CASE BASED ON ALLEGATIONS THAT ARE

09:40AM   3   NOT ACTUALLY THE ALLEGATIONS THAT THE GRAND JURY PASSED ON.

09:40AM   4       SO WE THINK IT'S VITALLY IMPORTANT FOR THE JURY TO HAVE A

09:40AM   5   SUMMARY OF THOSE ALLEGATIONS IN THE INSTRUCTIONS THEMSELVES.

09:40AM   6           THE COURT:  WELL, LET ME ASK THIS.  PERHAPS WHAT THE

09:40AM   7   COURT SHOULD DO IS TO GIVE THE JURY A COPY OF THE INDICTMENT

09:40AM   8   WITHOUT ALL OF THE LANGUAGE, THE PREPARATORY LANGUAGE, BUT JUST

09:40AM   9   GIVE A COPY OF THE INDICTMENT TO THE JURY THAT HAS THE ACTUAL

09:40AM  10   CHARGES, THE ALLEGATIONS.  THAT MIGHT SOLVE THAT ISSUE.

09:40AM  11           MS. SAHARIA:  WE CAN ASSESS THAT MAYBE AT THE CLOSE

09:40AM  12   OF EVIDENCE.

09:40AM  13           THE COURT:  SURE.

09:40AM  14           MS. SAHARIA:  THERE IS A LOT OF SPEAKING LANGUAGE IN

09:40AM  15   THE INDICTMENT.

09:40AM  16           THE COURT:  RIGHT.

09:40AM  17           MS. SAHARIA:  AS THE COURT IS AWARE, THAT WOULD BE

09:40AM  18   IMPROPER FOR THE JURY TO HAVE.

09:40AM  19           THE COURT:  RIGHT, OF COURSE.

09:40AM  20           MS. SAHARIA:  BUT LET ME -- I WANT TO CONFIRM WITH

09:40AM  21   MY TEAM ABOUT THAT.

09:40AM  22       OUR GENERAL POSITION IS THAT THE JURY SHOULDN'T HAVE THE

09:40AM  23   INDICTMENT, BUT WE DO THINK THAT THERE NEEDS TO BE SOME

09:41AM  24   DESCRIPTION OF THE ALLEGATIONS THAT ARE BEFORE THE JURY.

09:41AM  25           THE COURT:  SURE.  I THOUGHT ABOUT THAT LAST NIGHT,

8241

09:41AM 1    THINKING, WELL, THAT MIGHT BE A POSSIBLE SOLUTION, AN EDITED OR

09:41AM 2    REVISED SOMEHOW -- DARE I USE THE WORD "REDACTED" -- BUT

09:41AM 3    PORTIONS OF THE INDICTMENT THAT DOES INFORM SPECIFICALLY AS TO

09:41AM 4    THE CHARGES IN THE INDICTMENT, WITHOUT THE LANGUAGE AS YOU

09:41AM 5    SUGGEST.

09:41AM 6         MS. VOLKAR:  AND THAT'S THE GOVERNMENT'S POSITION,

09:41AM 7    YOUR HONOR, IS THAT THE COURT COULD READ THE INDICTMENT OR

09:41AM 8    PROVIDE THE INDICTMENT.

09:41AM 9         AND ONE OF THE THINGS WE TOOK ISSUE WITH THE OBJECTIONS

09:41AM 10   THAT THE DEFENSE FILED YESTERDAY, THEY CITE A D.C. CIRCUIT CASE

09:41AM 11   AND A SECOND CIRCUIT CASE SAYING THE INDICTMENT -- IT'S ERROR

09:41AM 12   TO PROVIDE THE INDICTMENT TO THE JURY.

09:41AM 13        THAT'S NOT THE LAW IN THE NINTH CIRCUIT.  THERE ARE PLENTY

09:41AM 14   OF CASES, AND I HAVE TWO OR THREE AT MY FINGERTIPS IF THE COURT

09:41AM 15   WOULD LIKE THEM, THAT SAYS THE INDICTMENT CAN GO BACK WITH THE

09:41AM 16   JURY.  IT'S REALLY IN THE TRIAL COURT'S DISCRETION, ESPECIALLY

09:41AM 17   IF THERE ARE A LOT OF ALLEGATIONS IN THE CASE OR, YOU KNOW,

09:41AM 18   DIFFERENT CATEGORIES OF MISREPRESENTATIONS THAT WE HAVE HERE.

09:41AM 19        IT'S CERTAINLY PROPER FOR THE COURT TO AT LEAST READ FROM

09:42AM 20   THE INDICTMENT TO THE JURY, AND IT COULD BE ANOTHER DECISION

09:42AM 21   POINT WHETHER OR NOT TO SEND THE INDICTMENT BACK.

09:42AM 22        SO THE GOVERNMENT'S PERSPECTIVE IS WHY GO THROUGH THE

09:42AM 23   EXERCISE OF PUTTING TOGETHER WHAT WILL LIKELY BE ARGUMENTATIVE

09:42AM 24   BY EITHER SIDE IN TERMS OF TRYING TO DESCRIBE HOW THE EVIDENCE

09:42AM 25   CAME IN WHEN WE HAVE WHAT THE GRAND JURY ISSUED IN THE

09:42AM  1     INDICTMENT.

09:42AM  2             THE COURT:  AND I THINK IT MIGHT BE MORE BENEFICIAL

09:42AM  3     FOR THE JURY TO RECEIVE A HARD COPY IF THAT'S POSSIBLE, AS

09:42AM  4     OPPOSED TO THE COURT READING THEM 12, 11 CHARGES, WHATEVER IT

09:42AM  5     IS, AND ASK THEM TO COMMIT THAT TO MEMORY OR WRITE DOWN AS

09:42AM  6     WELL.

09:42AM  7         WHILE I'M ON THIS POINT, AND BEFORE WE INVITE MR. LEACH

09:42AM  8     UP, IF YOU'RE FINISHED, MS. VOLKAR, ONE THING I HAVE DONE WHEN

09:42AM  9     I DO INSTRUCT -- AND I INSTRUCT FOLLOWING THE ARGUMENTS --

09:43AM 10     EARLY IN MY CAREER I DID PROVIDE THE JURORS COPIES OF THE

09:43AM 11     INSTRUCTIONS AND THEY READ ALONG.  I CHANGED THAT AND I HAVEN'T

09:43AM 12     DONE THAT FOR MANY YEARS.

09:43AM 13         I'M CURIOUS WHETHER OR NOT -- AND DON'T ANSWER ME TODAY --

09:43AM 14     BUT I'M CURIOUS ABOUT YOUR THOUGHTS ABOUT WHETHER OR NOT, ONCE

09:43AM 15     WE GET FINALITY ON THE INSTRUCTIONS, WHETHER OR NOT I SHOULD

09:43AM 16     PROVIDE COPIES OF THE INSTRUCTIONS TO THE JURORS AS THEY'RE

09:43AM 17     READ.  I'M HAPPY --

09:43AM 18             MS. SAHARIA:  WE WILL CONSIDER THAT, YOUR HONOR.  SO

09:43AM 19     I'LL CONFER WITH THE TEAM.

09:43AM 20             THE COURT:  ALL RIGHT.  I'M HAPPY TO HEAR FROM YOU

09:43AM 21     ON THAT POINT.

09:43AM 22         MS. VOLKAR?

09:43AM 23             MS. VOLKAR:  SAME, YOUR HONOR.  WE'LL DISCUSS AS A

09:43AM 24     TEAM.

09:43AM 25         I WOULD LIKE TO INVITE MR. LEACH UP TO TALK ABOUT THE

09:43AM   1      WILLFULLY VERSUS KNOWINGLY IF THAT'S OKAY.

09:43AM   2               THE COURT:  OKAY.  GREAT.

09:43AM   3               MR. LEACH:  GOOD MORNING, YOUR HONOR.

09:43AM   4               THE COURT:  GOOD MORNING.

09:43AM   5               MR. LEACH:  SORRY TO DO THIS PIECEMEAL.

09:43AM   6               THE COURT:  NO, NOT AT ALL.

09:43AM   7               MR. LEACH:  OUR VIEW IS, WITH RESPECT TO THE

09:43AM   8      CONSPIRACY COUNTS, IT WOULD BE IMPROPER TO DEFINE "WILLFULLY"

09:44AM   9      IN THE WAY THAT THE DEFENSE PROPOSES, KNOWLEDGE THAT WHAT

09:44AM  10      YOU'RE DOING IS UNLAWFUL.

09:44AM  11          THE STATUTE, 18 U.S.C. 1349, DOES NOT INCLUDE THE WORD

09:44AM  12      "WILLFULLY."  THE MODEL INSTRUCTION IS AN AMALGAM OF 371 AND

09:44AM  13      1349.

09:44AM  14          THE BRYAN CASE THAT THEY CITE IS VERY, VERY DIFFERENT FROM

09:44AM  15      CONSPIRACY AND WIRE FRAUD.  IT'S A CRIME TO COMMIT A FEDERAL

09:44AM  16      FIREARM LICENSING OFFENSE.  IT'S DRAWING ON THE RATZLAFV LINE

09:44AM  17      OF CASES INVOLVING TAX OFFENSES WHERE THE COURT, THE SUPREME

09:44AM  18      COURT HAS IMPOSED A HIGHER MENTAL STATE REQUIREMENT WHERE YOU

09:44AM  19      NEED TO KNOW WHAT YOU'RE DOING IS UNLAWFUL HERE.

09:44AM  20          THE CRIME OF CONSPIRACY IS THE AGREEMENT TO COMMIT WIRE

09:44AM  21      FRAUD, AND IT'S VERY CLEAR IN WIRE FRAUD YOU DO NOT NEED TO ACT

09:44AM  22      WITH THE KNOWLEDGE THAT YOU'RE ACTING UNLAWFULLY.  YOU NEED TO

09:44AM  23      ACT WITH THE INTENT TO DECEIVE OR CHEAT.

09:45AM  24          AND SO I THINK THE APPROPRIATE -- OF COURSE WE'LL LOOK AT

09:45AM  25      THE CALIFORNIA CITES YOUR HONOR POINTS TO AND WE'LL MEET AND

09:45AM 1   CONFER WITH THE DEFENSE.

09:45AM 2       BUT THE TERM "WILLFULLY" AS USED IN THE BRYAN CASE IS

09:45AM 3   REALLY A SIGNIFICANTLY HIGHER STANDARD THAT'S EVER BEEN IMPOSED

09:45AM 4   IN THE WIRE FRAUD OR THE CONSPIRACY CONTEXT.  IT WOULD BE

09:45AM 5   IMPROPER TO DEFINE IT AS A REQUIREMENT THAT YOU KNOW WHAT

09:45AM 6   YOU'RE DOING IS ILLEGAL.

09:45AM 7       THE APPROPRIATE MENTAL STATE IS THAT YOU INTENTIONALLY

09:45AM 8   ENTER INTO THE AGREEMENT TO COMMIT THE ELEMENTS OF WIRE FRAUD

09:45AM 9   OR THE ELEMENTS OF THE OFFENSE.

09:45AM 10      AND THEY HAVEN'T CITED TO ANYTHING IN THE NINTH CIRCUIT

09:45AM 11  THAT SUGGESTS THERE'S SOME RATZLAFV OR BRYAN HIGHER STANDARD

09:45AM 12  WHEN IT COMES TO CONSPIRACY.

09:45AM 13      SO THOSE ARE THE ONLY POINTS THAT I WOULD LIKE TO MAKE

09:45AM 14  RIGHT NOW.

09:45AM 15          THE COURT:  OKAY.  THANK YOU.

09:45AM 16      MS. SAHARIA?

09:45AM 17          MS. SAHARIA:  SURE.  IT SEEMS TO ME THAT THE

09:45AM 18  GOVERNMENT IS CONFLATING THE MENTAL STATE FOR WIRE FRAUD

09:45AM 19  ITSELF, THE SUBSTANTIVE OFFENSE, WITH THE MENTAL STATE FOR

09:45AM 20  CONSPIRACY, AND THE MODEL INSTRUCTIONS MAKE CLEAR THAT THE

09:45AM 21  MENTAL STATE FOR JOINING A CONSPIRACY, AS OPPOSED TO COMMITTING

09:46AM 22  THE UNDERLYING OFFENSE, IS WILLFUL.  IT'S IN THE MODEL

09:46AM 23  INSTRUCTIONS ITSELF.

09:46AM 24      SO IF WE'RE GOING TO CHARGE THE JURY THAT MS. HOLMES

09:46AM 25  NEEDED TO HAVE WILLFULLY JOINED A CONSPIRACY, WE NEED TO GIVE

09:46AM  1    THE JURY INSTRUCTION ON WHAT WILLFULLY MEANS AS OPPOSED TO

09:46AM  2    KNOWINGLY.

09:46AM  3        WE HAVE CITED THE COURT TO MULTIPLE CASES, NOT IN THE

09:46AM  4    NINTH CIRCUIT, BUT THE GOVERNMENT HASN'T CITED A CONTRARY CASE

09:46AM  5    IN THE NINTH CIRCUIT WHERE THE COURT -- WHERE THE COURT DID USE

09:46AM  6    THE BRYAN DEFINITION WHEN IT CAME TO WILLFULLY JOINING A

09:46AM  7    CONSPIRACY TO COMMIT WIRE FRAUD.

09:46AM  8        BRYAN SETS FORTH THE GENERAL TEST FOR THE WORD "WILLFULLY"

09:46AM  9    IN THE CRIMINAL CONTEXT.  AS A GENERAL MATTER IN THE CRIMINAL

09:46AM  10   CONTEXT, THAT IS THE DEFINITION.  SO IT'S OUR POSITION THAT

09:46AM  11   SHOULD BE THE DEFINITION.

09:46AM  12       BUT, AGAIN, I'M HAPPY TO LOOK AT THE CALIFORNIA TREATISE

09:46AM  13   AND THEN WE CAN CONFER WITH THE GOVERNMENT ABOUT THIS.

09:47AM  14           MR. LEACH:  AGAIN, YOUR HONOR, "WILLFULLY" IS NOT IN

09:47AM  15   THE STATUTE, AND "WILLFULLY" IS A WORD WITH DIFFERENT MEANINGS

09:47AM  16   IN DIFFERENT CONTEXTS, AND THERE'S NOTHING TO SUGGEST THAT IN

09:47AM  17   THE MODEL INSTRUCTION AS THE NINTH CIRCUIT IS USING IT, IT'S

09:47AM  18   INTENT TO IMPORT THIS HIGHER BRYAN/RATZLAFV TYPE STANDARD.

09:47AM  19   I'VE NEVER SEEN IT IN AN INSTRUCTION IN THE NINTH CIRCUIT OR IN

09:47AM  20   THIS COURT, AND I THINK YOUR HONOR HAS NOT DONE IT BEFORE IN

09:47AM  21   THE CHANG AND THE OTHER CASES.

09:47AM  22       I THINK IT WOULD BE VERY DANGEROUS TO BRING KNOWLEDGE THAT

09:47AM  23   YOUR CONDUCT IS UNLAWFUL WITH SO THIN AUTHORITY BASED ON SOME

09:47AM  24   OUT-OF-CIRCUIT PRECEDENT.

09:47AM  25       SO WE JUST THINK THERE'S NO BASIS FOR -- THERE'S NO NEED

09:47AM 1    FOR A DEFINITION HERE.  THE PROPOSAL FROM THE GOVERNMENT IS,

09:47AM 2    "ONE BECOMES A MEMBER OF A CONSPIRACY BY PARTICIPATING IN THE

09:47AM 3    UNLAWFUL PLAN WITH THE INTENT TO ADVANCE IT."

09:47AM 4        THAT CERTAINLY DESCRIBES WHAT YOU NEED TO DO.

09:47AM 5        I THINK FURTHER MUDDYING THE WATERS WITH WILLFULLY WILL

09:48AM 6    CREATE CONFUSION, AND THERE'S JUST NO SUPPORT IN THE

09:48AM 7    NINTH CIRCUIT FOR DOING WHAT THE DEFENSE IS PROPOSING HERE.

09:48AM 8            THE COURT:  WELL, THANK YOU.  I THINK ON PAGE 15

09:48AM 9    1176, LINE 24, "ONE BECOMES A MEMBER OF A CONSPIRACY BY

09:48AM 10   WILLFULLY PARTICIPATING."

09:48AM 11       THAT'S YOUR 820 PROPOSAL OF THE MODEL INSTRUCTION.

09:48AM 12           MR. LEACH:  YES.

09:48AM 13           THE COURT:  AND I THINK MS. SAHARIA'S POINT, AS SHE

09:48AM 14   MADE IT, IS, WELL, SHOULDN'T WE DEFINE WILLFULLY?

09:48AM 15           MR. LEACH:  WE'RE HAPPY TO LOOK INTO DEFINING IT,

09:48AM 16   YOUR HONOR.  BUT THE POINT THE GOVERNMENT IS TRYING TO MAKE IS

09:48AM 17   WILLFULLY IS NOT KNOWLEDGE OF UNLAWFULNESS.

09:48AM 18           THE COURT:  RIGHT.

09:48AM 19           MR. LEACH:  AND I THINK THE MORE APPROPRIATE

09:48AM 20   DEFINITION WOULD BE KNOWINGLY OR INTENTIONALLY.

09:48AM 21       AND, AGAIN, THAT'S A WORD THAT IS USED FOR MULTIPLE

09:48AM 22   DIFFERENT CONSPIRACY STATUTES.  THE WORD "WILLFULLY" IS NOT IN

09:48AM 23   1349.

09:48AM 24       I DON'T MIND TRYING TO ENDEAVOR TO DO A DEFINITION THERE,

09:48AM 25   BUT IT'S NOT -- THE GOVERNMENT'S --

8247

09:49AM 1                THE COURT:  I APPRECIATE THAT.

09:49AM 2                MR. LEACH:  I THINK I HAVE ARTICULATED OUR VIEW

09:49AM 3  THERE.

09:49AM 4                THE COURT:  RIGHT.  I CAPTURE YOUR POINT.

09:49AM 5       AND WHAT I WAS SUGGESTING IS, WELL, THE NINTH CIRCUIT SAYS

09:49AM 6  THERE IS NO MODEL ON WILLFUL, AND TO ENHANCE OUR DISCUSSION, I

09:49AM 7  WOULD JUST INVITE YOU TO LOOK AT THOSE, SEE IF THAT ALTERS

09:49AM 8  POSITIONS, SEE WHAT THAT DOES, AND THEN WE CAN CHAT ABOUT IT

09:49AM 9  SOME MORE.

09:49AM 10     THANK YOU FOR RAISING IT.  IT'S AN INTERESTING ISSUE.

09:49AM 11             MR. LEACH:  IT IS, YOUR HONOR.  WILL DO.

09:49AM 12             THE COURT:  OKAY.  THANK YOU.

09:49AM 13             MS. SAHARIA:  SHOULD I CONTINUE ON CONSPIRACY?  I

09:49AM 14  THINK WE'RE CLOSE TO --

09:49AM 15             THE COURT:  YES.

09:49AM 16             MS. SAHARIA:  -- BEING DONE WITH CONSPIRACY

09:49AM 17  POTENTIALLY.

09:49AM 18     I WOULD JUST STATE FOR THE RECORD OUR OBJECTION TO THE

09:49AM 19  OMISSION OF AN OVERT ACT REQUIREMENT, AND I KNOW THE COURT

09:49AM 20  REJECTED THAT IN THE PRELIMINARY INSTRUCTIONS SO I'M NOT GOING

09:49AM 21  TO REPEAT THAT ARGUMENT, BUT I WOULD JUST PRESERVE THAT

09:49AM 22  ARGUMENT.

09:49AM 23             THE COURT:  OKAY.  THANK YOU.

09:49AM 24     YEAH, THIS IS ONE WHERE I SAID EARLIER THIS MORNING, I

09:49AM 25  THINK WE COVERED THIS IN THE ARGUMENTS ON PRELIMINARY.

09:49AM 1      MS. SAHARIA:  YES, WE DID.

09:49AM 2      THE COURT:  RIGHT.  AND YOU'VE PRESERVED YOUR

09:49AM 3  ARGUMENT FOR TODAY.

09:50AM 4      MS. SAHARIA:  THANK YOU.

09:50AM 5      THE COURT:  AND YOU'LL HAVE ANOTHER OPPORTUNITY ON

09:50AM 6  OUR FINAL DISCUSSION ON THE INSTRUCTIONS.

09:50AM 7      MS. SAHARIA:  THANK YOU.

09:50AM 8    TWO MORE POINTS ON KIND OF THIS CORE CONSPIRACY

09:50AM 9  INSTRUCTION.

09:50AM 10     FIRST, WE DO REQUEST THAT THE COURT GIVE A SPECIFIC

09:50AM 11  UNANIMITY INSTRUCTION THAT -- AND WE PROPOSE THAT AT

09:50AM 12  INSTRUCTIONS 33 AND 40, WHICH INSTRUCTS THE JURY THAT IT NEEDS

09:50AM 13  TO UNANIMOUSLY AGREE BOTH ON THE OBJECT OF EACH CONSPIRACY AND

09:50AM 14  ON AT LEAST ONE PARTICIPANT IN THE CONSPIRACY, AND I THINK

09:50AM 15  THAT'S AN IMPORTANT POINT HERE WHERE THE INDICTMENT IS -- DOES

09:50AM 16  NOT DEFINE WHO IS IN EACH CONSPIRACY.

09:50AM 17     SO I THINK, GIVEN THOSE FACTS, GIVEN THAT WE HAVE TWO

09:50AM 18  DIFFERENT CONSPIRACIES CHARGED, THERE IS A RISK IN THIS CASE OF

09:50AM 19  JUROR CONFUSION, AND FOR THAT REASON WE ASK THAT THE COURT GIVE

09:50AM 20  A SPECIFIC UNANIMITY INSTRUCTION AS WE PROPOSED AT 33 AND 40.

09:51AM 21     THE COURT:  OKAY.

09:51AM 22    MS. VOLKAR?

09:51AM 23     MS. VOLKAR:  YOUR HONOR, THIS IS WHAT I ALLUDED TO

09:51AM 24  EARLIER, WHICH IS I THINK THAT THERE'S NO RISK FOR JUROR

09:51AM 25  CONFUSION HERE, AS IT WILL NOT LIKELY SURPRISE THE COURT.

09:51AM  1        I THINK THAT THE LAPIERRE CASE THAT THE DEFENSE CITES HAS

09:51AM  2    VERY DIFFERENT FACTS.  THERE THE GOVERNMENT CHARGED ONE

09:51AM  3    CONSPIRACY, AND THE EVIDENCE AT TRIAL SHOWED MORE THAN ONE

09:51AM  4    CONSPIRACY, WHICH BOTH THE COURT AND THE PROSECUTION IN THAT

09:51AM  5    CASE ACKNOWLEDGED ESSENTIALLY AT THIS MOMENT IN TIME WHEN THEY

09:51AM  6    WERE IN THE CHARGING CONFERENCE AND LOOKING AT THE

09:51AM  7    INSTRUCTIONS.

09:51AM  8        WE HAVE A VERY DIFFERENT CASE HERE.  THE GOVERNMENT HAS

09:51AM  9    CLEARLY ARTICULATED TWO CONSPIRACIES, TWO SCHEMES TO DEFRAUD.

09:51AM 10    THEY'RE LAID OUT CLEARLY IN THE INDICTMENT.

09:51AM 11        AGAIN, I GO BACK TO THE RISK FOR JUROR CONFUSION IS LOW TO

09:51AM 12    NONEXISTENT FROM THE GOVERNMENT'S PERSPECTIVE BECAUSE THERE IS

09:51AM 13    A SCHEME TO DEFRAUD INVESTORS, AND THERE IS A SCHEME TO DEFRAUD

09:51AM 14    PATIENTS.

09:51AM 15        AND I DON'T THINK THAT THERE'S ANY RISK OF REAL OVERLAP OR

09:52AM 16    CONFUSION, EXCEPT FOR IF THE DEFENSE WERE TO ARGUE THAT SOME OF

09:52AM 17    THE SAME MISREPRESENTATIONS FROM MS. HOLMES WENT TO BOTH GROUPS

09:52AM 18    OF PEOPLE.

09:52AM 19        BUT I DON'T THINK THAT THAT IS WHAT LAPIERRE OR THE

09:52AM 20    NINTH CIRCUIT CASES ARE TALKING ABOUT.  THEY'RE TALKING ABOUT

09:52AM 21    IS THERE RISK OF -- LIKE IN THE LAPIERRE CASE, WHICH CONSPIRACY

09:52AM 22    ARE WE TALKING ABOUT?  WHO ARE THE MEMBERS?

09:52AM 23        THAT'S NOT AT RISK HERE.

09:52AM 24        OF COURSE THERE'S MR. BALWANI, WHO IS LIKELY AT LEAST ONE

09:52AM 25    COCONSPIRATOR, AND THERE MAY BE OTHER COCONSPIRATORS AS WELL

09:52AM 1    WITHIN THE COMPANY.

09:52AM 2        THERE'S NOT MUCH RISK FOR THE JUROR TO BE CONFUSED ABOUT

09:52AM 3    WHO IS INVOLVED IN THE CONSPIRACY.

09:52AM 4            MS. SAHARIA:  THE PARTICULAR POINT WITH RESPECT TO

09:52AM 5    THE COCONSPIRATORS IS THAT A SPECIFIC UNANIMITY INSTRUCTION

09:52AM 6    INSTRUCTS THE JURY THAT IT NEEDS TO UNANIMOUSLY AGREE NOT ONLY

09:52AM 7    ON WHAT THE OBJECT OF THE CONSPIRACY IS, BUT ON AT LEAST ONE

09:52AM 8    COCONSPIRATOR, AND THAT'S AN IMPORTANT POINT THAT, WITHOUT THIS

09:53AM 9    INSTRUCTION, THE JURY WILL NOT HAVE THIS CONCEPT BEFORE THEM.

09:53AM 10       SO FOR THAT REASON, WE DO THINK IT'S IMPORTANT FOR THE

09:53AM 11   JURY TO HEAR THIS INSTRUCTION.

09:53AM 12           THE COURT:  ALL RIGHT.  THANK YOU.

09:53AM 13       WHEN I LOOKED AT THOSE TWO THAT THE DEFENSE OFFERS, THEY

09:53AM 14   SEEM TO BE LENGTHY --

09:53AM 15           MS. SAHARIA:  UH-HUH.

09:53AM 16           THE COURT:  -- AND THEY SEEM TO HAVE LANGUAGE THAT

09:53AM 17   MIGHT NOT BE NEEDED.

09:53AM 18           MS. SAHARIA:  WE CAN PROPOSE A SHORTER VERSION FOR

09:53AM 19   THE COURT IF THAT WOULD BE HELPFUL.

09:53AM 20           THE COURT:  WELL, AT A MINIMUM, THAT'S WHAT I WOULD

09:53AM 21   LIKE TO LOOK AT.

09:53AM 22           MS. SAHARIA:  SURE.

09:53AM 23           THE COURT:  SOMETHING THAT -- I THINK THIS CAN BE

09:53AM 24   ACCOMPLISHED IN A COUPLE OF SENTENCES.  I REALLY DO.

09:53AM 25           MS. SAHARIA:  WE WILL TRY THAT, YOUR HONOR.

8251

09:53AM  1          THE COURT:  IF THIS WAS GOING TO BE GIVEN.

09:53AM  2        WHICH IS TO SAY, I'M RETICENT TO GIVE IT AS YOU'VE

09:53AM  3    PROPOSED IT.  I THINK IT'S TOO LONG.

09:53AM  4          MS. SAHARIA:  OKAY.

09:53AM  5          THE COURT:  AND IF YOU WANT TO PROPOSE SOMETHING

09:53AM  6    THAT IS -- THAT HAS BREVITY, I'LL LOOK AT IT.

09:53AM  7          MS. SAHARIA:  OKAY.  WE WILL DO THAT.

09:53AM  8          THE COURT:  WE CAN DISCUSS IT AGAIN.

09:53AM  9        MS. VOLKAR?

09:53AM 10          MS. VOLKAR:  YOUR HONOR, ONE OF THE CHANGES THAT WE

09:53AM 11    MADE IN RESPONSE TO SEEING THE DEFENSE'S FILING FROM THE SUMMER

09:53AM 12    WAS ON PAGE 15 OF ECF 1176, RIGHT AFTER THE GOVERNMENT

09:54AM 13    DESCRIBED THE TWO CHARGED CONSPIRACIES, ON LINE 8, "IN ORDER

09:54AM 14    FOR THE DEFENDANT TO BE FOUND GUILTY OF EITHER CHARGE," THAT'S

09:54AM 15    FROM THE MODEL, THE GOVERNMENT ADDED, "YOU MUST ALL UNANIMOUSLY

09:54AM 16    AGREE WITH RESPECT TO EACH COUNT, THAT THE GOVERNMENT MUST

09:54AM 17    PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE

09:54AM 18    DOUBT."

09:54AM 19          THE COURT:  RIGHT.

09:54AM 20          MS. VOLKAR:  AND THAT WAS THE GOVERNMENT ESSENTIALLY

09:54AM 21    ACKNOWLEDGING THAT THERE ARE TWO CONSPIRACIES.

09:54AM 22        AND ALTHOUGH WE DON'T THINK IT'S CONFUSING, WE DO THINK

09:54AM 23    SOMETHING AS STRAIGHTFORWARD AS THAT IS ALIGNED WITH, FOR

09:54AM 24    EXAMPLE, THE GONZALEZ CASE, WHICH HELD THAT WITH VERY MINIMAL

09:54AM 25    ADDITIONAL INSTRUCTION, THE COURT COULD CLEAR UP ANY CHANCE OF

09:54AM   1    CONFUSION.

09:54AM   2        SO THAT WOULD BE THE GOVERNMENT'S SUGGESTED ADDITION,

09:54AM   3    RATHER THAN THE LENGTHY SUBMISSION OF THE DEFENSE.

09:55AM   4        THE COURT:  AND THIS IS WHAT I WAS ALLUDING TO,

09:55AM   5    MS. SAHARIA.  I THINK YOU'VE CAPTURED THAT.  I THINK YOU CAN --

09:55AM   6        MS. SAHARIA:  WE WILL PROPOSE SOMETHING.  I DON'T

09:55AM   7    THINK THAT SENTENCE QUITE DOES IT, BUT WE'LL PROPOSE SOMETHING

09:55AM   8    SHORTER, YOUR HONOR.

09:55AM   9        THE COURT:  SURE.  I DO THINK THIS CAN BE

09:55AM  10    ACCOMPLISHED IN A COUPLE OF SENTENCES.

09:55AM  11        MS. SAHARIA:  UNDERSTOOD.

09:55AM  12        THE COURT:  JUST BASED ON MY EXPERIENCE WITH YOUR

09:55AM  13    PREVIOUS WORK, I KNOW THIS CAN BE DONE.  LET ME PUT IT THAT

09:55AM  14    WAY.

09:55AM  15        MS. SAHARIA:  I HAVE SOME EXPERIENCE SHORTENING

09:55AM  16    THINGS, YOUR HONOR.

09:55AM  17        THE COURT:  OKAY.

09:55AM  18        MS. SAHARIA:  THEN I THINK THE LAST POINT THAT WE

09:55AM  19    INCLUDED ON PAGE 11 -- I THINK THIS SHOULD BE A RELATIVELY

09:55AM  20    STRAIGHTFORWARD ONE -- IS THAT WE PROPOSE THAT THE COURT

09:55AM  21    INCLUDE THE MULTIPLE CONSPIRACIES INSTRUCTION, WHICH IS A MODEL

09:55AM  22    NINTH CIRCUIT INSTRUCTION.  IT'S MODEL 8.22 WHICH JUST EXPLAINS

09:55AM  23    TO THE JURY WHEN THERE ARE TWO CONSPIRACIES CHARGED, THE JURY

09:55AM  24    NEEDS TO ASSESS EACH ONE INDIVIDUALLY AND NOT CONCLUDE THAT, IF

09:55AM  25    THE JURY FINDS ONE CONSPIRACY EXISTED, IT DOESN'T MEAN THE

8253

09:55AM 1    OTHER ONE EXISTED.

09:55AM 2            MS. VOLKAR:  YOUR HONOR, IF I MAY BE HEARD?

09:55AM 3            THE COURT:  YES.

09:55AM 4            MS. VOLKAR:  NOT AS STRAIGHTFORWARD.

09:56AM 5        IF YOU LOOK AT THE MODEL INSTRUCTION, THE VERY FIRST PART

09:56AM 6    OF THE COMMENT IS, "USE THIS INSTRUCTION WHEN THE INDICTMENT

09:56AM 7    CHARGES A SINGLE CONSPIRACY AND THE EVIDENCE INDICATES TWO OR

09:56AM 8    MORE POSSIBLE CONSPIRACIES."

09:56AM 9        THIS IS A NINTH CIRCUIT MODEL INSTRUCTION MEANT TO HELP

09:56AM 10   OBVIATE THE ISSUE THAT AROSE IN LAPIERRE.

09:56AM 11       AGAIN, THE GOVERNMENT'S POSITION IS THAT'S NOT THIS CASE.

09:56AM 12   THERE ARE TWO CONSPIRACIES THAT ARE CHARGED IN THE INDICTMENT.

09:56AM 13   THEY ARE CLEAR.  THEY ARE SEPARATE FROM ONE ANOTHER.

09:56AM 14       THE MULTIPLE CONSPIRACIES CHARGE, ALTHOUGH WE HAVE NO

09:56AM 15   OBJECTION TO THE MODEL LANGUAGE, WE OBJECT TO INSERTING THE

09:56AM 16   INSTRUCTION WHEN IT'S NOT CALLED FOR IN THE FACTS OF THIS CASE.

09:56AM 17           MS. SAHARIA:  I DO THINK IT IS CALLED FOR IN THE

09:56AM 18   FACTS OF THIS CASE, BECAUSE I DO THINK IT'S IMPORTANT TO

09:56AM 19   CHARGE -- TO INSTRUCT THE JURY THAT IT NEEDS TO ASSESS THE TWO

09:56AM 20   MULTIPLE CHARGED CONSPIRACIES SEPARATELY, AND ALTHOUGH THIS MAY

09:56AM 21   HAVE BEEN DRAFTED FOR SOMEWHAT DIFFERENT CIRCUMSTANCES, THAT IS

09:57AM 22   WHAT IT DOES, AND THAT'S WHAT OUR PROPOSED INSTRUCTION DOES

09:57AM 23   WHICH WE PROPOSED AGAIN AT -- LET ME JUST MAKE CLEAR --

09:57AM 24   INSTRUCTION 41 WAS OUR PROPOSED INSTRUCTION AT PAGE 56 AT

09:57AM 25   ECF 809.

09:57AM 1      AGAIN, WE CAN PROPOSE A SHORTER VERSION IF THAT WOULD BE

09:57AM 2   HELPFUL TO THE COURT.

09:57AM 3          THE COURT:  WELL, FOR ME TO CONSIDER IT, THAT WOULD

09:57AM 4   BE HELPFUL.  I APPRECIATE IT.

09:57AM 5          MS. SAHARIA:  OKAY.

09:57AM 6          THE COURT:  I LOOKED AT THIS AND I WAS -- LET ME

09:57AM 7   JUST SAY, I WAS LOOKING AT MY NOTES.  I HAD PENCILLED OUT THE

09:57AM 8   ITALICIZED LANGUAGE AT THE FIRST -- YOUR FIRST PARAGRAPH THERE,

09:57AM 9   AND I THINK I DID THAT AS A SUGGESTION TO MYSELF THAT MAYBE

09:57AM 10  THIS IS TOO LONG AND WE SHOULD DO SOMETHING ABOUT IT.

09:57AM 11         MS. SAHARIA:  SURE.  UNDERSTOOD.

09:58AM 12         THE COURT:  YEAH, WHY DON'T YOU WORK ON THAT?

09:58AM 13         MS. SAHARIA:  OKAY.  WE WILL DO THAT.

09:58AM 14         THE COURT:  AND WE WILL LOOK AT IT AGAIN.

09:58AM 15         MS. SAHARIA:  THE NEXT ONE IS GOVERNMENT INSTRUCTION

09:58AM 16  8.23, KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS.

09:58AM 17      I THINK THE OBJECTIONS THAT WE HAVE ALREADY TALKED ABOUT

09:58AM 18  ALREADY COVER OUR OBJECTIONS TO THIS ONE, WHICH IS THAT IT

09:58AM 19  DOESN'T DESCRIBE THE TWO CONSPIRACIES AND DOESN'T DISTINGUISH

09:58AM 20  BETWEEN THE TWO CONSPIRACIES, AND WE HAVE ALREADY KIND OF

09:58AM 21  TALKED ABOUT THAT.

09:58AM 22      AND WE HAD KIND OF -- THE INSTRUCTIONS THAT WE DRAFTED ON

09:58AM 23  CONSPIRACY ALREADY INCORPORATE THIS CONCEPT ELSEWHERE.  SO

09:58AM 24  THAT'S THE -- OUR OBJECTION IS JUST THAT WE THINK THAT THE

09:58AM 25  COURT -- THIS IS AN UNNECESSARY INSTRUCTION, BUT I UNDERSTAND

09:58AM  1    IT'S A MODEL INSTRUCTION.

09:58AM  2        WE DO ASK -- AND THIS IS AT FOOTNOTE 6 OF OUR

09:59AM  3    OBJECTIONS -- THAT IF THE COURT GIVES THIS INSTRUCTION, WE

09:59AM  4    WOULD ASK THE COURT TO RE-ADD THE LANGUAGE FROM 820, THAT "A

09:59AM  5    PERSON DOES NOT BECOME A CONSPIRATOR MERELY BY ASSOCIATING WITH

09:59AM  6    ONE OR MORE PERSONS WHO ARE CONSPIRATORS, NOR MERELY BY KNOWING

09:59AM  7    THAT A CONSPIRACY EXISTS."  ALTHOUGH THAT IS IN 820, I THINK

09:59AM  8    GIVEN THAT THIS INSTRUCTION IS KIND OF ABOUT KNOWLEDGE ABOUT

09:59AM  9    CONSPIRATORS, IT'S IMPORTANT TO REITERATE THAT PRINCIPLE IN

09:59AM  10   THIS INSTRUCTION.

09:59AM  11            THE COURT:  ALL RIGHT.

09:59AM  12       MS. VOLKAR?

09:59AM  13           MS. VOLKAR:  YOUR HONOR, I BELIEVE I HEARD

09:59AM  14   MS. SAHARIA SAY THAT THE CONCEPTS OF THIS ARE INCLUDED

09:59AM  15   ELSEWHERE.

09:59AM  16       THAT'S WHERE THE GOVERNMENT SAYS THE MODEL EXISTS FOR A

09:59AM  17   REASON.  THE COURT SHOULD GIVE THE MODEL.  THE COURT HAS GIVEN

09:59AM  18   THE MODEL INSTRUCTION IN OTHER CASES.

09:59AM  19       AND I WOULD ADD ON THAT LAST POINT, IF THE MERE

09:59AM  20   ASSOCIATION LANGUAGE, I DON'T -- I WON'T DO IT THE JUSTICE

09:59AM  21   MS. SAHARIA JUST DID TO DESCRIBING THE KEY PORTION, BUT I DON'T

10:00AM  22   SEE THE NEED FOR IT TO BE IN TWO PLACES.  I DO THINK THAT THE

10:00AM  23   MORE TIMES THAT SOMETHING IS REPEATED THROUGHOUT INSTRUCTIONS,

10:00AM  24   ESPECIALLY IF THEY ARE SIGNIFICANTLY SHORTER, IT BLEEDS INTO

10:00AM  25   ARGUMENT RATHER THAN A NEUTRAL STATEMENT OF THE INSTRUCTIONS ON

8256

10:00AM  1    THE LAW.

10:00AM  2        I DON'T THINK THE GOVERNMENT HAS AN OBJECTION IF WE WANT

10:00AM  3    TO ADD THAT LANGUAGE INTO THIS INSTRUCTION.  IT DOES SEEM TO

10:00AM  4    FIT WITH THE TOPICS OF THIS INSTRUCTION.

10:00AM  5        BUT THEN WE WOULD ASK THAT IT BE REMOVED FROM 8.20, AGAIN,

10:00AM  6    BECAUSE THE MORE TIMES SOMETHING IS REPEATED, IT COULD SEEM

10:00AM  7    LIKE IT IS A MORE IMPORTANT CONCEPT THAN OTHER CONCEPTS IN THE

10:00AM  8    INSTRUCTIONS WHEN THEY SHOULD ALL BE GIVEN EQUAL WEIGHT.

10:00AM  9        THE COURT:  OKAY.  THANK YOU.

10:00AM 10        THIS IS ANOTHER ONE WHERE I LOOKED AT THIS AND I THOUGHT,

10:00AM 11    WELL, CAN WE JUST SAY TWO CONSPIRACIES ALLEGED AND THEN APPLY

10:00AM 12    EACH SEPARATELY OR SOME LANGUAGE LIKE THAT?

10:00AM 13        I WAS ABLE TO JUST READ MY NOTE AND IT SAYS, "MEET AND

10:00AM 14    CONFER."

10:00AM 15        MS. SAHARIA:  WE'LL DO THAT, TOO.  YOUR HONOR.

10:01AM 16        I THINK THE NEXT ONE IS INSTRUCTION 825, WHICH IS

10:01AM 17    PINKERTON LIABILITY.

10:01AM 18        I WILL JUST STATE FOR THE RECORD THAT WE OBJECT ON THE

10:01AM 19    GROUND THAT PINKERTON LIABILITY IS AN IMPROPER JUDGE-MADE

10:01AM 20    THEORY OF LIABILITY.

10:01AM 21        THAT IS OBVIOUSLY FORECLOSED BY PRECEDENT, BUT I WOULD

10:01AM 22    POINT THE COURT TO THE VERY THOUGHTFUL CONCURRENCE BY

10:01AM 23    JUDGE WATFORD JUST A FEW MONTHS AGO ON THAT ISSUE.

10:01AM 24        THE COURT:  THAT WAS A TOPIC OF DISCUSSION IN

10:01AM 25    CHAMBERS, JUDGE WATFORD'S OBSERVATION.

10:01AM 1       MS. SAHARIA:  SO THIS IS THE INSTRUCTION, TOGETHER

10:01AM 2   WITH THE COSCHEMER LIABILITY INSTRUCTION, WHERE WE HAVE A VERY

10:01AM 3   SIGNIFICANT CONCERN ABOUT JUROR CONFUSION, BECAUSE AS THE

10:01AM 4   GOVERNMENT INSTRUCTION CURRENTLY READS, IT DOESN'T -- IT MERGES

10:01AM 5   ALL OF -- THE TWO CONSPIRACIES AND ALL OF THE SUBSTANTIVE WIRE

10:01AM 6   FRAUD COUNTS WITHOUT EXPLAINING TO THE JURY HOW IT NEEDS TO

10:02AM 7   MATCH THEM UP, AND IT MIGHT -- I THINK MS. VOLKAR SAID EARLIER,

10:02AM 8   THAT WOULD BE INTUITIVE TO THE JURY, AND IT MIGHT BE.

10:02AM 9       BUT IT MIGHT NOT BE.  JURY INSTRUCTIONS, FRANKLY, ARE

10:02AM 10  NEVER QUITE INTUITIVE TO A JURY, AND THAT'S WHY THE

10:02AM 11  NINTH CIRCUIT COMMENTARY SUGGESTS TO COURTS THAT WHEN THERE ARE

10:02AM 12  TWO CONSPIRACIES, THE COURT CONSIDER GIVING TWO PINKERTON

10:02AM 13  CHARGES TO MAKE CLEAR TO THE JURY THAT IN THIS CASE, IF IT

10:02AM 14  CONCLUDES THAT THE DEFENDANT IS A MEMBER OF THE CONSPIRACY

10:02AM 15  CHARGED IN COUNT ONE, THEN IT COULD FIND THE DEFENDANT GUILTY

10:02AM 16  OF COUNTS THREE THROUGH EIGHT.

10:02AM 17      AND THEN VICE VERSA.  COUNT TWO IS MATCHED UP WITH

10:02AM 18  COUNTS TEN THROUGH TWELVE, AND THAT CONCEPT IS CURRENTLY

10:02AM 19  MISSING FROM THE GOVERNMENT INSTRUCTION.  I THINK WE CAN

10:02AM 20  RESOLVE THAT IF WE WERE TO MEET AND CONFER WITH THE GOVERNMENT,

10:02AM 21  BUT I THINK THAT'S A SERIOUS DEFECT AS IT IS CURRENTLY WRITTEN.

10:02AM 22          THE COURT:  OKAY.  THANK YOU.

10:02AM 23      ANYTHING FURTHER ON THIS?

10:02AM 24          MS. VOLKAR:  I THINK WE COULD PROBABLY RESOLVE THIS

10:03AM 25  THROUGH MEET AND CONFER IF THAT'S A SUBSTANTIAL CONCERN OF THE

10:03AM  1    DEFENSE.

10:03AM  2         THE GOVERNMENT DOESN'T HAVE NECESSARILY AN OBJECTION TO

10:03AM  3    TWO PINKERTON CHARGES, AGAIN, AS LONG AS THE WHOLE OF THE

10:03AM  4    INSTRUCTIONS ARE SHRUNK DOWN IN SIZE, AND IT SOUNDS LIKE THERE

10:03AM  5    WILL BE AN EFFORT TO STREAMLINE, IF THAT IS A SOURCE THAT THE

10:03AM  6    DEFENSE THINKS IS A SIGNIFICANT SOURCE OF CONFUSION.

10:03AM  7         WHAT THE GOVERNMENT DOES HAVE OBJECTION TO IS, ONCE AGAIN,

10:03AM  8    GOING BEYOND THE MODEL INSTRUCTION.  AND I DON'T HAVE IT RIGHT

10:03AM  9    IN FRONT OF ME, BUT MY RECOLLECTION OF THE DEFENSE'S SUGGESTED

10:03AM 10    PINKERTON CHARGE SIGNIFICANTLY CHANGES THE MODEL INSTRUCTION,

10:03AM 11    AND SO I JUST WANT TO STATE FOR THE RECORD THAT THAT'S WHERE

10:03AM 12    THE GOVERNMENT'S OBJECTIONS COME IN, NOT WHAT MS. SAHARIA JUST

10:03AM 13    SAID, THAT THERE SHOULD BE SORT OF TWO TO BE CLEAR, BUT ALL OF

10:03AM 14    THE EXTRA VERBIAGE THAT IS ADDED IN THE DEFENSE'S SUGGESTED

10:03AM 15    INSTRUCTIONS.

10:04AM 16              THE COURT:  MS. SAHARIA, DID YOU HAVE A PROPOSAL?

10:04AM 17              MS. SAHARIA:  WE PROPOSED A PINKERTON INSTRUCTION AS

10:04AM 18    A SUPPLEMENTAL INSTRUCTION TO WHAT WE FILED THIS WEEK, AND

10:04AM 19    THAT'S AT PAGE -- I WILL TELL YOU -- IT'S AT PAGE 33 OF ECF

10:04AM 20    1174.

10:04AM 21         WE DIDN'T ACTUALLY ADD VERY MUCH VERBIAGE AT ALL.  IT'S

10:04AM 22    ACTUALLY QUITE CLOSE TO THE MODEL INSTRUCTION.

10:04AM 23         WHAT WE DID ADD IS IN THE FIRST LINE WE ADDED THAT THE

10:04AM 24    CONCEPT THAT THE -- A MEMBER OF A CONSPIRACY IS RESPONSIBLE FOR

10:04AM 25    THE REASONABLY FORESEEABLE ACTIONS.  THAT CONCEPT IS LOWER IN

10:05AM   1    THE MODEL INSTRUCTION, BUT WE THINK IT'S CRITICAL THAT THAT

10:05AM   2    CONCEPT BE COMMUNICATED TO THE JURY RIGHT AWAY SINCE THAT'S

10:05AM   3    KIND OF THE CORE OF PINKERTON LIABILITY.

10:05AM   4        AND THEN WE DID -- THE OTHER THING THAT I WOULD

10:05AM   5    PARTICULARLY POINT OUT IS THAT THE CASE LAW MAKES CLEAR THAT

10:05AM   6    THIS CONCEPT OF REASONABLY FORESEEABLE ACTIONS NEEDS TO BE

10:05AM   7    BASED ON THE FACTS THAT WERE KNOWN TO THE DEFENDANT AT THE

10:05AM   8    TIME, AND WE ADDED THAT LANGUAGE INTO THE FINAL ELEMENT, WHICH

10:05AM   9    IN OUR MODEL -- IN OUR PROPOSAL IS ELEMENT 6 AT PAGE 34, WHICH

10:05AM  10    THE COURT COULD JUST AS EASILY INCORPORATE INTO WHAT IS I THINK

10:05AM  11    THE FIFTH ELEMENT OF THE GOVERNMENT'S PROPOSAL.

10:05AM  12        AND THEN I WOULD JUST NOTE THAT THE GOVERNMENT'S PROPOSAL

10:05AM  13    DOES NOT -- THIS IS OUR FOURTH OBJECTION ON PAGE 14 -- DOES NOT

10:06AM  14    MAKE CLEAR THAT THE RELEVANT OFFENSE NEEDS TO TAKE PLACE DURING

10:06AM  15    THE PERIOD OF THE CONSPIRACY.

10:06AM  16            THE COURT:  ALL RIGHT.  SO YOU'RE GOING TO -- I'M

10:06AM  17    SORRY, MS. VOLKAR.

10:06AM  18            MS. VOLKAR:  YOUR HONOR, I JUST WANTED TO RESPOND

10:06AM  19    THAT THE LAST PART THAT MS. SAHARIA WAS TALKING ABOUT

10:06AM  20    HIGHLIGHTS THE GOVERNMENT'S CONCERN.  PINKERTON HAS BEEN AROUND

10:06AM  21    FOR THE BETTER PART OF A CENTURY.  THE MODEL INSTRUCTION HAS

10:06AM  22    BEEN IN PLACE FOR A LONG TIME.

10:06AM  23        BUT THE DEFENSE'S SUGGESTION ON PAGE 34 OF ECF 1174

10:06AM  24    SUGGESTS ADDING ANOTHER ELEMENT TO IT, AND SIGNIFICANTLY ALTERS

10:06AM  25    THE FIFTH PARAGRAPH AS WELL AND THE SIXTH PARAGRAPH.

10:06AM  1    SO, YES, THE PARTIES WILL MEET AND CONFER.  BUT, AGAIN, I

10:06AM  2    NOTE THAT THERE IS SIGNIFICANT DISAGREEMENT ON WHAT THE

10:06AM  3    LANGUAGE SHOULD BE, NOT THE BROADER CONCEPTS OR WHAT THE STATE

10:06AM  4    OF THE LAW IS.

10:06AM  5         THE COURT:  OKAY.  THANK YOU.

10:06AM  6    I'LL NOTE YOUR CONCERNS AND OBJECTIONS.

10:07AM  7    ALL RIGHT.  ANYTHING FURTHER ON THIS, MS. SAHARIA?

10:07AM  8         MS. SAHARIA:  I DON'T BELIEVE SO.  I THINK WE'RE NOW

10:07AM  9    READY TO TALK ABOUT WIRE FRAUD.

10:07AM  10        THE COURT:  OKAY.  THIS IS GOVERNMENT INSTRUCTION

10:07AM  11   8.124, AND THE CORRESPONDING INSTRUCTIONS FROM MS. HOLMES ARE

10:07AM  12   42 TO 55.

10:07AM  13   AND WE'VE ALREADY COVERED, I THINK, THE BIG PICTURE POINT

10:07AM  14   THAT IT'S OUR POSITION THAT THE COURT SHOULD INSTRUCT

10:07AM  15   SEPARATELY ON THE TWO SCHEMES TO DEFRAUD.

10:07AM  16   WE PROPOSED TO OVERVIEW KIND OF UMBRELLA INSTRUCTION AND

10:07AM  17   KIND OF BREAK OUT THE ELEMENTS.  I UNDERSTAND THE GOVERNMENT'S

10:07AM  18   POSITION ON THAT.

10:07AM  19   AND IT'S OUR POSITION THAT THERE SHOULD BE IN SOME WAY A

10:07AM  20   COMMUNICATION OF THE PRECISE MISREPRESENTATIONS FROM THE

10:08AM  21   INDICTMENT, AND WE'VE ALREADY TALKED ABOUT THAT.

10:08AM  22   SO I DON'T THINK WE NEED TO DWELL ON THOSE POINTS UNLESS

10:08AM  23   MS. VOLKAR WANTS TO ADD ANYTHING TO THOSE GENERAL POINTS.

10:08AM  24        MS. VOLKAR:  NO, I THINK MS. SAHARIA CAPTURES IT.

10:08AM  25   AGAIN, WE DON'T THINK THE ELEMENTS NEED TO BE BROKEN OUT.

10:08AM 1   WE DON'T THINK THERE NEEDS TO BE A SEPARATE INSTRUCTION FOR

10:08AM 2   EACH COUNT.

10:08AM 3       WE DID ENDEAVOR TO ADD IN THE FILING THAT WE SUBMITTED

10:08AM 4   YESTERDAY MORNING THE SPECIFIC COUNTS.  WE FOLLOWED WHAT WE HAD

10:08AM 5   IN THE VERDICT FORM.  WE DID REMOVE COUNT NINE THROUGHOUT THE

10:08AM 6   INSTRUCTIONS, OR ENDEAVORED TO DO SO.

10:08AM 7       AND SO I THINK MS. SAHARIA IS CORRECT THAT WE'VE SORT OF

10:08AM 8   COVERED THAT GROUND, BUT I WANTED TO ADD WHAT THE GOVERNMENT

10:08AM 9   DID CHANGE IN THIS UPDATED FILING.

10:08AM 10      THE COURT:  OKAY.  THANK YOU.

10:08AM 11      MS. SAHARIA:  SO THAT BRINGS ME TO THE POINT THAT

10:08AM 12  THE GOVERNMENT HAS PROPOSED TO ADD TO THE MODEL INSTRUCTIONS,

10:08AM 13  WHICH WE COVER AT PAGES 14 TO 16 OF OUR OBJECTIONS.

10:09AM 14      SO THE FIRST IS THE LANGUAGE THAT THEY PROPOSED TO ADD

10:09AM 15  WHICH READS, "A DEFENDANT'S ACTIONS CAN CONSTITUTE A SCHEME TO

10:09AM 16  DEFRAUD EVEN IF THERE ARE NO SPECIFIC FALSE STATEMENTS

10:09AM 17  INVOLVED.  YOU, AS MEMBERS OF THE JURY, DO NOT NEED TO AGREE ON

10:09AM 18  WHICH STATEMENTS WERE FALSE, DECEITFUL OR FRAUDULENT IN

10:09AM 19  FURTHERANCE OF THE SCHEME."

10:09AM 20      WE HAVE GRAVE CONCERN ABOUT THIS LANGUAGE.  THE INDICTMENT

10:09AM 21  CHARGES WIRE FRAUD BASED ON FALSE STATEMENTS AND

10:09AM 22  REPRESENTATIONS, AND IF ADOPTED, THIS LANGUAGE WOULD, WE THINK,

10:09AM 23  CONSTITUTE AN IMPERMISSIBLE CONSTRUCTIVE AMENDMENT OF THE

10:09AM 24  INDICTMENT.

10:09AM 25      WE THINK THE COURT SHOULD JUST, AS WE SAID ALREADY, GIVE

10:09AM  1      THE ALLEGATIONS OF THE INDICTMENT IN SOME WAY TO THE JURY, AND

10:09AM  2      THE JURY CAN READ THOSE ALLEGATIONS WITHOUT THIS ARGUMENTATIVE

10:09AM  3      LANGUAGE THAT THREATENS TO CONSTRUCTIVELY AMEND THE INDICTMENT.

10:10AM  4           MS. VOLKAR:  WELL, YOUR HONOR, I THINK AS FAR AS

10:10AM  5      ARGUMENTATIVE LANGUAGE, OF COURSE WE HAVE SEEN THE 100-PLUS

10:10AM  6      PAGE FILING FROM THE DEFENSE, WHICH IS LITTERED WITH

10:10AM  7      ARGUMENTATIVE STATEMENTS, AND I THINK THESE ARE ACCURATE

10:10AM  8      STATEMENTS OF THE LAW.

10:10AM  9           IN FACT, THE SECOND SENTENCE, THAT THE JURY DOES NOT NEED

10:10AM  10     TO AGREE ON WHICH STATEMENTS ARE FALSE, DECEITFUL, OR

10:10AM  11     FRAUDULENT IS A SOURCE OF MAJOR DISAGREEMENT BETWEEN THE

10:10AM  12     GOVERNMENT AND THE DEFENSE, WHICH IS SURPRISING, BECAUSE I

10:10AM  13     THINK IT'S BLACK LETTER NINTH CIRCUIT LAW.

10:10AM  14          YOUR HONOR CITED ALMOST THIS EXACT STATEMENT IN THE CHANG

10:10AM  15     CASE, AND I THINK IN A CASE SUCH AS THIS, IT IS IMPORTANT TO

10:10AM  16     DESCRIBE FOR THE JURY UNDER THE LAW WHAT THEY DO AND DON'T HAVE

10:10AM  17     TO AGREE ON, ESPECIALLY IF WE'RE IN THE LAND, WHERE IT SOUNDS

10:10AM  18     LIKE WE ARE, THAT WE'LL BE MEETING AND CONFERRING AND

10:10AM  19     DISCUSSING A SPECIFIC UNANIMITY INSTRUCTION, I THINK IT'S

10:10AM  20     IMPORTANT TO ALSO LET THE JURY KNOW WHAT THEY DON'T HAVE TO

10:10AM  21     AGREE ON, AGAIN, UNDER THE NINTH CIRCUIT PRECEDENT THAT WE ARE

10:11AM  22     BOUND BY.

10:11AM  23          SO I DON'T THINK IT'S ARGUMENTATIVE.  I THINK IT'S AN

10:11AM  24     ACCURATE STATEMENT OF NINTH CIRCUIT LAW AND IMPORTANT TO HELP

10:11AM  25     THE JURORS UNDERSTAND WHAT THEIR DUTIES ARE.

10:11AM 1      SAME WITH THE -- I'M NOT SURE IF WE'VE MOVED TO THE SECOND

10:11AM 2  PORTION, SO I DON'T WANT TO GET AHEAD OF MYSELF.

10:11AM 3      BUT THE PORTIONS THAT WE HAVE ADDED HAVE BEEN PROVIDED BY

10:11AM 4  THIS COURT, YOUR HONOR IN THE CHANG CASE IN SOME INSTANCES, AND

10:11AM 5  JUDGE BREYER IN THE HUSSAIN CASE, ANOTHER HIGH PROFILE WIRE

10:11AM 6  FRAUD AND CONSPIRACY CASE RECENTLY TRIED IN THIS DISTRICT.

10:11AM 7      THERE IS PRECEDENT IN THIS DISTRICT FOR USING THESE, AND

10:11AM 8  THEY ARE, AGAIN, BLACK LETTER NINTH CIRCUIT LAW.  I DON'T

10:11AM 9  CONSIDER THEM ARGUMENTATIVE, AND I THINK GIVEN THE WAY THE

10:11AM 10 EVIDENCE HAS COME IN, SOME OF THEM ARE REQUIRED TO HELP CLEAR

10:11AM 11 UP JUROR CONFUSION ABOUT WHAT IS AND ISN'T REQUIRED UNDER THE

10:11AM 12 LAW.

10:11AM 13      THE COURT:  THANK YOU.

10:11AM 14  MS. SAHARIA?

10:11AM 15      MS. SAHARIA:  YES.

10:11AM 16      AGAIN, OUR FUNDAMENTAL POINT IS THAT THE FIRST SENTENCE OF

10:11AM 17 THIS PARAGRAPH, WHICH MS. VOLKAR DID NOT ADDRESS, THREATENS TO

10:12AM 18 CONSTRUCTIVELY AMEND THE INDICTMENT WHICH CHARGES FALSE

10:12AM 19 STATEMENTS.

10:12AM 20      IT WILL BE HIGHLY CONFUSING TO THE JURY TO TELL THE JURY

10:12AM 21 THAT IT DOESN'T NEED TO FIND SPECIFIC FALSE STATEMENTS WHEN THE

10:12AM 22 INDICTMENT, THAT'S THE THEORY OF LIABILITY IN THIS CASE.  THE

10:12AM 23 THEORY OF LIABILITY IS ONE BASED ON FALSE STATEMENTS, NOT, YOU

10:12AM 24 KNOW, SOME OTHER SCHEME TO DEFRAUD, LIKE CHECK KITING OR

10:12AM 25 SOMETHING.

8264

10:12AM 1      I THINK THE CASES THAT INVOLVE CONDUCT, AS OPPOSED TO

10:12AM 2   STATEMENTS, INVOLVE THINGS LIKE OF THAT NATURE.

10:12AM 3      SO I THINK THAT THAT FIRST SENTENCE IS VERY MISLEADING IN

10:12AM 4   THE CONTEXT OF THE ALLEGATIONS IN THIS CASE.

10:12AM 5           THE COURT:  IN REGARDS TO OUR CASE?

10:12AM 6           MS. SAHARIA:  EXACTLY, YOUR HONOR.

10:12AM 7           THE COURT:  AND, MS. VOLKAR, WHAT ABOUT THAT?  IS

10:12AM 8   THIS, IS THIS -- THAT FIRST SENTENCE, AND I -- TO TAKE

10:12AM 9   MS. SAHARIA'S POINT, AND I'M NOT SAYING I AGREE WITH IT, BUT

10:12AM 10  SHE EXPRESSES CONCERN THAT THIS IS ABOUT SPECIFIC FALSE

10:13AM 11  STATEMENTS, ISN'T IT?  I THINK THAT'S WHAT SHE'S SAYING THE

10:13AM 12  CASE IS ABOUT.

10:13AM 13     AND DOES THIS MISINFORM?  SHOULD IT BE REWORDED IN SOME

10:13AM 14  OTHER MANNER TO CAPTURE THE SAME SENTIMENT?

10:13AM 15          MS. VOLKAR:  YOUR HONOR, I DO BELIEVE THAT THERE IS

10:13AM 16  THE MODEL INSTRUCTION THAT WE HAVEN'T GOTTEN TO YET ON WHAT A

10:13AM 17  SCHEME TO DEFRAUD IS, SO I'M SORRY THAT I DON'T HAVE IT ALL

10:13AM 18  RIGHT IN FRONT OF ME AND RIGHT IN MIND AT THE MOMENT.

10:13AM 19     I DON'T THINK IT IS A CONSTRUCTIVE AMENDMENT.  I DO THINK

10:13AM 20  THAT IT'S A STATEMENT OF NINTH CIRCUIT LAW, WHICH IS, WHAT IS A

10:13AM 21  SCHEME TO DEFRAUD?

10:13AM 22     A SCHEME TO DEFRAUD IS A BROADER SCHEME.  IT DOESN'T

10:13AM 23  NECESSARILY HAVE TO BE THIS ONE FALSE STATEMENT TO THIS PERSON

10:13AM 24  ON X DATE.

10:13AM 25     AND I THINK THAT IS THE SENTIMENT THAT IS TRYING TO BE --

10:13AM 1    THAT IS EXPRESSED IN THIS STATEMENT.

10:13AM 2         NOW, IF IT NEEDS TO BE SLIGHTLY REWORDED, MY UNDERSTANDING

10:14AM 3    IS -- I BELIEVE THAT I PULLED THIS FROM THE INSTRUCTIONS IN THE

10:14AM 4    HUSSAIN CASE, BUT AGAIN, IF IT NEEDS TO BE SLIGHTLY REWORDED,

10:14AM 5    WE CAN WORK ON THAT.

10:14AM 6         BUT I THINK AS A GENERAL PRINCIPLE, AND I DON'T THINK IT'S

10:14AM 7    A CONSTRUCTIVE VARIANCE, IS THAT IN A SCHEME TO DEFRAUD, IT'S

10:14AM 8    NOT BASED ON ONE SINGLE MISSTATEMENT MADE TO ONE SINGLE PERSON.

10:14AM 9    IT IS AN OVERARCHING SCHEME THAT COULD INVOLVE MULTIPLE

10:14AM 10   MISREPRESENTATIONS OR MULTIPLE MISSTATEMENTS TO DIFFERENT

10:14AM 11   PARTIES, AND THAT IS THE CONCEPT THAT WE WERE TRYING TO CAPTURE

10:14AM 12   HERE.

10:14AM 13        THE COURT:  I SEE.  ALL RIGHT.

10:14AM 14        MS. SAHARIA:  I'M WILLING TO DISCUSS WITH MY TEAM

10:14AM 15   AND MEET AND CONFER WITH MS. VOLKAR ON THE SECOND SENTENCE.

10:14AM 16        BUT THE FIRST SENTENCE, EVEN IF IT'S A CORRECT STATEMENT

10:14AM 17   OF THE LAW IN THE ABSTRACT, IT'S NOT A CORRECT STATEMENT OF THE

10:14AM 18   LAW AS IT APPLIES AS THE GOVERNMENT CHARGED THIS CASE.  THAT'S

10:14AM 19   OUR FUNDAMENTAL POINT.

10:14AM 20        THE COURT:  SURE.

10:14AM 21        WELL, I'M CURIOUS, MS. VOLKAR, WHETHER YOU CAN LOOK AT

10:14AM 22   THAT FIRST SENTENCE AND SEE IF YOU NEED IT, IF IT'S NEEDED IN

10:14AM 23   THE CASE.  AND IF SO, IF THERE'S SOME MODIFICATION THAT IS

10:14AM 24   REQUIRED TO FIT THE FACTS IN OUR CASE DIFFERENT THAN WHAT IS

10:15AM 25   HERE, AND I'LL CHARGE YOU WITH DOING THAT AND WE'LL HAVE SOME

10:15AM 1    ADDITIONAL DISCUSSION ABOUT THIS.

10:15AM 2              MS. VOLKAR:  UNDERSTOOD.  THANK YOU, YOUR HONOR.

10:15AM 3              MS. SAHARIA:  OKAY.  THE NEXT ISSUE IS THE

10:15AM 4    ADDITIONAL LANGUAGE, WHICH IS -- I'LL JUST READ IT TO BE CLEAR.

10:15AM 5    "IT DOES NOT MATTER WHETHER THE MATERIAL TRANSMITTED BY WIRE

10:15AM 6    WAS ITSELF FALSE OR DECEPTIVE SO LONG AS THE WIRE COMMUNICATION

10:15AM 7    WAS USED AS A PART OF THE SCHEME, NOR DOES IT MATTER WHETHER

10:15AM 8    THE SCHEME OR PLAN WAS SUCCESSFUL OR THAT ANY MONEY OR PROPERTY

10:15AM 9    WAS OBTAINED."

10:15AM 10        THIS REALLY COVERS TWO DIFFERENT CONCEPTS, SO LET ME JUST

10:15AM 11   TAKE THEM IN TURN.

10:15AM 12        THE FIRST IS THE PART BEFORE THE COMMA ABOUT THE

10:15AM 13   TRANSMISSION OF THE WIRE.

10:15AM 14        THAT IS AN INCORRECT DILUTION, IN OUR VIEW, OF THE WIRE

10:15AM 15   ELEMENT.  THE WIRE ELEMENT REQUIRES THAT THE DEFENDANT USE AN

10:15AM 16   INTERSTATE WIRE COMMUNICATION TO CARRY OUT OR ATTEMPT TO CARRY

10:16AM 17   OUT AN ESSENTIAL PART OF THE SCHEME.  THAT IS THE LANGUAGE IN

10:16AM 18   THE MODEL INSTRUCTION THAT COVERS THAT WIRE ELEMENT.

10:16AM 19        AND THIS LANGUAGE IS SIMPLY SAYING THAT THE WIRE

10:16AM 20   COMMUNICATION NEEDED TO BE USED AS A PART OF THE SCHEME, AS

10:16AM 21   OPPOSED TO, TO CARRY OUT AN ESSENTIAL PART OF THE SCHEME.

10:16AM 22        SO THOSE TWO PHRASES ARE SIMPLY INCONSISTENT WITH EACH

10:16AM 23   OTHER, AND WE THINK IT'S AN ERROR TO INCLUDE THAT LANGUAGE FOR

10:16AM 24   THAT REASON.

10:16AM 25             MS. VOLKAR:  YOUR HONOR, THIS I WAS ABLE TO LOCATE

10:16AM 1     IN THE TIME WHILE UP HERE.  THIS WAS PULLED DIRECTLY FROM THE

10:16AM 2     HUSSAIN INSTRUCTIONS GIVEN BY JUDGE BREYER.  IT IS AN ACCURATE

10:16AM 3     STATEMENT OF NINTH CIRCUIT LAW.

10:16AM 4         I BELIEVE IT'S ALSO, AT LEAST THE SECOND HALF OF IT, THE

10:16AM 5     PART THAT THE SCHEME OR PLAN NEED NOT BE SUCCESSFUL, WHICH I

10:16AM 6     THINK WE MAY HAVE FURTHER ARGUMENT ON AS WE CONTINUE, WAS

10:16AM 7     REITERATED BY YOUR HONOR IN THE CHANG ORDER FROM LAST YEAR.

10:17AM 8         AND, AGAIN, I THINK IT'S BLACK LETTER NINTH CIRCUIT LAW

10:17AM 9     AND I THINK IT'S IMPORTANT TO LET THE JURY KNOW WHAT THE LAW

10:17AM 10    IS, AND IT MAY BE THAT THE INSTRUCTION THAT THE GOVERNMENT

10:17AM 11    PROPOSED LATER COVERS THIS CONCEPT, AND THEN PERHAPS WE CAN

10:17AM 12    STRIKE THIS SENTENCE.

10:17AM 13        BUT OUT OF AN ABUNDANCE -- JUST IN CASE THE GOVERNMENT --

10:17AM 14    THE COURT WAS NOT INCLINED TO ADOPT THE GOVERNMENT'S LATER

10:17AM 15    PROPOSED INSTRUCTION -- WHICH, OF COURSE, ISN'T BASED ON THE

10:17AM 16    MODEL -- THIS IS SOMETHING THAT HAS BEEN DONE IN THIS DISTRICT,

10:17AM 17    AND THEREFORE, WE WANTED TO USE SOMETHING THAT HAD CLEAR

10:17AM 18    PRECEDENT, AND THAT'S WHY WE PROPOSED THIS LANGUAGE.

10:17AM 19        THE COURT:  WELL, I LOOKED AT THIS WITH THE SAME,

10:17AM 20    THE SAME LENS AS OUR PREVIOUS DISCUSSION, WHETHER OR NOT THIS

10:17AM 21    LANGUAGE FITS THE FACTS OF OUR CASE, AND IT'S -- I THINK YOU

10:17AM 22    BOTH TOLD ME YOUR POSITIONS ON THAT.

10:17AM 23        I'M NOT SURE WHETHER OR NOT A MEET AND CONFER ON THIS IS

10:17AM 24    GOING TO BE HELPFUL.

10:18AM 25        MS. SAHARIA:  WELL, LET ME ADDRESS THE SUCCESS

10:18AM  1    POINT.

10:18AM  2         I THINK, AS MS. VOLKAR NOTED, THERE'S THIS ONE PHRASE

10:18AM  3    HERE, AND THEN THE GOVERNMENT HAS PROPOSED AN ENTIRELY SEPARATE

10:18AM  4    INSTRUCTION ON SUCCESS OF THE SCHEME.

10:18AM  5         I DON'T UNDERSTAND THE PURPOSE OF THAT INSTRUCTION ON THE

10:18AM  6    FACTS OF THIS CASE.  I THINK IT WILL MISLEAD THE JURY.  NO ONE

10:18AM  7    IS CLAIMING IN THIS CASE THAT THE SCHEME, THE ALLEGED SCHEME

10:18AM  8    WAS NOT SUCCESSFUL.

10:18AM  9         THE GOVERNMENT'S CLAIM IS THAT MS. HOLMES DEFRAUDED

10:18AM 10    INVESTORS AND THEY DID GIVE MONEY TO THERANOS, AND THAT SHE

10:18AM 11    DEFRAUDED PAYING PATIENTS, AND THEY DID PAY MONEY.

10:18AM 12         OF COURSE, WE DISAGREE WITH THOSE ALLEGATIONS, BUT THAT IS

10:18AM 13    THE THEORY OF THIS CASE.  SO WHY IT'S NECESSARY TO TELL THE

10:18AM 14    JURY THAT SUCCESS OF THE ALLEGED SCHEME IS NOT -- IS

10:18AM 15    IMMATERIAL.  I JUST DON'T UNDERSTAND.

10:18AM 16         SO THAT'S MY CONCERN ABOUT CONFUSION.

10:19AM 17         NOW, WE DO SEPARATELY TAKE THE POSITION THAT THIS

10:19AM 18    PARTICULAR LANGUAGE, AS WELL AS THE SIMILAR LANGUAGE THAT THE

10:19AM 19    GOVERNMENT INCLUDED LATER, IS INCORRECT AS A MATTER OF LAW.

10:19AM 20         IT IS CERTAINLY TRUE THAT WHETHER A SCHEME OR PLAN IS

10:19AM 21    SUCCESSFUL IS NOT REQUIRED.  IT IS NOT AN ELEMENT OF WIRE

10:19AM 22    FRAUD.

10:19AM 23         AND THE GOVERNMENT ADDED A SENTENCE TO THAT EFFECT IN

10:19AM 24    THEIR LATER SUCCESS OF THE SCHEME INSTRUCTION, WHICH WAS AT

10:19AM 25    PAGE 46 OF THEIR ORIGINAL SET.  I'M NOT SURE WHAT PAGE IT IS ON

10:19AM  1    NOW.

10:19AM  2         BUT THAT'S VERY DIFFERENT THAN SAYING IT'S IMMATERIAL.

10:19AM  3    YOU CAN IMAGINE A CASE WHERE A SCHEME DOESN'T SUCCEED AND THAT

10:19AM  4    IS RELEVANT EVIDENCE THAT THE REPRESENTATIONS WERE NOT

10:19AM  5    MATERIAL, FOR INSTANCE.

10:19AM  6         AND WE CITED TO THE COURT THE LESTERBERG CASE WHICH STANDS

10:19AM  7    FOR THE PROPOSITION THAT REFUNDS CAN BE RELEVANT TO INTENT OR

10:20AM  8    MATERIALITY.

10:20AM  9         AND THE SAME WITH THE SANDS MODEL INSTRUCTIONS THAT MAKE

10:20AM  10   THIS POINT VERY CLEAR, THAT WHETHER THE SCHEME IS SUCCESSFUL

10:20AM  11   MAY BE RELEVANT TO THE JURY EVEN IF IT'S NOT AN ELEMENT.

10:20AM  12        AND USING THE LANGUAGE THAT THE GOVERNMENT HAS PROPOSED,

10:20AM  13   WHICH IS TO SAY "NOR DOES IT MATTER," OR LATER THEY USE THE

10:20AM  14   LANGUAGE "IMMATERIAL" WE THINK IS AN INCORRECT STATEMENT OF THE

10:20AM  15   LAW FOR THAT REASON.

10:20AM  16        THE COURT:  THE SUCCESS OF THE FRAUD IS AT 1176,

10:20AM  17   PAGE 26, I BELIEVE.

10:20AM  18        MS. VOLKAR:  THAT'S CORRECT, YOUR HONOR.

10:20AM  19        MS. SAHARIA:  YES, YOUR HONOR.

10:20AM  20        AND OUR POINT THERE IS THAT -- SO THEY HAVE ADDED A NEW

10:20AM  21   SENTENCE TO THIS IN THE MOST RECENT VERSION, WHICH IS THE

10:20AM  22   SECOND SENTENCE.  "IT IS NOT NECESSARY THAT THE DEFENDANT MADE

10:20AM  23   A PROFIT OR THAT ANYONE ACTUALLY SUFFERED A LOSS."

10:20AM  24        THAT IS, I BELIEVE, A CORRECT STATEMENT OF THE LAW.

10:20AM  25        I DON'T UNDERSTAND ITS PURPOSE IN THIS CASE.  IT'S

10:20AM 1      COMPLETELY INCONGRUOUS WITH THE FACTS OF THE CASE AND I THINK

10:21AM 2      ITS ONLY PURPOSE WILL BE TO MISLEAD THE JURY.

10:21AM 3          BUT THE FIRST SENTENCE, WE MAINTAIN THE "NOT MATERIAL"

10:21AM 4      SENTENCE IS A MISSTATEMENT OF THE LAW BECAUSE IT SUGGESTS TO

10:21AM 5      THE JURY THAT IT'S IRRELEVANT, AND THAT'S JUST NOT THE CASE.

10:21AM 6          THE COURT:  OKAY.

10:21AM 7          MS. VOLKAR:  YOUR HONOR, THIS IS ANOTHER AREA WHERE

10:21AM 8      I WAS PREPARED TO TALK ABOUT THE SENTENCE ADDED TO THAT, BUT

10:21AM 9      WE'VE SORT OF MOVED INTO THE SUCCESSFUL WIRE FRAUD, SO I'D LIKE

10:21AM 10     TO TURN IT OVER TO MR. LEACH.

10:21AM 11         THE COURT:  SURE.  OF COURSE.

10:21AM 12     MR. LEACH, YOU CAN TAKE YOUR MASK OFF IF YOU WOULD LIKE.

10:21AM 13         MR. LEACH:  THANK YOU, YOUR HONOR.

10:21AM 14     SO THE FIRST SENTENCE OF -- I'M ON PAGE 26 AT

10:21AM 15     DOCUMENT 1176, SUCCESS OF THE WIRE FRAUD SCHEME.

10:21AM 16         THAT FIRST SENTENCE IS DRAWN DIRECTLY FROM YOUR HONOR'S

10:21AM 17     INSTRUCTIONS IN A PRIOR CASE.

10:21AM 18         I HEAR MS. SAHARIA'S POINT THAT SUCCESS OF THE SCHEME MAY

10:21AM 19     BE RELEVANT TO A JURY'S ASSESSMENT OF WHETHER THE

10:21AM 20     REPRESENTATIONS WERE MATERIAL.  I THINK THAT'S CURATIVE.  WE

10:22AM 21     SIMPLY SAY SUCCESS OF THE SCHEME IS NOT REQUIRED FOR -- AS AN

10:22AM 22     ELEMENT OF WIRE FRAUD.  SO I THINK THAT CONCERN COULD BE

10:22AM 23     ADDRESSED THAT WAY.

10:22AM 24         WE ADDED THE SECOND SENTENCE BECAUSE I THINK THERE HAS

10:22AM 25     BEEN SOME SUGGESTION FROM THE DEFENSE IN THIS CASE THAT THE

10:22AM  1     DEFENDANT DIDN'T SELL HER STOCK AND, THEREFORE, SHE DIDN'T HAVE

10:22AM  2     A MOTIVE.

10:22AM  3          AND WE DON'T WANT THE JURORS TO THINK THAT PROFIT IS

10:22AM  4     SOMEHOW REQUIRED IN ORDER TO MEET THE ELEMENTS HERE.

10:22AM  5          I ALSO THINK THERE'S BEEN SOME SUGGESTION THAT THESE ARE

10:22AM  6     SOPHISTICATED INVESTORS WHO ARE WELL POSITIONED, OR WHO ARE --

10:22AM  7     WHO HAVE SUFFICIENT RESOURCES TO ABSORB THESE LOSSES, AND WE

10:22AM  8     DON'T WANT THE JURORS TO THINK THAT YOU NEED TO FIND THAT THIS

10:22AM  9     PARTICULAR VICTIM LOST MONEY OR THAT THIS LOSS WAS PARTICULARLY

10:22AM  10    IMPORTANT TO THEM.

10:22AM  11         SO I DO THINK THAT THIS SERVES A PURPOSE, AND WHAT I'M

10:22AM  12    HEARING FROM THE DEFENSE IS THAT THESE ARE, WITH THE EXCEPTION

10:22AM  13    OF THE WORD "MATERIAL" THERE, THESE ARE ACCURATE STATEMENTS OF

10:22AM  14    THE LAW, AND FOR THOSE REASONS WE THINK THIS INSTRUCTION IS

10:23AM  15    APPROPRIATE.

10:23AM  16              THE COURT:  WELL, AS TO THE -- I'M SORRY.  GO AHEAD.

10:23AM  17              MR. LEACH:  GOING BACK TO THE WIRE FRAUD INSTRUCTION

10:23AM  18    ITSELF, IF I WAS HEARING THE DEFENSE CORRECTLY, THE OBJECTION

10:23AM  19    IS THAT THE WIRE NEEDS TO BE IN FURTHERANCE OF AN ESSENTIAL

10:23AM  20    ELEMENT OF THE SCHEME OR BE AN ESSENTIAL PART OF THE SCHEME.

10:23AM  21         I THINK THAT OBJECTION COULD BE CURED BY ADDING WORDS TO

10:23AM  22    THE LANGUAGE THAT HAS BEEN USED BEFORE.

10:23AM  23         BUT I DON'T HEAR ANY DISAGREEMENT WITH THE PRINCIPLE THAT

10:23AM  24    THE WIRING ITSELF DOESN'T HAVE TO BE FALSE, AND WE JUST DON'T

10:23AM  25    WANT THERE TO BE ANY CONFUSION AMONG THE JURORS THAT THEY HAVE

10:23AM 1      TO SEE A FALSE STATEMENT IN THE WIRE.  I THINK THAT'S A COMMON

10:23AM 2      MISUNDERSTANDING.

10:23AM 3                  THE COURT:  OKAY.

10:23AM 4          MS. SAHARIA, TO MR. LEACH'S POINT, THAT LAST LANGUAGE IN

10:23AM 5      THEIR SUCCESS OF THE WIRE FRAUD, 1176, PAGE 26, IT SEEMS TO ME

10:23AM 6      THAT'S WHAT CAME TO MY MIND IS THAT THERE WAS EVIDENCE THAT WAS

10:23AM 7      BROUGHT OUT FROM VARIOUS WITNESSES ABOUT WHETHER OR NOT

10:23AM 8      MS. HOLMES HAD SECURED PROFIT; HER SALARY, I THINK, WAS IN

10:24AM 9      EVIDENCE; AND ALSO THERE WAS EVIDENCE, AS MR. LEACH POINTS OUT,

10:24AM 10     THROUGH CROSS-EXAMINATION OF WITNESSES, ABOUT THERE BEING

10:24AM 11     SUCCESSFUL INVESTORS AND THOSE TYPES OF THINGS, WHICH SEEMS TO

10:24AM 12     SUGGEST WHY THAT WOULD BE IN THERE.  I'M NOT PUTTING MYSELF IN

10:24AM 13     THE GOVERNMENT'S SHOES.

10:24AM 14                 MS. SAHARIA:  UNDERSTOOD.

10:24AM 15                 THE COURT:  I'M JUST SAYING, WELL, PROBABLY THAT'S

10:24AM 16     WHY THEY DID IT.

10:24AM 17                 MS. SAHARIA:  LET ME CONFER.  THEY JUST ADDED THIS

10:24AM 18     ONE YESTERDAY, SO LET ME CONFER WITH MY TEAM.  I HAVEN'T HAD A

10:24AM 19     CHANCE TO DISCUSS THAT PARTICULAR SENTENCE WITH THE TEAM.

10:24AM 20                 THE COURT:  RIGHT.

10:24AM 21                 MS. SAHARIA:  I THINK YOUR HONOR HAS HEARD OUR

10:24AM 22     OBJECTIONS MORE GENERALLY ON THIS ISSUE.

10:24AM 23                 THE COURT:  RIGHT.  OKAY.

10:24AM 24         ANYTHING FURTHER, MR. LEACH, ON THIS TOPIC?

10:24AM 25                 MR. LEACH:  NO, YOUR HONOR.  THANK YOU.

8273

10:24AM 1          THE COURT:  GREAT.  THANK YOU.

10:24AM 2          MS. SAHARIA:  JUST TO FINALIZE ON THIS POINT, I

10:24AM 3   THINK THERE'S A SIMILAR SENTENCE THAT THEY HAVE ADDED INTO THE

10:25AM 4   WIRE FRAUD INSTRUCTION, WHICH I THINK IS OF THE SAME VEIN --

10:25AM 5   AND THIS IS AT THE TOP OF 16 AT ECF 1174.  "SIMILARLY, IT DOES

10:25AM 6   NOT MATTER IF THE DEFENDANT INTENDED TO REPAY THE MONEY

10:25AM 7   OBTAINED THROUGH DECEPTION."

10:25AM 8          WE ARE, AGAIN, VERY CONCERNED THAT THIS WILL CONFUSE THE

10:25AM 9   JURY.  A DEFENDANT'S BELIEF THAT INVESTORS WILL MAKE MONEY IS

10:25AM 10  RELEVANT TO THE CASE, AND WE'VE HAD THAT DISCUSSION BACK A LONG

10:25AM 11  TIME AGO AT THE MOTION IN LIMINE STAGE.

10:25AM 12         THIS IS JUST AN ARGUMENTATIVE SENTENCE.  IT DOESN'T REALLY

10:25AM 13  FIT THE FACTS OF THIS CASE.  IT'S GOING TO CONFUSE THE JURY.

10:25AM 14  WE THINK AS RAISED, IT WOULD NEED A LOT MORE CONTEXT TO MAKE IT

10:26AM 15  A NONCONFUSING, NONMISLEADING STATEMENT.  WE WOULD NEED TO ADD

10:26AM 16  LANGUAGE TO IT SIMILAR TO WHAT I JUST INDICATED ABOUT A

10:26AM 17  DEFENDANT'S BELIEF THAT INVESTORS WILL MAKE MONEY MAY WELL BE

10:26AM 18  RELEVANT.  IN FACT, IT'S QUITE RELEVANT, AND SO WE OBJECT TO

10:26AM 19  THAT SENTENCE.

10:26AM 20         THE COURT:  MR. LEACH?

10:26AM 21         MR. LEACH:  YOUR HONOR, I THINK THIS INSTRUCTION IS

10:26AM 22  IMPORTANT FOR THE REASONS UNDERSCORED BY WHAT MS. SAHARIA JUST

10:26AM 23  SAID.

10:26AM 24         THE INTENT REQUIRED FOR WIRE FRAUD IS AN INTENT TO DECEIVE

10:26AM 25  OR CHEAT.  IT'S KNOWLEDGE THAT THE STATEMENTS THAT YOU'RE

10:26AM 1   MAKING TO THE VICTIM ARE FALSE AND MISLEADING.

10:26AM 2        AND IT DOES NOT MATTER IF YOU HAVE A GOOD FAITH BELIEF

10:26AM 3   THAT THEY'RE GOING TO GET REPAID SOME DAY.  IT DOESN'T MATTER

10:26AM 4   IF YOU HAVE A WIDE HEART HOPING THAT IT'S ALL GOING TO WORK OUT

10:26AM 5   AT THE END OF THE DAY.

10:26AM 6        IF YOU KNOW THAT THE STATEMENTS YOU'RE MAKING TO THE

10:26AM 7   VICTIM ARE FALSE, THAT'S THE INTENT THAT'S RELEVANT FOR WIRE

10:26AM 8   FRAUD.

10:26AM 9        AND WE DON'T WANT THE JURORS TO BE CONFUSED HERE THAT, YOU

10:26AM 10  KNOW, A HOPE THAT IT'S GOING TO WORK OUT; OR YOU THINK, IN THE

10:27AM 11  PONZI SCHEME CONTEXT, THAT SOME DAY SOMETHING IS GOING TO COME

10:27AM 12  THROUGH, THAT THAT NEGATES THE INTENT THAT'S REQUIRED FOR WIRE

10:27AM 13  FRAUD, WHICH IS THE INTENT TO MISLEAD SOMEBODY THROUGH FALSE

10:27AM 14  AND MISLEADING STATEMENTS.  THAT'S THE INTENT THAT MATTERS.

10:27AM 15       AND, YOU KNOW, I THINK WE'VE HEARD A LOT OF SUGGESTIONS

10:27AM 16  FROM THE DEFENSE IN CROSS-EXAMINATION THAT EVERYBODY HOPED THIS

10:27AM 17  WAS GOING TO WORK OUT AT THE END OF THE DAY, AND THAT VERY WELL

10:27AM 18  MIGHT BE NICE AND TRUE.

10:27AM 19       BUT THAT'S NOT REALLY GETTING AT THE CORE OF THE MENTAL

10:27AM 20  STATE THAT IS REQUIRED HERE.

10:27AM 21       AND SO THIS TIES WITH SOME OF THE OBJECTIONS THAT WE'RE

10:27AM 22  GOING TO HAVE TO THEIR GOOD FAITH ARGUMENT, BUT WE THINK IT'S

10:27AM 23  VERY IMPORTANT TO GET ACROSS THIS CONCEPT THAT A GOOD FAITH

10:27AM 24  INTENT TO REPAY AT THE END OF THE DAY DOESN'T NEGATE KNOWINGLY

10:27AM 25  MAKING FALSE STATEMENTS TO SOMEBODY.

10:27AM 1      THE COURT:  DO YOU PART COMPANY WITH THAT CONCEPT,

10:27AM 2   MS. SAHARIA?

10:27AM 3      MS. SAHARIA:  I'M SORRY?

10:27AM 4      THE COURT:  DO YOU PART COMPANY WITH THAT CONCEPT?

10:27AM 5      MS. SAHARIA:  NO, YOUR HONOR.  AND, IN FACT, THE

10:28AM 6   COURT HAS ALREADY ENTERED AN ORDER IN CONNECTION WITH THE

10:28AM 7   MOTION IN LIMINE PROHIBITING US FROM MAKING THAT ARGUMENT, AND

10:28AM 8   OF COURSE WE DON'T INTEND TO MAKE THAT ARGUMENT.

10:28AM 9      THE INTENT THAT IS REQUIRED UNDER THE STATUTE IS ALREADY

10:28AM 10  CONVEYED IN THE INSTRUCTIONS.

10:28AM 11     OF COURSE WE CANNOT ARGUE TO THE JURY THAT IF MS. HOLMES

10:28AM 12  INTENDED TO DECEIVE INVESTORS, IT DOESN'T MATTER SO LONG AS SHE

10:28AM 13  THOUGHT AT SOME POINT IN THE FUTURE THEY WOULD GET REPAID.  WE

10:28AM 14  CAN'T MAKE THAT ARGUMENT.  WE'RE NOT GOING TO MAKE THAT

10:28AM 15  ARGUMENT.

10:28AM 16     THIS INSTRUCTION IS A STRAW MAN AGAINST AN ARGUMENT THAT

10:28AM 17  WE'RE NOT GOING TO BE MAKING IN THIS CASE.

10:28AM 18     AGAIN, FOR THE REASONS I'VE ALREADY SAID, WE'RE CONCERNED

10:28AM 19  IT WILL CONFUSE THE JURY ABOUT THE FACT THAT IF SHE BELIEVED

10:28AM 20  THE INVESTORS WOULD MAKE MONEY, THAT IS RELEVANT.

10:28AM 21     SO IF THE GOVERNMENT IS GOING TO INSIST ON INCLUDING THIS

10:28AM 22  LANGUAGE, WE WOULD PROPOSE ADDITIONAL LANGUAGE TO ACCOMPANY IT

10:28AM 23  TO GIVE THE JURY KIND OF A FULSOME UNDERSTANDING OF THESE

10:28AM 24  ISSUES AROUND INTENT, AND WE THINK IT'S PERFECTLY COVERED BY

10:28AM 25  THE INSTRUCTIONS ALREADY AND IS UNNECESSARY.

10:29AM 1      THE COURT:  DOES THIS TOUCH ON YOUR, I DON'T WANT TO

10:29AM 2   GET AHEAD OF OURSELVES, BUT YOUR GOOD FAITH OFFERING, YOUR

10:29AM 3   DESIRE TO HAVE A GOOD FAITH -- I'LL JUST CALL IT THAT --

10:29AM 4   INSTRUCTION?  IT SEEMS LIKE THESE TWO ARE INTERTWINED.

10:29AM 5      MS. SAHARIA:  I DON'T THINK SO, YOUR HONOR, BECAUSE

10:29AM 6   A GOOD FAITH INSTRUCTION IS COMMONLY GIVEN IN CASES OF THIS

10:29AM 7   SORT, AND I'LL TURN TO THAT WHEN WE TALK A LITTLE BIT ABOUT

10:29AM 8   PUFFERY AND THE CASES AROUND PUFFERY INSTRUCTIONS AND GOOD

10:29AM 9   FAITH INSTRUCTIONS.

10:29AM 10     BUT I'M, I'M HAPPY TO KIND OF TAKE THIS SENTENCE AND SEE

10:29AM 11  IF THERE'S SOME WAY TO -- IF THE GOVERNMENT WANTS TO PROPOSE A

10:29AM 12  WAY TO INCORPORATE THIS CONCEPT INTO OUR GOOD FAITH

10:29AM 13  INSTRUCTION, WE CAN MEET AND CONFER AROUND THAT.  I'D BE HAPPY

10:29AM 14  TO MEET AND CONFER WITH MR. LEACH ABOUT THAT.

10:29AM 15     THE COURT:  RESTRAIN YOUR ENTHUSIASM, MR. LEACH.

10:29AM 16     MR. LEACH:  I'M DOING MY BEST.

10:30AM 17     THE COURT:  SO THE CONCEPT HERE IS ONE THAT I THINK

10:30AM 18  WE ALL AGREE WITH, THE FACT THAT A DEFENDANT, AN ACCUSED,

10:30AM 19  BELIEVED THAT, OH, THIS IS GOING TO SUCCEED, AND SO THAT'S A

10:30AM 20  DEFENSE, BECAUSE I KNEW IT WAS GOING TO SUCCEED, I THINK THAT'S

10:30AM 21  WHAT WE'RE TALKING ABOUT IS -- AND YOU AGREE WITH THAT GENERAL

10:30AM 22  CONCEPT?

10:30AM 23     MS. SAHARIA:  NOT QUITE, YOUR HONOR.

10:30AM 24     I THINK THE FACT THAT A DEFENDANT THINKS THAT HER VENTURE

10:30AM 25  IS GOING TO SUCCEED IS HIGHLY RELEVANT EVIDENCE OF INTENT THAT

10:30AM  1    IS ENTIRELY PROPER.

10:30AM  2        WHAT IS NOT PROPER IS FOR -- IS TO ARGUE THAT A DEFENDANT

10:30AM  3    KNOWINGLY MADE FALSE STATEMENTS AND THOUGHT NONETHELESS, I

10:30AM  4    THINK IT'S GOING TO SUCCEED.  THAT IS THE IMPROPER ARGUMENT.

10:30AM  5        BUT EVIDENCE THAT A DEFENDANT THOUGHT HER VENTURE WAS

10:30AM  6    GOING TO SUCCEED IS HIGHLY RELEVANT, WE BELIEVE, TO HER INTENT

10:30AM  7    BECAUSE IT SHOWS THAT SHE BELIEVED THAT WHAT SHE WAS SAYING WAS

10:30AM  8    TRUE.

10:30AM  9        THE COURT:  AND I GUESS WHAT I WAS REFERRING TO IS

10:30AM 10    THAT VICTIMS WOULD GET REPAID THROUGH WHATEVER IT IS THE

10:31AM 11    SCHEME, THE PLAN WAS.

10:31AM 12        MS. SAHARIA:  IF THERE OTHERWISE IS AN INTENT TO

10:31AM 13    DEFRAUD, YES, I AGREE WITH THAT, YOUR HONOR.

10:31AM 14        THE COURT:  THAT'S RIGHT.

10:31AM 15    OKAY.  MR. LEACH?

10:31AM 16        MR. LEACH:  AGAIN, YOUR HONOR, IT'S -- I THINK,

10:31AM 17    BASED ON EVERYTHING THAT MS. SAHARIA JUST SAID, IT'S IMPORTANT

10:31AM 18    TO MAKE THIS CONCEPT CLEAR TO THE JURY.  YES, A DEFENDANT'S

10:31AM 19    OPTIMISM ABOUT A COMPANY MIGHT HAVE SOME RELEVANCE IN THE CASE

10:31AM 20    SOMEWHERE, BUT THE REQUIRED INTENT IS THE INTENT TO DECEIVE AND

10:31AM 21    CHEAT.

10:31AM 22        AND I'M VERY WORRIED ABOUT JUROR CONFUSION THAT, YOU KNOW,

10:31AM 23    BECAUSE THE DEFENDANT HAD A VISION OR BECAUSE THE DEFENDANT,

10:31AM 24    YOU KNOW, WAS GUNG HO ABOUT THE COMPANY, THAT THAT THEREFORE

10:31AM 25    NEGATES THE INTENT OR THE KNOWLEDGE THAT THE STATEMENTS THAT

10:31AM  1    SHE'S MAKING ARE FALSE, AND I THINK THAT CONCEPT, IT'S VERY

10:31AM  2    EASY TO MUDDLE THAT GOOD FAITH INTO SOMETHING THAT SUPPORTS AN

10:31AM  3    IMPROPER CONCLUSION BY THE JURY.

10:32AM  4            THE COURT:  ALL RIGHT.  THANK YOU.

10:32AM  5            MS. SAHARIA:  OKAY.  I THINK WE CAN MOVE ON FROM

10:32AM  6    THAT POINT.

10:32AM  7        I'M STILL AT PAGE 16, AND THIS IS THE ISSUE OF DEFINING

10:32AM  8    SCHEME TO DEFRAUD.

10:32AM  9        YOUR HONOR MAY RECALL THAT WE HAD THIS DISCUSSION AT THE

10:32AM 10    TIME OF THE PRELIMINARY INSTRUCTIONS, AND OUR CONCERN WITH THE

10:32AM 11    MODEL INSTRUCTION IS THAT IT DOESN'T DEFINE SCHEME TO DEFRAUD

10:32AM 12    AND THAT A JURY MIGHT BE MISLED FROM THE MODEL LANGUAGE INTO

10:32AM 13    THINKING THAT A SCHEME TO DEFRAUD IS NOT A SCHEME FOR OBTAINING

10:32AM 14    MONEY OR PROPERTY, AND THE SUPREME COURT HAS EXPLAINED HOW THAT

10:32AM 15    SIMPLE READING OF THE STATUTE IN THE MCNALLY CASE IS AN

10:32AM 16    INCORRECT READING OF THE STATUTE.

10:32AM 17        AT THE TIME OF THE PRELIMINARY INSTRUCTIONS, WE PROPOSED

10:32AM 18    THE DEFINITION OF THE SCHEME TO DEFRAUD, WHICH AS I RECALL, THE

10:33AM 19    COURT DID ADD TO THE PRELIMINARY INSTRUCTIONS.

10:33AM 20        WE PROPOSED A SOMEWHAT DIFFERENT ONE FOR THE COURT'S

10:33AM 21    CONSIDERATION NOW, AND THAT'S AT THE PAGE -- LET ME JUST FLIP

10:33AM 22    AHEAD.  THAT'S AT 32 OF OUR SUBMISSION 1174.

10:33AM 23        AND THIS IS STILL BASED ON THE SUPREME COURT'S RECENT CASE

10:33AM 24    IN KELLY, WHICH IS THE MOST RECENT WIRE FRAUD CASE FROM THE

10:33AM 25    COURT.

10:33AM  1      THE PRINCIPAL DIFFERENCE BETWEEN WHAT WE HAD EARLIER

10:33AM  2  PROPOSED AND WHAT WE PROPOSE NOW IS TO USE THE WORD "OBTAIN

10:33AM  3  MONEY OR PROPERTY" AS OPPOSED TO "DEPRIVE THE VICTIM OF MONEY

10:33AM  4  OR PROPERTY," AND THE REASON FOR THAT IS THAT THE STATUTE USES

10:33AM  5  THE WORD "OBTAIN," AND SO WE THOUGHT IT WAS MORE FAITHFUL TO

10:33AM  6  THE STATUTE AND TO THE NINTH CIRCUIT CASES DISCUSSING THE

10:33AM  7  STATUTE TO USE THE WORD "OBTAIN."

10:34AM  8      THE COURT:  ALL RIGHT.

10:34AM  9      MR. LEACH:  THERE'S NO NEED TO REVISE THE MODEL

10:34AM 10  INSTRUCTION HERE, YOUR HONOR.  THIS HAS BEEN USED REPEATEDLY IN

10:34AM 11  THIS COURT AND BY OTHER JUDGES WITHIN THIS DISTRICT.

10:34AM 12      I THINK THERE'S NO RISK FOR CONFUSION ABOUT WHAT A SCHEME

10:34AM 13  OR PLAN TO DEFRAUD IS.

10:34AM 14      WE WOULD OBJECT TO USING "OBTAIN" RATHER THAN "DEPRIVE."

10:34AM 15  EVEN UNDER THE KELLY CASE AND OTHER RECENT SUPREME COURT CASES,

10:34AM 16  EVEN A TEMPORARY DEPRIVATION OF PROPERTY WOULD BE SUFFICIENT.

10:34AM 17      I THINK THE MORE DEFINITIONS WE ADD HERE, THE MORE RISK OF

10:34AM 18  CONFUSION AND LENGTHENING OF THE INSTRUCTIONS, SO WE WOULD URGE

10:34AM 19  THE COURT TO STICK TO THE MODEL HERE.

10:34AM 20      THE COURT:  I THINK I DID CHANGE THE PRELIMINARY AND

10:34AM 21  GAVE THE DEFENSE VERSION, I THINK.

10:34AM 22      MS. SAHARIA:  YOU DID, YOUR HONOR.

10:34AM 23      THE COURT:  AND I ADOPTED YOUR SUGGESTIONS.

10:34AM 24      AND WHY IS THAT NOT APPROPRIATE NOW TO CONTINUE WITH THAT?

10:35AM 25  PARDON ME.

10:35AM  1        MS. SAHARIA:  I DO THINK IT IS APPROPRIATE TO GIVE A

10:35AM  2   DEFINITION OF SCHEME TO DEFRAUD, FOR THE REASONS THAT WE SAID

10:35AM  3   BOTH AT THAT TIME AND NOW.

10:35AM  4        IT'S JUST WHEN WE LOOKED BACK AT THE LANGUAGE WE HAD

10:35AM  5   PROPOSED, WHICH USED THE LANGUAGE "DEPRIVE," AND WE LOOKED AT

10:35AM  6   THE REST OF THE KELLY CASE, AS WELL AS THE LANGUAGE OF THE

10:35AM  7   STATUTE, IT SEEMED TO US THAT "OBTAIN" IS THE MORE PROPER

10:35AM  8   STANDARD, WHICH WAS THE REASON FOR PROPOSING SLIGHTLY DIFFERENT

10:35AM  9   LANGUAGE.

10:35AM  10       BUT IF THE COURT IS NOT CONVINCED THAT "OBTAIN" NEEDS TO

10:35AM  11  BE THE LANGUAGE, THEN WE WOULD ASK THE COURT TO USE THE

10:35AM  12  LANGUAGE IT USED IN THE PRELIMINARY INSTRUCTIONS AS AN

10:35AM  13  ALTERNATIVE.

10:35AM  14            THE COURT:  ALL RIGHT.  THANK YOU.

10:35AM  15            MS. SAHARIA:  I THINK JUST -- THERE'S STILL A FEW

10:35AM  16  MORE OBJECTIONS ON WIRE FRAUD THAT I'LL JUST KIND OF WALK

10:35AM  17  THROUGH.

10:35AM  18       WE ASKED THE COURT TO GIVE LANGUAGE, THIS IS AT 16 -- THE

10:36AM  19  BOTTOM OF PAGE 16 OF ECF 1174.  THIS COMES STRAIGHT FROM

10:36AM  20  NINTH CIRCUIT LAW, THAT "A SCHEME TO DEFRAUD IS NOT NECESSARILY

10:36AM  21  TO BE INFERRED FROM AN UNPROFITABLE VENTURE," JUST GIVEN THE

10:36AM  22  FACTS OF THIS CASE AND GIVEN THE FACT THAT, OF COURSE, THERANOS

10:36AM  23  NO LONGER EXISTS.

10:36AM  24            THE COURT:  MR. LEACH?

10:36AM  25            MR. LEACH:  WE OBJECT, YOUR HONOR.  I THINK THAT'S

10:36AM 1    ARGUMENT.

10:36AM 2            THE COURT:  AND THESE ARE YOUR -- IS THIS YOUR 43

10:36AM 3    AND 50, MS. SAHARIA?

10:36AM 4            MS. SAHARIA:  I BELIEVE SO, YOUR HONOR.  HOLD ON.

10:37AM 5        CORRECT, YOUR HONOR.

10:37AM 6            THE COURT:  OKAY.

10:37AM 7            MS. SAHARIA:  AND TO THE EXTENT IT'S ARGUMENT, IT'S

10:37AM 8    NO LESS ARGUMENT THAN THE POINT WE WERE JUST DISCUSSING,

10:37AM 9    YOUR HONOR.  SO I'LL JUST LEAVE IT AT THAT.

10:37AM 10           THE COURT:  OKAY.  THANK YOU.

10:37AM 11           MS. SAHARIA:  THE NEXT POINT I'LL MAKE IS THAT WE

10:37AM 12   REQUEST THAT THE COURT INSTRUCT THE JURY THAT -- AND THIS

10:37AM 13   COMES -- THIS IS AT PAGE 17, THAT -- AND THIS IS THE LANGUAGE

10:37AM 14   THAT WE ADDED.

10:37AM 15       THIS IS AT PAGE 59 OF ECF 809.  WE ADDED LANGUAGE

10:37AM 16   EXPLAINING, "IT IS NOT ENOUGH FOR THE GOVERNMENT TO PROVE THAT

10:37AM 17   THOSE STATEMENTS CAUSED SOMEONE TO ENTER INTO A TRANSACTION

10:37AM 18   THAT HE OR SHE WOULD OTHERWISE HAVE AVOIDED.  IN ORDER TO PROVE

10:37AM 19   THAT A SCHEME TO DEFRAUD EXISTED, THE GOVERNMENT MUST PROVE

10:37AM 20   BEYOND A REASONABLE DOUBT THAT THE MATERIALLY FALSE AND

10:37AM 21   FRAUDULENT PRETENSES, REPRESENTATIONS AND PROMISES

10:38AM 22   MISREPRESENTED AN ESSENTIAL ELEMENT OF THE BARGAIN."

10:38AM 23       AND THAT POINT IS TO INCORPORATE THE POINT THAT WE HAD

10:38AM 24   DISCUSSED WAY BACK WHEN AT THE FIRST MOTION TO DISMISS, WHICH

10:38AM 25   IS THAT IF AN ALLEGED VICTIM GOT WHAT THEY THOUGHT THEY WERE

10:38AM 1    GETTING, FOR EXAMPLE, THEY ACTUALLY GOT AN ACCURATE AND

10:38AM 2    RELIABLE BLOOD TEST, THAT IS NOT WIRE FRAUD, EVEN IF KNOWING

10:38AM 3    WHAT THEY, YOU KNOW, WHAT THEY NOW KNOW, THEY WOULDN'T HAVE

10:38AM 4    ENTERED THAT TRANSACTION.

10:38AM 5         IF THEY GOT WHAT THEY THOUGHT THEY WERE GETTING, THEN

10:38AM 6    THAT'S NOT WIRE FRAUD, AND WE THINK ON THE FACTS OF THIS CASE,

10:38AM 7    THAT'S AN IMPORTANT CONCEPT FOR THE JURY TO HEAR.

10:38AM 8              THE COURT:  MR. LEACH?

10:38AM 9              MR. LEACH:  I THINK THESE ARE ADDITIONS AND NUANCES

10:38AM 10   THAT COULD BE MADE IN VIRTUALLY ANY WIRE FRAUD CASE, AND IT'S

10:38AM 11   ADDING UNNECESSARY DETAIL TO THE MODEL WIRE FRAUD INSTRUCTION.

10:38AM 12        IT'S REALLY A DEFENSE THEORY OF THE CASE, AND I THINK IT

10:39AM 13   UNNECESSARILY MUDDIES THE WATERS, MAKES THE INSTRUCTIONS

10:39AM 14   LONGER, AND REALLY IS INJECTING A DEFENSE ARGUMENT THAT IS

10:39AM 15   BETTER MADE BY THEM AND NOT WITH THE IMPRIMATUR OF THE COURT.

10:39AM 16             THE COURT:  WELL, IT LOOKED -- YOU KNOW, PARDON ME,

10:39AM 17   AND I DON'T MEAN TO BE CRITICAL OF THE WORK PRODUCT, BUT IT

10:39AM 18   JUST LOOKED TO ME -- AND I JUST GAVE IT A HIGH LEVEL

10:39AM 19   GLANCE PERHAPS AND LOOKED AT IT A LITTLE BIT -- IT DID LOOK A

10:39AM 20   LITTLE, YOUR C, WHAT YOU IDENTIFY IN PARAGRAPH C, IT JUST SEEMS

10:39AM 21   TO BE A LOT.  I'M CONCERNED THAT IT'S GOING TO BE CONFUSING TO

10:39AM 22   A JURY.

10:39AM 23        IF YOU WANT TO WORK SOME EDITS ON THIS SO WE CAN DISCUSS

10:39AM 24   IT SOME MORE --

10:39AM 25             MS. SAHARIA:  OKAY.

| | | |
|---|---|---|
| 10:39AM | 1 | THE COURT:  -- I'M HAPPY TO DO THAT. |
| 10:39AM | 2 | MS. SAHARIA:  WE WILL TRY THAT, YOUR HONOR. |
| 10:39AM | 3 | THE COURT:  OKAY.  AND THEN I THINK D IS, AGAIN, |
| 10:39AM | 4 | BACK TO THE SUMMARY. |
| 10:39AM | 5 | MS. SAHARIA:  I THINK D WE DISCUSSED ALREADY. |
| 10:39AM | 6 | THE COURT:  RIGHT, I THINK WE HAVE. |
| 10:39AM | 7 | MS. SAHARIA:  AND THEN WE DISCUSSED THE ISSUE OF |
| 10:39AM | 8 | SPECIFIC UNANIMITY ALREADY.  I THINK -- I TAKE YOUR -- IF I |
| 10:40AM | 9 | MIGHT TAKE THE COURT'S INVITATION TO PROPOSE A VERY SHORT |
| 10:40AM | 10 | VERSION OF THAT, WE WILL TRY OUR HAND AT THAT. |
| 10:40AM | 11 | THE COURT:  OKAY. |
| 10:40AM | 12 | MS. VOLKAR:  YOUR HONOR, MAY I BE HEARD ON THAT |
| 10:40AM | 13 | POINT? |
| 10:40AM | 14 | THE COURT:  YES, OF COURSE. |
| 10:40AM | 15 | MS. VOLKAR:  AND SORRY FOR THE BACK AND FORTH |
| 10:40AM | 16 | BETWEEN MR. LEACH AND MYSELF.  WE DIDN'T BREAK IT UP ON THE |
| 10:40AM | 17 | OBJECTIONS, SO -- |
| 10:40AM | 18 | THE COURT:  NO, THIS IS -- YOU'RE HELPING ME. |
| 10:40AM | 19 | MS. VOLKAR:  WE'RE DOING A DANCE OVER HERE. |
| 10:40AM | 20 | BUT ON THE SPECIFIC UNANIMITY, I WANTED TO SPECIFICALLY |
| 10:40AM | 21 | OBJECT MORE SO THAN WHAT WE TALKED ABOUT BEFORE. |
| 10:40AM | 22 | THERE IS NO BASIS, NO PRECEDENT FOR GIVING A SPECIFIC |
| 10:40AM | 23 | UNANIMITY INSTRUCTION FOR A WIRE FRAUD COUNT. |
| 10:40AM | 24 | WE WERE DISCUSSING IT WITH RESPECT TO CONSPIRACY AND THE |
| 10:40AM | 25 | FACT THAT THERE MAY BE CONFUSION WHEN THE EVIDENCE SHOWS |

10:40AM 1      MULTIPLE CONSPIRACIES AND THE INDICTMENT HAS ONLY CHARGED ONE

10:40AM 2      CONSPIRACY.  THAT'S THE LAPIERRE CASE.  WE UNDERSTAND THE

10:40AM 3      LAPIERRE CASE.

10:40AM 4              THE COURT:  THAT'S TYPICALLY WHERE YOU SEE THAT.

10:40AM 5              MS. VOLKAR:  THAT'S TYPICALLY WHERE YOU SEE THAT.

10:41AM 6      THAT'S NOT WIRE FRAUD.

10:41AM 7          I HAVE SEARCHED, AND I INVITE THE DEFENSE TO POINT ME TO

10:41AM 8      ONE, I HAVE NOT SEEN A SINGLE CASE, AND THEY DIDN'T CITE ANY IN

10:41AM 9      THE NINTH CIRCUIT, WHERE A SPECIFIC UNANIMITY INSTRUCTION IS

10:41AM 10     USED IN A WIRE FRAUD CASE.

10:41AM 11         SO I WANT TO REALLY STRENUOUSLY OBJECT.  THEY INCLUDE IT

10:41AM 12     FOR EACH AND EVERY COUNT, NOT JUST THE CONSPIRACY COUNTS, BUT

10:41AM 13     ALSO WIRE FRAUD, AND IT IS PARTICULARLY INAPPROPRIATE FOR THE

10:41AM 14     WIRE FRAUD COUNTS AND THERE'S NO SUPPORT, NO PRECEDENT, NO

10:41AM 15     BASIS FOR IT.

10:41AM 16             MS. SAHARIA:  I MEAN, I THINK THE NINTH CIRCUIT

10:41AM 17     CASES MAKE PRETTY CLEAR THAT SCHEMES TO DEFRAUD IN CONSPIRACIES

10:41AM 18     ARE, YOU KNOW, VERY CLOSE TO EACH OTHER.  AND, IN FACT, THAT'S

10:41AM 19     WHY THE NINTH CIRCUIT RECOGNIZES THE PRINCIPLE OF COSCHEMER

10:41AM 20     LIABILITY AND BASICALLY BASES IT ON PINKERTON LIABILITY AND

10:41AM 21     SAYS WHEN YOU HAVE TWO PEOPLE IN A SCHEME TO DEFRAUD, WE'RE

10:41AM 22     GOING TO APPLY THE SAME CONCEPTS FROM CONSPIRACY IN THE SCHEME

10:41AM 23     TO DEFRAUD CONTEXT.

10:41AM 24         SO I DON'T THINK THERE'S ANYTHING AT ALL UNUSUAL ABOUT

10:42AM 25     HAVING A SPECIFIC UNANIMITY INSTRUCTION WHEN THE TWO SEPARATE

8285

10:42AM 1    SCHEMES ARE CHARGED, JUST LIKE TWO SEPARATE CONSPIRACIES.

10:42AM 2        BUT LET US AGAIN PROPOSE LANGUAGE AND THE COURT CAN

10:42AM 3    CONSIDER IT.

10:42AM 4            THE COURT:  WELL, THAT'S FINE.

10:42AM 5        LET ME SAY, I DO CAPTURE THE OBSERVATION THAT THIS

10:42AM 6    INSTRUCTION IS, IS PERHAPS STRONGER AND MORE APPROPRIATE FOR

10:42AM 7    CONSPIRACIES AND MULTIPLE CONSPIRACIES.

10:42AM 8        I'VE NOT EXPERIENCED IT IN WIRE FRAUDS AS YOU SUGGEST, SO

10:42AM 9    I'M HAPPY TO LOOK AT WHAT YOUR SUGGESTION IS.

10:42AM 10           MS. SAHARIA:  OKAY.  THANK YOU, YOUR HONOR.

10:42AM 11           MS. VOLKAR:  YOUR HONOR, IF I MAY MAKE A BROADER

10:42AM 12   POINT?

10:42AM 13       AS WE HAVE BEEN GOING THROUGH, SINCE WE'VE BEEN GOING

10:42AM 14   THROUGH THE OBJECTIONS OF THE GOVERNMENT'S, WE'RE OF COURSE

10:42AM 15   SKIPPING LARGE SWATHS, PARAGRAPHS, PAGES OF WHAT THE DEFENSE

10:42AM 16   HAS SUGGESTED IN THEIR ORIGINAL FILING.  I UNDERSTAND THAT

10:42AM 17   MAYBE THEY'RE INTENDING TO STREAMLINE THAT.

10:42AM 18       IT HAD BEEN MY UNDERSTANDING THAT THAT'S WHAT THE PARTIES

10:42AM 19   WERE ORDERED TO DO BY 10:00 A.M. YESTERDAY.  IT SEEMS THAT

10:42AM 20   THERE MAY HAVE BEEN SOME CONFUSION, PERHAPS ON MY PART

10:42AM 21   CANDIDLY, BUT THERE MAY HAVE BEEN SOME CONFUSION ABOUT WHAT WE

10:43AM 22   WERE SUPPOSED TO DO.

10:43AM 23       BUT I WILL POINT OUT THAT WE'RE DOING A HIGH LEVEL PASS

10:43AM 24   HERE, AND IF WE'RE STARTING FROM THE GOVERNMENT'S SUGGESTIONS,

10:43AM 25   THEN THAT'S FINE WITH ME.

10:43AM  1      BUT THERE ARE LARGE SWATHS OF THE DEFENSE'S PROPOSALS

10:43AM  2   WHICH ARE VERY ARGUMENTATIVE, GO FAR BEYOND THE MODEL

10:43AM  3   INSTRUCTION, AS I STARTED OFF SAYING, THAT WE'RE WHOLLY

10:43AM  4   SKIPPING TODAY.  AND AGAIN, MAYBE THAT'S BECAUSE THE INTENT IS

10:43AM  5   TO CUT THAT OUT IN THE STREAMLINING PROCESS AND, THEREFORE,

10:43AM  6   THERE'S NO POINT TO WASTE TIME ON IT.

10:43AM  7      BUT I DO WANT TO EMPHASIZE THAT AS WE'RE FOCUSSING ON THE

10:43AM  8   GOVERNMENT'S INSTRUCTIONS HERE, I DON'T WANT TO LOSE SIGHT OF

10:43AM  9   THE FACT THAT THERE'S MANY PARAGRAPHS, MANY PAGES THAT WE'RE

10:43AM  10  NOT EVEN DISCUSSING OF WHAT THE DEFENSE HAS SUGGESTED ADDING.

10:43AM  11      THE COURT:  THANK YOU.  AND YOUR TEAMS CAN LOOK AT

10:43AM  12  CALENDARS AND WE'LL HAVE TO HAVE ANOTHER MEETING, MAYBE TWO, WE

10:43AM  13  MIGHT HAVE ANOTHER -- WE WILL HAVE ANOTHER MEETING, AND MAYBE

10:43AM  14  WE'LL HAVE A FINAL MEETING ON THE INSTRUCTIONS.

10:44AM  15      BUT TODAY WE'VE GOT ABOUT ANOTHER 20 MINUTES.  I THINK WE

10:44AM  16  NEED TO BREAK AT 11:00 O'CLOCK TODAY.  SO LET'S PRESS ON AND

10:44AM  17  GET WHAT WE CAN DONE.

10:44AM  18      MS. SAHARIA:  OKAY.  JUST TO RESPOND TO MS. VOLKAR'S

10:44AM  19  POINT, I TAKE TO HEART THE COURT'S REQUEST THAT WE, YOU KNOW,

10:44AM  20  STREAMLINE OUR PROPOSAL.

10:44AM  21      TO THE EXTENT THAT THERE IS LANGUAGE THAT WE INCLUDED IN

10:44AM  22  OUR PROPOSAL THAT WE REQUEST BE ADDED INTO THE MODELS, I HAVE

10:44AM  23  BEEN COVERING THOSE.  WE COVERED THOSE BOTH IN OUR WRITTEN

10:44AM  24  OBJECTIONS AND I'VE BEEN REITERATING THOSE TODAY.

10:44AM  25      SO TO THE EXTENT THAT THERE'S A CONCEPT THAT WE THINK

10:44AM 1    SHOULD BE INCLUDED THAT WE PROPOSED, I HAVE BEEN COVERING THOSE

10:44AM 2    TODAY.

10:44AM 3              THE COURT:  OKAY.  THANK YOU.

10:44AM 4         CAN I -- LET ME JUST STOP ALSO HERE AND TELL YOU THAT

10:44AM 5    ULTIMATELY WHEN WE GET TO THE INSTRUCTIONS WHAT I HAVE DONE,

10:44AM 6    AND WHAT I THINK I'LL DO IN THIS CASE, IS I'M GOING TO TASK THE

10:44AM 7    PARTIES TO, AGAIN, SINCE YOU'RE DOING SO WELL AS MEETING AND

10:44AM 8    CONFERRING, I'M GOING TO -- IT'S HIGHLY LIKELY THAT WHEN WE

10:45AM 9    FINISH OUR DISCUSSION AND WE START WINNOWING DOWN WHAT THE

10:45AM 10   FINAL INSTRUCTIONS WILL BE, I MAY TASK THE PARTIES TO PUT

10:45AM 11   TOGETHER IN A WORD DOCUMENT THE FINAL VERSION, AND THEN WE'LL

10:45AM 12   LOOK AT THAT AND USE THAT AS WELL.

10:45AM 13        SO I JUST GIVE YOU THAT NOTICE IN ADVANCE.  I MAY ASK YOU

10:45AM 14   TO BE THE SCRIBNER FOR THE INSTRUCTIONS, AND THEN I'LL LOOK AT

10:45AM 15   THEM AND THEN COMPARE THEM WITH WHAT I HAVE AND THEN WE'LL GO

10:45AM 16   FORWARD.

10:45AM 17        WHAT I WANT TO DO IS PREPARE THEM IN A WORD DOC, AND THE

10:45AM 18   GOVERNMENT IS FAMILIAR WITH MY PRACTICE HERE.  WE PUT IT IN A

10:45AM 19   WORD DOC.  WE ELIMINATE THE -- IF MODEL INSTRUCTIONS ARE USED,

10:45AM 20   AND IT'S JUST THE INSTRUCTION AND THE TITLE, AND ALL OF THE

10:45AM 21   BORDERS AND ALL OF THAT IS GONE.

10:45AM 22        SO THAT'S GOING TO BE OUR FINAL WORK PRODUCT.  BUT I'M

10:45AM 23   MOST LIKELY GOING TO TASK YOU TO PUT THAT TOGETHER, BOTH SIDES,

10:45AM 24   AND THEN WE'LL HAVE OUR FINAL MEETING ON THAT.

10:45AM 25        OKAY.  THANK YOU.

10:45AM 1          MS. SAHARIA:  GREAT.

10:45AM 2          THE COURT:  WHAT IS NEXT, MS. SAHARIA?

10:45AM 3          MS. SAHARIA:  WELL, LET'S SEE IF WE CAN AT LEAST GET

10:45AM 4   THROUGH MOST OF WIRE FRAUD BEFORE WE CONCLUDE.

10:45AM 5          SO NOW I'M AT PAGE 18 OF OUR OBJECTIONS.  WE PROPOSED, AND

10:46AM 6   I'LL JUST REQUEST THAT THE COURT GIVE OUR MORE FULSOME

10:46AM 7   DESCRIPTIONS OF WHAT CONSTITUTES FALSITY AS SUBPARAGRAPH A.

10:46AM 8          BUT I DON'T THINK THAT WE NEED TO DWELL ON THAT.

10:46AM 9          ON B, I DO REQUEST THAT -- I THINK WE'RE LARGELY IN

10:46AM 10  AGREEMENT ON THE DEFINITION OF MATERIALITY, WHICH COMES FROM

10:46AM 11  THE MODEL INSTRUCTION.

10:46AM 12         BUT WE DO PROPOSE THAT THE COURT ADD THE LANGUAGE "IN THE

10:46AM 13  CONTEXT IT WAS MADE" TO MAKE CLEAR TO THE JURY, AS WE'VE BEEN

10:46AM 14  DISCUSSING IN THIS CASE, INCLUDING AT THE MOTION IN LIMINE

10:46AM 15  STAGE, THAT MATERIALITY IS ASSESSED IN THE CONTEXT IN WHICH

10:46AM 16  STATEMENTS WERE MADE, AND WE THINK THAT LANGUAGE IS IMPORTANT

10:46AM 17  TO CONVEY IN THIS CASE.

10:46AM 18         AND WE INCLUDED THAT IN OUR PROPOSAL, WHICH IS 46 AND 53,

10:47AM 19  JUST THAT BRIEF ADDITION.

10:47AM 20         MS. VOLKAR?

10:47AM 21         MS. VOLKAR:  YOUR HONOR, I THINK THAT THE FALSITY

10:47AM 22  AND MATERIALITY INSTRUCTIONS ARE POSSIBLY THE EPITOME OF THE

10:47AM 23  GOVERNMENT'S OBJECTIONS.

10:47AM 24         THERE ARE TWO SEPARATE INSTRUCTIONS THERE, I THINK THEY

10:47AM 25  ARE NEARLY IDENTICAL FOR SEPARATE COUNTS.  THEY ARE A PAGE

10:47AM  1    LONG.  THEY TAKE A SENTENCE OUT OF THE MODEL INSTRUCTION AND

10:47AM  2    MAKE IT A PAGE, AND I DO THINK THAT THAT SPEAKS FOR ITSELF.

10:47AM  3         IT'S UNNECESSARY.  THE JURORS DON'T NEED A LEGAL TREATISE.

10:47AM  4    THE MODEL INSTRUCTIONS HAVE BEEN USED OVER AND OVER AND OVER

10:47AM  5    AGAIN IN WIRE FRAUD AND CONSPIRACY CASES AND I DON'T KNOW WHY

10:47AM  6    THERE'S ANYTHING ABOUT THE FACTS OF THIS CASE THAT WARRANT

10:47AM  7    ANYTHING DIFFERENT.

10:47AM  8         AGAIN, THE PARTIES ARE FREE TO ARGUE IN CLOSING ARGUMENTS

10:47AM  9    THEIR INTERPRETATION, AS LONG AS IT'S CONSISTENT WITH THE LAW.

10:48AM 10    WE DON'T NEED TO GO BEYOND THE MODEL.

10:48AM 11              THE COURT:  THANK YOU.

10:48AM 12         I WAS LOOKING AT THIS AND I WAS LOOKING AT PAGE 20 OF

10:48AM 13    1176, THAT'S THE GOVERNMENT'S.  ON LINE 1 AFTER -- IT READS,

10:48AM 14    "SECOND, THE STATEMENTS MADE OR FACTS OMITTED AS PART OF THE

10:48AM 15    SCHEME WERE MATERIAL."

10:48AM 16         PARDON ME.  I'M JUST GOING TO THIS BECAUSE IT'S IN MY MIND

10:48AM 17    RIGHT NOW AND I'M LOOKING AT THIS.

10:48AM 18              MS. SAHARIA:  YES.

10:48AM 19              THE COURT:  AND I'M CURIOUS WHETHER, AFTER THE "WERE

10:48AM 20    MATERIAL," WOULD IT BE HELPFUL TO ADD SOMETHING, "A STATEMENT

10:48AM 21    IS MATERIAL IF," OR SOME KIND OF DEFINITION OR SOMETHING THERE?

10:48AM 22              MS. SAHARIA:  SO I THINK THAT MIGHT BE MORE

10:48AM 23    UNDERSTANDABLE TO THE JURY THAN THE PHRASE "THAT IS."

10:48AM 24         WE ALL UNDERSTAND THAT THAT IS DEFINING MATERIAL, BUT THE

10:48AM 25    JURY MAY NOT BE UNDERSTANDING THAT.

10:48AM  1            OUR POINT IS THAT WE WOULD ADD TO THE END OF THAT LINE, "A

10:49AM  2    PERSON TO PART WITH MONEY OR PROPERTY IN THE CONTEXT THEY WERE

10:49AM  3    MADE, IN THE CONTEXT THE STATEMENTS WERE MADE."

10:49AM  4        THAT'S OUR PROPOSAL.  BUT I DO AGREE WITH THE COURT WITH

10:49AM  5    RESPECT TO MAYBE REPLACING "THAT IS" LANGUAGE.

10:49AM  6            THE COURT:  A DEFINITIVE STATEMENT.

10:49AM  7            MS. SAHARIA:  YEAH, EXACTLY.

10:49AM  8            THE COURT:  RIGHT.  AND THAT MIGHT GIVE SOME CLARITY

10:49AM  9    AND RESOLVE THAT.

10:49AM 10            MS. VOLKAR:  YOUR HONOR, MY APOLOGIES.  I DIDN'T GET

10:49AM 11    TO THE PAGE FAST ENOUGH.  WHAT PAGE?

10:49AM 12            THE COURT:  PAGE 20, 1176, THE FIRST LINE.

10:49AM 13            MS. VOLKAR:  OH.  OKAY.

10:49AM 14        I THINK THE GOVERNMENT IS FINE WITH THAT CHANGE,

10:49AM 15    YOUR HONOR.

10:49AM 16            THE COURT:  MAYBE YOU CAN LOOK AT THAT AND WORK ON

10:49AM 17    THAT.  EXCUSE ME.

10:49AM 18        THAT WAS JUST A SUGGESTION I HAD.

10:49AM 19            MS. SAHARIA:  UNDERSTOOD.  I THINK THAT IS A GOOD

10:49AM 20    SUGGESTION.

10:49AM 21            THE COURT:  THAT MIGHT RESOLVE THAT.

10:49AM 22            MS. SAHARIA:  WELL, I DON'T THINK THAT RESOLVES OUR

10:49AM 23    CONCERNS, BUT I AGREE THAT MAKES SENSE, YOUR HONOR.

10:49AM 24            THE COURT:  IT'S A STEP FORWARD.

10:50AM 25            MS. SAHARIA:  YES.

10:50AM  1          SO LET ME TURN TO PUFFERY AND ASPIRATIONAL STATEMENTS.

10:50AM  2     THIS IS THE LANGUAGE THAT WE HAVE PROPOSED TO ADD TO THE WIRE

10:50AM  3     FRAUD DEFINITION AT INSTRUCTIONS 46 AND 53 OF OUR INSTRUCTIONS,

10:50AM  4     TO INFORM THE JURY THAT EXPRESSIONS OF OPINION, ASPIRATIONS OR

10:50AM  5     GOALS OR GENERAL SUBJECTIVE CLAIMS ARE NOT ACTIONABLE.

10:50AM  6          THE COURT:  THIS IS PARAGRAPH C, I BELIEVE.

10:50AM  7          MS. SAHARIA:  CORRECT.  AND THE JURY HAS HEARD MANY

10:50AM  8     EXAMPLES OF THESE KINDS OF STATEMENTS IN THIS CASE.

10:50AM  9          MS. HOLMES OFTENTIMES SPOKE ABOUT HER ASPIRATIONS AND

10:50AM 10     ASPIRATIONS FOR THE FUTURE.

10:50AM 11          THE SLIDE PRESENTATIONS THAT WE HAVE SEEN IN THIS CASE

10:50AM 12     CONTAIN MANY HIGH LEVEL SUBJECTIVE STATEMENTS THAT ARE NOT

10:50AM 13     THEMSELVES KIND OF STATEMENTS OF FACTS AND THAT WOULD QUALIFY

10:50AM 14     AS PUFFERY, AND I WOULD POINT THE COURT TO TRIAL EXHIBIT 3696

10:51AM 15     FOR SOME EXAMPLES OF THAT.

10:51AM 16          NOW, I WILL READILY CONCEDE THAT THERE IS SUBSTANTIAL

10:51AM 17     NINTH CIRCUIT CASE LAW THAT SAYS A DISTRICT COURT IS NOT

10:51AM 18     REQUIRED TO GIVE A PUFFERY INSTRUCTION IN SOME CIRCUMSTANCES.

10:51AM 19     AND I WOULD POINT THE COURT TO U.S. V. GAY, 967 F.2D 322,

10:51AM 20     U.S. VERSUS AMLANI., 111 F.3D 705, AND UNITED STATES VERSUS

10:51AM 21     TARALLO, 380 F.3D 1174.

10:51AM 22          TARALLO WAS THE MOST RECENT OF THESE CASES, BUT ALL THREE

10:51AM 23     OF THEM STAND FOR THE PROPOSITION THAT A DISTRICT COURT NEED

10:51AM 24     NOT GIVE A PUFFERY INSTRUCTION IF IT GIVES A GOOD FAITH

10:51AM 25     INSTRUCTION.

10:51AM  1    AND THIS IS WHAT THE TARALLO CASE SAID.  IT SAID, "NO

10:51AM  2    PUFFERY INSTRUCTION IS REQUIRED IF THE DISTRICT COURT GIVES AN

10:51AM  3    INSTRUCTION THAT GOOD FAITH CONSTITUTES A COMPLETE DEFENSE.

10:51AM  4    THE ONE WHO ACTS WITH HONEST INTENTION DOES NOT POSSESS

10:52AM  5    FRAUDULENT INTENT.  THE ONE WHO EXPRESSES AN OPINION HONESTLY

10:52AM  6    HELD BY HIM IS NOT CHARGED WITH FRAUDULENT INTENT, EVEN THOUGH

10:52AM  7    SUCH OPINION IS ERRONEOUS AND SUCH BELIEF IS A MISTAKEN BELIEF

10:52AM  8    AND THAT EVIDENCE ESTABLISHING ONLY THAT A PERSON MADE A

10:52AM  9    MISTAKE OF JUDGMENT OR IN ERROR IN MANAGEMENT OR WAS CARELESS

10:52AM 10    DOES NOT ESTABLISH FRAUDULENT INTENT."

10:52AM 11    SO WHAT THE TARALLO CASE STANDS FOR IS THIS IF THE COURT

10:52AM 12    DOES GIVE THAT GOOD FAITH INSTRUCTION, OR SOME VERSION OF A

10:52AM 13    GOOD FAITH INSTRUCTION, IT DOESN'T NEED TO GIVE THE PUFFERY

10:52AM 14    INSTRUCTION.

10:52AM 15    SO OUR FUNDAMENTAL SUBMISSION ON THIS POINT IS THAT THE

10:52AM 16    COURT SHOULD GIVE THE GOOD FAITH INSTRUCTION, WHICH WE MAY HAVE

10:52AM 17    TO TABLE UNTIL OUR NEXT MEETING.

10:52AM 18    IN TARALLO THE DISTRICT COURT APPEARS TO HAVE GIVEN A

10:52AM 19    VERSION OF THE STANDARD GOOD FAITH INSTRUCTION THAT IS OFTEN

10:52AM 20    GIVEN BY COURTS FROM THE O'MALLEY MODEL INSTRUCTIONS, AND WE

10:52AM 21    HAVE ALSO BASED OUR PROPOSED GOOD FAITH INSTRUCTION ON THAT

10:52AM 22    O'MALLEY INSTRUCTION WHICH APPEARS TO BE WHAT THE NINTH CIRCUIT

10:52AM 23    ENDORSED IN TARALLO.

10:53AM 24    THE COURT:  AND THIS IS YOUR 46, IS IT?  IS THAT

10:53AM 25    RIGHT?

10:53AM   1                      MS. SAHARIA:  HOLD ON, YOUR HONOR.

10:53AM   2                      MS. VOLKAR:  IT'S INSTRUCTION NUMBER 57, YOUR HONOR.

10:53AM   3                      MS. SAHARIA:  IT'S AT PAGE 38, ECF 809 AT 78.

10:53AM   4                      THE COURT:  YES.  THANK YOU.

10:53AM   5                      MS. SAHARIA:  SO IF THE COURT IS NOT GOING TO GIVE

10:53AM   6      THE GOOD FAITH INSTRUCTION, WE WOULD ASK FOR A PUFFERY

10:53AM   7      INSTRUCTION, BUT MORE FUNDAMENTALLY, GIVEN THE CASE LAW AND

10:53AM   8      GIVEN THAT GOOD FAITH IS A BROADER CONCEPT THAT WE THINK

10:53AM   9      PERMEATES THIS CASE, WE STRONGLY ASK THE COURT TO GIVE A GOOD

10:53AM  10      FAITH INSTRUCTION.

10:53AM  11                      THE COURT:  OKAY.  THANK YOU.

10:53AM  12                      MS. VOLKAR:  YOUR HONOR, I AM GLAD WE GOT TO THIS

10:53AM  13      TODAY BECAUSE I THINK THIS IS GOING TO BE ANOTHER MAJOR AREA OF

10:53AM  14      DISPUTE BETWEEN THE PARTIES.

10:53AM  15           FIRST OF ALL, STARTING WITH THE MODEL INSTRUCTIONS, WHICH

10:54AM  16      I THINK THE COURT SHOULD, OR I THINK THE PARTIES SHOULD OR

10:54AM  17      SHOULD HAVE, MODEL INSTRUCTION 5.12 CLEARLY STATES

10:54AM  18      NINTH CIRCUIT LAW, WHICH IS THAT "A GOOD FAITH INSTRUCTION IS

10:54AM  19      NOT NECESSARY IF THE COURT PROPERLY INSTRUCTS ON THE INTENT TO

10:54AM  20      DEFRAUD OR DECEIVE."

10:54AM  21           NOW, MS. SAHARIA IS TALKING ABOUT A DIFFERENT DISTINCTION,

10:54AM  22      WHICH IS GOOD FAITH VERSUS PUFFERY.  THAT IS A SIDE ISSUE.

10:54AM  23      THAT'S A RED HERRING.

10:54AM  24           THE ISSUE BEFORE THE COURT IS, IS A GOOD FAITH INSTRUCTION

10:54AM  25      NECESSARY AT ALL?

10:54AM 1        AND IF THE COURT PROPERLY INSTRUCTS ON THE INTENT TO

10:54AM 2   DEFRAUD, WHICH THERE IS PLENTY OF PRECEDENT TO, AND THERE'S THE

10:54AM 3   MILLER CASE MOST RECENTLY THAT THE COURT IS FAMILIAR WITH, TO

10:54AM 4   GIVE THE COURT A GUIDANCE ON HOW TO PROPERLY INSTRUCT THE JURY

10:54AM 5   ON THE INTENT TO DEFRAUD AND THE KNOWINGLY STANDARD.

10:54AM 6        AND YOUR HONOR ACTUALLY RECENTLY DISCUSSED THIS IN THE

10:54AM 7   KRAMER CASE.  AND IN THE KRAMER CASE YOUR HONOR LOOKED AT

10:54AM 8   ALMOST AN EXACT SAME ARGUMENT THAT THE DEFENDANTS RAISED HERE

10:54AM 9   WHICH WAS I HAD ASPIRATIONS FOR THE ENTERPRISE, I THOUGHT THE

10:54AM 10  ENTERPRISE WAS GOING TO BE MORE SUCCESSFUL, I BELIEVED IT WAS A

10:55AM 11  LEGITIMATE BUSINESS, I BELIEVED THAT I WAS SAYING THE RIGHT

10:55AM 12  THINGS.

10:55AM 13       AND YOUR HONOR SAID BECAUSE I PROPERLY INSTRUCTED ON

10:55AM 14  INTENT TO DEFRAUD, I DO NOT HAVE TO GIVE A GOOD FAITH

10:55AM 15  INSTRUCTION.  THAT IS WHAT THE NINTH CIRCUIT TELLS US.

10:55AM 16       SO, FIRST OF ALL, TO START WITH THE INITIAL POINT IS A

10:55AM 17  GOOD FAITH INSTRUCTION REQUIRED OR EVEN WARRANTED BASED ON THE

10:55AM 18  FACTS HERE AT ALL?  THE ANSWER IS NO.  UNDER THE NINTH CIRCUIT

10:55AM 19  LAW, IF YOU PROPERLY INSTRUCT ON THE INTENT TO DEFRAUD, YOU DO

10:55AM 20  NOT NEED TO GIVE A GOOD FAITH INSTRUCTION.

10:55AM 21       NOW, MOVING TO MS. SAHARIA'S POINT.  IF THE COURT IS GOING

10:55AM 22  TO GIVE THE GOOD FAITH INSTRUCTION, THEN THE GOVERNMENT TAKES

10:55AM 23  SERIOUS ISSUE WITH THE ONE THAT THEY HAVE PROPOSED.

10:55AM 24       IN PARTICULAR, MS. SAHARIA POINTS TO THE TARALLO CASE -- I

10:55AM 25  HOPE I PRONOUNCED THAT CORRECTLY -- 380 F.3D 1174 AT 1191.  AND

10:55AM  1    I HOPE THE COURT TAKES A GOOD LOOK AT THIS CASE IF THE COURT IS

10:55AM  2    GOING TO GIVE THE GOOD FAITH INSTRUCTION, BECAUSE WHAT THE

10:55AM  3    DEFENSE HAS DONE IS GONE THROUGH AND CHERRY PICKED THE

10:56AM  4    PARAGRAPHS THAT THEY LIKE AND OMITTED THE PARAGRAPHS THAT THEY

10:56AM  5    DIDN'T LIKE, AND THAT CANNOT BE THE INSTRUCTION THAT IS GIVEN

10:56AM  6    TO THE JURY.  THAT DOES NOT ACCURATELY STATE THE LAW, AND THAT

10:56AM  7    IN AND OF ITSELF IS MISLEADING IN TERMS OF WHAT THE LAW

10:56AM  8    REQUIRES.

10:56AM  9         I'LL READ A PARAGRAPH TO COUNTER WHAT MS. SAHARIA READ

10:56AM  10   INTO THE RECORD WHICH IS IN THE TARALLO CASE, "A DEFENDANT DOES

10:56AM  11   NOT ACT IN GOOD FAITH IF EVEN THOUGH HE OR SHE HONESTLY HOLDS A

10:56AM  12   CERTAIN OPINION OR BELIEF, THAT DEFENDANT ALSO KNOWINGLY MAKES

10:56AM  13   MATERIAL FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR

10:56AM  14   PROMISES TO OTHERS."  THAT IS WHAT THE INTENT REQUIREMENT FOR

10:56AM  15   WIRE FRAUD IS.  THIS IS VERY WELL ESTABLISHED.

10:56AM  16        AND AGAIN, THAT IS PART OF WHY THE NINTH CIRCUIT HOLDS IF

10:56AM  17   THE JURY IS PROPERLY INSTRUCTED ON WHAT THE INTENT ELEMENT

10:56AM  18   REQUIRES, A GOOD FAITH INSTRUCTION IS NOT REQUIRED.

10:56AM  19        NOW, AGAIN, TO TALK SPECIFICALLY ABOUT PUFFERY OR GOOD

10:56AM  20   FAITH IF WE'RE IN THAT LAND.  PUFFERY IS A SECURITIES FRAUD

10:57AM  21   CONCEPT.  I THINK YOUR HONOR IS WELL AWARE OF THAT.  ALL OF THE

10:57AM  22   CASES THEY CITE ARE ABOUT SECURITY FRAUD, WHICH HAS HEIGHTENED

10:57AM  23   INTENT REQUIREMENTS, AND THAT'S NOT THE LAND THAT WE'RE IN.

10:57AM  24   WE'RE IN WIRE FRAUD.  THIS IS A WIRE FRAUD CASE.

10:57AM  25        I KNOW THE GOVERNMENT KEEPS POUNDING THE TABLE ON THIS,

8296

```
10:57AM   1      BUT THIS IS A CASE THAT YOUR HONOR HAS SEEN DOZENS, IF NOT MORE
10:57AM   2      THAN THAT, TIMES.  THIS IS NOT A CASE THAT IS SOME SPECIAL CASE
10:57AM   3      THAT REQUIRES 100 PAGES OF INSTRUCTIONS.
10:57AM   4          THIS IS A WIRE FRAUD CASE LIKE ANY OTHER WIRE FRAUD CASE.
10:57AM   5      AND THE FACTS, EVEN IF THEY DO SUPPORT A GOOD FAITH ARGUMENT
10:57AM   6      HERE, WHICH I DON'T THINK THEY DO, BECAUSE AGAIN, THE INTENT TO
10:57AM   7      DEFRAUD IS VERY WELL DEFINED MOST RECENTLY IN MILLER, IT SHOULD
10:57AM   8      AT LEAST BE A WELL BALANCED STATEMENT OF THE ENTIRETY OF THE
10:57AM   9      LAW SUCH AS GIVEN IN TARALLO THAT SHOWS THAT IF CONDUCT FROM
10:57AM  10      THE GOVERNMENT'S PERSPECTIVE WHAT THE DEFENDANT DID HERE WOULD
10:57AM  11      STILL CONSTITUTE WIRE FRAUD.
10:57AM  12              THE COURT:  ALL RIGHT.  THANK YOU.
10:57AM  13          I NOTICE YOUR SUBMISSION 5.12 IN DOCUMENT 1176 IS
10:57AM  14      DIFFERENT THAN YOUR ORIGINAL.  I THINK IT'S PARED DOWN.  IT MAY
10:58AM  15      BE RECOGNIZING MILLER OR OTHERS, BUT I BELIEVE -- IT LOOKS
10:58AM  16      DIFFERENT THAN THE ORIGINAL.
10:58AM  17              MS. SAHARIA:  WE DID PARE IT DOWN, YOUR HONOR.
10:58AM  18              THE COURT:  YES, RIGHT.
10:58AM  19              MS. SAHARIA:  I HAVE NO OBJECTION TO GIVING THE GOOD
10:58AM  20      FAITH INSTRUCTION THAT WAS GIVEN IN TARALLO.  IF THE GOVERNMENT
10:58AM  21      WANTS TO ADD IN THE PARAGRAPH THAT MS. VOLKAR READ, I THINK WE
10:58AM  22      HAVE ABSOLUTELY NO OBJECTION TO THAT.  I'M HAPPY TO CONSIDER
10:58AM  23      ANY PROPOSAL FOR ADDITIONAL LANGUAGE, WHETHER FROM TARALLO OR
10:58AM  24      WHETHER FROM O'MALLEY.
10:58AM  25          BUT, FIRST OF ALL, IT'S INCORRECT THAT PUFFERY IS SOLELY A
```

10:58AM  1    CONCEPT IN THE SECURITIES CASES.  IT'S A CONCEPT THAT DRIVES

10:58AM  2    FROM THE COMMON LAW OF FRAUD WHICH INFORMS BOTH WIRE FRAUD AND

10:58AM  3    SECURITIES FRAUD.

10:58AM  4         THE COURT:  THAT'S WHERE YOU SEE IT THOUGH.  THAT'S

10:58AM  5    REALLY WHERE IT THRIVES, DOESN'T IT, IN SECURITIES?

10:58AM  6         MS. SAHARIA:  I DON'T THINK SO, YOUR HONOR.  I THINK

10:58AM  7    IT PERMEATES ALL KINDS OF FRAUD, AND, IN FACT, ONE OF THE CASES

10:58AM  8    WE CITED WAS A LANHAM ACT CASE, NOT A SECURITIES CASE.

10:58AM  9         SO PUFFERY IS A CONCEPT -- IT'S ABOUT WHETHER A STATEMENT

10:58AM  10   IS FRAUDULENT, AND STATEMENTS OF OPINIONS, STATEMENTS THAT ARE

10:59AM  11   NOT VERIFIABLE CANNOT BE MATERIALLY FALSE.  THAT IS JUST A

10:59AM  12   COMMON LAW CONCEPT OF FRAUD.

10:59AM  13        THE COURT:  SURE.

10:59AM  14        MS. SAHARIA:  SO, AGAIN, OUR FUNDAMENTAL POINT, AND

10:59AM  15   I DIDN'T HEAR A RESPONSE TO THE LANGUAGE I READ FROM TARALLO,

10:59AM  16   WHICH IS IN CASES WHEN THERE IS AT LEAST A BASIS FOR THINKING

10:59AM  17   THAT SOME OF THE STATEMENTS COULD BE PUFFERY, WHICH IN THIS

10:59AM  18   CASE WE CLEARLY HAVE, NO PUFFERY INSTRUCTION IS REQUIRED IF THE

10:59AM  19   DISTRICT COURT GIVES A GOOD FAITH INSTRUCTION.  THAT IS THE

10:59AM  20   NINTH CIRCUIT HOLDING FROM THE TARALLO CASE AND FROM THE OTHER

10:59AM  21   CASES THAT I HAVE CITED ALL SAID THE SAME THING.

10:59AM  22        SO WE DO THINK -- LOOK, THE GOVERNMENT, OF COURSE, IS

10:59AM  23   ENTITLED TO ARGUE TO THE JURY THAT THEY DON'T THINK THE FACTS

10:59AM  24   IN THIS CASE RISE TO THE LEVEL OF GOOD FAITH.  THAT'S A JURY

10:59AM  25   ARGUMENT.

10:59AM  1     WE, OF COURSE, HAVE THE OPPOSITE ARGUMENT.  AND GIVEN THE

10:59AM  2  FACTS OF THIS CASE, GIVEN THE TARALLO CASE, GIVEN THE MANY

10:59AM  3  CASES THAT DO GIVE GOOD FAITH INSTRUCTIONS, WE THINK THIS IS A

11:00AM  4  QUINTESSENTIAL CASE WHERE THAT INSTRUCTION SHOULD BE GIVEN, AND

11:00AM  5  I HAVE NO OBJECTION TO ADDING THE LANGUAGE THAT MS. VOLKAR JUST

11:00AM  6  READ.

11:00AM  7     THE COURT:  WELL, LET ME LET YOU DISCUSS THAT THEN.

11:00AM  8     CAN I TASK YOU WITH THAT?

11:00AM  9     MS. VOLKAR:  WELL, YOUR HONOR, AGAIN, I GO BACK TO

11:00AM  10 THE GOVERNMENT'S STARTING POSITION, AND ALTHOUGH WE'RE HAPPY TO

11:00AM  11 DISCUSS IT, I WOULD RATHER HAVE OUR PRIMARY POSITION CONSIDERED

11:00AM  12 BY THE COURT, WHICH IS THAT NO GOOD FAITH INSTRUCTION IS

11:00AM  13 REQUIRED.

11:00AM  14    MS. SAHARIA KEEPS GOING TO THE SECOND STEP.  THE FIRST

11:00AM  15 STEP IS WHAT THE NINTH CIRCUIT CLEARLY SAYS IN WIRE FRAUD

11:00AM  16 CASES, IS THAT IF THE INTENT TO DEFRAUD IS PROPERLY DEFINED BY

11:00AM  17 THE COURT, AND, AGAIN, YOUR HONOR, I'M SPEAKING TO THE CHOIR

11:00AM  18 HERE BECAUSE YOUR HONOR JUST HELD THIS IN KRAMER LESS THAN A

11:00AM  19 YEAR AGO, IF THE COURT PROPERLY DEFINES INTENT TO DEFRAUD, NO

11:00AM  20 GOOD FAITH INSTRUCTION IS REQUIRED.

11:00AM  21    NOW, MS. SAHARIA IS POINTING TO SECURITIES CASES OR LANHAM

11:00AM  22 ACT CASES, CASES WITH A HIGHER SCIENTER REQUIREMENT AND SAYING

11:00AM  23 THAT IF A GOOD FAITH INSTRUCTION IS GIVEN, THEN NO PUFFERY

11:01AM  24 INSTRUCTION IS REQUIRED.  THAT'S THE SECOND STEP IN THE

11:01AM  25 ANALYSIS.

11:01AM 1      WE'RE AT THE FIRST STEP.  AND THE FIRST STEP IS IF INTENT

11:01AM 2    TO DEFRAUD IS PROPERLY DEFINED, NO GOOD FAITH INSTRUCTION IS

11:01AM 3    REQUIRED AND INTENT TO DEFRAUD IS VERY WELL ESTABLISHED BY

11:01AM 4    PRECEDENT IN THE NINTH CIRCUIT, MOST RECENTLY THE MILLER CASE.

11:01AM 5    THERE IS NO AMBIGUITY ABOUT WHAT IS REQUIRED TO FULLY DESCRIBE

11:01AM 6    THE INTENT TO DEFRAUD, AND THEREFORE, THERE'S NO NEED FOR A

11:01AM 7    GOOD FAITH INSTRUCTION IN THIS CASE OR REALLY ANY WIRE FRAUD

11:01AM 8    CASE, AGAIN, SO LONG AS THE COURT PROPERLY INSTRUCTS ON THE

11:01AM 9    INTENT TO DEFRAUD.

11:01AM 10          THE COURT:  OKAY.

11:01AM 11          MS. SAHARIA:  I THINK WE'RE OUT OF TIME, BUT I WILL

11:01AM 12   JUST NOTE THAT TARALLO WAS NOT SOLELY A SECURITIES FRAUD CASE.

11:01AM 13   IT ALSO INCLUDED CLAIMS FOR WIRE FRAUD.

11:01AM 14          THE COURT:  THANK YOU, MS. SAHARIA.

11:01AM 15       DID I HEAR YOU SAY THAT PUFFERY EXISTS IN THIS CASE?

11:01AM 16          MS. SAHARIA:  ABSOLUTELY, YOUR HONOR.  WE THINK

11:01AM 17   THERE ARE STATEMENTS IN THIS CASE THAT MEET THE STANDARD FOR

11:01AM 18   PUFFERY.

11:01AM 19       THE COURT CAN RECALL THE SLIDE DECK.  I CAN JUST READ A

11:02AM 20   FEW EXAMPLES THAT ARE EITHER PUFFERY OR ASPIRATIONAL STATEMENTS

11:02AM 21   SUCH AS "THERANOS IS A NEW STANDARD IN LAB TESTING THAT CAN

11:02AM 22   HELP EVERY PRACTICE."  THAT'S AT EXHIBIT 3696, PAGE 21.

11:02AM 23       "AMAZING SPEED."  I MEAN, THAT'S CLASSIC PUFFERY.  THAT'S

11:02AM 24   AT PAGE 27.

11:02AM 25          "AN ENTIRELY NEW LAB EXPERIENCE," PAGE 31.

11:02AM  1        "THERANOS'S FOOTPRINT UPON NATIONAL DEPLOYMENT," PAGE 34

11:02AM  2   WITH A MAP SHOWING WHERE THERANOS HOPED TO HAVE STORES IN THE

11:02AM  3   FUTURE.  CLEARLY AN ASPIRATIONAL STATEMENT.

11:02AM  4        "OUR MISSION IS TO MAKE ACTIONABLE HEALTH INFORMATION

11:02AM  5   ACCESSIBLE TO EVERYONE AT THE TIME IT MATTERS."  ANOTHER

11:02AM  6   ASPIRATIONAL STATEMENT AT PAGE 3.

11:02AM  7        THESE KIND OF STATEMENTS PERMEATE THIS CASE.  THEY'RE

11:02AM  8   PUFFERY, THEY'RE ASPIRATIONAL STATEMENTS, AND FOR THAT REASON

11:02AM  9   WE REQUEST THE GOOD FAITH INSTRUCTION.

11:02AM  10            THE COURT:  MS. VOLKAR?

11:02AM  11            MS. VOLKAR:  YOUR HONOR, I WOULD SAY THAT WHAT I

11:02AM  12   DIDN'T HEAR IN THERE IS THAT THERANOS RUNS ALL LAB TESTS OR

11:03AM  13   SOME OF THE OTHER KEY STATEMENTS THAT INVESTORS HAVE SAID OVER

11:03AM  14   AND OVER AGAIN, BUT I DON'T WANT TO TAKE UP THE COURT'S TIME BY

11:03AM  15   ARGUING THE FACTS RIGHT NOW.  THAT'S BEST LEFT FOR CLOSING

11:03AM  16   ARGUMENT.

11:03AM  17        THE LAST POINT I DO WANT TO MAKE, BECAUSE I NEGLECTED TO A

11:03AM  18   MOMENT AGO, I READ THE PARAGRAPH TARALLO THAT IS ABSENT FROM

11:03AM  19   THE DEFENSE'S INSTRUCTION THAT I THOUGHT WAS THE MOST GLARING,

11:03AM  20   BUT THERE ARE MULTIPLE PARAGRAPHS THAT WERE DROPPED, ALL OF

11:03AM  21   WHICH, OF COURSE, BALANCE OUT THE STATEMENT THAT THE DEFENSE

11:03AM  22   SUGGESTED.

11:03AM  23        SO, AGAIN, IF WE GET TO THE LAND WHERE THE COURT IS

11:03AM  24   CONSIDERING A GOOD FAITH INSTRUCTION, I WOULD JUST ASK THAT IT

11:03AM  25   ACTUALLY REPRESENT THE WELL BALANCED VIEW OF THE LAW AND NOT

11:03AM  1    JUST THE DEFENSE'S VIEW.

11:03AM  2         MS. SAHARIA:  I THINK I ALREADY SAID WE DON'T OBJECT

11:03AM  3    TO THE TARALLO INSTRUCTION.

11:03AM  4         THE COURT:  OKAY.  THANK YOU.

11:03AM  5         MS. SAHARIA:  THANK YOU.

11:03AM  6         THE COURT:  THANK YOU VERY MUCH.  THIS IS HELPFUL.

11:03AM  7      WE ARE NEXT TOGETHER, I THINK, TUESDAY FOR CONTINUED

11:03AM  8    EVIDENCE, I BELIEVE.

11:03AM  9      SHOULD I ASK THE PARTIES ABOUT SCHEDULING, WHERE WE THINK

11:03AM  10   WE ARE?

11:04AM  11      I THINK, MR. DOWNEY --

11:04AM  12      I'M SORRY, I DON'T MEAN TO TALK OVER YOU, MS. SAHARIA.

11:04AM  13         MS. SAHARIA:  I'LL TURN IT OVER TO MR. DOWNEY.

11:04AM  14         MS. VOLKAR:  I'LL DO THE SAME, OR MY TEAM.

11:04AM  15         THE COURT:  I KNOW MR. DOWNEY LAST WEEK, OR EXCUSE

11:04AM  16   ME, EARLIER THIS WEEK I THINK YOU SUGGESTED THAT THE JURY MIGHT

11:04AM  17   GET THIS CASE NEXT WEEK OR MAYBE YOU SAID EVIDENCE MIGHT BE

11:04AM  18   FINISHED NEXT WEEK?

11:04AM  19         MR. DOWNEY:  WELL, YOUR HONOR, I CERTAINLY SAID AS

11:04AM  20   TO THE DEFENSE CASE, I DID NOT THINK IT WOULD TAKE THE BALANCE

11:04AM  21   OF NEXT WEEK.

11:04AM  22      WE ASKED MR. LEACH WHERE HE WAS IN TERMS OF A REBUTTAL

11:04AM  23   CASE BASED ON WHAT HAS OCCURRED SO FAR, AND HE SAYS RIGHT NOW

11:04AM  24   HE HAS NO REBUTTAL WITNESSES, BUT THE COURT AWAITS THE CLOSURE

11:04AM  25   OF THE DEFENSE CASE AND CERTAIN EXPERTS WOULD TRIGGER A

11:04AM  1    REBUTTAL CASE, THE GOVERNMENT TO CALL EXPERTS.  AND THE COURT,

11:04AM  2    OF COURSE, IS FAMILIAR WITH THOSE ISSUES.

11:04AM  3        IT FEELS TO ME, BASED ON THAT, LIKE EVIDENCE WILL LIKELY

11:05AM  4    CONCLUDE DURING NEXT WEEK.

11:05AM  5            THE COURT:  I'M SORRY, YOUR EVIDENCE AND THE

11:05AM  6    GOVERNMENT'S?

11:05AM  7            MR. DOWNEY:  WELL, ASSUMING THE GOVERNMENT'S CASE IS

11:05AM  8    EITHER THERE IS NO REBUTTAL CASE OR IT'S LIMITED TO ONE

11:05AM  9    WITNESS, I WOULD THINK IT WOULD PROBABLY CONCLUDE AT SOME POINT

11:05AM  10   NEXT WEEK, WHICH I THINK WILL RAISE THE QUESTION, ALTHOUGH I

11:05AM  11   DON'T KNOW REALLY WHAT DAY THAT WOULD BE, YOUR HONOR.

11:05AM  12            THE COURT:  SURE.

11:05AM  13            MR. DOWNEY:  BUT I DO THINK IT RAISES THE QUESTION

11:05AM  14   OF HOW WOULD YOUR HONOR WANT TO THEN PROCEED WITH REGARD TO A

11:05AM  15   CHARGING -- A FURTHER CHARGING CONFERENCE, WHICH, YOU KNOW, IS,

11:05AM  16   UNDERSTANDABLY I THINK GIVEN THE CASE, COMPLICATED AND PROBABLY

11:05AM  17   A LENGTHY EVENT.

11:05AM  18            THE COURT:  RIGHT.

11:05AM  19            MR. DOWNEY:  I DON'T KNOW IF WE COULD GET GUIDANCE

11:05AM  20   FROM THE COURT ON THAT, WHETHER THE COURT WOULD TAKE ONE OF THE

11:05AM  21   DAYS NEXT WEEK TO DO THAT, EVEN THOUGH WE'VE OBVIOUSLY ASKED

11:05AM  22   THE JURY TO BE AVAILABLE THOSE DAYS.

11:05AM  23            THE COURT:  WELL, THANK YOU.  THAT'S WHY I'M ASKING

11:05AM  24   IS TO LOOK AT OUR SCHEDULE AND SEE HOW THIS MIGHT FIT.

11:05AM  25        REGRETTABLY THE COURT IS NOT AVAILABLE, AS I TOLD YOU, ON

11:06AM 1    THE 14TH AND 15TH.

11:06AM 2              MR. DOWNEY:  RIGHT.

11:06AM 3              THE COURT:  THAT'S NOT GOING TO CHANGE.  I CAN'T

11:06AM 4    CHANGE THAT.

11:06AM 5         ASSUMING THE TIME ESTIMATES ARE AS YOU INDICATE, AND I

11:06AM 6    HAVE NO REASON TO DOUBT IT, THE JURY MIGHT GET THIS CASE AS

11:06AM 7    EARLY AS FRIDAY THE 17TH, POSSIBLY THE 16TH, BUT CERTAINLY THE

11:06AM 8    20TH IT SOUNDS LIKE.

11:06AM 9              MR. DOWNEY:  OH, I THINK SO, YOUR HONOR.  YEAH.

11:06AM 10        THAT SOUNDS RIGHT TO ME.

11:06AM 11             MR. LEACH:  THAT SOUNDS RIGHT TO ME, YOUR HONOR.

11:06AM 12        AND JUST TO -- I CAN CONFIRM WHAT MR. DOWNEY IS SAYING.

11:06AM 13   WE'RE WAITING AND SEE WHAT THEY DO IN TERMS OF EXPERTS, BUT

11:06AM 14   I --

11:06AM 15             THE COURT:  RIGHT.

11:06AM 16             MR. LEACH:  -- BUT BASED ON WHAT WE HAVE SEEN SO

11:07AM 17   FAR, I DON'T ANTICIPATE A LENGTHY REBUTTAL CASE.

11:07AM 18        MY POSITION IS THAT WE MAY BE COMPLETING EVIDENCE

11:07AM 19   THURSDAY, WHICH RAISES THE QUESTION OF HOW WE USE FRIDAY.

11:07AM 20        BUT I THINK CERTAINLY BY THE 17TH THE JURY WILL BE GETTING

11:07AM 21   THE CASE.

11:07AM 22             THE COURT:  YOU KNOW, JUST TO -- THIS REALLY BOILS

11:07AM 23   DOWN TO IF THERE'S GOING TO BE EXPERT TESTIMONY FROM THE

11:07AM 24   DEFENSE REALLY, AND THEN THAT WOULD MEAN AN EXPERT REBUTTAL I

11:07AM 25   PRESUME AND WHERE THAT IS.

11:07AM  1        IF THERE ISN'T ANY EXPERT TESTIMONY, WE'LL HAVE TO HAVE A

11:07AM  2    DISCUSSION ON THE STATE OF THE EVIDENCE THEN AS TO WHERE THAT

11:07AM  3    IS AND WHAT IT IS.

11:07AM  4        OKAY.  WELL --

11:07AM  5            MR. DOWNEY:  AND I ASSUME AT THAT POINT, YOU KNOW,

11:07AM  6    YOUR HONOR, IT MIGHT ALSO MEAN THAT ONE OF THE DAYS WE'VE

11:07AM  7    RESERVED FOR THE JURY TOWARDS THE BACK END OF NEXT WEEK MIGHT

11:07AM  8    BE A DAY THAT YOUR HONOR WANTED TO SPEND WITH THE LAWYERS

11:07AM  9    INSTEAD.

11:07AM  10       BUT I WANTED TO PUT THAT ON THE COURT'S RADAR BECAUSE

11:08AM  11   UNDER CERTAIN SCENARIOS I THINK THAT COULD HAPPEN.

11:08AM  12           THE COURT:  RIGHT.  ALL RIGHT.  WELL, LET ME ASK HOW

11:08AM  13   DO YOU SPEND YOUR EVENINGS AFTER HOURS?  I GUESS I'LL ASK YOU

11:08AM  14   TO THINK ABOUT THAT OVER THE WEEKEND.

11:08AM  15           MR. DOWNEY:  WELL, WE CAN DO IT THAT WAY AS WELL,

11:08AM  16   YOUR HONOR.

11:08AM  17           THE COURT:  OKAY.

11:08AM  18           MR. DOWNEY:  IT SEEMS LIKE FROM TODAY'S CONVERSATION

11:08AM  19   IT'S A CUMBERSOME PROCESS.

11:08AM  20           THE COURT:  OKAY.  THANK YOU VERY MUCH.

11:08AM  21           MR. DOWNEY:  THANK YOU, YOUR HONOR.

11:08AM  22           THE COURT:  MR. SCHENK?

11:08AM  23           MR. SCHENK:  YES, YOUR HONOR.

11:08AM  24       JUST ONE VERY BRIEF QUESTION.  I WANT TO CONFIRM THAT IT'S

11:08AM  25   OKAY WITH THE COURT TO USE A LAPEL MICROPHONE FOR CLOSING, AND

11:08AM 1     IF IT WOULD BE OKAY TO SCHEDULE SOME TIME WITH COURT STAFF TO

11:08AM 2     TEST IT AND MAKE SURE?

11:08AM 3          I KNOW THAT THE GOVERNMENT HAS ONE THAT WORKS WITH THE

11:08AM 4     COURT SYSTEM THAT HAS SECURITY FEATURES, SO WE'VE USED IT IN

11:08AM 5     OTHER INSTANCES, BUT I WANT TO MAKE SURE THAT'S OKAY WITH THE

11:08AM 6     COURT, AND WE WOULD MAKE IT AVAILABLE FOR THE DEFENSE IF THEY

11:08AM 7     WOULD ALSO BE INTERESTED IN USING IT.

11:08AM 8               THE COURT:  THANK YOU.  I'M HAPPY TO CAPTURE ANY

11:08AM 9     EFFICIENCIES, AND WITH THE GREAT TECHNOLOGY WE HAVE, I'M SURE

11:08AM 10    THERE WILL BE NO PROBLEM INTERFACING THAT.  SO YES.

11:09AM 11         I THINK IT MAKES SENSE TO TEST IT OUT AGAIN.  I APPRECIATE

11:09AM 12    THAT.

11:09AM 13         AND IF THE DEFENSE WANTS TO LOOK AT THAT, IT SOUNDS LIKE

11:09AM 14    YOU'RE HAPPY TO SHARE.

11:09AM 15               MR. SCHENK:  THANK YOU.

11:09AM 16               THE COURT:  OKAY.  GREAT.  THANK YOU.

11:09AM 17         HAVE A GREAT WEEKEND EVERYONE.

11:09AM 18               MR. DOWNEY:  THANK YOU.

11:09AM 19         (COURT ADJOURNED AT 11:09 A.M.)

20

21

22

23

24

25

1

2

3                         CERTIFICATE OF REPORTERS

4

5

6

7          WE, THE UNDERSIGNED OFFICIAL COURT REPORTERS OF THE

8     UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

9     CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO

10    HEREBY CERTIFY:

11          THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16    _____
      IRENE RODRIGUEZ, CSR, CRR
      CERTIFICATE NUMBER 8076

17

18    _____

19    LEE-ANNE SHORTRIDGE, CSR, CRR
      CERTIFICATE NUMBER 9595

20

21          DATED:  DECEMBER 3, 2021

22

23

24

25