

LAW OFFICE OF
STEVEN D. ZANSBERG, LLC

January 4, 2022

*via email* [to Courtroom Deputy]

Hon. Edward J. Davila
United States District Court for the Northern District of California
280 South 1st Street
San Jose, CA 95113

**Re: *United States v. Elizabeth Holmes*, No. 18-CR-258-EJD-1**

Your Honor:

As you know, I represent Dow Jones and Company, Inc. ("Dow Jones"), publisher of *The Wall Street Journal*. Now that the jury has returned its verdict, I write to respectfully ask that the Court order the immediate unsealing of certain judicial records, which have largely been the subject of prior briefing and orders on Dow Jones's motion to intervene (Doc. 881).

    1.   Motion Papers Discussing Alleged Intimate Partner Abuse

On August 21, 2021, the Court granted, in part, Dow Jones's motion seeking the unsealing of certain identified motions papers. Doc. 965. In that Order, the Court ruled that the motion papers which discussed evidence that might be used to support Ms. Holmes defense pursuant to Fed. R. Cr. P. 12.2 should remain sealed "unless and until Holmes introduces evidence of her Rule 12.2 defense at trial," and that other filings would be unsealed once the jury was seated. The Court stated that "Introduction of Rule 12.2 evidence is Holmes's prerogative, and she may ultimately choose not to rely on that evidence and instead rely entirely on evidence the Government puts forward" *Id.* at 6. The Court ruled that "[m]aintaining the sealed status of the Rule 12.2 defense evidence" "prior to her introduction of the Rule 12.2 defense" was necessary to "protect Holmes's Fifth and Sixth Amendment interests" by avoiding both prejudicing the jury with "adverse publicity" and "prematurely compelling Holmes to testify when she might choose otherwise."

Subsequently, on October 22, 2021, the Court supplemented that ruling (Doc. 1105), stating that redactions in documents that it had ordered to be unsealed "in full once a jury had been impaneled and admonished" actually "relate to the Rule 12.2 defense or are otherwise necessary to protect certain privacy interests unrelated to these criminal proceedings. . . . These documents shall remain provisionally partially sealed unless and until Holmes introduces evidence of her Rule 12.2 defense at trial."

Hon. Edward J. Davila
January 4, 2022
Page 2

Subsequently, Ms. Holmes waived her rights under the Fifth Amendment by choosing to testify in her own defense. On November 29, 2021, Ms. Holmes testified in open court that she had been raped while an undergraduate at Stanford, and that she thereafter became involved in a yearslong relationship with Ramesh "Sunny" Balwani, in which, she testified, he controlled her life in myriad ways including dictating what to eat, how much – or little – to sleep, which employees to speak to and for how long, how much time to spend with her family, and further subjected her to both emotional and sexual abuse. *See* Tr. 11/29/21. (As the press has repeatedly reported, Mr. Balwani has denied these allegations.)

After the trial proceedings that day had concluded, undersigned counsel, on behalf of Dow Jones, sent an email to the Courtroom Deputy, Ms. Kratzmann, copying all counsel of record, respectfully asking that the Court immediately unredact the portions of the documents that discussed Ms. Holmes' claim of having been subjected to physical, emotional, and sexual abuse. Counsel for Mr. Balwani then responded, by email, stating his client's position that "any currently sealed material that Ms. Holmes did not discuss during her testimony should remain sealed."

Whether or not Ms. Holmes formally raised an affirmative defense under Rule 12.2 (which she did not), Ms. Holmes has testified publicly in detail about her claimed victimization/abuse, and the jury has rendered its verdict. As a result, the bases cited by the Court to justify maintaining certain material under seal unless and until she introduces a Rule 12.2 defense no longer apply, and they do not override the public's First Amendment right of access.

Moreover, by her testimony in open court regarding her alleged mistreatment by Mr. Balwani, Ms. Holmes affirmatively waived any and all privacy interests she may have had previously with respect to those matters. *See, e.g., Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again. . . . The genie is out of the bottle . . . . We have not the means to put the genie back."); *In re von Bulow*, 828 F.2d 94, 103 (2d Cir.1987) (finding doctor-patient had been waived through testimony delivered in open court: "[m]atters actually disclosed in public lose their privileged status because they obviously are no longer confidential").

Accordingly, the strong First Amendment presumption of public access to judicial records, which this Court recognized in Doc. 965, now heavily outweighs any countervailing interests. The Court previously found that Mr. Balwani failed to satisfy his burden to justify continued sealing, addressing his arguments by noting that with his case severed, he "will have the opportunity to oppose the introduction of such evidence at his trial and the opportunity to engage in voir dire of potential jurors." (Doc.. 965 at 3-4) Dow Jones respectfully asks that the Court order the immediate unsealing of those judicial records, in full.

Hon. Edward J. Davila
January 4, 2022
Page 3

### 2. Additional Sealed Judicial Records Generated During Trial

On November 22, 2021, at the start of the second day of Ms. Holmes' direct examination, the Court conducted a hearing, in chambers, that lasted approximately two hours. *See* Tr. 11/22/21 at 7368-7369.  Then, on December 28, 2021, the Court convened a second closed proceeding, that lasted 23 minutes. *See* Doc.. 1225 -- Minute Order (Dec. 28, 2021),

To our knowledge, no publicly available Order has been entered which sets forth the specific factual findings required to close either of these criminal proceedings to the public and to seal the transcripts thereof.  Now that the trial has been completed, Dow Jones respectfully asks that the transcript of those two proceeding be unsealed.

### 3. The Court's Public Docket

At the end of the hearing on Dow Jones' motion to unseal, the Court indicated that the Clerk of Court would be working, over time, to rectify the fact that some 40% of the entries in the Docket at that time were labeled simply "SEALED DOCUMENT."  As of this date, 150 documents in the PACER docket remain so identified. Eight of those (Docs. 1052, 1122, 1123, 1182, 1207, 1215, 1227, and 1228) were filed and so entered on the docket subsequent to the Court's Order (Doc. 965) that prohibited such filings, going forward.  Dow Jones respectfully requests that all such docket entries be unsealed now during the respite between the two trials in this case.

Sincerely,

*Steve Zansberg*

Steven D. Zansberg

cc:  Lead Counsel of Record