JOHN D. CLINE (CA State Bar No. 237759)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

Attorney for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **MS. HOLMES' OPPOSITION TO MOTION OF DOW JONES & COMPANY TO UNSEAL JUDICIAL RECORDS** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | Hon. Edward J. Davila |
| Defendants. | |

Defendant Elizabeth Holmes respectfully opposes Dow Jones' motion to unseal certain records. Dow Jones' request for the unsealing of certain Rule 12.2 pleadings should be denied because it is contrary to the Court's prior orders and misunderstands Rule 12.2. This Court's prior orders on this issue were clear: "These documents shall remain provisionally partially sealed ***unless and until*** Holmes introduces evidence of her Rule 12.2 defense at trial." Further Order re: Dow Jones's Motion to Seal, Dkt. No. 1105 at 1 (emphasis added). Ms. Holmes never introduced evidence subject to Rule 12.2 at trial, and therefore the records should remain under seal. This result is consistent with Rule 12.2, which functions in part to limit the use of information supporting a Rule 12.2 expert opinion unless and until a defendant introduces a relevant expert opinion at trial. The Court should also deny Dow Jones' request to unseal the November 22, 2021 and December 18, 2021 transcripts because any interest in disclosure of the transcripts is outweighed by the ███████████████████████████████████████████
███████████████████████████████████████████████████████████████████

## ARGUMENT

**I.    The Motion Papers Discussing Information Relevant to Rule 12.2 Should Remain Sealed.**

In determining whether to unseal judicial records, the court must balance the public right of access to such records against any countervailing interests. *See, e.g., Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986); *In re Granick*, 388 F. Supp. 3d 1107, 1115 (N.D. Cal. 2019).

Dow Jones requests this Court to unseal "all pleadings surrounding Ms. Holmes sexual abuse allegations as a basis for negating the scienter element of the charges against her" and "all records provisionally left under seal in the [Court's] August and October orders." Dkt. 1353 at 2, 4. Those orders concerned redactions that related to potential expert testimony subject to Rule 12.2. Under that Rule, a defendant must provide notice to the government if he or she "intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt." Fed. R. Crim. P. 12.2(b). If the court subsequently compels an examination of the defendant, as occurred here, the government may not admit into evidence any statement by the defendant in that examination, or expert testimony based on the statement, unless the defendant "has

MS. HOLMES' OPPOSITION TO MOTION OF DOW JONES
& COMPANY TO UNSEAL JUDICIAL RECORDS
CR-18-00258 EJD

introduced evidence of incompetency or evidence requiring notice under [the Rule]." *Id*. 12.2(c)(4)(A). The documents that Dow Jones seeks to unseal all relate to issues concerning Rule 12.2; including Ms. Holmes' compelled statements during her court-ordered evaluation.

The Court has already articulated that there were compelling reasons for keeping the motion papers related to Rule 12.2 under seal. In the Court's first order on Dow Jones' motion, it stated that it was appropriate to keep information relating to potential expert testimony under Rule 12.2 under seal in part because "the Rule 12.2 defense and [Ms. Holmes'] mental state" were not "fully at issue" and would not be until Ms. Holmes introduced evidence subject to the Rule at trial. Dkt. 965 at 7. The Court later issued a further order on the motion to unseal, explaining that "[u]pon further review, the Court finds that all redactions in these documents relate to the Rule 12.2 defense or are otherwise necessary to protect certain privacy interests unrelated to these criminal proceedings." Dkt. 1105 at 1. The Court held that "[t]hese documents shall remain provisionally partially sealed ***unless and until*** Holmes introduces evidence of her Rule 12.2 defense at trial." *Id.* (emphasis added). Accordingly, the Court's order made clear that because of the compelling interest of protecting the information subject to Rule 12.2, the information would remain under seal until Ms. Holmes presented the relevant evidence. *Id.*

As Dow Jones concedes, Ms. Holmes did not ultimately present expert testimony subject to Rule 12.2. Dkt. 1353-1 at 2. Rather, Dow Jones points to Ms. Holmes' fact testimony as a way to unseal information related to Rule 12.2. *Id.* This argument is unpersuasive. Ms. Holmes' fact testimony responded to the government's case-in-chief, specifically to the numerous witnesses who testified (in response to government questioning) about their perception of the nature of the dynamic between Ms. Holmes and Mr. Balwani. *See, e.g.*, Trial Tr. 4057-58 (Edlin); 2979 (Burd); 1957-58 (Rosendorff). Ms. Holmes did not opine as to a mental condition bearing on guilt or otherwise invoke Rule 12.2, which this Court has held is required before the unsealing of the pleadings related to Rule 12.2. *See* Dkt. 1105 at 1.

Moreover, as the Court recognized, its order was consistent with concerns evident in Rule 12.2. Dkt. 965 at 6-7 (citing Fed. R. Crim. P 12.2(c)(4)(A)). As relevant here, Rule 12.2 governs the admission of expert testimony concerning a "mental condition of the defendant bearing on . . . the issue

MS. HOLMES' OPPOSITION TO MOTION OF DOW JONES
& COMPANY TO UNSEAL JUDICIAL RECORDS
CR-18-00258 EJD

of guilt." The government's Rule 12.2 information that Dow Jones seeks to unseal was not relevant or admissible unless and until Ms. Holmes "introduced evidence of incompetency or evidence requiring notice under Rule 12.2." Fed. R. Crim. P. 12.2(c)(4)(A). Indeed, admission of expert testimony based on compelled statements by Ms. Holmes would have violated the Fifth Amendment unless Ms. Holmes waived her privilege by presenting relevant expert testimony. Dow Jones' motion seeks to put those compelled statements on the public record despite the fact that Ms. Holmes has never introduced Rule 12.2 evidence. In the Court orders on this issue, the Court has recognized the privacy interests in keeping this type of information under seal. *See* Dkt. 965 (Order Re: Dow Jones Motion); Dkt. 1039 (Second Order re: Dow Jones Motion); Dkt. 1105 (Further Order re: Dow Jones Motion). The Court has also redacted references to compelled statements in its other Orders that implicate Rule 12.2 issues. *See., e.g.*, Dkt. 1046, Redacted Order Denying Gov't Mot. To Exclude Expert Testimony.

Dow Jones' argument that Ms. Holmes's fact testimony waived her interest in keeping this information under seal is belied by the Advisory Committee Notes to Rule 12.2, which state that "cases have indicated that the defendant waives the privilege if the defendant introduces *expert testimony* on his or her mental condition." Fed. R. Crim. P. 12.2 advisory committee's note. There was no expert testimony and therefore no such waiver in this case. Dow Jones has a minimal First Amendment interest, at best, in filings that relate to expert testimony that was not presented at Ms. Holmes' trial and that reference compelled statements by Ms. Holmes that contain highly sensitive and private information about Ms. Holmes' relationship with Mr. Balwani. This is particularly so because Dow Jones has access to what Ms. Holmes *did* use in her public trial—the documents and testimony she introduced into evidence, as well as the government's cross-examination of that testimony. Dow Jones' interest does not outweigh the privacy and Fifth Amendment interests that the Court has already recognized in sealing the Rule 12.2 information in the first instance.

In short, the Court's finding that the redactions in the documents concerning information subject to Rule 12.2 are necessary because they relate to Rule 12.2 or are "otherwise necessary to protect certain privacy interests unrelated to these criminal proceedings" remains in force. Dkt. 965. Dow Jones' motion to unseal this information should be denied.

**II.     The November 22, 2021 and December 28, 2021 Transcripts Should Remain Sealed.**

Dow Jones also requests that the Court "unseal the transcripts of two closed hearings." Dkt. 1353 at 2. The first transcript concerns a November 22, 2021 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The second transcript concerns a December 28, 2021 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The November 22, 2021 transcript concerns a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The transcript should remain sealed. The December 28, 2021 transcript concerns ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**CONCLUSION**

For the foregoing reasons, the Court should deny Dow Jones' motion.

DATED:  March 22, 2022                            Respectfully submitted,

/s/ John D. Cline
JOHN D. CLINE
Attorney for Elizabeth Holmes

MS. HOLMES' OPPOSITION TO MOTION OF DOW JONES
& COMPANY TO UNSEAL JUDICIAL RECORDS
CR-18-00258 EJD

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2022 a copy of this filing was delivered via ECF on all counsel of record.

/s/ John D. Cline
JOHN D. CLINE
Attorney for Elizabeth Holmes

MS. HOLMES' OPPOSITION TO MOTION OF DOW JONES
& COMPANY TO UNSEAL JUDICIAL RECORDS
CR-18-00258 EJD