1  JOHN D. CLINE (CA State Bar No. 237759)
   600 Stewart Street, Suite 400
2  Seattle, WA 98101
   Telephone: (360) 320-6435
3  Email: cline@johndclinelaw.com

4  KEVIN M. DOWNEY (Admitted Pro Hac Vice)
   LANCE A. WADE (Admitted Pro Hac Vice)
5  AMY MASON SAHARIA (Admitted Pro Hac Vice)
   KATHERINE TREFZ (CA State Bar No. 262770)
6  WILLIAMS & CONNOLLY LLP
   680 Maine Avenue, S.W.
7  Washington, DC 20024
   Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
8  Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

9  Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) Case No. CR-18-00258-EJD |
|---|---|
| Plaintiff, | ) **DECLARATION OF WILLIAM B. EVANS** |
| v. | ) |
| ELIZABETH HOLMES, | ) Hon. Edward J. Davila |
| Defendant. | ) |

DECLARATION OF WILLIAM B. EVANS
CR-18-00258 EJD

# DECLARATION OF WILLIAM B. EVANS

I, William B. Evans, declare as follows:

1. I am the partner of Elizabeth Holmes. I rent a home on a property in ▮▮▮▮ California, where I reside with Elizabeth and our son. The property has a private driveway with several roads that provide access to seven homes on the same property, including the one I rent.

2. On Monday August 8, 2022, at approximately 6:05pm, I was in the living room of the home, with a view of the front door, which is surrounded on both sides by large windows. Elizabeth and a friend were in another part of the home bathing our son. I noticed a man approaching our door and went to answer it.

3. The visitor identified himself as Adam Rosendorff. Although I did not immediately recognize him, I recognized him after he introduced himself to me because I was in the courtroom during his trial testimony. As described in Exhibit A, Dr. Rosendorff asked to speak with Elizabeth and made various other statements. I asked him to leave. When I noticed him attempting to leave the property in the wrong direction, I stopped him to correct his course.

4. I had two conversations with Dr. Rosendorff. The first was outside my front door when Dr. Rosendorff first approached. The second was when I stopped him to point him in the direction of the exit. That second conversation took place at the top of my driveway, with Dr. Rosendorff in his car and me outside of the car on the driver's side. The substance of both conversations is captured to the best of my recollection in Exhibit A.

5. My main focus during both conversations was to ensure Dr. Rosendorff quickly and safely left the property without interacting with Elizabeth and to do so in a courteous and respectful manner. For this reason, I did not follow up on many of Dr. Rosendorff's statements.

6. Shortly after he left, I memorialized the conversations I had with Dr. Rosendorff in an email that I sent to Elizabeth's counsel around 8:08pm. A true and correct copy of that email is attached as Exhibit A to this declaration.

7. Exhibit A contains my recollections of what Dr. Rosendorff told me but is not a word-for-word description of my encounter with Dr. Rosendorff. For example, Dr. Rosendorff repeated many

of the statements in Exhibit A throughout both conversations, but I did not separately memorialize each instance of the statements in my email.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 26 day of August, 2022 in ▮▮▮▮ CA.

WILLIAM B. EVANS

DECLARATION OF WILLIAM B. EVANS
CR-18-00258 EJD

2