LAW OFFICES
## WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

LANCE WADE
(202) 434-5755
lwade@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 11, 2021

<u>Via Email</u>

Mr. Jeffrey Schenk, Esquire
Mr. Robert Leach, Esquire
Mr. John C. Bostic, Esquire
Ms. Kelly I. Volkar, Esquire
Ms. Amani S. Floyd, Esquire
Assistant United States Attorneys
United States Attorney's Office
Northern District of California
150 Almaden Blvd. Suite 900
San Jose, CA 95113

   Re: United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani
      <u>No. CR-18-00258-EJD (N.D. Cal.)</u>

Counsel:

  Yesterday, during the government's case-in-chief, you asked the defense to advise "whether they intend to argue that the failure of the LIS to be presented in the case by the government is a basis to find Ms. Holmes not guilty." 11/10/2021 Tr. 5884. You advised the Court that you were "interested in knowing whether the defense is going to be permitted in argument to suggest that there is missing evidence, that the evidence is lacking and, therefore, insufficient to support convictions on the counts where the LIS is relevant." *Id*. at 5878. You stated that such an argument would open the door to the admission of evidence relating to the loss of the LIS. *Id*.

  To be clear: Ms. Holmes will not commit to restricting her defense in any way. The government's request raises serious constitutional concerns, and, if accepted, would infringe Ms. Holmes' Fifth and Sixth Amendment rights.

  In the Motion *in Limine* Order, the Court confirmed Ms. Holmes' "right to put on the defense of her choosing, including an argument that the Government has failed to meet its burden of proof." Dkt. 798 at 57. The Order continued:

WILLIAMS & CONNOLLY LLP

Jeffrey Schenk, Esq., *et al.*
November 11, 2021
Page 2

> The Court declines to preclude Holmes from raising the lack of 'statistical' or 'scientific' evidence as a defense, from characterizing that missing evidence as critical to the Government's case, or from arguing about the statistical insignificance of individual patient or physician testimony. Thus, to the extent the government's opposition brief seeks to preclude Holmes from offering such arguments, the Court denies that request.

*Id*. at 58.

The Motion *in Limine* Order also provided that Ms. Holmes may open the door to evidence about Theranos' culpability in the destruction of LIS if she "argues that the LIS database is unavailable because of the Government's failure to obtain it." *Id*. At trial, Ms. Holmes has not blamed the government for failing to gather and preserve the LIS database. Because the defense has not opened the door, the government cannot introduce evidence concerning the loss of the LIS database.

Ms. Holmes reserves the right to make all arguments in her defense.

Sincerely,

Lance Wade