JOHN D. CLINE (CA State Bar No. 237759)
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ELIZABETH HOLMES and<br>RAMESH "SUNNY" BALWANI,<br><br>    Defendants. | Case No. CR-18-00258-EJD<br><br>**MS. HOLMES' OPPOSITION TO DR. ROSENDORFF'S MOTION TO QUASH SUBPOENA *DUCES TECUM***<br><br>Date:    October 14, 2022<br>Time:   1:00 PM<br>CTRM:  4, 5th Floor<br><br>Hon. Edward J. Davila |

MS. HOLMES' OPPOSITION TO DR. ROSENDORFF'S MOTION TO QUASH SUBPOENA *DUCES TECUM*
CR-18-00258 EJD

The Court ordered an evidentiary hearing on Ms. Holmes' Motion for New Trial for the purpose of exploring the possibility of government misconduct and the truthfulness of Dr. Rosendorff's testimony. 10/3/22 Hr'g Tr. 31:9-32:20. Pursuant to Federal Rule of Criminal Procedure 17 and Local Criminal Rule 17-1, Ms. Holmes served a subpoena on Dr. Rosendorff with two narrow document requests: (1) non-privileged communications regarding his trial testimony and (2) non-privileged communications regarding his work with the prosecution or its agents regarding their work and interactions with Dr. Rosendorff. Dkt. 1602-2 at 4. Dr. Rosendorff's counsel accepted service of the subpoena on October 6, 2022, without objection, without any request to narrow its scope, and without any request to meet and confer. *See* Koffman Decl., Dkt. 1602-1 ¶ 2. Instead, on October 12, 2022, and without notice to the defense, he moved to quash the subpoena on the basis that the document requests are unreasonable, oppressive, and outside the scope of a hearing on the truthfulness of Dr. Rosendorff's testimony or potential government misconduct.

The Court should deny the motion to quash. The two limited requests are within the scope of the hearing, are reasonable, and are not oppressive. Requests for Dr. Rosendorff's communications concerning his trial testimony and his interactions with the government (and its agents) are narrowly tied to, and probative of, the subject of the at-issue inquiries. *See* Dkt. 1602-2. The Court should deny the motion to quash.

## ARGUMENT

Federal Rule of Criminal Procedure 17(c) and Local Criminal Rule 17-1 authorize a defendant to seek production of documents at a criminal proceeding. There is no requirement that a defendant seek leave from the Court or obtain a Court Order under these circumstances. L. Crim. R. 17-1. A Court Order is only required when a defendant requests a "subpoena to produce documents or objects *in advance of trial or hearing*." *Id.* at 17-2(a). Rule 17 allows a court to quash or modify a subpoena only "if compliance would be unreasonable or oppressive." Fed. Crim. P. 17(c)(2).

The Court should deny the motion. As an initial matter, the *Nixon* standard invoked by Dr. Rosendorff is inapplicable since Ms. Holmes has not sought early return of any documents. *See* Motion

MS. HOLMES' OPPOSITION TO DR. ROSENDORFF'S MOTION TO QUASH SUBPOENA
*DUCES TECUM*
CR-18-00258 EJD

1

to Quash (Mot.), Dkt. 1602 at 7 (citing *United States v. Nixon*, 418 U.S. 683, 702 (1974)). On the merits, because compliance with the two limited requests would be neither unreasonable or oppressive, Dr. Rosendorff should be required to comply with the requests and produce the documents at the evidentiary hearing.

**The Nixon *Standard Does Not Apply and Is Satisfied in Any Event.*** Relying on *Nixon*, Dr. Rosendorff argues that Ms. Holmes must show that the document requests seek "admissible or specific materials." Mot. at 9 (citing *Nixon*, 418 U.S. 683, 700 (1974)).[1] That is incorrect. Cases that apply the *Nixon* standard do so in the context of a subpoena that seeks the return of documents *prior to* trial or a hearing. *See, e.g.*, *United States v. Chavez*, 2019 WL 5899914, at *3 (N.D. Cal. Nov. 12, 2019) ("Rule 17(c) subpoenas may be used to obtain **pretrial production of evidence** when the moving party can show that the documents are (1) relevant, (2) admissible, and (3) specifically described." (emphasis added)). Ms. Holmes is not seeking any documents in advance of the hearing.

Dr. Rosendorff's argument that "Rule 17 cannot be used to obtain impeachment materials" fails for the same reason. Mot. at 7. He relies on *United States v. Fields*, 663 F.2d 880 (9th Cir. 1981), for this proposition but that case likewise involved pre-trial production of documents. *See id.* at 881 (stating impeachment "is generally insufficient to justify the **pretrial production** of documents." (emphasis added)); *see also id.* (stating order "requiring Wells Fargo to produce the documents **before any witnesses had testified** was an abuse of discretion" (emphasis added)). Even the cases Dr. Rosendorff cites for the proposition that *Nixon* applies to post-trial subpoenas apply the test in the context of a defendant seeking documents in advance of the post-trial hearing. *E.g.*, *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (applying *Nixon* when "**pre-sentencing** subpoena is sought" in advance of a sentencing hearing (emphasis added)).

Even if the *Nixon* standard applied, Ms. Holmes is still entitled to the requested documents. The requests are specific— they seek a discrete set of materials known to exist from a limited time period.

---

[1] The third *Nixon* factor is relevance, but Dr. Rosendorff does not argue that the requests fail to meet that factor. This is not surprising since the subpoena requests bear directly on the issues that are the subject of the hearing.

MS. HOLMES' OPPOSITION TO DR. ROSENDORFF'S MOTION TO QUASH SUBPOENA
*DUCES TECUM*
CR-18-00258 EJD

2

1   Dr. Rosendorff admits that communications about his trial testimony exist and it is undisputed that he
2   has had interactions with the government.  Mot. at 10-11.  Ms. Holmes is not fishing to determine if Dr.
3   Rosendorff made statements about his trial testimony or if he interacted with the government—she
4   knows that he did—and seeks only the documentary proof that bears on the core issues of the hearing.
5   Lastly, the evidence has "potential evidentiary uses" for the purpose of the hearing.  *Nixon*, 418 U.S. at
6   702.  The rule against hearsay does not apply to evidentiary hearings.  *See* Fed. R. Evid. 1101(d)(3)
7   (stating that the Federal Rules of Evidence do not apply to "a preliminary examination in a criminal
8   case"); *United States v. Walker*, No. 2:18-CR-37-FL-1, 2019 WL 4412909, at *4-5 (E.D.N.C. Sept. 13,
9   2019).  And even Dr. Rosendorff argues that in applying the *Nixon* factors to post-trial motions the
10  Court should apply them in the "specific context" in which the subpoena is issued.  Mot. at 9.

11  ***The Requests Are Reasonable and Not Oppressive.***  The two limited requests at issue are
12  reasonable.  The Court has explained that "[t]he purpose of the October 17, 2022 evidentiary hearing is
13  to explore the meaning of Dr. Rosendorff's statements to Ms. Holmes' partner, William Evans, and
14  whether any government misconduct occurred in regards to Dr. Rosendorff's testimony," Order, Dkt.
15  1599, at 1, including to explore whether "the government manipulated [him] in [his] preparation or in
16  any way in regards to [his] testimony" and whether he told the truth.  10/2/22 Hr'g 33:10-19.  Requests
17  concerning his interaction with the government and its agents and his communications concerning his
18  trial testimony are narrowly tied to the subject of the inquiries and probative of those key issues.

19      The requests are not oppressive.  Start first with Dr. Rosendorff's correspondence regarding the
20  government.  This is a reasonable request in view of the purpose of the hearing and should not be overly
21  burdensome.  There are a limited number of government agents and prosecutors in this case.  Searching
22  for communications regarding them that are not with his lawyer should not be a difficult task.  This is
23  especially true since Ms. Holmes has not requested all communications regarding the prosecution team,
24  but rather communications beginning on September 24, 2021, the day that Dr. Rosendorff first took the
25  stand.  The fact that Dr. Rosendorff would refuse to produce such communications in connection with a
26  hearing on potential government misconduct raises concerns.

27
28  MS. HOLMES' OPPOSITION TO DR. ROSENDORFF'S MOTION TO QUASH SUBPOENA
    *DUCES TECUM*
    CR-18-00258 EJD

3

1  Nor is the request for other communications about Dr. Rosendorff's trial testimony oppressive or unreasonable. The communications requested are limited to the same time period and concern only statements about Dr. Rosendorff's trial testimony. In his motion, Dr. Rosendorff states that he has received many communications from "friends, family, acquaintances, and even strangers" about this trial testimony. Mot. at 10. If he had met and conferred with defense counsel, defense counsel would have made clear that Dr. Rosendorff need only produce communications to which he responded and/or his own communications about his trial testimony. It would be surprising if Dr. Rosendorff were communicating extensively in writing about his trial testimony in non-privileged settings, although the possibility that he was communicating during or after his testimony with members of the media cannot be discounted. But, if so, the fact that he corresponded extensively about his trial testimony does not turn this narrow request into a broad one.

Dr. Rosendorff's statements to Mr. Evans are inconsistent with his testimony at trial and raise serious concerns of government misconduct. Ms. Holmes should have access to communications that bear on that issue. Additionally, the failure to timely produce these documents could lead to further proceedings if documents are received post-hearing that shed more light on these inconsistencies and his statements to Mr. Evans.

Dr. Rosendorff lastly argues he has not been afforded sufficient time to respond to the subpoena requests. Mot. at 11. He does not, however, identify the volume of communications at issue. Due to the limited nature of the two requests, Dr. Rosendorff should have had ample time to collect the documents by the October 17 hearing date. However, Ms. Holmes does not object to an adjournment of the hearing for a period of time to allow Dr. Rosendorff to collect the documents. This position would have been communicated to Dr. Rosendorff's counsel if he attempted to meet and confer on these issues.

## CONCLUSION

For the foregoing reasons, the Court should deny Dr. Rosendorff's motion to quash.

DATED: October 14, 2022

MS. HOLMES' OPPOSITION TO DR. ROSENDORFF'S MOTION TO QUASH SUBPOENA *DUCES TECUM*
CR-18-00258 EJD

4

1
2
3
4

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' OPPOSITION TO DR. ROSENDORFF'S MOTION TO QUASH SUBPOENA *DUCES TECUM*
CR-18-00258 EJD

5

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2022 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
AMY MASON SAHARIA
Attorney for Elizabeth Holmes

MS. HOLMES' OPPOSITION TO DR. ROSENDORFF'S MOTION TO QUASH SUBPOENA *DUCES TECUM*
CR-18-00258 EJD