UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELIZABETH A. HOLMES,<br><br>　　　　　Defendant. | Case No.　5:18-cr-00258-EJD-1<br><br>**ORDER GRANTING MOTION TO QUASH SUBPOENA *DUCES TECUM***<br><br>Re: Dkt. No. 1602 |

Non-Party Dr. Adam Rosendorff moves to quash a subpoena *duces tecum* issued by Defendant Elizabeth Holmes. ECF No. 1602. The subpoena sought documents and communications in advance of the limited October 17 evidentiary hearing to examine Dr. Rosendorff on certain discrete issues. ECF No. 1602-2. After considering the arguments presented in Dr. Rosendorff's and Defendant's briefs and oral arguments, the Court GRANTS Dr. Rosendorff's motion.

Rule 17 of the Federal Rules of Criminal Procedure permits a court to quash a subpoena if compliance would be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). In so reviewing, a court must consider whether the subpoena "clear[s] three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). Here, Defendant requests Dr. Rosendorff produce non-privileged "emails or communications regarding [his] trial testimony [and] emails or communications regarding the prosecution team (including its agents) and its work on, or interactions with [him], in this matter" from September 24, 2021 to the present. ECF No. 1602-2, at 4.

Given the evidentiary hearing's discrete scope and purpose, Defendant's subpoena requests

Case No.: 5:18-cr-00258-EJD-1
ORDER GRANTING MOTION TO QUASH SUBPOENA
1

are unreasonable. As articulated by the Court on October 3, the limited purpose of the evidentiary hearing is to clarify Dr. Rosendorff's visit to Defendant's residence and his subsequent colloquy with Defendant's partner, specifically whether they implicate government misconduct or otherwise alter the veracity or character of Dr. Rosendorff's trial testimony. *See* Hr'g Tr. 32:13-34:6 (Oct. 3, 2022). Defendant's subpoena requests, however, are couched in broad and unrestrained terms—communications "regarding" Dr. Rosendorff's trial testimony and "regarding" the prosecution team—without any indicia of the discrete concerns voiced by the Court. These requests more closely resemble the broad discovery permitted in civil proceedings, but "Rule 17(c) was not intended as a discovery device, or to allow a blind fishing expedition seeking unknown evidence." *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (internal quotation marks omitted). Under these unique circumstances that gave rise to a limited evidentiary hearing, Defendant's subpoena extends beyond the limited scope set for the October 17 hearing and is unreasonable.

Accordingly, Dr. Rosendorff's motion to quash is GRANTED. The subpoena *duces tecum* issued to Dr. Rosendorff purporting to require production of certain materials by October 17, 2022, at 9:00 a.m. is QUASHED.

**IT IS SO ORDERED.**

Dated: October 14, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cr-00258-EJD-1
ORDER GRANTING MOTION TO QUASH SUBPOENA
2