1  JOHN D. CLINE (CA State Bar No. 237759)
   600 Stewart Street, Suite 400
2  Seattle, WA 98101
   Telephone: (360) 320-6435
3  Email: cline@johndclinelaw.com

4
   KEVIN M. DOWNEY (Admitted Pro Hac Vice)
5  LANCE A. WADE (Admitted Pro Hac Vice)
   AMY MASON SAHARIA (Admitted Pro Hac Vice)
6  KATHERINE TREFZ (CA State Bar No. 262770)
   WILLIAMS & CONNOLLY LLP
7  680 Maine Avenue, S.W.
   Washington, DC 20024
8  Telephone: (202) 434-5000 │Facsimile: (202) 434-5029
   Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com
9

10 Attorneys for Defendant ELIZABETH A. HOLMES

11

12

13                        UNITED STATES DISTRICT COURT

14                      NORTHERN DISTRICT OF CALIFORNIA

15                              SAN JOSE DIVISION

16

17 UNITED STATES OF AMERICA,            )  Case No. CR-18-00258-EJD
                                        )
18        Plaintiff,                    )  **MS. HOLMES' MOTION TO STRIKE**
                                        )  **FACTUAL MISREPRESENTATIONS AND**
19    v.                                )  **STRIKE OR SEAL CONFIDENTIAL**
                                        )  **INFORMATION**
20 ELIZABETH HOLMES and                 )
   RAMESH "SUNNY" BALWANI,              )
21                                      )  Date:      March 17, 2023
        Defendants.                     )  Time:      10:00 AM
22                                      )  CTRM:   4, 5th Floor
                                        )
23                                      )  Hon. Edward J. Davila
                                        )
24                                      )
                                        )
25

26

27

28
   MS. HOLMES' MOTION TO STRIKE
   CR-18-00258 EJD

1

**MOTION TO STRIKE**

2      PLEASE TAKE NOTICE that on March 17, 2023 at 10:00 AM or on such other date and time as

3   the Court may order, in Courtroom 4 of the above-captioned Court, 280 South 1st Street, San Jose, CA

4   95113, before the Honorable Edward J. Davila, Defendant Elizabeth Holmes will and hereby does

5   respectfully move that the Court strike from the record the following portions of Docket Number 1721,

6   the Government's Opposition to Ms. Holmes' Motion for Release Pending Appeal: page 5, line 22

7   through page 6, line 5; page 6, line 14 through page 6, line 20; Exhibit 1 to the Volkar Declaration; and

8   Paragraph 3 of the Volkar Declaration.  Ms. Holmes makes this motion on the grounds that the

9   government's Opposition includes inaccurate statements of fact.  Ms. Holmes also moves to seal or

10  strike page 6, lines 15 through 20 of Docket Number 1721 because they disclosed materials protected by

11  confidentiality statute and rule.  The Motion is based on the below Memorandum of Points and

12  Authorities, the attached Declarations of Katherine Trefz and Williams Evans and exhibits thereto, the

13  record in this case, and any other matters that the Court deems appropriate.

14

15  DATED: January 23, 2023

16

17                                                             /s/ Amy Mason Saharia
                                                               KEVIN DOWNEY
18                                                             LANCE WADE
                                                               AMY MASON SAHARIA
19                                                             KATHERINE TREFZ
                                                               Attorneys for Elizabeth Holmes
20

21

22

23

24

25

26

27

28

MS. HOLMES' MOTION TO STRIKE
CR-18-00258 EJD

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

The government's newfound claim that Ms. Holmes attempted to flee is baseless.  If the

3

government thought she had, the Court, Pretrial Services, and the Probation Office would have heard she

4

was a flight risk during the three years prior to trial and the year since Ms. Holmes' conviction.  The

5

Court has Ms. Holmes' passport, which has been expired for years.  She is in frequent contact with

6

multiple pretrial services officers.  She has a flawless pretrial services record.

7

Pages 5 and 6 of the government's Opposition to Ms. Holmes' Motion for Release Pending

8

Appeal recklessly and incorrectly accuse Ms. Holmes and her partner of attempted flight and present

9

incomplete and provably inaccurate statements of fact in support of that accusation.  These accusations

10

have been widely reported in the press and already have produced negative effects for Ms. Holmes and

11

her partner beyond this case.  Because the Court's determination under 18 U.S.C. § 3143 must rely on

12

accurate facts, these statements should be stricken from the record before the Court on Ms. Holmes'

13

Motion for Release Pending Appeal.

14

Additionally, the government publicly filed information protected by certain confidentiality

15

statutes and rules.  On this basis, lines 15 through 20 of page 6 of the government's Opposition should

16

be stricken or sealed.

17

To be clear, Ms. Holmes will fully respond to the government's Opposition in her reply brief,

18

which is due to be filed on February 23, 2023.  By this Motion, she seeks only to strike immediately

19

certain inaccurate and confidential material contained in the government's Opposition.

20

## ARGUMENT

21

**I.    The Court Should Strike the Government's Inaccurate Statements of Fact About Ms.
       Holmes' and Mr. Evans' Travel.**

22

**A.    Ms. Holmes Has Never Attempted to Flee**

23

24

Before the jury had reached its verdict, Ms. Holmes hoped to be acquitted and thus to be able to

25

attend the wedding of close friends in Mexico in late January 2022.  Mr. Evans booked flights for

26

himself and Ms. Holmes—on commercial airlines based in the United States, using Ms. Holmes'

27

name—in December 2021, before the verdict.  Once the verdict was issued, Ms. Holmes did not intend

28

MS. HOLMES' MOTION TO STRIKE
CR-18-00258 EJD

1

1    to make the trip.  Mr. Evans had not yet canceled her ticket when the government inquired about the

2    booking, but there was no way for her to go: Not only did Ms. Holmes' conditions of release require

3    Court approval for international travel, but the Court has her passport, which was (and still is) expired,

4    and she did not attempt to get a new one.  When the government inquired, defense counsel quickly

5    responded and explained the situation, and Mr. Evans canceled the ticket.  Declaration of Katherine

6    Trefz ("Trefz Decl."), Ex. 1.

7        The government was satisfied by this explanation, as the full email exchange between the parties

8    shows: "I suspected there was an explanation," lead prosecutor Jeffrey Schenk wrote to Lance Wade on

9    January 23, 2022.  After Mr. Wade provided further details, Mr. Schenk reiterated: "Thank you again for

10   the background information, confirmation, and for addressing this situation quickly.  I do not believe

11   there is need for us to discuss this further, but I will certainly be in touch if that changes, and please feel

12   free to reach out if you disagree."  Trefz Decl., Ex. 1.  The government never mentioned the incident

13   again.  The government never suggested it believed Ms. Holmes was attempting to flee.  It did not report

14   the incident to the Court, to Pretrial Services, or to Probation.[1]  This, of course, makes sense: Ms.

15   Holmes had a perfect pretrial services record (and still does), she did not (and does not) possess a

16   passport, and Mr. Evans made the booking under her name on a commercial flight.  None of these are

17   markers of someone trying to make an escape.  Inexplicably, the government attached to its Opposition

18   only a portion of the relevant email exchange, omitting Mr. Schenk's responses.

19        **B.    Inaccurate Statements of Fact Regarding Mr. Evans' Travel**

20       Presumably to support its flight allegation, the government also presents inaccurate statements of

21   fact about Mr. Evans' travel.  The government's brief states that Mr. Evans left for Mexico on the

22   planned date (January 26, 2022) but did not return until six weeks later, from a different continent.  *See*

23   Dkt. 1721 at 6.  But the government's factual representations about Mr. Evans' travel are simply untrue.

24   Four days after leaving for Mexico, Mr. Evans returned to the United States through Tijuana on January

25

26

27   [1] The flight risk and dangerousness standards for release pending sentencing and pending self-
     surrender are the same as they are for release pending appeal.  *Compare* 18 U.S.C. § 3143(a) *with*
     § 3143(b)(1)(A).

28   MS. HOLMES' MOTION TO STRIKE
     CR-18-00258 EJD

                                                  2

30, 2022.  Declaration of William Evans ("Evans Decl.") ¶ 2 & Ex. 1.  He was at home in Woodside, California by February 2, 2022.  *Id.* ¶ 3 & Ex. 2.  On February 20, 2022, he flew from San Francisco to South Africa by United flights UA2218 (SFO to EWR) and UA1122 (EWR to CPT).  *Id.* ¶ 5 & Ex. 4.  These flights were part of a round-trip booking by which he returned.  *Id.*¶ 6.  Mr. Evans also took domestic flights between San Francisco and Salt Lake City during February 2022, during the time period the government falsely asserts he was abroad.  *Id.* ¶ 4 & Ex. 3.

Counsel for Ms. Holmes brought these inaccuracies to the government's attention by email on January 20, 2023, and requested the government correct them.  Trefz Decl., Ex. 2.  As of this filing, the government has neither responded nor corrected the inaccuracies.

    **C.**    **The Court Should Strike Page 5, Line 22 Through Page 6, Line 5; Volkar Declaration Exhibit 1; and Volkar Declaration Paragraph 3.**

The Court should strike from the record the government's factual misrepresentations about Ms. Holmes' and Mr. Evans' travel.  In particular, the Court should strike the following:

- Page 5, line 22 from "As an initial matter" to page 6, line 5 at "intervened" because the entirety of those sentences are inextricably based on and incorporate factual misrepresentations;

- Exhibit 1 to the Volkar Declaration, because it omits parts of the email chain that are necessary to understand the facts; and

- Paragraph 3 of the Volkar Declaration, because the information from unidentified "federal partners" is factually inaccurate.

**II.**    **The Court Should Strike Inaccurate Statements of Fact About Ms. Holmes' Living Situation and Bond.**

The government also relies on other inaccuracies to support its argument that Ms. Holmes is a flight risk.  The Court should strike these statements as well.  In particular:

- The government states that Ms. Holmes' travel has been limited to the Northern District of California.  *See* Dkt. 1721 at 6.  This is incorrect.  Since 2018, Ms. Holmes' conditions of release have permitted her to travel within the United States with simple notice to pre-trial services.  The recent change to Ms. Holmes' conditions of release is related to a change in her residence not where she is permitted to travel.  *See* Dkt. 1708.

MS. HOLMES' MOTION TO STRIKE
CR-18-00258 EJD

- The government states that Ms. Holmes "has lived on an estate for over a year." *See* Dkt. 1721 at 6. As the Court and the government are aware, Ms. Holmes has not lived at the referenced property since October 2022.

Because the statements are based on inaccuracies, the Court should strike page 6, line 14 from "Defendant has lived" through line 20.

**III.   The Government's Pleading Violates Confidentiality Rules and Portions Should be Stricken or Sealed.**

Additionally, Ms. Holmes requests that the Court strike, or order sealed, page 6, line 15 from "based upon the monthly" through line 20, because the information there is based on documents protected by confidentiality rules and statutes. At lines 17-20, the government (inaccurately) describes and quotes from a restricted document that states on its face it is confidential pursuant to 18 U.S.C. § 3153. Dkt. No. 1695. The government attributes the information in lines 15-17 to information provided during the presentence report process, which is presumptively confidential. N.D. Cal. L. Crim. R. 32-7; *see also* Trefz Decl., Ex. 2. Counsel for Ms. Holmes requested that the government also correct this filing but has received no response, and no correction has been made.

**CONCLUSION**

For the foregoing reasons, the Court should grant Ms. Holmes' Motion to Strike.

DATED: January 23, 2023

/s/ Amy Mason Saharia
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' MOTION TO STRIKE
CR-18-00258 EJD

4

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on January 23, 2023 a copy of this filing was delivered via ECF on all

3  counsel of record.

4

5                                                    /s/ Amy Mason Saharia
                                                     AMY MASON SAHARIA
6                                                    Attorney for Elizabeth Holmes

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MS. HOLMES' MOTION TO STRIKE
CR-18-00258 EJD