STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS S. COLTHURST (CABN 99493)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   Fax: (408) 535-5066
   Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 18-CR-00258 EJD |
|---|---|---|
| Plaintiff, | ) | UNITED STATES' OPPOSITION TO DEFENDANT ELIZABETH HOLMES' MOTION TO STRIKE OR SEAL |
| v. | ) | |
| ELIZABETH HOLMES, | ) | Date: March 17, 2023<br>Time: 10:00 a.m.<br>Court: Hon. Edward J. Davila |
| Defendant. | ) | |

The Court should deny Defendant Elizabeth Holmes' Motion to Strike or Seal Portions of the Government's Opposition to Defendant's Motion for Release Pending Appeal. *See* ECF No. 1722 ("Motion"). Defendant claims that the government's filing contains "factual misrepresentations"—but the only inaccuracy identified relates to when Defendant's partner, William Evans, returned from his international trip. Importantly, Defendant does not contest the facts that matter to the Court's determination of flight risk: she purchased a one-way ticket to Mexico and canceled it only after the government alerted her counsel to it. At bottom, Defendant takes issue with the government arguing that Defendant has not met her burden to show she is not a flight risk by clear and convincing evidence, and contests the facts that the government put forward demonstrating why she cannot meet her burden. She is entitled to contest those facts in her reply brief but nothing in her Motion entitles her to strike or seal portions of the government's brief. In support, Defendant provides declarations from her counsel describing her travel plans and her partner describing his travel plans. Noticeably absent from Defendant's filing is a declaration from the person whose mental state matters—Defendant herself—asserting that she did not intend to nor attempt to flee in January 2022. The government stands by its opposition and the Court should not strike nor seal any portion of it.

*First*, Defendant's Motion seeks to "correct" factual representations made by the government by providing additional, new information about Defendant's partner's travel plans. Defendant's Motion misses the point. Indeed, despite lengthy explanation (*see* Mot. at 3–5), Defendant's Motion does not actually contest the facts as the government stated them: (1) "The government became aware on January 23, 2022, that Defendant Holmes booked an international flight to Mexico departing on January 26, 2022, without a scheduled return trip" (accurate—*see* ECF Nos. 1721-2, 1722-2); (2) "Only after the government raised this unauthorized flight with defense counsel was the trip canceled" (accurate—*see* ECF Nos. 1721-2, 1722-2); and (3) "Defendant's partner, William Evans, left on the scheduled date with a one-way ticket" to Mexico as planned on January 26, 2022 (accurate—*see* ECF No. 1722-4 (describing return from Mexico)). The part Defendant heavily contests is her partner's return date—which the government stated was made "[o]n information and belief"—because he asserts that he drove across the border through Tijuana. *See id.* But the government presented the most accurate information in possession of the prosecution team at the time, and, if she has access to

additional or different information by virtue of access to her partner's records, Defendant is entitled to provide a rebuttal in her reply brief—it does not warrant striking the accurate facts that the government presented to the Court that are relevant to Defendant's burden. Finally, it remains the government's position that "Defendant will [likely] note in reply that she did not in fact leave the country as scheduled—but it is difficult to know with certainty what Defendant would have done had the government not intervened." ECF No. 1721 at 10. Indeed, the most pertinent information to the Court would have been Defendant's state of mind and whether she was in fact attempting to flee, but that is absent from Defendant's Motion—only her counsel's representations and her partner's travel plans are included.

*Second*, the Court should reject Defendant's continued attempts to litigate in secret. *Cf.* Mot. at 5–6. Without citing a single case, Defendant alleges that the government improperly included financial information provided to the Probation Office and/or Pretrial Services. Mot. at 6. Defense counsel also provided these materials to the government without any reference to confidentiality or even the protective order in the case. Regardless, the plain text of 18 U.S.C. § 3153 provides that "information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall *otherwise* be confidential." 18 U.S.C. § 3153(c)(1) (emphasis added). The government utilized the information in forming and arguing its position on Defendant's request to continue her bail conditions pending her appeal—"a bail determination"—and thus appropriately highlighted facts provided by Defendant herself to the Court for purposes of making its ruling. The government thus did not breach any confidentiality restriction imposed by 18 U.S.C. § 3153 by referencing limited information provided by Defendant for purposes of arguing that she cannot now meet the burden she faces to receive bail pending her appeal.

Similarly, the government did not violate N.D. Cal. Local Criminal Rule 32-7. Sentencing memoranda in this District routinely reference information provided to the Probation Office and information included in the PSR, including the Probation Office's calculation of the U.S. Sentencing Guidelines, objections to the PSR, the PSR recommendation, any victim impact statements, and other information in order to advocate for the sentence each respective party is seeking. Indeed, in this specific case, Defendant over-redacted her original sentencing memorandum and had to reduce her

redactions and re-file to align better with local practice. *Compare* ECF No. 1642, *with* ECF No. 1655. In both versions, Defendant quoted liberally from the letters of support without redaction, even though those letters were otherwise submitted to Probation. *See id.* Here, again, the government referenced certain information provided to the Probation Office or Pretrial Services for the sole purpose of emphasizing the government's position that Defendant cannot meet her burden of demonstrating she is not a flight risk by clear and convincing evidence—in part because she has the means and motive to flee. The government fails to see how the brief references to Defendant's desire to relocate and her and her partner's financial means would meet any standard for sealing from the public this limited information. *See, e.g.*, ECF No. 881 (Dow Jones' Motion to Unseal citing various standards for sealing matters in criminal cases).

In sum, the government opposes Defendant's attempt to strike or seal any portion of its opposition and stands by its argument that Defendant Holmes cannot meet her burden of demonstrating she is not a flight risk by clear and convincing evidence. *See* ECF No. 1721 at 9–10.

For the reasons stated above, the government respectfully requests that the Court deny Defendant Holmes' Motion.

DATED: January 25, 2023

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

 */s/ Kelly I. Volkar*
JEFFREY B. SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
KELLY I. VOLKAR
Assistant United States Attorneys