JOHN D. CLINE (CA State Bar No. 237759)
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH HOLMES and <br> RAMESH "SUNNY" BALWANI, <br><br> Defendants. | Case No. CR-18-00258-EJD <br><br> **MS. HOLMES' OPPOSITION TO UNITED STATES' ADMINISTRATIVE MOTION TO CORRECT JUDGMENT** <br><br> Hon. Edward J. Davila |

MS. HOLMES' OPPOSITION TO UNITED STATES' ADMINISTRATIVE MOTION
TO CORRECT JUDGMENT
CR-18-00258 EJD

Ms. Holmes opposes the government's Administrative Motion to Correct Judgment in part. Federal Rule of Criminal Procedure 36 permits the correction of clerical errors in a judgment, but does not permit substantive changes that find no support in the established record. Ms. Holmes agrees that it is appropriate to correct the counts of conviction on page 1 of the amended judgment and the joint and several liability portion on page 7 to conform to the Verdict Form and Restitution Order in this case. *See* Dkt. 1235 (Verdict Form); Dkt. 1760 (Restitution Order). But Ms. Holmes opposes the government's request that the Court use Rule 36 to insert a government-crafted change to Ms. Holmes' restitution payment schedule. Dkt. 1770 at 4.

"A change made under [Rule] 36 can do no more than conform the sentence to the term which the record indicates was intended." *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984); *see also United States v. Ettien*, 76 F.3d 389 (9th Cir. 1995) (unpublished) ("The district court had no power under Rule 36 to change the order of restitution, because the record does not reflect the court's intention to have BOP determine the restitution payments."). Ms. Holmes' Amended Judgment already includes a restitution schedule that begins while she is incarcerated. There is no indication in the record that the absence of a change to the schedule after she is released was a clerical error. The government points to none; indeed, it all but concedes the point. Dkt. 1770 at 2. No restitution payment schedule was announced by the Court in any sentencing or restitution hearing or order, *see* Dkt. 1770 at 2; no specific restitution schedule is required by the MVRA; no restitution schedule was recommended by probation through the PSR; the Court had before it substantial evidence showing Ms. Holmes' limited financial resources and has appropriately treated Ms. Holmes and Mr. Balwani differently in sentencing; and the Court issued the Holmes and Balwani Amended Judgments within twenty minutes of each other, which suggests any differences between the two judgments were not inadvertent.

The government proffers a guess as to what "the Court intended," crafting its own suggested schedule from modifications to Mr. Balwani's schedule and, purportedly, a practice of the Probation Office that it does not explain. *Id.* at 4. This attempt to manufacture a record that does not exist is not an appropriate use of Rule 36.

MS. HOLMES' OPPOSITION TO UNITED STATES' ADMINISTRATIVE MOTION
TO CORRECT JUDGMENT
CR-18-00258 EJD

1

First, Mr. Balwani's amended judgment says nothing about what the Court intended for Ms. Holmes' restitution schedule. Ms. Holmes and Mr. Balwani have different financial resources and the Court has appropriately treated them differently. For example, while the Court imposed a $25,000 fine on Mr. Balwani, it "reviewed [Ms. Holmes'] financial statements" and declined to impose a fine. 11/18/2022 Tr. 133:10-11; Dkt. 1764 at 6. The government's requested modification—which is different than what the Court imposed as to Mr. Balwani, *compare* Dkt. 1766 at 7 to Dkt. 1770 at 4— seems to acknowledge these differences and highlights that the government's approach goes beyond the record.

Second, as to Probation Office practices, there is nothing in the record that shows what these practices are, whether the Court agrees with them, or if the Court would find any of these practices appropriate for Ms. Holmes' case. The government's pleading does not even put Ms. Holmes on notice as to the practices to which the government refers. The Probation Office made no recommendation regarding a restitution payment schedule in its PSR or at any of the relevant hearings.

Finally, the fact that the MVRA allows for a court to modify a restitution schedule upon a showing that there has been "a material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution" does not help the government here. Dkt. 1770 at 3 (citing 18 U.S.C. § 3664(k)). Section 3664(k) does not provide a basis to modify the Amended Judgment pursuant to Rule 36. And the government has made no showing that there has been such a change such that a modification pursuant to § 3664(k) is separately warranted. If there is ever such a material change, the government can seek a modification of the restitution schedule at that time.[1]

At bottom, there is no basis in the record for the payment structure in the government's request.

---

[1] In a footnote, the government alternatively invokes Rule 35. The government provides no explanation as to why the restitution schedule that is currently in Ms. Holmes' Amended Judgment amounts to a "clear error." Dkt. 1770 at 2 n.1. The MVRA does not require a different restitution schedule than is in the Amended Judgment, much less the restitution schedule the government advances. Additionally, the time period for corrections under Rule 35 runs from the oral pronouncement of the sentence, which has long passed. Fed. R. Crim. P. 35(a), (c); *United States v. Aguirre*, 214 F.3d 1122, 1125–26 (9th Cir. 2000); *United States v. Aguilar–Reyes*, 653 F.3d 1053, 1055–56 (9th Cir. 2011) (holding "the fourteen day provision in Rule 35(a) is jurisdictional").

MS. HOLMES' OPPOSITION TO UNITED STATES' ADMINISTRATIVE MOTION
TO CORRECT JUDGMENT
CR-18-00258 EJD

2

1 | The Court should deny the government's motion as to the modification to the restitution schedule, and
2 | grant the government's motion with respect to the counts of conviction and the joint and several liability
3 | box.
4 | DATED: June 12, 2023

/s/ Kevin Downey
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' OPPOSITION TO UNITED STATES' ADMINISTRATIVE MOTION
TO CORRECT JUDGMENT
CR-18-00258 EJD

3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2023 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Kevin Downey
KEVIN DOWNEY
Attorney for Elizabeth Holmes

MS. HOLMES' OPPOSITION TO UNITED STATES' ADMINISTRATIVE MOTION TO CORRECT JUDGMENT
CR-18-00258 EJD