JOHN D. CLINE (CA State Bar No. 237759)
600 Stewart Street, Suite 400
Seattle, WA 98101
Telephone: (360) 320-6435
Email: cline@johndclinelaw.com

KEVIN M. DOWNEY (Admitted Pro Hac Vice)
LANCE A. WADE (Admitted Pro Hac Vice)
AMY MASON SAHARIA (Admitted Pro Hac Vice)
KATHERINE TREFZ (CA State Bar No. 262770)
WILLIAMS & CONNOLLY LLP
680 Maine Ave. S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000 │ Facsimile: (202) 434-5029
Email: KDowney@wc.com; LWade@wc.com; ASaharia@wc.com; KTrefz@wc.com

Attorneys for Defendant ELIZABETH A. HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-18-00258-EJD |
| Plaintiff, | **MS. HOLMES' MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND UNITED STATES SENTENCING GUIDELINES AMENDMENT 821** |
| v. | |
| ELIZABETH HOLMES and RAMESH "SUNNY" BALWANI, | |
| Defendants. | Hon. Edward J. Davila |

MS. HOLMES' MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C.
§ 3582(c) AND UNITED STATES SENTENCING GUIDELINES AMENDMENT 821
CR-18-00258 EJD

# MOTION FOR A MODIFICATION OF SENTENCE PURSUANT TO
# 18 U.S.C. § 3582(c)(2) AND U.S.S.G. AMENDMENT 821

PLEASE TAKE NOTICE that Defendant Elizabeth Holmes respectfully moves the Court for a modification of her sentence based on the retroactively applicable United States Sentencing Guideline Amendment 821. Ms. Holmes makes this Motion pursuant to 28 U.S.C. § 3582(c)(2). The Motion is based on the below Memorandum of Points and Authorities and any further materials filed in support of this Motion, the record in this case, and any other matters that the Court deems appropriate.

DATED: June 11, 2025

/s/ Katherine Trefz
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

# **TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................1
        A.    Procedural History ........................................................................................1
        B.    Incarceration .................................................................................................2
ARGUMENT ......................................................................................................................3
    I.    MS. HOLMES MEETS THE CRITERIA FOR A TWO-POINT OFFENSE-LEVEL REDUCTION. ..............................................................................4
    II.    THE SENTENCING COMMISSION'S POLICY STATEMENTS SUPPORT APPLICATION OF THE AMENDMENT. ....................................5
    III.    THE § 3553(A) FACTORS SUPPORT A SENTENCE AT 108 MONTHS, THE LOW END OF MS. HOLMES' REVISED GUIDELINE RANGE ...........6
CONCLUSION ...................................................................................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

As discussed below, Ms. Holmes is eligible for an adjustment of her sentence pursuant to Part B, Subpart 1 of Amendment 821 to the United States Sentencing Guidelines, which was made retroactive by the Sentencing Commission. Ms. Holmes meets every criterion directed by the Commission and the policy statements of the Sentencing Commission support application of the adjustment. Since she began serving her sentence in May 2023, Ms. Holmes has worked to improve herself and to help the other prisoners held at Federal Prison Camp Bryan ("FPC Bryan"). Ms. Holmes seeks a straightforward application of Part B, Subpart 1 of Amendment 821: just as Ms. Holmes was sentenced to the low end of her original Guideline range, she requests the Court sentence her to the low end of her revised Guideline range, 108 months.

**BACKGROUND**

Because the Court is familiar with the history of this case, Ms. Holmes notes only the facts relevant to this Motion and does not restate the procedural history in detail.

**A.    Procedural History**

After a four-month jury trial, Ms. Holmes was convicted of one count of conspiracy to commit wire fraud and three counts of wire fraud. The jury acquitted on the four counts related to the patient conspiracy alleged in the indictment: one count of conspiracy to commit wire fraud and three counts of wire fraud. The jury hung on the remaining three wire-fraud counts, which were then dismissed. The Ninth Circuit affirmed her convictions after appeal and denied rehearing *en banc*.

At sentencing, the Court found that Ms. Holmes had no criminal-history points, placing her in criminal-history category I. Dkt. 1712 at 22. The Court found a total offense level of 33 through (1) a base offense level of 7, (2) a 24-point enhancement for loss amount, and (3) a 2-point enhancement for the number of victims. *Id.* at 21. No other enhancements were given. With an offense level of 33 and a criminal history category of I, the Sentencing Guidelines provided an advisory range of 135–168 months imprisonment. The Court sentenced Ms. Holmes to 135 months of imprisonment, the low end of the Guideline range. Dkt. 1712 at 22.

**B.      Incarceration**

Ms. Holmes began serving her sentence in May 2023 at FPC Bryan in Bryan, Texas.  As expected, incarceration has been a harrowing and humbling experience.  But over the two years she has been incarcerated to date, Ms. Holmes has spent her time helping fellow prisoners as they navigate the justice system and prepare for reentry into the community.

With respect to her own imprisonment, Ms. Holmes has participated in or is on the wait list for every program recommended by prison personnel, including trauma treatment and ongoing counseling. Programs range from certifications to tutor prisoners to commercial driver's license training and OSHA certification.  Ms. Holmes has pursued all opportunities for growth, self-improvement, and education available to her at FPC Bryan.

Ms. Holmes has also made meaningful contributions to her fellow prisoners.  She is most proud of the work she does through her prison job to help other prisoners navigate the justice system and prepare to become productive citizens and family members upon their release.  In her initial job as a Re-Entry Clerk for the prison, she helped create re-entry centers to assist women in finding and preparing for jobs and transitioning back to society across a range of areas, including childcare, healthcare, housing, and veterans' benefits.  She serves on FPC Bryan's First Step Act Committee and helped the staff she worked for with the implementation of the First Step Act at FPC Bryan.  She recently transitioned to a full-time law apprenticeship through the Department of Labor, through which she helps her fellow prisoners on a range of legal matters, including child support and child protective services cases, First Step Act credits and Second Chance Act time, and domestic violence and sexual assault issues.  As part of this work, she is studying towards legal Spanish proficiency and has built a set of Spanish-language law library resources, which are available to all inmates.  As documented and structured through her apprenticeship, Ms. Holmes dedicates over eight hours a day to this work.  She intends to continue this work throughout her incarceration, and beyond.

Additionally, Ms. Holmes has helped build and maintain other resources that support family connection and reunification.  When she first arrived, Ms. Holmes successfully advocated for and worked on the creation of a breastfeeding program at FPC Bryan to allow prisoners to pump milk and

send it to their children, as well as to breastfeed onsite during family visits. She has also worked to improve and maintain the Children's Center used during inmate visits and to improve the access to and use of video calls for prisoners to maintain connections to their children and families.[1] Ms. Holmes has taught reentry workshops and helped host workshops on various criminal justice laws (*e.g.*, the First Step Act, the Second Chance Act, the Elderly Offender Act); taught classes on jobs, interviewing, and French; and tutored math, science, and GED preparation.

Ms. Holmes has been profoundly affected by her incarceration. She will continue to devote herself to criminal justice issues once she is released.

## ARGUMENT

A court may modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court outlined a simple framework for evaluating § 3582(c)(2) motions. First, a court must ensure that the defendant is eligible and "substitute the amended Guidelines range while 'leaving all other guideline application decisions unaffected.'" *Dillon*, 560 U.S. at 821 (quoting U.S.S.G. § 1B1.10(b)(1)). Second, a court may resentence the defendant within the new Guideline range if it determines that a reduction is warranted considering both the "applicable policy statements issued by the Sentencing Commission" and "the factors set forth in Section 3553(a)." *Id.* at 826. The sentencing court has discretion to sentence within the new range based on the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 822. The policy statement of the Sentencing Commission with respect to reduction in a term of imprisonment as a result of an amended Guideline range notes that the § 3553(a) factors, public safety considerations, and post-sentencing conduct are all "factors for consideration" when determining whether a reduction is warranted and the extent of such a reduction. U.S.S.G. § 1B1.10, comment. (n.1(B)).

---

[1] Research has consistently shown that maintaining family connections while an individual is incarcerated has a fundamentally positive impact on both the incarcerated person and the family members. *See, e.g.*, Research Roundup, Prison Policy Initiative, *available at* https://www.prisonpolicy.org/blog/2021/12/21/family_contact/ (last visited June 11, 2025).

Ms. Holmes meets the criteria for application of the amended Guideline, and each of the relevant factors supports a reduction in Ms. Holmes' sentence.

**I.    MS. HOLMES MEETS THE CRITERIA FOR A TWO-POINT OFFENSE-LEVEL REDUCTION.**

Ms. Holmes is eligible for the retroactive Zero-Point Offender Reduction.  The Sentencing Commission amended the Guidelines on November 1, 2023, and added § 4C1.1, which provides for a two-level reduction "for certain zero-point offenders."  U.S.S.G. § 4C1.1; *see also id.* § 1B1.10 (applying § 4C1.1 retroactively).  Subsection (a) of U.S.S.G. § 4C1.1 provides eleven eligibility criteria, all of which Ms. Holmes satisfies.

Ms. Holmes did not receive any criminal history points at sentencing.  U.S.S.G. § 4C1.1(a)(1); Dkt. 1712 at 22.  She did not receive any of the adjustments associated with violent conduct, firearms, individual rights violations, or human rights offenses.  U.S.S.G. § 4C1.1(a)(2–5, 7–9); Dkt. 1712.  She did not receive an adjustment for causing substantial financial hardship, nor did the government allege that any person experienced substantial financial hardship as a result of the offense conduct.  U.S.S.G. § 4C1.1(a)(6); Dkt. 1712; Dkt. 1649 at 15.  Neither wire fraud nor conspiracy to commit wire fraud can form the basis for a continuing criminal enterprise.  *See* 21 U.S.C. § 848(c) (defining "continuing criminal enterprise" as applying only to crimes listed in Chapter 13, Drug Abuse Prevention and Control)**;** U.S.S.G. § 4C1.1(a)(11) ("the defendant was not engaged in a criminal enterprise, as defined in 21 U.S.C. § 848")**.**  Finally, the Court expressly found at sentencing that "there was insufficient evidence to conclude that [Ms. Holmes] was an 'organizer or leader' of the criminal activity."  Dkt. 1712 at 19 (emphasis omitted); U.S.S.G. § 4C1.1(a)(10).

Because Ms. Holmes meets each of the eleven criteria, the Court should find her eligible and she should receive a two-point reduction in offense level.  Accounting for the retroactive amendment and leaving all other Guideline decisions unaffected, *see Dillon*, 560 U.S. at 821, her revised offense level is 31.  That revised offense level and Ms. Holmes' undisputed criminal-history category of I correspond with a revised Guideline range of 108–135 months.

MS. HOLMES' MOTION FOR A MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C.
§ 3582(c)(2) AND UNITED STATES SENTENCING GUIDELINES AMENDMENT 821
CR-18-00258 EJD

4

## II. THE SENTENCING COMMISSION'S POLICY STATEMENTS SUPPORT APPLICATION OF THE AMENDMENT.

The policy statements set forth by the Sentencing Commission counsel in favor of an adjustment of sentence to Ms. Holmes' new Guideline range. First, the Commission's policy statement on retroactivity, § 1B1.10, confirms that Ms. Holmes is eligible for this retroactively-applicable Guidelines amendment. Second, the Commission's statements regarding the purposes of the Zero-Point Offender Reduction underscore that Ms. Holmes is an ideal candidate because of her low risk of recidivism. As the Sentencing Commission has recognized, granting sentence reductions to non-violent, first-time offenders like Ms. Holmes is consistent with the goals of sentencing.

### 1. The policy statement on retroactivity supports a reduction.

The Guidelines provide that a reduction of sentence is consistent with the Sentencing Commission's policy goals where the Commission has made a guideline retroactively applicable and where application of the revised guideline would lower the defendant's guidelines range. *See* U.S.S.G. § 1B1.10. The Sentencing Commission elected to make Amendment 821 fully retroactively applicable. Because Ms. Holmes' sentence (135 months) is at the top of her revised guidelines range (108-135 months), a within-range reduction is consistent with the Commission's policy priorities. Applying the retroactive amendment to Ms. Holmes is fully consistent with the Commission's policy judgments regarding retroactively applicable amendments to the guidelines.

### 2. The policies underlying Amendment 821 and Guideline § 4C1.1 support a reduction.

The Sentencing Commission designed Amendment 821 in part to "'reflect [the Commission's] statutory mission to provide for penalties that are 'sufficient, but not greater than necessary' by recognizing that individuals with zero criminal history points have considerably lower recidivism rates than other sentenced individuals." 88 Fed. Reg. 60536. It further adopted the Amendment "to balance the Commission's mission of implementing data-driven sentencing policies with its duty to craft penalties that reflect the statutory purposes of sentencing and to reflect 'advancement in knowledge of human behavior as it relates to the criminal justice process.'" 88 Fed. Reg. 60535 (quoting 28 U.S.C. § 991(b)). The Commission decided to apply the Amendment retroactively because the "evidence-based

policy determinations" underlying it "apply with equal force to previously sentenced individuals" and retroactive application "will increase fairness in sentencing." Press Release, *U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces its Next Set of Policy Priorities*, U.S. Sent'g Comm'n (Aug. 24, 2023) (quoting Hon. Carlton Reeves). In short, the purpose of the Amendment is to reflect the substantial evidence that zero-point offenders like Ms. Holmes have low risks of recidivism.

Resentencing Ms. Holmes within the revised range is consistent with all of these policy priorities.

### III. THE § 3553(A) FACTORS SUPPORT A SENTENCE AT 108 MONTHS, THE LOW END OF MS. HOLMES' REVISED GUIDELINE RANGE.

The § 3553(a) factors and the additional considerations highlighted in the Guidelines also counsel in favor of a reduction in Ms. Holmes' sentence. The Sentencing Commission has highlighted the relevance of public safety and post-sentencing conduct in § 3553(a) analyses for sentence-reduction motions brought to implement retroactively applicable guideline amendments. U.S.S.G. § 1B1.10 & app. n.1(B). As discussed below, Ms. Holmes' advisory Guideline range, the applicable policy statements from the Sentencing Commission, and Ms. Holmes' excellent post-sentencing conduct all weigh in favor of applying the reduction. *See* 18 U.S.C. § 3553(a)(2), (4), (5). With respect to the other § 3553(a) factors, Ms. Holmes relies on her prior arguments, which the Court stated it had considered and incorporated in its § 3553(a) analysis at the time of sentencing. *See* Dkt. 1642 at 47–71; Dkt. 1712 at 22.

The same reasons that led the Court to sentence Ms. Holmes to the low-end of her initial Guideline range support resentencing her to the low-end of her revised range. Such a reduction would incorporate the Sentencing Commission's policy decisions and pose no risk to public safety. Ms. Holmes' post-sentencing conduct demonstrates her commitment to rejoining society as a productive community member. She is an exemplar of a zero-point offender who has committed to anti-recidivism programming and helping other prisoners set themselves up for a successful reentry into society, and is highly unlikely to reoffend.

MS. HOLMES' MOTION FOR A MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C.
§ 3582(c)(2) AND UNITED STATES SENTENCING GUIDELINES AMENDMENT 821
CR-18-00258 EJD

6

Ms. Holmes' revised Guideline calculation results in a total offense level of 31, rather than 33. With a Criminal History Category I, her advisory Guideline range is now 108–135 months incarceration. Applying the § 3553(a) factors and considering public safety and Ms. Holmes' post-sentencing conduct, a sentence at the low end of her revised Guideline range, 108 months, reflects the Sentencing Commission's directive.

### 1. A reduction in Ms. Holmes' sentence would pose no risk to the community.

A reduction in Ms. Holmes' sentence would not pose any physical or financial danger to the community. Ms. Holmes was not convicted of any crime of violence. She has no prior criminal history and no history of violence that would suggest that she poses any risk to the community's safety. After sentencing, the Court found by clear-and-convincing evidence that Ms. Holmes "pose[d] no danger to the safety of any other person in the community." Dkt. 1757 at 3-4. Underlying that finding was the Court's determination that Ms. Holmes was "in no position to inflict similar harms of fraud on the community" and it was "unaware of any evidence that she [was] likely to commit acts of deception or fraud in her everyday life." *Id.* at 3 (citing *United States v. Wallace*, 2016 WL 9137630, at *3 (C.D. Cal. Jan. 19, 2016)). The Court's finding will apply in equal force after Ms. Holmes' release. Even while incarcerated, Ms. Holmes has maintained substantial notoriety that is likely to continue after her release and for the rest of her life[2]—she will never be in a position to cause anyone financial harm. In line with all of this, the Bureau of Prisons—using a data-driven assessment tool—has categorized Ms. Holmes as the lowest potential risk of recidivism and granted her "community custody" status. Reducing Ms. Holmes' sentence would pose no risk to public safety.

### 2. Ms. Holmes' post-sentencing conduct supports the zero-point offender reduction.

Ms. Holmes has maintained an excellent record post-sentencing. The Bureau of Prisons has categorized Ms. Holmes at the lowest risk levels both in prison and for recidivism. In over two years of incarceration, she has not received a single citation or disciplinary infraction. She has participated in all

---

[2] In the most recent example, Ms. Holmes is aware of incorrect media coverage suggesting she is involved in a new sensors company. Ms. Holmes obviously is not working with that company—she is incarcerated and (needless to say) extensively monitored.

MS. HOLMES' MOTION FOR A MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C.
§ 3582(c)(2) AND UNITED STATES SENTENCING GUIDELINES AMENDMENT 821
CR-18-00258 EJD

7

recommended programming and has maintained a perfect record in every sense.  Her record in prison contains no reason to deny her a sentence reduction.

But beyond avoiding pitfalls, Ms. Holmes's record in prison provides affirmative reasons to reduce her sentence.  Amidst the challenges of adjusting to incarceration, Ms. Holmes has dedicated herself to being an engaged prisoner, serving other women, and actively seeking opportunities to make a difference, as described above.  Ms. Holmes' record in prison demonstrates that she is dedicated to learning from her journey and applying those lessons to serving her community.

## CONCLUSION

For the foregoing reasons, the Court should grant Ms. Holmes' Motion and resentence her to 108 months, the low end of her revised Guideline range.

DATED:  June 11, 2025                                       Respectfully submitted,

*/s/Katherine Trefz*
KEVIN DOWNEY
LANCE WADE
AMY MASON SAHARIA
KATHERINE TREFZ
Attorneys for Elizabeth Holmes

MS. HOLMES' MOTION FOR A MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C.
§ 3582(c)(2) AND UNITED STATES SENTENCING GUIDELINES AMENDMENT 821
CR-18-00258 EJD

8

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2025 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Katherine Trefz

Attorney for Elizabeth Holmes

MS. HOLMES' MOTION FOR A REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND UNITED STATES SENTENCING GUIDELINES AMENDMENT 821
CR-18-00258 EJD